UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>               Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>               Defendants. | Civil Case No. 2:22-cv-00293-JRG |

**SAMSUNG'S OPPOSED MOTION TO**
**(1) SEVER AND TRANSFER THE '912 PATENT TO THE N.D. CAL.; AND**
**(2) STAY THE REMAINING PATENTS PENDING NINTH CIRCUIT APPEAL, OR**
**(3) ALTERNATIVELY, CONSOLIDATE WITH CIVIL ACTION NO. 2:21-CV-463**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................ ii

TABLE OF ABBREVIATIONS ................................................................................................... iv

TABLE OF EXHIBITS ................................................................................................................. v

INTRODUCTION ......................................................................................................................... 1

I.      FACTUAL BACKGROUND ........................................................................................... 2

     A.    The First-Filed Case for the '912 Patent Is the Google N.D. Cal. Case, Where Netlist Now Accuses Samsung Products of Infringement ...................................... 2

     B.    Netlist Successfully Dismissed Samsung's Delaware Case on the '912 Patent Based on the Google N.D. Cal. Case ..................................................................... 3

     C.    The '912 Patent Is Asserted Against Different Products than Those at Issue in Either the First Texas Case or the Remaining Patents in this Case ....................... 4

II.     ARGUMENT ..................................................................................................................... 5

     A.    The '912 Patent Should Be Severed and Transferred to the N.D. Cal.................... 5

          1.    There Is Substantial Overlap Between this Case and the N.D. Cal Case ... 6

          2.    The Difference in Defendants Does Not Negate the Substantial Overlap Compelling Transfer Under the First-to-File Rule ..................................... 7

          3.    Judicial Estoppel Bars Netlist from Disputing the Substantial Overlap Between this Case and the Google N.D. Cal. Case .................................. 8

          4.    The Later-Added Patents Are No Bar to Transfer ..................................... 9

          5.    In Light of the Substantial Overlap, and the Google N.D. Cal. Court's Significant Investment in the Overlapping Issues, the '912 Patent-Based Claims Should Be Severed and Transferred to the N.D. Cal.................... 10

     B.    The Court Should Stay this Case Pending Ninth Circuit Appeal ......................... 12

     C.    In the Alternative, the Court Should Consolidate with the First Texas Case ....... 13

CONCLUSION............................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aqua Connect, Inc. v. SHI International Corp.*,
No. 19-cv-05662-AB-JPR, 2019 WL 8883452 (C.D. Cal. Dec. 16, 2019) ..............................8

*Brunet v. United Gas Pipeline Co.*,
15 F.3d 500 (5th Cir. 1994) ...................................................................................................10

*Cadle Co. v. Whataburger of Alice, Inc.*,
174 F.3d 599 (5th Cir. 1999) ...................................................................................................5

*Davis v. Wakelee*,
156 U.S. 680 (1895).................................................................................................................8

*In re Hoffmann-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009)..............................................................................................10

*Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*,
665 F.3d 671 (5th Cir. 2011) ...................................................................................................6

*Lochner Techs., LLC v. Lenovo Inc.*,
No. 2:10-cv-430-JRG, 2013 WL 12172638 (E.D. Tex. July 24, 2013)...................................13

*Mann Mfg., Inc. v. Hortex Inc.*,
439 F.2d 403 (5th Cir. 1971) .............................................................................................6, 12

*Netlist Inc. v. Samsung Elecs. Co.*,
No. 22-55247, Dkt. 11 (9th Cir. June 6, 2022) .......................................................................13

*Netlist, Inc. v. Google LLC*,
No. 3:09-cv-5718, Dkt. 1 (N.D. Cal. Dec. 4, 2009)..................................................................2

*Netlist, Inc. v. Google LLC*,
No. 3:09-cv-5718, Dkt. 325 (N.D. Cal. July 13, 2022) ............................................................4

*Netlist, Inc. v. Samsung Elecs. Co.*,
No. 2:21-cv-463, Dkt. 1 (E.D. Tex. Dec. 20, 2021) .................................................................5

*New Hampshire v. Maine*,
532 U.S. 742 (2001)..................................................................................................................8

*Reed v. City of Arlington*,
650 F.3d 571 (5th Cir. 2011) ................................................................................................8, 9

*RPost Holdings, Inc. v. Sophos, Inc.*,
    No. 2:13-CV-959-JRG, 2014 WL 10209205 (E.D. Tex. Aug. 20, 2014)..................10, 11, 12

*Samsung Elecs. Co. v. Netlist, Inc.*,
    No. 1:21-cv-1453, Dkt. 1 (D. Del. Oct. 15, 2021) ......................................................................3

*Samsung Elecs. Co. v. Netlist, Inc.*,
    No. 1:21-cv-1453, Dkt. 25 (D. Del. Feb. 16, 2022)............................................................3, 4

*Samsung Elecs. Co. v. Netlist, Inc.*,
    No. 1:21-cv-1453, Dkt. 37 (D. Del. Aug. 1, 2022) ...................................................................4

