# EXHIBIT 2

PRUETZ LAW GROUP LLP
Adrian M. Pruetz (Bar No. 118215)
ampruetz@pruetzlaw.com
Erica J. Pruetz (Bar No. 227712)
ejpruetz@pruetzlaw.com
200 N. Sepulveda Blvd., Suite 1525
El Segundo, CA 90245
Phone: 310.765.7650
Fax:   310.765.7641

LEE TRAN & LIANG APLC
Enoch H. Liang (Bar No. 212324)
ehl@ltlcounsel.com
Steven R. Hansen (Bar No. 198401)
srh@ltlcounsel.com
Edward R. Quon (Bar No. 214197)
eq@ltlcounsel.com
601 S. Figueroa Street, Suite 4025
Los Angeles, CA 90017
Phone: 213.612.3737
Fax:   213.612.3773

Attorneys for Plaintiff
NETLIST, INC.

ORIGINAL FILED
DEC - 4 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

C09-05718 EMC ADR

| | |
|---|---|
| NETLIST, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE INC., a Delaware Corporation, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> [DEMAND FOR JURY TRIAL] |

Complaint for Patent Infringement

Plaintiff Netlist, Inc. ("Netlist" or "Plaintiff") as and for its Complaint against Defendant Google Inc. ("Google" or "Defendant") alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint arises under the patent laws of the United States, 35 U.S.C. § 1, et seq., including but not limited to 35 U.S.C. § 271.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this district pursuant to 28 U.S.C. §1400(b) because the defendant has a regular and established place of business in this District and the acts of infringement occurred in this District and elsewhere.

## PARTIES

4. Netlist is a corporation organized and existing under the laws of the state of Delaware, authorized to do business in the state of California, with its principal place of business at 51 Discovery in Irvine, California 92618.

5. On information and belief, Google is a corporation organized and existing under the laws of the state of Delaware, authorized to do business in the state of California, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

## INTRADISTRICT ASSIGNMENT

6. Under Civil Local Rules 3-2(c) and 3-5, this action, being an action for patent infringement, is appropriate for assignment on a district-wide basis.

## FACTS RELEVANT TO THE CLAIM

7. Netlist provides computer memory modules and technology to major computer manufacturers and users. Netlist pioneered ideas such as embedding passives into printed circuit boards to free up board real estate, doubling densities via 4-rank double

data rate (DDR) technology, and other off-chip technology advances that result in improved performance and lower costs compared to conventional memory.

8. Prior to 2004, Netlist invested significant research and development time and money in technology that would make computer memory modules less expensive and more energy-efficient. In mid-2005, realizing that it had made significant advances on both fronts, Netlist filed the application that led to the issuance of United States Patent No. 7,619,912 (the "'912 Patent"), entitled Memory Module Decoder on November 17, 2009. The '912 Patent is directed to memory modules with a logic element that overcomes computer system limitations that would otherwise constrain the memory module architectures with which the computer system can operate. As a result, the claimed memory modules effectively increase the memory capacity and improve the energy efficiency of the computers in which they reside. Netlist is the owner of the entire right, title, and interest in and to the '912 Patent. A true and correct copy of the '912 Patent is attached hereto as Exhibit 1.

9. Google has sold, offered to sell, made, and/or used computer memory modules that incorporate the Netlist technology claimed in the '912 Patent, and has contributed to the infringement of the '912 Patent claims by others and/or induced others to infringe the '912 Patent claims. Google's acts of infringement of the '912 Patent include without limitation its use of 4-Rank Fully Buffered Dual In-Line Memory Modules (4-Rank FBDIMMs) in its server computers.

## CLAIM FOR PATENT INFRINGEMENT
### (35 U.S.C. § 271)

10. Plaintiff realleges the allegations of Paragraphs 1 through 9 as though fully set forth herein.

11. In violation of 35 U.S.C. § 271, Google has infringed and continues to infringe; has contributorily infringed and continues to contributorily infringe; and/or has induced and continues to induce others to infringe, one or more claims of the '912 Patent.

-2-

Google's infringing activities in the United States and this District include its use of 4-Rank FBDIMMs in its server computers and contributing to and/or inducing others to make, use, sell, and/or offer for sale such 4-Rank FBDIMMs, and/or components thereof which lack any substantial non-infringing use.

12. On information and belief, Google's infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to Netlist.

13. On information and belief, Google's infringement is in violation of the patent laws and will continue to injure Netlist unless otherwise enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Netlist prays for the following relief:

1. That the Court render judgment declaring that Google has infringed, contributorily infringed and induced the infringement of the '912 Patent in violation of 35 U.S.C. § 271;

2. That the Court render judgment declaring that Google's infringement of the '912 patent is willful and deliberate;

3. That Netlist be awarded damages adequate to compensate Netlist for Google's infringement of the '912 Patent;

4. That the Court preliminarily and permanently enjoin Google, its successors, assigns, subsidiaries and transferees, officers, directors, agents and employees as follows:

   a. from selling or offering for sale any product falling within the scope of the claims of the '912 Patent;

   b. from importing any product into the United States which falls within the scope of the '912 Patent;

   c. from manufacturing any product falling within the scope of the claims of the '912 Patent;

      d.    from using any product or method falling within the scope of any of the claims of the '912 Patent;

      e.    from inducing others to infringe any of the claims of the '912 Patent;

      f.    from engaging in acts constituting contributory infringement of any of the claims of the '912 Patent; and

      g.    from all other acts of infringement of any of the claims of the '912 Patent.

5. That the Court award treble damages to Netlist for the unlawful practices described in this Complaint;

6. That the Court enter judgment against Google for the maximum penalties determined by the Court to be just and proper;

7. That the Court render judgment declaring this to be an exceptional case;

8. That Netlist be awarded its costs of suit, including reasonable attorneys' fees; and

9. That Netlist be awarded such other and further relief as the Court deems just and proper.

DATED: December 3, 2009        **PRUETZ LAW GROUP LLP**

By: *[signature]*
Adrian M. Pruetz
Attorneys for Plaintiff
Netlist, Inc.

-4-

Complaint for Patent Infringement

# JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues and claims so triable.

DATED: December 3, 2009            **PRUETZ LAW GROUP LLP**

By: _____
Adrian M. Pruetz
Attorneys for Plaintiff
Netlist, Inc.

-5-

Complaint for Patent Infringement