# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-293-JRG |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC., SAMSUNG SEMICONDUCTOR, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF NETLIST, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO SEVER, STAY, OR CONSOLIDATE (DKT. 20)

**TABLE OF CONTENTS**

Page

I.    Introduction ..................................................................................................1

II.   Fact Background ...........................................................................................2

      A.    The Parties' Contract Dispute in the Central District of California ...........................2

      B.    Netlist's Lawsuit against Google in N.D. Cal. ..........................................................3

      C.    Instead of Intervening in the *Google Action*, Samsung Filed a
            Declaratory Judgment Claim in Delaware, Which Has Since Been
            Dismissed ...................................................................................................3

III.  Argument .....................................................................................................5

      A.    The First-to-File Rule Does Not Apply .....................................................................5

            1.    Samsung's Forum Shopping Ploy Should Be Rejected ...................................5

            2.    No Substantial Overlap Exists Between this Case and the
                  *Google Action* ...............................................................................................6

                  a.    The Parties and the Asserted Products Are Different .......................6

                  b.    Samsung Cannot Show Substantial Overlap .....................................7

            3.    Samsung's Requested Transfer Is Contrary to the Customer-
                  Suit Exception ...............................................................................................9

            4.    Other Compelling Circumstances Make First-to-File Rule
                  Inapplicable ...................................................................................................9

      B.    A Stay Pending the Ninth Circuit Appeal Is Not Appropriate .................................11

            1.    Samsung Does Not Show any Likelihood of Success on
                  Appeal or Irreparable Harm Absent a Stay. ...............................................11

            2.    A Stay Is Against Public Interest and Will Unduly Prejudice
                  Netlist ...........................................................................................................12

      C.    Consolidation with *Samsung I* Is Not Appropriate ...............................................13

IV.   Conclusion ...................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AGIS Software Dev. LLC v. Waze Mobile Ltd.*,
2022 WL 1608047 (E.D. Tex. May 20, 2022) ................................................................. 13, 14, 15

*Apple Inc. v. Samsung Elecs. Co.*,
881 F. Supp. 2d 1132 (N.D. Cal. 2012) ................................................................................. 13

*In re ASM Int'l, N.V.*,
774 F. App'x 650 (May 23, 2019) ........................................................................................... 5

*Barkan Wireless IP Holdings, L.P. v. Samsung Elecs. Co.*,
2019 WL 8647996 (E.D. Tex. Mar. 15, 2019) ..................................................................... 13

*In re Cobalt Int'l Energy, Inc. Sec. Litig.*,
2017 WL 3620590 (S.D. Tex. Aug. 23, 2017) ..................................................................... 12

*Davis-Lynch, Inc. v. Hilcorp Energy Co.*,
2009 WL 10659687 (E.D. Tex. Nov. 18, 2009) ..................................................................... 7

*Document Generation Corp. v. Allscripts, LLC*,
2009 WL 10677279 (E.D. Tex. May 19, 2009) ..................................................................... 6

*Document Generation Corp. v. Allscripts, LLC*,
2009 WL 2824741 (E.D. Tex. Aug. 27, 2009) ..................................................................... 10

*In re Echostar Corp*,
388 F. App'x 994 (Fed. Cir. 2010) ....................................................................................... 10

*US ex rel. Fisher v. Homeward Residential, Inc.*,
2016 WL 777000 ................................................................................................................. 14

*Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*,
2017 WL 365398 (E.D. Tex. Jan. 25, 2017) ......................................................................... 9

*Intell. Ventures LLC v. FedEx Corp.*,
2017 WL 6559172 (E.D. Tex. Dec. 22, 2017) ................................................................. 12, 15

*Intertrust Techs. Corp. v. Cinemark Holdings, Inc.*,
2020 WL 6479562 (E.D. Tex. Sept. 30, 2020), *affirmed*, 839 F. App'x 476 (Dec.
17, 2020) ........................................................................................................................... 7, 8

*Invensys Sys., Inc. v. Emerson Elec. Co.*,
2014 WL 4477393 (E.D. Tex. July 25, 2014) ..................................................................... 12

*J2 Glob. Commc'ns, Inc.*,
    2008 WL 5378010 (E.D. Tex. Dec. 23, 2008) ........................................................ 10

*LifeNet, Inc. v. U.S. Dep't of Health & Hum. Servs.*,
    2022 WL 2959715 (E.D. Tex. July 26, 2022) ..................................................... 5, 9

*Mills v. Beech Aircraft Corp., Inc.*,
    886 F.2d 758 (5th Cir. 1989) ............................................................................... 14

*In re Nintendo of Am., Inc.*,
    756 F.3d 1363 (Fed. Cir. 2014) ............................................................................. 9

*Ruiz v. Estelle*,
    650 F.2d 555 (5th Cir. 1981) ............................................................................... 11

