# Exhibit 9

QUINN EMANUEL URQUHART & SULLIVAN, LLP
David Perlson (CA Bar No. 209502)
davidperlson@quinnemanuel.com
Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jared Newton (admitted *pro hac vice*)
jarednewton@quinnemanuel.com
Deepa Acharya (CA Bar No. 267654)
deepaacharya@quinnemanuel.com
Sandy Shen (admitted *pro hac vice*)
sandyshen@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 3:09-CV-05718-RS <br><br> **DEFENDANT GOOGLE'S NOTICE OF MOTION AND MOTION TO STAY** <br><br> **JUDGE**: Hon. Richard Seeborg <br> **HEARING DATE**: July 14, 2022 <br> **TIME**: 1:30 PM |

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE |
| 3 | that on July 14, 2022, before the Honorable Richard Seeborg, Defendant Google LLC ("Google") |
| 4 | shall and hereby does move to stay this litigation pending resolution of *Samsung Electronics Co.,* |
| 5 | *Ltd. et al. v. Netlist, Inc.*, No. 1:21-cv-01453-RGA, which is currently pending in the United States |
| 6 | District Court for the District of Delaware. |
| 7 | Google's Motion is based on this Notice of Motion; the following Memorandum of Points |
| 8 | and Authorities; the supporting declaration of Jonathan Tse and accompanying exhibits; all |
| 9 | matters of which the Court may take judicial notice; other pleadings on file in this action; and |
| 10 | other written or oral argument that Defendant may present to the Court. |
| 12 | **RELIEF REQUESTED** |
| 13 | Google respectfully seeks an order staying this litigation pending resolution of *Samsung* |
| 14 | *Electronics Co., Ltd. et al. v. Netlist, Inc.*, No. 1:21-cv-01453-RGA (D. Del.). |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ...........................................................2

    A. Netlist's Infringement Allegations ...............................................................................2

    B. Impact of the Court's Summary Judgment Order .........................................................2

    C. Netlist's ▆▆▆▆▆▆▆▆▆▆▆ ....................................................................................4

    D. Netlist's License to Samsung .......................................................................................4

    E. Samsung's Declaratory Judgment Action ....................................................................5

III. LEGAL STANDARD ...........................................................................................................6

    A. Motions to Stay ............................................................................................................6

    B. The Customer Suit Doctrine ........................................................................................7

IV. ARGUMENT .......................................................................................................................8

    A. A Stay will Simplify the Issues In this Case, If Not Resolve It Completely ..............8

    B. The Stage of the Litigation Favors A Stay ................................................................11

    C. A Stay Will Not Unduly Prejudice Netlist ................................................................12

V. CONCLUSION ...................................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

*Affinity Labs of Texas LLC v. Samsung*,
　2014 WL 3845684 (N.D. Cal. Aug. 1, 2014) ............................................................. 12, 13

*Chia-Ling Huang v. Lowe's Home Centers*,
　No. 2-18-cv-10545-SJO-JEM, 2019 WL 9997346 (C.D. Cal. Aug. 8, 2019) ............... 6, 13

*Codex Corp. v. Milgo Elec. Corp.*,
　553 F.2d 735 (1st Cir. 1977) ............................................................................................ 7

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
　No. 13-cv-04202-SI, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014) .................................... 6

*Filtrol Corp. v. Kelleher*,
　467 F.2d 242 (9th Cir. 1972) ............................................................................................ 6

*Finjan, Inc. v. FireEye, Inc.*,
　No. C 13-03133-SBA, 2017 WL 1150283 (N.D. Cal. Mar. 28, 2017) ....................... 11, 12

*Glenayre Elecs., Inc. v. Jackson*,
　443 F.3d 851 (Fed. Cir. 2006) ................................................................................... 12, 13

*GreatGigz Solutions, LLC v. Costco Wholesale Corp.*,
　No. 6:21-cv-00807, 2022 WL 1037114 (W.D. Tex. April 26, 2022) ........................... 9, 10

*Grecia v. Target Corp.*,
　No. 17-CV-00323-YGR, 2018 WL 4283358 (N.D. Cal. Sept. 7, 2018) ............................ 8

