# Exhibit 17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC,      ) | |
|      ) | |
|      Plaintiff,      ) | |
|      ) | Civil Action No. 2:21-463-JRG |
|      vs.      ) | |
|      ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD.,      ) | |
| SAMSUNG ELECTRONICS AMERICA,      ) | ▮▮▮▮▮▮▮▮▮▮▮ |
| INC., SAMSUNG SEMICONDUCTOR,      ) | |
| INC.,      ) | |
|      ) | |
|      Defendants.      ) | |

**PLAINTIFF NETLIST, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING INTER PARTES REVIEW AND NINTH CIRCUIT APPEAL (Dkt. 74)**

# TABLE OF CONTENTS

Page

I.     INTRODUCTION.................................................................................................1

II.    FACTUAL BACKGROUND .............................................................................2

       A.     Samsung Materially Breached the JDLA as Repeatedly
              Confirmed by the Central District of California ................................2

       B.     Samsung Has Made Clear that Patent Litigation Should
              Proceed Pending the Ninth Circuit Appeal ........................................4

       C.     Samsung's IPR Petitions Are in an Early Stage and Are
              Unlikely to Simplify Issues Presented Before this Court ..................4

       D.     Samsung Has Engaged in Delay Tactics throughout this
              Litigation .............................................................................................5

III.   ARGUMENT .....................................................................................................6

       A.     A Stay Is Not Proper Pending the Ninth Circuit Appeal ...................6

              1.     Samsung's Motion Makes No Showing of a
                     Likelihood of Success on the Ninth Circuit Appeal .................7

              2.     Samsung Will *Not* Suffer Any Irreparable Harm
                     Absent a Stay .............................................................................8

              3.     A Stay Is Against Public Interest and Will Unduly
                     Prejudice Netlist ........................................................................9

              4.     The Cases Samsung Relies on Are Inapposite ....................10

       B.     The IPR Proceedings Do Not Justify a Stay....................................11

              1.     Samsung's Stay Motion Based on the IPR Petitions Is
                     Not Proper ...............................................................................11

              2.     Samsung's Motion Should Be Denied Even if the
                     IPRs are Instituted ..................................................................12

IV.    Conclusion .......................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

*Apple Inc. v. Samsung Elecs. Co.,*
  881 F. Supp. 2d 1132 (N.D. Cal. 2012) ................................................................. 10

*Ashwood Cap., Inc. v. OGT Mgmt., Inc.,*
  99 A.D.3d 1 (2012) ..................................................................................................... 3

*Astec America, Inc. v. Power-One, Inc.,*
  2008 WL 11441994 (E.D. Tex. July 15, 2008) ............................................... 10, 11

*Barkan Wireless IP Holdings, L.P. v. Samsung Elecs. Co.,*
  No. 18-cv-28, 2019 WL 8647996 (E.D. Tex. Mar. 15, 2019) ............................. 12

*In re Cobalt Int'l Energy, Inc. Sec. Litig.,*
  No. 12-cv-3428, 2017 WL 3620590 (S.D. Tex. Aug. 23, 2017) ........................... 9

*Customedia Techs. v. Dish Network Corp.,*
  2017 WL 3836123 (E.D. Tex. Aug. 9, 2017) ......................................................... 12

*CyWee Grp. Ltd. v. Samsung Elecs. Co.,*
  2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) ..................................................... 12

*Ethicon, Inc. v. Quigg,*
  849 F.2d 1422 (Fed. Cir. 1988) ................................................................................. 6

*Finjan, Inc. v. Symantec Corp.,*
  139 F. Supp. 3d 1032 (N.D. Cal. 2015) ................................................................. 15

*Intell. Ventures II LLC v. FedEx Corp.,*
  No. 16-cv-980-JRG, 2017 WL 4812434 (E.D. Tex. Oct. 24, 2017) ............... 9, 15

*Intellectual Ventures II LLC v. Bitco General Ins. Corp.,*
  2016 WL 4394485 (E.D. Tex. May 12, 2016) ....................................................... 12

*Invensys Sys., Inc. v. Emerson Elec. Co.,*
  No. 12-cv-799, 2014 WL 4477393 (E.D. Tex. July 25, 2014) ............................. 9

*JumpSport, Inc. v. Acad., Ltd.,*
  No. 17-cv-414, 2018 WL 1806900 (E.D. Tex. Apr. 17, 2018) ............................. 6

*Kronos, Inc. v. AVX Corp.,*
  81 N.Y.2d 90 (1993) ................................................................................................... 4

*Landis v. N. Am. Co.,*
  299 U.S. 248 (1936) ..................................................................................................... 6

*Lochner Techs., LLC v. Lenovo Inc.*,
   2013 WL 12172638 (E.D. Tex. July 24, 2013) ..................................................... 7, 10, 11

*Luminati Networks Ltd. v. Teso LT, UAB*,
   No. 19-cv-395, 2020 WL 6803255 (E.D. Tex. Oct. 30, 2020) ...................................... 12

*Michael v. Ghee*
   325 F. Supp. 2d 829 (N.D. Ohio 2004) ............................................................................ 11

