UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>        Defendants. | Civil Case No. 2:22cv-00293-JRG |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO
(1) SEVER AND TRANSFER THE '912 PATENT TO N.D. CAL.; AND
(2) STAY THE REMAINING PATENTS PENDING NINTH CIRCUIT APPEAL, OR
(3) ALTERNATIVELY, CONSOLIDATE WITH CIVIL ACTION NO. 2:21-CV-463**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i
TABLE OF AUTHORITIES ......................................................................................................... ii
TABLE OF ABBREVIATIONS ................................................................................................... iii
TABLE OF EXHIBITS TO SAMSUNG'S OPENING BRIEF ..................................................... iv
TABLE OF EXHIBITS TO SAMSUNG'S REPLY BRIEF ......................................................... iv
I.     The First-to-File Rule Compels Transfer of the '912 Patent to N.D. Cal. .......................... 1
II.    A Stay Pending the Ninth Circuit Appeal Will Avoid Wasting Judicial Resources .......... 4
III.   Alternatively, the Court Should Consolidate with the First Texas Case ............................ 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Hoffmann-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009)......................................................................................................3

*Intertrust Techs. Corp. v. Cinemark Holdings, Inc.*,
   2020 WL 6479562 (E.D. Tex. Sept. 30, 2020), *aff'd*, 839 F. App'x 476 (Dec. 17, 2020)........2

*Landis v. N. Am. Co.*,
   299 U.S. 248, 254 (1936)................................................................................................................4

*Lochner Techs., LLC v. Lenovo Inc.*,
   No. 2:10-cv-430-JRG, 2013 WL 12172638 (E.D. Tex. July 24, 2013).....................................4

*Mobility Elecs., Inc. v. Am. Power Conversion Corp.*,
   No. 5:07-cv-83, 2007 WL 9724768 (E.D. Tex. Oct. 10, 2007).................................................3

*Nken v. Holder*,
   556 U.S. 418 (2009)........................................................................................................................4

*Realtime Data, LLC v. Rackspace US, Inc.*,
   No. 6:16-CV-00961-RWS-JDL, 2017 WL 772654 (E.D. Tex. Feb. 28, 2017).........................5

*RPost Holdings, Inc. v. Sophos, Inc.*,
   No. 2:13-cv-959-JRG, 2014 WL 10209205 (E.D. Tex. Aug. 20, 2014) ..................................1

*In re Samsung Elecs. Co.*,
   2 F.4th 1371 (Fed. Cir. 2021) .......................................................................................................4

*Save Power Ltd. v. Syntek Fin. Corp.*,
   121 F.3d 947 (5th Cir. 1997) ........................................................................................................2

**TABLE OF ABBREVIATIONS**

| Abbreviation | Meaning |
|---|---|
| Delaware Case | *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-cv-1453 (D. Del.) |
| DIMM | Dual In-line Memory Module |
| First Texas Case | *Netlist, Inc. v. Elecs. Co.*, No. 2:21-cv-463 (E.D. Tex.) |
| Google N.D. Cal. Case or Google Case | *Netlist, Inc. v. Google LLC*, No. 09-cv-5718 (N.D. Cal.) |
| LRDIMM | Load Reduced Dual In-line Memory Module |
| Ninth Circuit Appeal | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247 (9th Cir.) |
| RDIMM | Registered Dual In-line Memory Module |
| SEA | Samsung Electronics America, Inc. |
| SEC | Samsung Electronics Co., Ltd. |
| SSI | Samsung Semiconductor, Inc. |

### TABLE OF EXHIBITS TO SAMSUNG'S OPENING BRIEF

| Ex. | Description |
|---|---|
| 1 | U.S. Patent No. 7,619,912 |
| 2 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 1 (N.D. Cal. Dec. 4, 2009) |
| 3 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 206-2 (N.D. Cal. Sept. 17, 2021) |
| 4 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 258 (N.D. Cal. May 5, 2022) |
| 5 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 269 (N.D. Cal. May 17, 2022) |
| 6 | *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-cv-1453, Dkt. 1 (D. Del. Oct. 15, 2021) |
| 7 | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 23 (E.D. Tex. May 3, 2022) |
| 8 | *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-cv-1453, Dkt. 25 (D. Del. Feb. 16, 2022) |
| 9 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 325 (N.D. Cal. July 13, 2022) |
| 10 | *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-cv-1453, Dkt. 37 (D. Del. Aug. 1, 2022) |
| 11 | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 1 (E.D. Tex. Dec. 20, 2021) |
| 12 | U.S. Patent No. 11,093,417 (added in Netlist's amended complaint, Dkt. 12) |
| 13 | U.S. Patent No. 9,858,215 (added in Netlist's amended complaint, Dkt. 12) |
| 14 | U.S. Patent No. 10,860,506 (asserted in First Texas Case) |
| 15 | U.S. Patent No. 10,949,339 (asserted in First Texas Case) |
| 16 | U.S. Patent No. 11,016,918 (asserted in First Texas Case) |
| 17 | U.S. Patent No. 11,232,054 (added to First Texas Case) |
| 18 | *Samsung Electronics America Company Profile, Mountain View, CA*, Dun & Bradstreet, https://www.dnb.com/business-directory/company-profiles.samsung_electronics_america.5fda0d316fbeafd23dcd31b470464898.html (last visited Sept. 13, 2012) |
| 19 | *Netlist Inc. v. Samsung Elecs. Co.*, Case Nos. 22-55209, Dkt. 11 (9th Cir. June 6, 2022) |

### TABLE OF EXHIBITS TO SAMSUNG'S REPLY BRIEF

| Ex. | Description |
|---|---|
| 20 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 310 (N.D. Cal. June 21, 2022) |
| 21 | *Netlist, Inc. v. Micron Tech., Inc.*, No. 22-cv-00203-JRG-RSP, Dkt. 32 (E.D. Tex. Sept. 26, 2022) |
| 22 | *Samsung Elecs. Co. v. Netlist Inc.*, No. 1:21-cv-01453-RGA, Dkt. 51 (D. Del. Sept. 20, 2022) |
| 23 | Netlist, Inc., Quarterly Report (Form 10-Q) (May 9, 2022), *available at* https://investors.netlist.com/download/companies/270109a/SECFiling/netlist_10Q.pdf |

Netlist's efforts to artificially manipulate venue—including adamantly opposing a stay in the Google N.D. Cal. Case, but suddenly switching sides and agreeing to it after Samsung filed this motion—should not be tolerated. Indeed, judicial estoppel (which Netlist does not mention) bars Netlist from contesting the substantial similarity of this case and the Google N.D. Cal. Case as to the '912 patent. Given that substantial similarity, the Court should transfer the '912 patent to N.D. Cal., the first-filed court for that patent. Irrespective of where the '912 patent is litigated, this case should be stayed, given that the Ninth Circuit is primed to rule on Samsung's license defense, which could immediately dispose of all of the parties' patent litigation worldwide. At a minimum, if this case is not stayed, it should be consolidated with the First Texas Case.

**I.      The First-to-File Rule Compels Transfer of the '912 Patent to N.D. Cal.**

The '912 patent should be severed and transferred to N.D. Cal.—the venue Netlist originally chose for that patent, and the venue the Delaware Court held should preside over the patent. Ex. 10 at 6. In moving to dismiss the '912 patent from the Delaware Case, Netlist stressed the substantial overlap in issues regarding the patent between the Google N.D. Cal. Case and the Delaware Case. *See* Ex. 8 at 2. The Delaware Court adopted Netlist's position, finding that "[t]he infringement and inequitable conduct claims [for the '912 patent] are essentially the same in the two cases." Ex. 10 at 6. As such, Netlist is now judicially estopped from arguing otherwise—a fact that Netlist does not dispute in its opposition. *See* Mtn. at 8-9. In light of the substantial similarity of the '912 patent issues in this case and the Google N.D. Cal. case, "the first-to-file rule accords the first-filed court the responsibility to determine which case should proceed." *RPost Holdings*, 2014 WL 10209205, at *1. Here, the first-filed court for the '912 patent is N.D. Cal., which is where it should be litigated.

Despite its conflicting assertions in Delaware, Netlist suggests here (Op. at 6-8) that a lack of ***complete*** overlap between the issues in this case and the Google N.D. Cal. Case weighs against

1

transfer. But complete overlap is not the standard, and the fact that ***Samsung's*** DDR4 LRDIMMs and RDIMMs (Mtn. at 6 & n.1) are central to the infringement allegations in both cases, in addition to both involving the same inequitable conduct issue, demonstrates substantial overlap. The fact that some different discovery may be taken in the Google Case (Op. at 6) is unavailing. Indeed, the Delaware Court noted that "third-party discovery will need to be taken from Samsung" in the Google Case. *See* Ex. 9 at 17.

*Intertrust Techs.*, 2020 WL 6479562 (*see* Op. at 7-8), does not compel a contrary outcome. There, the Court found that the extent of overlap between a case against a customer and an earlier case against one of its suppliers was insufficient to compel transfer under the first-to-file rule because the supplier was just one of "several suppliers," and the "infringement allegations" between the two cases were not the same. *Id.*, at *7-8. Here, by contrast, this case and the Google N.D. Cal. Case both involve Samsung's DIMM products—regardless of Netlist's unsupported assertion that another party's components are also at issue in the Google Case (Op. at 6). In fact, Google itself stated in N.D. Cal. that "the only products legitimately in dispute are those Google purchases from Samsung" (Ex. 20 at 5), and the N.D. Cal. Court acknowledged that a "key issue before" it was "whether the accused DIMMs that Samsung supplies to Google infringe claim 16 of the '912 patent" (Ex. 9 at 13), the sole asserted claim in this case (Op. at 3).

Further, the Delaware Court did not order (or require) Samsung to intervene in the Google Case (*contra* Op. at 5-6)—it merely observed that Samsung ***could*** intervene. In that regard, Netlist never sought to add Samsung to the N.D. Cal. Case, even after the Delaware Court dismissed the '912 patent while noting that the patent should be litigated in N.D. Cal. Netlist's arguments about the customer suit exception (Op. at 9) ignore that the N.D. Cal. Court has been handling this patent for many years, which Judge Andrews in Delaware emphasized in reaching his decision that N.D.

Cal. was the proper venue for the '912 patent. Ex. 10 at 6 ("Another judge has decided issues related to the ['912] patent."). Netlist itself has acknowledged "the wisdom of allowing a judge who has familiarity with the subject matter at issue to preside over subsequent litigation" under the first-to-file doctrine. *Netlist v. Micron*, No. 22-cv-00203-JRG-RSP, Dkt. 32 at 2 (E.D. Tex. Sept. 26, 2022) (**Ex. 21**) (quoting *Mobility Elecs.*, 2007 WL 9724768, at *4 (E.D. Tex. Oct. 10, 2007)). Accordingly, the N.D. Cal. Court, which is already-familiar with the '912 patent, must determine where the patent should be litigated. Even if the Google N.D. Cal. Case remains stayed, the N.D. Cal. Court could conclude that the '912 case against Samsung should move forward first there, affording the N.D. Cal. Court even greater familiarity when the Google stay is lifted.

Netlist's about-face in not opposing Google's recent request to stay the N.D. Cal. Case, after opposing Google's stay motion less than four months ago (*see* Ex. 9 at 13), reveals its utter gamesmanship. The stay is thus a blatant "attempt[] to manipulate venue" that is not entitled to weight. *See Hoffmann-La Roche*, 587 F.3d at 1337. Netlist has the audacity to accuse Samsung of "forum shopping" (Op. at 5) when it is the party making erratic filings and changing positions. In particular, Netlist decided to assert the '912 patent in N.D. Cal. in 2009 (Ex. 1), then urged the Delaware Court in February 2022 to dismiss that patent from Samsung's Delaware Case in favor of N.D. Cal. (Ex. 8), and subsequently opposed a stay of the Google N.D. Cal. Case in June 2022 (Ex. 9 at 13). But thereafter, in August 2022, Netlist suddenly asserted the '912 patent in Texas mere hours after the Delaware Court had dismissed the '912 patent in favor of N.D. Cal. (Dkt. 1). Then, in October 2022, days after Samsung filed the pending motion, Netlist agreed to stay the Google Case in an attempt to defeat the '912 patent's transfer to the N.D. Cal. (Ex. 6 to Op.).

Finally, Netlist's decision to sue Micron in E.D. Tex. has no impact on the transfer inquiry. The Federal Circuit has expressed concern over "whether the aim of the first-to-file rule would be

3

impermissibly thwarted" by emphasizing cases against other defendants. *In re Nitro Fluids L.L.C.*, 978 F.3d 1308, 1313 (Fed. Cir. 2020). Netlist should not be permitted to insulate against transfer by suing multiple defendants in E.D. Tex. Such "recent, ephemeral, and artificial" activity has been "routinely rejected." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021).

## II. A Stay Pending the Ninth Circuit Appeal Will Avoid Wasting Judicial Resources

Irrespective of where the '912 patent is litigated, this entire case should be stayed pending Samsung's Ninth Circuit Appeal. The Ninth Circuit will soon decide whether Samsung is licensed to Netlist's entire patent portfolio. If Samsung prevails, that will end all of the parties' patent litigation worldwide. Briefing in the appeal is now set to be completed in November 2022 (Netlist sought an extension) with a ruling by mid-2023. Staying this case is thus sensible and justified.

Notably, Samsung is not required to show a likelihood of success under the relevant standard for a stay here, which is: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Lochner*, 2013 WL 12172638, *1 (E.D. Tex. July 24, 2013). These factors weigh in favor of a stay. Netlist's cited case for requiring likelihood of success, *Nken*, 556 U.S. at 434, is inapposite because it relates to a stay of enforcement of an order pending the appeal of the legality of that order, ***not*** a stay of one case when a decision in another may profoundly affect the case's outcome, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), as is the case for Samsung's Ninth Circuit Appeal.

Samsung's Delaware Case does not undermine its request for a stay here (*contra* Op. at 12). When the C.D. Cal. Court entered judgment that Samsung's license was terminated, Samsung had little choice but to act in the face of Netlist's infringement allegations. Thus, Samsung pursued both a declaratory judgment action in Delaware, and its Ninth Circuit Appeal. In Delaware, the

scheduling conference has not yet occurred, and discovery has not begun (**Ex. 22**).  Trial likely will not occur until late 2024, long after the decision in the Ninth Circuit Appeal.  Moreover, to the extent Netlist does not file any action corresponding to the Delaware case in another jurisdiction, Samsung would not oppose staying the Delaware case as well if this case is stayed.

Netlist's assertion that the requested stay would cause delay-based undue prejudice (Op. at 12) ignores that it waited 8 months after filing the First Texas Case to assert the '912 patent here, and waited to add the '417 and '215 patents until after Samsung suggested transferring the '912 patent case to N.D. Cal.[1]  Netlist's interest in timely enforcing its patents is "generally too generic" to show prejudice.  *Realtime Data v. Rackspace*, 2017 WL 772654, at *4 (E.D. Tex. Feb. 28, 2017).

### III. Alternatively, the Court Should Consolidate with the First Texas Case

If the Court does not stay the remaining patents, it should consolidate them with the First Texas Case.[2]  Even if the First Texas Case is a "large, complex case," that does not change the fact that the remaining patents in this case, once the '912 is transferred, become so similar to those asserted there that consolidation is merited.  *See* Mtn. at 14-15.  Regardless of the fact that the asserted patents are not identical (Op. at 14-15), patents in both cases have overlapping inventors, are related by patent family, and pertain to memory modules with data buffering.  Mtn. at 14-15.

Netlist's focus on the slight difference in the schedules across these two cases (Op. at 14) ignores Samsung's proposal to extend the deadlines in the First Texas Case by six months.  *See* Mtn. at 15.  Fact discovery remains ongoing in the First Texas Case, and a six-month trial delay will not prejudice Netlist (*contra* Op. at 15) at least because its operative complaint seeks only monetary damages (Dkt. 12, §VIII), consistent with its licensing business model (*see* **Ex. 23** at 7).

---

[1] [redacted]

[2] Samsung never agreed to litigate the '912 patent in E.D. Tex. (*contra* Op. at 2); rather, Samsung stated it "intend[s] to request a transfer," and proposed schedule modifications.  Ex. 4 to Op.

| | |
|---|---|
| Date: October 12, 2022 | Respectfully submitted,<br><br>*/s/ Melissa R. Smith*<br>Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>DC Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>John W. Thornburgh<br>CA Bar No. 154627<br>thornburgh@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099<br><br>Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:  (903) 934-8450<br>Facsimile:   (903) 934-9257<br><br>*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.* |

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 12, 2022. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Melissa R. Smith*
Melissa R. Smith