**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:22-CV-293-JRG |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC., SAMSUNG SEMICONDUCTOR, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF NETLIST, INC.'S SUR-REPLY IN OPPOSITION TO**
**DEFENDANTS' MOTION TO SEVER, STAY, OR CONSOLIDATE (DKT. 20)**

Netlist's Sur-Reply in Opposition to Defendants'
Motion to Sever, Stay, or Consolidate
No. 21-cv-463-JRG (E.D. Tex.)

## **TABLE OF CONTENTS**

**Page**

I.    The First-to-File Rule Is Inapplicable ........................................................................1

II.   This Case Should Not Be Stayed Pending Appeal under Either *Nken* or *Landis* .................4

III.  Consolidation Is Not Appropriate Where It Would Require a Six-Month Delay................5

Netlist's Sur-Reply in Opposition to Defendants'
Motion to Sever, Stay, or Consolidate
No. 21-cv-463-JRG (E.D. Tex.)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ambato Media LLC v. Clarion Co., Ltd.*,
  No. 2:09-cv-242, 2012 WL 194172 (E.D. Tex. Jan 23, 2012) ................................................5

*Apple Inc. v. Samsung Elecs. Co.*,
  881 F. Supp. 2d 1132 (N.D. Cal. 2012)................................................................................5

*In re ASM Int'l, N.V.*,
  774 F. App'x 650 (May 23, 2019)........................................................................................3

*ConnecTel, LLC v. Cisco Systems, Inc.*,
  2005 WL 366966 (E.D. Tex. Feb. 16, 2005) ......................................................................3

*Document Generation Corp v. Allscripts, LLC*,
  2009 WL 2824741 (E.D. Tex. Aug. 27, 2009) ...................................................................2

*Intertrust Techs. Corp. v. Cinemark Holdings, Inc.*,
  2020 WL 6479562 (E.D. Tex. Sept. 30, 2020), *aff'd*, 839 F. App'x 476 (Dec. 17,
  2020)..............................................................................................................................3, 4

*Landis v. North American Co.*,
  299 U.S. 248 (1936).........................................................................................................4, 5

*In re Nitro Fluids L.L.C.*,
  978 F.3d 1308 (2020) ..........................................................................................................3

*Nken v. Holder*,
  556 U.S. 418 (2009)............................................................................................................4

*Reed v. City of Arlington*,
  650 F.3d 571 (5th Cir. 2011)...............................................................................................2

*Smartflash LLC v. Google, Inc.*,
  No. 6:14-cv-435, 2014 WL 11071872 (E.D. Tex. July 7, 2014) .........................................5

*In re Toyota Hybrid Brake Litig.*,
  2020 WL 6161495 (E.D. Tex. Oct. 21, 2020) .....................................................................2

*Uniloc 2017 LLC v. Samsung Elecs. Amer., Inc.*,
  No. 2:19-cv-359, 2020 WL 1433960 (E.D. Tex. Mar. 4, 2020) ..........................................4

Netlist's Sur-Reply in Opposition to Defendants'
Motion to Sever, Stay, or Consolidate
No. 21-cv-463-JRG (E.D. Tex.)

## I.     The First-to-File Rule Is Inapplicable

Judge Seeborg in the Northern District of California has made clear that he wants the suits against suppliers to proceed before the suit against Google. The '912 patent is an extremely important patent that was affirmed valid after a decade-long reexamination. *Google LLC v. Netlist, Inc.*, 19-1720, Dkt. 63 (Fed. Cir. June 15, 2020). Samsung and Micron are major suppliers of unlicensed infringing products in the market, and Netlist's suits against both are pending in this district. Samsung had every opportunity to intervene in the *Google Action*. Netlist repeatedly asked Samsung to take this step. Samsung refused. On October 17, 2022, Judge Seeborg extended the stay until "the resolution of [this E.D. Tex. Litigation], including any appeal thereof." Ex. 1 (N.D. Cal. Dkt. 338). Judge Seeborg has concluded that the first-filed rule is inapplicable to the Google case, and that instead the supplier/customer doctrine controls. *See* Dkt. 20-9 at 16-17 ("Turning to the customer suit exception… a shorter stay of 90 days is justified."); Ex. 1 (extending that stay in light of this litigation).

Judge Seeborg did not condition the stay on having the '912 patent's infringement action against Samsung proceed before him. Ex. 1 (N.D. Cal. Dkt. 338). This is consistent with the prior temporary stay order in favor of Samsung's DJ action on the '912 patent in Delaware. Dkt. 20-9. In other words, Judge Seeborg has already twice decided that the *Google Action* is not first filed and even if it were, the infringement action against Samsung need not be litigated in the same venue. Thus, Samsung's assertion that "the N.D. Cal. Court could conclude that the '912 case against Samsung should move forward first there" is mere speculation. *Contra* Reply at 3.

Ignoring those decisions, Samsung now argues that Netlist is judicially estopped from opposing its motion to sever the '912 patent. Reply at 1. Not so. During the Delaware briefing, Netlist mentioned multiple times that Samsung should have intervened in the *Google Action* if it wanted to defend its customers' use of the '912 patent. Judge Andrews agreed, dismissing Samsung's DJ action because if Samsung wanted to defend Google's rights, it could have and

Netlist's Sur-Reply in Opposition to Defendants'
Motion to Sever, Stay, or Consolidate
No. 21-cv-463-JRG (E.D. Tex.)

should have intervened in the *Google Action*. Dkt. 23-11 at 6. Samsung, however, declined to do so. Samsung thus cannot show that Netlist's current position is "plainly inconsistent with a prior position." *Cf. Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011). Given its decision not to intervene, Samsung cannot now fault Netlist for choosing a forum that is convenient for Samsung to resolve the dispute. *See Document Generation Corp v. Allscripts, LLC*, 2009 WL 2824741, at *2 (E.D. Tex. Aug. 27, 2009) (cautioning against chaining a Plaintiff to one jurisdiction, particularly where the case in that district is stayed). There is also no gamesmanship in Netlist's stipulation to stay the *Google Action*: Judge Seeborg's July stay order made it amply clear that he favors having the Samsung suit resolved before the *Google Action*. Netlist heard that preference loud and clear, and acted accordingly when Google wanted to extend the stay.

Many other reasons exist for denying Samsung's motion to sever. *First*, Samsung's Reply does not dispute that there is no precedent supporting its request to transfer an ongoing litigation to a venue with a stayed, allegedly "first-filed" action, particularly where that action has been stayed pending the present case's resolution. The stay of the *Google Action* eliminates any likelihood of conflict or duplication of work between the two cases, thus counseling against the application of the first-to-file rule. *See In re Toyota Hybrid Brake Litig.*, 2020 WL 6161495 at *9 (E.D. Tex. Oct. 21, 2020) (finding that "the perils that the first-to-file rule guard against will not arise" where earlier filed cases "already stayed their proceedings" pending the resolution of an issue in the present case, because by doing so, the earlier filed cases were "functionally operating as later-filed courts, thereby regarding [this] Court as the effective first-filed court.").

*Second*, keeping Netlist's '912 claims before this Court would ensure consistency. Judge Seeborg has not conducted a claim construction hearing or trial regarding the '912 patent. *Contra* Reply at 2 (stating the court has "many years" of experience). In fact, Judge Seeborg noted that "the history of the action prior to 2021 is of limited relevance at this juncture." Dkt. 20-9 at 17. On the other hand, this Court will be overseeing the dispute between Netlist and Micron over

Netlist's Sur-Reply in Opposition to Defendants'
Motion to Sever, Stay, or Consolidate
No. 21-cv-463-JRG (E.D. Tex.)

the '912 patent, and can ensure consistent application of claim constructions across both actions.

*Third*, retaining the '912 claim in this district promotes judicial efficiency. Contrary to Samsung's assertion that the suit with Micron has "no impact on the transfer inquiry," judicial efficiency is a consideration for motions to sever and transfer. In that regard, Samsung's reliance on *Nitro* is misplaced. There, the Federal Circuit did not hold that related co-pending litigation in the same court is completely irrelevant to the first-to-file analysis. *In re Nitro Fluids L.L.C.*, 978 F.3d 1308, 1312-13 (2020). To the contrary, the Federal Circuit noted that the district court "may be on stronger footing in concluding that judicial economy might favor keeping the case given that Cameron has a pending action against another defendant involving the same patents asserted here." *Id.* The Federal Circuit reversed the district court's decision in *Nitro* because the district court rested its decision on the incorrect "legal proposition that the first-to-file rule is only applicable when the balance of factors favors the first-filed court." *Id.* Thus, this Court can, and should, take into consideration the efficiency of overseeing this case and the case against Micron concerning the same patent.

*Fourth*, Samsung does not dispute that issues regarding the '912 patent in the *Google Action* and this case do not entirely overlap. Under such circumstances, if this Court is still inclined to determine whether the first-to-file rule applies, it has broad discretion to consider "the extent of the overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *In re ASM Int'l, N.V.*, 774 F. App'x 650, 652 (May 23, 2019). Here, the parties and asserted products in this Case and the *Google Action* are different, which weighs against transfer. *See ConnecTel, LLC v. Cisco Systems, Inc.*, 2005 WL 366966, at *3 (E.D. Tex. Fed. 16, 2005) (denying to transfer case despite transferee court's previous adjudication of one of the patents at issue because "[t]he present case involve[d] a different defendant and different products, so it [was] not in the interest of judicial economy to transfer."); *see also Intertrust Techs. Corp. v. Cinemark Holdings, Inc.*, 2020 WL 6479562 at *8 (E.D. Tex. Sept. 30, 2020), *aff'd*, 839 F. App'x 476 (Dec. 17,

Netlist's Sur-Reply in Opposition to Defendants'
Motion to Sever, Stay, or Consolidate
No. 21-cv-463-JRG (E.D. Tex.)

2020) (refusing to apply the first-to-file rule where "there is not an identify of parties or infringement allegations"). Samsung's attempt to distinguish *Intertrust Techs.* is misplaced. Samsung does not dispute that it sells accused products to customers other than Google or that it is not the sole supplier of Google. Opp. at 6; *see also* Dkt. 20-9 at 17 (Judge Seeborg observing Netlist's argument that "Samsung is not the only source from which Google obtains the accused DDR4 DIMMs" and deferring resolution of this issue).

**II.     This Case Should Not Be Stayed Pending Appeal under Either *Nken* or *Landis***

Courts in this district have distinguished the purpose of the four factor *Nken* test and the three factor *Lochner/Landis* test before. In *Uniloc*, the court explained that the four factor test is used "[w]hen resolving a motion to stay pending appeal," whereas "[d]istrict courts typically consider three factors when determining whether to grant a stay pending an IPR of an asserted patent." *Uniloc 2017 LLC v. Samsung Elecs. Amer., Inc.*, No. 2:19-cv-359, 2020 WL 1433960 at *2 (E.D. Tex. Mar. 4, 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The court accordingly used the four-factor test to determine whether to stay that case pending the resolution of the appeal of a related case between the plaintiff and another party. *Id.* Samsung thus is required to show likelihood of success on the Ninth Circuit appeal.

Samsung's failure to even address its likelihood of prevailing in the Ninth Circuit appeal is "fatal." *Id.* at *3. This is because any alleged simplification of issues would only result if the Ninth Circuit agrees with Samsung; but without analyzing how likely the Ninth Circuit would agree with its positions, Samsung is merely speculating that simplifications could result.

Furthermore, even under the *Landis* test, Samsung fails to show that a stay is appropriate. *First*, the Ninth Circuit appeal will not dispose of the case. Samsung does not dispute that the appellate decision will not dispose of Netlist's infringement claims asserted against Samsung's non-licensed products. *See* Opp. at 12. Nor does Samsung explain why this Court should wait to address any infringement disputes regarding these products until after the Ninth Circuit decision.

Netlist's Sur-Reply in Opposition to Defendants'
Motion to Sever, Stay, or Consolidate
No. 21-cv-463-JRG (E.D. Tex.)

Further, as discussed above, Samsung is unlikely to succeed on appeal and its allegation that a stay will simplify issues before this Court is mere speculation. *Second*, *Landis* requires that the movant "make out a clear case of hardship or inequity in being required to go forward." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). *Landis* further provides that the "burden of making out the justice and wisdom" of a stay is on the movant and thus Samsung must show that there is not a fair possibility that the stay will cause damage to Netlist. *Id.* at 256. This burden is not met by Samsung's vague dismissal of Netlist's right to enforce its patents as overly "generic." Reply at 5. Samsung's proposed stay would cause significant prejudice to Netlist's rights to enforce its patents as well as evidence preservation given Samsung's email auto-deletion policy. *See* Opp. at 12*; Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1134 (N.D. Cal. 2012) (noting Samsung's documents deletion policy); *Ambato Media LLC v. Clarion Co., Ltd.*, No. 2:09-cv-242, 2012 WL 194172 (E.D. Tex. Jan 23, 2012) at *1 (denying motion to stay because "a stay would effectively prevent [Plaintiff] from enforcing its patent rights" and "the witnesses may become unavailable, their memories may [fade], and evidence may be lost") (quotation omitted)).

III.    **Consolidation Is Not Appropriate Where It Would Require a Six-Month Delay**

Samsung argues that the scheduling differences in Samsung I and Samsung II are "slight." Reply at 5. Not so. The proposed six-month delay for Samsung I amounts to a 50% delay in case scheduling (from the date of scheduling conference). Courts in this district generally decline to consolidate cases where it would require a delay in the schedule of one of the cases. *Smartflash LLC v. Google, Inc.*, No. 6:14-cv-435, 2014 WL 11071872 at *2 (E.D. Tex. July 7, 2014) (declining to consolidate case where the movant requested to "extend the current case schedule—including the trial date—by five months.").

In fact, Samsung could not raise a single case rebutting Netlist's referenced authorities where courts in this District routinely deny consolidation for proceedings a couple months apart in their schedules. *See* Opp. at 14. Consolidation is improper.

Netlist's Sur-Reply in Opposition to Defendants'
Motion to Sever, Stay, or Consolidate
No. 21-cv-463-JRG (E.D. Tex.)

Dated: October 20, 2022

Respectfully submitted,

*/s/ Samuel F. Baxter*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 20, 2022, a copy of the foregoing was served to all counsel of record.

*/s/ Jennifer L. Truelove*
Jennifer L. Truelove

Netlist's Sur-Reply in Opposition to Defendants'
Motion to Sever, Stay, or Consolidate
No. 21-cv-463-JRG (E.D. Tex.)