## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC., SAMSUNG SEMICONDUCTOR, | ) | LEAD CASE |
| INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-294-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; MICRON | ) | |
| SEMICONDUCTOR PRODUCTS, INC.; | ) | |
| MICRON TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **PROTECTIVE ORDER**

WHEREAS, Plaintiff Netlist, Inc. ("Netlist") and Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC (collectively "Micron"), and Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Semiconductor, Inc. ("SSI") (collectively "Samsung"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

-1-

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). To the extent feasible, Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.    Any document produced under Patent Rules 2-2, 3-2, and/or 3-4, before issuance of this Order, with the designation "Confidential," "Confidential - Outside Attorneys' Eyes Only," or similar shall receive the same treatment as if designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.    With respect to documents, information or material designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the disclosure, and providing

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," both individually and collectively.

replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon. In the event of a disclosure of any Protected Material to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall promptly notify counsel for the producing Party whose Protected Material has been disclosed and shall cooperate in good faith to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

5.    Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

6.    "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as otherwise set forth herein:

(a)     outside counsel of record in this Action for the Parties and employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(b)     up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(c)     in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)     outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that

---

[2] For the purposes of this Order, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

consultant or expert. Upon receipt of such disclosure, the producing party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to that consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receiving the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for such a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(e)    independent litigation support services, including persons working for or as court reporters, stenographers, videographers, translators, graphics or design services, jury or trial consulting services (including mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential), and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(f)    the Court and its personnel;

(g)    any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(h)    any other person with the prior written consent of the producing Party.

7.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contain confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

8.    To the extent a producing Party has a good faith basis to conclude that certain Protected Material qualifying to be designated "CONFIDENTIAL" is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."  For the avoidance of doubt, "source code" includes (i) human-readable programming language text that defines or describes the software, firmware, hardware, and circuits (*e.g.*, Verilog and VHDL files) and (ii) files defining the physical arrangements of circuits such as circuit schematics, layouts, placement and routing information, netlists, and layers (*e.g.*, Graphic Database System (GDS), GDSII stream format, Design Exchange Format (DEF), Library Exchange Format (LEF), and LiveData files).  Source Code Material further includes the text of any comments associated with any of the foregoing, any files containing any of the foregoing, and all directory and folder structures in which such files are maintained.

9.      For Protected Material designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a) and 6(d)-6(h).

10.     For Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," the following additional restrictions apply:

(a)     Access to Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be limited to court reporters or videographers recording testimony or other proceedings in this action and to individuals listed in paragraphs 6(a) and 6(d)–(h), provided that such access is limited to up to six (6) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) per side who are retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 6(d) above, and provided further that Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code Material. If used during a deposition, the deposition record will identify the exhibit by its production numbers;

(b)     A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the documents containing Source Code Material are appropriately marked under the Protective Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. To the extent portions of Source Code Material are quoted in a document, either (1) the

entire document will be stamped and treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE";

(c)     Source Code Material that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the producing Party:

i.      Except as otherwise provided herein, or otherwise agreed by the Parties, Source Code Material may be made available for inspection: for Netlist, at the offices of its outside counsel; for Samsung, at the offices of its outside counsel; for Micron, at Micron Technology, Inc.'s facilities in Boise, Idaho. The parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the location(s) specified herein shall not unreasonably hinder the receiving Party's ability to effectively conduct the prosecution or defense of this Action.

ii.     All Source Code Material shall be made available by the producing Party to the receiving Party's outside counsel, consultants, and/or experts in a secure room(s) on at least two secured computers (including but not limited to in the ordinary course of business in which the material is viewed and stored), each having: at least a twenty-two inch monitor; a keyboard; and a mouse; and without Internet or any other network access to other computers

- 8 -

(except: (a) access to intranets shall be permitted only to the extent necessary to enable access to review tools or any Source Code Material; and (b) Internet access may be allowed to the extent permitted by the Producing Party) and on which all access ports (including, without limitation, USB, SDCard, or other storage or device ports) have been disabled, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code Material outside or away from the stand-alone computer(s) on which the Source Code Material is provided for inspection (the "Source Code Computer" in the "Source Code Review Room");

iii.    Except as otherwise provided herein, or otherwise agreed by the Parties, prior to the first inspection of any requested Source Code Material, the receiving Party shall provide seven (7) days' written notice of the first day on which it wishes to inspect the Source Code Material. The receiving Party shall provide three (3) days' written notice prior to the first day of any additional inspection;

iv.    The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  Inspections and access to the Source Code

Computer shall be permitted up until the last expert report is served or filed as required by the Docket Control Order, the Patent Rules, or other court order, unless receiving Party can demonstrate good cause;

v.  The producing Party shall provision the Source Code Computer(s) with search and review tools as reasonably requested and provided by the receiving Party. Examples of search and review tools that qualify as reasonably requested should they be provided by the receiving Party include the following or their substantial equivalents: dtsearch, 7zip, Understand, Notepad++, Beyond Compare, PowerGrep, ExamDiffPro, Cygwin (and relevant packages), grep, vim, Emacs, Python, Microsoft Visual Studio, Slick Edit, Eclipse, UltraEdit, Source-Navigator, Sloc, and XCode. The producing Party shall have the burden to move the Court and show that a search and review tool requested by the receiving Party is not a reasonably requested search and review tool appropriate for the type of Source Code Material. The receiving Party shall provide the license for the review tools, and either (a) installation files for such licensed software tool(s), or (b) instructions to download or otherwise obtain such licensed software tool(s) pursuant to the receiving Party's license.

vi.  The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the produced Source Code Material on the Source Code Computer(s). When inspecting Micron's Source Code Material being made available at a Micron facility, a Micron employee or representative may,

depending on the scope of the inspection, provide access to the Source Code Material.  Micron's employee or representative shall operate the Source Code Computer at the direction of receiving Party's outside counsel, consultants, or experts to facilitate the review.  The receiving Party's outside counsel, consultant, or expert may decline Micron's employee's assistance and shall only direct Micron's employee to provide access to materials within the scope of the technology at issue.  After Micron's employee has prepared and provided the Source Code Computer, Micron shall provide receiving Party's counsel, consultant, or expert access to Micron's Source Code Material;

vii.     The producing Party will produce Source Code Material in native, computer searchable format, with the filenames and relative filepath structures as they exist in the ordinary course of business—to the extent practicable—intact, on the Source Code Computer(s) as described above.  Minor changes to the source code structure from the native development environment caused by the collection process shall not be deemed a departure from this provision;

viii.    Except as set forth herein, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

ix.      If the receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, or photocopies thereof, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the

printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

x.    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(a) above to another person authorized under paragraph 10(a) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, FedEx or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as otherwise provided herein. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth herein and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Material may be loaded onto a stand-alone computer.  The producing Party shall, on request, make one of the Source Code Computer(s) containing or having remote access to the Source Code Material, or a secure computer

containing or having remote access to the Source Code Material, available at depositions of witnesses who would otherwise be permitted access to the Source Code Computer(s). The receiving Party shall make such requests ten (10) calendar days before the deposition. A producing Party shall make reasonable efforts to comply with such a request made less than ten (10) calendar days before a deposition, provided the request is made in good faith and could not reasonably under the circumstances have been made sooner;

xi.    During review of Source Code Material, the receiving Party (including its outside consultants and experts) shall be entitled to take notes relating to the Source Code Material but may not copy any lines of the Source Code Material into the notes. Each person authorized to access Source Code Material may use a single laptop computer for the sole purpose of typing notes related to source code review; provided, however, that said laptop has all picture taking, video recording, and external storage or copying capability and ports disabled, and provided further that, outside of the inspection, such notes are securely stored on the laptop by the receiving Party in a manner consistent with the provisions of this Order. No other electronic devices shall be permitted in the Source Code Review Room, including but not limited to laptops, floppy disks or drives, zip drives, cellular telephones, personal digital assistants, Blackberries, cameras, voice recorders, Dictaphones, telephone jacks, USB memory sticks, any other camera-enabled devices, CDs, portable hard drives, or any devices that can

access the Internet or any other network or external system. Nor shall any non-electronic devices capable of similar functionality be permitted in the Source Code Review Room. All persons entering the Source Code Review Room must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the Source Code Review Room;

xii.     The producing Party may monitor the activities of the receiving Party's representatives during any Source Code Material review, but only in a manner that does not risk exposing the receiving Party's work product. The producing Party shall not install any keystroke or other monitoring software on any Source Code Computer;

xiii.    The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, including documents reflecting information about Source Code Material, all of which shall be designated and clearly labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied. However, in no event may the receiving Party print more than 75 consecutive pages, or an aggregate total of more than 950 pages, of a producing Party's Source Code Material during the duration of the case without prior approval by the producing Party, which shall not be unreasonably withheld. The producing Party shall install on the Source Code Computer(s) tools that enable the creation of PDF printouts, e.g.,

Adobe Acrobat DC. The receiving Party shall not print Source Code Material in order to review blocks of Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to facilitate the preparation of the receiving Party's claims or defenses in this matter. Within three (3) business days of the receiving Party providing notice to the producing Party that PDF printouts have been prepared, the producing Party shall collect the PDF printouts and either (a) produce the printouts on paper bearing Bates numbers and the legend "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," or (b) inform the receiving Party whether it objects that the printed portions are excessive and/or not done for a permitted purpose. If the producing Party objects to the scope of the printed Source Code Material, the Parties shall meet and confer within two (2) business days following notification of an objection. If, after meeting and conferring, the producing Party and the receiving Party cannot resolve the objection, the producing Party must, within five (5) business days, seek a Court resolution of whether the printed Source Code Material in question is narrowly tailored and printed for a permitted purpose. The producing Party shall have the burden to move the Court and show that the printed portions are excessive and/or not done for a permitted purpose. . The printed

pages shall constitute part of the Source Code Material produced by the producing Party in this action;

xiv.    All persons who will review a producing Party's Source Code Material on behalf of a receiving Party, including members of a receiving Party's outside law firm, shall be identified in writing to the producing Party at least five (5) days in advance of the first time that such person reviews such Source Code Material. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code Material shall sign on each day they view Source Code Material a log that will include the names of persons who enter Source Code Review Room to view the Source Code Material and when they enter and depart. The receiving Party shall be entitled to a copy of the log upon three (3) day's advance notice to the producing Party;

xv.    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the receiving Party's outside counsel, consultants, and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The producing Party shall not be responsible for any items left in the Source Code Review Room following each inspection session, and the receiving Party shall have no expectation of confidentiality for any items left in the Source Code Review Room following each inspection session without a prior agreement to that effect. Government issued photo identification of all authorized persons shall be provided prior to any access to the Source Code

Review Room or any Source Code Computer. Access to the Source Code Review Room or the Source Code Computer may be denied, at the discretion of the producing Party, to any individual who fails to provide proper identification;

xvi. Other than as provided above, the receiving Party will not copy, remove, or otherwise transfer any Source Code Material from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code Material onto any recordable media or recordable device. The receiving Party will not transmit any Source Code Material in any way from the producing Party's facilities or the offices of its outside counsel of record.

11. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for two years after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE

MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit; provided, however, that such Ethical Walls are necessary only between persons who share the same employer.  Nothing in this provision shall preclude any person who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order from participating in any post-grant or reexamination proceeding (US or overseas), so long as such persons do not share any HIGHLY SENSITIVE MATERIAL with any individual involved with amending any claims and do not directly or indirectly assist in drafting, amending, or proposing for substitution patent claims in any post-grant proceedings. Notwithstanding the above, and solely after claim amendments are submitted in any such post-grant or reexamination proceeding, any such person may still, in submissions to and appearances at the proceeding, formulate reasons and argue for patentability of such claim amendments (that he or she did not participate in drafting).

12.    <u>No Cross-Production</u>.  No Defendant is required to produce its Protected Material or Plaintiff's responses to its discovery requests to any other Defendant or Defendants, but nothing in this Order shall preclude such production of discovery responses even if they are designated as containing Netlist's DESIGNATED MATERIAL. To the extent that any one of Defendants in this consolidated litigation provides Protected Material under the terms of this Protective Order to Plaintiff, Plaintiff shall not share Samsung's DESIGNATED MATERIAL with Micron and shall not share Micron's DESIGNATED

MATERIAL with Samsung, absent express written permission from the producing Defendant.

13.    Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any privileged or work product protected information (including documents) in this action shall not be deemed a waiver of any such privilege or protection.[3]  Any party or non-party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return.  If a receiving Party receives information that the receiving Party believes may be subject to a claim of privilege or protection from discovery, the receiving Party shall promptly identify the information to the producing Party.  When a producing Party identifies such information as privileged or protected, a receiving Party: 1) shall not use, and shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; 3) shall within five (5) business days of the producing Party's request: a) return the information and all copies thereof to the Producing Party; or b) destroy and confirm to the producing Party in writing that the information and all copies thereof have been destroyed.  No one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived.  Within fourteen (14) days after a producing Party or receiving Party identifies the information, and not thereafter, the receiving Party may file a motion to compel the production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has

---

[3] This 502(d) provision shall not protect a party's or non-party's affirmative use of its own information against waiver.

been waived by some act other than the production of the information in this action. The producing Party and the receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel. Notwithstanding this provision, no party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

14. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party, of a company affiliated with the producing Party, or of a third party who originally created or had access to the DESIGNATED MATERIAL; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED

MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL -ATTORNEY' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL - ATTORNEY' EYES ONLY" under this Protective Order.

17.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information, or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of

this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19.  A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.  Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

21.  To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

23.    Within sixty (60) days after the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, each Party must return all materials designated by any other producing Party under this Order to the producing Party, or destroy such material, including all copies thereof, and provide to the producing Party a written certification of compliance with this provision. Notwithstanding this provision, outside counsel for a party or non-party are entitled to retain archival copies of all pleadings, filings, or other documents served by or on any party, trial, deposition, and hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, and exhibits to any of these materials, even if such materials reflect materials designated under this Order.  Notwithstanding this provision, no Party shall be required to return or destroy any materials designated under this Order that may exist on any disaster recovery backup

- 23 -

system.  Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Order.

24.    The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

27.    Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery, evidentiary, or trial privilege or objection.

28. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

29. Nothing in this Order shall prevent or restrict a producing Party's own disclosure or use of its own "DESIGNATED MATERIAL" for any purpose.

30. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of DESIGNATED MATERIAL that Party must: (a) promptly notify in writing the producing Party (such notification shall include a copy of the subpoena or court order); (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order (such notification shall include a copy of this Stipulated Protective Order); and (c) cooperate with respect to all reasonable procedures sought to be pursued by the producing Party whose protected material may be affected.  If the producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any DESIGNATED MATERIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the producing Party's permission.  The producing Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC., SAMSUNG SEMICONDUCTOR, | ) | LEAD CASE |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-294-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; MICRON | ) | |
| SEMICONDUCTOR PRODUCTS, INC.; | ) | |
| MICRON TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

My current employer is _____.

My current occupation is _____.

2.      I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.


I declare under penalty of perjury that the foregoing is true and correct.


Signature _____


Date _____