UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S OPPOSED MOTION FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT AGAINST SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG SEMICONDUCTOR, INC.**

## TABLE OF CONTENTS

**Page**

I. FACTUAL BACKGROUND ................................................................................... 1

II. LEGAL STANDARD ............................................................................................. 3

III. ARGUMENT ........................................................................................................... 3

    A. Netlist's Motion for Leave to Amend Should Be Granted Under Rule 15(a) ............................................................................................................. 3

    B. Netlist's Amendment Is Supported by Good Cause ....................................... 7

IV. CONCLUSION ....................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Neuromodulation Sys. v. Advanced Bionics Corp.*,
  No. 4:04-cv-1312005 U.S. Dist. LEXIS 47693 (E.D. Tex. Jan. 28, 2005) .........................5

*Blue Calypso, Inc. v. Groupon, Inc.*,
  2013 WL 12141428 (E.D. Tex. July 19, 2013) ...................................................................7

*Carson v. Polley*,
  689 F.2d 562 (5th Cir. 1982) ..............................................................................................6

*Chitimacha Tribe of La. v. Harry L. Laws Co.*,
  690 F.2d 1157 (5th Cir. 1983) ............................................................................................3

*Cummins-Allison Corp. v. SBM Co., Ltd.*,
  2009 WL 10690598 (E.D. Tex. Oct. 21, 2009) ..................................................................6

*EMG Technology, LLC v. Vanguard Group, Inc.*,
  No. 6:12-cv-543, 2014 WL 12597427 (E.D. Tex. May 12, 2014) .....................................9

*Engstrom v. First National Bank*,
  47 F.3d 1459 (5th Cir. 1995) ..........................................................................................3, 4

*Foman v. Davis*,
  371 U.S. 178 (1962)............................................................................................................3

*H&R Block Tax Services, Inc. v. Jackson Hewitt Tax Service, Inc.*,
  2008 WL 11265109 (E.D. Tex. Dec. 23, 2008) .............................................................5, 8

*Hillman Grp. Inc. v. Keyme, LLC*,
  No. 2:19-CV-00209, 2020 WL 6938441 (E.D. Tex. Oct. 23, 2020)
  (Gilstrap, J.) .......................................................................................................................4

*Hydro-Quebec v. Valence Technology, Inc.*,
  2011 WL 13175075 (W.D. Tex. Nov. 1, 2011)..................................................................7

*LBS Innovs., LLC v. Aaron Brothers, Inc.*,
  2:11-cv-142, 2012 WL 12897919 (E.D. Tex. Nov. 9, 2012) .........................................8, 9

*Lyn-Lea Travel Corp. v. American Airlines, Inc.*,
  283 F.3d 282 (5th Cir. 2002) ..............................................................................................3

*Modern Grp. Ltd. v. Pinnacle Cos.*,
  No. 1-12-cv-43, 2013 WL 12139155 (E.D. Tex. Mar. 14, 2013)......................................6

*OnPoint Systems, LLC v. Protect Animals with Satellites, LLC*,
 No. 4:20-cv-657, 2021 WL 3140562 (E.D. Tex. July 26, 2021) ............................ 4, 5, 6, 8

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*,
 NA, 315 F.3d 533 (5th Cir. 2003) ................................................................................ 3, 4

*Tendler Cellular of Tex., LLC v. Mercedes-Benz USA, LLC*,
 No. 6:11-CV-178, 2012 WL 12905979 (E.D. Tex. Apr. 3, 2012) ..................................... 5

*Wiggins v. La. State Univ.-Health Care Servs. Div.*,
 710 F. App'x 625 (5th Cir. 2017) ..................................................................................... 7

**Rules**

Fed. R. Civ. P. 15 .......................................................................................................... 1, 3, 4, 6

Rule 12(b)(6) ......................................................................................................................... 7

Rule 16(b) ..................................................................................................................... 3, 4, 7

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Netlist, Inc. ("Netlist") respectfully requests that the Court grant Netlist leave to file its Second Amended Complaint ("SAC") against the Samsung Defendants[1] to assert an additional patent, U.S. Patent No. 10,268,608 (the '608 patent"). A copy of Netlist's SAC is filed with this motion as Exhibit 1(SAC); Ex. 2 (redline). The Samsung Defendants oppose Netlist's motion.

## I.      FACTUAL BACKGROUND

Netlist filed its original complaint against Samsung in this action on August 1, 2022, alleging that Samsung infringes U.S. Patent No. 7,619,912 (the "'912 patent") by making, using, selling, offering to sell and/or importing into the United States infringing DDR4 registered dual in-line memory modules ("RDIMMs") and load-reduced dual in-line memory modules ("LRDIMMs"). Dkt. 1 ¶¶ 30. Netlist filed its First Amended Complaint ("FAC") on August 15, 2022, adding allegations that Samsung's DDR4 LRDIMMs also infringed U.S. Patent Nos. 11,093,417 (the '417 patent") and 9,858,215 (the '215 patent"). Dkt. 12 ¶¶ 38, 48.

On September 1, 2022, SEA and SSI received a thirty day extension to answer Netlist's FAC, and submitted their joint answer on October 10, 2022. Dkt. 29. On October 21, 2022, this case was consolidated with the mirror-image suit between Netlist and Micron in this district. Dkt. 39. A scheduling conference was held on November 17, 2022; the parties jointly submitted a docket control order on December 1, 2022. Accordingly, this case is in its very early stages: very limited discovery has occurred, Samsung has not served its invalidity contentions, and SEC did not file its answer to the FAC until November 29, 2022. Dkt. 51.  And the Samsung Defendants filed the First Amended Answer on January 10, 2023.

---

[1] The "Samsung Defendants" are Samsung Electronics Co., Ltd. ("SEC", Samsung Electronics America, Inc. ("SEA"), and Samsung Semiconductor, Inc. ("SSI") (collectively, "Samsung").

In its SAC, Netlist seeks to add allegations that Samsung's DDR4 LRDIMMs infringe the '608 patent. The '608 patent is generally directed to timing improvements for data signal transmission through a data buffer in a distributed data buffer architecture via delaying a data signal through a data path that corresponds to a data signal line. *See, e.g.*, Ex. 3 ('608), cl. 1. Adding the '608 patent against Samsung in this case would result in efficiencies for both the Court and the parties, given that it involves related technology to the patents already asserted in the FAC, and is being asserted against the same product (i.e., Samsung DDR4 LRDIMMs).

Shortly after Netlist filed its FAC in this case, Samsung and Micron filed a succession of dilatory motions across all four pending cases in this district.[2] *Netlist v. Samsung*, No. 21-cv-463, Dkt. 74 (Samsung I Motion to Stay, filed August 30, 2022); *Netlist, v. Micron*, No. 22-cv-203, Dkt. 28 (Micron I Motion to Sever and Stay, filed September 2, 2022); *Netlist v. Micron*, No. 22-cv-294, Dkt. 21 (Micron II Motion to Stay, filed Sept. 12, 2022); Dkt. 20 (Samsung II motion to stay, filed September 20, 2022).[3] Among other, Samsung argues that Netlist's patent infringement cases should be stayed based on a pending Ninth Circuit appeal from a judgment of the Central District Court of California, which found Netlist properly terminated the Joint Development and License Agreement between Netlist and Samsung as of July 2020 because of Samsung's material breach. *Netlist v. Samsung*, No. 20-cv-993 (C.D. Cal.). According to Samsung, the pending appeal may dispose all patent infringement cases between the parties. However, on January 19, 2023, this Court denied the Samsung I Motion to Stay based on the pending appeal. *Samsung I*, Dkt. 179.

---

[2] Prior to consolidation, there were four pending cases between Samsung and Micron in this district: *Netlist, Inc. v. Samsung Electronics Co., Ltd.*, No. 2:21-cv-463 (E.D. Tex. ("Samsung I"); *Netlist, Inc. v. Micron Technology, Inc.*, No. 2:22-cv-203 (E.D. Tex.) "Micron I"); the present case, and the now consolidated *Netlist, Inc. v. Micron Technology, Inc.*, 22-cv-294 (E.D. Tex.) ("Micron II").

[3] Netlist first informed Samsung of its intent to add the '608 patent and circulated a draft of this motion on December 27, 2022. Ex. 4. Samsung opposed the motion on January 12, 2023. *Id.*

In light of this Court's January 19 Order, and to more efficiently address the parties' infringement disputes relating to overlapping accused products, Netlist seeks leave to amend its complaint to add the '608 patents.

## II. LEGAL STANDARD

Rule 15(a) provides that leave to amend shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). The well-settled law of the Fifth Circuit holds that the language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1983)). Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Rule 16(b) applies to determining whether leave to amend pleadings should be granted when the deadline for doing so has already passed. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). In determining whether good cause exists to support an amendment, the court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d 533, 536.

## III. ARGUMENT

### A. Netlist's Motion for Leave to Amend Should Be Granted Under Rule 15(a)

Rule 15 applies to this motion. Netlist's proposed amendment is not required to satisfy the "good cause" requirement of Rule 16(b) because the deadline to amend pleadings has not

passed, and is in fact seven months away. Dkt. 55 at 4 (deadline to file amended pleadings is set for July 20, 2023); *see S&W Enters.*, 315 F.3d at 536 (Rule 16(b) only applies "after a scheduling order deadline has passed."). Recent decisions by courts in this District have applied Rule 15(a) when adding a patent, even when the motion to amend was filed very close to the deadline to amend pleadings. *See OnPoint Sys., LLC v. Protect Animals with Satellites, LLC*, No. 4:20-cv-657, 2021 WL 3140562, at *2 (E.D. Tex. July 26, 2021) (applying Rule 15(a) to determine whether to add patent based on motion to amend filed on "the same day as the court-ordered deadline to amend").[4] Netlist's motion for leave to amend "shall be freely given" because Samsung does not face any prejudice as a result of Netlist's proposed amendment; there is no undue delay, bad faith, or dilatory motive behind Netlist's proposed amendment; and Netlist's amendment is not futile.

**First**, this case is still at an early stage. Samsung Defendants filed their First Amended Answer less than two weeks ago. Dkt. 61. Samsung Defendants have not served their invalidity contentions. Dkt. 55 at 4. Substantive discovery has not yet begun, and the parties' deadline to submit joint claim construction statement is not due until July 13, 2023. Discovery for claim construction is set to complete by August 10, 2023. The Markman hearing is set for October 5, 2023, and trial will not start until April 15, 2024. Dkt. 55. Due to the very early stage of this case, there is no potential prejudice to Samsung in allowing Netlist's amendment. *See OnPoint Sys.,* 2021 WL 3140562 at *2 (finding no undue prejudice where "[d]iscovery is still in its beginning stages and so it would not have to reopen, merely continue."). Further, Netlist provided its intent to assert the 608 patent on December 27, 2022, a month before Samsung Defendants' deadline to

---

[4] Netlist expects that Samsung will argue that Rule 16 rather than Rule 15 applies here because the amendment of Netlist's complaint would require amendment to the current deadline for Netlist to serve its preliminary infringement contentions. However, this Court has not adopted that theory. *See Hillman Grp., Inc. v. Keyme, LLC*, No. 2:19-CV-00209, 2020 WL 6938441 *2 (E.D. Tex. Oct. 23, 2020) (Gilstrap, J.) (declining to resolve conflict over whether plaintiff needed to satisfy Rule 16(b) to add new patents).

serve its invalidity contentions. Netlist is also amenable to a reasonable extension of Samsung's deadline to file its invalidity contentions to accommodate the newly added '608 patent. *See Tendler Cellular of Tex., LLC v. Mercedes-Benz USA, LLC*, No. 6:11-CV-178, 2012 WL 12905979, *1 (E.D. Tex. Apr. 3, 2012) (finding amendment to add new patent would not be unduly prejudicial because claim construction and trial were over six months away and "Tendler has asserted that it is amenable to modifying any existing deadlines or discovery obligations in order to accommodate the addition of the '117 patent").

**Second**, Netlist's amendment is not the result of undue delay. Both the '608 patent and current patents-in-suit are asserted against Samsung's accused infringing DDR4 LRDIMMs. *See* Ex. 1; Dkt. 12. Thus, allowing Netlist to add the '608 patent to this case, rather than requiring it to file a new case, will allow the parties to adjudicate Netlist's infringement claims involving Samsung's DDR4 LRDIMMs in a prompt and efficient manner. *See Advanced Neuromodulation Sys. v. Advanced Bionics Corp.*, No. 4:04-cv-1312005 U.S. Dist. LEXIS 47693 *8 (E.D. Tex. Jan. 28, 2005) (granting leave to add "two new and related patents"); *see also H&R Block Tax Servs., Inc. v. Jackson Hewitt Tax Serv., Inc.*, 2008 WL 11265109, *3 (E.D. Tex. Dec. 23, 2008) (granting leave to add new patent because there was factual overlap and a common inventor between the new patent and already asserted patents, "[t]he alternative would be for Plaintiff to file a second lawsuit against Defendant accusing the [new product] of infringement of the [new patent]," and "a single consolidated *Markman* briefing schedule, hearing, pretrial, and trial that includes the '425 patent [would] conserve both party and judicial resources.").

Netlist's motion to amend is timely. Between August 30 and September 20, 2022, Samsung and Micron filed a succession of dilatory motions in all four cases pending in this district. *See supra* 2. In the midst of the briefing for these motions—two of which were based on

a stayed action between Micron and Netlist in the WDTX involving the '608 patent[5]—Netlist did not think it was appropriate to move to add the '608 patent to this action. Micron withdrew its motions related to the '608 patent on October 12, 2022. After this case was consolidated with *Micron II* on October 21, 2022, the same day briefing was completed on Samsung's dilatory motion in the present case, Netlist promptly began preparing to file this motion. Netlist is filing this motion well before the July 20, 2023 deadline for amending pleadings. *See OnPoint Sys.*, 2021 WL 3140562, at *2 (finding undue delay factor weighed in favor of granting motion because "Federal courts within the Fifth Circuit have found that there is a presumption of timeliness if the movant files its motion to amend by the court-ordered deadline") (internal quotations omitted). Additionally, while the timing of a patentee's assertion is one factor to consider under Rule 15, "merely because a claim was not presented as promptly as possible does not vest the court with authority to punish the litigant." *Cummins-Allison Corp. v. SBM Co., Ltd.*, 2009 WL 10690598, *1 (E.D. Tex. Oct. 21, 2009) (citing *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982)).

Moreover, claim construction discovery is set to complete by August 10, 2023 (over seven months away) and the Markman hearing is scheduled to October 2023. Dkt. 53. Thus, adding the '608 patent now will not require further claim construction or any other undue delay. *Cf. Modern Grp. Ltd. v. Pinnacle Cos.*, No. 1-12-cv-43, 2013 WL 12139155, *2 (E.D. Tex. Mar. 14, 2013) (denying motion for leave to amend because "the court has already held the *Markman* hearing, issued a claim construction order, and scheduled dispositive motions"); *see also Hydro-Quebec v. Valence Tech., Inc.*, 2011 WL 13175075, *4 (W.D. Tex. Nov. 1, 2011) (denying motion to add new patents because "further claim construction at this late date would cause undue delay").

**Third**, there is no evidence of bad faith or dilatory motive behind Netlist's proposed amendment. Netlist seeks to add the '608 patent to this case because it has reason to believe

---

[5] *Netlist, Inc. v. Micron Tech., Inc. et. al.*, No. 22-cv-136, 22-cv-134 (W.D. Tex.).

Samsung's DDR4 LRDIMMs infringe, and it would be inefficient to litigate this case elsewhere or file a new case against Samsung when this case involves the same parties and same accused products.

**Fourth,** given the specificity of the allegations in the proposed SAC, Netlist's amendment is not futile. "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 628 (5th Cir. 2017). Accepting as true all of the well-pleaded facts in Netlist's complaint, as is required under Rule 12(b)(6), Netlist has pled sufficiently specific facts to state a claim, including the specific Samsung products alleged to infringe the '608 patent and what aspects of those products infringe.

### B.   Netlist's Amendment Is Supported by Good Cause

In the event the Court decides Rule 16(b) does apply, Netlist's motion for leave to amend is supported by good cause. The proposed amendment is important because Netlist seeks to vindicate its patent rights with respect to the '608 patent, and doing so in another case would be inefficient given the overlap between the accused products and the similarity of the technology in the patents-at-issue to the '608 patent. *See Blue Calypso, Inc. v. Groupon, Inc.*, 2013 WL 12141428, *1 (E.D. Tex. July 19, 2013) (granting leave to amend under Rule 16(b) and finding that "[b]ecause the technology in the new patents generally covers the already asserted patents…the amendment [is] important and necessary for the proper resolution of this case"). Samsung's DDR4 LRDIMMs are accused of infringing all of the patents-at-issue in this case, and Netlist seeks to assert the '608 patent against this same class of products. Further, the specific DDR4 LRDIMM products accused of infringing the '417 and '215 patents are the same products Netlist contends infringe the '608 patent. In sum, "the importance of efficiency and conserving party and judicial resources, on balance, outweighs the minimal prejudice Defendant will face as a result of the

addition of the [new] patent." *H&R Block Tax Servs.*, 2008 WL 11265109, at *3 (granting leave to add new patent under 16(b)).

As discussed above, *supra* 6, Netlist's proposed Second Amended Complaint will not cause any undue prejudice to Samsung due to the early stage of this case. Moreover, "the current trial setting provides adequate time to address any issues that might arise." *LBS Innovs., LLC v. Aaron Brothers, Inc.*, 2:11-cv-142, 2012 WL 12897919, at *3 (E.D. Tex. Nov. 9, 2012) (granting leave to amend when trial was two months away and finding that where granting leave to amend "would not inevitably delay trial or any other deadline… the availability of a continuance… is a neutral consideration"). The claim construction hearing is not scheduled until October 5, 2023; fact discovery closes on November 13, 2023; dispositive motions are due January 8, 2024; and trial is not scheduled to begin until April 15, 2024. Dkt. 53. In light of this trial schedule, any theoretical prejudice Samsung may face as a result of this amendment could easily be cured through the submission of amendment to the DCO without moving the "good cause" dates. *See H&R Block Tax Servs.*, 2008 WL 11265109 at *3 ("Given the factual overlap [between the new patent and already asserted patents] and the significant period of time before either the *Markman* hearing or trial, any prejudice Defendant may suffer from the addition of the [new] patent can be alleviated by modifying the Court's DCO."); *OnPoint Sys.*, 2021 WL 3140562, at *2 (granting leave to amend where "any prejudice [could] be cured by the parties submitting a joint amended scheduling order").

The final factor—explanation for the failure to timely move for leave to amend—is not applicable because Netlist's motion to amend is timely. The deadline to amend pleadings has not passed. Additionally, as explained above, *supra* 5-6, Netlist filed this motion as soon as was appropriate given the circumstances of this case and the related cases between Netlist, Samsung, and Micron. However, given the early stage of this case, and the importance of this amendment, the court should find good cause even if it finds Netlist's explanation unsatisfying. *See EMG Tech.,*

- 8 -

*LLC v. Vanguard Grp., Inc.*, No. 6:12-cv-543, 2014 WL 12597427, *3 (E.D. Tex. May 12, 2014) (granting leave to amend because discovery had not yet closed, meaning "EMG had opportunity to inquire about AutoZone's position" and there was thus no prejudice); *LBS Innovs.*, 2012 WL 12897919, at *3 (granting leave to amend despite plaintiff's failure to adequately explain delay based on other factors).

### IV.   CONCLUSION

Accordingly, Netlist respectfully requests that the Court grant its motion for leave to amend its complaint.

Dated: January 20, 2023                              Respectfully submitted,

*/s/ Jason G. Sheasby*
Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com

**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (CA #205455)
jsheasby@irell.com
Annita Zhong (CA #266924)
hzhong@irell.com
Jonathan Lindsay (CA #208840)
jlindsay@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**

1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199
***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on January 20, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties' met and conferred on the subject matter of this Motion and Samsung Defendants opposed Netlist's motion for leave to amend on January 12, 2023.

*/s/ Jason Sheasby*
Jason Sheasby