# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br>(Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

## NETLIST, INC.'S UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT ITS P.R. 3-1 AND 3-2 DISCLOSURES

Pursuant to Local Patent Rule 3-6(b), Plaintiff Netlist, Inc. ("Netlist") respectfully files this Unopposed Motion to Supplement Its P.R. 3-1 and 3-2 Disclosures. Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively "Samsung"), Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC (collectively "Micron") do not oppose Netlist's motion.

## I.     LEGAL STANDARD

Under P.R. 3-6(b), leave to amend or supplement infringement contentions may be granted "upon a showing of good cause."  In determining whether good cause supports an amendment, courts consider: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1036 (Fed. Cir. 2015) (applying P.R. 3-6(b)) ((*citing Alexsam Inc. v. IDT Corp.*, 2011 WL 108725, at *1 (E.D. Tex. Jan. 12, 2011)).  This district's local rules "do not require the parties to litigate the case in the contentions." *Harris Corp. v. Huawei Device, USA, Inc.*, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 6, 2019).  Indeed, "[i]t is expected that during the course of discovery, infringement contentions may be clarified or refined." *Id.*  "Diligence is a factor, but it is not a threshold requirement that must be evaluated in a vacuum . . . ." *Keranos, LLC v. Silicon Storage Tech., Inc.*, No. 2:13-cv-17, 2018 WL 574867, at *2 (E.D. Tex. Jan. 26, 2018).

## II.     ARGUMENT

Good cause exists for Netlist to supplement the infringement contentions.

*First*, Netlist diligently sought to supplement its infringement contentions only after a thorough investigation uncovered previously undiscovered documents.  Netlist served its original infringement contentions on November 17, 2022.  In the time since serving those contentions, Netlist has located evidence relevant to the reduction to practice and conception of the patents-in-suit, as well as documents evidencing Netlist products that practiced one or more claims of the patents-in-suit.  Netlist promptly produced these documents to Samsung and Micron shortly thereafter, on January 21, 2023, and stated its intent to amend its infringement contentions to supplement P.R. 3-1 and P.R. 3-2 disclosures.  Netlist had been

diligently searching for relevant documents. It took substantial time to find them because they relate to older products that are no longer on sale.

***Second***, the supplementation of the infringement contentions is important. Documents that reflect the conception and reduction to practice of the patents-in-suit may be necessary to support the validity of the patents-in-suit, as they support earlier priority dates. In addition, documents identifying products that practice the patents-in-suit are important to the invention story of Netlist's patents, and are potentially relevant to Samsung and Micron's willful infringement, for example, if Samsung or Micron had been aware of those practicing products.

***Third***, Samsung and Micron will not suffer any prejudice as a result of Netlist's supplemental PICs, as evidenced by the lack of opposition to this motion. This case is still at an early stage. The deadline for filing opening claim construction briefs is August 24, 2023, seven months from the time Netlist disclosed its supplemental PICs. Dkt. 66 at 4. The Court's *Markman* hearing is set for October 5, 2023; discovery is set to complete on November 13, 2023; and trial is set to start next year on April 15, 2024. *Id.* at 1-4. As such, the parties still have ample time to address the issues raised in Netlist's supplemental PICs. Further, the parties have agreed to extend the deadline for the defendants to serve their invalidity contentions for 10 weeks to address Netlist's supplemental 3-1 and 3-2 disclosures. Courts routinely grant motion for leave to amend when the defendants would not suffer any prejudice because the proposed amendment is made at the early stage of the litigation. *See Harris Corp.*, 2019 WL 4247067, at *3 (there is little if any prejudice where "[t]he case is still at an early stage—the *Markman* hearing has not occurred, discovery has not been completed, and the deadline for disclosing experts has not passed"); *Traxcell Techs., LLC v. AT&T, Inc.*, 2018 WL 6329385, at *2 (E.D. Tex. Dec. 4, 2018) (any "prejudice would be limited because the litigation is in its early stages. . .").

*Fourth*, other than the defendants' deadline to serve invalidity contentions, no other deadlines set by this Court needs to be amended due to Netlist's supplemental disclosures. Thus, this factor also weighs in favor of or is neutral to granting Netlist's leave to amend. *See TiVo, Inc. v. Verizon Communications, Inc.*, 2012 WL 2036313, at *3 (E.D. Tex. June 6, 2012) ("Because the Court finds that Verizon will not be prejudiced by the amendment, the Court need not address the availability of a continuance to cure prejudice.").

### III.   CONCLUSION

Netlist respectfully requests that the Court grants it leave to serve the First Supplemental Preliminary Infringement Contentions on Micron and Samsung.

Dated: February 2, 2023                                         Respectfully submitted,

/s/ Jason G. Sheasby
Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com

**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (CA #205455)
jsheasby@irell.com
Annita Zhong (CA #266924)
hzhong@irell.com
Jonathan Lindsay (CA #208840)
jlindsay@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com

Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199
*Attorneys for Plaintiff Netlist, Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel have complied with the meet and confer requirement in Local Rule CV-7(h) and this Court's Orders and that defendants do not oppose the motion.

/s/ *Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on February 2, 2023 on all counsel who have consented to electronic service.

/s/ *Yanan Zhao*
Yanan Zhao