UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC. | Civil Case No. 2:22-cv-00293-JRG |
| Plaintiff, | (Lead Case) |
| | **JURY TRIAL DEMANDED** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD, et al. | |
| Defendants. | |
| NETLIST, INC. | Civil Case No. 2:22-cv-00294-JRG |
| Plaintiff, | (Member Case) |
| | **JURY TRIAL DEMANDED** |
| v. | |
| MICRON TECHNOLOGY TEXAS, LLC, et al. | |
| Defendants. | |

**SAMSUNG'S OPPOSITION TO NETLIST'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. 62)**

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................ i

TABLE OF AUTHORITIES .................................................................................................... ii

TABLE OF ABBREVIATIONS ............................................................................................. iv

TABLE OF EXHIBITS ............................................................................................................ v

I.      INTRODUCTION ......................................................................................................... 1

II.     FACTUAL BACKGROUND ........................................................................................ 2

        A.      Netlist Unjustifiably Delayed Asserting the '608 Patent Against Samsung .......... 2

                1.      April 2021: Netlist Sues Micron on the '608 Patent in WDTX ................. 2

                2.      December 2021: Netlist Sues Samsung on the '506 Patent in EDTX ........ 3

                3.      The '608 Patent Is Essentially the Same as the First Case '506 Patent ...... 3

                4.      May-July 2022: Netlist Added Other Patents to the First Case ................. 4

                5.      August-December 2022: Netlist Sues Samsung on Other Patents.............. 5

        B.      Netlist Informed Samsung of Its Intent To Assert the '608 Patent After
                Samsung's Motion To Strike Documents in the First Case ................................... 5

                1.      December 2022: Netlist Expresses Its Intent To Assert the '608 Patent
                        After Samsung Files a Motion To Strike Documents in the First Case ...... 5

                2.      January 2023: Netlist Files Its Motion To Amend After the Court
                        Strikes Netlist's Documents from the First Case ........................................ 5

III.    ARGUMENT .................................................................................................................. 6

        A.      This Court Should Deny Netlist's Motion Because the Rule Against Claim
                Splitting Prevents Netlist from Asserting the '608 Patent Here ............................ 6

        B.      This Court Should Not Allow Netlist To Circumvent the Deadlines and
                Evidentiary Rulings in the First Case ................................................................... 9

        C.      Netlist Cannot Show Good Cause To Add the '608 Patent ................................. 10

                1.      Rule 16(b) Governs Netlist's Motion and Requires Good Cause............ 11

                2.      Netlist Cannot Show Good Cause To Add the '608 Patent ..................... 12

IV.     CONCLUSION ............................................................................................................ 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acumed LLC v. Stryker Corp.*,
    525 F.3d 1319 (Fed. Cir. 2008).................................................................................7

*Aero Prods., Int'l Inc. v. Intex Recreation Corp.*,
    466 F.3d 1000 (Fed. Cir. 2006).............................................................................15

*Ameritox, Ltd. v. Aegis Scis. Corp.*,
    No. 3:08-cv-1168-D, 2009 WL 305874 (N.D. Tex. Feb. 9, 2009) ...........................6

*Catalina Lighting, Inc. v. Lamps Plus, Inc.*,
    295 F.3d 1277 (Fed. Cir. 2002)...............................................................................15

*Earlie v. Jacobs*,
    745 F.2d 342 (5th Cir. 1984) ...................................................................................10

*Filgueira v. U.S. Bank Nat'l Ass'n*,
    734 F.3d 420 (5th Cir. 2013)............................................................................11, 12

*Gillig v. Nike, Inc.*,
    602 F.3d 1354 (Fed. Cir. 2010)...........................................................................7, 9

*Halbert v. City of Sherman*,
    33 F.3d 526 (5th Cir. 2005) .....................................................................................12

*Hillman Group, Inc. v. Keyme, LLC*,
    No. 2:19-cv-209, 2020 WL 6938441 (E.D. Tex. Oct. 23, 2020)............................12

*Houston Prof'l Towing Ass'n v. City of Houston*,
    812 F.3d 443 (5th Cir. 2016) .....................................................................................7

*Lone Star WiFi LLC v. Legacy Stonebriar Hotel, Ltd.*,
    No. 6:13-cv-530, 2013 WL 12142378 (E.D. Tex. Oct. 15, 2013)...........................10

*Lonzano v. Ocwen Fed. Bank, FSB*,
    489 F.3d 636 (5th Cir. 2007) ...................................................................................14

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*,
    58 F.3d 616 (Fed. Cir. 1995)...........................................................................6, 7, 9

*OnPoint Systems, LLC v. Protect Animals with Satellites, LLC*,
    No. 4:20-cv-657, 2021 WL 3140562 (E.D. Tex. July 26, 2021) .......................12, 13

*In re PersonalWeb Techs. LLC*,
    961 F.3d 1365 (Fed. Cir. 2020)..................................................................................7

*Senju Pharm. Co. v. Apotex Inc.*,
746 F.3d 1344 (Fed. Cir. 2014)..................................................................................7

*SimpleAir, Inc. v. Google LLC*,
884 F.3d 1160 (Fed. Cir. 2018)..............................................................................7, 8

*U.S. ex rel. Spicer v. Westbrook*,
751 F.3d 354 (5th Cir. 2014) .................................................................................12

*Squyres v. Heico Cos., L.L.C.*,
782 F.3d 224 (5th Cir. 2015) ............................................................................12, 14

*Sybase, Inc. v. Vertica Sys., Inc.*,
No. 6:08-cv-24, 2009 WL 4574690 (E.D. Tex. Nov. 30, 2009).............................11

*Topalian v. Ehrman*,
954 F.2d 1125 (5th Cir. 1992) ...............................................................................14

*Uniloc USA, Inc. v. Distinctive Devs., Ltd.*,
No. 6:12-cv-462-RWS, 2016 WL 11485612 (E.D. Tex. Dec. 13, 2016) ...............12

*VirnetX, Inc. v. Cisco Sys., Inc.*,
767 F.3d 1308 (Fed. Cir. 2014)................................................................................9

**Other Authorities**

Fed. R. Civ. P. 14 ....................................................................................................11

Fed. R. Civ. P. 15 ..................................................................................1, 10, 12, 14

Fed. R. Civ. P. 16 ........................................................................................11, 12, 13

### TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| First Case | *Netlist, Inc. v. Samsung Elecs. Co., Ltd., et al.*, No. 2:21-cv-463 (E.D. Tex.) |
| JEDEC | JEDEC Solid State Technology Association |
| LRDIMM | Load Reduced DIMM or Load Reduced Dual In-line Memory Module |
| SEC | Samsung Electronics Co., Ltd. |
| SEA | Samsung Electronics America, Inc. |
| SSI | Samsung Semiconductor, Inc. |
| '506 Patent | U.S. Patent No. 10,860,506 |
| '608 Patent | U.S. Patent No. 10,268,608 |

## TABLE OF EXHIBITS

| Ex. | Description |
|---|---|
| Ex. 1 | *Netlist, Inc. v. Micron*, No. 6:21-cv-431, Dkt. 1 (W.D. Tex. Apr. 28, 2021) |
| Ex. 2 | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 1 (E.D. Tex. Dec. 20, 2021) |
| Ex. 3 | '506 Patent |
| Ex. 4 | '506 Patent Prosecution History (excerpts) |
| Ex. 5 | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 34 (E.D. Tex. June 7, 2022) (Docket Control Order) |
| Ex. 6 | January 21, 2023 E-mail from Yanan Zhao |
| Ex. 7 | *OnPoint Systems, LLC v. Protect Animals with Satellites, LLC*, No. 4:20-cv-657, Dkt. 23 (E.D. Tex. Apr. 13, 2021) |
| Ex. 8 | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 23 (E.D. Tex. May 3, 2022) |

## I.      INTRODUCTION

Netlist's motion should be denied for several reasons.  First and most importantly, the law does not permit repeated bites at the same legal apple.  Netlist's motion seeks to add U.S. Patent No. 10,268,608, which is essentially the same as a patent alleged in *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463 ("First Case")—U.S. Patent No. 10,860,506.  Moreover, Netlist seeks to accuse the very same DDR4 LRDIMM products at issue in the First Case.  The rule against claim splitting bars Netlist from asserting the same claims in a second case—to hold otherwise would risk double recovery for the same operative facts.  The near identical nature of the two patents is clear given that Netlist filed a terminal disclaimer in the '506 patent prosecution to overcome a double-patenting rejection over the '608 patent in which the examiner determined that the claims of the two patents are not patentably distinct.  Permitting Netlist to assert the '608 patent here is an impermissible split claim, and would allow Netlist to have a second bite and double recovery that the law prohibits.

Second, Netlist is plainly attempting to circumvent this Court's ruling in the pending First Case finding that Netlist negligently failed to disclose certain conception evidence and contentions.  Rather than accept this Court's judgment and reform its actions, Netlist is now attempting to erase that ruling by adding the same claims to this case and impermissibly declaring a "do-over" for its stricken evidence and contentions.

Third, Netlist cannot show the requisite good cause for amending the complaint to add a patent.  Netlist seeks to circumvent the good cause requirement by asserting that the more permissive standard of Rule 15 governs; however, the scheduling order in this case explicitly requires leave of Court if "the amendment seeks to assert additional patents."  Dkt. 55.  And Netlist cannot show good cause, as it missed numerous opportunities to assert the '608 patent if it truly believed it was deserving of separate relief.  For example, almost two years ago, Netlist

asserted the '608 patent against Micron before Judge Yeakel, based on alleged compliance with the same JEDEC standards that it alleges in its proposed amended complaint.  Netlist could have asserted the '608 patent against Samsung then, or when it asserted the nearly identical '506 patent against Samsung in 2021.  Netlist later amended that 2021 case to add two other patents, but made no mention of the '608.  Netlist then failed to assert the '608 when it filed the instant case in August 2022, and failed to assert the '608 when it then amended its complaint to assert two more patents two weeks later.  Netlist's complete lack of diligence should not be condoned.

## II.    FACTUAL BACKGROUND

Netlist has known of the '608 patent and the functionality of Samsung's DDR4 LRDIMM products for years.  Netlist's recent litigation campaign includes several cases pending in the EDTX and WDTX against Samsung and Micron (and pending litigation in California, Germany, and Delaware, involving Samsung, Micron, and Google)—this background summarizes only those cases pertinent to Netlist's instant motion.

### A.    Netlist Unjustifiably Delayed Asserting the '608 Patent Against Samsung

#### 1.    April 2021: Netlist Sues Micron on the '608 Patent in WDTX

On April 28, 2021, Netlist asserted the '608 patent against Micron, alleging that it is "essential to various DDR4 memory module standards promulgated by" JEDEC and that Micron's DDR4 LRDIMMs infringe the '608 patent by complying with JEDEC standards. *Netlist, Inc. v. Micron Tech. Texas*, No. 6:21-cv-431, Dkt. 1, ¶¶ 2, 103-32 (W.D. Tex. Apr. 28, 2021) (Ex. 1).  Netlist cites the same JEDEC standards in accusing Samsung's products here (which are also DDR4 LRDIMMs like those at issue in the Micron case).  Netlist thus clearly

knew of the '608 patent, and its theory that it applies to the JEDEC standard in early 2021.[1]

### 2.      December 2021: Netlist Sues Samsung on the '506 Patent in EDTX

On December 20, 2021, Netlist sued Samsung in the First Case (Ex. 2), asserting, *inter alia*, that Samsung infringes the '506 patent (Ex. 3) by making, using, and selling DDR4 LRDIMM memory products that comply with JEDEC standards.  *See Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 1, ¶¶ 38-51 (E.D. Tex. Dec. 20, 2021) (Ex. 2).  Although Netlist was well-aware of Samsung's JEDEC standard-compliant DDR4 LRDIMM products at that time, and previously asserted the '608 patent against Micron's JEDEC compliant products, Netlist ***did not*** assert the '608 patent.

### 3.      The '608 Patent Is Essentially the Same as the First Case '506 Patent

Netlist made the strategic choice not to assert the '608 patent in the First Case even though the '506 patent claims the same subject matter, is genealogically related to (i.e., the direct child of) the '608, and the two patents share a specification.  *See* Ex. 3, (63).

The PTO even rejected the '506 patent for double patenting because it claimed the same subject matter as the '608 patent, and Netlist was forced to file a terminal disclaimer over the '608 patent in order for the '506 to issue.  Ex. 4 at 2020/01/10 Non-Final Rejection, 2020/04/10 Terminal Disclaimer.  Specifically, the examiner rejected all of the claims of the '506 patent application for double patenting, having determined that the claims "***are not patentably distinct*** from each other because claim 1" of the '506 patent "contains every element of claims 1-12 of copending Application No. 15/820,076, now U.S. Patent No. 10,268,608."  Ex. 4 at 2020/01/10

---

[1] Netlist ignores the fact that the instant case has been consolidated for pretrial with yet another action that Netlist brought against Micron in this Court.  *See* Dkt. 55 (consolidating this case with Case No. 2:22cv-00294-JRG).  Adding the '608 patent to this action will thus present the thorny problem of having the '608 patent litigated in two courts simultaneously involving the exact same parties—Netlist and Micron.

Non-Final Rejection (emphasis added).  The examiner supported this conclusion with a side-by-side comparison of the claim language.  *Id.* at 4-13.  Netlist later amended claim 1 of the '506 patent, but the amended claim was still not patentably distinct from the '608 patent and Netlist never argued that the changes rendered the '506 patent patentably distinct from the '608 patent; instead, Netlist relied on a terminal disclaimer to overcome the rejection.[2]  Ex. 4 at 2020/04/10 Terminal Disclaimer.

A review of claim 1 from both patents reveals the near complete overlap.[3]  Both patents recite memory modules that communicate with a computer system using control/address signal lines in a memory bus.  Ex. 3, cl. 1; Dkt. 62-4, cl. 1.  Both patents require a module board with edge connections to receive these lines and a control device that outputs signals to control memory devices mounted on the board.  Both patents require then using those output signals to perform a memory operation.  Further, both patents use buffer circuits to receive and delay the signals from the control device.

**4.      May-July 2022: Netlist Added Other Patents to the First Case**

Even when Netlist amended its complaint in the First Case on May 3, 2022, asserting two additional patents, it again elected not to assert the '608 patent.  *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 23 (E.D. Tex. May 3, 2022) (Ex. 8).  The final deadline for amended

---

[2] Terminal disclaimer practice prevents patent applicants from securing additional patent term by obtaining duplicative patent claims with different expiration dates.  By requiring patentees to disclaim the longer of the two sets of claims, the PTO prevents any extension of rights arising from the duplicative claims.  Further, by requiring that the application "shall be enforceable only for and during such period that it and the prior patent are commonly owned," Ex. 4 at 2020/04/10 Terminal Disclaimer, the terminal disclaimer ensures that an alleged infringer is not repeatedly burdened and taxed with duplicative damages from successive litigation on patentably indistinct claims—the very same logic precluding claim splitting here.

[3] Any minor differences are not material.  For example, the '506 patent is specifically directed to read operations and the '608 patent claims memory operations more generally.  Ex. 3, cl. 1; Dkt. 62-4, cl. 1.  However, all memory devices must perform read operations to function.

pleadings in the First Case was July 29, 2022.  *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 34 (E.D. Tex. June 7, 2022) (Docket Control Order) (Ex. 5).  At no point did Netlist seek to assert the '608 patent against Samsung in the First Case.

### 5.   August-December 2022: Netlist Sues Samsung on Other Patents

On August 1, 2022, Netlist brought this case, asserting the unrelated '912 patent (which was already being litigated with respect to Samsung products in the NDCA in a case Netlist filed against Google) and again elected not to assert the '608 patent.  *See* Dkt. 1 (asserting the '912 patent); Dkt. 20 (Samsung's motion to transfer the '912 patent to the NDCA).  Two weeks later, Netlist amended its complaint to add two patents and still did not assert the '608 patent.  *See* Dkt. 12.  On November 17, 2022, Netlist served its infringement contentions in this case, and did not assert infringement of the '608 patent.  *See* Dkt. 55.

### B.   Netlist Informed Samsung of Its Intent To Assert the '608 Patent After Samsung's Motion To Strike Documents in the First Case

### 1.   December 2022: Netlist Expresses Its Intent To Assert the '608 Patent After Samsung Files a Motion To Strike Documents in the First Case

On December 23, 2022, in the First Case, Samsung filed a motion to strike Netlist's late disclosure of Netlist products purportedly practicing the asserted patents and late disclosure of Netlist's conception, reduction to practice, and third party disclosure documents.  *See Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 126 (E.D. Tex. Dec. 23, 2022).  Realizing that Netlist had facially violated the disclosure rules, four days later on December 27, 2022, Netlist informed Samsung that it intended to add the '608 patent to this case, hoping to use the nearly identical '608 claims to prosecute the same case but this time using the stricken materials (Ex. 4 to Netlist's Motion).

### 2.   January 2023: Netlist Files Its Motion To Amend After the Court Strikes Netlist's Documents from the First Case

When the Court struck Netlist's reliance on late-disclosed theories in the First Case on January 19, 2023, *see Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 195 (E.D. Tex. Feb. 3, 2023) (summarizing January 19, 2023, rulings from the bench), Netlist filed its motion to amend on January 20, 2023, *see* Dkt. 62—seeking to add the '608 patent here, seeking a "redo" of its error in withholding its late-disclosed theories in the First Case by adding essentially the same patent to the second case.[4]

## III.   ARGUMENT

### A.   This Court Should Deny Netlist's Motion Because the Rule Against Claim Splitting Prevents Netlist from Asserting the '608 Patent Here

The rule against claim-splitting bars Netlist from asserting the '506 patent in one action and the overlapping '608 patent in another.  "It is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together."  *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995) (citing Restatement (Second) of Judgments § 24(2) (1982)).  The prohibition against claim-splitting is "'similar to claim preclusion [or res judicata], but do[es] not require a prior judgment.'"  *Ameritox, Ltd. v. Aegis Scis. Corp.*, No. 3:08-cv-1168-D, 2009 WL 305874, at *5 (N.D. Tex. Feb. 9, 2009) (quoting 18 Charles Alan Wright, et al., Federal Practice and Procedure § 4406, at 30 (Supp. 2008)).

---

[4] Indeed, the very next day, on January 21, 2023, Netlist produced the same conception and reduction to practice documents at issue in the First Case in this action, and informed Samsung (Ex. 6) that the prior omission of these documents from this case was an "error," and expressed its intent to amend its P.R. 3-1 disclosures in this case to refer to those documents.  Netlist did not address how the same documents could be relevant to the conception and reduction to practice of inventions that allegedly occurred nearly a decade apart.  *Compare, e.g.*, Ex. 3 ('506 patent) (asserting priority to a 2012 provisional application), *with* Dkt. 12-2 ('417 patent) (asserting priority to provisional applications as early as 2004); *see also* Dkt. 68.

In determining when a claim has been improperly split, both the Fifth Circuit and Federal Circuit apply the transactional test set forth in the Restatement (Second) of Judgments. *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1165 (Fed. Cir. 2018); *Houston Prof'l Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016); *Mars*, 58 F.3d at 619.[5]  Under the Restatement, "a claim is defined by the transactional facts from which it arises" and "'[w]hat factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, [and] whether they form a convenient trial unit.'"  *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323-24 (Fed. Cir. 2008) (quoting Restatement (Second) of Judgments § 24).  The Federal Circuit test asks whether the asserted claims and accused products are "essentially the same" in both actions.  *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1375 (Fed. Cir. 2020); *SimpleAir*, 884 F.3d at 1167; *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1362-63 (Fed. Cir. 2010) (evaluating whether the claims "aris[e] from the same nucleus of operative facts").

Here, the accused products, patents, and facts related to damages are nearly identical. ***First***, there is no dispute that both the '506 and '608 patents are asserted against the same products—Samsung's "DDR4 LRDIMMs."  Ex. 2, ¶¶ 40-51; Dkt. 62-2, ¶¶ 66-77; Dkt. 62 at 2.

***Second***, the patents implicate the same operative facts.  Both specifications are the same with only non-substantive differences.  *See generally* Ex. 3 ('506 patent); Dkt. 62-4 ('608 patent).  Critically, the two sets of patent claims are not patentably distinct, as previously

---

[5] The Federal Circuit has held that its own law applies to whether a cause of action has been split in a patent case.  *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1348 (Fed. Cir. 2014). Thus, Samsung focuses here on Federal Circuit law.  However, Samsung respectfully submits that the claim-splitting rules should apply no differently in patent cases than other civil cases.

established by the PTO during prosecution of the '506 patent.  The examiner rightly observed

that "[a]lthough the claims are not identical, they are not patentably distinct from each other

because claim 1" of the '506 patent "contains every element of claims 1-12" of the '608 patent,

with a side-by-side comparison.  Ex. 4 at 2020/01/10 Non-Final Rejection.  Netlist relied on a

terminal disclaimer to overcome the rejection.  Ex. 4 at 2020/04/10 Terminal Disclaimer.  As the

Federal Circuit has observed, a "terminal disclaimer is a strong clue that a patent examiner and,

by concession, the applicant, thought" that the claims "lacked a patentable distinction."

*SimpleAir*, 884 F.3d at 1168.

Moreover, Netlist's own allegations confirm the conclusion that the patents are

essentially the same.  Its proposed second amended complaint asserting the '608 patent relies on

nearly identical factual assertions, including many of the same figures, as its prior complaint

asserting the '506 patent.  *Compare* Ex. 2, ¶¶ 38-51, *with* Dkt. 62-2, ¶¶ 66-77.

As noted above, representative claim 1 from each patent demonstrates the overlap at play

here.  Both patents require: (1) memory modules that communicate with a computer system

using control/address signal lines in a memory bus; (2) a module board with edge connections to

receive these lines and a control device that outputs signals to control memory devices mounted

on the board; (3) using those output signals to perform a memory operation; and (4) using buffer

circuits to receive and delay the signals from the control device.  The minor differences between

the claims do not alter the facts implicated by Netlist's claims for infringement and thus the

patents are essentially the same under the Federal Circuit's transactional test.[6]  *SimpleAir*, 884

---

[6] *See* n.3.  The use of well-known, conventional buffer circuitry does not render the '608 patent
patentably distinguishable from the '506 patent.  *See, e.g.*, *SimpleAir*, 884 F.3d at 1168 ("[W]e
do not see how this is a fundamentally different invention from those patents asserted in the
previous suits.").

F.3d at 1167 ("[C]laims which are patentably indistinct are essentially the same.").

*Third*, the transactional facts related to damages are the same.  Samsung's sales data for the accused products would be at issue in both actions, as would comparable licenses and other evidence related to damages.  Moreover, given the need to apportion patent infringement damages, assessment of the same value (if any) attributable to the same alleged invention of the '608 and '506 patents would be required.  *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1326-27 (Fed. Cir. 2014).  Simply put, Netlist's infringement allegations for the '506 and '608 patents share "the same nucleus of operative facts," and cannot be split across multiple actions.  *Gillig*, 602 F.3d at 1362-63; *Mars*, 58 F.3d at 619.

## B.   This Court Should Not Allow Netlist To Circumvent the Deadlines and Evidentiary Rulings in the First Case

The chronology of events and counsel's comments demonstrate that Netlist's motion to add the '608 patent was prompted by its negligent failure to comply with this Court's disclosure rules in the First Case, which then resulted in the exclusion of conception contentions and evidence.  Netlist announced its intent to add the '608 patent four days after Samsung moved to strike documents and contentions Netlist failed to timely produce and identify in the First Case. *See Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 126 (E.D. Tex. Dec. 23, 2022); Ex. 4 to Netlist's Motion (giving notice of this motion on December 27, 2022).  Netlist then filed this motion *the day after* this Court struck Netlist's negligent disclosures.  Dkt. 62.  Netlist then disclosed its intent to rely on those documents in this case the day after that.  Ex. 6.  At nearly every exchange since the Court's order, counsel for Netlist has offered to trade other case issues if Samsung would excuse Netlist's negligence and this appears to be just another such effort.

Netlist should not be permitted to circumvent the schedule and evidentiary rulings in the First Case by adding the substantially similar '608 patent here.  Such "a purely tactical move"

made "to circumvent" the Court's prior rulings is not a basis for amendment, even under the more permissive Rule 15(a).  *Earlie v. Jacobs*, 745 F.2d 342, 345 (5th Cir. 1984).  Netlist had repeated opportunities to assert the '608 patent, including: (1) in April 2021, when it asserted the '608 patent against Micron based on the same JEDEC standards addressed in its proposed amended complaint here (Ex. 1); (2) on December 21, 2021, when it filed the First Case asserting the related '506 patent and relying on the same JEDEC standards at issue here (Ex. 2); (3) on May 3, 2022, when it amended its complaint in the First Case to assert additional patents, prior to the May 4, 2022 deadline for infringement contentions (Exs. 5, 8); (4) on August 1, 2022, when it filed the instant case (Dkt. 1); (5) on August 15, 2022, when it amended its complaint in this case to add two more patents (Dkt. 12); and (6) on or before the November 17, 2022, deadline for Netlist's infringement contentions in this case (Dkt. 55).  This is not a case where a party files a new action when it discovers distinct patents to assert; here Netlist is attempting to assert an essentially identical patent because it violated disclosure rules.  It was only when the Court found that Netlist violated the disclosure rules in the First Case that Netlist moved to assert the '608 patent in this case against Samsung (but not Micron, despite the fact that Netlist's cases against Samsung and Micron are consolidated for pre-trial purposes, *see* Dkt. 39).  This Court has recognized that such procedural wrangling is facially improper—"a Plaintiff may not file successive lawsuits to circumvent the Court's deadline to amend the complaint." *Lone Star WiFi LLC v. Legacy Stonebriar Hotel, Ltd.*, No. 6:13-cv-530, 2013 WL 12142378 at *2 (E.D. Tex. Oct. 15, 2013).  Netlist is plainly seeking to circumvent this Court's rulings and cannot be permitted to succeed.

## C.     Netlist Cannot Show Good Cause To Add the '608 Patent

Netlist's motion should likewise be denied because it cannot show good cause for the belated addition of the '608 patent to this case.

### 1.    Rule 16(b) Governs Netlist's Motion and Requires Good Cause

As a preliminary matter, Rule 16(b), which requires good cause, governs Netlist's motion to amend because the scheduling order in this case explicitly states that patents may be added only with leave of Court.  *See* Fed. R. Civ. P. 14(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Dkt. 55 at 4 (schedule providing a July 20, 2023 deadline to file amended pleadings without leave of Court "***unless the amendment seeks to assert additional patents***." (emphasis added)).  The requirement to seek leave to assert an additional patent brings to bear the good cause requirement of Rule 16(b).  The Fifth Circuit has held that Rule 16(b)(4) governs not just after a specific deadline for amending the pleadings, but whenever an "amendment would require the modification of a previously entered scheduling order."  *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).

Allowing Netlist's amendment would require modification of the existing scheduling order in several respects, including resetting the date for infringement contentions, which have already occurred in the current schedule.  In addition, P.R. 3-6(b) requires the Court's leave "upon a showing of good cause" in order to amend infringement contentions.  Netlist is unlikely to demonstrate good cause because it admits knowing of the '608 patent and its alleged infringement by standard compliant products for almost two years.[7]  If Netlist cannot show good cause to amend its infringement contentions, then adding the '608 patent would be futile.  *See Sybase, Inc. v. Vertica Sys., Inc.*, No. 6:08-cv-24, 2009 WL 4574690, at *3 (E.D. Tex. Nov. 30, 2009) (denying leave to file an amended complaint to assert an additional patent as moot because

---

[7] Recall that Netlist filed suit on April 28, 2021, asserting the '608 patent against Micron, alleging that it covers all DDR4 LRDIMMs compliant with JEDEC standards.  *Netlist, Inc. v. Micron Tech. Texas*, No. 6:21-cv-431, Dkt. 1, ¶¶ 2, 103-32 (W.D. Tex. Apr. 28, 2021) (Ex. 1).  Netlist makes the same allegation here about Samsung's DDR4 LRDIMMs.

the plaintiff failed to show good cause to amend its infringement contentions); *Uniloc USA, Inc. v. Distinctive Devs., Ltd.*, No. 6:12-cv-462-RWS, 2016 WL 11485612, at *2 (E.D. Tex. Dec. 13, 2016) (holding that the good cause standard applied to a motion to amend the pleadings after infringement contentions).[8]

Rule 15(a)—on which Netlist relies—applies to only amendments that would not require the court to modify its scheduling order. *See S.W. Enters.*, 315 F.3d at 536.  Even under Rule 15(a), "leave to amend is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 2005).  The Court "properly exercises its discretion . . . when it denies leave to amend" due to the movant's undue delay, undue prejudice to the non-movant, or futility. *E.g.*, *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014).

Netlist's support for applying Rule 15(a), *OnPoint Systems, LLC v. Protect Animals with Satellites, LLC*, No. 4:20-cv-657, 2021 WL 3140562, at *2 (E.D. Tex. July 26, 2021), does not analyze whether Rule 16(b) applies, because the deadline for amending pleadings in the scheduling order in that case (Ex. 7, No. 4:20-cv-657, Dkt. 23) ***did not*** contain language regarding adding additional patents as the scheduling order here (Dkt. 55).

### 2.      Netlist Cannot Show Good Cause To Add the '608 Patent

"To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira*, 734 F.3d at 422).  The Fifth Circuit applies four factors to assess good cause under

---

[8] Netlist's only support for its argument that Rule 16 does not apply even though amended contentions are required, *Hillman Group, Inc. v. Keyme, LLC*, No. 2:19-cv-209, 2020 WL 6938441, at *2 (E.D. Tex. Oct. 23, 2020), did not need to address whether Rule 16 or Rule 15 applied, finding that "the Court need not resolve this dispute because . . . either standard would be met under these circumstances."  There, unlike this case, good cause existed because the plaintiff filed its motion shortly after the patent in question issued. *Id.*

Rule 16(b): "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice."  *Id.* (punctuation omitted).  Netlist cannot show good cause to add the '608 patent to this case—indeed, it hardly attempts to make such a showing, apart from a cryptic reference to motions filed by Samsung and Micron regarding other patents, and an unsupported assertion that the proposed amendment is important.

*First*, Netlist cannot show diligence in filing its request to amend the complaint to add a new patent.  Netlist does not even assert—much less show—that it could not have asserted the '608 patent at least as early as the outset of the First Case, filed over a year ago, or when it asserted the '608 patent against Micron in the WDTX in April 2021.  The '608 patent issued long before the First Case, and Netlist does not rely on new facts or claim constructions.  The facts here differ from the cases on which Netlist relies, which involved newly issued patents (*Blue Calpyso*), newly discovered facts (*OnPoint Systems* and *H&R Block*), or new claim constructions (*LBS Innovations*).  Nor could Netlist argue that it only recently discovered a good faith basis to assert that Samsung was infringing the '608 patent.  Netlist's basis for asserting the '506 patent over a year ago in the First Case relied on Samsung's compliance with the same JEDEC standards Netlist pointed to in asserting the '608 patent in its suit against Micron in the WDTX. *Compare* Ex. 1, ¶ 2 (alleging that the '608 patent is essential to JEDEC standards), *with*, *e.g.*, Ex. 2, ¶ 46 (relying on JEDEC standard for '506 patent).  Netlist's decision not to assert the '608 patent was a simply a strategic choice it now regrets—this is not good cause.

Netlist attempts to distract from its lack of diligence by arguing that its delay is somehow attributable to motions filed by Samsung and Micron in various cases in this District.  Dkt. 62 at 5-6.  But Netlist has not shown how these motions allegedly precluded it from timely asserting

the '608 patent, or how these motions are germane at all.[9]  Three of the motions were not even

filed in this case, *see id.* at 2.  To the extent Netlist conjures up some relationship between these

motions and Netlist's decision to assert the '608 patent against Samsung, such a relationship

should have motivated Netlist to assert the patent immediately, rather than waiting for the

motions to be resolved.  Simply put, Netlist's delay "was self-imposed" and therefore shows a

lack of diligence.  *Squyres*, 782 F.3d at 237-38.

Further, the earliest of these motions was not even filed until August 2022, leaving

unexplained over eight months since the start of the First Case during which Netlist chose not to

assert the '608.  Such extensive, unjustified delays provide ample basis to deny leave to amend,

even under Rule 15.  *E.g.*, *Lonzano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007)

(affirming denial of leave to amend when "the moving party failed to take advantage of earlier

opportunities to amend"); *Topalian v. Ehrman*, 954 F.2d 1125, 1139 (5th Cir. 1992) (same).

***Second***, Netlist's assertion that the amendment is important because it seeks to "vindicate

its patent rights" and doing so in another case would be inefficient, Dkt. 62 at 7, provides no

basis for amendment.  Netlist's claim that vindicating its rights in the '608 patent is important is

---

[9] Netlist asserts that it filed this motion after the Court denied Samsung's motion to stay the
First Case, as if that were some justification for its delay.  *See* Dkt. 62 at 2-3.  Netlist ignores that
it should have asserted the '608 patent, if at all, long before Samsung filed its motion to stay—
namely, when Netlist first asserted the '506 patent in its original December 20, 2021 complaint.
Regarding what Netlist refers to as the "Samsung II motion to stay," *id.* at 2, this motion, filed
here, also seeks to sever and transfer the '912 patent to the NDCA, *see* Dkt. 20.  Indeed, just as
Netlist is attempting to inject a patent here that belongs in another action, the '912 patent
likewise belongs in the NDCA, where it has been litigated for over a decade.  Illustrating a
concerted effort to maximize the chances that different courts will issue different rulings on the
same issues, Netlist has contradicted its representations to this Court about which claims of the
'912 patent are asserted here.  In opposing Samsung's motion to stay, Netlist discounted the
NDCA case's relevance to this case, arguing "only claim 16 of the '912 patent is asserted against
Samsung and Micron in this Court."  Dkt. 21 at 3.  Since then, Netlist asserted the very same
claims that the NDCA's held on summary judgment are subject to intervening rights.

belied by its tactical decision not to assert the '608 patent for over a year after it brought suit on

the substantially similar '506 patent, even as Netlist amended to add other patents.  Furthermore,

given the overlap in the '506 and '608 patent claims and accused products (discussed in detail

above), it is unclear why this additional, duplicative lawsuit is important to Netlist or even

permissible.  Indeed, Netlist is not entitled to a double recovery for the same technology, so it

should not be permitted to sue Samsung twice based on the same operative facts.  *See, e.g.*, *Aero*

*Prods., Int'l Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1017-19 (Fed. Cir. 2006) (finding

impermissible double recovery where "all of the damages awarded . . . flowed from the same

operative facts"); *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1291-92 (Fed. Cir.

2002) (where accused products infringed both a utility and design patent, the patentee could not

recover both lost profits for infringement of the design patent and a reasonable royalty for

infringement of the utility patent).  Any damages Netlist could seek for the '608 patent would

therefore be subsumed within its recovery, if any, in the First Case.  Further, any "inefficiency"

Netlist fears is a problem of its own making, by electing not to bring the '608 patent in the First

Case, in which it asserted the substantially similar '506 patent.

   ***Third***, prejudice also counsels against allowing amendment.  Netlist focuses on the early

stage of this action, but ignores the real prejudice to Samsung—duplicative litigation on the same

issues already being addressed in the First Case, along with the risk of improper double recovery

from asserting substantially similar claims against the same accused products.  Further, there is a

very real risk of inconsistent judgments from simultaneously asserting the same patent in two

districts, WDTX and EDTX.  Netlist's suggestion that amending the scheduling order could

address prejudice to Samsung, Dkt. 62 at 8, ignores the actual prejudice to focus only on timing.

## IV. CONCLUSION

   Samsung respectfully requests that the Court deny Netlist's motion to amend.

Date: February 10, 2023                          Respectfully submitted,

                                                 */s/ Ruffin B. Cordell*
                                                 Ruffin B. Cordell
                                                 TX Bar No. 04820550
                                                 cordell@fr.com
                                                 Michael J. McKeon
                                                 D.C. Bar No. 459780
                                                 mckeon@fr.com
                                                 Lauren A. Degnan
                                                 D.C. Bar No. 452421
                                                 degnan@fr.com
                                                 Daniel A. Tishman
                                                 DC Bar No. 1013923
                                                 tishman@fr.com
                                                 FISH & RICHARDSON P.C.
                                                 1000 Maine Avenue, SW
                                                 Washington, DC 20024
                                                 Telephone: (202) 783-5070
                                                 Facsimile:  (202) 783-2331

                                                 Francis J. Albert
                                                 CA Bar No. 247741
                                                 albert@fr.com
                                                 FISH & RICHARDSON P.C.
                                                 12860 El Camino Real, Ste. 400
                                                 San Diego, CA  92130
                                                 Telephone: (858) 678-5070
                                                 Facsimile:  (858) 678-5099

                                                 Katherine H. Reardon
                                                 NY Bar No. 5196910
                                                 kreardon@fr.com
                                                 FISH & RICHARDSON P.C.
                                                 1180 Peachtree St., NE, 21st Floor
                                                 Atlanta, GA 30309
                                                 Telephone: 404-892-5005
                                                 Facsimile:  404-892-5002

                                                 Melissa Richards Smith
                                                 melissa@gillamsmith.com
                                                 GILLAM & SMITH, LLP
                                                 303 South Washington Ave.
                                                 Marshall, Texas 75670
                                                 Telephone:  (903) 934-8450
                                                 Facsimile:   (903) 934-9257

16

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed

electronically in compliance with Local Rule CV-5 on February 10, 2023.  As of this date, all

counsel of record have consented to electronic service and are being served with a copy of this

document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).


*/s/ Ruffin B. Cordell*