UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>    Defendants. | Civil Case No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>    Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>    Defendants. | Civil Case No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY IN OPPOSITION TO NETLIST'S MOTION
<u>FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. 62)</u>**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................................ ii

TABLE OF ABBREVIATIONS .................................................................................................. iii

TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION ......................................................... iv

TABLE OF EXHIBITS TO SAMSUNG'S SUR-REPLY ........................................................... iv

I.     The Claim Splitting Doctrine Bars Netlist's Assertion of the '608 Patent .......................... 1

        A.     Samsung's Argument Is Procedurally Proper and Not Premature .......................... 1

        B.     The '506 and '608 Patents Claim Essentially the Same Subject Matter ................. 2

II.    Netlist's Shifting Explanations for Its Delay Show That Netlist Lacks Good Cause ......... 3

        A.     Netlist's Motion Requires a Showing of Good Cause ............................................ 3

        B.     The Court Should Reject Netlist's New Excuse for Its Delay ................................ 4

        C.     Prejudice Counsels Against Allowing Amendment ............................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. McCurry*,
   449 U.S. 90 (1980)......................................................................................................1

*Lohri v. CSAB Mortg. Backed Pass Though Certificate Series 2007-1 U.S. Bank, N.A. Trustee*,
   No. 4:18-cv-00143-JRG, 2019 WL 1239608, (E.D. Tex. Mar. 18, 2019) ...................1

*Brain Life, LLC v. Elekta Inc.*,
   746 F.3d 1045 (Fed. Cir. 2014)...................................................................................1

*Hammers v. Mayea-Chang*,
   No. 2:19-cv-181-JRG, 2019 WL 6728446 (E.D. Tex. Dec. 11, 2019).......................5

*Nagle v. Lee*,
   807 F.2d 435 (5th Cir. 1987) ......................................................................................1

*SimpleAir, Inc. v. Google LLC*,
   884 F.3d 1160 (Fed. Cir. 2018)...............................................................................2, 4

*Squyres v. Heico Cos.*,
   782 F.3d 224 (5th Cir. 2015) ......................................................................................5

*Uniloc USA, Inc. v. Motorola Mobility LLC*,
   52 F.4th 1340 (Fed. Cir. 2022) ...................................................................................3

*VirnetX, Inc. v. Cisco Sys., Inc.*,
   767 F.3d 1308 (Fed. Cir. 2014)...................................................................................3

*Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*,
   200 F.3d 795 (Fed. Cir. 1999).....................................................................................1

**Other Authorities**

Fed. R. Civ. P. 16(b)(4)...........................................................................................................3, 4

Local Patent Rule 3.6....................................................................................................................4

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| First Case | *Netlist, Inc. v. Samsung Elecs. Co., Ltd., et al.*, No. 2:21-cv-463 (E.D. Tex.) |
| JEDEC | JEDEC Solid State Technology Association |
| '506 Patent | U.S. Patent No. 10,860,506 |
| '608 Patent | U.S. Patent No. 10,268,608 |

## TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION

| Ex. | Description |
|---|---|
| Ex. 1 | *Netlist, Inc. v. Micron*, No. 6:21-cv-431, Dkt. 1 (W.D. Tex. Apr. 28, 2021) |
| Ex. 2 | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 1 (E.D. Tex. Dec. 20, 2021) |
| Ex. 3 | '506 Patent |
| Ex. 4 | '506 Patent Prosecution History (excerpts) |
| Ex. 5 | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 34 (E.D. Tex. June 7, 2022) (Docket Control Order) |
| Ex. 6 | January 21, 2023 E-mail from Yanan Zhao |
| Ex. 7 | *OnPoint Systems, LLC v. Protect Animals with Satellites, LLC*, No. 4:20-cv-657, Dkt. 23 (E.D. Tex. Apr. 13, 2021) |
| Ex. 8 | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 23 (E.D. Tex. May 3, 2022) |

## TABLE OF EXHIBITS TO SAMSUNG'S SUR-REPLY

| Ex. | Description |
|---|---|
| Ex. 9 | IPR2022-00615, Paper No. 1 (PTAB, Feb. 17, 2022) |

\* All emphasis in this brief is added, unless otherwise specified.

The Court should deny Netlist's motion to add the '608 patent. Netlist argues that Samsung's compelling showing of claim splitting is premature; however, the claim splitting doctrine serves to avoid duplicative litigation, which can only happen if the Court addresses it at an early stage. Further, Netlist fails to show good cause. Its new explanation that it awaited a decision on Micron's '608 patent IPR is not only waived but also inconsistent with the record.

**I.     The Claim Splitting Doctrine Bars Netlist's Assertion of the '608 Patent**

**A.     Samsung's Argument Is Procedurally Proper and Not Premature**

Resolving claim splitting issues at the threshold of related litigation is proper, contrary to Netlist's argument. *See* Dkt. 71 at 1. "Whether two claims of infringement constitute the same . . . cause of action" for res judicata or claim splitting purposes "is a question of law," not an issue of fact for a jury. *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1052 (Fed. Cir. 2014). Further, the damage that claim splitting addresses—to "relieve parties of the cost and vexation of multiple lawsuits" and "conserve judicial resources," *Allen v. McCurry*, 449 U.S. 90, 94 (1980)—will persist if parties are forced to litigate an entire case before the Court resolves claim splitting issues. Courts thus decide claim splitting early to avoid duplicative litigation. *E.g.*, *Nagle v. Lee*, 807 F.2d 435, 438-39 (5th Cir. 1987) (early dismissal based on res judicata); *Lohri v. CSAB Mortg. Backed Pass Though Certificate Series 2007-1 U.S. Bank, N.A. Trustee*, No. 4:18-cv-00143-JRG, 2019 WL 1239608, at *2 (E.D. Tex. Mar. 18, 2019) (rejection of amended complaint where party "already filed numerous complaints raising . . . very similar claims").

Although claim construction disputes may be relevant to claim splitting in some cases, *see* Dkt. 71 at 1-2, only terms that directly affect the claim splitting issue are relevant. *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999). Netlist has not identified any disputed term relevant to the claim splitting inquiry at all. Indeed, the Court has already construed the claims of the '506 patent, and Netlist does not argue that the duplicative

1

'608 patent should be construed differently. At bottom, Netlist's claim construction argument is a hollow attempt to delay resolution of the claim splitting issue in this case.

### B. The '506 and '608 Patents Claim Essentially the Same Subject Matter

The '506 and '608 patents claim the same subject matter. Samsung's argument is based on more than Netlist's terminal disclaimer, contrary to Netlist's characterization, Dkt. 71 at 2. Although the terminal disclaimer is "a strong clue" that the '506 and '608 patents "are patentably indistinct," *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1168 (Fed. Cir. 2018), Samsung also compared claims from both patents, showing the near complete overlap between them. Dkt. 69 at 7-9. Indeed, Netlist's chart comparing claim 1 of the '608 patent to claims 1 and 14 of the '506 (Dkt. 71-4) confirms the near-complete overlap, which Netlist does not appear to dispute.

The sole difference that Netlist highlights—the '608 patent's "module clock signal" and the '506 patent's "read strobe," Dkt. 71 at 2-4—merely relates to different aspects of the same system, and does not alter the claim splitting analysis. In fact, in its complaint in the First Case, Netlist highlights the discussion of the "module clock signal" in the '506 patent's abstract. Ex. 2, ¶ 20. The mere difference in claim language across the two patents is not enough to avoid claim splitting. *SimpleAir*, 884 F.3d at 1168. Were that the law, a plaintiff could evade res judicata forever by asserting dependent claims one at a time. *See also* Ex. 3 ('506) at cl. 7-10, 18-20 (reciting "module clock signal"). Instead, the law asks only if the claims are "***essentially*** the same," such that "the overlap between the transactional facts of the suits is substantial." *SimpleAir*, 884 F.3d at 1165-67. Here, the claims of the '608 and '506 are essentially the same. Dkt. 69 at 7-9. Indeed, it is not as if the "module clock signal" and "read strobe" are mutually distinct—Netlist itself points to the same components and evidence in Samsung's DDR4s as implementing these elements. *Compare* Dkt. 62-2 ('608 complaint), ¶ 70 (relying on RCD, citing, *inter alia*, M386A8K40BM1 datasheet), *with* Ex. 2 ('506 complaint), ¶¶ 45-46 (same).

Netlist does not address the fact that its amendment would yield two separate suits in this District alleging that the same components in the same Samsung products infringe both patents by practicing the same industry standards. Dkt. 62-2 ('608 complaint), ¶¶ 66-77; Ex. 2 ('506 complaint), ¶¶ 39-50. All of the facts involving infringement and damages would completely overlap between both actions. Further, the overlap in the claim language would require litigating essentially the same invalidity issues in both actions. Finally, the juries would face the impossible task of apportioning damages between the two essentially identical patents to avoid an impermissible double-recovery. *See VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1326-27 (Fed. Cir. 2014). Having the same witnesses and documents introduced to prove the same facts in two separate trials would not only be inefficient, but risk inconsistent judgments. That is why the law requires bringing both claims in the same action. *See Uniloc USA, Inc. v. Motorola Mobility LLC*, 52 F.4th 1340, 1349 (Fed. Cir. 2022). Netlist's reply ignores these points.

Netlist also never asserts that any difference between the '608 patent's "module clock signal" and the '506 patent's "read strobe" (or any other difference in the claim language) gives rise to a ***patentable*** difference between the claims. Dkt. 71 at 1-4. In fact, Netlist never actually controverts Samsung's assertion that "the two sets of patent claims are not patentably distinct," Dkt. 69 at 7, which is fatal to its argument. *SimpleAir*, 884 F.3d at 1167 ("[C]laims which are patentably indistinct are essentially the same.").

**II.      Netlist's Shifting Explanations for Its Delay Show That Netlist Lacks Good Cause**

   **A.      Netlist's Motion Requires a Showing of Good Cause**

Rule 16(b)'s good cause requirement governs Netlist's motion. The issue is not whether the DCO imposes Rule 16(b)'s good cause standard "automatically," Dkt. 71 at 5; but rather whether the good cause standard flows from Federal and local rules as a whole. Netlist ignores Rule 16(b)(4), which applies the good cause standard to ***any*** modification to the schedule. Fed.

3

R. Civ. P. 16(b)(4). Further, Netlist does not dispute that Local Patent Rule 3.6 requires good cause to amend its infringement contentions, without which any amendment to the pleadings would be futile. Dkt. 69 at 11-12; P.R. 3-6(b). Moreover, the fact that the DCO requires the Court's leave to assert an additional patent implies a good cause requirement. Dkt. 55.

## B. The Court Should Reject Netlist's New Excuse for Its Delay

Netlist cannot show good cause to add the '608 patent. Netlist's latest excuse for delaying assertion of the '608 patent—that it was waiting for the PTAB to deny Micron's '608 patent IPR—must fail because: (1) it is belated, and thus waived; (2) at best, this was a tactical decision to avoid a stay rather than "good cause"; and (3) it is inconsistent with the record.

*First*, Netlist waived any argument that it delayed performing its infringement investigation until the PTAB issued its institution decision on Micron's '608 patent IPR in September of 2022, Dkt. 71 at 4-5. Netlist made no such argument in its opening brief, and thus waived it here. In its motion to amend, Netlist pointed only to the pendency of collateral motions that somehow rendered it "inappropriate" to assert the '608 patent sooner. Dkt. 62 at 5-6, 8-9. Samsung rebutted that argument, Dkt. 69 at 12-14, and now Netlist has abandoned it. However, Netlist cannot switch horses midstream—"arguments raised for the first time in a reply brief are waived as a matter of litigation fairness and procedure." *Hammers v. Mayea-Chang*, No. 2:19-cv-181-JRG, 2019 WL 6728446, at *8 n.10 (E.D. Tex. Dec. 11, 2019) (quotation marks omitted). The Court should disregard Netlist's new excuse for its delay.

*Second*, Netlist's explanation that it waited for the PTAB to deny Micron's IPR is not good cause. It is a "self-imposed," tactical delay, admitting a lack of diligence. *See Squyres v. Heico Cos.*, 782 F.3d 224, 237-38 (5th Cir. 2015). Netlist's choice to delay amendment until the PTAB decided whether to institute brought a tactical advantage in avoiding a possible stay (because an IPR may have resulted in the '608 proceedings being stayed), but that came at a cost

4

in losing the chance to timely move to amend. Netlist has only itself to blame for its delay.

*Third*, the record contradicts Netlist's "waiting for the PTAB's institution decision" argument. Netlist brought this action asserting the '912 patent in August 2022, five months after Samsung's IPR petition against the '912 but well before the PTAB issued any decision on institution. Dkt. 1; Ex. 9 (Petition). Moreover, Micron had not filed its December 23, 2021 IPR against the '608 patent when Netlist filed the First Case in this Court. Ex. 2. Thus, any pending IPR cannot be the reason for not bringing the substantially similar '506 and '608 patents together in the same case. Further still, Netlist alleged in 2021 that the '608 patent is "essential to various DDR4 memory module standards" and that Samsung's DDR4 products practice those same standards. *See* Dkt. 69 at 2-3. Indeed, Netlist points to the same structures as implementing the overlapping claim elements of the essentially similar '506 and '608 patents. As such, Netlist's claim that it spent from September to December in 2022 developing a good faith basis to assert the '608 patent lacks credibility. Finally, despite having already drafted its motion to amend in December 2022, Dkt. 62 at 2 n.3, Netlist waited over a week to file it after conferring with Samsung. Only a strategic decision to await this Court's ruling on Samsung's motion to strike in the First Case explains that additional delay.

      C.      **Prejudice Counsels Against Allowing Amendment**

Samsung would be prejudiced by Netlist's assertion of the '608 patent in this case. Netlist is wrong that the prejudice is premised on the '506 and '608 patents being identical. Dkt. 71 at 5. Litigating these closely-related patents in separate actions would result in substantial inefficiencies and needlessly duplicative discovery, and would still present a significant risk of double recovery or inconsistent judgments even if there are slight differences. For example, two juries can apportion the value of the '506 and '608 differently, or reach different conclusions about the same allegedly-comparable licenses. Prejudice weighs against Netlist's motion.

| | |
|---|---|
| Date: March 3, 2023 | Respectfully submitted,<br><br>/s/ *Ruffin B. Cordell*<br>Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099<br><br>Katherine H. Reardon<br>NY Bar No. 5196910<br>kreardon@fr.com<br>FISH & RICHARDSON P.C.<br>1180 Peachtree St., NE, 21st Floor<br>Atlanta, GA 30309<br>Telephone: 404-892-5005<br>Facsimile:  404-892-5002<br><br>Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile:  (903) 934-9257 |

6

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 3, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Ruffin B. Cordell*