UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>      Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>      Defendants. | Civil Case No. 2:22cv00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>      Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>      Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S SUPPLEMENTAL
BRIEF IN SUPPORT OF ITS MOTION TO
(1) SEVER AND TRANSFER THE '912 PATENT TO N.D. CAL.; AND
(2) STAY THE REMAINING PATENTS PENDING NINTH CIRCUIT APPEAL, OR
<u>(3) ALTERNATIVELY, CONSOLIDATE WITH CIVIL ACTION NO. 2:21-CV-463</u>**

## TABLE OF EXHIBITS TO SAMSUNG'S OPENING BRIEF

| Ex. | Description |
|---|---|
| 1 | U.S. Patent No. 7,619,912 |
| 2 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 1 (N.D. Cal. Dec. 4, 2009) |
| 3 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 206-2 (N.D. Cal. Sept. 17, 2021) |
| 4 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 258 (N.D. Cal. May 5, 2022) |
| 5 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 269 (N.D. Cal. May 17, 2022) |
| 6 | *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-cv-1453, Dkt. 1 (D. Del. Oct. 15, 2021) |
| 7 | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 23 (E.D. Tex. May 3, 2022) |
| 8 | *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-cv-1453, Dkt. 25 (D. Del. Feb. 16, 2022) |
| 9 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 325 (N.D. Cal. July 13, 2022) |
| 10 | *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-cv-1453, Dkt. 37 (D. Del. Aug. 1, 2022) |
| 11 | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463, Dkt. 1 (E.D. Tex. Dec. 20, 2021) |
| 12 | U.S. Patent No. 11,093,417 (added in Netlist's amended complaint, Dkt. 12) |
| 13 | U.S. Patent No. 9,858,215 (added in Netlist's amended complaint, Dkt. 12) |
| 14 | U.S. Patent No. 10,860,506 (asserted in First Texas Case) |
| 15 | U.S. Patent No. 10,949,339 (asserted in First Texas Case) |
| 16 | U.S. Patent No. 11,016,918 (asserted in First Texas Case) |
| 17 | U.S. Patent No. 11,232,054 (added to First Texas Case) |
| 18 | *Samsung Electronics America Company Profile, Mountain View, CA*, Dun & Bradstreet, https://www.dnb.com/business-directory/company-profiles.samsung_electronics_america.5fda0d316fbeafd23dcd31b470464898.html (last visited Sept. 13, 2012) |
| 19 | *Netlist Inc. v. Samsung Elecs. Co.*, Case Nos. 22-55209, Dkt. 11 (9th Cir. June 6, 2022) |

## TABLE OF EXHIBITS TO SAMSUNG'S REPLY BRIEF

| Ex. | Description |
|---|---|
| 20 | *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 310 (N.D. Cal. June 21, 2022) |
| 21 | *Netlist, Inc. v. Micron Tech., Inc.*, No. 22-cv-00203-JRG-RSP, Dkt. 32 (E.D. Tex. Sept. 26, 2022) |
| 22 | *Samsung Elecs. Co. v. Netlist Inc.*, No. 1:21-cv-01453-RGA, Dkt. 51 (D. Del. Sept. 20, 2022) |
| 23 | Netlist, Inc., Quarterly Report (Form 10-Q) (May 9, 2022), *available at* https://investors.netlist.com/download/companies/270109a/SECFiling/netlist_10Q.pdf |

## TABLE OF EXHIBITS TO SAMSUNG'S SUPPLEMENTAL BRIEF

| Ex. | Description |
|---|---|
| 24 | **CONFIDENTIAL:** Excerpt of Netlist's Disclosure of Asserted Claims and Infringement Contentions (Nov. 17, 2021) at 2 |

**I.      INTRODUCTION**

On September 20, 2022, Samsung filed its motion to sever and transfer the '912 patent to the N.D. Cal. because it is the first-filed court dealing with issues that substantially overlap with issues in this case.  Dkt. 20.

Since the parties completed briefing on Samsung's motion to sever and transfer, an additional issue has developed that places this case in direct conflict with the N.D. Cal. case. Specifically, Netlist is now asserting claims here that the N.D. Cal. Court found were barred due to intervening rights.  Netlist refuses to acknowledge this finding and will not drop those claims here—placing this case in direct conflict with the N.D. Cal. action.  The history of this development is troubling.  In opposing Samsung's motion, Netlist stressed that the claims that the N.D. Cal. Court found to be barred by intervening rights were not asserted in this case.  *See* Dkt. 21 at 3.  Then, less than two months later, Netlist served infringement contentions asserting numerous claims the N.D. Cal. Court found were subject to intervening rights, including claims 1, 3, 4, 6, 8, 10, 11, 15, 18, 19, 20, 22, 24, 27-29, 31, 32, 34, 36-41, 43, 45-47, 50, 52-60, 62-65, 69-75, 77, 80-91 of the '912 patent (the "Newly Asserted Claims").  Ex. 24 at 2; Ex. 4 at 44.

At first, it seemed possible that Netlist may have overlooked its representation to this Court that the barred claims were not at issue in this case.  However, it has now become clear that Netlist is simply refusing to acknowledge the finding of intervening rights made by the N.D. Cal. Court and the application of that finding here.  Netlist agreed to stay the N.D. Cal. action in October 2022, and it may be that Netlist mistakenly believes that staying that case somehow undermines the dominant jurisdiction and judgments of the N.D. Cal. Court.  The bottom line is that the N.D. Cal. Court was first vested with jurisdiction over the '912 patent, and found that the very claims now asserted here against the same accused technology were barred.  Netlist cannot be permitted to force the parties to address ***the same exact issue*** here, further supporting

severance and transfer of the '912 patent issues to the N.D. Cal.

## II.     ARGUMENT

The N.D. Cal. Court has already addressed a key issue in this case, in a detailed 44-page summary judgment order on intervening rights as to the Newly Asserted Claims of the '912 patent. Netlist's attempt to seek a do-over on this issue in this Court is improper.

As Samsung explained in its opening brief, Netlist first asserted the '912 patent in the N.D. Cal. against Google in 2009. *See Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 1 (N.D. Cal. Dec. 4, 2009) (Ex. 2). Following the release of a stay of that case pending reexamination, Netlist asserted infringement by Google-based modules provided by Samsung. *See* Dkt. 20 at 2. As a result, the same Samsung technology has been accused of infringing the same patents in both cases. After extensive briefing and argument, the N.D. Cal. Court issued a 44-page order addressing, *inter alia*, intervening rights. *Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718, Dkt. 258 (N.D. Cal. May 5, 2022) (Ex. 4). Specifically, the N.D. Cal. Court considered whether the claims Netlist amended during reexamination had a different scope from the original claims of the '912 patent. *See* Ex. 4 at 20-37. The N.D. Cal. Court recognized that intervening rights significantly curtails Netlist's ability to assert claims added during reexamination:

> [A]bsolute intervening rights 'abrogate liability for infringing claims added to or modified from the original patent if the accused products were made or used before the reissue[.]" *Marine Polymer* [*Techs., Inc. v. HemCom, Inc.*, 672 F.3d 1350, 1361-62 (Fed. Cir. 2012) (*en banc*)]. "Intervening rights do not accrue, however, where the accused product or activity infringes a claim that existed in the original patent and remains 'without substantive change' after reissue." *Id.* at 1362 (quoting *Seattle Box Co. v. Indus. Crating & Packing, Inc.*, 731 F.2d 818, 827-28 (Fed. Cir. 1984)).

*Id.* at 19. The N.D. Cal. Court ultimately concluded that at least "the added phase-lock loop and logic element limitations narrowed the scope of the '912 patent," and that the newly added claims "are subject to absolute intervening rights." *Id.* at 27-28. In short, the N.D. Cal. order

means that Netlist cannot recover anything on these claims.

In opposing Samsung's motion to sever and transfer the '912 patent to the N.D. Cal., Netlist sought to excuse the overlap between the cases by arguing that the claims that the N.D. Cal. Court addressed are not asserted here:

> Since the case reopened, the N.D. Cal. court has focused on issues unique to Google and Netlist in that proceeding. For example, the N.D. Cal. court held that claim 16 of the '912 patent is not subject to Google's intervening rights defense. But the Court found that the other claims in the patent are subject to intervening rights because they have been amended. ***Currently, only claim 16 of the '912 patent is asserted against Samsung and Micron in this Court.***

Dkt. 21 at 3 (emphasis added, citations omitted). However, the next month, Netlist served its infringement contentions, asserting claims 1, 3, 4, 6, 8, 10, 11, 15, 18, 19, 20, 22, 24, 27-29, 31, 32, 34, 36-41, 43, 45-47, 50, 52-60, 62-65, 69-75, 77, 80-91 against end-of-life DDR2 and DDR3 products. Ex. 24 at 2. As a result, its previous argument that only claim 16 is asserted is no longer accurate, and the extensive overlap between the cases is now undeniable.

The entire purpose of the first-to-file rule is to prevent a second-filed case from repeating and possibly diverging from the judgments of a first-filed court. *See* Dkt. 20 at 4-6. It would be inefficient, and risk inconsistent results, for two separate courts to address the same issue in two separate cases. Samsung has pleaded intervening rights as a defense in this case (*see* Dkt. 61 at 31-32), and will move for summary judgment on the issue if necessary. All that maintaining the '912 patent in this case (as opposed to severing it and transferring it) will achieve is to force the parties and the Court to repeat the N.D. Cal. Court's analysis finding that the Newly Asserted Claims are subject to absolute intervening rights. Ex. 4 at 23-28. The overlap in asserted claims demonstrates the substantial similarity between this case and the N.D. Cal. case, and the fact that the N.D. Cal. Court has already considered and analyzed intervening rights is yet another reason to transfer the '912 patent to the N.D. Cal.—the first-filed court for the '912 patent.

Date: March 31, 2023	Respectfully submitted,

/s/ Melissa R. Smith
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
DC Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:   (903) 934-9257

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

4

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 31, 2023. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

              */s/ Melissa R. Smith*