# Exhibit E

# Nos. 19-1720, 19-1721, 19-1722, 19-1723, 19-1724

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

GOOGLE LLC, INPHI CORPORATION,

*Appellants,*

v.

NETLIST, INC.,

*Cross-Appellant.*

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. 95/000,578; 95/000,579; and 95/001,339

## RESPONSE BRIEF FOR CROSS-APPELLANT NETLIST, INC.

MEHRAN ARJOMAND
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 900017

SETH W. LLOYD
BRIAN R. MATSUI
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone:  202.887.6946
SLloyd@mofo.com

*Counsel for Cross-Appellant Netlist, Inc.*

DECEMBER 12, 2019

## INTRODUCTION

Netlist did what patent owners are expected to do during a reexamination—it narrowed its claims to define its precise inventive contributions over the prior art. The Board recognized that those contributions are real and patentable, finding the prior art neither discloses nor would have rendered obvious Netlist's memory-module design that provides a cost-effective solution for increasing memory-module capacity. Netlist's patent claims memory modules that allow, for example, a computer system to address modules with double the number of memory devices that the system would otherwise support. The Board found Netlist's comprehensive solution went far beyond the limited approaches taught in the prior art.

Google's and Inphi's appeals fail to justify undoing the nearly decade of work that led to those Board findings. This consolidated *inter partes* reexamination has lasted almost ten years, includes a file history spanning more than 64,000 pages, and has produced three written Board decisions on patentability totaling 166 pages. Yet Google's lead argument is that the Board was required to give it even more process, and on a claim-construction issue to which Google devoted just three sentences at the Board. Inphi leads its appeal with the same claim-construction issue, despite conceding to the Board that the claims carry the meaning the Board gave them.

Even so, the Board's reasoning is clear and correct. Netlist revised its claims to require a memory module with a logic element that acts "in response at least in

signals." Appx6636-6637; Appx746-826; Appx2794-2858; Appx6614-6676. The Board explained that claim 52 "recites a logic element generating a CAS or chip-select signal in response in part to an input bank address signal," that is, the claimed logic element must respond to bank address signals, among other things. Appx73-74. The Board held prior art that failed to disclose a logic element generating a recited output signal "*in response* at least in part to a bank address signal" failed to anticipate. Appx73-74 (emphasis by Board).

Similarly for claim 1, which at the time recited a logic element that generates "chip-select signals of the output control signals in response at least in part to a bank address signal," the Board held that the Examiner's "construction of this phrase is reasonable"—"'[i]f the bank signal is not used in any way to generate the output signals, the generation of output signals cannot be in response to the bank signal.'" Appx77-78 (quoting Examiner). The Board explained that such language requires "that the signal was used in some fashion or 'in part' to generate the output signals." Appx90-91.

Following the Board's first decision, and despite disagreeing with the Board's and Examiner's rejections (Appx16813), Netlist amended independent claims 1, 15, 28, 39, 52, 67, 77, 82, and 87 to recite variations of "a logic element . . . wherein the logic element generates" output signals, like "chip-select signals," "in response at least in part to" four enumerated signals: "(i) the at least one row address signal,

11

(ii) the bank address signals, and (iii) the at least one chip-select signal of the set of input control signals and (iv) the PLL clock signal." Appx16758-16797, Appx16757-16815. Applying the Board's adopted construction of "in response at least in part to" and similar language, Netlist distinguished its amended claims over prior art that failed to disclose or suggest a logic element responding to all four enumerated signals. Appx16808-16811, Appx16803-16814. Inphi conceded that the amended logic element "requires" responding to all four enumerated signals. Appx16901, Appx16893-16969. Google's response to Netlist's request to reopen prosecution asserted in three sentences that "the broadest reasonable interpretation of that phrase is that the CAS and chip select signals are produced in response to 'at least one of' the four enumerated signals" and urged the Examiner to adopt that interpretation. Appx16873, Appx16863-16884. Although the Examiner never adopted Google's construction, Google failed to renew its interpretive challenge after the Examiner's decision. Appx115; Appx18242-18264.

The Board's second decision maintained its earlier interpretation: "as now claimed, claim 1 recites the logic element 'generates chip-select signals' in response to signals (i)-(iv)." Appx123-124; Appx128-129 (similar). Applying that interpretation, the Board repeatedly distinguished prior-art references that "collectively do not teach or suggest sufficiently to one skilled in the art the 'logic element' limitation generating CAS signals in response to both a row address signal

12

it amended the "logic element" limitation. Appx16804. The Board's decisions never address whether the prior art discloses a register as amended. Appx109-166.

In addition, to hold the claims unpatentable as obvious the Board also would need to address other subsidiary factual issues: "An obviousness determination requires finding that a person of ordinary skill in the art would have been motivated to combine or modify the teachings in the prior art and would have had a reasonable expectation of success in doing so." *OSI Pharm. v. Apotex*, 939 F.3d 1375, 1382 (Fed. Cir. 2019) (citation omitted). The Board never addressed whether skilled artisans would have had a reasonable expectation of success in modifying the prior art to arrive at the claimed invention. Appx109-166.

## CONCLUSION

For the foregoing reasons the Court should affirm the Board's decisions holding Netlist's claims patentable.

Dated: December 12, 2019                Respectfully submitted,

                                        /s/ Seth W. Lloyd

MEHRAN ARJOMAND                         SETH W. LLOYD
MORRISON & FOERSTER LLP                 BRIAN R. MATSUI
707 Wilshire Boulevard                  MORRISON & FOERSTER LLP
Los Angeles, CA 90017                   2000 Pennsylvania Avenue, N.W.
                                        Washington, D.C. 20006
                                        Telephone: 202.887.6946
                                        SLloyd@mofo.com

                                        *Counsel for Cross-Appellant Netlist, Inc.*

67