UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>Defendants. | Civil Case No. 2:22cv00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION TO STAY**

**TABLE OF CONTENTS**

I. INTRODUCTION ........ 1
II. FACTUAL BACKGROUND ........ 2
III. LEGAL STANDARD ........ 3
IV. ARGUMENT ........ 4
A. A Stay Will Significantly Simplify or Eliminate Issues ........ 4
B. Netlist Will Not Suffer Undue Prejudice from a Stay ........ 5
C. The Stage of the Case Weighs in Favor of a Stay ........ 6
V. CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aylus Networks, Inc. v. Apple Inc.*,
856 F.3d 1353 (Fed. Cir. 2017)....5

*Customedia Techs. LLC v. DISH Network Corp.*,
No. 2:16-CV-129, 2017 WL 3836123 (E.D. Tex. Aug. 9, 2017)....3

*Cywee Grp. Ltd. v. Samsung Elecs. Co.*,
No. 2:17-CV-140, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019)....6

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
No. 2:15-CV-11, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016)....3

*Intellectual Ventures II LLC v. Bitco General Ins. Corp.*,
No. 6:15-CV-59-JRG, 2016 WL 4394485 (E.D. Tex. May 12, 2016)....4

*NFC Tech. LLC v. HTC Am. Inc.*,
No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)....3, 4, 5

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
No. 6:13-CV-384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014)....6

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
No. 2:16-CV-642-JRG, 2017 WL 9885168 (E.D. Tex. June 13, 2017)....4

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)....5, 7

**Other Authorities**

*Changes To Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680-01 (Aug. 14, 2012) (codified at 37 C.F.R. pt. 42)....6

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | IPR2022-00615, Petition ('912 Patent) |
| 2 | IPR2023-00454, Petition ('417 Patent) |
| 3 | IPR2023-00455, Petition ('215 Patent) |
| 4 | IPR2022-00615, Institution Decision ('912 Patent) |
| 5 | IPR2022-00615, Director Decision Denying Rehearing, Remanding to PTAB ('912 Patent) |
| 6 | IPR2023-00203, Institution Decision, Granting Mtn. for Joinder ('912 Patent) (Micron) |

## I. INTRODUCTION

Currently pending before the Court is Samsung's motion to sever and transfer Netlist's infringement case with respect to the '912 patent to the Northern District of California (Dkt. 20). As set forth in that motion, the Court should sever and transfer the '912 patent to the N.D. Cal. under the first-to-file rule because it is the jurisdiction where Netlist first asserted the '912 patent against Google in 2009, and as to Samsung's products in 2021. Further, judicial estoppel bars Netlist from disputing the substantial overlap between this case and the N.D. Cal. Case.[1]

While Samsung believes that motion should be granted for all of the reasons set forth in the moving papers, following resolution of that motion, the Court should stay this case pending IPR as to the asserted patents that remain in this Court thereafter. Samsung filed IPRs against all asserted claims of all asserted patents,[2] other than those barred by intervening rights, as set forth in Samsung's pending motion for summary judgment (Dkt. 81).[3] The PTO instituted IPR as to the '912 patent, and institution decisions are expected for the remaining patents by August. The IPRs will significantly narrow the scope of the case, as they cover all of the asserted claims other

[1] An independent reason to stay the remaining patents after transferring the '912 patent to N.D. Cal. is set forth in Samsung's motion to sever and transfer the'912 patent and stay the remaining patents pending the Ninth Circuit Appeal, which if successful, would resolve all of Netlist's patent-related disputes with Samsung worldwide (including this case). *See* Dkt. 20 at 12-13. The oral argument for the Ninth Circuit Appeal was held on June 8, 2023, and a video of that argument is available at https://www.ca9.uscourts.gov/media/video/?20230608/22-55209/. According to the Ninth Circuit's website (https://www.ca9.uscourts.gov/general/faq/), "most cases are decided within 3 months to a year after" oral argument, meaning a decision that could dispose of this entire case, as well as all patent litigation between Netlist and Samsung globally, could issue as soon as September 2023.

[2] U.S. Patent Nos. 7,619,912; 11,093,417; and 9,858,215. Netlist also moved for leave to assert a fourth patent (Dkt. 62); however, that patent has not been added to the case at this time.

[3] The claims barred by the doctrine of absolute intervening rights include claims 1, 3, 4, 6, 8, 10, 11, 15, 18, 19, 20, 22, 24, 27, 28, 29, 31, 32, 34, 36, 37, 38, 39, 40, 41, 43, 45, 46, 47, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 63, 64, 65, 69, 70, 71, 72, 73, 74, 75, 77, and 80-91 of the '912 patent. Netlist amended these claims during reexamination and now asserts them against Samsung's legacy DDR2 and DDR3 products that have not been sold since the amended claims came into existence. Netlist is, thus, barred from any recovery as to those claims. *See* Dkt. 81.

than those covered by Samsung's pending motion for summary judgment. The IPRs will also be relevant to claim construction (ahead of the October 5, 2023 *Markman* hearing in this case). Netlist faces no prejudice by a stay because it has a history of licensing its patents, and would be able to proceed here with its claim for damages if any patents survive IPR. Thus, the factors the Court considers in evaluating a stay—simplification of the issues, state of the proceedings, and risk of undue prejudice to the plaintiff—weigh in favor of a granting a stay.

## II. FACTUAL BACKGROUND

Netlist filed its complaint against Samsung on August 1, 2022, asserting the '912 patent, Dkt. 1, and two weeks later filed its first amended complaint asserting the '417 and '215 patents, Dkt. 2. Samsung answered the first amended complaint on October 7, 2022. Dkt. 29.

This case is in the early stages. The *Markman* hearing is set for October 5, 2023; fact discovery closes on November 13, 2023; expert discovery ends on December 23, 2023; dispositive motions are due January 8, 2024; and trial is set to begin April 15, 2024. Dkt. 55.

Samsung has filed IPRs on all asserted claims other than those covered by Samsung's pending motion for summary judgment, Dkt. 81. Ex. 1 (IPR2022-00615) ('912 patent); Ex. 2 (IPR2023-00454) ('417 patent); Ex. 3 (IPR2023-00455) ('215 patent). For the '912 patent, Samsung filed its IPR on March 22, 2022, months before Netlist's complaint in this case. Ex. 1. For the two patents Netlist later added to this case (the '417 and '215 patents), Samsung filed its IPRs on January 10, 2023, less than 5 months after Netlist added them to the case. Exs. 2, 3.

| IPR | Patent | Claims | Actual Filing Date | Notice of Filing Date Accorded | Institution Date/ Deadline |
|---|---|---|---|---|---|
| IPR2022-00615 | '912 | 16 | Feb. 17, 2022 | Apr. 21, 2022 | Instituted Oct., 19, 2022; FWD expected Apr. 2024 |
| IPR2023-00454 | '417 | All | Jan. 10, 2023 | Feb. 9, 2023 | Institution decision due Aug. 9, 2023; FWD expected Aug. 2024 |
| IPR2023-00455 | '215 | All | Jan. 10, 2023 | Feb. 9, 2023 | Institution decision due Aug. 9, 2023; FWD expected Aug. 2024 |

The PTAB instituted IPR for the '912 patent as to Samsung's Petition in October 2022, Ex. 4,[4] and as to Micron's Petition on June 7, 2023, Ex. 6. The remaining institution decisions are due by August 9, 2023.

## III. LEGAL STANDARD

The Court "has the inherent power to control its own docket, including the power to stay proceedings before it." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016). In determining how to manage its docket, the district court "must weigh competing interests and maintain an even balance." *Customedia Techs. LLC v. DISH Network Corp.*, No. 2:16-CV-129, 2017 WL 3836123, at *1 (E.D. Tex. Aug. 9, 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

The Court has inherent authority to stay an action where issues presented can be resolved in a pending IPR. A stay pending IPR proceedings is especially justified where the outcome of the proceedings will likely simplify the case by helping the court determine validity issues or eliminating the need to try infringement issues. *Id*. (citing *NFC Tech. LLC v. HTC Am. Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)). When deciding whether to stay a case pending IPR, courts consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech.*, 2015 WL 1069111,

[4] On February 3, 2023, the PTO Director initiated review of the institution decision to determine whether the IPR as to the '912 patent was "time-barred under § 315(b) because Google is an RPI [real party in interest] or privy with . . . Samsung," Ex. 5 at 3. A decision on remand is expected by July. However, the outcome on remand is not material to this motion, because Micron filed an IPR against the '912 patent, involving the same prior art and challenged claims, which the PTAB instituted on June 7, 2023, Ex. 6. The institution decision on the Micron IPR does not raise any questions regarding RPI. *Id.* at 2.

at *2. "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

## IV. ARGUMENT

The relevant factors favor a stay pending the institution and results of Samsung's IPRs. A stay will simplify or dispose of the issues, not cause any prejudice, and conserve resources.

### A. A Stay Will Significantly Simplify or Eliminate Issues

A stay may eliminate all the issues in this litigation. "[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4; *see also Intellectual Ventures II LLC v. Bitco General Ins. Corp.*, No. 6:15-CV-59-JRG, 2016 WL 4394485, at *3 (E.D. Tex. May 12, 2016). "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech.*, 2015 WL 1069111 at *1 (internal quotations omitted); *see also Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:16-CV-642-JRG, 2017 WL 9885168, at *1 (E.D. Tex. June 13, 2017) ("[E]ven if the PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent.").

The pending IPR petitions address every asserted claim (including all claims asserted against Micron in the consolidated Case No 2:22-cv-00294-JRG), other than those covered by Samsung's pending motion for summary judgment regarding a unique set of legacy products (DDR2 and DDR3) not accused of infringing any other asserted claim, Dkt. 81. Thus, resolution of the IPR petitions will not only simplify the issues but may dispose of this entire case (and the consolidated Micron case).

If the Court stays this case and the PTAB later invalidates the asserted claims in the IPR proceedings, the Court and the parties will save significant costs, time, and resources that they would otherwise expend litigating this case. Even if only some of the claims or patents are invalidated, the IPR proceedings will inform this Court on issues of construction of claim terms that may impact issues of infringement and invalidity. *See NFC Tech.*, 2015 WL 1069111, at *7 (determining that even where all claims were not reviewed during IPR proceedings, "any disposition by the PTAB is likely to simplify the proceedings before this Court"); *see also Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer."). Further, an immediate stay would allow the parties and the Court to avoid the burden and expense of the claim construction briefing and hearing process. If Samsung's motion is denied, the time spent by the Court deciding claim construction issues may be futile if the PTAB finds certain claims invalid or Netlist takes positions in the IPRs that impact claim scope, such as amending the claims.

**B. Netlist Will Not Suffer Undue Prejudice from a Stay**

Netlist will not suffer undue prejudice if the Court stays the case. "[W]hether the patentee will be unduly prejudiced by a stay in the district court proceedings. . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). Monetary relief will sufficiently compensate Netlist for any purported damages, and a "stay will not diminish the monetary damages to which [Netlist] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages. . . ." *Id*. As this Court has determined, a delay of the vindication of patent rights alone cannot defeat a motion to stay. *See, e.g., NFC Techs.*, 2015 WL 1069111, at *2.

In contrast, Samsung will suffer prejudice without a stay by incurring the burden of continuing to defend against infringement allegations of three complex patents that the PTAB may ultimately invalidate. Without a stay, this case will advance toward trial, and the parties and the Court will continue to invest significant time and resources in preparing the case, especially as claim construction proceeds over the next few months.

Rather than cause prejudice, a stay will benefit Samsung, Netlist, and Micron by allowing them to benefit from the IPR system that Congress intended to aid courts as an essential part of an "efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Changes To Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680-01 (Aug. 14, 2012) (codified at 37 C.F.R. pt. 42). Because Samsung filed its IPR petitions well before the one-year deadline, and filed this motion while the case is still in the early stages, a stay would be particularly effective in limiting litigation costs.

**C. The Stage of the Case Weighs in Favor of a Stay**

Samsung has pursued IPRs since the early stages of this case. Samsung filed its IPR petition for the '912 patent before Netlist even filed its complaint. As for the '417 and '215 patents, Samsung filed its IPR petitions just less than five months after Netlist added those patents to this case. At this point, "[t]he most burdensome parts of the case . . . all lie in the future." *Cywee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-140, 2019 WL 11023976, at *1 (E.D. Tex. Feb. 14, 2019). Several months of work remain for the parties and the Court in this case, which favors granting Samsung's request for a stay. *See, e.g.*, *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, Case No. 6:13-CV-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ("Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have

already devoted substantial resources to the litigation." (internal citations omitted)).

The claim construction hearing is not set until October 5, 2023, Dkt. 55, whereas the PTO has instituted IPR of the '912 patent, Exs. 4, 6, and will be issuing institution decisions for the '417 and '215 patents by August 2023. The case is also still in the early stages of fact discovery, with no depositions having occurred yet, and the close of fact discovery scheduled for November 13, 2023. Dkt. 55. The April 15, 2024 trial is nearly entire year away. *Id.* This case is at an ideal stage for a stay. *See, e.g., VirtualAgility Inc.*, 759 F.3d at 1315-17 (affirming that a stay pending administrative review is proper where "the deadline to complete fact discovery was more than six months away," "the joint claim construction statements had yet to be filed," and "jury selection was a year away"). A stay would not only avoid the risk of relitigating claim construction and engaging in unnecessary discovery, but the final decisions of the PTAB (along with Samsung's motion for summary judgment, Dkt. 81) may dispose of the entire case.

## V. CONCLUSION

Samsung respectfully requests that the Court grant its motion to stay this case until a final decision in the IPRs currently pending at the PTAB with respect to each of the asserted patents.

Date: June 15, 2023

Respectfully submitted,

*/s/ Michael J. McKeon*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com

Brian Livedalen
DC Bar No. 1002699
livedalen@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine H. Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on June 15, 2023. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Michael J. McKeon*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on June 15, 2023. Jennifer Truelove participated for Plaintiff; Melissa Smith participated for Samsung. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that Plaintiff opposes this motion. Micron does not oppose this motion.

*/s/ Michael J. McKeon*