# EXHIBIT 5

Director_PTABDecision_Review@uspto.gov  Paper 40
571-272-7822  Date: February 3, 2023

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE OFFICE OF THE UNDER SECRETARY OF COMMERCE
FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE

SAMSUNG ELECTRONICS CO., LTD.,
Petitioner,

v.

NETLIST, INC.,
Patent Owner.

IPR2022-00615
Patent 7,619,912 C1

Before KATHERINE K. VIDAL, *Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office.*

DECISION
Denying Rehearing and Remanding to the Patent Trial and Appeal Board
Panel for Further Proceedings

IPR2022-00615
Patent 7,619,912 C1

## I. INTRODUCTION

On October 19, 2022, the Patent Trial and Appeal Board ("PTAB" or "Board") issued a Decision granting institution of an *inter partes* review ("IPR") of claim 16 of U.S. Patent No. 7,619,912 C1 ("the '912 patent"), based on a Petition filed by Samsung Electronics Co., Ltd. ("Petitioner"). Paper 20 ("Institution Decision" or "Dec."). Netlist, Inc. ("Patent Owner") subsequently filed a rehearing request and a request for Precedential Opinion Panel ("POP") review. *See* Paper 25 ("Req. Reh'g"); Ex. 3003. I initiated a *sua sponte* Director review of the Board's Institution Decision on January 5, 2023, and stayed the underlying proceeding. Paper 38.[1]

After the Institution Decision but before I initiated Director Review, the Board authorized a motion for additional discovery on the issue of whether Google, Inc. is a real party in interest ("RPI") or privy of Petitioner in this case. Paper 32, 1. Patent Owner then filed its motion (Paper 34, "Motion"), Petitioner filed an opposition (Paper 36), and Patent Owner filed a reply (Paper 37). I address Patent Owner's Motion below.

Having reviewed the record in this proceeding, I remand this proceeding to the Board to issue a Decision determining whether Petitioner has met its burden to establish that the Petition is not time-barred under 35 U.S.C. § 315(b). *Worlds Inc. v. Bungie, Inc.*, 903 F.3d 1237, 1242 (Fed. Cir. 2018) ("[T]he IPR petitioner bears the burden of persuasion to demonstrate that its petitions are not time-barred under § 315(b) based on a complaint served on a real party in interest more than a year earlier."). In order to perform the foregoing analysis, I hereby *grant* Patent Owner's Motion for

---

[1] Concurrent with my Order, the POP dismissed the rehearing and POP review requests. Paper 39.

2

IPR2022-00615
Patent 7,619,912 C1

Additional Discovery in part, as discussed in detail below. The Board shall issue its § 315(b) Decision within 2 months of the completion of the additional discovery and any related briefing and/or further discovery as the Board may order.

Accordingly, I lift the previous stay of this proceeding for the limited purpose of the ordered discovery, any briefing ordered by the Board, and for the Board to determine whether the Petition is time-barred under § 315(b) because Google is an RPI or privy with Petitioner Samsung. The Board's analysis should apply *Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336 (Fed. Cir. 2018), as well as the precedential PTAB decisions in *RPX Corp. v. Applications in Internet Time, LLC*, IPR2015-01750, Paper 128 (October 2, 2020) and *Ventex Co., Ltd. v. Columbia Sportswear N. Am., Inc.*, IPR2017-00651, Paper 152 (January 24, 2019). The RPI analysis should consider the "extent to which [Google] has an interest in and will benefit from [Samsung's] actions, and inquire whether [Samsung] can be said to be representing that interest after examining its relationship with [Google]." *RPX*, 897 F.3d at 1353. The Board should also consider that "[t]he notion of 'privity' is more expansive, encompassing parties that do not necessarily need to be identified in the petition as a 'real party-in-interest.'" *See* Consolidated Trial Practice Guide[2] at 14.

## II. ADDITIONAL DISCOVERY

A party moving for additional discovery "must show that such additional discovery is in the interests of justice." 37 C.F.R. § 42.51(b)(2); *see also* 35 U.S.C. § 316(a)(5). The Board has identified several factors relevant to the interests of justice standard. *See Garmin Int'l, Inc. v. Cuozzo*

---

[2] Available at www.uspto.gov/TrialPracticeGuideConsolidated.

3

*Speed Techs. LLC*, IPR2012-00001, Paper 26, 6–7 (PTAB, Mar. 5, 2013) (precedential). The *Garmin* factors include: (1) more than a possibility and mere allegation that something useful will be discovered; (2) requests that do not seek the other party's litigation positions and the underlying basis for those positions; (3) the requesting party's ability to generate equivalent information by other means; (4) easily understandable instructions; and (5) requests that are not overly burdensome to answer. *Id.* I apply the *Garmin* factors to Patent Owner's requests for additional discovery below after addressing Petitioner's arguments as to timeliness and procedure.

### A. Patent Owner's Motion is Timely

Petitioner argues that Patent Owner's Motion for Additional Discovery is untimely. Paper 36, 1–3. Specifically, Petitioner argues Patent Owner should have sought authorization for additional discovery before filing the Patent Owner Preliminary Response (Paper 7). *See id.* at 1–2 (citing *Wavemarket, Inc. v. Locationet Sys., Ltd.*, IPR2014-00920, Paper 10, 3 (PTAB Nov. 25, 2014); *Google LLC v. Cywee Group Ltd.*, IPR2018-01257, Paper 30, 5, 9 (PTAB June 20, 2019)). Petitioner argues that Patent Owner had known that Samsung had received a demand for indemnification from Google, yet had "never requested any discovery about Google." *See id.* at 2.

Petitioner further argues that Patent Owner failed to meet and confer before filing the Motion. *See id.* at 10 (citing Paper 22, 3–4).

Patent Owner responds that, in comments to the rules for AIA proceedings, the Board explained that "[a] patent owner may seek authority from the Board to take pertinent discovery or to file a motion to challenge the petitioner's standing" after institution and during the trial. Paper 37, *2 (citing 77 Fed. Reg. 48,680, 48,695 (Aug. 14, 2012)) (emphasis omitted).

4

IPR2022-00615
Patent 7,619,912 C1

Patent Owner further argues that the Board has a history of granting post-institution requests for additional discovery to consider RPI. *Id.* (citing *GEA Process Eng'g, Inc. v. Steuben Foods, Inc.*, IPR2014-00041, Paper 140, 2–8 (PTAB Dec. 23, 2014); *Cavium, LLC v. Alacritech, Inc.*, IPR2018-00401, Paper 24, 7–9 (PTAB Nov. 20, 2018)).

Patent Owner also responds that it did meet and confer with Petitioner "in a futile attempt to secure the discovery at issue here before seeking the Board's intervention." *Id.* at *5 (citing Ex. 1068; Ex. 2036). Patent Owner argues that Petitioner "was not amenable to a middle ground or a meaningful narrowing of this dispute" thus requiring the Board to intervene. *Id.*

I do not agree with Petitioner's argument that Patent Owner's Motion is untimely. As Patent Owner identifies, the rules allow for additional discovery after institution, including discovery such as that requested here. Additionally, the Federal Circuit has endorsed the Board's authorization of additional discovery after institution in the face of non-frivolous challenges to the asserted RPI. *See Applications in Internet Time,* 897 F.3d at 1358.

I am also not persuaded that Patent Owner did not attempt to meet and confer with Petitioner on this issue. Patent Owner previously contacted Petitioner about discovery on Petitioner's relationship with Google and Google's involvement in this proceeding (Ex. 2036), and later provided the requests listed in the Motion (Ex. 1068). Petitioner denied both requests. *See* Exs. 2036, 1068. Accordingly, I will consider Patent Owner's Motion for Additional Discovery.

### B. Requests 1 and 7: Deposition Testimony

Patent Owner seeks deposition testimony from Petitioner's corporate representatives in *Netlist v. Samsung*, No. 21-cv-463 (E.D. Tex.) ("the -463 litigation"). Paper 34, 1–2. The testimony relates to the "JEDEC

5

IPR2022-00615
Patent 7,619,912 C1

specification's description of the [Per DRAM addressability ('PDA')] functionality" (Request 1) and the meaning of the claim term "rank" (Request 7). *Id.* Patent Owner argues that this non-public testimony "establishes substantial evidence that the [memory] modules supplied to Google by Samsung infringe the '912 Patent." *Id.* at 4, 7. Patent Owner asserts that "[t]his testimony directly undercuts the Board's misplaced reliance on dicta in a district court order regarding the strength of Netlist's infringement contentions against Google." *Id.* at 4–5 (citing Dec. 13 ("[T]he present record shows that Google may have little if anything to gain by this proceeding.")).

Petitioner argues the Patent's Owner's requests for deposition testimony are directed to an unrelated case that does not involve the '912 patent, Google, or the PDA functionality. *See* Paper 36, 5–6. Petitioner further argues that the deposition transcripts are neither admissible nor useful to this proceeding because fact testimony from a different trial is hearsay, and is not admissible with respect to the issues of Google's alleged infringement and the proper claim construction of 'rank.'" *Id.* at 6–7. Finally, Petitioner argues that Request 1 is duplicative of the JEDEC documents already in evidence. *See id.* at 7–8.

Patent Owner responds that it "knows the substance of the deposition testimony sought," and that testimony "will reinforce the fact that Google has a significant interest in the outcome of this IPR." Paper 37, *5.

I agree with Patent Owner that granting Requests 1 and 7 would be necessary in the interest of justice. *See* 37 C.F.R. § 42.51(b)(2). The Board expressly relied on the district court's initial statements on infringement to determine that "Google may have little if anything to gain by this proceeding." Dec. 13. However, the court's preliminary determination was

6

based on a "'high level overview' of the technology" and limited evidence. *See* Ex. 1053, 11:3–13 ("Nevertheless, the determination as to whether DDR4 DIMMs operating in PDA mode infringe claim 16 is beyond the scope of the instant motion."). Patent Owner has presented reasoning tending to show that something will be uncovered that is useful to the Board's analysis of Google's interest or benefit in the proceeding (Garmin Factor (1)). Patent Owner has further shown that it cannot generate equivalent information by other means as the deposition testimony is confidential under a protective order (Garmin Factor (3)). Finally, Patent Owner has shown that Requests 1 and 7 are narrowly tailored and not overly burdensome as the deposition testimony is already in Petitioner's possession (Garmin Factor (4)). *See* Paper 34, 9–10. Accordingly, I grant Patent Owner's Motion for Additional Discovery as to Requests 1 and 7.

C.  *Requests 2 and 3*: *Agreements Between Samsung and Google*

Patent Owner requests documents sufficient to show: "the terms of any agreement(s) between Samsung and Google related to the products accused of infringing the '912 Patent" (Request 2) and "the terms of any supplier agreement(s) between Samsung and Google" (Request 3). Paper 34, 1. Patent Owner argues that these requests "would further illuminate the nature of Google's relationship with Samsung" apart from prior admissions "that Samsung provides Google with the products at issue for claim 16 of the '912 Patent." *Id.* at 5. Patent Owner argues that the requests are narrowly tailored and not burdensome because they are limited to "the disclosure of terms in certain commercial agreements." *Id.* at 9.

Petitioner argues that Requests 2 and 3 are speculative, unclear, and overly broad. Paper 36, 9. Petitioner further argues that Patent Owner "does not provide any reason to believe that this discovery would cause the Board

7

to reach a different outcome, given that the Board already took into account the requests for indemnification by Google and Lenovo." *Id.*

Patent Owner responds that "the requested discovery would correct the assumptions underpinning the Board's decision." Paper 37, *3. Specifically, Patent Owner argues that the terms of the relevant agreements would show an exclusive relationship between Petitioner and Google and an aligned interest tied to the products at issue for claim 16 of the '912 patent. *Id.* at *4. Patent Owner further argues that Requests 2 and 3 are "narrowly tailored and easily understandable requests [that] seek only documents that are not otherwise available to Netlist and confirm Google's status as an RPI or privy of Samsung." *Id.*

I agree with Patent Owner that Request 2 is narrowly tailored to the extent that it is limited to the products at issue for claim 16 of the '912 patent. Patent Owner has provided evidence that Petitioner supplies such products, e.g., 4-Rank DDR4 RDIMMS and LRDIMMs, to Google. *See* Ex. 2004, 6. Evidence showing whether Petitioner has an exclusive agreement to supply Google would be useful to the Board in determining the existence of a "specially structured, preexisting, and well established relationship." *See Ventex*, Paper 148, 7–8 ("The terms of that Agreement dictate 'exclusivity' and require, in part, that Ventex 'agrees to only manufacture Heatwave Material for Seirus' in exchange for Seirus's payment of 'an exclusivity fee.'"). Accordingly, I grant Patent Owner's Request 2.

I agree with Petitioner that Request 3 is speculative, unclear, and overly broad (*Garmin* Factors (4) and (5)). The Board found that Samsung and Google have numerous and diverse transactions. *See* Inst. Dec. 16–18. Patent Owner's request for "any supplier agreement(s)," without specifying

8

IPR2022-00615
Patent 7,619,912 C1

the products at issue for claim 16 of the '912 patent, leaves the request as mere speculation that something useful might be found (*Garmin* Factor (1)) and unduly burdensome to answer (*Garmin* Factor (5)). Further, to the extent any responsive discovery, within the scope of these requests, would be helpful to the Board's determination, requests 4–6 provide sufficient discovery. Accordingly, I deny Patent Owner's Request 3.

### D. Requests 4–6: Indemnification Agreements and Communications Related to the '912 Patent Litigation and IPR

Patent Owner requests the indemnification agreement(s) referenced by Petitioner Samsung, and communications related thereto (Request 4). Paper 34, 1. Patent Owner further requests agreements "between Samsung and Google related to district court litigation involving the '912 Patent and/or this IPR proceeding" (Request 5), and "[a]ll communications between Samsung and Google regarding the '912 Patent; challenges to the validity or patentability of the '912 Patent; or this proceeding, IPR2022-00615" (Request 6). *Id.* at 1–2. Patent Owner argues that these requests will clarify Samsung's indemnification obligations and mutual interest in the litigations associated with the products at issue for claim 16 of the '912 patent. *Id.* at 6–7.

Petitioner argues that these requests are speculative, unclear, and overbroad. Paper 36, 9. Petitioner further argues that the Board already considered the possibility of an indemnification agreement in its Institution Decision, and is thus unlikely to reach a different outcome. *See id.*

I agree with Patent Owner that Requests 4–6 meet requirements of the *Garmin* Factors and that such discovery is in the interests of justice. Providing the specific indemnification agreement under Request 4 would allow the Board to accurately determine the scope of the agreement. For

9

example, the Board could consider whether the indemnification agreement indicated a "fairly standard customer-manufacturer relationship for the [accused] product," as opposed to "an expectation that [Samsung] would be responsible for stepping in, or otherwise protecting [Google] from a patent infringement suit." *See WesternGeo LLC v. ION Geophysical Corp.*, 889 F.3d 1308, 1321–22 (Fed. Cir. 2018). Likewise, any indemnification agreements and related communications between Samsung and Google related to the '912 patent litigation and this proceeding are likely to help clarify whether Samsung is representing Google's interest (*see RPX*, Paper 128, 8) or filed the Petition on Google's behalf (*see Ventex*, Paper 148, 9). Accordingly, I grant Patent Owner's Requests 4–6.

### E. Conclusion

I *grant* Patent Owner's Motion for Additional Discovery as to Requests 1, 2, and 4–7 and *deny* the Motion as to Request 3. Within ten days, the Board shall issue an Order setting forth a timeline for the parties to complete production of the ordered discovery. Once the additional discovery is completed, the Board shall analyze whether the Petition is time-barred under 35 U.S.C. § 315(b) and issue a Decision within 2 months. The Board may, at its discretion, authorize briefing on the discovery and/or authorize any further discovery the Board determines necessary to assist in its analysis. If the Board determines that the Petition is time-barred, then it shall vacate its institution decision and deny the Petition. If the Board determines that the Petition is not time-barred, then the stay automatically will be lifted in its entirety.

### III. ORDER

Accordingly, based on the foregoing, it is:

ORDERED that Patent Owner's Request for Rehearing is denied;

IPR2022-00615
Patent 7,619,912 C1

FURTHER ORDERED that Patent Owner's Motion for Additional Discovery is *granted* as to Requests 1, 2, and 4–7;

FURTHER ORDERED that Patent Owner's Motion for Additional Discovery is *denied* as to Request 3;

FURTHER ORDERED that the stay of this proceeding is lifted for the limited purpose of the ordered discovery, any briefing or additional discovery ordered by the Board, and for the Board to determine whether the Petition is time-barred under § 315(b); and

FURTHER ORDERED that the proceeding is remanded to the original PTAB panel for further proceedings consistent with this decision.

11

IPR2022-00615
Patent 7,619,912 C1

FOR PETITIONER:

Eliot D. Williams
Theodore W. Chandler
Ferenc Pazmandi
Eric J. Faragi
Brianna L. Potter
BAKER BOTTS LLP
DLSamsungNetlistIPRs@bakerbotts.com
eliot.williams@bakerbotts.com
ted.chandler@bakerbotts.com
ferenc.pazmandi@bakerbotts.com
eric.faragi@bakerbotts.com
brianna.potter@bakerbotts.com

FOR PATENT OWNER:

Hong Annita Zhong
Jason Sheasby
Philip Warrick
IRELL & MANELLA LLP
hzhong@irell.com
jsheasby@irell.com
pwarrick@irell.com

12