UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>        Defendants. | Civil Case No. 2:22cv00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>        Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>        Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION
TO STAY PENDING *INTER PARTES* REVIEW (DKT. 88)**

i

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. A Stay Would Simplify the Issues ........................................................................ 2

        1. Invalidating the Asserted Claims in IPR Would Eliminate the Need To Try Infringement and Invalidity ............................................................ 2

        2. The PTAB Rejected Netlist's Arguments Regarding the Real Party-in-Interest and Lifted the Stay in the '912 Patent's IPR ................................. 2

        3. This Court Should Grant a Stay Even Though the '215 and '417 Institution Decisions Have Not Yet Issued ................................................. 2

        4. Netlist's Refusal To Withdraw Claims Barred by Intervening Rights Should Not Factor into the Stay Analysis ................................................... 3

        5. Netlist's Motion To Add a Fourth Patent to this Case Should Not Factor into the Stay Analysis ...................................................................... 4

    B. A Stay Would Not Prejudice Netlist ..................................................................... 4

    C. The Stage of Litigation Favors a Stay ................................................................... 5

III. CONCLUSION ................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cywee Grp. Ltd. v. Samsung Elecs. Co.*,
  No. 2:17-CV-140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) ........................5

*NFC Tech. LLC v. HTC Am., Inc.*,
  No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ........................2, 3, 4

*Realtime Data, LLC v. Rackspace US, Inc.*,
  No. 6:16-CV-00961-RWS-JDL, 2017 WL 772654 (E.D. Tex. Feb. 28, 2017) ........................4

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ..........................................................................................5

**TABLE OF EXHIBITS TO SAMSUNG'S MOTION**

| # | Description |
|---|---|
| 1 | IPR2022-00615, Petition ('912 Patent) |
| 2 | IPR2023-00454, Petition ('417 Patent) |
| 3 | IPR2023-00455, Petition ('215 Patent) |
| 4 | IPR2022-00615, Institution Decision ('912 Patent) |
| 5 | IPR2022-00615, Director Decision Denying Rehearing, Remanding to PTAB ('912 Patent) |
| 6 | IPR2023-00203, Institution Decision, Granting Mtn. for Joinder ('912 Patent) (Micron) |

**TABLE OF EXHIBITS TO SAMSUNG'S REPLY**

| # | Description |
|---|---|
| 7 | IPR2023-00847, Petition ('608 Patent) |
| 8 | IPR2022-00615, Order Determining Google is Not a RPI ('912 Patent) |
| 9 | IPR2022-00615, Scheduling Order ('912 Patent) |

**I.      INTRODUCTION**

After the Court addresses Samsung's motion to transfer the '912 patent to the N.D. Cal.,[1] it should stay this case as to any remaining patents, pending IPR.  Netlist's opposition (Dkt. 91) highlights its strategy in this case—to complicate the case with more and more patents, claims, and products in an effort to manipulate venue and avoid a stay.  Netlist's original complaint asserted just one claim of one patent (claim 16 of the '912 patent) against DDR4 products.  When Samsung proposed transferring the '912 patent to the N.D. Cal., where the same patent claim, products, and issues were already being litigated, Netlist sought to avoid transfer by adding two more patents (the '215 and '417 patents, for which IPR institution decisions are due next month, in August 2023).  Similarly, after the PTAB instituted IPR against claim 16 of the '912 patent, Netlist asserted 63 more '912 patent claims against prior-generation Samsung DDR2 and DDR3 products—even though the N.D. Cal. already squarely held that intervening rights would preclude any recovery under those claims, which were amended after sales of the accused products ceased (*see* Dkt. 81).  Then, as if the case were not complicated enough, Netlist filed an opposed motion to amend its complaint to add a fourth patent, the '608 patent (Dkt. 62; Dkt. 68).

Netlist's erratic, serial approach to litigation should not be condoned, let alone accepted as a basis not to stay pending IPR.  The PTAB has instituted IPR as to the sole patent that Netlist included in its original complaint, and its institution decisions as to the remaining patents (as well as the '608 patent that Netlist is still attempting to add to this case) are all expected long before trial.  A stay pending resolution of Samsung's IPRs would save the Court and parties a substantial amount of work.

---

[1] *See* Dkt. 20 (seeking transfer of the '912 patent and a stay pending decision in the Ninth Circuit appeal).  The Ninth Circuit could rule as soon as September 2023.  *See* Dkt. 88 at 1, n.1.

## II.   ARGUMENT

### A.   A Stay Would Simplify the Issues

A stay would simplify the issues, and may even eliminate the need for a trial entirely.

#### 1. Invalidating the Asserted Claims in IPR Would Eliminate the Need To Try Infringement and Invalidity

Netlist's observation that Samsung has raised invalidity theories in this case beyond those presented to the PTAB, Dkt. 91 at 6-9, ignores the simplification that will result if Samsung succeeds in invalidating the challenged claims.  *See NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) ("A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.").  That Samsung has raised additional invalidity theories in this case is therefore no basis to deny a stay.

#### 2. The PTAB Rejected Netlist's Arguments Regarding the Real Party-in-Interest and Lifted the Stay in the '912 Patent's IPR

On June 30, 2023, the PTAB rejected Netlist's argument that the PTAB should deny institution on the '912 patent because Google was allegedly a real party-in-interest. Ex. 8.  The PTAB's final written decision on the '912 patent is now due on ***April 19, 2024*** (the fifth day of trial in this case). Ex. 9.  Netlist's argument that the '912 IPR is stayed is simply incorrect.  The PTAB *lifted* the stay (*before* Netlist filed its opposition to the present motion to stay).  Ex. 8.

#### 3. This Court Should Grant a Stay Even Though the '215 and '417 Institution Decisions Have Not Yet Issued

Although the PTAB has not yet determined whether to institute IPR as to the '215 and '417 patents, this fact is not controlling.  These institution decisions are due just next month, in August 2023—over 8 months before trial.  In any event, the PTAB has instituted IPR as to one of the challenged patents (the '912 patent), such that resolution of IPR proceedings is likely to

2

simplify the issues. *See NFC Tech.*, 2015 WL 1069111, at \*4 ("[I]t is important to the Court's decision that in this case the PTAB has acted on two of the defendants' three petitions for inter partes review . . . ."); *id.* ("[I]f the proceedings result in cancelation of some or all of the asserted claims, either some portion of the litigation will fall away, or the litigation will come to an end altogether."). Thus, the Court need not wait until the PTAB institutes IPR on the '215 and '417 patents because the IPR on the '912 patent will simplify the case. Should the Court wish to await institution decisions for the '215 and '417 patents, Samsung will update the Court after the PTAB issues its decisions next month.

### 4. Netlist's Refusal To Withdraw Claims Barred by Intervening Rights Should Not Factor into the Stay Analysis

Netlist maneuvering to add 63 additional '912 patent claims in its infringement contentions—claims that are not challenged in Samsung's IPR—is immaterial to whether this case should be stayed. *Contra* Dkt. 91 at 6-9 & n.5. As set forth in Samsung's pending motion for summary judgment, Netlist amended these claims during reexamination and now asserts them against Samsung's legacy DDR2 and DDR3 products, which have not been sold since the amended claims came into existence. Netlist is, therefore, barred from any recovery as to those claims. *See* Dkt. 81. Indeed, the N. D. Cal.—the first-filed court where the '912 patent should be litigated (*see* Dkt. 20)—has already thoroughly addressed the issue of whether intervening rights apply to these amended claims, holding that Netlist's infringement contentions as to these claims are barred by absolute intervening rights. *See* Dkt. 81 at 5-6.

Netlist's attempt to get a different result on intervening rights here should not act as a barrier to staying this case and simplifying the proceedings.[2] If the Court grants Samsung's

---

[2] In addition, the accused DDR2/DDR3 product sales (which ceased in the U.S. before 2020) are all licensed under the parties' JDLA, consistent with this Court's decision granting summary judgment "that Samsung had a license until July 15, 2020." No. 2:21-CV-00463-JRG, Dkt. 432.

3

motion for summary judgment consistent with the N.D. Cal., then Samsung's IPRs will cover all asserted claims. Even if the Court denies summary judgment as to the accused DDR2 and DDR3 products, a stay pending IPR would simplify the case because Samsung's IPRs cover all claims asserted against DDR4 products. Dkt. 91-2 at 3-6.

### 5. Netlist's Motion To Add a Fourth Patent to this Case Should Not Factor into the Stay Analysis

Netlist's pending motion to add a fourth patent to this case is no basis to deny a stay. *Contra* Dkt. 91 at 3-4, 6, 10. First, Netlist's motion to add a patent should be denied, *see* Dkt. 69, particularly given that adding another patent at this stage would necessitate delaying trial to allow time for invalidity contentions, claim construction, and fact and expert discovery on a new patent. Even if the Court grants Netlist's motion to add the '608 patent to this case, Netlist's delay in asserting the '608 patent should not weigh in its favor. Indeed, Samsung filed an IPR petition as to the '608 patent on April 27, 2023, just three months after Netlist moved to add it to this case and prior to a decision on Netlist's motion. Ex. 7. Further, an institution decision is expected on the '608 patent in December 2023, five months before the current April 2024 trial date in this case, and even longer before trial could realistically be held if the case is expanded.

### B. A Stay Would Not Prejudice Netlist

The short delay caused by a stay pending Samsung's IPRs would not prejudice Netlist— mere delay is a factor that "is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *NFC Tech.*, 2015 WL 1069111, at *2; *see also Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961-RWS-JDL, 2017 WL 772654, at *4 (E.D. Tex. Feb. 28, 2017) ("[C]oncerns such as timely enforcement of patent rights are generally too generic, standing alone, to defeat a stay motion."). This is especially true because Netlist itself delayed filing this case—the delay that a stay would cause is less than the

delay that Netlist itself caused in waiting over two years after it filed its breach of contract case against Samsung to file the complaint in this case (at the time, limited to claim 16 of the '912 patent). Thus, waiting until resolution of Samsung's IPRs would not cause Netlist undue prejudice, and the public has a strong interest in conserving judicial resources.[3]

### C. The Stage of Litigation Favors a Stay

This case remains in the early stages—trial is not until April 2024. As such, there remains over four months of fact discovery, expert discovery has not begun and is not set to occur until November, and dispositive motions are not due for six months. The claim construction hearing is not for another three months and claim construction briefs are not due for another six weeks. Although Netlist argues that Samsung has made a substantial production of documents (*see* Dkt. 91 at 9), such production is contemplated by the local rules in this District, which require early productions accompanying contentions. Despite Samsung's production of documents (and Netlist's re-production of certain materials from prior litigations), "[t]he most burdensome parts of the case . . . all lie in the future." *Cywee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-140-WCB-RSP, 2019 WL 11023976, at *1 (E.D. Tex. Feb. 14, 2019). The stage of the case thus weighs in favor of staying this case pending resolution of Samsung's IPRs.

## III. CONCLUSION

Samsung respectfully requests that the Court grant its motion to stay this case until a final decision in the IPRs currently pending at the PTAB with respect to each of the asserted patents.

---

[3] Notably, Netlist's operative complaint does not seek an injunction. Netlist's suggestion otherwise, Dkt. 91 at 5, based on the statement that it seeks "all equitable relief the Court deems just and proper," Dkt. 12 at 47, is without merit and strains credibility. Also, Netlist did not move for a preliminary injunction, which undercuts its arguments about delaying adjudication. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) ("Although this is not dispositive [of the plaintiff's arguments regarding prejudice from delay], we note that VA did not move for a preliminary injunction against Defendants.").

Date: July 10, 2023	Respectfully submitted,

*/s/ Daniel A. Tishman*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Brian Livedalen
DC Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Katherine H. Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile:  404-892-5002

Melissa Richards Smith
melissa@gillamsmith.com

6

GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on July 10, 2023. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

<em>/s/ Daniel A. Tishman</em>