# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S SUR-REPLY IN OPPOSITION TO SAMSUNG'S MOTION TO STAY (Dkt. 88)**

**TABLE OF CONTENTS**

**Page**

A. Netlist Will Suffer Significant Prejudice from a Stay ...................................................... 1

B. The IPRs Will Not Simplify Issues in This Case ............................................................ 3

C. The Stage of Litigation Does Not Weigh in Favor of Granting a Stay ......................... 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*B.E. Tech. LLC v. Twitter, Inc.*,
  2023 WL 3478567 (D. Del. May 16, 2023)...................................................................................1

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
  2018 WL 4261194 (E.D. Tex. May 8, 2018) ................................................................................4

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
  2019 WL 11023976 (E.D. Tex. Feb. 14, 2019).........................................................................4, 5

*Intell. Ventures II LLC v. FedEx Corp.*,
  2017 WL 4812434 (E.D. Tex. Oct. 24, 2017) ..............................................................................5

*Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*,
  2022 WL 17484264 (E.D. Tex. July 7, 2022) ..............................................................................3

*Maxell Ltd. v. Apple Inc.*,
  2020 WL 10458088 (E.D. Tex. Nov. 17, 2020)...........................................................................5

*NFC Tech. LLC v. HTC Am., Inc.*,
  2015 WL 1069111 (E.D. Tex. Mar. 11, 2015).............................................................................4

*Saint Lawrence Commc'ns LLC v. ZTE Corp.*,
  2017 WL 3396399 (E.D. Tex. Jan. 17, 2017) ..............................................................................4

*Trover Grp., Inc. v. Dedicated Micros USA*,
  2015 WL 1069179 (E.D. Tex. Mar. 11, 2015).............................................................................4

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014)....................................................................................................2

### A.     Netlist Will Suffer Significant Prejudice from a Stay

Samsung claims that its requested stay will only cause a "short delay" and "would not prejudice Netlist." Dkt. 93 at 4. Samsung is wrong. Samsung does not clarify the exact scope of the stay it is seeking, and instead repeats the vague language requesting "a ***final decision*** in the IPRs currently pending at the PTAB with respect to each of the asserted patents." Dkt. 93 at 5 (emphasis added). Samsung's purposefully vague request would result in an essentially unlimited stay, undermining both Netlist's rights and the public interest in speedy resolution of disputes. *See* Dkt. 91 (Opposition) at 5 (citations omitted); *B.E. Tech. LLC v. Twitter, Inc.*, 2023 WL 3478567, at *3 (D. Del. May 16, 2023) ("IPR proceedings are statutorily limited in duration, while appeals to the Federal Circuit are not . . . For that reason, granting a stay pending appeal subjects the party opposing the stay to an open-ended period of delay, rather than a time-limited period, as in the case of a stay pending an IPR proceeding."). Even if Samsung only moved to stay this case until resolution of the IPR proceedings, Netlist would still be prejudiced. The FWDs for the '912, '417, and '215 patents are not due until August 2024 (or December 2024 if Netlist's motion for leave to add the '608 patent is granted)—months after the trial starting on April 15, 2024.

Samsung also claims that its request to stay is appropriate because Netlist only identified "generic" prejudice caused by a "mere delay." Reply at 4. This is not true. As Netlist explained in its Opposition, Netlist sells products that directly compete with Samsung's accused products, including those manufactured by Netlist's licensee, SK hynix. Opp. at 5. Because Samsung is gaining an unfair competitive advantage in the marketplace by refusing to compensate Netlist for its use of Netlist's patents, any delay in adjudicating Netlist's claims would be highly prejudicial. Samsung's cavalier dismissal of Netlist's right to seek an injunction on the grounds that the complaint refers more broadly to "equitable relief" is misplaced—an injunction is one type of "equitable" relief and is thus squarely within the scope of Netlist's claims. *See also* Opp. at 5-6. Samsung also ignores the facts related to the patents—which are nearing expiration—and the accused products, some of which are at the end of

their lives. If the Court grants Samsung's requested stay, it would all but foreclose Netlist from seeking equitable relief (i.e., an injunction), and allow Samsung to continue to permanently damage Netlist's position in the marketplace.[1]

Samsung next improperly faults Netlist for the alleged delay in bringing this Action. Reply at 5. After Netlist terminated the parties' Joint Development and License Agreement on July 15, 2020, and brought the breach of contract action against Samsung in the Central District of California, Netlist reached out to Samsung for a potential licensing negotiation. Ex. 1. Rather than engage with Netlist for a good-faith discussion, Samsung filed a declaratory judgment action in the District Court of Delaware the day after the C.D. Cal. court entered a summary judgment order finding that Netlist properly terminated the JDLA as a matter of law. *Samsung v. Netlist*, No. 21-cv-1453, Dkt. 1 (D. Del. Oct. 15, 2021). The Northern District of California stayed Netlist's disputes with Samsung's customer relating to the '912 patent on July 13, 2022, Dkt. 23-6; and the District Court of Delaware dismissed Samsung's declaratory judgment claims relating to the '912 patent on August 1, 2022. *Samsung v. Netlist, Inc.*, No. 21-cv-1453, Dkt. 37 (D. Del. Aug. 1, 2022). After that, Netlist promptly filed this instant Action on August 1, 2022. Dkt. 1; Dkt. 21 at 8 (Netlist's Opposition to Samsung's Motion to Sever or Stay). Samsung's disparagement of Netlist's amended complaint asserting the '217 and '415 patents also lacks merit as Netlist timely filed the amendment pursuant to the Federal Rules of Civil Procedure and this Court's Docket Control Order. Samsung never moved to strike or dismiss Netlist's amended complaint. Samsung's assertion that Netlist delayed filing this Action thus has no connection

---

[1] Samsung argues that Netlist's failure to seek preliminary injunction undermines its showing of prejudice caused by a delay. Reply at 5 n.3. However, as the Federal Circuit explained, "there could be a variety of reasons that a patentee does not move for a preliminary injunction." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (addressing motion to stay pending **instituted** reexamination proceeding). For example, the Court's order consolidating Netlist's parallel actions against Micron and Samsung defendants and the fast-track trial schedule are important to address Netlist's requested damages and equitable reliefs.

to reality in light of the parties' business and litigation history.

Furthermore, this Court routinely denies stays even where a plaintiff does not practice its own patents, does not compete with the defendant, and only seeks monetary damages. *See, e.g.*, *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, 2022 WL 17484264, at *2 (E.D. Tex. July 7, 2022) ("[T]his Court has repeatedly found that a delay in recovering monetary damages is 'far from non-prejudicial' and is entitled to weight under this factor") (citing *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, 2018 WL 11363368, at *1 (E.D. Tex. Nov. 19, 2018); *Solas OLED Ltd. v. Samsung Display Co.*, 2020 WL 4040716, at *2 (E.D. Tex. July 17, 2020)). Here, the potential prejudice to Netlist is far greater, as Netlist does practice its patents, competes with Samsung, and seeks equitable relief.

**B.   The IPRs Will Not Simplify Issues in This Case**

Samsung makes the conclusory argument that "resolution of IPR proceedings is likely to simplify the issues." *See* Reply at 2-3. However, Samsung did not provide any concrete example showing how the IPR decisions would shed any light on claim construction, resolve any specific prior art references, or otherwise meaningfully simplify this Action. As Netlist detailed in its Opposition, Dkt. 91 at 6-9, Samsung raised significantly broader invalidity grounds before this Court than in its IPR petitions. Further, Samsung's attempt to get around the statutory estoppel effect by tagging its alleged system art to other references it reasonably could have, or already has, raised in the IPR proceedings undermines its simplification argument. *Id.*

Presently, no institution decision has been rendered for the '417, '215, or '608 patents. Even the cases Samsung cites make clear that the likelihood of simplification of the district court litigation is "far more speculative before the PTAB decides whether to institute inter partes review." *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015); *see also CyWee Grp. Ltd. v. Samsung Elecs. Co.*, WL 11023976, at *5 (E.D. Tex. Feb. 14, 2019) ("This Court (and many others) have made clear that an application for a stay after an IPR petition has been filed but before the petition has been granted is very likely to be denied.").

Even excluding Netlist's pending motion to add the '608 patent from consideration, IPR proceedings for two of the three patents-in-suit have not been instituted, which weighs against a stay. *See Cellular Commc'ns Equip. LLC v. HTC Corp.*, 2018 WL 4261194, at *3 (E.D. Tex. May 8, 2018) ("Since IPR has been instituted on only two of the three patents-in-suit, this factor weighs against a stay."); *Trover Grp., Inc. v. Dedicated Micros USA*, 2015 WL 1069179, at *7 (E.D. Tex. Mar. 11, 2015) ("It would be a waste of judicial resources for this Court to attempt to anticipate whether the PTAB will find that it is reasonably likely that at least one of the claims of the '346 patent is invalid.").

Moreover, the PTAB has instituted IPR on only one claim, claim 16, of the '912 patent. *See* Dkt. 88-4 at 59. Netlist has asserted 64 claims from the '912 patent against Samsung in this Action. Samsung's argument that these 63 additional claims are "immaterial to whether this case should be stayed," is based on speculation regarding the outcome of Samsung's still pending motion for summary judgment. Dkt. 93 at 3. Netlist has opposed this motion. Dkt. 92 at 1. As the case currently stands, the instituted IPR may resolve a single claim of the '912 patent, leaving the 63 other claims associated with that patent and all claims under the '215 and '417 patents unresolved, which strongly weighs against a stay. *See Saint Lawrence Commc'ns LLC v. ZTE Corp.*, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017) (because "the PTAB has instituted IPR on only one of five asserted patents, which amounts to 6 of 38 asserted claims . . . the pending IPR will have a negligible impact on potentially streamlining this case.").

Because Samsung's IPRs only cover a fraction of the asserted claims and invalidity challenges raised by Samsung, even "[i]nvalidation of all . . . instituted claims would not meaningfully simplify this case where . . . invalidity contentions stretch beyond the scope of the IPR proceedings and the majority of the asserted claims would remain to be resolved.*" Maxell Ltd. v. Apple Inc.*, No. 2020 WL 10458088, at *3 (E.D. Tex. Nov. 17, 2020) (denying motion to stay); *see also Intell. Ventures II LLC v. FedEx Corp.*, 2017 WL 4812434, at *2 (E.D. Tex. Oct. 24, 2017) (because "the instituted IPRs only cover a narrow slice of the invalidity arguments Defendants have raised in this case," the PTAB

decision "leaves [defendants'] other defenses, at least with respect to the uninstituted claims, in need of resolution").

### C. The Stage of Litigation Does Not Weigh in Favor of Granting a Stay

Samsung does not dispute that the parties have already spent significant resources during discovery and claim construction, including, for example, document production, exchanging discovery letters, enforcing third party discovery, and exchanging claim construction positions. Samsung also does not dispute that none of the FWDs of the IPR proceedings would issue until after the scheduled jury selection date. The case Samsung cites, *CyWee*, is readily distinguishable. In *CyWee*, the PTAB instituted IPR petitions as to each of the patents-in-suit, and the plaintiff "consented to stays in five of the other six cases that are concurrently pending." *CyWee*, WL 11023976, at *1. Meanwhile, CyWee was a "non-practicing entity focused on patent licensing" and did not "currently produce any products" at the time of the litigation. *Id.* at *5. Unlike *CyWee*, here, the USPTO has not issued institution decisions as to all patents-in-suit; Netlist practices the asserted patents, sells products directly competing with Samsung's accused products, and consistently opposed all motions to stay its district court litigations against Samsung and other accused infringers.[2]

For the reasons discussed above, Samsung's motion to stay should be denied.

Dated: July 17, 2023

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000

---

[2] *See, e.g.* Dkt. 21; *Netlist v. Micron*, No. 22-cv-294, Dkt. 27 (E.D. Tex.) (opposing Micron's motion to stay); *see also Netlist v. Samsung*, No. 21-cv-463, Dkts. 46, 85, 140, 459 (E.D. Tex.); (opposing Samsung's motions and renewed motions to stay); *Netlist v. Micron*, No. 22-cv-203, Dkt. 94 (E.D. Tex) (opposing Micron's motion to stay).

sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
jsheasby@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on July 17, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao