UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>    Defendants. | Civil Case No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>    Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>    Defendants. | Civil Case No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING ITS ABSOLUTE INTERVENING RIGHTS DEFENSE**

## **TABLE OF CONTENTS**

I. The Court Should Hold Netlist to Its Word That It "Narrowed" the Claims ......... 1

II. Netlist's Admission That It Narrowed Its Claims Is Correct ................................. 2

    A. The Added PLL Limitations ....................................................................... 2

    B. The Added Register Limitations ................................................................. 3

    C. The Added Logic Element Limitations ....................................................... 4

III. Netlist's Arguments About Samsung's DDR3 Products Are Immaterial ............... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ahrens v. Perot Sys. Corp.*,
 205 F.3d 831 (5th Cir. 2000) ..................................................................................................2

*Am. Fam. Life Assurance Co. of Columbus v. Biles*,
 714 F.3d 887 (5th Cir. 2013) ..................................................................................................5

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986)................................................................................................................5

*Laitram Corp. v. NEC Corp.*,
 163 F.3d 1342 (Fed. Cir. 1998)......................................................................................1, 4, 5

*Lodsys, LLC v. Brother Int'l Corp.*,
 No. 2:11-cv-00090-JRG, 2013 WL 2949959 (E.D. Tex. June 14, 2013)................................3

*Schwendimann v. Neenah, Inc.*,
 No. 19-361-LPS, 2021 WL 466876 (D. Del. Feb. 9, 2021).....................................................1

*Springs Window Fashions LP v. Novo Indus., L.P.*,
 323 F.3d 989 (Fed. Cir. 2003)..................................................................................................1

*Thorner v. Sony Comput. Ent. Am. LLC*,
 669 F.3d 1362 (Fed. Cir. 2012)................................................................................................4

**Statutes**

35 U.S.C. § 316(b) (2012) ..............................................................................................................5

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| **Exhibits to Samsung's Motion** | |
| A | Netlist's July 31, 2016, Remarks in Reexamination Control Nos. 95/000,578, 95/000,579, and 95/001/339 Regarding United States Patent No. 7,619,912 |
| B | February 8, 2021, Inter Partes Reexamination Certificate for United States Patent No. 7,619,912 |
| C | Second Supplemental Declaration of Dr. Carl Sechen, filed by Netlist on July 31, 2016 in Reexamination Control Nos. 95/000,578, 95/000,579, and 95/001/339 Regarding United States Patent No. 7,619,912 |
| D | Decision Under 37 C.F.R. § 41.77(f), *Inphi Corp. et al. v. Netlist, Inc.*, Reexamination Control Nos. 95/000,578, 95/000,579, and 95/001/339 Regarding United States Patent No. 7,619,912 (PTAB June 1, 2018) |
| E | Response Brief for Cross-Appellant Netlist, Inc., *Google LLC v. Netlist, Inc.*, Nos. 19-1720, 19-1721, 19-1722, 19-1723, 19-1724 (Fed. Cir. Dec. 12, 2019) |
| F | Plaintiff Netlist, Inc.'s Disclosure of Asserted Claims and Infringement Contentions (Nov. 17, 2022) |
| G | Declaration of SungJun Ahn |
| H | Order on Google's Motion to Strike, Google and Netlist's Respective Motions for Summary Judgment, and Google's Motion to Amend, *Netlist, Inc. v. Google LLC*, No. 3:09-cv-05718-RS (N.D. Cal. May 5, 2022) (Dkt. No. 258) |
| I | Joint Claim Construction and Prehearing Statement under Patent L.R. 4-3, *Netlist, Inc. v. Google LLC*, No. 3:09-cv-05718-RS (N.D. Cal. May 5, 2022) (Dkt. No. 45) |
| J | Screenshot of spreadsheet (SAM-NET-293_00020957) showing Samsung's most recent shipments of DDR2 and DDR3 products |
| K | Screenshot of a spreadsheet (SAM-NET-293_00020958) showing SSI's most recent sales of DDR2 FBDIMM products |
| L | Screenshot of excerpts from a spreadsheet (SAM-NET-293_00020960) showing SEC's most recent sales of DDR3 LRDIMM products |
| M | Screenshot of excerpts from a spreadsheet (SAM-NET-293_00021023) showing SEC's most recent sales of DDR3 RDIMM and DDR3 VLPRDIMM products |
| N | Screenshot of excerpts from a spreadsheet (SAM-NET-293_00020959) showing SSI's most recent sales of DDR3 LRDIMM, RDIMM, and VLPRDIMM products |

| | |
|---|---|
| **Exhibits to Netlist's Opposition** | |
| 1 | U.S. Patent No. 7,619,912[1] |
| 2 | Email correspondence between counsel for Netlist and Samsung |
| 3 | Samsung's IPR Petition in IPR2022-00615 |
| 4 | Exhibit 1003 in IPR2022-00615 |
| 5 | Decision on Appeal, *Inter Partes* Reexamination Nos. 95/000,578; 95/000,579; and 95/001,339 of the '912 patent |

---

[1] The copy of the '912 patent attached to Netlist's motion omits the reexamination certificate. The reexamination certificate is attached to Samsung's motion as Exhibit B.

iii

| | **Exhibits to Samsung's Reply** |
|---|---|
| O | Exhibit A-1 to Plaintiff Netlist, Inc.'s Disclosure of Asserted Claims and Infringement Contentions (Nov. 17, 2022), entitled "Exhibit A-1 U.S. Patent No. 7,619,912 C1 – DDR4 Exemplary Claim Chart" |
| P | Exhibit A-2 to Plaintiff Netlist, Inc.'s Disclosure of Asserted Claims and Infringement Contentions (Nov. 17, 2022), entitled "EXHIBIT A-2 U.S. Patent No. 7,619,912 C1 – DDR2 Chart" |

\* All Samsung's exhibits have been limited to relevant, cited-to excerpts (in addition to any necessary context) and have had cited portions highlighted (except where all or almost all of a document is cited), in conformance with Local Rule CV-7(b).

\*\* All emphasis in this brief is added, unless otherwise specified

Netlist does not identify any genuine issue of material fact regarding intervening rights. Whether the "reexamined claims remained identical in scope" is "a matter of law, exclusively for the court," *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346-47 (Fed. Cir. 1998), and Netlist's arguments for reading nearly 200 additional words into the original claims are meritless, as Netlist admitted during the reexamination, and as the N.D. Cal. court already held. Further, Netlist's quibbles with Samsung's DDR3 RDIMM technical document production are immaterial given Samsung's uncontroverted evidence that it stopped making, selling, importing, or putting into use ***any*** DDR3 LRDIMMs or RDIMMS before any possible intervening rights date. The Court should thus join the N.D. Cal. court in granting summary judgment on this issue.

## I.     The Court Should Hold Netlist to Its Word That It "Narrowed" the Claims

Netlist should be judicially estopped from disputing that it "narrowed" its claims. Ex. A at 47, 50; Ex. E at 1. "The public notice function of a patent and its prosecution history requires that a patentee be held to what he declares during the prosecution of his patent," despite the PTO "giving" claim language "the broadest reasonable interpretation." *See Springs Window Fashions LP v. Novo Indus., L.P.*, 323 F.3d 989, 995 (Fed. Cir. 2003); *Schwendimann v. Neenah, Inc.*, No. 19-361-LPS, 2021 WL 466876, at *6 (D. Del. Feb. 9, 2021). There are instances where a party can reasonably argue for different constructions under the BRI and *Phillips* standards, and—in those circumstances—courts rightly refrain from invoking judicial estoppel. But that is not what Netlist did here. None of Netlist's statements to the PTO and Federal Circuit that it "narrowed" its claims were limited to the broadest reasonable interpretation, Ex. A at 47, 50; Ex. C at 5-6, 8-9; Ex. E at 1, 11-12, and even Netlist's reexamination construction of "logic element" omitted the language added to the amended claims. Ex. 5 at 15 ("Patent Owner urged 'a logic element' to mean a 'hardware circuit that performs a predefined function on input signals and presents the

1

resulting signal as its output.'"). Further, Netlist does not even address how the PLL and register amendments allegedly implicate any difference between claim construction standards. This case is therefore not one where the difference in claim construction standards precludes estoppel.

Also irrelevant is that the PTAB and Federal Circuit did not explicitly discuss Netlist's "narrowing" remarks. *Contra* Dkt. 92 at 5. In adopting Netlist's argument that the amendments distinguished the prior art over which the original claims stood rejected, the PTAB and Federal Circuit "necessarily accepted, and relied on," those arguments. *Ahrens v. Perot Sys. Corp.*, 205 F.3d 831, 836 (5th Cir. 2000). Judicial estoppel thus bars Netlist's inconsistent arguments here.

## II.     Netlist's Admission That It Narrowed Its Claims Is Correct

Even if it is not estopped, Netlist is wrong that the "phase-lock loop," "register," and "logic element" limitations of the original claims required all the amended claim language. *Contra* Dkt. 92 at 5-11. Tellingly, although claim 16 (for which Samsung does not now seek summary judgment) contains the same PLL, register, and logic element requirements as the original claims, Netlist has not proposed construing those terms to incorporate the added requirements of the amended claims, Dkt. 94-1. Further, Netlist's infringement contentions do not purport to show those requirements are satisfied by the DDR4 products accused of infringing claim 16. Ex. O at 1-38. In any event, Netlist's arguments that these amendments did not change the scope of the claims are wrong, as the N.D. Cal. court held. Ex. H at 20-28.

### A.     The Added PLL Limitations

Addressing the PLL amendment, Netlist mischaracterizes Samsung's IPR petition as alleging that the PLL must inherently transmit clock signals to the logic element. Dkt. 92 at 7. Samsung's petition makes no such assertion; instead, the petition argues that it would have been obvious to operatively couple the PLL to a logic element in specific prior art. Ex. 3 at 61.

In any event, Netlist's argument that the PLL must inherently transmit clock signals to

the logic element is inconsistent with Netlist's position in reexamination, where it argued that the Amidi reference does not transmit its PLL clock to its logic element (CPLD). Ex. A at 51-52. Netlist also wholly fails to address the additional requirements, added by the amendment, that the clock signal is transmitted to the logic element *and* register "in response to signals received from the computer system," Ex. A at 48, thus tacitly conceding that those additions were narrowing.

## B. The Added Register Limitations

Netlist cobbles together its "register" arguments from two constructions not even proposed in this litigation, various out-of-context statements from Samsung's IPR, and several passages from the '912 patent's specification that Netlist seeks to read into the original claims (but not into claim 16). Dkt. 92 at 8-9. Its arguments lack merit for several reasons. First, they depend on constructions of "register" and "command signal" that no party, including Netlist, proposed. Dkt. 94-1. Netlist thus forfeited reliance on those constructions. *See Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-cv-90-JRG, 2013 WL 2949959, at *19 (E.D. Tex. June 14, 2013).

Second, the constructions do not support grafting the entire register amendments into the original claims. Ex I; Ex. A at 48. Even if "register" requires receiving, buffering, and transmitting signals, neither the original claims nor Netlist's construction specifies which signals are buffered or that they are buffered in response to the PLL clock signal. Netlist also fails to show that the original claims required sending "at least one row address signal" to the logic, but not the register. Although Netlist argues that JEDEC read/write command codes require a row address signal, it does not contend the original claims required JEDEC compliance. Dkt. 92 at 9. Nor does Netlist address why, even if a row address signal were required, different row address signals would need to be sent to different components. *Id.* Only the amended claims added all these new requirements. Ex. A at 48.

Finally, although Netlist points to embodiments showing the register and logic element as

3

separate elements in which the register receives certain address signals, it does not provide any basis for reading these embodiments into the original claims, contrary to basic claim construction principles. *E.g.*, *Thorner v. Sony Comput. Ent. Am. LLC*, 669 F.3d 1362, 1366 (Fed. Cir. 2012). Indeed, doing so would contradict Netlist's infringement theory, which relies on the same "advanced memory buffer" as both the alleged "logic element" and "register." Ex. P at 10.

        C.        **The Added Logic Element Limitations**

Netlist's "logic element" arguments rely on reading two requirements—(1) generating chip-select signals and (2) doing so based on all the specific input signals recited in the amendment—from the specification into the original claims, which is improper. *Thorner*, 669 F.3d at 1366; Dkt. 92 at 9-10. These arguments also contradict Netlist's reexamination arguments distinguishing the Amidi-Dell 2 combination for supposedly not using bank address signals to generate chip-select signals. Ex. A at 52-53. At bottom, Netlist offers no reason why the original claims would not cover a system with a logic element that did not respond to specifically all four recited signals by generating gated CAS or chip-select signals (e.g., by using other techniques to select ranks, or by generating chip-select signals in response to only a subset of these signals). Dkt. 92 at 9-10; Ex. 1 at 32:59-33:27. Certainly in merely arguing that using chip-select signals to select ranks would have been obvious, nothing in Samsung's IPR suggests the entire, lengthy "logic element" amendment (not even at issue in the IPR) was inherent in the original claims. Ex. 3 at 29, 61; *contra* Dkt. 92 at 9-10.

Although there is no "per se" rule that amendments distinguishing prior art give rise to intervening rights, the Federal Circuit has emphasized that "it is difficult to conceive of many situations in which the scope of a rejected claim that became allowable when amended is not substantively changed by the amendment." *Laitram*, 163 F.3d at 1348. This case, where "a plain reading of the claims would indicate that the original and reexamined claims are of

4

different scope," is not such a rare case. *Id.*; *see also* Ex. H at 23 (the N.D. Cal. court observing that "this is not a case in which the patentee added a one- or two-word 'modifier' to existing claim terms . . . . Rather, ***extensive*** amendments were made.").

### III. Netlist's Arguments About Samsung's DDR3 Products Are Immaterial

Netlist's argument that only products, used or purchased before June 15, 2020, should be subject to intervening rights is wrong—the statute unambiguously grants intervening rights for products made, used, or sold "prior to ***issuance*** of a [reexamination] certificate." 35 U.S.C. § 316(b) (2012). But it makes no difference because Samsung has not sold, imported, or put into use ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Exs. G, J-N. Netlist takes issue with Samsung's reliance on Mr. Ahn's declaration, yet its opposition provides no evidence controverting his testimony. Netlist's mere denials cannot defeat summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Netlist's arguments concerning DDR3 RDIMMs are equally immaterial. Regardless of any dispute over which DDR3 RDIMMs models, if any, are accused, Samsung's summary judgment evidence shows that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. G ¶¶ 4, 10-12; Exs. J-N. Additionally, because Netlist has not identified how any additional discovery (e.g., purchase orders) would "probably . . . influence the outcome" of this motion, its discovery-related arguments are irrelevant. *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).[2]

\*    \*    \*

The Court should grant Samsung's motion for partial summary judgment.

---

[2] Samsung has not withheld any discovery. Samsung has repeatedly asked Netlist to confirm whether it contends any DDR3 RDIMMs meet the limiting language set forth in Netlist's infringement contentions and explain why they were neither specifically identified nor charted in Netlist's contentions. *E.g.*, Ex. 2. To date, Netlist has refused to address either question.

| | |
|---|---|
| Date: July 20, 2023 | Respectfully submitted,<br><br>*/s/ Daniel A. Tishman*<br>Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099<br><br>Katherine H. Reardon<br>NY Bar No. 5196910<br>kreardon@fr.com<br>FISH & RICHARDSON P.C.<br>1180 Peachtree St., NE, 21st Floor<br>Atlanta, GA 30309<br>Telephone: 404-892-5005<br>Facsimile:  404-892-5002<br><br>Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:  (903) 934-8450<br>Facsimile:   (903) 934-9257 |

6

███████████████████████████████████

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on July 20, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                                        /s/ Daniel A. Tishman