UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>    Defendants. | Civil Case No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>    Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>    Defendants. | Civil Case No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION TO STRIKE**
**NETLIST'S THIRD AMENDED COMPLAINT**

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1
II. FACTUAL BACKGROUND ........................................................................................... 1
III. LEGAL STANDARDS ..................................................................................................... 2
IV. ARGUMENT .................................................................................................................... 2
V. CONCLUSION ................................................................................................................. 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bizouati v. City of New York*,
   No. CV 2005-4133, 2008 WL 753886, (E.D.N.Y. Mar. 19, 2008) ............................................ 5

*LS Cloud Storage Techs., LLC v. Google, LLC*,
   1:22-CV-853-RP Dkt. 46 (W.D. Tex. July 25, 2023) ............................................................ 5, 6

*U.S. ex rel. Mathews v. HealthSouth Corp.*,
   332 F.3d 293 (5th Cir. 2003) ................................................................................................. 3, 6

*Network-1 Sec. Sols., Inc. v. D-Link Corp.*,
   No. 6:05-CV-291, 2007 WL 9724803 (E.D. Tex. Apr. 19, 2007) .......................................... 4, 5

*Page v. AV & Amro Merch. Servs.*,
   No. 6:06-CV-393, 2007 WL 2683830 (E.D. Tex. Sept. 6, 2007) ............................................. 5

**Other Authorities**

Fed. R. Civ. P. 7(a) ........................................................................................................................ 6

Fed. R. Civ. P. 12(f) ...................................................................................................................... 6

Fed. R. Civ. P. 15(a)(1) ................................................................................................................. 1

Fed. R. Civ. P. 15(a)(2) ........................................................................................................... 2, 3, 6

## **TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | *LS Cloud Storage Techs., LLC v. Google, LLC*, No. 1:22-CV-853-RP Dkt. 46 (W.D. Tex. July 25, 2023) |

**TABLE OF ABBREVIATIONS**

| Abbreviation | Meaning |
|---|---|
| DCO | Docket Control Order |
| Original Complaint | *Netlist, Inc. v. Samsung Elecs. Co., Ltd., et al.*, No. 2:22-cv-00293-JRG, Dkt. 1 (E.D. Tex.) |
| First Amended Complaint | *Netlist, Inc. v. Samsung Elecs. Co., Ltd., et al.*, No. 2:22-cv-00293-JRG, Dkt. 12 (E.D. Tex.) |
| Second Amended Complaint | *Netlist, Inc. v. Samsung Elecs. Co., Ltd., et al.*, No. 2:22-cv-00293-JRG, Dkt. 62-1 (E.D. Tex.) |
| Third Amended Complaint | *Netlist, Inc. v. Samsung Elecs. Co., Ltd., et al.*, No. 2:22-cv-00293-JRG, Dkt. 100 (E.D. Tex.) |
| SEC | Samsung Electronics Co., Ltd. |
| SEA | Samsung Electronics America, Inc. |
| SSI | Samsung Semiconductor, Inc. |
| '912 Patent | U.S. Patent No. 7,619,912 |
| '417 Patent | U.S. Patent No. 11,093,417 |
| '215 Patent | U.S. Patent No. 9,858,215 |
| '608 Patent | U.S. Patent No. 10,268,608 |

I.  **INTRODUCTION**

The Court should strike Netlist's Third Amended Complaint (Dkt. 100), which seeks to add the '608 patent to this case without leave of the Court. The Docket Control Order (DCO) plainly prohibits Netlist from adding a patent without leave, stating "[i]t is not necessary to seek leave of Court to amend pleadings prior to [July 20, 2023] *unless the amendment seeks to assert additional patents*." Dkt. 66 at 4.[1] Netlist previously sought leave, over Samsung's opposition, to add the '608 patent in Netlist's *Second* Amended Complaint and acknowledged just two weeks ago that the Court has not granted that leave. Dkt. 62, 69, 71, 73; Dkt. 96 at 1. Yet, Netlist elected *not* to seek leave to file its Third Amended Complaint—even though this pleading also includes the '608 patent. The Court should therefore strike this Third Amended Complaint pursuant to the Federal Rules and its inherent power to manage the docket, as this unauthorized complaint effectively seeks to circumvent the Court's authority to decide whether a new patent enters the case.

II.  **FACTUAL BACKGROUND**

Netlist filed its original complaint on August 1, 2022, alleging infringement of the '912 patent. Dkt. 1. About two weeks later, Netlist filed a *First* Amended Complaint to additionally assert the '417 and '215 patents. Dkt. 12; Fed. R. Civ. P. 15(a)(1). On February 10, 2023, six months after the original complaint, Netlist moved for leave to file a *Second* Amended Complaint that additionally asserts the '608 patent. Dkt. 62 at 1; Dkt. 62-1. Samsung opposed that motion, which remains pending. Dkt. 69; Dkt. 96 at 1 (Netlist acknowledging leave to add the '608 patent had not been granted, stating "[t]he FWDs for the '912, '417, and '215 patents

---

[1] Dkt. 66 corresponds to the DCO governing the case at the time Netlist filed its Third Amended Complaint. July 20, 2023 has consistently been the deadline to file amended pleadings in other versions of the DCO in this case. *See* Dkt. 55 at 4; Dkt. 110 at 5.

are not due until August 2024 (or December 2024 *if Netlist's motion for leave to add the '608 patent is granted*). . .")."). On July 20, 2023, the last day to amend pleadings, Netlist filed a *Third* Amended Complaint asserting the '608 patent but *without* seeking leave of Court. Dkt. 100.

### III. LEGAL STANDARDS

The DCO and Federal Rules of Civil Procedure govern when a party must seek leave of Court to file an amended complaint. Rule 15(a)(2) governs amending a complaint after a party has answered, noting "a party may amend its pleading only with the opposing party's written consent or the court's leave." The DCO further clarifies when a party needs this Court's leave, stating "[i]t is not necessary to seek leave of Court to amend pleadings prior to [July 20, 2023] *unless the amendment seeks to assert additional patents*." Dkt. 66 at 4 (emphasis added).

### IV. ARGUMENT

The Court should strike Netlist's Third Amended Complaint, which Netlist filed without leave of Court. The Federal Rules and DCO require Netlist to seek leave prior to filing any amendment that "seeks to assert additional patents." Fed. R. Civ. P. 15(a)(2); Dkt. 66 at 4. Netlist inexplicably failed to seek such leave for its Third Amended Complaint, which asserts the '608 patent. However, the '608 patent is not part of this case because this Court has not granted Netlist's pending opposed motion for leave to file its Second Amended Complaint. Because Netlist lacked authority to file its Third Amended Complaint, the pleading has no legal effect. *See, e.g.*, *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("The failure to obtain leave results in an amended complaint having no legal effect."). As a result, the Court should strike this improper complaint from the record.

Netlist's earlier-filed motion for leave to file the *Second* Amended Complaint, which aims to assert the '608 patent, does not excuse its failure to comply with the rules regarding the

2

***Third*** Amended Complaint.[2]  Although the Third Amended Complaint does not add patents beyond those listed in the Second Amended Complaint, the Court has not granted leave to file the proposed Second Amended Complaint, so it is not Netlist's operative complaint.  The DCO governs whether leave must be sought for an "amended pleading," and Netlist's Third Amended Complaint falls within this rule's scope because it asserts an additional patent that is not included in the operative complaint—the First Amended Complaint.  *See* Dkt. 66 at 4.

This Court, and others, regularly strike amended complaints filed without leave.  *See, e.g.*, *Network-1 Sec. Sols., Inc. v. D-Link Corp.*, No. 6:05-CV-291, 2007 WL 9724803, at *1 (E.D. Tex. Apr. 19, 2007) (striking an amended complaint that sought to introduce doctrine of equivalents allegations without leave to amend where the governing DCO required "a motion for leave pursuant to P.R. 3-6 if any amendment to pleadings effects the PICs."); *Page v. AV & Amro Merch. Servs.*, No. 6:06-CV-393, 2007 WL 2683830, at *2 (E.D. Tex. Sept. 6, 2007) (striking amended complaint because "Plaintiff did not seek leave of the Court to amend her complaint, nor did she obtain consent from Defendants."); Ex. 1, *LS Cloud Storage Techs., LLC v. Google, LLC*, 1:22-CV-853-RP Dkt. 46 at 3 (W.D. Tex. July 25, 2023) (striking an amended complaint "adding additional claims on an additional patent" where the plaintiff "failed to file a separate motion requesting leave to file," noting "[t]his circumvention of the rules in an attempt to proceed under the Court's radar is suspect"); *Bizouati v. City of New York*, No. CV 2005-4133 RJDMDG, 2008 WL 753886, at *2 (E.D.N.Y. Mar. 19, 2008) ("Since plaintiff had no right to file the Second Amended Complaint, this Court exercises its inherent power to strike this improper pleading.").

---

[2] Moreover, Netlist's attempt to assert the '608 patent via the Third Amended Complaint should be denied for the reasons provided in Samsung's opposition to the motion for leave.  *See* Dkt. 69.

In *Network-1*, for example, the governing DCO required "a motion for leave pursuant to P.R. 3-6 if any amendment to pleadings effects the PICs." *Network-1 Sec. Sols., Inc.*, 2007 WL 9724803, at *2. The plaintiff filed an amended complaint that introduced doctrine of equivalents allegations, and thus "substantially affect[ed the] PICs." *Id.* The court granted defendants' motion to strike that amended complaint because, like Netlist, the plaintiff in that case "had not obtained the Court's leave before filing it," as it was required to do. *Id.* at *1.

In addition to Rule 15(a)(2), the DCO, and the Court's inherent authority to manage its docket, Federal Rule of Civil Procedure 12(f) further permits the Court to strike immaterial and impertinent matter from a pleading, such as material added without leave. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."); *LS Cloud Storage Techs., LLC v. Google, LLC*, 1:22-CV-853-RP Dkt. 46 (W.D. Tex. July 25, 2023) ("Federal Rule of Civil Procedure 12(f) allows the Court to strike from pleadings an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. 'Pleadings' is defined in Federal Rule of Civil Procedure 7(a) as including a 'complaint.'"). As Netlist failed to seek leave to file its Third Amended Complaint, it has no legal effect, *see Mathews*, 332 F.3d at 296, and is it is thus both "immaterial" and "impertinent" to this case. The Court should therefore strike Netlist's Third Amended Complaint.

## V.   CONCLUSION

For the foregoing reasons, the Court should strike Netlist's Third Amended Complaint.

Date: August 3, 2023                                Respectfully submitted,

                                                    */s/ Francis J. Albert*

                                                    Ruffin B. Cordell
                                                    TX Bar No. 04820550
                                                    cordell@fr.com

Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Kathryn Quisenberry
TX Bar No. 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street Suite 2100
Houston, TX 77010
Telephone:  (713) 654-5300

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn

5

        CA Bar No. 271399/DC Bar No. 1004350
        aahn@cov.gom
        COVINGTON & BURLING LLP
        415 Mission Street, Suite 5400
        San Francisco, CA 94105
        Telephone: (415) 591-7091
        Facsimile: (415) 955-6571

        *Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 3, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Francis J. Albert*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred on August 2, 2023.  Jennifer Truelove attended for Plaintiff.  Melissa Smith attended for Defendants.  The parties discussed their positions on this motion.  The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.  Counsel for Plaintiff indicated that they oppose this motion.

*/s/ Kathryn Quisenberry*