# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LS CLOUD STORAGE TECHNOLOGIES, LLC, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 1:22-CV-853-RP |
| GOOGLE, LLC, | | |
| Defendant. | | |

## ORDER

Before the Court is Defendant Google, LLC's ("Google") Motion to Strike Amended Complaint, (Dkt. 37); and all associated briefing. Having considered the parties' briefs, the record, and the relevant law, the Court finds that Google's motion should be granted.

## I. BACKGROUND

Defendant Google, LLC, moves to strike Plaintiff LS Cloud Storage Technologies, LLC's ("LS Cloud") Amended Complaint, (Dkt. 31). Google argues that the Amended Complaint was filed without its consent or leave of court, as is required by Federal Rule of Civil Procedure 15 and Local Rule CV-15. (Mot., Dkt. 37, at 4). Google argues that LS Cloud amended its Complaint shortly before it filed its response to Google's motion to stay pending IPR of U.S. Patent No. 10,154,092, "to contrive a basis to oppose a stay warranted under the relevant factors." (*Id.* at 4). Google moves to strike the Amended Complaint as filed for an improper purpose under Federal Rule of Civil Procedure 12(f). (*Id.*).

LS Cloud responds that it sought consent from Google, but did not receive a response; and therefore, went ahead and filed its First Amended Complaint, noting in a footnote to the Complaint that it had not received a response from Google. (Resp., Dkt. 38 at 6). In that same footnote, LS

Cloud stated, "[t]o the extent that Google may be opposed, LS Cloud respectfully seeks the Court's leave to amend for good case [sic]." (Am. Compl., Dkt. 32, at 1 n.1). LS Cloud admits in its pleading that Local Rule CV-7 required it to file a separate motion seeking leave, but in the interest of judicial economy asks the Court to decline to strike its First Amended Complaint.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(f) allows the Court to strike from pleadings an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. "Pleadings" is defined in Federal Rule of Civil Procedure 7(a) as including a "complaint."

Courts also possess the inherent power "to protect the efficient and orderly administration of justice and ... to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (per curiam); *see United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) ("[t]he federal courts are vested with inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases, including the power of the court to control its docket.") A court, exercising this inherent power, may strike an improperly filed document. *See, e.g., Powell v. Dallas Morning News L.P.*, 776 F.Supp.2d 240, 246 (N.D. Tex. 2011) (granting a motion to strike pursuant to the Court's inherent power to control its docket and prevent undue delay). This authority should be invoked only in extreme cases, and used with restraint. *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952–52 (5th Cir. 2001)).

## III. ANALYSIS

Federal Rule of Civil Procedure 15 allows a party to amend its complaint once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier," Fed. R. Civ. P. 15(a)(1)(B). If the party desires to amend after the expiration of 21 days, it may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

LS Cloud Storage filed its original complaint on March 25, 2022. (Dkt. 1). The parties do not dispute that LS Cloud Storage Technologies filed its First Amended Complaint on December 31, 2022, (Dkt. 31), well past the 21-day deadline. The parties also do not dispute that LS Cloud neither received Google's written consent nor filed a separate motion seeking leave of court as is required by the Local Rules. *See* W. D. Tex. Loc. R. CV-7(b) ("When a motion for leave to file a pleading, motion, or other submission is required, an executed copy of the proposed pleading, motion, or other submission shall be filed as an exhibit to the motion for leave.").

Additionally, Local Rule CV-15 provides:

> (a) Notwithstanding the time limits provided in Rule CV-7, a party may respond to a first motion under Federal Rule of Civil Procedure 12(b) by filing an amended pleading as a matter of course not later than 21 days after the filing of the motion. *See* Fed. R. Civ. P. 15.
>
> (b) A party that is entitled to amend its pleadings as a matter of course pursuant to Federal Rule of Civil Procedure 15 may do so without the necessity of filing a motion for leave to amend.

W.D. Tex. Loc. R. CV-15.

In this case, LS Cloud ignored the relevant rules at more than one juncture in filing its First Amended Complaint. Plaintiff was aware it was well beyond the deadline to file an Amended Complaint as a matter of course. This is obvious from the fact that it reached out to Google requesting its consent. However, not only did LS Cloud fail to procure the required written consent from Google, it failed to file a separate motion requesting leave to file, and then buried that request in a footnote in its First Amended Complaint. This circumvention of the rules in an attempt to proceed under the Court's radar is suspect. This is especially true in light of the timing of LS Cloud Storage Technologies' filing of its Amended Complaint, adding additional claims on an additional patent, upon which it relied in an effort to head off Google's seemingly meritorious motion to stay the case. The Court has never analyzed and has not granted LS Cloud's leave to file its First Amended Complaint because LS Cloud Storage Technologies never properly sought leave to file.

The Court finds that, because of LS Cloud Storage Technologies' blatant failure to follow the Federal Rules of Civil Procedure and failure to comply with the Local Rules of the Western District of Texas, based on its inherent powers to manage its docket, Plaintiff's First Amended Complaint should be stricken. Because the Court finds that Google's motion should be granted on this basis, it does not address Google's argument that Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). LS Cloud Storage Technologies may still seek leave to file an Amended Complaint in compliance with the relevant rules.

**IT IS THEREFORE ORDERED** that Google's Motion to Strike Amended Complaint, (Dkt. 37), is **GRANTED**. The Clerk of Court is **ORDERED** to **STRIKE** Plaintiff's First Amended Complaint, (Dkt. 31), from the docket.

SIGNED July 25, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE