# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST INC.'S SUR-REPLY IN OPPOSITION TO SAMSUNG'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING <u>ITS ABSOLUTE INTERVENING RIGHTS DEFENSE</u>**

**TABLE OF CONTENTS**

**Page**

I. Judicial Estoppel Does Not Apply ................................................................................................. 1

II. The Amended Claims are "Substantially Identical" to the Original Claims .............................. 2

    A. The PLL Amendment ............................................................................................................. 2

    B. The Register Amendment ...................................................................................................... 3

    C. The Logic Element Amendment ........................................................................................... 3

III. Samsung's Identification of Products Remains Deficient ............................................................ 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adrain v. Vigilant Video, Inc.*,
   2013 WL 1984369 (E.D. Tex. May 13, 2013) ...................................................................... 4

*Ahrens v. Perot Sys. Corp.*,
   205 F.3d 831 (5th Cir. 2000) .................................................................................................. 2

*Convolve, Inc. v. Compaq Comput. Corp.*,
   812 F.3d 1313 (Fed. Cir. 2016) .............................................................................................. 1

*Google LLC v. Netlist*, Inc.,
   810 F. App'x 902 (Fed. Cir. 2020) ......................................................................................... 2

*Optimize Tech. Sols., LLC v. Staples, Inc.*,
   2013 WL 6170624 (E.D. Tex. Nov. 20, 2013) ...................................................................... 4

*Schwendimann v. Neenah, Inc.*,
   2021 WL 466876 (D. Del. Feb. 9, 2021) ............................................................................... 1

*Springs Window Fashions LP v. Novo Indus.*,
   323 F.3d 989 (Fed. Cir. 2003) ................................................................................................ 1

## I.     Judicial Estoppel Does Not Apply[1]

Samsung's argument regarding the inconsistency prong turns on Netlist's characterization of the amendments during reexamination. Reply at 1-2. The Federal Circuit in *Convolve* emphasized that a patentee's characterization of amendments during reexamination should be afforded little weight. *Convolve, Inc. v. Compaq Comput. Corp.*, 812 F.3d 1313, 1322 (Fed. Cir. 2016) ("[W]e decline to give significant weight to the patentee's and the examiner's use of the term 'clarify' or 'clarifying' in describing the amendment in prosecution."). Samsung points to no inconsistency other than Netlist's "narrowing" statements, and thus its judicial estoppel argument should be rejected. Mot. at 6-7.

Samsung also suggests that patentees should be strictly held to statements during reexamination for purposes of intervening rights without accounting for the differences in claim construction standards employed. *See* Reply at 1-2 (discussing "public-notice" function of prosecution history). But the authority Samsung cites in support concerns prosecution disclaimer, not intervening rights. *See Springs Window Fashions LP v. Novo Indus.*, 323 F.3d 989, 995-96 (Fed. Cir. 2003) (holding that applicant's statements distinguishing the invention from a single plate with multiple cutting edges, as in the prior art, amounted to prosecution disclaimer); *Schwendimann v. Neenah, Inc.*, 2021 WL 466876, at *6 (D. Del. Feb. 9, 2021) (finding prosecution disclaimer required "peeling step" to occur before contacting and applying heat steps where patentee argued to the PTAB that "the claim does not require the substrate be peeled before the application of heat"). As stated in *Convolve*, in the intervening rights context, "[t]he inquiry must focus on a case-by-case analysis of the scope of the claims before and after claim amendment." *Convolve,* 812 F.3d at 1322. The patentee's or examiner's gloss on the intent of the amendment should not be accorded significant weight in the analysis. *Id.*

Regarding the judicial reliance prong, Samsung claims that the PTAB and Federal Circuit

---

[1] All emphases are added unless stated otherwise.

"necessarily accepted, and relied on" Netlist's "narrowing" statements. Reply at 2. However, Samsung does not cite to a single instance of the PTAB or Federal Circuit relying on those statements to conclude that the amended claims were not unpatentable. *See id.* Samsung argues that it is "irrelevant" that there was no explicit discussion of these statements, but the Fifth Circuit case upon which Samsung relies held that the reliance element of judicial estoppel was met because the prior court's remand order quoted the estopped party's position:

> The remand order **quotes Ahrens' remand motion**, including her assertion that, by providing confidential and disparaging information to the IBM defendants for use against her, the ISI defendants facilitated the IBM defendants' tortious interference with her employment at Perot Systems. Thus, in concluding that Ahrens' claims against the six defendants were sufficiently related to permit joinder (and, thereby, compel remand), **the court necessarily accepted, and relied on, Ahrens' statements** that, by providing disparaging and confidential information that the IBM defendants used to cause Perot Systems to discharge her, the ISI defendants had facilitated the IBM defendants' tortious interference with her employment with Perot Systems.

*Ahrens v. Perot Sys. Corp.*, 205 F.3d 831, 836 (5th Cir. 2000). By contrast, here the Federal Circuit's one-line order did not quote or cite to Netlist's comments. *See Google LLC v. Netlist*, Inc., 810 F. App'x 902 (Fed. Cir. 2020). And the PTAB only cited one such comment from Netlist's expert Dr. Sechen, and called that comment "confusing." Opp. at 5; Dkt. 81-04 at 19.

II. <u>**The Amended Claims are "Substantially Identical" to the Original Claims**</u>

    A.    The PLL Amendment

Samsung's Reply contends that the PLL amendment affected a substantive change given the requirement that a clock signal be transmitted to, in addition to the logic element, the register, and "in response to signals received from the computer system." Reply at 2-3. But the original claims required the PLL device to be "operatively coupled"/"operationally coupled" to the register. *See, e.g.*, Ex. 1 ('912 patent), 33:24-27 ("[T]he phase-lock loop device operatively coupled to the plurality of DDR memory devices, the logic element, and the register . . . ."); *see also id.*, 34:53-57, 36:2-4, 36:50-54; Opp. at 6-7. And the specification provides that "[i]n response to signals received from the computer

system, the phase-lock loop device 50 transmits clock signals . . . **the register 60**." Ex. 1 ('912 patent), 5:28-31; *see also* Figs. 1A-1B (PLL (50) outputs signals to register (60)).

### B.   The Register Amendment

Samsung argues that the original claims failed to specify which signals are received and buffered by the claimed register.  Reply at 3.  But Samsung's IPR expert concedes that "registers" such as those shown in the JEDEC standards are "for registering the received control and address signals." Ex. 4 (Wolfe Decl. in IPR2022-00615), p. 74; *see also* Ex. 1 at 5:31-36 ("The register 60 receives and buffers a plurality of control signals, including address signals (e.g., bank address signals, row address signals, column address signals, gated column address strobe signals, chip-select signals), and transmits corresponding signals to the appropriate memory devices 30."); 7:43-53, Fig. 1A.  Moreover, contrary to Samsung's suggestion, the original claims indicate that they are directed to memory modules with JEDEC-compliant DDR memory devices.  *See, e.g.*, Ex. 1, 32:60-63 (claim 1) ("A memory module . . . comprising: a printed circuit board; a plurality of double-data-rate (DDR) memory devices mounted to the printed circuit board . . . ."); *id.*, 34:25-31, 35:36-42, 36:39-42.  According to Samsung's IPR expert, Dr. Wolfe, a person of ordinary skill in the art would have understood that commonly available DDR/DDR2 devices at the time of the priority date of the '912 patent would have been compliant with the JEDEC DDR/DDR2 standards (JESD79 or JESD79-2). Ex. 9 (Wolfe Tr. in IPR2022-00615), 72:15-73:2 (explaining that "the most commonly available devices would -- that are DDR or DDR2 in the 2004, 2005, 2006 time frame -- would be compliant with JESD79 or JESD79-2").

### C.   The Logic Element Amendment

Samsung's Reply asserts that Netlist's "logic element" arguments rely on reading in two requirements to the claims: "(1) generating chip-select signals and (2) doing so based on all the specific input signals recited in the amendment [signals (i)-(iv)]—from the specification into the original claims, which is improper."  Reply at 4.  To the extent both are required, Netlist has demonstrated how the

`                                                                    - 3 -

original claims support this interpretation. Opp. at 9-11. Whether "all" the specific "input signals" recited in the amendment are required to generate the chip-select signals is an issue currently subject to claim construction. *See* Dkt. 94-02 (Samsung's P.R. 4-3 disclosure proposing that "wherein the logic element generates gated column access strobe (CAS) signals or chip-select signals of the output [control] signals in response at least in part to [signals (i)-(iv)]" be construed as "the logic element generates gated column access strobe signals or chip-select signals in response at least in part to **all four of** [signals (i)-(iv)]."). Dkt. 94-02 at 56-57. Samsung's motion for summary judgment is thus premature. *Optimize Tech. Sols., LLC v. Staples, Inc.,* 2013 WL 6170624 (E.D. Tex. Nov. 20, 2013) (Court previously decided that "intervening rights issues will not be addressed until after the present Memorandum Opinion and Order regarding claim construction has been entered," noting "[t]he volume of the claim construction arguments addressed in the present Memorandum Opinion and Order underscores the appropriateness of that determination") (citing *Adrain v. Vigilant Video, Inc.*, 2013 WL 1984369, at *2-*3 (E.D. Tex. May 13, 2013): "Court addressed a motion for summary judgment regarding intervening rights because Court had already construed the original claims and no party identified any terms in the reexamined claims as requiring additional construction").

### III. <u>Samsung's Identification of Products Remains Deficient</u>

Netlist's infringement contentions expressly identify DDR3 RDIMMs. Ex. 6 at 4-5 ("The Accused Instrumentalities further include Micron's DDR3 memory modules . . . including registered DIMMS (RDIMMs) . . . ."). Contrary to Samsung's assertion that it has "not withheld any discovery," as of the filing of this brief, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. Ex. 7 (July 28, 2023 Tishman Letter) at 1-2. Netlist explained, over a month ago, that these products are plainly accused in Netlist's infringement contentions. Ex. 8 (June 28, 2023 Werner Email) at 1. It is improper for Samsung to grant itself summary judgment of non-infringement based on its disagreement with Netlist's method of identification of these products.

| | |
|---|---|
| Dated: July 31, 2023 | Respectfully submitted,<br><br>*/s/ Jason Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br><br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br>**Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on Samsung's counsel through the Court's CM/ECF system on July 31, 2023.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby