IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:22-CV-00293-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC.,  SAMSUNG SEMICONDUCTOR | § | |
| INC., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is the Opposed Motion to (1) Sever and Transfer the '912 Patent to the

N.D. Cal.; and (2) Stay the Remaining Patents Pending Ninth Circuit Appeal, or (3) Alternatively,

Consolidate with Civil Action No. 2:21-cv-463 (the "Motion") filed by Defendants Samsung

Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor Inc.

(together, "Samsung").  (Dkt. No. 20.)  Having considered the Motion and its briefing, the Court

finds that the Motion should be and hereby is **DENIED** for the reasons set forth below.  Further,

Samsung's Motion to File a Supplemental Brief in Support of the Motion (Dkt. No. 75) is

**DENIED AS MOOT**.

### I.    BACKGROUND

On August 1, 2022, Plaintiff Netlist, Inc. ("Netlist") filed this suit against Samsung alleging

infringement of U.S. Patent No. 7,619,912 (the "'912 Patent").  (Dkt. No. 1.)  Netlist also filed suit

against Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology

Texas, LLC (together, "Micron") alleging infringement of the '912 Patent on the same day.  (*See

Netlist, Inc. v. Micron Tech., Inc. et al.*, No. 2:22-cv-294 (E.D. Tex.).)  Netlist amended its

complaints in both cases on August 15, 2022 to add allegations of infringement of U.S. Patent Nos. 11,093,417 (the "'417 Patent") and 9,858,215 (the "'215 Patent), which Netlist represents are in the same family as the '912 Patent.  (Dkt. No. 12.)  The two cases were consolidated on October 21, 2022.  (Dkt. No. 39.)

The enforcement history of the '912 Patent, however, stretches back over a decade.  Netlist first asserted the '912 Patent by filing suit against Google in the Northern District of California on December 4, 2009.  (*See Netlist, Inc. v. Google LLC*, No. 3:09-cv-5718-RS (N.D. Cal.) (the "Google Action").)   The Google Action was stayed pending *inter partes* reexamination proceedings at the U.S. Patent and Trademark Office ("PTO") and resulting appeal.   During reexamination, most of the original claims of the '912 Patent were invalidated based on prior art. As a result, Netlist cancelled or amended each of the 34 claims it had originally asserted against Google.   However, claim 16, which was not originally asserted in the Google Action, was confirmed (after being amended to be rewritten in independent form).  The Google Action was reopened on February 17, 2021.   Thereafter, the court in the Northern District of California considered a series of motions by both parties to that case and the court granted summary judgment that the original claims asserted against Google are subject to absolute intervening rights, but not claim 16.  (Dkt. No. 20 at 2–3; Dkt. No. 21 at 3.)  Thereby, the court allowed the case based on newly asserted claim 16 to go forward and eliminated liability as to all other claims.  (*See* Dkt. No. 20-9 at 16.)

On May 28, 2020, Netlist filed suit against Samsung in the Central District of California alleging breach of contract.  (*See Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 8:20-cv-993-MCS (C.D. Cal.) (the "California Action").)   In the California Action, Netlist alleged that Samsung breached a Joint Development and License Agreement ("JDLA") that the parties entered into in

2015.  The court in the Central District of California ruled on October 14, 2021, on summary judgment, that Samsung had materially breached the JDLA and that the JDLA was terminated. After a jury trial, the court entered judgment for Netlist awarding nominal damages and declaring that Netlist properly terminated the JDLA, and thus Samsung's licenses under the JDLA have ceased.  Samsung appealed the judgment to the Ninth Circuit, and that appeal remains pending. (*See Netlist, Inc. v. Samsung Elecs. Co., Inc.*, No. 22-55247 (9th Cir.) (the "Ninth Circuit Appeal").)

On October 15, 2021, Samsung sued Netlist in the District of Delaware seeking declaratory judgment of non-infringement and unenforceability of the '912 Patent, as well as U.S. Patent Nos. 10,217,523, 10,474,595, and 9,858,218, among other causes of action.  (*See Samsung Elecs. Co., Ltd. v. Netlist, Inc.*, No. 1:21-cv-1453-RGA-JLH (D. Del.) (the "Delaware Action").)   The Delaware Action was filed the day after the summary judgment ruling issued in the California Action finding that Samsung had breached the JDLA and the JDLA was terminated.  On August 1, 2022, the court in the District of Delaware declined to exercise jurisdiction over Samsung's declaratory judgment claims relating to the '912 Patent, and dismissed those claims, finding:

> The '912 Patent has been the subject of litigation in another district for over a decade.  Claim 16 of the '912 Patent has been at issue for over a year.  Another judge has decided issues related to the patent. The infringement and inequitable conduct claims are essentially the same in the two cases.  Given this background, I do not think that Samsung's declaratory judgment action is an efficient use of judicial resources.

(Dkt. No. 20-10 at 6; Dkt. No. 21-11 at 6 (citation omitted).)  That same day, August 1, 2022, Netlist filed the present action in this Court.

Meanwhile, in the Google Action, the parties to that case stipulated to a stay pending resolution of this case, which the court in the Northern District of California granted.  (Dkt. No. 37-2.)  Currently, the Google Action is stayed; the Delaware Action is proceeding without claims

relating to the '912 Patent, and the Ninth Circuit has yet to rule on the appeal of the California Action.

## II.    LEGAL STANDARD

When confronted with substantially similar declaratory judgment and patent infringement actions filed in different jurisdictions, courts generally favor "the forum of the first-filed action, whether or not it is a declaratory action." *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 2008).  Courts typically enforce this first-to-file rule "absent sound reason for a change of forum." *Id.*; *see also Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005).

"In determining whether to apply the first-to-file rule to an action, a court must resolve two questions: 1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the subject matter of both actions; and 2) which of the two courts should take the case?" *Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993).  To determine if there is substantial overlap, courts examine "whether 'the core issue was the same' or if 'much of the proof adduced would likely be identical'." *Int'l Fid. Inc. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011).  The rule's purpose is to support "comity and sound judicial administration" among the courts.  *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

Once the "substantial similarity" threshold is crossed, the first-to-file rule accords the first-filed court the responsibility to determine which case should proceed.  *RPost Holdings, Inc. v. Sophos, Inc.*, 2014 WL 10209205, at *1 (E.D. Tex. Aug. 20, 2014).

## III.    DISCUSSION

Samsung requests that the Court sever and transfer the '912 Patent-based claims to the Northern District of California, and stay this case pending resolution of the Ninth Circuit Appeal.

4

Alternatively, Samsung asks that the Court consolidate this case with No. 2:21-cv-463.  The Court addresses Samsung's requests in turn.

### A.  The '912 Patent Should Not Be Severed and Transferred to N.D. Cal.

Samsung argues that the '912 Patent should be severed and transferred to the Northern District of California because the primacy of that venue was the basis of the Delaware court's ruling in favor of Netlist when dismissing Samsung's declaratory judgment claim relating to the '912 Patent.  (Dkt. No. 20 at 5–12.)  Samsung argues that the Google Action is the first-filed case for the '912 Patent, and thus, under the first-to-file rule, the Court should refuse to hear Netlist's claims relating to the '912 Patent.

Netlist argues that the first-to-file rule does not apply here, and even if it did, Samsung's requested transfer is contrary to the customer-suit exception.  (Dkt. No. 21 at 5–10.)  Netlist contends that Judge Seeborg of the Northern District of California has already concluded that the first-to-file rule is inapplicable to the Google Action, and instead, the supplier/customer doctrine controls.  (Dkt. No. 37 at 1.)

The Court initially finds that this case and the Google action *do* involve substantially similar issues, at least by virtue of the accused products.  Netlist has accused Samsung's DDR4 LRDIMM and RDIMM products in this case (Dkt. No. 12 at ¶ 36), and in the Google Action, Netlist accused memory modules incorporated in Google's servers that include DDR4 LRDIMM and RDIMM products (Dkt. No. 20-5 at 1.)  In the Google Action, Google stated that "the only products legitimately in dispute are those Google purchases from Samsung, and the Northern District of California court acknowledged that a "key issue before" it was "whether the accused DIMMs that Samsung supplies to Google infringe claim 16 of the '912 patent."  (Dkt. No. 34 at 2.)  Indeed, the Delaware court, when ruling in favor of Netlist on the issue of whether to dismiss the '912 Patent, found that "[t]he infringement and inequitable conduct claims are essentially the

same in the two cases."  (Dkt. No. 20-10 at 6 (comparing the Delaware Action, where Samsung is a party, with the Google Action, where Samsung is not a party).)

Netlist's arguments as to the lack of complete overlap and the scope of products differing between the two actions (Dkt. No. 21 at 5–9) are not persuasive.  Even without "complete" overlap, district courts have broad discretion to assess the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute.  *In re ASM Int'l, N.V.*, 774 Fed. App'x 650, 652 (Fed. Cir. 2019).  The fact that some additional products might be at issue does not foreclose a finding that there is substantial overlap between the two cases.  Nor does this Court's decision in *Intertrust Techs. Corp. v. Cinemark Holdings, Inc.* foreclose finding that there is substantial overlap.  2020 WL 6479562, at *8 (E.D. Tex. Sept. 30, 2020).  The "core" or "key issues" that both cases have in common, as recognized by the court in the Northern District of California, is whether the DDR4 DIMMs that Google obtains from Samsung infringe the '912 Patent.  (*See* Dkt. No. 20-9 at 17.)  The Court finds this sufficient to find "substantial similarity," which only requires that the two actions involve closely related questions or common subject matter, or that the core issues substantially overlap.  *Texas Instruments*, 815 F. Supp. at 997.

Having found "substantial similarity" between this case and the Google Action, the Court next looks to the issue of which of the two courts should take the case.  The Court also bears in mind that the first-to-file rule should not be applied rigidly.  *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) ("Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems."); *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (exceptions to the first-to-file rule may be made if justified by

"considerations of judicial and litigant economy, and the just and effective disposition of disputes.").

Accordingly, the Court finds that, under the customer-suit exception, the current case should proceed while the Google Action remains stayed. The customer-suit exception exists to avoid, if possible, "imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *In re Nintendo*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). The Court is persuaded, based on the record before it, that resolution of Netlist's claims regarding the '912 Patent in this case will likely resolve the "major issues" in the Google Action.

Having found that the '912 Patent should not be transferred to the Northern District of California, the Court need not reach the issue of whether it would be appropriate to sever the '912 Patent from this case.

Thus, the Court **DENIES** Samsung's request to sever and transfer Netlist's claims based on the '912 Patent to the Northern District of California.

### B. This Case Should Not Be Stayed Pending Ninth Circuit Appeal

Samsung argues that regardless of whether the '912 Patent-based claims are transferred, this case should be stayed pending the Ninth Circuit Appeal, which relates to whether Netlist properly terminated the JDLA and whether Samsung is licensed to Netlist's patents, including the asserted patents. (Dkt. No. 20 at 12–13.) Samsung references its motion to stay in *Netlist, Inc. v. Samsung Elecs. Co., Ltd. et al.*, No. 2:21-cv-463-JRG (the "First Texas Case"), and argues that three *Landis* factors, as recited in *Lochner Techs., LLC v. Lenovo Inc.*, favor a stay. 2013 WL 12172638, at *1 (E.D. Tex. July 24, 2013). Samsung additionally notes that a petition for *inter partes* review has been filed against the '912 Patent, and for this reason too, a stay would maximize efficiency to let the PTO complete its work.

7

Netlist argues that the Court should apply the *Nken* test to decide whether to stay the case pending appeal, and that Samsung fails to address either the "likelihood of success" factor or the "irreparable harm" factor. (Dkt. No. 21 at 11–12.) Netlist also argues that a stay is against the public interest because it would undermine the speedy resolution of disputes, and would unduly prejudice Netlist's right to timely enforce its patent rights.

This Court has already denied Samsung's motion to stay pending Ninth Circuit Appeal in the First Texas Case. (*See* No. 2:21-cv-463-JRG Dkt. No. 195.) The Court finds the reasoning relied upon in reaching that decision applicable in this case as well. For example, Samsung has not made any showing that it is likely to succeed on appeal, and has instead argued that *Nken* is inapplicable. However, even under the less strict *Landis* factor analysis, the Court finds that the factors, on balance, do not weigh in favor of a stay. For reasons similar to that guiding the Court's reasoning in the First Texas Case, the Court **DENIES** Samsung's request for a stay pending the Ninth Circuit Appeal.

### C.  This Case Should Not Be Consolidated with the First Texas Case

Samsung argues, in the alternative, that if the Court does not stay the remaining patents, it should consolidate them with the First Texas Case based on factors discussed in *Taylor v. Ocwen Loan Servicing, LLC*, 2013 WL 3356231, at *1 (S.D. Tex. July 3, 2013). (Dkt. No. 20 at 13–15.) Netlist argues that the factors the Court considers when determining whether to consolidate cases do not favor consolidation. (Dkt. No. 21 at 13–15.)

A jury trial has already occurred in the First Texas Case. Thus, the Court **DENIES AS MOOT** Samsung's request to consolidate this case with the First Texas Case.

### IV.   CONCLUSION

For the reasons stated above, the Court finds that the Motion (Dkt. No. 20) should be and hereby is **DENIED**.

So **ORDERED and SIGNED** this 9th day of August, 2023.

_____

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE