# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S OPPOSITION TO
SAMSUNG'S MOTION TO STRIKE (Dkt. 116)**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. FACTUAL BACKGROUND ..................................................................................................1

III. ARGUMENT ...........................................................................................................................2

IV. CONCLUSION ........................................................................................................................4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blake v. GE Money Bank*,
 No. SA-10-CV-860, 2011 WL 809356 (W.D. Tex. Mar. 2, 2011) ........................................ 4

*U.S. ex rel. Hartwig v. Medtronic, Inc.*,
 No. 3:11-CV-413, 2014 WL 1324339 (S.D. Miss. Mar. 31, 2014) ...................................... 3

*Levy v. FCI Lender Servs., Inc.*,
 No. 3:18-CV-02725, 2019 WL 3459030 (S.D. Cal. July 31, 2019) ...................................... 4

*U.S. ex rel. Mathews v. HealthSouth Corp.*
 332 F.3d 293 (5th Cir. 2003) ................................................................................................ 3

*Spencer v. Hughes Watters Askanse, LLP*,
 No. 5:15-CV-00233, 2015 WL 3507117 (W.D. Tex. June 3, 2015), *order clarified*,
 2015 WL 3651594 (June 11, 2015) ...................................................................................... 4

*Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*,
 475 F. Supp. 2d 1092 (D. Kan. 2007) .................................................................................. 4

**Other Authorities**

Fed. R. Civ. P. 15 ........................................................................................................................ 4

**I.     INTRODUCTION**

The Court's Amended Docket Control Order provided a date by which the parties could file amended pleadings without seeking leave of the Court, so long as the amendment did not seek to add new patents to the case. Dkt. 66 at 4.  Netlist timely filed a Third Amended Complaint (Dkt. 100), adding allegations regarding indirect infringement and willful infringement, which Samsung does not dispute was permissible. Samsung's sole grievance is that the Third Amended Complaint carried over allegations relating to the '608 patent, which is the subject of a motion for leave to amend currently pending before the Court. *See* Dkt. 62. Samsung falsely alleges that Netlist "seeks to circumvent the Court's authority to decide whether a new patent enters the case," Dkt. 116 ("MTS") at 1, ignoring the fact that Netlist clearly explained to Samsung that the claims relating to the '608 patent "will be subject to the Court's decision on Netlist's pending motion for leave to amend," Ex. A. If that amendment is granted, the '608 patent is in the case. If that amended is not granted, it is not in the case.

This dispute exists because Samsung wants Netlist to file a new motion to amend, which will allow it to engage in a month long re-briefing process and thereby further delay action on the pending motion to amend.

**II.    FACTUAL BACKGROUND**

Netlist filed the instant action against Samsung for infringement of the '912 patent on August 1, 2022. Dkt. 1. A parallel proceeding involving the same patent was filed against Micron on the same day. Netlist filed First Amended Complaints in both actions on August 15, 2022, adding the '417 and '215 patents. Dkt. 12. The Court consolidated the two cases on October 21, 2022. Dkt. 39. On January 20, 2023, Netlist moved for leave to file a Second Amended Complaint to add claims of infringement involving the '608 patent. Dkt. 62. The Court has not yet ruled on Netlist's motion for leave.

The Court's Amended Docket Control Order provided that the parties had until July 20, 2023

to file amended pleadings, noting that leave of Court was not necessary "unless the amendment seeks to assert additional patents." Dkt. 66 at 4. On July 20, Netlist filed a Third Amended Complaint against Samsung. Dkt. 100. The Third Amended Complaint maintained the Second Amended Complaint's allegations regarding the '608 patent. *See id.* at ¶¶ 93-113. Meanwhile, the Third Amended Complaint added allegations regarding indirect infringement and willful infringement, as was proper under the Amended Docket Control Order. *See id.* at ¶¶ 50-53, 73, 92, 112-113.

### III. **ARGUMENT**

Samsung's motion to strike should be denied because Netlist was not required to file a motion for leave to file the Third Amended Complaint. Netlist already filed a motion for leave to add the '608 patent to this case, and included allegations relating to that patent in the Second Amended Complaint. Dkt. 62. Maintaining those allegations in the Third Amended Complaint was not an attempt to "assert additional patents" within the scope of the Amended Docket Control Order, Dkt. 66 at 4, and thus leave was not required.

The illogical nature of Samsung's position is highlighted by the process Netlist would have presumably needed to have undertaken to satisfy Samsung. Samsung would require Netlist to still file a Third Amended Complaint (albeit with the allegations regarding the '608 patent removed), followed by a new motion for leave to file a **Fourth** Amended Complaint, which would then re-introduce the claims related to the '608 patent. Furthermore, Samsung would presumably seek to re-brief the motion for leave, even further wasting time and resources. It simply does not make sense to require Netlist to re-file the motion for leave to add the '608 patent in order to add allegations regarding the other patents at issue.

Even if the Court does conclude that Netlist erred in filing the Third Amended Complaint without seeking leave, the Third Amended Complaint should still be considered as properly introduced. Indeed, Samsung's own case law highlights why justice compels denial of Samsung's

motion. In *U.S. ex rel. Mathews v. HealthSouth Corp.*, the Fifth Circuit acknowledged "that some courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." 332 F.3d 293, 295 (5th Cir. 2003) (quoting 6 Wright, Miller & Kane, *Federal Practice & Procedure* § 1484, at 601 (1990)). The Court noted that this exception should apply when "the plaintiff could still re-file the complaint without prejudicing another party." *Id.* at 296. It would be "more procedurally expedient to consider the complaint filed than to strike the amended complaint and then grant leave to file another complaint that raised the exact same issues," and "the parties would be in the same position regardless of which procedure the court used." *Id.* at 296-97 (citing *Hicks v. Resolution Trust Corp.*, 767 F. Supp. 167, 170 (N.D. Ill. 1991) and *Straub v. Desa Industries, Inc.*, 88 F.R.D. 6, 9 (M.D. Pa. 1980)); *see also U.S. ex rel. Hartwig v. Medtronic, Inc.*, No. 3:11-CV-413, 2014 WL 1324339, at *6 (S.D. Miss. Mar. 31, 2014) (citing *Mathews* and holding that "Retaining the amended complaint also supports the underlying principles of Rule 15, and in this case, furthers the progress of the litigation.").[1]

    Here, Samsung has failed to explain any prejudice it suffers by Netlist's Third Amended Complaint. Indeed, Samsung's motion does not even use the words prejudice or harm. Instead, it rests on a footnote reference to its opposition to Netlist's motion for leave to file the Second Amended Complaint. *See* MTS at 3 n.2. This highlights that the proper course of action is for the Court to rule on Netlist's already-filed motion for leave, which will moot Samsung's motion to strike if granted. Should the Court deny Netlist's request to add the '608 patent, then the Third Amended Complaint

---

[1] The *Mathews* court ultimately affirmed the district court's dismissal because of issues relating to the statute of limitations, specifically the prejudice of stripping defendant of the affirmative defense by treating the complaint as properly filed without a motion for leave. 332 F.3d at 297. Here, Samsung faces no analogous threat of prejudice.

can still be the operative complaint in the action, albeit with the allegations relating to the '608 patent stricken. Thus, the principles of Fed. R. Civ. P. 15 and judicial efficiency support treating the Third Amended Complaint as properly filed.

However, should the Court nonetheless find that a motion for leave was required, Netlist respectfully requests that that Court treat the Third Amended Complaint as a motion for leave, or more specifically, as incorporating Netlist's pending motion for leave (Dkt. 62). "District courts have liberally construed an amended complaint, that was filed without leave of court, as a motion for leave to amend the complaint." *Levy v. FCI Lender Servs., Inc.*, No. 3:18-CV-02725, 2019 WL 3459030, at *2 (S.D. Cal. July 31, 2019). As a result, courts regularly decline to strike amended complaints filed without leave of the court in favor of granting leave to amend, and the Court should do the same here. *See, e.g., id.* ("Because leave to file an amended complaint is freely granted, and in the interest of judicial efficiency, the Court construes the FAC as a motion for leave to file a FAC with a proposed FAC."); *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1098 (D. Kan. 2007) ("the Court will liberally construe plaintiff's response to defendant's motion to strike and dismiss as a motion for leave to file the amended complaint"); *Spencer v. Hughes Watters Askanse, LLP*, No. 5:15-CV-00233, 2015 WL 3507117, at *6 (W.D. Tex. June 3, 2015) ("It is this Court's practice to imply a motion for leave to amend."), *order clarified*, 2015 WL 3651594 (June 11, 2015); *Blake v. GE Money Bank*, No. SA-10-CV-860, 2011 WL 809356, at *3 (W.D. Tex. Mar. 2, 2011) ("In the alternative, Plaintiffs seek leave to file. Leave to file is granted and Defendant's motion to strike is denied."). As described above, once the Court rules on Netlist's pending motion for leave to amend, it will moot or resolve Samsung's motion to strike.

**IV.    CONCLUSION**

For the reasons stated above, Samsung's Motion to Strike, Dkt. 116, should be denied.

Dated: August 18, 2023

Respectfully submitted,

*/s/ Jason Sheasby*
Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099


Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on August 18, 2023, a copy of the foregoing was served to all counsel of

- 6 -

record via this Court's CM/ECF system.

*/s/ Yanan Zhao*
Yanan Zhao