# Exhibit 14

Paper No. 1

**UNITED STATES PATENT AND TRADEMARK OFFICE**

**BEFORE THE PATENT TRIAL AND APPEAL BOARD**

SAMSUNG ELECTRONICS CO., LTD.,

Petitioner,

v.

NETLIST, INC.,

Patent Owner

Patent No. 10,217,523

Issued: February 26, 2019

Filed: March 29, 2014

Inventors: Hyun Lee et al.

Title: Multi-Mode Memory Module With Data Handlers

*Inter Partes* Review No. IPR2022-00063

**PETITION FOR *INTER PARTES* REVIEW OF U.S. PATENT NO. 10,217,523**

Netlist EX2055
Samsung v. Netlist
IPR2022-00615

Petition for *Inter Partes* Review of U.S. Patent No. 10,217,523

### F. Construction of Terms Used in the 523 Patent Claims

#### 1. "configured to"

The Board previously interpreted "*configured to*" in a related proceeding as "designed to, adapted to, or arranged to [e.g., perform a function or be capable of performing a function]." EX1009,20-24,33. In IPR2020-01421, the Board declined to construe "*configured to*." EX1043,14. Either way, the prior art invalidates the 523 Patent as explained in §VII. EX1003,¶76.

#### 2. "operate independently"

The Board previously interpreted "*operable independently*" as "operable without influence or control by another." EX1009,14-20. In IPR2020-01421, the Board declined to construe "*operable independently*." EX1043,14. Either way, the prior art invalidates the 523 Patent as explained in §VII. EX1003,¶77.

#### 3. "rank"

The term "*rank*" should be construed to mean an independent set of memory devices that act together in response to a memory command, including a read or write command, to read or write the full bit-width of the memory module. EX1003,¶78. That is consistent with the 523 specification, EX1001,7:1-29, and contemporaneous textbooks, EX1012,413. EX1003,¶¶79-81.

In IPR2020-01421, the Board declined to construe "*rank*." EX1043,14. Regardless, as explained in §VII, the prior art invalidates the 523 Patent. EX1003,¶81.

Netlist EX2055
Samsung v. Netlist
IPR2022-00615

Petition for *Inter Partes* Review of U.S. Patent No. 10,217,523

### 4. "mode"

The term "*mode*" should be given its plain and ordinary meaning. EX1003,¶82. During the related district court case ("the WDTX case"), Patent Owner sought to have "*mode*" interpreted to mean "a distinct behavioral state that a system may be switched to." EX1045,2. That proposal was rejected, *id.*, as "distinct" would inject several unwarranted concepts and ambiguities into the claims, which would be inconsistent with the disclosure of the 523 Patent, EX1001,13:59-62; EX1003,¶84. In IPR2020-01421, the Board declined to construe "*mode*," EX1043,14, and the intrinsic record never defines "*mode*" or uses it in any special sense, so the Board should take the same approach here. EX1003,¶¶82-86.

### 5. "data handler"

The term "*data handler*" was interpreted in the WDTX case to mean "circuitry for generating and processing data." EX1045,4. As explained by Dr. Subramanian, a Skilled Artisan would understand the term "generate" to mean "produce (*i.e.*, bring into existence)." EX1003,¶88-89.

### 6. "data handler logic element[s]"

The term "*data handler logic element[s]*" was interpreted in the WDTX case to have the construction above for "data handler," with the rest of the phrase having its plain and ordinary meaning. EX1045,4.

14