UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>      Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>      Defendants. | Civil Case No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>      Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>      Defendants. | Civil Case No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE
NETLIST'S THIRD AMENDED COMPLAINT (Dkt. 116)**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1

II.   ARGUMENT .................................................................................................................. 1

      A.    Netlist Violated the Court's DCO by Failing To Move for Leave .......................... 1

      B.    Netlist's Complaints About "Illogical" Briefing Do Not Excuse Its Violation ...... 2

      C.    Netlist's Third Amended Complaint Is Not a Motion for Leave, and Should Not Be "Considered as Properly Introduced" ................................................................ 2

      D.    Samsung and the Court Would Be Prejudiced by the Third Amended Complaint  3

III.  CONCLUSION ............................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blake v. GE Money Bank*,
   No. SA-10-CV-860-XR, 2011 WL 809356 (W.D. Tex. Mar. 2, 2011)......................................3

*Levy v. FCI Lender Servs., Inc.*,
   No. 3:18-CV-02725-GPC-WVG, 2019 WL 3459030 (S.D. Cal. July 31, 2019) ......................3

*U.S. ex rel. Mathews v. HealthSouth Corp.*,
   332 F.3d 293 (5th Cir. 2003) ....................................................................................................3

*Spencer v. Hughes Watters Askanse, LLP*,
   No. 5:15-CV-00233, 2015 WL 3507117 (W.D. Tex. June 3, 2015), *order
   clarified sub nom. Spencer v. Hughes Watters Askanase, LLP*, No. 5:15-CV-
   00233, 2015 WL 3651594 (W.D. Tex. June 11, 2015) ............................................................3

*Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*,
   475 F. Supp. 2d 1092 (D. Kan. 2007) ......................................................................................3

**Other Authorities**

Fed. R. Civ. P. 15(a) ...........................................................................................................................3

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
| --- | --- |
| DCO | Docket Control Order |
| Original Complaint | *Netlist, Inc. v. Samsung Elecs. Co., Ltd., et al.*, No. 2:22-cv-00293-JRG, Dkt. 1 (E.D. Tex.) |
| First Amended Complaint | *Netlist, Inc. v. Samsung Elecs. Co., Ltd., et al.*, No. 2:22-cv-00293-JRG, Dkt. 12 (E.D. Tex.) |
| Second Amended Complaint | *Netlist, Inc. v. Samsung Elecs. Co., Ltd., et al.*, No. 2:22-cv-00293-JRG, Dkt. 62-1 (E.D. Tex.) |
| Third Amended Complaint | *Netlist, Inc. v. Samsung Elecs. Co., Ltd., et al.*, No. 2:22-cv-00293-JRG, Dkt. 100 (E.D. Tex.) |
| SEC | Samsung Electronics Co., Ltd. |
| SEA | Samsung Electronics America, Inc. |
| SSI | Samsung Semiconductor, Inc. |
| '912 Patent | U.S. Patent No. 7,619,912 |
| '417 Patent | U.S. Patent No. 11,093,417 |
| '215 Patent | U.S. Patent No. 9,858,215 |
| '608 Patent | U.S. Patent No. 10,268,608 |

**\* All emphasis added, unless otherwise noted.**

I.   **INTRODUCTION**

Netlist's disregard for the DCO and the Court's procedures should not be permitted. The DCO required Netlist to seek leave to amend its complaint to add a patent to this case. *See* Dkt. 66 at 4.[1] Netlist knew of the requirement and ignored it when it filed its Third Amended Complaint (Dkt. 100) asserting the '608 patent. The Court should strike Netlist's Third Amended Complaint and decline to reward Netlist for its flagrant disregard for the rules.

Netlist cannot pick and choose which of the Court's rules to follow, based on its unilateral view of whether or not they are "illogical" or would "wast[e] time and resources." The rules required a motion for leave to assert an additional patent, and Netlist ignored them. Permitting Netlist to flout the rules would prejudice Samsung—allowing a new patent to be added at this advanced stage would require the parties to redo contentions, claim construction, and other disclosures, with less than three months until opening expert reports are due. Further, the Court should reject Netlist's request to pretend that it moved for leave to file. Netlist knowingly chose to file the Third Amended Complaint asserting an additional patent after the deadline for doing so without leave. The Court should not condone such disregard for the rules.

II.  **ARGUMENT**

   A.   **Netlist Violated the Court's DCO by Failing To Move for Leave**

Netlist violated the DCO by filing an amended complaint that "seeks to assert [an] additional patent[]" without moving for leave. Dkt. 66 at 4. Netlist's motion for leave to file the ***Second*** Amended Complaint (which sought to add the '608 patent) does not excuse its failure to move for leave to file the ***Third*** Amended Complaint, contrary to Netlist's argument, Dkt. 124 at

---

[1] Consistent with Samsung's opening brief, this reply cites Dkt. 66 as the DCO, because it governed the case at the time Netlist filed its Third Amended Complaint. *See* Dkt. 116 at n.1. The Second Amended DCO does not change the deadline for filing amended pleadings, or the requirement to seek leave when seeking to assert additional patents. Dkt. 110 at 5.

3. If it did, Samsung would be required to answer a complaint that asserts a patent that is not part of this case, mere months before the close of discovery, violating the text of the DCO and the purpose of the rule.

### B. Netlist's Complaints About "Illogical" Briefing Do Not Excuse Its Violation

Netlist may not choose which of the Court's rules to ignore based on what it deems to be an "illogical" briefing procedure, contrary to its argument. *See* Dkt. 124 at 2. Far from illogical, the Court's rule prevents a party from asserting additional patents late in a case without the Court's permission, thus ensuring there is good cause before requiring the parties to redo several pretrial deadlines. Netlist cannot grant itself leave to add a patent merely by filing a motion to amend (as to its Second Amended Complaint)—it must await the Court's decision. Netlist could have amended its complaint to add indirect and willful infringement allegations without including the '608 patent at any time before the July 20, 2023 deadline to amend pleadings. However, by attempting to grant itself leave to assert the '608 patent, Netlist improperly shifted the onus on Samsung and the Court to address its unauthorized pleading.

### C. Netlist's Third Amended Complaint Is Not a Motion for Leave, and Should Not Be "Considered as Properly Introduced"

The Court should reject Netlist's halfhearted request to "treat the Third Amended Complaint as a motion for leave." Dkt. 124 at 4. This Court regularly strikes amended complaints filed without leave, including in situations analogous to this one. *See* Dkt. 116 at 3-4. Netlist fails not only to address the authority cited in Samsung's opening brief, but also to identify a single instance in which the Eastern District of Texas treated an unauthorized pleading as if it were accompanied by a motion for leave—much less one filed by a plaintiff in

sophisticated patent litigation who knowingly violated the Court's DCO.[2]

Further, the Court should reject Netlist's invitation to treat the pleading as properly filed. Dkt. 124 at 2-3. Courts that "have held that an untimely amended pleading served without judicial permission may be considered as properly introduced," did so "when ***leave to amend would have been granted*** had it been sought and ***when it does not appear that any of the parties will be prejudiced by allowing the changes***." *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 295 (5th Cir. 2003) (quoting 6 Wright, Miller & Kane, *Federal Practice & Procedure* § 1484, at 601 (1990)). However, here the Court ***has not*** granted Netlist's motion for leave to assert the '608 patent via the Second Amended Complaint, and should deny Netlist's motion to file that complaint for the reasons set forth in Samsung's opposition to that motion. *See* Dkt. 69.

## D. Samsung and the Court Would Be Prejudiced by the Third Amended Complaint

Adding a new patent at this late stage in the litigation would inevitably increase the

---

[2] Netlist's cited authority is inapposite—none of the cases involve patent litigation, let alone a sophisticated plaintiff in patent litigation who was aware of the requirement to file a motion for leave. For example, *Levy v. FCI Lender Servs., Inc.*, No. 3:18-CV-02725-GPC-WVG, 2019 WL 3459030, at *1 (S.D. Cal. July 31, 2019), involved "an honest mistake" where "there appear[ed] to be no indication of prejudice against Defendants." By contrast, here, Netlist was aware of the requirement to file a motion or leave because it did so as to the Second Amended Complaint. However, Netlist simply deemed the Court's rules "illogical," and require inefficient briefing. In *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1097-98, n. 4 (D. Kan. 2007), the United States District Court for the District of Kansas noted that the "[p]laintiff may have been misled by defense counsel's letter which erroneously suggested that under Rule 15(a) plaintiff could amend his amended complaint once without leave of court" and where the defendant did not object. No such circumstances exist here—Samsung has consistently objected to any pleading that asserts an additional patent in this case. Further, *Spencer v. Hughes Watters Askanse, LLP*, No. 5:15-CV-00233, 2015 WL 3507117, at *2 n.3, *6 (W.D. Tex. June 3, 2015), *order clarified sub nom. Spencer v. Hughes Watters Askanase, LLP*, No. 5:15-CV-00233, 2015 WL 3651594 (W.D. Tex. June 11, 2015), involved non-substantive changes, made by a *pro se* litigant. Finally, *Blake v. GE Money Bank*, No. SA-10-CV-860-XR, 2011 WL 809356, at *3 (W.D. Tex. Mar. 2, 2011), involved an amended complaint that the plaintiff filed before the defendant had filed an answer, did not involve patent litigation, and did not involve a DCO that required a motion for leave under the circumstances.

3

burden on the Court and Samsung, which would suffer significant prejudice. Samsung explained how allowing Netlist to assert the '608 patent would prejudice it in its opposition to Netlist's motion for leave to file the Second Amended Complaint. *See* Dkt. 69; Dkt. 116 at 3 n.2. Permitting the '608 patent to be added at this later stage of the case would compound that prejudice. Samsung would need time to prepare invalidity contentions and develop claim construction positions for the new patent. *See* L.P.R. 3-3. The parties would then exchange proposed claim terms, claim constructions, and supporting evidence. *See* L.P.R. 4-3. The parties would then brief their competing constructions, *see* L.P.R. 4-5, and participate in a *Markman* hearing, *see* L.P.R. 4-6.

The only way to mitigate the prejudice of the '608 patent being added at this stage would be to delay the case substantially to accommodate new deadlines for the new patent. Applying the Court's default rules as a guideline, a *Markman* hearing would be set at least 140 days after invalidity contentions on a new patent (not to mention the time required for Samsung to prepare invalidity contentions on a new patent). Given that opening expert reports are due in less than three months, such delay is untenable. *See* Dkt. 110.

### III.   CONCLUSION

For the foregoing reasons, and the reasons provided in Samsung's opening brief, the Court should strike Netlist's Third Amended Complaint.


Date: August 28, 2023                                Respectfully submitted,

                                                     *Daniel A. Tishman*

                                                     Ruffin B. Cordell
                                                     TX Bar No. 04820550
                                                     cordell@fr.com
                                                     Michael J. McKeon
                                                     D.C. Bar No. 459780

4

mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Brian Livedalen
DC Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Katherine H. Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Kathryn Quisenberry
TX Bar No. 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street Suite 2100
Houston, TX 77010
Telephone:  (713) 654-5300

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.

5

Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.gom
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 28, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*Daniel A. Tishman*