IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00293-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO, LTD, | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., SAMSUNG SEMICONDUCTOR | § | |
| INC., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Netlist, Inc.'s ("Netlist") Motion for Leave to File its Second Amended Complaint Against Samsung Electronics Co., LTD., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively, "Samsung") (the "Motion"). (Dkt. No. 62.) In the Motion, Netlist seeks to assert an additional patent, U.S. Patent No. 10,268,608 (the "'608 patent"). Having considered the Motion, the subsequent briefing, and for the reasons stated herein, the Court is of the opinion that the Motion for Leave should be **GRANTED**.

Also before the Court is Samsung's Motion to Strike Netlist's Third Amended Complaint (Dkt. No. 116.) Having considered the Motion, the subsequent briefing, and for the reasons stated herein, the Court is of the opinion that the Motion to Strike should be **DENIED**.

**I.    BACKGROUND**

Netlist filed its original complaint against Samsung in this action on August 1, 2022, alleging that Samsung infringes U.S. Patent No. 7,619,912 (the "'912 patent"). (Dkt. No. 1.) Netlist filed its First Amended Complaint on August 15, 2022, adding U.S. Patent Nos. 11,093,417 (the "'417 patent") and 9,858,215 (the "'215 patent"). (Dkt. No. 12.) Netlist filed this Motion on

January 1, 2023, (Dkt. No. 62) seeking to assert the '608 Patent well in advance of the deadline for filing amended pleadings, July 20, 2023. (*See* Dkt. No. 55.) Netlist filed its Third Amended Complaint on the deadline to amend the pleadings, July 20, 2023. (Dkt. No. 100.) The Third Amended Complaint does not assert additional patents beyond those asserted in the Second Amended Complaint. (Dkt. Nos. 62 and 100.) The Docket Control Order provides, in relevant part, that "[i]t is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents." (Dkt. No. 55.)

## II.   LEGAL STANDARDS

### A.   Claim Splitting

Claim splitting is a form of claim preclusion. Ordinarily, the doctrine of claim preclusion requires a final judgment on the merits for claims to be barred from being relitigated. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). However, "[i]n dealing with simultaneous actions on related theories, courts at times express principles of 'claim splitting' that are similar to claim preclusion, but that do not require a prior judgment." § 4406 Claim and Defense Preclusion, 18 Fed. Prac. & Proc. Juris. § 4406 (3d ed.) (emphasis added). "[W]here different patents are asserted in a first and second suit, a judgment in the first suit will trigger claim preclusion only if the scope of the asserted patent claims in the two suits is essentially the same." *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1167 (Fed. Cir. 2018).

### B.   FRCP 15 and FRCP 16

FRCP 15(a) states, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

2

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

FRCP 16(b)(4) states, "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). In determining whether good cause exists to support an amendment, the court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

### III. DISCUSSION

Netlist requests that the Court grant Netlist leave to file its Second Amended Complaint. Samsung opposes the Motion, proposing two theories for denial. First, Samsung argues that claim splitting bars Netlist from asserting the '608 Patent in this case. Second, Samsung argues that FRCP 16 applies, not FRCP 15, and that Netlist is unable to show good cause to amend. The Court addresses each issue in turn.

Samsung also brings a Motion to Strike Netlist's Third Amended Complaint. As explained below, this Motion rises and falls with Netlist's Motion to File its Second Amended Complaint.

#### A. The Claim Splitting Doctrine Does Not Bar Netlist from Asserting the '608 Patent

Samsung argues that the doctrine of claim splitting bars Netlist from asserting the '608 Patent in this case. Prior to the filing of this case, Netlist filed a separate suit against Samsung asserting U.S. Patent No. 10,860,506 (the "'506 Patent"). *See Netlist, Inc. v. Samsung Elecs. Co., Ltd. Et al*, Civil Action No. 2:21-cv-463 ("*Samsung I*"). Samsung argues that Netlist's infringement claims for the '506 Patent in *Samsung I* are "essentially the same" as the infringement

3

claims Netlist seeks to add in its Second Amended Complaint. (Dkt. 69 at 1.) Specifically, Samsung argues that the patents are related, involve essentially the same claim elements, are subject to a terminal disclaimer, and are asserted against the exact same accused products. (*Id.* at 7-9.) Thus, Samsung argues that asserting the '608 Patent creates a "duplicative lawsuit" that is barred under the doctrine of claim splitting. (*Id.* at 15.) The '506 Patent has since been voluntarily dismissed from the first case. (*See* Dkt. No. 431 in *Samsung I*).

Based on the recent dismissal of the '506 Patent from *Samsung I*, the Court disagrees that the prohibition against claim splitting bars Netlist from amending its complaint to add the '608 Patent. The doctrine of claim preclusion ordinarily requires a final judgment on the merits for claims to be barred. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Claim splitting can extend this preclusive effect to cases "dealing with ***simultaneous*** actions on related theories," and in such cases, no final judgment is required. § 4406 Claim and Defense Preclusion, 18 Fed. Prac. & Proc. Juris. § 4406 (3d ed.) (emphasis added). Here, there is no final judgment on the merits concerning Netlist's '506 infringement claims against Samsung, nor is the '506 Patent proceeding in a simultaneous litigation as the '608 Patent.

Samsung argues that there is a "risk of improper double recovery from asserting substantially similar claims against the same accused products." (Dkt. No. 69 at 15.) Here, the Court finds no risk of double recovery even if the causes of action are "essentially the same," because the prior cause of action concerning the related patent has been voluntarily dismissed. The Court need not make the determination of whether the scope of the asserted patent claims in such causes of action are "essentially the same." Here, there is no final judgment or simultaneous action as required for the Court to apply either the doctrine of claim preclusion or the doctrine of claim splitting. The doctrine of claim splitting does not bar Netlist from amending its complaint.

4

### B. Netlist Can Meet its Burden to Assert the '608 Patent Under Either FRCP 15 or FRCP 16

The parties dispute the standard that the Court should apply to determine whether Netlist should be granted leave to amend. Netlist argues that FRCP 15 provides the appropriate standard for ruling on this Motion because it seeks leave to amend its complaint prior to the deadline for amending the pleadings. (Dkt. No. 62 at 3-4.) Samsung argues that FRCP 16 governs because an amendment to the complaint adding a new patent will necessarily require supplemental infringement contentions, which in turn requires an amendment to the scheduling order. (Dkt. No. 69 at 11.) Samsung also argues that Netlist is required to move for leave of Court and show "good cause" to amend or supplement its infringement contentions, meaning any amendment to the complaint adding a patent without good cause would be futile. (*Id.*)

The Court need not resolve this dispute as it concludes that either standard would be met under these circumstances. In determining whether there is good cause to amend, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536. Considering these factors, the Court finds that there is good cause to amend.

Netlist offers two different reasons for its inability to assert the '608 Patent sooner in this case. First, in its opening brief, Netlist argues it did not assert this patent sooner due to dilatory motions filed by Defendants Samsung and Micron. (Dkt. No. 62 at 5-6.) However, in its reply brief, Netlist takes a different tact and argues that it declined to assert the patent sooner due to pendency of Defendant Micron's petition for *inter partes* review of the '608 Patent. (Dkt. No. 71 at 5.) Regardless of which reason applies, this is not a case where Netlist was incapable of asserting the Patent at an earlier date, such as would typically weigh in favor of finding "good cause." *See*

*Hillman Grp., Inc. v. Keyme, LLC*, 2020 WL 6938441, at *2 (E.D. Tex. Oct. 23, 2020). Both reasons offered by Netlist are tactical, self-imposed delays that do not help Netlist's cause. However, the importance of the amendment and lack of prejudice weighs in favor of finding good cause.

The importance of the amendment weighs in favor of finding good cause. Netlist is seeking a vindication of its patent rights. The only argument that Samsung offers in response is that this litigation is duplicative with the assertion of the '506 Patent. (Dkt. No. 69 at 15.) As the Court explains above, this argument is now moot.

The lack of prejudice also weighs in favor of finding good cause. This Motion was filed early in the case, prior to claim construction and well before the close of fact discovery. Although adding a patent at this stage requires supplemental contentions, the Court notes that Netlist purports to have already served supplemental infringement contentions asserting the '608 Patent on February 7.[1] Although Samsung argues that Netlist must move the Court to do so and show good cause, Samsung has not raised any objection to the Court regarding the receipt of these supplemental contentions, moved to strike these untimely contentions, or even so much as mentioned the receipt of these supplemental contentions since its apparent receipt of such amended

---

[1] The Court notes that Netlist did not move for leave of this Court to serve these supplemental infringement contentions. This is a clear violation of P.R. 3-6(b). Netlist should have known that it would be required to seek leave to amend its contentions when it sought leave to assert a new patent in this case after the deadline for infringement contentions had passed. This motion should have been brought before the Court as a Motion to Amend the Pleadings and Infringement Contentions, which clearly would have required a showing of "good cause." Had Netlist properly brought a Motion seeking leave both to amend the complaint and the contentions, the parties would have avoided wasting time arguing over which standard applies, and Netlist would have avoided violating P.R. 3-6(b). Instead, Netlist confused the issue by seeking leave only for amendment to the complaint presumably to obtain the benefit of seeking relief under FRCP 15 while attempting to slip its contentions to Samsung "under the table" in violation of the local rules.

contentions in February.[2] Instead, Samsung only argues that Netlist may not amend its pleadings.[3] The fact that Samsung has received supplemental infringement contentions months ago without raising any objection certainly undercuts Samsung's argument now that it is prejudiced thereby.

The lack of prejudice to Samsung weighs in favor of the Court finding good cause for Netlist to amend its complaint. Samsung's remaining argument is that it would be prejudiced by duplicative litigation with the '506 Patent. (Dkt. No. 69 at 15.) Samsung is incorrect that it may be subject to duplicative litigation since the '506 Patent has been dropped from *Samsung I*. Further, this is not the type of prejudice Court's ordinarily consider when weighing good cause (e.g., what disruption is caused to the parties' arguments and the Court's schedule due to the delay). *See e.g., Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990); *Hillman* 2020 WL 6938441, at *2.

Thus, the Court grants leave for Netlist to amend its complaint to assert the '608 Patent.

C. **Samsung's Motion to Strike Rises and Falls with Netlist's Motion to File its Second Amended Complaint**

Samsung moves this Court to strike Netlist's Third Amended Complaint based on its inclusion of the '608 Patent. Netlist's Third Amendment Complaint was filed on the deadline to amend the pleadings. (Dkt. No. 100.) Samsung admits the "Third Amended Complaint does not add patents beyond those listed in the Second Amended Complaint." (Dkt. No. 116 at 3.) Netlist has already moved for leave of the Court to assert the '608 Patent in this case. It need not do so

---

[2] The Court notes that Netlist mentions its service of the supplemental contentions in its reply brief. Despite filing a sur-reply, Samsung fails to object or even mention the supplemental contentions in its sur-reply or in any brief since. The Court takes this silence as Samsung's acquiescence to the receipt of these untimely contentions and to Netlist's violation of the local rules. The local rules are binding upon both sides. Neither side seems to acknowledge that. Had Samsung not acquiesced in its receipt of these amended contentions, it is likely the Court might have dealt differently with Netlist.

[3] Samsung brings an entirely separate motion before the Court seeking to strike the assertion of the '608 Patent Netlist's Third Amended Complaint without any mention of the untimely served infringement contentions. (Dkt. No. 116).

twice. Accordingly, the Court declines to strike the '608 Patent from Netlist's Third Amended Complaint.

IV. **CONCLUSION**

For the reasons stated herein, the Court **GRANTS** Netlist's Motion to File its Second Amended Complaint (Dkt. No. 62.) The Court **DENIES** Samsung's Motion to Strike Netlist's Third Amended Complaint. (Dkt. No. 116.)

**So ORDERED and SIGNED this 28th day of August, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE