UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>       Defendants. | Civil Case No. 2:22cv00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>       Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION TO COMPEL
<u>INFORMATION REGARDING ESSENTIALITY</u>**

██████████████████████████████████████████

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 1
II.   FACTUAL BACKGROUND .............................................................................................. 1
III.  ARGUMENT ....................................................................................................................... 4
      A.    Samsung Is Seeking Relevant Discovery That Is Not Burdensome To Provide .... 4
      B.    Samsung Is Seeking Fact, Not Expert, Discovery .................................................. 5
      C.    Netlist's Refusal To Provide Its Position on Essentiality Prejudices Samsung ...... 6
IV.   CONCLUSION .................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014)...................................................................................................5

*Netlist, Inc. v. SK hynix Inc.*,
   No. 6:20-cv-00194, (W. D. Tex. March 17, 2020) .....................................................................6

*SSL Servs., LLC v. Citrix Sys., Inc.*,
   No. 08-cv-158, 2010 WL 547478 (E.D. Tex. Feb. 10, 2010).....................................................4

**Court Rules**

Fed. R. Civ. P. 26(b)(1)....................................................................................................................4

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| A | Declaration of Daniel A. Tishman |

I.  **INTRODUCTION**

Netlist should be compelled to answer Samsung's simple questions: Does Netlist contend that the asserted patents are essential to JEDEC standards, and if so, why? And if not, why not? Whether or not the patents are essential is not an issue that requires expert analysis. Indeed, Netlist regularly asserts that its patents are essential to JEDEC and relies on JEDEC documents to allegedly prove infringement. Yet, Netlist refuses to do so here, aiming to keep its options open until the eve of trial and preclude Samsung from adequately preparing its defenses. Netlist cannot have it both ways: if its patents are essential, then certain obligations arise, including duties of disclosure to JEDEC and RAND licensing obligations; and if they are not, then that undercuts Netlist's position that there are no viable noninfringing alternatives, and Netlist will be required to identify additional evidence to prove infringement and damages.

Indeed, Netlist's changing positions on essentiality severely prejudiced Samsung's trial presentation in the trial against Netlist on other patents in Case No. 2:21-cv-463-JRG ("Netlist/Samsung EDTX1"). Specifically, there, Netlist walked back its prior representations of essentiality to free itself of the burdens that come with standard essentiality, thereby stripping Samsung of many of its defenses and critical damages arguments. Allowing Netlist to withhold its contention until expert reports (or worse, until the eve of trial) would sanction the "trial by ambush" tactics Netlist used against Samsung in Netlist/Samsung EDTX1. Accordingly, this Court should grant Samsung's motion to compel.

II.  **FACTUAL BACKGROUND**

**Netlist's allegations have implicated the JEDEC standards since the outset of this case.** Netlist filed suit on August 1, 2022, seeking damages resulting from Samsung's alleged infringement of U.S. Patent No. 7,619,912. Dkt. 1, ¶ 1, § VI. C. The Complaint and patent reference the JEDEC standard (Dkt. 1, ¶ 15; Dkt 1-1 ('912 patent) at 3), and the claim charts

attached to the complaint rely on the JEDEC Standard No. 21C specification and other JEDEC standards for every limitation of claim 16 of the '912 patent (Dkt. 1-2 at 1-36).  On August 15, 2022, Netlist filed a First Amended Complaint (Dkt. 12) adding U.S. Patent Nos. 11,093,417 and 9,858,215.  Dkt. 12-2 at 9-13; Dkt. 12-3 at 4-7, 10, 13.  Netlist relied on the JEDEC Standard No. 21C specification as alleged proof of infringement of the '417 and '215 patents.  *See generally* Dkt. 12-8; Dkt. 12-9.  Netlist also attached the JESD82-32A standard as an exhibit, Dkt. 12-7, and discussed JESD82-32A in its First Amended Complaint, Dkt. 12, ¶¶ 43-47, 59-60.

**In Netlist/Samsung EDTX1, Netlist likewise implicated JEDEC standards before reneging on the eve of trial.**  In Netlist/Samsung EDTX1, Netlist alleged that certain of the asserted patents were standard essential by accusing "JEDEC-standard compliant memory modules."  Case No. 2:21-cv-463-JRG, Dkt. 1, ¶¶ 61, 72; *see also id.*, Dkt. 548, §§ II.D, III.D (Samsung's proposed finding of fact and conclusions of law).  Yet, after the close of discovery, Netlist reversed course on its essentiality position, stating for the first time that the asserted patents are ***not*** essential.  *Id.*, Dkt. 548, ¶¶ 114-117; *see also id.*, 5/30/2023 Hrg, Tr. at 167:17-167:21.  Netlist then successfully leveraged its misrepresentation to convince the Court to preclude discussion of Netlist's RAND obligations at trial and, ultimately, Samsung's reliance on JEDEC evidence in its entirety.  *Id.*, Dkt. 548, ¶¶ 118-119.  This precluded Samsung from being able to rebut Netlist's false narrative that Samsung took Netlist's technology and was "desperate" to do so.  *Id.*, Dkt. 548, ¶¶ 121-122.  It also precluded Samsung from highlighting Netlist's improper business practice of exploiting the JEDEC standards-setting process, as well as Samsung's own extensive contributions to the JEDEC standards, to defend itself against Netlist's allegations of infringement, willfulness, and damages.  *Id.*, Dkt. 548, ¶¶ 123-141.  Further, Netlist's change in position impacted Samsung's experts' opinions, including Mr.

Joseph McAlexander's noninfringement opinion and Mr. Paul Meyer's RAND opinions. *Id.*, Dkt. 548, ¶¶ 142-147.

**Here, Samsung sought discovery regarding Netlist's contentions on essentiality in multiple forms.** Samsung served Interrogatory No. 21 on April 4, 2023, asking Netlist to describe its factual and legal basis for whether the asserted claims are essential to any standard and whether the patents are subject to any licensing limitations, such as RAND terms. Ex. 1, ¶ 1. Following Netlist's reversal of course in the Netlist/Samsung EDTX1 case, Samsung served additional discovery to confirm Netlist's position. Specifically, on June 28, 2023, Samsung served Interrogatory No. 23, asking Netlist to identify elements of the asserted claims (if any) *not* required by JEDEC standards. Ex. 1, ¶ 6. Samsung served Requests for Admission Nos. 1-12 the same day, asking Netlist to admit that the asserted claims are essential to one or more JEDEC standards, or accused functionalities required by JEDEC. Ex. 1, ¶ 8.

**Netlist objected to Samsung's discovery requests, alleging that they are the subject of expert discovery.** For example, in response to Interrogatory No. 21, Netlist stated, "[e]xpert analysis is required to determine whether any of the claims meet the essentiality standards required by the JEDEC, even though Netlist does not believe there are commercially acceptable alternatives to the inventions." Ex. 1, ¶ 2. In response to Interrogatory No. 23, Netlist claims that a determination of essentiality "requires expert analysis to compare the mandatory technical requirements of the JEDEC specification" to the claims. Ex. 1, ¶ 7. Netlist gave the same response to each of Samsung's Requests for Admission as it did in response to Interrogatory No. 23 and, on that basis, denied each Request for Admission. Ex. 1, ¶ 9.

**Netlist has refused to provide a substantive response to this discovery.** Samsung first raised the issue of Netlist's position on essentiality in a letter dated May 12, 2023, noting that

3

whether the asserted claims are essential "is entirely within Netlist's control" and as part of its Initial Disclosures, Netlist should have provided the "factual information regarding the appropriate RAND terms and conditions for a license." Ex. 1, ¶ 3. On June 22, 2023, Samsung notified Netlist that its response to Interrogatory No. 21 was deficient, again requesting a definitive answer as to whether Netlist believes any asserted claims are essential. Ex. 1, ¶ 4. Netlist never provided a substantive response to Samsung's letter. *Id.* When Samsung requested to meet and confer with Netlist regarding its deficiencies, Netlist agreed to supplement its interrogatory responses and did so on July 18, 2023. However, Netlist's supplemental response still does not provide its position on essentiality. Rather, Netlist pointed to the JEDEC definition of "Essential Patent Claims" in the JEDEC Patent Policy, including a section that discussed optional versus required standards and stated that "Netlist has not conducted any expert analysis on what sections of the JEDEC standards are required or optional." Ex. 1, ¶ 5. Netlist has never clearly stated whether it believes any asserted claims are standard essential or subject to a RAND commitment.

### III.  ARGUMENT

####    A.  Samsung Is Seeking Relevant Discovery That Is Not Burdensome To Provide

In general, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome, or oppressive, and thus should not be permitted." *SSL Servs., LLC v. Citrix Sys., Inc.*, Case No. 08-cv-158, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010).

The issue of essentiality is highly relevant to issues related to infringement,[1] as well as validity, damages, and standards-based defenses.[2]  For example, Samsung's trial brief and proposed findings of fact and conclusions of law from Netlist/Samsung EDTX1 lay out how essentiality was relevant in that case.  *See* Case No. 2:21-cv-463-JRG, Dkt. 527, 548.  Netlist cannot credibly deny relevance, nor can it establish that the requested information is privileged or burdensome.  Rather, Netlist deliberately withholds discovery on essentiality to leave Samsung guessing once again on these issues until just before trial.  Netlist relies on essentiality in an effort to establish infringement but refuses to commit to a license on RAND terms (or acknowledge a duty to disclose essential patent claims to JEDEC).

### B. Samsung Is Seeking Fact, Not Expert, Discovery

Contrary to Netlist's arguments, analyzing whether the asserted claims are essential to one or more JEDEC standards does not require an expert.  Netlist's primary objection is that the requested discovery "seeks premature expert discovery" and "[e]xpert analysis is required to determine whether any of the claims meet the essentiality standards specified by JEDEC . . . ."  Ex. 1, ¶ 7.  This assertion is inaccurate.  Whether ***Netlist believes*** the asserted claims are essential to the JEDEC standard is a fact in Netlist's control.  As Netlist states, according to the "JEDEC Patent Policy, a patent claim is essential only if it is necessarily infringed to comply with a required portion of a JEDEC standard."  Ex. 1, ¶ 5.  Parties routinely perform such comparisons without expert analysis.  For example, to comply with this Court's P.R. 3-1 requirements, Netlist compared the Samsung Accused Instrumentalities to the asserted claims as evidence of alleged

---

[1] *See Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1209 (Fed. Cir. 2014) (standard-compliant devices necessarily infringe standard-essential claims).
[2] *See* Dkt. 97 at 17 (Second Additional Defense: Invalidity), 17-18 (Third Additional Defense: Laches, Estoppel, and/or Waiver), 19 (Sixth Additional Defense: Notice, Damages, and Costs), 23-32 (Twelfth Additional Defense: Inequitable Conduct and Unclean Hands).

infringement. Just as Netlist compared Samsung's accused instrumentalities to the asserted claims, Netlist can compare the claims to the JEDEC standards to determine its contention on essentiality based on its interpretation of the claims as the patentee. In fact, Netlist has a history of identifying other patents as "standard essential" as early as the filing of a complaint, yet Netlist refuses to take a position here. *See, e.g.*, *Netlist, Inc. v. SK hynix Inc.*, Case No. 6:20-cv-00194, Dkt. 1, ¶ 2 (W. D. Tex. March 17, 2020) ("The Asserted Patents are therefore 'standard essential.'").

Furthermore, Netlist has already compared the asserted claims to JEDEC standards in this case because Netlist uses JEDEC documents as evidence of infringement for every single limitation of the Asserted Patents. Netlist's First Amended Complaint uses the JEDEC Standard No. 21C specification as support in its infringement charts (*see generally* Dkt. 12-8; Dkt. 12-9). Netlist's P.R. 3-1 Infringement Contentions similarly reference the JEDEC standard on nearly every page of the claim charts and repeatedly identify JEDEC-standard compliant memory modules as the accused products. Netlist's obvious ability to compare the asserted claims to Samsung's products using JEDEC standard documents to its benefit for purposes of infringement but feigned inability to do so to determine essentiality during fact discovery is improper.

### C. Netlist's Refusal To Provide Its Position on Essentiality Prejudices Samsung

Samsung has been, and will continue to be, prejudiced by Netlist's refusal to provide factual information about essentiality and damages. Netlist's conduct in Netlist/Samsung EDTX1 highlights the potential prejudice to Samsung. If not compelled to provide its position on essentiality during fact discovery, Netlist may shift courses throughout the case and further prejudice Samsung's ability to fully develop and present its defenses and damages rebuttals. *See* Case No., 2:21-cv-463-JRG, Dkt. 548, ¶¶ 121-122 (inability to rebut argument that Samsung took Netlist's technology), 123-141 (inability to highlight Netlist's improper business practice of

6

exploiting the JEDEC standards-setting process, as well as Samsung's contributions), 142-147 (impact on Samsung's experts' presentation). For example, if Netlist believes that the asserted claims are essential to JEDEC, this would materially impact how the parties analyze issues such as Netlist's duty of disclosure to JEDEC, whether Netlist had and complied with an obligation to license on RAND terms, as well as infringement and validity. *See*, *supra*, n.3. Alternatively, Netlist may allege that the patents are ***not*** essential to JEDEC, which will impact the parties' evidence regarding infringement, noninfringing alternatives, and the comparability of licenses.

By waiting for expert reports (or later) to reveal its position on essentiality, Netlist will foreclose Samsung from fully developing the factual record surrounding these issues. Samsung will be, at a minimum, precluded from offering competing contentions on essentiality and the availability of noninfringing alternatives, addressing any RAND obligations, and fully exploring whether Netlist complied with its disclosure obligations to JEDEC. Samsung will be significantly prejudiced if it is forced to develop its rebuttal contentions on these issues for the first time after seeing Netlist's opening expert reports, as there are just four weeks between opening and rebuttal reports. *See* Dkt. 110 at 4. Netlist should not be permitted to gain a tactical advantage by withholding its position until expert discovery (or the eve of trial, as in Netlist/Samsung EDTX1). This Court should compel Netlist to provide its position on essentiality now.

## IV. CONCLUSION

Samsung respectfully requests that the Court compel Netlist to provide the requested factual information regarding essentiality, including a complete response to Samsung's Interrogatory Nos. 21 and 23 and Requests for Admission 1-12.

Date: August 23, 2023                                   Respectfully submitted,

/s/ Daniel A. Tishman
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Kathryn Quisenberry
TX Bar No. 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 23, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

                                                                    */s/ Daniel A. Tishman*


## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on August 18, 2023.  Jennifer Truelove and Jason Sheasby attended for Plaintiff. Tom Gorham, Ruffin Cordell, Daniel Tishman, and Kate Quisenberry attended for Samsung. The parties discussed their positions on this motion, and counsel for Plaintiff committed to provide a position on Monday, August 21, 2023.  Thereafter, the parties continued their discussions on August 21, 22, and 23; however, counsel for Plaintiff did not commit to provide the requested discovery on essentiality, despite numerous inquiries.

                                                                    */s/ Daniel A. Tishman*