# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>　　　　　Defendants. | Civil Case No. 2:22cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>　　　　　Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF DANIEL A. TISHMAN IN SUPPORT OF
SAMSUNG'S MOTION TO COMPEL INFORMATION
REGARDING ESSENTIALITY**

I, Daniel A. Tishman, am an attorney at the firm of Fish & Richardson P.C., counsel of record for Samsung. I make this declaration in support of Samsung's Motion to Compel Information Regarding Essentiality.

The following is true and correct to the best of my knowledge and belief:

1. Samsung served **Interrogatory No. 21** on April 4, 2023, which reads:

   For each Asserted Claim of each of the Asserted Patents that You contend is essential to a standard(s), describe in complete detail all factual and legal bases supporting Your contention, including the identification of any commitments made by any person or entity to any standard setting organization regarding one or more of the asserted patents, related patents, and/or related applications, how each asserted claim is practiced or addressed in the standard and which particular

1

portion of each standard is covered by one or more of the Asserted Patents, and whether the patent is or is not subject to any limitation on the terms by which it may be licensed including any requirement that it be licensed on reasonable and/or non-discriminatory terms (e.g., FRAND terms) including but not limited to Your, the named inventors', and Your predecessor's involvement in the Standard(s) making and/or declaring process(es).

2. In response to Interrogatory No. 21, Netlist stated: "[e]xpert analysis is required to determine whether any of the claims meet the essentiality standards required by the JEDEC, even though Netlist does not believe there are commercially acceptable alternatives to the inventions."

3. Samsung raised the issue of Netlist's position on essentiality in a letter dated May 12, 2023. Samsung told Netlist it should have provided its position on essentiality as part of its Initial Disclosures and should have provided the "factual information regarding the appropriate RAND terms and conditions for a license."

4. On June 22, 2023, Samsung sent a letter to Netlist requesting a definitive answer to whether Netlist believes any asserted claims are essential. Netlist did not respond to that letter but agreed by email to supplement its responses.

5. Netlist supplemented its response to Interrogatory No. 21 on July 18, 2023. Netlist's supplemental response pointed to the JEDEC definition of "Essential Patent Claims" in the JEDEC Patent Policy and stated that "Netlist has not conducted any expert analysis on what sections of the JEDEC standards are required or optional." Netlist also stated that according to the "JEDEC Patent Policy, a patent claim is essential only if it is necessarily infringed to comply with a required portion of a JEDEC standard."

6. Samsung served **Interrogatory No. 23** on June 28, 2023, which reads:

> Identify each element of each Asserted Claim, if any, that You contend is not required by the applicable JEDEC Standard(s), and for each such element, describe Your contention in complete detail, including all factual and legal bases supporting Your contention, including how the JEDEC Standard(s) can be practiced without practicing the claim element.

2

7. In response to Interrogatory No. 23, Netlist stated that a determination of essentiality "requires expert analysis to compare the mandatory technical requirements of the JEDEC specification" to the claims. Netlist also objected to the requested discovery because it "seeks premature expert discovery" and "[e]xpert analysis is required to determine whether any of the claims meet the essentiality standards specified by JEDEC . . . ."

8. Samsung served **Requests for Admission (RFAs) 1-12** on June 28, 2023. RFAs 1-8 ask Netlist to admit the asserted claims are (1, 3, 5, and 7) or are not (2, 4, 6, and 8) JEDEC essential patent claim(s). RFAs 9-12 ask Netlist to admit its infringement allegations accuse functionalities required by JEDEC standards.

9. Netlist objected to each of Samsung's RFAs for reasons similar to those provided in response to Interrogatory No. 23 and, on that basis, denied each RFA.

Signed in Washington, DC, under penalty of perjury, this 23rd day of August 2023.

/s/ Daniel A. Tishman