# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., </br></br>    Plaintiff, </br></br>vs. </br></br>SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., </br></br>    Defendants. | Case No. 2:22-cv-293-JRG </br></br> JURY TRIAL DEMANDED </br>(Lead Case) |
| NETLIST, INC., </br></br>    Plaintiff, </br></br>vs. </br></br>MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, </br></br>    Defendants. | Case No. 2:22-cv-294-JRG </br></br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S OPPOSITION TO
SAMSUNG'S MOTION TO COMPEL INFORMATION REGARDING
ESSENTIALITY (DKT. 128)**

# TABLE OF CONTENTS

**Page**

I. FACTUAL BACKGROUND ....................................................................................................1

II. ARGUMENT ...........................................................................................................................3

    A. Samsung Cannot Compel Answers to Contentions Interrogatories at this Stage of Litigation and Discovery.................................................................3

    B. Samsung Should Not Be Allowed to Seek Premature Expert Opinions ..........................................................................................................4

    C. Samsung's "Prejudice" Argument Lacks Merit................................................6

III. CONCLUSION ........................................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barnes & Noble, Inc. v. LSI Corp.*,
  2013 WL 655023 (N.D. Cal. Feb. 21, 2013) ................................................................................4

*Huawei Techs. Co. v. Huang*,
  2018 WL 6329082 (E.D. Tex. Dec. 4, 2018) ...............................................................................3

*Kaist IP US LLC v. Samsung Elecs. Co.*,
  2017 WL 9937763 (E.D. Tex. Dec. 15, 2017) ..........................................................................3, 7

*Maxell Ltd. v. Apple Inc.*,
  2019 WL 7905454 (E.D. Tex. Nov. 13, 2019) .............................................................................5

*Netlist, Inc. v. Samsung*,
  No. 21-cv-463 (E.D. Tex.) .............................................................................................. 2, 4, 5, 6

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) ....................................................................................................3

*Papst Licensing GmbH & Co., KG v. Apple, Inc.*,
  2017 WL 11638426 (E.D. Tex. June 16, 2017) ...........................................................................3

*Promethean Insulation Tech. LLC v. Sealed Air Corp.*,
  2015 WL 11027038 (E.D. Tex. Oct. 13, 2015) ............................................................................5

**Statutes**

35 U.S.C. § 112 ................................................................................................................................3

Samsung's motion asking Netlist to answer contentions interrogatories and reveal its expert opinions at this stage of litigation is inappropriate and therefore must be denied.

## I.      FACTUAL BACKGROUND

Netlist is not withholding any information in its possession or otherwise attempting to evade discovery. As explained in Netlist's written discovery response, Netlist has not formed an opinion on whether any of the asserted claims is essential to a required section of any JEDEC specifications:

> **INTERROGATORY NO. 21:** For each Asserted Claim of each of the Asserted Patents that You contend is essential to a standard(s), describe in complete detail all factual and legal bases supporting Your contention, including the identification of any commitments made by any person or entity to any standard setting organization regarding one or more of the asserted patents, related patents, and/or related applications, how each asserted claim is practiced or addressed in the standard and which particular portion of each standard is covered by one or more of the Asserted Patents, and whether the patent is or is not subject to any limitation on the terms by which it may be licensed including any requirement that it be licensed on reasonable and/or non-discriminatory terms (e.g., FRAND terms) including but not limited to Your, the named inventors', and Your predecessor's involvement in the Standard(s) making and/or declaring process(es).
>
> **[NETLIST'S] RESPONSE TO INTERROGATORY NO. 21:** . . . Netlist responds that: Expert analysis is required to determine whether any of the claims meet the essentiality standards specified by the JEDEC, even though Netlist does not believe there are commercially acceptable alternatives to the inventions. Information regarding RAND commitments made **by** Netlist to JEDEC is equally accessible to Samsung and can also be found in documents Netlist produced bearing bates numbers . . . .
>
> Netlist further responds that: The JEDEC Patent Policy defines "Essential Patent Claims":
>
> **Essential Patent Claims:** Those Patent claims the use of which would necessarily be infringed by the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the required portions of a final approved JEDEC Standard.
>
> NOTE Essential Patent Claims do not include Patent claims covering aspects that are not required to comply with a JEDEC Standard, or are required only for compliance with sections that are marked "example," "non-normative," or otherwise indicated as not being required for compliance, or related to underlying enabling technologies or manufacturing techniques not specified in the standard. *Id.* at 31. As provided in the JEDEC Patent Policy, a patent claim is essential only if it is necessarily infringed in order to be in compliance with a required portion of a JEDEC standard.
>
> However, the policy also notes that not everything identified in a JEDEC standard is required, and thus, a patent claim that implicates optional portions of a standard or examples or reference designs would not be a potentially essential patent as defined by JEDEC. Netlist has not conducted any expert analysis on what sections of the JEDEC standards are required or optional. Nor has Samsung identified any portion of Netlist's contentions that asserted that

> Samsung's infringement was based solely on the "required" portions of any JEDEC standard or that used the term "essential." Discovery is still ongoing. Netlist is actively seeking discovery from Samsung and third parties regarding the operation of Samsung's accused infringing products and components therein, including source code materials and intends to supplement its infringement contentions based on newly discovered information.
>
> **INTERROGATORY NO. 23:** Identify each element of each Asserted Claim, if any, that You contend is not required by the applicable JEDEC Standard(s), and for each such element, describe Your contention in complete detail, including all factual and legal bases supporting Your contention, including how the JEDEC Standard(s) can be practiced without practicing the claim element.
>
> **[NETLIST'S] RESPONSE TO INTERROGATORY NO. 23**: . . .Netlist responds as follows: The determination of whether a claim of the patents-in-suit meets JEDEC's definition of essentiality requires expert analysis to compare the mandatory technical requirements of the JEDEC specification to the proper scope of the claim as defined by claim construction. No claim construction order has been entered in this Action. The claim construction hearing is set to occur on October 5, 2023. Netlist has not yet performed an expert analysis to determine whether or not any of the asserted claims meet JEDEC's definition of standard essentiality. To the extent necessary, they will be produced in the due course in accordance with the schedule of expert discovery. Netlist, however, believes that the claims are necessary to produce a commercially viable product.

As Samsung admitted, its Requests for Admission also seek Netlist's position on standard essentiality. While raising these objections and responses, Netlist also agreed to supplement its responses as discovery continues.

Samsung states that it only asks the Court to compel Netlist to provide "factual information regarding essentiality." Dkt. 128 at 7. Not so. The motion is not seeking factual information on whether Netlist employees have previously identified the patents as essential, and if so, when and in what context. Instead, it asks Netlist to ***form and disclose*** its "position on essentiality" and requests that Netlist must be held to whatever position it takes at this early stage of litigation. *Id.* at 6 (asserting discovery is proper because "Netlist can compare the claims to the JEDEC standards to determine its contention on essentiality based on its interpretation of the claims as the patentee"); *id.* at 6 (lamenting "Netlist's Refusal to Provide Its Position on Essentiality"); *id.* at 2 (asserting Netlists' change of position in Samsung I Action impacted Samsung's litigation strategy). Samsung's motion to compel answers to contentions interrogatories and premature expert opinions should be denied.

## II. ARGUMENT

### A. Samsung Cannot Compel Answers to Contentions Interrogatories at this Stage of Litigation and Discovery

Contention interrogatories have been defined as interrogatories that ask "a party to state what it contends, state whether it makes a specified contention, state all the facts upon which it bases a contention, take a position and explain or defend the position concerning how the law applies to fact, or state the legal or theoretical basis for a contention." *Huawei Techs. Co. v. Huang*, 2018 WL 6329082, at *3 (E.D. Tex. Dec. 4, 2018). Both the Federal Circuit and courts in this District have "consistently recognized that answers to contention interrogatories change over time as theories of liability and non-infringement crystallize. Thus, answers to such interrogatories are often best left until the close of discovery." *Kaist IP US LLC v. Samsung Elecs. Co.*, 2017 WL 9937763, at *1 (E.D. Tex. Dec. 15, 2017); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) ("Answers to [contention] interrogatories are often postponed until the close of discovery."); *see also Papst Licensing GmbH & Co., KG v. Apple, Inc.*, 2017 WL 11638426, at *5 (E.D. Tex. June 16, 2017) (denying motion to compel "contentions with respect to validity over the prior art and how each asserted claim satisfied the requirements of 35 U.S.C. § 112" because the "requests are premature in light of the impending disclosure of those contentions during expert discovery").

Samsung's discovery requests are contentions interrogatories as they ask Netlist to disclose its contentions as to whether any of its asserted claims is essential to a required section of JEDEC standards. *See supra* at 1-2 ("describe in complete detail all factual and legal bases supporting Your contention"); ("for each such element, describe Your contention in complete detail"); *see Huawei*, 2018 WL 6329082, at *3. Discovery in this action is still ongoing: no fact witness deposition has been scheduled; no *Markman* hearing will be held until September 26; and no claim construction order has been entered. Dkt. 133 (Markman hearing set for September 26, 2023). Because Netlist's

understanding of the scope of the asserted claims, JEDEC specifications, and the accused infringing products will evolve as claim construction and discovery progress, it is improper to force Netlist to disclose—and be held to—its position as to standard essentiality at this stage of litigation where no *Markman* hearing has been held and no claim construction order has been entered by this Court. By way of example, during the previous litigation, *Netlist, Inc. v. Samsung*, No. 21-cv-463 (E.D. Tex.) ("Samsung I Action"), the parties relied on witness testimony and expert opinions to form positions on standard essentiality. *See, e.g.*, Dkt. 550 ¶¶ FF79-84; 90-92 (E.D. Tex. Aug. 11, 2023) (Memorandum Opinion and Order) (discussing testimony of Samsung witnesses Seung-Mo Jung and Kyungsoo Park as evidence showing whether specific sections of JEDEC standards are optional).

The opinion from *Barnes & Noble, Inc. v. LSI Corp.*, 2013 WL 655023, at *1 (N.D. Cal. Feb. 21, 2013) is illustrative. There, defendant LSI moved to compel the plaintiff B&N to produce a more thorough answer as to its interrogatory seeking "the full factual and legal basis for B&N's defense that LSI's patents are unenforceable." *Id.* Specifically, LSI argued—similar to Samsung's argument here:

> B&N's unenforceability defense turns on what LSI's predecessor did or did not disclose to standard setting organizations ("SSOs") about its existing patents. *See id.,* Exs. 1 & 2. LSI argues that B & N **ought to identify the patent claims pending at the time of the alleged non-disclosure that it contends were essential to the practice of the standard** under discussion before the SSOs. *Id.* at 1. It says that B & N can do this because it has the patent histories for the patents at issue and the relevant standards submissions. *Id.*

*Id.* (emphasis added). The court rejected LSI's arguments and denied its motion to compel because "LSI did not explain why disclosure now would contribute meaningfully [to this case] (other than to make discovery easier now)" and "[d]iscovery is ongoing, and given courts' reluctance to compel early responses to contention interrogatories, the court does not see grounds for doing it now (as opposed to later)." *Id.* at 2. Similarly, here, Samsung's request for an early answer to contentions interrogatories should be denied.

**B.    Samsung Should Not Be Allowed to Seek Premature Expert Opinions**

"A party is not entitled to obtain early disclosure of expert opinions via interrogatory." *Promethean Insulation Tech. LLC v. Sealed Air Corp.*, 2015 WL 11027038, at *2 (E.D. Tex. Oct. 13, 2015); *Maxell Ltd. v. Apple Inc.*, 2019 WL 7905454, at *3 (E.D. Tex. Nov. 13, 2019) (same).

As explained in Netlist's written responses, Samsung's discovery requests ask Netlist at least to: (1) construe the terms of the asserted claims, (2) analyze the standards to determine which sections are "required" as opposed to "optional," and (3) compare Netlist's claim language to such required sections of JEDEC standards—all of these require expert opinions and legal conclusions. Samsung's interrogatory requests also broadly ask Netlist to disclose all such "factual and legal bases" in support of Netlist's contention, which implicates expert analysis. Indeed, in the *Samsung I Action*, Samsung itself relied heavily on its experts' opinion and testimony to explain what "standard essential" means under JEDEC policy and whether Netlist's patents-in-suit are standard essential. *E.g. id.* Memorandum Opinion and Order ¶¶ FF66-67 (quoting testimony of Samsung's expert Mr. Halbert and Netlist's expert Mr. Gillingham to explain the meaning of "standard essential patents" under the JEDEC Patent Policy); *id.* Bench Trial Tr. at 100:14-16, 22-25 (Samsung's technical expert Dr. McAlexander explaining tri-state buffer is not required by the JEDEC specification); *id.* (McAlexander) at 93:20-22 (Dr. McAlexander testifying that the asserted '339 patent is not standard essential).

Samsung does not dispute that claim construction and comparison between the claims and the JEDEC specifications are required for Netlist to disclose its essentiality position. *See, e.g.*, Dkt. 128 at 6 (Samsung asserting "Netlist can compare the claims to the JEDEC standards to determine its contention on essentiality based on its interpretation of the claims as the patentee"). Samsung instead argues that Netlist must settle and disclose its theory and position now because Netlist had "compared the Samsung Accused Instrumentalities to the asserted claims as evidence of alleged infringement" and because Netlist had previously identified different patents as standard essential in other litigations. *Id.* at 5-6. However, contrary to Samsung's assertion, the Patent Local Rules do not require Netlist to

disclose its position regarding standard essentiality early in a patent litigation. The fact that Netlist has conducted such analysis for *other patents* not asserted in this Action by no means obligates Netlist to do the same here. Further, unlike infringement analysis, Netlist's standard essentiality position is not required to establish a prima facie case of infringement.

To be clear, the fact that Netlist asserts Samsung's accused products infringe one or more claims of Netlist's patents based on features of Samsung products in compliance with certain sections of the JEDEC specifications does not constitute a concession of standard essentiality or relevance of JEDEC specifications. As Samsung's own expert testified, discovery is necessary to determine which sections of JEDEC standards are *required* instead of optional. *Samsung I Action*, Dkt. 550 ¶ FF66 (E.D. Tex. Aug. 11, 2023) (Memorandum Opinion and Order) ("At the bench trial, Samsung's JEDEC expert, Mr. Halbert, testified that just because an infringing product is standard compliant does not mean that the patent claim is necessarily essential. This is because JEDEC allows for product differentiation between suppliers, and there are different ways of implementing the standard"). Netlist has the right to choose to prove its infringement claims based on the functions and features of Samsung's accused products or its compliance with the JEDEC specifications as discovery progresses.

### C. Samsung's "Prejudice" Argument Lacks Merit

Samsung asserts that it would suffer prejudice unless Netlist is now "compelled to provide its position on standard essentiality" and is prevented from "shift[ing] courses throughout the case." Dkt. 128 at 6. Samsung's prejudice argument in an attempt to lock Netlist to a specific infringement theory at this stage of litigation does not hold water.

*First*, nothing here prevents Samsung from conducting its independent analysis as to the essentiality of Netlist's patents-in-suit and forming its damages calculation based on such conclusion—and this is what Samsung did in the *Samsung I Action*, by relying on the testimony of Samsung's engineers, third-party discovery, and Samsung's own experts' opinions. Indeed, Samsung

does not dispute that it has all the underlying facts needed to perform such analyses. Samsung's assertion that it will be "precluded from offering competing contentions on essentiality and the availability of noninfringing alternatives, addressing any RAND obligations, and fully exploring whether Netlist complied with its disclosures obligations to JEDEC" during fact or expert discovery simply has no connection to reality. Any asserted "significant[] prejudice[]" Samsung would allegedly incur because Samsung "develop[s] its rebuttal contentions on these issues for the first time after seeing Netlist's opening expert reports" would be Samsung's own choice.

*Second*, Samsung's argument that it would be prejudiced if Netlist shifts course is incorrect. As discussed above, courts consistently recognize the development of answers to contentions interrogatories. *Supra* at 3. To the extent Samsung references to potential prejudice it allegedly suffered in *Samsung I*, this Court has correctly found in the Memorandum Opinion and Order that Netlist's purported "position shift" did not constitute litigation misconduct; instead, "Samsung [has] proceeded at its own risk by assuming that Netlist was still asserting a standards-based theory of infringement" and Netlist's position as to standard essentiality does not have an "immediate and necessary relation to" Netlist's patent infringement claims. *See Samsung I Action*, Dkt. 550 ¶¶ CC32-37. In any event, by making it clear at the beginning of discovery that Netlist will rely on expert opinions to form its standard-essentiality position, here, Netlist indeed eliminates any prejudice that Samsung would potentially suffer based on its purported reliance on Netlist's representations.

### III.   CONCLUSION

For the reasons stated above, Samsung's Motion to Compel, Dkt. 128, should be denied.

Dated: September 6, 2023                             Respectfully submitted,

/s/ Jason Sheasby
Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000

sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on September 6, 2023, a copy of the foregoing was served to all counsel of record via this Court's CM/ECF system.

*/s/ Yanan Zhao*
Yanan Zhao
