# Exhibit R

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

INPHI CORPORATION
Requester 1,

SMART MODULAR TECHNOLOGIES, INC.
Requester 2, and

GOOGLE INC.
Requester 3

v.

Patent of NETLIST, INC.
Patent Owner

Appeal 2018-003618
Merged Reexamination Control Nos. 95/001,339, 95/000,578, and 95/000,579
Patent No. 7,619,912 B2
Technology Center 3900

Before JEFFREY B. ROBERTSON, DENISE M. POTHIER, and
JEREMY J. CURCURI, *Administrative Patent Judges.*

POTHIER, *Administrative Patent Judge.*

DECISION ON REHEARING

Appeal 2018-003618
Merged Control 95/001,339, 95/000,578, and 95/000,579
Patent 7,619,912 B2

This merged proceeding involves U.S. Patent No. 7,619,912 B2 ("the '912 patent), issued November 17, 2009 to Jayesh R. Bhakta and Jeffrey C. Solomon. This is a request by Requester 3, Google Inc., for a rehearing under 37 C.F.R. § 41.79 ("Req. for Reh'g") of our Decision Under 37 C.F.R. § 41.77(f) ("Decision 2") dated July 27, 2018, on the Examiner's Determination Under 37 C.F.R. § 41.77(d) ("Ex. Deter.") mailed October 3, 2017. Decision 2 is subsequent to and incorporates a Decision dated June 6, 2016 ("Decision 1")[1] in which new grounds of rejection were entered under 37 C.F.R. § 41.77(b).

In response to the new grounds of rejection, Patent Owner reopened prosecution, amending claims and submitting new evidence for consideration. Patent Owner's Response Requesting to Reopen Prosecution Pursuant to 37 C.F.R. § 41.77(b)(1) ("PO Request"), pp. 2–57 (August 1, 2016). Requester 3 responded, urging the new grounds of rejection be maintained. *See generally* Requester 3's Comments Pursuant to 37 C.F.R. §41.77(c) ("R3 Comments") (August 31, 2016). In Decision 2, we withdrew many rejections maintained or adopted by the Examiner (Decision 2, pp. 40–41) while other rejections of certain claims remain affirmed (Decision 2, pp. 41–42).

Requester 3 sets forth three occasions in Decision 2 where we allegedly misapprehended or overlooked points in withdrawing the new grounds of rejection presented in Decision 1. First, Requester 3 contends we overlooked findings in concluding that cited prior art does not render the "logic element" limitation in claim 1 and other independent claims obvious. Req. for Reh'g 2–6. Second, Requester 3 argues we misapprehended the meaning of the "logic element"

---

[1] In Decision 2, we state "Our new Decision is deemed to incorporate the earlier Decision, except for those portions specifically withdrawn. 37 C.F.R. § 41.77(f)." Decision 2, 5.

2

Appeal 2018-003618
Merged Control 95/001,339, 95/000,578, and 95/000,579
Patent 7,619,912 B2

limitation in determining this limitation has written description support. Req. for Reh'g 6–7. Third, because we determined there is written description support for the recitation "logic element," Requester 3 asserts we overlooked that the prior art supports the obviousness rejection grounds. Req. for Reh'g 8–9. We are not persuaded.

Requester 3 presents arguments for the claims as group. *See generally* Req. for Reh'g. We select claim 1 as representative. *See* 37 C.F.R. § 41.67(c)(1)(vii).

*"Logic Element" in Claim 1 is Purportedly Taught by Requester 3 Newly Proposed Ground*

Requester 3 asserts we found Amidi discloses receiving all four claimed signals "by its logic elements and some use of all four claimed signals in logic operations performed by those logic elements." Req. for Reh'g 3 (citing Decision 2, p. 18). Requester 3 further states we found Amidi teaches its CPLD (complex programmable logic device) receives a row address signal and a chip select-select signal and generates a chip-select signal in response. Req. for Reh'g 3 (citing Decision 2, pp. 13–14). We are not persuaded we misapprehended Amidi such that it teaches the claimed "logic element" limitation in claim 1.

The "logic element" limitation recites "the logic element generates gated column access strobe (CAS) signals or chip-select signals of the output control signals in response at least in part to (i) the at least one row address signal, (ii) the bank address signals, and (iii) the at least one chip-select signal of the set of input control signals and (iv) the PLL clock signal."[2] PO Request 3. In Decision 2, we stated Amidi teaches register 608 (e.g., a logic element) receiving row address

---

[2] In Decision 2, we referred to this limitation as "the 'logic element' limitation" and "the response signals collectively as signals (i)–(iv) or individually as signal (i), (ii), (iii), and (iv)." Decision 2, p. 10. We similarly do so here.

3

Appeal 2018-003618
Merged Control 95/001,339, 95/000,578, and 95/000,579
Patent 7,619,912 B2

signals, bank address signals, and PLL (e.g., signals (i), (ii), and (iv)). Decision 2, p. 18, *noted in* Req. for Reh'g 3 and 5. We further stated Amidi does not teach a register receiving a chip-select signal, recited signal (iii). Decision 2, p. 18. Thus, Amidi's register 608 (e.g., a logic element) receives row address signals, bank address signals, and PLL signals (e.g., signals (i), (ii), and (iv))—not all four recited signals in claim 1. Additionally, we stated "Amidi does not describe how the rCAS signal is generated." Decision 2, p. 18. Requester 3 has not demonstrated how these findings related to Amidi teach or suggest the rCAS signal is generated in response to signals (i) through (iv) as recited in claim 1.

Requester 3 also notes Decision 2 states Amidi teaches generating chip-select signals in response to a row address signal and a chip-select signal (e.g., signals (i) and (iii)). Decision 2, pp. 13–14 (citing Amidi ¶¶ 49, 52, 58, 60, Figs. 6A–B), *cited in* Req. for Reh'g 3. In Decision 2, when addressing Amidi's CPLD (e.g., another logic element), we stated Amidi fails to describe or show a bank address signal (i.e., one of signal (ii)) entering CPLD 410 or 604. Decision 2, p. 14 (citing Decision 1, p. 20, 36). Specifically, these findings related to Amidi do not suggest generating chip-select signals in response to signals (i)–(iv) as required by claim 1. Nor has Requester 3 persuasively shown how we overlooked or misapprehended points related to Amidi on pages 13 and 14 in rendering our determination in Decision 2 that this reference alone fails to teach the "logic element" limitation.

Requester 3 even further indicates (Req. for Reh'g 5) we stated "Requester 3 provides adequate evidence that one skilled in the art would have recognized using bank address signals in a manner similar to the row and column address signals, some of which are received by Amidi's CPLD." Decision 2, p. 26, *quoted in* Req.

Appeal 2018-003618
Merged Control 95/001,339, 95/000,578, and 95/000,579
Patent 7,619,912 B2

for Reh'g 26. But, Requester 3 omits the sentence that follows from this statement; "[y]et, the evidence of record does not teach or suggest generating the specifically recited chip-select signals using more than one bank address signal, and more particularly, both bank address signals (i.e., signals (ii)) and a row address signal (i.e., signal (i)) as well as signals (iii) and (iv) claimed in claim 1." Decision 2, pp. 26–27.

Accordingly, Requester 3 has not pointed out how these findings demonstrate we overlooked or misapprehended Amidi's teachings related to the "logic element" limitation, which requires generating chip-select or CAS signals in response to signals (i)–(iv) as claim 1 now requires.

Requester 3 further discusses findings and conclusions related to Amidi *as modified by* JEDEC 21-C and Olarig. Req. for Reh'g 4–6 (citing Decision 2, pp. 20 and 35). Requester 3 raised issues in its brief submitted September 30, 2014, concerning its proposed rejections based on (1) Micron and Amidi (Ground 13), (2) Micron, Amidi, Dell 2, and JEDEC 79C (Ground 19), (3) Micron, Amidi, and Olarig (Ground 21), and (4) Micron, Amidi, Olarig, Memory Explained (Ground 22) in its original brief. Appeal Brief of Third Party Requester Google Inc. Pursuant to Pre-AIA 35 U.S.C. 134(c) and 37 C.F.R. § 41.67 (dated September 30, 2014) ("R3 Appeal Br.") 5–22. Notably, JEDEC 21-C differs from JEDEC 79C. *See* Decision 1, p. 10. Requester 3 appealed the Examiner's decision not adopting proposed rejections of certain claims based on Micron and at least one other reference, including Amidi (i.e., Grounds 13, 19, 21, and 22). R3 Appeal Br. i (Table of Contents); *see also* Decision 1, pp. 68–69, 93–101.

Rule 41.79(b)(1) states, in relevant part, "[a]rguments not raised in the briefs before the Board and evidence not previously relied upon the briefs are not

5

Appeal 2018-003618
Merged Control 95/001,339, 95/000,578, and 95/000,579
Patent 7,619,912 B2

permitted in the request for rehearing except as permitted by paragraphs (b)(2) and (b)(3) of this section." 37 C.F.R. § 41.79(b)(1). Additionally, the Decision *Sua Sponte* to Merge Reexamination Proceedings ("Merger Decision"), mailed February 28, 2011, further explains "each *inter partes* reexamination requester's appeal must only be taken from the finding(s) of patentability of claims in the RAN that the individual third party requester proposed in the request" under the section entitled "2. Appeal Rights." Merger Decision 4. As acknowledged by Requester 3's arguments (Req. for Reh'g 6 n.2) related to Amidi, JEDEC 21-C, and Olarig collectively (Req. for Reh'g 4 and 5 (citing Decision 2, pp. 20 and 35 respectively)) were not raised by Requester 3 in its brief before the Board. Also, Requester 3's request proposed rejections based on at Micron and Amidi but not Amidi, JEDEC 21-C, and Olarig. Request for *Inter Partes* Reexamination Under 35 U.S.C. § 311 and 37 C.F.R. § 1.913 ("R3 Request") 18–20. Thus, this proposed new ground is not permitted by Rule 41.79(b)(1) or the Merger Decision.

To be sure, Rule 41.79(b)(1) indicates arguments not raised in the briefs before the Board and evidence not previously relied upon the briefs are "permitted by paragraphs (b)(2) and (b)(3) of this section." 37 C.F.R. § 41.79(b)(1). Paragraph (b)(2) permits new arguments related to recent relevant Board or Federal Circuit decision upon a showing of good cause. 37 C.F.R. § 41.79(b)(2). Requester 3 does not discuss a relevant decision Federal Circuit decision. *See* Req. for Reh'g 4–6. Also, to the extent Requester 3 asserts Decision 2 is a relevant Board Decision (*see* Req. for Reh'g 6 n. 2), Requester 3 has not provided sufficient good cause to consider any such argument for the below reasons.

Rule 41.79(b)(3) permits new arguments to respond to a new ground of rejection made pursuant to 37 C.F.R. § 41.77(b). 37 C.F.R. § 41.79(b)(3).

6

Appeal 2018-003618
Merged Control 95/001,339, 95/000,578, and 95/000,579
Patent 7,619,912 B2

Decision 1 included new grounds of rejection, including rejections based on (1) Amidi and Dell 2, (2) Micron and Amidi and (3) Micron, Amidi, and Olarig (Grounds 5, 13 and 21)—the latter two grounds proposed by Requester 3. Decision 1, pp. 102 (reversing identified, proposed rejections not adopted by the Examiner). As such, Requester 3 was permitted to present arguments responding to the new grounds of rejection based on (a) Micron and Amidi and (b) Micron, Amidi, and Olarig in a request for rehearing.

Additionally, Requester 3 submitted comments according to 37 C.F.R. § 41.77(c) responding Patent Owner's response requesting reopening of prosecution. Although having the opportunity to propose a new ground of rejection based on Amidi and JEDEC 21-C or Amidi, JEDEC 21-C, and Olarig in Requester 3's comments, no such ground was proposed. *See* R3 Comments 4–14. Moreover, Requester 3 acknowledges this fact. Req. for Reh'g 6 n.2. However, Requester argues that "the necessity of such a ground only arose from the Board's Decision rejecting the Examiner's findings in view of the other stated grounds." Req. for Reh'g 6 n.2 (citing 37 C.F.R. § 1.948(a)(2)). We presume Requester 3 is arguing it only now needed to propose the new rejection ground based Amidi, JEDEC 21-C, and Olarig in its request for rehearing because we withdrew various grounds of rejection in Decision 2.

As noted above, Requester 3 was permitted to propose new grounds in its comments when Patent Owner amended the claims in its request to reopen prosecution. *See* 37 C.F.R. § 41.77(c) and 37 C.F.R. § 1.947. Rule 1.948, which is cited by Requester 3 (Req. for Reh'g 6 n.2), indicates a third party requester is permitted to cite additional prior art if it is filed as part of a comment submitted under § 1.947, which permits comments on "[e]ach time the patent owner files a

7

Appeal 2018-003618
Merged Control 95/001,339, 95/000,578, and 95/000,579
Patent 7,619,912 B2

response to an Office action on the merits pursuant to § 1.945." 37 C.F.R. § 1.947. Requester 3 thus had a chance to propose a new ground when commenting on Patent Owner's response requesting reopening prosecution. *See* 37 C.F.R. § 41.77(c); *see* the Manual of Patent Examining Procedure (MPEP) § 2682(II)(B)(2) (stating "[t]he comments [under 37 C.F.R. § 41.77(c)] may include new evidence and arguments if limited to support the new grounds of rejection by the Board, *including new evidence and arguments directed towards amended or new claims* if necessitated by patent owner's submission under 37 CFR 41.77(b)(1)) (emphasis added). *See also IPCom GmbH & Co. v. HTC Corp.*, 861 F.3d 1362, 1372 (Fed. Cir. 2017) (corrected Aug. 21, 2017) (citing to Rule 1.948(a)(2) and stating "Section 41.77(c) requires only that HTC's comments be limited to the Board's decision and issues raised by IPCom's request to reopen prosecution. 37 C.F.R. § 41.77(c)."); *see also Airbus S.A.S. v. Firepass Corp.*, 793 F.3d 1376, 1380 (Fed. Cir. 2015) ("Airbus's proposed citation of prior art is well within § 1.948(a)'s permission to cite prior art 'which is necessary to rebut a response of the patent owner.' That response that Airbus is entitled to rebut was the addition of new claims 91–94.").

Contrary to Requester 3's assertion, the need to present a new ground of rejection did not arise only from our findings and conclusions in Decision 2. Moreover, Requester 3 does not indicate which claims of the '912 patent are to be rejected under this newly proposed ground in its request for rehearing.

For the above reasons, Requester's proposed ground based Amidi, JEDEC 21-C, and Olarig and arguments related to the proposed combination (Req. for Reh'g 4–6) are unpersuasive and improperly raised at this juncture.

Appeal 2018-003618
Merged Control 95/001,339, 95/000,578, and 95/000,579
Patent 7,619,912 B2

### *"Logic Element" in Claim 1 is Allegedly Misconstrued and Lacks Written Description Support as Construed By the Board*

Requester 3 states "the Board appears to have disagreed with Google's argument that the broadest reasonable interpretation of the 'logic element' limitation requires that the four signals be construed in the disjunctive, and instead construed them in the conjunctive." Req. for Reh'g 6. We agree with Requester 3 that we construed the "logic element" limitation in the conjunctive in Decision 2. *See, e.g.,* Decision 2, pp. 13–14 and 18–19. Although presenting an argument that the "logic element" limitation must be construed in the disjunctive in its comments (Req. for Reh'g 6 n.3), Requester 3 did not present a separate argument that the "logic element" limitation lacks written description support if construed in conjunctive. *See, e.g.,* R3 Comments 8–9. As such, Requester 3 has not pointed out an argument we overlooked or misapprehended as set forth in § 41.79(b)(1).

Additionally, similar to the above discussion, we disagree that the newly proposed ground under 35 U.S.C. § 112, first paragraph[3] (Req. for Reh'g 6–8) is permitted under § 41.79(b)(3) at this juncture. To reiterate, Rule 41.79(b)(3) permits parties to an appeal to present a new argument when responding to a new ground of rejection in a decision. Yet, no new ground of rejection, including one based on failing to satisfy the written description requirement, was presented in Decision 2. Thus, presenting a new argument related to lack of written description in Requester 3's request for rehearing is improper. The appropriate time for Requester 3 to have presented the new ground based on 35 U.S.C. § 112, first paragraph contending claims in the '912 patent lack written description support

---

[3] Because of the '912 patent's filing date, we refer to pre-AIA sections of Title 35 of the United States Code.

9

Appeal 2018-003618
Merged Control 95/001,339, 95/000,578, and 95/000,579
Patent 7,619,912 B2

was when Requester 3 submitted comments responding to Patent Owner's amendments to the claims in Patent Owner's response requesting to reopen prosecution. *See* 37 C.F.R. § 41.77(c).

*The Prior Art Purportedly Supports the Obviousness Rejections as "Logic Element" in Claim 1 is Construed*

Lastly, Requester 3 argues "the Board's Decision evidences additional error" to the extent we "find[] the '912 Patent's written description supports the Board's claim construction." Req. for Reh'g 8. Requester 3 implies we have misapplied the law by "constru[ing] the claims [of the '912 patent] to require the prior art teach more than the patent itself." Req. for Reh'g 8 (citing *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1349, 1351 (Fed. Cir. 2010) (en banc)). We are not convinced.

As indicated above, we did not address whether the "logic element" limitation has written description support because no such issue was raised by Requester 3 (or any Requester for that matter). Thus, we disagree that we have overlooked or misapprehend any points made by Requester 3 or misapplied the law in this regard as asserted. *See* Req. for Reh'g 8–9. Moreover, given that the '912 patent and the cited prior art are not coextensive, we disagree with Requester 3's contention that we must determine "the cited prior art sufficiently supports the Examiner's prior findings that the 'logic element' limitation is obvious" "if the '912 Patent specification sufficiently supports the Board's claim construction." Req. for Reh'g 9.

In summary, we have considered the arguments raised by Requester 3 in the Request for Rehearing, but the arguments are not persuasive to find that Decision 2 was in error. We have granted the Request for Rehearing to the extent that we

10

Appeal 2018-003618
Merged Control 95/001,339, 95/000,578, and 95/000,579
Patent 7,619,912 B2

have reconsidered Decision 2, but we deny the request for hearing with respect to making any changes to the new grounds of rejection.

**REHEARING DENIED**
