UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>Defendants. | Civil Case No. 2:22cv00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION TO COMPEL
INFORMATION REGARDING NETLIST'S NEGOTIATIONS WITH SK HYNIX**

## **TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1
II. FACTUAL BACKGROUND ............................................................................................ 1
III. ARGUMENT ..................................................................................................................... 3
    A. The Requested Discovery Is Relevant in View of Netlist's Arguments ................. 3
    B. The Requested Documents Are Discoverable ........................................................ 5
IV. CONCLUSION .................................................................................................................. 6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Charles E. Hill & Assocs., Inc. v. ABT Elecs., Inc.*,
   854 F. Supp. 2d 427 (E.D. Tex. 2012) (Gilstrap, J.) .................................................. 5, 6

*Netlist Inc. v. Micron Tech. Inc., et al.*,
   Case No. 2:22-cv-203-JRG-RSP (E.D. Tex.) ................................................................ 5

*Apple Inc. v. Wi-LAN Inc.*
   25 F.4th 960, 973 (Fed. Cir. 2022) ................................................................................ 2

**Court Rules**

Fed. R. Civ. P. 26 .................................................................................................................. 3

Fed. R. Evid. 408 .................................................................................................................. 5

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | September 5, 2023 Declaration of Daniel A. Tishman |

I. **INTRODUCTION**

Netlist should be compelled to produce documents regarding its negotiations with SK hynix that resulted in the parties' license agreement and should not be permitted to interfere with SK hynix's production of the same. The information Samsung seeks is exactly what Netlist argued was missing when it moved to strike portions of Mr. Paul Meyer's apportionment analysis in Case No. 2:21-cv-463-JRG ("*Netlist/Samsung EDTX1*"). In that case, Netlist argued that Samsung's expert should have considered the value SK hynix and Netlist put on each of the patents in the SK hynix portfolio agreement as part of his apportionment analysis. Here, Netlist refuses to provide discovery into that very information and has objected to SK hynix's producing the documents in SK hynix's possession. Netlist's own statements to this Court about the relevance of negotiation materials belie any argument that the requested materials are not discoverable. Netlist should not be permitted to withhold Samsung's requested discovery, or to interfere with SK hynix's production of the same, while at the same time arguing that the discovery is required to present a reliable apportionment analysis.

II. **FACTUAL BACKGROUND**

On April 5, 2021, Netlist and SK hynix entered into a settlement agreement (the "Agreement") that ended litigation initiated by Netlist in the Western District of Texas the previous year. Ex. 1, ¶ 1. The Agreement contained a license to Netlist's patent portfolio and ▮

▮ *Id.*, ¶ 2.

In December of 2021, Netlist filed suit against Samsung in this Court, claiming infringement of certain U.S. patents in *Netlist/Samsung EDTX1*. Case No. 2:21-cv-463-JRG, Dkt. 1 (E.D. Tex. Dec. 20, 2021). In that case, Samsung's expert, Mr. Paul Meyer, opined that the Agreement was comparable to the license that would have resulted from a hypothetical negotiation between Samsung and Netlist if apportioned to account for the fact that the

1

hypothetical negotiation would cover just the asserted patents rather than Netlist's whole portfolio. Case No. 2:21-cv-463-JRG, Dkt. 234 at 229:15-231:11. Netlist moved to strike those opinions, arguing that Mr. Meyer allegedly failed to analyze the value that the parties to the license—Netlist and SK hynix—assigned to Netlist's patents. *Id.* The Court excluded Mr. Meyer's opinions apportioning the Agreement to the asserted patents.[1] *Id.* at 247:20-248:5.

Netlist brought this case on August 1, 2022. Dkt. 1. Because the asserted patents here are licensed to SK hynix in the Agreement, Samsung contends that the Agreement is relevant to a hypothetical negotiation between the parties. Ex. 1, ¶ 3. Thus, Samsung asked Netlist to produce documents regarding Netlist's license negotiations with SK hynix, including presentations, correspondence, draft agreements, internal valuations or presentations, or any other document reflecting the value to SK hynix or Netlist of the asserted patents. *Id.*, ¶ 4. Netlist refuses to produce these documents, claiming that they are not relevant. *Id.*, ¶ 5.

Samsung also served SK hynix with a subpoena requesting similar information in SK hynix's possession, custody, or control. Ex. 1, ¶ 6. When SK hynix notified Netlist of its intent to produce the requested negotiation materials, Netlist objected and indicated it planned to file a motion for a protective order and to file a motion to quash the subpoena. *Id.* As a result, SK hynix has not produced the requested information, citing Netlist's objection. *Id.*

---

[1] Samsung respectfully submits that neither *Apple v. Wi-LAN* (on which Netlist relied in *Netlist/Samsung EDTX1*), nor any other binding precedent requires consideration of the parties' negotiation history or any other parol evidence. *See Wi-LAN*, 25 F.4th 960, 973 (Fed. Cir. 2022) ("Mr. Kennedy's opinion that the asserted patents were key patents is untethered to the facts of this case. . . . Two of the licenses . . . do not list the . . . patent at all."). Instead, the *Wi-LAN* court merely held that no parol evidence supported the expert's attempt to attribute special value to patents and to ignore the plain language of contracts. *Id.* Requiring patent damages experts to analyze parol evidence for every cited license would be unprecedented, unworkable, and unwise. It would require trials within trials, and would allow self-serving communications to take precedent over actual agreements.

2

Following the parties' meet-and-confer, Samsung proposed a compromise whereby Samsung would not seek discovery into Netlist's negotiations with SK hynix that resulted in the Agreement if Netlist would not argue that information about these negotiations is required for a reliable apportionment of a portfolio license. Ex. 1, ¶ 7. Netlist did not respond. *Id.*

### III.  ARGUMENT

Netlist should be compelled to produce the requested documents relating to its negotiations with SK hynix regarding a license to Netlist's patent portfolio. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26. The requested discovery is relevant to damages—particularly in view of Netlist's positions in *Netlist/Samsung EDTX1*—and is not privileged.

#### A.  The Requested Discovery Is Relevant in View of Netlist's Arguments

Documents that reflect the value to SK hynix and Netlist of certain patents in Netlist's portfolio are relevant to damages, including apportionment of a portfolio agreement to the patents asserted in this case. Because ███████████████████████████████ ██████ it is a license to the asserted patents. Thus, documents related to the relative value of the asserted patents compared to other Netlist patents can be a reliable input into an apportionment analysis (supporting a downward adjustment to a portfolio rate).[2]

Netlist is likely withholding relevant documents about the value of patents in its portfolio, as communicated to SK hynix during licensing negotiations. ████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████

---

[2] However, Samsung maintains that such documents are not required. *See supra* n.1.

3



Ex. 1, ¶ 8 (SAM-NET00430622 at 43). To the extent that Netlist presented similar documents to SK hynix during its negotiations, Netlist has not produced them and is preventing SK hynix from producing them. Netlist's attempt to shield such documents from discovery because they were used in licensing negotiations prevents Samsung from having access to reliable evidence of the value Netlist and SK hynix placed on patents covered by the Agreement's portfolio license.

Netlist is attempting to withhold documents about license negotiations despite arguing in *Netlist/Samsung EDTX1* that Samsung's expert should have considered such information in apportioning the SK hynix portfolio agreement. Specifically, during the pretrial conference, Netlist argued that it was necessary to consider the "value . . . SK hynix put" the patents at issue:

> [T]he value that you need to consider in the license agreement is ***what value did SK hynix put on each of those particular patents***. And so what I don't know is, in this situation, they make no pretense about assessing which patents in the portfolio was valuable to SK hynix, why did SK hynix make the payment they did. So, for example, there were a number of patents asserted against SK hynix none of those [were] the patents in this case[,] ***the patents in this case were never presented to SK hynix as then potentially infringing***. And what Mr. Meyer does is he just sort of does this thing where he uses the agreement as a bucket and then arbitrarily assigns value within the bucket. And that, I don't think, is consistent with *Apple versus WiLan* . . . .

4

Case No. 2:21-cv-463-JRG, Dkt. 426 at 230:21-231:10 (emphases added).  Although Samsung disagrees with Netlist's position, *see supra* n.1, Netlist should not be permitted to use negotiations as a shield and a sword, arguing that such information is required for a reliable apportionment analysis while at the same time withholding it in discovery.

The Court's order on Micron's motion to compel drafts of the SK hynix Agreement is not controlling.  *See Netlist Inc. v. Micron Tech. Inc., et al.*, Case No. 2:22-cv-203-JRG-RSP, Dkt. 135, 148, 158 (E.D. Tex.).  In that case, Micron sought the production of "offers, proposals, and draft agreements exchanged during the negotiation of 'strategic agreements for patents, technology and product supply' with Hynix," arguing that such offers "will be relevant to the comparability and RAND/FRAND issues in this case." *Id.*, Dkt. 135 at 1, 4.  Micron's motion, however, did not address presentations and other documents that reflect the value that Netlist and SK hynix placed on certain patents within Netlist's portfolio, focusing instead on drafts.  Moreover, Micron did not present the Court with Netlist's contradictory positions, in which Netlist argued in *Netlist/Samsung EDTX1* that documents demonstrating the value to Netlist and SK hynix of certain patents are critical to a reliable apportionment analysis.  *See* Case No. 2:21-cv-463-JRG, Dkt. 426 at 230:24-231:2 ("[T]hey make no pretense about assessing which patents in the portfolio was valuable to SK hynix, why did SK hynix make the payment it did.").

### B.  The Requested Documents Are Discoverable

This Court and courts in this district have held that documents regarding license negotiations are discoverable under some circumstances, notwithstanding that the admissibility of some documents may be impacted by Fed. R. Evid. 408.  For example, documents reflecting parties' negotiations are discoverable where "settlement communications are likely to be key in determining whether the settlement agreements accurately reflect the inventions' value or were strongly influenced by a desire to avoid or end full litigation." *Charles E. Hill & Assocs., Inc. v.*

5

*ABT Elecs., Inc.*, 854 F. Supp. 2d 427, 429-30 (E.D. Tex. 2012) (Gilstrap, J.) (citing *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, 753 F. Supp. 2d 662, 664 (E.D. Tex. Nov. 29, 2010) (Davis, J.)).  Samsung acknowledges that this Court has "caution[ed] future litigants that such production will be viewed as the exception and not the rule."  *Charles E. Hill*, 854 F. Supp. 2d at 430.  However, this case is one in which the exception applies.  Given Netlist's arguments in *Netlist/Samsung EDTX1* about the need for such negotiation information as an input to a reliable portfolio apportionment analysis, and Netlist's prior presentations highlighting the value of certain patents in its portfolio, *see supra* p. 4 (reproducing SAM-NET00430622), Netlist's negotiations with SK hynix should be discoverable.

In sum, Netlist should not be permitted to have it both ways, arguing that expert opinions should be excluded for failure to address negotiation documents while at the same time refusing to produce such documents.  Netlist should either be compelled to produce documents reflecting its negotiations with SK hynix (and to cease interference with SK hynix's production of the same), or it should be prohibited from arguing that such information is required for a reliable apportionment analysis (as it did in *Netlist/Samsung EDTX1*).

## IV. CONCLUSION

Samsung respectfully requests that the Court compel Netlist to produce documents regarding its licensing negotiations with SK hynix, or else preclude Netlist from arguing that such information is required for a reliable apportionment analysis.

Date: September 5, 2023

Respectfully submitted,

*/s/ Daniel A. Tishman*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon

6

D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Brian Livedalen
DC Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Katherine H. Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Kathryn Quisenberry
TX Bar No. 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP

7

303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-7091
Facsimile: (415) 955-6571

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on September 5, 2023.  As of this date, all counsel of record has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

/s/ Daniel A. Tishman

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on August 28, 2023.  Sam Baxter, Jason Sheasby, Tom Werner, and Yanan Zhao attended for Plaintiff.  Melissa Smith, Ruffin Cordell, Daniel Tishman, and Kate Quisenberry attended for Defendants.  The parties discussed their positions on this motion.  The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.  Counsel for Plaintiff indicated that they oppose this motion.

/s/ Daniel A. Tishman

9