UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>        Defendants. | Civil Case No. 2:22cv00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>        Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>        Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S UNOPPOSED MOTION FOR LEAVE TO ADD INVALIDITY
CONTENTIONS REGARDING THE '608 PATENT**

Samsung[1] requests leave to supplement its invalidity contentions to address U.S. Patent No. 10,268,608 ("'608 patent"), which Netlist does not oppose. The Court recently granted Netlist leave to amend its complaint to assert the '608 patent. Samsung accordingly requests leave to supplement its invalidity contentions to address this new patent. Samsung diligently supplemented its invalidity contentions and served these proposed '608 patent invalidity contentions 14 days after the Court's order permitting Netlist leave to amend the complaint, which is the same day it filed its answer to the amended complaint. The supplemental contentions present an important defense to Netlist's newly added claims, there is no prejudice due to the supplement (Netlist does not oppose this amendment), and no continuance is needed. Therefore, good cause exists to allow Samsung to supplement its invalidity contentions to include the '608 patent.

## I.  FACTUAL BACKGROUND

Netlist filed its original complaint on August 1, 2022, asserting only U.S. Patent No. 7,619,912 ("'912 patent"). On August 15, 2022, Netlist filed its First Amended Complaint asserting the '912 patent and two new patents, U.S. Patent Nos. 11,093,417 ("'417 patent") and 9,858,215 ("'215 patent"). On January 1, 2023, Netlist filed an opposed motion for leave to file a Second Amended Complaint to additionally assert the '608 patent. Dkt. No. 62. On July 20, 2023, Netlist filed its Third Amended Complaint asserting the '912, '417, '215, and '608 patent. Dkt. No. 100. Samsung moved to strike Netlist's Third Amended Complaint on August 3, 2023. Dkt. No. 116. On August 28, 2023, the Court granted Netlist's motion for leave to file its Second Amended Complaint and denied Samsung's motion to strike Netlist's Third Amended Complaint. Dkt. No. 135. Samsung filed its answer regarding the '608 patent on September 11,

---

[1] Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Semiconductor, Inc. ("Samsung").

2023, and served its proposed invalidity contentions regarding the '608 patent on the same day. Dkt. Nos. 145 & 146.

## II.     LEGAL STANDARD

Leave to supplement invalidity contentions may be granted under P.R. 3-6(b) "upon a showing of good cause." In determining whether there is good cause, the Court considers "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1036 (Fed. Cir. 2015) (*citing Alexsam Inc. v. IDT Corp.*, No. 2:07-cv-420, 2011 WL 108725, at *1 (E.D. Tex. Jan. 12, 2011)).

## III.    ARGUMENT

Good cause exists to allow Samsung to supplement its invalidity contentions to include the '608 patent.

***First,*** Samsung diligently sought to supplement its invalidity contentions after the Court granted Netlist's motion to amend its complaint to assert the '608 patent.[2] Prior to August 28, 2023, the operative pleading did not assert the '608 patent.[3] Once the Court granted Netlist motion to amend its complaint to assert the '608 patent, Samsung served its proposed contentions for this newly added patent just 14 days later, the same day its answer was due. Dkt. Nos. 145 & 146.

---

[2] Samsung has not failed to meet the deadline for service of its '608 patent invalidity contentions because no deadline exists in the schedule for them. The '608 patent was only added to this case on August 28, 2023, after the deadline for serving invalidity contentions for the '912, '417, and '215 patents. Samsung is filing this unopposed motion for leave out of an abundance of caution due to the absence of any formal deadline for serving its '608 patent invalidity contentions.
[3] The Local Rules toll the deadlines to file responsive documents triggered by Netlist's request to assert the '608 patent. L.R. CV-7(k) ("The time for filing any responsive documents will run from the date of the order on the motion for leave").

*Second,* Samsung's supplemental contentions are important. Samsung should be permitted to provide fulsome defenses to Netlist's newly added claims. Indeed, not permitting invalidity contentions would be an extreme measure, especially in this case where there was no ordered deadline for serving the '608 patent invalidity contentions. *See Am. Patents v. Coolpad Grp. Ltd.*, No. 4:19-cv-877, 2020 WL 5534482, at *1 (E.D. Tex. Sept. 15, 2020) ("[S]triking invalidity contentions 'is an extreme decision comparable to determining whether evidence should be excluded for discovery violations.'") (quoting *Eolas Techs. Inc. v. Amazon.com, Inc.*, No. 6:15-cv-01038, 2016 WL 7666160, at *1 (E.D. Tex. Dec. 5, 2016)).

*Third,* there is no prejudice to Netlist and *Netlist does not oppose this motion*. Samsung served its proposed '608 patent invalidity contentions the same day as its answer to Netlist's amended complaint, just 14 days after the Court permitted Netlist to amend the operative pleading to assert the '608 patent. Accordingly, Samsung provided its proposed supplemental contentions for the '608 patent commensurate with Netlist's amendment adding infringement claims for '608 patent to the operative pleading. Thus, there is no prejudice from Samsung's supplemental contentions.

*Fourth,* no Court deadlines need to be amended due to Samsung's supplemental disclosures. The cut-off for fact discovery and deadline for opening expert reports are about two months away. Dkt. No. 110. Trial is not set to begin until April 15, 2024. *Id*. Netlist has ample opportunity to address Samsung's proposed '608 patent invalidity contentions before fact discovery ends.

Accordingly, Samsung submits that good cause exists for its proposed '608 patent invalidity contentions and respectfully requests that the Court grant it leave.

## IV. CONCLUSION

For the foregoing reasons, Samsung respectfully requests leave to add its proposed '608 patent invalidity contentions.

Date: September 15, 2023

Respectfully submitted,

*/s/ Francis J. Albert*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Brian Livedalen
DC Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Katherine H. Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005

Facsimile: (404) 892-5002

Kathryn Quisenberry
TX Bar No. 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: 214-747-5070
Facsimile: 214-747-2091

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-7091
Facsimile: (415) 955-6571

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on September 15, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Francis J. Albert*

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel have complied with the meet and confer requirement in Local Rule CV-7(h) and this Court's Orders and that Netlist does not oppose the motion.

*/s/ Francis J. Albert*