IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC.,<br><br>　　　　Defendants. | Case No. 2:22-cv-293-JRG<br><br>JURY TRIAL DEMANDED<br>(Lead Case) |
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC,<br><br>　　　　Defendants. | Case No. 2:22-cv-294-JRG<br><br>JURY TRIAL DEMANDED<br><br>▇▇▇▇▇▇▇▇ |

**PLAINTIFF NETLIST, INC.'S MOTION FOR A PROTECTIVE ORDER PREVENTING SAMSUNG DEFENDANTS FROM SEEKING THIRD PARTY DISCOVERY FROM SK HYNIX REGARDING NETLIST'S CONFIDENTIAL INFORMATION**

## **TABLE OF CONTENTS**

**Page**

I. BACKGROUND ...............................................................................................................1

    A. Samsung Subpoenaed SK hynix for Netlist's Confidential Information .................................................................................................1

    B. Samsung Is Aware that This Court Found SK hynix Negotiation History and the Complete Case Files in the SK hynix Litigations Undiscoverable ....................................................................................................2

II. Argument .........................................................................................................................3

    A. Netlist Has Standing to Seek a Protective Order............................................3

    B. Samsung Should Not Be Allowed to End-Run this Court's Discovery Rulings ............................................................................................4

    C. Samsung Cannot Show Netlist's Confidential Information Is Discoverable .........................................................................................................5

        1. Samsung Has Not Shown the Negotiation Documents and Communications between Netlist and SK Hynix Are Discoverable ..........................................................................................5

        2. Samsung Has Not Shown the Broad Categories of SK Hynix Litigation Documents Are Relevant or Proportional .......................................6

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bavely, Tr. of AAA Sports, Inc. v. Panini Am., Inc.*,
  2023 WL 3686806 (E.D. Tex. Jan. 27, 2023) ...................................................................... 3

*Bentley v. LCM Corp.*,
  2009 U.S. Dist. LEXIS 81356 (W.D. La. Aug. 21, 2009) ................................................... 5

*Charles E. Hill & Assocs. v. ABT Elecs., Inc.*,
  854 F. Supp. 2d 427 (E.D. Tex. Apr. 3, 2012) .................................................................... 6

*Equal Emp. Opportunity Comm'n v. Charles W. Smith & Sons Funeral Home, Inc.*,
  2022 WL 3566927 (E.D. Tex. Aug. 18, 2022) .................................................................... 4

*Maxell Ltd. v. Apple Inc.*,
  2019 WL 7905454 (E.D. Tex. Nov. 13, 2019) .................................................................... 6

*Memory Modules and Components Thereof*,
  337-TA-1023 ........................................................................................................................ 5

*Mobile Telecommunications Techs., LLC v. Blackberry Corp.*,
  2015 WL 12698062 (N.D. Tex. July 15, 2015) ................................................................... 7

*Providence Title Co. v. Truly Title, Inc.*,
  2022 WL 17981911 (E.D. Tex. Sept. 29, 2022) .................................................................. 4

*ResQNet.com, Inc. v. Lansa, Inc.*,
  594 F.3d 860 (Fed. Cir. 2010) .............................................................................................. 6

*Scrum All. Inc. v. Scrum, Inc.*,
  2020 WL 6559625 ................................................................................................................ 4

*TravelPass Grp., LLC v. Caesars Ent. Corp.*,
  2020 WL 698538 (E.D. Tex. Jan. 16, 2020) ........................................................................ 6

*Young v. Ershick*,
  2022 WL 1557666 (E.D. Tex. May 17, 2022) ..................................................................... 5

**Rules**

Fed. R. Civ. P. 26 ........................................................................................................................ 3, 5

Fed. R. Civ. P. 34 ........................................................................................................................... 5

Fed. R. Civ. P. 45 ........................................................................................................................... 5

Fed. R. Evid. 408 ....................................................................................................................... 3, 5

Plaintiff Netlist, Inc. respectfully moves for the Court to enter a protective order preventing the Samsung defendants from enforcing its subpoena or otherwise seeking Netlist's confidential information from a third party, SK Hynix. That information includes Netlist's confidential settlement negotiation of any license agreement, communications between Netlist and SK hynix, as well as Netlist's confidential pleadings, contentions, written discovery, expert reports, deposition transcripts, hearing transcripts, and documents production in other litigations.

This Court held that the exact same requested documents and information was undiscoverable or overly broad during an August 22, 2023 discovery hearing between Netlist and the Micron defendants in the -203 Action. *Netlist v. Micron Tech., Inc. et al.*, No. 22-cv-203, Dkt. 158 (E.D. Tex. Aug. 29, 2023). A protective order is necessary to stop Samsung's improper attempt to end-run this Court's discovery rulings and Federal Rules of Civil Procedure's limitation on third-party discovery.

## I. BACKGROUND

### A. Samsung Subpoenaed SK hynix for Netlist's Confidential Information

Netlist filed parallel patent-infringement suits against Samsung and Micron in this District.[1] On February 21, 2023, Netlist produced the license agreement and the purchase and sales agreement it entered with SK hynix in connection with the settlement of patent infringement actions between SK hynix and Netlist ("SK hynix Agreements" and "SK hynix Litigations").

On July 21, 2023, Samsung issued a subpoena on SK hynix for deposition and production of the following documents relating to the SK hynix Agreements and SK hynix Litigations:

> **REQUEST FOR PRODUCTION NO. 1:** All Documents and Things related to proposed, contemplated, or executed licenses, settlements, or other agreements relating to Netlist, Inc. ("Netlist") or related entities, including Documents relating to negotiations, discussions, or other communications concerning any such licenses, settlements, or agreements. This includes but is not limited to Documents and Things related to the Strategic Product Supply and License Agreement between SK hynix and Netlist executed on April 5, 2021 and the Product Purchase and Supply Agreement between SK hynix and Netlist executed on April 5, 2021.

---

[1] *Netlist v. Samsung*, No. 21-cv-463 ("Samsung I"); *Netlist v. Micron*, No. 22-cv-203 ("Micron I"); *Netlist v. Samsung*, No. 22-cv-293 ("Samsung II"); *Netlist v. Micron*, No. 22-cv-294 ("Micron II").

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Things related to the Asserted Patents or any Related Patents, including but not limited to Documents, Technical Documents, and Communications shared between SK hynix and Netlist.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Things from litigation between Netlist and SK hynix, including but not limited to all pleadings, contentions, written discovery, expert reports, deposition transcripts, hearing transcripts, and documents produced by the parties. Ex. 1 (2023-07-21 Samsung Subpoena to SK Hynix) at 7-8.

Samsung requested the same information from Netlist:

> 21. the contracts, licensing agreements, settlement agreements, and any other agreements, and any negotiations related thereto, between Netlist and any other party related to the patents-in-suit, any related patents, technology described in the patents-in-suit, or any rights associated with the patents-in-suit, including the agreements with Samsung and SK hynix;
>
> 32. lawsuits to which Netlist was a party, including, without limitation, all pleadings, contentions, written discovery, expert reports, depositions, hearing transcripts, and documents produced by Netlist, including its litigation against SK hynix;
>
> 33. licenses, settlement agreements, covenants not to sue, dismissals, letter agreements, releases, or any other agreements settling any lawsuit or licensing any patents owned by Netlist, including but not limited to Netlist's license to SK hynix;
>
> 34. Netlist's communications regarding any negotiations related or referring to licenses, settlement agreements, and/or covenants not to sue, including but not limited to Netlist's license to SK hynix;

2023-07-21 Tishman Ltr, at 14. On August 14, 2023, SK hynix reached out to Netlist and stated that it "will respond to the Samsung's subpoena in due course" if Netlist did not raise objections by August 16. Netlist objected to Samsung's subpoena on August 15. Ex. 2 (emails between counsel).

Netlist asked Samsung to provide the basis for its requests for negotiation history and all documents in other litigations involving different patents-in-suit. Samsung only asserted that these materials would be relevant to damages calculations and RAND obligations.

**B.  Samsung Is Aware that This Court Found SK hynix Negotiation History and the Complete Case Files in the SK hynix Litigations Undiscoverable**

Samsung's subpoena on SK hynix is an inappropriate attempt to circumvent this Court's discovery rulings. In *Samsung I*, Netlist and Samsung agreed to simultaneously drop the requests for negotiation documents that lead to consummated settlement license agreements during the parties' meet and confer consistent with this District's long-standing practice.

In *Micron I*, after Netlist objected to Micron's broad requests for documents relating to Rule 408 settlement discussions and all documents and filings in SK hynix litigations, Micron moved to compel. No. 22-cv-203, Dkt. 135. This Court held a hearing on August 22, 2023. The Court denied Micron's requests for negotiation documents:

> THE COURT: All right. I think the concern that has always deterred the Court from ordering the production of the negotiations themselves is that doing that would chill settlement negotiations in current cases if there was a concern that those negotiations would become open for discovery in future cases, and that's what I guess weighs against the probative value. And I just don't know what the probative value of those negotiations would be when you have a consummated license. . . . . I will deny the request for the settlement negotiations as long as the consummated settlement license agreement has been produced.

*Id.* Dkt. 156 (2023-08-22 Hearing Tr.) at 46:22-47:5; 50:1-4.

With respect to the documents and materials in connection with Netlist's ITC proceedings or other litigations against SK hynix, Netlist has offered to produce a specific list of potentially relevant items, including deposition transcripts and witness statements of Netlist's witnesses. This Court agreed, and ordered Netlist to produce only Netlist's fact witnesses' deposition transcripts and statements, as well as testimony and reports of experts both involved in the SK hynix litigations/IPR proceedings and the *Micron I* Action. *Micron I*, No. 22-cv-203, Dkt. 158.

Netlist informed Samsung of the Court's ruling. Samsung refused to withdraw its subpoenas.

## II. ARGUMENT

### A. Netlist Has Standing to Seek a Protective Order

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). District courts have broad discretion in determining whether to issue a protective order. *Bavely, Tr. of AAA Sports, Inc. v. Panini Am., Inc.*, 2023 WL 3686806, at \*2 (E.D. Tex. Jan. 27, 2023). Netlist has standing to seek this protective order under Rule 26. "[A]ny party to the litigation has standing to move for a protective order pursuant to Rule 26(c) seeking to

limit the scope of discovery." *Equal Emp. Opportunity Comm'n v. Charles W. Smith & Sons Funeral Home, Inc.*, 2022 WL 3566927, at *2 (E.D. Tex. Aug. 18, 2022).

### B.   Samsung Should Not Be Allowed to End-Run this Court's Discovery Rulings

Samsung does not dispute that the discovery requests from SK hynix regarding negotiation history, communications with Netlist, documents and materials SK hynix shared with Netlist, and other confidential materials from the SK hynix Litigations should be sought from Netlist, a party in this Action. Indeed, Samsung is seeking the exact same from Netlist. *See supra* at 2. This, by itself, warrants issuance of a protective order restraining Samsung from seeking third-party discovery. *See Providence Title Co. v. Truly Title, Inc.*, 2022 WL 17981911, at *4 (E.D. Tex. Sept. 29, 2022) ("The Court agrees that where Providence requests that each of the Six Subpoenaed Individuals provide documents reflecting communications between themselves and Truly, those documents should be in the possession of Truly, and accordingly should be produced by Truly, **and not a nonparty**.").

Samsung asserts that it issued the subpoena because Netlist failed to produce the sought documents, but that should be addressed by this Court through motion practice. *See id.* ("To the extent that Providence argues that Truly is not producing requested communications between Truly and the Six Subpoenaed Individuals, the appropriate remedy is to seek court intervention as to any such failures to comply with discovery requests."); *Scrum All. Inc. v. Scrum, Inc.*, 2020 WL 6559625, at *3 ("Plaintiff argues the nonparty subpoenas are necessary because Defendants have not been forthcoming with discovery. But that grievance should be addressed by a motion to compel, not a subpoena to a nonparty.").

If Samsung believed it had some basis to seek discovery relating to Netlist's negotiations and litigation with a third party that has not already been rejected by this Court, the proper procedure was to seek the Court's intervention. It is wholly improper to attempt to skirt this Court's rulings, and to

unduly burden a third party in so doing.[2]  *See Young v. Ershick*, 2022 WL 1557666, at *1 (E.D. Tex. May 17, 2022) ("Rule 45 subpoenas . . . are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34.") (quotation omitted); *Bentley v. LCM Corp.*, 2009 U.S. Dist. LEXIS 81356, *13 (W.D. La. Aug. 21, 2009) (quashing subpoena and granting motion for protective order where subpoena was used "to circumvent this court's order denying Bentley's motion to compel substantially the same information from defendant Hubbard.").

  **C.** **Samsung Cannot Show Netlist's Confidential Information Is Discoverable**
    **1.** **Samsung Has Not Shown the Negotiation Documents and Communications between Netlist and SK Hynix Are Discoverable**

Samsung cannot show the negotiation history leading to the SK hynix License Agreements is discoverable.  Samsung has not pointed to the specific relevance of the entire negotiation history. None of the patents in this case were asserted against SK hynix in the previous litigations, nor are they otherwise explicitly addressed in the SK hynix Agreements.[3]  Samsung's assertion that the negotiation history documents are relevant to "the value that the parties to the license, Netlist and SK hynix, assigned to Netlist's patents" is vague and unsupported by the Agreements themselves. Nor has Samsung explained how Rule 408 communications could be admissible, given Samsung's clear intent to use them "either to prove or disprove the…amount of a disputed claim."  Fed. R. Evid. 408.

As this Court explained at the August 22, 2023 hearing, it "would chill settlement negotiations in current cases if there was a concern that those negotiations would become open for discovery in future cases," and that concern weighs heavily against the probative value—if any—given Netlist has already produced the executed agreements in this Action as of February 2023.  *Micron I*, Dkt. 156 (Hearing Tr.) at 46:22-47:5.  It is the common practice for courts in this District to deny motions to

---

[2] ████████████████████████████████████████████.
[3] SK hynix Litigations involved eight patents that are not at issue here: U.S. Patent Nos. 8,756,364; 8,516,185; 8,001,434; 8,359,501; 8,689,064; 8,489,837; 9,606,907; and 9,535,623. *Memory Modules and Components Thereof,* 337-TA-1023 (USITC); 337-TA-1089 (USITC).

compel settlement negotiations. *See Charles E. Hill & Assocs. v. ABT Elecs., Inc.,* 854 F. Supp. 2d 427, 430 (E.D. Tex. Apr. 3, 2012) (further "caution[ing] future litigants that such production will be viewed as the exception and not the rule" because "[s]ettlement negotiations are always suspect to some degree and are often littered with unreal assertions and unfounded expectations."); *Maxell Ltd. v. Apple Inc.*, 2019 WL 7905454, at *3 (E.D. Tex. Nov. 13, 2019) (denying the patentee's motion to compel the accused infringer to, regarding its license agreements, "identify how the parties arrived at such royalty rate and/or consideration").

In its discovery letter, Samsung stated that in *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860 (Fed. Cir. 2010), the court "allow[ed] discovery of negotiations because licenses arising out of litigation are the 'most reliable' for the hypothetical negotiation analysis, and the Court may 'consider the panoply of events and facts that occurred thereafter, and that could not have been known to or predicted by the hypothesized negotiators.'" Ex. 3 (2023-08-07 Tishman Ltr). Contrary to Samsung's assertion, nothing in *ResQNet.com* addressed the scope of discovery or otherwise held that confidential negotiation history of other parties' settlement agreements is broadly discoverable. Notably, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

### 2. Samsung Has Not Shown the Broad Categories of SK Hynix Litigation Documents Are Relevant or Proportional

Samsung broadly seeks "**All Documents and Things** from litigation between Netlist and SK hynix," and emphasized that this request "include[s] but not limited to all pleadings, contentions, written discovery, expert reports, deposition transcripts, hearing transcripts, and documents produced by the parties." Ex. 1 at 8. Samsung's request is not only overly broad on its face but it also inquires into irrelevant, confidential information of both Netlist and third party, SK hynix. Indeed, Samsung makes no effort to tailor its requests whatsoever. *See TravelPass Grp., LLC v. Caesars Ent. Corp.*, 2020 WL 698538, at *6 (E.D. Tex. Jan. 16, 2020) ("[A]sking for all documents produced in another matter

is not generally proper" even though "there may be overlap" between the matters).

Samsung conclusively asserts that deposition transcripts and confidential filings from the SK hynix litigations also involved the "accused DDR4 LRDIMM products and likely involved issues relevant to damages, RAND obligations, and JEDEC standards." Ex. 3 (2023-08-07 Tishman Ltr.). This is wrong. First, Samsung fails to acknowledge that the SK hynix ITC litigations involve different patents than those at issue in this case. Second, Samsung has not identified any relevant accused features of the DDR4 LRDIMMs on which it claims this discovery would shed light. Third, Samsung has not identified any potentially relevant or overlapping sections of any JEDEC standards it claims this discovery would shed light. Fourth, Samsung has put forward no explanation on how litigations with a third party on unasserted patents has any connection to the damages in this case for an entirely different set of patents. Samsung's broad discovery request of all Netlist's confidential business records, financial information, technical documents, and expert materials from other actions is inappropriate. *See Mobile Telecommunications Techs., LLC v. Blackberry Corp.*, 2015 WL 12698062, at *3 (N.D. Tex. July 15, 2015) ("[C]ourts have refused to allow discovery of documents from prior litigations absent a specific showing of relevancy" and "[t]he mere fact that prior litigations concern the same accused products and systems is not necessarily a particularized showing of relevancy— rather, relevancy of past litigation documents is better determined by comparing the patents asserted in prior litigations with the patents-in-suit"); *see also Micron I*, (2023-08-22 Hearing Tr.) at 49:18-22.

For the reasons stated above, Netlist's motion should be granted.

Dated: September 6, 2023

Respectfully submitted,

*/s/ Jason Sheasby*
Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove

- 7 -

Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on September 6, 2023, a copy of the foregoing was served to all counsel of record via this Court's CM/ECF system.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties met and conferred on August 28, 2023. Defendants refused to withdraw its subpoena on SK hynix. The parties are at an impasse.

*/s/ Yanan Zhao*
Yanan Zhao

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case

*/s/ Yanan Zhao*
Yanan Zhao
