# EXHIBIT 3



Fish & Richardson P.C.
1000 Maine Avenue, S.W.
Suite 1000
Washington, DC 20024

202 783 5070 main
202 783 2331 fax

**VIA ELECTRONIC MAIL**

August 7, 2023

Daniel A. Tishman
Principal
tishman@fr.com
+1 202 626 7725  direct

Ms. Yanan Zhao
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Re: *Netlist v. Samsung*, No. 22-cv-293 (E.D. Tex.) – Netlist Document Production Deficiencies

Counsel:

I write regarding deficiencies in Netlist's document production and to follow up on my letter of July 14, 2023, to which we have received no response. To date, Netlist has not produced numerous categories of documents key to issues in this case. Netlist should confirm by close of business on Thursday, August 10, 2023, that it will fully produce the documents identified below before Thursday, August 17, 2023. If not, please provide Netlist's availability to meet and confer this week.

I.   **Deposition Transcripts from Related Litigations**

To date, Netlist has failed to produce deposition and trial transcripts from its prior litigations, including its lawsuit against Samsung in the Central District of California, its litigations against SK hynix in the Western District of Texas and the ITC, and other such materials requested in at least paragraph 32 of my July 14, 2023 letter. The depositions from the C. D. Cal. case against Samsung are relevant to issues related to the Joint Development and Licensing Agreement ("JDLA"), including damages and Samsung's license defense. Moreover, the depositions and trial testimony from Netlist's litigations against SK hynix is highly relevant given the overlap in the cases. For example, the SK hynix litigations also accused DDR4 LRDIMM products and likely involved issues relevant to damages, RAND obligations, and JEDEC standards.

II.   **SK hynix Negotiation Documents**

Second, Netlist has failed to produce documents underlying Netlist's license negotiations with SK hynix. Discovery of the negotiations underlying these settlement negotiations is proper to assist with the hypothetical negotiation damages analysis, even where those licenses result from litigation. *See, e.g.*, *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010) (allowing discovery of negotiations because licenses arising out of litigation are the "most reliable" for the hypothetical negotiation analysis, and the Court may "consider the panoply of events and facts that occurred thereafter, and that could not have been known to or predicted by the hypothesized negotiators." (internal quotations and citations omitted)). Netlist knows well the relevance of negotiation documents—for example, in EDTX Case No. 2:21-cv-463-JRG,