UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>  Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>  Defendants. | Civil Case No. 2:22cv00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>  Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>  Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION TO COMPEL PRODUCTION OF
<u>TESTIMONY FROM NETLIST'S PRIOR LITIGATIONS AGAINST SK HYNIX</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1
II. BACKGROUND ................................................................................................................... 1
III. ARGUMENT ........................................................................................................................ 2
    A. The Requested Testimony of Netlist Employees Is Relevant ................................ 2
    B. Netlist Cannot Condition Its Production of Relevant Discovery on Samsung's Forgoing Other Discovery ....................................................................................... 4
IV. CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Netlist v. Micron*,
   No. 2:22-cv-203-JRG-RSP, Dkt. 158 (E.D. Tex. Aug. 29, 2023) ............................................4

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| A | Declaration of Daniel A. Tishman |

## I. INTRODUCTION

Netlist should be compelled to produce the deposition transcripts, trial transcripts, declarations, and witness statements, including any exhibits thereto, of Netlist fact witnesses from Netlist's prior litigations against SK hynix.  The SK hynix litigations (including but not limited to ITC Investigation No. 337-TA-1023) involved related patents, overlapping witnesses, and the same categories of accused products.  Moreover, ***the Court already compelled Netlist to produce this testimony*** in its suit against Micron.  Netlist cannot legitimately contest the relevance of this material, yet it refuses to produce such material unless Samsung agrees to forgo other discovery related to SK hynix, and withdraw its subpoena to SK hynix.  Other material about Netlist's litigation against SK hynix is relevant in this case, and Samsung is willing to work with Netlist to resolve any disputes associated with that material.  However, Netlist is not permitted to withhold relevant material (testimony, declarations, witness statements, and exhibits) in exchange for a forfeiture of Samsung's right to seek other discovery.

## II. BACKGROUND

From 2016 through 2020, Netlist initiated several lawsuits and investigations against SK hynix in district court and the International Trade Commission.  For example, in ITC Inv. No. 337-TA-1023, Netlist accused SK hynix's DDR4 LRDIMM and RDIMM products of infringing, *inter alia*, U.S. Patent No. 8,756,364, which is related to the '417, '912, and '215 patents at issue here. Ex. A, ¶ 1.  SK hynix and Netlist ultimately resolved their disputes and entered a license agreement in 2021 that covers the patents asserted here.  *Id.*, ¶ 2.  Several individuals Netlist identified as knowledgeable in this case—including, e.g., Mr. Chuck Hong (CEO) and Ms. Gail Sasaki (CFO)—testified in deposition or at trial in the SK hynix litigations.  *Id.*, ¶ 3.

The Court has already compelled Netlist to produce "all declarations and deposition transcripts of employees or officers of Netlist and the inventors of the asserted patents" in its

1

litigation against Micron. *Netlist v. Micron*, No. 2:22-cv-203-JRG-RSP, Dkt. 158 (E. D. Tex. Aug. 29, 2023). The Court also ordered Netlist to produce "the expert reports and testimony of Dr. Stone and Dr. Brogioli, who are common to both this case and that case." *Id.* When the parties met and conferred about Samsung's request for deposition transcripts from the SK hynix litigation, Netlist agreed to produce them consistent with the Court's order in the Micron case. Ex. A, ¶ 4. However, when Samsung followed up after the parties' lead-and-local conference, Netlist offered to produce the transcripts only "if Samsung agrees to not seek or move to compel production of the remaining materials (e.g. filings, document productions, transcripts, contentions, written discovery) from litigations/IPRs between Netlist and SK hynix either from Netlist or a third party consistent with the Court's ruling." *Id.*, ¶ 5. Netlist also conditioned its production on Samsung "withdraw[ing] its subpoena on SK hynix." *Id.*, ¶ 6.

### III. ARGUMENT

#### A. The Requested Testimony of Netlist Employees Is Relevant

The requested transcripts and witness statements from the SK hynix litigation are highly relevant. Indeed, this Court already ordered the production of this testimony in the Micron case.

*First*, testimony in the SK hynix litigation may be relevant to technical issues related to infringement and validity. In particular, the SK hynix litigation involved a patent that is related to three of the four asserted patents here—for example, in the ITC, Netlist asserted infringement of the related '364 patent by SK hynix's DDR4 LRDIMM and RDIMM products. Ex. A, ¶ 1. Netlist accuses these same categories of products made by Samsung of infringing the asserted '912 patent, and accuses Samsung's DDR4 LRDIMM products of infringing the '215 and '417 patents. Dkt. 100, ¶¶ 43, 57. Netlist's witnesses' testimony about these categories of products may prove relevant to infringement, validity, or enforceability.

*Second*, testimony in the SK hynix litigation is likely relevant to damages. In particular,

2

the SK hynix litigations resulted in a license agreement signed in 2021, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. A, ¶ 2. Samsung contends that the license is relevant to damages, and testimony about the value of different patents in Netlist's portfolio is relevant to apportionment of the SK hynix portfolio agreement. Samsung has moved to compel Netlist to produce documents regarding its negotiations with SK hynix that resulted in the parties' agreement, given Netlist's position in Case No. 2:21-cv-463-JRG ("*Netlist/Samsung EDTX1*") that Samsung's expert should have considered the value SK hynix and Netlist ascribed to the patents in the agreement as part of his apportionment analysis. *See generally* Dkt. 139. Production of Netlist witness testimony would provide additional clarity on this damages issue that Netlist has deemed important.

*Third*, testimony in the SK hynix litigations is relevant to the parties' disputes about Samsung's Joint Development and License Agreement (JDLA) with Netlist, including the value associated with different provisions in the agreement. The JDLA was at issue in the SK hynix litigations, and Netlist's witnesses discussed it in unsealed transcripts. For example, in ITC Inv. No. 1023, Mr. Noel Whitley—Netlist's former VP of intellectual property and licensing who Samsung has subpoenaed in this case—testified about the JDLA, agreeing that "[u]nder the JDLA, Samsung received a license to all of Netlist's patents covering LRDIMMs and RDIMMs." Ex. A, ¶ 7. Yet, Netlist will not produce his witness statement or deposition transcript, let alone the confidential portion of the trial transcript. Testimony about the JDLA is relevant to at least damages (as a license to Samsung covering the asserted patents), and may be relevant to Samsung's license defense (e.g., prior to Netlist's attempted termination of the JDLA). Given the overlapping witnesses and issues, Netlist cannot credibly dispute relevance.

### B. Netlist Cannot Condition Its Production of Relevant Discovery on Samsung's Forgoing Other Discovery

The Discovery Order requires Netlist to automatically produce documents relevant to the parties' pleaded claims or defenses and states that there are "[n]o [e]xcuses" for withholding discovery. Dkt. 56, ¶¶ 3(b), 10. Thus, the parties' ongoing disputes over additional material from the SK hynix litigation and Samsung's subpoena to SK hynix are no basis for Netlist to withhold indisputably relevant material from the SK hynix litigations.

Netlist's refusal to produce deposition and trial transcripts from the SK hynix litigations unless "Samsung agrees to not seek or move to compel production of the remaining materials" from those litigations and "withdraw its subpoena on SK hynix," Ex. A, ¶¶ 5-6, is thus a direct violation of its discovery obligations. The fact that the Court in the Micron case denied-in-part Micron's request for the confidential material from the SK hynix litigation, *see Netlist v. Micron*, Case No. 2:22-cv-203-JRG-RSP, Dkt. 158 (E.D. Tex. Aug. 29, 2023), is no reason to preclude Samsung from later seeking some or all of that material in this case. Indeed, Samsung sent Netlist a letter on August 7, 2023, requesting specific confidential filings from prior litigations, identifying specific docket entries (in addition to the transcripts and other testimony sought in the instant motion), and Netlist has yet to respond. Ex. A, ¶ 8. If the parties are unable to reach a compromise on these confidential filings, Samsung reserves the right to move to compel that additional material as well. However, Samsung should not be forced to wholesale forgo additional confidential filings and other material from the SK hynix litigations in order to obtain relevant transcripts now, ahead of upcoming depositions in this case. Indeed, such an approach would be nonsensical because the transcripts Netlist is presently withholding may shed light on the relevance of specific material from the SK hynix litigations, permitting Samsung to narrow its request for that additional confidential material and filings.

4

## IV. CONCLUSION

Samsung respectfully requests that the Court compel Netlist to produce all deposition transcripts, trial transcripts, declarations, and witness statements of Netlist's fact witnesses, together with any exhibits thereto, from its litigations against SK hynix.

Date: September 21, 2023

Respectfully submitted,

*/s/ Daniel A. Tishman*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Brian Livedalen
DC Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
Christopher Dryer
D.C. Bar No. 1022460
dryer@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Katherine H. Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Kathryn Quisenberry
TX Bar No. 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: 214-747-5070
Facsimile: 214-747-2091

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP

6

███████████████████████████████████

415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing document was filed electronically in compliance with Local Rule CV-5 on September 21, 2023. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Daniel A. Tishman*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on August 28, 2023. Sam Baxter, Jason Sheasby, Tom Werner, and Yanan Zhao attended for Plaintiff. Melissa Smith, Ruffin Cordell, Daniel Tishman, and Kate Quisenberry attended for Defendants. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Further efforts to reach a compromise were unsuccessful.

*/s/ Daniel A. Tishman*