UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>       Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>       Defendants. | Civil Case No. 2:22cv00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>       Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>       Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S RESPONSE TO NETLIST'S
MOTION FOR A PROTECTIVE ORDER PREVENTING
SAMSUNG FROM SEEKING THIRD PARTY DISCOVERY FROM
SK HYNIX REGARDING NETLIST'S CONFIDENTIAL INFORMATION (Dkt. 142)**

# **TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. FACTUAL BACKGROUND............................................................................................ 2

III. ARGUMENT..................................................................................................................... 4

    A. Netlist's Motion for a Protective Order Is Procedurally Flawed ............................ 4

    B. The Requested Documents Are Discoverable and Relevant—Netlist Put the Negotiation Materials at Issue in *Netlist/Samsung EDTX1* .................................... 5

    C. The Fact that Netlist Possesses Negotiation Materials Does Not Bar Samsung from Seeking Discovery in SK hynix's Possession—Nor Does Confidentiality ... 6

IV. CONCLUSION.................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple, Inc. v. Wi-LAN, Inc.*,
    25 F.4th 960, 973 (Fed. Cir. 2022) ..................................................................................2

*Brown v. Braddick*, 595 F.2d 961 (5th Cir. 1979) .........................................................................4

*Charles E. Hill & Assocs., Inc. v. ABT Elecs., Inc.*,
    854 F. Supp. 2d 427 (E.D. Tex. 2012)..............................................................................4

*Checkpoint Sys., Inc. v. United States Int'l Trade Comm'n*,
    54 F.3d 756 (Fed. Cir. 1995) .............................................................................................1

*Clear with Computs., LLC v. Bergdorf Goodman, Inc.*,
    753 F. Supp. 2d 662 (E.D. Tex. Nov. 29, 2010) ................................................................4

*Dainippon Screen Mfg. Co. v. DNS Elecs., LLC*,
    142 F.3d 1266 (Fed. Cir. 1998) .........................................................................................1

*Dean v. Tyson Foods*,
    No. 9:21-CV-005, 2022 WL 20112617 (E.D. Tex. Sept. 26, 2022) ..................................4

*EEOC v. Charles W. Smith & Sons Funeral Home, Inc.*,
    No. 4:21-CV-00731, 2022 WL 3566927 (E.D. Tex. Aug. 18, 2022).................................4

*Netlist v. Micron*,
    No. 2:22-CV-203-JRG-RSP, Dkt. 158 (E.D. Tex. Aug. 29, 2023) ...................................1

*Providence Title Co. v. Truly Title, Inc.*,
    No. 4:21-CV-147-SDJ, 2022 WL 17981911 (E.D. Tex. Sept. 29, 2022) ..........................7

*Scrum All. Inc. v. Scrum, Inc.*,
    No. 4:20-CV-00227, 2020 WL 6559625 (E.D. Tex. Nov. 9, 2020) ..............................4, 7

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) ...................................................................................................................4

Fed. R. Civ. P. 45............................................................................................................................4

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| A | SK hynix's Response and Objections to Samsung's Subpoena |

I. **INTRODUCTION**

Netlist's procedurally-flawed motion (which is effectively an untimely motion to quash filed in the wrong court) merits the "chutzpah award."[1] It seeks to prevent non-party SK hynix from producing relevant negotiation materials that SK hynix already collected and agreed to produce. But, as set forth in Samsung's motion to compel SK hynix negotiation materials (Dkt. 139), the information Samsung seeks is exactly what Netlist argued was missing when it moved (successfully) to strike portions of Samsung's apportionment analysis on the eve of trial in Case No. 2:21-cv-463-JRG ("*Netlist/Samsung EDTX1*"). There, Netlist argued that Samsung's expert should have considered the value SK hynix ascribed to each of the patents in Netlist's portfolio. Yet, here, Netlist seeks to prevent SK hynix from producing documents that bear directly on this issue. Netlist cannot have it both ways—arguing that the negotiation materials are required for apportionment while interfering with SK hynix's production of such negotiation materials.

Netlist relies on Judge Payne's decision denying-in-part Micron's motion to compel in *Netlist v. Micron*, No. 2:22-cv-203-JRG-RSP (E. D. Tex.); however, Micron's motion did not highlight Netlist's contradiction. Netlist directly put the SK hynix negotiation materials in this case at issue by successfully moving to strike Mr. Meyer's apportionment analysis in *Netlist/Samsung EDTX1*. Netlist's actions are further perplexing in light of the fact that, to guard against Netlist's anticipated critique, Samsung first requested that Netlist produce the negotiation materials Netlist argued were missing from Mr. Meyer's apportionment analysis. However, Netlist remarkably ***refused to produce them***, leading to Samsung's motion to compel against Netlist (Dkt. 139). Samsung also sought negotiation materials from SK hynix through a

---

[1] *See Dainippon Screen Mfg. Co. v. DNS Elecs., LLC*, 142 F.3d 1266, 1270 (Fed. Cir. 1998); *Checkpoint Sys., Inc. v. United States Int'l Trade Comm'n*, 54 F.3d 756, 763 n.7 (Fed. Cir. 1995) (noting that "chutzpah" describes "the behavior of a person who kills his parents and pleads for the court's mercy on the ground of being an orphan").

1

subpoena, and SK hynix agreed to comply. However, Netlist blocked SK hynix from producing the materials that it collected based on a non-disclosure clause, and filed the present motion, arguing that the requested materials should have been sought from Netlist, instead. These contradictions cannot stand—the Court should deny Netlist's motion.

## II.   FACTUAL BACKGROUND

Netlist and SK hynix entered into a portfolio license agreement in April 2021, which covers the asserted patents. Dkt. 139-1, ¶¶ 1-2. In December 2021, Netlist sued Samsung for patent infringement in *Netlist/Samsung EDTX1*. In that case, Netlist successfully convinced this Court to preclude Samsung's expert from offering an apportionment analysis related to the SK hynix agreement because he allegedly failed to analyze the value the parties to the agreement assigned to Netlist's patents. Specifically, Mr. Paul Meyer, opined that the SK hynix agreement was comparable, but should be apportioned. Netlist moved to strike, arguing:

> [T]he value that you need to consider in the license agreement is ***what value did SK hynix put on each of those particular patents***. . . . [T]hey make no pretense about assessing which patents in the portfolio was valuable to SK hynix, why did SK hynix make the payment they did. So, for example, there were a number of patents asserted against SK hynix none of those [were] the patents in this case[,] ***the patents in this case were never presented to SK hynix as then potentially infringing***. And what Mr. Meyer does is he . . . uses the agreement as a bucket and then arbitrarily assigns value within the bucket. And that, I don't think, is consistent with *Apple versus WiLan* . . . .

Case No. 2:21-cv-463-JRG, Dkt. 426 at 230:21-231:10 (emphases added). The Court excluded Mr. Meyer's opinions apportioning the agreement to the asserted patents. *Id*. at 247:20-248:5.

In light of Netlist's arguments (with which Samsung respectfully disagrees)[2] that a damages expert must consider the value that a licensee placed on patents in a portfolio agreement, Samsung asked Netlist to produce documents regarding Netlist's license negotiations

---

[2] Neither *Apple v. Wi-LAN* (on which Netlist relied in *Netlist/Samsung EDTX1*), nor any binding precedent requires consideration of the parties' negotiations or any parol evidence in apportioning a portfolio agreement. *Wi-LAN*, 25 F.4th 960, 973 (Fed. Cir. 2022); Dkt. 139 n.1.

2

with SK hynix, which would shed light on what value SK hynix ascribed to individual patents in the portfolio.  Dkt. 139-1, ¶ 4.  Netlist refused to produce these documents, claiming they are irrelevant, forcing Samsung to move to compel.  *Id.*, ¶ 5; *see also* Dkt. 139.

Samsung also served SK hynix with a subpoena on July 21, 2023, requesting information in SK hynix's possession, custody, or control relating to the value it placed on patents in Netlist's portfolio.  Dkt. 139-1, ¶ 6.  When SK hynix notified Netlist of its intent to produce responsive negotiation materials that it possessed, Netlist objected and indicated it planned to file a motion for a protective order and to file a motion to quash the subpoena.  *Id.*  As a result, SK hynix has not produced the requested information, citing Netlist's objection.  *Id.*  Specifically, on August 21, 2023, SK hynix informed Netlist "SK hynix, Inc. will produce the documents relating to the settlement negotiations under the 'Confidential-AEO Only' tomorrow."  Mtn. at Ex. 2.  However, in light of Netlist's objection, SK hynix responded to Samsung's subpoena, on August 29, 2023, stating the following as to Samsung's request for negotiation materials (No. 1):

> On information and belief, Netlist has filed a motion to quash this request for production and therefore SK Hynix seeks the Court's guidance in the form of an Order resolving the discovery dispute between Netlist and Samsung.  Subject to and without waiving the foregoing general and specific objections, SK Hynix will supplement this response after an opportunity to review such Order to determine if it is able to produce, subject to an appropriate Protective Order, responsive, non-privileged documents relating to negotiations, discussions, or other communications concerning any settlement agreements with Netlist, in its possession, custody, or control.

Ex. A at 2-3.  As to the remaining requests for production, including those related to the asserted patents (No. 2), marking (Nos. 3-4), and litigation materials (No. 5), SK hynix stated "it does not have any responsive, non-privileged documents in its possession, custody, or control." *Id.* at 3-6.

On September 1, 2023, Samsung proposed a compromise: it would not seek discovery into Netlist's negotiations with SK hynix if Netlist would not argue that such information is required for a reliable apportionment of a portfolio license.  Dkt. 139-1, ¶ 7.  Netlist did not

3

respond to this proposal and instead filed the instant motion (rather than a motion to quash).

## III. ARGUMENT

The Court should deny Netlist's motion for a "protective order," which seeks to prevent the production of relevant documents that SK hynix already collected and agreed to produce.

### A. Netlist's Motion for a Protective Order Is Procedurally Flawed

As a threshold matter, Netlist's motion is procedurally flawed. In seeking a protective order, Netlist cites Rule 26(c), but substantively its motion is a belated motion to quash, filed on September 6, 2023—over a month after Samsung served the SK hynix subpoena on July 21, 2023—and in the wrong jurisdiction. *See* Fed. R. Civ. P. 45(d)(2)(B) (14-day deadline for objections); Fed. R. Civ. P. 45(d)(3) ("court for the district where compliance is required," which was the Western District of Washington, as the subpoena required compliance in Seattle, WA); *Scrum All. Inc. v. Scrum, Inc.*, No. 4:20-CV-00227, 2020 WL 6559625, at *2 (E.D. Tex. Nov. 9, 2020) (denying motion for protective order as to certain subpoenas as untimely) (cited in Mtn. at 4). Moreover, as Netlist's cited caselaw recognizes, "[f]or a party to have standing to challenge a subpoena issued to a non-party, the party must either have 'possession of the materials subpoenaed' or a 'personal right or privilege with respect to the materials subpoenaed.'" *EEOC v. Charles W. Smith & Sons Funeral Home, Inc.*, No. 4:21-CV-00731, 2022 WL 3566927, at *2 (E.D. Tex. Aug. 18, 2022) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). Neither condition applies here: it is SK hynix who possesses the non-privileged materials.

Further, although parties have standing to seek a protective order generally under Rule 26, Netlist lacks standing to challenge the subpoena to SK hynix based on breadth, burden, proportionality, or relevance. *Contra* Mtn. at 3. "[A] plaintiff cannot challenge a subpoena issued to a non-party on the basis that it is overbroad, irrelevant, or unduly burdensome." *Dean v. Tyson Foods*, No. 9:21-CV-005, 2022 WL 20112617, at *3 (E.D. Tex. Sept. 26, 2022)

4

(internal citation omitted). Even if Netlist could challenge the SK hynix subpoena on such grounds, **SK hynix's willingness to produce the requested negotiation materials** belies Netlist's arguments. Samsung's subpoena seeks discoverable, non-privileged negotiation materials in SK hynix's possession—not Netlist's. Netlist complains of the relevance and burden of collecting all "pleadings, contentions, written discovery, expert reports, deposition transcripts, hearing transcripts, and documents produced by the parties," Mtn. at 6, but ignores that SK hynix stated that "it does not have any responsive, non-privileged documents in its possession, custody, or control" as to these requests. Ex. A at 3-6. The only documents SK hynix agreed to produce relate to negotiations between it and Netlist. *Id.* at 2-3. But for Netlist's objection to SK hynix's production based on a non-disclosure clause, they would have already been produced.

      **B.    The Requested Documents Are Discoverable and Relevant—Netlist Put the Negotiation Materials at Issue in *Netlist/Samsung EDTX1***

As outlined in Samsung's motion to compel (Dkt. 139), documents regarding license negotiations are discoverable under certain circumstances. For example, documents reflecting parties' negotiations are discoverable where "settlement communications are likely to be key in determining whether the settlement agreements accurately reflect the inventions' value or were strongly influenced by a desire to avoid or end full litigation." *Charles E. Hill & Assocs., Inc. v. ABT Elecs., Inc.*, 854 F. Supp. 2d 427, 429-30 (E.D. Tex. 2012) (citing *Clear with Computs., LLC v. Bergdorf Goodman, Inc.*, 753 F. Supp. 2d 662, 664 (E.D. Tex. Nov. 29, 2010)). Samsung acknowledges that this Court has "caution[ed] future litigants that such production will be viewed as the exception and not the rule." *Id.* at 430. However, under the circumstances, this case is one in which the negotiation materials between Netlist and SK hynix should be produced.

Netlist put the relevance of negotiation materials at issue in *Netlist/Samsung EDTX1*. Judge Payne's decision denying-in-part Micron's motion to compel in *Netlist v. Micron*, No. 2:22-CV-

5

203-JRG-RSP, Dkt. 158 (E. D. Tex. Aug. 29, 2023), is not controlling at least because Micron's motion did not highlight Netlist's contradictory positions.  In particular, Netlist's own arguments in *Netlist/Samsung EDTX1* render the negotiation materials here discoverable.  During the pretrial conference in that case, Netlist argued that it was necessary to consider the "value . . . SK hynix put" on the asserted patents, as reproduced *supra* p. 2.  *See* Case No. 2:21-cv-463-JRG, Dkt. 426 at 230:21-231:10.  Although Samsung disagrees with Netlist's argument, *see supra* n.2, Netlist should not be permitted to use negotiations as a shield and a sword, arguing that such information is required for a reliable apportionment analysis while withholding it in discovery.  Netlist provided presentations highlighting the value of certain patents during its licensing negotiations with Samsung and likely provided similar materials to SK hynix.  *See* Dkt. 139 at 4.  Such documents related to the value of Netlist patents are highly relevant to apportionment.

Moreover, regardless of whether Fed. R. Evid. 408 may impact the admissibility of some documents in SK hynix's possession, admissibility is not a bar to SK hynix's production of an entire category of negotiation materials.  Indeed, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

### C. The Fact that Netlist Possesses Negotiation Materials Does Not Bar Samsung from Seeking Discovery in SK hynix's Possession—Nor Does Confidentiality

The fact that Netlist may possess some of the same materials is no reason to essentially quash the SK hynix subpoena.  Netlist and SK hynix may well—and likely do—possess different materials.  Thus, nothing in the Federal Rules, Local Rules, or this Court's orders prohibits Samsung from seeking materials regarding negotiations between Netlist and SK hynix from both Netlist and SK hynix, which will invariably lead to different discovery.[3]  *Contra* Mtn. at 4.

---

[3] Contrary to Netlist's assertion that "Samsung asserts that it issued the subpoena because Netlist failed to produce the sought documents," Mtn. at 4, Samsung served the subpoena to obtain materials in SK hynix's possession, custody, or control.

6

Neither *Providence Title Co. v. Truly Title, Inc.*, No. 4:21-CV-147-SDJ, 2022 WL 17981911, at *4 (E.D. Tex. Sept. 29, 2022), nor *Scrum*, 2020 WL 6559625, at *3, on which Netlist relies, bars a party from seeking materials from a third party just because the adverse party may possess some of the materials. Instead, those cases acknowledge that a party should resolve discovery grievances by filing a motion to compel against the adverse party rather than serving a subpoena on a third party. Here, Samsung did just that, moving to compel Netlist to produce the negotiation materials in its possession, custody, and control. Dkt. 139. However, SK hynix likely possesses non-overlapping materials about its negotiation with SK hynix, and it has already collected such materials in response to Samsung's subpoena. *Providence* also held that the party that serves a subpoena should not seek materials it actually possesses itself ("communications between [the subpoenaed individuals] and Providence itself"). *Id.* at *5. Here, Samsung does not possess the negotiation materials Netlist is withholding. Netlist should not be permitted to interfere with SK hynix's production of materials it has already collected.

Netlist's confidentiality concerns are no basis for interfering with SK hynix's production of materials covered by a non-disclosure agreement. In *Providence*, the court rejected a nearly identical argument, explaining that concerns about confidentiality were obviated because the court had entered a Protective Order, "which allows for the designation of confidential information as 'Attorneys' Eyes Only.'" 2022 WL 17981911, at *4. Here, the Court entered a protective order, acknowledging that "discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information." Dkt. 60. Moreover, SK hynix has indicated that it would produce the requested documents "under the '**Confidential-AEO Only**'" designation. Mtn. at Ex. 2 (emphasis added).

## IV.   CONCLUSION

Samsung respectfully requests that the Court deny Netlist's motion for protective order.

7

Date: September 21, 2023

Respectfully submitted,

*/s/ Daniel A. Tishman*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Brian Livedalen
DC Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine H. Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Kathryn Quisenberry
TX Bar No. 24105639
quisenberry@fr.com

8

████████████████████████████████

FISH & RICHARDSON P.C.
909 Fannin Street Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-7091
Facsimile: (415) 955-6571

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on September 21, 2023. As of this date, all counsel of record has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

                                                    */s/ Daniel A. Tishman*