IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00293-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO, LTD, | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., SAMSUNG SEMICONDUCTOR | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor Inc.'s (together, "Samsung") Motion to Stay (the "Motion"). (Dkt. No. 88.) In the Motion, Samsung asks the Court to stay this case pending final decision in Samsung's petitions for *inter partes* review ("IPR") of the patents in suit. (*Id.* at 7.)

Plaintiff Netlist, Inc. ("Netlist") filed suit against Samsung on August 1, 2022 alleging infringement of U.S. Patent No. 7,619,912 (the "'912 Patent"). (Dkt. No. 1.) Netlist later amended its complaint to add allegations of infringement of U.S. Patent Nos. 11,093,417 (the "'417 Patent") and 9,858,215 (the "'215 Patent). (Dkt. No. 12.) Subsequently, the Court granted leave for Netlist to amend its complaint again to add the U.S. Patent No. 10,268,608 (the "'608 patent"). (Dkt. No. 135.)

At the time Samsung's Motion was filed, Netlist's motion seeking leave to add the '608 Patent was still pending before this Court. At that time, Samsung had filed IPR petitions for the then-three Asserted Patents and had also filed an IPR petition for the '608 Patent. (Dkt. No. 88 at 1–2); *See* IPR2023-00847. The petitions challenge every asserted claim in this case, other than

those that Samsung alleges are covered by Samsung's Motion for Partial Summary Judgment Regarding Its Absolute Intervening Rights Defense (Dkt. No. 81). (Dkt. No. 88 at 2.) The Patent Trial and Appeal Board ("PTAB") instituted IPR on the '912 Patent on October 19, 2022 and is expected to issue a final written decision ("FWD") by April 2024. (*Id.* at 3.) At the time the Motion was filed, the PTAB had not issued an institution decision for any of the '417, '215, and '608 Patents.

Since the filing of this Motion, the PTAB has instituted IPRs for the '417 Patent and '215 Patent, but not the '608 Patent. (Dkt. No. 119.) The PTAB is expected to issue an institution decision on the remaining petition by December 2023. *See* IPR2023-00847.

The Court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

Where a motion to stay is filed before the PTAB institutes any proceeding, courts often withhold a ruling pending action on the petition by the PTAB or deny the motion without prejudice

2

to refiling in the event that the PTAB institutes a proceeding. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (citing *Checkfree Corp. v. Metavante Corp.*, 2014 WL 466023, at *1 (M.D. Fla. Jan. 17, 2014)); *see also NFC Techs.*, 2015 WL 1069111, at *6. Indeed, this Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings. *Trover Group, Inc. v. Dedicated Micros USA*, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) ("This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for *inter partes* review, the courts have uniformly denied motions for a stay.").

Considering these circumstances, the Court concludes that Samsung's Motion is premature in that only three out of the four Asserted Patents has had a decision instituting IPRs. A stay of these proceedings in advance of the PTAB's decision on whether or not to institute *inter partes* review as to all of the Asserted Patents should be denied. Accordingly, the Motion is **DENIED WITHOUT PREJUDICE** to refiling of the same, which shall be permitted within fourteen (14) days following the PTAB's institution decision regarding the last of the patents-in-suit to be acted upon by the PTAB.

**So ORDERED and SIGNED this 17th day of October, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

3