UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>　　　　Defendants. | Civil Case No. 2:22cv00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>　　　　Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION TO COMPEL
A COMPLETE RESPONSE TO SAMSUNG'S DAMAGES INTERROGATORY**

i

██████████████████████████████████

## **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................................. 1

II.    FACTUAL BACKGROUND ............................................................................................... 2

III.   LEGAL STANDARD ........................................................................................................... 3

IV.    ARGUMENT ........................................................................................................................ 3

      A.    The Factual Basis of Netlist's Claimed Damages Is Discoverable ......................... 3

      B.    Samsung Is Seeking Fact, Not Expert, Discovery ................................................... 4

      C.    Netlist's Refusal To Provide Damages Facts Prejudices Samsung ........................ 5

V.     CONCLUSION ..................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
   10 F.4th 1358 (Fed. Cir. 2021) ...............................................................................................5

*Personal Audio, LLC v. Google LLC*,
   No. CV 17-1751, 2018 WL 4502002 (D. Del. Sept. 20, 2018) ................................................5

*SSL Servs., LLC v. Citrix Sys., Inc.*,
   No. 08-cv-158, 2010 WL 547478 (E.D. Tex. Feb. 10, 2010) ...................................................3

*Woods DeAngelo Marine Exhaust Inc.*,
   692 F.3d 1272, 1280 (Fed. Cir. 2012) ......................................................................................3

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................................3, 4

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| A | October 12, 2023 Declaration of Daniel A. Tishman |

I.     **INTRODUCTION**

Netlist should be compelled to provide a complete response to Samsung's interrogatory seeking its damages contention, including at least identifying: (1) how the alleged benefits of the Asserted Patents would allegedly impact the price or profit of the accused products and by how much; (2) how the parties to the hypothetical negotiation would apportion any such impact on price or profit; and (3) any documents supporting Netlist's contention. Netlist's current response to Interrogatory No. 8 indicates that it will advance a damages theory ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." But at the same time, Netlist is withholding key, factual information about its damages claims that would permit Samsung to challenge, question, and rebut these claims with additional evidence during fact discovery.

Netlist's litigation by ambush strategy is precisely the type of conduct that discovery and disclosure obligations are meant to avoid. While Netlist was required to provide this information from the outset of the case in its initial disclosures, it failed to do so. Instead, Netlist's initial disclosures merely stated "Netlist will rely on one or more damages experts and, therefore, will provide its computation of damages at the time for expert disclosures." With this failure from the outset, Samsung even served an interrogatory seeking this information (which was already required to be disclosed), and explained on numerous occasions the type of information that it is seeking. But Netlist continues to refuse to provide complete information on these points. Instead, Netlist provides only vague information about some alleged benefits without explaining their impact on the value of the Accused Products. Furthermore, Netlist cites no documents in support of its contentions related to the alleged benefits of the Asserted Patents. With Netlist's opening expert reports due next month, it is not credible that Netlist has not determined how to quantify the alleged benefits of the Asserted Patents and has not identified any documents

1

supporting its vague claims. Netlist should be compelled to respond completely to Samsung's interrogatory seeking its contention on damages.

## II.      FACTUAL BACKGROUND

Samsung served Interrogatory No. 8 on April 7, 2023, seeking the facts on which Netlist intends to rely to explain the "measure and proper calculation, if any, of a reasonable royalty" in this case, including the appropriate terms and conditions for a license (including potential RAND terms). *See* Ex. A, ¶ 1. In response, Netlist indicated that it would base its damages "■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■" and ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■," ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ *Id.*, ¶ 2. ■■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ *Id.* Yet, Netlist has not produced the expert report from that case, meaning ***Netlist has not produced the only document that it claims provides the methodology it says supports its damages theories***. *Id.*, ¶ 3. Even if Netlist did produce Mr. Kennedy's report in the *Samsung I* case, Netlist has not explained how the analysis in that case—involving different patents and products—is applicable to this case.

The parties have conferred several times about Netlist's deficient responses, yet Netlist's responses remain deficient. On June 22, 2023, Samsung notified Netlist that its response to Interrogatory No. 8 was deficient. Ex. A, ¶ 4. Samsung explained that it is entitled to understand the facts underlying damages in fact discovery, including "any alleged incremental benefit provided by the patents on which [Netlist] may rely, . . . and how it believes such factors would impact a royalty rate." *Id.* Thereafter, Netlist supplemented its contentions on July 18, 2023, but its response failed to provide any additional factual information regarding its damages theories. *Id.*, ¶5. Samsung conferred with Netlist several times in an effort to resolve the issue

2

without the need for judicial intervention. Most recently, on September 22, 2023, the parties met and conferred regarding Netlist's deficient response to Interrogatory No. 8, and Netlist agreed to supplement its response within two weeks. *Id.*, ¶ 8. Netlist supplemented on October 6, 2023, but its response remains deficient—it does not identify: (1) how the alleged benefits of the Asserted Patents would allegedly impact the price or profit of the accused products and by how much; (2) how the parties to the hypothetical negotiation would apportion any such impact on price or profit; and (3) any documents supporting Netlist's contention. *Id.*, ¶ 9.

### III.  LEGAL STANDARD

In general, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26. "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome, or oppressive, and thus should not be permitted." *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 08-cv-158, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010).

Contention interrogatories "serve an important purpose in helping to discover facts supporting the theories of the parties. Answers to contention interrogatories also serve to narrow and sharpen the issues thereby confining discovery and simplifying trial preparation." *Woods DeAngelo Marine Exhaust Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012).

### IV.  ARGUMENT

#### A.  The Factual Basis of Netlist's Claimed Damages Is Discoverable

The facts underlying Netlist's damages contentions are highly relevant, in Netlist's control, and not burdensome to produce. Netlist should be compelled to disclose: (1) how the alleged benefits of the Asserted Patents would allegedly impact the price or profit of the accused

3

products and by how much; (2) how the parties to the hypothetical negotiation would apportion any such impact on price or profit; and (3) any documents supporting Netlist's contention.

Netlist cannot credibly argue that the requested discovery is not relevant, not currently within its control, or not easy to produce. Indeed, Federal Rule 26(a)(1)(A)(iii) required Netlist to identify the documents or evidentiary material on which damages are based, including materials bearing on the nature and extent of damages, at the outset of the case.[1] And although the discovery order allows Netlist to rely on an expert to provide a relevant computation of damages, Netlist's expectation that it will rely on a damages expert does not absolve Netlist of its obligation to identify the requested information and identify relevant documents. Indeed, the discovery order requires Netlist to initially disclose the "legal theories and, in general, the factual bases of the disclosing party's clams or defenses." Dkt. 56 at ¶ 1(c). In any event, Netlist's damages report(s) are due next month. *See* Dkt. 110 at 4. Netlist is surely aware of factual information and documents on which it intends to rely for those reports and has provided no justification for withholding that information. Moreover, Netlist is surely aware of, and can identify documents it contends supports its damages contention.

### B. Samsung Is Seeking Fact, Not Expert, Discovery

Netlist's primary objection to providing the requested discovery appears to be that it prematurely calls for expert opinion. *See* Ex. A at 29 (purporting to "incorporate[] by reference the expert report(s) that it will serve in accordance with the Court's Docket Control Order"). However, Samsung is not seeking opinions on the precise dollar amount of damages, nor is Samsung seeking detailed opinions on expert methodologies. Rather, Samsung is entitled to know the facts on which Netlist intends to rely in order to compute damages, including an

---

[1] Samsung reserves the right to move to strike any late-disclosed damages theory.

4

identification of the facts referenced in this motion: (1) how the alleged benefits of the Asserted Patents would allegedly impact the price or profit of the accused products and by how much; (2) how the parties to the hypothetical negotiation would apportion any such impact on price or profit; and (3) any documents supporting Netlist's contention. *See, e.g., Personal Audio, LLC v. Google LLC*, No. CV 17-1751, 2018 WL 4502002, at *1-2 (D. Del. Sept. 20, 2018) (distinguishing interrogatories seeking "facts and information about damages," which do not seek expert opinion, from those seeking "final calculation of damages"); *see also MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1369-70 (Fed. Cir. 2021) (affirming district court's ruling that plaintiff was required to disclose facts underlying its damages contentions and striking portions of plaintiff's damages expert report).

    **C.    Netlist's Refusal To Provide Damages Facts Prejudices Samsung**

Samsung has been, and will continue to be, prejudiced by Netlist's refusal to provide factual information about damages (e.g., how the alleged benefits of the Asserted Patents would allegedly impact the price or profit of the accused products and by how much). Netlist's vague recitation of benefits such as "█████," "█████ █████," *see* Ex. A, ¶¶ 7-9, do not provide the information necessary for Samsung to develop rebuttal evidence. If allowed to wait until expert reports to reveal the requested information, Netlist will foreclose Samsung from fully developing the factual record surrounding these issues. Samsung will be precluded from challenging the value to the Accused Products of the alleged benefits of the Asserted Patents, or questioning Netlist's fact witnesses about these facts and documents during fact discovery.

Samsung will be significantly prejudiced if it is forced to develop its rebuttal contentions on these issues for the first time after seeing Netlist's opening expert reports, as there are only four weeks between opening and rebuttal reports in the current schedule. *See* Dkt. 110 at 4. In

fact, Netlist has indicated that it will move to amend the schedule to further abridge the time between opening and rebuttal reports. Samsung will be prejudiced in its ability to conduct any surveys, testing, and/or statistical modeling (e.g., regression analysis) to rebut any alleged quantification of any purported benefits Netlist contends are provided by the Asserted Patents. Netlist cannot legitimately withhold this information; the Court should grant Samsung's motion.

## V. CONCLUSION

Samsung respectfully requests that the Court compel Netlist to provide a complete response to Samsung's Interrogatory No. 8, including identifying: (1) how the alleged benefits of the Asserted Patents would allegedly impact the price or profit of the accused products and by how much; (2) how the parties to the hypothetical negotiation would apportion any such impact on price or profit; and (3) any documents supporting Netlist's contention.

Date: October 12, 2023

Respectfully submitted,

*/s/ Daniel A. Tishman*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.

6

██████████████████████████████████

12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Kathryn Quisenberry
TX Bar No. 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 12, 2023. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Daniel A. Tishman*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on August 18, 2023, and September 22, 2023. In the most recent conference, Jason Sheasby, Yanan Zhao, and Sam Baxter attended for Plaintiff. Ruffin Cordell, Daniel Tishman, and Melissa Smith attended for Defendants. The parties discussed their positions on this motion, and agreed that if Netlist's October 6, 2023 supplemental response did not adequately address Samsung's complaints, then the parties are at an impasse. Because Netlist's October 6, 2023 supplemental response did not adequately address Samsung's complaints, the parties are at an impasse, leaving an open issue for the Court to resolve.

*/s/ Daniel A. Tishman*