# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>        Defendants. | Civil Case No. 2:22cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>        Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>        Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

## DECLARATION OF DANIEL A. TISHMAN
## IN SUPPORT OF SAMSUNG'S MOTION TO COMPEL A COMPLETE
## RESPONSE TO SAMSUNG'S DAMAGES INTERROGATORY

I, Daniel A. Tishman, am an attorney at the firm of Fish & Richardson P.C., counsel of record for Samsung. I make this declaration in support of Samsung's Motion to Compel a Complete Response to Samsung's Damages Interrogatory.

The following is true and correct to the best of my knowledge and belief:

1.      Netlist's December 8, 2022 initial disclosures indicate that "Netlist will rely on one or more damages experts and, therefore, will provide its computation of damages at the time for expert disclosures." Thus, Samsung served Interrogatory No. 8 on April 7, 2023, which reads:

> For each of the Patents-in-Suit, describe in complete detail and identify documents that support Your contention as to the measure and proper

1

████████████████████████████████

calculation of any and all damages and harm claimed against Samsung in this litigation to You, including, without limitation, an explanation of the measure and proper calculation, if any, of a reasonable royalty, royalty base, explanation of the measure and proper calculation, if any, of a reasonable royalty, royalty base, calculation of such); Your contention, if any, regarding the appropriate terms and conditions for a license to each of the Asserted Patents, including Your contentions, if any, regarding the appropriate FRAND terms and conditions.

2.      On June 2, 2023, Netlist objected to Interrogatory No. 8 "as calling for expert testimony, legal conclusions, contentions, and/or as otherwise premature or in circumvention of the Court's Docket Control Order."  Netlist stated it "█████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████

3.      Netlist has not produced the "report of David Kennedy in the *Samsung I* case" in this case.

4.   On June 22, 2023, Samsung sent Netlist a letter stating:

Interrogatory No. 8 requests the legal and factual bases for damages Netlist contends it is entitled to recover from Samsung. Netlist has failed to provide any substantive response to this request, and does not identify any factual bases on which it will base its reasonable royalty analysis. As set forth in my letter of May 12, 2023, Samsung is entitled to understand the facts underlying any such analysis, particularly at this stage of the litigation, in accordance with Federal Rule 26(a)(1)(A)(iii). The fact that the discovery order allows Netlist to rely on an expert to provide the relevant ***computation*** of damages, Netlist's expectation that it will rely on a damages expert does not absolve Netlist of its obligation to identify, e.g., what it contends is the proper royalty base, any alleged noninfringing alternatives on which it may rely, any alleged incremental benefit provided by the patents on which it may rely, any licenses on which it may rely, and how it believes such factors would impact a royalty rate. Moreover, the Discovery Order requires that Netlist should have initially

█████████████████████████████████

disclosed "the legal theories and, in general, the factual bases of the disclosing party's clams or defenses." Dkt 56 at ¶ 1(c). Netlist has also failed to provide any factual information regarding the appropriate RAND terms and conditions for a license to the asserted patents. Again, Netlist is in possession of such information and there is no excuse for Netlist's delay in failing to provide this information to date.

Please confirm that Netlist will amend its damages contention by June 30, 2023, or else provide your availability to meet and confer regarding this issue. To the extent Netlist plans to later rely on information and theories not disclosed, e.g., in expert reports, Samsung reserves all rights to seek to exclude the same.

5.      On July 18, 2023, Netlist supplemented its response to Interrogatory No. 8, but failed to provide any additional factual information regarding its damages theories.

6.      Thereafter, the parties conferred several times regarding Netlist's response to Interrogatory No. 8.

7.      On August 31, 2023, Netlist supplemented its response to Interrogatory No. 8 to identify "███████████████████████████████████," but did not provide discussion regarding how these alleged technical benefits impact the value of the Accused Products.  For example, for claim 16 of the '916 Patent, Netlist simply stated:



8.      On September 22, 2023, the parties met and conferred, and Netlist agreed to supplement its response to Interrogatory No. 8 within two weeks.

9.      On October 6, 2023, Netlist supplemented its response to Interrogatory No. 8, but its response remains deficient.  For example, for claim 16 of the '912 Patent, Netlist stated:

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████



10.    Netlist provided similar explanations for each of the Asserted Patents, but did not identify: (1) how the alleged benefits of the Asserted Patents would allegedly impact the price or profit of the accused products and by how much; (2) how the parties to the hypothetical negotiation would apportion any such impact on price or profit; and (3) any documents supporting Netlist's contention

Signed in Washington, DC, under penalty of perjury, this 12th day of October 2023.

*/s/ Daniel A. Tishman*

4