IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S OPPOSITION TO SAMSUNG'S MOTION
TO COMPEL PRODUCTION OF TESTIMONY FROM NETLIST'S PRIOR
LITIGATIONS AGAINST SK HYNIX (DKT. 158)**

# **TABLE OF CONTENTS**

**Page**

I.     FACTUAL BACKGROUND ........................................................................................................ 1

II.    ARGUMENT ................................................................................................................................... 4

          A.     Samsung Has Not Shown the Relevance of Its Requested Documents ............................................................................................................. 4

          B.     Samsung Should Not Be Allowed to Rely on the *Micron I* Discovery Order Against Netlist Because Samsung Itself Refused to Comply ............................. 7

III.   CONCLUSION ............................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bio-Tech. Gen. Corp. v. Genentech, Inc.*,
    80 F.3d 1553 (Fed. Cir. 1996)......................................................................................................5

*Innovative Automation, LLC v. Amazon.com, Inc.*,
    2013 WL 12140171 (E.D. Tex. Nov. 13, 2013)...........................................................................4

*Mobile Telecommunications Techs., LLC v. Blackberry Corp.*,
    2015 WL 12698062 (N.D. Tex. July 15, 2015) ...........................................................................4

**Statutes**

19 U.S.C. § 1337.............................................................................................................................5

Samsung's motion to compel should never have been brought before this Court. Netlist agreed to be bound by this Court's ruling in *Micron I* to produce the requested fact witness statements and transcripts in the SK hynix ITC proceedings if Samsung also agreed to drop the remaining requests for other materials from those former proceedings as Judge Payne ordered. Samsung refused to comply.

The instant Motion instead reveals Samsung's discovery fishing expedition to seek irrelevant documents from former litigation proceedings. Specifically, Samsung sought production of all ████████████████████████████████████████████████████████████████ ████████████████████████████ in former litigations between Netlist and SK hynix involving different patents—both directly from Netlist and through the third party, SK hynix. Ex. 1 (2023-07-14 Tishman Ltr. excerpt) at 4; Dkt. 142-2 (Samsung's subpoena to SK hynix excerpt). Netlist moved for a protective order to stop Samsung from enforcing the third party subpoenas in an attempt to seek Netlist's confidential information. Dkt. 142. While failing to identify the specific relevance of its broad discovery requests, Samsung now asks the Court to compel Netlist to produce "deposition transcripts, trial transcripts, declarations, and witness statements of Netlist's fact witnesses" first; and after that, Samsung intends to seek further materials from the SK hynix litigation. Mtn. at 4. Samsung's attempt to leverage Netlist's witness transcripts for additional requests for irrelevant materials is not justified.

**I.    FACTUAL BACKGROUND**

The parties have briefed extensively on the history of Netlist's litigations against SK hynix and the settlement agreements between Netlist and SK hynix. Briefly, Netlist brought two separate ITC proceedings against SK hynix in August 2016 and October 2017, the final determinations of which were entered on December 4, 2017 and April 21, 2020 respectively. ITC-337-TA-1023; ITC-337-TA-1089. Netlist subsequently brought district litigations against SK hynix and settled them in April 2021. None of the patents at issue here are raised in Netlist's ITC proceedings or district court litigations

against SK hynix.[1]

Netlist produced the executed license agreements with SK hynix in this Action, as well as in other proceedings pending in this District, i.e., *Netlist v. Micron Tech., Inc.*, No. 22-cv-203 ("Micron I"). In *Micron I*, Micron moved to compel Netlist to produce, among other things, "witness statements, expert reports, hearing briefs and transcripts from its prior litigation against SK hynix." Dkt. 135 at 2. This Court held a hearing on August 22, where Netlist's counsel explained that it agreed to produce

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████ *Micron I*, 2023-08-21 Hearing Tr. at 48:18-25. Netlist also agreed to produce the testimony of Netlist's expert witnesses if they would be retained by Netlist in the *Micron I* action before this Court. Netlist asked the Court to deny the remaining part of Micron's motion. *Id.* 48:18-24. Netlist also noted that this proposal was accepted by Samsung in previous actions. *Id.* 48:18-25. The Court agreed with Netlist's proposal at the hearing, and ultimately ordered Netlist to produce the transcripts and statements of *all* Netlist's fact witnesses and the testimony of Netlist's experts who are also an expert in the *Micron I* matter, subject to Micron addressing any protective order issues. *Id.* Dkt. 158 at 3. The Court denied the rest of Micron's requests, including the requests for confidential filings in the SK hynix litigations. *Id.*

Here in this Action, Samsung asked Netlist to produce even broader categories of documents in ████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████ Ex 1 (2023-07-14 Tishman Ltr.). Samsung also asked Netlist to produce both its and SK hynix's confidential filings in the ITC proceedings Ex. 2 (2023-08-07 Ltr).

---

[1] Netlist asserts Patent Nos. 7,619,912; 10,268,608; 11,093,417; and 9,858,215 in this Action.

Samsung never provided any explanation as to the specific relevance of its broad requests for materials from the former litigations beyond simply stating those previous ITC proceedings involve patents related to some of those Netlist asserted in this Action and that there are some overlapping witnesses and the same categories of DRAM products in both Actions. *Id.*; Ex 1 (07-14 Tishman Ltr.). In parallel, Samsung served broad document production subpoenas on SK hynix for Netlist's confidential information. *See* Dkt. 142 (detailed in Netlist's motion for a protective order).

During the parties' meet and confer on August 28, Netlist and Samsung discussed Netlist's motion for a protective order to address Samsung's subpoenas on SK Hynix, Samsung's discovery requests relating to the negotiation history of the SK hynix license agreements, and Samsung's requests for production of all materials from the SK hynix ITC proceedings. Among others, Netlist explained to Samsung that this Court has denied Micron's motion to compel broad categories of documents from the SK hynix litigation except for deposition transcripts of Netlist's fact witnesses and experts who would also serve as an expert in the *Micron I* matter. Netlist asked Samsung to withdraw its broad discovery requests and subpoenas, but Samsung refused. Netlist also explained to Samsung that it would agree to offer to produce the same materials as the Court ordered in *Micron I* as a compromise.

To be clear, Netlist never conceded the relevance of SK hynix litigation materials to this Action. Samsung's blanket statement that "When the parties met and conferred about Samsung's request for deposition transcripts from the SK hynix litigation, Netlist agreed to produce them consistent with the Court's order in the Micron case" is not only inaccurate but also fails to recount the entire context of the meet and confer. Netlist's position is clearly stated in the August 28 email:

> [W]e offer to produce the same materials as a compromise if Samsung agrees to not seek or move to compel production of the remaining materials (e.g. filings, document productions, transcripts, contentions, written discovery) from litigations/IPRs between Netlist and SK hynix either from Netlist or a third party consistent with the Court's ruling.

Ex. 3 (2023-08-29 Zhao Email). Samsung refused to accept Netlist's proposal. Instead, it relied on

Netlist's proposed compromise as a basis to seek a broader scope of improper discovery inconsistent with Judge Payne's previous discovery order.

## II.     ARGUMENT

The party moving to compel discovery "bears the burden of clearly showing that the materials and information sought are relevant to the action and will lead to the discovery of admissible evidence." *Innovative Automation, LLC v. Amazon.com, Inc.*, 2013 WL 12140171 at *3 (E.D. Tex. Nov. 13, 2013) (citation omitted). Samsung cannot carry its burden.

### A.     Samsung Has Not Shown the Relevance of Its Requested Documents

There is no dispute that the ITC proceedings where Netlist's fact witnesses offered testimony did not involve the patents-in-suit. Nor did the ITC enter any decision on damages related issues.

Samsung argues that the testimony of Netlist's fact witnesses is relevant because the "Sk Hynix litigation involved **a patent** that is related" to some of the patents in this case, and that the same categories of products are accused here. Mot. at 2. However, Samsung does not explain how "Netlist's witnesses' testimony" on **Hynix's** "products" is relevant to this action. Instead, Samsung at most claims this testimony "**may** prove relevant" broadly to "infringement, validity, or enforceability." Mot. at 2. This argument does not hold water. Samsung could not explain why testimony relating to SK hynix's accused products would shed light on Samsung's validity or enforceability arguments. Samsung did not concede that its DRAM products accused of infringement here are substantially similar to those of SK hynix. Nor has Samsung shown any specific asserted claim or element of the ITC patents overlaps with the asserted claims presented in this Action. "[T]he mere fact that prior litigations concern the same accused products and systems is not necessarily a particularized showing of relevancy — rather, relevancy of past litigation documents is better determined by comparing the patents asserted in prior litigations with the patents-in-suit." *Mobile Telecommunications Techs., LLC v. Blackberry Corp.*, 2015 WL 12698062, at *3 (N.D. Tex. July 15, 2015) (collecting cases).

Samsung next argues that Netlist's witnesses' testimony at the ITC proceedings could potentially address "the value of different patents in Netlist's portfolio," which would be "relevant to apportionment of the SK hynix portfolio agreement" that Netlist entered with SK hynix in April 2021. Samsung's argument must fail. Mot. at 3.

*First*, damages is not an issue in ITC proceedings. 19 U.S.C. § 1337 (listing ITC's authorities); *Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1564 (Fed. Cir. 1996) ("Importantly[,] the ITC does not have the power to award damages for patent infringement."). *Second*, the SK Hynix license agreement 

Thus, Samsung's speculation of Netlist witnesses' testimony at the ITC Proceedings regarding the value of "different patents in Netlist's portfolio" and that such "testimony would provide additional clarity on this damages issue" regarding the SK hynix license are simply unfounded.

Finally, Samsung argues that the requested documents from the years-old litigation with Hynix are relevant because the Netlist-Samsung Joint Development and License Agreement ("JDLA") was mentioned in the ITC proceedings. Samsung asserts that Netlist's witnesses could have provided testimony in the ITC proceedings regarding "the value associated with different provisions in the [JDLA]." Mtn. at 3. This argument also lacks merits.

Netlist and Samsung entered the then-effective Joint Development and License Agreement

("JDLA") on November 12, 2015, before Netlist brought any lawsuits or ITC proceedings against SK hynix. Netlist sent a letter to Samsung claiming the breach of the JDLA on May 27, 2020, and another letter terminating the JDLA on July 15, 2020, and brought a separate lawsuit against Samsung in the Central District of California specifically focusing on the JDLA and Samsung's breach of that agreement. *Netlist, Inc. v. SEC*, No. 20-cv-993-MCS (C.D. Cal.) ("Contract Action"). As such, the parties' disputes regarding the status and effect of the JDLA arose after Netlist's litigations against SK hynix closed, and long after the fact witnesses' depositions occurred in these proceedings. The effect of the JDLA was never a disputed issue in the SK hynix proceedings.

Netlist and Samsung litigated the issues pertaining to the JDLA separately in the Contract Action, which went through a jury trial and is currently pending appeal. Samsung did not rely on any evidence from the SK hynix proceedings to prove its case relating to the "effect" and "status" of the JDLA. Nor did Samsung seek or move to compel the production of fact witness deposition transcripts in the SK hynix proceedings in the Contract Action. These facts undermine the relevance argument Samsung now attempts to make. Samsung's conclusory assertion that Netlist's witness's reference to the JDLA in prior actions is relevant to damages or license defense issues must fail. Samsung has not explained what specific information is needed for damages or its license defense beyond the parties' JDLA negotiation history and the document production, deposition transcripts, and exhibits of the Contract Action—all of which are in Samsung's possession or have been produced to Samsung.

Tellingly, Netlist brought a separate patent infringement action against Samsung which went to trial earlier this year. *Netlist v. Samsung*, No. 21-cv-463 (E.D. Tex) ("*Samsung I*"). There, Netlist produced the deposition transcripts of Netlist's CFO, CEO, and inventors in the ITC proceedings to Samsung. Samsung chose not to rely on any of these witnesses' testimony in connection with the parties' cross summary-judgment motions on Samsung's license defenses. *See Samsung I*, Dkt. 237 (Samsung's Motion for Partial Summary Judgment on its license defense) at 4-5 (table of exhibits); *id.*

Dkt. 275 (Samsung's opposition to Netlist's motion for summary judgment on license defense) at iii (table of exhibits). At trial, Samsung's corporate representative also testified that Netlist's previous litigation with SK hynix had nothing to do with Netlist's patent infringement disputes with Samsung:

> Q. Well, you had mentioned something about hynix earlier. Did it have anything to do with this IP-related matter?
> A. No.

*Samsung I*, No. 21-cv-463 (E.D. Tex.) Dkt. 492 at 1126:21-23; *see generally id.* at 1124:13-1125:23.

Additionally, Samsung does not simply request any testimony from the Hynix litigation mentioning the JDLA or discussing the JDLA, but rather, **all** testimony and statements from **all** Netlist witnesses in the Hynix litigation. This narrow argument for relevance thus does not support an entire fishing expedition, and suggests such argument should be viewed with skepticism.

### B. Samsung Should Not Be Allowed to Rely on the *Micron I* Discovery Order Against Netlist Because Samsung Itself Refused to Comply

As a compromise and to avoid briefing practice, Netlist is willing to produce the same Hynix documents it agreed to produce in *Samsung I* and *Micron I* on the same terms. *Supra* 3. Samsung instead takes inconsistent positions with respect to the Court's order. It maintains that Netlist should be compelled to produce the same documents as ordered in *Micron I*, but that Samsung itself should not also be held to the same terms, and will instead continue pursuing the documents the Court denied in the previous Order. Samsung's reliance on the events in *Micron I* is thus misplaced, and does not negate the need for Samsung to provide legal authority in support of its position nor its need to show the specific relevance of its requests.

### III. CONCLUSION

Samsung's Motion to Compel, Dkt. 128, should be denied. Alternatively, Netlist respectfully asks the Court to enter an order finding that Samsung should not be allowed to seek discovery of materials from the SK hynix litigations beyond the scope of this instant Motion.

|  |  |
|---|---|
| Dated: October 6, 2023 | Respectfully submitted,<br><br>/s/ *Jason Sheasby*<br>Jason G. Sheasby<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, Ph.D. (*pro hac vice*)<br>hzhong@irell.com<br>Andrew J. Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br><br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>***Attorneys for Plaintiff Netlist, Inc.*** |

## CERTIFICATE OF SERVICE

I hereby certify that, on October 6, 2023, a copy of the foregoing was served to all counsel of

record via this Court's CM/ECF system.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case

*/s/ Yanan Zhao*
Yanan Zhao
