# Exhibit 2



|  |  |
|---|---|
|  | Fish & Richardson P.C. |
|  | 1000 Maine Avenue, S.W. |
|  | Suite 1000 |
|  | Washington, DC 20024 |
|  | 202 783 5070 main |
|  | 202 783 2331 fax |

**VIA ELECTRONIC MAIL**

August 7, 2023

**Daniel A. Tishman**
Principal
tishman@fr.com
+1 202 626 7725 direct

Ms. Yanan Zhao
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Re: *Netlist v. Samsung*, No. 22-cv-293 (E.D. Tex.) – Netlist Document Production Deficiencies

Counsel:

I write regarding deficiencies in Netlist's document production and to follow up on my letter of July 14, 2023, to which we have received no response. To date, Netlist has not produced numerous categories of documents key to issues in this case. Netlist should confirm by close of business on Thursday, August 10, 2023, that it will fully produce the documents identified below before Thursday, August 17, 2023. If not, please provide Netlist's availability to meet and confer this week.

I.   **Deposition Transcripts from Related Litigations**

To date, Netlist has failed to produce deposition and trial transcripts from its prior litigations, including its lawsuit against Samsung in the Central District of California, its litigations against SK hynix in the Western District of Texas and the ITC, and other such materials requested in at least paragraph 32 of my July 14, 2023 letter. The depositions from the C. D. Cal. case against Samsung are relevant to issues related to the Joint Development and Licensing Agreement ("JDLA"), including damages and Samsung's license defense. Moreover, the depositions and trial testimony from Netlist's litigations against SK hynix is highly relevant given the overlap in the cases. For example, the SK hynix litigations also accused DDR4 LRDIMM products and likely involved issues relevant to damages, RAND obligations, and JEDEC standards.

II.  **SK hynix Negotiation Documents**

Second, Netlist has failed to produce documents underlying Netlist's license negotiations with SK hynix. Discovery of the negotiations underlying these settlement negotiations is proper to assist with the hypothetical negotiation damages analysis, even where those licenses result from litigation. *See, e.g., ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010) (allowing discovery of negotiations because licenses arising out of litigation are the "most reliable" for the hypothetical negotiation analysis, and the Court may "consider the panoply of events and facts that occurred thereafter, and that could not have been known to or predicted by the hypothesized negotiators." (internal quotations and citations omitted)). Netlist knows well the relevance of negotiation documents—for example, in EDTX Case No. 2:21-cv-463-JRG,



Ms. Yanan Zhao
August 7, 2023
Page 2

Netlist argued that Mr. Meyer's report should be stricken because he allegedly performed no analysis of "the value that the parties to the license, Netlist and SK Hynix, assigned to Netlist's patents." *Netlist, Inc. v. Samsung Elecs. Co.*, No 2:21-cv-463-JRG, Dkt. 234 (E.D. Tex. Feb. 10, 2023). Netlist cannot withhold documents regarding license negotiations while arguing that such information is necessary for a reliable expert opinion. Please confirm that Netlist will produce the requested negotiation documents by Thursday, August 17.

### III.   Royalty Reports or Documentation of Licensing Revenue

Further, Netlist has failed to produce any documentation from which Samsung can determine the amount Netlist receives or has received from licensing the Asserted Patents, as requested in at least paragraphs 37-39 of my July 14, 2023 letter. This information is relevant to the hypothetical negotiation damages analysis, including any potential income approach analysis conducted by the parties' damages experts. Licensing revenue (or the lack thereof) is also relevant to secondary indicia of nonobviousness. Netlist must immediately produce all documentation evidencing licensing revenue, including royalty reports, license agreements, and revenue statements.

### IV.   Confidential Filings from Prior Litigations

Netlist has also failed to produce documents from its prior litigations involving the same or related patents, including confidential pleadings regarding (non)infringement, confidential briefing and orders regarding claim construction; confidential pre- and post-hearing briefing; confidential appellate briefing; as well as confidential versions of hearing and trial transcripts—as requested in at least paragraphs 23 and 32 of my July 14, 2023 letter. For example, in the table on the following page, Samsung identifies specific confidential materials from cases involving related patents (i.e., patents in the same patent family as the patents-in-suit).

\*   \*   \*

We look forward to your prompt response.

Sincerely,

Daniel A. Tishman