UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>    Defendants. | Civil Case No. 2:22cv00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>    Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>    Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION TO STAY PENDING RESOLUTION
OF THE C.D. CAL. CASE REVERSED AND REMANDED
BY THE NINTH CIRCUIT REGARDING SAMSUNG'S LICENSE**

## <u>TABLE OF CONTENTS</u>

TABLE OF ABBREVIATIONS .................................................................................................... iv

TABLE OF EXHIBITS ............................................................................................................... v

I.       INTRODUCTION .......................................................................................................... 1

II.      FACTUAL BACKGROUND ......................................................................................... 2

         A.       Samsung and Netlist Entered into the JDLA in 2015 ............................................ 2

         B.       The C.D. Cal. Held that Netlist Terminated the JDLA in 2020............................. 3

         C.       After the C.D. Cal. Summary Judgment Order, This Court Held That Samsung
                  Was Licensed Until July 15, 2020 ........................................................................ 3

         D.       The Ninth Circuit Reversed and Remanded the C.D. Cal.'s Erroneous Decision.. 5

III.     LEGAL STANDARD...................................................................................................... 6

IV.      ARGUMENT .................................................................................................................. 7

         A.       A Stay Will Simplify, and Likely Eliminate, the Case ......................................... 7

         B.       Netlist Is Unlikely To Prove That Samsung Breached the JDLA, or That Any
                  Breach Was Material................................................................................................. 9

         C.       Fifth Circuit Law Compels This Court To Stay This Case.................................. 10

         D.       Netlist Would Not Be Unduly Prejudiced by a Stay............................................ 12

         E.       The Stage of the Case Weighs in Favor of a Stay................................................ 13

V.       CONCLUSION............................................................................................................. 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Astec Am., Inc. v. Power-One, Inc.*,
  No. 6:07-CV-464, 2008 WL 11441994 (E.D. Tex. July 15, 2008) ...........................................8

*Customedia Techs. v. Dish Network Corp.*,
  No. 2:16-CV-129,2017 ...........................................................................................................6

*Cywee Grp. Ltd. v. Samsung Elecs. Co.*,
  No. 2:17-CV-140, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019).........................................14

*EchoStar Techs. Corp. v. TiVo, Inc.*,
  No. 5:05-CV-81, 2006 WL 2501494 (E.D. Tex. July 14, 2006) ..............................................6

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
  No. 2:15-CV-00011, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) .......................................6

*Glass Equip. Dev., Inc. v. Besten, Inc.*,
  174 F.3d 1337 (Fed. Cir. 1999)..............................................................................................11

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)..................................................................................................................9

*Lochner Techs., LLC v. Lenovo Inc.*,
  No. 2:10-CV-430-JRG, 2013 WL 12172638 (E.D. Tex. July 24, 2013)...............................6, 8

*Michael v. Ghee*,
  325 F. Supp. 2d 829 (N.D. Ohio 2004)......................................................................................9

*NFC Tech. LLC v. HTC Am., Inc.*,
  No. 2:13-CV-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) .......................................13

*Nichia Corp. v. Mary Elle Fashions, Inc.*,
  No. 2:16-CV-615-JRG, 2016 WL 9558954 (E.D. Tex. Dec. 22, 2016) ...................................8

*Nken v. Holder*,
  556 U.S. 418 (2009)..................................................................................................................9

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
  No. 6:13-CV-384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ...........................................14

*Stafford v. Rite Aid Corp.*,
  No. 3:17-CV-01340-AJB-JLB, 2020 WL 4366014 (S.D. Cal. July 30, 2020).........................8

*Trinity Indus., Inc. v. 188 L.L.C.*,
No. 3:02-CV-405-H, 2002 WL 1315743 (E.D. Tex. 2002) ..................................................8

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014) .................................................................................12, 13

*West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*,
751 F.2d 721 (5th Cir. 1985) ........................................................................... *passim*

*Wolf Designs, Inc. v. Donald McEvoy Ltd. Inc.*,
341 F. Supp. 2d 639 (N.D. Tex. 2004) ..........................................................................6

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| C.D. Cal. | U.S. District Court for the Central District of California |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) |
| JDLA | Joint Development and License Agreement |
| Netlist/Samsung EDTX1 | *Netlist Inc. v. Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| Ninth Circuit Appeal | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247 (9th Cir.) |

## TABLE OF EXHIBITS

| Ex. | Description |
|-----|-------------|
| 1 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247, Dkt. 77-1 (9th Cir. Oct. 17, 2023) |
| 2 | Joint Development and License Agreement (JDLA) |
| 3 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247, Dkt. 11 (9th Cir. June 6, 2022) |
| 4 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993, Dkt. 276 (C.D. Cal. Dec. 3, 2021) |

## I.      INTRODUCTION

The time has now come that this case be stayed in light of an order issued by the Ninth Circuit last week that reversed and remanded the order of the Central District of California that erroneously and summarily found that Netlist's license to Samsung had been terminated. *See* Ex. 1 (Ninth Circuit's October 17, 2023 decision). The Court is well aware of this issue relating to the parties' Joint Development and License Agreement. Indeed, Samsung previously sought a stay pending the resolution of the Ninth Circuit Appeal regarding the license issues in both this case and in *Netlist/Samsung EDTX1*, arguing that it would be wholly inefficient and a waste of party and judicial resources to move forward in those actions in light of the pending Ninth Circuit Appeal related to an issue that was an absolute bar to the patent assertion claims. The Court denied Samsung's repeated requests. The situation is now indisputably different. The Ninth Circuit order has issued and its mandate is abundantly clear. And this Court has previously held Samsung's memory products were fully licensed through July 15, 2020, the date that Netlist purportedly terminated the license as found by the now-reversed C.D. Cal ruling. Under the circumstances and at this point in the litigation it would be a clear abuse of discretion for this Court to move forward with this case—it must stay this action under controlling Fifth Circuit law.

Netlist's refusal to allow its breach of contract and license termination claims to proceed in its chosen forum (the C.D. Cal.) before proceeding with its infringement claims here is no surprise given Netlist's erratic, forum shopping conduct throughout the parties' dispute. Having achieved a legally precarious decision in the C.D. Cal. terminating the parties' license agreement, it rushed its Texas litigations against Samsung hoping to obtain a judgment on its infringement claims before the inevitable reversal of the C.D. Cal. decision. The day has come, however, for Netlist to face the consequences of its own actions. The Ninth Circuit has reversed

1

████████████████████████████████████

the C.D. Cal.'s judgment that Netlist properly terminated the parties' JDLA. Thus, Samsung is licensed to Netlist's asserted patents unless Netlist prevails in the remanded C.D. Cal. case—where it has the burden to prove a material breach of the JDLA. This entire case is now moot.

Netlist continues to litigate the validity of Samsung's license in the C.D. Cal. Case, which pre-dates this case by two years. Accordingly, the central question in this case—one that resolves the entire dispute—is already being litigated in front of another court. Thus, the Court, at a minimum, should stay this case pending resolution of the proceedings in the C.D. Cal.

## II.    FACTUAL BACKGROUND

The Court is well familiar with the history of Samsung and Netlist's JDLA, the C.D. Cal. Case regarding Netlist's erroneous termination of the JDLA in 2020, and Samsung's Ninth Circuit Appeal. *See, e.g.*, Dkt. 121 (denying Samsung's motion to stay pending the Ninth Circuit Appeal). The facts changed materially last week—the Ninth Circuit reversed the C.D. Cal.'s erroneous decision erroneous judgment that the JDLA was terminated and remanded the case for further proceedings. Ex. 1 at 5, 8. As a result, ***Samsung's license to the asserted patents is in full force and effect***. A summary of the pertinent facts is provided below.

### A.    Samsung and Netlist Entered into the JDLA in 2015

In 2015, Samsung and Netlist entered into the JDLA, Ex. 2, ████████████████████

████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

2

████████████████████

████████████████████████

█████████████████████████

████████████████████

### B.    The C.D. Cal. Held that Netlist Terminated the JDLA in 2020

Five years after entering into the agreement, Netlist purported to terminate the JDLA on July 15, 2020, and filed an action in C.D. Cal. (1) alleging that Samsung had breached two provisions of the JDLA, and (2) seeking a declaration that the license had been terminated. *See* Dkt. 121 at 2-3.  In 2021, the district court granted summary judgment in favor of Netlist, finding that Samsung violated § 6.2 of the JDLA (relating to supply of certain NAND and DRAM products to Netlist) and § 3 (a tax provision). Ex. 1 at 2-7.  As a result, the court granted Netlist a declaratory judgment that Netlist terminated Samsung's license on July 15, 2020.  The case then proceeded to a jury trial on only the element of damages for the breach of § 6.2 of the JDLA, and a jury found that Netlist did not prove that it suffered any damages as a result of Samsung's purported breach of § 6.2.  Ex. 4.  Separately, the C.D. Cal. Court ruled from the bench that Netlist likewise suffered no recoverable damages as a result of Samsung's purported breach of § 3.  Samsung appealed.  *See Netlist, Inc. v. Samsung Elecs. Co., Inc.*, No. 22-55247 (9th Cir.).

### C.    After the C.D. Cal. Summary Judgment Order, This Court Held That Samsung Was Licensed Until July 15, 2020

After the C.D. Cal. summary judgment order, Samsung filed a declaratory judgment action in Delaware on October 15, 2021, and Netlist filed a patent infringement case (*Netlist/Samsung EDTX1*) on December 20, 2021, followed by this case on August 1, 2022, Dkt. 1.  In each of these patent litigations, Samsung has asserted that it is licensed to Netlist's patent portfolio under the JDLA.

In *Netlist/Samsung EDTX1*, the Court held on summary judgment that Samsung was licensed to all accused products sold before July 15, 2020. *See Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-00463-JRG, Dkt. 196. In Samsung's summary judgment motion, Samsung explained that, although it believes that ***all*** accused products continue to be licensed today, issue preclusion, arising from the C.D. Cal.'s judgment that Netlist had terminated the JDLA on July 15, 2020, prevented Samsung from making that argument before this Court. *Id.* at 21 n.9; *see also id.*, Dkt. 290 at 1 n.1; *id.*, Dkt. 255 at 1, 5; *id.*, Dkt 345 at 1 & n.1. On April 5, 2023, the Court entered partial summary judgment that all accused products sold before July 15, 2020, were licensed under the JDLA, recognizing that the JDLA presented a bar to relief here for covered sales during the JDLA's active term. *Id.*, Dkt. No. 432 at 2. In *Netlist/Samsung EDTX1*, the Court rejected Netlist's argument to the contrary, and held that Samsung's license was in force through July 15, 2020, but found a question of fact regarding whether the accused HBM products (which are not at issue in this case) were "Foundry Products," and therefore unlicensed under the terms of the JDLA. *Id.* at 2; *id.*, March 28, 2023 Tr. at 56:4-24, 58:3-60:1. At the *Netlist/Samsung EDTX1* trial, Samsung presented evidence that the accused HBM products are not "Foundry Products," and Netlist failed to rebut this evidence. *Id.*, Trial Tr. at 814:15-820:22. The Court, therefore, granted Samsung's motion for judgment as a matter of law that the accused HBM products are not "Foundry Products," thus confirming that all of Samsung's accused products were fully licensed through July 15, 2020. *Id.* at 1266:4-1267:1.

Accordingly, the Court found that Samsung had a license to Netlist's patents, but relied on the C.D. Cal.'s judgment that the license terminated on July 15, 2020. As summarized below, that judgment has now been reversed, and remanded for further proceedings. *See, e.g.*, Ex. 1 at 8.

**D.    The Ninth Circuit Reversed and Remanded the C.D. Cal.'s Erroneous Decision**

On October 17, 2023, the Ninth Circuit issued an order holding that the district court erred in granting summary judgment to Netlist on its breach of contract and license termination claims, reversing the determination that Samsung breached the JDLA, and that those breaches were material. Ex. 1 at 1-8. More specifically, the Ninth Circuit held as follows:

1.    "The district court erred in granting Netlist summary judgment on its claim that Samsung violated § 6.2 [the supply provision] of the Joint Development and License Agreement ('JDLA'), because the provision is ambiguous as to whether Samsung's supply obligation is limited to the now-failed joint development project (the 'JDP') or applies more broadly to the parties' overall business relationship." Ex. 1 at 2. The Ninth Circuit remanded this claim to allow the "district court to consider in the first instance whether the extrinsic evidence 'creates a genuine issue of material fact' as to the provision's meaning." *Id.* at 5.

2.    "The district court erred in granting Netlist judgment on its claim that Samsung breached § 3 of the JDLA by erroneously withholding $1.32 million of its $8 million payment to Netlist and paying that sum to the Korean tax authority." *Id.* at 5-6. The Ninth Circuit thus "reverse[d] the district court's entry of judgment in Netlist's favor on the § 3 breach of contract claim and remand[ed] with instructions to enter judgment for Samsung." *Id.* at 6-7.

3.    "The district court erred in granting a declaratory judgment that Netlist properly terminated the JDLA because disputed fact issues precluded summary judgment on the materiality of Samsung's alleged breach of § 6.2." *Id.* at 7. The Ninth Circuit remanded the declaratory judgment claim "for further proceedings." *Id.* at 8.

The remand to C.D. Cal. will address Netlist's continued assertion that Samsung breached § 6.2 of the JDLA and that, as a result, Netlist properly terminated Samsung's license

5

on July 15, 2020.  Absent a final resolution of whether Netlist validly terminated Samsung's license, Samsung remains licensed to the Netlist patents asserted here.

## III.    LEGAL STANDARD

The Court "has the inherent power to control its own docket, including the power to stay proceedings before it."  *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016).  Exercising this authority is especially appropriate where issues presented in one action will be resolved in an earlier-filed action pending in another court.  *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985) (finding it was an abuse of discretion for a Texas district court to issue a preliminary injunction on an issue overlapping with a contract dispute pending in an earlier filed New York action); *Wolf Designs, Inc. v. Donald McEvoy Ltd. Inc.*, 341 F. Supp. 2d 639, 642-46 (N.D. Tex. 2004) (entering stay, noting "a stay pending the outcome of litigation in another court between the same parties, involving the same or controlling issues, is an appropriate means of avoiding unnecessary waste of judicial resources").

In determining how to manage its docket, the district court "must weigh competing interests and maintain an even balance."  *Customedia Techs. v. Dish Network Corp.*, No. 2:16-CV-129,2017 WL 3836123. at *1 (E.D. Tex. Aug. 9, 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)); *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006) ("Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors.").  For example, in deciding whether to stay litigation for a pending appeal in a parallel action, this Court has considered factors such as "whether a stay will simplify issues in question and trial of the case," "whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party," and "whether discovery is complete and whether a trial date has been set."  *Lochner Techs., LLC v. Lenovo Inc.*, No.

2:10-CV-430-JRG, 2013 WL 12172638, at *1 (E.D. Tex. July 24, 2013).

## IV.    ARGUMENT

The Court should stay this case so that the C.D. Cal. can address whether Samsung continues to be licensed to Netlist's asserted patents, thereby mooting this entire case.  Here, a stay will simplify the issues in question because Samsung maintains that it is fully licensed to Netlist's patents unless Netlist prevails in the remanded C.D. Cal. Case, where it has the burden to prove a material breach of the JDLA; a stay will not unduly prejudice Netlist because it has licensed its patents to others (including Samsung) such that money damages are sufficient; and the stage of this case (e.g., no depositions have occurred yet) weighs in favor of a stay.  Indeed, continuing the present case before the first-filed C.D. Cal. Case resolves Netlist's breach of contract claims would be an abuse of discretion.  *West Gulf*, 751 F.2d at 728-29.

### A.    A Stay Will Simplify, and Likely Eliminate, the Case

A stay will simplify the issues in this case, given the extensive overlap.  Allowing this case to move forward while the parallel C.D. Cal. Case is not fully resolved would require this Court to address the same issues as those pending in California.

Specifically, Samsung's license is an overlapping issue—Samsung has pled a license defense in this case.  *See, e.g.*, Dkt. 145 at 24-27 (Seventh Additional Defense: Express License). As such, the C.D. Cal.'s resolution of Netlist's claim that the JDLA has been terminated will either eliminate the entire case, or eliminate an affirmative defense (after the date of alleged termination, and pending any appeals).  Indeed, the Court already held in *Netlist/Samsung EDTX1* that Samsung's memory products are licensed up to alleged termination on July 15, 2020.  *Netlist Inc. v. Elecs. Co.*, No. 2:21-CV-463, Dkt. 432 at 2 (E.D. Tex. Apr. 5, 2023).  Thus, the remaining question as to Samsung's license defense is whether products are licensed after the alleged termination.  The JDLA provides that a party may terminate the agreement ███████

██████████████████

████████████████████

███████████████████████

██████████

█████  The C.D. Cal. Case is a case for "Breach of Contract," and seeks declaratory relief as to whether or not Netlist's alleged termination was effective.  *See, e.g.*, *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993, Dkt. 1 (C.D. Cal. May 28, 2020).  Thus, the issues in the C.D. Cal. Case are exactly the same as those that this Court would have to address in deciding whether Samsung remains licensed, absent a stay.

Needless to say, if the C.D. Cal. agrees with Samsung, then the license would render Netlist's infringement suit moot.  Because the C.D. Cal. Case could resolve this case in its entirety, this Court should stay this action until C.D. Cal. resolves Netlist's allegation that the JDLA was terminated.  In the unlikely event that Netlist prevails, issue preclusion would apply to bar Samsung's license defense for sales after July 15, 2020, again (pending any appeal).  Either way, the most efficient approach is to stay this case.  Indeed, this and other courts have stayed proceedings in similar contexts.  *Lochner*, 2013 WL 12172638, at *1-2 (staying pending an appeal in a parallel action); *Nichia Corp. v. Mary Elle Fashions, Inc.*, No. 2:16-CV-615-JRG, 2016 WL 9558954, at *2 (E.D. Tex. Dec. 22, 2016) (staying pending an appeal involving the same patent); *Astec Am., Inc. v. Power-One, Inc.*, No. 6:07-CV-464, 2008 WL 11441994, at *3 (E.D. Tex. July 15, 2008) (staying pending an appeal involving the same patents); *Trinity Indus., Inc. v. 188 L.L.C.*, No. 3:02-CV-405-H, 2002 WL 1315743, at *3 (E.D. Tex. 2002) (staying pending an appeal dealing with the same contract, noting "[i]t would be inefficient to proceed with this case only to find that the Illinois case was later remanded and that the parties were litigating the same issues in two separate cases"); *see also Stafford v. Rite Aid Corp.*, No. 3:17-

███████████████████████████████████

CV-01340-AJB-JLB, 2020 WL 4366014, at *5 (S.D. Cal. July 30, 2020); *Michael v. Ghee*, 325 F. Supp. 2d 829 (N.D. Ohio 2004).

    **B.**    **Netlist Is Unlikely To Prove That Samsung Breached the JDLA, or That Any Breach Was Material**

Although the Court need not resolve the likelihood that Netlist will prevail on its claims in the C.D. Cal. at this stage,[1] Netlist is unlikely to prevail there, meaning that Samsung's license will continue to remain in effect.  To prevail in the C.D. Cal. Case, Netlist must establish that:

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████, meaning it goes to the root of the agreement.  Netlist is unlikely to prevail on either of these issues, let alone both.

*First*, as explained in Samsung's Ninth Circuit brief, the extrinsic evidence demonstrates that Samsung's supply obligation (Ex. 2, § 6.2) was tied to the NVDIMM-P joint-development

---

[1] In its opposition to Samsung's motion to sever, transfer, and stay, Netlist argued that Samsung was required to show a "strong showing that it is likely to succeed on the merits."  Dkt. 21 at 11 (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).  However, *Nken* is inapposite because it relates to a stay of enforcement of an order pending the appeal of the legality of that order, ***not*** a stay of one case when a decision in another may profoundly affect the case's outcome, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), as is the case for the C.D. Cal. Case.  Holding otherwise would greatly complicate the stay decision and make this Court analyze the same issues before the C.D. Cal., and preview what it thinks the C.D. Cal. (and a jury there) will do.  Far from saving judicial resources, that would duplicate effort and intrude on the first filed court's authority.  *Cf. West Gulf*, 751 F.2d at 730-31 ("[The first filed action's] Judge Sand was in the better position to know what was needed, if anything, to preserve the status quo, as well as the likelihood of the parties to prevail that underlies issuance or not of a preliminary injunction.").  That is not the point of *Landis*, which authorizes this Court to stay this case when a decision in another case may profoundly affect the outcome here, so long as it does not cause undue prejudice.  As explained below, a stay here has the potential to save the Court, jury, and parties substantial work, while causing Netlist no undue prejudice.

████████████████████████████████████████

project ("JDP").  *See* Ex. 3 at 30-35.  For example, the Ninth Circuit explained several ways in

which, "[r]ead as an integrated whole," the contract supports an interpretation that the supply

obligation was tied to the NVDIMM-P project, including: (1) the stated purposes of the contract

(developing NVDIMM-P product and patent cross-licensing); (2) the title and structure of § 6,

which requires "Supply of Components" for both parties, and ties Netlist's obligations to any

NVDIMM-P controller; and (3) the overall agreement, in which "all other substantive provisions

. . . concern either the JDP or cross-licensing."  Ex. 1 at 3-5.  ████████████████████

████████████████████████████████████████████████████████████

████████████████████████

     ***Second***, even if there were a breach, Netlist cannot prove that any such alleged breach

was material—which is required for Netlist to terminate the JDLA.  *See, e.g.*, Ex. 1 at 7-8 (listing

out disputed facts relevant to materiality); Ex. 2, § 13.2.  "Under New York law, for a breach of a

contract to be material, it must 'go to the root of the agreement between the parties.'"  Ex. 1 at 7

(quoting *Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284, 289 (2d Cir. 1997)).  The

Ninth Circuit held that factors impacting whether any alleged breach was material hinge on

disputed facts, including whether § 6.2's supply provision (assuming the district court correctly

construed it) was the "centerpiece" of the agreement.  *Id.* at 7-8.  Netlist will not be able to prove

that the supply provision was the "centerpiece" of the agreement.  Indeed, the C.D. Cal. jury's

finding that Netlist suffered no damages from the alleged breach illustrates that the supply

provision was not material.  *See, e.g.*, Ex. 4 (Jury Verdict); Ex. 3 at 47-48 (arguing that a

harmless breach is not material as a matter of law); *id.* at 47-56.

     **C.**    **Fifth Circuit Law Compels This Court To Stay This Case**

     Not only is a stay advisable in this case, Fifth Circuit law forecloses the business-as-usual

approach to this case that Netlist advances.  In *West Gulf*, the Fifth Circuit held it was an abuse

of discretion for a Texas district court to resolve issues that overlapped with the same contract-related issues presented in an earlier-filed New York case. 751 F.2d at 728-32.

In that case, the first-filed New York action involved petitions to enforce and vacate the decision of panel that interpreted a provision in a union contract. *Id*. at 723, 728. The Texas action involved a declaratory and injunctive relief request regarding issues surrounding that same provision. *Id*. at 728. Despite the overlap, the Texas court issued a preliminary injunction. *Id*. at 731. Under the principals of comity, the Fifth Circuit held that the Texas court "should have stayed, dismissed, or transferred West Gulf's action." *Id*. at 730. In so doing, the Fifth Circuit held that the district court abused its discretion "in permitting the Texas action to proceed and in issuing the injunction." *Id.* n.2. As the Fifth Circuit explained, "[t]he central point" of the comity analysis "is that it was up to [the New York court] to determine whether an injunction was necessary" and "[i]nevitably the district court's injunction intruded on [the New York court's] authority." *Id.* at 730-31.

Here, it is beyond dispute that the C.D. Cal. Case relates to whether Samsung breached the JDLA and whether any such breach was material such that Netlist could properly terminate it and deprive Samsung of its license to the asserted patents in this case. This issue—whether Samsung has continued to hold a license covering the accused products after July 15, 2020—is at the heart of this case, as Samsung's license is a complete defense to Netlist's infringement claims. *See Glass Equip. Dev., Inc. v. Besten, Inc.*, 174 F.3d 1337, 1341-42 (Fed. Cir. 1999). The C.D. Cal. Case undisputedly pre-dates this action because Netlist filed the C.D. Cal. action on May 28, 2020, two years before initiating this case. *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993, Dkt. 1 (C.D. Cal. May 28, 2020).

Due to the significant overlap between this case and the first-filed C.D. Cal. Case, under

Fifth Circuit law, the C.D. Cal. court must address the core issue of Samsung's license defense. The C.D. Cal. judgment finding Netlist terminated the JDLA has been reversed, leaving Samsung licensed, yet Netlist continues to assert that the Samsung is not licensed because the JDLA was terminated. However, it is up to the C.D. Cal. court to determine whether the JDLA (and Samsung's license) is still in force. *See West Gulf*, 751 F.2d at 730-31. A determination of this Court on the validity of the license after July 15, 2020, here risks trampling on the C.D. Cal. court's authority. Thus, under Fifth Circuit law, this Court must stay the case pending resolution of the C.D. Cal. Case.

**D.      Netlist Would Not Be Unduly Prejudiced by a Stay**

A stay would not unduly prejudice Netlist or present a clear tactical advantage to Samsung. "[W]hether the patentee will be unduly prejudiced by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014).

Here, Netlist decided to split its claims between two different courts, and cannot claim prejudice from the natural and required result of its decision. Netlist chose to litigate its contract claims in C.D. Cal. separate from its patent infringement claims in E.D. Tex. (which it filed two years after filing its complaint in the C.D. Cal.). It is not unduly prejudicial to first allow the resolution of Netlist's contract claims in its chosen forum—which will determine whether Samsung holds a license and therefore has a complete defense to patent infringement—before resolving whether liability attaches in the absence of a license in this Court. Indeed, Netlist waited until the C.D. Cal. found , in 2021, that Netlist's had terminated Samsung's license *before* initiating any patent infringement actions against Samsung in the first place because even Netlist understood that resolution of the JDLA was a predicate to pursuing infringement claims

Money damages are plainly sufficient because Netlist has licensed its patents to others,

including to Samsung.  If Netlist prevails in the C.D. Cal. Case, this case could be re-started (assuming any of its claims survive IPRs) and Netlist could proceed with its claims seeking damages.  Monetary relief will sufficiently compensate Netlist for any purported damages in the (unlikely) event of liability, and a "stay will not diminish the monetary damages to which [Netlist] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages . . . ."  *Virtua/Agility*, 759 F.3d at 1318.  A delay of the vindication of patent rights alone is insufficient to defeat a motion to stay.  *See, e.g.*, *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *2-3 (E.D. Tex. Mar. 11, 2015) (granting stay where "that monetary relief will be sufficient to compensate [the plaintiff] for any injury to its patent rights").

In contrast, Samsung will suffer undue prejudice without a stay by incurring the burden of continuing to defend against infringement allegations to patents to which it ***currently holds a license***.  Without a stay, this case will advance toward trial, and the parties and the Court will continue to invest significant time and resources in preparing the case, including scheduling dozens of depositions in multiple continents.  Moreover, absent a stay, Samsung will have no choice (in order to avoid waiver) but to litigate the same issue that is being litigated in the C.D. Cal.—Samsung's license after July 15, 2020—requiring inefficient and duplicative efforts by the parties, the Court, and the jury, as well as the risk of conflicting rulings.

## E.    The Stage of the Case Weighs in Favor of a Stay

Finally, the stage of the case weighs in favor of a stay (to the extent the Court considers this factor, despite the mandate to stay under *West Gulf*).  Although the parties have exchanged written discovery, no depositions have taken place, and many remain to be scheduled.  In fact, despite Samsung's serving deposition notices over a month ago, Netlist has not provided dates for any of its witnesses.  Further, Netlist has served 24 individual deposition notices on Samsung and has accepted only 3 of the deposition dates offered by Samsung.  Netlist's conduct is not

13

consistent with that of a party who wishes to complete discovery within the limits provided by the Court.

In any event, at this point, "[t]he most burdensome parts of the case . . . all lie in the future." *Cywee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-140, 2019 WL 11023976, at *1 (E.D. Tex. Feb. 14, 2019). Several months of work remain for the parties and the Court, including ***imminent depositions in multiple continents***, expert reports, and pre-trial motions, which favors granting Samsung's request for a stay. *See, e.g., Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-CV-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ("Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." (citations omitted)). Under the circumstances, the best course of action is to stay this case before the parties (and the Court) engage in further burdensome discovery and pre-trial efforts.

## V.    CONCLUSION

Accordingly, the Court should stay this case pending resolution of the remanded the C.D. Cal. Case, which will decide whether Samsung is still licensed to Netlist's patents.

Date: October 23, 2023                    Respectfully submitted,

                                          */s/ Michael J. McKeon*

                                          Ruffin B. Cordell
                                          TX Bar No. 04820550
                                          cordell@fr.com
                                          Michael J. McKeon
                                          D.C. Bar No. 459780
                                          mckeon@fr.com
                                          Lauren A. Degnan
                                          D.C. Bar No. 452421
                                          degnan@fr.com

Brian Livedalen
DC Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
Christopher Dryer
D.C. Bar No. 1022460
dryer@fr.com
Matthew P. Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Katherine H. Reardon
NY Bar No. 5196910
kreardon@fr.com
Jonathan B. Bright
GA Bar No. 256953
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Kathryn Quisenberry
TX Bar No. 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

James Huguenin-Love
MN Bar No. 0398706
huguenin-love@fr.com
FISH & RICHARDSON P.C.
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile:  (612) 288-9696

Karolina Jesien
NY Bar No. 4626180
jesien@fr.com
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

Brian R. Nester
DC Bar No. 460225

■■■■■■■■■■■■■■■■■■

bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 23, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Michael J. McKeon*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred on October 18, 2023, October 20, 2023, and October 23, 2023.  On October 23, 2023, Sam Baxter participated for Plaintiff; Ruffin Cordell participated for Defendants.  The parties discussed their positions on this motion.  At the time of the call, Netlist did not agree to stay the case, and indicated that the motion is opposed.

*/s/ Michael J. McKeon*

████████████████████████

████████████████████████████████

██████████████████

████████████████