## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ████████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-294-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; | ) | |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**NETLIST, INC.'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL A COMPLETE RESPONSE TO SAMSUNG'S DAMAGES INTERROGATORY (DKT. 176)**

## TABLE OF CONTENTS

**Page**

I.     FACTUAL BACKGROUND ................................................................................................1

II.    ARGUMENT ..................................................................................................................2

    A.     Netlist Responded to Samsung's Interrogatory No. 8 in Full Accord with this Court's Discovery Order................................................................................3

    B.     Samsung Seeks Premature Expert Discovery.................................................................4

    C.     Samsung Relies on Non-Controlling Authority Inconsistent with this Court's Practice.........................................................................................................6

    D.     Samsung Fails to Identify Any Meaningful Prejudice .....................................................6

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC,*
    2017 WL 2651618 (E.D. Tex. June 20, 2017)..................................................................5

*Huawei Techs. Co. v. T-Mobile US, Inc.,*
    2017 WL 9988630 (E.D. Tex. Aug. 25, 2017) ...............................................................3

*Ice Castles, LLC v. LaBelle Lake Ice Palace LLC,*
    2021 WL 4138398 (D. Idaho Sept. 10, 2021) ...............................................................4

*Ilife Techs., Inc. v. Nintendo of Am., Inc.,*
    2017 U.S. Dist. LEXIS 87769 (N.D. Tex. May 30, 2017).............................................6

*Kaist IP US LLC v. Samsung Elecs. Co.,*
    2017 WL 9937763 (E.D. Tex. Dec. 15, 2017) ...............................................................3

*MLC Intell. Prop., LLC v. Micron Tech., Inc.,*
    10 F.4th 1358 (Fed. Cir. 2021) .....................................................................................6

*PerdiemCo, LLC v. Industrack LLC,*
    2016 WL 6611488 (E.D. Tex. Nov. 9, 2016)................................................................5

*Pers. Audio, LLC v. Google LLC,*
    2018 WL 4502002 (D. Del. Sept. 20, 2018) .................................................................6

*Realtime Data LLC v. EchoStar Corp.,*
    2018 WL 6257472 (E.D. Tex. Nov. 15, 2018)..............................................................6

*SiteLock, LLC v. GoDaddy.com, LLC,*
    2022 WL 16577869 (N.D. Tex. Oct. 31, 2022)............................................................5

*State Indus., Inc. v. Mor-Flo Indus., Inc.,*
    883 F.2d 1573 (Fed. Cir. 1989).....................................................................................5

*Sullivan v. Schlumberger Ltd.,*
    2021 WL 3206778 (E.D. Tex. July 29, 2021) ..............................................................2

**Statutes**

35 U.S.C. § 284 ..................................................................................................................2

**Rules**

Fed. R. Civ. P. 26 ...........................................................................................................3, 5

Samsung's motion should be denied. Netlist has provided appropriate disclosures and adequately responded to Samsung's interrogatories. Samsung now seeks to compel Netlist's computation of damages, which the Discovery Order properly defers until expert disclosures. Samsung's accusations of litigation by ambush ring hollow. Netlist is not trying to delay disclosure; Samsung is attempting to gain an advantage by forcing Netlist to provide premature expert disclosures.

## I.    FACTUAL BACKGROUND

Samsung's Interrogatory No. 8 seeks very broad information regarding damages computation: "For each of the Patents-in-Suit, describe in complete detail and identify documents that support Your contention as to the **measure and proper calculation** of any and all damages and harm claimed against Samsung in this litigation to You, including [many specific details]." Dkt. 176-1 (Tishman Decl.) ¶ 1 (emphasis added). Netlist has provided more than 7 pages in response, including: ███

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████ Ex. A (Responses to Interrogatory No. 8) at 28, 30–34. ████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████

██ The *Samsung I* matter involved the same Samsung defendants represented by the same counsel—Fish & Richardson PC and Gillam & Smith, LLP. Ex. A at 29. Netlist has also produced the report to Samsung here. Zhao Decl. ¶ 2. ███████████████████████████████████

███████████████████████████ Ex. A at 29.

Furthermore, contrary to Samsung's representations, Netlist's initial disclosures did not defer all explanation of its damages theories until expert disclosures. Rather, Netlist identified categories of damages Netlist intended to seek to the extent it could do so without the benefit of discovery, including



## II.    ARGUMENT

Samsung "bears the burden of showing that the materials and information sought are discoverable." *Sullivan v. Schlumberger Ltd.*, 2021 WL 3206778, at *1 (E.D. Tex. July 29, 2021).

The Discovery Order entered in this Action explicitly provides that the party should:

> provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, ***except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert***.

Dkt. 56 ¶ 3(c) (emphasis added).

A.    **Netlist Responded to Samsung's Interrogatory No. 8 in Full Accord with this Court's Discovery Order**

Netlist has adequately described its damage theories and responded to Interrogatory No. 8, and will provide a full damages computation as part of its Expert Disclosures. Dkt. 56 ¶ 3(c). Netlist already has identified categories of damages it will seek, Ex. A at 28; ████████████████████

███████████████████████████████████████████████████████

████████, *id.* at 29; identified potentially comparable licenses, *id.* at 30; and detailed key technical advantages provided by each asserted patent, along with non-infringing alternatives, *id.* at 30–34.

Netlist has also produced all relevant documents located by a reasonable search to date. Most of the documents relevant to damages are naturally in Samsung's possession because a reasonable royalty is generally a proportion of an infringer's own sales. *See* Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment ("[A] party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person."). To the extent that Netlist does possess documents relevant to the computation of damages and/or responsive to Interrogatory No. 8, it has produced those documents, including: its sales data, financial data, SEC filings, and license agreements. Zhao Decl. ¶ 3. Apart from the *Samsung I* expert report—which it was already in possession of itself—and which Netlist has now formally produced, Samsung has not identified any categories of documents that it contends have been withheld.

Nothing more is required at this stage. It is perfectly appropriate to make damage disclosures in a stepwise fashion as the details of a complex theory materialize over the course of discovery and expert analysis. *See Kaist IP US LLC v. Samsung Elecs. Co.*, 2017 WL 9937763, at *1 (E.D. Tex. Dec. 15, 2017) ("[T]his Court has consistently recognized that answers to contention interrogatories change over time as theories of liability and non-infringement crystallize. Thus, answers to such interrogatories are often best left until the close of discovery."); *Huawei Techs. Co. v. T-Mobile US, Inc.*,

2017 WL 9988630, at *1 (E.D. Tex. Aug. 25, 2017) ("[A] party is not entitled to early disclosure of expert opinions through interrogatory.").

### B.    Samsung Seeks Premature Expert Discovery

The only purported deficiencies that Samsung attributes to Netlist's disclosures are clear calls for premature "computation of damages," which are properly "deferred until the time for Expert Disclosures" as a matter of this Court's Discovery Order. Dkt. 56 ¶ 3(c).

Samsung's demands plainly entail damage computation rather than just underlying facts. It seeks to compel responses on two topics: "(1) how the alleged benefits of the Asserted Patents would allegedly impact the price or profit of the accused products and by how much; (2) how the parties to the hypothetical negotiation would apportion any such impact on price or profit." Dkt 176 (Motion) at 6. To the extent that Netlist can explain "how the alleged benefits of the Asserted Patents would allegedly impact the price or profit of the accused products" without a detailed computation by an expert, it has already done so. In particular, its response to Interrogatory No. 8 describes specific products and market segments that Samsung could not supply without the patented technology. Ex. A at 32–34. Samsung's request for a more specific identification of "by how much" the "asserted Patents would allegedly impact the price or profit of the accused products" would require Netlist to provide a computation of damages. Similarly, apportionment is one step in the computation of patent damages that requires expert analysis. Thus, Samsung's claim that it is only seeking facts—rather than a premature computation—is simply not true.

Moreover, it is "particularly appropriate" for a plaintiff "not [to be] able to produce final, complete, detailed information about the categories of its damages until expert discovery," particularly "where the measure of damages is not a straightforward mathematical equation." *Ice Castles, LLC v. LaBelle Lake Ice Palace LLC*, 2021 WL 4138398, at *3 (D. Idaho Sept. 10, 2021). What Samsung demands here—apportionment and valuation of technical benefits of the patents—plainly cannot be

reduced to a neat equation, may require regression analysis and other expert tools to quantify the appropriate measure of damages, and retains an irreducible aspect of expert judgment. Following the Federal Circuit's lead, this Court has repeatedly recognized that "estimating a reasonable royalty and apportionment is never an exact science. At some level an expert must be allowed to rely on and use his or her judgment, provided the opinion is supported by facts and data." *PerdiemCo, LLC v. Industrack LLC*, 2016 WL 6611488, at *3 (E.D. Tex. Nov. 9, 2016); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 2017 WL 2651618, at *16 (E.D. Tex. June 20, 2017) (same); *see also State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1576 (Fed. Cir. 1989) ("Deciding how much to award as [patent] damages is not an exact science."). Netlist should not be compelled to produce answers to such questions prior to timely Expert Disclosures.

And though Samsung's demand for documents remains unclear, to the extent it does explain what documents it seeks, this demand is similarly premature. For example, Samsung insinuates that Netlist must be withholding documents because "Netlist's damages report(s) are due next month" and "Netlist is surely aware of factual information and documents on which it intends to rely for those reports." Dkt. 176 at 4. But demanding identification of all documents that the experts will ultimately rely on is premature, and demanding the contents of expert drafts is improper. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii) (part of expert disclosure is "the facts or data considered by the witness in forming" the expert's opinions); Fed. R. Civ. P. 26(a)(2)(D) (setting a single deadline for expert disclosures including, *inter alia*, the report and underlying facts or data); *see also* Fed. R. Civ. P. 26(b)(4)(B) (work-product protection covers "drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded"); *SiteLock, LLC v. GoDaddy.com, LLC*, 2022 WL 16577869, at *2 (N.D. Tex. Oct. 31, 2022) ("Rule 26(b)(4)(B)'s . . . provides blanket protection of drafts"), *aff'd sub nom. SiteLock, L.L.C. v. GoDaddy.com, L.L.C.*, 2023 WL 4015117 (5th Cir. June 13, 2023).

### C.     Samsung Relies on Non-Controlling Authority Inconsistent with this Court's Practice

Samsung relies solely on two cases that conflict with this District's practice and orders. In one, the Federal Circuit held that a ***different*** district court was "within its discretion" to require disclosures "early in the litigation," including "computations of damages," according to its own local rules. *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1372 (Fed. Cir. 2021); *see also id.* at 1371 n.2 (citing one of the Northern District of California cases on which N.D. Cal. Pat. R. 3-8 is based). But the reasoning of *MLC* undermines Samsung's arguments in this Court, which has exercised its own discretion to create a different regime and "has yet to impose" any requirement approaching the "detailed level of damages disclosures required in the Northern District of California." *Realtime Data LLC v. EchoStar Corp.*, 2018 WL 6257472, at *2 n.6 (E.D. Tex. Nov. 15, 2018). Instead, the Sample Discovery Order for Patent Cases Assigned to Judge Rodney Gilstrap and Judge Roy Payne—and consequently the Discovery Order governing this litigation—expressly allow "the disclosure of the computation of damages [to] be deferred until the time for Expert Disclosures." Dkt. 56 ¶ 3(c); *Ilife Techs., Inc. v. Nintendo of Am., Inc.*, 2017 U.S. Dist. LEXIS 87769, at *55 n.64, *58 (N.D. Tex. May 30, 2017) (noting that "deferring disclosure of damages materials" is a "practice[] common in patent cases" and quoting this Court's Sample Discovery Order).

The Delaware *Personal Audio* case likewise relies on case law from the Northern District of California and embodies the same policy of early disclosure that is inconsistent with this District's rules. *Pers. Audio, LLC v. Google LLC*, 2018 WL 4502002, at *2 (D. Del. Sept. 20, 2018) (citing *THX, Ltd. v. Apple, Inc.*, 2016 WL 2899506, at *8 (N.D. Cal. May 13, 2016)). Thus, these out-of-District cases do not override this Court's practice and the Discovery Order in this Action.

### D.     Samsung Fails to Identify Any Meaningful Prejudice

Samsung does not provide any support for its claim that it will suffer prejudice unless Netlist is ordered to provide additional responses prior to expert disclosures. Instead, it makes the conclusory

assertion that Netlist's identification of the patented benefits does "not provide the information necessary for Samsung to develop rebuttal evidence" because it is purportedly "vague." Dkt. 176 at 5. Not so. Netlist's Response expressly connected the benefits of each patent to the particular types of products that Samsung would no longer be able to market without the patented technology. Ex. A at 32–34. Samsung should easily be able to use this information to assemble its own evidence and arguments regarding non-infringing alternatives (to the extent any exist), and it has not identified any reason it is not able to do so.

Dated: October 26, 2023                                    Respectfully submitted,

                                                           /s/ Jason G. Sheasby

                                                           Samuel F. Baxter
                                                           Texas State Bar No. 01938000
                                                           sbaxter@mckoolsmith.com
                                                           Jennifer L. Truelove
                                                           Texas State Bar No. 24012906
                                                           jtruelove@mckoolsmith.com

                                                           **MCKOOL SMITH, P.C.**
                                                           104 East Houston Street Suite 300
                                                           Marshall, TX 75670
                                                           Telephone: (903) 923-9000
                                                           Facsimile: (903) 923-9099

                                                           Jason G. Sheasby (*pro hac vice*)
                                                           jsheasby@irell.com
                                                           Annita Zhong, PhD (*pro hac vice*)
                                                           hzhong@irell.com
                                                           Thomas C. Werner (*pro hac vice*)
                                                           twerner@irell.com
                                                           Yanan Zhao (*pro hac vice*)
                                                           yzhao@irell.com
                                                           Michael W. Tezyan (*pro hac vice*)
                                                           mtezyan@irell.com

                                                           **IRELL & MANELLA LLP**
                                                           1800 Avenue of the Stars, Suite 900
                                                           Los Angeles, CA 90067
                                                           Tel. (310) 277-1010
                                                           Fax (310) 203-7199

Philip Warrick
New York Bar No. 4471413
pwarrick@irell.com

**IRELL & MANELLA LLP**
750 17th Street NW, Suite 850
Washington, DC 20006
Tel. (310) 777-6512

***Attorneys for Plaintiff Netlist, Inc.***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on October 26, 2023, a copy of the foregoing was served to all counsel of record via the Court's ECF system.

<u>*/s/ Yanan Zhao*</u>
Yanan Zhao

<u>**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**</u>

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

<u>*/s/ Yanan Zhao*</u>
Yanan Zhao