UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>         Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>       Defendants. | Civil Case No. 2:22cv00293-JRG (Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>         Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>       Defendants. | Civil Case No. 2:22cv-00294-JRG (Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION FOR A PROTECTIVE ORDER AGAINST DISCOVERY RELATED TO ALLEGATIONS OF BREACH/TERMINATION OF THE PARTIES' JOINT DEVELOPMENT AND LICENSE AGREEMENT, <u>AN ISSUE BEING ADJUDICATED IN THE FIRST-FILED C.D. CAL. COURT</u>**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION .................................................................................................. 1

II.     FACTUAL BACKGROUND ................................................................................. 2

        A.    The JDLA Grants Samsung a License to the Asserted Patents ............................. 2

        B.    The First-Filed C.D. Cal. Case Will Resolve Netlist's Assertion
              that Samsung Is No Longer Licensed ...................................................... 2

        C.    The C.D. Cal. Remand Will Significantly Impact This Case ................................ 3

        D.    Netlist Is Seeking Burdensome Discovery in This Case About Its
              Breach/Termination Allegations .............................................................. 3

III.    LEGAL STANDARD ........................................................................................... 4

        A.    District Courts May Issue Protective Orders To Prevent Improper
              Discovery ............................................................................................ 4

        B.    District Courts Must Exercise Care "To Avoid Interference With
              Each Other's Affairs" and "To Avoid Duplicative Litigation" ............................. 4

IV.     ARGUMENT ........................................................................................................ 5

        A.    The Court Should Preclude Discovery into Allegations of JDLA
              Breach or Termination ........................................................................... 5

        B.    Even If the Court Denies Samsung's Motion To Stay, the Court
              Should Still Preclude Further Discovery into the Alleged JDLA
              Breach or Termination ........................................................................... 7

V.      CONCLUSION ..................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Cadle Co. v. Whataburger of Alice, Inc.*,
   174 F.3d 599 (5th Cir. 1999) ................................................................................5, 7

*Colo. River Water Conservation Dist. v. U.S.*,
   424 U.S. 800 (1976)...............................................................................................5

*Curtis v. Gibbs*,
   511 S.W.2d 263 (Tex. 1974).................................................................................4

*EEOC v. BDO USA, LLP*,
   876 F.3d 690 (5th Cir. 2017) ...............................................................................4

*Netlist, Inc. v. Samsung Elecs. Co.*,
   No. 22-55209, 2023 WL 6820683 (9th Cir. Oct. 17, 2023) ..................................2

*TravelPass Grp. v. Caesars Entm't Corp.*,
   No. 5:18-cv-153-RWS-CMC, 2021 WL 2492858 (E.D. Tex. May 4, 2021) ...........4

*West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*,
   751 F.2d 721 (5th Cir. 1985) ...........................................................................4, 6, 7

*Wyatt v. Shaw Plumbing Co.*,
   760 S.W.2d 245 (Tex. 1988)..................................................................................4

**Other Authorities**

Fed. R. Civ. P.  26...........................................................................................................4

## I.    INTRODUCTION

Netlist is seeking in this case discovery from Samsung regarding issues that are already being addressed in the first-filed litigation in the C.D. Cal., a forum Netlist chose to adjudicate its breach of contract and termination claims related to the JDLA, long before Netlist filed this case. Obviously, those issues cannot be adjudicated in two forums at the same time. It must be decided only in the first-filed, dominant forum, which is the C.D. Cal. The JDLA license is dispositive of the infringement issues in this case, which is why Samsung has moved to stay this case in its entirety in view of the Ninth Circuit's recent decision reversing the C.D. Cal. court's summary decision for Netlist on the breach and termination issues. *See* Dkt. 187. A stay of this case is the only sensible way to proceed in light of the Ninth Circuit's remand to the C.D. Cal. for adjudication of the breach and termination issues; indeed, under controlling Fifth Circuit precedent, we respectfully submit that it would be an abuse of discretion not to stay here.

Despite this, Netlist is still seeking over a dozen depositions that appear relevant to nothing other than the alleged breach and termination of the parties' JDLA. A protective order is necessary to protect Samsung (and the involved individuals) from discovery and litigation regarding the alleged breach and termination in this Court, when those same issues are before the C.D. Cal. (which has dominant jurisdiction as the first-filed court). Moreover, it is incredibly burdensome to force Samsung to offer numerous witnesses for depositions related to the alleged breach and termination issues, especially where, as here, Netlist already had an opportunity to take those depositions in the C.D. Cal.—the court that has been dealing with the breach and termination issues since 2020, and the court that Netlist chose to adjudicate such claims.

We respectfully request that the Court stay this case pending resolution of the C.D. Cal. Case regarding the breach and termination issues (Dkt. 187) and, in any event, preclude Netlist

1

██████████████

from seeking discovery on such issues in this case.

## II.    FACTUAL BACKGROUND

### A.    The JDLA Grants Samsung a License to the Asserted Patents

In 2015, Samsung and Netlist entered into the JDLA.  Dkt. 187-2.  Among other

provisions, the JDLA ███████████████████████████

████████████████████████████████

*Id.*, §§ 1, 8.2.  That indisputably includes all the patents asserted by Netlist here.

The JDLA granted Samsung an express—and ongoing—license to all asserted patents,

and thus an absolute defense against liability in this case.  *See* Dkt. 145 at 24-27.  Netlist

disagrees that Samsung remains licensed, based on a purported termination of the JDLA in July

2020.  Samsung's position is that Netlist's purported termination was unwarranted and

ineffective, and that accordingly, Samsung's license continues to be in effect and precludes any

liability in this case.  The merits of such contentions are in the process of being determined in the

co-pending C.D. Cal. litigation filed years before this case.  *See generally* Dkt. 187 at 2-6.

### B.    The First-Filed C.D. Cal. Case Will Resolve Netlist's Assertion that Samsung Is No Longer Licensed

As previously discussed (*e.g.*, Dkts. 88, 187), more than two years before filing its

Complaint here, Netlist sued Samsung for JDLA-related claims in California.  *See Netlist Inc. v.

Samsung Elecs. Co.*, No. 8:20-CV-00993, Dkt. 1 (C.D. Cal. May 28, 2020).  After the C.D. Cal.

erroneously and summarily determined that Netlist had lawfully terminated Samsung's license

under the JDLA in 2020, the Ninth Circuit Court of Appeals firmly reversed, rejecting Netlist's

central arguments and remanding for further proceedings.  *Netlist, Inc. v. Samsung Elecs. Co.*,

No. 22-55209, 2023 WL 6820683 (9th Cir. Oct. 17, 2023), Dkt 187-1.

Specifically, the Ninth Circuit remanded the case with instructions for the C.D. Cal. court

2

to consider, *inter alia*, whether the extrinsic evidence creates a genuine issue of material fact as to the meaning of the supply provision (§ 6.2 of the JDLA) and, if so, to have the jury resolve that issue, as well as disputed facts pertaining to the materiality of Samsung's alleged breach. *Id.* at 5-8. Notably, for Netlist to prevail on the license issue, it must prove both (a) that Samsung breached the supply provision (§ 6.2) and, if there was a breach, (b) that any breach was "material," such it entitled Netlist to terminate Samsung's license. Absent a final resolution of whether Netlist validly terminated the JDLA, Samsung remains licensed to the asserted patents.

### C.     The C.D. Cal. Remand Will Significantly Impact This Case

Samsung has moved the Court to stay this case pending resolution of the C.D. Cal. Case. Dkt. 187. In particular, Samsung's motion explains that the C.D. Cal. Case is likely to vindicate Samsung's JDLA rights and thus confirm that Samsung's license precludes all liability here.[1] In the unlikely event Netlist prevails there, then issue preclusion would bar Samsung from pursuing a license defense for sales after the alleged termination (pending any appeal). *See* Dkt. 187 at 4.

### D.     Netlist Is Seeking Burdensome Discovery in This Case About Its Breach/Termination Allegations

Notwithstanding the advanced stage of the C.D. Cal. Case—and Samsung's motion for a stay—Netlist seeks aggressive, far-reaching discovery in this case relating to the alleged breach and termination of the JDLA. That discovery includes several ESI requests, deposition topics, deposition notices, and subpoenas directed to the alleged JDLA breach and termination.

Samsung has informed Netlist that it objects to all such discovery given the remanded C.D. Cal. Case. Netlist has declined to withdraw its requests, or even to hold them in abeyance while the Court considers Samsung's motion for a stay (Dkt. 187).

---

[1] In *Netlist/Samsung EDTX1*, the Court held on summary judgment that Samsung was licensed to all accused products in that case sold before July 15, 2020. *See Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-00463-JRG, Dkt. 196; *id.*, Trial Tr. at 1266:4-1267:1.

## III.    LEGAL STANDARD

### A.    District Courts May Issue Protective Orders To Prevent Improper Discovery

District courts have authority to enter protective orders against discovery when appropriate to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense," including by "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1).  Courts will enter such orders for good cause.  *Id.*  "The movant bears the burden of showing that a protective order is necessary, 'which contemplates a demonstration of fact as distinguished from stereotyped and conclusory statements.'"  *EEOC v. BDO USA, LLP*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)).  The movant must demonstrate that the objected-to discovery "does not fall within Rule 26(b)(1)'s scope of discovery, that a discovery request would impose an undue burden or expense, or that a discovery request is otherwise objectionable."  *TravelPass Grp. v. Caesars Entm't Corp.*, No. 5:18-cv-153-RWS-CMC, 2021 WL 2492858, at *9 (E.D. Tex. May 4, 2021).

### B.    District Courts Must Exercise Care "To Avoid Interference With Each Other's Affairs" and "To Avoid Duplicative Litigation"

"Dominant jurisdiction" refers to the "rule in Texas . . . that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts," *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex. 1974), such that when "an inherent interrelation of the subject matter exists in two pending lawsuits, a plea in abatement in the second action must be granted," *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247-48 (Tex. 1988).

In the Fifth Circuit, "comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985)

████████████████████████████████

(abuse of discretion for a Texas district court to issue an injunction on an issue pending in an earlier New York case); *see also Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976).  Thus, district courts in this circuit apply the "first to file rule," whereby "the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).

## IV.    ARGUMENT

### A.    The Court Should Preclude Discovery into Allegations of JDLA Breach or Termination

Netlist is seeking discovery that is unduly burdensome and duplicative, and the Court should not permit such discovery to proceed in this case.  Specifically, the Court should not permit Netlist to seek at least the following discovery in this case:

| Category | Description |
| --- | --- |
| ESI requests | All ESI requests directed to the alleged JDLA breach, including all ESI requests related to Indong Kim and Hojung Kim. |
| Deposition Topics | ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ |
| Deposition Notices | Deposition notices directed to individuals whose knowledge relates to the dispute over the alleged breach or termination of the JDLA, including Jung-Bae Lee, Eung Soon Park, Jin Man Han, Indong Kim, Hojung Kim, Jin Hyeok Choi, Tae Yang Yoon, Hyun Ki Ji (however, Samsung is willing to offer Mr. Ji for deposition outside of topics related to the alleged breach and termination of the JDLA being litigated in the C.D. Cal.).[2] |

---

[2] In addition, Mr. Jung-Bae Lee, Jin Man Han, and Jin Hyeok Choi are apex witnesses.

| Category | Description |
|---|---|
| Subpoenas | Subpoenas seeking testimony regarding former employees whose knowledge relates to the dispute over the alleged breach or termination of the JDLA, including Joo Sun Choi,[3] Neal Knuth, and Steven Metz. |

Netlist and Samsung have been litigating their dispute over the alleged breach and termination of the JDLA for years in the C.D. Cal. (since 2020) and, more recently, the Ninth Circuit. As part of that process, Netlist has had a full and fair opportunity to take discovery from Samsung relating to those allegations. Repetitive discovery into those allegations as part of this case would be unnecessary, redundant, and unfair, particularly when one considers the heavy burden that Netlist's discovery requests place on Samsung, its employees, and the subpoenaed former employees. In view of the obvious inefficiencies and waste associated with these discovery requests and, in view of controlling law directing that the license issue should be litigated in only the first-filed, dominant court, Samsung has no alternative but to seek a protective order against such discovery.

Indeed, Netlist is seeking depositions of over a dozen Samsung employees and former employees, along with ESI requests and deposition topics, about matters that are duplicative of the issues that the C.D. Cal. has been charged with resolving following the Ninth Circuit's remand (all told, Netlist is seeking 28 depositions of Samsung employees or former employees). Moreover, given the principles of comity that prevent this Court from addressing the breach of

---

Samsung objects to their deposition notices on that additional basis, but that objection is beyond the scope of the instant motion. (Samsung notes, however, that the C.D. Cal. previously rejected Netlist's request to depose President Jung-Bae Lee, because he is an apex witness.) For Eung Soon Park, Jin Man Han, Kyu Young Lee, Jin Hyeok Choi, and Tae Yang Yoon, Netlist has provided no explanation of their alleged relevance to this case, despite Samsung's numerous inquiries, leading Samsung to believe that they are relevant solely to the alleged JDLA breach and termination issues that the C.D. Cal. is charged with resolving.

[3] Joo Sun Choi is not employed by any of the named defendants. He is also an apex witness, as the Corporate President and CEO of Samsung Display Co., Ltd. Samsung maintains that the deposition notice to him is ineffective and improper.

contract issues being litigated in the C.D. Cal., *see West Gulf*, 751 F.2d at 729, further discovery efforts here would be improper under this case's protective order, which prevents a party from using discovery in this case for use in another case. Netlist now seeks to obtain discovery in this case for use in the now remanded C.D. Cal. Case, effectively turning this case into a proxy litigation for the C.D. Cal. remand. Discovery in the C.D. Cal. Case closed long ago; Netlist should not be permitted to circumvent that fact and use this case for improper purposes.

### B. Even If the Court Denies Samsung's Motion To Stay, the Court Should Still Preclude Further Discovery into the Alleged JDLA Breach or Termination

Should the Court decide not to stay this case (in error we respectfully submit), the Court should still foreclose further discovery into the JDLA breach and termination allegations. Netlist has already had a full and fair opportunity to take discovery on these allegations in the C.D. Cal. over many years. The burden on Samsung, its employees, and the subpoenaed former employees is a heavy one, and given the prior litigation in the C.D. Cal., such cumulative discovery is unduly burdensome and not proportional to the needs of the case. There is no point, and much waste, in the requested discovery when the C.D. Cal. Case is much further along, and will resolve the parties' disputes regarding the alleged JDLA breach or termination.

The Fifth Circuit's unambiguous statements in *West Gulf* and *Cadle* are directed to precisely such circumstances. Unless the Court restricts Netlist's improper efforts at redundant discovery, this case will be on a path to increase the likelihood of the piecemeal litigation and non-uniform decision-making that *West Gulf* warned against. 751 F.2d at 729. As such, the Court should enter a protective order against further discovery in this vein.

## V.    CONCLUSION

Samsung respectfully moves the Court for an order precluding further discovery into allegations of JDLA breach or termination, including the discovery listed in the table on pp. 5-6.

7

███████████████████████

Date: October 30, 2023

Respectfully submitted,

*/s/ Michael J. McKeon*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Brian Livedalen
DC Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
Christopher Dryer
D.C. Bar No. 1022460
dryer@fr.com
Matthew P. Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Katherine H. Reardon
NY Bar No. 5196910
kreardon@fr.com
Jonathan B. Bright
GA Bar No. 256953
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor

8

████████████████

Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Kathryn Quisenberry
TX Bar No. 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

James Huguenin-Love
MN Bar No. 0398706
huguenin-love@fr.com
FISH & RICHARDSON P.C.
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile:  (612) 288-9696

Karolina Jesien
NY Bar No. 4626180
jesien@fr.com
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

9

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 30, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Michael J. McKeon*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on October 29, 2023.  Jason Sheasby, Yanan Zhao, Phil Warrick, and Jennifer Truelove attended for Netlist.  Ruffin Cordell, Francis Albert, Daniel Tishman, and Melissa Smith attended for Samsung.  The parties discussed their positions on this motion.  The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Netlist indicated that they oppose this motion.

*/s/ Michael J. McKeon*