IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED <br><br> ▆▆▆▆▆▆ |

**PLAINTIFF NETLIST, INC.'S MOTION FOR A PROTECTIVE ORDER PREVENTING SAMSUNG DEFENDANTS FROM SEEKING THIRD-PARTY DISCOVERY FROM NETLIST'S FORMER IN-HOUSE COUNSEL**

**TABLE OF CONTENTS**

**Page**

I. BACKGROUND ............................................................................................................... 1

II. ARGUMENT .................................................................................................................... 2

    A. Netlist Has Standing to Seek a Protective Order ............................................... 2

    B. Samsung's Requested Depositions of Former In-House Counsel Are Inappropriate ........................................................................................................ 3

    C. Samsung Cannot Show Netlist's Privileged, Confidential Information Is Discoverable from a Third Party ........................................................................ 4

    D. Samsung Has Not Shown the Negotiation History and Communications between Netlist and SK Hynix Are Discoverable ............................................. 5

III. CONCLUSION ................................................................................................................. 6

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Affinity Labs of Texas, LLC v. General Motors LLC*,
   No. 1:12-cv-00582, Dkt. 129 (E.D. Tex. Jun. 19, 2014) ...................................................... 3

*Bavely, Tr. of AAA Sports, Inc. v. Panini Am., Inc.*,
   No. 4:22-cv-093, 2023 WL 3686806 (E.D. Tex. Jan. 27, 2023) ........................................... 3

*Charles E. Hill & Assocs. v. ABT Elecs., Inc.*,
   854 F. Supp. 2d 427 (E.D. Tex. Apr. 3, 2012) .................................................................... 6

*EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*,
   No. 6:09-cv-116 Dkt. 321 (E.D. Tex. Jan. 5, 2011) ............................................................. 3

*Equal Emp. Opportunity Comm'n v. Charles W. Smith & Sons Funeral Home, Inc.*,
   No. 4:21-cv-00731, 2022 WL 3566927 (E.D. Tex. Aug. 18, 2022) ...................................... 3

*Maxell Ltd. v. Apple Inc.*,
   No. 5:19-CV-00036, 2019 WL 7905454 (E.D. Tex. Nov. 13, 2019) ..................................... 6

*Memory Modules and Components Thereof*,
   337-TA-1023 ....................................................................................................................... 6

*Netlist v. Micron Tech. Inc.*,
   No. 22-cv-203 Dkt. 156 (Hearing Tr.) ................................................................................. 6

*Netlist v. Samsung*,
   No. 21-cv-463 (E.D. Tex.) .................................................................................................. 4

*Theriot v. Par. of Jefferson*,
   185 F.3d 477 (5th Cir. 1999) .............................................................................................. 3

*Tinnus Enters., LLC v. Telebrands Corp.*,
   No. 6:16-CV-00033, 2018 WL 11351326 (E.D. Tex. Dec. 17, 2018) .................................. 3

**Rules**

Fed. R. Civ. P. 26 ........................................................................................................................ 2, 3

Fed. R. Evid. 408 ............................................................................................................................ 6

Rule 30(b)(6) .............................................................................................................................. 1, 3

Plaintiff Netlist, Inc. respectfully moves for the Court to enter a protective order preventing the Samsung Defendants from enforcing its subpoenas or otherwise seeking Netlist's privileged and highly confidential information from third-party individuals who are Netlist's former in-house counsel. Samsung identified no basis to pursue these depositions other than to harass Netlist. Netlist has already offered to provide a corporate representative to testify as to its licensing practices, which is the topic Samsung contends these attorneys may have relevant knowledge.

A protective order is necessary to stop Samsung's overreaching discovery requests.

I.  **BACKGROUND**

On September 1, 2023, Samsung served notices of subpoenas on Mr. Noel Whitley and Mr. Marc Frechette for both document production and deposition. Both Mr. Whitley and Mr. Frechette are Netlist's former in-house counsel. Mr. Whitley worked at Netlist between 2013 and 2019. Mr. Frechette worked at Netlist between 2019 and 2021. Ex. 5 (Declaration of Chuck Hong) ¶ 2.

Mr. Whitley served written objections and responses to Samsung's subpoena on September 25, 2023. In response to each of Samsung's document production requests, Mr. Whitley stated that "after a reasonable investigation he has not located any non-privileged, responsive documents in his possession." Ex. 1 (2023-09-25 Whitley Written Objections) at 5-7. Samsung never disclosed the written objections or other communications between itself and Mr. Frechette to Netlist. Nor has Samsung produced any document production from Mr. Frechette to Netlist.

Netlist has agreed to designate a witness to testify as to Netlist's licensing practices in response to Samsung's Rule 30(b)(6) notice. Ex. 2 at 3. Netlist also repeatedly asked Samsung to explain the relevance of these witnesses' testimony. In response, Samsung only stated in a conclusory fashion during the parties' meet and confer that these witnesses have knowledge regarding Netlist's licensing practices that would be relevant to Samsung's license defense or damages issue in this Action.

Given Mr. Whitley and Mr. Frechette are Netlist's former in-house counsel, Netlist asked

Samsung to explain what non-privileged information these individuals would have that is not otherwise available directly from Netlist. Samsung pointed to none. For example, as Netlist's counsel stated in its October 25 email,

> Netlist intends to designate its corporate representative to testify as to licensing practices. We see no reason for Samsung to insist on taking the depositions of Mr. Frechette and Mr. Whitley. Mr. Whitley was not even named in Samsung's answer. And to the extent Mr. Frechette was referenced, he was only identified as the sender of a letter to Mr. Seung Min Sung of Samsung. As you recognized, both of these individuals are former employee and in-house counsel for Netlist, and their testimony contains highly confidential, privileged Netlist's information. It will be a significant burden on Netlist in connection with their depositions.

Ex. 2 at 2-3 (2023-10-25) (Zhao email).

In response, Samsung could not explain the specific relevance of these witnesses but instead proposed that it would "table" the depositions of these witnesses until a later date (after fact discovery) without providing a legitimate basis. Ex. 2 (2023-10-26) (Tishman email) ("Samsung is willing to table the deposition of Mr. Frechette pending the Court's ruling on Samsung's motion for a protective order, and to pursue his deposition only if the Court denies our motion for a protective order regarding alleged JDLA breach and termination. As for Mr. Whitley, Samsung is likewise willing to table his deposition pending resolution of Samsung's motion for a protective order regarding the alleged JDLA breach and termination, as well as Netlist's pending motion for a protective order regarding SK hynix.").

In fact, despite the parties' lengthy email correspondence regarding these witnesses, Samsung never once spelled out in writing what relevant, non-privileged information these former counsel have but is not discoverable from Netlist.

## II.    ARGUMENT

### A.    Netlist Has Standing to Seek a Protective Order

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

expense." Fed. R. Civ. P. 26(c)(1).  District courts have broad discretion in determining whether to issue a protective order.  *Bavely, Tr. of AAA Sports, Inc. v. Panini Am., Inc.*, No. 4:22-cv-093, 2023 WL 3686806, at *2 (E.D. Tex. Jan. 27, 2023).  Netlist has standing to seek this protective order under Rule 26.  "[A]ny party to the litigation has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery."  *Equal Emp. Opportunity Comm'n v. Charles W. Smith & Sons Funeral Home, Inc.*, No. 4:21-cv-00731, 2022 WL 3566927, at *2 (E.D. Tex. Aug. 18, 2022).

      **B.**    **Samsung's Requested Depositions of Former In-House Counsel Are Inappropriate**

As the Fifth Circuit has explained, "[g]enerally, federal courts have disfavored the practice of taking the deposition of a party's attorney; instead, the practice should be employed only in limited circumstances."  *Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999).  Courts in this District consistently grant protective orders, particularly when the party has offered other corporate representatives to testify as to the relevant issue that an in-house counsel may have relevant knowledge about.  *See, e.g.*, *EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. 6:09-cv-116 Dkt. 321 (E.D. Tex. Jan. 5, 2011) (granting defendant's motion for a protective order to prevent plaintiff from taking the deposition of its in-house counsel, Dkt. 283, where defendant agreed to offer a Rule 30(b)(6) corporate representatives to testify as to its general licensing practices and contracts and the settlement agreements); *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:16-CV-00033, 2018 WL 11351326, at *2 (E.D. Tex. Dec. 17, 2018) (granting motion to quash deposition notices and subpoenas on in-house and outside counsel and noting "the request to depose a party's counsel is a serious request merited only [in] limited circumstances") ); *Affinity Labs of Texas, LLC v. General Motors LLC*, No. 1:12-cv-00582, Dkt. 129 (E.D. Tex. Jun. 19, 2014) (granting defendant's motion for a protective order to prohibit plaintiff from taking a noticed deposition of defendant's in-house counsel because the in-house counsel was actively involved in trial preparation, including "participating in strategy

discussions, editing pleadings, meeting with witnesses and reviewing documents," and the information sought was available through alternate means such as deposition of other witness of the party).

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████ *See* 2023-11-03 Hong Decl. ¶ 3.

Samsung has pointed to no exceptional circumstances to depart from these precedents.

### C.    Samsung Cannot Show Netlist's Privileged, Confidential Information Is Discoverable from a Third Party

Samsung now contends that depositions of Mr. Whitley and Mr. Frechette are needed because they have relevant knowledge regarding Netlist's licensing practices, including in connection with Netlist's negotiation of the Joint Development and License Agreement ("JDLA") with Samsung, and Netlist's license agreement with SK hynix as part of the settlement of litigations between them. This argument must fail.

*First*, neither party identified Mr. Whitley or Mr. Frechette as having knowledge relevant to this Action in their initial disclosures. Ex. 3 (Netlist's 2022-12-08 IDs); Ex. 4 (Samsung's 2023-10-13 Amended IDs).

*Second*, despite the fact Samsung moved to stay this Action pending the resolution of C.D. Cal. proceedings regarding whether Samsung has a valid license defense to Netlist's patent-infringement claim, Dkt. 187 at 1-2, Samsung never asserted that either Mr. Whitley or Mr. Frechette had relevant knowledge in the C.D. Cal. action and never took their depositions as part of that action.

*Third*, Samsung raised the same license defense in the *Samsung I* action,[1] and argued that the JDLA and SK hynix license were comparable to the hypothetical negotiation in that case as well. Samsung took neither individual's deposition in that case, nor did Samsung ever claim that either individual's deposition was necessary. In fact, Samsung did not notice a deposition or attempt to serve a subpoena on Mr. Frechette in the previous Action, and Samsung agreed to drop its notice on Mr. Whitley. Samsung has not pointed to new facts or allegations raised in this Action that would warrant their depositions here. Nor can it, given the same exact licenses are at issue here as were at issue in this prior case.

Simply put, at no time has Samsung shown that either witness has specific knowledge relevant to this Action, let alone non-privileged information. Nor did Samsung bother to explain why these witnesses' knowledge would not be overlapping with Netlist's corporate representative on licensing issues. Netlist offered a corporate representative to testify on licensing issues in *Samsung I*, and Samsung never contended that that testimony was deficient or otherwise insufficient. Samsung's subpoenas on Mr. Whitley and Mr. Frechette are for nothing but to harass Netlist and to acquire Netlist's privileged, confidential information.

### D. Samsung Has Not Shown the Negotiation History and Communications between Netlist and SK Hynix Are Discoverable

To the extent Samsung argues that it is entitled to discovery regarding the SK hynix license negotiations, this does not provide a basis to allow the depositions of Mr. Whitley or Mr. Frechette. As detailed in Netlist's motion for a protective order to prevent Samsung from conducting improper discovery from a third party, SK hynix, Dkts. 142, 156, Samsung cannot show the negotiation history leading to the SK hynix License Agreements is discoverable. None of the patents in this case were

---

[1] *Netlist v. Samsung*, No. 21-cv-463 (E.D. Tex.).

asserted against SK hynix in the previous litigations, nor are they otherwise explicitly addressed in the SK hynix Agreements.² Samsung's assertion that the negotiation history documents are relevant to "the value that the parties to the license, Netlist and SK hynix, assigned to Netlist's patents" is vague and unsupported by the Agreements themselves. Nor has Samsung explained how Rule 408 communications could be admissible, given Samsung's clear intent to use them "either to prove or disprove the…amount of a disputed claim." Fed. R. Evid. 408(a).

As Judge Payne explained at the August 22, 2023 hearing in the -203 Micron Action, it "would chill settlement negotiations in current cases if there was a concern that those negotiations would become open for discovery in future cases," and that concern weighs heavily against the probative value—if any—given Netlist has already produced the executed agreements in this Action as of February 2023. *Netlist v. Micron Tech. Inc.*, No. 22-cv-203 Dkt. 156 (Hearing Tr.) at 46:22-47:5. The chilling effect is even worse here, where discovery is sought directly from a party's in-house counsel. *See Charles E. Hill & Assocs. v. ABT Elecs., Inc.,* 854 F. Supp. 2d 427, 430 (E.D. Tex. Apr. 3, 2012) (further "caution[ing] future litigants that such production will be viewed as the exception and not the rule" because "[s]ettlement negotiations are always suspect to some degree and are often littered with unreal assertions and unfounded expectations."); *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036, 2019 WL 7905454, at *3 (E.D. Tex. Nov. 13, 2019) (denying the patentee's motion to compel the accused infringer to, regarding its license agreements, "identify how the parties arrived at such royalty rate and/or consideration").

### III.   CONCLUSION

For the reasons stated above, Netlist's motion should be granted. Samsung should be

---

² The SK hynix Litigations involved eight patents that are not at issue here: U.S. Patent Nos. 8,756,364; 8,516,185; 8,001,434; 8,359,501; 8,689,064; 8,489,837; 9,606,907; and 9,535,623. *Memory Modules and Components Thereof,* 337-TA-1023 (USITC); 337-TA-1089 (USITC).

prevented from pursuing depositions on Netlist's former in-house counsel.

Dated: November 6, 2023

Respectfully submitted,

/s/ Jason G. Sheasby
Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 6, 2023, a copy of the foregoing was served to all counsel of record via email.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF CONFERENCE**

I hereby certify that the parties met and conferred on October 29, 2023. Defendants refused to withdraw its subpoenas for deposition on Mr. Whitley and Mr. Frechette. The parties are at an impasse.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case

*/s/ Yanan Zhao*
Yanan Zhao