# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO, LTD;<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.; SAMSUNG SEMICONDUCTOR<br>INC.,<br><br>　　　　Defendants. | Case No. 2:22-cv-293-JRG<br><br>JURY TRIAL DEMANDED<br>(Lead Case) |
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICRON TECHNOLOGY, INC.; MICRON<br>SEMICONDUCTOR PRODUCTS, INC.;<br>MICRON TECHNOLOGY TEXAS LLC,<br><br>　　　　Defendants. | Case No. 2:22-cv-294-JRG<br><br>JURY TRIAL DEMANDED |

**NON-PARTY NOEL WHITLEY'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' DOCUMENT PRODUCTION SUBPOENA**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Third Party Noel Whitley ("Mr. Whitley"), through his counsel, objects to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Third Party Subpoena"), dated September 1, 2023, from Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Semiconductor, Inc. ("SSI") (collectively, "Samsung" or "Defendants").

## **GENERAL OBJECTIONS**

The following objections are hereby incorporated in full into the specific responses and objections below to every request. Mr. Whitley reserves the right to make additional objections as may be appropriate, and nothing contained herein waives any such objection. Mr. Whitley's responses and objections are made without prejudice to Mr. Whitley's right to assert any additional or supplemental responses or objections should Mr. Whitley discover additional grounds for such responses or objections.

By making this response, Mr. Whitley does not concede that any of the requested information is relevant, properly discoverable, or admissible. Mr. Whitley reserves the right to object to discovery into the subject matter addressed in any information produced and to the introduction of such information into evidence.

1. Mr. Whitley objects to each of the requests and related definitions and instructions to the extent they relate to a matter that is outside the scope of discovery permitted under Federal Rule of Civil Procedure 26(b), the Local Rules of the Eastern District of Texas, the Court's orders, or any other applicable authority.

2. Mr. Whitley objects to each of the requests and related definitions and instructions to the extent they impose any burden on Mr. Whitley beyond that permitted under Federal Rule of Civil Procedure 26, the Local Rules of the Eastern District of Texas, the Court's orders, or any other applicable authority. By way of example, Mr. Whitley objects to Instruction No. 7 as unduly burdensome to a nonparty. Similarly, Mr. Whitley objects to Instruction No. 1 as unduly burdensome to the extent it purports to obligate him, as a non-party, to attempt to retrieve documents from unidentified third parties whose documents could be sought directly through a subpoena or document request to those third parties. By way of

further example, Mr. Whitley objects to Instruction No. 6 as unduly burdensome to the extent it purports to obligate him to retrieve large volumes of old documents of limited relevance.

3. Mr. Whitley objects to each of the requests and related definitions and instructions to the extent they seek documents or information already in the possession of Plaintiff Netlist, Inc. ("Plaintiff" or "Netlist") or Samsung or that are available in the public domain.

4. Mr. Whitley objects to each of the requests and related definitions and instructions to the extent that they seek documents available to the parties through means short of this unduly burdensome non-party discovery, including because the documents are part of the public record, part of the parties' own files, or otherwise available to the parties from another source, or through less burdensome means than non-party discovery.

5. Mr. Whitley further objects to each of the requests and related definitions and instructions to the extent they are irrelevant or seek discovery not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighing its likely benefit.

6. Mr. Whitley objects to each of the requests and related definitions and instructions to the extent that they are overly broad, are unduly burdensome, seek irrelevant information, or cause unwarranted annoyance, embarrassment, or undue expense.

7. Mr. Whitley objects to each of the requests and related definitions and instructions to the extent they seek information or documents protected from discovery by the attorney-client privilege, the work product doctrine, the common interest privilege, settlement privilege, or any other applicable privilege, immunity, doctrine or duty of confidentiality that

precludes or limits disclosure of information. Such information or documents shall not be produced intentionally in response to any request, and any disclosure of information protected by such privileges and protections shall not constitute waiver of the applicable privilege or protection as with respect to such information or as to any other information related thereto. Mr. Whitley expressly reserves the right to seek the immediate return of any such information or documents and all documents or tangible things containing such disclosed information upon notification to Samsung.

8. Mr. Whitley objects to each of the requests and related definitions and instructions to the extent that they purport to require Mr. Whitley to search for or produce information and/or documents that are not in Mr. Whitley's actual possession, custody, or control. Mr. Whitley will use reasonable diligence to identify where responsive information and/or documents may be found and conduct a reasonable search to locate information and/or documents within his actual possession, custody, or control.

9. Mr. Whitley objects to each of the requests and related definitions and instructions to the extent that they require Mr. Whitley to create new documents, newly compile information, or produce multiple copies of identical documents.

10. Mr. Whitley objects to each of the requests and related definitions and instructions to the extent they call for a legal conclusion or opinion or call for expert testimony. Mr. Whitley's responses should not be construed to provide legal conclusions or opinions.

11. Mr. Whitley objects to each of the requests and related definitions and instructions to the extent they seek information that is duplicative and redundant.

12. Mr. Whitley objects to each of the requests and related definitions and instructions to the extent that they call for information and/or documents that Mr. Whitley may not produce without the consent of third parties. To the extent the consent of any third

party is necessary to produce any such information and/or documents, Mr. Whitley will not produce such information and/or documents until he has received such consent.

13. Mr. Whitley objects to each of the requests and related definitions and instructions to the extent they seek discovery of confidential and/or competitive information, including, for example, documents containing confidential information, trade secrets, or other confidential research, development, or commercial information. Mr. Whitley will disclose such information only subject to the Protective Order and to objections by third parties to whom Mr. Whitley owes an obligation of confidentiality and who seek additional protections.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents, Communications, and Things in Your possession, custody, or control relating to the Asserted Patents or any Related Patents, including but not limited to assertions of infringement, any efforts to require marking, contracts, licensing agreements, settlement agreements, and any other agreements, and any negotiations related thereto related to the Asserted Patents or any Related Patents, the technology described therein, or any rights associated therewith.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Mr. Whitley incorporates by reference the General Objections. Mr. Whitley objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous. In particular, the request for "All" documents, communications, and things relating to several patents renders this Request overly broad and unduly burdensome, particularly in view of Instruction 6, which imposes no time constraint. Mr. Whitley objects to the terms "relating to," "related thereto," "related to," and "associated therewith" as vague, ambiguous, and subject to multiple meanings. Mr. Whitley objects to the terms "Documents, Communications, and Things" to the extent Samsung's related definitions are broader than those imposed by the Federal Rules of Civil Procedure or other applicable authority. Mr. Whitley objects to the term "Related Patents" as defined by Samsung as vague, ambiguous, and calling for him to

- 5 -

make a legal determination.  Mr. Whitley further objects to this Request to the extent that it is overly broad, unduly burdensome, and seeks irrelevant information that appears to go beyond the claims and defenses at issue in the underlying action and is not proportional to the needs of the case, particularly to the extent that it seeks information related to actions by any entity at any time, as well as documents created by any entity at any time.  In addition, Mr. Whitley objects to this Request to the extent it seeks documents in either party's possession or available to the parties through means short of this unduly burdensome non-party discovery.  Mr. Whitley objects that this request is unduly burdensome because Samsung is requesting production from a non-party without establishing that it first attempted to obtain the production from Netlist, Inc., its opposing party and the assignee of record of the Asserted Patents and Related Patents.  *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming a decision to require seeking discovery from parties before seeking the discovery from a non-party); *Soto v. Castlerock Farming and Transport, Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) ("In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests.").  Mr. Whitley objects to this Request to the extent it seeks documents that are subject to and protected by the attorney-client privilege, attorney work-product doctrine, common interest, and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Mr. Whitley responds that after a reasonable investigation he has not located any non-privileged, responsive documents in his possession.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents, Communications, and Things in Your possession, custody, or control relating to any products that Netlist contends embody or embodied any claim of the Asserted Patents or any Related Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Mr. Whitley incorporates by reference the General Objections. Mr. Whitley objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous. In particular, the request for "All" documents, communications, and things relating to "any" products renders this Request overly broad and unduly burdensome. Mr. Whitley objects to the term "relating to" as vague, ambiguous, and subject to multiple meanings. Mr. Whitley objects to the terms "Documents, Communications, and Things" to the extent Samsung's related definitions are broader than those imposed by the Federal Rules of Civil Procedure or other applicable authority. Mr. Whitley objects to the term "Related Patents" as defined by Samsung as vague, ambiguous, and calling for him to make a legal determination. Mr. Whitley further objects to this Request to the extent that it is overly broad, unduly burdensome, and seeks irrelevant information that appears to go beyond the claims and defenses at issue in the underlying action and is not proportional to the needs of the case, particularly to the extent that it seeks information originating from any entity at any time related to "products that Netlist contends embody or embodied any claim of the Asserted Patents or any Related Patents," including patents and claims not at issue in the underlying action. In addition, Mr. Whitley objects to this Request to the extent it seeks documents in either party's possession or available to the parties through means short of this unduly burdensome non-party discovery. Mr. Whitley objects that this request is unduly burdensome because Samsung is requesting production from a non-party without establishing that it first attempted to obtain the production from Netlist, Inc., its opposing party and the assignee of record of the Asserted Patents and Related Patents. *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming a decision to require seeking discovery from parties before seeking the discovery from a non-party); *Soto v. Castlerock Farming and Transport,*

*Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) ("In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests."). Moreover, Netlist is better positioned to identify products that *it* contends embody claims of the Asserted Patents or Related Patents.  Mr. Whitley also objects to the terms "embody" and "embodied" to the extent they require him to make a legal determination.  Mr. Whitley has not made any such contentions or taken a position on which products embody any of the patents at issue.  Mr. Whitley objects to this Request to the extent it seeks documents that are subject to and protected by the attorney-client privilege, attorney work-product doctrine, common interest, and/or any other applicable privilege or protection.

      Subject to and without waiving the foregoing objections, Mr. Whitley responds that after a reasonable investigation he has not located any non-privileged, responsive documents in his possession.

Dated: September 25, 2023

Respectfully submitted,

*/s/ Philip Warrick*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com

**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com

Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

*Attorneys for Plaintiff Netlist, Inc.*

- 9 -

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 25, 2023, a copy of the foregoing was served to all counsel of record for Defendants via electronic mail.

*/s/ Philip Warrick*
Philip Warrick
