# Exhibit 5

Case 8:20-cv-00993-MCS-ADS Document 157-2 Filed 11/4/21 Page 2 of 4 Page ID #:15512
Case 2:22-cv-00293-JRG-RSP Document 210-57 Filed 11/14/23 Page 172 of 472 PageID #:
Page 14505

| | |
|---|---|
| 1 | Ekwan E. Rhow - State Bar No. 174604<br>  erhow@birdmarella.com |
| 2 | Marc E. Masters - State Bar No. 208375<br>  mmasters@birdmarella.com |
| 3 | Kate S. Shin - State Bar No. 279867<br>  kshin@birdmarella.com |
| 4 | Christopher J. Lee - State Bar No. 322140<br>  clee@birdmarella.com |
| 5 | Jong-min Choi - State Bar No. 329474<br>  jmchoi@birdmarella.com |
| 6 | BIRD, MARELLA, BOXER, WOLPERT, NESSIM,<br>DROOKS, LINCENBERG & RHOW, P.C. |
| 7 | 1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561 |
| 8 | Telephone: (310) 201-2100<br>Facsimile: (310) 201-2110 |
| 10 | Attorneys for Defendant Samsung<br>Electronics Co., Ltd. |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,,<br><br>Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S [PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[*Filed Concurrently with Notice of Motion and Motion for Summary Judgment or in the Alternative, Partial Summary Judgment; Declaration of Joyce J. Choi; [Proposed] Judgment*]<br><br>Date: September 20, 2021<br>Time: 9:00 a.m.<br>Crtrm.: 7C<br><br>Assigned to Hon. Mark C. Scarsi<br>Courtroom 7C |

3783 16 3742471.2

1

DEFENDANT'S [PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
ISO MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Netlist. Netlist will provide Samsung any NVDIMM-P controller on Samsung's request at a price lower than the price Netlist provides to any other buyer." Section 6.2, the parallel provision, states: "Supply by Samsung. Samsung will supply NAND and DRAM products to Netlist on Netlist's request at a competitive price (i.e., among customers purchasing similar volumes of similar products)." | |
| 21. Samsung's supply obligations would only arise if and to the extent that the NVDIMM-P product was commercialized but this never occurred. | Choi Decl. ¶ 8, Exh. 7 at 31:9-12, 80:13-23, 92:4-12, 109:9-110:1, 116:3-9; ¶ 22, Exh. 21 at NL069668-69. |

### d. The Negotiating History Shows That Section 6.2 Is Limited To Joint Development

| Defendant's Undisputed Material Facts | Supporting Evidence |
|---|---|
| 22. Netlist's first proposal to Samsung in April 2015 focused on the cash consideration, and did not mention a long term supply agreement. (" Q Now, at least on this proposal, Netlist didn't list supply as a component of the deal; correct? A Yes, it's not here.") | Choi Decl. ¶ 18, Exh. 17 at pp. 2-4; ¶ 18, Exh. 17 at NL107807; ¶ 8, Exh. 7 at 51:3-52:18. |
| 23. When Netlist sent Samsung the first | Choi Decl. ¶ 23, Exh. 22; ¶ 24, Exh. 23 |

3783 16 3742471.2

7

DEFENDANT'S [PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
ISO MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

8. Netlist is precluded from recovering lost profits, lost revenues from lost business opportunities, or any other consequential damages by Section 12.5 of the JDLA. Express waivers of consequential damages are enforceable under New York law. *International Gateway Exchange, LLC v. Western Union Financial Services, Inc.*, 333 F. Supp. 2d 131, 149 (S.D.N.Y. 2004).

9. To avoid the waiver of consequential damages, Netlist would have to provide evidence of "truly culpable, harmful conduct, not merely intentional nonperformance of the Agreement motivated by financial self-interest." *Metro. Life Ins. Co. v. Noble Lowndes Int'l, Inc.*, 84 N.Y.2d 430, 438–39 (1994). No such evidence is presented here.

10. Netlist may not terminate the JDLA because it cannot prove a material breach.

11. Netlist waived any right to terminate the JDLA by waiting more than four years after the alleged breach to provide notice of termination. *Dun & Bradstreet Corp. v. Harpercollins Publishers, Inc.*, 872 F. Supp. 103, 110 (S.D.N.Y. 1995).

12. Netlist waived the "no waiver" provision in Section of the JDLA by continuing to accept the benefits of the contract for years without seeking termination. *TSS–Seedman's, Inc. v. Elota Realty Co.*, 72 N.Y.2d 1024, 1027 (1988).

DATED: August 17, 2021

Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: ____*/s/ Ekwan E. Rhow*____
Ekwan E. Rhow
Attorneys for Defendant Samsung Electronics Co., Ltd.

3783 16 3742471.2

26

DEFENDANT'S [PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT