UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>             Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>             Defendants. | Civil Case No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>             Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>             Defendants. | Civil Case No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

## SAMSUNG'S MOTION TO COMPEL THE DEPOSITION OF DR. HYUN LEE

████████████

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ..................................................................................................... 1

II.     FACTUAL BACKGROUND .................................................................................... 1

        A.      Samsung's Deposition Subpoena to Dr. Lee ............................................... 1

        B.      Dr. Lee's Refusal To Schedule a Deposition .............................................. 1

        C.      Netlist Asserts that the '608 Patent and '506 Patent Are Different ...................... 2

III.    LEGAL STANDARD ............................................................................................... 2

IV.     ARGUMENT ............................................................................................................ 3

V.      CONCLUSION ......................................................................................................... 5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Gaedeke Holdings VII, Ltd. v. Mills*,
   No. 3:15-MC-36-D-BN, 2015 WL 3539658 (N.D. Tex. June 5, 2015) ...................................3

*Hickman v. Taylor*,
   329 U.S. 495 (1947) ...................................................................................................................2

*United States v. Holley*,
   942 F.2d 916 (5th Cir. 1991) ...................................................................................................2

*Wiwa v. Royal Dutch Petroleum Co.*,
   392 F.3d 812 (5th Cir. 2004) ...................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 26(b)(1)................................................................................................................2

Fed. R. Civ. P. 37(a) ....................................................................................................................2

Fed. R. Civ. P. 45(c)(1)................................................................................................................3

Fed. R. Civ. P. 45(g) ....................................................................................................................3

████████████████

**TABLE OF ABBREVIATIONS**

| Abbreviation | Meaning |
|---|---|
| *Netlist/Samsung EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |

**TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | Proof of Service of Subpoena to Testify at a Deposition in a Civil Action to Dr. Hyun Lee |
| 2 | Emails between Y. Zhao, Esq. and D. Tishman, Esq. (Oct. 25-26, 2023) (Excerpted and preceding emails omitted) |

## I.    INTRODUCTION

Dr. Hyun Lee is a former Netlist employee and named inventor on one of the asserted patents, and Netlist's counsel (who also represents Dr. Lee) has improperly refused to allow him to sit for a deposition.  Samsung respectfully moves for an order compelling the immediate scheduling of his deposition.  As a named inventor—indeed the only remaining named inventor of one of the asserted patents—and one of Netlist's former JEDEC representatives, Dr. Lee's relevance is without question.  Because Netlist and Dr. Lee's counsel have refused to make Dr. Lee available for deposition, Samsung has no alternative but to respectfully request an order requiring Dr. Lee to sit for a full deposition before discovery closes.

## II.    FACTUAL BACKGROUND

### A.    Samsung's Deposition Subpoena to Dr. Lee

Dr. Hyun Lee is a former employee of Netlist where he served as the Chief Technical Officer.  He is also the only remaining[1] named inventor of U.S. Patent No. 10,268,608 ("the '608 patent"), which is asserted in this case.  Dr. Lee was served with a deposition subpoena on September 13, 2023, which listed the noticed deposition date as September 28, 2023.  Ex. 1. Netlist's counsel subsequently indicated that they represent Dr. Lee for purposes of subpoena compliance and objected to the noticed date.

### B.    Dr. Lee's Refusal To Schedule a Deposition

Samsung has repeatedly sought to obtain a deposition date for Dr. Lee, but his and Netlist's counsel have refused to provide a date for a full deposition.  Initially, Dr. Lee's counsel took the position that his deposition in this case is not necessary and unilaterally limited any possible deposition of Dr. Lee "to no longer than 3 hours (including translations)" because Dr.

---

[1] Samsung understands that the other named inventor on the '608 patent is deceased.

1

Lee was deposed in the *Netlist/Samsung EDTX1* case. *See* Ex. 2 at 5. Samsung explained that such a limitation is improper because Dr. Lee is a named inventor on the '608 patent and highly relevant to the issues in this case, and because a translator will be required for the deposition. *See id.* at 4. Dr. Lee's counsel continues to take the position that his deposition is wholly unnecessary because he sat for deposition in *Netlist/Samsung EDTX1* regarding U.S. Patent No. 10,860,506 ("the '506 patent"), which claims priority to the same provisional application as the '608 patent. *Id.* at 1.

The parties have met and conferred. Dr. Lee's counsel has stipulated that Samsung may move to compel before this Court rather than the district where compliance is required.

### C.    Netlist Asserts that the '608 Patent and '506 Patent Are Different

Contrary to Dr. Lee's counsel's current assertion, Netlist and the same counsel have argued that the '608 and '506 patents are different. In Netlist's Reply in Support of Motion for Leave To File Its Second Amended Complaint, Netlist compared the claims of the '608 patent and the '506 patent to argue that "the claims of the two patents disclose different aspects of memory technologies and require different infringement analysis as to the accused products." Dkt. 71 at 2-4. Further, Netlist provided a chart highlighting the purported differences between the claims of the '506 patent and the '608 patent. Dkt. 71, Ex. 3.

## III.    LEGAL STANDARD

Rule 26 broadly allows a party to obtain discovery regarding any subject relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1); L.R. 26(d). "The deposition-discovery rules are to be accorded a broad and liberal treatment." *United States v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). District courts may, where appropriate, order a person or party to participate in necessary depositions. Fed. R. Civ. P. 37(a). They may also hold in contempt a person who fails to obey a subpoena or an order related

to it.  Fed. R. Civ. P. 45(g).

Under Fed. R. Civ. P. 45(c)(1), a subpoena may command a person to attend a deposition.  The limits of discovery through a subpoena are based on the relevancy of the testimony sought to a party's claims or defenses.  *Gaedeke Holdings VII, Ltd. v. Mills*, No. 3:15-MC-36-D-BN, 2015 WL 3539658, at *3 (N.D. Tex. June 5, 2015) (explaining "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party").  "'Whether [a requesting party's] discovery requests [to a non-party served with a subpoena] are relevant thus turns on whether they are "reasonably calculated" to lead to evidence admissible as to [its] claims' or defenses against its opponent in the underlying case."  *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 820 (5th Cir. 2004)).

## IV.    ARGUMENT

Dr. Lee's (and Netlist's) counsel's refusal to provide a date for a deposition is unjustifiable and prejudicial for at least three reasons.  Dr. Lee has relevant and unique knowledge regarding (1) the '608 patent—a patent Netlist sought to add to this case over Samsung's opposition; (2) Netlist's participation in JEDEC during the period relevant for the '608 patent, as well as other patents newly asserted in this case; and (3) the asserted technology as Netlist's longtime Chief Technology Officer.  Netlist's counsel's attempt to shield Dr. Lee from deposition to prevent discovery to rebut Netlist's claims in this case is highly prejudicial.

First, Dr. Lee's deposition is necessary because he has relevant and unique knowledge regarding the '608 patent.  Dr. Lee's deposition in *Netlist/Samsung EDTX1* with respect to the '506 patent does not justify Netlist's counsel's refusal to schedule his deposition.  Netlist chose

███████████████████████

to bring this case and to assert the '608 patent[2] and then asserted in its motion to amend briefing that "the claims of the two patents disclose different aspects of memory technologies and require different infringement analysis as to the accused products." Dkt. 71 at 2-4. For example, Netlist states that "the '608 patent addresses the receipt and output of a '***module clock signal***' and teaches the delay of data on the data path, which are not discussed in the '506 patent." Dkt. 71 at 2-3 (emphasis in original). These Netlist assertions belie any argument that deposing Dr. Lee regarding the '608 patent would be cumulative or unduly burdensome.

Second, Dr. Lee was one of Netlist's former JEDEC representatives and attended JEDEC meetings on Netlist's behalf during a time that is relevant to each of the patents asserted in this case, not just the '608 patent. *See, e.g.,* Dkt. 145 at 38-40. For example, Dr. Lee attended JEDEC meetings where specific proposals were presented which are relevant to Samsung's invalidity, inequitable conduct, and non-infringement defenses relating to the asserted patents. Further, Dr. Lee's participation is relevant to Samsung's equitable estoppel and prosecution laches defenses relating to the asserted patents. Thus, Dr. Lee's former participation in JEDEC as a Netlist representative is highly relevant to issues related to Samsung, and Samsung should be permitted to depose Dr. Lee regarding his JEDEC participation as it relates to the patents asserted in this case.

Third, Dr. Lee was Netlist's long time Chief Technical Officer during a time that is relevant to the asserted patents. Dr. Lee therefore has relevant and unique knowledge regarding the development and value of the asserted technology in this case across all asserted patents.

---

[2] As the Court is aware, Netlist dropped the '506 patent from the *Netlist/Samsung EDTX1* case after 18 months of litigation shortly before trial. Now that Netlist claims the '608 patent discovery would be redundant of the '506 patent case, it is difficult to understand what proper purpose Netlist could have had to drop the '506 patent on the eve of trial, only to add redundant claims to this case.

████████████████████████████

Samsung should be permitted to explore the development and value of this asserted technology as this subject matter will be relevant information in assessing damages issues in this case.

Fact discovery is due to close on November 13th, yet Dr. Lee's (and Netlist's) counsel continues to refuse to offer Dr. Lee for a deposition.[3] Samsung respectfully requests that the Court order Dr. Lee to immediately provide a date for a deposition. As for Netlist's original proposal—that Dr. Lee be offered for three hours—Samsung recognizes that ████████████ ████████████████████████████ and will do its best to limit the questioning to a reasonable amount of time. However, three hours for a translated deposition of the only remaining inventor of one of the asserted patents is not reasonable. But Samsung is amenable to minimizing the burden on Dr. Lee, such as taking a long break in the middle of the deposition or taking the deposition over the course of two days (*e.g.*, a few hours per day).

## V.    CONCLUSION

For the reasons stated above, Samsung respectfully seeks an order compelling the full deposition of Dr. Hyun Lee.


Date: November 7, 2023                    Respectfully submitted,

                                          */s/ Daniel A. Tishman*

                                          Ruffin B. Cordell
                                          TX Bar No. 04820550
                                          cordell@fr.com
                                          Michael J. McKeon
                                          D.C. Bar No. 459780
                                          mckeon@fr.com
                                          Lauren A. Degnan
                                          D.C. Bar No. 452421
                                          degnan@fr.com
                                          Brian Livedalen
                                          DC Bar No. 1002699

---

[3] The parties have moved to amend the docket control order and move the deadline to complete fact discovery to November 20, 2023. Dkt. 197 at 3.

livedalen@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
Christopher Dryer
D.C. Bar No. 1022460
dryer@fr.com
Matthew P. Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Katherine H. Reardon
NY Bar No. 5196910
kreardon@fr.com
Jonathan B. Bright
GA Bar No. 256953
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Kathryn Quisenberry
TX Bar No. 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

James Huguenin-Love
MN Bar No. 0398706
huguenin-love@fr.com
FISH & RICHARDSON P.C.
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile:  (612) 288-9696

Karolina Jesien
NY Bar No. 4626180
jesien@fr.com
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

7

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

*Attorneys for Defendants Samsung Electronics
Co., Ltd.; Samsung Electronics America, Inc.;
and Samsung Semiconductor, Inc.*

8

███████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 7, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Daniel A. Tishman*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on October 29, 2023.  Jason Sheasby, Yanan Zhao, Phil Warrick, and Jennifer Truelove attended for Netlist.  Ruffin Cordell, Francis Albert, Daniel Tishman, and Melissa Smith attended for Samsung.  The parties discussed their positions on this motion.  The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Netlist indicated that they oppose this motion.

*/s/ Daniel A. Tishman*

████████████████████████

██████████████████████████████████

█████████████████████

████████████████  _____