# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ████████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-294-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; | ) | |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF NETLIST, INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR A PROTECTIVE ORDER AGAINST DISCOVERY REGARDING JDLA BREACH AND TERMINATION (DKT. 193)

## TABLE OF CONTENTS

<u>**Page**</u>

I.     INTRODUCTION ...................................................................................................................1

II.    FACTS ...................................................................................................................................2

III.   ARGUMENT .........................................................................................................................5

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arnold v. Garlock Inc.*,
  288 F.3d 234 (5th Cir. 2002) ....................................................5

*James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson Cty.*,
  2020 WL 4365595 (E.D. Tex. July 29, 2020) ...........................6

*Lipham Constr. Co., Inc. v. Lipham*,
  2015 WL 11110964 (N.D. Tex. Apr. 21, 2015) .........................7

*Netlist Inc. v. Samsung Elecs. Co.*,
  2021 WL 7186853 (C.D. Cal. Oct. 14, 2021) ........................2, 4

*Netlist Inc. v. Samsung Elecs. Co.*,
  No. 8:20-CV-00993 (C.D. Cal., May 28, 2020) .....................2, 3

*Saint Lawrence Comms. v. ZTE Corp.*,
  Case No. 2:15-CV-349-JRG, 2017 WL 3396399 (E.D. Tex. Jan. 17, 2017) ..........................6

**Rules**

Fed. R. Civ. P. 26 ........................................................................5, 6

Fed. R. Civ. P. 26(b)(1) ...................................................................6

L.R. 26(d) ........................................................................................6

## I.   <u>INTRODUCTION</u>

While simultaneously asking the Court to stop these proceedings entirely because a license may exist under the JDLA, Samsung now seeks a protective order prohibiting discovery probing the scope of that same license.  Samsung is effectively asking this Court to stop Netlist from untangling Samsung's conflicting licensing positions in the final days of fact discovery.  ***This motion was filed despite Samsung itself pursuing discovery in support of its licensing defense***. Samsung does not dispute that the discovery at issue is highly relevant to its licensing defense.  The motion is meritless and should be denied.

Samsung's motion for a protective order piggy-backs off of its motion to stay this case. That stay motion, in turn, is based entirely on a recent decision by the Ninth Circuit partially reversing a summary judgment entered by the Central District of California ("Central District") and remanding for further proceedings.  Samsung's only asserted basis for a protective order is that one part of its licensing defense (Netlist's termination of the Joint Development and License Agreement ("JDLA")) could be adjudicated in the Central District. As noted in Netlist's opposition to the stay motion (Dkt. 196), the other critical issues are (a) whether Samsung's products infringe and (b) whether any license (if it exists) extends to Samsung products beyond NVDIMM-P—issues only being decided in this Court.  All three parts are before only this Court because Samsung has pled as an affirmative defense that it was licensed under the JDLA, and that Netlist's termination of that agreement was improper.

Samsung is trying to get away from East Texas and the consequences of successfully arguing at the Ninth Circuit that Netlist's license grant in the JDLA was narrowly limited to NVDIMM-P. Tellingly, Samsung never explains why Netlist should be precluded from discovery into Samsung's affirmative defense now—when the issue is live and discovery is quickly closing—while Samsung itself seeks discovery to support it. There is no basis for a protective order precluding undeniably relevant discovery into Samsung's licensing defense. Samsung's motion should be denied.

## II.   <u>FACTS</u>

**<u>Central District</u>**. The factual background regarding the parties' dispute over the JDLA is set forth in Netlist's Opposition to Samsung's stay motion. Dkt. 196. The following is a brief summary. Under the JDLA, ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

█████████████████. The supply provision is broad. It makes no mention of the joint development project or product (NVDIMM-P): ███████████████████████████████████████

███████████████████████████████████████████████████████████████████

██████████ *Id.*

Netlist brought suit against Samsung in the Central District, seeking a declaration that Netlist had properly terminated the JDLA based on Samsung's breach of this supply provision. *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal., May 28, 2020). Both parties moved for summary judgment on this issue. Despite the broad language quoted above, Samsung's position at summary judgment was that ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████

The Central District rejected this argument and held that § 6.2 is unambiguously a mandatory supply obligation that is not limited to either the joint development project or the product that was intended to come out of that development (i.e., NVDIMM-P). In doing so, the Central District expressly noted that the JDLA is specific in its reference to the joint development project and/or joint product when it intends to be, and that the provisions of the JDLA that do not reference those terms (such as Samsung's mandatory supply obligation) cannot be read to include the supposed unstated limitation. *Netlist Inc. v. Samsung Elecs. Co.*, 2021 WL 7186853, at *5 (C.D. Cal. Oct. 14, 2021).

**<u>Samsung I</u>**. Samsung asserted a license defense in the first Samsung case before this Court

(Case No. 21-cv-00463; "*Samsung I*") on the ground that the license grant in the JDLA is broad: "The plain language of the JDLA unambiguously *licenses all semiconductor products except Foundry Products and is not limited to the Joint Development Project*." *Samsung I*, Dkt. 290 at 1 (emphasis added). Like the supply clause, the license grant makes no reference to the joint development project:

███████████████████████████████████████████████████████████

███████████████████████. On April 5, 2023, this Court held—consistent with the Central District's holding—that "Samsung had a license until July 15, 2020," i.e., the date on which Netlist terminated the JDLA, and after that, it had no license. *Samsung I,* Dkt. 432 at 2.

**The Ninth Circuit Appeal.** In its Ninth Circuit appeal, Samsung reversed course. Whereas Samsung told this Court that the license grant was broad, Samsung made the opposite argument to the Ninth Circuit. To support its argument that the key provisions of the JDLA are implicitly limited to the joint development project specifically, Samsung's counsel cited the JDLA's fourth recital, which states, "███████████████████████████████████████████████████████

████████████████████████████████████. According to Samsung, this showed that the license grant was specifically limited to the joint development project: "***The licenses are being given in connection with the collaboration. That's the joint development project.***" Dkt. 196-03 (9th Cir. HT) at 15:20-21 (emphasis added). In other words, Samsung's argument to the Ninth Circuit was that the JDLA provisions that do not expressly refer to the joint development project should still be interpreted as being limited to that project in light of recital four.

Samsung partially succeeded. In an unpublished 2-1 decision, the majority upheld multiple rulings of the Central District but reversed the grant of summary judgment on the supply clause. *Netlist*, 2023 WL 6820683, at *2 ("Read as an integrated whole, however, the contract's apparent

purpose as derived from its title, structure, and related provisions make § 6.2 'reasonably susceptible of more than one interpretation.'"); *id.* at *4 ("Finding no support in the terms of the agreement, the majority's decision settles on the recitals as the basis for its finding that § 6.2 is ambiguous.") (Desai, J., dissenting).

While Samsung succeeded in securing a reversal, its argument that the license grant is narrow in scope means that its license defense in *Samsung I* and the present case necessarily fails. The JDLA defines the Joint Development Product as NVDIMM-P. Dkt. 196-02 (JDLA) at § 2 (incorporating Appx. A, defining collaboration as "NVDIMM-P")). The Accused Products in this case (DDR4 LRDIMMs and RDIMMs) and in *Samsung I* (DDR4 LRDIMMs, DDR5 SODIMMs, UDIMMs, RDIMMs, and HBMs) are not licensed because none of them are NVDIMM-P. Samsung's corporate representative admitted that ████████████████████████████████████████.

**Samsung's Motion for a Protective Order.** This action was filed on August 1, 2022, and it is set for trial on April 15, 2024. The accused products are DDR4 LRDIMMs and RDIMMs (the "Accused Products"). Fact discovery is set to close on November 20, 2023, and the Deadline to Substantially Complete Document Production was on August 24, 2023. Dkts. 55 at 4, 205 at 3.

Samsung has asserted an "express license" affirmative defense in this action. Dkt. 145 at 24-27. Samsung asserted that the JDLA covers the Accused Products:

> Netlist granted SEC and its subsidiaries, including SSI, a perpetual, paid-up, worldwide, non-exclusive license to all patents owned or controlled by Netlist or any of its subsidiaries having an effective first filing date on or prior to November 12, 2020. All of the Patents-In-Suit have effective first filing dates prior to November 12, 2020. The license extends through the expiration of the last to expire of the licensed patents.

*Id.* at 25. Samsung also alleges that the JDLA was improperly terminated:

> SEC maintains that it did not breach the Agreement, that the Agreement has not been terminated, and that it continues to hold a paid-up, worldwide, non-exclusive license to Netlist's patents, including the Patents-In-Suit.

*Id.* at 27. Despite the question of the scope and termination of the JDLA being squarely before this

Court based on Samsung's license defense, Samsung now—incredibly—attempts to block Netlist from taking discovery on this topic. Shortly after filing its motion to stay, Samsung filed its motion for a protective order and then unilaterally refused to provide any further discovery on its license defense under the JDLA, thus choosing to grant itself a de facto stay.

At the same time, however, Samsung has propounded discovery on Netlist regarding both the JDLA's termination and the scope of the JDLA's license grant. For example, Samsung's 30(b)(6) notice included the following topics: "All facts and circumstances relating to the Joint Development and License Agreement ('JDLA') entered into as of November 12, 2015 between Netlist and Samsung, including the negotiation, performance, alleged breach, and purported termination of the JDLA" (Topic 49); "The factual basis pertaining to Your contention that any of the Accused Products were not licensed products under the 2015 JDLA to Netlist's termination of the agreement on July 15, 2020" (Topic 51); and "Any valuations, financial analyses or patent analyses for the patents licensed under the JDLA" (Topic 52). Ex. 1 at 13. Similarly, Samsung's second set of requests for admissions contains five requests specifically relating to the JDLA's license scope in support of Samsung's license defense, including "Admit that by definition in the JDLA, 'Netlist's Licensed Patents' included the Asserted Patents" (RFA 22) and "Admit that by definition in the JDLA, 'Samsung's Licensed Products' include the Accused Products" (RFA 23). Ex. 2 at 3-4. Samsung's Motion—calling for the imposition of a stark double standard—should not be granted.

## III.   <u>ARGUMENT</u>

Contrary to Samsung's assertion, the state court "dominant jurisdiction" rule has nothing to do with this motion. It is well-settled law that "[a] claim . . . under federal question jurisdiction is governed by federal procedural law[.]" *Arnold v. Garlock Inc.*, 288 F.3d 234, 237 (5th Cir. 2002) (citing Fed. R. Civ. P. 8(c)). The governing standard is under Rule 26 of the Federal Rules of Civil Procedure. Rule 26 allows a party to obtain discovery regarding any subject relevant to the claim or defense of

any party. Fed. R. Civ. P. 26(b)(1); L.R. 26(d). A discovery stay is "the exception rather than the rule." *James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson Cty.*, 2020 WL 4365595, at *1 (E.D. Tex. July 29, 2020). Samsung merely argues for a stay in this case in favor of the Central District, but fails to make any showing under Rule 26.  Its Motion should be denied for the following reasons.

**First**, Samsung's request that this case be stayed in favor of the Central District action mischaracterizes the scope of issues before the Central District in a bald attempt to escape consequences in East Texas. *See* Dkt. 196 at 4-11. The Central District action is only deciding the issue of JDLA termination for Samsung's undisputed breach of its supply obligation. In contrast, this Court is deciding infringement and both aspects of Samsung's *entire* license defense, i.e., whether the license was properly terminated for Samsung's undisputed breach of its supply obligation, and whether, regardless of termination, the products at issue in this case are the NVDIMM-P products falling within the narrow license that Samsung argued for at the Ninth Circuit. This Court is thus the ***only*** court that can decide the entire dispute between the parties. *See* Dkt. 196 at 11-14.

Samsung does not want to address its licensing defense in this Court.  In California, Samsung can continue to argue (and proffer witness testimony) that, regardless of whether clauses in the JDLA actually reference the joint development project and product, they are still limited to it.  In doing so, Samsung can pursue the "win" it wants in California, namely, that its supply obligation (which says nothing about the joint development project or product) is limited to the joint development project and product, without facing the downside of that argument—which is that the license, too, is limited to the joint development project and product. Samsung knows it cannot pull that off here because the same judge/jury deciding the termination issue will also be deciding the license breadth issue. Samsung would naturally prefer to maintain a prejudicial tactical advantage by telling one court/jury one thing and another court/jury another thing. But that is not a basis for granting a stay of this action or stopping the collection of relevant discovery; it is precisely the opposite. *See Saint Lawrence Comms. v.*

- 6 -

*ZTE Corp.*, Case No. 2:15-CV-349-JRG, 2017 WL 3396399, at *1 (E.D. Tex. Jan. 17, 2017) (stay factors include "whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party").

**Second**, Samsung argues that even if this Court denies its motion to stay this action, the Court should, in the alternative, not permit Netlist to take discovery into the JDLA or Samsung's license defense. Mot. at 7. But Samsung neglects to inform this Court that, as detailed above, Samsung has itself propounded such discovery, including multiple RFAs and 30(b)(6) topics, and has done so after making this motion. In other words, while Samsung pretends that discovery regarding the JDLA and its license defense is somehow "burdensome and duplicative" when Netlist seeks it, the same is apparently not "burdensome and duplicative" when Samsung seeks it. That, of course, makes no sense. Moreover, as Samsung well knows, JDLA issues in this case overlap with numerous other issues that were not explored in the Central District action (again, which only deals with the scope of Samsung's product supply obligation and Netlist's termination following Samsung's undisputed cessation of product supply).

**Third**, while a discovery stay would prejudice Netlist, denying a stay will not harm Samsung. *Lipham Constr. Co., Inc. v. Lipham*, 2015 WL 11110964, at *2 (N.D. Tex. Apr. 21, 2015) ("[I]f there is a fair possibility that a stay will damage the other party, then the party seeking a stay must show a clear case of hardship or inequity."). Before Samsung filed this motion, Netlist had proposed for weeks that the parties agree to cross use fact witness deposition transcripts from the Central District action. Samsung, however, refused to agree until recently. As a result, the parties have now agreed not to take certain witnesses' depositions in this case (Samsung: JB Kim and PK Hong; Netlist: Indong Kim and Hojung Kim), and that Samsung witnesses Hyun Ki Ji can be deposed if the Court denies this motion. The remaining discovery on these issues will thus be limited in scope, mooting a significant part of Samsung's already meritless motion.

Dated: November 14, 2023

Respectfully submitted,

/s/ *Jason Sheasby*
Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on November 14, 2023, a copy of the foregoing was served to all counsel of record.

/s/ Yanan Zhao
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ Yanan Zhao
Yanan Zhao