UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>            Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>            Defendants. | Civil Case No. 2:22cv00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>            Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>            Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S RESPONSE TO NETLIST'S
MOTION FOR PROTECTIVE ORDER REGARDING
NETLIST'S FORMER IN-HOUSE COUNSEL (DKT. 199)**

████████████████

**TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................... 1

II.    FACTUAL BACKGROUND ..................................................................................... 1

    A.    Mr. Whitley and Mr. Frechette Have Unique Knowledge Relevant to this Litigation ......................................................................................................... 1

    B.    Netlist Will Not Provide the Requested Discovery Through Other Means ............ 2

III.   ARGUMENT ............................................................................................................ 3

    A.    Samsung's Requested Depositions Are Necessary Because Mr. Whitley and Mr. Frechette Have Unique, Highly Relevant Knowledge ........................................... 3

    B.    Samsung's Requested Depositions Are Appropriate Because Samsung Cannot Gather the Discovery Through Other Means ........................................................... 6

IV.    CONCLUSION ........................................................................................................ 7

███████████████████████████

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Gen. Motors LLC*,
   No. 1:12-CV-00582, (E.D. Tex. June 19, 2014)............................................................................7

*Charles E. Hill & Assocs., Inc. v. ABT Elecs., Inc.*,
   854 F. Supp. 2d 427, (E.D. Tex. 2012) ....................................................................................4

*EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*,
   No. 6:09-CV-116, (E.D. Tex. Jan. 5, 2011)...............................................................................7

*Theriot v. Parish of Jefferson*,
   185 F.3d 477 (5th Cir. 1999) ....................................................................................................6

*Tinnus Enters., LLC v. Telebrands Corp.*,
   No. 6:16-CV-00033, 2018 WL 11351326 (E.D. Tex. Dec. 17, 2018) ......................................6

**Other Authorities**

Fed. R. Civ. P. 26(e)(1)................................................................................................................5

**TABLE OF ABBREVIATIONS**

| Abbreviation | Meaning |
|---|---|
| C.D. Cal. | U.S. District Court for the Central District of California |
| JDLA | Joint Development and License Agreement |
| LRDIMM | Load Reduced Dual In-line Memory Module |
| *Netlist/Samsung EDTX1* | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463 (E.D. Tex.) |
| RDIMM | Registered Dual In-line Memory Module |

████████████████████████

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| A | Excerpts from Samsung's Oct. 13, 2023 Amended Initial and Additional Disclosures |
| B | Excerpts from Netlist's Nov. 2, 2023 Objs. and Resps. to Samsung's 30(b)(6) N.O.D. |
| C | Excerpts from the "Strategic Product Supply and License Agreement" between Netlist Inc. and SK hynix Inc. (NETLIST_SAMSUNG_EDTX00037749) |

██████████████████████████

## I.    INTRODUCTION

Mr. Noel Whitley and Mr. Marc Frechette have unique information that is highly relevant to this case regarding licensing of the asserted patents.  Mr. Whitley and Mr. Frechette are Netlist's former in-house counsel from the period of the SK hynix litigation and (in the case of Mr. Frechette) the alleged termination of the JDLA.  Samsung has repeatedly sought discovery into Netlist's negotiations with SK hynix, at least because Netlist has argued that this information is necessary for a reliable apportionment analysis.  *See, e.g.*, Dkt. 139 at 1.  However, Netlist has attempted to block Samsung's efforts at every turn.  *See generally* Dkt. 139; Dkt. 142; Dkt. 158.  Netlist's offer to provide a corporate representative to testify about its licensing practices is inadequate.  Netlist has not agreed to provide a witness on the negotiation of the SK hynix agreement, nor would any corporate representative have the same unique knowledge as Mr. Whitley or Mr. Frechette, who were directly involved in (and in the case of Mr. Whitley, testified during) the litigation against SK hynix.  Netlist's motion should be denied.

## II.    FACTUAL BACKGROUND

### A.    Mr. Whitley and Mr. Frechette Have Unique Knowledge Relevant to this Litigation

Mr. Noel Whitley was Netlist's Vice President of Intellectual Property and Licensing from 2013 to 2019.  Mot. at 1.  During that time, Netlist initiated several lawsuits and investigations against SK hynix in district court and the International Trade Commission.  Dkt. 158, § II.  Netlist accused SK hynix's DDR4 LRDIMM and RDIMM products (the same categories of products at issue in this case) of infringing patents related to those at issue in this case.  *Id*.  As part of that litigation, Mr. Whitley testified on behalf of Netlist in ITC Inv. No. 337-TA-1023, discussing Samsung's license to Netlist's patent portfolio through the JDLA (which Samsung and Netlist entered when Mr. Whitley was VP of IP and Licensing).  *Id*.; *see*

1

███████████████████████████████████

*also* Dkt. 187-2.  Netlist has refused to produce Mr. Whitley's deposition and trial transcripts

from the SK hynix litigation, forcing Samsung to file a motion to compel.  Dkt. 158.

Mr. Marc Frechette was Netlist's Chief Licensing Officer from 2019 to 2021.  Mot. at 1.

Mr. Frechette held that position when Netlist and SK hynix signed the Strategic Product Supply

and License agreement ████████, which Samsung contends is a comparable license.  Dkt.

158-1, ¶ 2.  In fact, it was Mr. Frechette ████████████████.  Ex. C. at 2.

Further, as explained in Samsung's initial disclosures, █████████████████████

████████████████.  Ex. A at 8.

### B.    Netlist Will Not Provide the Requested Discovery Through Other Means

In *Netlist/Samsung EDTX1*, Netlist successfully convinced this Court to preclude

Samsung's expert from offering an apportionment analysis related to the SK hynix agreement

because he allegedly failed to analyze the value the parties to the agreement assigned to

particular patents in Netlist's portfolio.  In light of Netlist's arguments and the Court's ruling,

Samsung has pursued discovery into the value the parties placed on particular patents in Netlist's

portfolio.  After Netlist refused to provide the discovery, Samsung moved to compel.  *See* Dkt.

139.  Samsung also sought any unique information in SK hynix's possession, custody, or control

through a subpoena, *see* Dkt. 159; however, Netlist moved for a protective order to prevent

Samsung from obtaining the documents SK hynix collected, *see* Dkt. 142; Dkt. 159.  Netlist also

refused to produce the transcripts of Netlist's employees from the SK hynix litigation, including

the testimony of Mr. Whitley, forcing Samsung to move to compel.  Dkt. 158.

Samsung also served discovery requests in this case targeted at information about

Netlist's negotiations with SK hynix.  For example, Topic No. 55 of Samsung's 30(b)(6) notice

of deposition to Netlist seeks information about the "negotiations and ultimate license between

████████████████████████████████████

Netlist and SK Hynix . . . , including disclosed claim charts, identification of licensed products, patent valuations, and other negotiations related to that agreement." Ex. B at 57. Netlist responded that it "████████████████████████████████████████████████

█████████████████████████████████████████████████," Ex. B at

58, ███████████████████████████████████████████

███████ .

## III.    ARGUMENT

The Court should deny Netlist's motion for a protective order, which seeks to prevent Samsung from taking the deposition of individuals with unique knowledge that is highly relevant to Samsung's damages theories.

### A.    Samsung's Requested Depositions Are Necessary Because Mr. Whitley and Mr. Frechette Have Unique, Highly Relevant Knowledge

Mr. Whitley and Mr. Frechette have unique, relevant knowledge about the SK hynix license and the JDLA.

*First*, Mr. Whitley and Mr. Frechette's unique knowledge about the SK hynix agreement is highly relevant to Samsung's damages case in view of Netlist's prior arguments about negotiations. In *Netlist/Samsung EDTX1*, Netlist argued Samsung's expert failed to consider the "value . . . SK hynix put" on the asserted patents when negotiating a license to Netlist's patent portfolio, thereby making his opinions regarding the comparability of the license unreliable. *Netlist/Samsung EDTX1*, Dkt. 426 at 230:21. Mr. Whitley and Mr. Frechette were in-house counsel during the SK hynix litigation and intimately involved in Netlist's litigations against SK hynix that resulted in the license to Netlist's patent portfolio. Mot. at 4. However, Samsung is not seeking discovery into litigation strategy, decision-making, or preparations, as Netlist suggests. *Contra* Mot. at 4 ("For example, both were extensively involved in litigation strategy

3

███████████████████████████████████

decision-making, meeting with witnesses, reviewing outside counsel's work product, and deposition or trial preparation."). Rather, Samsung is seeking Mr. Whitley and Mr. Frechette's unique knowledge about their negotiations with SK hynix and any facts relating to the value the parties placed on the patents in Netlist's portfolio, which is relevant in view of Netlist's arguments.[1] To the extent Mr. Whitley and Mr. Frechette discussed particular Netlist patents with SK hynix, Samsung is entitled to know that information, including whether the parties discussed the value of those patents. Samsung has sought discovery from Netlist about these facts, but Netlist has refused to comply with Samsung's requests or blocked its efforts to discover them from others. *See generally* Dkt. 139; Dkt. 142; Dkt. 158.

Even if Netlist agreed to provide information about its negotiations with SK hynix, Samsung would still be entitled to the information in Mr. Whitley and Mr. Frechette's possession. Mr. Whitley and Mr. Frechette are likely the most knowledgeable about these topics. Mr. Whitley was involved in Netlist's enforcement efforts concerning SK hynix and even testified on behalf of Netlist in an ITC investigation against SK hynix (including testimony about the JDLA between Netlist and Samsung). Dkt. 158, § II. Moreover, Mr. Frechette was Chief Patent Counsel when Netlist and SK hynix settled their litigation, and ████████████████████ ████████████████. The fact that Netlist designated a corporate representative, generally, on

---

[1] Information about license negotiations is discoverable where "settlement communications are likely to be key in determining whether the settlement agreements accurately reflect the inventions' value or were strongly influenced by a desire to avoid or end full litigation." *Charles E. Hill & Assocs., Inc. v. ABT Elecs., Inc.*, 854 F. Supp. 2d 427, 429-30 (E.D. Tex. 2012) (citing *Clear with Computs., LLC v. Bergdorf Goodman, Inc.*, 753 F. Supp. 2d 662, 664 (E.D. Tex. Nov. 29, 2010)). As outlined in Samsung's motion to compel, Dkt. 139, and response to Netlist's motion for protective order regarding discovery from SK hynix, Dkt. 159, Netlist put the relevance of these negotiation materials at issue in *Netlist/Samsung EDTX1* by arguing they were necessary for a reliable apportionment analysis.

███████████████████████████████████████████████

licensing topics does not mean Samsung is not also entitled to depose these two individuals with

key knowledge of a highly relevant agreement.

**Second**, Mr. Whitley and Mr. Frechette possess information about the JDLA between

Netlist and Samsung, which Samsung contends is relevant to damages as a comparable license

and provides a complete defense against alleged infringement.  Samsung has moved to stay this

case pending the resolution of Netlist's allegation that it terminated the JDLA and has moved for

a protective order regarding discovery related to the alleged breach and termination of the JDLA.

*See* Dkt. 187; Dkt. 193.  However, to the extent that the Court denies Samsung's motion and

permits discovery into the alleged breach and termination of the JDLA, Mr. Whitley and Mr.

Frechette possess unique knowledge about these issues as well.  For example, during the SK

hynix ITC investigation, Mr. Whitley testified that, ████████████████████████████

███████████████████████████████████.  Dkt. 158-1, ¶ 7.  Mr. Frechette was

involved in the communications between Netlist and Samsung relating to the alleged termination

of the JDLA, as set forth in Samsung's initial disclosures and answer.[2]  Ex. A at 8; Dkt. 145 at

25.

---

[2] Netlist is incorrect that neither party has identified Mr. Whitley or Mr. Frechette in their
initial disclosures or as having knowledge relevant to this action.  Mot. at 4.  On page 8 of
Samsung's initial disclosures (which Netlist did not include as part of its exhibit), Samsung notes
that Mr. Frechette was Netlist's Chief Licensing Officer and, as described, is knowledgeable
about the facts and circumstances surrounding the parties' JDLA.  Ex. A at 8.  Samsung also
raised the relevance of these witnesses in many other instances, including during the parties'
discussions regarding depositions and in Samsung's Motion To Compel Production of
Testimony from Netlist's Prior Litigations Against SK hynix.  Dkt. 158 at 3 (explaining that Mr.
Whitley testified about the JDLA and Samsung's license to Netlist's portfolio during the SK
hynix ITC investigation).  Even so, parties can and routinely do amend initial disclosures to add
individuals who, through the discovery process, are revealed to have relevant knowledge.  Fed.
R. Civ. P. 26(e)(1).  To that end, Samsung will amend its initial disclosures to explicitly list
Messrs. Whitley and Frechette.  Moreover, it is irrelevant that neither party identified these
individuals in the C.D. Cal. case.  *Contra* Mot. at 4.  For example, that case did not involve

███████████████████████████████████████████

**B.   Samsung's Requested Depositions Are Appropriate Because Samsung Cannot Gather the Discovery Through Other Means**

There is no prohibition on seeking testimony from in-house counsel, particularly where they possess unique information.  Rather, in-house counsel routinely testify in depositions and at trial.  For example, SK hynix deposed Mr. Whitley, and he testified on behalf of Netlist in ITC Inv. No. 337-TA-1023 (although Netlist refuses to produce those transcripts in this case).  Dkt. 158 at 3.  As another example, on November 8, 2023, Netlist took the deposition of Samsung's licensing witness, Mr. Junseon Yoon, who is a Korean patent attorney and part of Samsung's in-house team.  Netlist even made its current patent counsel, Mr. Tobin Hobbs, available for deposition.  However, Mr. Hobbs testified regarding patent prosecution—not licensing negotiations.  Moreover, Mr. Hobbs was not counsel for Netlist during the key periods of the JDLA and SK hynix agreement (as he started at Netlist in 2021).  Rather, it is Mr. Whitley and Mr. Frechette who posses information about Netlist's licensing practices at the time of those agreements.

The cases on which Netlist relies do not counsel precluding the deposition of Messrs. Whitley and Frechette, because in each case, the moving party sought the deposition of trial counsel or in-house counsel involved in the litigation in which the deposition was sought, and alternative means were available.  *See, e.g.*, *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999) (upholding decision not to allow the deposition of trial counsel because the plaintiff had a wealth of other evidence on which to rely); *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:16-CV-00033, 2018 WL 11351326, at *1, *2 (E.D. Tex. Dec. 17, 2018) (granting

---

reasonable royalty damages, such that testimony about the patents featured in the parties' negotiations would not have the same relevance it does here in light of Netlist's arguments in *Netlist/Samsung EDTX1*.

motion to quash the deposition notice of trial counsel where the defendants could have, but failed to raise the issue on which they wanted a deposition during discovery); *EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. 6:09-CV-116, Dkt. 321 at 2 (E.D. Tex. Jan. 5, 2011) (granting the defendant's motion for a protective order regarding its general counsel but ordering it "to provide 30(b)(6) representatives to testify" on the information the plaintiff sought from the general counsel); *Affinity Labs of Texas, LLC v. Gen. Motors LLC*, No. 1:12-CV-00582, Dkt. 129 at 5-6 (E.D. Tex. June 19, 2014) (denying a request for deposition of in-house counsel involved in the underlying litigation, where the moving party already had the benefit of the chief intellectual property counsel on the same topics).

Unlike the cases on which Netlist relies, Netlist has frustrated Samsung's attempts to gather this evidence by other means. Netlist has refused to provide the requested discovery itself (including withholding deposition transcripts from prior cases) and has blocked SK hynix from providing information about its negotiations with Netlist. *See* Dkt. 139; Dkt. 158; Dkt. 142. It has not agreed to designate a corporative representative on negotiations between Netlist and SK hynix. Ex. B at 58. Thus, the depositions of Messrs. Whitley and Frechette are highly relevant, and the knowledge they possess has not been made available by other means.

## IV.     CONCLUSION

Accordingly, Netlist's motion for a protective order should be denied, and Samsung should be permitted to take the depositions of Messrs. Whitley and Frechette.


Date: November 20, 2023                             Respectfully submitted,

                                                    */s/ Daniel A. Tishman*

Melissa Richards Smith                              Ruffin B. Cordell
melissa@gillamsmith.com                             TX Bar No. 04820550
GILLAM & SMITH, LLP                                 cordell@fr.com

███████████████████████

303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

████████████████████████████████████████████RDER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 20, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Daniel A. Tishman*

████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████

█████████████████