UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>Defendants. | Civil Case No. 2:22cv00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION TO COMPEL THE DEPOSITION OF DR. JAMIE ZHENG**

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1
II. FACTUAL BACKGROUND .............................................................................................. 1
    A. Dr. Zheng Was the Prosecuting Attorney for the '608, '215, and '417 Patents ..... 1
    B. Samsung Has Presented an Inequitable Conduct Defense and Netlist Has Alleged an Early Conception Date for the '608 Patent ........................................... 1
    C. Netlist's Counsel Would Not Accept Service on Dr. Zheng's Behalf .................... 2
    D. Netlist Informed Samsung of Its Representation of Dr. Zheng Only After Samsung Spent Weeks Trying To Serve Dr. Zheng ................................................ 2
    E. Netlist's Refusal To Schedule a Deposition Without Artificial Limits ................. 3
III. LEGAL STANDARD .......................................................................................................... 4
IV. ARGUMENT ........................................................................................................................ 4
    A. Dr. Zheng's Deposition Is Necessary ..................................................................... 5
    B. Samsung Provided Adequate Notice for Dr. Zheng's Deposition .......................... 6
    C. Netlist's Artificial Limits on the Deposition Are Not Warranted ........................... 6
V. CONCLUSION ..................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gaedeke Holdings VII, Ltd. v. Mills*,
  No. 3:15-MC-36-D-BN, 2015 WL 3539658 (N.D. Tex. June 5, 2015) ...................................4

*Hickman v. Taylor*,
  329 U.S. 495 (1947) .......................................................................................................4

*United States v. Holley*,
  942 F.2d 916 (5th Cir. 1991) ..........................................................................................3

*Wiwa v. Royal Dutch Petroleum Co.*,
  392 F.3d 812 (5th Cir. 2004) ..........................................................................................4

**Other Authorities**

Fed. R. Civ. P. 26(b)(1)......................................................................................................4

Fed. R. Civ. P. 37(a) .........................................................................................................4

Fed. R. Civ. P. 45(c)(1)......................................................................................................4

Fed. R. Civ. P. 45(g) .........................................................................................................4

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| *Netlist I* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| Exhibit A | Declaration of Daniel A. Tishman |

**I.  INTRODUCTION**

Dr. Jamie Zheng was the prosecuting attorney for three of the four asserted patents, and Netlist's counsel (who also represents Dr. Zheng) has improperly refused to allow her to sit for a deposition unless Samsung agrees to overly restrictive conditions. As the prosecuting attorney for three asserted patents—one of which is the subject of Samsung's inequitable conduct defense related to failure to disclose material prior art—Dr. Zheng's relevance is without question. Accordingly, Samsung respectfully moves for an order compelling her deposition.[1]

**II.  FACTUAL BACKGROUND**

**A.  Dr. Zheng Was the Prosecuting Attorney for the '608, '215, and '417 Patents**

Dr. Zheng served as Netlist's in-house patent counsel from 2012 through 2015, after which she continued to represent Netlist as its outside patent counsel. While representing Netlist, Dr. Zheng prosecuted U.S. Patent Nos. 10,268,608 ("the '608 patent"); 9,858,215 ("the '215 patent"), and 11,093,417 ("the '417 patent"). Dr. Zheng is listed as the filer and signatory for these three asserted patents. *See* Ex. A (Tishman Decl.), ¶ 1. Today, Netlist's website describes Dr. Zheng as "Executive Advisor Intellectual Property," and explains that she has been "counseling Netlist on its patent matters for almost a decade." *Id.*, ¶ 2.

**B.  Samsung Has Presented an Inequitable Conduct Defense and Netlist Has Alleged an Early Conception Date for the '608 Patent**

Samsung has asserted an inequitable conduct defense related to the '608 patent to which Dr. Zheng is directly related. *See* Dkt. 145 at 37-44. Specifically, Samsung contends that those involved in the prosecution of the '608 patent intended to deceive the Patent Office by withholding relevant, material prior art, including but not limited to documents related to

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the parties and Dr. Zheng's counsel have stipulated that this motion to compel can be presented here, where the underlying litigation is pending.

1

JEDEC's JESD82-32 standard. *Id.* As the prosecuting attorney for the '608 patent, Dr. Zheng has knowledge of disclosures made to the Patent Office and decisions related to why the prior art in question was not disclosed to the Patent Office, and is a person with a duty to disclose information material to patentability. *See* 37 CFR § 1.56(a) ("Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section."); *id.* § 1.56(c)(2) ("Individuals associated with the filing or prosecution of a patent application within the meaning of this section are: . . . Each attorney or agent who prepares or prosecutes the application; . . . .").

Additionally, Netlist has alleged that the '608 patent is entitled to an October 12, 2011 priority date based on 15 videos and interview notes taken by prosecution counsel of one of the inventors, Dr. Hyun Lee. *See* Ex. A, ¶ 3.

### C. Netlist's Counsel Would Not Accept Service on Dr. Zheng's Behalf

On October 9, 2023, Samsung asked Netlist's counsel whether it represented Dr. Zheng, and would accept service of a subpoena on her behalf, as it did in the *Netlist I* case. Ex. A, ¶ 4. On October 13, 2023, Netlist's counsel informed Samsung that it did "not have authority to accept service of [a] subpoena on her behalf," and advised that it would advise whether it represents her "should Samsung serve the subpoena on her." *Id.*

### D. Netlist Informed Samsung of Its Representation of Dr. Zheng Only After Samsung Spent Weeks Trying To Serve Dr. Zheng

Following Netlist's counsel's refusal to accept service on behalf of Dr. Zheng, Samsung began attempting to serve Dr. Zheng in person. Samsung made a first, unsuccessful service attempt on October 16, 2023, at Dr. Zheng's current place of work. Ex. A, ¶ 5. On October 18, 2023, Samsung asked Netlist's counsel for contact information for Dr. Zheng, but Netlist's

2

counsel did not respond. *Id.* On October 31, 2023, Netlist's counsel informed Samsung that it maintained its objections to Samsung's notice of subpoena on Dr. Zheng, but did not provide any update regarding whether it represented Dr. Zheng and could accept service on her behalf. On that same day, Samsung made a second unsuccessful attempt to serve Dr. Zheng in person. Finally, on November 2, 2023, Samsung successfully served Dr. Zheng. *Id.* On November 9, 2023, after Samsung's extensive efforts serve Dr. Zheng in person over a period of three weeks and after initially refusing to accept service on her behalf, Netlist's counsel informed Samsung that it does, in fact, represent Dr. Zheng. *Id.*, ¶ 6.

### E. Netlist's Refusal To Schedule a Deposition Without Artificial Limits

After informing Samsung of its representation of Dr. Zheng, Netlist's counsel stated that it would not provide Dr. Zheng for a deposition on the noticed date and would instead move for a protective order to prevent her deposition. Ex. A, ¶ 7. The parties met and conferred on November 13, 2023, and Netlist's counsel requested that Samsung provide a specific explanation of the subject matter of Dr. Zheng's deposition, which Samsung provided the following day. Ex. A, ¶ 8. On November 16, 2023, Samsung explained that Netlist's counsel must either provide a deposition date for Dr. Zheng, or move for a protective order, or else Samsung would have no choice but to move to compel. *Id.*, ¶ 9. Netlist responded that it would provide Dr. Zheng for only four hours, a week after the close of fact discovery, and only if Samsung agreed to limit the deposition to Samsung's inequitable conduct defense for the '608 patent. *Id.*, ¶ 10. Samsung replied that, although it does not expect Dr. Zheng's deposition to exceed four hours, it could not agree to the time limit due to the possibility of unexpected exigencies. Samsung also explained that it would be improper to limit the deposition to a particular scope. For example, Samsung explained that, as the prosecuting attorney for the '215 and '417 patents, Dr. Zheng may have

3

information relevant to those patents as well. *Id.* Netlist's counsel continues to maintain its limitations on Dr. Zheng's deposition.

## III. LEGAL STANDARD

Rule 26 broadly allows a party to obtain discovery regarding any subject relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1); L.R. 26(d). "The deposition-discovery rules are to be accorded a broad and liberal treatment." *United States v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). District courts may, where appropriate, order a person or party to participate in necessary depositions. Fed. R. Civ. P. 37(a). They may also hold in contempt a person who fails to obey a subpoena or an order related to it. Fed. R. Civ. P. 45(g).

Under Fed. R. Civ. P. 45(c)(1), a subpoena may command a person to attend a deposition. The limits of discovery through a subpoena are based on the relevancy of the testimony sought to a party's claims or defenses. *Gaedeke Holdings VII, Ltd. v. Mills*, No. 3:15-MC-36-D-BN, 2015 WL 3539658, at *3 (N.D. Tex. June 5, 2015) (explaining "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party"). "Whether [a requesting party's] discovery requests [to a non-party served with a subpoena] are relevant thus turns on whether they are reasonably calculated to lead to evidence admissible as to [its] claims or defenses against its opponent in the underlying case." *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004) (internal quotation marks omitted)).

## IV. ARGUMENT

Dr. Zheng's (and Netlist's) counsel's refusal to make her available for a deposition without overly restrictive conditions is unjustifiable and prejudicial. Dr. Zheng possesses relevant and unique knowledge on the prosecution of the '608 patent and other asserted patents,

4

which is relevant to not only Samsung's inequitable conduct allegations, but also Samsung's invalidity theories and rebuttal to Netlist's claim for an early priority date.

### A. Dr. Zheng's Deposition Is Necessary

Dr. Zheng's deposition is necessary because she is a highly relevant witness in this litigation. Dr. Zheng was the prosecuting attorney for the '608 patent, '215 patent, and '417 patent. This fact makes her a facially relevant witness—particularly for the '608 patent for which Samsung maintains an inequitable conduct defense and for which Netlist maintains an argument that it was conceived prior to its provisional date. For example, Dr. Zheng has relevant and unique knowledge about the prior art to which she and Netlist had access during the prosecution to the '608 patent, and all disclosures made to the Patent Office related to the '608 patent. Samsung will be unable to obtain this information from other witnesses. In fact, Samsung tried to obtain much of this information from Mr. Tobin Hobbs, who was designated as Netlist's 30(b)(6) witness on topics related to the prosecution of the asserted patents, but Mr. Hobbs testified that he did not know about the disclosures related to the '608 patent because the disclosures predated his time at Netlist. Ex. A, ¶ 11. Mr. Hobbs also testified that outside counsel, like Dr. Zheng, is intimately involved in disclosure decisions for Netlist:



*Id.* As a person with a duty to disclose prior art, and with the ultimate call on what prior art to disclose, Dr. Zheng's knowledge and testimony is highly relevant—indeed, it is perhaps the most relevant testimony available regarding inequitable conduct for the '608 patent (other than

5

███████████████████████████

possibly the testimony of Dr. Hyun Lee, who Netlist's counsel also refuses to make available for a deposition, forcing Samsung to file a motion to compel, *see* Dkt. 202).

Furthermore, Dr. Zheng is likely to have relevant and unique knowledge about 15 videos and interview notes involving the named inventor, Dr. Hyun Lee's alleged conception and disclosure of the '608 patent. ████████████████████████████

████████████████████████████████████████████

████████████████████████

### B. Samsung Provided Adequate Notice for Dr. Zheng's Deposition

Samsung provided adequate notice for Dr. Zheng's deposition. Samsung was diligent in its efforts to serve Dr. Zheng in spite of Netlist's refusal to accept service of her subpoena or provide her last-known contact information. When Netlist informed Samsung that it did not represent Dr. Zheng, despite representing her in *Netlist I*, Samsung made immediate attempts to serve Dr. Zheng in person. Samsung continued these efforts for three weeks, while Netlist refused to provide contact information or accept service on her behalf. Only after Samsung was successful in serving Dr. Zheng did Netlist's counsel inform Samsung that it represented Dr. Zheng. Ex. A, ¶ 6. Netlist's counsel then threatened to move for a protective order if Samsung did not change the deposition date and provide an explanation of why Samsung believes Dr. Zheng's testimony is relevant. Samsung agreed to change the noticed deposition date and provided information about Dr. Zheng's relevance. Netlist's counsel continued to refuse to make her available for a deposition, unless Samsung would agree to narrow the deposition to four hours and limit it in scope. *Id.*, ¶ 10.

### C. Netlist's Artificial Limits on the Deposition Are Not Warranted

Netlist seeks to impose unwarranted limits on Dr. Zheng's deposition, including conditioning Dr. Zheng's deposition on a four-hour limit, and a limitation on scope to inequitable

6

conduct for the '608 patent. Although Samsung expects the focus if the deposition to be inequitable conduct for the '608 patent, and does not expect to exceed 4 hours, Samsung explained that such a limitation is unfair because unforeseen exigencies can make it difficult to predict how long a deposition will last, and Samsung is entitled to a full 7 hours on the record if needed. Indeed, Samsung has used less than half of the 85 hours allotted to it in the discovery order, Dkt. 56 at 4-5. Ex. A, ¶ 13.

Further, Samsung is not required to limit the scope of the deposition to inequitable conduct. Samsung does not intend to use the deposition to seek information about which Dr. Zheng has no direct knowledge and Netlist may preserve its claims of attorney-client privilege with an objection, as warranted. However, nothing in the rules permits Netlist to unilaterally impose limits on the subject matter a fact witness may be questioned about. Samsung is entitled to seek information on matters relevant or reasonably calculated to lead to relevant information in this case, including testimony that is relevant to invalidity, or to refute Netlist's attempt to claim an earlier priority date. Samsung respectfully requests that this Court reject Netlist's improper efforts to impose limitations on the deposition of Dr. Zheng beyond those set forth in the discovery order.

## V. CONCLUSION

Samsung respectfully seeks an order compelling the full deposition of Dr. Jamie Zheng.

Date: November 20, 2023

Respectfully submitted,

*/s/ Daniel A. Tishman*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon

7


D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Brian Livedalen
DC Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
Christopher Dryer
D.C. Bar No. 1022460
dryer@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine H. Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Kathryn Quisenberry
TX Bar No. 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300

█████████████████████████████████

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

James Huguenin-Love
MN Bar No. 0398706
huguenin-love@fr.com
FISH & RICHARDSON P.C.
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

███████████████████████████████

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 20, 2023. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Daniel A. Tishman*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on November 13, 2023, with lead and local counsel present, and again on November 20, 2023. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Netlist indicated that they oppose this motion.

*/s/ Daniel A. Tishman*

11