UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>Defendants. | Civil Case No. 2:22cv00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S RESPONSE TO
THE COURT'S ORDER GIVING NOTICE OF
<u>INTENTION TO APPOINT A SPECIAL MASTER</u>**

Pursuant to the Court's order giving notice of intention to appoint a Special Master (Dkt. 231), Samsung does not object to the appointment of a Special Master to address, if necessary and at the appropriate time, the discovery motions pending between Samsung and Netlist. However, as set forth in Samsung's pending motion to stay (Dkt. 187), a stay is the proper way to proceed in light of the Ninth Circuit's remand to the C.D. Cal. for adjudication of the license issues, which, if Netlist fails to carry its burden to show the license was properly terminated, would completely defeat liability here. Indeed, controlling Fifth Circuit precedent requires that this case now be stayed to allow the C.D. Cal. court to do the work that the Ninth Circuit has

1

mandated in its reversal and remand. *See W. Gulf Maritime Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 728-29 (5th Cir. 1985) (finding it was an abuse of discretion for a Texas district court to issue a preliminary injunction on an issue overlapping with a contract dispute pending in an earlier filed New York action).

The license issue remanded to C.D. Cal. is potentially dispositive of this entire case—indeed in *Netlist I* (before the Ninth Circuit reversed the C.D. Cal. judgment) this Court held that Samsung was licensed up to the date of alleged termination decided in the C.D. Cal. judgment. The Ninth Circuit has now reversed and remanded that judgment to C.D. Cal. to finally determine whether the license remains in effect. If Netlist fails to carry its burden in C.D. Cal. to show the license was properly terminated, there will be no need to do anything in this case. There will be no need for discovery, no need for motions including the thirteen discovery motions relating to the *Samsung-Netlist II* case,[1] and no need for trial, save for recognition of the C.D. Cal. judgment that the license remains and this Court's *Netlist I* judgment that the license covers the accused products and asserted patents.

Pursuant to the Ninth Circuit's mandate, C.D. Cal. Judge Scarsi has formally reopened the C.D. Cal. case and set a schedule for rebriefing and hearing on whether summary judgment is appropriate based on the extrinsic evidence in the existing summary judgment record.[2] C.D. Cal.

---

[1] Four of the seventeen discovery motions listed in the Court's notice of intentions to appoint a special master relate to only disputes between Micron and Netlist.

[2] In its November 13, 2023 minute order, the C.D. Cal. court stated it "will proceed consistent with the [Ninth Circuit's] memorandum decision and mandate." *Netlist Inc. v. Samsung Electronics Co., Ltd.*, Case No. 8:20-cv-00993-MCS-ADS, Minute Order, Dkt. No. 341 (C.D. Cal. November 13, 2023). In its November 30, 2023 minute order, issued after the parties filed a Joint Report setting forth their respective positions on the schedule of the case, the C.D. Cal. court stated that it "largely adopts Samsung's proposal to rebrief the remaining issues in the summary judgment proceedings based only on the existing record" and set the following schedule: simultaneous opening briefs due January 8, 2024; simultaneous responsive briefs due January 22, 2024. *Id*. at Dkt. No. 345 (November 30, 2023).

Judge Scarsi set the summary judgment hearing on February 5, 2024, two months before trial in this case. *Netlist Inc. v. Samsung Electronics Co., Ltd.*, Case No. 8:20-cv-00993-MCS-ADS, Minute Order, Dkt. No. 345 (C.D. Cal. November 30, 2023). The C.D. Cal. summary judgment hearing is potentially dispositive of not just this case, but also all patent litigations between Samsung and Netlist, worldwide. Indeed, in litigation between Samsung and Netlist in Delaware, Judge Hall granted Samsung's motion for stay pending the resolution of the C.D. Cal. proceedings, noting "[h]aving considered the totality of the circumstances--including in particular (i) the history and current procedural posture of this case and the related cases in other districts, (ii) that the ongoing proceedings in the Central District of California pertaining to the Netlist/Samsung JDLA have the potential to simplify all or some of the issues in this case, (iii) that a stay would not unduly prejudice Netlist under the particular circumstances here (where Netlist and Samsung at least at one point had a cross-licensing agreement that appears to have covered the patent-in-suit), and (iv) that the Court is unpersuaded that Samsung advanced an inconsistent position before the Ninth Circuit Court of Appeals--the Court concludes that the most appropriate course of action is to stay this case." *Samsung Electronics Co., Ltd. et at. v. Netlist, Inc.*, Case No. 1:21cv1453, Oral Order, Dkt. No. 223 (D. Del. Dec. 1, 2023). Thus, not only is a stay the required course under binding Fifth Circuit law, it is the prudent course to ensure the efficient resolution of the parties' litigations worldwide. That is why Samsung filed its pending motion for stay on an expedited basis, just a week after the Ninth Circuit's decision, and sought expedited briefing. The briefing is now fully complete and before this Court for resolution.

Samsung further notes that one of the discovery motions that the Court seeks to refer to a Special Master is Samsung's motion for a protective order regarding allegations of

breach/termination of the parties' Joint Development and License Agreement (JDLA) (Dkt. 193). That motion seeks a protective order on the basis that allegations of breach/termination of the JDLA must be addressed by the C.D. Cal. court, rather than this Court, under the same controlling Fifth Circuit law that requires the grant of Samsung's motion to stay (Dkt. 187).

Accordingly, although Samsung does not oppose referral of discovery disputes to the Special Master if necessary and at the appropriate time, Samsung reiterates that the Court should now stay this case for the reasons set forth in its pending motion to stay (Dkt. 187).

Date: December 1, 2023                              Respectfully submitted,

                                                    */s/ Francis J. Albert*

Melissa Richards Smith                              Ruffin B. Cordell
melissa@gillamsmith.com                             TX Bar No. 04820550
GILLAM & SMITH, LLP                                 cordell@fr.com
303 South Washington Ave.                           Michael J. McKeon
Marshall, Texas 75670                               D.C. Bar No. 459780
Telephone:  (903) 934-8450                          mckeon@fr.com
Facsimile:   (903) 934-9257                         Lauren A. Degnan
                                                    D.C. Bar No. 452421
Brian R. Nester                                     degnan@fr.com
DC Bar No. 460225                                   Daniel A. Tishman
bnester@cov.com                                     DC Bar No. 1013923
COVINGTON & BURLING LLP                             tishman@fr.com
One CityCenter 850 Tenth Street, N                  FISH & RICHARDSON P.C.
Washington, DC 20001-4956                           1000 Maine Avenue, SW
Telephone: (202)-662-6000                           Washington, DC 20024
                                                    Telephone: (202) 783-5070
Alice J. Ahn                                        Facsimile:  (202) 783-2331
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com                                        Francis J. Albert
COVINGTON & BURLING LLP                             CA Bar No. 247741
415 Mission Street, Suite 5400                      albert@fr.com
San Francisco, CA 94105                             FISH & RICHARDSON P.C.
Telephone:  (415) 591-7091                          12860 El Camino Real, Ste. 400
Facsimile:   (415) 955-6571                         San Diego, CA  92130
                                                    Telephone: (858) 678-5070
                                                    Facsimile:  (858) 678-5099

                                                    Thomas H. Reger II
                                                    reger@fr.com
                                                    Texas Bar No. 24032992
                                                    FISH & RICHARDSON P.C.
                                                    1717 Main Street, Suite 5000
                                                    Dallas, Texas 75201
                                                    Telephone: (214) 747-5070
                                                    Facsimile:  (214) 747-2091


*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on December 1, 2023. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Francis J. Albert*