IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S RESPONSE TO SAMSUNG'S REPONSES O
THE COURT'S ORDER GIVING NOTICE OF INTENTION TO APPOINT
A SPECIAL MASTER (DKT. 247)**

11272954

Netlist does not object to the appointment of a Special Master to address the pending discovery motions, nor does Samsung. However, Samsung has filed a "response" (Dkt. 247) which is in fact a disguised sur-sur-reply brief on Samsung's pending stay motion. In addition to being procedurally improper, Samsung's response is inaccurate. First, Samsung neglects to mention that Netlist has moved to stay the Central District of California action, *Netlist Inc. v. Samsung Electronics Co., Ltd.*, Case No. 8:20-cv-00993-MCS-ADS, Dkt. No. 341 (C.D. Cal. November 30, 2023), and the Central District has set that motion to stay for hearing on the same day (February 5, 2024) as the motion for summary judgment that Samsung references in its response. Second, the Central District has not set a trial date (or any dates for that matter, other than the one hearing date), C.D. Cal. Dkt. 345, nor did Samsung even ask for one, C.D. Cal. Dkt. 343 at 23. Thus, regardless of what happens at the February 5, 2024 hearing, it is very likely that this case will be tried well before the Central District action. Finally, Samsung's reliance on the first-to-file rule and its citation to *W. Gulf Maritime Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 728-29 (5th Cir. 1985) remain inapt for all of the reasons demonstrated in Netlist's opposition to Samsung's stay motion. Dkt. 196 at 14-15, Dkt. 215 at 2-3. In particular, this case and the Central District action have different scopes, with this case being the only one that can resolve the parties' entire dispute. Moreover, the first-to-file rule is meant to protect a plaintiff's choice of forum. Dkt. 196 at 14-15. Here, that is not an issue because Netlist filed both this case and the Central District Action. So Samsung's argument is both procedurally improper and meritless.

Dated: December 3, 2023                    Respectfully submitted,

*/s/ Jason Sheasby*
Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove

        Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

    I hereby certify that, on December 3, 2023, a copy of the foregoing was served to all counsel of record via this Court's CM/ECF system.

        */s/ Yanan Zhao*
        Yanan Zhao