# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ▮▮▮▮▮▮▮▮▮ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:22-cv-294-JRG |
| | ) | |
| MICRON TECHNOLOGY, INC.; | ) | JURY TRIAL DEMANDED |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF NETLIST, INC.'S MOTION TO COMPEL PRODUCTION OF MICRON DEFENDANTS' DOCUMENTS RELEVANT TO DAMAGES**

# **TABLE OF CONTENTS**

**Page**

I. ARGUMENT ................................................................................................................... 1

    A. Micron Has Been On Notice of the Importance of the Requested Documents ............................................................................................................ 1

    B. Documents Showing Technical Benefits of PDA Features ............................ 2

    C. Documents Showing Shipment Records ........................................................ 3

    D. Locations Of Design and Development of Accused Products And Locations Where Micron Tracks Sales And Tracks The Commission/Incentives For Micron Sales Employees ................................... 4

    E. Complete Financial And Marketing Records For The Accused Products .................. 5

II. CONCLUSION ................................................................................................................ 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
  807 F.3d 1283 (Fed. Cir. 2015) ...................................................................................... 2, 4

*Georgia-Pac. Corp. v. U.S. Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970) ................................................................................... 2

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
  2017 WL 2869332 (E.D. Tex. May 18, 2017) ................................................................... 4

*Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*,
  2019 WL 4392525 (E.D. Tex. June 11, 2019), *adopted*, 2019 WL 2865079 (July 3, 2019) .................................................................................................................................. 3

*SmartPhone Techs. LLC v. Apple Inc.*,
  2013 WL 789285 (E.D. Tex. Mar. 1, 2013) ....................................................................... 5

*Wapp Tech Ltd. P'ship v. Wells Fargo Bank, N.A.*,
  2022 WL 2784468 (E.D. Tex. June 28, 2022) ................................................................... 2

Plaintiff Netlist, Inc. ("Netlist") respectfully moves the Court to compel Micron to produce the following categories of documents in Micron's possession, custody, or control:

1. Documents related to the technical benefits of per-DRAM-addressability ("PDA") features;

2. Shipment records of the accused products with a final destination in North America and South American countries other than United States;

3. Document sufficient to show: (1) locations where Micron designed and developed the accused products; (2) locations where Micron tracks sales records, and tracks the performance, commissions, bonuses, or other types of incentives for sales employees;

4. Micron's weekly, monthly, quarterly, and annual reports, summaries, and analyses that show the roadmaps, features, qualification status, marketing, sales, market share, and financials of the accused products.

These categories of documents are directly relevant to damages, as discussed in more detail below.

## I. ARGUMENT

### A. Micron Has Been On Notice of the Importance of the Requested Documents

Netlist served interrogatories seeking the information covered by these documents nearly eight months ago, on March 21, 2023. On July 12, 2023, Netlist specifically requested production of 54 categories of relevant documents, including categories covering the documents Netlist requests above. *See* Ex. 1 (Request Nos. 22, 24, 27, 30, 31, 33, 36, 37, 43). Netlist also reminded Micron of its obligation under the Court's Discovery Order to "produce… all documents… that are relevant to the pleaded claims or defenses." *Id.*; *see also* Dkt. 56 at 3. Micron has failed to produce the documents requested above in the four months since Netlist specifically requested them. Netlist followed up on its requests, specifically highlighting the deficiencies in Micron's production, on October 31, 2023. Micron still has not meaningfully responded to Netlist's letter, produced the requested relevant documents, or provided a sufficient ground for its refusal to produce such documents.

### B. Documents Showing Technical Benefits of PDA Features

Request 1 asks Micron to produce documents related to the benefits conferred by the accused features in Micron's accused products. This is directly relevant to damages and multiple *Georgia-Pacific* factors. *See Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (considering the "the utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results" and "[t]he nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention"); *see also Wapp Tech Ltd. P'ship v. Wells Fargo Bank, N.A.,* 2022 WL 2784468, at *1 (E.D. Tex. June 28, 2022) (granting motion to compel Wells Fargo defendants to produce "documents and data that pertain to the features of Wells Fargo's mobile banking application that is developed and tested through its allegedly infringing activities, and user transactions performed on the mobile banking application").

████████████████████████████████████████████████████

████████ *See, e.g.,* Ex. 2 (excerpt of Netlist's Interrogatory Response). The requested documents relating to the benefits of these features are relevant not only to Netlist's damages claims but also to show customer demand of the patented products, as well as Micron's willful infringement and copying. *See Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1305 (Fed. Cir. 2015) (holding sufficient evidence supported jury's royalty determination in part based on evidence showing "Marvell faced strong market pressure to improve the performance of its chips, and testimony and internal documents showed (in sometimes-dramatic language) that its previous attempt to produce a new design was failing."). Micron has not argued that it would be unduly burdensome to produce such documents, it has simply refused to produce them by the fact discovery deadline, necessitating this motion to compel. Ex. 3 (Netlist counsel's email

summarizing the parties' lead-and-local counsel meet-and-confer on November 17, 2023).

### C. Documents Showing Shipment Records

Request 2 seeks shipment records for accused products with a final destination in North or South America other than the United States, including showing the routing information. The existing sales records produced by Micron do not include information on how each accused product was routed, making it impossible to determine which products were shipped through the United States. Such information is necessary for Netlist to calculate its damages base.

Shipping products to or through the United States, even temporarily before shipping the products to a final foreign destination, is an infringing activity occurring within the United States. *See Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*, 2019 WL 4392525, at *5 (E.D. Tex. June 11, 2019), *adopted*, 2019 WL 2865079 (July 3, 2019) ("Plastronics has adduced evidence suggesting that Defendants imported infringing products into the United States for their subsequent sale abroad. […] Plastronics has provided evidence to create a reasonable inference that Defendants committed domestic acts of infringement, such as importation, that ultimately led to damages via sales abroad."). Micron does not deny that it ships the Accused Products through the United States. It simply categorically refuses to produce information regarding its shipping, despite this being an infringing act. Netlist's request is narrowly tailored to accused products with a final destination in North American and South American countries other than United States, which are significantly likely to have passed through U.S. territory.

### D. Locations of Design and Development of Accused Products And Locations Where Micron Tracks Sales and Tracks the Commission/Incentives for Micron Sales Employees

Request No. 3 seeks documents sufficient to show: (1) the locations where Micron designed and developed the accused products; and (2) the locations where Micron tracks its sales and tracks the performance, commissions, bonuses, or other types of incentives for sales

employees. These documents are relevant to infringement and damages. For example, the locations where Micron designs and develops the accused products is relevant both to infringement in the United States and to Netlist's damages base calculation. *See Carnegie Mellon*, 807 F.3d at 1309-10 (finding sufficient evidence for jury verdict in part based on evidence that "with the exception of the chip making . . . all the activities related to designing, simulating, testing, evaluating, qualifying the chips by [defendant] as well as by its customers occur[ ] in the United States.").

Similarly, the location where Micron registers its sales and commissions of Micron's sales representatives are relevant to show whether or not the products are U.S. sales. *See Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, 2017 WL 2869332, at *2 (E.D. Tex. May 18, 2017) (denying summary judgment based on foreign sales because of evidence showing, among other things, "Defendants track sales commissions for sales of products made overseas as if they were domestic sales. For example, if Broadcom makes a sale to Cisco in the United States, but the underlying good was transacted and shipped overseas, the revenue would be marked as a U.S. sale for the purpose of sales force commissions"). Micron does not dispute this, nor does it argue that to the extent it has documents tracking this requested information, it would be unduly burdensome to produce them. To the contrary, Micron's witness, Mr. Bob Beal, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓:

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Ex. 4 (2023-09-20 Tr. Beal) at 63:3-23.

Accordingly, Netlist requests that the Court compel the production of these documents.

### E.  Complete Financial and Marketing Records For The Accused Products

Netlist's Request No. 4 asks Micron to product weekly, monthly, quarterly, and annual reports, summaries, and/or analyses that show roadmaps, features, qualification status, marketing, sales, market share, and financials of the accused products. This includes, for example, business plans, strategic plans, market updates, and financial analyses prepared for each accused product design, along with executive summaries and presentations from relevant Micron departments (e.g. Computing & Networking Business Unit ("CNBU")). These documents are plainly relevant to Netlist's damages calculation to show, for example, Micron's interest and valuation of the accused features, customer demand for such features, and the damages base. *See, e.g., SmartPhone Techs. LLC v. Apple Inc.*, 2013 WL 789285, at *4 (E.D. Tex. Mar. 1, 2013) (granting motion to compel "documents relating to the valuation" of patents-in-suit). Micron does not dispute the relevance of these requested documents, and indeed, Micron has produced documents ████████████████████████████████████████, confirming that this request is not unduly burdensome. For example, Micron has produced records indicating it maintains at least the following documents:



- 5 -

However, Micron has not produced a complete set of these documents relevant to DDR4 RDIMMs and LRDIMMs. To the extent records like the above exist relevant to DDR4 RDIMMs and LRDIMMs and Micron has withheld them, Netlist respectfully requests this Court compel their production.

## II.  CONCLUSION

For the foregoing reasons, Netlist respectfully requests its motion to compel be granted.

Dated: November 20, 2023

Respectfully submitted,

*/s/ Jason G. Sheasby*
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF SERVICE

I hereby certify that, on November 20, 2023, a copy of the foregoing was served to all counsel of record via Email as agreed by the parties.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF CONFERENCE

I hereby certify that, on November 17, 2023, counsel for Netlist met and conferred with Micron's counsel regarding the subject matter of Netlist's motion. Micron opposes Netlist's motion.

*/s/ Yanan Zhao*
Yanan Zhao