# EXHIBIT 1

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
(310) 203-7536
mfezyan@irell.com

July 12, 2023

**VIA E-MAIL**

Michael R. Rueckheim
Winston & Strawn LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
(650) 858-6500
MRueckheim@winston.com

Re:   *Netlist, Inc. v. Micron Technology, Inc. et. al.*, No. 2:22-cv-294-JRG (E.D. Tex.)

Mr. Rueckheim:

We write in regards to significant deficiencies in Micron Defendants' documents production.[1]

Pursuant to the Court's Discovery Order, "[w]ithout awaiting a discovery request," Micron should "produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action." Dkt. 56 at 3.

As of today, Micron has not made complete production of technical documents relating to the accused products and Netlist's patents-in-suit. Further, Micron has not made production of any documents relating to its corporate structure, sales, marketing, financials, license agreements, and other documents relating to Netlist's damages or willful infringement claims in this Action. Netlist hereby requests that Micron promptly make production of these relevant documents. By way of non-limiting example, here below is a list of categories of documents that Micron should produce without further delay.

**Definitions**

1.   The terms "Micron" (or "You" or "Your") shall mean and include Micron Technology, Inc. ("Micron Technology"), Micron Semiconductor Products, Inc. ("Micron Semiconductor"), Micron Technology Texas LLC ("Micron Texas"), and all affiliates, related entities, parents, branches, subsidiaries or divisions, and any predecessor or successor entities and any of its officers, directors, agents, attorneys, consultants, accountants, employees, representatives, investigators, distributors, salespersons, sales representatives, licensors,

---

[1] Netlist reserves the right to raise any discovery disputes and deficiencies.

---

Michael R. Rueckheim
July 12, 2023
Page 8

employees, offices, branches, departments, divisions, groups, facilities, or subsidiaries as well as their respective locations.

19.   Documents sufficient to demonstrate the identity of and the specific role played by each Micron partner, contractor, and agent involved in the design, research, development, manufacture, assembly, testing, use, distribution, advertisement, marketing, sale, and offer for sale of each Micron Accused Infringing Product.

20.   Documents sufficient to identify each and all Micron Accused Infringing Products sold since August 1, 2016.

21.   All records Micron relies on to track the sales of Micron Accused Infringing Products during its ordinary course of business.

22.   Documents, sales records, or other reports for the sales of each and all Micron Accused Infringing Products sufficient to demonstrate, on a transaction-by-transaction basis: (1) the identity of Micron's customer; (2) product part number or other identifier; (3) date of each sale; (4) volume of sale; (5) price; (6) discount; (7) final customer; (8) recipient; (9) shipping destination; (10) importation and/or shipping origin; (11) cost of goods; (12) margin; (13) the location of the customer and Micron employee that negotiated the sale; and (14) any other information Micron tracks with respect to the sale of the Accused Products in the ordinary course of business. This requests Micron's global sales without any geographical limitation because whether any transaction occurred in the United States is a disputed issue.

23.   Documents sufficient to show the monthly volume of each Micron Accused Infringing Product sold, offered for sale, or made in the United States, imported into the United States, or exported from the United States.

24.   Documents sufficient to show the shipment records of Micron Accused Infringing Products since August 1, 2016, including each country and places the Micron Accused Infringing Products passed through before reaching their final destination.

25.   Documents sufficient to identify the date of first make, use, or sale of each Micron Accused Infringing Product.

26.   Documents relevant to the purchase/sales agreements between Micron and its customers in connection with Micron Accused Infringing Products, including: (1) master purchase/sales agreements, (2) master service agreements, (3) statements of work, (4) purchase orders, (5) invoices, (6) instructions for a specific delivery or manufacture, (7) delivery notices, (8) export/import documentation, (9) joint development agreements, and (10) requests for bids and bids submitted in response. The Micron Accused Infringing Products

---

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Michael R. Rueckheim
July 12, 2023
Page 9

include not only products delivered to the customers but also products (even if not completely finished) that Micron delivers to a contractor or an agent of the customers for further processing.

27.   Documents sufficient to fully describe any contract negotiation or contract performance regarding the purchase, sale, manufacture, or assembly of each Micron Accused Infringing Product, including, but not limited to: (1) identity of each and all parties involved; (2) locations where any contract, pricing, and projected demand were negotiated; (3) locations where any contract, pricing, and projected demand were executed; (4) locations where requests for proposal or bids were submitted; (5) locations where each Micron Accused Infringing Product was shipped from; (6) locations where each Micron Accused Infringing Product was shipped to; (7) locations where title of each Micron Accused Infringing Product was transferred or other locations where Micron and the purchaser agreed that a transfer would take place; (8) billing addresses; (9) locations where each Micron Accused Infringing Product was manufactured, assembled, and tested; (10) locations where the payment was made; (11) identity of individuals responsible for contract negotiation; and (12) locations where Micron Accused Infringing Products were qualified by any of its customers.

28.   For each Micron Accused Infringing Product that Micron contends is made overseas, identify the person(s) or entities who imported the products into the United States (even if the products were later exported) and the location at which the Product was intended to be delivered and the location at which the Product was actually delivered.

29.   Agreements between Micron and Micron partners (including contracts or documents memorializing such agreements) related to the supply, manufacture, or assembly of components in each Micron Accused Infringing Product.

30.   Documents sufficient to show the sales cycle of each Micron Accused Infringing Product, including the locations where design, research, development, manufacture, assembly, testing, qualification, use, distribution, advertisement, marketing, sale, and offer for sale, shipment, and delivery of each Micron Accused Infringing Product occurred globally, and the respective individuals, groups, divisions, or offices in charge.

31.   Documents, including internal and external monthly, quarterly, and annual financial statements, profit and loss reports, studies of profitability, gross margin, turnover, price lists and price books, quotations, tax returns, and other related documents sufficient to determine, for each Micron Accused Infringing Product, total gross and net revenues, total average monthly revenue per device, fixed costs, variable costs, cost of goods sold, selling, general, and administrative ("SGA") expenses, variance from standard costs, gross and net profits, any non-standard costs or expenses, and accounting methods used with respect to the

---

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Michael R. Rueckheim
July 12, 2023
Page 10

Micron Accused Infringing Products.

32.   Documents relating to advertisements, including marketing documents, sales documents, and internet web pages, made by or on behalf of Micron or Micron distributors relating to Micron Accused Infringing Products.

33.   Marketing and advertising materials relating to Micron Accused Infringing Products, including without limitation any discussions of the benefits or advantages conferred by the PDA Features, Rank Multiplication Features, RCD Features, DB Features, and/or SPD Features.

34.   Micron internal documents, including training materials, relating to the PDA Features, Rank Multiplication Features, RCD Features, DB Features, and/or SPD Features.

35.   Documents related to analyst reports, industry surveys, and studies about the global market of each Micron Accused Infringing Product, including searches on specific attributes and competitive analyses of these markets, since August 1, 2016.

36.   Documents relating to any market forecasts concerning sales or usage of each Micron Accused Infringing Product, whether by Micron, any competitor or potential competitor, or any Micron Distributor, including market forecasts relating to: potential sales, profits, costs, cost comparisons, competitor analyses, market shares, customer surveys, intellectual property protection, or product or service strategies.

37.   All studies, analyses, reports, or other documents relating to Micron's market shares for each Micron Accused Infringing Product and Micron's key competitors in the market.

38.   All studies, analyses, reports, or other documents sufficient to demonstrate market dominance or other competitive advantages Micron acquired relating to the sales launch of Micron Accused Infringing Products.

39.   Documents related to any determination of the pricing or suggested pricing of each Micron Accused Infringing Product.

40.   Documents relating to any calculation of expected or actual attachment rates, relationships, or sales ratios between Micron Accused Infringing Products sales and Your convoyed sales, derivative sales, follow-on sales, tag-along sales, or any other sales made with any of these products.

41.   All patent licenses, settlement agreements, covenants not to sue, or related

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Michael R. Rueckheim
July 12, 2023
Page 11

items entered into by each of the Micron Defendants that relate to semiconductors or semiconductor manufacturing, transistors or circuits, or components of servers or other personal computers. Micron should also produce the list of patents licensed by any party as part of each agreement.

42.     If Micron contends any asserted claim of the patent-in-suit is standard essential, any article, announcement, corporate policy, position paper, memorandum, correspondence, letter, or email by Micron as related to RAND commitments, including Micron's interpretation of what is required under the RAND obligations and when a third party beneficiary has forfeited the right to enforce the RAND obligation.

43.     Documents related to any analysis (including studies or expert evaluation) of the value of patents or patent rights relating to the PDA Features, Rank Multiplication Features, RCD Features, DB Features, and/or SPD Features.

44.     Documents related to any analysis (including studies or expert evaluation) of the value of Netlist's patents-in-suit.

45.     Documents sufficient to show circumstances when Micron first became aware of Netlist's patents-in-suit, including who at Micron became aware of the existence of the Netlist patents-in-suit before the initiation of this lawsuit and when and how this occurred.

46.     Documents sufficient to describe any Netlist memory designs that Micron has received or is aware of and the circumstances under which Micron has received or become aware of the designs.

47.     Documents sufficient to show any actions Micron took after it first became aware of Netlist's patents-in-suit, including any investigation of Micron's infringement of these patents or design-around effort.

48.     Documents upon which Micron Defendants rely, or intend to rely, to support the position that Micron's infringement of the Netlist patents-in-suit is not deliberate or willful.

49.     Documents relating to any comparisons between the Netlist patents-in-suit and any technology incorporated into each Micron Accused Infringing Product.

50.     Documents relating to communications between Micron and any third party concerning the Netlist patents-in-suit or Netlist, including communications with any person Micron may or will call or have called as a witness, may or will depose or have deposed at a deposition, or may or will defend or have defended at a deposition, in any litigation or other