# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-cv-293-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; | ) (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC.; SAMSUNG SEMICONDUCTOR | ) ▬▬▬▬▬▬ |
| INC., | ) |
| Defendants. | ) |
| NETLIST, INC., | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:22-cv-294-JRG |
| | ) |
| MICRON TECHNOLOGY, INC.; | ) JURY TRIAL DEMANDED |
| MICRON SEMICONDUCTOR | ) |
| PRODUCTS, INC.; MICRON | ) |
| TECHNOLOGY TEXAS LLC, | ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S MOTION TO COMPEL MICRON DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORY NOS. 10, 13, 21, AND 22**

# TABLE OF CONTENTS

**Page**

I. ARGUMENT ...................................................................................................................1

    A. Interrogatory Nos. 21 and 22................................................................................1

    B. Interrogatory No. 10 .............................................................................................2

    C. Interrogatory No. 13 .............................................................................................3

II. CONCLUSION ................................................................................................................4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Caritas Tech., Inc. v. Comcast Corp.*,
    2006 WL 8430982 (E.D. Tex. Feb. 10, 2006) ....................................................................... 3

*Papst Licensing GmbH & Co., KG v. Apple, Inc.*,
    2017 WL 11638426 (E.D. Tex. June 16, 2017) ..................................................................... 3

**Rules**

Fed. R. Civ. P. 33(d) ....................................................................................................................... 2

Netlist respectfully requests an order compelling Micron to provide sufficient responses to Netlist's Interrogatory Nos. 10, 13, 21, and 22 relating to the functioning/configuration of Micron's accused products, Micron's contention with respect to standard essentiality of the patents-in-suit, and Micron's affirmative defenses. Netlist served most of these Interrogatories on March 21, 2023, nearly eight months ago. Yet Micron has failed to provide sufficient responses to any of them, and in some cases has provided no substantive response **at all**. Micron has repeatedly failed to cure its responses despite months of effort by Netlist. *E.g.* Ex. 1 (Netlist 10-31 Letter). Netlist respectfully requests an order compelling Micron to respond. Further, Micron's refusal to provide responses to these interrogatories has significantly prejudiced Netlist as detailed below. In particular, Micron's failure to respond has prejudiced Netlist's ability to address many of Micron's arguments in its expert reports. Accordingly, Netlist reserves the right to supplement its reports in light of late disclosed responses to Netlist's requests.

## I.     ARGUMENT

### A.     Interrogatory Nos. 21 and 22

Interrogatory Nos. 21 and 22 seek specific information about the configuration of Micron's accused products. For example, Interrogatory No. 21 requests:

> For each Micron Accused DDR4 LRDIMM and DDR4 RDIMM product, explain how SDRAMs are configured to ignore commands from the memory controller when PDA Features are used, including but not limited to describing in complete detail: (1) circuitry on an SDRAM device involved in receiving and/or decoding control/address signals; (2) when an SDRAM device is in PDA mode, whether the circuitry identified in (1) continues to latch or buffer control/address signals; (3) when an SDRAM device is in PDA mode, whether circuitry identified in (1) continues to decode control/address signals; (4) any other circuitry on an SDRAM involved in PDA mode and how it affects whether a command is ignored by or acted upon by the SDRAM device; (5) any components on LRDIMMs or RDIMMs involved in PDA mode operation; (6) mechanisms involved in PDA mode operation; and (7) the specific conditions under which a command is ignored.

Interrogatory No. 22 similarly requests:

> For each Micron Accused DDR4 LRDIMM and DDR4 RDIMM product, describe in complete detail: (1) all circumstances under which PDA features are employed in these products; and (2) the frequency with which PDA features are used.

Micron's response to each of these interrogatories is insufficient. Micron provides no description of how its products are actually configured, instead purporting to identify documents under Rule 33(d). But Micron then renders this identification meaningless in the next sentence by following it with the disclaimer that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████." Ex. 2 at 8 (2023-11-14 Micron's Fourth Supplemental Responses to Netlist's First Set of Amended Interrogatories). The cited documents referred to include ███████████████████████████████████████████████████████████████████████. ███████████████████████████████████████████████████████████████████████. *See, e.g.,* Ex. 2 at 25. Micron's response thus leaves it completely unclear how its products are configured and which documents (if any) reflect how Micron's product actually operate. Micron must supplement this response to explain which specific documents it contends the products may not practice and the basis for those contentions.

### B. Interrogatory No. 10

Netlist's Interrogatory No. 10, again served in March 2023, seeks the following

> With respect to each asserted claim of the Netlist Patents-in-Suit, identify Your bases as to whether it is or is not an "Essential Patent Claim" as defined in JEDEC Manual of Organization and Procedure and Set Forth Your Complete Basis for that conclusion.

Micron has not provided any substantive response to this interrogatory at all. Micron claims in its response that it "will produce" documents responsive to these requests under Rule 33(d), but it has not supplemented its response to actually identify any documents. The information requested by Topic No. 10 is relevant to Netlist's ability to assess and respond to Micron's breach of RAND claim and its other affirmative defenses based on its contention that

the asserted patents are subject to a RAND obligation, such as its patent misuse defense. Micron itself has argued at length in the co-pending case between the parties that information relating to Netlist's position on essentiality is "highly relevant," and that Netlist should be compelled to "specify what standards, if any, Netlist considers is essential to which claim element, if any, of the asserted patents." *Netlist v. Micron*, No. 22-cv-203, Dkt. 189 at 2 (E.D. Tex.). Micron should thus be required to supplement its response to provide information it claims is "highly relevant."

### C.     Interrogatory No. 13

Netlist's Interrogatory No. 13, again served in March 2023, seeks the following

> For each asserted claim of Netlist Patents-in-Suit that You assert Your liability for infringement is limited, Set Forth Your Complete Basis for Your assertion, including any allegation that Your conduct is licensed or that Your behavior is not an act of making, using, offering for sale, or selling in the United States.

Micron has not provided any substantive response to this interrogatory at all. Micron incorporates its response to Netlist's Interrogatory No. 14 concerning Micron's Affirmative Defenses. Micron pleads nineteen affirmative defenses, but Micron has refused to actually provide a response to this interrogatory beyond its first defense.

The information requested by Topic No. 13 is relevant to Netlist's ability to respond to Micron's pleaded contentions that its liability is limited. Micron has not responded to substantively to this interrogatory at all. This case is at the end of fact discovery. Thus, even if Micron provides an eleventh hour supplemental response identifying the bases for these contentions, Netlist will be significantly prejudiced because it will be unable to adequately investigate Micron's response. Netlist thus respectfully requests that this Court compel Micron to provide supplemental responses to this interrogatory as it has done in similar cases in the past. *See, e.g., Papst Licensing GmbH & Co., KG v. Apple, Inc.*, 2017 WL 11638426, *5 (E.D. Tex. June 16, 2017) (ordering defendant to "provide a narrative answer to an interrogatory that seeks the factual basis for their other affirmative defenses"); *Caritas Tech., Inc. v. Comcast Corp.*, 2006 WL 8430982,

*6 (E.D. Tex. Feb. 10, 2006) (ordering defendant to respond to interrogatory seeking "the basis for its affirmative defenses and counterclaims.").

## II. CONCLUSION

For the foregoing reasons, Netlist respectfully requests its motion to compel be granted.

Dated: November 20, 2023

Respectfully submitted,

/s/ Jason G. Sheasby
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

- 5 -

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF SERVICE

I hereby certify that, on November 20, 2023, a copy of the foregoing was served to all counsel of record via Email as agreed by the parties.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF CONFERENCE

I hereby certify that, on November 17, 2023, counsel for Netlist met and conferred with Micron's counsel regarding the subject matter of Netlist's motion. Micron opposes Netlist's motion and refused to provide supplemental responses to these interrogatories.

*/s/ Yanan Zhao*
Yanan Zhao