# Exhibit 1

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

October 31, 2023

**VIA E-MAIL**

Michael R. Rueckheim
Winston & Strawn LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
(650) 858-6500
MRueckheim@winston.com

Dear Counsel:

We write regarding serious deficiencies in Micron's Interrogatory responses for this case, which for the majority of Interrogatories provide no substantive response and for others fail to answer significant portions of the Interrogatory. Given that the close of fact discovery is fast approaching, Netlist will be forced to file a motion to compel on these issues if Micron does supplement its responses by the end of this week. Please provide availability for a lead-to-lead meet and confer on these issues on Wednesday, November 1, 2023.

**Interrogatory Nos. 1 and 13**.

Interrogatory No. 1 states: "For each asserted claim of Netlist Patents-in-Suit that You deny liability for infringement or damages, Set Forth Your Complete Basis (including both factual and legal) for that denial on a product-by-product and element-by-element basis, including but not limited to, all claim elements that You assert are not met by that Micron Accused Product, the reason for Your assertion that such elements are not met (such as by describing how each of Your products are configured to operate and/or actually operate), any affirmative defense(s) that You intend to assert with respect to that Micron Accused Product, and the factual basis supporting Your belief that such affirmative defense(s) apply."

Interrogatory No. 13 states: "For each asserted claim of Netlist Patents-in-Suit that You assert Your liability for infringement is limited, Set Forth Your Complete Basis for Your assertion, including any allegation that Your conduct is licensed or that Your behavior is not an act of making, using, offering for sale, or selling in the United States."

Micron has provided no response whatsoever to these Interrogatories, merely stating that "Defendants respond that Defendants' expert reports will identify Defendants' non-infringement contentions." Micron cannot refuse to provide its non-infringement contentions

11272352.3 03

and the factual basis for those contentions until expert reports. If Micron contends that it does not infringe the patents-in-suit, it must immediately disclose the basis for that contention. If Micron refuses to do so, Netlist will move for an order precluding Micron from contesting infringement based on its refusal to provide discovery.

Further, Micron has not identified any affirmative defenses in its response or provided the basis for them. If Micron intends to assert affirmative defenses, it must identify them. If Micron refuses to do so, Netlist will move for an order precluding Micron from asserting any defenses based on its refusal to provide discovery.

**Interrogatory No. 2**.

Micron has not provided several categories of information requested by this Interrogatory, including the "Date first made, used, sold or offered for sale" of each accused product. Please immediately provide this information, or else Netlist will move to compel.

**Interrogatory No. 3**.

Interrogatory No.3 asks Micron to identify, among others, the five "most knowledgeable" persons regarding the "(i) design, development, and operation of Micron Accused Product," "(ii) the relevant components in the Micron Accused Product," and "(iii) the operation and function of the relevant components in the Micron Accused Product."

Micron's response does not identify individuals who are knowledgeable about the operation and design of DRAM-devices incorporated in Micron's accused products. Micron must immediately provide this information. If Micron refuses, Netlist will move to compel.

**Interrogatory Nos. 4, 5, 6**

Interrogatory No. 4 states: "For each Micron Accused Product, describe its structure, function and operation, including but not limited to, with respect to each of the Patented Features."

Interrogatory No. 5 states: "Describe in complete detail Micron's marketing, advertising, and sales efforts in the U.S. market in connection with Micron Accused Products, including information sufficient to show: (1) any study, analysis, research, or reports done by Micron or any Third Party for the U.S. market; (2) marketing or advertising documents, materials, or things targeting or focusing on the U.S. market; (3) marketing or sales meetings between Micron employees and customers that occurred in the United States; (4) negotiations of contracts or agreements between Micron and customers that occurred in the United States; and (5) the identities of distributors, retailers, or resellers of Micron Accused Products in the United States."

Interrogatory No. 6 states: "Describe in complete detail contracts (including purchase orders), agreements, or negotiations between Micron (separately for each Micron Defendants) and all customers in connection with Micron Accused Products, including without limitation information sufficient to show: (1) the identity of each party involved; (2) location(s) where any contract, pricing, and projected demand were negotiated; (3) location(s) where any contract, pricing, and projected demand were executed; (4) location(s) where requests for

11272352.3 03    - 2 -

proposal or bids are submitted; (5) location(s) where each Micron Accused Product was shipped from; (6) location(s) where each Micron Accused Product was shipped to; (7) location(s) where title of Micron Accused Products was transferred or other locations where Micron and the purchaser agreed that a transfer takes places; (8) billing addresses; (9) locations where each Micron Accused Product was manufactured, assembled, and tested; (10) locations where the payment was made; and (11) locations where Micron Accused Products were qualified by any of its customers."

For each of these Interrogatories, Micron states it will respond under Rule 33(d), but has identified no responsive documents pursuant to that rule. This is not proper. Nor has Micron provided any narrative response. Thus, Micron has effectively failed to respond to these Interrogatories. Micron must supplement immediately, or Netlist will move to compel and preclude Micron from relying on any materials responsive to these Interrogatories that were not properly identified.

**Interrogatory No. 7**

Interrogatory No. 7 asks Micron to "state the total number of units made, sold, used, or offered for sale, gross revenue, average revenue, operating revenue, net revenue, gross profit, operating profit, net profit, profit margin, the country/countries in which the unit was made, *the country or countries in which any contract or invoice relating to the product was sent to or received from*, *the country or countries that the products were shipped to*, the purchaser (including both the direct and indirect purchaser) and costs associated with each Micron Accused Product identified in response to Interrogatory No. 2, *on a product-by-product basis*."

Micron has not provided its financial data on a product-by-product or transaction-by-transaction basis. Further, as of today, Micron has not provided information sufficient to show the shipment records for each of Micron's accused products (including but not limited to the final shipment destination), the specific locations where contracts or purchase orders in connection with the sales of Micron's accused products were entered or submitted to Micron, or locations where these records are kept. Micron must immediately provide this information. If Micron refuses, Netlist will move to compel.

**Interrogatory No. 8**

Interrogatory No. 8 states: "For each Netlist Patent-in-Suit, describe in detail the facts and circumstances regarding Your first awareness of the Netlist Patent-in-Suit, including (i) when You first became aware of the Netlist Patent-in-Suit, (ii) how You first became aware of the Netlist Patent-in-Suit, (iii) the identity of the individual(s) who first became aware of the Netlist Patent-in-Suit, (iv) the actions, if any, taken by You after becoming aware of the Netlist Patent-in-Suit, (v) the reason for such action or non-action, (vi) persons involved in deciding the course of action (or non-action) after learning of the Netlist Patent-in-Suit and the roles they played in the decision-making, and (vii) an identification of all documents showing or reflecting awareness of the Netlist Patent-in-Suit."

Micron's response does not address virtually any of the categories of information requested by this Interrogatory, including "(ii) how You first became aware of the Netlist

11272352.3 03    - 3 -

Patent-in-Suit, (iii) the identity of the individual(s) who first became aware of the Netlist Patent-in-Suit, (iv) the actions, if any, taken by You after becoming aware of the Netlist Patent-in-Suit, (v) the reason for such action or non-action, (vi) persons involved in deciding the course of action (or non-action) after learning of the Netlist Patent-in-Suit and the roles they played in the decision-making, and (vii) an identification of all documents showing or reflecting awareness of the Netlist Patent-in-Suit." Micron must provide this information immediately, which is highly relevant to willfulness. If Micron refuses, Netlist will move to compel and to preclude Micron from presenting any evidence regarding willfulness or non-willfulness it did not disclose in response to this Interrogatory.

**Improper Use of Rule 33(d)**

With respect to Interrogatory Nos. 9, 10, 15, 16, 19, and 20, Micron has invoked Rule 33(d), but has failed to identify any responsive documents. This is not a proper use of Rule 33(d). Micron must immediately supplement its response to identify specific documents from which Netlist can purportedly derive a complete response to each of these interrogatories and/or provide a narrative response. If Micron does not promptly remedy this issue, Netlist will move to compel and request that the Court preclude Micron from relying on any responsive documents/information and/or from contesting the issues addressed in these interrogatories.

**Interrogatory No. 11**

Interrogatory No. 11 requests "For each license agreement that You believe is relevant to a reasonable royalty analysis, identify the license agreement, Your interpretation of the royalty rate and structure set forth in the license agreement, and all factual and legal bases for why it is (or is not) a comparable license."

Micron has not identified any alleged relevant licenses in response to this Interrogatory. Netlist therefore understands that Micron does not contend any relevant licenses exist, however, if that is incorrect Micron must supplement its response immediately and explain why it did not provide a complete response in a timely manner. To be clear, Netlist will move to preclude Micron from attempting to put forward at trial as relevant any license agreement not disclosed in response to this Interrogatory, and reserves the right to preclude Micron from relying on any licenses that were not timely disclosed.

**Interrogatory No. 12**

Interrogatory No. 12 requests, among other things, that Micron "identify and describe in detail any alleged non-infringing alternative that You contend exists or existed to each Netlist Patent-in-Suit or alternatives that you considered implementing . . ."

Micron has not identified any alleged alternatives in response to this Interrogatory. Netlist therefore understands that Micron does not contend any relevant alternatives exist, however, if that is incorrect Micron must supplement its response immediately and explain why it did not provide a complete response in a timely manner. To be clear, Netlist will move to preclude Micron from attempting to put forward at trial any alleged alternatives not disclosed in response to this Interrogatory, and reserves the right to preclude Micron from relying on any alleged non-infringing alternatives that were not timely disclosed.

11272352.3 03    - 4 -

**Interrogatory No. 14**

Interrogatory No. 14 requests "Set Forth Your Complete Basis for your affirmative defenses."

Micron has not identified any affirmative defenses in its response or provided the basis for them, other than a cursory statement regarding failure to state a claim. If Micron intends to assert affirmative defenses, it must identify them. If Micron refuses to do so, Netlist will move to compel and for an order precluding Micron from asserting any defenses based on its refusal to provide discovery.

**Interrogatory No. 17**

Interrogatory No. 17 states: "Set Forth the Complete Basis for Your position regarding the theories, amounts, and methods of calculating the damages to which Netlist will be entitled if Micron is found to infringe each Asserted Patent. For the avoidance of doubt, Your answer should include an analysis under the *Georgia-Pacific* factors and a description of at least the following categories of information: (1) any reasonable royalty that You contend would be appropriate; (2) any apportionment that You contend should be used to determine damages; (3) the royalty base that You contend should be used to determine damages; (4) the royalty rate that You contend should apply to the royalty base; and (5) all facts that support Your answer. Your answer should also include an analysis of Micron's proposed RAND royalty calculation to the extent Micron contends that any Netlist Patents-in-Suit are essential to practicing a standard."

Micron has provided no response to this Interrogatory, merely stating it will address damages in expert reports. Please confirm that Micron will promptly supplement its response. If Micron refuses, Netlist will move to compel.

**Interrogatory No. 18**

Interrogatory No. 18 requests Micron "Set Forth the Complete Basis for any contention that Your infringement of each of Netlist's Patents-in-Suit is not willful, including an analysis of the willfulness evaluation factors set forth in *Read Corp. v. Portec, Inc*., 970 F.2d 816 (Fed. Cir. 1992)."

Micron has not identified in its response any reason its infringement is not willful. Micron must provide this information immediately, otherwise, Netlist will move to compel and to preclude Micron from contesting willfulness or asserting any argument of non-willfulness not disclosed in discovery.

We look forward to hearing your prompt response.

Very truly yours,

*/s/ Yanan Zhao*
Yanan Zhao

cc: Counsel of Record (via agreed service emails)