# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S MOTION TO COMPEL MICRON DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORY NOS. 5, 6, 12, 17, 19, 24, AND 25**

# **TABLE OF CONTENTS**

**Page**

I. Interrogatory Nos. 5 and 6 ...................................................................................................1

II. Interrogatory No. 12..............................................................................................................3

III. Interrogatory Nos. 17 and 19 ................................................................................................4

IV. Interrogatory Nos. 24, 25......................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
 807 F.3d 1283 (Fed. Cir. 2015) ................................................................................................ 2

*Gamon Plus, Inc. v. Campbell Soup Co.*,
 2022 WL 18284320 (N.D. Ill. May 26, 2022) .......................................................................... 5

*Georgia-Pac. Corp. v. U.S. Plywood Corp.*,
 318 F. Supp. 1116 (S.D.N.Y. 1970) ..................................................................................... 2, 5

*Godo Kaisha IP Bridge 1 v. Broadcom Limited*,
 2017 WL 2869344 (E.D. Tex. Apr. 20, 2017) .......................................................................... 3

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*,
 10 F. 4th 1358 (Fed. Cir. 2021) ............................................................................................ 5, 6

*Netlist v. Micron*,
 No. 22-cv-203, Dkt. 187 ........................................................................................................... 6

*Pers. Audio, LLC v. Google LLC*,
 2018 WL 4502002 (D. Del. Sept. 20, 2018) ............................................................................. 6

*Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*,
 2017 U.S. Dist. LEXIS 186655 (E.D. Tex. June 29, 2017) ...................................................... 4

*SmartPhone Techs. LLC v. Apple Inc.*,
 2013 WL 789285 (E.D. Tex. Mar. 1, 2013) .............................................................................. 2

**Other Authorities**

Fed. R. Civ. P. 33(b)(3) ................................................................................................................. 5

Rule 33 .......................................................................................................................................... 5

Rule 33(d) ............................................................................................................................. 2, 3, 4

Netlist respectfully requests an order compelling Micron to provide responses and related documentation regarding Netlist's Interrogatory Nos. 5, 6, 12, 17, 19, 24, and 25, all of which are relevant to Netlist's damages theories. Netlist served most of these Interrogatories on March 21, 2023, nearly eight months ago. Micron has failed to provide sufficient responses to any of them and, in some cases, has provided no substantive response **at all**. Micron has repeatedly failed to cure its responses despite months of effort by Netlist. *E.g.*, Dkt. 221-2 (Netlist 10-31 Letter). Netlist respectfully requests an order compelling Micron to respond. Further, Micron's refusal to provide responses to these interrogatories has significantly prejudiced Netlist, as detailed below.

I.   **Interrogatory Nos. 5 and 6**

Netlist's Interrogatories 5 and 6 seek the following information:

**INTERROGATORY NO. 5:**
Describe in complete detail Micron's marketing, advertising, and sales efforts in the U.S. market in connection with Micron Accused Products, including information sufficient to show: (1) any study, analysis, research, or reports done by Micron or any Third Party for the U.S. market; (2) marketing or advertising documents, materials, or things targeting or focusing on the U.S. market; (3) marketing or sales meetings between Micron employees and customers that occurred in the United States; (4) negotiations of contracts or agreements between Micron and customers that occurred in the United States; and (5) the identities of distributors, retailers, or resellers of Micron Accused Products in [US].

**INTERROGATORY NO. 6:**
Describe in complete detail contracts (including purchase orders), agreements, or negotiations between Micron (separately for each Micron Defendants) and all customers in connection with Micron Accused Products, including without limitation information sufficient to show: (1) the identity of each party involved; (2) location(s) where any contract, pricing, and projected demand were negotiated; (3) location(s) where any contract, pricing, and projected demand were executed; (4) location(s) where requests for proposal or bids are submitted; (5) location(s) where each Micron Accused Product was shipped from; (6) location(s) where each Micron Accused Product was shipped to; (7) location(s) where title of Micron Accused Products was transferred or other locations where Micron and the purchaser agreed that a transfer takes places; (8) billing addresses; (9) locations where each Micron Accused Product was manufactured, assembled, and tested; (10) locations where the payment was made; and (11) locations where Micron Accused Products were qualified by any of its customers.

Micron has not provided any substantive response to these interrogatories at all. Ex. 1 at 33-36. Micron claims in its response that it "will produce" responsive documents under Rule

33(d), but it has not supplemented its responses to actually identify any documents. This case is at the end of fact discovery, meaning even if Micron serves eleventh-hour supplemental responses identifying documents it contends are responsive, Netlist will not have the opportunity to investigate Micron's claims by seeking relevant discovery on these topics from Micron or third parties, or address the documents in expert reports. This is highly prejudicial.

For example, Interrogatory No. 5 seeks Micron's marketing, advertising, and sales efforts in the U.S. market in connection with the Accused Products. This is relevant not only to simply determine damages numbers but also to consideration of several *Georgia-Pacific* factors. *See Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (considering the "the utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results" and "[the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention"); *See, also SmartPhone Techs. LLC v. Apple Inc.*, 2013 WL 789285, at *4 (E.D. Tex. Mar. 1, 2013) (granting motion to compel "documents relating to the valuation" of patents-in-suit).

Similarly, Interrogatory No. 6 seeks documents necessary to determine which of Micron's sales qualify as U.S. sales. This information is plainly relevant to the calculation of damages and should be readily available to Micron. *See, e.g., Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1308 (Fed. Cir. 2015) ("The standards for determining where a sale may be said to occur do not pinpoint a single, universally applicable fact. . . . Places of seeming relevance include a place of inking the legal commitment to buy and sell and a place of delivery."). Micron has provided no sufficient basis for its failure to meaningfully respond to these interrogatories.

**II.   Interrogatory No. 12**

Netlist's Interrogatory No. 12, also served in March 2023, requests:

For each Netlist Patent-in-Suit, identify and describe in detail any alleged non-infringing alternative that You contend exists or existed to each Netlist Patent-in-Suit or alternatives

that you considered implementing, including but not limited to: (i) a description of each alleged non-infringing alternative; (ii) a description of when and how each alleged non-infringing alternative was developed or otherwise available; (iii) the identity of individuals involved in developing and/or most knowledgeable about each alleged non-infringing alternative (if applicable); (iv) costs associated with developing and implementing each alleged non-infringing alternative; (v) steps and the time required to develop and implement each alleged non-infringing alternative; (vi) Dates when each alleged non-infringing alternative was incorporated in an accused product or a commercial product (if applicable); (vii) any known patents covering the alleged non-infringing alternatives; (viii) the acceptability of the alleged non-infringing alternatives (including the differences in performance and costs between the alternative and the asserted claims, and consumers' acceptance of such differences); (ix) any reason(s) for not replacing a current product with the alleged non-infringing alternative; (x) the identity of individuals involved in supporting

Micron has not provided any substantive response to this interrogatory at all, it has only provided objections. Ex. 1 at 44-46 (Micron's Fourth Supplemental Responses to Netlist's First Set of Interrogatories Nos. 1-20, dated November 14, 2023). Micron's response to this request is in fact more deficient than the others discussed herein, because it does not even claim it plans to product responsive documents under Rule 33(d). Whether Micron contends that any NIAs exist is highly relevant to at least willfulness and damages. Micron's refusal to disclose any alleged NIAs is highly prejudicial, because Netlist cannot take discovery on them or address them in its expert reports. Therefore, in the event Micron fails to identify any alleged non-infringing alternative by the close of fact discovery, it should be precluded from surprising Netlist with such a theory later on. *See Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie GmbH*, 2018 WL 4289342, at *3-5 (E.D. Tex. July 11, 2018) (granting motion to strike references from Defendant expert's rebuttal reports regarding non-infringing alternatives); *Godo Kaisha IP Bridge 1 v. Broadcom Limited*, 2017 WL 2869344, at *2-3 (E.D. Tex. Apr. 20, 2017) (granting motion to strike expert's rebuttal opinions "regarding non-infringing alternatives that were not previously disclosed").

**III.     Interrogatory Nos. 17 and 19**

Netlist's Interrogatories 17 and 19 seek the following information (Ex. 1 at 51-55):

**INTERROGATORY NO. 17**

Set Forth the Complete Basis for Your position regarding the theories, amounts, and methods of calculating the damages to which Netlist will be entitled if Micron is found to infringe each Asserted Patent. For the avoidance of doubt, Your answer should include an analysis under the Georgia-Pacific factors and a description of at least the following categories of information: (1) any reasonable royalty that You contend would be appropriate; (2) any apportionment that You contend should be used to determine damages; (3) the royalty base that You contend should be used to determine damages; (4) the royalty rate that You contend should apply to the royalty base; and (5) all facts that support Your answer. Your answer should also include an analysis for Micron's proposed RAND royalty calculation to the extent Micron contends that any Netlist Patents-in-Suit are essential to practicing a standard.

**INTERROGATORY NO. 19**
For each Micron Accused Product, describe its competitive advantages, including: (1) the identity of any products You view as competing products; (2) the manufacturer(s) of such competing products; (3) advantages, importance, and/or disadvantages of Micron's products compared with those of Your competitors, including any value Micron asserts is attributable to Micron Accused Products separate from the Patented Features; (4) the market share of Micron's Accused Products; and (5) other valuation or assessment in Your possession, custody, or control conducted on each Micron Accused Product.

Micron has not provided any substantive response to these interrogatories at all. Netlist first served these interrogatories on March 21, 2023. Micron has thus had over seven months to provide a substantive response to Netlist's requests or at least properly identify responsive documents pursuant to Rule 33(d). Netlist has repeatedly followed up on these requests, most recently in its 10-31-2023 letter. However, Micron's supplemental responses have continually failed to meaningfully address them. For example, as in other cases, ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ but it has not supplemented its responses to actually identify any documents. This is inadequate. *Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*, 2017 U.S. Dist. LEXIS 186655, *20 (E.D. Tex. June 29, 2017) ("A plaintiff may not simply refer a defendant to a mass of records but must specifically identify which documents contain the requested information in its answer to the interrogatory. If the party cannot comply with these requirements, it must otherwise answer the interrogatory fully and completely.").

Requests 17 and 19 are highly relevant to Netlist's damages analysis and its ability to prepare timely expert reports. Request No. 19 seeks information on the competitive advantages

of Micron's products, including any value it attributes to the products separate from the accused features. This is highly relevant to Netlist's damages calculations, and its ability to investigate the facts supporting Micron's potential apportionment theories. *See Georgia-Pacific*, 318 F. Supp. at 1120 Likewise, Interrogatory No. 17 seeks the factual support underlying Micron's damages theory as a whole, which is relevant to Netlist's ability to respond to respond to such theory and consider the facts Micron contends are relevant to damages and apportionment. Micron's failure to provide any substantive response to these interrogatories by the eve of expert report deadlines significantly prejudices Netlist.

Micron's response to Interrogatory No. 17 that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 at 52, is insufficient and does not absolve it of the duty to respond to interrogatories to the fullest extent possible. Fed. R. Civ. P. 33(b)(3); *see also Gamon Plus, Inc. v. Campbell Soup Co.*, 2022 WL 18284320, *2 (N.D. Ill. May 26, 2022) (compelling patentee to fully answer, as best it could, interrogatory seeking the factual basis of its damages claim because "[t]his discovery may be supplemented with expert opinion later, but that does not absolve Plaintiffs of the present duty to respond."). Indeed, the Federal Circuit has rejected the argument that "all that the discovery rules require is that [damages] theories be developed in the expert's report." *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 10 F. 4th 1358, 1371 (Fed. Cir. 2021) (finding it was within district court's discretion to exclude damages expert's opinions based on facts not provided in interrogatory responses seeking damages theories). The Court explained that such an argument "undermines Rule 33 of the [FRCP]," and further, "as we [have] recognized… contention interrogatories… 'serve an important purpose in helping to discover facts supporting the theories of the parties. Answers to contention interrogatories also serve to narrow and sharpen the issues thereby confining discovery and simplifying trial preparation.'" *Id.* at 1372; *see also Pers. Audio, LLC v. Google LLC*, 2018 WL 4502002, at *1-2 (D. Del. Sept. 20, 2018)

(finding that Google is not yet entitled to "an actual final calculation of damages" but is entitled to certain "damages-related information at this stage of the case.").

Further, Micron's objection wholly contradicts its position in the co-pending case between the parties in this district, where it moved to compel Netlist to provide a more comprehensive response to its interrogatory seeking "For each of the Patents-in-Suit, identify [Netlist's] contentions regarding any claim for damages." *Netlist v. Micron*, No. 22-cv-203, Dkt. 187 at 1-2. At this point, Micron has not even provided the level of information on its damages contentions that it deemed insufficient in *Micron* I. Micron argued there that "[t]he requested information is highly relevant to Micron's damages defense." *Id.* Micron should thus be required to supplement its response to provide information it claims is "highly relevant."

## IV.     Interrogatory Nos. 24, 25

Netlist's Interrogatory Nos. 24 and 25 seek:

**INTERROGATORY NO. 24**
Describe in complete detail the technical advantages associated with the use of PDA Features in the Micron Accused DDR4 LRDIMM and DDR4 RDIMM products, including but not limited to any performance or efficiency improvements PDA Features bring to both individual DIMMs and to servers populated with DIMMs implementing the PDA Features, and specifically including but not limited to how the ability to program ODT, VREFDQ, or other DRAM parameters individually on a per-DRAM level affects performance or efficiency, such as impacts on signal integrity, timing margin, power consumption, error rate, or speed.

**INTERROGATORY NO. 25**
Describe in complete detail the technical advantages associated with the use of DDR4 LRDIMM Timing Control Features and Load Isolation Features in the Micron Accused DDR4 LRDIMM products, including but not limited to any performance or efficiency improvements DDR4 LRDIMM Timing Control Features and Load Isolation Features bring to both individual DIMMs and to servers populated with DIMMs implementing the DDR4 LRDIMM Timing Control Features and Load Isolation Features.

Ex. 2 at 13, 16. The technical advantages afforded by the PDA and timing control features of the Accused Products are directly relevant to damages and multiple *Georgia-Pacific* factors.

For example, PDA is one of the key features of the accused products conferred by Netlist's patented technology. Ex. 3 (Netlist's interrogatory response on this). The benefits of these features are relevant not only to Netlist's damages claims but also to show customer demand of the patented products, as well as Micron's willful infringement and copying. *See Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1305 (Fed. Cir. 2015) (sufficient evidence supported jury's royalty determination in part based on evidence showing "Marvell faced strong market pressure to improve the performance of its chips, and testimony and internal documents showed (in sometimes-dramatic language) that its previous attempt to produce a new design was failing.").

Despite their importance, Micron has failed to provide a substantive response to these requests. Micron's response purports to identify documents under Rule 33(d), but the referenced documents are generally Micron Datasheets, which provide no discussions of benefits, advantages, and disadvantages of the accused features. Further, Micron renders this identification meaningless in the next sentence by following it with the disclaimer that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The cited documents referred to include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Micron has separately claimed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.,* Ex. 2 at 25. Micron's response thus leaves it completely unclear how its products are configured with respect to the accused features and which documents (if any) reflect how Micron's product actually implement these features or what Micron contends their advantages are. Netlist thus respectfully requests the Court order Micron to provide a substantive response to these interrogatories.[1]

---

[1] Given Micron's delay and deficiencies in written discovery responses, Netlist reserves the right to seek leave to supplement its expert reports in due course.

| | |
|---|---|
| Dated: November 20, 2023 | Respectfully submitted, |
| | */s/ Jason G. Sheasby* |
| | Samuel F. Baxter |
| | Texas State Bar No. 01938000 |
| | sbaxter@mckoolsmith.com |
| | Jennifer L. Truelove |
| | Texas State Bar No. 24012906 |
| | jtruelove@mckoolsmith.com |
| | **MCKOOL SMITH, P.C.** |
| | 104 East Houston Street Suite 300 |
| | Marshall, TX 75670 |
| | Telephone: (903) 923-9000 |
| | Facsimile: (903) 923-9099 |
| | |
| | Jason G. Sheasby (*pro hac vice*) |
| | jsheasby@irell.com |
| | Annita Zhong, Ph.D. (*pro hac vice*) |
| | hzhong@irell.com |
| | Andrew J. Strabone (*pro hac vice*) |
| | astrabone@irell.com |
| | Thomas C. Werner (*pro hac vice*) |
| | twerner@irell.com |
| | Yanan Zhao (*pro hac vice*) |
| | yzhao@irell.com |
| | Michael W. Tezyan (*pro hac vice*) |
| | mtezyan@irell.com |
| | |
| | **IRELL & MANELLA LLP** |
| | 1800 Avenue of the Stars, Suite 900 |
| | Los Angeles, CA 90067 |
| | Tel. (310) 277-1010 |
| | Fax (310) 203-7199 |
| | |
| | **Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF SERVICE

I hereby certify that, on November 20, 2023, a copy of the foregoing was served to all counsel of record via Email as agreed by the parties.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on November 17, 2023, lead and local counsel for Netlist met and conferred with Micron's counsel regarding the subject matter of Netlist's motion. Micron agreed to supplement its interrogatory responses in the next day, but failed to do so. The parties are thus at an impasse.

*/s/ Yanan Zhao*
Yanan Zhao