# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-cv-293-JRG ) ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., | ) (Lead Case) ) ) ) ▇▇▇▇▇▇▇▇▇ ) |
|     Defendants. | ) |
| NETLIST, INC., | ) ) |
|     Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-cv-294-JRG ) |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) ) |
|     Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S MOTION TO COMPEL DEPOSITION OF
JOO SUN CHOI**

# TABLE OF CONTENTS

**Page**

I. FACTUAL BACKGROUND ...................................................................................................1

II. ARGUMENT ...........................................................................................................................4

    A. Mr. Choi Has Relevant, Unique Knowledge Relating to this Litigation .....................4

    B. Mr. Choi Cannot Be Shielded Under the "Apex Doctrine" .........................................5

        1. Mr. Choi Does Not Qualify for Apex Doctrine Protection............................5

        2. Mr. Choi Has Firsthand, Unique Knowledge Relevant to this Litigation ................................................................................................................6

III. CONCLUSION ........................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
  282 F.R.D. 259 (N.D. Cal. 2012) ................................................................................................6

*Fam. One v. Isaacks*,
  No. 9:22-CV-00028-MJT, 2023 WL 4503537 (E.D. Tex. Apr. 25, 2023) ...................................5, 6

*Mobile Equity Corp. v. Walmart Inc.*,
  2022 WL 36170 (E.D. Tex. Jan. 4, 2022) .................................................................................5, 6

*Netlist Inc. v. Samsung Elecs. Co.*,
  2023 WL 6820683 (9th Cir. Oct. 17, 2023) ................................................................................1

*United States v. Holley*,
  942 F.2d 916 (5th Cir. 1991) ......................................................................................................4

**Rules**

Fed. R. Civ. P. 30 ..........................................................................................................................1, 6

Fed. R. Civ. P. 26 .............................................................................................................................4

L.R. 26(d)………………………………………………………………………………..4

Netlist noticed the deposition of Joo Sun Choi under Federal Rule of Civil Procedure 30(b)(1). Samsung objected under the apex witness doctrine and refused to produce him. Mr. Choi has unique knowledge pivotal to a key defense Samsung is asserting in this case, and the Court therefore should compel Mr. Choi to appear for deposition.

## I.   FACTUAL BACKGROUND

Samsung has asserted an affirmative defense that the Accused Products are licensed under the Joint Development and License Agreement ("JDLA") between Netlist and Samsung. Dkt. 145 (Samsung's Answer to Netlist's Third Amended Compl.) at 24–27. This Court may recall that the Central District of California ("Central District") previously granted summary judgment to Netlist on the issue of Samsung's material breach of its supply obligation under the JDLA and Netlist's termination of the JDLA based on that material breach. The Ninth Circuit recently reversed that grant of summary judgment, finding the supply provision ambiguous and remanding for further proceedings. *Netlist Inc. v. Samsung Elecs. Co.*, 2023 WL 6820683, at *1–2 (9th Cir. Oct. 17, 2023). As discussed in Netlist's Opposition to Samsung's Motion to Stay this case, whether Netlist properly terminated the JDLA due to Samsung's breach of the supply provision is also at issue in this case, in addition to the questions of whether Samsung infringes the asserted patents and whether the JDLA license covers the Accused Products. Dkt. 196 (Netlist's Opp. to Samsung's Motion to Stay) at 15. Mr. Choi is pivotal to the issue of Samsung's breach of its supply obligation and Netlist's proper termination of the JDLA.

**Mr. Choi made the decision, on behalf of Samsung, to cut off supply to Netlist**. Mr. Choi was first Executive Vice President of Memory Sales at Samsung Electronics until March 2017, and then President of U.S. Memory Sales operations. *See* Ex. 1 (C.D. Cal. Dkt. 84-5, Ex. D) (Mr. Joo Sun Choi's LinkedIn Profile). He was made President of Samsung's display business in 2020. *See id.* (still listing his prior job post). During the relevant period in 2017, ▮▮▮▮▮▮▮▮▮▮▮▮

████████████. Ex. 2 (2023-11-08 Calandra Rough Transcript) at 14:3–9 (████████

████████████████████████████████████████████████████████),14:20–15:12,

17:22–18:5 (████████████████████████████████████████████████████████

████████████).

In this role, Mr. Choi directed Samsung employees to ████████████████

████████████████████████████████████ For example, in an ████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████ Ex. 3 at SEC006047. Samsung also

represented to Netlist that Mr. Choi was the decision maker with respect to product allocation. *See*

Ex. 4 (C.D. Cal. Dkt. 84-17, Ex. P) ("Lane" from Samsung suggesting that Netlist speak with Joo Sun

Choi in July 2017 to lift limitations on the amount of products Samsung would sell to Netlist). Mr.

Choi also ████████████████████████████████████████████████████████

████████████████████████████████████ Ex. 5 (C.D. Cal. Dkt. 84-4, Ex. K) at

SEC000259–60.

Later in that same email chain, a ████████████████████████████████

████████████████████████████. *Id*. at SEC 000259 ████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

Similarly, in early 2018, ████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

Ex. 6 at SEC000315.

Mr. Choi thus has unique knowledge regarding the fact that Samsung breached, as well as why Samsung chose to cut Netlist's allocation of NAND and DRAM in contravention of its obligations under the JDLA. Netlist has deposed lower-level Samsung employees about this topic who had admitted that ███████████████████████████████████████████████████████████████ ███████ Ex. 7 at SEC058105; *see also* Ex. 8 at SEC001114 (███████████████████ ███. However, those employees repeatedly testified ███████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ Ex. 9 (C.D. Cal. Kim Depo Tr.) at 38:8-11 (objection omitted). Steven Metz, Samsung Vice President of Sales, ██████████████████████████████████████████████████████████ ████████████████████████ Ex. 10 (C.D. Cal. Metz Depo Tr.) at 93:22–95:1(objections omitted); Neal Knuth, Samsung's Regional Sales Manager: ███████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████ Ex. 11 (C.D. Cal. Knuth Depo Tr.) at 185:11-15. Moreover, Joseph Calandra, another Samsung Vice President of Sales, ████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████. Ex. 2 (Calandra Rough Tr.) at 49:9–19.

During the parties' prior dispute before this Court, Netlist moved to compel the deposition of Jung Bae Lee, who at the time was VP of Memory Product Planning and Quality Assurance teams and one of the key decision makers regarding Samsung's relationship with Netlist after the execution of the JDLA. *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463 ("*Samsung I*"), Dkt. 121 at 3–4, 6. The Court granted Netlist's motion, *Samsung I*, Dkt. 195 at 2, yet when Mr. Lee was deposed, he too



Ex. 12 (*Samsung I*, Lee Depo Tr.) at 57:25–58-12. Netlist thus served a deposition notice for Mr. Choi. Samsung objected under the Apex doctrine and refused to produce Mr. Choi for deposition.[1]

## II.  ARGUMENT

### A.  Mr. Choi Has Relevant, Unique Knowledge Relating to this Litigation

Rule 26 broadly allows a party to obtain discovery regarding any subject relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1); L.R. 26(d). The Fifth Circuit has made it clear that "[t]he deposition-discovery rules are to be accorded a broad and liberal treatment." *United States v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

As detailed above, Mr. Choi has personal knowledge of Samsung's actions in monitoring, allocating, and ultimately ending NAND and DRAM sales to Netlist. He was the ultimate decision-maker on this matter. Mr. Choi's testimony is directly relevant to Samsung's patent license defense, which turns in part on Netlist's termination of the JDLA subsequent to Samsung's material breach of the supply requirement. Moreover, Samsung has expressly argued, including in securing a partial

---

[1] During the contract litigation, Netlist sought to depose Mr. Choi on July 20, 2021. *Netlist, Inc. v. Samsung Elecs. Co.*, No. 20-cv-993, Dkt. 94. At the August 2, 2021 hearing, Magistrate Judge Spaeth denied Netlist's motion *without prejudice* because Netlist had not yet deposed lower-level Samsung officials to show that it could not obtain the relevant information from other witnesses. *Id.* Dkt. 326 at 34. But, as discussed above, since Magistrate Judge Spaeth's ruling, Netlist has deposed several Samsung employees who have indicated that Mr. Choi was involved in allocating supply to Netlist, but that his motivations in doing so were unknown to them.

reversal of the Central District of California's summary judgment ruling on materiality, that in determining "materiality" of breach, one of the factors is whether the breach was in "bad faith." *Netlist v. Samsung Elecs. Co.*, No. 22-55209, Dkt. 14 at 50 (citation omitted). Mr. Choi's decision to cut Netlist's supply goes to the heart of this issue.

### B. Mr. Choi Cannot Be Shielded Under the "Apex Doctrine"

In the Fifth Circuit, "[o]nce a plaintiff satisfies its burden to show that their requested discovery is relevant, the burden shifts to the defendant to prove that the plaintiff 'can obtain any relevant, desired information through less-intrusive means in order to be protected against the apex deposition.'" *Fam. One v. Isaacks*, No. 9:22-CV-00028-MJT, 2023 WL 4503537, at *6 (E.D. Tex. Apr. 25, 2023). Here, Samsung cannot carry its burden of showing either that (1) Mr. Choi qualifies for apex protection or (2) that the information he possesses is discoverable through less intrusive means.

#### 1. Mr. Choi Does Not Qualify for Apex Doctrine Protection

"Apex" status cannot be presumed simply because of the word "President" in Mr. Choi's title. *See Mobile Equity Corp. v. Walmart Inc.*, 2022 WL 36170, at *1 (E.D. Tex. Jan. 4, 2022) ("[b]eing one of 110 senior vice presidents" of a multinational corporation does not necessarily make a witness protected by the apex doctrine). At best, Mr. Choi's current position is relatively high up for his particular division. Samsung does not assert that he is the CEO or a high-level executive of any of the named Defendants in this action. Rather, after his involvement in the events of this case, Mr. Choi was promoted to head a subsidiary within the Samsung family of divisions.

But Samsung is a Korean multinational conglomerate with 233 subsidiaries as of June 30, 2023, not to mention numerous divisions. *See* Ex. 13 (Samsung 2023 Half-year Business Report) at 55. If the "president" of a division were considered to be an apex witness *solely* due to their title, Samsung would likely have 250 or more apex witnesses.

### 2.     Mr. Choi Has Firsthand, Unique Knowledge Relevant to this Litigation

Mr. Choi was directly and personally involved in Samsung's decision to cut product supply to Netlist. This breach was the catalyst for Netlist's termination of the JDLA and the patent license Samsung now raises as a defense to Netlist's patent infringement claims. Samsung's other witnesses—whether testifying pursuant to Rule 30(b)(1) or Rule 30(b)(6)—███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Accordingly, Netlist is not able to obtain discovery relating to Samsung's intentional, material (including "bad faith") breach of the JDLA's supply requirement through other means. *Fam. One*, 2023 WL 4503537, at *7 (requiring apex deposition where plaintiffs "first depos[ed] lower-ranking employees and remaining unsatisfied with the deponents' responses.").

Further, as described above, ███████████████████████████████████████████████████████████████████████████████████. *Id.* at *8 (Apex witness possessed unique knowledge where "lower-ranked employees' depositions . . . pointed fingers at LLB CEO Stephen Keener as either responsible for the failure to implement child sexual abuse training, or as the only individual with authority to make this decision."). The deposition of Mr. Choi is necessary due to his direct involvement in the subject of this litigation and unique knowledge about Samsung's decision to stop supplying Netlist with its products. *See Mobile Equity*, 2022 WL 36170, at *1 (compelling deposition by witness who "appears to have unique first-hand knowledge regarding events that are directly relevant to [plaintiff's] damages claims as well as relevant to rebut assertions about the availability of noninfringing alternatives"); *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 267-69 (N.D. Cal. 2012) (compelling depositions of the Executive VP of Samsung Mobile Division's Product

Strategy Team, Senior VP of Advanced R&D, and President and CEO of Samsung Telecommunications America, who had relevant personal knowledge).

## III. CONCLUSION

Mr. Joo Sun Choi should be compelled to attend a deposition.

November 20, 2023                                     /s/ Jason Sheasby

                                        Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 203-7096
Facsimile: (310) 203-7199

**ATTORNEYS FOR PLAINTIFF NETLIST, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that, on November 20, 2023, a copy of the foregoing was served to all counsel of record.

/s/ *Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ *Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, on November 20, 2023, counsel for Netlist met and conferred with counsel for Samsung regarding the subject matter of Netlist's motion. Counsel for Samsung indicated that Samsung opposed Netlist's motion. The parties are at an impasse.

/s/ *Yanan Zhao*
Yanan Zhao