IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) <br><br> ▬▬▬▬▬▬▬▬ |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S MOTION TO PRECLUDE SAMSUNG FROM INTRODUCING WITNESS TESTIMONY IN SUPPORT OF ITS LICENSE DEFENSE**

## **TABLE OF CONTENTS**

**Page**

I. BACKGROUND ...................................................................................................................1

II. ARGUMENT........................................................................................................................4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*POM Wonderful LLC v. Coca-cola Co.*,
  No. CV 08-6237 SJO FMOX, 2009 WL 7047720 (C.D. Cal. Nov. 10, 2009) .................................. 4

*Technip Offshore Contractors v. Williams Field Servs.*,
  No. CIV.A. H-04-0096, 2007 WL 869534 (S.D. Tex. Mar. 21, 2007) ................................................ 4

*Tinsley v. Kemp*,
  750 F.Supp. 1001 (W.D.Mo.1990) ........................................................................................................ 4

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................................................ 4

Fed. R. Civ. P. 30(b)(6) .................................................................................................................................. 2

Fed. R. Civ. P. 37 ............................................................................................................................................ 4

L.R. 26(d) ......................................................................................................................................................... 4

The Court should preclude Samsung from introducing any Samsung fact witness testimony on its license defense, which is predicated on the parties' Joint Development and License Agreement ("JDLA"). Samsung refused to produce discovery relating to the JDLA while simultaneously seeking discovery from Netlist in support of its license defense. This is plainly improper.

Samsung has moved for both an indefinite stay of this action and also for an indefinite stay of any JDLA related discovery pending resolution of the parties' breach of contract dispute involving the JDLA in the Central District of California. Dkt Nos. 187, 193. Netlist has opposed these motions on the ground that Samsung has raised the JDLA as defense in the present action, which is proceeding to trial on April 15, 2024. Dkt. Nos 196, 209, 215. This Court is thus the proper forum to address any dispute over the JDLA. The Court has yet to rule on these motions. Nonetheless, Samsung has unilaterally imposed its own stay by refusing to designate 30(b)(6) witnesses on any topics relating to Samsung's license defense and refusing to produce witnesses who have information relevant to this defense. At the same time, Samsung itself has sought discovery from Netlist relating to the JDLA to support its license defense. Samsung should not be able to assert a defense on which it has refused to produce any discovery, and the Court should thus preclude it from introducing any Samsung fact witness testimony on this topic.

I. **BACKGROUND**

The factual background regarding the parties' dispute over the JDLA is set forth in Netlist's Opposition to Samsung's stay motion, Dkt. 196, and Netlist's Opposition to Samsung's motion for a protective order to prohibit JDLA related discovery, Dkt. 209. The following is a brief summary. Under the JDLA, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 196-2 (JDLA). As consideration, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at § 6.2.

In this action, Samsung has asserted an "express license" affirmative defense in this action on the theory that the JDLA covers the Accused Products:

> Netlist granted SEC and its subsidiaries, including SSI, a perpetual, paid-up, worldwide, non-exclusive license to all patents owned or controlled by Netlist or any of its subsidiaries having an effective first filing date on or prior to November 12, 2020. All of the Patents-In-Suit have effective first filing dates prior to November 12, 2020. The license extends through the expiration of the last to expire of the licensed patents.

Dkt. 145 at 25.

Netlist accordingly served discovery relating to this defense. Specifically, Netlist served notice under Rule 30(b)(6) requesting that Samsung produce a corporate representative to testify on the following topics:

- Topic No. 101: "Any factual bases for Samsung's statement that it has an express or implied license to any of Netlist's Patents-in-Suit."

- Topic No. 115: "The facts and circumstances relating to the negotiation of JDLA."

- Topic No. 116: "The facts and circumstances relating to Samsung's performance under the JDLA and the termination of the agreement."

- Topic No. 117: "The facts and circumstances relating to Samsung's license to any Netlist's patent granted under the JDLA, including the scope of the license and subsequent termination."

- Topic No. 118: "The facts and circumstances relating to any actions undertaken by Samsung in order to avoid infringement of Netlist's patents in response to Netlist's termination of the JDLA."

Netlist also sought the deposition of various fact witnesses who have information relating to the JDLA. Ex. 1 (2023-10-26 Samsung's Counsel Tishman Email). Samsung, however, has refused to provide any fact witness for examination relating to the JDLA and Netlist's termination. Ex. 2 (2023-10-30 Samsung's Responses and Objections to Netlist's Second 30(b)(6) Notice), at 5 ("Samsung objects to the topics to the extent that they seek information relevant to the issues being litigated in the C.D. Cal., such as any alleged breach or termination of the JDLA.")

This, however, has not stopped Samsung from seeking its own discovery regarding both the JDLA's termination and the scope of the JDLA's license grant. For example, Samsung's 30(b)(6) notice included the following topics: "All facts and circumstances relating to the Joint Development and License Agreement ('JDLA') entered into as of November 12, 2015 between Netlist and Samsung, including the negotiation, performance, alleged breach, and purported termination of the JDLA" (Topic 49); "The factual basis pertaining to Your contention that any of the Accused Products were not licensed products under the 2015 JDLA to Netlist's termination of the agreement on July 15, 2020" (Topic 51); and "Any valuations, financial analyses or patent analyses for the patents licensed under the JDLA" (Topic 52). Dkt. 209-2 (Ex. 1 to Opp. to Samsung Request for Protective Order) at 13. Similarly, Samsung's second set of requests for admissions contains five requests specifically relating to the JDLA's license scope in support of Samsung's license defense, including "Admit that by definition in the JDLA, 'Netlist's Licensed Patents' included the Asserted Patents" (RFA 22) and "Admit that by definition in the JDLA, 'Samsung's Licensed Products' include the Accused Products" (RFA 23). Dkt. 209-3 (Ex. 2 to Opp. to Samsung Request for Protective Order) at 3-4.

The first series of questions Samsung asked Netlist's CEO on November 19, 2023 related to the JDLA and what Samsung products were licensed:



Ex. 3 at 7 (2023-11-19 Rough Transcript of Deposition of Mr. Chuck Hong). This is the exact subject matter Samsung has, through self-help, blocked Netlist from obtaining.

## II.  ARGUMENT

Rule 26 allows a party to obtain discovery regarding any subject relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1); L.R. 26(d). Samsung cannot avoid its discovery obligations simply by filing a motion to stay this case and any discovery relating to the JDLA. This Court's Standing Order is crystal—there is no excuse to obstruct discovery without ruling from the Court:

> **10. No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

Dkt. 56 at 10-11. Samsung has not obtained an order from the Court staying discovery, and Samsung is not permitted to grant its own request for a stay by simply refusing to produce relevant discovery. *See, e.g., Tinsley v. Kemp*, 750 F.Supp. 1001, 1013 (W.D.Mo.1990) ("[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay-even before the court has ruled. Such a phenomenon would reduce a court's orders to useless and senseless formalities."); *POM Wonderful LLC v. Coca-cola Co.*, No. CV 08-6237 SJO FMOX, 2009 WL 7047720, at *2 (C.D. Cal. Nov. 10, 2009) (same).

Samsung's failure to produce witnesses in response to Netlist's deposition requests is thus improper. The remedy for such failure is exclusion. Rule 37 expressly states that, when a party's witness fails to appear for a properly noticed deposition, a court may "prohibit[] the disobedient party from supporting . . . designated claims or defenses, or from introducing designated matters in evidence" Fed. R. Civ. P. 37(b)(2). *See also Technip Offshore Contractors v. Williams Field Servs.*, No. CIV.A. H-04-0096, 2007 WL 869534, at *7, n.5 (S.D. Tex. Mar. 21, 2007) ("When a party fails to comply with Rule

30(b)(6), Rule 37 allows courts to impose various sanctions, including the preclusion of evidence."). That result is particularly justified here given that Samsung has been pursuing discovery that would support its license defense while preventing Netlist from obtaining discovery that would rebut that defense. This is plainly prejudicial, and the Court should prohibit Samsung from imposing its own double standard by precluding it from introducing testimony in support of its license defense.

Dated: November 20, 2023

Respectfully submitted,

*/s/ Jason G. Sheasby*
Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com

**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010

Fax (310) 203-7199

Philip Warrick
New York Bar No. 4471413
pwarrick@irell.com

**IRELL & MANELLA LLP**
750 17th Street NW, Suite 850
Washington, DC 20006
Tel. (310) 777-6512
Fax (310) 317-7252

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on November 20, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

## CERTIFICATE OF CONFERENCE

I hereby certify that, on November 20, 2023, counsel for Netlist met and conferred with counsel for Samsung regarding the subject matter of Netlist's motion. Counsel for Samsung indicated that Samsung opposed Netlist's motion. No agreement could be reached. Netlist remains willing to meet and confer in good faith with Defendants on the subject matter of this Motion.

*/s/ Yanan Zhao*
Yanan Zhao