# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-cv-293-JRG ) ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., | ) (Lead Case) ) ) ) ) ) |
| Defendants. | ) |
| NETLIST, INC., | ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 2:22-cv-294-JRG ) |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S MOTION TO COMPEL 30(b)(6) DEPOSITION TESTIMONY AND RESPONSES TO QUESTIONS FOR WHICH SAMSUNG'S COUNSEL IMPROPERLY INSTRUCTED SEUNGMO JUNG NOT TO ANSWER**

# TABLE OF CONTENTS

**Page**

I. FACTUAL BACKGROUND ................................................................................................1

II. ARGUMENT .......................................................................................................................4

    A. Samsung Should Provide a Properly Prepared 30(b)(6) Witness to Testify Regarding the Configuration, Operation, Functionality, and Features of the Samsung DDR4 Memory Products Accused of Infringement ...................................................................................................4

    B. Samsung Must Make Mr. Jung Available for Deposition to Address the Questions Samsung's Counsel Improperly Instructed Him Not to Answer ..........................................................................................................5

III. CONCLUSION ....................................................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*BNSF Ry. Co. v. San Joaquin Valley R. Co.*,
  No. 1:08-CV-01086-AWI-SM, 2009 WL 3872043 (E.D. Cal. Nov. 17, 2009) .................................6

*Combs v. Rockwell Int'l Corp.*,
  927 F.2d 486 (9th Cir.1991)..................................................................................................6

*Fults v. McNamara*,
  No. 6:21-CV-00404-ADA, 2023 WL 4167043 (W.D. Tex. June 23, 2023)........................6

*Gonzalez v. Fresenius Med. Care N. Am.*,
  689 F.3d 470 (5th Cir. 2012).................................................................................................5

*Green v. Goodyear Dunlop Tires N. Am., Ltd.*,
  No. CIV. 08-472-GPM, 2010 WL 924892 (S.D. Ill. Mar. 9, 2010).....................................5

*Robroy Indus. - Texas, LLC v. Thomas & Betts Corp.*,
  No. 2:15-CV-512-WCB, 2016 WL 325175 (E.D. Tex. Jan. 27, 2016) ...............................4

*Setliff v. Zoccam Techs., Inc.*,
  344 F.R.D. 14 (N.D. Tex. 2023) ..........................................................................................5

**Rules**

Fed. R. Civ. P. 30(b)(6)......................................................................................................1, 4

Plaintiff Netlist moves for an order compelling Samsung to make a corporate representative witness available for deposition who is properly prepared to answer questions regarding the configuration, operation, functionality, and features of the Samsung products accused of infringing Netlist's patents, which designated witness Mr. Seungmo Jung was not adequately prepared to address. Netlist further moves for an order compelling Samsung to make Mr. Jung available for an additional deposition to respond to questions that Samsung's counsel improperly instructed him not to answer.

## I.   FACTUAL BACKGROUND

Netlist's counsel properly noticed deposition of Samsung Defendants under Federal Rule of Civil Procedure 30(b)(6) on October 19, 2023. Samsung designated Mr. Jung as its corporate representative on several topics, including Topic 5, which requested testimony regarding "[t]he design, structure, configuration, operation, functionality, and features of the Samsung Accused Products." Ex. A (Excerpt of Netlist 30(b)(6) notice); Ex. B (Nov. 10, 2023 Daniel Tishman email). The configuration, operation, functionality, and features of the accused products are central to Netlist's claim of patent infringement, and Samsung was on notice that the relevant functionality included training modes for the accused memory modules. *See, e.g.*, Ex. C, at 127 (Excerpt of Ex. B to Netlist's Nov. 17, 2022 Preliminary Infringement Contentions) (referencing the "DRAM Interface Write Level Training Mode" and the "DRAM Interface MDQ Receive Enable Phase (MREP) Training Mode"); Ex. D, at 71 (Excerpt of Ex. D to Netlist's Feb. 7, 2023 Second Supplemental Infringement Contentions) (referencing the "DRAM-to-DB Read Delay (MRD) Training Mode").

Mr. Jung, however, was unprepared to answer questions regarding these training modes at his deposition on November 13, 2023. For example, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. E (Jung Rough Dep. Tr. 46:4-15), and he was similarly unprepared to address the majority of Netlist's counsel's questions regarding this topic. By way of additional examples:



Ex. E (Jung Rough Dep. Tr. 78:9-13).



*Id.* at 70:16-23.



*Id.* at 72:8-17.

Mr. Jung has been previously deposed. In that previous deposition he gave testimony that ▮▮▮▮▮ *See id.* at 24:14-25:5. He claims that the ▮▮▮▮▮. *Id.* at 40:1-16.

But Samsung counsel did not permit the examination necessary to test this assertion. First, ▮▮▮▮▮.



Ex. E (Jung Rough Dep. Tr. 96:19-25). Mr. Jung testified that he ▮▮▮▮▮



▮ *Id.* at 40:1-16. Moreover, Mr. Jung confirmed that he ▮▮▮▮▮, but Samsung's counsel instructed him not to testify regarding who actually requested the changes:



*Id.* at 45:6-25. Finally, Mr. June was instructed not to answer regarding who prepared his errata sheet:



*Id.* at 24:24-25:5.

## II. ARGUMENT

### A. Samsung Should Provide a Properly Prepared 30(b)(6) Witness to Testify Regarding the Configuration, Operation, Functionality, and Features of the Samsung DDR4 Memory Products Accused of Infringement

When a party designates a corporate representative to testify on its behalf under Rule 30(b)(6), that deponent "'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, and unevasively, the questions posed . . . as to the relevant subject matters.'" *Robroy Indus. - Texas, LLC v. Thomas & Betts Corp.*, No. 2:15-CV-512-WCB, 2016 WL 325175, at *2 (E.D. Tex. Jan. 27, 2016) (Bryson, J., by designation) (quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006)). "If a corporation fails to designate a witness with sufficient knowledge of the relevant facts, 'then the appearance is, for all practical purposes, no appearance at all,'" and the Court is empowered to sanction such failure to attend its own deposition. *Id.* (quoting *Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993)).

As explained above, Samsung failed to prepare Mr. Jung adequately to address the full range of relevant functionality of the accused Samsung DDR4 products. He could not explain the various ▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, Ex. E (Jung Rough Dep. Tr. 78:9-13). The configuration, operation, and functionality of these training modes are directly relevant to Netlist's claims of patent infringement. Furthermore, if Samsung had good-faith confusion as to whether the witness needed to be prepared on training modes, this confusion was resolved when Netlist sent an email asking for the deficiency to be addressed:

> Mr. Jung was not prepared to discuss the training mechanisms used in Samsung's products. We ask Samsung to make an additional witness available who understands their operation. If not, we will need to file a motion.
>
> In addition, the question of whether Mr. Jung prepared the corrections to his deposition is not privileged and there was an improper instruction not to answer. We will need his deposition again to ask this question.

Ex. F (Sheasby Email - Jung). Samsung could have easily identified and offered an additional witness. It chose not to. Thus, an order from the Court is necessary to require Samsung to make a witness available for deposition—at Samsung's expense—who can testify to these training modes.

### B. Samsung Must Make Mr. Jung Available for Deposition to Address the Questions Samsung's Counsel Improperly Instructed Him Not to Answer

The Court should also compel Samsung to make Mr. Jung available for additional deposition testimony regarding the basis for his 180-degree change of position on a key aspect of Samsung's non-infringement contentions. "At the very least, [Netlist] should be permitted to confront and examine each change as well as the origin, basis, and detailed reasons for such changes." *Setliff v. Zoccam Techs., Inc.*, 344 F.R.D. 14, 22 (N.D. Tex. 2023). As in the *Setliff* case, the changes Mr. Jung attempted to offer in his prior errata sheet "are substantively contradictory, going to the very heart of [Netlist's] claims, allegations, and/or defenses and likewise for [Samsung]." *Id.*

Accordingly, Samsung's counsel should not have instructed Mr. Jung not to answer questions about the origins of his errata. Netlist is entitled to know whether Samsung's counsel "exerted improper influence over the drafting of the errata sheet" in, for example, an attempt "to push a case to trial where the client no longer adheres to the allegations supporting the claim." *Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 480 (5th Cir. 2012). Many courts have expressly disallowed attempts by deponents "following extensive post-deposition consultation with [corporate] attorneys, to remedy substantive defects in the deposition testimony using errata sheet changes to the transcript." *Green v. Goodyear Dunlop Tires N. Am., Ltd.*, No. CIV. 08-472-GPM, 2010 WL 924892, at *2 (S.D. Ill. Mar. 9, 2010); *see also Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488–89 (9th Cir.1991) (granting sanctions against a party and its counsel where counsel made substantive changes to the party's deposition testimony in an effort to avoid summary judgment). While the Fifth Circuit has not "explicitly endorsed" either that approach or a more lenient approach adopted by other courts, *Fults v. McNamara*, No. 6:21-CV-00404-ADA, 2023 WL 4167043, at *2 (W.D. Tex. June 23, 2023), here Netlist simply

asks for an opportunity to question Mr. Jung regarding who decided to attempt to alter his testimony on such a fundamental factual issue at the heart of the infringement claims in this case. Even courts that permit such errata generally provide such an opportunity to question the witness and ensure that nothing improper took place. *See, e.g.*, *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, No. 1:08-CV-01086-AWI-SM, 2009 WL 3872043, at *8 (E.D. Cal. Nov. 17, 2009) (permitting substantive changes via an errata sheet but granting the plaintiff's "request to permit re-opening of the deposition at the expense of Mr. Hicks in order to ask witness Patterson any questions that arise from the changed answers, with all expenses of the deposition to be paid by Mr. Hicks"). Likewise, the Court should compel Samsung to make Mr. Jung available to answer the questions that its counsel improperly instructed him not to answer, and Samsung should bear the expense of that deposition.

### III.  CONCLUSION

For the reasons stated above, Netlist respectfully asks the Court to grant its motion.

Dated: November 20, 2023                                     Respectfully submitted,

/s/ Jason G. Sheasby
Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com

**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com

- 6 -

|  |
|---|
| Andrew J. Strabone (*pro hac vice*) |

Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Philip Warrick
New York Bar No. 4471413
pwarrick@irell.com

**IRELL & MANELLA LLP**
750 17th Street NW, Suite 850
Washington, DC 20006
Tel. (310) 777-6512
Fax (310) 317-7252

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on November 20, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case

## CERTIFICATE OF CONFERENCE

- 7 -

I hereby certify that, on November 20, 2023, counsel for Netlist met and conferred with counsel for Samsung regarding the subject matter of Netlist's motion. Counsel for Samsung indicated that Samsung opposed Netlist's motion. No agreement could be reached, as Samsung refuses to provide Mr. Jung for further deposition or otherwise offer another corporate representative on the relevant topics.

*/s/ Yanan Zhao*
Yanan Zhao
