# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:22-cv-293-JRG |
| SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., | ) JURY TRIAL DEMANDED (Lead Case) |
| Defendants. | ) |
| NETLIST, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:22-cv-294-JRG |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**NETLIST, INC.'S OPPOSITION TO MICRON'S MOTION TO COMPEL PLAINTIFF TO PRODUCE EXPERT REPORTS FROM RELATED CASES (DKT. 222)**

Micron's two-page motion is moot and should not have been filed in the first instance. As Micron acknowledged, Netlist already stated during the parties' meet and confer that it does not object to the production of expert reports in Netlist's possession from former litigations **consistent with Judge Payne's previous ruling**, as long as Micron receives consent from third parties. *See* Dkt. 222 (Mtn) at 5 ("During the meet and confer, counsel for Netlist indicated that they are amenable to producing the requested expert reports subject to third-party consent.").

Judge Payne previously ruled that Netlist only has to produce reports of experts "who are common to both [*Micron I* matter] and [Netlist's former litigations]." *Netlist, Inc. v. Micron Tech., Inc.*, No. 22-cv-203 (E.D. Tex.) ("*Micron I*"), Dkt. 158 at 3. Judge Payne also denied a motion for reconsideration as to this issue. *Micron I*, Dkt. 255 at 4.

Moreover, Micron did not identify which experts' reports it is seeking and from which former proceedings. As a result, it is unclear what exactly Micron is seeking in its motion.

I. **FACTUAL BACKGROUND**

A. **Netlist's Former Litigations with Other Parties Involved Different Patents**

Although Micron's motion asks Netlist to produce expert reports from "prior SK hynix or Samsung cases with overlapping products, same expert, or same or related patents," Mtn. at 2, nowhere did Micron specify which former proceedings it was referring to. *See generally id.* It appears Micron is seeking expert reports from the following matters:

(1) *Netlist v. Samsung*, No. 21-cv-463 (E.D. Tex.) ("Samsung I")

(2) *Netlist v. Micron*, No. 22-cv-203 (E.D. Tex.) ("Micron I")

(3) *Netlist v. SK hynix,* 337-TA-1023 (USITC); and

(4) *Netlist v. SK hynix,* 337-TA-1089 (USITC).

None of these actions involve any patents-in-suit currently asserted in this Action.

Based on the current investigation, the following expert witnesses from the former

proceedings are also retained in the current Action: Dr. William Mangione-Smith, Dr. Andreas Groehn, Mr. David Kennedy, Mr. Peter Gillingham, Dr. Harold Stone (retained by Micron), Dr. Matthew Lynde (retained by Micron), Mr. John Halbert (retained by Micron). Netlist has produced Mr. Kennedy's report from *Micron I* to Micron on November 10, 2023. Netlist also produced Dr. Mangione-Smith's report from the ITC proceedings to Micron and agreed to allow Micron to use it in this Action: NL-MIC-203_00048175–NL-MIC-203_00048328. Micron also has access to its own expert reports from previous Actions.

### B. Judge Payne Denied Micron's Broad Request for all Expert Reports from Former Litigations Involving Overlapping Products

As Micron admitted, in *Netlist, Inc. v. Micron Tech., Inc.*, No. 22-cv-203 (E.D. Tex.) ("*Micron I*"), Judge Payne ordered that Netlist only has to produce reports of experts "who are common to both [*Micron I* matter] and [Netlist's former litigations]." Mtn. at 1 (citing *Micron I*, Dkt. 158 at 3). Judge Payne further held that **Micron** should seek relief from those previous cases to the extent the reports are subject to protective orders:

> To the extent that **Defendants** [Micron] seek documents filed in that litigation that are subject to sealing orders, **they will need to seek relief from those orders**. The motion is otherwise denied.

*Micron I*, Dkt. 158 at 3 (emphasis added); *see also* Ex. 2 (*Micron I* 2023-08-22 Hearing Transcript) at 51:13-16 (The Court: "Mr. Rueckheim (counsel for Micron), if you want parts of the record from that proceeding that are sealed, I think that's a request you'll have to make to the tribunal that sealed them." Mr. Rueckheim: Understand, Your Honor.").

Judge Payne otherwise denied Micron's broad requests for expert reports or testimony from witnesses who are not retained by either party in the current action, noting that experts are not party witnesses or representatives. *Micron I*, Dkt. 158 at 3 & n.2 ("Expert witnesses are not representatives of the parties for purposes of F.R.E 801(d)(2)(C).") (cites omitted); *see also* Ex. 2 (2023-08-22 Hearing Tr.) at 52:22-25 ("The Court: . . . As to other experts, it's never been my impression of the law that

the opinion of an expert is binding on the party in a different case. . . ."). Micron filed a motion for reconsideration of Judge Payne's decision, which the court denied. *Micron I*, Dkt. 255 at 4 ("Defendants' Motion For Reconsideration of the Court's August 29, 2023 Order Granting-In-Part and Denying-In-Part Defendants' Motion To Compel Production Of Certain Materials From Netlist's SK Hynix Litigation And Negotiation Documents (Dkt. No. 168) is **DENIED**.").

### C. Micron Never Asked Netlist for the Reports from Former Litigations until the Last Minute before Fact Discovery Closed

Netlist brought this instant litigation against Micron on August 1, 2022. Fact discovery in this matter closed 15 months later on November 20, 2023. *See* Dkt. 205 (3rd Amended DCO) at 3.

On November 17, 2023, one business day before the fact discovery closed, Micron announced for the first time that it intended to ask Netlist for "[p]roduction of expert reports from 203 case, Samsung 463 case, and SK hynix case relating to overlapping products." Ex. 1 (2023-11-17 Park Email). During the parties' lead and local meet and confer on the same day, Micron stated that it seeks the same expert reports that Netlist was ordered to produce in the *Micron I* matter. Netlist's counsel confirmed that it would not oppose the production of expert reports to the extent they are consistent with Judge Payne's order as long as Micron received third party consent. Third-party consent is necessary because these reports contain confidential information of third parties subject to protective orders, including at least such confidential information from SK hynix, Samsung, AMD, Cisco, Google, Amazon, HP, HPE, Intel, Monolithic Power Systems, Montage, Rambus, Renesas, and Texas Instruments.

Micron never informed Netlist whether these third parties consented to the disclosures of their confidential information to Micron in connection with the current litigation.

## II. ARGUMENT

As Netlist's counsel represented during the parties' meet and confer, Netlist agrees to produce the overlapping experts' reports as long as Micron receives third-party consent as Judge Payne ordered

in the *Micron I* matter. That is the sole basis for Micron's current motion to compel. *See generally* Mtn. at 1-2 (stating that "[i]n the 22-cv-00203 case, the Court ordered Netlist to produce, among others, "the expert reports and testimony of Dr. Stone and Dr. Brogioli, who are common to both this case and that case" and "Micron submits a similar request in this case").

For the avoidance of doubt, Netlist agrees to produce the reports of the following expert witnesses from the above referenced litigation: Dr. William Mangione-Smith, Dr. Andreas Groehn, Mr. David Kennedy, Mr. Peter Gillingham, Dr. Harold Stone (retained by Micron), Dr. Matthew Lynde (retained by Micron), Mr. John Halbert (retained by Micron). *See supra* at 1.

Micron has no basis to seek any other reports beyond those identified above, as Judge Payne ordered. *Supra* at 2; *see also* Ex. 2 (2023-08-22 MTC hearing Tr.) at 52:22-25 ("The Court: . . . As to other experts, it's never been my impression of the law that the opinion of an expert is binding on the party in a different case. . . ."); *Micron I*, No. 22-cv-203, Dkt. 148 (Netlist's Opposition to Micron's motion to compel production of former expert reports and other materials); *see also In re Google Litig.*, No. 08-cv-3172, 2011 WL 286173 at *9 (N.D. Cal. Jan. 27, 2011) (denying motion to compel discovery of Google's unrelated lawsuit where movant failed to make "any particularized showing that the additional discovery sought ... [was] relevant" and "[chose] instead to speculate what the transcripts and reports 'likely [contained].' ").

For the reasons discussed above, Micron's motion is moot or otherwise should be denied.

Dated: December 7, 2023                                  Respectfully submitted,

                                                         */s/ Jason G. Sheasby*

                                                         Samuel F. Baxter
                                                         Texas State Bar No. 01938000
                                                         sbaxter@mckoolsmith.com
                                                         Jennifer L. Truelove
                                                         Texas State Bar No. 24012906
                                                         jtruelove@mckoolsmith.com

**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Philip Warrick
New York Bar No. 4471413
pwarrick@irell.com

**IRELL & MANELLA LLP**
750 17th Street NW, Suite 850
Washington, DC 20006
Tel. (310) 777-6512

***Attorneys for Plaintiff Netlist, Inc.***

### CERTIFICATE OF SERVICE

I hereby certify that, on December 7, 2023, a copy of the foregoing was served to all counsel of record of Micron defendants via the Court's ECF system.

                                                      */s/ Yanan Zhao*
                                                      Yanan Zhao