IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO.  2:22-CV-00293-JRG | |
| § | (Lead Case) | |
| SAMSUNG ELECTRONICS CO, LTD, *et al.* § | | |
| § | | |
| *Defendants*. § | | |

| | | |
|---|---|---|
| NETLIST, INC., § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO.  2:22-CV-00294-JRG | |
| § | | |
| MICRON TECHNOLOGY, INC., *et al.* § | | |
| § | | |
| *Defendants*. § | | |

**ORDER APPOINTING SPECIAL MASTER**

On November 22, 2023, the Court gave notice of its intent to utilize and appoint Hon. David Folsom as a Special Master in this proceeding pursuant to Federal Rule of Civil Procedure 53.  (Dkt. No. 231.)  In the Court's Notice, the Parties were provided an opportunity to be heard on this issue by submitting written responses within 10 days. (*Id.*) The Court advised the parties in its notice of intent to appoint that the failure to respond or object would be taken as a lack of opposition to such appointment. (*Id.*) Netlist and the Samsung Defendants affirmatively responded, indicating that neither object to the appointment. (Dkt. Nos. 247 and 248.) The Micron Defendants did not submit any objections or otherwise respond.  Thus, the Micron Defendants have received but declined the opportunity to be heard as provided by the Court under FRCP 53.

The Court finds that the ends of justice are best served in this case by appointment of a Special Master. After careful consideration of FRCP 53 and the applicable law, the Court hereby appoints Hon. David Folsom as Special Master herein to conduct a hearing on the pending discovery disputes in the above-captioned case (Dkt. Nos. 128, 139, 142, 158, 176, 193, 199, 202, 218, 220, 221, 222, 223, 224, 225, and 226) (the discovery disputes),[1] and make recommendations to the Court, which the Court may adopt at its discretion. This appointment is made pursuant to FRCP 53 and the inherent authority of the Court. As Rule 53 requires, the Court sets out below the duties and terms of the Special Master and **ORDERS** him to "proceed with all reasonable diligence." Rule 53(b)(2).

## DUTIES OF THE SPECIAL MASTER
### (FRCP 53(b)(2)(A))

The Special Master will assist the Court with:

a) Legal analysis of the parties' submissions, including providing recommendations with respect to the discovery disputes;

b) Work with the parties to facilitate settlement; and

c) Perform any and all duties assigned to the Special Master by the Court as well as any ancillary acts required to fully carry out those duties as permitted by both the Federal Rules of Civil Procedure and Article III of the United States Constitution.

---

[1] The Court's Order Giving Notice of Intention to Appoint Special Master listed Netlist's Motion to Compel Production of Valuations Documents (Dkt. No. 219) among the pending discovery disputes. That motion has since been withdrawn. (*See* Dkt. No. 257.)

## EX PARTE COMMUNICATIONS
## (FRCP 53(b)(2)(B))

*Ex Parte* communications from the Special Master are permissible as follows:

<u>With the Court</u>

a) To assist the Court with legal analysis of the parties' submissions;

b) To assist the Court with procedural matters, such as apprising the Court regarding logistics, the nature of the master's activities, and management of the litigation;

c) To assist the Court's understanding of specialized matters;

d) When functioning as a Mediator or otherwise to facilitate settlement, the Special Master shall periodically report to the Court the status of any Mediation or settlement process, but those reports shall be limited to matters general to the settlement or Mediation and its progress and not to specifics or to the merits of the settlement/Mediation process or to respective parties' statements made during the course of proceedings. The Special Master shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed by any of the parties or any matters which otherwise relate to any Mediation or settlement process engaged in by the Special Master or his assistants.

<u>With the Parties</u>

a) To arrange scheduling matters;

b) To ensure the efficient administration and management of the litigation;

c) To make suggestions to the parties to facilitate compliance with orders of the Court;

d) To discuss the merits of a particular dispute, for the purpose of resolving that dispute, but only with prior permission of the opposing counsel involved;

3

      e) To obtain information from lawyers regarding scheduling and hearing agendas; and

      f) To discuss other matters with the permission of the lead lawyers.

## RECORDS TO BE KEPT BY THE SPECIAL MASTER
### (FRCP 53(b)(2)(C))

The Special Master shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked upon. If the Court asks the Special Master to submit a formal report or recommendation regarding any matter, the Special Master shall submit such report or recommendation in writing, for electronic filing on the case docket. The Special Master need not preserve for the record any documents created by the Special Master that are docketed in this or any other court, nor any documents received by the Special Master from counsel or parties in this case. The Court may later amend the requirements for the Special Master's record keeping if the role of the Special Master changes or the Court otherwise decrees such appropriate.

## REVIEW OF THE SPECIAL MASTER'S ORDERS
### (FRCP 53(b)(2)(D))

The Special Master shall reduce any formal order, finding, report, or recommendation to writing and file it electronically on the case docket via Electronic Case Filing ("ECF"). Pursuant to Rule 53(f), any party may file an objection to an order, finding, report, or recommendation by the Special Master within 21 days of the date it was electronically filed; failure to meet this deadline results in permanent waiver of any objection to the Special Master's orders, findings,

reports, or recommendations. Absent timely objection, the orders, findings, reports, and recommendations of the Special Master shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise.

As provided in Rule 53(f)(4,5), the Court shall decide *de novo* all objections to conclusions of law made or recommended by the Special Master; and the Court shall set aside a ruling by the Special Master on a procedural matter for an abuse of discretion. The Court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, unless otherwise agreed by the parties, and subject to waiver of objection to written orders or recommendations as noted above. To the extent the Special Master enters an order, finding, report, or recommendation regarding an issue of fact, the Court shall review such issue *de novo*, if any party timely objects pursuant to the Rules and within the 21 day time period set forth herein. *See* Rule 53(f)(3). Failure to meet this deadline shall result in the permanent waiver of any objection to the Special Master's findings of fact.

## COMPENSATION
### (FRCP 53(b)(2)(E))

Pursuant to Rule 53(a)(3), the Court has considered the fairness of imposing the likely expenses of the Special Master on the parties. The Court believes that the appointment and use of the Special Master will materially advance the litigation, thereby achieving considerable savings in time and expenses for all parties. The Court will protect against unreasonable expenses and delay through regular communication with the Special Master.

The Special Master shall be compensated at his normal and customary hourly rate for work done pursuant to this Order and shall be reimbursed for all reasonable expenses incurred subject

to review by the Court. The Special Master is authorized to employ technical, legal, or clerical assistance as needed. Any such assistance retained shall be billed to the parties at the usual and customary rate. The parties are hereby directed to meet and confer to reach agreement concerning division of the Special Master's compensation. In the event the parties are unable to agree, the Special Master will resolve the division of his compensation and expenses.

## AFFIDAVIT
## (FRCP 53(b)(3))

Rule 53(b)(3) requires that the Court may enter an Order of appointment "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. §445." *See also* Rule 53(a)(2) (discussing grounds for disqualification). Attached to this Order is the affidavit earlier submitted to the Court by the Special Master appointed herein by the Court.

## COOPERATION

The Special Master and his assistants shall have the full cooperation of the parties and their counsel. Pursuant to Rule 53(c), the Special Master may, if appropriate, "impose upon a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." As an agent and officer of the Court, the Special Master named above shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial officers and adjuncts performing similar functions. The parties will make readily available to the Special Master any and all

facilities, files, databases, and documents which are necessary to fulfill the Special Master's function under this Order.

## FURTHER ORDERS

The Court may address unforeseen circumstances that may arise with regard to the undertaking of the Special Master by subsequent order.

**So Ordered this**
**Dec 8, 2023**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE