UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>　　　　Defendants. | Civil Case No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>　　　　Defendants. | Civil Case No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION TO NETLIST'S
MOTION TO COMPEL THE DEPOSITION OF JOO SUN CHOI (DKT. 224)**

██████████████████████████████████

## **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................................ 1

II.    ARGUMENT ...................................................................................................................... 2

       A.    The Discovery Netlist Seeks from Mr. Choi Is Related to the JDLA Termination Issues Properly Litigated Exclusively in C.D. Cal., Where Netlist Chose To Bring Suit and Discovery Closed Years Ago .................................................................... 2

       B.    Netlist's Notice Is Defective Because Neither Mr. Choi Nor Samsung Display Is a Defendant in This Case and Netlist Failed To Follow the Required Procedure To Obtain Third-Party Discovery ............................................................................... 4

       C.    Mr. Choi—the CEO of Samsung Display—Is an Apex Witness Without Unique Knowledge of Relevant Facts ................................................................................ 5

III.   CONCLUSION ................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Comput. Acceleration Corp. v. Microsoft Corp.*,
  No. 9:06-cv-140, 2007 WL 7684605 (E.D. Tex. June 15, 2007) .............................................7

*Ethypharm S.A. France v. Abbott Lab'ys*,
  271 F.R.D. 82 (D. Del. 2010) ...................................................................................................5

*U.S. ex rel. Galmines v. Novartis Pharms. Corp.*,
  No. CV 06-3213, 2015 WL 4973626 (E.D. Pa. Aug. 20, 2015)...........................................5, 6

*Motion Games, LLC v. Nintendo Co.*,
  No. 6:12-cv-878-JDL, 2015 WL 11143486 (E.D. Tex. Mar. 18, 2015)...................................5

*Tulip Computs. Int'l B.V. v. Dell Comput. Corp.*,
  254 F. Supp. 2d 469 (D. Del. 2003).........................................................................................4

*W. Gulf Maritime Ass'n v. ILA Deep Sea Loc. 24*,
  751 F.2d 721 (5th Cir. 1985) ................................................................................................1, 3

**Other Authorities**

Fed. R. Civ. P. 26(b)(2)(C) ...........................................................................................................6

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993, Dkt. 345 (C.D. Cal.) |
| 2 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993, Dkt. 103 (C.D. Cal.) |
| 3 | Samsung 2022 sustainability report (excerpts), available at https://www.samsungdisplay.com/kor/file/download/SAMSUNG%20DISPLAY%20SR%202022_Eng_web_220805.pdf |
| 4 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993, 8/2/21 MTC Hearing Transcript (C.D. Cal.) (excerpts) |
| 5 | Deposition Transcript of Hyeok Sang Yoo from *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) (excerpts) |
| 6 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993, Dkt. 84 (C.D. Cal.) |
| 7 | Greetings from the CEO (excerpts), *available at* https://www.samsungdisplay.com/eng/intro/message.jsp |
| 8 | Email fr. Tishman to Counsel re Deposition Notice re J.S. Choi |
| 9 | Email fr. Tishman to Counsel re C.D. Cal. Deposition Transcripts |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| C.D. Cal. | U.S. District Court for the Central District of California |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) |
| JDLA | Joint Development and License Agreement |
| EDTX1 | *Netlist Inc. v. Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| Ninth Circuit Appeal | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247 (9th Cir.) |
| Samsung Display | Samsung Display Co., Ltd. |
| SEC | Samsung Electronics Co., Ltd. |
| SEA | Samsung Electronics America, Inc. |
| SSI | Samsung Semiconductor Inc. |

I.  **INTRODUCTION**

Netlist's motion seeks to compel the Samsung entities in this case—Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Semiconductor Inc. ("SSI") (collectively "Samsung")—to offer the deposition of Mr. Joo Sun Choi, President and CEO of an entirely different Samsung entity that is not a party to this case—Samsung Display Co., Ltd. ("Samsung Display"). The motion should be denied.

As set forth in Samsung's motion to stay (Dkt. 187), and motion for a protective order (Dkt. 193), controlling Fifth Circuit precedent requires that this case now be stayed to allow the court in the first-filed, C.D. Cal. Case to do the work that the Ninth Circuit has mandated in its reversal and remand and decide the issues of breach of section 6.2 of the JDLA and termination—issues that are potentially dispositive of this entire case. *See W. Gulf Maritime Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 728-29 (5th Cir. 1985).

Netlist's sole motivation in seeking Mr. Choi's deposition now is to improperly expand the factual record relevant to the JDLA issues before the C.D. Cal. court—where Netlist deliberately chose to file suit and litigate those issues, and where discovery closed long ago—and instead attempt to adjudicate those very same JDLA issues before this Court. But Netlist is engaged in forum-shopping, as the issues of interpretation of section 6.2 of the JDLA and, if necessary, materiality of any breach, must be resolved in only the first-filed, C.D. Cal. Case, where the C.D. Cal. court already deemed the summary judgment record on the breach and termination issues closed following the Ninth Circuit's remand.[1] Requiring that the CEO of a non-party sit for a deposition in this patent infringement case to address allegations related to

---

[1] *See* Ex. 1 (C.D. Cal. court issuing an order to file supplemental summary judgment briefs on the issues on remand based on only the existing summary judgment record).

1

issues that should be decided in the C.D. Cal. Case, where discovery is closed, would be improper—particularly where Netlist was already prohibited from taking his deposition in the C.D. Cal. Case.

Independent from Netlist's shameless attempt to get a second bite at the discovery apple to use in litigating the contract issues properly before the C.D. Cal. court, there are fundamental procedural defects with Netlist's notice to Mr. Choi that mandate denying Netlist's motion. Mr. Choi sits at the very top of the 24-billion-dollar Samsung Display business—a third-party Korean company that is not a named defendant in this case, has no relationship to the accused products, and is only partially owned by SEC. Proper service required a subpoena to Mr. Choi or Samsung Display, via the Hague Evidence Convention procedure, which Netlist failed to follow. Even if Netlist had properly subpoenaed Mr. Choi, his apex status as the CEO of Samsung Display, and his lack of unique knowledge, would preclude his deposition. The Court should therefore deny Netlist's motion.

## II.     ARGUMENT

### A.     The Discovery Netlist Seeks from Mr. Choi Is Related to the JDLA Termination Issues Properly Litigated Exclusively in C.D. Cal., Where Netlist Chose To Bring Suit and Discovery Closed Years Ago

Netlist's motion concedes that the only issue on which it seeks Mr. Choi's testimony is the supply provision in section 6.2 of the JDLA. Dkt. 244 at 1. That issue is at the very heart of Samsung's pending motion for a protective order. Dkt. 193. As set forth therein, and as set forth in Samsung's motion to stay (Dkt. 187), whether Samsung breached the JDLA's supply provision, and the propriety of Netlist's subsequent termination of the JDLA are not issues that can be decided in this case. Those issues are already being litigated in the C.D. Cal. Case, which has dominant jurisdiction as the first-filed court—of Netlist's own choosing when it filed suit there years ago and obtained full discovery.

2

Following discovery and cross-motions for summary judgment, the C.D. Cal. court granted summary judgment for Netlist, holding that the supply provision in section 6.2 of the JDLA was unambiguous in Netlist's favor, and therefore New York law prevented the court from considering the extrinsic evidence in the fully developed summary judgment record. The C.D. Cal. court further held that the breach was material, and ultimately issued a declaration that Netlist's termination was valid. Dkt. 187-1 at 2-7.[2]

Netlist relied heavily on the C.D. Cal. court's summary judgment ruling in Netlist's favor in bringing both the EDTX1 patent suit and this one, as both lawsuits were predicated on the C.D. Cal. court's ruling that the patent licenses Netlist had granted to Samsung in the JDLA had been validly terminated. Dkt. 100; EDTX1, Dkt. 23 at ¶ 50. But in October 2023, the Ninth Circuit reversed the C.D. Cal. court's summary judgment ruling, finding that the C.D. Cal. court erred in concluding that section 6.2 was unambiguous and that the court therefore should have considered the extrinsic evidence, and further finding that the court erred in declaring that Netlist's purported termination was proper. Dkt. 187-1 at 2. It remanded the case to C.D. Cal. for further proceedings on the interpretation of the supply provision in light of the extrinsic evidence and, if necessary, materiality. *Id*. at 5-8.[3]

It would be an abuse of discretion for this Court to decide the issues regarding interpretation of section 6.2 and, if necessary, materiality that the Ninth Circuit remanded to the first-filed, C.D. Cal. Case. *W. Gulf*, 751 F.2d at 728-29. Permitting Netlist to obtain discovery

---

[2] The C.D. Cal. court also held another tax provision in section 3.1 unambiguous in Netlist's favor and ordered a trial solely on Netlist's damages. A jury found that Netlist failed to prove any damages resulting from any breach of section 6.2, and the court found that Netlist failed to prove damages resulting from the breach of section 3.1. Dkt. 187-1 at 5-7 & nn.1-2.

[3] The Ninth Circuit also held the tax provision section 3.1 was unambiguous in Samsung's favor and therefore Samsung had not breached it, and ordered judgment for Samsung on that issue. Dkt. 187-1 at 2-7.

into those issues here would only reward Netlist's blatant forum shopping. Indeed, the C.D. Cal. court has already held that no additional evidence is necessary to decide the summary judgment motions on these issues on remand there, and allowing further discovery into those issues here would be an affront to the C.D. Cal. court. *See* Ex. 1. Making matters worse, the C.D. Cal. court already denied (when fact discovery was open years ago) Netlist's motion to compel the very same deposition it seeks here—Mr. Choi. Ex. 2. It would be a further affront to the C.D. Cal. court now to allow that same deposition, particularly when that court has held that no more discovery should occur there.

**B.     Netlist's Notice Is Defective Because Neither Mr. Choi Nor Samsung Display Is a Defendant in This Case and Netlist Failed To Follow the Required Procedure To Obtain Third-Party Discovery**

As an initial matter, Netlist has not shown that this Court even has the authority to order the deposition of Mr. Choi because it failed to follow any of the proper procedures to obtain it. Netlist's notice of deposition to Mr. Choi is fundamentally deficient because Netlist served it on the named Defendants (SEC, SEA, and SSI), but Mr. Choi, a citizen and resident of South Korea, is not an employee of any of these Defendants. Rather, he is an employee of Samsung Display, a Korean company that is not a party in this action and is only partially owned by SEC. *See* Ex. 7. Samsung Display manufactures and sells display panels for consumer electronics and phones— not the DRAM memory products at issue in this case. To properly serve Mr. Choi, Netlist was required to comply with the requirements of the Hague Evidence Convention, of which South Korea is a signatory. *See, e.g.*, *Tulip Computs. Int'l B.V. v. Dell Comput. Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (noting when discovery is sought from a non-party in a foreign jurisdiction, application of the Hague Evidence Convention is required). Netlist cannot circumvent these requirements by serving a simple notice of deposition on companies that do not

4

employ Mr. Choi, and the Court cannot compel the Samsung defendants to make a third party available for deposition.

Given that Netlist failed to undertake this proper procedure, its attempt to force SEC, SEA, and SSI to make Mr. Choi sit for deposition is nothing more than an extralegal attempt to circumvent the required procedural mechanisms (such as those set forth by the Hague Evidence Convention). *See Ethypharm S.A. France v. Abbott Lab'ys*, 271 F.R.D. 82, 91-92 (D. Del. 2010) (declining to order requested depositions where witnesses were located in foreign country and not employed by party). Although Samsung has repeatedly conveyed to Netlist that its notice to Mr. Choi was ineffective and improper on these procedural grounds, Netlist's motion fails to address this threshold issue, and this failure alone justifies denying the motion outright. *See* Ex. 8 at 2; Dkt. 193 at n.3.

### C. Mr. Choi—the CEO of Samsung Display—Is an Apex Witness Without Unique Knowledge of Relevant Facts

Even if Netlist had followed the proper rules to obtain Mr. Choi's deposition (which it did not), Netlist cannot meet its burden to take the deposition of the CEO of Samsung Display, a multi-billion-dollar corporation that is not even one of the named defendants. The apex doctrine applies a rebuttable presumption that a high-level official's deposition represents a significant, undue burden. *See U.S. ex rel. Galmines v. Novartis Pharms. Corp.*, No. CV 06-3213, 2015 WL 4973626, at *2 (E.D. Pa. Aug. 20, 2015). Thus, a party can take an apex deposition only if the deponent has relevant, unique knowledge of facts at issue in the case, and the party seeking the deposition has exhausted other less intrusive discovery methods. *See Motion Games, LLC v. Nintendo Co.,* No. 6:12-cv-878-JDL, 2015 WL 11143486, at *1-3 (E.D. Tex. Mar. 18, 2015).

There is no legitimate dispute that Mr. Choi is an apex witness. He is the President and CEO of Samsung Display, a 24-billion-dollar company with nearly 67,000 employees

5

worldwide. Ex. 3 at 2; *see also* Ex. 4 (Netlist's counsel arguing "Mr. Choi qualif[ies] as being – as having sufficiently unique knowledge to be deposed ***despite [his] Apex status***." (emphasis added)). Contrary to Netlist's assertion (Dkt. 224 at 5), the existence of numerous different Samsung companies, hundreds of thousands of employees, and numerous corporate Presidents across companies and subsidiaries has no bearing as to the propriety of Mr. Choi's status as an apex witness. Nothing about the size or number of other Samsung entities changes the fact that Mr. Choi is the CEO of a multi-billion-dollar international company, which affords him apex status.

Mr. Choi also lacks any unique knowledge about the issues being litigated in this case.[4] Netlist contends that Mr. Choi's knowledge of Samsung's supply of products to Netlist is related to Samsung's alleged breach of section 6.2 of the JDLA—an issue that is not properly a part of this case for the reasons set forth above. *See also* Dkts. 187, 193. Indeed, Netlist filed a motion to compel Mr. Choi's deposition on the exact same issues on which it seeks testimony from Mr. Choi here. *See* Ex. 6 at 5 (seeking testimony on the decision "to cut allocation and support to Netlist"). The C.D. Cal. court denied Netlist's motion without prejudice on apex grounds, in part, because Netlist had not established that it was unable to obtain the testimony it sought from Mr. Choi from other witnesses. Ex. 2. Netlist took the depositions of those other witnesses in the C.D. Cal. Case, and Samsung provided a corporate representative specifically on Samsung's reasoning and decision-making regarding Netlist's supply allocation. *See generally* Ex. 5. Netlist notably fails to mention the testimony of a corporate representative, Hyeok-Sang Yoo,

---

[4] In asserting that Samsung cannot meet its burden to show the apex doctrine applies to Mr. Choi, Dkt. 224 at 5, Netlist misstates the doctrine itself. The fact that Mr. Choi is an apex witness puts the burden on Netlist, not Samsung, to overcome the presumption against his deposition under Rule 26(b)(2)(C)'s proportionality standard. *See U.S. ex rel. Galmines*, 2015 WL 4973626, at *2.

6

Director of Memory Sales, who testified on Samsung's decision-making on Netlist's supply allocation. *See* Ex. 5 (corporate representative testifying at length regarding Netlist's supply allocation). Samsung has produced this deposition (and all others in the C.D. Cal. Case) in this case. Ex. 9.

In C.D. Cal., Netlist never made any showing that said testimony was insufficient or renewed its motion for Mr. Choi's deposition, belying Netlist's current allegation that deposed lower-level employees were unable to speak to the reasoning behind Netlist's allocation (Dkt. 224 at 3). Therefore, even assuming that section 6.2 of the JDLA, Samsung's alleged breach, and Netlist's alleged termination were properly before this Court, Netlist has not shown that Mr. Choi has any ***unique*** knowledge about these issues (or any others), which is required to rebut the presumption of apex protection. *See Comput. Acceleration Corp. v. Microsoft Corp.*, No. 9:06-cv-140, 2007 WL 7684605, at *1 (E.D. Tex. June 15, 2007) (explaining that, unless the high-level executive has "unique personal knowledge about the controversy, the court should regulate the discovery process to avoid oppression, inconvenience, and burden to the corporation and to the executive"). Moreover, Samsung's reasoning and decision-making regarding Netlist's supply allocation are before the C.D. Cal. court, not this Court, and there is no cause to expend further judicial resources entertaining Netlist's attempted end-run around the Ninth Circuit's decision and its own choice to litigate section 6.2 in the C.D. Cal. court.

## III. CONCLUSION

Accordingly, Samsung respectfully requests that the Court deny Netlist's motion to take the deposition of Mr. Joo Sun Choi—the CEO of Samsung Display.

Date: December 7, 2023

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-7091
Facsimile: (415) 955-6571

Respectfully submitted,

*/s/ Michael J. McKeon*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on December 7, 2023. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Michael J. McKeon*