# Exhibit 6

████████████████████

MATTHEW BENJAMIN (*pro hac vice*)
   mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
   rlamagna@gibsondunn.com
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>   vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>              Defendant. | CASE NO. 8:20-cv-00993-MCS-ADS<br><br>**NETLIST INC.'S MOTION TO COMPEL DEPOSITIONS OF JUNG BAE LEE AND JOO SUN CHOI**<br><br>**Action Filed:** May 28, 2020<br>**Trial Date:** November 30, 2021<br><br>**Hearing on Motion:** July 27, 2021<br>**2:00 p.m. by teleconference before Hon. Autumn D. Spaeth, U.S. Magistrate Judge** |

**[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth]**

1 **NOTICE OF MOTION**

2     TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE
3 NOTICE that on July 27, 2021, or as soon thereafter as this matter may be heard, in the
4 parties' presently scheduled telephonic discovery conference before the Honorable
5 Autumn D. Spaeth, U.S. Magistrate Judge, Courtroom 6B of the United States District
6 Court for the Central District of California, located at 411 W. Fourth St., Santa Ana,
7 CA 92701, Plaintiff Netlist Inc. will, and hereby does, bring this motion to compel the
8 depositions of Messrs. Jung Bae Lee and Joo Sun Choi.

9     This motion is based on this Notice of Motion, the accompanying Memorandum
10 of Points and Authorities, the Declarations of Raymond LaMagna and Paik Ki Hong
11 and accompanying exhibits, the pleadings and papers on file in this matter, and such
12 other matters as may be presented to the Court at the hearing.

13     This motion is made following a conference of counsel pursuant to Local Rule
14 7-3, which took place on July 12, 2021; the dispute was also addressed at the parties'
15 prior meet and confer on June 28, 2021.  (Declaration of Raymond LaMagna ¶ 2).

17 Dated: July 20, 2021

                                    GIBSON, DUNN & CRUTCHER LLP

                                    By: */s/ Raymond LaMagna*
                                    Raymond LaMagna
                                    333 South Grand Avenue
                                    Los Angeles, CA 90071
                                    213.229.7153
                                    rlamagna@gibsondunn.com

                                    Attorneys for Plaintiff Netlist Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Netlist, Inc. here seeks to depose Messrs. Jung Bae Lee and Joo Sun Choi, two Samsung executives, because they have **direct, personal involvement** in facts and events critical to this case. Both witnesses have unique knowledge about issues that are central to this case, and therefore are key witnesses.

Netlist timely noticed both depositions on June 8. *See* LaMagna Decl., Ex. A (Plaintiff Netlist Inc.'s Combined Notice of Deposition pursuant to Fed. R. Civ. P. 30(B)(1)). Samsung refused to provide either witness, asserting the "apex" doctrine (and additionally asserting, inaccurately, that Mr. Choi was no longer under Samsung's control). In sum, Samsung argued:

> Samsung objects to these depositions on the basis that Mr. Choi & Mr. Lee are high-ranking corporate executives who do not possess "non-repetitive knowledge of discoverable information." *Apple Inc. v. Samsung Electronics Co., Ltd*., 282 F.R.D. 259, 263 (N.D. Cal. 2012) (denying Apple's motion to compel deposition of the President of SEC's Mobile Division). Mr. Choi is Chief Executive Officer and President of Samsung Display Co., Ltd., and Mr. Lee is Corporate Head and President of SEC's Memory Business. These are textbook apex witnesses who sit near the very top of their respective corporate hierarchies, and are thus shielded from deposition. In addition, the deposition notice for Mr. Choi is not properly directed to Samsung Electronics Co., Ltd., as Mr. Choi is no longer an employee. We have no authority to accept service on his behalf.

LaMagna Decl., Ex. B (Samsung Ltr. of June 17, 2021).

As discussed below however, neither of these witnesses are true "apex" employees. Each is just one of literally hundreds of "presidents" of various subunits, divisions, or subsidiaries in the Samsung corporate family. And both employees were directly and personally involved in in the facts and events in dispute in this case. Mr. Jung Bae Lee personally negotiated and signed the JDLA for Samsung, and Mr. Joo Sun Choi was directly and personally involved in the decision to cut product supply to Netlist (the breach that gave rise to this case). Samsung can put forth no facts that would support a Rule 26(c) protective order barring these depositions.

## ARGUMENT

"[W]hen a party seeks to take the deposition of an official at the highest level or 'apex' of a corporation, the court may exercise its authority under the federal rules to limit discovery." *DR Systems, Inc. v. Eastman Kodak Co.*, 2009 WL 2973008, *2 (S.D. Cal. Sept. 14, 2009). But neither Messrs. Lee nor Choi are "apex" employees.

From 2015 through 2020, Mr. Jung Bae Lee was the Senior and then Executive Vice President of Memory Product Planning and Quality Assurance teams in Samsung Electronic's Memory Division.[1] Mr. Joo Sun Choi was first Executive Vice President of Memory Sales at Samsung (until March 2017), and then after, President of U.S. memory sales operations.[2] Only after his direct involvement in the events of this case was Mr. Lee promoted in December 2020 to President of Samsung's "Memory Business in Samsung Electronics' Device Solutions Division."[3] Likewise, Mr. Choi was only recently made President of Samsung's display business last year.[4]

At best, their current positions are relatively high up for their particular divisions or subsidiaries. But Defendant does not assert that these witnesses are the CEO or high-level executives of Samsung itself. None of these witnesses have ever been identified as key executives of Defendant Samsung Electronics itself. Rather, after their involvement in the events of this case, these two employees were promoted to head subsidiaries within the Samsung family of divisions. Samsung is a Korean multi-national conglomerate with **238 subsidiaries** as of March 31, 2021, not to mention numerous divisions.[5] If the "president" of a subsidiary or division were considered to

---

[1] *See* LaMagna Decl., Ex. C (Mr. Jung Bae Lee's LinkedIn Profile).

[2] *See* LaMagna Decl., Ex. D (Mr. Joo Sun Choi's LinkedIn Profile).

[3] *See* LaMagna Decl., Ex. E (Samsung Semiconductor webpage titled "Meet our Leading Executives").

[4] *See* LaMagna Decl., Ex. D (still listing his prior job post).

[5] *See* LaMagna Decl., Ex. F (Interim Consolidated Financial Statements of Samsung Electronics Co., Ltd. and Its Subsidiaries for 2021 Q1, dated May 14, 2021) at 14–

*(Cont'd on next page)*

be an apex witness *solely* due to their title, Samsung would likely have 250 or more apex witnesses.

As courts have held, the apex doctrine's "common application to the classic paradigm of a single-hierarchy corporate structure [is] ill-suited to determining apex status and the resulting bounds of appropriate discovery in the case of a large, multi-national corporation." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). For "[a] company of global proportions," a "two-prong test for first-hand, non-repetitive knowledge and for the party's attention to other, less intrusive discovery methods," is measured against "the person's degree of 'apex-ness' in relation to these factors." *Id*. And here, that degree of "apex-ness" is lacking.

With respect to "less intrusive discovery methods," Samsung has refused to respond substantively to interrogatories or other discovery, including to identify the respective substantive roles of individuals involved in the negotiations of the parties' agreement in dispute in this case (like Mr. Jung Bae Lee) or the role of those involved in the decision to cut Netlist off from Samsung products (like Mr. Joo Sun Choi). Fact discovery closes in less than a month; time is exceedingly short; and there is no more efficient or less intrusive means of obtaining this discovery at this point.[6] As the discovery record in this case shows, Netlist has been exceedingly diligent in pursuing

---

20. As stated there (emphasis added), Samsung Electronics (abbreviated "SEC") states: "SEC, **as the controlling Company**, consolidates its 238 subsidiaries, including Samsung Display and Samsung Electronics America." *Id*. at 14.

[6] "Given Defendant's failure to produce relevant documents or to take any of its discovery obligations in this action seriously, the Court cannot conclude that alternative discovery will offer a satisfactory alternative." *Littlefield v. Nutribullet, LLC*, No. CV 16-6894 MWF (SSX), 2017 WL 10438897, at *7 (C.D. Cal. Nov. 7, 2017).

*(Cont'd on next page)*

other forms of discovery and should not now be penalized for Samsung's exceptional discovery recalcitrance.[7]

With respect to Mr. Jung Bae Lee role, he was personally involved in high-level decision-making on issues critical to this case—specifically, he was directly and personally involved in the negotiation of the parties' Joint Development License Agreement (the "JDLA"). Mr. Lee himself is a correspondent on over 140 emails with Netlist found in Netlist's own records that Netlist itself has produced.[8] And Mr. Lee himself signed the JDLA on behalf of Samsung. *See* Dkt. 50-4, Exhibit A (the JDLA, attached as Exhibit A to Samsung's Unredacted Request for Judicial Notice in Support of Motion for Judgment on the Pleadings). Moreover, Mr. Lee was not just the signatory to the contract in dispute, he was involved in its negotiations,[9] as well as involved in discussions concerning the parties' performance of the JDLA after was executed,[10] including as part of the parties' joint development efforts that were the subject of the contract.[11]

---

[7] "Formal exhaustion of other requirements is not an absolute requirement; instead, exhaustion of other discovery methods is an important, but not dispositive, consideration for a court to take into account in deciding how to exercise its discretion." *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *3 (N.D. Cal. June 30, 2015) (quotation omitted).

[8] *See* LaMagna Decl. at ¶ 19.

[9] *See* LaMagna Decl., Exs. J (email setting up meeting with Mr. Lee to discuss entering a development agreement (i.e., which became the JDLA)), I (email delivering draft term sheet to Mr. Lee), H (related negotiation history copying Mr. Lee), and G (email delivering copy of counter-executed JDLA to Mr. Lee).

[10] *See* LaMagna Decl., Ex. K (email between Mr. Jung Bae Lee and Joo Sun Choi concerning Samsung's supply of products to Netlist under the JDLA).

[11] *See* LaMagna Decl., Exs. L (email with Mr. Lee regarding a meeting with Netlist's president to discuss strategic collaboration that became the JDLA), M (email with Mr. Lee and Netlist regarding providing Netlist product samples to Mr. Lee and

*(Cont'd on next page)*

4

There can be little argument that Mr. Lee has unique and central knowledge that is relevant to the case. And no one can argue that Netlist request to depose the person who negotiated and signed the JDLA is posed to be vexatious or intrusive. This is not the type of deposition, or deponent, that the "apex" doctrine was designed to address.

Similarly, Mr. Joo Sun Choi has unique, firsthand, non-repetitive knowledge of the facts and events central to this litigation.[12] In his role overseeing U.S. sales, Mr. Choi reportedly acted in his authoritative, decision-making capacity in directing subordinates, including Neal Knuth, Samsung's Regional Sales Manager, to stop processing orders from Netlist. *See* Declaration of Paik Ki Hong ("Hong Decl.") at ¶¶ 8–9. **This is the central disputed issue in this lawsuit**. Samsung's other witnesses—whether testifying pursuant to Rule 30(b)(1) or Rule 30(b)(6)—cannot speak to what Mr. Choi was thinking when he ordered Samsung employees, including Mr. Knuth, to cut allocation and support to Netlist. *See DR Systems*, 2009 WL 2973008, at *3 ("[T]he mere fact that one person testified about a conversation does not make any additional testimony about the conversation repetitive . . . [i]ndeed, it is not uncommon for different witnesses to an event to have differing recollections of what occurred.").

Mr. Knuth's own emails indicate that Mr. Choi met with Mr. Knuth during the relevant time period to discuss Samsung's supply with Netlist, which corroborates his involvement with this key issue. *See* LaMagna Decl., Ex. O (N. Knuth emails, "I am

---

Samsung for review), and N (email with Mr. Lee regarding Netlist's request for assistance from Samsung with PR efforts around a product launch).

[12] Samsung also asserts that Mr. Choi is no longer under the control of Samsung since his assumed became President of Samsung Display in December 2020. LaMagna Decl., Ex. B (Samsung Ltr. of June 17, 2021). But, as Samsung's recent public filings confirm, Samsung Display is a majority-controlled subsidiary of Samsung Electronics, Co. Ltd. (the Defendant in this case), which controls 84.8% of Samsung Display shares. *See* LaMagna Decl., Ex. F (Samsung's Q1 2021 business report) at p. 20. Samsung has no basis to say that it cannot produce Mr. Choi or that Samsung Display is not under Samsung's control.

meeting with JS Choi this week to discuss the below [support needs and forecast]."). Other email correspondences between Netlist and Samsung employees show that Samsung employees identified Mr. Choi as the individual to speak to regarding the restrictions that Samsung imposed Netlist's purchases that gave rise to this litigation. *See* LaMagna Decl., Ex. P ("Lane" from Samsung suggesting that Netlist speak with Joo Sun Choi in July 2017 to lift limitations on the amount of products Samsung would sell to Netlist, i.e., the central issue in this case). LaMagna Decl., Ex. P at 1–2.

In fact, as shown in Exhibit K, Mr. Joo Sun Choi directly and personally instructed Mr. Jung Bae Lee to assess Netlist's purchases, which situation Mr. Lee responded that he would control, before being reminded of the obligations Samsung had to Netlist under the JDLA. *See* LaMagna Decl., Ex. P at 1–2. Thus, Messrs. Lee and Choi were both personally involved in monitoring and allocating sales to Netlist.

Moreover, Netlist need only show that Messrs. Choi and Lee "may have" first-hand knowledge of relevant facts—not that they are the only ones with knowledge. *See Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *2 (N.D. Cal. June 30, 2015). "[T]he party seeking to take the deposition need not prove conclusively that the [apex] deponent certainly has unique non-repetitive information." *Id*. (quotation omitted); *see also id*. at *3 (allowing deposition for CEO to "testify as to his personal opinion about and motives regarding competition with [the potential target]"). Here, as shown above, that standard is easily met—these men both have relevant, direct personal knowledge.

In light of the above, Samsung cannot carry its burden to obtain a protective order barring these depositions. "The party seeking to block an apex deposition bears the burden of showing why the deposition should not be allowed." *Arminak v. Arminak & Assocs., LLC*, No. CV 16-3382 JAK (SSX), 2017 WL 10402987, at *4 (C.D. Cal. Mar. 30, 2017); *Littlefield*, 2017 WL 10438897, at *6 (same); *see also Hunt v. Cont'l Casualty Company*, 2015 WL 1518067, at *1 n.1 (N.D. Cal. 2015) ("the burden remains on the party seeking a protective order when the 'apex doctrine' is asserted."); *see also Finisar*, 2015 WL 3988132, at *2 (same).

"A party seeking to prevent a deposition carries a *heavy* burden to show why discovery should be denied," which Samsung cannot meet here. *See Sali v. Universal Health Servs.*, No. EDCV140985PSGJPRX, 2015 WL 13844722, at *1 (C.D. Cal. May 4, 2015) (internal cites omitted) (emphasis added). "When a 'top official' has 'direct personal factual information pertaining to material issues in an action . . . [and] where the information to be gained . . . is not available through any other source,' the apex doctrine will not prevent the deposition from going forward." *Littlefield*, 2017 WL 10438897, at *6 (internal cites omitted); *cf. Serrano v. Cintas Corp.*, 699 F.3d 884, 901–02 (6th Cir. 2012) (rejecting argument that, under the apex doctrine, "'harassment and abuse' are 'inherent' in depositions of high-level corporate officers"). Samsung cannot establish extraordinary circumstances that justify precluding the depositions of Messrs. Lee and Choi.

"The apex doctrine is not written down in the Federal Rules of Civil Procedure. It is really just an application of Rule 26's requirements of relevance and proportionality and protecting a person from abuse or harassment. When a lawsuit concerns important aspects of a company's business model that are plainly the result of high-level executive decisions, we should expect that high-level executives will be deposed, and their testimony will be relevant and proportional, and the depositions will not be abusive or harassing." *In re Apple Iphone Antitrust Litig.*, No. 11-CV-06714-YGR-TSH, 2021 WL 485709, at *4 (N.D. Cal. Jan. 26, 2021). This lawsuit satisfies this standard.

Here, Samsung has put forth no facts that can support a protective order barring these two timely and properly noticed depositions. It is ultimately Samsung's burden to do so under Rule 26(c). These are not true "apex" witnesses, and regardless, both are alleged to have been directly and personally involved in the key facts and events of the case. Netlist respectfully requests that both Messrs. Lee and Choi be ordered to sit for a deposition before the close of discovery.

Dated: July 20, 2021

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Raymond LaMagna*
Raymond LaMagna
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7153
rlamagna@gibsondunn.com

Attorneys for Plaintiff Netlist Inc.

# CERTIFICATE OF SERVICE

I, Raymond A. LaMagna, an attorney, hereby certify that **NETLIST INC.'S MOTION TO COMPEL DEPOSITIONS OF JUNG BAE LEE AND JOO SUN CHOI,** was emailed to counsel for Samsung Electronics Inc., Ltd., on July 20, 2021.

By: _____*/s/ Raymond A. LaMagna*_____
Raymond A. LaMagna

Attorney for Plaintiff Netlist Inc.