UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>  Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>  Defendants. | Civil Case No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>  Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>  Defendants. | Civil Case No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S RESPONSE TO NETLIST'S MOTION TO PRECLUDE INTRODUCTION OF TESTIMONY TO SUPPORT SAMSUNG'S LICENSE DEFENSE (DKT. 225)**

██████████████████████████████████████

# **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................................. 1

II.   FACTUAL BACKGROUND ........................................................................................... 2

      A.    Netlist Already Obtained Full Discovery in the C.D. Cal. Court ........................... 2

      B.    Samsung Disclosed Its License Defense in Both This Case and in *EDTX1* ................................................................................................................... 3

      C.    Netlist Delayed Its Efforts To Take Depositions on the JDLA in This Case ................................................................................................................. 4

      D.    Samsung Moved for a Protective Order Against Redundant Discovery .................................................................................................................. 4

      E.    Netlist Took Depositions of Samsung Witnesses, Asked About the JDLA, and Agreed To Forgo or Delay Certain JDLA Depositions ........................ 4

III.  ARGUMENT .................................................................................................................... 5

      A.    Samsung Has Not Violated Any Court Orders; Instead, It Timely Filed a Motion for a Protective Order To Prevent Objectionable Discovery .................................................................................................................. 5

      B.    Netlist Has Suffered No Prejudice ......................................................................... 7

IV.  CONCLUSION ................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*DDR Holdings, LLC v. Hotels.com, L.P.*
  No. 2:06-CV-42-JRG, 2012 WL 2935172 (E.D. Tex. July 18, 2012) ...................................... 6

*Kirchheiner v. Home Depot U.S.A., Inc.*,
  No. 1:19-CV-135, 2019 WL 12498143 (E.D. Tex. Dec. 10, 2019) ........................................ 7

*Scott v. Monsanto*,
  868 F. 2d 786 (5th Cir. 1989) .................................................................................................. 5

**Other Authorities**

Fed. R. Civ. P. 26(c) ....................................................................................................................... 6

Fed. R. Civ. P. 37 ........................................................................................................................... 5

Fed. R. Civ. P. 37(b)(2) .................................................................................................................. 6

Fed. R. Civ. P. 37(b)(2)(ii) ............................................................................................................. 6

Fed. R. Civ. P. 37(d) ...................................................................................................................... 6

Fed. R. Civ. P. 37(d)(2) .................................................................................................................. 6

██████████████████████████████████████

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| C.D. Cal. | U.S. District Court for the Central District of California |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C. D. Cal.) |
| JDLA | Joint Development and License Agreement |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | Netlist's First Rule 30(b)(6) Deposition Notice to Samsung (Oct. 19, 2023) (excerpts) |
| 2 | Samsung's Objs. to Netlist's First Rule 30(b)(6) Depo. Notice (Oct. 30, 2023) (excerpts) |
| 3 | Email fr. Y. Zhao to D. Tishman (Nov. 14, 2023) (including excerpts from preceding email chain) |
| 4 | Samsung's Suppl. Resps. and Objs. to Netlist's Interrogatories (Nov. 20, 2023) (excerpts) |
| 5 | Deposition Transcript of Junseon Yoon (Nov. 8, 2023) (excerpts) |
| 6 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993, Dkt. 343 (C. D. Cal.) (excerpts) |
| 7 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993, Dkt. 345 (C. D. Cal.) |
| 8 | Email fr. D. Tishman to Y. Zhao (Nov. 2, 2023) |

\* Herein, all emphasis is added unless noted otherwise.

███████████████████████████████████

I.      INTRODUCTION

The Court should reject Netlist's sweeping and ill-advised request to preclude Samsung's license defense. Samsung has maintained its license defense since the beginning of this case, but the defense has been intertwined with the status of the first-filed case in C.D. Cal., which has been directly adjudicating Netlist's allegation that Samsung materially breached the supply provision of the parties' JDLA. As we have repeatedly stated, the breach and related termination issues should be decided by C.D. Cal. in the first instance. Indeed, C.D. Cal. just recently set a summary judgment briefing schedule on the issue and has ruled that the decision shall be made on the *existing record* developed by the parties prior to the Ninth Circuit reversal and remand. Ex. 7. After the final determination of the supply provision breach issue by C.D. Cal. (summarily or otherwise), the case here should proceed with consideration of Samsung's license defense demonstrating that the accused products are covered by the JDLA (an easy showing particularly in light of this Court's prior grant of motions as a matter of law so holding).

Having lost in the Ninth Circuit, Netlist is now doing everything it can to avoid having C.D. Cal.—which Netlist chose—decide the interpretation of § 6.2 of the JDLA, as mandated by the Ninth Circuit. To that end, despite having the benefit of all discovery taken in C.D. Cal. on the JDLA (the parties agreed to re-produce that here), Netlist demands JDLA discovery in this case to circumvent the C.D. Cal. court's orders, where discovery is long closed and the court has set proceedings on the existing record with no further discovery. Ex. 6 at 7-8, 20-23; Ex. 7.

Faced here with Netlist's improper discovery requests, Samsung complied with established steps for resolving such a dispute, and sought a protective order related to interpretation of JDLA § 6.2 and allegations of breach and termination. Netlist is now attempting to turn the issue upside down by using Samsung's proper motion for protective order

1

as a basis to preclude Samsung's license defense altogether. Netlist's request for such radical exclusion is wholly groundless. The only discovery Samsung has sought to preclude with its motion for protective order is the cumulative discovery related to interpretation of JDLA § 6.2 and the alleged breach and termination. That Samsung objected to certain deposition topics, offered to confer as to scope, and moved for a protective order as to the issues within the C.D. Cal.'s court's exclusive purview (Dkt. 193), is not grounds to preclude Samsung from asserting a license defense. Indeed, Netlist itself agreed to hold a key Samsung deposition relating to the JDLA in abeyance until after the Court ruled on Samsung's protective order motion.

Finally, Netlist has suffered no prejudice, given the significant discovery already at its disposal. Samsung has provided documents, testimony, and discovery responses on JDLA issues in this case and others. Netlist's request for preclusion is clearly unwarranted.

## II.     FACTUAL BACKGROUND

### A.     Netlist Already Obtained Full Discovery in the C.D. Cal. Court

The JDLA grants Samsung a perpetual, paid-up, worldwide, license to all Netlist patents with an effective first filing date on or prior to November 12, 2020, including the asserted patents. Dkt. 187-2, §§ 8.1-8.3. In 2020, Netlist alleged that Samsung in 2017 materially breached what Netlist contended was an unlimited obligation to supply Netlist under § 6.2 and a tax provision in § 3.1. On July 15, 2020, Netlist purported to terminate the JDLA and filed the C.D. Cal. Case to resolve the issue. *See* Dkt. 121 at 2-3.

Following discovery and cross-motions for summary judgment, the C.D. Cal. court entered summary judgment for Netlist, holding that §§ 3.1 and 6.2 were unambiguous in Netlist's favor, and that the breaches were material. Dkt. 187-1 at 2-7. This decision followed a full factual record, including thousands of documents and a dozen fact depositions, which have been produced here. *See* Dkt. 132.

2

In October 2023, the Ninth Circuit reversed C.D. Cal.'s summary judgment ruling. The Ninth Circuit held, *inter alia*, that the C.D. Cal. court erred in concluding that § 6.2 was unambiguous because it was reasonably susceptible to Samsung's interpretation, and therefore the court should have considered the extrinsic evidence, and further erred in finding that Netlist's purported termination was proper. Dkt. 187-1 at 2. It remanded for further proceedings on the interpretation of the supply provision and, if necessary, materiality. *Id.* at 5-8. The C.D. Cal. court re-opened the case, ordered supplemental briefing on the existing record, and set a hearing for February 5, 2024, rejecting Netlist's attempts to use discovery from this case there. Ex. 7.

**B.     Samsung Disclosed Its License Defense in Both This Case and in *EDTX1***

The JDLA gives Samsung an absolute defense against Netlist's patent claims (in this case and all worldwide patent disputes), and Samsung has consistently described its contention to Netlist, including in its answer. *E.g.*, Dkt. 145 at 25. Samsung presented a similar defense in *EDTX1* and Netlist took extensive discovery on it, including: significant document productions available in this case through a cross-use agreement, Dkt. 132, and numerous depositions about the JDLA, all of which have been produced in this case, Ex. 3 at 2. In *EDTX1*, the Court confirmed the scope and existence of Samsung's license to Netlist's patents but held (based on the C.D. Cal. court's now-reversed judgment) that it terminated on July 15, 2020. *EDTX1*, Dkt. 432 at 2; *id.*, 3/28/23 Tr. at 56:4-24, 58:3-60:1; *see also* Dkt. 187 at 7-9. With the C.D. Cal. judgment set aside, Samsung is fully prepared to demonstrate (at trial if necessary) how the ***still-in-force*** JDLA gives Samsung a license to all asserted patents, as Samsung described in its interrogatory responses. *E.g.*, Ex. 4 at 114. Netlist continues to argue that Samsung breached the JDLA under Netlist's interpretation of § 6.2, *e.g.*, Dkt. 196 at 1-4, and the C.D. Cal. court will take up this issue in February 2024, *see* Ex. 7 at 2.

3

### C. Netlist Delayed Its Efforts To Take Depositions on the JDLA in This Case

For most of the discovery period in this case, Netlist never indicated that it planned to seek further corporate testimony or other discovery relating to the issues in the C.D. Cal. Case. Indeed, Netlist waited until October 11, 2023 (a month before the close of discovery), before serving any deposition notices. *See* Ex. 3 at 45-46. On October 13, 2023, Netlist still had not served a corporate deposition notice (*see* Ex. 3 at 38-40) and waited until October 19, 2023 before doing so, including topics on the interpretation of § 6.2 of the JDLA, alleged breach, and termination. *See* Ex. 1. Samsung served timely objections. Ex. 2. For each of the topics in Netlist's motion, Samsung objected to the topics as duplicative of discovery already conducted in the C.D. Cal. Case, and related solely to matters to be decided there. *Id.* at 101-105, 130-31, 144-48; Ex. 8. Samsung further objected to contention-type topics (e.g., Topic 101) as seeking opinions, explained that they were duplicative of written discovery, and offered to confer. Ex. 2.

### D. Samsung Moved for a Protective Order Against Redundant Discovery

Because Netlist refused to withdraw its deposition discovery requests on the issues to be decided in the C.D. Cal. Case, Samsung moved for a narrow protective order regarding depositions for witnesses whose knowledge would be "relevant to nothing other than the alleged breach and termination of the parties' JDLA," and deposition topics that related to the interpretation of § 6.2 of the JDLA, alleged breach, and termination. Dkt. 193 at 1.

### E. Netlist Took Depositions of Samsung Witnesses, Asked About the JDLA, and Agreed To Forgo or Delay Certain JDLA Depositions

Samsung has made numerous witnesses available for deposition. However, to minimize discovery burdens, Samsung agreed to produce C.D. Cal. transcripts of certain witnesses, and Netlist agreed not to pursue depositions for certain JDLA-related witnesses (Hojung Kim and Indong Kim), and to hold a witness's deposition (Hyun Ki Ji) in abeyance. Ex. 3 at 1. Samsung

4

reserved its ability to designate Mr. Ji as a representative for Topic 115 (JDLA negotiation) pending the outcome of the motion for protective order, and Netlist agreed. Ex. 3 at 6 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Netlist also deposed Junseon Yoon about the JDLA and Samsung's license defense. Mr. Yoon was Samsung's designee on all deposition topics related to licenses, except for those topics covered by Samsung's motion for a protective order—he was also Samsung's corporate designee on the license defense in *EDTX1*. In this case, Mr. Yoon was Samsung's designee on Topic 75, which relates to "Samsung agreements, contracts, Patent licenses, or other licenses concerning any intellectual property rights related to the Samsung Accused Products." Concerning that topic, Mr. Yoon ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Ex. 5 at 108:6-20.[1] Netlist never moved to compel additional testimony about Samsung's license defense, and instead moved to preclude (the day it gave notice to Samsung).

## III.  ARGUMENT

There is no basis for precluding testimony about Samsung's license defense. Samsung did not violate any discovery order and complied with the proper procedures for discovery objections by moving for a protective order. Rule 37 preclusion is an "extreme" remedy that is available only "where noncompliance [with a discovery order] has been willful or in bad faith." *Scott v. Monsanto*, 868 F. 2d 786, 793 (5th Cir. 1989). The facts here do not warrant preclusion.

### A. Samsung Has Not Violated Any Court Orders; Instead, It Timely Filed a Motion for a Protective Order To Prevent Objectionable Discovery

---

[1] Samsung's questions of Netlist's witness, Mr. Hong, confirming that Samsung has a license to the asserted patents, *see* Dkt. 225 at 3-4, is consistent with its position in its motion for a protective order. Samsung's motion relates to interpretation of § 6.2 and allegations of breach and termination—not Samsung's license defense, i.e., whether the asserted patents are Netlist's Licensed Patents and the accused products are Samsung's Licensed Products under the JDLA. *See* Dkt. 187-2 at 3, 8.

5

██████████████████████████████████████████

The record does not warrant preclusion, particularly given the parties' preexisting agreement to address lingering discovery (including the deposition of Mr. Ji) after the Court resolves Samsung's protective order motion. Netlist's reliance on Rule 37(b)(2), Dkt. 225 at 4, is misplaced; that rule relates to a "disobedient party['s]" failure to obey a court order. Fed. R. Civ. P. 37(b)(2)(ii). Samsung has not disobeyed *any* order. Netlist never *sought* an order compelling more testimony. Samsung presented Mr. Yoon to testify about Samsung's licenses, including the JDLA, Ex. 5, and committed (with Netlist's approval) to make Mr. Ji available for deposition about the JDLA once the Court resolves the protective order motion, *see* Ex. 3 at 1.

Further, the rule related to attendance at a deposition—Rule 37(d)—provides that a court may order sanctions for failure to appear for a deposition, except that a party may be excused where it "***has a pending motion for a protective order under Rule 26(c)***." Fed. R. Civ. P. 37(d)(2). Here, Samsung has a pending motion for a protective order under Rule 26(c).

Samsung's response to Netlist's objectionable discovery requests followed the guidance from this District. In *DDR Holdings, LLC v. Hotels.com, L.P.*, this Court explained that a litigant in Samsung's position has three options: "either (1) tender a witness; (2) confer with [opposing] counsel to discuss the scope of the deposition and resolve any disputes themselves; or (3) ***seek a Protective Order from the Court*** once a meet-and-confer between the parties did not resolve the dispute." No. 2:06-CV-42-JRG, 2012 WL 2935172, at *2 (E.D. Tex. July 18, 2012). The Court described this process as the "established steps" for advancing a dispute over discoverability. *Id.* Samsung followed these steps here and ultimately sought a protective order against discovery on the interpretation of § 6.2, alleged breach, and termination.[2] Dkt. 193 at 7. As to the issues that

---

[2] Netlist's motion erroneously claims that Samsung refused discovery based on its motion to stay (Dkt. 187). *See* Dkt. 225 at 4. Instead, Samsung moved for a protective order. Dkt. 193. This difference distinguishes this case from all of those on which Netlist relies.

6

are the proper scope of discovery here (i.e., the license defense) Netlist declined to take depositions of witnesses (e.g., Mr. Ji), demanding that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 3 at 12.

### B. Netlist Has Suffered No Prejudice

Even if Samsung had not complied with the "established steps" for resolving a discovery dispute by filing a motion for a protective order, preclusion would still not be warranted because Netlist has suffered no prejudice. *E.g.*, *Kirchheiner v. Home Depot U.S.A., Inc.*, No. 1:19-CV-135, 2019 WL 12498143, at *4 (E.D. Tex. Dec. 10, 2019) (The rule's aim is to "prevent an ambush, resulting in surprise or prejudice, of undisclosed or late-disclosed evidence.").

Netlist has already obtained testimony, including corporate testimony, about Samsung's license defense in this case (as well as *EDTX1* and the C.D. Cal. Case). Samsung asserted the same JDLA-based license defense in *EDTX1*, and Netlist was free to—and did—take whatever discovery it desired there, which is available to Netlist in this case (through cross use of documents, Dkt. 132, and Samsung's production of JDLA-related transcripts). In addition, Samsung provided detailed contentions in response to Netlist's interrogatories, Ex. 4, and produced the deposition transcripts from the C.D. Cal. Case, Ex. 3 at 2. Further, Netlist questioned Mr. Yoon about the JDLA, Ex. 5, and refused to take Mr. Ji's deposition on license-related issues other than the alleged breach and termination of the JDLA, Ex. 3 at 12, opting to hold the deposition of Mr. Ji in abeyance until after resolution of Samsung's protective order motion. *See, e.g.*, Ex. 3 at 6; Ex. 1 at Topic 115. Netlist's characterization that Samsung "refused to produce discovery relating to the JDLA," Dkt. 225 at 1, is grossly inaccurate.

### IV. CONCLUSION

Accordingly, the Court should deny Netlist's motion to preclude.

Date: December 7, 2023                                    Respectfully submitted,

/s/ Michael J. McKeon

| | |
|---|---|
| Melissa Richards Smith | Ruffin B. Cordell |
| melissa@gillamsmith.com | TX Bar No. 04820550 |
| GILLAM & SMITH, LLP | cordell@fr.com |
| 303 South Washington Ave. | Michael J. McKeon |
| Marshall, Texas 75670 | D.C. Bar No. 459780 |
| Telephone: (903) 934-8450 | mckeon@fr.com |
| Facsimile: (903) 934-9257 | Lauren A. Degnan |
| | D.C. Bar No. 452421 |
| J. Travis Underwood | degnan@fr.com |
| Texas Bar No. 24102587 | Daniel A. Tishman |
| travis@gillamsmithlaw.com | DC Bar No. 1013923 |
| GILLAM & SMITH, LLP | tishman@fr.com |
| 102 North College Avenue, Suite 800 | FISH & RICHARDSON P.C. |
| Tyler, Texas 75702 | 1000 Maine Avenue, SW |
| Telephone: (903) 934-8450 | Washington, DC 20024 |
| Facsimile: (903) 934-9257 | Telephone: (202) 783-5070 |
| | Facsimile: (202) 783-2331 |
| Brian R. Nester | |
| DC Bar No. 460225 | Francis J. Albert |
| bnester@cov.com | CA Bar No. 247741 |
| COVINGTON & BURLING LLP | albert@fr.com |
| One CityCenter 850 Tenth Street, N | FISH & RICHARDSON P.C. |
| Washington, DC 20001-4956 | 12860 El Camino Real, Ste. 400 |
| Telephone: (202)-662-6000 | San Diego, CA 92130 |
| | Telephone: (858) 678-5070 |
| Alice J. Ahn | Facsimile: (858) 678-5099 |
| CA Bar No. 271399/DC Bar No. 1004350 | |
| aahn@cov.com | Thomas H. Reger II |
| COVINGTON & BURLING LLP | reger@fr.com |
| 415 Mission Street, Suite 5400 | Texas Bar No. 24032992 |
| San Francisco, CA 94105 | FISH & RICHARDSON P.C. |
| Telephone: (415) 591-7091 | 1717 Main Street, Suite 5000 |
| Facsimile: (415) 955-6571 | Dallas, Texas 75201 |
| | Telephone: (214) 747-5070 |
| | Facsimile: (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on December 7, 2023. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Michael J. McKeon*

9