# Exhibit 6

[redacted]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD. a Korean corporation,<br><br>Defendant. | Case No. 8:20-cv-00993-MSC-ADS<br><br>**JOINT STATUS REPORT**<br><br>Hearing Date:<br>Joint Report Due: |

Pursuant to this Court's minute order dated November 13, 2023 (Dkt. 341), Plaintiff Netlist Inc. ("Netlist") and Defendant Samsung Electronics Co., Ltd. ("Samsung"), by their undersigned attorneys, hereby file this Joint Status Report.

**I.     CASE STATUS**

**A. Prior District Court Proceedings**

Netlist filed this case on May 28, 2020, alleging that Samsung had breached the parties' Joint Development and License Agreement ("JDLA") by, among other things, failing to supply Netlist with certain memory products (NAND and DRAM) on request. Dkt. 1. Netlist also sought a declaration that it had properly terminated the JDLA as a result of these breaches. *Id.* On August 16, the parties cross moved for summary judgment on the issues of breach and termination. Dkts. 142, 150. The Court

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

11277536

- 1 -

JOINT RULE 26(f) REPORT
Case No 8:20-cv-00993-MSC-ADS

*connection with the collaboration. That's the joint development project.*" *Netlist v. Samsung*, No. 22-cv-293 (E.D. Tex.) Dkt. 210-2 (9th Cir. Hearing Tr. excerpt) at 15:20-21. If Samsung had told the Ninth Circuit that the license grant was not limited to the joint development, the basis for its argument that the supply clause is implicitly limited to joint development would have collapsed.

Samsung represented (as an undisputed fact) that "it considered the $8 million as consideration for Netlist's grant of patent licenses . . . ." Dkt. 168-2, fact #62. However, in the Ninth Circuit, Samsung represented that "there's an $8 million NRE fee that's paid. It's clearly for the joint development project, but it doesn't say it's specifically for the joint development project." *Netlist v. Samsung*, No. 22-cv-293 (E.D. Tex.) Dkt. 210-2 (9th Cir. Hearing Tr. excerpt) at 8:16-24.

Samsung's complete JDLA defense requires it to argue that a joint development product limitation should be read into the supply clause, but this same limitation should not be read into the license grant.[1] East Texas is the only forum in which this litigation tactic of taking entirely opposite positions can be addressed, because the scope of the license grant is not currently at issue here. There is pending briefing before Judge Gilstrap seeking a finding that Samsung is estopped from claiming that the license covers its commercial products. If this motion is granted, or if the East Texas jury finds that the license does not include Samsung's commercial products (consistent with Samsung's representations to the Ninth Circuit), the breach of contract case before this Court becomes effectively moot.

### 2. Netlist's Proposed Schedule If There Is No Stay

If, however, the Court declines to stay this action, Netlist requests that the Court set a trial date and proposes the dates set forth below consistent with this Court's

---

[1] Samsung represents that Judge Gilstrap already decided the scope of the license grant. Judge Gilstrap ruled the exact opposite: "So you've got a license -- Samsung's got a license defense up until July 15th, 2020, and you don't have one after July 15th, 2020. What falls within that license as prescribe by the other terms of the JDLA is a fact question." *Netlist, Inc.*, No. 2:21-CV-463-JRG (E.D. Tex.) Dkt. 426, 59:19-25.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

JOINT RULE 26(f) REPORT
Case No 8:20-cv-00993-MSC-ADS

- 6 -

default case schedule worksheet. In the event that this Court denies a stay, Netlist also requests following:

**Amended Pleadings.** If the Court declines to stay this case and Judge Gilstrap grants Samsung's motion to stay the Infringement Action, Netlist will file a motion seeking leave to amend its pleadings to include a declaration regarding the scope of Samsung's license. Samsung has already indicated it opposes this motion, allowing it to continue to take entirely inconsistent statements.

**Production of discovery from Eastern District of Texas.** There is no need for additional fact discovery in this case; however, if this case proceeds, Netlist will file a motion seeking leave to cross-use of fact depositions and documents from the Eastern District of Texas litigations (just as the parties have agreed to cross-use of fact depositions and documents from this case in the Eastern District). Fact discovery from the Eastern District of Texas is directly relevant to this dispute. For example, Samsung's corporate representative on the JDLA in East Texas (Vice President Indong Kim) testified that Samsung's failure to supply product to Netlist was unethical and that he treated the supply obligation as applying to product beyond the joint development project.

Samsung reports below that it will oppose the use of the testimony of its corporate representatives as to JDLA issues from the Eastern District of Texas proceeding. Samsung appears to believe corporate representatives have the right to take entirely inconsistent factual positions in different courts without consequence because discovery is closed. Fed. R. Civ. Pro. 32(a)(1)(3) definitively answers this question: "an adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer . . . or designee under Rule 30(b)(6) . . . ." "A deposition lawfully taken . . . in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action." Fed. R. Civ. Pro. 32(a)(8). In the Ninth Circuit, a corporation

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

JOINT RULE 26(f) REPORT
Case No 8:20-cv-00993-MSC-ADS

- 7 -

cannot contradict the theory of facts presented by a Rule 30(b)(6) witness. *Snapp v. United Transp. Union*, 889 F.3d 1088 (9th Cir. 2018) ("[A] corporation generally cannot present a theory of the facts that differs from that articulated by the designated Rule 30(b)(6) representative….").

***Supplemental Expert Reports.*** Netlist will also seek leave to file supplemental expert reports, not to include new opinions, but to update prior opinions including based on information from the Eastern District.

***Proposed case schedule:***

| Event | Date |
|---|---|
| Deadline to amend complaint to add declaration as to license scope | 20 weeks before final pre-trial conference |
| Supplemental expert reports | 18 weeks before final pre-trial conference. |
| Last day to hear arguments on whether the extrinsic evidence creates a genuine issue of material fact as to the meaning of JDLA § 6.2.[2] | 12 weeks before final pre-trial conference<br>• Briefs due 5 weeks before hearing<br>• Oppositions due 2 weeks after briefs are filed<br>• Replies due 1 week after oppositions |
| Deadline to complete settlement conference | 10 weeks before final pre-trial conference |
| Trial filings (first round)<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 164]<br>• Witness Lists [L.R. 165]<br>• Joint Exhibit List [L.R. 166.1]<br>• Joint Status Report Regarding Settlement | 3 weeks before final pre-trial conference |

---

[2] The Ninth Circuit explicitly remanded to this Court "to consider in the first instance whether the extrinsic evidence '"creates a genuine issue of material fact"' as to the provision's meaning.'". *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209, 2023 WL 6820683, at *2 (9th Cir. Oct. 17, 2023)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

JOINT RULE 26(f) REPORT
Case No 8:20-cv-00993-MSC-ADS

- 8 -

Netlist's assertion about the scope of the license is plainly incorrect, as Judge Gilstrap has already determined, *see supra* at 15-16.

Nor is there any conflict in asserting that the patent license is broad but the supply obligation is limited to the Joint Development Project, as there were two distinct purposes of the JDLA as expressed therein: the joint development of the new NVDIMM-P product, and (2) patent cross-licensing. Indeed, the Ninth Circuit agreed that these are the two stated purposes of the JDLA, and that "each substantive section corresponds entirely to *one of the two goals*." Mem. at 3, ECF No. 334 (emphasis added). Given those two separate purposes, it is entirely reasonable that the supply obligation of Section 6.2 is limited to joint development, whereas the licenses are not. And in all events, there is no reason to inject this issue into the proceedings before this Court, particularly when Judge Gilstrap has already decided the scope of the pre-termination license.

For these reasons, any attempt by Netlist to thwart the mandate of the Ninth Circuit and have the issue of contract breach and termination decided in the Eastern District of Texas, rather than this Court, where Netlist first filed its contract claims against Samsung over three years ago, should be denied.

### 2. Samsung's Response to Netlist's Requests for Additional Relief

Samsung will also oppose the other relief that Netlist intends to request, all of which is an improper attempt to circumvent deadlines in this case that are long past. Netlist states that in the event its motion for a stay of this case is not granted, it intends to request that the Court permit it to file an amended pleading to add a request for declaratory relief on the scope of Samsung's license, reopen fact discovery to allow Netlist to use fact depositions and documents from the Eastern District of Texas litigations, and reopen expert discovery to submit a supplemental expert report. Since such relief would require modifying this Court's prior scheduling order, Netlist must

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

JOINT RULE 26(f) REPORT
Case No 8:20-cv-00993-MSC-ADS

- 20 -

show "good cause." Fed. R. Civ. P. 16(b)(4). But Netlist has failed to cite any justification for the relief sought, let alone anything approaching good cause.

***Amended Pleadings.*** The Court's February 12, 2021 Order re: Jury Trial sets out April 5, 2021 as the last date to hear a motion to amend pleadings. Order, ECF No. 41. Netlist's request to amend its pleadings at this stage to seek a declaration on the scope of the licenses should summarily be denied as untimely under the Court's scheduling order. Netlist has made no effort to demonstrate good cause here. Nor could it satisfy this standard. Netlist had every opportunity to seek a declaration on the scope of the license in this case. It chose not to do so and instead chose to litigate the scope of the pre-termination license in Texas, where—despite Netlist's attempt to misrepresent the Texas court's rulings, *see supra* at 19—the court ruled against Netlist on that issue. Netlist must live with that.

***Use of Discovery from Eastern District of Texas.*** Fact discovery closed in this case years ago, on August 16, 2021. *See* Order re: Jury Trial, ECF No. 41. Now Netlists seeks to expand the record by porting over wholesale deposition transcripts and documents obtained in discovery in the Eastern District of Texas. Yet again, Netlist has made no effort to show good cause for reopening discovery. Netlist's request to expand the record in this case with discovery from the Eastern District of Texas is a blatant attempt to circumvent prior discovery orders in this case.

For example, in this case, Magistrate Judge Spaeth denied Netlist's motion to compel the deposition of Jung-Bae Lee on apex grounds. Minutes of Hearing, ECF No. 103. Netlist, however, successfully compelled Dr. Lee's deposition in the Eastern District of Texas case by arguing that Dr. Lee had "personal knowledge of Netlist's technologies, patent portfolio, product design, and the parties' history of license negotiations" that Netlist said was relevant to "Netlist's willful infringement case and Samsung's patent license defenses" and Dr. Lee did not qualify for apex doctrine protection. *See* 2:21-CV-00436, ECF No. 134 at 1-7 (public version of ECF No. 121) at 14-19).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

JOINT RULE 26(f) REPORT
Case No 8:20-cv-00993-MSC-ADS

- 21 -

Netlist's reference to an agreement to cross-use fact depositions from this case in the Eastern District of Texas is misleading. There Samsung agreed to produce certain deposition transcripts from this case in exchange for Netlist's agreement, *inter alia*, not to take certain depositions again. What Netlist seeks here is the ability to use deposition transcripts from the Eastern District of Texas in place of depositions it was expressly prohibited from taking in this case.[4] Netlist also seeks to use depositions taken in the Texas litigation of witnesses such as Indong Kim who were already deposed in this case, apparently because Netlist feels the need to augment the record in this case despite having already had a full opportunity to depose the witnesses in this case.[5]

Netlist's attempt to expand the discovery record would—in addition to end running the discovery orders in this case—create unfair prejudice and cause unnecessary delay, as there was no reason to anticipate that discovery in Texas would be used in this case given that discovery in this case was closed, and the parties would have to be able to engage in further discovery here to respond to the discovery in Texas. Moreover, Netlist has failed to show that it did not have an adequate opportunity to conduct discovery in this case. Thus, any request by Netlist to reopen fact discovery should be denied.

***Updated Expert Reports.*** Netlist opaquely asks the Court to grant leave to file "supplemental expert reports, not to include new opinions, but to update prior opinions including based on information from the Eastern District." *Supra* at 6. Netlist fails to explain what issues these could possibly be or why they are relevant to the issues in the Ninth Circuit's mandate, and there is no reason for the parties to undertake the vast expense of another round of expert discovery. The expert discovery cut off in this case likewise passed years ago. Because there should be no

---

[4] As discussed above, the Court can and should decide the meaning of Section 6.2 on the original summary judgment record before it.

[5] Netlist also mischaracterizes the testimony of Mr. Kim in support of its attempt to open the discovery record in this case.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

JOINT RULE 26(f) REPORT
Case No 8:20-cv-00993-MSC-ADS

- 22 -

new discovery, there is no need to update any expert reports. Nor has Netlist identified *any* justification for supplementing expert reports, let alone a justification satisfying the good cause standard.

### 3. Samsung's Proposed Schedule

In view of the Ninth Circuit's mandate, this Court ordered the parties to "propos[e] a schedule for further proceedings." The threshold issue before the Court is whether the extrinsic evidence creates a genuine issue of material fact as to the meaning of Section 6.2 of the JDLA. As this issue was already briefed once, there is adequate evidence in the summary judgment record for the Court to make this determination. Because the prior briefing did not focus solely on the issue the Ninth Circuit has now mandated be considered, Samsung proposes targeted supplemental briefs to specifically address the meaning of Section 6.2, to be concurrently filed within 30 days of the Court's decision following the filing of this Joint Status Report, with each side having the right to file a responsive brief 15 days thereafter. This supplemental briefing will allow the Court to focus its attention on the relevant evidence and law and comply with the Ninth Circuit's mandate.

Samsung contends that the extrinsic evidence in the record demonstrates there is no genuine issue of material of fact as to the meaning of Section 6.2, that Section 6.2 is limited to the supply of DRAM and NAND as raw materials for the parties' joint development project, and that the Court should adopt Samsung's interpretation as a matter of law. If the Court adopts Samsung's interpretation of Section 6.2, there is no need for a trial on whether any alleged breach of Section 6.2 is material, and Netlist's request for a declaration that it validly terminated the JDLA must be denied. Samsung proposes that if the Court declines to adopt its interpretation of Section 6.2 as a matter of law, then at that time the Court should set the case for a jury trial on the issues of interpretation in light of the extrinsic evidence, breach and materiality as soon as the Court's schedule permits allowing for pre-trial filings on a schedule in accordance with the Court's Order re: Jury Trial, ECF No. 41.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

JOINT RULE 26(f) REPORT
Case No 8:20-cv-00993-MSC-ADS

- 23 -

### III. ALTERNATIVE DISPUTE RESOLUTION

The parties have met and conferred regarding the Court's offer to stay this case for sixty days pending alternative dispute resolution. The parties do not believe that settlement discussions would be productive at this time.

Respectfully submitted,

Dated: November 27, 2023         Irell & Manella, LLP


By:     /s/ A. Matthew Ashley

    A. Matthew Ashley

    Attorney for Plaintiff
    Netlist, Inc.

Dated: November 27, 2023         O'Melveny & Myers, LLP


By:     /s/ Michael Yoder

    Attorneys for Defendant
    Samsung Electronics Co., Ltd.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

JOINT RULE 26(f) REPORT
Case No 8:20-cv-00993-MSC-ADS

- 24 -