UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>Defendants. | Civil Case No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>Defendants. | Civil Case No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION TO NETLIST'S MOTION TO COMPEL
ADDITIONAL DEPOSITION TESTIMONY FROM SEUNGMO JUNG (DKT. 226)**

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................. 1
II. FACTUAL BACKGROUND ............................................................................................... 1
    A.  Mr. Jung Was Samsung's Corporate Witness and Indisputably Provided Answers to All Proper Questions........................................................................................... 1
    B.  Netlist Sought Testimony on an Irrelevant Non-Accused Training Mode ............. 1
    C.  Samsung Properly Instructed Mr. Jung Not To Answer Questions Calling for Privileged Information ............................................................................................ 2
III. ARGUMENT......................................................................................................................... 3
    A.  Netlist Is Not Entitled to Deposition Testimony on Non-Accused Technology .... 3
    B.  Netlist Is Not Entitled to Deposition Testimony on Privileged Information .......... 5
IV. CONCLUSION...................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Combs v. Rockwell Int'l Corp.*,
    927 F.2d 486 (9th Cir. 1991) ...................................................................................................6

*BNSF Ry. Co. v. San Joaquin Valley R. Co.*,
    No. 1:08-CV-01086-AWI-SM, 2009 WL 3872043 (E.D. Cal. Nov. 17, 2009) ........................6

*E.E.O.C. v. BDO USA, L.L.P.*,
    876 F.3d 690 (5th Cir. 2017) ...................................................................................................7

*Gonzalez v. Fresenius Medical Care North America*,
    689 F.3d 470 (5th Cir. 2012) ...................................................................................................6

*Gree, Inc. v. Supercell Oy*,
    No. 2:19-CV-70-JRG, Dkt. 461 (E.D. Tex. Sept. 9, 2020) .......................................................6

*Green v. Goodyear Dunlop Tires N. Am., Ltd.*,
    No. CIV. 08-472-GPM, 2010 WL 924892 (S.D. Ill. Mar. 9, 2010) .........................................6

*Setliff v. Zoccam Techs., Inc.*,
    344 F.R.D. 14 (N.D. Tex. 2023) ...............................................................................................6

**Other Authorities**

Fed. R. Civ. P. 30(b)(6)....................................................................................................................1

Fed. R. Civ. P. 30(e) .......................................................................................................................7

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | 2022-09-28 Deposition Transcript of Seungmo Jung (excerpts) |
| 2 | 2022-12-14 Deposition Transcript of Seungmo Jung (excerpts) |
| 3 | 2023-02-07 Netlist 2nd Supplemental Infringement Contentions |
| 4 | *Samsung Electronics Co., Ltd. v. Netlist, Inc.*, No. 1-21-cv-01453 (D. Del.), Dkt. 1 (excerpts) |
| 5 | *Samsung Electronics Co., Ltd. v. Netlist, Inc.*, No. 1-21-cv-01453 (D. Del.), Dkt. 145 (excerpts) |
| 6 | 2023-10-19 Netlist's First 30(b)(6) Notice to Samsung (excerpts) |
| 7 | 2023-10-28 Netlist's Second 30(b)(6) Notice to Samsung (excerpts) |
| 8 | 2022-11-01 Errata to 2022-09-28 Deposition Transcript of Seungmo Jung |
| 9 | *Samsung Electronics Co., Ltd. v. Netlist, Inc.*, No. 1-21-cv-01453 (D. Del.), Dkt. 223 (Oral Order) |
| 10 | Declaration of Katherine Reardon |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| Delaware Case | *Samsung Elecs. Co., Ltd. et al. v. Netlist, Inc.*, No. 1:21-cv-1453 (D. Del.) |
| *EDTX1* | *Netlist, Inv. v. Samsung Elecs. Co., Ltd., et al.*, No. 2:21-cv-00463-JRG (E.D. Tex.) |
| The '523 patent | U.S. Pat. No. 10,217,523 |

## I. INTRODUCTION

Netlist's motion seeks testimony from Samsung engineer Seungmo Jung related to two categories that counsel improperly sought during his 4.5-hour deposition. First, Netlist seeks testimony about a training mode that is not accused of infringement in this case and was not within the scope of the Rule 30(b)(6) topics. Second, Netlist sought testimony from Mr. Jung that clearly called for privileged information, and Samsung's counsel properly instructed Mr. Jung not to answer. Neither category of deposition testimony is appropriate and Netlist's motion should be denied in its entirety.

## II. FACTUAL BACKGROUND

### A. Mr. Jung Was Samsung's Corporate Witness and Indisputably Provided Answers to All Proper Questions

Samsung designated Mr. Jung to testify about all technical topics relating to Samsung's DDR4 LRDIMM accused products. Ex. 1 at 6:11-14; Ex. 2 at 9:12-15. Mr. Jung was first deposed on September 28, 2022, in the *EDTX1* case, where Netlist's counsel questioned him for five hours. *See* Ex. 1.[1] After reviewing his deposition transcript, Mr. Jung became aware that he misunderstood some of the questions asked and, on November 1, 2022, executed an errata to his September 28, 2022 deposition, clarifying his answers to the questions he misunderstood. Ex. 8; Dkt. 226-6 at 22:12-15, 27:11-30:18, 30:22-31:10, 33:6-23, 34:1-21, 35:14-36:6, 37:16-38:4, 38:13-25, 44:2-7, 44:17-24. On December 14, 2022, Netlist's counsel questioned Mr. Jung for three more hours in *EDTX1*. *See* Ex. 2. Most recently, on November 13, 2023, in Mr. Jung's third deposition, Netlist's counsel questioned him for another four and a half hours. Dkt. 226-6.

### B. Netlist Sought Testimony on an Irrelevant Non-Accused Training Mode

Netlist complains that Mr. Jung was unprepared to testify about the "

---

[1] Samsung has produced Mr. Jung's deposition transcripts from *EDTX1* for use in this case.

1

▇▇▇.” Dkt. 226 at 1 ("▇▇▇▇▇▇▇▇▇▇▇▇▇.'").[2] Each of the deposition excerpts that Netlist points to in its motion relates to the ▇▇▇▇. *Id*. at 1-2. While Netlist's infringement allegations mention the ▇▇▇▇, they never once mention the ▇▇▇▇ for any of the asserted patents. *See* Dkt. 1; Ex. 3. Significantly, Netlist supports its claim that the testimony it seeks is "central to Netlist's claim of patent infringement" by only citations to Netlist's contentions referencing accused features from the ▇▇▇. Dkt. 226 at 1.

Neither of Netlist's 30(b)(6) deposition notices mentions the ▇▇▇▇. *See* Ex. 10 at ¶¶ 1-2. In fact, the term "Samsung Accused Products," which appears in Topic 5 identified by Netlist in its motion, is defined by referring to Netlist's infringement contentions:

> "Samsung Accused Products" shall include any and all Samsung Accused DDR4 LRDIMMs, Samsung Accused DDR4 RDIMMs, Samsung Accused DDR3 LRDIMMs, and Samsung Accused DDR3 RDIMMs, ***and any other products identified in Netlist's preliminary infringement contentions and subsequent amendments***.

Ex. 6 at 2 (emphasis added); *see also* Ex. 7 at 2. As such, by definition, the category of ▇▇▇ ▇▇▇ mode was not within the proper scope of Mr. Jung's deposition.

### C. Samsung Properly Instructed Mr. Jung Not To Answer Questions Calling for Privileged Information

During Mr. Jung's deposition, Netlist's counsel asked questions regarding the facts and circumstances surrounding the errata to his September 2022 deposition transcript. Netlist's counsel asked Mr. Jung about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[2] Although Netlist briefly also mentioned the ▇▇▇▇ during Mr. Jung's deposition, every question about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt. 226-6 at 46:4-15, 65:2-72:17. Mr. Jung had testified extensively about ▇▇▇▇ in his prior depositions. Ex. 1 at 65:13-67:18; Ex. 2 at 19:6-44:9.

2

████████████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

Counsel for Samsung allowed Mr. Jung to testify on all of these topics.

But counsel for Samsung instructed Mr. Jung not to answer the following three questions:

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

## III. ARGUMENT

### A. Netlist Is Not Entitled to Deposition Testimony on Non-Accused Technology

Netlist complains that Mr. Jung was inadequately prepared because he "could not explain the various ██████████ or how they operate," which Netlist incorrectly claims "are directly relevant to Netlist's claims of patent infringement. Dkt. 226 at 4. ***First***, every question that Netlist asked Mr. Jung about ██████████ was about the ██████████. *See generally* Dkt. 226-6. The ██████████ cannot be "directly relevant to Netlist's claims of patent infringement" because Netlist failed to mention it in its infringement contentions. Ex. 3. Likewise, in Netlist's corporate deposition notice, Netlist defined the "Accused Products" (a term that appears in the deposition topic that Netlist identified in its motion) to mean what Netlist disclosed in its infringement contentions. Ex. 6 at 2; Ex. 7 at 2. As such, by definition, the scope

3

of the corporate deposition notice cannot possibly include this subject matter. ***Second***, although Netlist did include the ▇▇▇▇▇▇▇▇ in its infringement contentions in this case, Mr. Jung already testified extensively about ▇▇▇▇▇▇▇▇ in his previous two depositions. Ex. 1 at 65:13-67:18; Ex. 2 at 19:6-44:9.

It is entirely unreasonable for Netlist to demand a witness to be prepared for each and every feature of the complicated accused products without any reasonable notice. The feature Netlist demands testimony about is just one of many JEDEC compliant features. The JEDEC standards relevant to the accused products span hundreds of pages.[3] Here, Netlist failed to provide any notice prior to Mr. Jung's deposition that the ▇▇▇▇▇▇▇▇ was a feature about which Netlist expected Mr. Jung to be prepared to testify. Mr. Jung was prepared to testify about the features identified by Netlist in its infringement contentions including the accused training modes, as provided in Netlist's deposition notice. To expect Samsung and Mr. Jung to prepare for anything beyond that would be unfair and unduly burdensome.[4]

Making matters worse, Netlist's motion seeks discovery related to the ▇▇▇▇▇▇▇▇ that is not relevant to this case, but is instead relevant to another case pending in the District of Delaware between Netlist and Samsung.[5] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[3] The JEDEC standard relating to the DDR4 data buffer (JESD82-32A) totals 200 pages. The JEDEC standard relating to the DDR4 registering clock driver (JESD82-31A) totals another 200 pages. The JEDEC standard relating to DDR4 SDRAM (JESD79-4C) totals more than 250 pages. The JEDEC standard relating to DDR4 LRDIMMs (JESD21-C) totals over 40 pages.

[4] Netlist mentioned the ▇▇▇▇▇▇▇▇ for the first time in its expert report, served on November 20, 2023, after the close of fact discovery. Samsung objects to Netlist's attempt to expand its contentions after fact discovery and will move to strike at the appropriate time.

[5] After Netlist sought the disputed testimony and moved to compel in this case, the Delaware court stayed the Delaware Case pending resolution the C.D. Cal. case, noting "the ongoing proceedings in the Central District of California pertaining to the Netlist/Samsung JDLA have the potential to simplify all or some of the issues in this case." Ex. 9.

███████████████████████████

███████████████████████████████████████

████████████████████ ████████████████████

███████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████████████████ One of the patents at issue in the Delaware Case is Netlist's U.S. Pat. No. 10,217,523 (the '523 patent). In July 2023, the parties in the Delaware Case filed a Joint Claim Construction Chart that included the following proposed construction of the "data handler logic element[s]" term of the '523 patent: "circuitry within the data handler that generates the data patterns." Ex. 5 at 8. Imposing this motion on the Court to gain an advantage in a separate, stayed case is improper.

### B. Netlist Is Not Entitled to Deposition Testimony on Privileged Information

The Court should not compel further testimony regarding conversations Mr. Jung had with counsel regarding his errata because those conversations are privileged.

Samsung permitted Netlist to examine Mr. Jung fully regarding his non-privileged knowledge relating to the corrections to testimony he made in his errata. Although a party is entitled to a further deposition to address corrections in testimony resulting from an erratum, Netlist has already been afforded that deposition. Specifically, Netlist's counsel questioned Mr. Jung in detail about the errata to his 2022 deposition transcript, and Mr. Jung was allowed to answer. *See supra* § II. B. ████████████████████████

████████████████████████████████████████

██████████ As a result, Netlist *was already* afforded an opportunity to "confront and examine each change" in Mr. Jung's testimony, including "the origin, basis, and detailed reasons for such

changes." *Setliff v. Zoccam Techs., Inc.*, 344 F.R.D. 14, 22 (N.D. Tex. 2023).

Mr. Jung provided non-privileged information about the preparation of his errata, and not a single case Netlist cites permits the reopening of Mr. Jung's deposition so that Netlist's counsel can ask questions that call for privileged information. *Setliff* and *BNSF* stand for the unremarkable proposition that a party may reopen a deposition after a substantive change in an erratum, which Netlist has already had an opportunity to do in this case and in *EDTX1*. *See Setliff*, 334 F.R.D. at 22; *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, No. 1:08-CV-01086-AWI-SM, 2009 WL 3872043, at *8 (E.D. Cal. Nov. 17, 2009).

*Gonzalez v. Fresenius Medical Care North America*, addresses whether a district court abused its discretion in sanctioning a party that changed her testimony multiple times on an issue key to the claims she brought. 689 F.3d 470, 480 (5th Cir. 2012); *see also* Dkt. 226 at 5 (citing *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488-89 (9th Cir. 1991) (sanctioning a plaintiff-deponent who admitted they "never reviewed either the original or the altered deposition transcripts" at issue)). Unlike in the *Gonzalez* case, here, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Dkt. 226-6 at 21:18-22:2; 31:20-32:2; 33:16-23; 44:2-7; 44:18-24.[6] Both the Fifth Circuit and this Court have acknowledged that witnesses may "sometimes make substantive missteps in deposition testimony which may be corrected with an errata sheet." *Gonzalez*, 689 F.3d at 480; *see also Gree, Inc. v. Supercell Oy*, No. 2:19-CV-70-JRG, Dkt. 461 (E.D. Tex. Sept. 9, 2020) ("The majority of . . . courts who have addressed the scope of permissible substantive

---

[6] Netlist also cites *Green v. Goodyear Dunlop Tires North America, Ltd.*, in which the deponent was not prepared to testify on topics on which he was designated and used errata sheets in an attempt to cure the defects in his 30(b)(6) testimony to avoid a second deposition. *Green v. Goodyear Dunlop Tires N. Am., Ltd.*, No. CIV. 08-472-GPM, 2010 WL 924892, at *2 (S.D. Ill. Mar. 9, 2010). Mr. Jung's *EDTX1* errata did not attempt to fill gaps on deposition topics.

6

corrections to a deposition under Rule 30(e) have concluded that the scope of such changes is broad").

Counsel for Samsung directed Mr. Jung not to answer only questions that called for the content of conversations with counsel. ▮

▮

▮

▮

▮Those questions necessarily implicate conversations with Samsung's counsel. The contents of those conversations are privileged. In sum, counsel for Samsung allowed Mr. Jung to answer every non-privileged question regarding the facts and circumstances surrounding his errata. The remaining questions called for privileged information.

Nowhere in Netlist's motion does it deny that the questions Netlist's counsel asked called for privileged information. ▮

Mr. Jung testified fully about the reason for his changes in the errata to the 2022 deposition transcript. The only questions Mr. Jung was instructed not to answer related to his conversations with counsel, which are privileged. *See, e.g.*, *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017) (noting that privileged communications are those made "for the primary purpose of securing either a legal opinion or legal services, *or assistance in some legal proceeding*" (emphasis added)). Netlist has not provided any evidence or cited any case law that would support a finding that privilege does not apply under these circumstances.

IV.   **CONCLUSION**

Accordingly, Netlist's motion to compel should be denied.

7

Date: December 7, 2023

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-7091
Facsimile: (415) 955-6571

Respectfully submitted,

*/s/ Michael J. McKeon*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on December 7, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

                                                                     */s/ Michael J. McKeon*