UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>       Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>       Defendants. | Civil Case No. 2:22cv00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>       Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>       Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSED MOTION FOR AN EXTENSION OF TIME
TO RESPOND TO NETLIST'S MOTION FOR SUMMARY JUDGMENT (DKT. 273)**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii

TABLE OF EXHIBITS .................................................................................................................. iii

TABLE OF ABBREVIATIONS .................................................................................................... iii

I.  INTRODUCTION ............................................................................................................... 1

II. BACKGROUND ................................................................................................................. 2

    A.  In *EDTX1*, This Court Granted Partial Summary Judgment and Judgment as a Matter of Law That Samsung Was Licensed Under the JDLA ................................................................................................................... 3

    B.  The Ninth Circuit Reversed the C.D. Cal.'s Determination That Samsung Breached the JDLA and Remanded for Further Proceedings .......................................................................................................... 3

    C.  Samsung Moved To Stay This Case Pending Resolution of the C.D. Cal. Case ........................................................................................................ 4

    D.  The C.D. Cal. Court Has Set a Summary Judgment Schedule ............................... 4

    E.  Netlist Filed a Motion for Summary Judgment in This Court, with a Schedule That Would Leap-Frog the C.D. Cal. Court's Schedule ...................... 5

III. ARGUMENT ....................................................................................................................... 6

    A.  Samsung's Response Should Be Due Fourteen Days After This Court Rules on Samsung's Motion To Strike .......................................................... 6

    B.  In the Alternative, the Court Should Extend the Deadline for Samsung's Response by Fourteen Days ................................................................. 8

IV. CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Pace v. Bogalusa City Sch. Bd.*,
    403 F.3d 272 (5th Cir. 2005) ...................................................................................................7

*Palmer v. Kirkwood*,
    No. 4:20-cv-688-SDJ-KPJ, 2020 WL 13905123 (E.D. Tex. Dec. 23, 2020) ............................6

**Other Authorities**

Fed. R. Civ. P. 6(b)(1)(A) ................................................................................................................6

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993, Dkt. 186 (C.D. Cal. Oct. 14, 2021) |
| 2 | Entry of appearance of Michael D. Harbour in C.D. Cal. Case |

## TABLE OF ABBREVIATIONS

|  | Description |
|---|---|
| C.D. Cal. | U.S. District Court for the Central District of California |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) |
| D. Del. | U.S. District Court for the District of Delaware |
| D. Del. Case | *Samsung Electronics Co., Ltd. et at. v. Netlist, Inc.*, No. 1:21-cv-1453 |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| JDLA | Joint Development and License Agreement |

**I.      INTRODUCTION**

Netlist's Motion for Summary Judgment on Samsung's License Defense (Dkt. 273) is an affront to the C.D. Cal. court's jurisdiction and the Ninth Circuit's mandate instructing the C.D. Cal. court to address the very same issues Netlist now asks this Court to decide.  Specifically, in its motion, Netlist asks this Court to interpret the JDLA's supply provision (§ 6.2) in its favor and enter judgment that Samsung has materially breached the parties' JDLA and that Netlist properly terminated the JDLA on July 15, 2020—the central issues currently pending in the C.D. Cal. Case.  Indeed, Netlist filed its motion here only after the C.D. Cal. court declined Netlist's efforts to escape the Ninth Circuit's mandate and after the C.D. Cal. court set a briefing and hearing schedule on cross-motions for summary judgment on the meaning of the JDLA's supply provision which is foundational to the breach and termination issues.

As Samsung has previously expressed, resolution of the C.D. Cal. Case in Samsung's favor would dispose all of the issues in this case—if there is no material breach of the JDLA's supply provision, then Netlist's termination of the JDLA was invalid, and its patent infringement claims cannot survive because Samsung was, and continues to be, licensed.  For this and other reasons, Samsung moved to stay this case pending resolution of the C.D. Cal. Case.  *See* Dkt. 187.  Although on December 14, 2023 the Court denied without prejudice Samsung's request to stay this case pending resolution of the C.D. Cal. Case, the Court made it clear that it would not proceed with, or consider, the breach or termination issues pending in the C.D. Cal. Court.  Dkt. 278 at 5 (The Court "reasonably may defer issues of Netlist's alleged termination of the JDLA to the Central District of California and simultaneously proceed on the other issues in this case, including Netlist's claims for patent infringement.").  In that regard, the Court also unambiguously informed the parties that it "will not make comment further [on whether "the JDLA is currently 'in full force and effect'"] while that issue is squarely before another court."

1

*Id.* For this reason, and because Netlist's motion is inexorably intertwined with breach/termination issues being exclusively adjudicated in C.D. Cal., Samsung is moving concurrently herewith to strike Netlist's motion in its entirety. Samsung should not have to respond to Netlist motion for summary judgment, as the C.D. Cal. court will decide the issues raised therein regarding whether Samsung materially breached § 6.2 of the JDLA and whether Netlist validly terminated the JDLA, and this Court has indicated it will defer resolution of those issues to that court. *Id.*

Given Samsung's concurrently-filed Motion To Strike, pursuant to Local Rule 7(e), Samsung moves for an order extending the period to respond to Netlist's Motion for Summary Judgment on Samsung's License Defense (Dkt. 273) until fourteen (14) days after the Court rules on Samsung's motion to strike Netlist's motion (in the event that the Court does not strike Netlist's motion). In the alternative, Samsung moves for a 14-day extension of time from the current due date (January 3, 2024) to make Samsung's response due on January 17, 2024, given the demands and deadline in this case, the upcoming holidays, and the need for Samsung's counsel handling the breach and termination issues in C.D. Cal. to join this case and review Netlist's motion (which Netlist filed under seal, and has not authorized Samsung's counsel to share with Samsung).

## II.   BACKGROUND

The Court is well familiar with the history of Samsung and Netlist's JDLA, the C.D. Cal. Case regarding Netlist's alleged termination of the JDLA in 2020, and Samsung's Ninth Circuit Appeal. *See, e.g.*, Dkt. 278 (denying Samsungs motion to stay pending resolution of the C.D. Cal. Case reversed and remanded by the Ninth Circuit); Dkt. 121 (denying Samsung's motion to stay pending the Ninth Circuit Appeal). A brief summary follows.

### A. In *EDTX1*, the Court Granted Partial Summary Judgment and Judgment as a Matter of Law That Samsung Was Licensed Under the JDLA

In *EDTX1*, this Court held on summary judgment that Samsung was licensed to all accused products sold before July 15, 2020. *See EDTX1*, Dkt. 432 at 2. In Samsung's summary judgment motion, Samsung explained that, although it believes that ***all*** accused products continue to be licensed today, issue preclusion, arising from the C.D. Cal.'s judgment that Netlist had terminated the JDLA on July 15, 2020, prevented Samsung from making that argument before this Court. *Id.*, Dkt. 237 at 21 n.9; *see also id.*, Dkt. 328 at 1 n.1; *id.*, Dkt. 275 at 1, 5; *id.*, Dkt 360 at 1 & n.1. On April 5, 2023, the Court entered partial summary judgment that all accused products sold before July 15, 2020, were licensed under the JDLA, recognizing that the JDLA presented a bar to relief here for covered sales during the JDLA's active term. *Id.*, Dkt. 432 at 2. This Court rejected Netlist's argument to the contrary, and held that Samsung's license was in force through July 15, 2020, but found a question of fact regarding whether the accused HBM products (which are not at issue in this case) were "Foundry Products," and therefore unlicensed under the terms of the JDLA. *Id.*; *id.*, March 28, 2023 Tr. at 56:4-24, 58:3-60:1.

At the *EDTX1* trial, Samsung presented evidence that the accused HBM products are not "Foundry Products," and Netlist failed to rebut this evidence. *Id.*, Trial Tr. at 814:15-820:22. The Court, therefore, granted Samsung's motion for judgment as a matter of law that the accused HBM products are not "Foundry Products," thus confirming that all of Samsung's accused products were fully licensed through July 15, 2020. *Id*. at 1266:4-1267:1. Accordingly, the Court found that Samsung had a license to Netlist's patents, but relied on the C.D. Cal. court's judgment holding that the license terminated on July 15, 2020.

### B. The Ninth Circuit Reversed the C.D. Cal.'s Determination That Samsung Breached the JDLA and Remanded for Further Proceedings

The C.D. Cal. judgment has now been reversed, and remanded for further proceedings.

*See, e.g.*, Dkt. 278 at 3; Dkt. 187-1 at 5, 8.  Specifically, the Ninth Circuit remanded two issues to C.D. Cal.  The C.D. Cal. court had granted summary judgment in favor of Netlist on its claim that Samsung violated the supply provision, § 6.2, of the JDLA.  Ex. 1 at 6.  The Ninth Circuit disagreed, however, concluding that § 6.2 is ambiguous as a matter of law, and remanded to C.D. Cal. to "consider in the first instance whether the extrinsic evidence 'creates a genuine issue of material fact' as to the provision's meaning."  Dkt. 187-1 at 5.  The Ninth Circuit also reversed the C.D. Cal. court's finding that Netlist had properly terminated the JDLA on July 15, 2020, because it found § 6.2 to be ambiguous and "because disputed fact issues precluded summary judgment on the materiality of Samsung's alleged breach of § 6.2," and remanded to C.D. Cal. for further proceedings.  Dkt. 187-1 at 7; *see also* Ex. 1 at 20-21.

   **C.** **Samsung Moved To Stay This Case Pending Resolution of the C.D. Cal. Case**

On October 23, 2023, given the Ninth Circuit's decision, Samsung moved to stay this case pending resolution of the C.D. Cal. Case (Dkt. 187).  On December 14, 2023, this Court denied Samsung's motion as premature, stating "[t]he effectiveness of Netlist's termination of the JDLA is not an issue that must be decided at this time" and "this Court need not affirmatively decide any issue that is before the Central District of California in order to proceed with this case."  Dkt. 278 at 5.  The Court explained that it "reasonably may defer issues of Netlist's alleged termination of the JDLA to the Central District of California and simultaneously proceed on the other issues in this case, including Netlist's claims for patent infringement."  *Id.*

   **D.** **The C.D. Cal. Court Has Set a Summary Judgment Schedule**

Meanwhile, on November 27, 2023, Samsung and Netlist had submitted a Joint Status Report in the C.D. Cal. Case in response to the C.D. Cal. court's minute order reopening the case.  Dkt. 259-2.  In the Joint Status Report, Samsung stated:

  The threshold issue before the Court is whether the extrinsic evidence creates a

4

> genuine issue of material fact as to the meaning of Section 6.2 of the JDLA. As this issue was already briefed once, there is adequate evidence in the summary judgment record for the Court to make this determination. Because the prior briefing did not focus solely on the issue the Ninth Circuit has now mandated be considered, Samsung proposes targeted supplemental briefs to specifically address the meaning of Section 6.2, to be concurrently filed within 30 days of the Court's decision following the filing of this Joint Status Report, with each side having the right to file a responsive brief 15 days thereafter. This supplemental briefing will allow the Court to focus its attention on the relevant evidence and law and comply with the Ninth Circuit's mandate.
>
> . . .
>
> If the Court adopts Samsung's interpretation of Section 6.2, there is no need for a trial on whether any alleged breach of Section 6.2 is material, and Netlist's request for a declaration that it validly terminated the JDLA must be denied.

*Id.* at 23. On November 30, 2023, the C.D. Cal. court issued a minute order, "largely adopt[ing] Samsung's proposal" for addressing the issues within the scope of the Ninth Circuit's mandate. Dkt. 259-3. The C.D. Cal. court also set a briefing and hearing schedule for a summary judgment proceeding on the issues of the interpretation of § 6.2. *Id.* Under this schedule, the parties will simultaneously file opening briefs on January 8, 2024 and responsive briefs are due January 22, 2024. The C.D. Cal. court will hear argument and take the issues under submission on February 5, 2024. *Id.*

Significantly, Netlist had urged the C.D. Cal. court to stay the C.D. Cal. Case pending the outcome of this case. Dkt. 259-2. The C.D. Cal. court did not stay the case and instructed Netlist that any motion to stay would be heard on February 5, 2024, at the same time as the summary judgment hearing. Dkt. 259-3. That same day, November 30, 2023, Netlist filed a motion to stay the C.D. Cal. Case, which Samsung will oppose. Dkt. 259-4.

### E. Netlist Filed a Motion for Summary Judgment in This Court, with a Schedule That Would Leap-Frog the C.D. Cal. Court's Schedule

On December 12, 2023, without any prior notice to Samsung or the C.D. Cal. court, Netlist filed in this Court a Motion for Summary Judgment on Samsung's License Defense (Dkt.

5

273).  Under the EDTX local rules, Samsung's response is due January 3, 2024, Netlist's reply is due January 10, 2024, and Samsung's sur-reply is due January 17, 2024.  Netlist thus filed its brief in such a manner that it would leap-frog in front of the C.D. Cal. summary judgment briefing and hearing schedule on the same issues pending in C.D. Cal.:

| Netlist's Motion Here | C.D. Cal. Cross-Motions | Deadline |
|---|---|---|
| Samsung's Responsive Brief | | January 3, 2024 |
| | Simultaneous Opening Briefs | January 8, 2024 |
| Netlist's Reply Brief | | January 10, 2024 |
| Samsung's Sur-Reply Brief | | January 17, 2025 |
| | Simultaneous Responsive Briefs | January 22, 2024 |
| | Hearing | February 5, 2024 |

### III.   ARGUMENT

Good cause exists to extend Samsung's deadline to response to Netlist's motion for summary judgment.  *See* Fed. R. Civ. P. 6(b)(1)(A).  This Court has held that "[a]n application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."  *Palmer v. Kirkwood*, No. 4:20-cv-688-SDJ-KPJ, 2020 WL 13905123, at *1 (E.D. Tex. Dec. 23, 2020) (quoting *Reed Migraine Ctrs. Of Tex., PLLC v. Chapman*, No. 3:14-cv-1204-N, 2020 WL 869888, at *1 (N.D. Tex. Feb. 21, 2020)).  Neither bad faith on Samsung's part nor prejudice to Netlist exists here.

  **A. Samsung's Response Should Be Due Fourteen Days After This Court Rules on Samsung's Motion To Strike**

The Court should reject Netlist's attempt to thwart the mandate of the Ninth Circuit and have the issues of contract breach and termination decided here, rather than in C.D. Cal., where Netlist first filed its contract claims against Samsung over three years ago.  The Ninth Circuit remanded to the C.D. Cal. court "to consider in the first instance whether the extrinsic evidence 'creates a genuine issue of material fact' as to [JDLA § 6.2]'s meaning."  Dkt. 187-1 at 5.  Netlist's request for this Court to decide the very issues the Ninth Circuit directed C.D. Cal. to

6

consider is irreconcilable with the Ninth Circuit's mandate.

As this Court recognized in denying Samsung's motion to stay, Dkt. 187, "[t]he Court reasonably may defer issues of Netlist's alleged termination of the JDLA to the Central District of California and simultaneously proceed on the other issues in this case, including Netlist's claims for patent infringement." Dkt. 278 at 5. Indeed, this Court explained it "will not make comment further [on whether the JDLA is in full force and effect] while that issue is squarely before another court." *Id.* (citing *W. Gulf Maritime Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 728-29 (5th Cir. 1985)); *see also id.* ("[T]his Court need not affirmatively decide any issue that is before the Central District of California in order to proceed with this case."). Netlist's motion specifically asks this Court to resolve the breach and termination issues pending before the C.D. Cal. court.[1] Because, as the Court recognized, it should decline to do so, Samsung is moving concurrently herewith to strike Netlist's motion.

Extending the deadline for Samsung to respond to Netlist's motion until fourteen (14) days after this Court rules on Samsung's motion to strike would ensure that this Court is not an instrument in Netlist's effort to evade the Ninth Circuit's mandate and to disrespect the C.D. Cal. court's rulings. For example, the C.D. Cal. court set an orderly briefing schedule for

---

[1] Netlist's motion also argues that the JDLA's license grant extends to only joint development products and thus does not cover the accused products. Dkt. 273 at 2. But this Court has ***already considered and rejected that argument*** and issue preclusion prevents Netlist from relitigating it now. *EDTX1*, 3/28/23 Hearing Tr. at 28, 56-58; *EDTX1*, Dkt. 432 at 2. "Issue preclusion . . . is appropriate when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005). In *EDTX1*: (1) Netlist argued that the JDLA's license (§ 8) is limited to joint development products—despite Netlist's many admissions that it was ***not*** so limited, *EDTX1*, Dkt. 237 at 4-5, 13-15; Dkt. 237-3 at 5; (2) the parties fully litigated that issue with extensive briefing, *EDTX1*, Dkt. 227, 237, 275, 289, 323, 328, 360; and (3) the Court rejected Netlist's argument and entered judgment that the license is not limited to joint developed products, *EDTX1*, Dkt. 432 at 2. Netlist thus cannot relitigate the scope of the JDLA's license.

7

simultaneous motions for summary judgment, which Netlist's motion disrupts by requiring Samsung to respond here five days earlier than its opening brief is due in C.D. Cal., with the briefing here completed five days sooner than in C.D. Cal. In addition, the C.D. Cal. court rejected Netlist's request to re-open the record in the C.D. Cal. Case to introduce evidence obtained in this case (and that is under the Protective Order here). Dkt. 259-3 ("[T]he Court largely adopts Samsung's proposal to rebrief [sic] the remaining issues in the summary judgment proceedings based only on the existing record."). Yet, in circumvention of the C.D. Cal. court's order, Netlist cites such evidence, despite its irrelevance, in its motion in this case. *See, e.g.*, Dkts. 273-18, 273-33.

Samsung respectfully requests that the Court extend the deadline for responding to Netlist's motion until 14-days after this Court rules on Samsung's motion to strike. If the Court grants that motion, the parties and the Court would avoid wasteful, duplicative work briefing and deciding the breach and termination issues set to be resolved soon in the C.D. Cal. Case.

### B. In the Alternative, the Court Should Extend the Deadline for Samsung's Response by Fourteen Days

At a minimum, Samsung asks this Court to extend the deadline for Samsung's response to Netlist's motion by fourteen days. The demands of this case between now and January 3, 2024 (when Samsung's response is due) are substantial. Rebuttal expert reports due are on December 21, 2023, and at least seven experts' depositions have to occur before January 9, 2024, when expert discovery closes.[2] Netlist itself recently requested (and received) Samsung's approval to delay the deadline for rebuttal expert reports by three days, resulting in the parties'

---

[2] Netlist served opening expert reports by William Mangione-Smith (technical), David Kennedy (damages), and Andreas Groehn (regression). Samsung served opening expert reports by Joseph McAlexander (technical) and John Halbert (standards) and will respond to Netlist's damages and regression reports.

8

filing a joint motion, Dkt. 272—demonstrating that there is significant work happening in this case at the moment. Netlist pointedly did not inform Samsung that it needed additional time because it had diverted resources to prepare and file its summary judgment motion.

Importantly, there is no emergency warranting the briefing on Netlist's motion to be completed by January 3, 2024, especially given the winter holidays. In fact, as explained, it appears that Netlist timed its motion in order to try to leap frog in front of the briefing schedule set in the C.D. Cal. Case. A modest 14-day extension of Samsung's deadlines would cause Netlist no prejudice and still would have Netlist's motion here fully briefed before the summary judgment hearing in C.D. Cal.

Finally, the attorney who signed Netlist's motion, Michael D. Harbour, only recently made an appearance in this case, on November 21, 2023. Dkt. 229. Mr. Harbour, however, has been involved in the C.D. Cal. Case. Ex. 2. Given the intentional overlap of the issues in Netlist's motion and those set to be decided in the C.D. Cal. summary judgment proceeding, Samsung's counsel handling the C.D. Cal. case made an appearance in this case on December 15, 2023. The modest 14-day extension would afford Samsung's C.D. Cal. counsel the necessary time to review Netlist's motion, and participate in preparing a comprehensive response.

## IV. CONCLUSION

Accordingly, Samsung respectfully seeks an order extending the period to respond to Netlist, Inc.'s Motion for Summary Judgment on Samsung's License Defense (Dkt. 273) until fourteen (14) days after the Court rules on Samsung's motion to strike Netlist's motion (being filed concurrently herewith). Alternatively, Samsung moves for a 14-day extension of time from the current due date (January 3, 2024) to make Samsung's response due on January 17, 2024.

Date: December 18, 2023                    Respectfully submitted,

                                           */s/ Michael J. McKeon*

Melissa Richards Smith                     Ruffin B. Cordell
melissa@gillamsmith.com                    TX Bar No. 04820550
GILLAM & SMITH, LLP                        cordell@fr.com
303 South Washington Ave.                  Michael J. McKeon
Marshall, Texas 75670                      D.C. Bar No. 459780
Telephone: (903) 934-8450                  mckeon@fr.com
Facsimile:  (903) 934-9257                 Lauren A. Degnan
                                           D.C. Bar No. 452421
                                           degnan@fr.com
J. Travis Underwood                        Daniel A. Tishman
Texas Bar No. 24102587                     DC Bar No. 1013923
travis@gillamsmithlaw.com                  tishman@fr.com
GILLAM & SMITH, LLP                        FISH & RICHARDSON P.C.
102 North College Avenue, Suite 800        1000 Maine Avenue, SW
Tyler, Texas 75702                         Washington, DC 20024
Telephone: (903) 934-8450                  Telephone: (202) 783-5070
Facsimile:  (903) 934-9257                 Facsimile:  (202) 783-2331

Brian R. Nester
DC Bar No. 460225                          Francis J. Albert
bnester@cov.com                            CA Bar No. 247741
COVINGTON & BURLING LLP                    albert@fr.com
One CityCenter 850 Tenth Street, N         FISH & RICHARDSON P.C.
Washington, DC 20001-4956                  12860 El Camino Real, Ste. 400
Telephone: (202)-662-6000                  San Diego, CA  92130
                                           Telephone: (858) 678-5070
Alice J. Ahn                               Facsimile:  (858) 678-5099
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com                               Thomas H. Reger II
COVINGTON & BURLING LLP                    reger@fr.com
415 Mission Street, Suite 5400             Texas Bar No. 24032992
San Francisco, CA 94105                    FISH & RICHARDSON P.C.
Telephone:  (415) 591-7091                 1717 Main Street, Suite 5000
Facsimile:   (415) 955-6571                Dallas, Texas 75201
                                           Telephone: (214) 747-5070
                                           Facsimile:  (214) 747-2091


*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on December 18, 2023. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Michael J. McKeon*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred on December 18, 2023, with Jennifer Truelove attending for Plaintiff and Melissa Smith attending for Defendants. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that it opposes this motion.

*/s/ Michael J. McKeon*

11