UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>            Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>            Defendants. | Civil Case No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>            Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>            Defendants. | Civil Case No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S RENEWED MOTION TO STAY PENDING IPR
OR IN THE ALTERNATIVE TO SET A NEW TRIAL DATE**

## **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................................. 1

III. LEGAL STANDARD ............................................................................................................ 3

IV. ARGUMENT ......................................................................................................................... 3

    A. The Court Should Stay This Case ............................................................................ 4

        1. Staying This Case Pending the IPR Decisions Would Greatly Simplify the Issues Before the Court ............................................. 4

        2. Staying This Case Pending the IPR Decisions Would Not Unduly Prejudice Netlist ............................................................................. 7

        3. The Stage of the Case Favors a Stay Pending the IPR Decisions ................................................................................................... 8

    B. If the Court Does Not Stay the Case, It Should Set a New Trial Date To Avoid Colliding with the PTAB's Decisions Regarding Patentability ........................................................................................................... 10

V. CONCLUSION .................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arbor Global Strategies LLC v. Samsung Elecs. Co.*,
   No. 2:19-CV-00333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021).........................1, 10

*Commc'n Techs., Inc. v. Samsung Elecs. Am.*,
   No. 2:21-CV-00444-JRG, 2023 WL 1478447 (E.D. Tex. Feb. 2, 2023) .................................8

*Customedia Techs. LLC v. DISH Network Corp.*,
   No. 2:16-CV-129-JRG, 2017 WL 3836123 (E.D. Tex. Aug. 9, 2017).....................................3

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
   No. 2:15-CV-00011-RSP, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016)............................3, 9

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
   No. 2:16-cv-505-JRG, 2017 WL 7051628 (E.D. Tex. Oct. 25, 2017) .....................................9

*NFC Tech. LLC v. HTC Am. Inc.*,
   No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)....................... *passim*

*SEVEN Networks, LLC v. Apple Inc.*,
   No. 2:19-CV-00115-JRG, Dkt. 313 (E.D. Tex. Sept. 22, 2020)..............................................10

*Stingray Music USA, Inc. v. Music Choice*,
   No. 2:16-cv-586-JRG-RSP, 2017 WL 9885167 (E.D. Tex. Dec. 12, 2017) ............................9

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
   No. 2:16-CV-642-JRG, 2017 WL 9885168 (E.D. Tex. June 13, 2017) ...................................7

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014)................................................................................................7

**Statutes**

35 U.S.C. § 314(a) ............................................................................................................4

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | Netlist Infringement Contentions (served Feb. 7, 2023, excerpt) |
| 2 | IPR2022-00615, Paper 63 (Order Modifying Procedural Schedule, '912 patent) |
| 3 | IPR2023-00454, Paper 11 (Institution Decision, '417 patent) |
| 4 | IPR2023-00455, Paper 11 (Institution Decision, '215 patent) |
| 5 | IPR2023-00847, Paper 13 (Institution Decision, '608 patent) |
| 6 | Docket entries, IPR2022-00615 ('912 patent), last accessed Dec. 14, 2023 |
| 7 | Docket entries, IPR2023-00454 ('417 patent), last accessed Dec. 14, 2023 |
| 8 | Docket entries, IPR2023-00455 ('215 patent), last accessed Dec. 14, 2023 |
| 9 | Docket entries, IPR2023-00847 ('608 patent), last accessed Dec. 14, 2023 |
| 10 | Email from J. Sheasby to D. Tishman (Nov. 21, 2023) |
| 11 | IPR2022-00711, Paper 42 (Final Written Decision, *EDTX1* '506 patent) |
| 12 | IPR2022-00639, Paper 45 (Final Written Decision, *EDTX1* '339 patent) |
| 13 | IPR2022-00615, Paper 20 (Institution Decision, '912 patent) |
| 14 | Excerpts from Expert Report of David Kennedy |

## TABLE OF ABBREVIATIONS

| | Description |
|---|---|
| '912 patent | U.S. Patent No. 7,619,912 |
| '417 patent | U.S. Patent No. 11,093,417 |
| '215 patent | U.S. Patent No. 9,858,215 |
| '608 patent | U.S. Patent No. 10,268,608 |
| C.D. Cal. | U.S. District Court for the Central District of California |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| IPR | Inter Partes Review |
| JDLA | Joint Development and License Agreement (*see* Dkts. 187, 193, & 225) |
| PTAB | Patent Trial & Appeal Board |

I.  **INTRODUCTION**

The Court should stay this case pending IPR—*the PTAB has instituted IPR as to every asserted claim*, and Samsung has a strong likelihood of invalidating every asserted claim. In fact, the PTAB is due to issue a final written decision on the '912 patent—for which Netlist is seeking ▇▇▇▇▇ in damages (roughly 90% of its demand in this case)—on April 19, 2024, the same week as the trial here. Because IPRs have instituted on all asserted claims, the IPRs will narrow the scope of the case, and likely eliminate it. Netlist faces no prejudice by a stay because it has a history of licensing its patents, including to Samsung, and would be able to proceed here with its claim for monetary damages in the unlikely event that any of the asserted claims survive IPR (and in the unlikely event that the C.D. Cal. court finds that Netlist properly terminated the JDLA). Trial set for next year is still many months away and much work still needs to be done in this case (as of the filing of this motion, expert discovery is not yet complete). The reasoned precedent of this Court supports a stay. *See, e.g.*, *Arbor Global Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-CV-00333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021) (staying for IPR when expert discovery underway and trial in three months).

Alternatively, to the extent that the Court denies Samsung's motion to stay, the Court should reschedule the trial to avoid the inefficiencies of holding a trial during the same week that the PTAB's final written decision is due on the '912 patent. Samsung respectfully submits that good cause exists for granting its requested relief.

II.  **FACTUAL BACKGROUND**

*Samsung has been diligent. It filed its IPR petitions for all of the asserted patents shortly after Netlist asserted them.* *See* Exs. 6-9. For the '912 patent, Samsung filed its IPR on February 17, 2022, months *before* Netlist filed suit in this case on August 1, 2022. *Compare* Ex. 6, *with* Dkt. 1. For the two patents Netlist added to this case on August 15, 2022 (the '417 and

1

'215 patents), Samsung filed its IPRs on January 10, 2023, less than five months later and less than two months after Netlist's infringement contentions identifying which claims it was asserting. *Compare* Ex. 7 *and* Ex. 8, *with* Dkt. 12. For the '608 patent, Samsung filed its IPR petition on April 27, 2023—just over three months after Netlist moved to add the patent to this case in January 2023, *see* Dkt. 62, and four months before the Court granted Netlist leave to assert the '608 patent in August 2023, *see* Dkt. 135.

***Samsung previously moved for an IPR stay in June 2023, and the Court denied the motion with permission to refile following institution.*** Dkt. 180. At that time, the PTAB had not yet instituted IPR on the '608 patent (which was not formally added to this case until August, 2023, Dkt. 135). The Court denied Samsung's stay motion as premature while authorizing Samsung to refile after the PTAB institutes IPR as to the '608 patent:

> Considering these circumstances, the Court concludes that Samsung's Motion is premature in that only three out of the four Asserted Patents has had a decision instituting IPRs. A stay of these proceedings in advance of the PTAB's decision on whether or not to institute *inter partes* review as to all of the Asserted Patents should be denied. Accordingly, the motion is DENIED WITHOUT PREJUDICE to refiling of the same, which shall be permitted within fourteen (14) days following the PTAB's institution decision regarding the last of the patents-in-suit to be acted upon by the PTAB.

Dkt. 180 at 3.

***The PTAB has now instituted IPR of every asserted claim in all of the asserted patents.***[1] The PTAB's final written decisions in those IPRs are expected by the end of next year:

---

[1] The remaining asserted claims are: (1) claim 16 of the '912 patent; (2) claims 1-15 of the '417 patent; and (3) claims 1-5 of the '608 patent. *See* Ex. 1; Dkt. 201. All other claims recited in Netlist's infringement contentions for the '912, '215, and '608 patent have been withdrawn by Netlist. As to the '912 patent, withdrawal is confirmed in Dkt. 201. As to the '215 patent, Netlist served no expert reports addressing any aspect of that patent and has indicated to Samsung that it does not intend to pursue that patent at trial. And Netlist's statutory disclaimer for certain '608 patent claims (i.e., claims 6-12) during IPR negates any infringement contention. Ex. 5 at 2.

2

| Patent | IPR | Claims | Institution Date | Expected Final Decision |
|---|---|---|---|---|
| '912 | IPR2022-00615 | 16 | Oct. 19, 2022 | April 2024 (Ex. 2) |
| '417 | IPR2023-00454 | 1-15 | Aug. 1, 2023 | August 2024 (Ex. 3) |
| '215 | IPR2023-00455 | 1-29 | Aug. 1, 2023 | August 2024 (Ex. 4) |
| '608 | IPR2023-00847 | 1-5 | Dec. 12, 2023 | December 2024 (Ex. 5) |

### III. LEGAL STANDARD

The court is well aware of the governing standards. Briefly, however, a district court "has the inherent power to control its own docket, including the power to stay proceedings before it." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016). A stay pending IPR proceedings is particularly justified where the outcome of the proceedings will likely simplify the case by helping the court determine validity issues or eliminating the need to try infringement issues. *Customedia Techs. LLC v. DISH Network Corp.*, No. 2:16-CV-129-JRG, 2017 WL 3836123, at *1 (E.D. Tex. Aug. 9, 2017) (citing *NFC Tech. LLC v. HTC Am. Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)). When deciding whether to stay a case pending IPR, courts consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech.*, 2015 WL 1069111, at *2. "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

### IV. ARGUMENT

With the PTAB having declared a reasonable likelihood that all asserted claims will be found unpatentable, considerations of fairness and efficiency warrant staying this case pending completion of the IPRs. Such a stay would simplify the issues, would impose no meaningful prejudice (and certainly no undue prejudice) on Netlist, and would be appropriate given the stage

3

of proceedings—with a significant amount of discovery and pre-trial work remaining, and trial set for April 2024. Alternatively, the Court should modify the trial schedule to avoid a collision with the PTAB's final written decision on the '912 patent, which is due the same week that the trial in this case. As noted, the '912 patent accounts for more than 90% of Netlist's damages demand.

### A. The Court Should Stay This Case

#### 1. Staying This Case Pending the IPR Decisions Would Greatly Simplify the Issues Before the Court

Because the PTAB has determined a reasonable likelihood that Samsung will prevail with respect to all of the asserted claims, staying the case will greatly simplify the issues (and potentially resolve the entire case). "[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. The PTAB institutes IPR only upon determining that the challenger's petition demonstrates a "reasonable likelihood that Petitioner would prevail in showing at least one of the [challenged] claims . . . is unpatentable[.]" Ex. 5 at 34; *see also* 35 U.S.C. § 314(a) (establishing institution standard).

The PTAB's finding of a reasonable likelihood that Samsung will demonstrate unpatentability for all asserted patents reflects the seriousness of the validity problems that surround Netlist's claims. Although Samsung stands ready to demonstrate the unpatentability of Netlist's asserted claims before this Court based on prior art systems, the redundancy of trying validity issues in two separate tribunals risks inefficiency. It would also deprive the Court of "the benefit of the [PTO's] full and focused consideration of the effect of prior art on [the] patents being asserted[.]" *NFC Tech.*, 2015 WL 1069111, at *4. Substantial streamlining benefits accrue to district courts that stay proceedings during IPR:

4

> [T]he likelihood of . . . [various] benefits flowing from inter partes review is high. If the proceedings before the PTAB result in confirmation of the patent claims being asserted in court, the defendant will be estopped from challenging the validity of the claims on any ground that was, or could reasonably have been, asserted in the inter partes review proceeding. 35 U.S.C. § 315(e)(2). On the other hand, if the proceedings result in cancelation of some or all of the asserted claims, either some portion of the litigation will fall away, or the litigation will come to an end altogether.

*Id.* Here, all of Netlist's asserted claims are undergoing IPR. There is every likelihood that ***all*** of them will be declared unpatentable, thereby mooting this case, particularly given the grounds Samsung's petitions advance and the PTAB's previous decisions on similar Netlist patents.[2]

***'608 patent:*** For the '608 patent, the PTAB has recently invalidated a closely related patent with similar claims. In October, the PTAB determined that every claim of U.S. Patent No. 10,860,506—one of the *EDTX1* asserted patents—is unpatentable for obviousness. *See* Ex. 11. That has immediate implications for this case. Netlist itself has pointed out that the *EDTX1* '506 patent is a continuation of the asserted '608 patent, Dkt. 238 at 1, that the two patents share a specification, *id.* at 2, and that the same "[alleged] invention story" applies to both, *id.* Netlist has urged that both patents "stem[ ] from the same . . . invention disclosure," *id.* at 3, and it opposed Samsung's motion for a deposition of a named inventor for the '608 patent on the basis that Samsung had already taken testimony from that individual relating to the *EDTX1* '506 patent, *id.* at 3-4. That the PTAB has now declared the *EDTX1* '506 patent claims unpatentable as obvious bodes poorly for the asserted '608 patent claims.

***'417 patent:*** For the '417 IPR petition, Samsung asserts ***three*** independent grounds for unpatentability, any one of which would result in cancellation of the asserted claims. In its institution decision, the PTAB specifically addressed ground 1, but instituted on all grounds.

---

[2] Indeed, the PTAB has found all the asserted claims of three of the five patents Netlist asserted in *EDTX1* unpatentable in IPR final written decisions that issued after the final judgment in that case. *See EDTX1*, Dkt. 590 (Samsung's Not. Supp. Auth., filed Dec. 11, 2023).

Ex. 3. The PTAB held that it was sufficiently persuaded by Samsung's arguments that the cited references in ground 1 render the claims invalid. *See id.* at 13-37 ("[W]e are persuaded, on this record, that Petitioner shows a reasonable likelihood of prevailing in demonstrating that claim 1 is unpatentable as obvious over the combined teachings of Perego and JESD79-2."), (same as to claims 2-15). Aside from the combination in ground 1, Samsung also set forth prior art combinations involving references that the PTAB has already considered in invalidating other Netlist patents. In particular, the PTAB has declared all thirty-five claims of U.S. Patent No. 10,949,339 (another *EDTX1* patent) unpatentable as obvious over the references also asserted in Samsung's '417 IPR petition. Ex. 12. The *EDTX1* '339 patent closely resembles the asserted '417 patent, both in its overlapping inventorship and its claims relating to data buffering in memory products, such that the PTAB's analysis on the '339 patent is particularly informative of the likely fate of the '417 patent.

**'912 patent:** For the '912 patent, Samsung asserts three independent grounds for unpatentability. The PTAB addressed all three grounds and found Samsung was reasonably likely to prevail on all three grounds. Ex. 13 at 30-48 ("We determine that Petitioner has presented a reasonable likelihood that claim 16 of the '912 patent is unpatentable as obvious over Perego-422."), 48-50 (same as to ground 2); 50-58 (same as to ground 3). Netlist's primary argument for patentability relies on construing "rank" to require multiple memory devices—a construction the Board has repeatedly rejected in institution decisions concerning Netlist's patents, including this one. *Id.* at 41 ("Patent Owner contends that limitation [16.b.i] of claim 16 requires multiple-device ranks."), 42 ("[W]e preliminarily determine that 'rank' refers to 'one or more memory devices.' Thus, on this record, we disagree with Patent Owner's attempted distinction over the art."). Indeed, Netlist unsuccessfully advocated for this construction here.

6

*See* Dkt. 228 at 14 ("[T]he Court concludes a 'rank' can include a single memory device.").

*'215 patent:* Finally, Netlist served no expert reports addressing any aspect of the '215 patent and indicated that it does not intend to pursue this patent at trial here. *See* Ex. 11.

In any event, "even if the PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome of the IPR proceedings will streamline the scope of the case to an appreciable extent." *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:16-CV-642-JRG, 2017 WL 9885168, at *1 (E.D. Tex. June 13, 2017). Such streamlining could come in the form of IPR estoppel, or by giving the Court and the parties the benefit of the PTAB's thinking on matters of claim interpretation and the intrinsic record. Thus, the record regarding likely simplification of issues weighs strongly in favor of the requested stay.

### 2. Staying This Case Pending the IPR Decisions Would Not Unduly Prejudice Netlist

To the extent that the modest delay associated with a stay might burden Netlist, nothing about that burden would impose "undue prejudice." The law is clear that where, as here, a plaintiff principally seeks legal (*i.e.*, monetary) relief, the burden of delay can be readily recompensed via monetary damages and so presents no "undue prejudice." *E.g.*, *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). In fact, Netlist has a history of licensing, including to both Samsung and SK Hynix. *See, e.g.*, Dkt. 187-2 (JDLA); Dkt. 156-2 (SK hynix license). Further, neither any of Netlist's claims nor its prayer for relief seeks an injunction. *See* Dkt. 100. Nor did Netlist move for a preliminary injunction, which (under *VirtualAgility*) is relevant to evaluating the possibility of undue prejudice.[3] 759 F.3d at 1319.

---

[3] When responding to Samsung's earlier motion for an IPR stay, Netlist proposed that its Complaint's generic request for "all equitable relief the Court deems just and proper" (*see* Dkt. 100 at 65) might be sufficient to establish that an IPR stay would result in undue prejudice. *See* Dkt. 91 at 5. Such a catch-all does not qualify as a request for an injunction. Netlist proffered

7

"While a delay in enforcement of patent rights is certainly an interest entitled to weight, 'that factor is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion.'" *Commc'n Techs., Inc. v. Samsung Elecs. Am.*, No. 2:21-CV-00444-JRG, 2023 WL 1478447, at *2 (E.D. Tex. Feb. 2, 2023) (quoting *NFC Techs.*, 2015 WL 1069111, at *2). Here, there is no evidence of any undue prejudice to Netlist.

### 3. The Stage of the Case Favors a Stay Pending the IPR Decisions

The stage of the case likewise favors a stay pending IPR. This factor considers "whether the defendant acted with reasonable dispatch in filing its petitions for *inter partes* review and then, after the petitions were granted, in filing its motion for a stay." *NFC Techs.*, 2015 WL 1069111, at *3; *see also Commc'n Techs.*, 2023 WL 1478447, at *3 (quoting same).

*First*, there can be little doubt as to Samsung's diligence. As discussed above, for the '912 patent, Samsung filed its IPR petition long before Netlist's complaint. *Compare* Ex. 6, *with* Dkt. 1. For the '417 and '215 patents, Samsung filed its petitions within five months of Netlist's amending the Complaint to add those patents. *Compare* Exs. 7, 8, *with* Dkt. 12. And Samsung filed its IPR petition on the '608 patent months before the Court even allowed that patent to be added to the case, and just over three months after Netlist's request to amend its Complaint. *Compare* Ex. 9, *with* Dkt. 100 *and* Dkt. 62. Further, the Court expressly permitted Samsung to revisit the proposed stay upon PTAB action on the '608 patent. *See* Dkt. 180 at 3.

*Second*, if this case proceeds on its current schedule then the projected trial date (April 15, 2024, *see* Dkt. 205) would collide with the projected date of the PTAB's patentability decision for the '912 patent, *see* Ex. 2 at 3, for which Netlist is seeking damages in excess of

---

similar statements about future equitable remedies when opposing an IPR stay in *EDTX1*. *E.g.*, *EDTX1*, Dkt. 85 (Netlist Opp. to Mot. Stay, filed Sept. 21, 2022) at 9-10. But Netlist never actually moved for an injunction in that case.

████████ (more than 90% of Netlist's total damages demand). *See* Ex. 14 at Exhibit 7. The PTAB is required to issue a final written decision on patentability of the '912 patent by April 19, 2024, the last day of trial in this case. A decision not to stay the case would thus present the prospect of empaneling a jury and beginning argument while knowing that the PTAB may well declare claims unpatentable during the trial itself—claims that account for the vast majority of Netlist's damages demand.

***Third***, substantial work remains to be done. The parties are in the midst of expert discovery, and the dispositive and *Daubert* motion and pretrial stages will follow, both requiring substantial resources and work. Further, the Court recently referred sixteen discovery motion to a special master for resolution. Dkt. 269. Samsung respectfully submits that with this significant work to be done, the efficiencies provided by a stay and the risk of redundancy and waste absent a stay strongly weigh in favor of staying the case.

Courts in this district have stayed cases pending IPRs that are in a similar procedural posture. For example, in *Stingray Music*, the Court acknowledged that the case was "past its early stages" but noted that a stay would still "obviate the need to prepare for trial concerning some or all of the patents' claims, thus reducing the burden of litigation on the parties and the Court." *Stingray Music USA, Inc. v. Music Choice*, No. 2:16-cv-586-JRG-RSP, 2017 WL 9885167, *2 (E.D. Tex. Dec. 12, 2017). Courts have also stayed cases pending IPRs only weeks before the scheduled date to begin jury selection. *See, e.g., Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:16-cv-505-JRG, 2017 WL 7051628, *1-2 (E.D. Tex. Oct. 25, 2017) (granting stay pending IPRs after the pre-trial conference and just two weeks before jury selection, *see* 2:16-cv-505-JRG, Dkt. 269); *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2016 WL 1162162, at *4 (E.D. Tex. Mar. 23, 2016) (granting stay

9

pending IPRs less than three weeks before jury selection, *see* 2:15-CV-00011-RSP, Dkt. 60); *SEVEN Networks, LLC v. Apple Inc.*, Civ. No. 2:19-CV-00115-JRG, Dkt. 313 (E.D. Tex. Sept. 22, 2020) (granting a stay as to instituted claims for 9 asserted patents pending resolution of *inter partes* review proceedings, where "the pretrial conference is less than a month away and jury selection is less than six weeks away").

And where, as here, expert discovery and dispositive motions have yet to conclude, courts have not hesitated to stay pending IPR, particularly in view of the movant's diligence in seeking IPR. *See Arbor*, 2021 WL 66531 (staying for IPR with trial three months away). Such holdings are consistent with the interests of judicial economy: "denying a stay because of the progress of the case to this point would impose significant expenses on the parties that might be avoided if the stay results in simplification (or obviation) of further court proceedings." *NFC Tech.*, 2015 WL 1069111, at *3.

\*    \*    \*

Samsung respectfully submits that there is good cause to stay the case until after the PTAB's decisions in the four now-instituted IPRs. Doing so would streamline the case, would not unduly prejudice Netlist, and would be appropriate at this stage.

### B. If the Court Does Not Stay the Case, It Should Set a New Trial Date To Avoid Colliding with the PTAB's Decisions Regarding Patentability

The PTAB's decision on patentability for the '912 patent—for which Netlist seeks (erroneously we submit) over ▉▉▉▉▉ in damages—is expected no later than April 19, 2024. Ex. 2 at 3. Unless the Court modifies the schedule, it is a virtual certainty that that date will be in the middle of trial for this case. *See* Dkt. 205 (setting jury selection for April 15, 2024). If the PTAB decides on April 19th that the sole asserted claim of the '912 patent is unpatentable as obvious—which it likely will, as discussed above—that decision would massively complicate

10

trial mid-stream. Even if claim 16 were held not unpatentable, developments in the IPR may impact issues such as claim scope or damages that would threaten the finality of an April trial.

Samsung respectfully submits that there is little to be gained by Netlist or the interest of justice by such a schedule, and much to be lost in the form of avoidable expense and confusion. Although the best and most efficient course would be for the Court to stay the present case pending all four of the now-instituted IPRs, if the Court determines that a stay is not appropriate, then Samsung respectfully requests that trial be rescheduled to avoid colliding with the PTAB's patentability decision for the '912 patent in mid-April. A trial in September, with a pretrial conference set for August, would allow the parties to make any necessary adjustments to expert disclosures in light of the PTAB decision. It would further allow the parties to streamline and submit pretrial motions and filings in light of that decision.

## V.   CONCLUSION

Samsung respectfully moves that the Court stay this case pending the PTAB's patentability decisions in each of the instituted IPRs or, if the Court does not enter a stay, that trial be rescheduled to avoid colliding with the PTAB's expected patentability decisions.

Date: December 18, 2023

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com

Respectfully submitted,

*/s/ Michael J. McKeon*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com

11

| | |
|---|---|
| GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile:  (903) 934-9257 | FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331 |
| Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000 | Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099 |
| Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:   (415) 955-6571 | Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on December 18, 2023. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Michael J. McKeon*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred on December 18, 2023, with Jennifer Truelove attending for Plaintiff and Melissa Smith attending for Defendants. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that it opposes this motion.

*/s/ Michael J. McKeon*