IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 2:22-CV-00293-JRG | |
| § | (Lead Case) | |
| SAMSUNG ELECTRONICS CO, LTD, *et al.* § | | |
| § | | |
| Defendants. § | | |

| | | |
|---|---|---|
| NETLIST, INC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 2:22-CV-00294-JRG | |
| § | | |
| MICRON TECHNOLOGY, INC., *et al.* § | | |
| § | | |
| Defendants. § | | |

## ORDER

Before the Court is Samsung's Motion to Strike Netlist's Motion for Summary Judgment on Samsung's License Defense (the "Motion to Strike") and Samsung's Motion for an Extension of Time to Respond to Netlist's Motion for Summary Judgment (the "Motion for Extension"). (Dkt. Nos. 283 and 284.) The Court finds that both should be, and hereby are, **DENIED**.

On December 12, 2023, Netlist filed its Motion for Summary Judgment on Samsung's License Defense (the "Summary Judgment Motion"). (Dkt. No. 273). In the Summary Judgment Motion, Netlist alleges that Samsung is judicially estopped from asserting its license defense based on arguments Samsung made to the Ninth Circuit, and Netlist alleges that there is no

genuine dispute that Netlist properly terminated the Joint Development and License Agreement (the "JDLA"). (*Id.*) Samsung's Response is currently due January 3, 2024. However, on December 18, 2023, Samsung filed the present Motion to Strike and the Motion for Extension. (Dkt. Nos. 283 and 284.)

In Samsung's Motion to Strike, Samsung argues that Netlist "improperly invites the Court to take up . . . issues . . . within the clear jurisdiction of the [Central District of California]," and that Netlist "improperly asks this Court to decide an issue already finally decided adverse to Netlist." (Dkt. No. 283.) Samsung argues that an order striking the Summary Judgment Motion is proper because "the Court has the inherent power to control its docket and that power includes the ability to remove matters from the record that are improperly filed." (*Id.*) (citing *Lander v. JPMorgan Chase Bank NA*, No. 4:21-CV-00353-ALM-CAN, 2022 WL 21778360, at *2 (E.D. Tex. Feb. 23, 2022) (internal quotations omitted)). However, Samsung does not move to strike due to any procedural defect in filing. *See e.g., Lander* 2022 WL 21778360 at *1. Indeed, the Court finds that Samsung's arguments go to the merits of the Summary Judgment Motion. Specifically, Samsung argues that Netlist is judicially estopped from making its arguments against the licensing defense and it argues that Netlist's arguments conflict with this Court's prior rulings. (Dkt. No. 283.) Thus, the Court finds that Samsung's "Motion to Strike" a de facto response to Netlist's Summary Judgment Motion. (*See* Dkt. No. 283 at 7-8.)

According to the Court's local rules, a response to a dispositive motion is limited to thirty (30) pages. L.R. CV-7(a)(1). Samsung uses twelve (12) of the allowed thirty (30) pages in its Motion to Strike—which effectively responds to the substance of Netlist's motion as explained above. Given that Samsung filed its motion as a Motion to Strike, the Court finds that Samsung

should be allowed only a limited further response. Accordingly, Samsung may still file a response on January 3, 2024, but such response shall be limited to eight (8) pages.[1]

In its Motion to Strike, Samsung requests that its deadline to respond to Netlist's Summary Judgment Motion be extended until after the conclusion of the proceedings in the Central District of California. (Dkt. No. 283.) In its Motion for Extension, Samsung requests that its response be due at least fourteen (14) days after the Court rules on the Motion to Strike, or in the alternative, by fourteen (14) days from the original deadline. (Dkt. No. 284.) Samsung argues that such extensions are warranted because Netlist's Summary Judgment Motion is an attempt to circumvent the Central District of California's briefing schedule by making Samsung substantively respond to issues concerning the JDLA prior to when Samsung's opening brief is due in the Central District of California. (Dkt. No. 284.)

Neither extension is warranted. The Court finds no compelling evidence that Netlist filed its Summary Judgment Motion for an improper reason such as circumventing the Central District of California's briefing schedule. Further, an extension is not warranted simply because Samsung moved to strike the Summary Judgment Motion. Samsung's response is due January 3, 2024.[2] (Dkt. No. 298 at 10.)

For the reasons stated herein, the Court **DENIES** Samsung's Motion to Strike (Dkt. No. 283) and Samsung's Motion for Extension (Dkt. No. 284). Accordingly, it is **ORDERED** that Samsung's response is due January 3, 2024, and it shall not exceed eight (8) pages.

---

[1] Although the Court denies the Motion to Strike in its current procedural posture, the Court will still weigh the substantive arguments when considering whether or not to grant Netlist's Summary Judgment Motion. Thus, in filing its response, Samsung need not repeat arguments already made in its Motion to Strike for them to be considered by the Court. Further, by filing a motion to strike which is in essence a Response, Samsung postures itself to effectively have two bites at the responsive apple. This is a practice to be discouraged; accordingly, the remainder of Samsung's response will be limited to only eight (8) pages when eighteen (18) more pages might otherwise have been permitted.

[2] The Court notes that Netlist does not oppose a brief extension of the deadline due to the overlap between the briefing schedule and the holidays. (Dkt. No. 298.) However, according to Samsung, "[t]he Court should reject Netlist's attempt to force Samsung to file a summary judgment opposition here on January 5, 2024." (Dkt. No. 2.)

**So ORDERED and SIGNED this 2nd day of January, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE