# Exhibit 24
Filed Under Seal

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE MARK C. SCARSI

UNITED STATES DISTRICT JUDGE PRESIDING

- - -

Netlist, Inc.,            )
        PLAINTIFF,    )
                      )
VS.                       )   NO. CV 20-993 MCS
                      )
Samsung Electronics Co., Ltd., )
        DEFENDANT,    )
_____)


REPORTER'S TRANSCRIPT OF PROCEEDINGS

LOS ANGELES, CALIFORNIA

MONDAY, SEPTEMBER 20, 2021


_____

KATIE E. THIBODEAUX, CSR 9858
U.S. Official Court Reporter
Suite 4311
350 West 1st Street
Los Angeles, CA  90012

```
 1   in 6.1 but not mentioned in 6.2 direct the Court to
 2   construe 6.2 as not limited to the NVDIMM project?
 3           MR. RHOW:  Again, in the context of joint
 4   development, joint development being Samsung, joint
 5   development being Netlist, there is two pieces that have
 6   to match together to make an NVDIMM-P module work.
 7              So Samsung is providing its components and
 8   that is what Section 6 is entitled supply of components.
 9   Components for what?  Components for the NVDIMM-P
10   product.  And Samsung is providing one aspect, one part
11   of those components and Netlist is providing the other
12   component part.  And that is undisputed that those two
13   needed to supply different aspects to make the joint
14   development work.
15              So when I looked at that second "whereas"
16   provision and I look at the headings, I can't -- like I
17   said, your Honor, I believe it is unambiguous that
18   Section 6.2 has to be limited to a joint development.
19   And here is where, your Honor, I just briefly want to
20   touch on the extrinsic evidence.  I know you are in the
21   four corners, but it is also consistent with the
22   negotiations leading up to the JDLA because if 6.2 is
23   construed as Netlist is saying, that would have been the
24   most important part of this contract by far.  It would
25   have outweighed anything else in the contract.
```