IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:22-cv-293-JRG |
| SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., | ) JURY TRIAL DEMANDED (Lead Case) |
| Defendants. | ) |
| NETLIST, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:22-cv-294-JRG |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S SUR-REPLY IN OPPOSITION TO SAMSUNG'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO NETLIST'S MOTION FOR SUMMARY JUDGMENT (DKT. 284)**

11285973.3 07

Samsung is trying to have it both ways. It wants to maintain its license defense while preventing Netlist from exercising its right to seek summary judgment on this issue. Samsung's reply provides no plausible justification for why Samsung should not be required to submit a response to Netlist's summary judgment motion in accordance with this Court's docket control order and the local rules. Dkt. 304 ("Reply"). With the benefit of full briefing, the Court can make a reasoned decision on the disposition of the motion. Samsung's request of an indefinite suspension of briefing should be denied.

## I. THE COURT SHOULD DENY SAMSUNG'S REQUEST TO INDEFINITELY DELAY SUMMARY JUDGMENT BRIEFING

Samsung's reply fails to justify its request to indefinitely delay briefing on Netlist's summary judgment motion pending Samsung's motion to strike.

First, Samsung still has not identified any rule or authority permitting the striking of a timely filed motion for summary judgment. Samsung cites *Lander v. JPMorgan Chase Bank Nat'l Ass'n*, 2022 WL 21778360 (E.D. Tex. Feb. 23, 2022), but in that case, the plaintiff filed an amended complaint without first seeking leave in violation of a scheduling order. *Id.* at *2. In contrast, here, Netlist filed its motion for summary judgment in full compliance with the DCO and this District's local rules. Samsung must comply with those same rules and respond to Netlist's summary judgment motion.

Second, Netlist's motion raises two issues—(1) license scope and (2) Samsung's material breach of the JDLA—only the second of which is currently pending before the Central District of California. Samsung does not dispute this. Instead, it claims that it already prevailed on the license scope issue in *Samsung I*. Reply at 3. In *Samsung I*, this Court decided only that JDLA had been terminated on July 15th, 2020, but it expressly did not decide what products fall within the license. *Samsung I*, Dkt. 426 at 59 ("So you've got a license – Samsung's got a license defense up until July 15th, 2020, and you don't have one after July 15th, 2020. What falls within that license as prescribed by the

other terms of the JDLA is a fact question").[1] Regardless, Samsung's assertion that it will prevail on the merits is clearly not a reason to strike Netlist's summary judgment motion or delay briefing on this motion indefinitely.

Third, Samsung's request to indefinitely stay briefing is highly inefficient. Samsung does not address the fact that Netlist has moved to stay the California Action, and that motion is still pending. The Central District may stay the case, either without ruling on the parties' forthcoming summary judgment motions or even after ruling on them. In contrast, this case is scheduled for trial in less than four months. Requiring Samsung to brief Netlist' summary judgment motion now will ensure that this issue can be timely adjudicated before the significan expense of pre-trial preparations begin.

Samsung claims that forcing "briefing on Netlist's summary judgment motion now would require duplicative and inefficient briefing in two courts (here and C.D. Cal.) at the same time on many of the same JDLA contract issues," Reply at 2-3, but this makes no sense. If the issues are the "same" as Samsung contends, then simply requiring Samsung to also state its position on these issues in this case should require little additional effort on Samsung's part. Requiring Samsung to brief its opposition to Netlist now would also in no way interfere with the Central District proceeding, as Samsung does not dispute that this Court can simply defer ruling on the issues of material breach and termination until it sees how the Central District intends to proceed.

The only plausible explanations for why Samsung desperately wants to suspend briefing on Netlist's summary judgment motion is so that it can (1) continue to take inconsistent positions on contract interpretation and (2) avoid having to address relevant evidence in this case that Samsung is

---

[1] Samsung claims that this ruling only pertained to "foundry products," but fails to cite anything in this Court's orders in *Samsung I* to support this. The question of license scope was ultimately irrelevant in *Samsung I,* because the Court concluded that Netlist could not seek pre-suit damages. Opp. at 4. And because the Court had also concluded that the JDLA had been terminated on July 15th 2020, Samsung could not assert a license defense with respect to post-suit damages. Thus, the jury never had the opportunity to address the scope of the JDLA's license grant in *Samsung I.*

improperly trying to exclude in the California Action. Opp. at 3,7. Samsung protests that its positions have not been inconsistent. It relies on the District of Delaware's order granting Samsung's stay request. Reply at 3 n.2. But in Delaware, Samsung had not yet had to take any positions on contract interpretation. Prior to the stay, discovery was still ongoing, and Samsung's license defense had yet to be adjudicated in any fashion. Thus, unlike here, the District of Delaware was not confronted with a record in which Samsung had consistently taken inconsistent positions.

Regardless, if Samsung believes that its positions have been fully consistent, then it should make that argument in its opposition to Netlist's summary judgment motion instead of trying to circumvent the issue by filing a procedurally improper motion to strike.

## II. THIS COURT SHOULD DENY SAMSUNG'S ALTERNATIVE REQUEST FOR A TWO WEEK EXTENSION

Samsung's alternative request for a fourteen-day extension is excessive and simply designed to delay briefing on Netlist's summary judgment motion until after briefing in the California Action is due. Originally, Samsung claimed that it needed more time for its California counsel to get up to speed. But Samsung does not dispute that its counsel in the California Action made appearances in this case shortly after Netlist filed its summary judgment motion, nor does Samsung dispute that its California counsel is already well familiar with the relevant issues relating to the JDLA.

Samsung now claims that an additional two weeks is necessary based on other approaching deadlines such as expert depositions. Reply at 5. This is specious. Given Samsung's insistence that the summary judgment motions here and in the California address some of the same issues, it is unclear why Samsung needs more than ***three weeks longer*** than this Court typically allots for summary judgment oppositions simply to brief issues it is already briefing in California anyway. Indeed, Samsung has needlessly required the parties to spend more effort and resources briefing Samsung's motion to strike and request for an extension than it would have taken Samsung to simply respond to Netlist's motion for summary judgment.

| | |
|---|---|
| Dated: December 30, 2023 | Respectfully submitted,<br><br>/s/ *Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>H. Annita Zhong (*pro hac vice*)<br>hzhong@irell.com<br>Andrew J. Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>Michael Harbour (*pro hac vice*)<br>mharbour@irell.com<br><br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Philip Warrick<br>New York Bar No. 4471413<br>pwarrick@irell.com<br><br>**IRELL & MANELLA LLP**<br>750 17th Street NW, Suite 850<br>Washington, DC 20006<br>Tel. (310) 777-6512<br>Fax (310) 317-7252<br>***Attorneys for Plaintiff Netlist, Inc.*** |

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ Jason G. Sheasby
Jason G. Sheasby

## CERTIFICATE OF SERVICE

I hereby certify that, on December 30, 2023, a copy of the foregoing was served by email to all counsel of record for Samsung Defendants.

/s/ Jason G. Sheasby
Jason G. Sheasby