UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS
MOTION FOR AN EXTENSION OF TIME TO RESPOND
TO NETLIST'S MOTION FOR SUMMARY JUDGMENT (DKT. 284)**

## **TABLE OF CONTENTS**

I.  SAMSUNG'S OPPOSITION (IF NECESSARY) SHOULD BE DUE FOURTEEN DAYS AFTER THIS COURT RULES ON SAMSUNG'S MOTION TO STRIKE......... 2

II. IN THE ALTERNATIVE, THE COURT SHOULD EXTEND THE DEADLINE FOR SAMSUNG'S OPPOSITION BY FOURTEEN DAYS ............................................ 4

███████████████████████████████████████

# **TABLE OF AUTHORITIES**

**Cases**

*Lander v. JPMorgan Chase Bank NA*,
  No. 4:21-CV-00353-ALM-CAN, 2022 WL 21778360 (E.D. Tex. Feb. 23, 2022)....................2

*Palmer v. Kirkwood*,
  No. 4:20-CV-688-SDJ-KPJ, 2020 WL 13905123 (E.D. Tex. Dec. 23, 2020) ..........................2

*Premier Research Laboratories, LP v. Nurman*,
  No. CV A-13-CA-069-SS, 2014 WL 12461960 (W.D. Tex. July 14, 2014) ...........................2

*W. Gulf Maritime Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721 (5th Cir. 1985) ..........................4

## TABLE OF EXHIBITS TO OPENING BRIEF

| # | Description |
|---|---|
| 1 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993, Dkt. 186 (C.D. Cal. Oct. 14, 2021) |
| 2 | Entry of appearance of Michael D. Harbour in C.D. Cal. Case |

## TABLE OF EXHIBITS TO REPLY BRIEF

| # | Description |
|---|---|
| 3 | Letter from. M. Yoder to Counsel re Netlist's Motion to Stay C.D. Cal. Case |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| C.D. Cal. | U.S. District Court for the Central District of California |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) |
| D. Del. | U.S. District Court for the District of Delaware |
| D. Del. Case | *Samsung Electronics Co., Ltd. et at. v. Netlist, Inc.*, No. 1:21-cv-1453 |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| JDLA | Joint Development and License Agreement |
| *Mandate* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209, Dkt. 75 (9th Cir. Nov. 8, 2023) |

Netlist advances the illusion that this Court never ruled in *EDTX1* that Samsung was licensed pre-July 2020 and, despite this Court's December 14, 2023 order that this Court will defer to the C.D. Cal. court on the JDLA contract issues currently pending there, continues its misguided mantra that this Court should rule now on those exact same JDLA contract issues here.  *See* Dkt. 278 at 5 ("[T]his Court will not make comment further while that issue is squarely before another court.").  Netlist also advances the illusion that Samsung has somehow taken inconsistent positions about the scope of the patent license here and in the Ninth Circuit—an argument the D. Del. court flatly rejected.  Dkt. 259-1.

Notably, Netlist never offers any legitimate justification why briefing on its summary judgment motion (Dkt. 273) cannot be delayed while the Court addresses the threshold issue of its propriety vis-à-vis Samsung's motion to strike (Dkt. 283).  Samsung should not be required to respond to Netlist's improper motion, which indisputably asks this Court to interfere with the C.D. Cal. court's jurisdiction in violation of Fifth Circuit precedent, as well as the Ninth Circuit's *Mandate* for the C.D. Cal. court to proceed to address the JDLA contract issues, including whether Netlist properly terminated the JDLA in July 2020.  Dkt. 187-1; Dkt. 283-4.

Accordingly, this Court should grant Samsung's motion to extend the deadline for its opposition (if an opposition is ultimately deemed necessary) to Netlist's motion for summary judgment until 14 days after the Court rules on Samsung's motion to strike.  Alternatively, the Court should grant Samsung a 14-day extension, until January 17, 2024, to accommodate the winter holidays, and the enormous amount of work to be done in this case in the coming weeks.  Such an extension also would allow Samsung's breach-of-contract counsel from the C.D. Cal. Case, O'Melveny & Meyers, to come up to speed on the record in this case in connection with responding to Netlist's motion, which is replete with JDLA contract issues.

1

I.  **SAMSUNG'S OPPOSITION (IF NECESSARY) SHOULD BE DUE FOURTEEN DAYS AFTER THIS COURT RULES ON SAMSUNG'S MOTION TO STRIKE**

The Court should reject Netlist's attempt to force Samsung to file a summary judgment opposition here on January 5, 2024, on the issues of interpretation of the JDLA supply provision, alleged breach, and purported termination, all of which are pending before C.D. Cal., where simultaneous summary judgment briefing has already been scheduled for January 8 and 22, 2024, and an oral hearing is set for February 5, 2024.

As set forth in Samsung's motion to strike, Netlist's motion for summary judgment improperly invites the Court to intrude on the C.D. Cal. court's jurisdiction over interpretation of § 6.2 of the JDLA, materiality of any alleged breach, and termination issues.  *See* Dkt. 273.  Given the improper nature of Netlist's motion, this Court has full authority to strike it from the record.  *Contra* Dkt. 298 at 9.[1]  The Court "has the inherent power . . . to remove matters from the record that are improperly filed."  *See Lander v. JPMorgan Chase Bank NA*, No. 4:21-CV-00353-ALM-CAN, 2022 WL 21778360, at *2 (E.D. Tex. Feb. 23, 2022) (quotations omitted).

Simultaneously briefing Samsung's motion to strike and Netlist's motion for summary judgment would defeat the purpose of Samsung's motion here, which provides a more efficient and sensible way for the Court to proceed.  In addition, forcing briefing on Netlist's summary judgment motion now would require duplicative and inefficient briefing in two courts (here and

---

[1] Despite citing *Palmer v. Kirkwood*, No. 4:20-CV-688-SDJ-KPJ, 2020 WL 13905123 (E.D. Tex. Dec. 23, 2020) in recognition that "bad faith" counsels against granting an extension, Netlist does not even allege (much less show) any bad faith by Samsung.  Dkt. 298 at 9.  Samsung filed its motion for an extension of time in good faith, for a clear purpose:  Samsung should not be required to respond to Netlist's improperly-filed motion for summary judgment.  *Palmer*, in which the court granted the defendants' motion to extend in light of "the upcoming holidays" and other reasons, 2020 WL 13905123, at *1, actually ***supports*** Samsung's position.

Further, unlike the plaintiffs in *Premier Research Laboratories, LP v. Nurman*, No. CV A-13-CA-069-SS, 2014 WL 12461960 (W.D. Tex. July 14, 2014), who filed a motion for continuance ***after*** the deadline for their opposition and nearly six months after the defendants' motion, here, Samsung timely moved for an extension of time six days after Netlist's motion.

2

C.D. Cal.) at the same time on many of the same JDLA contract issues.

Netlist's assertion that Samsung should be required to "state its full position on its license defense in this case," Dkt. 298 at 9, focuses on the license scope issues that this Court has already decided in Samsung's favor.[2] Samsung's full position on the scope of § 8 of the JDLA is and has been consistently clear— ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See, e.g.*, Dkts. 187, 203, 262; *see also* Dkt. 273-7 at 3 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

However, as set forth in Samsung's motion to strike, "even were there meritorious disputes to be addressed in any part of [Netlist's motion for summary judgment], they should not be coupled to the facially improper presentation of contract interpretation disputes . . . ." Dkt. 283 at 12. The parties are free to properly raise with the Court disputes outside of the C.D. Cal. court's purview until the deadline for dispositive motions, but the issues related to alleged JDLA breach, termination, and materiality must be decided by the C.D. Cal. court.

Netlist's suggestion that "this Court can simply defer ruling on any issues relating to

---

[2] This Court has already rejected Netlist's argument that the JDLA's license grant is limited to only joint development products and thus does not cover Samsung's accused products, "and issue preclusion prevents Netlist from relitigating it now." Dkt. 284 at 7 n.1. Netlist's effort to avoid the consequences of its earlier loss rests on a mischaracterization of the issues this Court resolved in *EDTX1*. There, the Court rejected Netlist's argument that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See, e.g.*, *EDTX1*, Trial Tr. at 1245:23-1246:10, 1261:1-1267. Had this Court accepted Netlist's flawed interpretation of the JDLA license's scope, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Further, contrary to Netlist's position, there is no contradiction between the positions Samsung has advanced in the C.D. Cal. Case/Ninth Circuit and its positions here, *see* Dkts. 187, 203, 262—as the D. Del. court rightly recognized when staying the D. Del. Case, *see* Dkt. 259-1 ("[T]he Court is unpersuaded that Samsung advanced an inconsistent position before the Ninth Circuit[.]"). Far from arguing to the Ninth Circuit that the patent license was limited, Samsung argued that the JDLA had two distinct goals: (1) to jointly develop the NVDIMM-P product, and (2) to cross-license patents. The Ninth Circuit agreed. At no point has Samsung *ever* argued that the patent licenses were narrow or limited to the Joint Development Project.

breach and termination until February 5, 2024," after the summary judgment hearing in the C.D. Cal. Case, Dkt. 298 at 10,[3] demonstrates the ***lack of any prejudice in Samsung's proposed extension of time***.[4] This Court's recognition that it "reasonably may defer issues of Netlist's alleged termination of the JDLA to the Central District of California and simultaneously proceed on the other issues in this case," Dkt. 278, precludes Netlist's proposal that Samsung be forced to brief those exact issues in this Court—particularly prior to the C.D. Cal. summary judgment hearing and ruling. This Court's explanation that it "will not make comment further [on whether the JDLA is "in full force and effect"] while that issue is squarely before another court" obviates any need at this time to brief the alleged termination issues here. *Id.* (citing *W. Gulf Maritime Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 728-29 (5th Cir. 1985)). It makes no sense to require Samsung to address the same JDLA issues that are before the C.D. Cal. court at this stage—particularly before the C.D. Cal. court's summary judgment hearing (and ruling).

## II.  IN THE ALTERNATIVE, THE COURT SHOULD EXTEND THE DEADLINE FOR SAMSUNG'S OPPOSITION BY FOURTEEN DAYS

Netlist provides no basis to deny Samsung's alternative request for a 14-day extension to January 17, 2024, beyond calling it "excessive." Dkt. 298 at 10-11. Samsung's request is reasonable and fair. Netlist conveniently ignores that Samsung has consistently agreed to

---

[3] This Court should reject Netlist's thinly-veiled request that this Court reconsider its decision not to address the breach and termination issues before C.D. Cal.

[4] Netlist's suggestion that "Judge Scarsi is still considering whether he will even address these issues" is simply not true. *Contra* Dkt. 298 at 9-10. Netlist had urged the C.D. Cal. court to stay the C.D. Cal. Case, and the court there instead instructed Netlist to file a motion to be heard at the same time as the summary judgment hearing on the proper interpretation of the JDLA's supply provision, in view of the extrinsic evidence. Dkt. 259-3. The very premise of Netlist's motion to stay in the C.D. Cal. Case, however, is that this Court—not the C.D. Cal. court—should decide the breach/termination issues (ignoring the Ninth Circuit's mandate for the C.D. Cal. court to immediately decide those issues). Once this Court explained that it "will not make comment further while that issue is squarely before another court," Dkt. 278 at 4-5, Samsung demanded that Netlist withdraw its motion to stay because continuing to litigate it would be a waste of resources and time. *See* Ex. 3. Netlist has refused to do so.

courtesy requests for extension of time, including Netlist's request for a 15-day extension to respond to its summary judgment motion regarding absolute intervening rights. *See* Dkt. 86.

Samsung's requested extension would make Samsung's opposition due sooner than the DCO's deadline for filing oppositions to dispositive motions, precluding any potential prejudice to Netlist. The DCO presumes that oppositions to summary judgment motions can be briefed by January 30, 2024, without any prejudice to the parties or the Court. Netlist has the audacity to levy the unsupported accusation that Samsung is "seeking a delay for strategic purposes," Dkt. 298 at 11, when Netlist is brazenly trying to get around the Ninth Circuit mandate and the C.D. Cal. court's order limiting the C.D. Cal. briefing to "the existing record." Dkt. 259-3 at 1; *see also* Dkt. 298 at 10 (Netlist urging the Court to consider "evidence that is not in the record in the California Action"). The purpose of Samsung's primary requested relief is clear: Samsung should not have to respond to Netlist's improper motion for summary judgment at all, and it would be more efficient to defer briefing (if at all) until after the Court rules on Samsung's motion to strike. The purpose of Samsung's alternative request is simply to allow its counsel the time necessary to respond on this important issue, in the midst of the numerous other case deadlines that are occurring during the holiday season.

Netlist's alternative proposal that Samsung be required to respond by January 5, 2024—two days after the current deadline of January 3, 2024—does not adequately address the issues raised in Samsung's motion. Indeed, **eight experts need to be deposed before the January 9, 2024 cutoff**, and the parties' summary judgment and *Daubert* motions are due on January 16, 2024. Dkt. 205 at 3. Moreover, the Special Master set a hearing for January 5, 2024, to address the numerous pending discovery motions. Dkt. 296. There is much work to be done in the coming weeks, and a courtesy extension is justified and would not prejudice Netlist in any way.

| | |
|---|---|
| Dated: December 28, 2023 | Respectfully submitted, |
| | By: /s/ Michael J. McKeon |
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:    (903) 934-8450<br>Facsimile:    (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:  (415) 955-6571 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on December 28, 2023. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

                                                                /s/ Michael J. McKeon