# Exhibit 3

███████████████████

**O'Melveny**

O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660-6429

T: +1 949 823 6900
F: +1 949 823 6994
omm.com

December 21, 2023

Michael Yoder
D: +1 949 823 7936
myoder@omm.com

**VIA E-MAIL**

A. Matthew Ashley
Irell & Manella
1800 Avenue of the Stars
Los Angeles, CA 90067
mashley@irell.com

Re:     *Netlist Inc. v. Samsung Electronics Co. Ltd – Case No. 8:20-cv-00993*

Dear Mr. Ashley:

I write to request that Netlist immediately withdraw its Motion to Stay Proceedings, filed on November 30, 2023 in the Central District of California action, initially set for hearing January 8, 2024 and currently set for hearing on February 5, 2024 before Judge Scarsi. *See* Dkts. 344, 345, 346. In light of Judge Gilstrap's recent order in the Eastern District of Texas action, which became public today and makes clear that he intends to defer to the Central District of California those issues pending before Judge Scarsi, Netlist's motion lacks any arguable merit.

As you know, Rule 11 authorizes sanctions against an attorney who signs a pleading that is unwarranted by law or contains unsupported factual contentions. Fed. R. Civ. P. 11(b)(1), (2) & (3). Of particular relevance here, Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." 1993 Advisory Committee Notes to Fed. R. Civ. P. 11 (b) and (c). An attorney's obligations with respect to the positions asserted in a motion "are not measured solely as of the time they are filed . . . but include reaffirming to the court and advocating positions contained in those pleadings and motion after learning they cease to have any merit." *Id.*

28 U.S.C. section 1927 similarly authorizes sanctions against any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously," which includes pressing arguments the attorney learns after filing to be meritless. *See King v. Whitmer*, 556 F. Supp. 3d 680, 709 (E.D. Mich. 2021), *aff'd in part, rev'd on other grounds*, 71 F.4th 511 (6th Cir. 2023).

Netlist's motion to stay asked the Court to stay the Central District of California action "until the [patent] Infringement Action is tried" in the Eastern District of Texas, because the Eastern District of Texas Infringement Action is the "only case that can address the parties' entire dispute." Mot. at 2:27-3:2. Netlist argued that the Texas Infringement Action will "likely moot this case," and that "if the Eastern District jury interprets § 6.2 as Netlist does and finds that Samsung's breach of it (which is not in dispute) is material and therefore termination was proper, that finding will be binding on Samsung here." Mot. at 12:16-19.



Judge Gilstrap has now ruled, however, that he will defer to Judge Scarsi and the Central District of California court on the contract issues the Ninth Circuit has directed Judge Scarsi to resolve. Order at 4-5, 22-CV-0293 (E.D. Tex.) (noting that the issue whether the JDLA is in effect is "currently pending before the Central District of California," and that "this Court will not make comment further while that issue is squarely before another court."); *id.* at 5 (acknowledging that the *West Gulf Maritime* district court "erred by affirmatively deciding an issue which was before another court" and distinguishing because "this Court need not affirmatively decide any issue that is before the Central District of California in order to proceed with this case. The Court reasonably may defer issues of Netlist's alleged termination of the JDLA to the Central District of California and simultaneously proceed on the other issues in this case."); *id.* at 6 (noting that whether the California Action will simplify Texas action "depends on whether or not Samsung prevails" in California action).

Accordingly, the fundamental premise of Netlist's request for a stay of the Central District of California proceedings—namely, that Judge Gilstrap or a Texas jury could and should decide the § 6.2 issues pending before Judge Scarsi—is now without merit. Judge Gilstrap has made clear that he will defer to the Central District of California on the issues remanded by the Ninth Circuit and pending before Judge Scarsi.

To continue to advance the positions Netlist put forth in the Motion to Stay Proceedings and force Samsung to continue to litigate the motion in light Judge Gilstrap's order would be a waste of the Court's and Samsung's time and resources.[1]

We expect Netlist to withdraw its motion to stay the Central District of California proceedings. Please let us know by close of business tomorrow if Netlist will agree to do so. If Netlist refuses, we intend to bring this issue to the attention of Judge Scarsi.

Further, if Netlist refuses to withdraw its motion and forces Samsung to oppose it, we understand Samsung's opposition date to be January 8 and Netlist's reply date to be January 22 to coincide with the summary judgment briefing schedule. If you have a different

---

[1] *See, e.g.*, *O'Brien v. Alexander*, 898 F. Supp. 162, 175-76 (S.D.N.Y. 1995) (imposing sanctions on attorney who made false and misleading statements during oral argument about another judge's statements and holdings in other litigation involving the parties); *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 265-266 (7th Cir. 1999) (affirming Rule 11 sanctions on attorney who "took no action, but sat back and improperly waited for the court to rule" on motion after receiving notice from opposing counsel of the frivolousness of his claims); *King v. Whitmer*, 556 F. Supp. 3d at 709 (imposing § 1927 sanctions where plaintiff's counsel "fail[ed] to dismiss the case when their claims became moot" and "pursu[ed] their legal claims even after [being informed by the court] that their legal claims were weak and lacked factual support").



understanding please let us know immediately so we can determine whether a request for clarity from the Court is required.

Sincerely,

/s/ Michael Yoder

Michael Yoder
of O'MELVENY & MYERS LLP

cc:    Michael Harbour
       Jason Sheasby
       Marc Feinstein
       Amy Lucas
       Anton Metlitsky