IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-294-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; | ) | |
| MICRON SEMICONDUCTOR | ) | ███████████ |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF NETLIST, INC.'S OPPOSITION TO MICRON DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S NOVEMBER 19, 2023 SUPPLEMENTAL
RESPONSE TO INTERROGATORY NO. 4 (DKT. 271)**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    BACKGROUND .........................................................................................................1

II.    ARGUMENT ..............................................................................................................2

     A.    Netlist Told Micron That Interrogatory No. 4 Required Expert
        Analysis and Subsequently Provided Contentions Without Prompting
        from Micron. ...................................................................................................2

     B.    Micron Has Not Demonstrated and Cannot Demonstrate Prejudice. .......................4

     C.    Objective Evidence of Non-Obviousness Is Fundamentally
        Important to the Case and Must Be Considered, Despite Micron's
        Own Failure to Address It. ..............................................................................4

     D.    There Is No Prejudice To Cure, and Micron Admits No Continuance
        Is Necessary. ...................................................................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Genband US LLC v. Metaswitch Networks Corp.*,
    No. 2:14-CV-33-JRG-RSP, 2016 WL 122969 (E.D. Tex. Jan. 9, 2016) ............................................3

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
    No. 16-cv-52-JRGRSP, 2017 WL 9988630 (E.D. Tex. Aug. 25, 2017) ............................................3

*iFLY Holdings LLC v. Indoor Skydiving Germany GmbH*,
    No. 2:14-cv-01080JRGRSP, 2016 WL 3854070 (E.D. Tex. Mar. 22, 2016) ....................................4

*Smith v. Chrysler Grp., L.L.C.*,
    909 F.3d 744 (5th Cir. 2018) ................................................................................................................5

*Smith v. Chrysler Grp., LLC*,
    No. 1:15-CV-218, 2017 WL 11630515 (E.D. Tex. June 26, 2017) ....................................................5

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*,
    699 F.3d 1340 (Fed. Cir. 2012) ..........................................................................................................4

**Rules**

Fed. R. Civ. P. 33(a)(2) ...............................................................................................................................3

Micron's Motion should be denied. This District does not require responses to contention interrogatories, yet Netlist provided a detailed Supplemental Response regarding objective evidence (sometimes referred to as "secondary considerations") of non-obviousness prior to the close of fact discovery and prior to expert reports. That is no reason to strike Netlist's Supplemental Response, particularly because Micron subsequently had the opportunity to depose one of Netlist's corporate designees on precisely these topics; Netlist indicated that it did not oppose Micron responding to Netlist's contentions in rebuttal expert reports; and in fact, one of Micron's experts has already so responded. Moreover, Micron failed to provide any analysis of objective evidence of non-obviousness in its own interrogatory responses, confirming that this issue was one for the experts. Micron suffered no prejudice, and exclusion is not warranted here.

## I.    **BACKGROUND**

As acknowledged by Micron (Mtn. at 1-2 & Dkt. 271-3), Netlist promptly and timely provided an initial Response to Micron's Interrogatory No. 4 on March 13, 2023. In that response, Netlist objected to Micron's Interrogatory No. 4 "to the extent it seeks premature expert discovery" and noted that it is Micron—and not Netlist—that bears the burden of proving invalidity by clear and convincing evidence. Dkt. 271-3 at 12-13. Netlist nonetheless indicated that "[c]commercial success, unexpected results, praise, and copying" were relevant to the alleged non-obviousness of each asserted patent and that "[t]he analysis of these factors **will be the subject of expert testimony**." *Id.* (emphasis added).

Micron did not file a motion to compel a more detailed response to Interrogatory No. 4. On November 17, 2023, Micron raised several discovery issues for the first time, including alleged deficiencies related to Netlist's responses to numerous interrogatories, but **not** Interrogatory No. 4. Netlist promptly responded on November 19 by providing several supplemental responses, including an **unrequested** Supplemental Response to Interrogatory No. 4 that included additional details

regarding its contentions as to long-felt but unresolved need in the art, commercial success, industry praise, and copying that were being developed with expert assistance. Dkt. 271-4 at 22-30. Contrary to Micron's characterization, "Netlist's secondary considerations contentions" did **not** "rely entirely on documents and testimony that were produced in prior cases." Mtn. at 4. For example, Netlist relied on the November 13, 2023 deposition testimony of Mr. Jeffrey Solomon from the current case. Dkt. 271-4 at 27 & n.11. In contrast, Micron never provided **any** analysis of so-called secondary considerations in its own interrogatory responses, despite being asked for the complete basis of its affirmative defenses, which include invalidity contentions as to obviousness. Warrick Decl., ¶ 2. The fact that Micron omitted any analysis confirms this issue is appropriately for experts.

After receiving Netlist's Supplemental Response, Micron deposed Netlist's corporate representative Mr. Scott Milton on November 20, whom Netlist designated to testify regarding, among other things, "[a]ll facts concerning any secondary considerations of non-obviousness on which [Netlist] may rely to support the non-obviousness of any Asserted Patent." *Id.*, ¶ 3. Mr. Milton provided detailed information in notes he prepared on this issue, and testified on the issue. *Id.*

Micron did not seek an extension of the November 20 deadline for its opening expert reports, which did not analyze objective evidence of non-obviousness. *See id.*, ¶ 4. And as Micron acknowledges, Netlist does not oppose Micron responding to its contentions on this topic in its rebuttal expert reports. Mtn. at 1 n.1. Indeed, Micron expert Dr. Harold Stone did address Netlist's contentions in eight pages of his December 21 rebuttal report. *See* Warrick Decl., ¶ 5.

## II.    ARGUMENT

### A.    Netlist Told Micron That Interrogatory No. 4 Required Expert Analysis and Subsequently Provided Contentions Without Prompting from Micron.

The Local Rules of this District do not require **validity** contentions by patent owners, nor does this District require contention responses to interrogatories. *See, e.g., Genband US LLC v.*

*Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2016 WL 122969, at *1 (E.D. Tex. Jan. 9, 2016) (citing Fed. R. Civ. P. 33(a)(2) and noting that "[t]he Federal Rules contemplate that contention interrogatories need not necessarily be answered early in a case," and that "[i]n responding to interrogatories, a party is not required to disclose its experts' opinions in advance of the deadline for serving expert reports" (cleaned up)); *Huawei Techs. Co. v. T-Mobile US, Inc.*, 2017 WL 9988630, at *1 (E.D. Tex. Aug. 25, 2017) ("[A] party is not entitled to early disclosure of expert opinions through interrogatory.").

Netlist's initial interrogatory responses objected to Micron's Interrogatory No. 4 on the grounds that it required expert analysis (Dkt. 271-3 at 12-13). Micron never requested that Netlist supplement this response, nor did it move to compel a further response based on this objection. Netlist nonetheless chose to provide a supplemental response providing additional information on this topic prior to the close of fact discovery, and prior to the deposition of Netlist's corporate representative on the topic.

But Netlist was not required to provide its contentions in an interrogatory response, and thus there is no "failure to disclose" here. Micron's own motion recognizes this, as it consistently and repeatedly admits that Netlist's Supplemental Response constitutes allegedly untimely "contentions," *See, e.g.*, Mtn. at 1 (moving to strike Netlist's "untimely secondary consideration ***contentions***"), 2 ("over eight pages of ***contentions***"), 6 (asking the Court to "permit Micron to respond to Netlist's contentions regarding secondary considerations of non-obviousness in its rebuttal expert reports"). And Micron admits that its Interrogatory No. 4 "sought Netlist's ***contentions*** for secondary considerations of non-obviousness." *Id.* at 1. That Netlist voluntarily provided its contentions at any time prior to expert reports does not weigh in favor of exclusion. *See Genband US*, 2016 WL 122969, at *2 (declining to strike supplemental responses, including one on "the day before the close of fact discovery").

**B.    Micron Has Not Demonstrated and Cannot Demonstrate Prejudice.**

Micron has suffered no prejudice through Netlist's disclosure of facts supporting the non-obviousness of its patents during the discovery period. The **only** potential prejudice even alleged by Micron relates to its experts having "less than one business day to analyze" the Supplemental Response. Mtn. at 4. As noted above, Micron had the opportunity to provide a response to Netlist's contentions on these topics in its rebuttal expert reports. *See* Warrick Decl., ¶¶ 2-4. Micron's expert, Dr. Stone did in fact provide a detailed response to those contentions.  Ex. 1 (Stone Rpt.) ¶ 439 (████████████████

████████████████████████████████████████████

████████████████████████████████████████████). Dr. Stone goes on to provide eight pages of detailed opinions on this topic.  *See* Warrick Decl., ¶ 5. Netlist does not oppose the inclusion of these opinions in Dr. Stone's rebuttal report, despite the fact that Micron has the burden to prove invalidity.  Micron thus no longer has any credible claim of prejudice.

**C.    Objective Evidence of Non-Obviousness Is Fundamentally Important to the Case and Must Be Considered, Despite Micron's Own Failure to Address It.**

As noted in the *iFly Holdings* case cited by Micron (Mtn. at 3), "evidence on the secondary considerations of nonobviousness is important to the case because invalidity is one of an accused infringer's main defenses to infringement." *iFLY Holdings LLC v. Indoor Skydiving Germany GmbH*, 2016 WL 3854070, at *1 (E.D. Tex. Mar. 22, 2016). Indeed, "the Federal Circuit has 'repeatedly held' that 'evidence rising out of the so-called "secondary consideration" **must always when presented be considered** en route to a determination of obviousness' because '[i]t may often establish that an invention appearing to have been obvious in light of the prior art was not.'" *Id.* (quoting *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*, 699 F.3d 1340, 1348 (Fed. Cir. 2012) (emphasis added)). This case is unlike *iFly Holdings*, however, where the defendant did "not dispute

that it served its answers to interrogatories . . . **two months after the close of fact discovery**." *Id.* Here, Netlist served timely initial and supplemental responses, including voluntary contention responses, prior to the close of fact discovery.

In contrast, despite Netlist notifying Micron that it would rely on objective evidence of non-obviousness in its initial response (*see* Dkt. 271-3 at 12-13), and despite the Federal Circuit's admonition that such evidence must always be considered, *Transocean*, 699 F.3d at 1348, Micron provided **no** analysis of objective evidence of non-obviousness in its own response to Netlist's interrogatory requesting that Micron provide the complete basis of its affirmative defenses. *See* Warrick Decl., ¶ 2.

Micron's reliance on *Smith v. Chrysler Group* to diminish this factor is misplaced. *See* Mtn. at 5. In that case, the Fifth Circuit affirmed an exclusion order because it agreed with the district court that an expert report was "highly conclusory" and "did not meet the standards for admissibility." *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 749 (5th Cir. 2018). The Fifth Circuit expressly noted that, because the report was inadmissible, it "d[id] not address Chrysler's argument that the report was untimely under Rule 26." *Id.* at 749 n.6. In any event, the excluded supplemental expert report in that case was submitted **over six months** after the deadline, and "entirely reverse[d] [the expert's] opinion" on a key issue." *Smith v. Chrysler Grp., LLC*, 2017 WL 11630515, at *1-2 (E.D. Tex. June 26, 2017). The facts here bear no resemblance to that scenario.

### D. There Is No Prejudice To Cure, and Micron Admits No Continuance Is Necessary.

Micron does not even suggest that it would want a continuance in this case. *See* Mtn. at 5-6 (arguing that "[a] continuance would require the parties and the Court to expend more time and resources in litigating this case"). The only alleged prejudice—the short time period for Micron's experts to analyze and respond to Netlist's contentions—has already been cured. As noted above,

Netlist does not oppose Micron responding to Netlist's contentions regarding objective evidence on non-obviousness in its rebuttal expert reports, and Micron has already done so. *See* Warrick Decl., ¶ 5 (noting Dr. Stone's December 21 report); Mtn. at 6 (asking the Court, in the alternative, to "permit Micron to respond to Netlist's contentions regarding secondary considerations of non-obviousness in its rebuttal expert reports"). Permitting Micron to address objective evidence of non-obviousness in Dr. Stone's rebuttal expert report fully resolves Micron's sole allegation of prejudice.

Both parties' experts have addressed the objective evidence of non-obviousness. There is nothing more to be done.

\*     \*     \*

For the reasons stated above, Micron's Motion to Strike (Dkt. 271) should be denied.

Dated: December 29, 2023                                Respectfully submitted,

*/s/ Jason G. Sheasby*
Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com

**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)

yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Philip Warrick
New York Bar No. 4471413
pwarrick@irell.com

**IRELL & MANELLA LLP**
750 17th Street NW, Suite 850
Washington, DC 20006
Tel. (310) 777-6512
Fax (310) 317-7252

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on December 29, 2023, a copy of the foregoing was served to Micron defendants' counsel of record via Email.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case

*/s/ Yanan Zhao*
Yanan Zhao