IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § § § | |
| *Plaintiff*, | § § | CIV. A. NO. 2:22-CV-00293-JRG |
| v. | § § | (Lead Case) |
| SAMSUNG ELECTRONICS CO, LTD, ET AL., | § § § | |
| *Defendants*. | § § | |
| NETLIST, INC., | § § § | |
| *Plaintiff*, | § § | CIV. A. NO. 2:22-CV-00294-JRG |
| v. | § § | (Member Case) |
| MICRON TECHNOLOGY, INC., ET AL., | § § | |
| *Defendants*. | § | |

## ORDER OF SPECIAL MASTER

Pursuant to the Court's Orders dated December 8, 2023 (Dkt. No. 269) and January 2, 2024 (Dkt. No. 311), the undersigned was appointed Special Master. On January 5, 2024, the Special Master held a hearing to address the issues within his appointment (the "January 5 Hearing"). The January 5 Hearing was conducted on the record, with a court reporter agreed to by the parties transcribing the proceedings.

On January 12, 2024, the Special Master received the January 5 Hearing final transcript. Subsequently, on January 14, 2024, counsel for Plaintiff Netlist, Inc. ("Netlist") corresponded via email with the Special Master and counsel for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor Inc. (collectively, "Samsung"), and Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron

Technology Texas LLC (collectively, "Micron"), to note Netlist's position that a portion of the January 5 Hearing transcript was inaccurate. Counsel for Samsung noted Samsung's disagreement with Netlist's position.[1] The Special Master's duties include "ancillary acts required to fully carry out" the duties assigned by the Court, which includes the duty to address this dispute regarding the January 5 Hearing transcript. (*See* Dkt. No. 269 at 2).

The Special Master notes that the Court may correct a transcript, but a certified transcript is presumed to be correct. "The transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753. The presumption of correctness may only be overcome by a showing of clear and convincing evidence. *See United States v. Smith*, 433 F.2d 149, 151 (5th Cir. 1970) ("The appellant has shown no prejudice from the court reporter's error, and in the face of clear and convincing evidence we think it obvious that the presumption of correctness which clothes the court reporter's transcript was overcome. In short, we approve the corrections made in the record by the trial judge."). Fed. R. App. P. 10(e) also permits correction of the record "[i]f anything material to either party is omitted from or misstated in the record by error or accident."

Here, Netlist's informal request to correct the January 5 Hearing transcript fails to show, with clear and convincing evidence, that the transcript should be corrected. Additionally, Netlist has failed to present its request in the proper form—by way of a written motion filed on the docket—and its request should be denied on that basis as well. Netlist's request is **DENIED WITHOUT PREJUDICE**. Netlist and Samsung are **ORDERED** to meet and confer as provided

---

[1] The transcript passage at issue relates to a dispute between Netlist and Samsung.

under the Court's Local Rules and, if a dispute remains, Netlist may submit a motion requesting correction of the January 5 Hearing transcript.

Signed this 17th day of January 2024.

> */s/ David Folsom*
> David Folsom
> **Special Master**
> TXBN: 07210800
> FOLSOM ADR PLLC
> 6002-B Summerfield Drive
> Texarkana, Texas 75503
> Telephone: (903) 277-7303
> E-mail: david@folsomadr.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on this 17th day of January 2024. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

> */s/ David Folsom*
> David Folsom