# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ███████████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:22-cv-294-JRG |
| | ) | |
| MICRON TECHNOLOGY, INC.; | ) | JURY TRIAL DEMANDED |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF NETLIST, INC.'S MOTION TO CORRECT MATERIAL ERROR IN HEARING TRANSCRIPT

# TABLE OF CONTENTS

**Page**

I.    Factual Background ...................................................................................................1

II.   Argument...................................................................................................................2

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Diversey, Inc. v. POPS Technologies LLC,*
  No. 1:18-cv-4210, Dkt. 100, *Master's Report and Recommendation on Claim Construction* (N.D. Ga. June 14, 2021) ..................................................................................3

*Finisar Corp. v. DirecTV Group, Inc.,*
  2006 U.S. Dist. LEXIS 70303 (E.D. Tex. Sept. 1, 2006) ....................................................3

*United States v. Durrant,*
  2018 U.S. Dist. LEXIS 148645 (E.D. Mich. Aug. 31, 2018) ...............................................2

*United States v. Smith*, 433 F.2d 149, 151 (5th Cir. 1970) ............................................................2

*United States v. Franklin,*
  250 F.3d 653 (8th Cir. 2001)..............................................................................................2

**Rules**

Fed. R. Civ. P. 15 ..........................................................................................................................1

Fed. R. App. P. Rule 10(e)(2) .......................................................................................................2

Pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure, Plaintiff Netlist, Inc. ("Netlist") respectfully files this Motion to Correct Material Error in Hearing Transcript to correct an error in the transcript from the January 5, 2024 Special Master hearing before Judge Folsom ("the Hearing").

## I.    <u>Factual Background</u>

On January 5, 2024, the parties participated in a hearing before Special Master Judge Folsom to resolve disputes on a number of discovery motions pending in the underlying action. Dkts. 231, 269. Netlist received a transcript of the Hearing on January 8, 2024. Upon review of the transcript, Netlist's counsel noticed an error at 60:14-24 (corrections bolded and underlined):

> 14 And so their narrative in -- is the following:
> 15 The JDLA license agreement -- the JDLA agreement related
> 16 to a joint venture, and we committed to supply product
> 17 under that joint venture. Once that joint venture
> 18 ended, the commitment to supply the product ceased. So
> 19 we end it.
> 20 Our position is that that's an **<u>in</u>**accurate
> 21 interpretation. **<u>But if it is,</u>** the license grant, as well, was limited
> 22 to the JDLA.

Ex. 1 at 60:14-24.

Netlist's counsel promptly informed the Special Master of the error. Ex. 2 at 2 (Sheasby 01/14/2024 Email). Samsung's counsel responded that "[w]e believe the record stands for what was and was not argued during the hearing conducted on January 5." *Id.* at 1. Judge Folsom subsequently filed a Notice ordering Netlist and Samsung to meet-and-confer on the disputed record, and provided that Netlist may submit a formal motion requesting a correction of the transcript if the dispute was not resolved. Dkt. 371 at 2-3. Netlist has contacted Samsung twice to resolve the error in the transcript, but Samsung has refused to acknowledge the error in the transcript. Ex. 3 at 2-3. Accordingly, Netlist files this motion to formally request that the Court correct the error in the January 5, 2024 Hearing Transcript.

## II.   <u>Argument</u>

Federal Rule of Appellate Procedure 10(e)(2) states that a material misstatement in the trial record "may be corrected and a supplemental record may be certified and forwarded . . . by the district court." *See also United States v. Franklin*, 250 F.3d 653, 663 (8th Cir. 2001). Additionally, "[c]ourts have held that, since the transcript is only prima facie correct, it may be corrected." *United States v. Durrant*, 2018 U.S. Dist. LEXIS 148645, *2 (E.D. Mich. Aug. 31, 2018); *United States v. Smith*, 433 F.2d 149, 151 (5th Cir. 1970) (finding presumption that transcript was correct overcome "in the face of clear and convincing evidence" and where "appellant has shown no prejudice from the court reporter's error").

The lines 60:20-22 of the January 5 transcript reflect a misstatement of Netlist's position with respect to the scope of the JDLA. Netlist's counsel explains that "***their position***," i.e., Samsung's position, is that "-- the JDLA agreement related to a joint venture, and [Samsung] committed to supply product under that joint venture. Once that joint venture ended, the commitment to supply the product ceased." Ex. 1 at 60:14-19. Netlist's counsel clarified that Netlist ***disagrees*** with Samsung's position, but that ***if it were true***, the license portion of the agreement would be limited to the joint venture as well. *Id.* However, the record incorrectly reflects Netlist's counsel stating that Netlist agrees with this interpretation. *Id.*

Netlist's position on this topic has been clear and consistent throughout the record of this case. *See, e.g.*, Dkt. 209 at 2 ("Samsung agreed to supply Netlist with NAND and DRAM products on Netlist's request. *Id.* at § 6.2. The supply provision is broad. It makes no mention of the joint development project or product (NVDIMM-P) . . . Despite the broad language quoted above, Samsung's position at summary judgment was that 'Samsung's supply obligations would only arise if and to the extent the NVDIMM-P product was commercialized, but this never occurred.'") (quoting Dkt. 196-06 at 7 (C.D. Cal., Samsung SSUF)). Netlist also reiterated this position in the Joint Status

Report submitted to the Special Master prior to the Hearing: "The Central District of California previously determined on summary judgment that the JDLA contained an unambiguous requirement that Samsung must supply Netlist with NAND and DRAM products on demand . . . On appeal, Samsung argued that the supply provision could alternatively be read to require Samsung to produce NAND and DRAM products for use in the parties' joint development project only . . . . This, however, directly contradicts Samsung's license defense in Eastern District of Texas . . . . Samsung's license defense can only succeed if the JDLA's license is not limited to the joint development product." Dkt. 322 -11 at 7-10. Samsung's position likewise states the parties' respective positions on this issue clearly: "Samsung contends in the C.D. Cal. Case that Netlist's interpretation of § 6.2 is incorrect, that the extrinsic evidence establishes the parties never intended an unlimited supply obligation." *Id.* at 14.

The transcript reflects Netlist describing Samsung's position on the supply clause scope as "accurate." This is clearly an error. Moreover, it is a material error because the scope of the supply clause is a dispositive dispute between the parties in the C.D. Cal. case. The Court should thus grant Netlist's motion to correct the transcript to accurately reflect Netlist's position. *See Diversey, Inc. v. POPS Technologies LLC*, No. 1:18-cv-4210, Dkt. 100, *Master's Report and Recommendation on Claim Construction* (N.D. Ga. June 14, 2021) at 55 (granting motion to correct transcript because "if the record is left 'as is' there is a potential for misunderstanding by future record readers"); *Finisar Corp. v. DirecTV Group, Inc.*, 2006 U.S. Dist. LEXIS 70303, *3 (E.D. Tex. Sept. 1, 2006) (ordering correction to hearing transcript to address "numerous misstatements.").

Dated: January 21, 2024                    Respectfully submitted,

                                          */s/ Jason G. Sheasby*
                                          Jason G. Sheasby

                                          Samuel F. Baxter
                                          Texas State Bar No. 01938000
                                          sbaxter@mckoolsmith.com
                                          Jennifer L. Truelove

Texas State Bar No. 24012906
jtruelove@mckoolsmith.com

**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (CA #205455)
jsheasby@irell.com
Annita Zhong (CA #266924)
hzhong@irell.com
Jonathan Lindsay (CA #208840)
jlindsay@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199
***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on January 21, 2024, a copy of the foregoing was served to all counsel of record.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF CONFERENCE

On January 19, counsel for Netlist asked whether Samsung opposed Netlist's request to correct the hearing transcript, and to identify Samsung's availability to meet and confer if it did oppose Netlist's request. Ex. 3 at 3. On January 20, counsel for Netlist sent counsel for Samsung a draft of this motion. *Id.* at 2. Counsel for Samsung indicated that Samsung would not be able to respond to Netlist's request in a timely fashion, and that Netlist should file its motion. *Id.*

*/s/ Jason Sheasby*
Jason Sheasby