# EXHIBIT 2

| | |
|---|---|
| **From:** | Michael McKeon <McKeon@fr.com> |
| **Sent:** | Monday, January 15, 2024 9:08 AM |
| **To:** | David Folsom; Sheasby, Jason |
| **Subject:** | RE: Netlist v. Samsung et al. - Jan. 5 Hearing Transcript |

Dear Judge Folsom:

We believe the record stands for what was and was not argued during the hearing conducted on January 5. In any event, Samsung certainly disagrees with Mr. Sheasby's mischaracterization of what Samsung argued in the Ninth Circuit. Our position on this issue is set forth in our briefing, including on page 18, footnote 3 of the joint status report submitted to Your Honor.

Thank you for your attention to this matter.

Respectfully, Mike.

**Michael J. McKeon** :: Fish & Richardson P.C. :: 202-626-6448

---

**From:** David Folsom <david@folsomadr.com>
**Sent:** Sunday, January 14, 2024 8:14 PM
**To:** jsheasby@irell.com
**Cc:** Lauren Degnan <LAD@fr.com>; Nilsson, William (DAL) <wnilsson@jw.com>; Rueckheim, Mike <MRueckheim@winston.com>; Michael McKeon <McKeon@fr.com>; aahn@cov.com; Frank Albert <Albert@fr.com>; Arbaugh, Natalie <NArbaugh@winston.com>; Ashley, Matt <MAshley@irell.com>; Badini, Aldo <ABadini@winston.com>; Sam Baxter <sbaxter@mckoolsmith.com>; Jonathan Bright <jbright@fr.com>; kburgess@mckoolsmith.com; Carson, Rebecca <RCarson@irell.com>; Ruffin Cordell <RBC@fr.com>; DiMeglio, Ericka <EDiMeglio@irell.com>; Christopher Dryer <dryer@fr.com>; Enzminger, David <DEnzminger@winston.com>; ce@wsfirm.com; andrea@wsfirm.com; Harbour, Michael <MHarbour@irell.com>; Heller, Garrett C. <GHeller@winston.com>; wh@wsfirm.com; Mariah Hornok <mhornok@haltomdoan.com>; James Huguenin-Love <huguenin-love@fr.com>; jhyland@hilgersgraben.com; Karolina Jesien <Jesien@fr.com>; Krishnan, Vivek <VKrishnan@winston.com>; Lindsay, Jonathan <jlindsay@irell.com>; Brian Livedalen <livedalen@fr.com>; Logan, William <WLogan@winston.com>; alucas@omm.com; McCullough, Matt <MRMcCullough@winston.com>; Melsheimer, Tom <TMelsheimer@winston.com>; ametlitsky@omm.com; Manzin-Monnin, Benjamin <bmonnin@irell.com>; Matthew Mosteller <mosteller@fr.com>; bnester@cov.com; Park, Ryuk <RPark@winston.com>; Kate Quisenberry <quisenberry@fr.com>; Katherine Reardon <reardon@fr.com>; Tom Reger <Reger@fr.com>; gschmidt@hilgersgraben.com; melissa@gillamsmithlaw.com; Strabone, Andrew <AStrabone@irell.com>; Tezyan, Michael <mtezyan@irell.com>; Josh Thane <jthane@haltomdoan.com>; Daniel Tishman <tishman@fr.com>; jtruelove@mckoolsmith.com; travis@gillamsmithlaw.com; Warrick, Philip <pwarrick@irell.com>; Werner, Tom <TWerner@irell.com>; Yaquian, Juan C. <JYaquian@winston.com>; Darby Doan <ddoan@haltomdoan.com>; ~Doan, Jennifer <jdoan@haltomdoan.com>
**Subject:** Re: Netlist v. Samsung et al. - Jan. 5 Hearing Transcript

Jason,

Received. I will await comments from counsel for the other parties.

David Folsom
Folsom ADR PLLC
6002 B Summerfield Drive
Texarkana, Tx 75503
(Mobile) 903 277 7303


On Jan 14, 2024, at 7:08 PM, Sheasby, Jason <JSheasby@irell.com> wrote:

 Dear Judge Folsom and Mr. Nilsson:

As I was reviewing the transcript I noticed an error at 60:14-24. I have corrected below:

14 And so their narrative in -- is the following:
15 The JDLA license agreement -- the JDLA agreement related
16 to a joint venture, and we committed to supply product
17 under that joint venture. Once that joint venture
18 ended, the commitment to supply the product ceased. So
19 we end it.
20 Our position is that that's an inaccurate
21 interpretation. But if it is, the license grant, as well, was limited
22 to the JDLA.

Samsung's position before the Ninth Circuit was that the license grant and the supply grant are limited to the joint development project.

Sincerely
Jason Sheasby

2