# Exhibit 1

[redacted]

# MINTZ LEVIN

Andrew H. DeVoogd | 617 348 1611 | ahdevoogd@mintz.com

One Financial Center
Boston, MA 02111
617-542-6000
617-542-2241 fax
www.mintz.com

October 31, 2017

**VIA HAND DELIVERY & EDIS**

The Honorable Lisa R. Barton
Secretary to the Commission
U.S. International Trade Commission
500 E Street SW
Washington, D.C. 20436



DOCKET NUMBER

3272

Office of the Secretary
Int'l Trade Commission

Re: *Certain Memory Modules and Components Thereof*
Inv. No 337-TA-__

Dear Secretary Barton:

I enclose for filing on behalf of Netlist, Inc. ("Netlist" or "Complainant") the following documents in support of Netlist's request that the Commission commence an investigation pursuant to the provisions of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. §1337. Please note that Confidential Exhibits 20C, 21C, and 22C to the Verified Complaint contain Confidential Business Information and pursuant to the Commission's Rules of Practice and Procedure, a request for confidential treatment of the information in those exhibits accompanies this filing. Accordingly, Netlist submits the following:

1. One (1) original and eight (8) copies of Complainant's Verified Complaint and the Public Interest Statement (originals unbound); one (1) CD of the Non-Confidential Exhibits and one (1) CD of the Confidential Exhibits (Commission Rules 201.6(c), 210.4(f)(2) and 210.8 (a)(1)(i)) and 210.8(b));

2. Three (3) additional copies of the Complaint, the Public Interest Statement and three (3) CDs of the non-confidential and confidential exhibits (each set of exhibits on separate CDs), for service upon the following Respondents: SK hynix Inc., SK hynix America Inc., and SK hynix memory solutions, Inc. (Commission Rules 201.6(c), 210.4(f)(2), 210.8(a)(1)(i) and 201.8(b));

3. One (1) additional copy of the Complaint for service upon the embassy of South Korea (Commission Rules 210.8(a)(1)(iii) and 210.11(a));

4. One (1) certified copy of each of the following asserted United States Patents: U.S. Patent No. 9,606,907 and U.S. Patent No. 9,535,623, included with the Complaint as Exhibits 1 and 2 (Commission Rule 210.12(a)(9)(i));

5. One (1) certified copy and four (4) additional copies, on CDs, of the U.S. Patent and Trademark Office prosecution histories for each of the asserted United States Patents: U.S. Patent No. 9,606,907 and U.S. Patent No. 9,535,623, included with the Complaint as Appendices A and B, respectively (Commission Rule 210.12(c)(1));

6. One (1) certified copy of the Assignment Records for asserted United States Patents: U.S. Patent No. 9,606,907 and U.S. Patent No. 9,535,623, included with the Complaint as Exhibits 3 and 4 (Commission Rule 210.12(a)(9)(ii));

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | LONDON | LOS ANGELES | NEW YORK | SAN DIEGO | SAN FRANCISCO | STAMFORD | WASHINGTON

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.

| | |
|---|---|
| In the Matter of<br><br>CERTAIN MEMORY MODULES AND COMPONENTS THEREOF | Investigation No. 337-TA-____ |

**COMPLAINANT NETLIST, INC.'S**
**STATEMENT ON THE PUBLIC INTEREST**

Pursuant to International Trade Commission Rule 210.8(b), Complainant Netlist, Inc. ("Netlist") respectfully submits this statement of public interest regarding the remedial orders it seeks against proposed respondents SK hynix Inc., SK hynix America Inc., and SK hynix memory solutions Inc. (collectively "Respondents"). The public interest does not warrant any departure from the standard practice of excluding all articles found to infringe under section 337. Rather, the public interest heavily favors protecting Netlist's intellectual property rights and domestic industry from further infringement by SK hynix. This Investigation does not present an instance where the Commission, the parties, and the public should be required to undergo the time and expense of a recommended determination by the ALJ on the public interest.

Netlist seeks a limited exclusion order directed to certain memory modules and components thereof, including SK hynix DDR4 RDIMMs and LRDIMMs (collectively "the accused products"), that infringe one or more claims of United States Patent Nos. 9,606,907 and 9,535,623 (collectively "the asserted patents"). Netlist also seeks a cease and desist order prohibiting Respondents from engaging in the unlawful importation, sale, offer for sale,

1

SAM-NET01351908

solicitation for sale, advertising, marketing, demonstrating, promoting, supporting, and servicing of the accused products. These remedial orders will serve the public interest.

## I. THE REQUESTED REMEDIES WILL FURTHER THE PUBLIC INTEREST.

The public has a significant interest in protecting intellectual property rights. *Certain Baseband Processor Chips and Chipsets, Transmitter and Receiver (Radio) Chip, Power Control Chips,* Inv. No. 337-TA-543, Comm'n Op., 2007 ITC LEXIS 621, at *240 (June 19, 2007). The Commission must balance the fundamental public interest in protecting intellectual property rights against any potentially adverse impact a remedial order may have. *Id.* at *219-20. Here, the derogation of Netlist's intellectual property rights outweighs any potentially adverse impact on the public interest.

In the few instances where the Commission has found that interest to be outweighed by other factors, "the exclusion order was denied because inadequate supply within the United States—by both the patentee and domestic licensees—meant that an exclusion order would deprive the public of products necessary for some important health or welfare need: energy efficient automobiles, basic scientific research, or hospital equipment." *Spansion, Inc. v. Int'l Trade Comm'n,* 629 F.3d 1331, 1360 (Fed. Cir. 2010) (citing *In the Matter of Certain Fluidized Supporting Apparatus and Components,* Inv. No. 337-TA-182/188, Comm'n Op., 1984 ITC LEXIS 256 (Oct. 1984)); *In the Matter of Inclined Field Acceleration Tubes and Components,* Inv. No. 337-TA-67, Comm'n Op., 1980 ITC LEXIS 118 (Dec. 1980); *In the Matter of Certain Automatic Crankpin Grinders,* Inv. No. 337-TA-60, Comm'n Op., 1979 ITC LEXIS 130 (Dec. 1979). Here, the requested remedial orders would not contravene the public interest because (a) the accused products are not necessary to public health or welfare, and (b) the production capacity of third parties, including Samsung Electronics Co., Ltd. ("Samsung"), is such that the public would not be deprived of like or similar articles.

SAM-NET01351909

### A. Use In The United States Of The Articles Potentially Subject To The Requested Remedial Orders.

The accused products are certain memory modules and components thereof, including JEDEC-standard DDR4 RDIMMs and LRDIMMs. The accused products are used in electronics products, including computer servers, in the United States.

### B. The Requested Remedial Orders Do Not Implicate Public Health, Safety, Or Welfare Concerns.

The accused memory modules and components thereof are not medical devices, pharmaceuticals, or vaccines. Rather, they are used in electronics products that do not raise public health, safety, or welfare concerns. *See, e.g., Certain Hardware Logic Emulation Sys. and Components Thereof* Inv. No. 337-TA-383, Comm'n Op. (Oct. 15, 1996) (hardware logic emulators); *Certain Liquid Crystal Display Devices and Prods. Containing the Same,* Inv. No. 337-TA-631, Comm'n Op. (Dec. 2010) (LCD televisions and downstream products); *Certain Optoelectronic Devices, Components Thereof and Prods. Containing the Same,* Inv. No. 337-TA-669, Comm'n Op. (July 12, 2010) (optoelectronic devices).

### C. Like Or Directly Competitive Articles Are Readily Available Through Netlist's Licensee, Samsung, And Other Third Parties.

Even if the accused products implicated public health, safety, or welfare concerns (they do not), ample supplies of substitute articles exist. Samsung is authorized by cross-license to sell RDIMMs and LRDIMMs covered by the asserted patents. Other third parties, including Micron Technology, also sell like or directly competitive articles. Samsung is the largest supplier in the world by volume of memory modules, while Micron Technology is the third largest supplier. Because all of the accused products are standard-compliant and commodity products, they are effectively interchangeable. Thus, non-respondents supply directly competitive articles that could easily replace the accused products if they are excluded.

SAM-NET01351910

Dated: October 31, 2017

Respectfully Submitted

*signature*

James M. Wodarski
Michael T. Renaud
Andrew H. DeVoogd
Kristina R. Cary
Matthew S. Galica
Tiffany Knapp
MINTZ LEVIN COHN FERRIS
  GLOVSKY AND POPEO P.C.
Boston, MA 02111
Tel: 617-542-6000
Fax: 617-542-2241
www.mintz.com

Aarti Shah
MINTZ LEVIN COHN FERRIS
  GLOVSKY AND POPEO P.C.
701 Pennsylvania Avenue NW
Suite 900
Washington, DC 20004
Tel: 202-434-7300
Fax: 202-434-7400
www.mintz.com

*Counsel for Complainant*

SAM-NET01351913