# Exhibit 12

| | |
|---|---|
| JASON C. LO, SBN 219030 | JASON SHEASBY, SBN 205455 |
| jlo@gibsondunn.com | jsheasby@irell.com |
| MATTHEW BENJAMIN (*pro hac vice*) | IRELL & MANELLA LLP |
| mbenjamin@gibsondunn.com | 1800 Ave. of the Stars |
| RAYMOND A. LAMAGNA, SBN 244821 | Los Angeles, CA 90067 |
| rlamagna@gibsondunn.com | Telephone: 310.203.7096 |
| GIBSON, DUNN & CRUTCHER LLP | Facsimile: 310.203.7199 |
| 333 South Grand Avenue | |
| Los Angeles, CA 90071-3197 | |
| Telephone: 213.229.7000 | |
| Facsimile: 213.229.7520 | |

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-993-MCS (ADS)<br><br>**NETLIST INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN RESPONSE TO DEFENDANT'S STATEMENT OF ADDITIONAL MATERIAL FACTS** |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9 | | Samsung had breached its obligations, e.g., by failing to provide a competitive price or by failing to deliver ordered products.<br><br>Evidence:<br>- Dkt. 157-4 [Samsung MSJ Ex. 7] (Chuck Hong Dep. Tr.) at 164:11-21. |
| 10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22 | 55. Netlist argued in its Korean tax appeal that: "the granting of cross licenses under the [JDLA] is limited to the joint research and development, and hence in cases where Samsung Electronics uses intellectual property rights of [Netlist] in the course of its own research and development, it does not constitute something that can be subject to the [JDLA]."<br><br>Choi Decl. ¶ 60, Exh. 59 at p.4. | This alleged fact is a verbatim repeat of Defendant's alleged SUF in support of its opening Motion for Summary Judgment, No. 65.<br><br>Netlist does not dispute that the quoted language appears in documents. Disputed to the extent that Samsung characterizes this quote as suggesting that the patent license overall was limited to the parties' "joint research and development." |
| 23<br>24<br>25<br>26<br>27<br>28 | | The document quoted is a submission to Korean tax authorities describing the applicability of the patent license to conduct with a territorial nexus to the Republic of Korea. Netlist has no |

| | |
|---|---|
| | Korean patents, and therefore no patent coverage as described in the quote. |
| | Evidence: |
| | - Dkt. 171-22, Ex. 94 to 8-30-21 LaMagna Decl. (Kam Report), ¶¶ 32-40. |
| | Disputed as to the materiality of the statement and immaterial. Neither of Samsung's breaches are related to the scope of the licenses granted under the JDLA. |
| | Evidence: |
| | - Complaint, Dkt 13, at 4. |
| 56. The Korean tax tribunal relied on Netlist's position that the license was limited in making its ruling.<br><br>Dkt. 88-7 at p.7. | This alleged fact is a verbatim repeat of Defendant's alleged SUF in support of its opening Motion for Summary Judgment, No. 66.<br><br>Disputed.<br><br>Defendant's cited supporting evidence does not state the characterization ascribed to it by Defendant. Defendant's citation to Dkt. 88-7 at p.7 |

Dated: September 6, 2021

GIBSON, DUNN & CRUTCHER LLP
By: *Raymond LaMagna*
Raymond LaMagna
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7101
rlamagna@gibsondunn.com

Attorneys for Plaintiff Netlist Inc.