# Exhibit 14

████████████████████

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., <br><br> Defendant. | Case No. 8:20-cv-00993-MCS-ADS <br><br> **ORDER RE: MOTIONS FOR SUMMARY JUDGMENT AND RELATED APPLICATIONS (ECF NOS. 141, 143, 145–47, 149–50, 169)** <br><br> **(PROVISIONALLY FILED UNDER SEAL)** |

Plaintiff Netlist Inc. and Defendant Samsung Electronics Co., Ltd., both move for summary judgment. (PMSJ, ECF No. 145; DMSJ, ECF No. 150.)[1] Each party opposes the other's motion and filed a reply in support of its own. (PMSJ Opp'n, ECF No. 168; DMSJ Opp'n, ECF No. 171; PMSJ Reply, ECF No. 178; DMSJ Reply, ECF No. 179.) The Court heard oral argument on September 20, 2021.

## I. PRELIMINARY ISSUES

Both parties filed applications to seal documents related to the motions. (ECF Nos. 141, 143, 146–47, 149, 169.) The public has a "general right to inspect and copy

---

[1] Where appropriate, the Court cites redacted documents filed on the public docket.

1  this provision unambiguously creates a mandatory obligation on Samsung to supply
2  certain types of products to Netlist on request. (PMSJ 15 (citing *Zheng v. City of New*
3  *York*, 19 N.Y.3d 556, 580 (2012)).) The obligation is clear and complete. The Court
4  sees no reason to stray from the obvious meaning of the sophisticated contracting
5  parties' simple, concise language. *See Ashwood Cap., Inc. v. OGT Mgmt., Inc.*, 99
6  A.D.3d 1, 7 (2012) ("[W]hen parties set down their agreement in a clear, complete
7  document, their writing should as a rule be enforced according to its terms. We apply
8  this rule with even greater force in commercial contracts negotiated at arm's length by
9  sophisticated, counseled businesspeople." (internal quotation marks and citations
10 omitted)).

11     The provision is not reasonably susceptible to a different meaning, including the
12 one Samsung champions. Samsung contends that the provision obliges it to supply
13 products to Netlist only with respect to the parties' NVDIMM-P joint development
14 project. (DMSJ 12.) Samsung's briefs rely almost exclusively on extrinsic evidence to
15 reach this interpretation. (*See, e.g.*, DMSJ 12–24; PMSJ Opp'n 11–22.) But the Court
16 may not examine extrinsic evidence in determining whether the provision is ambiguous.
17 *S. Rd. Assocs.*, 4 N.Y.3d at 278.

18     The JDLA simply does not support Samsung's preferred reading. At oral
19 argument, Samsung argued that its favored interpretation may be extracted from the
20 preamble's statement of the agreement's goal of joint development, and the scope of
21 certain preceding sections, which are limited to the NVDIMM-P project. If anything,
22 these other components of the contract confirm that § 6.2 is unambiguously unrestricted
23 to the NVDIMM-P joint development project. In light of the purposes stated in the
24 preamble, which extend beyond the NVDIMM-P project, the JDLA contains
25 obligations that pertain specifically to the NVDIMM-P project and generally to the
26 parties' overarching business relationship. For example, JDLA § 2.1 obliges the parties
27 to perform work on the joint development project, and § 5.2 grants Samsung a right of
28 first refusal to acquire Netlist's NVDIMM-P technology, whereas § 7 provides broad

releases for conduct predating the agreement, and § 8 governs intellectual property licenses unrestricted to use on the NVDIMM-P development project. The coexistence of project-specific provisions and project-nonspecific provisions signals that the parties intended not to restrict the NAND and DRAM supply obligation to the NVDIMM-P project by omitting any mention of it in § 6.2. *See Quadrant Structured Prods. Co., Ltd. v. Vertin*, 23 N.Y.3d 549, 560 (2014) ("[I]f parties to a contract omit terms[,] . . . the inescapable conclusion is that the parties intended the omission.").

Most damaging to Samsung's interpretation is § 6.2's foil, the supply obligation of § 6.1. Whereas § 6.2 obliges Samsung to "supply NAND and DRAM products" to Netlist, § 6.1 obliges Netlist to "provide Samsung any NVDIMM-P controller" technology. (JDLA §§ 6.1–.2.) The parties used language specific to NVDIMM-P when designing Netlist's memory controller supply obligation, but they declined to use language specific to NVDIMM-P in crafting Samsung's memory supply obligation. In other words, these mirror obligations demonstrate that the contracting parties intended not to limit § 6.2 to NVDIMM-P development. Samsung asks the Court to read the NVDIMM-P language from § 6.1 into § 6.2. (DMSJ 15–16.) But New York law counsels the Court to "be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include." *Ashwood Cap.*, 99 A.D.3d at 7 (quoting *Vermont Teddy Bear Co. v. 538 Madison Realty Co.*, 1 N.Y.3d 470, 475 (2004)). "[C]ourts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing." *Id.* (alteration in original) (quoting *Reiss v. Fin. Performance Corp.*, 97 N.Y.2d 195, 199 (2001)).

Nothing in the text of the JDLA gives the Court pause about enforcing the § 6.2 according to its unambiguous meaning, especially given that both contracting parties are sophisticated business entities. *See Ashwood Cap.*, 99 A.D.3d at 7. Samsung was obliged to "supply NAND and DRAM products to Netlist on Netlist's request at a competitive price." (JDLA § 6.2.) Samsung does not dispute that it declined to fulfill

9

set forth in this Order. Within seven days, the parties shall (1) file the documents permitted to be sealed under seal pursuant to Local Rule 79-5.2.2(c) and (2) submit revised redacted versions of documents containing information the Court declines to seal pursuant to Local Rule 79-5.2.2(a).

The Court grants in part and denies in part the motions for summary judgment (ECF Nos. 145, 150) as follows:

- The Court grants summary judgment in favor of Netlist and against Samsung as to all elements but damages for Netlist's first claim for breach of the supply obligation.
- The Court grants summary judgment in favor of Netlist and against Samsung as to all elements but damages for Netlist's second claim for breach of contract only as to Netlist's theory that Samsung breached by failing to pay the full NRE fees.
- The Court grants summary judgment in favor of Netlist and against Samsung on Netlist's third claim for declaratory relief.
- The Court grants summary judgment in favor of Samsung and against Netlist on Netlist's prayer for consequential damages. Netlist cannot recover consequential damages as a remedy for its claims of breach of contract.
- The motions are denied in all other respects.

The Court provisionally seals this Order. Within seven days of the issuance of this Order, the parties shall file a joint statement as to whether any matter stated in this Order is information that should remain under seal. Thereafter, the Court will determine whether any portions of this Order should be redacted in the version filed on the public docket.

**IT IS SO ORDERED.**

Dated: October 14, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE