UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES**

██████████████████████████████████████

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii

TABLE OF EXHIBITS ................................................................................................................. iii

TABLE OF ABBREVIATIONS .................................................................................................... iii

I.   INTRODUCTION ............................................................................................................. 1

II.  STATEMENT OF ISSUE .................................................................................................. 1

III. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................. 2

IV.  GOVERNING LAW ......................................................................................................... 4

V.   ARGUMENT ..................................................................................................................... 5

      A.   Netlist Has Not Provided Actual Pre-Suit Notice of the Asserted Patents ................ 5

      B.   Netlist's June 8, 2022 Rule 408 Letter Is Not Actual Notice Because Netlist
          Contends Its Patents Are Not Standard Essential in This Case ............................... 8

      C.   With Respect to Constructive Notice, Netlist Cannot Show That Netlist or Any
          Licensee Marked Its Products with the Asserted Patents ......................................... 9

VI.  CONCLUSION ................................................................................................................ 10

\*   In this brief, all emphasis is added unless noted otherwise.

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993) .................................................................................................. 9

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994) ............................................................................................... 4, 7

*Arctic Cat, Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017) ........................................................................................ 4, 5, 9

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   950 F.3d 860 (Fed. Cir. 2020) ............................................................................................ 7, 10

*Devices for Med., Inc. v. Boehl*,
   822 F.2d 1062 (Fed. Cir. 1987) ............................................................................................ 10

*Jethroe v. Omnova Sols., Inc.*,
   412 F.3d 598 (5th Cir. 2005) .................................................................................................. 8

*In re La. Crawfish Producers*,
   852 F.3d 456 (5th Cir. 2017) .................................................................................................. 4

*Maxwell v. J. Baker, Inc.*,
   86 F.3d 1098 (Fed. Cir. 1996) ................................................................................................ 5

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   853 F.3d 1370 (Fed. Cir. 2017) .............................................................................................. 5

*Team Worldwide Corp. v. Acad., Ltd*,
   No. 2:19-cv-00092-JRG, 2021 WL 1854302 (E.D. Tex. May 10, 2021) ............................... 7

**Statutes**

35 U.S.C. § 287 ............................................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 56 .............................................................................................................. 4

Fed. R. Evid. 408 .............................................................................................................. 3

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | JDLA (NETLIST_SAMSUNG_EDTX00034064) |
| 2 | April 2015 Samsung/Netlist Partnership Opportunity Presentation (NETLIST_SAMSUNG_EDTX00064073) |
| 3 | 11/8/16 Email from Netlist to Samsung (NL046600) |
| 4 | Netlist Patent Coverage Chart (Attachment to 11/8/16 Email) (NL046601) |
| 5 | 8/2/21 Email from Gibson Dunn to Bird & Marella (NETLIST_SAMSUNG_EDTX00037799) |
| 6 | Netlist Patent List (Attachment to 8/2/21 Email) (NETLIST_SAMSUNG_EDTX00037800) |
| 7 | Netlist-SK hynix Agreement (NETLIST_SAMSUNG_EDTX00037749) |
| 8 | SK hynix webpages – DDR4 RDIMM and LRDIMM (https://product.skhynix.com/products/dram/module/ddr4dm.go) |
| 9 | 6/8/22 FRAND Letter, with Ex. A (NETLIST_SAMSUNG_EDTX00037348 and NETLIST_SAMSUNG_EDTX00037353) |
| 10 | 12/21/23 Mangione-Smith Rebuttal Report (excerpts) |
| 11 | 5/4/23 Letter re Unmarked Products |
| 12 | 9/5/23 Letter re Unmarked Products |
| 13 | 11/19/23 Netlist Revised 4th Amended Supplemental Responses and Objections to Samsung's Second Set of Interrogatories (Nos. 3-22) |
| 14 | Chuck Hong Deposition Transcript 11/19/2023 (excerpts) |
| 15 | 10/15/20 Letter fr Lo to Rhow (NETLIST_SAMSUNG_EDTX00190254) |
| 16 | 11/20/23 Kennedy Expert Report (excerpts) |
| 17 | Pretrial Conference Day 1 Tr. from *EDTX1* (excerpts) |
| 18 | 6/2/23 Netlist Responses and Objections to Samsung's Second Set of Interrogatories (Nos. 3-22) |
| 19 | Chuck Hong EDTX1 Deposition Transcript 12/16/2022 (excerpts) |
| 20 | 11/15/23 Letter re Unmarked Products |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '537 patent | U.S. Patent No. 7,532,537 |
| '912 patent | U.S. Patent No. 7,619,912 |
| '188 patent | U.S. Patent No. 8,516,188 |
| '632 patent | U.S. Patent No. 9,128,632 |
| '215 patent | U.S. Patent No. 9,858,215 |
| '218 patent | U.S. Patent No. 9,858,218 |
| '523 patent | U.S. Patent No. 10,217,523 |
| '608 patent | U.S. Patent No. 10,268,608 |
| '595 patent | U.S. Patent No. 10,474,595 |
| '417 patent | U.S. Patent No. 11,093,417 |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) |
| D. Del. Case | *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-CV-1453 (D. Del.) |

| Abbreviation | Description |
|---|---|
| *EDTX1* | *Netlist Inc. v. Samsung Electronics Co. Ltd.*, No. 2:21-CV-463 (E.D. Tex.) |
| JDLA | Joint Development and License Agreement |
| Netlist-SK hynix Agreement | Strategic Product Supply and License Agreement between SK hynix, Inc. and Netlist, Inc., dated April 5, 2021 |
| Samsung | Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor Inc. |
| SSMF | Samsung's Statement of Material Facts (*infra* sec. III) |

I.  **INTRODUCTION**

Netlist is not entitled to pre-suit damages because it cannot show that it provided actual or constructive pre-suit notice of alleged infringement to Samsung before Netlist filed its three Complaints in this case. No damages may accrue for the patents prior to their actual assertion against Samsung in Netlist's Complaints:

| Asserted Patents | Actual Notice by Netlist |
|---|---|
| U.S. Patent No. 7,619,912 | August 1, 2022 (Original Complaint) |
| U.S. Patent No. 11,093,417 | August 15, 2022 (Amended Complaint) |
| U.S. Patent No. 10,268,608 | January 20, 2023 (Motion for Leave To File Second Amended Complaint) |

Netlist's corporate representative could not identify any actual pre-suit notice of infringement in this case. Ignoring this compelling evidence, Netlist's damages case improperly asks for damages on sales of the accused products well before Netlist can claim notice through the filing of its case in this Court. As a fig-leaf response, Netlist identified terse presentations and patent lists sent to Samsung during negotiation and execution of the JDLA, none of which identifies a specific Samsung product, accuses any Samsung product of infringement, or lists all asserted patents, which are pre-requisites for actual notice for pre-suit damages recovery.

Netlist also identified no evidence that it provided constructive notice for any asserted patent. In the end, there can be no genuine dispute that Netlist failed to satisfy the marking requirements of 35 U.S.C. § 287(a). Samsung satisfied its initial burden of identifying unmarked products to Netlist, and it became Netlist's burden to prove that the marking requirements were satisfied. Because Netlist failed to provide any evidence that Netlist or its licensees marked licensed products—despite Samsung's repeated requests for such information throughout discovery—no reasonable factfinder could find in Netlist's favor on this issue.

II.  **STATEMENT OF ISSUE**

1.  Whether Netlist's failure to comply with 35 U.S.C. § 287 prevents it from recovering

pre-suit damages for the asserted patents?

III.   **STATEMENT OF UNDISPUTED MATERIAL FACTS**

   1.   On November 12, 2015, Samsung and Netlist entered into the JDLA. Netlist granted Samsung a perpetual, paid up license to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ a period of five years beginning on the November 12, 2015 effective date of the JDLA. Ex. 1 at 1, 3, 8. The agreement contains no provision on marking requirements.

   2.   All of the asserted patents in this case are "Netlist's Licensed Patents" under the JDLA because they have an effective filing date before November 12, 2020. *See* Ex. 1 at 3; Dkt. 100 at ¶¶ 20, 28, 31, 34 (Netlist listing patents' effective filing dates, all before 11/12/20).

   3.   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. 2 at -64073. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.* at -64125.

   4.   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

   5.   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

   6.   On May 28, 2020, Netlist sued Samsung in the C.D. Cal. alleging that Samsung

██████████████████████████████████████████████████

breached the JDLA.  *See C.D. Cal. Case*, Dkt. 1.  As part of its document production in the C.D. Cal. Case, ██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████.  *Id.*

7. On April 5, 2021, Netlist and SK hynix entered into the Netlist-SK hynix Agreement. *See generally* Ex. 7.  As part of the agreement, Netlist granted SK hynix ██████████

██████████████████████████████████████████████████

████████████ ██████████████████████████████████████

██████████████  *See id.* at 2, 5-6.  ██████████████████

██████████████████████████  *See id.*

8. SK hynix sells the same classes of products accused of infringement in this case, including DDR4 LRDIMM and RDIMM products.  *See* Ex. 8.

9. ██████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████

10. In his expert report served in this case, Netlist's expert Dr. Mangione-Smith opined that none of the claims of the asserted patents are standard-essential claims under JEDEC policy.  *See* Ex. 10 at Ex. A, ¶¶ 113, 310-18; *id.* at Ex. B, ¶¶ 67 [sic], 626-35.

11. On May 4, 2023 and September 5, 2023, Samsung sent Netlist letters identifying Netlist DDR4 LRDIMM and RDIMM products and SK hynix DDR4 LRDIMM and RDIMM products as

unmarked products. Ex. 11 at 1-2; Ex. 12 at 1-2. On November 15, 2023, and in response to Mr. Tobin Hobbs's testimony that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Samsung sent a third letter identifying those products as unmarked. Ex. 20. Netlist never responded.

12. In response to Samsung's interrogatory asking Netlist to "[d]escribe in complete detail all Marking, and efforts to enforce Marking, of the number of any asserted patent on products sold by Plaintiff or Plaintiff's licensees," Netlist responded only that it believes it is entitled to pre-suit damages ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 13 at 30. Netlist never identified a single marked product in its response. *See id.*

13. Netlist's CEO and corporate representative on "attempts by Netlist . . . to contact Samsung regarding alleged infringement of the asserted patents" ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 14 at 121:16-122:6.

### IV. GOVERNING LAW

The Court is familiar with the legal and evidentiary standards surrounding summary judgment. *See* Fed. R. Civ. P. 56(a); *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017). To obtain pre-suit damages, Netlist must show that it provided actual notice of infringement or constructive notice via compliance with the marking requirements of 35 U.S.C. § 287(a). *Arctic Cat, Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*"). "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

A patentee may benefit from constructive notice only by complying with the marking statute. Although the patentee bears the ultimate burden to prove it complied with Section 287(a), the Federal Circuit has held that the alleged infringer "bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat I*, 876 F.3d at 1368. However, this burden is a "low bar." *Id.* The alleged infringer "need only put the patentee on notice

4

that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Id.* "Once the alleged infringer meets its burden of production . . . the patentee bears the burden to prove the products identified do not practice the patented invention." *Id.*; *see also Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). A licensee's failure to mark products covered by licensed patents prevents a patentee from relying on the constructive notice provision of Section 287(a) and, therefore, prevents a patentee from recovering damages before the alleged infringer received actual notice of any alleged infringement. *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017) (citing cases).

## V. ARGUMENT

Netlist's pre-suit damages theories for the asserted patents suffer from the same fundamental flaw: Netlist has not and cannot establish that Netlist provided actual or constructive notice of alleged infringement of the asserted patents prior to filing suit.

### A. Netlist Has Not Provided Actual Pre-Suit Notice of the Asserted Patents

There is no genuine dispute of material fact that Netlist provided no actual pre-suit notice here. Netlist failed to provide any evidence of specific charge of infringement of a specific Samsung accused product, despite having the burden to do so. *Arctic Cat I*, 876 F.3d at 1366. Fatal to its pre-suit damages claims, Netlist's CEO and corporate designee on "attempts by Netlist . . . to contact Samsung regarding alleged infringement of the asserted patents" could not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. SSMF ¶13. Although he mentioned the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. SSMF ¶5; Ex. 19 at 103:15-104:8. Netlist's admissions alone are dispositive that Netlist never sent Samsung the requisite actual notice for the asserted patents.

Netlist's damages expert, Mr. Kennedy, asserts that Netlist ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5

███████████████████████████████████████ to Samsung as early as 2015, and calculates damages starting on August 1, 2016, six years before Netlist filed this case for the '912 patent, and on the issuance dates of the '417 and '608 patents. Ex. 16 at ¶ 591; Ex. 13 at 10. ███████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

Netlist also relied on two additional documents—both sent after Samsung obtained a license to Netlist's patents under the JDLA in November 2015. First, Netlist relied on a ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████ Second, Netlist cited a ████████

████████████████████████████████████████████████████████

████████████████████████████████████. SSMF ¶6; Ex. 13 at 11. Critically, Netlist has tendered no evidence that ████████████████████████████████████

█████████████████████████ Fatal to Netlist's claim, ████████████████████████

███████████████████████████████████████████████████████.

SSMF ¶6. As such, this evidence is insufficient to show Netlist provided notice of these patents even as of August 2, 2021. Mr. Kennedy notably does not rely on this date, suggesting that Netlist has abandoned this theory.

None of these documents show that Netlist specifically informed Samsung that Netlist

6

believed the accused products in this case infringe the asserted patents. "For purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership," and "actual notice requires the affirmative communication of a ***specific charge of infringement*** by a ***specific accused product*** or device." *Team Worldwide Corp. v. Acad., Ltd*, No. 2:19-cv-00092-JRG, 2021 WL 1854302, at *3 (E.D. Tex. May 10, 2021) (quoting *Amsted*, 24 F.3d at 187). These documents include no ***specific charge of infringement*** by a ***specific accused product*** or device—nearly all reference only priority patents, and none alleges that any Samsung product infringes any patent, much less the asserted patents.[1]

Finally, Netlist referred to the complaint Samsung filed in D. Del. seeking a declaratory judgment that Samsung's DDR4 LRDIMM and RDIMM products do not infringe the '912 patent, D. Del. Case, Dkt. 1, as showing that Netlist made the required affirmative communication of a specific charge of infringement by a specific accused product to Samsung. Ex. 13 at 20. Samsung's complaint does not constitute actual notice under Section 287(a) because this inquiry turns on Netlist's distinct actions and "not the knowledge or understanding of the [alleged] infringer." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864-66 (Fed. Cir. 2020) ("*Arctic Cat II*"). The same is true regarding the indemnification letters mentioned in Samsung's D. Del. complaint, D. Del. Case, Dkt. 1 ¶¶ 27-28—Netlist identified no evidence that Google or Lenovo transmitted any notifications to Samsung on ***Netlist's behalf***. *See* Ex. 13 at 20. Moreover, the only affirmative action Netlist identified ***that it took*** is unspecified demands "between May 2020 and the present [November 19, 2023]" for Samsung to take a license. *Id.* As discussed above, Netlist's October 15, 2020 letter does not identify the '912 patent. SSMF ¶5. As discussed below, ▮▮▮▮▮▮▮▮ is also insufficient to meet the requirements of Section 287(a).

---

[1] Netlist relied on many of these same documents to seek pre-suit damages in *EDTX1* and this Court entered summary judgment of no pre-suit damages there. *See EDTX 1*, Dkt. 432.

### B. Netlist's June 8, 2022 Rule 408 Letter Is Not Actual Notice Because Netlist Contends Its Patents Are Not Standard Essential in This Case

Netlist's June 8, 2022 letter to Samsung (which proposed a license) does not qualify as notice. Ex. 13 at 11-12; SSMF ¶9. In *EDTX1*, Netlist convinced the court that the letter should not be considered by Samsung's experts by arguing, *inter alia*, that it was an inadmissible settlement offer. *See* Ex. 17 at 235, 247, and 249. This Court should not permit Netlist to reverse position and rely on its essentiality claims in the letter as evidence of notice under Section 287(a) here. *See, e.g., Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (requirements for judicial estoppel).

Even if this letter were admitted into evidence, nothing about it precludes summary judgment of no pre-suit damages because it contains only unsupported assertions contrary to the positions Netlist has taken in this case. Specifically, Netlist's letter asserts only that it owns ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 9 at 2. (The letter contains no assertion that the asserted patents are essential to DDR4 RDIMM. *Id.*) Although the letter attaches a list of "the DDR4 LRDIMM Patents," on which the asserted patents appear, *id.* at Ex. A, it contains no analysis backing up Netlist's naked assertion of essentiality. Indeed, in this case, Netlist **refused to disclose** its position as to whether the asserted patents are essential to any DDR4 standard, only for **its experts opine that they are not**. Ex. 18 at 35; Ex. 10 at Ex. A, ¶¶ 113, 310-18; *id.* at Ex. B, ¶¶ 67 [sic], 626-35; *see also* Dkt. 128.

The letter likewise levies no charge of infringement of the asserted patents by any particular Samsung product, but rather asserts that Samsung will ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 9 at 4. Netlist's letter is not a charge of infringement against Samsung products under Section 287(a) since Netlist now contends the asserted patents are not standard essential.[2] Moreover, the letter contains no assertions that the

---

[2] In addition, Samsung is moving to preclude Netlist from relying on this June 8, 2022 letter to show pre-suit notice under Section 287(a).

asserted patents are essential to DDR4 RDIMM products—which account for about ▮ of Netlist's damages calculation—which further precludes any notice as to these accused products. Ex. 9 at 2.

### C. With Respect to Constructive Notice, Netlist Cannot Show That Netlist or Any Licensee Marked Its Products with the Asserted Patents

Netlist also has not carried its burden to show constructive notice of the asserted patents. Under the *Arctic Cat I* framework, once Samsung discharged its burden to identify unmarked products, Netlist had the burden to prove that the identified products were marked or otherwise not subject to a marking requirement. 876 F.3d at 1366.

Here, Samsung discharged its burden under *Arctic Cat I*. SSMF ¶11. For example, Samsung sent Netlist letters, on May 4, 2023 and September 5, 2023, identifying Netlist DDR4 LRDIMM and RDIMM products as products that were not marked with the asserted patents. *Id.* Netlist did not respond to either letter. Netlist also provided no evidence of marking in response to Samsung's interrogatory requesting all details of Netlist's efforts to mark its products, SSMF ¶12, and did not produce a virtual marking page. Netlist's failure to provide proof that Netlist marked its DDR4 LRDIMM and RDIMM products, and over what time period, demonstrates that Netlist did not "consistently mark[] substantially all of its patented products," and precludes pre-suit damages recovery. *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993).

In addition, there is no genuine dispute that Netlist licensed SK hynix to the asserted patents or that SK hynix sells the same class of products accused of infringement here—DDR4 LRDIMM and RDIMM products. SSMF ¶¶7, 8. Samsung identified these same products as ones sold unmarked. SSMF ¶11. Samsung's 2023 letters meet the "low bar" needed to "put the patentee on notice that [it] or [its] authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Arctic Cat I*, 876 F.3d at 1368. Netlist in turn did not meet its burden because it never provided a substantive response that any SK hynix DDR4 LRDIMM or RDIMM product was marked, or that these products were not otherwise subject to the marking requirement.

9

Indeed, Netlist provided no evidence that SK hynix was even required to mark its products under its license agreement. The Netlist-SK hynix Agreement ███████████████ ███ which should alone be dispositive of Netlist's failure to make reasonable efforts to ensure compliance with the marking requirements. *See, e.g., Arctic Cat II*, 950 F.3d at 864-66 (patentee's failure to contractually require its licensee to mark could not be deemed a "reasonable effort" at marking).

The same is true with respect to Samsung's license, as the JDLA imposes no obligation on Samsung to mark licensed products. *See* Ex. 1. In addition to failing to contractually require Samsung to mark licensed products, Netlist has identified no evidence that it ever asked Samsung to mark. In this case, Netlist contends that infringing products include Samsung's DDR4 LRDIMM and RDIMM products, but failed to identify any evidence that Samsung marked any of its licensed products with the patent numbers of the asserted patents, which bars Netlist's pre-suit damages claim. *See Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987) (finding failure to comply with § 287).

### D. Netlist's Failure To Comply with Section 287 Bars Pre-Suit Damages

The impact of Netlist's failure to satisfy its burden under Section 287 is substantial. Netlist asserts flawed damages calculations covering the following purported infringement periods:

| Asserted Patents | Netlist's Earliest Alleged Damages Demand | Actual Notice by Netlist |
|---|---|---|
| '912 patent | August 1, 2016 | August 1, 2022 |
| '417 patent | August 17, 2021 | August 15, 2022 |
| '608 patent | April 23, 2019 | January 20, 2023 |

*See* Ex. 16 at ¶ 594. Because Netlist failed to comply with requirements of § 287, it may not recover damages for these pre-suit periods.

### VI. CONCLUSION

Samsung asks the Court to enter judgment that Netlist cannot recover damages before (1) August 1, 2022 ('912 patent), (2) August 15, 2022 ('417 patent), and (3) January 20, 2023 ('608 patent).

10

Date: January 16, 2024

Respectfully submitted,

By:  /s/ *Lauren A. Degnan*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:    (903) 934-8450
Facsimile:    (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:  (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 16, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

/s/ Lauren A. Degnan