UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>      Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>      Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**<u>SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF NO WILLFULNESS</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

TABLE OF EXHIBITS ..................................................................................................... iv

TABLE OF ABBREVIATIONS ........................................................................................ iv

I.    STATEMENT OF ISSUES ................................................................................... 1

II.   STATEMENT OF UNDISPUTED MATERIAL FACTS ..................................... 1

      A.   The Asserted Patents and Their Post-Issuance History ........................... 1

      B.   The JDLA ................................................................................................. 1

      C.   The Parties' Pre-Suit Conduct ................................................................. 2

      D.   The Parties' Litigation History, Including This Case ............................... 2

III.  GOVERNING LAW .............................................................................................. 3

IV.   ARGUMENT ........................................................................................................ 4

      A.   The Court Should Grant Summary Judgment of No Willfulness Due
           to Samsung's License and Reasonable, Good Faith Belief It Is Still
           Licensed ..................................................................................................... 4

           1.   Issue Preclusion Bars Revisiting the *EDTX1* Determination
                of No Willfulness While Samsung Was Licensed—Which
                Was Correct ...................................................................................... 4

           2.   There Is No Material Fact Dispute on the Reasonableness
                and Good Faith of Samsung's License Defense.............................. 5

      B.   The Court Should Enter Summary Judgment of No Willfulness for
           the '912 Patent for Additional, Independent Reasons ............................... 6

      C.   The Court Should Enter Summary Judgment of No Willfulness for
           the '417 and '618 Patents for Additional, Independent Reasons .............. 7

           1.   No Reasonable Jury Could Find That Samsung Knew of the
                '417 and '608 Patents Before Netlist Asserted Them in Its
                Complaints........................................................................................ 8

           2.   Netlist Has Not Shown Any Deliberate or Intentional
                Infringement Given Samsung's Good Faith in Its Defenses........... 9

████████████████████████████████

D.   The ████████████████████ Does Not Show That Samsung
     Knew It Was Infringing the Asserted Patents........................................................... 9

E.   Merely Continuing To Sell the Accused Products Does Not Show
     Willfulness .......................................................................................................... 10

V.   CONCLUSION............................................................................................................ 10

\*      In this brief, all emphasis is added unless noted otherwise.

### TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allure Energy, Inc. v. Nest Labs, Inc.*,
No. 9-13-CV-102, 2015 WL 11110643 (E.D. Tex. May 11, 2015) ....................................................3

*Bayer Healthcare LLC v. Baxalta Inc.*,
989 F.3d 964 (Fed. Cir. 2021) ..........................................................................................................4

*Bradberry v. Jefferson Cnty.*,
732 F.3d 540 (5th Cir. 2013) ............................................................................................................4

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ..........................................................................................................................4

*CTA9*
*Order*, 2023 WL 6820683 ..............................................................................................................3, 6

*DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*,
70 F. Supp. 3d 808 (E.D. Tex. 2014) ...............................................................................................4

*Glass Equip. Dev., Inc. v. Besten, Inc.*,
174 F.3d 1337 (Fed. Cir. 1999) ........................................................................................................5

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
897 F.2d 508 (Fed. Cir. 1990) ...................................................................................................*passim*

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
No. 2:17-cv-00662-JRG-RSP, 2019 WL 1987172 (E.D. Tex. April 12, 2019) ...............................8

*Jethroe v. Omnova Sols., Inc.*,
412 F.3d 598 (5th Cir. 2005) ............................................................................................................9

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Constrs. USA, Inc.*,
617 F.3d 1296 (Fed. Cir. 2010) ........................................................................................................4

*Wrinkl, Inc. v. Facebook, Inc.*,
No. 20-cv-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021) ...............................................10

**TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | 2023-11-20 McAlexander Opening Report (excerpts) |
| 2 | '912 Patent Reexamination Certificate (CC-00032048) |
| 3 | Decision from IPR2022-00615 (excerpts) |
| 4 | Decision from IPR2023-00454 (excerpts) |
| 5 | Decision from IPR2023-00847 (excerpts) |
| 6 | Joint Development and License Agreement (NETLIST_SAMSUNG_EDTX00034064-82) |
| 7 | Samsung/Netlist Partnership Opportunity (April 2015) (NETLIST_SAMSUNG_EDTX00064073) |
| 8 | Email from Netlist to Samsung and Netlist Patent Coverage Chart (NL046600-NL046601) |
| 9 | Notice of Infringement (NETLIST_SAMSUNG_EDTX00190254-55) |
| 10 | Email from Gibson Dunn to Bird & Marella (NETLIST_SAMSUNG_EDTX00037799) |
| 11 | Netlist Patent List (NETLIST_SAMSUNG_EDTX00037800-806) |
| 12 | 3/28/23 hearing transcript from *EDTX1* (excerpts) |
| 13 | Junseon Yoon Dep. Tr. (excerpts) |
| 14 | Netlist's November 19, 2023 Objections & Responses to Samsung's Second Set of Interrogatories (excerpts) |
| 15 | Netlist emails re meeting with Samsung (NETLIST_SAMSUNG_EDTX00056569) |
| 16 | Samsung/Netlist Meeting in San Diego (4/11/2012) (NETLIST_SAMSUNG_EDTX00055022) |
| 17 | Samsung/Netlist HyperCloud Partnership (5/31/2012) (NETLIST_SAMSUNG_EDTX00054967) |
| 18 | Samsung Korea Meeting Notes 05-31-12v1 (NETLIST_SAMSUNG_EDTX00056625) |
| 19 | Netlist Proposal to Samsung (NETLIST_SAMSUNG_EDTX00034451) |
| 20 | 2022 Letter, and Exhibit A (NETLIST_SAMSUNG_EDTX00037348-52 and NETLIST_SAMSUNG_EDTX00037353-56) |
| 21 | 2023-06-02 Netlist Resp and Obj 2nd Set of Rogs Nos 3-22 (excerpts) |
| 22 | 2023-12-21 Mangione-Smith Rebuttal Report (excerpts) |

**TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| '537 patent | U.S. Patent No. 7,532,537 |
| '912 patent | U.S. Patent No. 7,619,912 |
| '188 patent | U.S. Patent No. 8,516,188 |
| '632 patent | U.S. Patent No. 9,128,632 |
| '215 patent | U.S. Patent No. 9,858,215 |
| '218 patent | U.S. Patent No. 9,858,218 |
| '523 patent | U.S. Patent No. 10,217,523 |
| '608 patent | U.S. Patent No. 10,268,608 |
| '595 patent | U.S. Patent No. 10,474,595 |
| '417 patent | U.S. Patent No. 11,093,417 |

| Abbreviation | Description |
|---|---|
| C.D. Cal. | U.S. District Court for the Central District of California |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) |
| *CTA9 Order* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209, 2023 WL 6820683 (9th Cir. Oct. 17, 2023) |
| D. Del. | U.S. District Court for the District of Delaware |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| IPR | *Inter partes* review |
| Google N.D. Cal. Case | *Netlist, Inc. v. Google LLC*, No. 3:09-CV-05718 (N.D. Cal.) |
| JDLA | Joint Development and License Agreement |
| Ninth Circuit Appeal | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247 (9th Cir.) |

This Court, in *EDTX1*, granted summary judgment of no willfulness for the period prior to July 15, 2020 because Samsung was licensed under the JDLA during that time. In this case, the Court should once again grant summary judgment of no willfulness, this time both for that period, and for the time from July 15, 2020 to trial—i.e., for the entire case.

## I.    STATEMENT OF ISSUES

1.    Whether issue preclusion bars revisiting this Court's decision in *EDTX1* that there can be no willfulness during the period when Samsung had a license under the JDLA?

2.    Whether the Court should grant summary judgment of no pre-suit and no post-suit willful infringement because the record contains no evidence of "deliberate or intentional infringement" by Samsung?

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.    The Asserted Patents and Their Post-Issuance History

1.    The '912 patent issued on November 17, 2009. Dkt. 1-1. The '912 patent underwent reexamination from 2011 until February 8, 2021, when the *Inter Partes* Reexamination Certificate issued. Ex. 1 at Ex. A, ¶¶ 8-11; Ex. 2. Samsung filed a petition for IPR of the '912 patent on February 17, 2022, including claim 16, as rewritten by the Reexamination Certificate, which is the only claim asserted here. Dkt. 285 at 1. The PTAB instituted IPR proceedings on October 19, 2022, IPR202022-00615; the final written decision is expected on April 19, 2024. *Id.* at 3.

2.    The '608 patent issued on April 23, 2019. Dkt. 137-4. The '417 patent issued on August 17, 2021. Dkt. 100-2. Samsung filed IPR petitions seeking to invalidate all asserted claims of the '608 and '417 patents: IPR2023-00454 and IPR2023-00847. The PTAB instituted IPRs for all asserted claims. Ex. 3 at 59; Ex. 4 at 42; Ex. 5 at 34.

### B.    The JDLA

3.    On November 12, 2015, Samsung and Netlist entered into the JDLA. Netlist granted

███████████████████████████████████████████

Samsung a perpetual, paid-up license to "████████████████████████████████████

███████████████████████████████████████████████," █

█████████████████████████████████████████. Ex. 6 at 1, 3, 8.

    4.    All asserted patents are "████████████████████" under the JDLA because they

███████████████████████████████████. *See* Ex. 6 at 3; Dkt. 100 at ¶¶ 20, 28, 31, 34.

    **C.**    **The Parties' Pre-Suit Conduct**

    5.    ██████████████████████████████████████

Ex. 7 at -64073. As part of that presentation, Netlist ████████████████████████

████████████████████████████████████████████████

████████████████████████████████ *Id.* Of the asserted patents, only the '912

patent ██████████████████. *Id.* at -64125.

    6.    On November 8, 2016, Netlist sent an email to its licensee Samsung with "█████

███████████████████████." Ex. 8. The chart includes ████████████████

████████████████████████████████████████████████

████████████████████████████. Ex. 8. ████████████████

███████████████████████.

    7.    On October 15, 2020, ████████████████████████████████

███████████████████████. Ex. 9.

    **D.**    **The Parties' Litigation History, Including This Case**

    8.    As part of its document production in the C.D. Cal. Case, on August 2, 2021, Netlist

produced a document to Samsung's outside counsel in that matter that ████████████████

████████████████████████████████████████████████

██████████████. Ex. 10; Ex. 11 at 3-5. The document was marked "Confidential" under the

Protective Order in that case and ████████████████████████. *Id.*

2

9.      On October 15, 2021, Samsung filed the D. Del. Case, seeking declaratory judgment of noninfringement and unenforceability as to the '912 patent after Netlist added Samsung's products to its infringement contentions on June 18, 2021 in the Google N.D. Cal. case.  *See* Dkt. 20 at 3; Dkt. 20-6 (Google N.D. Cal. Dkt. 1), ¶ 25.  On August 1, 2022, the D. Del. court granted Netlist's motion to dismiss Samsung's case.  *See* Dkt. 20 at 3-4.

10.     Netlist filed this suit on August 1, 2022, alleging infringement of the '912 patent,  Dkt. 1, and added the '215 and '417 patents in the August 15, 2022 Second Amended Complaint, Dkt. 12. On July 20, 2023, Netlist filed a Third Amended Complaint, alleging infringement of the '608 patent. Dkt. 100.  Netlist has since withdrawn its allegations about the '215 patent.  Dkt. 325.

11.     On December 20, 2021, Netlist filed the *EDTX1* complaint, alleging that Samsung's DDR4 LRDIMM products infringe patents not asserted here.  *See EDTX1*, Dkt. 1.  On April 5, 2023, this Court entered summary judgment of no willfulness (for all products except for the HBM products) prior to July 15, 2020.  Ex. 12 at 150:22-169:4; *EDTX1*, Dkt. 432 at 4.  The Court entered final judgment in *EDTX1* on August 11, 2023.  *EDTX1*, Dkt. 551.

12.     On October 17, 2023, the Ninth Circuit set aside the C.D. Cal. court's entry of summary judgment that the JDLA was terminated in mid-2020.  *CTA9 Order*.  The appeals court expressly rejected the C.D. Cal. court's theory that the JDLA unambiguously required Netlist's proposed interpretation of two key provisions.  2023 WL 6820683, at *2-3.  As to one, the Ninth Circuit ordered judgment for Samsung.  As to the other, the appeals court remanded for the C.D. Cal. court to consider the full record, re-interpret § 6.2, and reconsider Netlist's breach contention.  *Id.* Thus, the issue of whether Netlist effectively terminated the JDLA is pending in the C.D. Cal. Case.

## III.   GOVERNING LAW

Netlist bears the burden of proving that infringement, if there was any, was willful.  *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110643, at *1 (E.D. Tex. May 11, 2015).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021). The patentee must first show that the accused infringer had knowledge of the asserted patents at the relevant time. *Id.*; *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990). The patentee must also show that any infringement was "deliberate or intentional." *Bayer Healthcare*, 989 F.3d at 988.

## IV.    ARGUMENT

### A.    The Court Should Grant Summary Judgment of No Willfulness Due to Samsung's License and Reasonable, Good Faith Belief It Is Still Licensed

#### 1.    Issue Preclusion Bars Revisiting the *EDTX1* Determination of No Willfulness While Samsung Was Licensed—Which Was Correct

Issue preclusion based on the Court's *EDTX1* ruling precludes any willfulness dispute for the period prior to July 15, 2020. District courts apply issue preclusion (a.k.a. collateral estoppel) under regional circuit law. *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Constrs. USA, Inc.*, 617 F.3d 1296, 1311 (Fed. Cir. 2010). In the Fifth Circuit, issue preclusion applies "when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Bradberry v. Jefferson Cnty.*, 732 F.3d 540, 548 (5th Cir. 2013) (quotations omitted). A final district court judgment may support issue preclusion even pending appeal. *See DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, 70 F. Supp. 3d 808, 812 (E.D. Tex. 2014).

In *EDTX1*, Samsung moved for summary judgment of no willful infringement relying, *inter alia*, on Samsung's license defense. *See generally EDTX1*, Dkt. 240 at 8, 9, Dkt. 283, Dkt. 334 at 3-4, Dkt. 372 at 2. The Court determined that "up to the termination of the JDLA on July the 15th, 2020, Samsung was licensed pursuant to the terms of the JDLA." Ex. 12 at 153:5-7. Based on that

conclusion, the Court granted summary judgment of no willfulness prior to July 15, 2020 (with one exception),[1] explaining that, "during the period of licensure, Samsung really can't infringe if they're licensed, and if they can't infringe, **they can't willfully infringe**[.]"  *Id.* at 154:25-155:3; SSMF ¶11. This decision was essential to the *EDTX1* final judgment.  *See EDTX1*, Dkt. 551 at 2, 3 (entering final judgment on willfulness, but finding that "[n]otwithstanding the jury's finding of willfulness [after July 15, 2020], the Court . . . concludes that enhancement of the compensatory award herein is not warranted ").  Thus, issue preclusion prevents Netlist from asserting that any willful infringement during the period Samsung was licensed under the JDLA, which is until at least July 15, 2020.

Even if issue preclusion did not apply, the Court should grant summary judgment of no willfulness based on its prior reasoning that Samsung cannot willfully infringe during the period when Samsung holds a license to the asserted patents.  *See* Ex. 12 at 154:25-155:3; *see Glass Equip. Dev., Inc. v. Besten, Inc.*, 174 F.3d 1337, 1341-42 (Fed. Cir. 1999) (license is a complete defense).  This reasoning applies to the accused products in this case: DDR4 LRDIMM and RDIMM products.

### 2.    There Is No Material Fact Dispute on the Reasonableness and Good Faith of Samsung's License Defense

No reasonable jury could conclude that Samsung's accused acts comprise the intentional, deliberate efforts to infringe required to establish willfulness.  To the contrary, the overwhelming evidence indicates that Samsung at all times had a reasonable, good-faith belief that its JDLA license remained operative because Netlist's attempt at unilateral termination had been improper and ineffective.  Good-faith reliance on reasonable defenses generally bars a willfulness finding.  *See, e.g.*, *Gustafson*, 897 F.2d at 511.  Here, Netlist purported to terminate the JDLA (on July 15, 2020) and filed the C.D. Cal. Case (1) alleging Samsung breached provisions of the JDLA, and (2) seeking a declaration

---

[1] The Court found genuine factual disputes as to whether the HBM products—which are not accused in this case—were "Foundry Products."  *EDTX1*, Dkt. 432 at 2.  The Court ultimately granted JMOL that the HBM products were licensed.  *EDTX1*, Dkt. 494 at 1266:4-1267:1.

████████████████████████████████

that the license was terminated. *See* Dkt. 121 at 2-3. Samsung vehemently disputed those allegations, including whether Netlist's termination was proper. *See* Dkt. 187 at § II.B. After the district court granted summary judgment to Netlist (and a jury found zero damages), Samsung successfully appealed to the Ninth Circuit, which reversed and remanded. *See* Dkt. 187 at § II.D; SSMF ¶12.[2]

Before this Court, the C.D. Cal. court, and the Ninth Circuit, Samsung has consistently maintained that Netlist is misinterpreting key JDLA provisions, and that under the correct interpretation Samsung never breached, Netlist's putative termination was inoperative, and Samsung retains its license to all asserted patents. Dkt. 187 at § II.D; *see also* Ex. 13 at 108:12-20 ("█████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████ " (objection omitted)). The *CTA9 Order*, which set aside both the C.D. Cal. court's faulty JDLA interpretation and its breach determination, confirms that Samsung's good-faith belief in these arguments was both reasonable and justified. On such a record, no reasonable fact-finder could conclude that Samsung acted with willful intent to infringe.

### B.    The Court Should Enter Summary Judgment of No Willfulness for the '912 Patent for Additional, Independent Reasons

The Court should enter summary judgment of no willfulness both pre- and post-Complaint because Samsung has (and has always had) a reasonable, good faith belief in its invalidity and noninfringement defenses as to the sole asserted claim 16 of the '912 patent. *See, e.g.*, *Gustafson*, 897 F.2d at 511. That claim emerged from reexamination on February 8, 2021. SSMF ¶1. Confusingly, Netlist alleges willfulness prior to that date, when claim 16 did not exist in its current form. To support

---

[2] The Ninth Circuit remanded with instruction to further examine the JDLA and surrounding evidence, reinterpret § 6.2 of the JDLA, and then re-visit Netlist's breach allegation. *CTA9 Order*, 2023 WL 6820683, at *2. This Court has recognized the C.D. Cal. court alone should resolve those inquiries. Dkt. 278 at 4-5 (declining to comment "while that issue is squarely before another court").

██████████████████████████████████████

its theory, Netlist relies on an April 2015 presentation, Samsung's complaint in the D. Del. Case, and indemnification requests referenced therein.  Ex. 14 at 8-21.

The April 2015 presentation is one Netlist made to Samsung ███████████████████████████
███████████████████████████████████████████████████████  SSMF ¶5.  The
presentation ██████████████████████████████████████████████████████████████
███████████  *See generally* Ex. 19.  More importantly, however, the '912 patent was undergoing reexamination in 2015, and it was (to say the least) uncertain whether any claim of that patent would survive.  SSMF ¶1.  In view of such uncertainty, no reasonable jury could find that Samsung took any "deliberate" or "intentional" acts to infringe during the reexamination.

The issuance of the Reexamination Certificate on February 8, 2021 did not, at first, change the picture.  Netlist did not revisit any '912 patent infringement allegations with Samsung directly.  Rather, it waited until June 18, 2021 to accuse Google of infringing based on the use of Samsung DDR4 LRDIMM and RDIMM modules.  Dkt. 20-6, ¶ 25.  Shortly thereafter, Samsung filed the D. Del. Case, seeking declaratory judgment of noninfringement and unenforceability for the '912 patent.  *See* SSMF ¶9; Dkt. 20 at 3; Dkt. 20-6 at 1.  Samsung's D. Del. Case complaint provides many exemplary reasons why Samsung does not infringe any claim of the '912 patent, and specifically challenges infringement of claim 16.  *See, e.g.*, Dkt. 20-6, Count IV.  In addition, Samsung filed an IPR petition for claim 16 on February 17, 2022, which the PTAB instituted on October 19, 2022, further showing Samsung's justified belief in the '912 patent's invalidity.  SSMF ¶1.

Samsung thus has always possessed a good faith and reasonable belief that the '912 patent is not infringed and invalid.  These defenses supplement its license defense *supra*.  Accordingly, no reasonable jury could conclude Samsung engaged in deliberate or intentional infringement of that patent, at any time, and summary judgment of no willfulness is warranted.

**C.    The Court Should Enter Summary Judgment of No Willfulness for the '417 and**

████████████████████████████████

**'618 Patents for Additional, Independent Reasons**

1.     **No Reasonable Jury Could Find That Samsung Knew of the '417 and '608 Patents Before Netlist Asserted Them in Its Complaints**

The Court should enter summary judgment of no pre-suit willfulness for the '417 and '608 patents because Netlist has adduced no evidence showing that Samsung knew of these patents before Netlist asserted them in its Complaints. *See Gustafson*, 897 F.2d at 511.  **First**, Netlist identified documents that do not mention either patent; at most, they mention other, related patents. Ex. 7; Ex. 14 at 8-21; Ex. 15; Ex. 16; Ex. 17; Ex. 18.  Netlist also identified █████████████████████, which again mentions neither patent, but only relatives.  Ex. 14 at 11; SSMF ¶6.  Mere knowledge of a patent family is insufficient to prove knowledge for willfulness purposes. *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662-JRG-RSP, 2019 WL 1987172, at *2 (E.D. Tex. April 12, 2019).

**Second**, Netlist pointed to Samsung's participation in JEDEC, but nothing about that indicates knowledge of the '417 or '608 patents.  Ex. 14 at 21.  Even assuming Netlist disclosed applications related to the '417 patent to JEDEC, there is no evidence Netlist ever disclosed the '417 or '608 patents themselves. *Id.*  As just discussed, knowledge of applications or of related patents is insufficient. **Third**, Netlist cited a patent list that it produced in the C.D. Cal. Case to **outside counsel only**.  Ex. 14 at 11; Ex. 10; Ex. 11.  Critically, █████████████████████████ ████████████████████████████████████████████ and in any event, the list contains no allegation by Netlist that Samsung infringed the '417 or '608 patents.  SSMF ¶8; Ex. 10; Ex. 11; Ex. 14 at 11.  No reasonable jury could find that Samsung pursued "deliberate and intentional" infringement based on that list.

There is likewise no evidence that Samsung knew of the '417 and '608 patents during the negotiations that led to the JDLA.  Netlist alleges that notice was provided through various presentations during negotiations, but the identified presentations (again) merely identify related patents, and not the patents themselves. *See* Ex. 14 at 10-18; Ex. 7; Ex. 21.  In fact, the '417 and '608

████████████████████████████

patents had not even issued before the parties signed the JDLA in 2015.  SSMF ¶¶1, 2.  Summary judgment of no pre-suit willfulness for the '417 and '608 patents is warranted.

> ### 2. Netlist Has Not Shown Any Deliberate or Intentional Infringement Given Samsung's Good Faith in Its Defenses

Samsung engaged in no deliberate or intentional infringement after the Complaints, either.  First, as discussed above, Samsung has a good faith belief that it remains licensed to the asserted patents under the JDLA.  Second, Samsung has presented detailed evidence and argument, in this Court and to the PTAB, indicating that the asserted patents are invalid and not infringed.  Samsung filed IPR petitions on all asserted claims of the '417 and '608 patents shortly after Netlist asserted them, and the PTAB has instituted IPR for all of them, finding "Petitioner has shown a reasonable likelihood" that the challenged claims are unpatentable.  *See* Ex. 4 at 2; Ex. 5 at 2; SSMF ¶2; *see also* Dkt. 285 at 2-3.  At the very least, these petitions, and the PTAB's institutions, demonstrate the reasonableness of Samsung's belief in invalidity.  Because Samsung has reasonable defenses, held in good faith, no reasonable jury could find deliberate or intentional infringement after the Complaints.

> ### D. The ████████████████████ Does Not Show That Samsung Knew It Was Infringing the Asserted Patents

Netlist's ████████████████████████ does not suggest knowledge of infringement by Samsung.  Ex. 20; Ex. 14 at 11-12.  In *EDTX1*, Netlist convinced the court that the letter should not be considered because it was an inadmissible settlement offer.  Ex. 12 at 235, 247, 249.  This Court should not permit Netlist to reverse position and present the letter as part of its willfulness case here, *see, e.g., Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (judicial estoppel requirements), and for the reasons in Samsung's forthcoming motion to preclude.

In addition, the letter contains only unsupported assertions contrary to the positions Netlist has taken in this case.  It asserts that Netlist ████████████████████████████████

████████████████████████████████████████  Ex. 20 at 2.  (████████████████

9



. *Id.*)  Although this letter

███████████████████████████████████████████████████████, *id.* at. Ex. A,

███████████████████████████████████████  Indeed, in this case, Netlist

**refused to disclose** its position as to whether any asserted patents are essential to a DDR4 standard,

and its experts have opined **that they are not**.  Ex. 21 at 35; Ex. 14 at 76-77; Ex. 22 at 8, 21, at Ex.

A, ¶¶ 310-18; *id.* at Ex. B, ¶¶ 67 [sic], 626-36; *id.* at Ex. C, ¶¶ 418, 420-24; *see also* Dkt. 128.  The letter

likewise levies no charge of infringement of the asserted patents, but rather asserts that Samsung will

"████████████████████████████████████████████████████████████████████

██████." Ex. 20 at 4; Ex. 14 at 11-12.  The letter does not even have that vague assertion for RDIMMs,

████████████████████████████████████████████. Ex. 20.  Netlist's ██████████████

supports no inference of a deliberate intent to infringe.

### E.     Merely Continuing To Sell the Accused Products Does Not Show Willfulness

The Court should expressly reject Netlist's theory that because Samsung did not cease sales of

accused products upon receiving the Complaints, it is a willful infringer.  That theory flatly contradicts

clear law that there is not "a universal rule that to avoid willfulness one must cease manufacture of a

product immediately upon learning of a patent, or upon receipt of a patentee's charge of infringement,

or upon the filing of suit.  Exercising due care, a party may continue to manufacture and may present

what in good faith it believes to be a legitimate defense without risk of being found on that basis alone

a willful infringer."  *Gustafson*, 897 F.2d at 511.  After all, "[i]f all that is required is the filing of a

complaint and a plausible allegation of infringement" to give rise to post-suit willfulness, "then **every**

**case** would be a willful infringement case."  *Wrinkl, Inc. v. Facebook, Inc.*, No. 20-cv-1345-RGA, 2021

WL 4477022, at *8 (D. Del. Sept. 30, 2021).

## V.     CONCLUSION

Samsung respectfully asks the Court to enter summary judgment of no willful infringement.

████████████████████████

Dated:  January 16, 2024

Respectfully submitted,

By:    */s/ Lauren A. Degnan*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:     (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 16, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

<span style="text-decoration: underline">  /s/ Lauren A. Degnan                   </span>