# Exhibit 3

███████████████████

Trials@uspto.gov            Paper: 20
571-272-7822       Entered: October 19, 2022

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

SAMSUNG ELECTRONICS CO., LTD.,
Petitioner,

v.

NETLIST, INC.,
Patent Owner.

_____

IPR2022-00615
Patent 7,619,912 B2

_____

Before JON M. JURGOVAN, DANIEL R. GALLIGAN, and NABEEL U. KHAN, *Administrative Patent Judges.*

JURGOVAN, *Administrative Patent Judge*.

DECISION
Granting Institution of *Inter Partes* Review
*35 U.S.C. § 314*

IPR2022-00615
Patent 7,619,912 B2

# I. INTRODUCTION

Samsung Electronics Co., Ltd. ("Petitioner") filed a Petition requesting *inter partes* review of claim 16 of U.S. Patent No. 7,619,912 [1] (Ex. 1001, "the '912 patent"). Paper 1 ("Pet."), 4. Netlist, Inc. ("Patent Owner") filed a Preliminary Response. Paper 7 ("Prelim. Resp."). Petitioner filed an authorized Preliminary Reply (Paper 14), and Patent Owner filed an authorized Preliminary Sur-Reply (Paper 15).

We have jurisdiction and authority to institute trial pursuant to 35 U.S.C. §§ 6 and 314(a), and 37 C.F.R. § 42.4(a). Upon consideration of the Petition, Preliminary Response, Reply, and Sur-Reply, we exercise our discretion to institute *inter partes* review under § 314(a).

# II. BACKGROUND

*A. Real Parties-in-Interest*

Petitioner identifies itself and Samsung Semiconductor, Inc. as the real parties-in-interest involved in this case. Pet. 1. Patent Owner identifies itself as the real party-in-interest in this case. Paper 4, 1.

*B. Related Matters*

Petitioner and Patent Owner identify the following as matters that can affect or be affected by this proceeding. *See* Pet. 1–2; Paper 4, 1.

- *Netlist, Inc. v. Google LLC*, 4:09-cv-05718 (N.D. Cal. Dec. 4, 2009)

- *Samsung Electronics Co., Ltd. et al. v. Netlist, Inc.*, 1:21-cv-01453 (D. Del. Oct. 15, 2021)

---

[1] Challenged claim 16 was amended as part of an *inter partes* reexamination, as set forth in the reexamination certification (appended at the end of Ex. 1001).

2

IPR2022-00615
Patent 7,619,912 B2

supported by its priority applications such that Ellsberry is not prior art. Accordingly, we decline to exercise our discretion to deny institution under § 325(d).

Petitioner has shown a reasonable likelihood that claim 16 would have been obvious over Perego-422, the combination of Perego-422 and Amidi, and Ellsberry. Accordingly, we institute inter partes review for claim 16 on all asserted challenges. *See SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348 (2018).

## V. ORDER

For the foregoing reasons, it is

ORDERED that pursuant to 35 U.S.C. § 314(a), an *inter partes* review of claim 16 of the '912 patent is hereby instituted on the grounds of unpatentability set forth in the Petition; and

FURTHER ORDERED that pursuant to 35 U.S.C. § 314(c) and 37 C.F.R. § 42.4, notice is hereby given of the institution of a trial; the trial will commence on the entry date of this decision.

IPR2022-00615
Patent 7,619,912 B2

PETITIONER:

Eliot D. Williams
Theodore W. Chandler
Ferenc Pazmandi
Eric J. Faragi
Brianna L. Porter
BAKER BOTTS LLP
DLSamsungNetlistIPRs@bakerbotts.com
eliot.williams@bakerbotts.com
ted.chandler@bakerbotts.com
ferenc.pazmandi@bakerbotts.com
eric.faragi@bakerbotts.com
brianna.potter@bakerbotts.com


PATENT OWNER:

Hong Annita Zhong
Jason Sheasby
IRELL & MANELLA LLP
hzhong@irell.com
jsheasby@irell.com
netlistIPR@irell.com

60