UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>    Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>    Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S *DAUBERT* MOTION AND MOTION TO STRIKE
EXPERT TESTIMONY OF MR. PETER GILLINGHAM**

**TABLE OF CONTENTS**

TABLE OF EXHIBITS ................................................................................................................. iv

TABLE OF ABBREVIATIONS .................................................................................................. iv

I.    INTRODUCTION .............................................................................................................. 1

II.   GOVERNING LAW ........................................................................................................... 1

        A.    Rule 702 *Daubert*................................................................................................... 1

        B.    Motions To Strike Untimely Theories ................................................................... 2

III.  ARGUMENT ...................................................................................................................... 2

        A.    The Court Should Strike Mr. Gillingham's Untimely New Opinions Regarding Standard Essentiality................................................................................ 2

                1.    Netlist Failed To Disclose Mr. Gillingham's Standard Essentiality Opinions ........................................................................... 3

                2.    Samsung Is Prejudiced and Exclusion Is the Appropriate Remedy .................................................................................................. 7

        B.    The Court Should Strike Mr. Gillingham's Opinions Regarding Netlist's and Samsung's Alleged State of Mind .......................................................... 8

        C.    The Court Should Strike Mr. Gillingham's Opinion Regarding JEDEC's Coordination with Samsung as Irrelevant and Highly Prejudicial .......................................................................................................... 11

IV.  CONCLUSION................................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barrett v. Atl. Richfield Co.*,
 95 F.3d 375 (5th Cir. 1996) ............................................................................................................2

*Comput. Acceleration Corp. v. Microsoft Corp.*,
 503 F. Supp. 2d 819 (E.D. Tex. 2007) ........................................................................................2, 8

*Daubert v. Merrell Dow Pharms., Inc.*,
 509 U.S. 579 (1993) ............................................................................................................. 1, 6, 12

*Genband US LLC v. Metaswitch Networks Corp.*,
 No. 2:14-CV-33-JRG, 2015 WL 12911530 (E.D. Tex. Sept. 30, 2015) ........................................11

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
 No. 2:16-CV-134-JRG, 2017 WL 2844646 (E.D. Tex. May 19, 2017) .........................................2

*GREE, Inc. v. Supercell Oy*,
 No. 2:19-CV-70-JRG, 2020 WL 4288350 (E.D. Tex. July 27, 2020) ..........................................10

*Johnson v. Arkema, Inc.*,
 685 F.3d 452 (5th Cir. 2012) ............................................................................................... 1, 2, 13

*Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*,
 964 F. Supp. 2d 653 (E.D. Tex. 2013) ............................................................................................8

*Magnivision, Inc. v. Bonneau Co.*,
 115 F.3d 956 (Fed. Cir. 1997) .......................................................................................................12

*Meganathan v. Signal Int'l L.L.C.*,
 No. 1:13-CV-497, 2015 WL 11109846 (E.D. Tex. June 26, 2015) ..............................................11

*Moore v. Ashland Chem. Inc.*,
 151 F.3d 269 (5th Cir. 1998) (en banc) ..........................................................................................1

*Netlist, Inc. v. SK hynix Inc.*,
 No. 6:20-CV-194, Dkt. 1 (W.D. Tex. Mar. 17, 2020) ....................................................................5

*Opticurrent, LLC v. Power Integrations, Inc.*
 No. 17-CV-3597, Dkt. 186 (N.D. Cal. Jan. 7, 2019) ....................................................................11

*Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*,
 No. 4:15-CV-307, 2018 WL 626355 (E.D. Tex. Jan. 30, 2018) ...................................................10

*Retractable Techs. Inc. v. Abbott Lab'ys, Inc.*,
   No. 5:05-CV-157, 2010 WL 11531436 (E.D. Tex. June 18, 2010) .................................9, 10

*Stephenson v. Caterpillar, Inc.*,
   No. 2:16-CV-71-JRG, 2018 WL 5831314 (E.D. Tex. Nov. 7, 2018) ...............................11

*Thomas v. PFG Transco, Inc.*,
   501 F. Supp. 3d 437 (E.D. Tex. 2020) .................................................................................8

*United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*,
   No. 2:18-CV-366-JRG, 2019 WL 6896674 (E.D. Tex. Dec. 18, 2019) ..........................11

*WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*,
   No. W-20-CV-952, 2022 WL 174517 (W.D. Tex. Jan. 18, 2022) .......................................4

## Other Authorities

Fed. R. Civ. P. 37 ...........................................................................................................................2

Fed. R. Civ. P. 26 ...........................................................................................................................3

Fed. R. Evid. 702 .............................................................................................................. 1, 11, 12

Patent Standing *Limine* Order, Aug. 11, 2023.............................................................................12

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | 2023-12-21 Gillingham Corrected Rebuttal Report (excerpts) |
| 2 | 2022-12-08 Netlist's Initial Disclosures |
| 3 | 2024-01-11 Gillingham Deposition Transcript (excerpts) |
| 4 | 2023-04-07 Samsung's Second Set of Interrogatories Nos. 3-22 |
| 5 | 2023-06-28 Samsung's Third Set of Interrogatories No. 23 |
| 6 | 2022-06-28 Samsung's First Set of Requests for Admission Nos. 1-12 |
| 7 | 2023-05-12 Letter from Tishman to Werner re Initial Disclosures |
| 8 | 2023-06-22 Letter from Tishman to Sheasby re Interrogatory Deficiencies |
| 9 | 2023-11-19 Netlist's Fourth Supplemental Responses and Objections to Samsung's Second Set of Interrogatories Nos. 3-22 (excerpts) |
| 10 | 2023-07-28 Netlist's Responses and Objections to Samsung's Third Set of Interrogatories No. 23 |
| 11 | 2023-07-28 Netlist's Responses and Objections to Samsung's First Set of Requests for Admissions Nos. 1-12 |
| 12 | 2022-06-08 Netlist "Proposal for Essential LRDIMM License and Request for In-Person Meeting" Letter to Samsung (NETLIST_SAMSUNG_EDTX00037348) |
| 13 | 2023-11-13 Netlist's Responses and Objections to Samsung's Fourth Set of Interrogatories Nos. 24-30 |
| 14 | 2023-12-21 Mangione-Smith Rebuttal Report (excerpts) |
| 15 | 2022-12-16 Chuck Hong Deposition Transcript (excerpts) |
| 16 | 2022-12-07 Mario Martinez Deposition Transcript (excerpts) |
| 17 | 2023-08-09 Defendants' Notice of Subpoenas to JEDEC Solid State Technology Association with Attachments (excerpts) |
| 18 | 2023-08-23 JEDEC Response to Defendants' Subpoenas |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| '912 patent | U.S. Patent No. 7,619,912 |
| '417 patent | U.S. Patent No. 11,093,417 |
| '608 patent | U.S. Patent No. 10,268,608 |

## I. INTRODUCTION

Plaintiff's expert Mr. Peter Gillingham offers numerous unsupported opinions that were not disclosed during fact discovery and that are otherwise inadmissible. As such, Samsung asks the Court to strike the following opinions: (1) new theories regarding the standard essentiality of the asserted patents, (2) unqualified, unreliable opinions regarding Netlist's and Samsung's alleged state of mind, and (3) irrelevant and unduly prejudicial statements regarding alleged collaboration between Samsung and third party JEDEC.[1]

## II. GOVERNING LAW

### A. Rule 702 *Daubert*

An expert may testify only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). The proponent of expert opinions must demonstrate admissibility by a preponderance of the evidence. Fed. R. Evid. 702; *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc). While "[t]he inquiry envisioned by Rule 702 is . . . a flexible one," Rule 702 also "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.

"The relevance prong requires . . . demonstrat[ing] that the expert's 'reasoning or methodology can be properly applied to the facts in issue.'" *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (quoting *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999)). "The reliability prong

---

[1] The JEDEC Solid State Technology Association ("JEDEC") is a standard setting organization for developing the industry standards at issue in this case. *See, e.g.*, Dkt. 1 at ¶ 15.

1

mandates that expert opinion 'be . . . more than unsupported speculation or subjective belief.'" *Id.* Although a "proponent need not prove . . . that the expert's testimony is correct . . . she must prove by a preponderance of the evidence that the testimony is reliable." *Id.* (quoting *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc)).

### B. Motions To Strike Untimely Theories

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007). The Fifth Circuit uses a four-factor test to exclude expert testimony based on undisclosed information: (1) the explanation, if any, for the party's failure to provide discovery; (2) the prejudice to the opposing party of allowing the expert to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the expert evidence. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). The movant carries the burden on this issue. *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-134-JRG, 2017 WL 2844646, at *1 (E.D. Tex. May 19, 2017).

## III. ARGUMENT

### A. The Court Should Strike Mr. Gillingham's Untimely New Opinions Regarding Standard Essentiality

Samsung asks the Court to strike Mr. Gillingham's new opinions regarding standard essentiality of the asserted patents. Ex. 1, ¶¶ 117-30. Despite Samsung's repeated requests and related motions practice, Netlist refused to provide its position on standard essentiality during fact discovery. The Court should not permit Netlist to deliberately withhold its theory of essentiality only to spring it on Samsung in rebuttal expert reports. Mr. Gillingham's late disclosures unduly prejudice Samsung. *See* Fed. R. Civ. P. 37(c)(1); Samsung's forthcoming Motion To Preclude Evidence Regarding Essentiality of the Asserted Patents.

### 1. Netlist Failed To Disclose Mr. Gillingham's Standard Essentiality Opinions

On December 8, 2022, Netlist served its initial disclosures. Despite the requirement for Netlist to provide "a computation of each category of damages claimed," including "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered," Netlist provided no such calculation. Fed. R. Civ. P. 26(a)(1)(A)(iii); Ex. 2. Nor did Netlist disclose its position on whether the asserted patents are essential to the JEDEC standards, which affects whether the damages must comply with a RAND limitation. *See* Ex. 1, ¶ 131; Ex. 3 at 170:5-13.

Faced with Netlist's failure to disclose its damages contention, Samsung repeatedly requested Netlist's position on whether its asserted patents are essential to the JEDEC standards. On April 7, 2023, Samsung served Interrogatory No. 21 asking Netlist to describe its factual and legal basis for whether the asserted claims are essential to any standard and whether the patents are subject to any licensing limitations, such as RAND terms. Ex. 4 at 12. Further, on June 28, 2023, Samsung served Interrogatory No. 23 asking Netlist to identify elements of the asserted claims (if any) that are not required by the JEDEC standards. Ex. 5 at 6. On the same day, Samsung also served Requests for Admission Nos. 1-12 asking Netlist whether the asserted claims are essential to the JEDEC standards. Ex. 6 at 3-4.

Netlist repeatedly refused to provide substantive responses to these discovery requests—despite being required to already have done so in its initial disclosures. Samsung first raised Netlist's deficiencies in responding to those discovery requests in a letter dated May 12, 2023, noting that whether the asserted claims are standard essential is information ▬▬▬▬▬▬▬ and should have been included in Netlist's Initial Disclosures. Ex. 7 at 2. On June 22, 2023, Samsung again notified Netlist of these deficiencies. Ex. 8 at 3-4. When Netlist still refused to substantively respond to these discovery requests, Samsung was forced to move to compel Netlist to provide its

3

position on standard essentiality. Dkt. 128.[2] With discovery closed, Netlist should be foreclosed from declaring a position, having declined to do so numerous times during discovery.

Despite Samsung's efforts, the only response that Netlist ever provided was to allege that standard essentiality is the subject of expert testimony. For example, in its response to Interrogatory No. 21, Netlist stated ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 9 at 77. In response to Interrogatory No. 23, Netlist similarly responded that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 10 at 8. Netlist gave the same response to each of Samsung's Requests for Admission Nos. 1-12, and, on that basis, denied each of those Requests for Admission. Ex. 11 at 7-16. Thus, Netlist never stated during fact discovery whether it believes any of the asserted claims is essential to the JEDEC standards practiced by the products at issue.

Contrary to Netlist's arguments, however, determining whether the asserted claims are essential to the JEDEC standards does not require an expert. *WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*, No. W-20-CV-952, 2022 WL 174517, at *2 (W.D. Tex. Jan. 18, 2022) ("WSOU must confirm whether the asserted patents are standard essential. The Court is not persuaded that this is an issue reserved for the experts."). As Mr. Gillingham acknowledges, whether Netlist believes the asserted claims are essential to the JEDEC standards is a fact in Netlist's control. Ex. 1, ¶¶ 91-98 (describing member companies' responsibility to disclose Potentially Essential Patents to JEDEC). The JEDEC Patent Policy states that a patent is potentially essential if it contains one or more claims

---

[2] Samsung's motion was fully briefed but never decided prior to the close of discovery. *See* Dkt. 128; Dkt. 141. With fact discovery closed, the parties have since agreed the motion is moot but disagree as to its impact. Dkt. 322 at 2.

4

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

that "would necessarily be infringed by . . . a product in order to be compliant with the required portions of a final approved JEDEC standard." *Id.*, ¶ 93. Parties routinely perform such comparisons without expert analysis, and it is highly similar to the disclosure of infringement contentions that this Court requires from plaintiffs at the outset of the case. Here, it is clear that Netlist did in fact perform an analysis of the JEDEC standards. For example, Netlist's Complaints and P.R. 3-1 Infringement Contentions in this action rely extensively on a comparison of the asserted claims to various JEDEC standards. *See* Dkt. 1-2; Dkt. 12 at ¶¶ 42-47, 54, 56, 58-60; Dkt. 12-5; Dkt. 12-7; Dkt 12-8; Dkt. 12-9; Dkt. 100 at ¶¶ 47-52, 59, 61, 63-65, 73, 76-78; Dkt. 100-7; Dkt. 100-8; Dkt. 100-9. Netlist also compared Samsung's accused products to the asserted claims as evidence of alleged infringement without the aid of a reported expert. *See generally* Dkt. 1-2; Dkt. 12 at ¶¶ 35-47, 52-60; Dkt. 12-5; Dkt. 100 at ¶¶ 38, 43-52, 57-65, 70-78.

Just as Netlist compared the JEDEC standards and accused products to the asserted claims for purposes of infringement, Netlist could have compared the JEDEC standards to the asserted claims to determine its position on essentiality. Netlist could have based its analysis on its interpretation of the claims as the patentee. In fact, Netlist has a history of identifying other patents as "standard essential" as early as the filing of a complaint, yet Netlist refused to take a position here during discovery. *See*, *e.g.*, *Netlist, Inc. v. SK hynix Inc.*, No. 6:20-CV-194, Dkt. 1, ¶ 2 (W.D. Tex. Mar. 17, 2020) ("The Asserted Patents are therefore 'standard essential.'"). If Netlist believed it required expert support to conduct the essentiality analysis, it was incumbent upon Netlist to secure that support. Nothing in this Court's rules permit a litigant to shirk its disclosure obligations because it has delayed to secure whatever analysis or support it requires. Indeed, a mere two months before filing its initial complaint here, on June 8, 2022, Netlist characterized the asserted patents as ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (albeit without providing any support or

5

analysis to substantiate this assertion).³ Ex. 12 at 2. In light of this letter, Netlist plainly had a belief that the asserted patents are standard essential for DDR4. Yet, it intentionally refused to disclose this belief during discovery in this case.⁴

For whatever reason, Netlist withheld its opinions on standard essentiality until serving its **rebuttal expert reports** on December 21, 2023—less than a month ago and over a year since this case was first filed. There, and for the first time, Netlist's expert Mr. Gillingham opines that none of the asserted patents is essential to the JEDEC standards. Ex. 1, ¶¶ 117-30.⁵ As to the asserted '608 patent, Mr. Gillingham concludes that ▮▮▮▮▮▮ *Id.*, ¶ 122. Mr. Gillingham similarly concludes that the asserted '912 and '417 patents are not standard essential because they claim features that are optional in the JEDEC standards. *Id.*, ¶¶ 123-130. First, Mr. Gillingham opines that the '912 and '417 patents are not essential because they require a ▮▮▮▮▮▮ *Id.*, ¶¶ 123-25. Second, ▮▮▮▮▮▮ Mr. Gillingham concludes that JEDEC ▮▮▮▮▮▮ *Id.*, ¶¶ 128-29. As to the '912 patent, Mr. Gillingham further opines that ▮▮▮▮▮▮ *Id.*, ¶¶ 126-127.

---

³ It should be noted that Netlist's June 8, 2022 letter does not say anything about essentiality of the asserted patents to DDR4 RDIMMs, ▮▮▮▮▮▮ .

⁴ Netlist notably did not refer to the June 2022 letter in its responses to Interrogatory Nos. 21 and 23, but did cite it in response to other interrogatories relating to alleged pre-suit notice and willful infringement. Ex. 9 at 11-12, 30; Ex. 13 at 8.

⁵ Netlist's infringement expert Dr. Mangione-Smith also opines on the essentiality of the asserted patents in his rebuttal report. Ex. 14 at Ex. A, ¶¶ 310-328; Ex. B, ¶¶ 67 [sic], 626-635; Ex. C, ¶¶ 418, 420-424. Samsung addresses those opinions separately in its *Daubert* Motion and Motion To Strike Expert Testimony of Dr. Mangione-Smith.

6

There is no basis for Netlist to have withheld these positions and bases from discovery. Mr. Gillingham's conclusion that a feature is optional ███████████████████████████ of the JEDEC standards does not require expert analysis. Netlist could have conducted its own review of the JEDEC standards without an expert, and certainly could have consulted its experts before the close of discovery if needed. Netlist demonstrated the ability to compare the asserted claims to Samsung's products and the JEDEC standards for purposes of infringement but feigned inability to do so to determine essentiality.

## 2. Samsung Is Prejudiced and Exclusion Is the Appropriate Remedy

Netlist cannot justify its late disclosure. As a JEDEC member, Netlist had access to the JEDEC standards and was fully capable of comparing the asserted claims to those standards but concealed its positions on essentiality until the rebuttal reports of its experts. Mr. Gillingham's belated opinions on standard essentiality unduly prejudice Samsung. Whether Netlist's asserted patents are essential to the JEDEC standards has far-reaching impacts on this case. Netlist's position regarding essentiality materially affects Netlist's duty of disclosure to JEDEC, whether Netlist had, and complied with, an obligation to license the patents on RAND terms, as well as infringement and validity. Whether Netlist views its patents as RAND encumbered also impacts how Samsung would prepare its rebuttal damages case.

Because fact discovery is closed, however, Samsung has no opportunity to conduct any discovery into Mr. Gillingham's new theories. For example, had Netlist identified during fact discovery the claim elements it now contends are not required by the DDR4 standards, Samsung could have conducted discovery to determine whether those elements are in fact optional. Such disclosures also would have allowed Samsung to more fully develop non-infringing alternatives surrounding those claim elements. Instead, Netlist made sure Samsung had no opportunity to scrutinize Netlist's positions by waiting until the very last opportunity—Mr. Gillingham's **rebuttal** expert report—to

7

reveal its position on essentiality. Mr. Gillingham's last-minute opinions should be stricken because Samsung was deprived the opportunity to test Netlist's theories regarding essentiality (or lack thereof). *See Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 659 (E.D. Tex. 2013) (precluding marking defense where defendant did not explain its defense in its interrogatory response, because "[s]uch failure prejudices [plaintiff] because it deprives [it] of a meaningful opportunity to conduct fact discovery to test [defendant's] marking theory").

Other factors also counsel for exclusion. Mr. Gillingham's new opinions on standard essentiality are not critical to Netlist's case. Netlist can present its infringement case without Mr. Gillingham's opinions on essentiality, as Dr. Mangione-Smith purports to rely on evidence of the accused products to prove infringement. *See* Ex. 14 at Ex. A, ¶¶ 310-328; Ex. B, ¶¶ 67 [sic], 626-635; Ex. C, ¶¶ 418, 420-424. Further, as explained above, Netlist was on notice of the requirement to provide its position on standard essentiality. Netlist's refusal to do so confirms the appropriateness of the remedy. *See Comput. Acceleration*, 503 F. Supp. 2d at 822 ("The local patent rules exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." (quotations omitted)). Finally, a continuance will not cure the prejudice to Samsung because fact discovery is closed, and trial is less than three months away.

Therefore, Samsung respectfully asks the Court to strike Mr. Gillingham's untimely opinions on standard essentiality, including those provided in ¶¶ 117-30 of his report.

### B.     The Court Should Strike Mr. Gillingham's Opinions Regarding Netlist's and Samsung's Alleged State of Mind

Mr. Gillingham's allegations regarding Netlist's and Samsung's motives and intent when participating in JEDEC constitute inadmissible opinions on a party's state of mind. "An expert witness's credentials put him in no better position to opine as to Defendant's state of mind than the jury." *Thomas v. PFG Transco, Inc.*, 501 F. Supp. 3d 437, 444 (E.D. Tex. 2020). Indeed, these types of

8

opinions are "matters which a jury is capable of understanding without an expert's help." *Retractable Techs. Inc. v. Abbott Lab'ys, Inc.*, No. 5:05-CV-157, 2010 WL 11531436, at *6 (E.D. Tex. June 18, 2010).

Throughout his report, Mr. Gillingham adopts the testimony of Netlist's witnesses as his own to opine on each of the parties' state of mind with respect to several issues, including: (1) Netlist's fear that other companies in JEDEC would appropriate its technology without proper compensation, and (2) Samsung's and Netlist's motives for participating in JEDEC.

In particular, Mr. Gillingham opines that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1, ¶ 54 (emphasis in original). According to Mr. Gillingham, it is this fear that previously motivated Netlist to refuse to offer licensing its patents on RAND terms and to withdraw from JEDEC. *Id.*, ¶¶ 48-49 (opining that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" and therefore ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ quoting Ex. 15 at 198:22-199:3)). However, the only support Mr. Gillingham musters for his opinion is the self-serving testimony of Netlist's CEO, Mr. Chuck Hong. *Id.*, ¶¶ 48-49 (citing Ex. 15 at 197:16-19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ 198:22-199:3, 189:10-25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ 52, 54 (citing Ex. 15 at 191:22-192:7, 192:22-25).

Mr. Gillingham also opines on Samsung's and Netlist's intent and motive for participating in JEDEC. Mr. Gillingham asserts his belief that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1, ¶ 58; *see also id.*, ¶ 39 (quoting Ex. 16 at 219:21-220:14 (describing Samsung as a

9

███████ trying to ████████████████████████████████████████████

████████████)).[6] As to Netlist, Mr. Gillingham cites subjective feelings of ██████████

██████████ to justify Netlist's decision ████████████████████████████████

████████████████ *Id.*, ¶¶ 39, 50, 54. In doing so, Mr. Gillingham dismisses any suggestion that Netlist was motivated to join JEDEC ████████████████████████████████

████████████ *Id.*, ¶ 54. Again, Mr. Gillingham supports his opinions only by parroting the statements of Netlist's witnesses, including Mr. Hong and its JEDEC representative Mr. Mario Martinez. *See id.*, ¶¶ 39, 50.

These unqualified and speculative opinions regarding Samsung's and Netlist's alleged state of mind should be excluded. *See EDTX1*, Dkt. 432, at 6 (E.D. Tex. Apr. 5, 2023) (excluding Netlist's expert from opining on Samsung's state of mind); *GREE, Inc. v. Supercell Oy*, No. 2:19-CV-70-JRG, 2020 WL 4288350, at *2 (E.D. Tex. July 27, 2020) ("[I]t is undisputed that it is improper for an expert to opine as to the subjective belief or intent of a corporate entity."); *Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*, No. 4:15-CV-307, 2018 WL 626355, at *3 (E.D. Tex. Jan. 30, 2018) ("A trial court may strike expert testimony that evaluates a party's state of mind, as that evaluation is within the province of the jury." (quotations omitted)); *Retractable Techs.*, 2010 WL 11531436, at *5 ("[I]ntent, motives or states of mind of corporations . . . have no basis in any relevant body of knowledge or expertise." (quotations omitted)). Mr. Gillingham is a technical expert, not a mind reader or behavioral psychologist and cannot testify as to the intent or motive behind Samsung's and Netlist's participation in JEDEC, nor could he know the subjective value that Samsung attributes to Netlist's participation in JEDEC. *See* Ex. 1, ¶¶ 39 (quoting Ex. 16 at 220:21-24 ████████████████████

████████████████████████████████████████████████████████████ 50.

---

[6] Mr. Gillingham appears to provide similar state of mind opinions with respect to Defendant Micron's participation in JEDEC. *See, e.g.*, Ex. 1, ¶¶ 61-62.

Moreover, Mr. Gillingham's basis for these opinions is unreliable. Instead of basing his opinions on factual analysis, Mr. Gillingham merely endorses the opinions of Netlist's interested fact witnesses. Ex. 3 at 171:1-173:7, 176:12-181:1; *United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 2:18-CV-366-JRG, 2019 WL 6896674, at *2 (E.D. Tex. Dec. 18, 2019) (striking portions of an expert's report that "do nothing other than parrot from the documents and witnesses without adding any expert analysis" (quotations omitted)); *Meganathan v. Signal Int'l L.L.C.*, No. 1:13-CV-497, 2015 WL 11109846, at *13 (E.D. Tex. June 26, 2015) (excluding defendant's expert's opinions that "largely parrot [defendant's] theory of the case" (quotations omitted)); *see also Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG, 2015 WL 12911530, at *2 (E.D. Tex. Sept. 30, 2015) ("Experts must undertake their own analysis and may not blindly rely on the opinions of others."). An expert may not pass along to the jury the say-so of his client under the guise of expert opinion. *See Stephenson v. Caterpillar, Inc.*, No. 2:16-CV-71-JRG, 2018 WL 5831314, at *4 (E.D. Tex. Nov. 7, 2018) (finding that expert opinions in the form of "a factual conclusion, not an opinion, and . . . not within [the expert's] personal knowledge . . . will not be given the imprimatur of an expert opinion, and must be excluded"); *Opticurrent, LLC v. Power Integrations, Inc.* No. 17-CV-3597, Dkt. 186, at 1 (N.D. Cal. Jan. 7, 2019) (excluding expert when "he simply became a mouthpiece for plaintiff's theory . . . in violation of Federal Rule of Evidence 702 standards").

Accordingly, Samsung respectfully requests that the Court strike Mr. Gillingham's opinions regarding Samsung's and Netlist's alleged state of mind regarding their participation in JEDEC, including those set forth in ¶¶ 39, 48-50, 52, 54, and 58 of his report.

### C. The Court Should Strike Mr. Gillingham's Opinion Regarding JEDEC's Coordination with Samsung as Irrelevant and Highly Prejudicial

Mr. Gillingham accuses Samsung and JEDEC of ▬▬▬▬▬ to defend against Netlist's litigations, solely because ▬▬▬▬▬ ▬▬▬▬▬ Ex. 1, ¶ 60. Samsung requests that the Court strike

11

these opinions as both irrelevant to this case and unduly prejudicial to Samsung.

Rule 702 "requires that the evidence or testimony assist the trier of fact to understand the evidence or to determine a fact at issue." *Daubert*, 509 U.S. at 591 (quotations omitted). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id.* (quotations omitted). Further, the Federal Rules of Evidence require that expert testimony be "free of unfair prejudice." *Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956, 958 (Fed. Cir. 1997).

In his report, Mr. Gillingham alleges that Samsung has a close relationship with JEDEC, pointing to Samsung's subpoenas to JEDEC in *EDTX1* and this action, and noting that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1, ¶ 60. In this case, JEDEC granted Samsung's outside counsel limited access to the JEDEC database under Samsung's subpoena, from which the JEDEC documents were assigned Bates numbers and confidentiality designations. Ex. 17; Ex. 18. This is the same JEDEC database to which Netlist has access as a member of JEDEC. Ex. 3 at 187:6-17. Mr. Gillingham cites no evidence of further collaboration between the two.

In addition, Mr. Gillingham fails to explain how the document production procedure is relevant to any issue of the case. *See* Aug. 11, 2023 Patent Standing *Limine* Order, Court MIL No. 1 (precluding parties from offering "evidence, testimony, or argument regarding pretrial proceedings or issues including . . . discovery disputes"). All parties to this action are members of JEDEC with access to the same JEDEC database. Indeed, all parties have produced documents obtained from the JEDEC database under their own Bates numbers. Samsung gained no advantage in this litigation by using the access to JEDEC's database that JEDEC granted pursuant to Samsung's subpoena. Netlist does not even allege that JEDEC denied them similar access.

The jury, however, would likely misinterpret Mr. Gillingham's allegation as suggesting that Samsung and JEDEC have collaborated substantively to gain an unfair advantage in defending against

12

Netlist's infringement claims. Such allegation is untrue and based on pure speculation. *See Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) ("The reliability prong mandates that expert opinion be…more than unsupported speculation or subjective belief." (quotations omitted)). The insinuation alone would be highly prejudicial to Samsung. For example, a jury may mistakenly view Samsung's assistance as showing that Samsung purportedly ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 1, ¶ 39.

Thus, the Court should exclude Mr. Gillingham's irrelevant and prejudicial allegations of collaboration between Samsung and JEDEC in Netlist's litigations. Ex. 1, ¶ 60.

## IV. CONCLUSION

Samsung respectfully requests that the Court grant Samsung's motion.

Dated: January 16, 2024                   Respectfully submitted,

By:   */s/ Francis J. Albert*

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:    (903) 934-8450<br>Facsimile:      (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C. |

13

| | |
|---|---|
| Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone: (415) 591-7091<br>Facsimile: (415) 955-6571 | 12860 El Camino Real, Ste. 400<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile: (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 16, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

                                                                    */s/ Francis J. Albert*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on January 16, 2024. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that they oppose this motion.

                                                                    */s/ Daniel A. Tishman*

15