UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION TO PRECLUDE EVIDENCE
REGARDING THE ALLEGED ESSENTIALITY OF THE ASSERTED PATENTS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

TABLE OF EXHIBITS ........................................................................................................................ iii

TABLE OF ABBREVIATIONS ........................................................................................................... iii

I.     FACTUAL BACKGROUND .................................................................................................. 1

       A.     Netlist Relied on Only JEDEC Standards for Its Complaint, Suggesting a Standard-Essential Patent Damages Case ............................................. 1

       B.     Netlist Refused To Provide Discovery Regarding Essentiality ................................. 1

       C.     Samsung Was Forced To File a Motion To Compel ................................................... 3

       D.     Netlist's Counsel Announced Netlist's "Likely" Positions on Essentiality in Open Court During Claim Construction ......................................... 3

       E.     Netlist Waited Until Rebuttal Expert Reports To Take a Position ............................ 3

       F.     Samsung's Position on Essentiality ............................................................................. 4

II.     ARGUMENT ............................................................................................................................. 4

       A.     Netlist Failed To Meet Its Disclosure Obligations .................................................... 4

       B.     This Court Should Preclude Netlist from Discussing Essentiality at Trial, Responding to Samsung's Positions on Essentiality, and Presenting Any Damages Analysis for the Accused Products in General ................................................................................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Genband US LLC v. Metaswitch Networks Corp.*,
  No. 2:14-CV-33-JRG-RSP, 2016 WL 122969 (E.D. Tex. Jan. 9, 2016)............................5

*Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*,
  964 F. Supp. 2d 653 (E.D. Tex. 2013) ............................................................................6

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*,
  382 F.3d 546 (5th Cir. 2004)............................................................................................5

*Woods v. DeAngelo Marine Exhaust, Inc.*,
  692 F.3d 1272 (Fed. Cir. 2012)........................................................................................4

**Other Authorities**

Fed. R. Civ. P. 26 ..............................................................................................................4

Fed. R. Civ. P. 30 ..............................................................................................................2

Fed. R. Civ. P. 37 ..............................................................................................................5

**TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | 2022-06-08 Netlist "Proposal for Essential LRDIMM License and Request for In-Person Meeting" Letter to Samsung (NETLIST_SAMSUNG_EDTX00037348) |
| 2 | 2023-11-19 Netlist Revised 4th Amd. Suppl. Resp. & Obj. to 2nd Set of Interrogs. (excerpts) |
| 3 | 2023-07-28 Netlist Resp & Obj 3d Set of Rogs No 23 |
| 4 | 2023-09-18 Samsung Defs.' Notice Rule 30(b)(6) Dep. of Netlist |
| 5 | 2023-11-20 Milton Dep. Tr. (excerpts) |
| 6 | 2023-11-19 Hong Dep. Tr. (excerpts) |
| 7 | 2023-11-15 Hobbs Dep. Tr. (excerpts) |
| 8 | 2023-11-13 Martinez Dep. Tr. (excerpts) |
| 9 | 2023-12-21 Mangione-Smith Rebuttal Report (excerpts) |
| 10 | 2023-11-20 Samsung Suppl. Resp. & Obj. Netlist 1st Amended Set of Interrogs. (excerpts) |
| 11 | 2023-11-20 Initial Expert Report Joseph C. McAlexander III (excerpts) |
| 12 | 2023-12-21 Rebuttal Expert Report Joseph C. McAlexander III (excerpts) |
| 13 | 2023-12-21 Rebuttal Expert Report Laura R. Kindler (excerpts) |
| 14 | 2023-11-13 Netlist Resp & Obj. Samsung 4th Set of Rogs Nos 24-30 (excerpts) |

\*   Samsung is filing, concurrently herewith, an unopposed motion for leave to exceed the 5-page limit on attachments to discovery-related motions.

**TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| '912 patent | U.S. Patent No. 7,619,912 |
| '215 patent | U.S. Patent No. 9,858,215 |
| '608 patent | U.S. Patent No. 10,268,608 |
| '417 patent | U.S. Patent No. 11,093,417 |
| *EDTX1* | *Netlist Inc. v. Samsung Electronics Co. Ltd.*, No. 2:21-CV-463 (E.D. Tex.) |

The Court should preclude Netlist from taking any position at trial as to whether the asserted patents are standard essential. Despite Samsung's repeated requests and related motions practice, Netlist steadfastly refused to provide its position on standard essentiality during fact discovery. Netlist should not be able to present theories that it deliberately withheld at the expense of Samsung.

## I.  FACTUAL BACKGROUND

### A.  Netlist Relied on Only JEDEC Standards for Its Complaint, Suggesting a Standard-Essential Patent Damages Case

Netlist's allegations have implicated JEDEC standards since the outset of this case. Before filing suit, Netlist sent Samsung a ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ inviting Samsung to take a license to Netlist's ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 1 at 2. Netlist's Complaint asserting the '912 patent references the JEDEC standard (Dkt. 1, ¶¶15, 30; Dkt 1-1 at 1-36), and the attached claim chart relies on the JESD No. 21C specification and other JEDEC standards for every limitation of claim 16 (Dkt. 1-2 at 1-36). Netlist's First Amended Complaint (Dkt. 12) adding the '417 and '215 patents also relies on JEDEC standards (JESD 82-31A, JESD 82-32A) as alleged proof of infringement. *Id.*, ¶¶38, 52; Dkt. 12-2 at 9, 11-13; Dkt. 12-3 at 4-5, 7, 10; Dkt. 12-8; Dkt. 12-9. Netlist's Third Amended Complaint adding the '608 patent (Dkt. 100, ¶69) also relies on JEDEC standards (JESD 82-32A) to support its infringement case. *Id.*, ¶¶73, 76-78; Dkt. 100-7.

### B.  Netlist Refused To Provide Discovery Regarding Essentiality

In *EDTX1*, Netlist changed its position on essentiality well after the close of fact discovery. As this Court noted, "[Netlist] made a change of position . . . late in the process, after discovery had been completed, [and] after preparation to go to trial had effectively been completed." *EDTX1*, Dkt. 538 at 167:19-22. To ensure that Netlist fairly and timely disclose its essentiality position in this case, Samsung served Interrogatory No. 21 on April 7, 2023, seeking Netlist's position on essentiality and the facts on which Netlist intends to rely. Netlist refused to provide its position and instead hedged,

1

stating: ███████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████ Dkt. 128-1, ¶2. On July 18, 2023, Netlist "supplemented" its response but again refused to provide its position. Ex. 2 at 76. In its final response, Netlist stated that ███████████████████████████████████ but otherwise failed to supplement. *Id.* at 77. Notably, DDR3 products are no longer at issue. Dkt. 184. Samsung further served Interrogatory 23 on July 28, 2023, seeking Netlist's position on which asserted claims, if any, were "not required by the applicable JEDEC Standard(s)." Netlist asserted that it required expert analysis and claim construction to determine essentiality. Ex. 3 at 8. Netlist never supplemented this response after receiving the Court's claim construction order.

Samsung also listed four topics in its Rule 30(b)(6) Deposition notice addressing essentiality. Ex. 4 at 15-16. The topics included "the basis for Netlist's proposed RAND royalty calculations" (Topic No. 66); all JEDEC materials which Netlist alleges relate to the subject matter of the asserted patents (Topic No. 68); the basis for why Netlist believes whether "the asserted claim(s), if any, are or are not essential to a standard(s)" (Topic No. 69); and identification of each, if any, asserted claims that Netlist contends "is not required by applicable JEDEC standard(s)" (Topic No. 70). *Id.* Netlist failed to provide a witness that could give sufficient testimony on these topics. Each witness, including the 30(b)(6) witnesses for these topics, Chuck Hong (Topic Nos. 66, 68) and Scott Milton (Topic No. 69),[1] refused to take a position as to the asserted patents' essentiality and either could not, or refused to, provide information related to essentiality and RAND royalty rates. *E.g.*, Ex. 5 at 160:25-163:2; Ex. 6 at 99:22-100:1, 100:19-106:7; 134:24-136:17, 183:2-7, 191:1-19; Ex. 7 at 49:3-50:9, 58:4-9; Ex. 8 at 121:25-122:3, 131:4-140:21.

---

[1] Netlist, further resisting discovery, did not designate a 30(b)(6) witness for Topic No. 70.

2

### C. Samsung Was Forced To File a Motion To Compel

In the face of Netlist's refusal to provide its position, Samsung filed a Motion To Compel Information Regarding Essentiality, Dkt. 128, on August 23, 2023. The motion was fully briefed but not decided prior to the close of fact discovery. This Court referred this and several other outstanding discovery disputes to Hon. David Folsom to resolve them as a Special Master. Dkt. 269. With fact discovery closed, the parties have agreed the motion is moot but still disagree as to its impact, including whether Samsung suffered prejudice. Dkt. 322 at 2, § I.A (reserving rights).

### D. Netlist's Counsel Announced Netlist's "Likely" Positions on Essentiality in Open Court During Claim Construction

Despite Netlist's insistence that it could not take a position without expert analyses, its counsel was apparently able to do so at the *Markman* Hearing in this case. Contrary to Netlist's interrogatory responses, Netlist's counsel stated that ███████████████████████████████████████████████████████████████████████████████████ Dkt. 169 at 9:9-11.[2] Netlist's counsel also volunteered ████████████████████████████████████████████████████████████████████████████████ *Id.* at 108:19-22.[3]

### E. Netlist Waited Until Rebuttal Expert Reports To Take a Position

On December 21, 2023—less than a month ago, and over a year since this case was first filed—Netlist provided an explicit position on essentiality in Dr. Mangione-Smith's Rebuttal Report. Ex. 9. For the '912 patent, Dr. Mangione-Smith states ███████████████████████████[4] *Id.* at Ex. A, ¶113. He opines that the '912 patent ████████████████ *Id.* at Ex. A, ¶¶310-

---

[2] Yet, Netlist's interrogatory response ███████████████████████████. *See* Section II.B.

[3] *Contra* Ex. 2 at 76-78 (taking no position regarding the '417 patent's essentiality).

[4] Before the close of fact discovery, Netlist insisted it needed expert analysis to provide its position on essentiality. After the close of fact discovery, Netlist's sole technical expert, Dr. Mangione-Smith, expressed confusion at the implication of essentiality: █████████████████████████████████ ████████████████████████████████████████████ Ex. 9 at Ex. A, ¶ 113. Netlist plainly never intended to ask its sole technical expert about essentiality of the asserted patents. Only after reading Samsung's technical expert report does Netlist's expert address essentiality at all.

3

18; *see also id.* at Ex. A, ¶¶319-28. For the '417 and '608 patents, he similarly explains his rationale as to why these patents are not essential. *Id.* at Ex. B, ¶¶67 [sic],[5] 626-35; *id.* at Ex. C, ¶¶418, 420-24.

### F. Samsung's Position on Essentiality

Samsung has consistently taken the position that, to the extent that any claim is found to be infringed because its products implement certain portions of the JEDEC Standards (which would be counter to the claims and evidence), then such claim would be an "Essential Patent Claim." *E.g.*, Ex. 10 at 91. Samsung fully provided its position on essentiality during the fact discovery period in direct response to discovery requests. Ex. 10 at 89-91. Samsung's experts consistently take the same position. *See, e.g.*, Ex. 11 at Attach. A, ¶¶69, 184-228, Attach. B, ¶¶193-211, Attach. C, ¶¶323-34; Ex. 12 at Attach. A, ¶¶386-88, Attach. B, ¶¶205-09, Attach. C, ¶¶218-24; Ex. 13, ¶¶67, 164, 181, 231-33. Further, Samsung's damages expert, Lauren Kindler, provides her analysis with essentiality and related RAND rates in mind. Ex. 13, ¶¶61-71, 160, 181, 184, 230-38.

## II. ARGUMENT

### A. Netlist Failed To Meet Its Disclosure Obligations

Netlist's deliberate effort to hold back its standard essentiality position until its rebuttal expert report violates Rule 26(e) and this Court's scheduling order. Rule 26(e) "prohibits parties who are aware of their deficient response from holding back material items and disclosing them at the last moment." *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1282 (Fed. Cir. 2012) (cleaned up). As to the DDR4 standards at issue, Netlist engaged in a calculated scheme to avoid taking a position on standard essentiality.[6] Netlist refused to respond to Samsung's interrogatories, and its corporate

---

[5] An error in the exhibit to Dr. Mangione-Smith's report causes a paragraph between paragraphs 625 and 626 to be labelled "67." The cited section begins at page 247 (PDF page 14 of Exhibit 11).

[6] In *EDTX1*, Netlist used the same playbook, waiting until after expert discovery closed before disclosing Netlist's position that the asserted patents there were not standard essential. *EDTX1*, Dkt. 538 at 167:19-22. As this Court is aware, Samsung objected to such tactics as unfair and prejudicial. *E.g.*, *EDTX1*, Dkt. 427 at 203:23-204:3.

4

witness declined to take a position during deposition. Whether **Netlist believes** the asserted claims are essential to the JEDEC standards is a fact in Netlist's control. Indeed, before filing its initial complaint, Netlist ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (albeit without providing any support). Ex. 1 at 2. Netlist thus plainly had a belief that the asserted patents are standard essential for DDR4 that it refused to disclose during discovery in this case—or ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[7]

Either way, Netlist was capable of providing its contention on whether the standard must practice the asserted patents, just as it did on infringement. Netlist's belief on essentiality is not a subject on which Netlist could defer disclosing its position until after expert discovery. *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2016 WL 122969, at *2 (E.D. Tex. Jan. 9, 2016). Yet, Netlist steadfastly refused to disclose its position, forcing Samsung to move to compel.

**B.    This Court Should Preclude Netlist from Discussing Essentiality at Trial, Responding to Samsung's Positions on Essentiality, and Presenting Any Damages Analysis for the Accused Products in General**

Exclusion under Rule 37 is the appropriate remedy because Netlist's failure is neither justified nor harmless.[8] Netlist's effort to deprive Samsung of this critical information, which is highly relevant to Netlist's RAND obligations, damages, and Samsung's equitable defenses, is without excuse. Netlist had the asserted patents and standards in hand when it filed this case, and Netlist has not identified any other information that it needed to put forth its contention. Its single justification for withholding its position—that "expert analysis" is required—is baseless. *See supra* n.4. To be sure, Netlist was able

---

[7] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 14 at 8.

[8] To determine whether a violation substantially justified or harmless under Fed. R. Civ. P. 37(c)(1), courts consider: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004) (citations omitted).

5

to take a position on essentiality as to DDR3 without the help of its expert. Ex. 2 at 77. And Netlist has a history of identifying other patents as "standard essential" as early as the filing of a complaint. *See, e.g.*, *Netlist, Inc. v. SK hynix Inc.*, No. 6:20-CV-00194, Dkt. 1, ¶2 (W. D. Tex. Mar. 17, 2020) ("The Asserted Patents are therefore 'standard essential.'"). Dr. Mangione-Smith's rebuttal report confirms that Netlist had the information in its control. He reviews the patent claims and DDR4 standards and concludes the patents are not essential because certain features on which he relies for infringement are optional. Ex. 9 at Ex. A, ¶¶310-28, Ex. B, ¶¶67 [sic], 626-35, Ex. C, ¶¶418, 420-24; *see supra* n.5. His conclusion that a feature is "optional" is not expert analysis. Netlist could have so concluded without an expert and certainly could have consulted an expert sooner.

The resulting prejudice is not harmless. Netlist's position on standard essentiality has an immense impact on the landscape of this case. Netlist's belief regarding essentiality materially affects how the parties analyze issues such as Netlist's duty of disclosure to JEDEC, whether Netlist had and complied with an obligation to license on RAND terms, as well as infringement and validity. Without notice of whether Netlist views its patents as RAND encumbered, Samsung was hindered in its ability to prepare some aspects of its damages rebuttal case. For example, had Netlist identified what claim elements it contended were not required by the DDR4 standards during fact discovery, Samsung could have more fully developed non-infringing alternatives surrounding these claim elements. Netlist made sure Samsung had no opportunity to scrutinize Netlist's positions by waiting until the very last opportunity—Dr. Mangione-Smith's **rebuttal** expert report—to take a position on essentiality. Netlist's obstructionist behavior warrants exclusion because it deprived Samsung of a meaningful opportunity to test Netlist's theories regarding essentiality (or lack thereof). *See Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 659 (E.D. Tex. 2013).

The other factors of the test also counsel for exclusion. The importance of the evidence does not counsel against exclusion. Netlist can present its infringement case without taking a position on

6

essentiality. Finally, a continuance will not cure the prejudice. Fact discovery is closed, and trial is less than three months away. Accordingly, the Court should preclude Netlist from taking any position at trial as to whether the asserted patents are standard essential.

Relatedly, Netlist should be precluded from relying on its letter to Samsung regarding "essential" patents for purposes of demonstrating notice of the asserted patents for pre-suit damages or willfulness.[9] In its letter, Netlist characterized the asserted patents as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 at 2. But Netlist has since gone back on its word. Regardless of Netlist's true belief, it cannot twist essentiality to suit its needs.

The preclusion Samsung seeks also extends to preventing Netlist or its experts from responding to Samsung's position at trial related to its RAND obligation. Samsung and its experts contend that the asserted patents are not infringed. But if infringement is found, the patents must be standard essential because Netlist's infringement theories rely on functionality required by the DDR4 standard. Accordingly, to the extent infringement is found, Netlist's damages analysis must necessarily comply with its RAND obligation. Consistent with this, Samsung's damages expert opines that an assumption of infringement requires that the patents are burdened by RAND obligations. *See* Section I.F. Having failed to take a position during discovery, Netlist should be precluded from responding to Samsung on this issue. Moreover, if this Court finds the patents do not necessarily have to be standard essential if infringement is found, this Court should preclude Netlist from presenting damages analysis for the accused products other than the specific models it chose to analyze in its expert's report. Netlist's comparability analysis among the accused products is rooted in compliance with the DDR4 standard. Accordingly, this Court should also preclude Netlist from presenting any damages analysis for the accused products other than the specific models its expert analyzed.

---

[9] Samsung moved for summary judgment of no willfulness and no pre-suit damages. Dkts. 338, 341.

7

███████████████████████████████████████████

Dated: January 17, 2024  Respectfully submitted,

By: /s/ *Daniel A. Tishman*

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone: (415) 591-7091<br>Facsimile: (415) 955-6571 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile: (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile: (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 17, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

/s/ Daniel A. Tishman

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on January 17, 2024. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that they oppose this motion.

/s/ Daniel A. Tishman

9