███████████████████████████

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>      Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>      Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>      Plaintiff,<br><br>   v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>      Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

## SAMSUNG'S MOTION TO ENFORCE THE PROTECTIVE ORDER

## **TABLE OF CONTENTS**

TABLE OF EXHIBITS ...................................................................................................................iii

TABLE OF ABBREVIATIONS ....................................................................................................iii

I.     INTRODUCTION ..............................................................................................................1

II.    LEGAL STANDARD .........................................................................................................2

       A.     Fed. R. Civ. P. 37 ....................................................................................................2

       B.     The Agreed Protective Order (Dkt. 60) ..................................................................2

III.   FACTUAL BACKGROUND .............................................................................................3

IV.    ARGUMENT ......................................................................................................................6

       A.     Netlist Violated the Protective Order......................................................................6

       B.     The Court Should Deter Netlist and Future Litigants from Protective
              Order Violations ......................................................................................................6

V.     CONCLUSION ...................................................................................................................7

\*      In this brief, all emphasis is added unless noted otherwise.

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Lunareye, Inc. v. Gordon Howard Assocs., Inc.*,
    78 F. Supp. 3d 671 (E.D. Tex. 2015) ........................................................................................7

*Pressey v. Patterson*,
    898 F.2d 1018 (5th Cir. 1990) ..................................................................................................2

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*,
    685 F.3d 486 (5th Cir. 2012) ....................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 26 ............................................................................................................................2

Fed. R. Civ. P. 37 ............................................................................................................. 1, 2, 6, 7

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | Netlist's Motion for Partial Summary Judgment from C.D. Cal. Case (Jan. 8, 2024) (excerpts) |
| 2 | Deposition Transcript of Joseph Calandra (Nov. 8, 2023) (excerpts) |
| 3 | Email Correspondence re Joint Report in C.D. Cal. Case (Nov. 27, 2023) |
| 4 | Netlist's Opp. to Samsung's Motion to Vacate EDTX 1 (Nov. 13, 2023) (public version) (excerpts) |
| 5 | Netlist's Motion to Stay C.D. Cal. Case (Nov. 30, 2023) (excerpts) |
| 6 | Letter fr. Reardon to Sheasby re PO Violation in *EDTX1* (Sept. 27, 2022) |
| 7 | Email Correspondence re PO Violation in *EDTX1* (Nov. 30, 2023) |
| 8 | Declaration of Thomas Reger (January 16, 2024) |

\*   Samsung is filing, concurrently herewith, an unopposed motion for leave to exceed the 5-page limit on attachments to discovery-related motions.

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| C.D. Cal. | U.S. District Court for the Central District of California |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| JDLA | Joint Development and License Agreement |

I.      **INTRODUCTION**

Netlist has repeatedly violated this Court's Protective Order by affirmatively taking discovery produced in this case and using that discovery in other cases. Recently, Netlist took the deposition of Mr. Joseph Calandra, a Samsung corporate representative on a number of topics, none of which relate to the JDLA or, importantly, the supply provision in § 6.2 that is at the heart of the C.D. Cal. Case. Indeed, Mr. Calandra began working at Samsung in 2021—years after the JDLA was signed, and after Netlist purported to terminate the JDLA and the events Netlist claims justified that termination. Undeterred, despite Mr. Calandra's lack of personal knowledge relating to the JDLA, Netlist used the Calandra deposition as an opportunity to create evidence it intended to use in the C.D. Cal. Case as starkly demonstrated by Netlist's reliance on Mr. Calandra's testimony in its supplemental summary judgment brief in the C.D. Cal. Case:

> Finally, in the Ninth Circuit, Samsung argued that the supply clause as interpreted by Netlist was entirely unique and unprecedented in Samsung's history. *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209, 2022 WL 2124372 (9th Cir. June 6, 2022) (Samsung First Brief on Cross Appeal) at 34-35 ("No ordinary businessperson in Samsung's position would agree to supply an unquantified amount of DRAM and NAND to a single customer on 'request at a competitive price.'").

Ex. 1 at 11. Although Netlist's assertion that , Netlist's repeated pattern of improper use of confidential materials should be admonished. If left unaddressed, Netlist (and future litigants) may be emboldened to use protected materials improperly and undermining the confidence parties place in the Court's protective orders. Thus, the Court should issue an order under Rule 37(b), admonishing Netlist to desist violating the Protective Order, and issue any further order that the Court deems appropriate to deter Netlist (and future litigants) from future violations.

1

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 37

Pursuant to Federal Rule of Civil Procedure 37, "[i]f a party or a party's officer, director, or managing agent . . . fails to obey . . . an order under Rule 26(f) . . . , the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2). Protective orders are among those contemplated by this rule. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). A district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). Moreover, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c).

### B. The Agreed Protective Order (Dkt. 60)

The agreed Protective Order limits the use of "DESIGNATED MATERIAL"—including material designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"—to "this Action." Dkt. 60, ¶ 5. In particular, the Protective Order provides:

> Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties **only in the litigation of this Action and shall not be used for any other purpose**.

*Id.* This provision applies to documents, as well as deposition or hearing transcripts. The Protective Order provides that parties may designate all or a portion of a transcript as any of the categories of "DESIGNATED MATERIAL," and that "[a]ccess to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order." *Id.*, ¶ 16. Importantly, the Protective Order provides a detailed procedure if a party desires to use information in other cases. A party wishing to have a designation withdrawn or modified may "request in writing to the other Party,"

and "[i]f the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting party may apply to the Court for relief." *Id.*, ¶ 19. The Protective Order also provides a mechanism for seeking relief for a violation:

> Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.

*Id.*, ¶ 25. The Protective Order further provides that "the Party alleged to be in violation" must "discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of [the] Order," pending resolution of the motion. *Id.*

### III. FACTUAL BACKGROUND

As the Court is aware, this case is one of many litigations pending between Samsung and Netlist, after Netlist purported to terminate the parties' JDLA in 2020. After the Ninth Circuit's reversal of the C.D. Cal. court's prior judgment that the JDLA was properly terminated, the C.D. Cal. court set a schedule for supplemental summary judgment briefing and a hearing on February 5, 2024 on the issue of the interpretation and alleged breach of § 6.2 of the JDLA.[1]

Less than a month after the Ninth Circuit's order, on November 8, 2023, Netlist took the deposition of a Samsung employee, Mr. Joseph Calandra. In the deposition and subject to Samsung's repeated objections, counsel for Netlist questioned Mr. Calandra extensively about supply obligations with customers other than Netlist hoping to create a record for use in the C.D. Cal. Case. Samsung's dealings with its customers is highly sensitive business information, along with much of the other material discussed at the deposition, so counsel for Samsung designated the transcript "as attorneys' eyes only at the highest level under the protective order." Ex. 2 at 13:12-15. In late November 2023,

---

[1] Recognizing that discovery into these issues that are squarely before the C.D. Cal. court would be improper under Fifth Circuit precedent and principles of comity, Samsung moved for a protective order regarding allegations of breach and termination of the JDLA. Dkt. 193.

3

███████████████████████████████████████████

in preparing a Joint Status Report to the C.D. Cal. court, Netlist provided a draft to Samsung's counsel in which it claimed that ████████████████████████████████████████████ ████████ and Samsung's counsel replied that, "[i]n addition to being a false statement, that is a blatant violation of the protective order and sanctionable conduct."[2]  Ex. 3.  Netlist responded that it "removed that sentence to avoid any further dispute." *Id.*

Despite the fact that it is designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the agreed Protective Order (Dkt. 60), and despite Samsung's warnings that such conduct would violate the Protective Order, Netlist did not "remove" its references to Mr. Calandra in other filings, and has persisted in improperly using Mr. Calandra's testimony on at least three separate occasions— once in the *EDTX1* case, and twice in the C.D. Cal. Case:  **First**, on November 13, 2023, Netlist quoted several lines of Mr. Calandra's testimony in *EDTX1*, where its opposition to Samsung's motion to vacate that case stated t████████████████████████████████████████████ ████████"[3]  Ex. 4 at 10-11.  **Second**, on November 30, 2023, Netlist filed its motion to stay the C.D. Cal. Case, and included the sentence that Samsung's counsel warned would be "a blatant violation of the protective order and sanctionable conduct," quoted below:

> . . . Samsung told the Ninth Circuit that "No ordinary businessperson in Samsung's position would agree to supply an unquantified amount of DRAM and NAND to a single customer on 'request at a competitive price.'" . . . ███████████████████
> ████████████████████████████████████████████
> ████████████████████████████████████████████
> ████████████████████████████████████

---

[2] Samsung has consistently asserted—to this Court, to the C.D. Cal. court, to the D. Del. court, and to the Ninth Circuit—that the JDLA has two distinct purposes: (1) to cross-license patents, and (2) the joint development project.  Given these two purposes, it is entirely reasonable to expect that some of the JDLA's provisions (e.g., § 6.2) are limited to joint development, while others (like the licenses) are not.  *See, e.g.*, Dkt. 322 at 17.  Mr. Calandra's testimony is not inconsistent, does not say that ████████████████████████████████████████████ ██████████████████████ *See id.* at 17, n.3; Dkt. 315 at 2, 6.

[3] Netlist filed a public version of this opposition on November 22, 2023 (Ex. 4), but did not seek Samsung's approval for its redactions.  Although Netlist' redacted the quotation from Mr. Calandra's confidential deposition testimony, it did not redact the language quoted above.

4

Ex. 5 at 9.  **Third**, and most recently, Netlist filed a motion for partial summary judgment in the C.D. Cal. Case on January 8, 2024, and included the same statement that Samsung warned Netlist is a violation of the Protective Order: ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████[4] Ex. 1 at 11.

These are not the only instances in which Netlist and its counsel have demonstrated willful disregard for protective orders in this case and others.  For example, in September 2022, counsel for Netlist unilaterally produced Samsung's emails from the C.D. Cal. Case in the *EDTX1* case, despite the C.D. Cal. protective order in that case prohibiting Netlist from using those materials for any purpose outside of the C.D. Cal. Case.  Samsung explained the impropriety of this action, and explained that those materials were permitted to be used "solely for purposes of [that] Proceeding and not for any other purpose." Ex. 6.

In November 2022, counsel for Netlist used the deposition of Mr. Seungmo Jung taken in *EDTX1* in the IPR against the '912 patent asserted in this case.  Indeed, Netlist's only purpose for asking the questions of Mr. Jung in *EDTX1* appears to have been for use in the '912 patent's IPR. Samsung again warned Netlist of the impropriety of this conduct, and explained that "Netlist has shown a troubling disregard for its obligations under protective orders," and that "[r]ather than unilaterally deciding to use information designated confidential under the PO . . . we encourage you to use the PO's procedures under which a party may seek to de-designate material . . . and remind you that we are available to meet and confer on such issues." Ex. 7.  Finally, Netlist's counsel used sealed trial testimony from the *EDTX1* case as an exhibit in a deposition of Samsung's expert in a completely different matter, *G+ Communications, Inc. v. Samsung Electronics Co. Ltd.,* No. 2:22-cv-00078-JRG (E.D.

---

[4] This discovery violation is also contrary to the C.D. Cal. court's explicit order that summary judgment briefing be "based only on the existing record." *See* Dkt. 259-3 at 2.

5

Tex.). Ex. 8. Netlist could provide no explanation or excuse as to why it would be proper to use sealed testimony from the *EDTX1* case other than the same counsel were present. *Id.*

Samsung attempted to resolve these violations with Netlist to no avail, Exs. 3, 6, 7. Netlist's counsel's repeated and flagrant disregard for the Protective Order can no longer be tolerated.

## IV.  ARGUMENT

The Court should issue an order under Rule 37(b), admonishing Netlist to desist violating the Protective Order, and issue any further order that the Court deems appropriate to deter Netlist (and future litigants) from future violations.

### A.  Netlist Violated the Protective Order

Netlist's use of Mr. Calandra's testimony in the C.D. Cal. Case (and in *EDTX1*) is a plain violation of the Protective Order in this case. The Protective Order provides that confidential material such as Mr. Calandra's deposition transcript "shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose." Dkt. 60, ¶ 5. Thus, not only was Netlist's reproduction and quotation of Mr. Calandra's testimony in *EDTX1* clearly and unambiguously in violation of the Protective Order, but its further description of the testimony in its two C.D. Cal. filings constitutes an improper "use" of the testimony.[5] Samsung's counsel has explained to Netlist (on multiple occasions) the impropriety of using materials in one case in a filing in another case—regardless of whether the parties are the same in both cases. Exs. 3, 6, 7. Yet, Netlist persists in its pattern of utter disregard.

### B.  The Court Should Deter Netlist and Future Litigants from Protective Order Violations

---

[5] Although the parties agreed that certain production documents from *EDTX1* can be used in this case, Dkt. 132, the parties **never** agreed that materials from this case can be used in *EDTX1* (where the record closed nearly a year ago). Samsung pointed out Netlist's protective order violation in its reply in support of its motion to vacate. *EDTX1*, Dkt. 525 (public version) at 1, n.1 (noting that "the protective order in *Netlist II* prevents use of confidential material in another case," and that "one wonders why Netlist violated the *Netlist II* protective order").

The Court "may issue . . . just orders" to address violations of a protective order, pursuant to Fed. R. Civ. P. 37(b). The Court should tailor relief that is sufficient to deter Netlist and future litigants. Although Samsung's counsel attempted on multiple instances to warn Netlist, *see* Exs. 3, 6, 7, Netlist has proceeded with disregard for Samsung's confidential information, and for the Protective Order. To allow Netlist to continue with this pattern of behavior creates significant risk that Netlist will disclose even more sensitive information, and irreparably harm Samsung or a third party. "Complete good faith compliance with protective orders is essential to modern discovery practices and counsel must temper their zeal in representing their clients with their overreaching duty as officers of the court." *Lunareye, Inc. v. Gordon Howard Assocs., Inc.*, 78 F. Supp. 3d 671, 676 (E.D. Tex. 2015). Thus, Samsung respectfully requests that the Court craft a just remedy, including admonishing Netlist from violating the Protective Order.

## V.   CONCLUSION

Accordingly, the Court should exercise its authority under Rule 37(b) to issue an order under Rule 37(b), admonishing Netlist to desist violating the Protective Order, and issue any further order that the Court deems appropriate to deter Netlist (and future litigants) from future violations.

Dated: January 17, 2024                                   Respectfully submitted,

By:   */s/ Ruffin B. Cordell*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:      (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com

7

| | |
|---|---|
| 102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone: (415) 591-7091<br>Facsimile: (415) 955-6571 | FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile: (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile: (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

██████████████████████████████████████████████████

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 17, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

                                                */s/ Ruffin B. Cordell*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on January 17, 2024.  The parties discussed their positions on this motion.  The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.  Counsel for Plaintiff indicated that they oppose this motion.

                                                */s/ Ruffin B. Cordell*

██████████████████████████████████████
████████████████████████████████████████████
████████████████████████
                                        ████████████