UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO STAY PENDING IPR OR IN THE ALTERNATIVE TO SET A NEW TRIAL DATE (DKT. 285)**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

TABLE OF EXHIBITS TO SAMSUNG'S MOTION ............................................................. iii

TABLE OF EXHIBITS TO SAMSUNG'S REPLY ................................................................ iii

TABLE OF ABBREVIATIONS ............................................................................................... iii

I.   A Stay Would Simplify the Issues and May Eliminate the Need for Trial Entirely ............................................................................................................................ 1

II.  Netlist Cannot Legitimately Claim That a Stay Would Cause It Undue Prejudice When Its Own Tactics Delayed This Case by More than Two Years ............................................................................................................................................ 3

III. A Stay Would Alleviate the Cost and Burden of Litigating the Remainder of this Case .......................................................................................................................... 4

IV.  Alternatively, a New Trial Date Would Avoid Wasting Judicial and Party Resources ....................................................................................................................... 4

V.   CONCLUSION ............................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*NFC Tech. LLC v. HTC Am., Inc.*,
   No. 2:13-CV-01058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)....................................1, 3

*Smartflash LLC v. Apple Inc.*,
   621 F. App'x 995 (Fed. Cir. July 30, 2015) ................................................................................4

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
   No. 2:16-CV-642-JRG, 2017 WL 9885168 (E.D. Tex. June 13, 2017).............................................1

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014)............................................................................................3, 4

## TABLE OF EXHIBITS TO SAMSUNG'S MOTION

| # | Description |
|---|---|
| 1 | Netlist Infringement Contentions (served Feb. 7, 2023, excerpt) |
| 2 | IPR2022-00615, Paper 63 (Order Modifying Procedural Schedule, '912 patent) |
| 3 | IPR2023-00454, Paper 11 (Institution Decision, '417 patent) |
| 4 | IPR2023-00455, Paper 11 (Institution Decision, '215 patent) |
| 5 | IPR2023-00847, Paper 13 (Institution Decision, '608 patent) |
| 6 | Docket entries, IPR2022-00615 ('912 patent), last accessed Dec. 14, 2023 |
| 7 | Docket entries, IPR2023-00454 ('417 patent), last accessed Dec. 14, 2023 |
| 8 | Docket entries, IPR2023-00455 ('215 patent), last accessed Dec. 14, 2023 |
| 9 | Docket entries, IPR2023-00847 ('608 patent), last accessed Dec. 14, 2023 |
| 10 | Email from J. Sheasby to D. Tishman (Nov. 21, 2023) |
| 11 | IPR2022-00711, Paper 42 (Final Written Decision, *EDTX1* '506 patent) |
| 12 | IPR2022-00639, Paper 45 (Final Written Decision, *EDTX1* '339 patent) |
| 13 | IPR2022-00615, Paper 20 (Institution Decision, '912 patent) |
| 14 | Excerpts from Expert Report of David Kennedy |

## TABLE OF EXHIBITS TO SAMSUNG'S REPLY

| # | Description |
|---|---|
| 15 | IPR2023-00847, Paper 1 (Samsung's Petition for IPR of the '608 patent) |
| 16 | IPR2022-00615, Paper 1 (Samsung's Petition for IPR of the '912 patent) |
| 17 | IPR2023-00454, Paper 1 (Samsung's Petition for IPR of the '417 patent) |
| 18 | Netlist Infringement Contentions (served Nov. 17, 2022, excerpt) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '912 patent | U.S. Patent No. 7,619,912 |
| '417 patent | U.S. Patent No. 11,093,417 |
| '608 patent | U.S. Patent No. 10,268,608 |
| '215 patent | U.S. Patent No. 9,858,215 |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463 (E.D. Tex.) |
| IPR | Inter Partes Review |
| PTAB | Patent Trial & Appeal Board |

Netlist fails to present any compelling basis as to why this Court should not grant a stay given that the PTAB has now instituted IPRs as to **all asserted claims** in this case.  A stay is warranted because (1) it would narrow (or eliminate) the scope of this case, (2) Netlist would suffer no undue prejudice, and (3) there remains substantial work in the case involving significant judicial and party resources that would be wasted absent a stay.  All factors weigh in favor of staying this case until the PTAB's patentability decisions regarding the asserted patents.

Netlist further fails to address Samsung's alternative request that trial be postponed by five months until after the PTAB's expected April 2024 decision regarding the patentability of the '912 patent.  Netlist's damages demand for the '912 patent is about 90% of its total damages demand by Netlist in this action so this small delay has the potential to substantially simplify this case for trial (Dkt. 285 at 10-11).

## I. A Stay Would Simplify the Issues and May Eliminate the Need for Trial Entirely

The PTAB has instituted IPR on **all patents** asserted in this litigation based on "a reasonable likelihood" of prevailing with respect to the unpatentability of at least one claim of each asserted patent.  Ex. 13 at 59; Ex. 3 at 41; Ex. 5 at 34.[1]  "[T]he PTAB's decision to institute inter partes review ordinarily means that there is a substantial likelihood of simplification of the district court litigation." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-01058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015).  "[E]ven if the PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent."  *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:16-CV-642-JRG, 2017 WL 9885168, at *1 (E.D. Tex. June 13, 2017).  The asserted patent IPRs are likely to succeed given that the PTAB has declared other Netlist patents with strikingly similar claims (some related to

---

[1] There are three remaining patents in this case: the '912 patent, the '417 patent, and the '608 patent. Netlist has dropped its claims with regard to the '215 patent.  Dkt. 325.

the asserted patents) unpatentable.  *See* Dkt. 285 at 5-7.

Netlist's argument that "Samsung relied on substantially the same reference and arguments" in its '608 patent IPR petition as Micron's prior non-instituted petition for the '608 patent is false. Indeed, Netlist has already raised this argument with the PTAB in opposition to Samsung's IPR petition and failed.  Ex. 5 at 8-14.  In considering Netlist's argument, the PTAB declined to deny Samsung's IPR petition because it found that "the contentions [in Samsung's petition] were not previously considered by the Board." *Id.* at 12.  In particular, in response to Netlist's argument that the contentions in the two IPR petitions were substantially the same, the PTAB "[did] not agree because the argument and evidence [in Samsung's petition] is being viewed in light of an obviousness standard rather than that of an anticipation standard and [Samsung] has provided additional argument and evidence that is not in the Micron [ ] IPR petition." *Id.* at 12-13.  Indeed, the PTAB concluded that "new arguments and evidence on a new legal basis [were] raised" in Samsung's petition (*id.* at 14), and based on these new arguments and evidence, the PTAB declared "a reasonable likelihood of prevailing with respect to the unpatentability of at least one claim of the '608 patent."  *Id.* at 2.

Netlist's attempts to trivialize the benefits of a stay ignore the realities of a stay.  Samsung's pursuit of invalidity and unenforceability theories in this case that are not presented in IPR does not change the fact that invalidating the claims in IPR would eliminate the need to pursue any infringement and invalidity theories in this Court.  Netlist's attempt to fabricate a claim construction conflict between this Court and the PTAB for the '912 patent is also no reason to deny a stay.  First, a potential claim construction in "an IPR involving a different Netlist patent with similar 'signal' terms" (Dkt. 326 at 7) is wholly irrelevant.  This different patent is the '918 patent from the *EDTX 1* case, which is unrelated to the '912 patent and whose claims are entirely divorced from the claims of the '912 patent (*compare* Dkt. 326-4 at 8-9, *with* Ex. 13 at 5-6), as evidenced by Netlist's assertion of each patent against a completely different product group (*compare* Dkt. 100 at ¶ 38, *with EDTX 1*, Dkt. 1 at ¶ 68).

2

Second, Netlist's emphasis on potentially different claim construction in the two forums is precisely why a stay is needed—to avoid inconsistent results and conserve the resources of this Court.

II.  **Netlist Cannot Legitimately Claim That a Stay Would Cause It Undue Prejudice When Its Own Tactics Delayed This Case by More than Two Years**

There is no evidence of any undue prejudice to Netlist.  Although Netlist focuses on its "right to timely enforcement of its patent rights," Dkt. 326 at 2, "prejudice" resulting from a "delay in the vindication of patent rights . . . is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion."  *NFC Tech.*, 2015 WL 1069111, at *2.

Netlist's complaints about the delay a stay would impose ring hollow given that Netlist itself waited over **two years** after it filed its breach of contract case against Samsung to file the initial Complaint in this case asserting only the '912 patent (Dkt. 1), then waited an **additional two weeks** to assert the '417 patent (Dkt. 12), and then nearly **five more months** to seek leave to assert the '608 patent (Dkt. 62).  Netlist's own delay in bringing its infringement claims belies Netlist's alleged concerns about the accused DDR4 products being near the end of their life and Netlist's alleged sales of competing products.

Netlist's generic request for "all equitable relief the Court deems just and proper" is insufficient to establish undue prejudice.  Netlist did not seek injunctive relief in this case, nor did it even seek injunctive relief after trial in *EDTX I*.  *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318-19 (Fed. Cir. 2014) (noting "the fact that [moving for a preliminary injunction] was not worth the expense to ask for this remedy contradicts [plaintiff]'s assertion that it needs injunctive relief as soon as possible").  "A stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy."  *Id.*  Indeed, the Federal Circuit has agreed that "wait[ing] nearly a year after the [patent] issued before it filed suit against Defendants . . . weigh[s] against [plaintiff]'s claims

3

that it will be unduly prejudiced by a stay." *Id.* at 1319.

### III.    A Stay Would Alleviate the Cost and Burden of Litigating the Remainder of this Case

As of this motion's filing, four months of substantial work remained until trial, including rebuttal expert reports and expert depositions. Even today, there remain three months of substantial work, including one month of expert discovery, *Daubert* and dispositive motions, pretrial materials and motions, trial preparation, trial, and post-trial motions. The significant cost and burden of these remaining stages on this Court, a jury, the parties, experts, and fact witnesses (including foreign witnesses and interpreters) could be mitigated if this case is stayed. "Despite the substantial time and effort already spent in this case, the most burdensome task is yet to come. A determination from the PTAB that all the asserted claims are patent ineligible will spare the parties and the district court the expense of any further litigation, including a trial." *Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. July 30, 2015) (instructing district court to grant stay after pretrial conference based on PTAB institution of review).

Netlist's accusations that Samsung in any way delayed filing its IPRs is demonstrably false. Samsung filed its IPR on the '912 patent before this case even began, and the rest shortly after Netlist asserted them in this case. Samsung filed its '912 patent IPR **more than five months** before it was asserted in the initial Complaint (Ex. 16; Dkt. 1), the '608 patent IPR **only three months** after Netlist's request to add it to the case (Ex. 15; Dkt. 62), and the '417 patent IPR **less than two months** after Netlist's infringement contentions identifying which claims it was asserting (Exs. 17, 18).[2]

### IV.    Alternatively, a New Trial Date Would Avoid Wasting Judicial and Party Resources

Netlist did not address Samsung's alternative request to postpone the trial date by five months until after the '912 patent IPR decision and did not ever articulate why such a five-month

---

[2] Netlist is incorrect that it asserted three patents in its initial Complaint. Dkt. 326 at 1. Netlist filed its initial Complaint asserting only the '912 patent (Dkt. 1), and did not assert the '417 patent until its First Amended Complaint weeks later (Dkt. 12).

4

postponement to account for the impact of the '912 patent IPR Final Written Decision would be prejudicial. Dkt. 326. Even if this Court denies Samsung's request for a stay, postponing the trial date (currently April 15, 2023) until after the PTAB's decision regarding the patentability of the '912 patent (expected during trial by April 19, 2023) would reduce the burden on this Court and the parties of preparing for a trial on a claim, for which Netlist seeks ███████████████, yet which has a "reasonable likelihood" of being invalid even before trial ends. The damages amount Netlist seeks for just this single claim accounts for about 90% of its entire damages demand. Postponing the trial would thus be the best course, a fact that Netlist does not dispute in its response to Samsung's motion.

## V.   CONCLUSION

Samsung respectfully requests that the Court stay this case pending the PTAB's patentability decisions in each of the instituted IPRs or, if the Court does not enter a stay, that trial be rescheduled at least until after the PTAB's expected decision regarding the '912 patent.

Dated: January 19, 2023

Respectfully submitted,

By:  /s/ Francis J. Albert

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:    (903) 934-8450
Facsimile:    (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

5

| | |
|---|---|
| DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:   (415) 955-6571 | Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 19, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

/s/ Francis J. Albert

7