# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAMSUNG ELECTRONICS CO, LTD; ) <br> SAMSUNG ELECTRONICS AMERICA, ) <br> INC.; SAMSUNG SEMICONDUCTOR ) <br> INC., ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICRON TECHNOLOGY, INC.; ) <br> MICRON SEMICONDUCTOR ) <br> PRODUCTS, INC.; MICRON ) <br> TECHNOLOGY TEXAS LLC, ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**NETLIST, INC.'S MOTION FOR SUMMARY JUDGMENT DISMISSING SAMSUNG'S AFFIRMATIVE DEFENSE OF LACHES, ESTOPPEL, AND/OR WAIVER**

**TABLE OF CONTENTS**

**Page**

I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ...................................... 1

II. STATEMENT OF UNDISPUTED FACTS .................................................................... 1

III. ARGUMENT ................................................................................................................... 2

    A. The Court Should Grant Summary Judgment Dismissing Samsung's Third Affirmative Defense Because the Patents are Not Standard Essential ......................... 2

    B. The Court Lacks Jurisdiction to Adjudicate Samsung's Third Affirmative Defense ........................................................................................................................ 3

    C. In the Alternative, Samsung's Third Affirmative Defense Should Be Severed From The Jury Trial Because It Is An Equitable Issue For The Court ........................ 5

IV. CONCLUSION ................................................................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Commonwealth Sci. and Indus. Res. Org. v. Buffalo Tech. Inc.*,
   492 F. Supp. 2d 600 (E.D. Tex. 2007) ................................................................................5

*Evolved Wireless, LLC v. Apple, Inc.*,
   2019 WL 831112 (D. Del. Feb. 21, 2019) ...........................................................................5

*Optis Wireless Tech., LLC v. Apple Inc.*,
   2020 WL 999463 (E.D. Tex. Mar. 2, 2020) ........................................................................4

*Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*,
   2019 WL 1244707 (E.D. Tex. Mar. 18, 2019) ....................................................................4

*Optis Wireless Tech., LLC v. Huawei Tech. Co. Ltd.*,
   2018 WL 3375192 (E.D. Tex. July 11, 2018) .....................................................................4

*Voda v. Cordis Corp.*,
   476 F.3d 887 (Fed. Cir. 2007) .............................................................................................4

**Other Authorities**

Fed. R. Civ. Proc. 403 .....................................................................................................................3

Netlist respectfully requests summary judgment dismissing Samsung's affirmative defense alleging laches, estoppel, and/or waiver based on purported violations of RAND obligations ("Samsung's Third Affirmative Defense"), or in the alternative severing it from the jury trial. Dkt. 145 at 22-23. Netlist is filing concurrently with this motion a motion for summary judgment that the Asserted Patents are not standard essential, and if that motion is granted, then this defense should be dismissed because it is based entirely on the essentiality of the asserted patents. *See, e.g., id.* ("to the extent the Patents-In-Suit are essential to one or more JEDEC standards, Netlist is estopped from enforcing the Patents-In-Suit against Samsung because of its failure to comply with its RAND obligations…to the extent the Patents-In-Suit are essential to one or more JEDEC standards, Netlist is estopped from seeking an injunction or lost profits by its RAND obligations.") Finally, because this is an equitable defense, and Samsung does not claim damages, it is an issue reserved for the Court and so should be severed from the jury trial.

I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether the Court should enter summary judgment dismissing Samsung's affirmative defense of laches, estoppel, and/or waiver or in the alternative sever it from the jury trial?

II. STATEMENT OF UNDISPUTED FACTS

1. The RAND licensing obligation in the JEDEC Patent Policy is limited to essential patent claims. Ex. 1 (JM21V) at § 8.2.4 (RAND Patent Licensing Commitment. "Subject to the terms and conditions of section 8.2.4, each Committee Member, as a condition of Participation, agrees to offer to license on RAND terms, to all Potential Licensees, **such Committee Member's Essential Patent Claims** for the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the required portions of a final approved JEDEC Standard issued during the period of membership in that committee.") (emphasis added).

2. ████████████████████████████████████████████

██████████████████████ Ex. 2 (NETLIST _SAMSUNG_EDTX00037348). ████████

████ *Id.* at 37351 ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████ ████████████████████ Ex. 3 (NETLIST _SAMSUNG_EDTX00037353

████████████████████████████████████ .

### III.  ARGUMENT

Samsung's Third Affirmative Defense alleges that Netlist is barred from enforcing the patents-in-suit or seeking an injunction because "to the extent the Patents-In-Suit are essential to one of more JEDEC standards," Netlist has "fail[ed] to comply with its RAND obligations." Dkt. 145 at 22.[1] The Court should dismiss this defense because the patents are not standard essential, or because it lacks jurisdiction to address this issue. Alternatively, Samsung's Third Affirmative Defense should be severed from the jury trial as it is a purely equitable issue for the Court to decide.

### A.  The Court Should Grant Summary Judgment Dismissing Samsung's Third Affirmative Defense Because the Patents are Not Standard Essential

Netlist has filed a co-pending motion that the Asserted Patents are not standard-essential. If the Court grants that motion, then the Court should likewise grant summary judgment on Samsung's Third Affirmative Defense because the RAND licensing obligation in the JEDEC Patent Policy is limited to "Essential Patent Claims." *See* Undisputed Fact No. 1 (quoting Ex. 1 at § 8.2.4).

This Court already held in the prior *Samsung* case that non-essential patents are not

---

[1] Netlist is filing a separate Motion for Summary Judgment on the additional allegation in Samsung's Third Affirmative Defense that Netlist is equitably estopped from enforcing the asserted patents because "Netlist, including its JEDEC representatives," failed to comply with disclosure obligations to JEDEC. Dkt. 145 at 22-23.

encumbered by a RAND obligation and that RAND is irrelevant for such patents:

> THE COURT: With regard to the references to RAND, I'm going to grant that portion of the motion as we've established beyond doubt today there are no standard essential patents at issue in this case. Therefore, any mention of a RAND contractual obligation would violate Rule 403 and be highly confusing and prejudicial with limited, if any, probative value.

Ex. 4 (Samsung PTC Tr.) at 248:6-11; *see also id.* 217:21-218:4.

> The COURT: I think everybody understands that it's been established clearly on the record through this pretrial proceeding that none of the asserted patents are standard essential, they are not encumbered with a RAND obligation, and how there's going to be relevant references to the standard-setting organization JEDEC is going to have to be very carefully presented to have any real relevance or application here.

*Id.* at 146:15-22.

Likewise, Judge Payne has recommended that the Court grant Netlist's Motion for Summary Judgment of No Standard Essentiality in the first *Micron* case, and that the Court grant Netlist's Motion for Summary Judgment Dismissing Micron's Breach of RAND Defense in light of finding the patents not essential. *Netlist, Inc. v. Micron Tech., Inc.*, 22-cv-203 (E.D. Tex.) ("*Micron I*"), Dkt. 421 at 3-4.

The same rulings are appropriate here. Netlist does not contend that any Asserted Patent is standard essential. *See* Ex. 5 (Kennedy Opening Rpt.) at ¶ 586 ██████████████████████████████████████████████████████████████████. Samsung also does not contend the asserted patents are essential. *See, e.g.,* Dkt. 145 at 22 ("Netlist … believed… that these patents are or may be essential patents to DDR4 LRDIMM based on its infringement allegations (with which Samsung disagrees.)").

### B. The Court Lacks Jurisdiction to Adjudicate Samsung's Third Affirmative Defense

Even if the Court finds there is a fact issue about essentiality, summary judgment is still appropriate on Samsung's Third Affirmative Defense because the Court lacks jurisdiction to address it. Resolving this defense will require consideration of ████████████████████████████, and as discussed above in Undisputed Fact No. 2, ████████████████████████

- 3 -

███████████████████████████████████████. This court lacks jurisdiction to determine whether an SEP holder has "complied with their obligations under foreign laws or as they relate to foreign patents." *See Optis Wireless Tech., LLC v. Apple Inc.*, 2020 WL 999463, at *3 (E.D. Tex. Mar. 2, 2020). The Court cannot adjudicate whether a proposed rate for foreign patents is FRAND compliant. *Id.* It can adjudicate such questions with respect to US patents only. To do so, however, there must be evidence demonstrating what portion of Netlist's offers were attributable to the US patents specifically. This Court's decision in *Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*, 2019 WL 1244707 (E.D. Tex. Mar. 18, 2019) is directly on point. There, this Court dismissed a claim that offers complied with FRAND because the offers were for worldwide licenses, and there was no evidence as to what portion of this rate was attributable to the US patents (*id.* at *7):

> The Court . . . has not been presented with any evidence by which it can adjudicate whether PanOptis' September 2017 offer was FRAND as to U.S. patents only. The September 2017 offer is an offer for a worldwide license to PanOptis' SEPs and those SEPs include both U.S. and non-U.S. patents. Based on the evidence adduced at trial, this offer cannot be segregated or analyzed by product, region, or patent; nor has either party attempted to analyze the offer only as to U.S. patents.

*Optis* follows the Federal Circuit's decision in *Voda v. Cordis Corp.*, 476 F.3d 887 (Fed. Cir. 2007), in which the Federal Circuit declined to exercise jurisdiction over foreign patent infringement claims, explaining that "a patent right to exclude only arises from the legal right granted and recognized by the sovereign within whose territory the right is located. It would be incongruent to allow the sovereign power of one to be infringed or limited by another sovereign's extension of its jurisdiction." *Id.* at 902. This rule applies to FRAND claims involving foreign patents. *Optis Wireless Tech., LLC v. Huawei Tech. Co. Ltd.*, 2018 WL 3375192, at *8 (E.D. Tex. July 11, 2018) (adopted *id.* Dkt. 246) (dismissing claim involving FRAND for foreign patents because "'it is almost always an abuse of discretion' to assume supplemental jurisdiction over a foreign patent infringement claim.").

As in *Optis*, Samsung has produced no evidence here permitting the Court to disentangle the

██████████████████████████████████████ Similarly, the only Netlist license agreements relied on by Samsung's expert as allegedly comparable were ████████ licenses. Ex. 6 (Kindler Rpt.) at ¶¶ 85-91 (██████), ¶¶ 92-100 (████████). The Samsung in-licenses that Samsung's expert claims are comparable are ███████████████████ *Id.* at ¶¶ 105-106 (identifying ██████████████ ███████████████████████████████████ licenses as comparable).

### C. In the Alternative, Samsung's Third Affirmative Defense Should Be Severed From The Jury Trial Because It Is An Equitable Issue For The Court

The only relief sought by Samsung in connection with its Third Affirmative Defense is a determination that "Netlist's attempted enforcement of the Patents-In-Suit against Samsung is barred… [and] Netlist is estopped from seeking an injunction or lost profits by its RAND obligations." Dkt. 145 at 22. Samsung has not alleged a counterclaim for breach of RAND and does not seek damages. Because the sole relief sought by Samsung is purely equitable, even if the Court does not grant summary judgment, it should in the alternative sever the defense from the jury trial because such issues are reserved for the Court to decide. *See Evolved Wireless, LLC v. Apple, Inc.*, 2019 WL 831112, at *7 (D. Del. Feb. 21, 2019) ("breach of FRAND obligations are equitable in nature (as analogous to equitable damages for bad faith), the determination is a matter for resolution by the Court. Interpretation of the terms of the various [SSO] Policies, standards, and specifications at issue in connection with the FRAND obligation are also matters of law for the Court to determine."); *Commonwealth Sci. and Indus. Res. Org. v. Buffalo Tech. Inc.*, 492 F. Supp. 2d 600, 603 (E.D. Tex. 2007) ("the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts").

### IV. CONCLUSION

For the foregoing reasons, Netlist respectfully requests summary judgment as discussed above.

| | |
|---|---|
| Dated: January 16, 2024 | Respectfully submitted,<br><br>*/s/ Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>***Attorneys for Plaintiff Netlist, Inc.*** |

## CERTIFICATE OF SERVICE

I hereby certify that, on January 16, 2024, a copy of the foregoing was served to all counsel of record.

> */s/ Yanan Zhao*
> Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

> */s/ Yanan Zhao*
> Yanan Zhao