# EXHIBIT 4

Document Sought to Be Filed Under Seal

```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF TEXAS
                    MARSHALL DIVISION

NETLIST, INC.,                  (  CAUSE NO. 2:21-CV-463-JRG
                                )
        Plaintiff,              (
                                )
vs.                             (
                                )
SAMSUNG ELECTRONICS CO., LTD.,  (
et al.,                         )  MARSHALL, TEXAS
                                (  MARCH 28, 2023
        Defendants.             )  9:00 A.M.
_____


                      VOLUME 1

_____

                 PRETRIAL CONFERENCE

       BEFORE THE HONORABLE RODNEY GILSTRAP
         UNITED STATES CHIEF DISTRICT JUDGE

_____
```

SHAWN McROBERTS, RMR, CRR
100 E. HOUSTON STREET
MARSHALL, TEXAS  75670
(903) 923-8546
shawn_mcroberts@txed.uscourts.gov

Shawn M. McRoberts, RMR, CRR
Federal Official Court Reporter

```
IN THE UNITED STATES DISTRICT COURT
   FOR THE EASTERN DISTRICT OF TEXAS
              MARSHALL DIVISION

NETLIST, INC.,                  (  CAUSE NO. 2:21-CV-463-JRG
                                )
         Plaintiff,             (
                                )
vs.                             (
                                )
SAMSUNG ELECTRONICS CO., LTD.,  (
et al.,                         )  MARSHALL, TEXAS
                                (  MARCH 29, 2023
         Defendants.            )  9:00 A.M.
```
___

VOLUME 2

___

PRETRIAL CONFERENCE

BEFORE THE HONORABLE RODNEY GILSTRAP
UNITED STATES CHIEF DISTRICT JUDGE

___

SHAWN McROBERTS, RMR, CRR
100 E. HOUSTON STREET
MARSHALL, TEXAS  75670
(903) 923-8546
shawn_mcroberts@txed.uscourts.gov

1  are estopped because of this, they have committed laches
2  because of that.  Anything like that is going to run afoul of
3  this ruling and is going to be met with swift condemnation by
4  the Court.
5      So if you have any doubts about where the line that I'm
6  drawing is, please let me know.  I've tried to draw this same
7  line at various points earlier in this pretrial proceeding,
8  and this ruling is intended to be consistent with my earlier
9  rulings on this same subject matter.
10     With regard to the Netlist relationship with JEDEC, I'm
11 going to strike paragraphs 170 through 174 because they are
12 replete with references to litigation in the Central District
13 of California and before the ITC, but I'm not otherwise going
14 to constrain the witness.
15     That being said, I think everybody understands that it's
16 been established clearly on the record through this pretrial
17 proceeding that none of the asserted patents are standard
18 essential, they are not encumbered with a RAND obligation,
19 and how there's going to be relevant references to the
20 standard-setting organization JEDEC is going to have to be
21 very carefully presented to have any real relevance or
22 application here.
23     I'm not going to go further other than I'll expect if
24 there is an excessive use of the JEDEC standard beyond
25 something that relates to a jury issue, I'll hear objections

1  asking about. Your Honor is just asking about the hundred
2  percent.
3      And the answer is is that if you read *Monsanto,* if you
4  read *Prism*, if you read *Powell*, we are entitled to the benefit
5  when we're an unwilling licensor in this technical situation
6  to the value of our technology. And I think if you go from
7  *Prism,* the cases that make that point are *Prism, Ericsson,*
8  *Powell,* and *Apple,* and *Monsanto.*
9          THE COURT: All right. Thank you, Counsel.
10         MR. CORDELL: Do you need a response, Your Honor?
11         THE COURT: I think not. Thank you.
12     All right. With regard to Document 205 and Samsung's
13 *Daubert* motion and motion to strike regarding David Kennedy
14 and his opinions, there are references in this lengthy report
15 to the TI matter, Texas Instruments. The Court's previously
16 excluded any reference to other litigation and to that
17 particular matter, and it should be excluded from Mr.
18 Kennedy's report and his opinions.
19     I'm going to grant the motion as to references to the TI
20 matter.
21     With regard to the portions of Mr. Kennedy's opinion that
22 relate to his RAND opinions, both parties have confirmed on
23 the record that none of the patents-in-suit are standard
24 essential patents that would be subject to a RAND contractual
25 commitment. Therefore, their probative value, if any, is

1  greatly exceeded by the risk of confusion and prejudice.
2       Therefore, I'm going to grant the motion and strike the
3  portions of Mr. Kennedy's report that relate to his RAND
4  opinions.
5       The balance of the motion, I'm going to deny.  And that
6  will be the ruling on Document 205.
7       All right.  Let's go next to Document 207, which is
8  Netlist's motion to strike certain opinions of Defendants'
9  expert, John B. Halbert.
10      Let me hear from Netlist on this.
11         MR. SHEASBY:  Yes, Your Honor.  Give me one moment.
12      Your Honor, may I approach?
13         THE COURT:  You may.
14         MR. SHEASBY:  May it please the Court.
15         THE COURT:  Please proceed.
16         MR. SHEASBY:  One of the issues that is -- I think
17 Samsung is attempting to inject into this case is sort of a
18 suggestion in front of the jury that we acted improperly with
19 JEDEC.  And obviously since standard essentiality is not in
20 this case, we don't believe that any sort of allegations of
21 impropriety in front of JEDEC have a place in front of this
22 jury.
23      I should note that that's never been pled, there's never
24 been a pleading that JEDEC is -- is something that we had
25 obligations to JEDEC that were breached from a legal

1  which is identified as paragraphs 289 through 305 of Mr.
2  Meyer's rebuttal report, I'm going to grant the motion and
3  strike those paragraphs. I think they do fall within the
4  purview of *Apple versus Wi-Lan* and they are probably not
5  reliable in light of that and other precedent.
6      With regard to the references to RAND, I'm going to grant
7  that portion of the motion as we've established beyond doubt
8  today there are no standard essential patents at issue in this
9  case. Therefore, any mention of a RAND contractual obligation
10 would violate Rule 403 and be highly confusing and prejudicial
11 with limited, if any, probative value.
12     With reference to the NIAs, I'm going to deny that
13 portion of the motion.
14     With regard to the references to other litigation and
15 IPRs, consistent with the Court's earlier discussed practices,
16 I'm going to grant that. Again, I think that's mandated by a
17 fair application of Rule 403 where there's considerable risk
18 of prejudice and confusion and limited probative value.
19     With regard to the references to the alleged JEDEC
20 contributions, I'm going to deny that portion of the motion.
21 I believe this witness is entitled to respond to Mr. Kennedy's
22 opinions. Particularly in that regard, I don't find anything
23 in this section of his report that cannot fairly be addressed
24 by Plaintiff through cross-examination and rises to the level
25 of needing to be excluded.

```
1           I HEREBY CERTIFY THAT THE FOREGOING IS A
2      CORRECT TRANSCRIPT FROM THE RECORD OF
3      PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
4      I FURTHER CERTIFY THAT THE TRANSCRIPT FEES
5      FORMAT COMPLY WITH THOSE PRESCRIBED BY THE
6      COURT AND THE JUDICIAL CONFERENCE OF THE
7      UNITED STATES.
8
9      S/Shawn McRoberts                 04/02/2023
10     _____DATE_____
       SHAWN McROBERTS, RMR, CRR
11     FEDERAL OFFICIAL COURT REPORTER
```

Shawn M. McRoberts, RMR, CRR
Federal Official Court Reporter