UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**NETLIST, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SAMSUNG'S INVALIDITY DEFENSES**

)

Samsung filed petitions for *inter partes* review ("IPR") as to each of Netlist's patents-in-suit. In the proceeding for the '608 patent, Samsung filed a *Sotera* stipulation, representing that Samsung "will not pursue an invalidity defense in the Eastern District of Texas action (C.A. No. 22-293-JRG)" based on "grounds that were raised or reasonably could have been raised in the IPR." Ex. 1. Mr. McAlexander's opening report on the '608 patent, however, pursued invalidity challenges under 35 U.S.C. §§ 102 and 103 based on grounds that Samsung already raised in its IPR petitions or that Samsung reasonably could have raised in the IPRs. Summary judgment precluding Samsung from raising the invalidity challenges it raised or could have raised before the PTAB is thus necessary.

## I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether Netlist is entitled to summary judgment that Samsung is precluded from raising invalidity grounds in this case that it raised or reasonably could have raised before the USPTO as to the patents-in-suit (e.g. ■■■)?

## II. STATEMENT OF UNDISPUTED FACTS

1. On April 27, 2023, Samsung filed an IPR petition on the '608 patent. IPR2023-00847.

2. On September 26, 2023 Samsung submitted a *Sotera* stipulation to the USPTO, stating:

Samsung stipulates that, if the Patent Trial and Appeal Board institutes an IPR proceeding for U.S. Patent No. 10,268,608 on the grounds presented in Samsung's petition in IPR2023-00847, Samsung will not pursue an invalidity defense in the Eastern District of Texas action (C.A. No. 22-293-JRG) that the patent claims subject to the instituted IPR are invalid based on grounds that were raised or reasonably could have been raised in the IPR.

Ex. 1 (Paper 8). The USPTO granted institution of IPR on December 12. Ex. 2 (Paper 13).

3. On November 20, 2023, Samsung served the opening expert report on the invalidity of Netlist's '608 patent. Among others, Samsung raised invalidity arguments under 35 U.S.C. §§ 102 and 103 based on ■■■ which include ■■■ ■■■ Ex. 3 (McAlexander Report Att. C) ¶ 206-222, 245.

## III. SAMSUNG SHOULD BE PRECLUDED FROM RAISING SECTION 102/103 CHALLENGES ON THE '608 PATENT AS TO THE JEDEC PROPOSALS

Samsung contends the JEDEC proposals it relied on are publicly accessible. *See* Ex. 3 (McAlexander Att. C) ¶ 220 ██████████████████████████████████████. Samsung thus concedes that it could have raised these grounds in the IPRs. MPEP § 2128; *Medtronic, Inc.*, 891 F.3d at 1380. Samsung also appears to suggest that the JEDEC proposals reflect a POSITA's knowledge. *See, e.g.,* Ex. 3 (McAlexander Att. C) ¶ 221 ██████████████████████████████████████████████████████████████████████████. This further demonstrates that the JEDEC proposals could have been raised in the IPR proceedings since the PTAB can properly consider "the skilled artisan's knowledge when determining whether it would have been obvious to modify the prior art." *Koninklijke Philips N.V. v. Google LLC*, 948 F.3d 1330, 1337 (Fed. Cir. 2020); *see also Randall Mfg. v. Rea*, 733 F.3d 1355, 1362-63 (Fed. Cir. 2013) ("the knowledge of such an artisan is part of the store of public knowledge that must be consulted when considering whether a claimed invention would have been obvious").[1]

Thus Samsung should not be allowed to pursue Mr. McAlexander's invalidity grounds of ██████████████████████████████ Ex. 3 (McAlexander Report Att. C) ¶ 245 ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

The Court granted summary judgment on this same issue in *Samsung I*. *See* Case No. 2:21-CV-00463-JRG, Dkt. 432 at 3 (granting Netlist's Motion for Partial Summary Judgment on Samsung's Invalidity Defenses) ("With regard to JEDEC materials, the Court GRANTED the motion.").

## IV.   CONCLUSION

Netlist respectfully requests that this Court grant summary judgment as discussed above.

Dated: January 16, 2024                              Respectfully submitted,

---

[1] Netlist disagrees with Samsung's characterization of POSITA's knowledge. But even *arguendo* taking Samsung's argument as true, the JEDEC materials could have been raised in the IPR proceedings.

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 16, 2024, a copy of the foregoing was served to all Samsung counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

- 4 -