# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:22-cv-293-JRG |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, ) | |
| INC.; SAMSUNG SEMICONDUCTOR ) | ▮▮▮▮▮▮▮▮▮▮ |
| INC., ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| NETLIST, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:22-cv-294-JRG |
| ) | |
| MICRON TECHNOLOGY, INC.; ) | JURY TRIAL DEMANDED |
| MICRON SEMICONDUCTOR ) | |
| PRODUCTS, INC.; MICRON ) | |
| TECHNOLOGY TEXAS LLC, ) | |
| ) | |
| Defendants. ) | |

**NETLIST INC.'S PARTIAL MOTION FOR SUMMARY JUDGMENT OF
NO INEQUITABLE CONDUCT OR UNCLEAN HANDS**

# **TABLE OF CONTENTS**

**Page**

I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ..........................................1

II. STATEMENT OF UNDISPUTED FACTS ...................................................................................1

III. ARGUMENT ..................................................................................................................................1

    A. There Is No Evidence of the Requisite Specific Intent................................................................2

    B. Samsung's Unclean Hands Defense Also Fails..............................................................................3

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*1st Media, LLC v. Electronic Arts, Inc.*,
  694 F.3d 1367 (Fed. Cir. 2012)...........................................................................................3

*Am. Calcar, Inc. v. Am. Honda Motor Co., Inc.*,
  651 F.3d 1318 (Fed. Cir. 2011)...........................................................................................2

*Barry v. Medtronic, Inc.*,
  245 F. Supp 3d 793 (E.D. Tex 2017), *aff'd*, 914 F.3d 1310 (Fed. Cir. 2019) ....................2

*Duffy v. Leading Edge Prods., Inc.*,
  44 F.3d 308 (5th Cir. 1995)................................................................................................3

*Equistar Chemicals, LP v. Westlake Chem. Corp.*,
  2016 WL 4373713 (E.D. Tex. Feb. 26, 2016) ...................................................................3

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
  2017 WL 275465 (E.D. Tex. Jan. 20, 2017) ......................................................................4

*Gilead Scis., Inc. v. Merck & Co.*,
  888 F.3d 1231 (Fed. Cir. 2018)...........................................................................................4

*In re Omeprazole Patent Litig.*,
  483 F.3d 1364 (Fed. Cir. 2007)...........................................................................................4

*Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*,
  537 F.3d 1357 (Fed. Cir. 2008)...........................................................................................2

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  649 F.3d 1276 (Fed. Cir. 2011)......................................................................................2, 4

*Tinnus Enterprises, LLC v. Telebrands Corp.*,
  2017 WL 8727626 (E.D. Tex. Aug. 15, 2017), *adopted*, 2017 WL 8727625 (E.D.
  Tex. Sept. 14, 2017) ...........................................................................................................3

*Tinnus Enterprises, LLC v. Telebrands Corp.*,
  2017 WL 8727626 (E.D. Tex. Aug. 15, 2017) ..................................................................3

*TQP Dev., LLC v. Merrill Lynch & Co.*,
  2012 WL 13050554 (E.D. Tex. July 18, 2012) .................................................................4

**I.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

1. Whether Netlist is entitled to summary judgment on Samsung's "Twelfth Additional Defense" of "Inequitable Conduct and Unclean Hands."

**II.    STATEMENT OF UNDISPUTED FACTS**

1. Samsung asserted inequitable conduct and unclean hands as an affirmative defense relating to the '608 patent, both being based on the same set of allegations. Dkt. 145 at 37-44.

2. Samsung asserts that an inventor of the '608 Patent (Dr. Hyun Lee) allegedly failed to disclose, during prosecution of the '608 patent, four items circulated at JEDEC meetings between 2011 and 2012 (collectively "JEDEC Proposals"): (1) "Committee Item Number 158.01 ("DDR4 LRDIMM Proposal") at the December 8, 2011 meeting of JC-40," (2) "Committee Item Number 0311.14 ("Proposed DDR4 DB Training Modes") at the March 25, 2012 meeting of JC-40, " (3) "Committee Item Number 0311.12 (Proposed DDR DB Buffer Control Words) at the June 4, 2012 meeting of JC-40;" and (4) JC-40 Committee Item Number 0311.13, Proposed DDR4 DB BCOM Protocol, Second Showing, March 2012 ("Committee Item Number 0311.13").  Dkt. 145 at 37-44.

3. Samsung has identified no evidence suggesting a specific intent by Dr. Lee or anyone else to deceive the USPTO in connection with the prosecution of the '608 patent.

4. Samsung has also raised a defense of unclean hands based on Netlist's litigation conduct.  Dkt. 145 at 44. Samsung vaguely claims in its Answer and in its interrogatory responses that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id*.; *see also* Ex. 1 at 115-16. Samsung has not identified at any point in discovery or expert reports any actual prejudice it has suffered, any ways in which it would have acted differently, or any egregious misconduct on Netlist's behalf.

**III.   ARGUMENT**

To prevail on a claim of inequitable conduct, the accused infringer must prove by clear and

- 1 -

convincing evidence that: (1) an individual associated with the filing and prosecution of a patent application failed to disclose material information; (2) the individual did so with "a specific intent to deceive the PTO." *Am. Calcar, Inc. v. Am. Honda Motor Co., Inc.*, 651 F.3d 1318, 1334 (Fed. Cir. 2011); *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011). "In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant made a deliberate decision to withhold a known material reference." *Therasense*, 649 F.3d at 1290 (quotation omitted). In *Barry v. Medtronic, Inc.*, the court explained the stringent standard for specific intent:

> Establishing specific intent requires establishing that a patentee had knowledge of falsity. *See Hebert v. Lisle Corp.*, 99 F.3d 1109, 1116 (Fed. Cir. 1996) . . . A specific intent to deceive must be the "single most reasonable inference" to be drawn from the evidence to meet the clear and convincing standard. *Am. Calcar*, 651 F.3d at 1334. "[W]hen there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Therasense*, 649 F.3d at 1290–91. "A finding that the misrepresentation or omission amounts to gross negligence or negligence under a 'should-have known' standard does not satisfy" the specific intent requirement. *Id.* at 1290. . . . Proof that an inventor attempted to withhold material prior art, without more, is also not enough. *See Dayco Prods., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1367 (Fed. Cir. 2003).

245 F. Supp. 3d 793, 801 (E.D. Tex. 2017), *aff'd*, 914 F.3d 1310 (Fed. Cir. 2019).

### A. THERE IS NO EVIDENCE OF THE REQUISITE SPECIFIC INTENT

Specific intent requires evidence showing that the patentee "acted knowingly and deliberately with the purpose of defrauding the PTO and the courts." *Therasense*, 649 F.3d at 1290. An intent to deceive can be inferred from indirect and circumstantial evidence only where it is "the **single most** reasonable inference able to be drawn from the evidence." *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366-67 (Fed. Cir. 2008) (emphasis added). Here, there is no evidence of specific intent.

First, there is no evidence that Dr. Lee was in possession of the four identified JEDEC Proposals at the time the original patent application was filed. Samsung therefore cannot show that Dr. Lee knowingly withheld those references during the prosecution of the '608 Patent.

Second, there is also no evidence that Dr. Lee believed the JEDEC Proposals were material prior art, much less that he purposefully withheld them with the intent to deceive. To the contrary,

Dr. Lee testified that he was not involved in deciding what art was submitted to the USPTO, did not know whether these specific proposals were submitted, and did not have any knowledge about why they were not submitted. Ex. 2 (Lee Tr.) at 121-122, 125-126, 128-130, 186-187. Samsung has not identified any specific intent in its interrogatory responses, instead simply incorporating the allegations in its Answer, which are pleaded with no evidence to support its unfounded arguments. Ex. 1. Such "[c]onclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Moreover, a mere absence of explanation for nondisclosure is insufficient to demonstrate inequitable conduct. There needs to be a showing of **specific** intent to deceive. *1st Media, LLC v. Electronic Arts, Inc.*, 694 F.3d 1367, 1376 (Fed. Cir. 2012) (holding it is not enough to allege that individual "(1) knew of [] references, (2) may have known they were material . . ., and (3) did not inform the PTO of them").

Where, as here, there is no evidence that anyone knowingly and deliberately withheld material information with the specific intent to deceive the USPTO, summary judgment is appropriate. *See, e.g.*, *Equistar Chemicals, LP v. Westlake Chem. Corp.*, 2016 WL 4373713, at *4 (E.D. Tex. Feb. 26, 2016) (granting summary judgment where defendant could not show a "specific intent to deceive the PTO"); *Tinnus Enterprises, LLC v. Telebrands Corp.*, 2017 WL 8727626, at *4 (E.D. Tex. Aug. 15, 2017) ("Given the dearth of evidence regarding intent and the high burden of proof, the Court finds that summary judgment is appropriate on the record before it because no reasonable interpretation of the facts could result in a finding of inequitable conduct."), *adopted*, 2017 WL 8727625 (E.D. Tex. Sept. 14, 2017).

### B.   SAMSUNG'S UNCLEAN HANDS DEFENSE ALSO FAILS

#### 1.   Unclean Hands Based On the Prosecution of the '608 Patent

Because there is no evidence showing inequitable conduct, let alone conduct that "was offensive to the dictates of natural justice," the unclean hands defense also fails. *See Tinnus*, 2017 WL 8727626, at *4 (granting summary judgment on unclean hands with inequitable conduct defense).

### 2. Unclean Hands Based on Litigation Conduct

A party asserting an unclean hands defense "bears the burden of proving by clear and convincing evidence that [the patent holder] acted with unclean hands." *In re Omeprazole Patent Litig.*, 483 F.3d 1364, 1374 (Fed. Cir. 2007). This defense is "reserved for extreme circumstances." *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 2017 WL 275465, at *7 (E.D. Tex. Jan. 20, 2017). Examples of such include a showing that the patent holder has engaged in "egregious misconduct," such as "perjury," "suppression of evidence," "manufacture . . . of evidence," or "bribery." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1293 (Fed. Cir. 2011); *see also Erfindergemeinschaft*, 2017 WL 275465, at *7 ("[T]he defendant 'must show that the patentee conducted itself as to shock the moral sensibilities of the judge, or . . . that the patentee's conduct was offensive to the dictates of natural justice.'"). Further, the alleged misconduct must have an "immediate and necessary relation" to the patents-in-suit, i.e., it must "have enhanced the claimant's legal position as to either the creation or enforcement of the legal right at issue." *Gilead Scis., Inc. v. Merck & Co.*, 888 F.3d 1231, 1239-40 (Fed. Cir. 2018).

Ex. 4 (*Netlist v. Samsung*, No. 21-cv-463, Dkt. 550) at 39-40 ("Bench Trial Order"). "An unclean hands defense further requires proof that the offending conduct materially prejudiced a party's ability to defend itself." *TQP Dev., LLC v. Merrill Lynch & Co.*, 2012 WL 13050554, at *6 (E.D. Tex. July 18, 2012) (cites omitted).

Samsung has raised unclean hands under the theory that Netlist treated the asserted patents as essential in its infringement contentions but refused to take a position on essentiality in discovery. Samsung's entire disclosure of this defense in its interrogatory response is as follows (Ex. 1 at 115-16):



Samsung's defense fails for several reasons. ***First***, Samsung has identified no actual prejudice it has suffered. This Court rejected an identical defense in the previous case between the parties for this reason. In the Bench Trial Order, **CL 35**, the Court explained that:

> Samsung has pointed to certain evidence and defenses it developed for trial but was prevented from presenting due to Netlist's misrepresentation that it was pursuing a standards-based infringement theory. [FF 93]–[FF 95]. The Court does not find that Samsung has presented clear and convincing evidence supporting the assertion that Netlist's misrepresentation "has immediate and necessary relation to the equity that [Netlist] seeks in respect of the matter in litigation."

Here, Samsung has not identified **any** evidence or defenses it could not develop in this case because of any alleged litigation misconduct on the part of Netlist, and thus cannot possibly meet its burden.

**Second**, Netlist did not engage in any litigation misconduct. As Samsung's own expert testified, discovery is necessary to determine which sections of JEDEC standards are *required* instead of optional. Bench Trial Order ¶ FF66 ("At the bench trial, Samsung's JEDEC expert, Mr. Halbert, testified that just because an infringing product is standard compliant does not mean that the patent claim is necessarily essential. This is because JEDEC allows for product differentiation between suppliers, and there are different ways of implementing the standard"). Moreover, claim construction and comparison between the claims and the JEDEC specifications would be required for Netlist to disclose its essentiality position. The Court entered its claim construction order after the close of fact discovery. Comparing construed claims to standards requires expert testimony. In the *Samsung I Action*, Samsung itself relied on its experts' opinion and testimony to explain what "standard essential" means under JEDEC policy and whether Netlist's patents-in-suit are standard essential. *E.g. id.* Bench Trial Order ¶¶ FF66-67 (quoting testimony of Samsung's expert Mr. Halbert and Netlist's expert Mr. Gillingham to explain the meaning of "standard essential patents" under the JEDEC Patent Policy); *id.* Ex. 3 (Bench Trial Tr.) at 100:14-16, 22-25 (Samsung's technical expert Dr. McAlexander explaining tri-state buffer is not required by the JEDEC specification); *id.* (McAlexander) at 93:20-22 (Dr. McAlexander testifying that the asserted '339 patent is not standard essential).

The Court has already rejected this theory of misconduct in the *Samsung I* litigation. The Court explained in the Bench Trial Order that "to the extent Netlist changed its position regarding the essentiality of the '339, '918, and '054 Patents, the Court does not find that such change in position constitutes litigation misconduct," because its actions "are not the kind of egregious misconduct for which courts have found unclean hands, nor do they shock the Court's moral sensibilities as is required to find unclean hands." Bench Trial Order, 41-42.

Dated: January 16, 2024

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 16, 2024, a copy of the foregoing was served to all Samsung counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao