# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S MOTION FOR SUMMARY JUDGMENT ON SAMSUNG'S DEFENSE OF PROSECUTION HISTORY ESTOPPEL**

**TABLE OF CONTENTS**

**Page**

I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ............................... 1

II. STATEMENT OF UNDISPUTED FACTS ...................................................................... 1

III. ARGUMENT ............................................................................................................................ 1

    A. There is No Prosecution History Estoppel For Claim 16 of the '912 Patent ........................................................................................................................ 1

    B. There is No Prosecution History Estoppel for the "Delay Circuit" Element of Claim 1 of the '608 Patent ................................................................. 3

IV. CONCLUSION ....................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott Labs. v. Dey, L.P.*,
   287 F.3d 1097 (Fed. Cir. 2002)...................................................................................................4

*Bose Corp. v. JBL, Inc.*,
   274 F.3d 1354 (Fed. Cir. 2001)...................................................................................................3

*Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*,
   289 F.3d 801 (Fed. Cir. 2002).....................................................................................................4

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
   535 U.S. 722 (2002).................................................................................................................2, 3

*Insta-Foam Prods., Inc. v. Univ. Foam Sys., Inc.*,
   906 F.2d 698 (Fed. Cir. 1990)..................................................................................................2, 3

*United Services Automobile Association v. PNC Bank N.A.*,
   622 F. Supp. 3d 337 (E.D. Tex. 2022) .....................................................................................2, 3

**I.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

1. Whether Netlist is entitled to summary judgment on Samsung's affirmative defense of prosecution history estoppel (Affirmative Defense No. 4)?

**II.   STATEMENT OF UNDISPUTED FACTS**

1. The final limitation of claim 16 of the '912 Patent states "wherein the command signal is transmitted to only one DDR memory device at a time." Ex. 1 ('912 Patent). This limitation was part of the original language in a set of claims presented via preliminary amendment before any prosecution. Ex. 2 ('912 File History, June 22, 2009 Preliminary Amendment) at 5. The '912 Patent issued on November 17, 2009, and the issued claims included this limitation verbatim as claim 16. Ex. 1 ("16. The memory module of claim 15, wherein the command signal is transmitted to only one DDR memory device at a time.").

2. During subsequent *inter partes* reexamination proceedings on the '912 Patent, the limitation "wherein the command signal is transmitted to only one DDR memory device at a time" was moved verbatim from a dependent to an independent claim. Ex. 3 (Reexam, 1-14-2012 Claims) at 10.

3. Claim 1 of the '608 Patent includes the limitation "a delay circuit configured to delay a signal through the data path by an amount determined by the command processing circuit in response to at least one of the module control signals." Ex. 4 ('608 Patent). The application for the '608 Patent was filed on November 21, 2017. Originally filed claim 1 of the application included the limitation "a delay circuit configured to delay a signal through the data path by an amount determined by the command processing circuit in response to at least one of the module control signals." Ex. 5 ('608 File History, 11-21-2017 Claims) at cl. 1 (page 31). This limitation was not amended during prosecution and was included verbatim in issued claim 1.

**III.  ARGUMENT**

    **A.    There is No Prosecution History Estoppel for Claim 16 of the '912 Patent**

Samsung alleges there is prosecution history estoppel as to the "last limitation" of claim 16 of the '912 Patent, which states ████████████████████████████████████████ ████████████████████ Ex. 6 (McAlexander Rebuttal Att. A), at ¶ 272; Ex. 1. Samsung's expert does not contend there is estoppel as to any other element of claim 16.

Samsung has failed to establish the threshold requirement for prosecution history estoppel: that the "wherein the command signal is transmitted to only one DDR memory device at a time" limitation was an amendment "made to secure the patent and the amendment narrows the patent's scope." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002). Here, the record is clear that this limitation was not added as a condition to secure allowance of the '912 Patent. To the contrary, it was part of the original language in a set of claims presented via preliminary amendment before any prosecution, and the original language was included verbatim in both the original issued and reissued claims. Ex. 2 ('912 File History, June 22, 2009 Preliminary Amendment) at 5; Ex. 1 ('912 Patent). *See United Services Automobile Association v. PNC Bank N.A.*, 622 F. Supp. 3d 337, 345 (E.D. Tex. 2022) (holding defendant "has not met its burden to show the preliminary amendment was narrowing" where it was made prior to any prosecution and there was no indication during prosecution it was a basis for patentability).

Samsung does not identify any instance in which the "command signal" limitation was modified or narrowed during prosecution. The only alleged "amendment" Samsung identifies is that, during reexamination proceedings, the limitation was moved verbatim from a dependent to an independent claim. Ex. 7 (McAlexander Rebuttal Rpt.) at ¶¶ 277-279. The Federal Circuit holds that merely moving an existing limitation from a dependent to an independent claim does not trigger estoppel. For example, in *Insta-Foam Prods., Inc. v. Univ. Foam Sys., Inc.*, 906 F.2d 698, 703 (Fed. Cir. 1990), the patentee amended an independent claim "by incorporating the language of application claim 13 (which was dependent on [the independent claim]"). The Federal Circuit held that there was no prosecution history estoppel as to the limitation of the dependent claim

that was incorporated, because the applicant was merely "rewriting unrejected application claim 13 in an independent form." *Id.* Similarly, in *Bose Corp. v. JBL, Inc.*, 274 F.3d 1354, 1359 (Fed. Cir. 2001), the Federal Circuit held there was no narrowing amendment triggering estoppel where "original dependent claim 2 . . . was rewritten as new [independent] claim 1 during prosecution." This Court has likewise rejected an estoppel argument on virtually identical facts, holding that the "argument that a narrowing amendment occurred because the . . . limitation was moved verbatim from a dependent claim to the independent claim in an examiner's amendment is unpersuasive in light of Federal Circuit precedent." *USAA*, 622 F. Supp. 3d at 346.

Further, even assuming arguendo the *Festo* presumption applies, it may be rebutted by showing the "the rationale underlying the amendment may bear no more than a tangential relation to the equivalent in question." *Festo*, 535 U.S. at 740-41. Here, Netlist is not arguing that a memory module that transmits a command signal to more than one DDR memory device at a time is equivalent to one that does. Rather, the issue in this case is whether the Per-DRAM Addressability Mode in the accused products, if it does not literally infringe, is equivalent because it ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 8 (Mangione-Smith Opening Rpt. Ex. B) at ¶ 87. Samsung does not argue that anything during the prosecution history suggests the use of Per-DRAM Addressability Mode was relevant to prosecution, nor does it identify any amendment made by Netlist as to **how** the transmission of the command signal occurs. To the contrary, Samsung's own expert concedes that during reexamination the examiner found original claim 16 (which included the limitation verbatim) was allowable. Ex. 6 (McAlexander Att. A) at ¶ 276. Therefore, the tangential exception applies.

**B.    There is No Prosecution History Estoppel for the "Delay Circuit" Element of Claim 1 of the '608 Patent**

Netlist asserts that, if they do not literally infringe, the Samsung accused products infringe the "delay circuit" element of claim 1 of the '608 Patent under the doctrine of equivalents. Ex. 9

(Mangione Smith Opening Rpt. Ex. D) at ¶ 104. While Samsung's discovery responses contain a conclusory allegation of prosecution history estoppel as to claim 1 of the '608 Patent (without identifying any specific element), Samsung appears to have abandoned this theory as its experts do not contend there is prosecution history estoppel for this limitation.

However, to the extent Samsung purports to maintain its estoppel defense, it fails as a matter of law because the "delay circuit" limitation was not added or amended during prosecution. The original application for the '608 Patent included the "delay circuit" limitation verbatim, and it issued in final claim 1 without change. *See* Undisputed Fact No. 3. Where a limitation "was not amended during prosecution" "there can be no amendment-based estoppel with respect to this claim limitation." *Abbott Labs. v. Dey, L.P.*, 287 F.3d 1097, 1103 (Fed. Cir. 2002); *see also Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 813 (Fed. Cir. 2002) (reversing finding of prosecution history estoppel where "the applicants did not amend this language regarding the location of the terminals").

Samsung does not identify any amendment of this limitation during prosecution of the '608 Patent. Samsung merely asserts generally in its interrogatory responses – without identifying any particular limitation – that Netlist supposedly amended claim 1 of a **different** related patent (No. 9,128,632) during prosecution. However, Samsung does not identify any amendment during prosecution of the '632 Patent that is purportedly relevant to the "delay circuit" limitation, nor does it explain how such amendment would apply estoppel to the '608 Patent. In any event, the prosecution history of the '632 Patent further confirms there is no estoppel with respect to the "delay circuit" element, because the term "delay circuit" was present in the originally filed claims of the '632 Patent and was not added to overcome a rejection. *See, e.g.*, Ex. 10 ('632 File History, 7-27-2013 Claims) at cl. 5, cl. 12.

## IV.   CONCLUSION

For the foregoing reasons, Netlist respectfully requests its motion be granted.

| | |
|---|---|
| Dated: January 16, 2024 | Respectfully submitted,<br><br>/s/ *Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, Ph.D. (*pro hac vice*)<br>hzhong@irell.com<br>Andrew J. Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br><br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ *Yanan Zhao*
Yanan Zhao

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 16, 2024, a copy of the foregoing was served to all counsel of Samsung defendants of record via Email as agreed by the parties.

*/s/ Yanan Zhao*
Yanan Zhao