*Save Power Ltd. v. Syntek Fin. Corp.*,
    121 F.3d 947 (5th Cir. 1997) .............................................................................................6, 7, 8

*Taylor v. Ocwen Loan Servicing, LLC*,
    No. CIV.A. H-12-2929, 2013 WL 3356231 (S.D. Tex. July 3, 2013) ...................................14

*In re Toyota Hybrid Brake Litig.*,
    No. 4:20-CV-127, 2020 WL 6161495 (E.D. Tex. Oct. 21, 2020) ..........................................12

*Victaulic Co. v. Romar Supply, Inc.*,
    No. 3:13-CV-02760-K, 2013 WL 6027745 (N.D. Tex. Nov. 14, 2013) .......................7, 8, 10

*Wells Fargo Bank, N.A. v. W. Coast Life Ins.*,
    631 F. Supp. 2d 844 (N.D. Tex. 2009) ..................................................................................10

## Other Authorities

Fed. R. Civ. P. 42(a) ....................................................................................................................14

Fed. R. Civ. P. 21 .........................................................................................................................10

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| Delaware Case | *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-cv-1453 (D. Del.) |
| First Texas Case | *Netlist, Inc. v. Elecs. Co.*, No. 2:21-cv-463 (E.D. Tex.) |
| Google N.D. Cal. Case | *Netlist, Inc. v. Google LLC*, No. 09-cv-5718 (N.D. Cal.) |
| LRDIMM | Load Reduced Dual In-line Memory Module |
| Ninth Circuit Appeal | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247 (9th Cir.) |
| RDIMM | Registered Dual In-line Memory Module |
| SEA | Samsung Electronics America, Inc. |
| SEC | Samsung Electronics Co., Ltd. |
| SSI | Samsung Semiconductor, Inc. |

**TABLE OF EXHIBITS**

| Ex. | Description |
|-----|-------------|
| 1 | U.S. Patent No. 7,619,912 |
| 2 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 1 (N.D. Cal. Dec. 4, 2009) |
| 3 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 206-2 (N.D. Cal. Sept. 17, 2021) |
| 4 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 258 (N.D. Cal. May 5, 2022) |
| 5 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 269 (N.D. Cal. May 17, 2022) |
| 6 | *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-cv-1453, Dkt. 1 (D. Del. Oct. 15, 2021) |
| 7 | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 23 (E.D. Tex. May 3, 2022) |
| 8 | *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-cv-1453, Dkt. 25 (D. Del. Feb. 16, 2022) |
| 9 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 325 (N.D. Cal. July 13, 2022) |
| 10 | *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-cv-1453, Dkt. 37 (D. Del. Aug. 1, 2022) |
| 11 | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 1 (E.D. Tex. Dec. 20, 2021) |
| 12 | U.S. Patent No. 11,093,417 (added in Netlist's amended complaint, Dkt. 12) |
| 13 | U.S. Patent No. 9,858,215 (added in Netlist's amended complaint, Dkt. 12) |
| 14 | U.S. Patent No. 10,860,506 (asserted in First Texas Case) |
| 15 | U.S. Patent No. 10,949,339 (asserted in First Texas Case) |
| 16 | U.S. Patent No. 11,016,918 (asserted in First Texas Case) |
| 17 | U.S. Patent No. 11,232,054 (added to First Texas Case) |
| 18 | *Samsung Electronics America Company Profile, Mountain View, CA*, Dun & Bradstreet, https://www.dnb.com/business-directory/company-profiles.samsung_electronics_america.5fda0d316fbeafd23dcd31b470464898.html (last visited Sept. 13, 2012) |
| 19 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247, Dkt. 11 (9th Cir. June 6, 2022) |

## INTRODUCTION

Justice requires that Netlist's assertions of infringement of U.S. Patent No. 7,619,912 against Samsung be litigated in the Northern District of California.  Netlist previously asserted the '912 patent against Google there alleging infringement of certain Samsung products that Google uses, and that case remains pending before Chief Judge Seeborg.  This is why, on August 1, 2022, at 4:00 PM CT, Judge Andrews in the District of Delaware issued an order denying Samsung's request to litigate the '912 patent in Delaware.  In its motion to dismiss, Netlist asserted that the Delaware Case was "a litigation tactic designed to interfere with the jurisdiction of," among others, "Judge Seeborg, who is hearing the '912 patent action" in California.  Ex. 8 at 4.  In granting Netlist's motion, Judge Andrews held that the patent had "been the subject of litigation in [the N. D. Cal.] for over a decade" and the "infringement and inequitable conduct claims are essentially the same in the two cases," such that it would not be an "efficient use of judicial resources" to try the patent in Delaware and California in parallel.  Ex. 10 at 6.  Judge Andrews thus accepted Netlist's repeated argument that the '912 patent should be dismissed in Delaware in favor of the pending N.D. Cal. action.  Netlist prevailed on that venue dispute.

Netlist's next move was nothing short of remarkable.  On August 1, 2022, at 9:29 PM CT, just five hours and twenty-nine minutes after Judge Andrews's ruling, Netlist filed its complaint in this case, accusing Samsung of infringing the '912 patent.  By filing this case in the E.D. Tex., Netlist violated (and did so with speed) the very purpose of the Delaware Court's order in a blatant effort to forum shop, and seeks to litigate this case in parallel with the Google N.D. Cal. Case.  But it gets worse.  Five days after Samsung raised its intent to move to transfer this case to the N.D. Cal. and, in the alternative, to consolidate this case with the case that Netlist brought against Samsung in this Court last year (the First Texas Case), rather than consider that proposal, Netlist amended its new complaint to add two more patents.  This was an obvious

attempt to bolster venue in this District and counter any transfer attempts.  Netlist's playing of the courts and manipulation of filings to subvert clear venue principles must not be condoned.

Accordingly, the Court should: (1) sever and transfer the '912 patent-based claims to the N.D. Cal.; and (2) stay this case pending resolution of the Ninth Circuit Appeal; or (3) alternatively, consolidate this case with the First Texas Case (No. 2:21-cv-463).

## I.      FACTUAL BACKGROUND

Netlist's litigation history against Google on the one hand and Samsung on the other across different cases drives the result here.  The following chronology demonstrates that the '912 patent belongs in the N.D. Cal., where it has been litigated for years.

### A.      The First-Filed Case for the '912 Patent Is the Google N.D. Cal. Case, Where Netlist Now Accuses Samsung Products of Infringement

Netlist first asserted the '912 patent (**Ex. 1**) in California against Google in 2009.  *See Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 1 (N.D. Cal. Dec. 4, 2009) (**Ex. 2**).  That case was stayed pending reexamination from December 2010 to February 2021, which resulted in all of the asserted claims being either cancelled or amended.  The arguments Netlist made to secure allowance before the Patent Office and Federal Circuit are the subject of Google's inequitable conduct allegations in that case.  *See id.*, Dkt. 206-2, ¶¶ 17-34 (N.D. Cal. Sept. 17, 2021) (**Ex. 3**).  After the stay was lifted in 2021, Netlist asserted that Google's use of certain dual in-line memory modules (DIMM) supplied by SSI—including Samsung's DDR4 RDIMM memory modules—infringe the '912 patent.  *E.g.*, *id.*, Dkt. 269 at 6 (reproducing June 18, 2021 contentions) (**Ex. 5**).  Thereafter, the court considered a series of motions by both parties, and issued a 44-page order on May 5, 2022: (1) granting-in-part Google's motion to strike revised priority date contentions; (2) granting-in-part Google's motion for summary judgment on the issue of intervening rights (but denying it as to claim 16); (3) granting Netlist's motion for

summary judgment that Google is not entitled to intervening rights as to claim 16; (4) granting Google's motion to amend its answer and counterclaim to add defenses of inequitable conduct and unfair competition, and to amend previously-pled defenses regarding unclean hands, fraud, deceit, concealment, negligent misrepresentation, and breach of contract.  *Id.*, Dkt. 258 (**Ex. 4**).

### B.   Netlist Successfully Dismissed Samsung's Delaware Case on the '912 Patent Based on the Google N.D. Cal. Case

On October 15, 2021, after Netlist added Samsung's products to its infringement contentions in the Google N.D. Cal. Case, Samsung filed a declaratory judgment action in the District of Delaware, involving the '912 patent and three other patents.  *See Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-cv-1453, Dkt. 1, ¶ 25 (D. Del. Oct. 15, 2021) (**Ex. 6**).  As to the '912 patent, the dispute pertained to the same products that Netlist accused in its 2021 infringement contentions in California, including Samsung's DDR4 RDIMM products.  *See, e.g.*, *id.*, ¶¶ 22-32.  Samsung also alleged inequitable conduct based on the same set of operative facts as those being litigated in California.  *Compare id.*, ¶¶ 273-305, *with* Ex. 3, ¶¶ 17-34.

In response, Netlist filed a motion to dismiss the Delaware Case based in part on the overlap with the Google N.D. Cal. Case.  *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-cv-1453, Dkt. 25 (D. Del. Feb. 16, 2022) (**Ex. 8**).  Netlist told the court that "Samsung's asserted controversy involving [the '912] patent is the alleged indemnification requests made by Google and a Google contractor based on a litigation that has been pending for 13 years in the Northern District of California, where Netlist served Google with infringement contentions 4 months before Samsung filed its original complaint here."  *Id.* at 2.  Netlist further argued that the Delaware Case was "a litigation tactic designed to interfere with the jurisdiction of," among others, "Judge Seeborg, who is hearing the '912 patent action" in California.  *Id.* at 4.  Netlist further argued that "Samsung's declaratory judgment claim of non-infringement is based on

indemnification requests received from Google," and that "its inequitable conduct claim relating to the '912 patent . . . is essentially a verbatim copy of a claim Google is attempting to bring before Judge Seeborg."  *Id.* at 12.

On July 13, 2022, while Netlist's motion to dismiss was pending, the court in the Google N.D. Cal. Case stayed that case for 90 days under the customer suit doctrine.  *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 325 (N.D. Cal. July 13, 2022) (**Ex. 9**).  In doing so, the court noted that "trying both actions might result in inefficiencies in conducting discovery," including "third-party discovery [that] will need to be taken from Samsung," and "use of judicial resources," as well as "rais[ing] the specter of inconsistent results" on overlapping issues including "whether the DDR4 DIMMs Google obtains from Samsung infringe the '912 patent." *Id.* at 17.  The court further ordered that the 90-day stay will expire on October 11, 2022 "unless a motion to extend the same is filed prior to its expiration[,]" and set a case management conference for October 27, 2022.  *Id.* at 17-18.

On August 1, 2022, the Delaware Court granted Netlist's motion to dismiss as to the '912 patent, finding that the issues in the Delaware Case related to that patent (the same issues that are subject to this motion) substantially overlapped with the issues in the Google N.D. Cal. Case:

> The '912 Patent has been the subject of litigation in another district for over a decade.  Claim 16 of the '912 Patent has been at issue for over a year. Another judge has decided issues related to the patent.  (See D.I. 36-1 at 4). ***The infringement and inequitable conduct claims are essentially the same in the two cases***.  Given this background, I do not think that Samsung's declaratory judgment action is an efficient use of judicial resources.

*Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-cv-1453, Dkt. 37 at 6 (D. Del. Aug. 1, 2022) (emphasis added) (**Ex. 10**).

## C.   The '912 Patent Is Asserted Against Different Products than Those at Issue in Either the First Texas Case or the Remaining Patents in this Case

On December 20, 2021, Netlist filed the First Texas Case in this District, asserting three

patents that were not at issue in Delaware—U.S. Patent Nos. 10,860,506; 10,949,339; and 11,016,918.  *See Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 1, ¶ 2 (E.D. Tex. Dec. 20, 2021) (**Ex. 11**).  On May 3, 2022, Netlist filed an amended complaint asserting three new patents—U.S. Patent Nos. 11,232,054; 8,787,060; and 9,318,160.  *Id.*, Dkt. 23, ¶¶ 2-3 (**Ex. 7**).  The First Texas Case does not involve the DDR4 RDIMM products at issue in the N.D. Cal. Case and the Delaware Case, but instead involves, *inter alia*, LRDIMM products.  *Id.*, ¶ 54.

Less than six hours after the Delaware Court dismissed the '912 patent due to the overlap with the Google N.D. Cal. Case, Netlist filed this case asserting the '912 patent on August 1, 2022.  Dkt. 1, ¶ 2.  On August 15, 2022, after Samsung proposed transferring this case to N.D. Cal. or consolidating with the First Texas Case, Netlist amended the complaint to add two additional patents—U.S. Patent Nos. 11,093,417 (**Ex. 12**) and 9,858,215 (**Ex. 13**).  Dkt. 12, ¶ 2. As in the Google N.D. Cal. Case, the accused products as to the '912 patent include Samsung's DDR4 RDIMM memory modules.  *Id.*, ¶ 36.  However, as to the two other asserted patents, Netlist's allegations are limited to LRDIMM products like in the First Texas Case—and do ***not*** implicate the DDR4 RDMIMM products at issue in the Google N.D. Cal. Case.  *Id.*, ¶¶ 38, 52.

## II.   ARGUMENT

### A.   The '912 Patent Should Be Severed and Transferred to N.D. Cal.

The '912 patent should be severed and transferred to N.D. Cal. because the primacy of that venue was the basis of the Delaware Court's ruling in favor of Netlist when dismissing the Delaware Case.  Beyond that, the first-to-file rule compels transfer—the issues substantially overlap and there are no compelling reasons not to transfer.

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."  *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir.

1999).  To determine if there is substantial overlap, courts examine "whether 'the core issue was the same' or if 'much of the proof adduced would likely be identical'."  *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (footnote, ellipses omitted) (quoting *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir.1985); *Mann Mfg., Inc. v. Hortex Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)).  The rule's purpose is to support "comity and sound judicial administration" among the courts.  *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

> ### 1.    There Is Substantial Overlap Between this Case and the N.D. Cal Case

As to the '912 patent, there is near complete overlap between the issues in this case and the Google N.D. Cal. Case.  The asserted patent, accused products, and defenses overlap almost entirely, as the Delaware Court already held ***based on Netlist's arguments***:  "The infringement and inequitable conduct claims are essentially the same in the two cases."  Ex. 10 at 6 ("I do not think that Samsung's declaratory judgment action is an efficient use of judicial resources.").

More specifically, this motion involves a patent that has been litigated in the N.D. Cal. since 2009.  The Google N.D. Cal. Case was, thus, filed first by a margin of 13 years (due to a stay pending reexamination).  In addition, both the asserted '912 patent and Netlist's identification of the accused products—Samsung's DDR4 LRDIMM and DDR4 RDIMM memory modules—overlap.[1]  Furthermore, Samsung's DDR4 RDIMM products are not accused of infringing any patent other than the '912 patent in Texas.  Severing and transferring the '912 patent to N.D. Cal. would thus simplify the issues to be tried here by narrowing the categories of accused products and eliminating the inequitable conduct allegations related to the reexamination

---

[1] *Compare, e.g.*, Dkt. 12, ¶ 36 (accusing "DDR4 LRDIMMs and DDR4 RDIMMs"), *with* Ex. 5 at 1 (accusing "Double Data Rate 4 ('DDR4') Synchronous DRAM ('SDRAM') Registered [DIMMs] ('RDIMMs'), DDR4 SDRAM Load Reduced [DIMMs] ('LRDIMMs')").

of the '912 patent.  It would also avoid the risk of inconsistent rulings on these two issues.

Although Netlist's infringement allegations in this case presumably are not limited to only DDR4 LRDIMM and DDR4 RDIMM memory modules sold to Google,[2] the factors courts examine when overlap is not complete—e.g., "the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute"—weigh in favor of transfer.  *See Save Power*, 121 F.3d at 951.  It would be an inefficient use of judicial resources to allow the Google N.D. Cal. Case to proceed in parallel and would risk inconsistent findings on identical issues.  Moreover, given the early stages of this case compared to the Google N.D. Cal. Case, that court has a greater interest in addressing infringement, validity, and enforceability as to the '912 patent as discussed in detail below in Section II.A.5.

**2.      The Difference in Defendants Does Not Negate the Substantial Overlap Compelling Transfer Under the First-to-File Rule**

It is immaterial that the Google N.D. Cal. Case involves Google as a defendant, and not Samsung.  The operative facts, including the accused products (DDR4 LRDIMM and DDR4 RDIMM memory modules), are the same.  The first-to-file rule does not require identity of parties, and the Fifth Circuit has approved dismissing second-filed cases in favor of first-filed cases despite lack of identity of parties.  *Save Power*, 121 F.3d at 951.

Indeed, courts in this circuit have dismissed cases under the first-to-file doctrine in the absence of any overlap in the defendants between two cases.  For example, in *Victaulic Co. v. Romar Supply, Inc.*, No. 3:13-CV-02760-K, 2013 WL 6027745 (N.D. Tex. Nov. 14, 2013), the court transferred a second-filed case under the first-to-file rule even though the defendant distributor in the second-filed case was not a named party to the first-filed declaratory judgment action.  *Id.* at *2.  The court held that the fact that the defendant in the later-filed case was not a

---

[2] Netlist has not yet provided infringement contentions in this case.

party to the first-filed case "is not a bar to application of the first-to-file rule, so long as the issues in the two cases substantially overlap, as they do here." *Id.* (citing *Save Power*, 121 F.3d at 950-51).  Courts in other circuits are in accord.  For example, in *Aqua Connect, Inc. v. SHI International Corp.*, No. 19-cv-05662-AB-JPR, 2019 WL 8883452 (C.D. Cal. Dec. 16, 2019), where a distributor defendant was not a party to the first-filed case, the court transferred the case, finding the parties to be substantially similar.  *Id.* at *3.  Specifically, the court noted that the non-overlapping defendants "(1) seek to invalidate the Patents-In-Suit, (2) seek a finding of non-infringement of those patents, and (3) sell the exact same accused products."  *Id.*

Here, since Samsung and Google present the same inequitable conduct defenses and seek a finding of non-infringement as to the '912 patent, and the products accused of infringement are Samsung products, the lack of identity of the parties does not preclude transfer.

> **3.     Judicial Estoppel Bars Netlist from Disputing the Substantial Overlap Between this Case and the Google N.D. Cal. Case**

Judicial estoppel bars Netlist from arguing that the '912 patent allegations do not substantially overlap with the Google N.D. Cal. Case.  Under the doctrine of judicial estoppel, "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."  *Davis v. Wakelee*, 156 U.S. 680, 689 (1895) (quoted by *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).  In evaluating if judicial estoppel applies, the Fifth Circuit considers whether "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently."  *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011).

Any argument that the infringement and inequitable conduct allegations here do not at least substantially overlap those in the Google N.D. Cal. Case is barred by judicial estoppel because: (1) such an argument would be "plainly inconsistent with a prior position" that Netlist took before the Delaware Court that the '912 patent belonged in the N.D. Cal.; (2) the Delaware Court "accepted the prior position"; and (3) Netlist "did not act inadvertently."  *Reed*, 650 F.3d at 574.  Specifically, Netlist previously argued that "Samsung's asserted controversy involving this patent is the alleged indemnification requests made by Google and a Google contractor based on a litigation that has been pending for 13 years in the Northern District of California," Ex. 8 at 2, that the Delaware Case was "a litigation tactic designed to interfere with the jurisdiction of" the N.D. Cal., *id.* at 4, and that "its inequitable conduct claim relating to the '912 patent . . . is essentially a verbatim copy of a claim Google is attempting to bring" in the N.D. Cal., *id.* at 12.  The Delaware Court accepted Netlist's position and granted Netlist's motion, noting: "***The infringement and inequitable conduct claims are essentially the same in the two cases.***  Given this background, I do not think that Samsung's declaratory judgment action is an efficient use of judicial resources."  Ex. 10 at 6 (emphasis added).

Allowing Netlist to proceed on an entirely new case that it filed in Texas—hours after receiving the dismissal from the Delaware Court that Netlist itself sought—would be manifestly unfair and subvert the integrity of the judicial process.

### 4.    The Later-Added Patents Are No Bar to Transfer

The Court should give no weight to the fact that Netlist added patents to this case in its first amended complaint, *see* Dkt. 12, ¶ 2, after Samsung informed it of its intent to move to transfer.  Rather, the Court should sever the '912 patent from the two later-added patents (the '417 and '215 patents) and conduct the first-to-file transfer analysis for the '912 patent alone.

Under Rule 21, the Court "has broad discretion to sever issues to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).  The issues related to the '417 and '215 patents are not so interrelated with those related to the '912 patent as to prevent severance.  For example, the accusations related to Samsung's DDR4 RDIMM products and the inequitable conduct defense related to reexamination are unique to the '912 patent.  These issues would likely require different witnesses and sources of proof as compared to the issues related to the '417 and '215 patents.  Moreover, Netlist's gamesmanship in adding two patents to diminish the overlap is not a legitimate basis to prevent transfer, particularly where overlap for the '912 patent allegations is plainly substantial.  *See, e.g.*, *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) ("A plaintiff's attempts to manipulate venue in anticipation of litigation or a motion to transfer falls squarely within these prohibited activities.").

     **5.**    **In Light of the Substantial Overlap, and the Google N.D. Cal. Court's Significant Investment in the Overlapping Issues, the '912 Patent-Based Claims Should Be Severed and Transferred to the N.D. Cal.**

Because substantial overlap exists, the proper course is to sever the '912 patent-based claims and transfer them to the N.D. Cal.—the first-filed court.  "[O]nce the 'substantial similarity' threshold is crossed, the first-to-file rule accords the first-filed court the responsibility to determine which case should proceed" in the interests of sound judicial administration and judicial economy.  *RPost Holdings, Inc. v. Sophos, Inc.*, No. 2:13-CV-959-JRG, 2014 WL 10209205, at *1 (E.D. Tex. Aug. 20, 2014); *see also Victaulic Co.*, 2013 WL 6027745, at *2 ("Because the two cases substantially overlap, the first-to-file rule applies.  It would constitute an unnecessary interference . . . into a sister court's affairs, as well as an unwise use of judicial resources, for this Court and the [second-filed court] to issue potentially inconsistent rulings."); *Wells Fargo Bank, N.A. v. W. Coast Life Ins.*, 631 F. Supp. 2d 844, 847 (N.D. Tex. 2009).

Because the allegations as to the '912 patent in this case and the Google N.D. Cal. Case substantially overlap, "this Court simply may not, consistent with the principles of comity and conservation of judicial resources, usurp the first-filed court's role." *RPost*, 2014 WL 10209205, at *2.  The Court should therefore sever and transfer the '912 patent to the N.D. Cal.  Indeed, this case could have and should have been brought in the N.D. Cal., given that SSI is incorporated there (*see* Dkt. 12, ¶ 6), SEA has facilities there (*see* **Ex. 18** (identifying address at 645 Clyde Ave Mountain View, CA, 94043-2213)), the alleged infringement by SSI and SEA includes activity there (*see* Dkt. 12, ¶ 36 ("using")), and SEC is a foreign corporation that will not challenge jurisdiction or venue there in this case (*see id.*, ¶ 4).

The N.D. Cal.'s familiarity with the '912 patent further weighs in favor of transfer.  As the Delaware Court recognized, "[a]nother judge has decided issues related to the ['912] patent." Ex. 10 at 6.  For example, after lifting the stay pending reexamination of the '912 patent, the court in the N.D. Cal. Google Case expended significant judicial resources considering and ruling on cross motions for summary judgment regarding intervening rights, including for claim 16, which Netlist's complaint here identifies as allegedly infringed, *see* Dkt. 12, ¶ 36.  The N.D. Cal. Court also addressed Google's motion to amend its answer to plead additional defenses regarding, *inter alia*, the same inequitable conduct defense at issue in this case, and Google's motion to strike Netlist's reliance on new conception dates for the '912 patent.  Ex. 4 at 44.

The temporary stay the Google N.D. Cal. Court entered while the Delaware Court considered Netlist's motion to dismiss reflects not only the court's recognition of the risks and inefficiencies of proceeding on two separate cases involving the same infringement and inequitable conduct issues, but also that the pending motion to dismiss raised "questions" as to whether the Delaware Case would actually "resolve the major issues in [the Google N.D. Cal.

11

Case]."  *See* Ex. 9 at 17.  Because the Delaware Case will not resolve such issues, the N.D. Cal.

Court, as the first-filed court, is entitled "to determine which case"—the N.D. Cal. or the present

one—should proceed."  *See RPost*, 2014 WL 10209205, at *1.

        Finally, there are no compelling circumstances weighing against transfer to N.D. Cal.

*See Mann Mfg.*, 439 F.2d at 407 (once substantial similarity is established, transfer is appropriate

"[i]n the absence of compelling circumstances").  "Fifth Circuit courts have specifically

identified two situations in which compelling circumstances prevent the application of the first-

to-file rule," *In re Toyota Hybrid Brake Litig.*, No. 4:20-CV-127, 2020 WL 6161495, at *7 (E.D.

Tex. Oct. 21, 2020), neither of which is implicated here.  This case does not involve the "bad

faith" or "anticipatory-filing" exceptions.  *Id.*  Instead, the N.D. Cal. Case was filed 13 years

before this case, and Netlist filed this case only after the Delaware Court dismissed Samsung's

case there in favor of the N.D. Cal. Case.  The only unwarranted actions are those of Netlist.

        **B.**      **The Court Should Stay this Case Pending Ninth Circuit Appeal**

        This case should be stayed under any circumstance.  The most appropriate and efficient

way to proceed is to transfer the '912 patent-based claim to the N.D. Cal. (for all of the reasons

set forth above) and then to stay the remaining two patents here in this Court.  But if the Court

chooses not to transfer the '912 patent-based claims (in error, we respectfully submit), then the

Court should stay the entire case.

        As set forth in Samsung's motion to stay the First Texas Case, an appeal pending in the

Ninth Circuit could—and we believe, will—resolve all of Netlist's patent-related disputes with

Samsung (including this case, the First Texas Case, the Delaware Case, the Google N.D. Cal.

case as it relates to Samsung, and foreign litigation).  *See* No. 2:21-cv-463, Dkt. 74 (E.D. Tex.,

Aug. 30, 2022).  Specifically, in 2015, Samsung and Netlist signed a Joint Development and

License Agreement that granted Samsung a license to all Netlist patents.  The Ninth Circuit

Appeal relates to whether Netlist properly terminated that license or whether it remains in force such that Samsung is licensed to Netlist's patents, including the asserted patents.  *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247, Dkt. 11 at 17-22 (9th Cir. June 6, 2022) (**Ex. 19**).

The factors this Court has considered in weighing a motion to stay pending an appeal in a parallel action weigh in favor of a stay: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set."  *Lochner Techs., LLC v. Lenovo Inc.*, No. 2:10-cv-430-JRG, 2013 WL 12172638, at *1 (E.D. Tex. July 24, 2013).  Here, as in the First Texas Case: (1) a stay would not unduly prejudice Netlist because it has licensed its patents to others (including Samsung) such that money damages are sufficient; (2) a stay will simplify the issues in question because Samsung contends that it is fully licensed to Netlist's patents; and (3) the very early stage of this case (e.g., answers have not yet been filed and no scheduling conference has occurred) weighs in favor of a stay.  *See* No. 2:21-cv-463, Dkt. 74 at 12-15 (E.D. Tex., Aug. 30, 2022).  In addition, while not itself dispositive, with respect to the '912 patent, a petition for IPR was filed with the Patent Office on February 27, 2022 (five months before Netlist filed its '912 patent complaint here), and an institution decision will issue in October.  For this reason too, a stay would be another way to maximize efficiency here to let the Patent Office complete its work.

Thus, in addition to transferring the '912 patent to N.D. Cal., the Court should stay the remaining aspects of this case pending resolution of the Ninth Circuit Appeal.  In the alternative, if the Court does not transfer the '912 patent to the N.D. Cal., it should stay this case in its entirety pending resolution of the Ninth Circuit Appeal.

### C.      In the Alternative, the Court Should Consolidate with the First Texas Case

Should the Court decline to stay the remaining aspects of the case pending resolution of

the Ninth Circuit Appeal, the Court should consolidate those aspects (i.e., the later-added '417 and '215 patents) with the First Texas Case. A court may consolidate actions involving common questions of law or fact to "avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). Courts have broad discretion in deciding whether to consolidate, and consider factors such as whether:

> [1] the actions are pending before the same court; [2] the actions involve a common party; [3] any risk of prejudice or confusion will result from consolidation; [4] any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried separately; [5] consolidation will reduce the time and cost of trying the cases separately; and [6] the cases are at the same stage of preparation for trial.

*Taylor v. Ocwen Loan Servicing, LLC*, No. CIV.A. H-12-2929, 2013 WL 3356231, at *1 (S.D. Tex. July 3, 2013). Here, consolidating the patents that were added in Netlist's first amended complaint with the First Texas Case would serve to "avoid unnecessary costs or delay" associated with trying two separate lawsuits in this District with significant overlap in the claims and defenses. *See* Fed. R. Civ. P. 42(a).

The two cases are pending before the same court (factor 1); involve common parties (factor 2); involve common legal and factual issues (factor 4); and consolidation will reduce the time and cost of trying the cases separately (factor 5). There is substantial similarity among the accused products including LRDIMM products, and between the patented technologies such that the infringement, validity, and damages presentations will have common elements. For example, in addition to many of the asserted patents in the First Texas Case having overlapping inventors with the '417 and '215 patents—i.e., the '506 patent (**Ex. 14**), the '339 patent (**Ex. 15**), the '918 patent (**Ex. 16**), and the '054 patent (**Ex. 17**)—two of the six patents in the First Texas Case (the '506 and '339 patents) are related to the '417 and '215 patents at issue here,[3] and relate to

---

[3] Each of the four patents is related to one or both of U.S. Patent Nos. 8,516,188 and 9,606,907. *See* '506 patent at 1:22-33 ("The present application is related to commonly-owned .

memory modules with data buffering.[4]

Further, there is no risk of prejudice or confusion from consolidation (factor 3), and the cases are at similar stages inasmuch as neither have entered expert discovery and trial is many months away in both cases (factor 6).  Indeed, several months remain in fact discovery in the First Texas Case, and no claim construction hearing has occurred in either case.  In any event, because this case is in its initial stages, the schedule in a consolidated case adding the two later-filed patents should receive a modest schedule adjustment such as the following:

| Event | Deadline in First Texas Case | Proposed Modified Deadline |
|---|---|---|
| Jury Selection | May 1, 2023 | November 2023 |
| Close of Expert Discovery | January 7, 2023 | July 2023 |
| Close of Fact Discovery | December 12, 2022 | May 2023 |
| Claim Construction Hearing | November 4, 2022 | April 2023 |

Whereas this case was filed over 8 months after the First Texas Case, Samsung proposes that the consolidated schedule have deadlines approximately 6 months after the original schedule in the First Texas Case.  This proposed schedule attempts to strike a middle-ground between the schedule in the First Texas Case and the expected schedule in the absence of consolidation.

## CONCLUSION

Accordingly, the Court should: (1) sever and transfer the '912 patent-based claims to the N.D. Cal.; and (2) stay this case pending resolution of the Ninth Circuit Appeal; or (3) alternatively, consolidate this case with the First Texas Case (No. 2:21-cv-463).

---

. . now U.S. Pat. No. 9,606,907; ... and ... now U.S. Pat. No. 8,516,188; each of which is incorporated herein by reference in its entirety."); '339 patent at 1:7-14 ("This application is a continuation from ... to be issued as U.S. Pat. No. 9,606,907, ...."); '417 patent at 1:7-41 ("The present application is a continuation of ... (U.S. Pat. No. 8,516,188), ...."); '215 patent at 1:7-37 ("The present application is a continuation of ... now U.S. Pat. No. 8,516,188, ....").

  [4] *Compare* '506 patent ("Memory Module with Timing-Controlled Data Buffering"), *and* '339 patent ("Memory Module with Controlled Byte-wise Buffers"), *with* '417 patent ("Memory Module with Data Buffering"), *and* '215 patent ("Memory Module with Data Buffering").

Date: September 20, 2022                        Respectfully submitted,

                                               */s/ Melissa R. Smith*
                                               Ruffin B. Cordell
                                               TX Bar No. 04820550
                                               cordell@fr.com
                                               Michael J. McKeon
                                               D.C. Bar No. 459780
                                               mckeon@fr.com
                                               Lauren A. Degnan
                                               DC Bar No. 452421
                                               degnan@fr.com
                                               Daniel A. Tishman
                                               DC Bar No. 1013923
                                               tishman@fr.com
                                               FISH & RICHARDSON P.C.
                                               1000 Maine Avenue, SW
                                               Washington, DC 20024
                                               Telephone: (202) 783-5070
                                               Facsimile:  (202) 783-2331

                                               Francis J. Albert
                                               CA Bar No. 247741
                                               albert@fr.com
                                               John W. Thornburgh
                                               CA Bar No. 154627
                                               thornburgh@fr.com
                                               FISH & RICHARDSON P.C.
                                               12860 El Camino Real, Ste. 400
                                               San Diego, CA  92130
                                               Telephone: (858) 678-5070
                                               Facsimile:  (858) 678-5099

                                               Melissa Richards Smith
                                               melissa@gillamsmith.com
                                               GILLAM & SMITH, LLP
                                               303 South Washington Ave.
                                               Marshall, Texas 75670
                                               Telephone:  (903) 934-8450
                                               Facsimile:   (903) 934-9257

                                               *Attorneys for Defendants Samsung Electronics
                                               Co., Ltd.; Samsung Electronics America, Inc.;
                                               and Samsung Semiconductor, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on September 20, 2022.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Melissa R. Smith*

**<u>CERTIFICATE OF CONFERENCE</u>**

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred on September 19, 2022.  Jennifer Truelove participated for Plaintiff; Melissa Smith participated for Defendants.  The parties discussed their positions on this motion.  The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.  Counsel for Plaintiff indicated that Plaintiff opposes this motion.

*/s/ Melissa R. Smith*