*Saint Lawrence Comm'ns v. ZTE Corp.*,
    2017 WL 3396399 (E.D. Tex. Jan. 17, 2017) ................................................. 12, 15

*SAS Inst. Inc. v. World Programming Ltd.*,
    2019 WL 8331447 (E.D. Tex. Apr. 4, 2019) ........................................................ 10

*SFA Sys., LLC v. Drugstore.com, Inc.*,
    2012 WL 12899088 (E.D. Tex. 2012) .................................................................. 14

*Shifferaw v. Emson USA*,
    2010 WL 1064380 (E.D. Tex. Mar. 18, 2010) ....................................................... 9

*Smartflash LLC v. Google, Inc.*,
    2014 2014 WL 11071872 (E.D. Tex. July 7, 2014) ......................................... 13, 14

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
    657 F.3d 1349 (Fed. Cir. 2011) ............................................................................. 9

*St. Bernard Gen. Hosp. v. Hosp. Serv. Ass'n of New Orleans, Inc.*,
    712 F.2d 978 (5th Cir. 1983) ............................................................................... 14

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
    2018 WL 2722051 (E.D. Tex. June 6, 2018) .................................................. 11, 12

*Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*,
    2020 WL 1433960 (E.D. Tex. Mar. 24, 2020) ..................................................... 11

*Vine v. PLS Fin. Servs.*,
    2019 WL 4257108 (E.D. Tex. 2019) .............................................................. 11, 12

*Wapp Tech Ltd. P'ship v. Seattle Spinco, Inc.*,
    2020 WL 1289563 (E.D. Tex. Mar. 18, 2020) ....................................................... 5

*Wellogix Tech. Licensing LLC v. Automatic Data Processing, Inc.*,
   2013 WL 1729606 (E.D. Tex. Mar. 19, 2013)...........................................................7, 10

*Young Conservatives of Tex. Found. v. Univ. of N. Tex.*,
   2022 WL 2328801 (E.D. Tex. June 28, 2022)...................................................................11

**Statutes**

28 U.S.C. §1404(a) .................................................................................................................7

**Rules**

Federal Rules of Civil Procedure Rule 21 .......................................................................... 10, 13

I.    **Introduction**

Netlist has filed parallel lawsuits against both Samsung and Micron involving U.S. Patent No. 7,619,912 (the "'912 patent") and two patents in the same family. *Netlist, Inc. v. Samsung Elec. Co., Ltd.*, No. 22-cv-293 (E.D. Tex.) (*Samsung II*); *Netlist, Inc. v. Micron Tech. In.*, No. 21-cv-294 (E.D. Tex.) (*Micron II*). They are both pending before this Court and were filed at the same time. The appropriate and common-sense step is for these two suits to proceed before this Court.

Samsung's motion asks that the Court sever and transfer the portion of the case relating to the '912 patent to Judge Seeborg in the Northern District of California where a suit against Samsung's customer Google has been stayed at the request of Google. *Netlist, Inc. v. Google LLC*, No. 09-cv-5718, Dkt. 325 (N.D. Cal.) ("*Google Action*"). When Judge Seeborg stayed the case, he ruled that any claims as to any products manufactured by Samsung ought to be adjudicated in a suit against Samsung because the claims against Samsung will involve not only products manufactured for Google but for all of Samsung's other customers. Ex. 5 at 17. Upon Google's request, the parties stipulated to further stay the *Google Action* until the resolution of Netlist's disputes with Samsung on the '912 patent. Ex. 6.

Before the *Google Action* was stayed, Netlist repeatedly asked Samsung to intervene in the Google lawsuit, and Samsung repeatedly refused. Indeed, in the face of the lawsuit against Google on the '912 patent that had been pending for 13 years, Samsung filed a separate action before Judge Andrews in the District of Delaware on the '912 patent, allegedly based on indemnification requests by Google. *Samsung Elec. Co., Ltd. v. Netlist, Inc.*, No. 21-cv-1453-RGA, Dkt. 1 (D. Del. Oct. 15, 2021) (the "*Delaware Action*"). Judge Andrews dismissed that claim, concluding that if Samsung desired to vindicate the rights of Google it should intervene in the *Google Action*. Samsung again refused to take this step.

Samsung does not dispute that this Court is a proper and convenient venue to adjudicate the '912 patent. In fact, before this motion was filed, Samsung told Netlist that it would not file a motion

to transfer if Netlist agreed to a single proceeding on the six patents in a co-pending action[1] and the three patents in this action. Mtn. at 14;  Ex. 4 (2022-08-24 email from McKeon) ("[W]e can agree to scheduling modifications of the case as it now stands if you agree to consolidate the two cases in EDTX with equitable adjustments to the existing schedule.").

Samsung's motion also seeks to stay the remainder of *Samsung II* pending its separate Ninth Circuit appeal on a certain contract dispute with Netlist. Samsung argues that the Ninth Circuit appeal would allegedly simplify issues. This argument should be treated with extreme skepticism given that as soon as the Central District of California ruled that Samsung's agreement with Netlist was terminated, Samsung filed the *Delaware Action* for a declaratory judgement of non-infringement, a suit Samsung has not moved to stay. Samsung's goal in its second request to stay is simple: it wants to delay the case schedule as much as possible so that it can gain a tactical advantage over a smaller competitor in the memory module space. A stay is not warranted because Samsung cannot show a likelihood of success on the Ninth Circuit appeal, and the appeal will not simplify issues presented before this Court.

## II.  Fact Background

### A.  The Parties' Contract Dispute in the Central District of California

Netlist and Samsung entered into a Joint Development and License Agreement in 2015, under which Samsung had promised to supply memory components to Netlist. Ex. 1. The JDLA granted

████████████████████████████████████████████████████████████████████

██████ After Samsung materially breached its obligations to Netlist under the JDLA, Netlist terminated the agreement and brought a contract action against Samsung in the Central District of California. *Netlist, Inc. v. Samsung Elec. Co., Ltd.*, No. 20-cv-993 (C.D. Cal.) ("*Contract Action*"). In October 2022,

---

[1] *Netlist, Inc. v. Samsung Elec. Co., Ltd.*, No. 21-cv-463 (E.D. Tex.) (*Samsung I*).

Judge Scarsi entered summary judgment finding that Netlist properly terminated the JDLA after Samsung's material breach. Ex. 2 at 21-22 (*Contract Action*, Dkt. 186). The day after the unfavorable decision was entered, Samsung immediately filed a separate declaratory judgment action on the '912 patent and certain other Netlist patents in the District of Delaware. *Delaware Action*, Dkt. 1.

**B.    Netlist's Lawsuit against Google in N.D. Cal.**

Netlist asserted the '912 patent against Google LLC ("Google") in 2009. *Netlist, Inc. v. Google LLC*, No. 09-cv-5718 (N.D. Cal.). The case was stayed for over ten years pending resolution of *inter partes* reexamination. *Id.* Dkt. 68. After the Federal Circuit affirmed the validity of claim 16 as originally issued and other amended claims, the district court lifted the stay in February 2021. *Id.* Dkt. 111.

Since the case reopened, the N.D. Cal. court has focused on issues unique to Google and Netlist *in that proceeding*. For example, the N.D. Cal. court held that claim 16 of the '912 patent is not subject to Google's intervening rights defense. Ex. 3 at 45 (*Google Action*, Dkt. 258). But the Court found that the other claims in the patent are subject to intervening rights because they have been amended. *Id.* Currently, only claim 16 of the '912 patent is asserted against Samsung and Micron in this Court.

At Google's request, the *Google Action* was stayed for 90 days in July 2022. Ex. 5 (*Google Action*, Dkt. 324). As discussed below, Judge Seeborg based the stay on his view that a manufacturer suit against Samsung should take precedence over a suit against Google. *Id.* At Google's request, the parties agreed that the stay should be extended pending resolution of this instant lawsuit between Netlist and Samsung.  Ex. 6. (*Google Action*, Dkt, 335, joint stipulation to stay the case).

**C.    Instead of Intervening in the *Google Action*, Samsung Filed a Declaratory Judgment Claim in Delaware, Which Has Since Been Dismissed**

In its *Delaware Action*, Samsung claims that in July 2021, it received an indemnification request from Google "in connection with Netlist's assertion in the [*Google Action*] of the '912 patent against

Google's use of Samsung's DDR4 LRDIMM and RDIMM memory modules." Ex. 7 ¶ 43 (*Delaware Action*, Dkt. 23). Samsung, however, did not intervene in the *Google Action*. Instead, it filed a declaratory judgment action in the District of Delaware, asking the '912 patent to be declared non-infringed, invalid, and unenforceable.

Netlist moved to dismiss Samsung's claims as to the '912 patent in Delaware, arguing that Samsung should have filed a counterclaim for noninfringement in the *Contract Action*; alternatively, it should have intervened in the *Google Action*. Ex. 8 at 1-2, 12 (*Delaware Action*, Dkt. 25).

Meanwhile, Google moved to stay the *Google Action* based on the *Delaware Action*. Google relied on the customer-suit exception and argued that because Samsung supplied Google products accused of infringing the '912 patent, the lawsuits between Netlist and Samsung "will resolve the key issue before [the N.D. Cal. court]: whether the accused 4-Rank DDR4 RDIMM and 4-Rank DDR4 LRDIMM products that Samsung supplies to Google infringe claim 16 of the '912 Patent." Ex. 9 at 13 (*Google Action*, Dkt. 292).

Judge Seeborg in N.D. Cal. agreed with Google and imposed a 90-day stay of the *Google Action*. Specifically, the court relied on Google's representation and the customer-suit exception, holding:

> Google's argument that Samsung's declaratory judgment action *has the potential* to streamline this action is not without merit. Indeed, as currently pled, that action will address the key issues underlying this action, i.e., whether the DDR4 DIMMs Google obtains from Samsung infringe the '912 patent. Additionally, trying both actions might result in inefficiencies in conducting discovery (e.g., third-party discovery will need to be taken from Samsung in this action) and use of judicial resources. It also raises the specter of inconsistent results.

Ex. 5 at 18 (*Google Action*, Dkt. 325). The message from Judge Seeborg is clear: Netlist's lawsuits against the manufacturer(s)/supplier(s) of Google's accused products should be litigated first, because it might dispose of the remaining issues presented in the *Google Action*.

The Delaware District Court subsequently granted Netlist's motion to dismiss Samsung's declaratory judgment claims in connection with the '912 patent, noting that:

Samsung's customer is litigating the same claims against the same patentee in another forum. Samsung can likely achieve certainty regarding its legal rights by moving to intervene in that case. Ex. 10 at 7 (*Delaware Action*, Dkt. 37).

Samsung, however, has never moved to intervene in the *Google Action*, either before or after Netlist filed the *Samsung II* Action.

On September 26, 2022, Google indicated its intent to move to extend the stay of the *Google Action* until after the resolution of Netlist's infringement claims against Samsung before this Court:

> Google believes the stay should remain in effect in view of the infringement action Netlist has filed against Samsung asserting the '912 Patent. *See Netlist v. Samsung*, No. 2:22-cv-00293-JRG (E.D. Tex.). Allowing the Samsung case to proceed will streamline the issues in this case while avoiding the potential inefficiencies noted in Judge Seeborg's order. Accordingly, Google intends to file a motion to extend the stay. Ex. 18 (email from Google's counsel).

At Google's request, Google and Netlist have agreed to stay the *Google Action* pending the outcome of the case against Samsung. Ex. 6.

## III.    Argument

### A.    The First-to-File Rule Does Not Apply

The first-to-file rule rests on "principles of comity and sound judicial administration," and aims to "avoid the waste of duplication." *LifeNet, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 2022 WL 2959715, at *4 (E.D. Tex. July 26, 2022) (citation omitted). Where "the overlap between the two cases is not 'complete or nearly complete,'" district courts have broad discretion to assess "'the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute.'" *In re ASM Int'l, N.V.*, 774 F. App'x 650, 652 (May 23, 2019).

#### 1.    Samsung's Forum Shopping Ploy Should Be Rejected

The first-to-file rule "does not exist to allow Defendants to forum shop." *See Wapp Tech Ltd. P'ship v. Seattle Spinco, Inc.*, 2020 WL 1289563, at *4 (E.D. Tex. Mar. 18, 2020).

Samsung filed a declaratory judgment action as to the '912 patent in Delaware right after Judge Scarsi entered a summary judgment unfavorable to Samsung. Samsung did not seek to intervene in

- 5 -

the *Google Action*. Although Judge Andrews urged that Samsung should intervene in the *Google Action* to address its rights in connection with the '912 patent, Ex. 10 at 7, Samsung still has not taken that step. Instead, Samsung proposed to consolidate this Action and *Samsung I* as long as the trial schedule for *Samsung I* was delayed. Samsung's behavior belies its attempt to apply the first-to-file rule and shows that it is using this Motion as a tactical tool to punish Netlist for not agreeing to a consolidation.

## 2.    No Substantial Overlap Exists Between this Case and the *Google Action*

### a.    The Parties and the Asserted Products Are Different

The N.D. Cal. court found that Netlist's PICs asserted infringement against all of Google's 4-rank DDR4 RDIMMs and 4-rank DDR4 LRDIMMs, without limitation to those supplied by Samsung or other third parties. *See* Ex. 5 at 4 (*Google Action*, Dkt. 325). Further, the N.D. Cal. court denied Netlist's motion to expand the suit to assert the '912 patent against 8-rank and 16-rank DDR4 DIMMs. *Id.* at 18. In *Samsung II*, Netlist's infringement claims cover all Samsung DDR4 R/LRDIMMs regardless of the number of ranks. *See* Dkt. 12-5 at 10 (noting "the plurality of DDR memory devices may be arranged in two ("2R"), four ("4R"), eight ("8R"), or sixteen ("16R") ranks"). Samsung also acknowledges that the accused products in this case "are not limited only to DDR4 LRDIMMs and DDR4 RDIMMs memory modules sold to Google." Mtn. 7. Thus, the scope of the products differ in the two actions.

These different products require separate discovery. For instance, Google has taken the position that it purchased the accused DDR4 products off-the-shelf from third parties, including but not limited to Samsung. Ex. 5 at 10, 17 n.5. Based on Google's representation, third-party discovery from entities other than Samsung is necessary in the *Google Action* as to the design and operation of Google's accused products. Meanwhile, Samsung's products sold to other customers may be customized and thus may require separate discovery. Samsung does not provide any evidence showing any overlap in potential witnesses between this case and the *Google Action*. *See Document Generation Corp.*

*v. Allscripts, LLC*, 2009 WL 10677279, at *5 (E.D. Tex. May 19, 2009) (where "it is not clear that the same set of products has been accused in both cases," that weighs against transfer under the first-to-file rule because "[d]ifferent products involve different infringement arguments and different damages theories"); *see also Wellogix Tech. Licensing LLC v. Automatic Data Processing, Inc.*, 2013 WL 1729606, at *8 (E.D. Tex. Mar. 19, 2013) (where related cases "probably involve different products and no Defendant is involved in both actions," it "will result in significantly different discovery, evidence, proceedings, and trial"); *Davis-Lynch, Inc. v. Hilcorp Energy Co.*, 2009 WL 10659687, at *3 (E.D. Tex. Nov. 18, 2009), *report and recommendation adopted*, 2010 WL 11553311 (E.D. Tex. Jan. 4, 2010) (declining to apply first-to-file rule in the second action where the accused products were not asserted in the first action and were dissimilar to those previously accused).

**b.    Samsung Cannot Show Substantial Overlap**

This Court's decision in *Intertrust Techs. Corp. v. Cinemark Holdings, Inc.* forecloses Samsung's substantial overlap argument. No. 19-cv-265-JRG, 2020 WL 6479562, at *8 (E.D. Tex. Sept. 30, 2020), *affirmed*, 839 F. App'x 476 (Dec. 17, 2020). In *Intertrust*, Dolby filed a declaratory judgment action (the "*Dolby Action*") of noninfringement in N.D. Cal. against patentee Intertrust Technologies ("IT"). *Id.* at *1. A few months later, IT sued Cinemark, AMC, and Regal in this District for the same eleven patents raised in the *Dolby Action*. Cinemark, AMC, and Regal ("EDTX Defendants") moved to transfer the infringement actions to N.D. Cal. based on 28 U.S.C. §1404(a) and argued that the first-to-file rule favored transfer because Dolby supplied the "vast majority of DCI-approved IMBs to each of the [EDTX] Defendants," and these EDTX cases were duplicative of the *Dolby Action*. *Id.* at *7. This Court rejected the EDTX Defendants' argument and agreed with Intertrust, holding that the first-to-file rule did not apply: "[w]hile there are some Dolby products at issue in [both cases]," because "there is not an identity of parties or infringement allegations," the EDTX Defendants' "alleged infringement does not completely coincide with that of Dolby," and therefore "the resolution of the

*Dolby Action* will not moot the issues presented here." *Id.* at *8. The Federal Circuit affirmed the district court's decision, finding the accused products or infringing activities in the *Dolby Action* and the actions before this District did not completely overlap. 839 F. App'x at 479. Similar to *Intertrust*, the parties, accused products, and infringing activities in the *Google Action* and this Case are different, and therefore no substantial overlap exists that warrants transfer under the first-to-file rule.

The cases Samsung relies on are inapposite or inconsistent with its positions elsewhere. In *Aqua Connect, Inc. v. SHI Int'l Corp.*, Defendant in the first-filed action (TeamViewer US) was "a wholly owned subsidiary of Team Viewer GmbH," one of the Defendants of the second action. 2019 WL 8883452 (C.D. Cal. Dec. 16, 2019). "[T]his parent-subsidiary corporate relationship indicates that the two [] entities share common interests, rendering them similar parties in this litigation." *Id.* Samsung, however, argues elsewhere that it and Google are not privies of each other. Ex. 12 at 1-4 (Samsung's Reply in IPR2022-00639).

In *Save Power Ltd. v. Syntek Fin. Corp.*, although the second defendant Syntek was not a party to the first action, Syntek attempted to intervene in the first case. 121 F.3d 947, 951 (5th Cir. 1997). By contrast, Samsung refused to intervene in the *Google Action* even though Judge Andrews urged it to do so. *Supra* Section I. Further, unlike here, the two cases in *Save Power* centered on the same question: whether Save Power could proceed with foreclosure on its security interest in Pursuit's asset. However, the accused products and damages issues are different here and in the *Google Action*.

In *Victaulic Co. v. Romar Supply, Inc.*, Victaulic sued Anvil and its parent in the first action for patent infringement based on its SlideLok pipe coupling. 2013 WL 6027745 (N.D. Tex. Nov. 14, 2013). Later, Victaulic filed a second suit against Anvils' distributor, Romar Supply, for infringement of the same patents based on the exact same SlideLok products manufactured by Anvil. The court transferred the second case. In *Victaulic*, the court deferred to the **manufacturer** action. Samsung is arguing for the primacy of a pending **customer** suit, which is contrary to courts' practices under the

customer-suit exception.

### 3. Samsung's Requested Transfer Is Contrary to the Customer-Suit Exception

Samsung has not cited any cases where the court stayed or transferred the manufacturer action to a pending customer suit which has been stayed. In contrast, courts have severed actions where the manufacturer and its customer are defendants in the same proceedings and transferred the action against the manufacturer to a venue where the customer defendants could not have been sued. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (severing claims against a manufacturer from a single action and transferring the manufacturer case to a different court); *Shifferaw v. Emson USA*, 2010 WL 1064380, at *2-4 (E.D. Tex. Mar. 18, 2010) (same); *see Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (the manufacturer has a "presumed greater interest in defending its actions against charges of infringement").

### 4. Other Compelling Circumstances Make First-to-File Rule Inapplicable

The first-to-file rule should not be mechanically applied. *Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, 2017 WL 365398, at *7 (E.D. Tex. Jan. 25, 2017). Exceptions "are not rare, and are made when justice or expediency requires." *Lifenet*, 2022 WL 2959715, at *4 (quotation omitted). Here, compelling circumstances exist.

**First**, the *Google Action* has been stayed. In his order imposing the stay, Judge Seeborg agreed with Google's argument that the resolution of Netlist's infringement claim against Samsung "*has the potential* to streamline this action is not without merit" because it "will address the key issues underlying this action, i.e., whether the DDR4 DIMMs Google obtains from Samsung infringe the '912 patent." Ex. 5 at 18 (*Google Action*, Dkt. 325). Judge Seeborg made that remark even though the Delaware action on the '912 patent was not before him; and Judge Seeborg never suggested that a suit by Samsung should also be before him.

After Netlist filed this Action against Samsung, upon Google's request, Netlist and Google agreed to extend the stay until the resolution of this instant Action. Ex. 6. Because of the stay, no duplication of work or inconsistent rulings will arise if this instant Action proceeds. *See J2 Glob. Commc'ns, Inc.*, 2008 WL 5378010, at *6 (E.D. Tex. Dec. 23, 2008) ("Because the [related actions] are currently stayed, and could continue to be stayed for an extended period of time, there is little risk of parallel competing claim constructions."). In fact, Courts in this district have cautioned against transferring an action to a venue where the related proceedings have been stayed. *See, e.g.*, *In re Echostar Corp*, 388 F. App'x 994, 995 (Fed. Cir. 2010) (affirming the district court's denial of transfer under the first-to-file rule in part because the first-filed court has stayed the case pending IPRs, and the district court noted that "transfer could possibly result in a delay of this case because it was uncertain when the PTO reexamination proceedings would be completed"); *Document Generation Corp. v. Allscripts, LLC*, No. 08-CV-479, 2009 WL 2824741, at *2 (E.D. Tex. Aug. 27, 2009) (refusing to create a rule that would require all patents from the same family to be adjudicated in the same action, "particularly in light of the fact that the [first-filed] S.D. Illinois action is currently stayed"); *Wellogix Tech. Licensing LLC v. Automatic Data Processing, Inc.*, No. 11-cv-401, 2013 WL 1729606, at *9 (E.D. Tex. Mar. 19, 2013) (judicial economy and public interest factors both weighed against transferring the case to a forum where related actions were stayed pending reexamination).

**Second**, Samsung argues that the '912 patent should be severed from this Action. However, Samsung does not analyze the necessary factors required for the court to sever a case under Rule 21. *See SAS Inst. Inc. v. World Programming Ltd.*, 2019 WL 8331447, at *2 (E.D. Tex. Apr. 4, 2019) (in deciding whether to sever claims under Rule 21, courts consider whether (1) "the remaining claims are peripheral to the severed claims" and (2) "adjudication of the severed claims would potentially dispose of the remaining claims"). In addition, Netlist has asserted the identical three *Samsung II* patents against another entity, Micron, before this Court (*Micron II*). Thus, it is more efficient to have

this Court adjudicate them together.

### B.    A Stay Pending the Ninth Circuit Appeal Is Not Appropriate

In *Nken v. Holder*, the Supreme Court provided the factors district courts should consider in deciding to stay a case pending appeal: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 556 U.S. 418, 434 (2009); *see also Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, 2020 WL 1433960, at *2 (E.D. Tex. Mar. 24, 2020); *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, 2018 WL 2722051, at *2 (E.D. Tex. June 6, 2018). Samsung never addresses the *Nken*, standard, which "alone would be fatal to Samsung's argument." *Uniloc*, 2020 WL 1433960, at *3.

### 1.    Samsung Does Not Show any Likelihood of Success on Appeal or Irreparable Harm Absent a Stay.

Samsung's motion does not address either of these factors. *See generally* Mtn. at 13. Samsung's appeal provides no new arguments suggesting its appeal may succeed. Samsung simply repeats the same arguments on appeal rejected by Judge Scarsi in the *Contract Action* at least three times. *Compare* Ex. 16 (Samsung's opening appellant brief); with Ex. 2 (*Contract Action* Dkt. 186) (finding that the JDLA was terminated); Ex. 11 (denying reconsideration); Ex. 13 at 9-10 (*Contract Action*, Dkt. 305 rejecting Samsung's post-trial motion). It is the Fifth Circuit's "widely held view that a stay can never be granted unless the movant has shown that success on appeal is probable." *Vine v. PLS Fin. Servs.*, 2019 WL 4257108 at *2 (E.D. Tex. 2019) (quoting *Ruiz v. Estelle*, 650 F.2d 555 (5th Cir. 1981)). Thus, Samsung's motion to stay should be denied when it has not even attempted to show success on appeal is possible, let alone probable. *See Young Conservatives of Tex. Found. v. Univ. of N. Tex.*, 2022 WL 2328801 at *6 (E.D. Tex. June 28, 2022) (the first *Nken* factor to weigh "heavily" against a stay pending appeal when the movant did not offer new arguments or authority indicating a likelihood of success).

- 11 -

Samsung's own actions undermine any argument that it would suffer irreparable harm. Though Samsung claims the "appeal pending in the Ninth Circuit could . . . resolve all of Netlist's patent-related disputes with Samsung (including . . . the Delaware case,)" it has not moved to stay the *Delaware Action*. Further, the *Delaware Action* involves patents that are already subject to initiated IPRs. The contrast could not be starker:

|  | Delaware | EDTX Samsung I and II |
|---|---|---|
| IPR already instituted? | Yes to all three | No to all six |
| Affected by 9th Circuit Appeal under SS's theory? | Yes | Yes |
| Case filing? | Oct. 15, 2021 | Dec. 20, 2021, Aug. 1, 2022 |
| # of filed stay motions | Zero | 2 in *Samsung I*; 1 in *Samsung II* |

Further, the Ninth Circuit ruling would not render the case moot because the ███████████ ███████████████████████████████████████████████ *See* Ex. 1 (JDLA) at 2, 8. ███████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████. Moreover, in the event Samsung is successful in its appeal, any harm it suffers "could be compensated through monetary or other corrective relief, and therefore would not be irreparable." *Vine*, 2019 WL 4237108 at *8.

**2.    A Stay Is Against Public Interest and Will Unduly Prejudice Netlist**

The remaining two factors, the public interest and prejudice to Netlist, likewise counsel against a stay. A stay of unknown duration pending an appeal not shown to have any likelihood of success would undermine the "public interest in the 'speedy resolution of disputes.'" *Team Worldwide*, 2018 WL 2722051, at *4; *Invensys Sys., Inc. v. Emerson Elec. Co.*, 2014 WL 4477393, at *3 (E.D. Tex. July 25, 2014) ("Firm trial settings resolve cases and reduce litigation costs."); *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017) ("The public interest . . . favors speedy resolution of disputes."). Further, Samsung's proposed stay would prejudice Netlist's "right to timely enforcement of its patent rights," and Netlist's "right to conduct its business." *Saint Lawrence Comm'ns v. ZTE Corp.*, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017). Monetary relief will **not** sufficiently

compensate Netlist. *See Intell. Ventures LLC v. FedEx Corp.*, 2017 WL 6559172, at *4 (E.D. Tex. Dec. 22, 2017) (a stay would prejudice the patentee "even if the plaintiff could be made whole by money damages"). Netlist will also be prejudiced by a stay because Samsung's potential auto-deletion/auto-archiving policy may cause the loss of important evidence. *See Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1134 (N.D. Cal. 2012).[2]

## C.   Consolidation with *Samsung I* Is Not Appropriate

Samsung previously argued that the *Samsung I* Action was overly complicated by comparing it to other "large, complex cases" which this Court had decided to sever. Ex. 14 at 15 (*Samsung I*, Dkt. 26) ("Samsung further submits that the most efficient way to stay this case without undue delay is to sever and stay the Overlap Patents . . . . This Court has severed unrelated patents under Rule 21 in large complex cases before."). Now Samsung changes its position and proposes to add more patents to *Samsung I*, together with a six-month delay of the trial schedule for that case. Mtn. at 15. Samsung's motion to stay or consolidate this case should be rejected because it is "nothing more than a veiled attempt to delay trial further." *AGIS Software Dev. LLC v. Waze Mobile Ltd.*, 2022 WL 1608047 at *4 (E.D. Tex. May 20, 2022).

A district court has broad discretion in determining whether to consolidate cases pending before it, and in exercising such decision, courts consider three main factors: "First, whether the cases involve common questions of law or fact"; "Second, whether consolidation would prevent unnecessary cost or delay, or conserve judicial resources"; and "Third, whether consolidation will result in prejudice or an unfair advantage to either party." *Smartflash LLC v. Google, Inc.*, 2014 WL 11071872, at *1 (E.D. Tex. July 7, 2014). Here, Samsung cannot show any of these factors weighs in

---

[2] Samsung appears to indicate that this case should be stayed because of the un-instituted IPR petition on the '912 patent. Mtn. 13. Pre-institution stays are against this court's consistent practice. *See Barkan Wireless IP Holdings, L.P. v. Samsung Elecs. Co.*, 2019 WL 8647996 (E.D. Tex. Mar. 15, 2019).

favor of consolidation.

**First**, "[c]onsolidation is typically denied when," as here, "cases are at different stages of preparedness for trial," because it would require delay of the first proceeding. *Smartflash*, 2014 WL 11071872 at *4 (citing *St. Bernard Gen. Hosp. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 990 (5th Cir. 1983) and *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989)). In *Samsung I*, the parties have completed claim construction briefing, the *Markman* hearing is set for November 4, fact discovery completes on December, 12, expert discovery closes on January 17, 2023, and trial starts in eight months on May 1, 2023. Ex. 15 (*Samsung I*, Dkt. 34). Here, SEC sought an extension and would not answer Netlist's complaint until November 29, 2022. Dkt. 19. The court has not even calendared a scheduling conference for this case. Simply put, these two cases are at completely different stages and consolidation would cause significant delay to the first proceeding. Courts in this district routinely decline to consolidate cases that are months apart in the litigation process. *See SFA Sys., LLC v. Drugstore.com, Inc.*, 2012 WL 12899088 at *2 (E.D. Tex. 2012) (declining to consolidate because the current case schedules for the two cases were seven months apart); *Smartflash*, 2014 WL 11071872 at *2 (declining to consolidate case where the movant requested to "extend the current case schedule—including the trial date—by five months"); *AGIS*, 2022 WL 1608047 at *4 (denying consolidation where the case schedules are three months apart).

**Second**, Samsung cannot show that consolidation would save judicial time and effort. Samsung's motion only pointed to the superficial relevance of the patents-in-suit, without pointing to any specific overlapping witnesses or legal and factual issues in common. For instance, although DDR4 LRDIMMs are at issue in both actions, two of the asserted patents—U.S. 9,858,215 and 11,093,417—both requiring analyzing whether "the overall CAS latency of the memory module is greater than an actual operational CAS latency of each of the memory devices," an issue not present for the two LRDIMM patents at issue in *Samsung I. Compare* Dkt. 12-3 ('215 patent cl. 3), Dkt. 12-2

('417 patent cl. 1) with *Samsung I*, Dkt. 23 (Netlist's FAC). Consolidation should be denied. *US ex rel. Fisher v. Homeward Residential, Inc.*, 2016 WL 777000 at *3-6 (consolidation is not proper "if judicial time and effort would not be saved when balanced against the 'inconvenience, delay and confusion that might result" and declining consolidation because it would create "a risk of significant jury confusion."); *see also AGIS*, 2022 WL 1608047 at *3 (E.D. Tex., 2022) (overlap between cases "not significant enough to warrant delaying trial in the [other cases]" in part because the second case contained "three additional patents… not at issue in [the other cases.]").

**Third**, for reasons illustrated above, further delay to *Samsung I* would prejudice Netlist. *See, e.g., Saint Lawrence Comm'ns*, 2017 WL 3396399, at *2 (Samsung's proposed stay would prejudice Netlist's "right to timely enforcement of its patent rights"); *Intell. Ventures*, 2017 WL 6559172, at *4 (a stay would prejudice the patentee "even if the plaintiff could be made whole money damages" (quotation omitted)).

IV.    <u>Conclusion</u>

For reasons discussed above, Defendants' motion (Dkt. 20) should be dismissed.

Dated: October 4, 2022                    Respectfully submitted,

                                          */s/ Jason Sheasby*
                                          Jason G. Sheasby

                                          Samuel F. Baxter
                                          Texas State Bar No. 01938000
                                          sbaxter@mckoolsmith.com
                                          Jennifer L. Truelove
                                          Texas State Bar No. 24012906
                                          jtruelove@mckoolsmith.com
                                          **MCKOOL SMITH, P.C.**
                                          104 East Houston Street Suite 300
                                          Marshall, TX 75670
                                          Telephone: (903) 923-9000
                                          Facsimile: (903) 923-9099

                                          Jason G. Sheasby (*pro hac vice*)

jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on October 4, 2022, a copy of the foregoing was served to all counsel of record.

*/s/ Jason Sheasby*
Jason Sheasby

- 16 -