*Coleco Indus., Inc. v. Empire Plastic Corp.*,
　321 F. Supp. 146 (S.D.N.Y. 1970) .................................................................................. 10

*Jacobs v. Nintendo of Am., Inc.*,
　370 F.3d 1097 (Fed. Cir. 2004) ......................................................................................... 9

*Kaneka Corp. v. SKC Kolon PI, Inc.*,
　No. CV-1103397-JGB-RZX, 2015 WL 12697646 (C.D. Cal. Apr. 10, 2015) .................. 8

*Katz v. Lear Siegler, Inc.*,
　909 F.2d 1459 (Fed. Cir. 1990) ..................................................................................... 7, 9

*Landis v. N. Am. Co.*,
　299 U.S. 248 (1936) ......................................................................................................... 6

*In re Nintendo of Am., Inc.*,
　756 F.3d 1363 (Fed. Cir. 2014) ................................................................................ 7, 8, 9

*PersonalWeb Techs., LLC v. Apple Inc.*,
　69 F. Supp. 3d 1022 (N.D. Cal. 2014) ....................................................................... 10, 11

*Quanta Computer, Inc. v. LG Elecs., Inc.*,
　553 U.S. 617 (2008) ......................................................................................................... 8

| | |
|---|---|
| *IXI Mobile (R & D) Ltd. v. Samsung Elecs. Co.*, No 15-cv-03752-HSG, | |
|     2015 WL 7015415 (N.D. Cal. Nov. 12, 2015) | 6 |
| *SKF Condition Monitoring, Inc. v. SAT Corp.*, | |
|     No. 07-cv-1116-BTM-NLS, 2008 WL 706851 (S.D. Cal. Feb. 27, 2008) | 13 |
| *Stickle v. Heublein, Inc.*, | |
|     (Fed. Cir. 1983) | 12 |
| *Tegic Commc'ns Corp. v. Bd. Of Regents*, | |
|     458 F.3d 1335 (Fed. Cir. 2006) | 7 |
| *Univ. Elecs., Inc. v. Univ. Remote Control, Inc.*, | |
|     943 F Supp. 2d 1029 (C.D. Cal. 2013) | 6 |
| *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, | |
|     522 F.3d 1348 (Fed. Cir. 2008) | 8 |

## MEMORANDUM OF POINTS & AUTHORITIES

### I. INTRODUCTION

In the interest of judicial economy, the Court should stay this case until resolution of the declaratory judgment action filed by Samsung Electronics Co., Ltd. et al. ("Samsung") against Plaintiff Netlist, Inc. ("Netlist"). This Court's recent order on the issue of intervening rights significantly narrowed the scope of Netlist's infringement allegations against Google LLC ("Google"). The allegations are now limited to claim 16 of U.S. Patent No. 7,619,912 and two categories of memory modules: 4-Rank DDR4 RDIMMS and 4-Rank DDR4 LRDIMMs. Google ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—a point Netlist does not dispute. Thus, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ under the doctrine of exhaustion.

That leaves Samsung memory modules as the only products at issue in this litigation. Whether Samsung's 4-Rank DDR4 RDIMMs and LRDIMMs infringe claim 16 of the '912 Patent is squarely before the District of Delaware in Samsung's declaratory judgment action. There, Samsung has asked the court to find that its DDR4 memory modules—including those it supplies to Google—do not infringe claim 16. Thus, the action will resolve the only infringement issue that remains before this Court. In such circumstances, the "customer-suit" doctrine favors staying this case and allowing Samsung's declaratory judgment action to proceed. The rationale underlying the customer-suit exception is that the manufacturer of an accused product is the "true defendant" and has a stronger interest in litigating infringement as compared to a customer who simply purchases the product. Thus, when parallel lawsuits exist, the manufacturer's suit should take precedence—even if it is later filed—and the lawsuit against the customer should be stayed in the interest of efficiency and judicial economy.

Here, Samsung is the "true defendant" with respect to the products remaining at issue. Because Samsung manufactures those products, its declaratory judgment action should proceed and this case should be stayed pending its resolution.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Netlist's Infringement Allegations

Netlist filed its original complaint on December 4, 2009, accusing Google of infringing the '912 Patent through the manufacture, use, and sale of 4-Rank DDR2 Fully Buffered Dual In-line Memory Modules ("FBDIMMs"). Dkt. 1 ¶ 9. At the time of the complaint, Google relied on ███████████████████████████████████████████████████████████████. Ex. 1 at 17-18. In particular, Google ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Id.

On October 21, 2010, Google filed a request for *inter partes* reexamination of the '912 Patent, challenging each of the thirty-four claims that Netlist had asserted. Dkt. 102 at 3. The parties then stipulated to—and the Court granted—a stay of the case for the duration of the re-examination proceeding, which concluded on February 8, 2021. Dkt. 66, 68, 115 at 2-3. After the stay was lifted, Netlist served amended infringement contentions identifying three additional categories of 4-Rank memory modules in addition to the originally accused FBDIMMs. Dkt. 152-6 at 1-3. Netlist asserted the following claims against each product category:

| Product Category | Asserted Claim(s) |
|---|---|
| 4-Rank DDR4 RDIMMs | 16 |
| 4-Rank DDR4 LRDIMMs | 16 |
| 4-Rank DDR4 NVDIMMs | 16 |
| 4-Rank DDR3 LRDIMMs | 1, 3, 4, 6, 8, 10, 11, 15, 18-20, 22, 24, 27-29, 31, 32, 34, 36-41, 43, 45-47, 50, 52-60, 62-65, 69-75, 77, and 80-91 |
| 4-Rank DDR2 FBDIMMs | 1, 3, 4, 6, 8, 10, 11, 15, 18-20, 22, 24, 27-29, 31, 32, 34, 36-41, 43, 45, 50, 52-60, 62-65, 69-75, 77, and 80-91 |

*Id.*

### B. Impact of the Court's Summary Judgment Order

The Court's recent order addressed, *inter alia*, the question of whether the asserted claims of the '912 Patent are subject to absolute intervening rights in view of arguments and amendments Netlist made during the course of the reexamination proceedings. *See generally* Dkt. 258 at 16-37. The Court granted summary judgment in favor of Google that independent claims 1, 15, 28, and

39—as well as their dependent claims—are subject to absolute intervening rights. *Id.* at 16-28. The Court further found that Google stopped using the accused 4-Rank DDR2 FBDIMMs in 2017, and that Google had never purchased or used the accused 4-Rank DDR3 LRDIMMs or 4-Rank DDR4 NVDIMMs. *Id.* at 35-36. Finally, the Court found that claim 16 of the '912 Patent was not subject to absolute intervening rights and granted summary judgment in Netlist's favor on that issue. *Id.* at 28-35.

As a result of the Court's order, Netlist's remaining infringement allegations are limited to claim 16 of the '912 Patent and two categories of accused products: 4-Rank DDR4 RDIMMs and 4-Rank DDR4 LRDIMMs. *Id.*[1] Those categories are different from the originally accused DDR2 FBDIMMs, not only in terms of functionality, but also the manner in which Google acquires the products for use in its servers. Ex. 2 at 18-19; Ex. 3 at 13. In particular, Google purchases the 4-Rank DDR4 RDIMMs and 4-Rank DDR4 LRDIMMs as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.*[2] Google does not ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—a point which Google has made clear to Netlist in its discovery responses. Ex. 2 at 18-19; Ex. 3 at 13. Accordingly, the scope of this case following the stay and the Court's order on summary judgment is significantly different. It involves a new claim and new categories of products that were not at issue in the originally filed case, and none of the originally asserted claims or originally accused products remain at issue.[3]

---

[1] Netlist recently filed a motion to amend its infringement contentions to assert claim 16 of the '912 Patent against 8-Rank and 16-Rank DDR4 products. Dkt. 269. Google opposes that motion given Netlist's lack of good cause to amend. Dkt. 288. Even if the motion were granted, however, the addition of 8-Rank and 16-Rank products would not impact the question of whether this case should be stayed, as discussed below in Section IV.A.

[2] In certain instances, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. 2 at 19.

[3] Google prepared and filed this motion after receiving the Court's summary judgment order, which confirmed that the originally accused DDR2 FBDIMMs are subject to absolute intervening rights, and that the only remaining accused products are those supplied by ▇▇▇▇▇▇.

**C.  Netlist's** ▓▓▓▓▓

▓▓▓▓▓ [redacted lines 2–16] ▓▓▓▓▓

**D.  Netlist's License to Samsung**

On November 12, 2015, Netlist and Samsung entered into a Joint Development and License Agreement. Ex. 205-18. ▓▓▓▓▓

▓▓▓▓▓ [redacted lines 20–28] ▓▓▓▓▓

4

CASE NO. 3:09-CV-05718-RS
DEFENDANT'S MOTION TO STAY

1 █████████████████████████████████
2 █████████████████████████████████
3 █████████████████████████████████
4 █████████████████████████████████
5 █████████████████████████████████
6 █████████████████████████████████
7 ████████████████.

8       On May 28, 2020, Netlist filed a complaint alleging that Samsung had breached the Joint Development and License Agreement. *See Netlist Inc. v. Samsung Elecs. Co., Ltd.*, No. 8:20-cv-00993-JAK (C.D. Cal.), Dkt. 1. Netlist filed an amended complaint in the same action on August 31, 2020, further seeking declaratory relief that it had properly terminated the license agreement and that "all licenses and other rights previously granted to Samsung had ceased on July 20, 2020." *Id.*, Dkt. 23 at 7. On October 13, 2021, the court granted summary judgment in favor of Netlist, finding, *inter alia*, that Samsung had breached the agreement and Netlist had properly terminated it. *Id.*, Dkt. 186 at 22. The court entered judgment on February 15, 2022, and Samsung filed a notice of appeal to the Ninth Circuit on February 25, 2022. *Id.*, Dkt. 306, 309. The appeal has been docketed, with briefing set to close on September 12, 2022. *See Netlist Inc. v. Samsung Elecs. Co., Ltd.*, No. 22-55247 (9th Cir.), Dkt. 1.

    E.    **Samsung's Declaratory Judgment Action**

      On October 15, 2021, Samsung filed a complaint in the District of Delaware, seeking, *inter alia*, declaratory judgment of non-infringement of the '912 Patent. *Samsung Elecs. Co., Ltd. et al. v. Netlist, Inc.*, No. 1:21-cv-01453-RGA (D. Del.) ("*Samsung DJ Action*"), Dkt. 1. In its first amended complaint filed January 18, 2022, Samsung explains that Netlist has accused Google of infringing the '912 Patent through its use of Samsung-supplied DDR4 LRDIMM and RDIMM memory modules, including modules incorporated into servers supplied by Lenovo. *Id.*, Dkt. 14 ¶¶ 14, 44. As the supplier of those memory modules, Samsung seeks declaratory judgment that the modules do not infringe the '912 Patent, including claim 16. *Id.*, ¶¶ 176-189. Samsung's first amended complaint also includes counts for declaratory judgment of unenforceability for the '912

Case 2:22-cv-00293-JRG Document 286-10 Filed 10/06/23 Page 12 of 20 PageID #:
Case 3:09-cv-05718-RS Document 29 Filed 06/03/22 Page 12 of 19
2626

1    Patent due to inequitable conduct and unclean hands, and breach of contract due to Netlist's failure
2    to license the '912 Patent on reasonable and non-discriminatory ("RAND") terms as required
3    under policies of the Joint Electron Device Engineering Council ("JEDEC"). *Id*. at 99-118.
4       Finally, on February 17, 2022, Samsung filed a petition for *inter partes* review ("IPR"),
5    asking the U.S. Patent and Trademark Office ("USPTO") to invalidate claim 16 of the '912 Patent
6    on three separate grounds. Ex. 6 at 4. The USPTO will decide whether to institute *inter partes*
7    review by October 21, 2022.

## III.    LEGAL STANDARD

### A.    Motions to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The decision to stay is based upon the court's sound discretion and basic principles of equity, fairness, efficiency and conservation of precious judicial resources. *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972). Competing interests to be weighed are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

In determining whether a stay is appropriate in a patent infringement action, courts in the Ninth Circuit consider the following factors: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *IXI Mobile (R & D) Ltd. v. Samsung Elecs. Co.*, No 15-cv-03752-HSG, 2015 WL 7015415, at *2 (N.D. Cal. Nov. 12, 2015) (quoting *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014)); *see also Chia-Ling Huang v. Lowe's Home Centers*, No. 2-18-cv-10545-SJO-JEM, 2019 WL 9997346, at *2 (C.D. Cal. Aug. 8, 2019). "The inquiry is not limited to these three factors, however. Rather, the

'totality of the circumstances governs.'" *Id*. (quoting *Univ. Elecs., Inc. v. Univ. Remote Control, Inc.*, 943 F Supp. 2d 1029, 1031 (C.D. Cal. 2013).

### B. The Customer Suit Doctrine

The "customer-suit" doctrine, which is an exception to the "first-to-file" rule, exists to avoid imposing the burdens of trial on the customer, for it is the manufacturer who is generally the "true defendant" in the dispute. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) ("When a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally takes precedence."). The doctrine provides that patent litigation should be conducted by the party in the best position to defend against the substance of the patent claims. *Katz v. Lear Siegler, Inc*., 909 F.2d 1459, 1464 (Fed. Cir. 1990). Thus, litigation against or brought by a manufacturer of allegedly infringing goods takes precedence over a suit against customers of the manufacturer. *Id.*; *see also Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977) ("At the root of the preference for a manufacturer's declaratory judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit. … [I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.").

"[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy." *Tegic Commc'ns Corp. v. Bd. Of Regents of the Univ. Of Tex. Sys*., 458 F.3d 1335, 1343 (Fed. Cir. 2006). The primary question is whether the issues and parties are such that disposition of the manufacturer's suit would resolve the customer's suit. *Katz*, 909 F.2d at 1463. Courts have further recognized that while "there may be additional issues involving the defendants in the [customer suits]," the prosecution of such issues "will be advanced if [plaintiff] is successful on the major premises being litigated in [the manufacturer suit], and may well be mooted if [plaintiff] is unsuccessful." *Id*. at 1464.

## IV. ARGUMENT

The stay factors support putting this case on hold until resolution of Samsung's declaratory judgment action against the '912 Patent.

### A. A Stay will Simplify the Issues In this Case, If Not Resolve It Completely

Most importantly, Samsung's declaratory judgment action will resolve the key issue before this Court: whether the accused 4-Rank DDR4 RDIMM and 4-Rank DDR4 LRDIMM products that Samsung supplies to Google infringe claim 16 of the '912 Patent. *Nintendo*, 756 F.3d at 1366; *Grecia v. Target Corp.*, No. 17-CV-00323-YGR, 2018 WL 4283358, at *2 (N.D. Cal. Sept. 7, 2018) ("[A] stay of the instant action pending resolution of the MasterCard Action is in the interest of efficiency and conservation of judicial resources.").

In view of the Court's order on summary judgment, the scope of this case is narrow. Netlist's allegations are limited to claim 16 of the '912 Patent and two categories of memory modules: 4-Rank DDR4 RDIMMs and 4-Rank DDR4 LRDIMMs. As detailed above, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 2 at 18-19; Ex. 3 at 13. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. 205-20 §§ 6.1, 7.2. Thus, Google cannot be found to infringe—or be liable for damages—based on its purchase and use of those products. *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008) ("The longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item."); *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1362 (Fed. Cir. 2008); *Kaneka Corp. v. SKC Kolon PI, Inc.*, No. CV-1103397-JGB-RZX, 2015 WL 12697646, at *11 (C.D. Cal. Apr. 10, 2015) ("When a patentee grants a license to practice a patent without restriction, the law bars the patentee from asserting the patent against a purchaser of patented articles sold by the licensee.").[6]

---

[6] Netlist produced the ▮▮▮▮▮▮▮▮ on July 16, 2021. Upon review, Google sent Netlist a letter on August 10, 2021, explaining that the accused DIMMs ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 5. Netlist did not respond to that letter.

Consequently, the only products remaining at issue are 4-Rank DDR4 RDIMMS and 4-Rank DDR4 LRDIMMs that Google has purchased from Samsung. Ex. 3 at 13. The question of whether those products infringe claim 16 of the '912 Patent is squarely at issue in Samsung's declaratory judgment action against Netlist. *Samsung DJ Action*, Dkt. 14. There, Samsung has asked the court to "Declare that Samsung does not directly or indirectly infringe the '912 patent, either literally or under the doctrine of equivalents…." *Id*. at 119. In particular, Samsung contends that its DDR4 memory modules—including the DDR4 RDIMM and LRDIMM modules it supplies to Google—do not infringe claim 16 of the '912 Patent. *Id*. ¶¶ 178-183.

In such circumstances, the customer suit doctrine favors staying this case and allowing Samsung—as the supplier of the accused products and "true defendant"—to litigate its declaratory judgment action. *Nintendo*, 756 F.3d at 1365. The Samsung action will simplify this case—if not dispose of it completely—by resolving the question of whether the products remaining at issue infringe claim 16 of the '912 Patent. *Katz*, 909 F.2d at 1463. It will also resolve the question of whether the '912 Patent is unenforceable, and whether Netlist breached its commitment to license the '912 Patent on reasonable and non-discriminatory terms. *Samsung DJ Action*, Dkt. 14 ¶¶ 370-403, 439-451. Those issues are all present in this case. Dkt. 263-3 at 2-3, 20-22. Thus, their resolution in the Samsung action will necessarily simplify the issues here. *Katz*, 909 F.2d at 1463. And, to the extent Samsung and Netlist agree to settle their litigation, it would eliminate any potential infringement liability for Google in this case. *Jacobs v. Nintendo of Am., Inc.*, 370 F.3d 1097, 1098 (Fed. Cir. 2004).

Samsung is also in the best position to litigate the issue of non-infringement because it designs, manufactures, and supplies the 4-Rank DDR4 RDIMMs and LRDIMMs that remain at issue in this case. *Samsung DJ Action*, Dkt. 14 ¶¶ 16, 40; *Katz*, 909 F.2d at 1464. Indeed, in order to develop its infringement claims in this case, Netlist will have to seek third-party discovery from Samsung—a step Netlist has yet to take. It would be far more efficient, and would avoid duplication of resources, for Netlist to pursue that discovery directly from Samsung in the declaratory judgment action as opposed to this case where Samsung is not a party. *GreatGigz Solutions, LLC v. Costco Wholesale Corp.*, No. 6:21-cv-00807, 2022 WL 1037114, at *4 (W.D.

Tex. April 26, 2022) ("[D]iscovery in these suits will focus largely on Instacart because Instacart is the entity engaged in design, development, and sale of the accused products. A stay is therefore likely to streamline discovery in the Supplier Suit."). Staying this case will achieve further efficiencies through the avoidance of duplicative discovery on issues such as claim construction, enforceability, and Netlist's conduct before JEDEC. *Id.* It will also avoid duplicative and potentially conflicting rulings from two different courts, and thereby promote judicial economy and conservation of resources. *Id.*; *Coleco Indus., Inc. v. Empire Plastic Corp.*, 321 F. Supp. 146, 148 (S.D.N.Y. 1970) ("[F]ederal courts [] would be unduly burdened and inconvenienced by the necessity to try two suits involving the identical subject matter at once.").[7]

Finally, a stay will simplify this case in two additional respects. First, it will allow for resolution of the appeal in the Netlist-Samsung licensing dispute. *Netlist*, No. 8:20-cv-00993-JAK, Dkt. 186 at 22. The appeal will address the issue of whether Netlist properly terminated its license to Samsung as of July 20, 2020, and thus whether DDR4 RDIMM and LRDIMM products that Samsung supplied to Google after that date are licensed. *Id.* Resolution of that issue will simplify this case by providing an independent basis for finding Google non-liable for any alleged infringement stemming from its use of memory modules it purchased from Samsung after that date.[8] Second, the stay will allow for the USPTO to reach an institution decision in connection with Samsung's petition for *inter partes* review against the '912 Patent. Ex. 6. The petition seeks to invalidate claim 16—the only claim remaining at issue in this case—on three separate grounds. *Id.* at 4. If the petition is instituted and successful, it would obviate this case in its entirety and

---

[7] The same considerations apply regardless of whether Netlist is permitted to expand its infringement allegations to DDR4 8-Rank and 16-Rank devices as requested in its pending motion for leave to amend. Dkt. 269, 288. The 8-Rank devices at issue are ███████████████, and Google does not purchase 16-Rank devices. Ex. 3 at 13; Ex. 4 at 81-83. The ███ ████████████████████ for the reasons discussed above. Dkt. 205-20. And the Samsung devices—if not licensed—will be adjudicated in the declaratory judgment action. *Samsung DJ Action*, Dkt. 14 ¶¶ 178-183. Samsung's complaint is directed to DDR4 devices—including those it supplies to Google—and thus covers the 4-Rank devices Netlist has accused here, as well as the 8-Rank devices it is attempting to add by amendment. *Id.*

[8] Memory modules that Google purchased from Samsung prior to July 20, 2020 are licensed and therefore insulated from liability, regardless of the outcome of the appeal. Dkt. 205-18; *Netlist*, No. 8:20-cv-00993-JAK, Dkt. 23 at 7.

Case 2:22-cv-03092-JRS-DRG Document 28-11 Filed 10/06/23 Page 17 of 20 PageID #:
Case 3:09-cv-05718-RS Document 129 Filed 10/06/22 Page 17 of 19
2631

thus conserve judicial resources if the case is stayed pending that determination. *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1027-28 (N.D. Cal. 2014).

Accordingly, a stay pending resolution of the Samsung declaratory judgment action would simplify the issues in this case and serve the interest of judicial economy.

### B. The Stage of the Litigation Favors A Stay

This factor favors a stay because discovery remains in its early stages and key deadlines have not been set. *IXI Mobile*, 2015 WL 7015415, at *2. Although the case was originally filed in December 2009, it was stayed for more than ten years pending resolution of the *inter partes* re-examination proceedings against the '912 Patent. Dkt. 115 at 2-3. After the Court lifted the stay in February 2021, discovery focused on the issue of intervening rights, which the parties agreed was a threshold issue that would define the scope of the litigation and Netlist's infringement allegations. *Id*. at 3. Consequently, post-stay discovery has been largely limited to Google's purchase and use of the accused products. Ex. 4 at 38, 61-67. The parties have yet to engage in significant discovery on issues such as infringement, inequitable conduct, and Netlist's conduct before JEDEC with respect to DDR4 technology—all of which will be adjudicated in Samsung's declaratory judgment action.[9] Thus, there will have been no wasted discovery if this case is stayed. *Samsung DJ Action*, Dkt. 14 Dkt. 14 ¶¶ 176-189, 370-403, 439-451. Indeed, the stay will allow the parties and Court to *avoid* duplicative discovery that will occur in the Samsung declaratory judgment action.

There is also no current procedural schedule for this case—another fact that favors a stay. *Finjan, Inc. v. FireEye, Inc*., No. C 13-03133-SBA, 2017 WL 1150283, at *2 (N.D. Cal. Mar. 28, 2017). The Court entered a scheduling order on March 11, 2021, Dkt. 117, but then vacated those dates following a request from Netlist to extend the hearing date for the parties' motions for summary judgment and Google's motion to strike. Dkt. 172; Dkt. 192 at 3. The Court found it "appropriate to STAY discovery on issues other than intervening rights" and vacated pending deadlines until the motions were resolved. *Id*. As a result, there are also no current deadlines for

---

[9] As noted above, Netlist has yet to seek third-party discovery from Samsung regarding the accused products at issue in this case.

fact discovery, expert discovery, claim construction, dispositive motions, or trial. *See Finjan*, 2017 WL 1150283, at *3.

Finally, Netlist cannot genuinely dispute that this case is in its early stages. In its opposition to Google's motion to strike, Netlist argued that adding claim 16 to the litigation would not be prejudicial because "the case was still at such an early stage." Dkt. 169-4 at 12. To support that assertion, Netlist focused on the fact that the deadline for Google's invalidity contentions had not passed, claim construction proceedings were months away, and "there is no fact discovery deadline set in this case." *Id*. (emphasis omitted). All of those conditions remain true today and support staying the case pending resolution of Samsung's declaratory judgment action.

Accordingly, the stage of the litigation favors granting a stay pending resolution of the Samsung declaratory judgment action.

### C. A Stay Will Not Unduly Prejudice Netlist

Netlist will not suffer undue prejudice if the case is stayed pending resolution of the Samsung declaratory judgment action. First, any purported injury that Netlist has suffered is redressable by monetary damages. That much is evident from the fact that Netlist has willingly licensed the '912 Patent to ▬▬▬▬▬. Dkt. 205-18, 205-20. Thus, a stay will not impact the relief to which Netlist would be entitled if Google is found to infringe. *Affinity Labs of Texas LLC v. Samsung*, 2014 WL 3845684, at *4 (N.D. Cal. Aug. 1, 2014) ("courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement.").

Second, Netlist cannot pursue double recovery from Samsung and Google for infringement arising from the same products. *Glenayre Elecs., Inc. v. Jackson,* 443 F.3d 851, 864 (Fed. Cir. 2006) ("A party is precluded from suing to collect damages from direct infringement by a buyer and user of a product when actual damages covering that very use have already been collected from the maker and seller of that product."); *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1562 (Fed. Cir. 1983) ("a reasonable royalty is not to be separately calculated against each successive infringer."). The Samsung declaratory judgment action will allow Netlist to counterclaim for infringement and seek damages for any 4-Rank DDR4 RDIMM and LRDIMM devices that

1  Samsung supplies to Google, and Netlist would not be entitled to any further damages from
2  Google based on its use of those same products. *Id.* Accordingly, a stay would not impact the
3  amount of damages Netlist could potentially recover.
4        Finally, any delay inherent in a stay of the litigation—by itself—does not give rise to
5  prejudice. *Affinity Labs,* 2014 WL 3845684, at *4 ("Courts repeatedly have ... found no undue
6  prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily
7  inherent in any stay."); *SKF Condition Monitoring, Inc. v. SAT Corp.,* No. 07-cv-1116-BTM-NLS,
8  2008 WL 706851, at *6 (S.D. Cal. Feb. 27, 2008). That is especially true in this case, where
9  Samsung is the "true defendant" and Netlist can pursue the same allegations it is asserting here—
10 *i.e.*, that Samsung DIMMs allegedly infringe claim 16—in the context of the Samsung declaratory
11 judgment action. A stay will not prejudice Netlist in its ability to pursue those claims. *Huang*,
12 2019 WL 9997346, at *3 ("Plaintiff will not be prejudiced or disadvantaged by a stay because the
13 crux of this case rests on the resolution of the case against Simple Products, the manufacturer of
14 the product that purportedly infringed the patent at issue.").
15       Accordingly, a stay pending resolution of the Samsung declaratory judgment action would
16 not prejudice Netlist.
17 **V.    CONCLUSION**
18       For the foregoing reasons, Google respectfully requests that the Court enter a stay pending
19 resolution of the Samsung declaratory judgment action.

DATED: June 3, 2022            QUINN EMANUEL URQUHART &
                                              SULLIVAN, LLP

                                       By    /s/ *David Perlson*
                                                 David Perlson

                                          David Perlson (CA Bar No. 209502)
                                         davidperlson@quinnemanuel.com
                                         Jonathan Tse (CA Bar No. 305468)
                                         jonathantse@quinnemanuel.com
                                         50 California Street, 22nd Floor
                                         San Francisco, CA 94111

| | |
|---|---|
| 1 | Telephone: (415) 875-6600 |
| 2 | Facsimile: (415) 875-6700 |
| 3 | Jared Newton (admitted *pro hac vice*) |
| | jarednewton@quinnemanuel.com |
| 4 | Sandy Shen (admitted *pro hac vice*) |
| 5 | sandyshen@quinnemanuel.com |
| | 1300 I Street NW, Suite 900 |
| 6 | Washington, D.C. 20005 |
| | Telephone: (202) 538-8000 |
| 7 | Facsimile: (202) 538-8100 |
| 8 | Catlin Williams (CA Bar No. 336464) |
| 9 | catwilliams@quinnemanuel.com |
| | 555 Twin Dolphin Drive, 5th Floor |
| 10 | Redwood Shores, CA 94065 |
| | Telephone: (650) 801-5000 |
| 11 | Facsimile: (650) 801-5100 |
| 12 | *Attorneys for Defendant Google LLC* |