*NFC Tech. LLC v. HTC Am., Inc.*,
   2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ................................................................ 12

*Nichia Corp. v. Mary Elle Fashions, Inc.*,
   2016 WL 9558954 (E.D. Tex. Dec. 22, 2016) ........................................................... 10, 11

*Nken v. Holder*,
   556 U.S. 418 (2009) ........................................................................................................ 6, 7

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
   2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ................................................................... 12

*Parthenon Unified Mem. Arch. LLC v. HTC Corp.*,
   No. 14-cv-690, 2016 WL 3365855 (E.D. Tex. Jun. 17, 2016) ......................................... 9

*Perdiemco LLC v. Telular Corp.*,
   2017 WL 2444736 (E.D. Tex. 2017) ............................................................................... 12

*Realtime Data, LLC v. Rackspace US, Inc.*,
   No. 16-cv-961, 2017 WL 772654 (E.D. Tex. Feb. 28, 2017) .................................... 10, 13

*RPost Holdings, Inc. v. Readnotify.com Pty Ltd.*,
   No. 2:11-cv-16-JRG, 2012 WL 2524237 (E.D. Tex. June 29, 2012) .............................. 10

*Saint Lawrence Commc'ns LLC v. ZTE Corp.*,
   No. 15-cv-349-JRG, 2017 WL 3396399 (E.D. Tex. Jan. 17, 2017) ...................... 9, 13, 14

*Soverain Software LLC v. Amazon.Com, Inc.*,
   356 F.Supp.2d 660 (E.D. Tex. 2005) ................................................................................ 6

*Stafford v. Rite Aid Corp.*
   2020 WL 4366014 (S.D. Cal. July 30, 2020) .................................................................. 11

*TCL Commc'n Tech. Holdings, Ltd.*,
   2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) ................................................................ 12

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
   No. 17-cv-235, 2018 WL 2722051 (E.D. Tex. June 6, 2018) ........................................ 7, 9

*Trinity Indus., Inc. v. 188 L.L.C.*
2002 WL 1315743 (E.D. Tex. 2002) ...................................................................11

*Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*,
No. 12-cv-221, 2014 WL 4494479 (E.D. Tex. Jan. 14, 2014) ................................... 13, 15

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
2017 WL 9885168 (E.D. Tex. June 13, 2017)......................................................... 7, 8, 12

*VirtualAgility, Inc. v. Salesforce.com, Inc.*,
No. 13-cv-11, 2014 WL 807588 (E.D. Tex. Feb. 27, 2014)................................................ 8

*Wi-LAN, Inc. v. LG Elecs., Inc.*,
No. 17-cv-358., 2018 WL 2392161(S.D. Cal. May 22, 2018) ........................................15

*Zheng v. City of New York*,
19 N.Y.3d 556 (2012) ...................................................................................................3

## Rules

Fed. R. Civ. P. 1 ................................................................................................................ 2

Rule 30(b)(6) ...................................................................................................................10

## I.    **INTRODUCTION**

This is the second motion to stay in this action ("Samsung I") filed by Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Semiconductor, Inc. ("SSI") and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung"). After receiving Netlist's complaint, Samsung sought a 90-day extension for its answer; but instead of preparing its answer, Samsung used this delay to bring mirror image DJ claims on the then-asserted patents in Samsung I in the District of Delaware. Nine days after it answered the FAC, Samsung filed its first stay motion using the totally improper Delaware DJ claims as a basis for the stay. Judge Andrews in the District of Delaware rightly rejected this ploy.

After Netlist filed a second action in this court against Samsung ("Samsung II"),[1] Samsung saw another opening to delay Samsung I's trial schedule. It threatened to transfer the case to the Northern District of California unless Netlist agreed to consolidate Samsung I and Samsung II with an adjustment to the Samsung I schedule. Ex. 4 (McKeon 2022-08-24 Email). Samsung apparently would be happy to have the case proceed without a stay if Netlist had agreed to consolidate Samsung I and Samsung II with a delayed schedule. After Netlist refused to agree, Samsung filed this second motion to stay.[2]

Samsung bases its new stay motion on two pretexts: (1) filed but not yet instituted IPRs, whose resolution would not simplify issues (*see* Section III.B); (2) the pending appeal before the Ninth Circuit in which Samsung seeks to overturn a summary adjudication that it was in material breach of its Joint Development and License Agreement ("JDLA") with Netlist and as a result has lost any license rights it may have had at one time to Netlist patents—an appeal for which Samsung does not even attempt

---

[1] *Netlist, Inc. v. Samsung Elec. Co., Ltd.*, No. 22-cv-293 (E.D. Tex.).

[2] On September 20, 2022, Samsung filed a motion to sever and stay in Samsung II before even answering the complaint. According to the motion, instead of a stay, Samsung would be satisfied with a consolidated case having a delayed schedule. This latest action is consistent with Samsung's repeated attempt to delay this case. *Netlist, Inc. v. Samsung Elec. Co., Ltd.*, No. 22-cv-293, Dkt. 20 (E.D. Tex.).

to show that it has a reasonable likelihood of success or that it would suffer irreparable harm if a stay is not granted (*see* Section III.A). Samsung alleges that a stay pending resolution of the IPRs or the Ninth Circuit appeal could simplify the issues here. That allegation is belied by its actions in Delaware, where for the last 11 months it has been maintaining a DJ action against Netlist on unrelated patents that it filed the day after the Central District affirmed the termination of its license. *Samsung Elec. Co., Ltd. v. Netlist, Inc.*, No. 21-cv-1453-RGA, Dkt. 1 (D. Del. Oct. 15, 2021) (the "Del. DJ Action"). The Delaware DJ Action involves patents that are already subject to initiated IPRs. The contrast could not be more stark.

| | Delaware | EDTX |
|---|---|---|
| IPR already instituted? | Yes to all three | No to all six |
| Affected by 9th Circuit Appeal under SS's theory? | Yes | Yes |
| Case filing? | Oct. 15, 2021 | Dec. 20, 2021 |
| # of filed stay motions | Zero | Two |

This stay motion is just another bid to delay the day that Samsung must face justice. The Court should deny the motion so as "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## II.    FACTUAL BACKGROUND

### A.    Samsung Materially Breached the JDLA as Repeatedly Confirmed by the Central District of California

On November 12, 2015, Netlist and Samsung entered the JDLA to jointly develop memory module technologies. Under the JDLA, Netlist granted Samsung a limited license to certain patents. Ex. 1 (JDLA). ███████████████████████████ Under the JDLA, Samsung was obligated to supply NAND and DRAM products to Netlist at Netlist's request on highly favorable terms.

In 2020, Netlist brought an action against SEC for breaching the 2015 JDLA. *Netlist v. SEC*, No. 20-cv-993, Dkt. 1 (C.D. Cal.) ("Contract Action"). On October 14, 2021, Judge Scarsi in the C.D.

Cal. entered a summary judgment finding that the JDLA was properly terminated after Samsung's

material breach. Ex. 2 (Contract Action Dkt. 186) at 20–21. In reaching its conclusion, Judge Scarsi

held, *id.* 7–8:

> JDLA § 6.2 contains unadorned, straightforward language: "Samsung will supply NAND and
> DRAM products to Netlist on Netlist's request at a competitive price." The meaning of the
> provision could not be expressed in any simpler terms. As Netlist argues, this provision
> unambiguously creates a mandatory obligation on Samsung to supply certain types of products
> to Netlist on request. (PMSJ 15 (citing *Zheng v. City of New York*, 19 N.Y.3d 556, 580 (2012)).)
> The obligation is clear and complete. The Court sees no reason to stray from the obvious
> meaning of the sophisticated contracting parties' simple, concise language. *See Ashwood Cap.,
> Inc. v. OGT Mgmt., Inc.*, 99 A.D.3d 1, 7 (2012). . . .
>
> The provision is not reasonably susceptible to a different meaning, including the one Samsung
> champions. Samsung contends that the provision obliges it to supply products to Netlist only
> with respect to the parties' NVDIMM-P joint development project. (DMSJ 12.) Samsung's
> briefs rely almost exclusively on extrinsic evidence to reach this interpretation. (*See, e.g.*, DMSJ
> 12–24; PMSJ Opp'n 11–22.) But the Court may not examine extrinsic evidence in determining
> whether the provision is ambiguous. *S. Rd. Assocs., LLC v. Int'l Bus Machines Corp.*., 4 N.Y.3d
> 272, 278 (2005).

Subsequently, Judge Scarsci denied Samsung's motion for reconsideration, noting:

> Samsung's motion identifies no *facts* the Court failed to consider. Instead, Samsung articulates
> new legal arguments concerning the facts the Court evaluated in its analysis of the declaratory
> judgment claim. (*E.g.*, Mot. 16 (claiming the Court failed to consider a legal proposition); *id.* at
> 18 (charging the Court with failing to make certain findings); *id.* at 25 (asking the Court to
> reconsider a legal conclusion).) Samsung's disagreement with the Court's analysis of the facts
> does not present grounds for reconsideration authorized by Local Rule 7-18.

Ex. 3 (Contract Action Dkt. 215) at 2.

After the trial, Samsung renewed its argument that the JDLA was not terminated for material

breach. Ex. 5 (Contract Action Dkt. 295, Samsung's Opposition to Netlist's Motion for Judgment).

Samsung argued that because Netlist did not prove it could recover contractually allowable types of

damages (including nominal damages), the court should reverse the finding that Netlist properly

terminated the JDLA based on Samsung's material breach. *Id.* at 27-29. Judge Scarsi rejected this

argument, noting the "New York Court of Appeals has repeatedly made clear that nominal damages

are *always* available in breach of contract actions." Ex. 6 at 3 (Contract Action, Dkt. 305) (quoting

*Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 95 (1993)). Judge Scarsi then entered final judgment on February 15, 2022. Ex. 7 (Contract Action, Dkt. 306) ("Judgment is entered in favor of Netlist and against Samsung on Netlist's third claim for declaratory relief. Netlist terminated the JDLA pursuant to JDLA § 13.2, and Samsung's licenses and rights under the JDLA have ceased.").

Samsung appealed the judgment to the Ninth Circuit on February 25, 2022, and Netlist filed a cross appeal on March 4, 2022. *Netlist, Inc. v. Samsung Elec. Co., Ltd.*, No. 22-55209, 22-55247 (9th Cir. 2022); Ex. 8-9 (docket sheets). The briefing is to be completed by October 27, 2022, absent requests for extension. *Id.* Dkt. 25. No oral argument has been scheduled for the appeal.

### B. Samsung Has Made Clear that Patent Litigation Should Proceed Pending the Ninth Circuit Appeal

The day after Judge Scarsi entered the summary judgment finding that the JDLA was terminated, Samsung filed a declaratory judgment action in the District of Delaware on four Netlist patents. *Samsung Elec. Co., Ltd. v. Netlist, Inc.*, No. 21-cv-1453-RGA, Dkt. 1 (D. Del. Oct. 15, 2021) (the "Del. DJ Action"). This case has been pending for 11 months and Samsung has not requested a stay.

### C. Samsung's IPR Petitions Are in an Early Stage and Are Unlikely to Simplify Issues Presented Before this Court

Six IPRs have been filed against the six asserted patents. None have been instituted to date. Below is a chart showing the deadline for final written decision on the IPRs. The last three columns show what invalidity defenses Samsung is raising in this Court beyond the art cited in the IPR petitions.

| Pat. | IPR Filing Date | Institution Decision Deadline | Estimated FWD Deadline | *Non Prior Art Invalidity Asserted?* | *System Art Asserted?* | *Other printed publications Asserted?* |
|------|-----------------|-------------------------------|------------------------|--------------------------------------|------------------------|----------------------------------------|
| 339  | 2022-03-02      | 2022-10-21                    | 2023-10-21             | *Yes*                                | *Yes*                  | *Yes*                                  |
| 506  | 2022-03-22      | 2022-10-28                    | 2023-10-28             | *Yes*                                | *Yes*                  | *Yes*                                  |
| 918  | 2022-05-17      | 2022-12-09                    | 2023-12-09             | *Yes*                                | *Yes*                  | *Yes*                                  |
| 054  | 2022-05-17      | 2022-12-08                    | 2023-12-08             | *Yes*                                | *Yes*                  | *Yes*                                  |
| 060  | 2022-08-26      | TBD                           | TBD                    | *Yes*                                | *Yes*                  | *Yes*                                  |
| 160  | 2022-08-26      | TBD                           | TBD                    | *Yes*                                | *Yes*                  | *Yes*                                  |

*See generally* IPR2022-00639, paper 5; IPR2022-00711, paper 5; IPR2022-00996, paper 5; IPR2022-

00999, paper 5; IPR2022-01428; IPR2022-1427.

Only SEC and SSI are named as real-parties-in-interest for these six IPR petitions. For the '339 and '506 IPRs (but not for the other four), Samsung counsel filed "Sotera Stipulations," according to which, after IPR institution, "Samsung will not pursue an invalidity defense in the Eastern District of Texas action (No. 21-cv-463-JRG) that the patent claims subject to the instituted IPR are invalid based on grounds that were raised or reasonably could have been raised in the IPR." Exs. 10, 11. But it is unclear whether the stipulation is on behalf of all three named Samsung defendants or only on behalf SEC and SSI. Hence, SEA could attempt to re-litigate the printed publication art anew.

The stipulation also does not prevent Samsung from raising challenges under §112, § 112(f), or § 112(g)(2), or asserting system art after the final written decisions. As is clear from the chart above, Samsung is raising invalidity arguments that it would contend are not covered by its stipulation.

In addition, Samsung did not seek claim construction in the PTAB on any of the terms that it requested this Court to construe in the IPR proceedings. *See* Dkt. 74-3 ('339 Pet.) at 8-11; Dkt. 74-4 ('506 Pet.) at 9-10; Dkt. 74-5 ('918 Pet.) at 9; Dkt. 74-6 ('054 Pet.) at 8-9; Dkt. 74-7 ('060 Pet.) at 21; Dkt. 74-8 ('160 Pet.) at 23. As such, the Court still has to construe the terms with or without a stay.

### D.    Samsung Has Engaged in Delay Tactics throughout this Litigation

Samsung has sought to delay Samsung I from the start of the case. Samsung began with a 90-day extension, putatively because it needed time to respond, but in reality so that it could bring improper DJ claims on the Samsung I patents in Delaware. Judge Andrews rejected this improper behavior. Ex. 12 at 10; Ex. 13 (dismissing Counts IV, V, VI, VII, X, and XI, because, among other reasons, "the Texas Patents . . . do not relate back to Samsung's original complaint").

When Netlist filed Samsung II, Samsung saw another opening to delay Samsung I. Samsung apparently was happy to have Samsung I and Samsung II proceed before this Court regardless of the IPRs and Ninth Circuit appeal, so long as Netlist acceded to its demand that the two cases be

consolidated and the schedule be delayed:

> "We can agree to scheduling modifications of the case as it now stands if you agree to consolidate the two cases in EDTX with equitable adjustments to the existing schedule. Otherwise we will just answer on behalf of the Samsung US entities under the current dates."

Ex. 4 (Aug. 24, 2022 McKeon Email). After Netlist did not agree to a schedule delay, Samsung filed

this instant motion to stay the next day in another bid to delay the proceedings. Dkt. 74.

## III.   **ARGUMENT**

District courts have the "inherent power to manage their dockets and stay proceedings,

including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v.*

*Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citation omitted). There is no per se rule that patent

cases should be stayed pending IPR proceedings, because such a rule "would invite parties to

unilaterally derail timely patent case resolution." *Soverain Software LLC v. Amazon.Com, Inc.*, 356

F.Supp.2d 660, 662 (E.D. Tex. 2005); *see also JumpSport, Inc. v. Acad., Ltd.*, No. 17-cv-414, 2018 WL

1806900, at *1 (E.D. Tex. Apr. 17, 2018). The party seeking a stay bears the burden of showing that a

stay is appropriate. *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936); *JumpSport*, 2018 WL 1806900, at *1.

Indeed, the Supreme Court has recognized that stays are "an 'intrusion into the ordinary processes of

administration and judicial review.'" *Nken v. Holder*, 556 U.S. 418, 427 (2009). Samsung fails to carry

its burden to show that a stay would be appropriate pending either its uninstituted IPR petitions or

the Ninth Circuit appeal from the Contract Action.

### A.   **A Stay Is Not Proper Pending the Ninth Circuit Appeal**

When resolving a motion to stay pending appeal, four factors are considered: "(1) whether the

stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the

applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially

injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556

U.S. at 434; *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, No. 2:19-cv-00259, 2020 WL 1433960, at *2

(E.D. Tex. Mar. 24, 2020); *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 17-cv-235, 2018 WL 2722051, at *2 (E.D. Tex. June 6, 2018).

Samsung's motion applied the wrong standards. *See* Dkt. 74 at 16 (quoting the three-factor test of *Lochner Techs., LLC v. Lenovo (United States) Inc.*, No. 2:10-CV-430, 2013 WL 12172638, at *1 (E.D. Tex. July 24, 2013)). *Lochner* applied the three-factor test where the appeal at issue there involved an invalidity decision by a district court, the same type of issue and the same type of effects as PTAB proceedings. *Id.* In contrast, Samsung's appeal to the Ninth Circuit relates to a contract dispute, which does not resolve the validity of the Patents-in-Suit. Where a pending appeal does not involve a patent law issue, courts in this District have consistently applied the four-factor test for staying a case pending appeal. *Intell. Ventures II LLC v. FedEx Corp.*, No. 16-cv-980, 2017 WL 6559172, at *4 (E.D. Tex. Dec. 22, 2017); *Team Worldwide*, 2018 WL 2722051, at *2; *Nken*, 556 U.S. at 434.

### 1. Samsung's Motion Makes No Showing of a Likelihood of Success on the Ninth Circuit Appeal

Samsung's motion does not engage the actual likelihood of its success on appeal. *See generally* Dkt. 74. Samsung simply repeats the same arguments on appeal rejected by Judge Scarsi in the Contract Action at least three times. Ex. 2 (granting summary judgment finding that the JDLA was terminated); Ex. 3 (denying reconsideration); Ex. 6 at 8-9 (rejecting Samsung's post-trial motion); *supra* at 3 (quoting Judge Scarsi's ruling). As in *Uniloc 2017*, where Samsung also failed to show a likelihood of success on appeal, this factor is "fatal" to its argument. *Uniloc 2017*, 2020 WL 1433960, at *3.

Further, the Ninth Circuit appeal relates to the "contract dispute" between Netlist and Samsung. Dkt. 74-2 at 11 (Samsung's Opening Brief, Introduction). It does not address—and would not provide guidance on—issues such as claim construction, infringement, invalidity, or damages before this Court. Thus, no duplication of work will occur if this case proceeds as scheduled. This is another reason why no stay is needed.

### 2.      Samsung Will _Not_ Suffer Any Irreparable Harm Absent a Stay

The second factor when deciding whether to stay a case pending appeal is to determine whether the movant would suffer irreparable harm absent a stay. Samsung cannot show any irreparable harm simply because it had to incur costs to defend this patent infringement litigation. *See FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."); *VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 13-cv-11-JRG, 2014 WL 807588, at *3 (E.D. Tex. Feb. 27, 2014) (noting that no known cases hold that "attending a *Markman* hearing in the middle of a co-pending reexamination proceeding" constitutes "irreparable injury").

Samsung argues that it might be harmed because it is collaterally estopped from litigating the license issues. Mtn. at 13. This rule exists for a reason—businesses have to move on after a jury trial and final judgment. Staying this case solely because of Samsung's disagreement with a district court's decision would render this rule meaningless. Further, the Ninth Circuit ruling would not render the case moot because the JDLA clearly excludes products ███████████████████████████ *Contra* Mtn. 12; Ex. 1 (JDLA) at 2, 8. ██████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████

Samsung also cannot establish that it would suffer "irreparable" harm if the Court denies its motion, given that it is apparently happy to see the Delaware case proceed. Under Samsung's contract interpretation, the Ninth Circuit appeal could dispose of the dispute in Delaware as well. However, Samsung rushed to file the Delaware action the day after Judge Scarsi's decision without filing for interlocutory appeal or waiting for Judge Scarsi to reconsider. This undermines any claim by Samsung that it would suffer undue prejudice or irreparable harm if Netlist continues to pursue its infringement

cases against it.

### 3.    A Stay Is Against Public Interest and Will Unduly Prejudice Netlist

A further stay of unknown duration would undermine the "public interest in the 'speedy resolution of disputes.'" *Team Worldwide*, 2018 WL 2722051, at *4; *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 12-cv-799, 2014 WL 4477393, at *3 (E.D. Tex. July 25, 2014) ("Firm trial settings resolve cases and reduce litigation costs."); *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. 12-cv-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017) ("The public interest . . . favors speedy resolution of disputes."). And it will disrupt the trial schedule "amidst the Court's already busy calendar." *Intell. Ventures*, 2017 WL 6559172, at *4.

Samsung's proposed stay would prejudice Netlist's "right to timely enforcement of its patent rights." *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:15-CV-349, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017). "A stay would [also] prejudice . . . [Netlist]'s right to conduct its business." *See Parthenon Unified Memory Architecture LLC v. HTC Corp.*, No. 14-cv-690, 2016 WL 3365855, at *2 (E.D. Tex. June 17, 2016). Monetary relief will ***not*** sufficiently compensate Netlist for any purported delay. *See Intell. Ventures*, 2017 WL 6559172, at *4 (a stay would prejudice the patentee "even if the plaintiff could be made whole money damages" (quotation omitted)); *Contra* Mtn. at 10.

Netlist will also be prejudiced by a stay because Samsung's potential auto-deletion/auto-archiving policy may cause the loss of important evidence. *See Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1134 (N.D. Cal. 2012) (noting that "Samsung's auto-delete email function is no stranger to the federal courts" and imposing adverse jury instruction against Samsung's spoliation practice). Netlist has sought Rule 30(b)(6) deposition on Samsung's document retention policy, which Samsung declined to provide a witness for.

Further, as to the non-SEP patents asserted, the remedy sought by Netlist includes injunctive relief. Dkt. 1 at 48; Dkt. 23 at 70. Obtaining timely relief from Samsung affects the long-term viability

of Netlist, including its cash flow and the prospects of obtaining new licensees and customers. *Cf.*, *Realtime Data, LLC v. Rackspace US, Inc.*, No. 16-cv-961, 2017 WL 772654, at *4 (E.D. Tex. Feb. 28, 2017) (acknowledging increased prejudice when the proposed stay would be against a marketplace competitor as opposed to a non-practicing entity). The prejudice to Netlist and its business would be exacerbated by a prolonged stay of indeterminate length[3]. *See RPost Holdings, Inc. v. Readnotify.com Pty Ltd.*, No. 2:11-cv-16-JRG, 2012 WL 2524237, at *1 (E.D. Tex. June 29, 2012) ("A stay will prejudice Plaintiffs because it will permit Defendants to continue to use the intellectual property in question during the elongated period cause[ed] by any stay.").

### 4. The Cases Samsung Relies on Are Inapposite

Samsung's cases do not support its position. *Lochner*, *Nichia*, and *Astec* stayed the district court proceedings pending appeals to the Federal Circuit involving the same patent issues present before the district courts, the resolution of which could avoid duplication of work. As discussed above, the Ninth Circuit appeal would not resolve infringement or validity. *Supra* 7-8. Further, in *Lochner* and *Astec*, the <u>*patentees*</u> moved for a stay, thus there was no substantial concern of denying the patentee's rights to enforcement of its patent. *Lochner Techs.*, 2013 WL 12172638, at *1; *Astec Am., Inc. v. Power-One, Inc.*, No. 6:07-CV-464, 2008 WL 11441994, at *1 (E.D. Tex. July 15, 2008). The stays in those cases were also of limited duration, unlike a delay of at least two to three years here. *Nichia Corp. v. Mary Elle Fashions, Inc.*, No. 2:16-CV-615, 2016 WL 9558954, at *2 (E.D. Tex. Dec. 22, 2016) (appellate court decision would "likely come prior to [the district court]'s claim construction hearing and order"); *Trinity Indus., Inc. v. 188 L.L.C.*, No. 02-cv-405, 2002 WL 1315743, at *3 (N.D. Tex. June 13, 2002) ("an opinion of the Seventh Circuit is *imminent* given that oral argument was heard") (emphasis added).

---

[3] Samsung seeks to stay this case "until the later of a ruling in the Ninth Circuit on the license issues and a *final decision* in the IPRs currently pending at the PTAB with respect to each of the asserted patents." Dkt. 74 at 15.

*Stafford v. Rite Aid Corp.* is also not on point as it concerned the Federal Arbitration Act where the parties disputed the court's jurisdiction, and the "system created by the FAA allows the district court to stay the proceedings pending an appeal from its refusal to compel arbitration." No. 17-cv-1340, 2020 WL 4366014, at *3 (S.D. Cal. July 30, 2020). No similar public interest is present here. *Michael v. Ghee* is even further afield, because it involved an "all-encompassing" challenge to the Ohio parole system, where the public "has an interest in fundamentally fair parole decisions" and the Supreme Court had granted certiorari to review the Sixth Circuit's decision and noted that the stay would be "in all likelihood, less than a year." 325 F. Supp. 2d 829, 833 (N.D. Ohio 2004).

### B.    The IPR Proceedings Do Not Justify a Stay

#### 1.    Samsung's Stay Motion Based on the IPR Petitions Is Not Proper

It is undisputed that no IPR has been instituted yet. The PTAB will reach institution decisions in mid-to-late October for the first two patents and is unlikely to reach any institution decisions before mid-March 2023 for the last four. At this stage of the IPRs, when no IPRs have been instituted, this Court has "a consistent practice of denying motions to stay." *Barkan Wireless IP Holdings, L.P. v. Samsung Elecs. Co.*, No. 18-cv-28, 2019 WL 8647996, at *2 (E.D. Tex. Mar. 15, 2019) (denying Samsung's request for "a stay of these proceedings in advance of the PTAB's decision on whether or not to grant Defendants' petitions for *inter partes* review") (emphasis added); *Luminati Networks Ltd. v. Teso LT, UAB*, No. 19-cv-395, 2020 WL 6803255, at *2 (E.D. Tex. Oct. 30, 2020). Samsung's case is in accord. *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) (finding "likelihood [of simplification] is far more speculative before the PTAB decides whether to institute [an IPR]").[4]

---

[4] The E.D. Tex. cases Samsung relied on allowed stay only after the PTO granted the IPR petitions. *See Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016) (post institution); *Customedia Techs. v. Dish Network Corp.*, 2017 WL 3836123 at *1 (E.D. Tex. Aug. 9, 2017) (denied pre-institution motion to stay); *Intell. Ventures II LLC v. Bitco General Ins. Corp.*, 2016 WL 4394485, at *3 (E.D. Tex. May 12, 2016 (post institution); *Uniloc*

- 11 -

Samsung urges the Court to deviate from its normal practice by arguing that the Board has either invalidated claims in related patents or that the Board has instituted trial for related patents. Mtn. at 9. This Court has previously denied stay requests with similar arguments. *Perdiemco LLC v. Telular Corp.*, No. 16-cv-1408, 2017 WL 2444736, *2-*3 (E.D. Tex. June 6, 2017) (denying stay request even though an IPR had been instituted for related patents). Samsung's argument is also factually incorrect and misleading. For example, with respect to the '339 patent, the Board asked Samsung to explain how the '339 patent is patentably indistinct from the invalidated claims of the parent '907 patent. Ex. 15 at 3 ('339 IPR, Paper 10). Samsung could not, and instead tried to further supplement its deficient petition using a tactic the Board described as revealing a "presence of gamesmanship." Exs. 16, 17, 18 (Samsung's pre-institution reply, Netlist's sur-reply, and Paper 6 in the '339 IPR petition). As another example, Samsung omitted to mention that the Board denied institution in a proceeding against the '608 patent (the parent of the '506 patent) in IPR2022-00237. Ex. 19 ('608 IPR, Paper 15). As a third example, the '831 claims related to data managers are completely different from the '918/'054 patent claims, which are directed to on-module power management. *Compare* Ex. 20 ('831 patent), claims 1-15 *with* Ex. 21 ('918 patent) cls. 1-30 & Ex. 14 ('054 patent) cls. 1-30.

## 2. Samsung's Motion Should Be Denied Even if the IPRs are Instituted

### a) No Simplification of Issues

Samsung states that "the most significant factor bearing on whether to grant a stay… is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the Court." Mtn. at 8. As described in Section II.C, *supra*, however, there is unlikely to be any real simplification in issues. First, Samsung has only filed Sotera stipulations as to two of the patents, and

---

*USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:16-cv-732, 2017 WL 9885168, at *1 (E.D. Tex. June 13, 2017) (post institution); *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, 2019 WL 11023976, at *1 (E.D. Tex. Feb. 14, 2019) (post institution); *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) (post institution).

those stipulations do not explicitly include SEA. Courts in this District have refused to grant a stay motion when not all defendants agree to be bound by the final written decisions. *See Realtime Data, LLC v. Rackspace US, Inc.*, No. 16-cv-961, 2017 WL 772654, at *3 (E.D. Tex. Feb. 28, 2017) (denying stay pending an instituted IPR and noting "where defendants do not agree to be bound by the full estoppel provisions of § 315, IPR may not actually simplify the issues at all") (internal quotation omitted); *Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, No. 12-cv-221, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014) ("the PTO merely granted the IPR request with respect to two references in TI's petition and four references in Samsung's petition" but the "Defendants' joint invalidity contentions contained over 40 references").

Second, even if Samsung does not intend to re-litigate any printed publications, it will still be litigating system art and non-prior-art-based validity challenges. *See supra* Section II.C. Under this scenario, validity will still need to be resolved by this court.

Third, Samsung's assertion that issue simplification could ensue even if some claims survive the IPRs is not well taken. Specifically, Samsung argues that the PTAB proceedings could inform the Court on claim construction issues, but it fails to give a single example of the terms that could be implicated. Nor is it likely. For example, one claim construction dispute present before this Court is whether the 918/054 patents require voltages of different amplitudes (*see* Dkt. 76 at 22); but Samsung's IPRs contained mappings with both voltages having different amplitudes and voltages with some same amplitudes. Dkt. 74-5 (918 Pet.) at 26-27; Dkt. 74-6 (054 Pet.) at 26-27. Hence, what will transpire in the IPRs is unlikely to resolve the parties' claim construction dispute. As another example, Samsung tries to import "Fork-in-the-Road" and rank multiplication limitations in its proposed claim construction before this Court (*see* Dkt. 76 at 6-15), but it has not asked the PTAB to resolve that issue. Dkt. 74-3 ('339 Pet.) at 8-11. In short, regardless what happens in the IPR, it is up to this Court to resolve the parties' claim construction dispute because Samsung has not sought construction at the

PTAB for any of the terms at issue here. Dkt. 74-3 ('339 Pet.) at 8-11; Dkt. 74-4 ('506 Pet.) at 9-10; Dkt. 74-5 ('918 Pet.) at 9; Dkt. 74-6 ('054 Pet.) at 8-9; Dkt. 74-7 ('060 Pet.) at 21; Dkt. 74-8 ('160 Pet.) at 23. Moreover, a stay may allow Samsung to take inconsistent positions here and before the PTAB. For instance, for the HBM patents, Samsung argues here that a claimed array "is different from a DRAM circuit," but its invalidity theories in the IPR rely on DRAMs. *Compare* Dkt. 82 (Samsung's Responsive Claim Construction Brief) at 18 ; *with* Dkt. 74-8 ('160 pet.) at 39-40, 91.

### b)    Undue Prejudice to Netlist

As discussed above, a stay can cause undue prejudice to Netlist's legitimate right "to timely enforcement of its patent rights." *Saint Lawrence*, 2017 WL 3396399, at *2. *Supra* Section III.A.3.

### c)    Advanced Stage of Litigation

Unlike the out-of-district cases Samsung relies on where the courts granted pre-institution stays, discovery in this proceeding has reached an advanced stage and a trial schedule has been set. As of this filing, the deadline for substantial completion of document production has passed, claim construction briefing is substantially under way, Netlist has started deposing Samsung's witnesses, and it is pushing forward with third party discovery (including reaching agreements for source code inspection). Fact discovery and expert discovery close on December 12, 2022 and January 17, 2023 respectively; dispositive motions are due on January 23, 2023; and trial starts on May 1, 2023. Dkt. 34.

Under these circumstances and given the resources that the parties have already invested, staying this case pending the IPRs (the last of which is unlikely to reach a final written decision before late March 2024 with possibly another year before follow-on Federal Circuit appeal decisions) is inefficient and will cause undue prejudice to Netlist while allowing Samsung to continue its efficient infringement policy with impunity. **Compare** *Intell. Ventures*, 2017 WL 4812434, at *2 (finding the stage of the litigation cut against a stay where the "case [was] set to go to trial several months before the PTAB's deadline for issuing a written decision with respect to claims it has instituted on and nearly

a year before it would issue a decision on the remaining [pre-institution] claims" and the parties "already invested substantial effort and resources during discovery and in preparing claim construction briefing"); *Unifi Sci. Batteries*, 2014 WL 4494479, at *3 (denying the motion to stay where the parties "have engaged in substantial discovery, produced documents, answered interrogatories, and served and supplemented infringement and invalidity contentions"); **with** *Netlist, Inc. v. Micron Tech., Inc. et al.*, No. 22-cv-136, Dkt. 69 (W.D. Tex. May 11, 2022) ("The court has not yet rendered a scheduling order or set a trial date, and the parties have conducted discovery only with respect to the issue of venue."); *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1034-38 (N.D. Cal. 2015) ("[N]o depositions have been taken and no deadlines associated with expert discovery, summary judgment, pre-trial motions, and trial have been set"); *Wi-LAN, Inc. v. LG Elecs., Inc.*, No. 17-cv-358., 2018 WL 2392161, at *1 (S.D. Cal. May 22, 2018) ("[T]he Court has not set deadlines for the close of fact and expert discovery, dispositive motions, or trial").

## IV.    **Conclusion**

For the reasons stated above, Samsung's Motion to Stay, Dkt. 74, should be denied.

Dated: September 21, 2022                    *Respectfully submitted*

*/s/ Sam Baxter*
_____

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

### CERTIFICATE OF SERVICE

I hereby certify that, on September 21, 2022, a copy of the foregoing was served to all counsel of record.

*/s/ Jason Sheasby*
Jason Sheasby

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby