**PROGRIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:22-CV-203-JRG |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., ) | |
| MICRON SEMICONDUCTOR ) | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| PRODUCTS INC., MICRON ) | |
| TECHNOLOGY TEXAS LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF NETLIST, INC.'S MOTION FOR SUMMARY JUDGMENT
ON SAMSUNG'S PROSECUTION LACHES DEFENSE**

# **TABLE OF CONTENTS**

**Page**

I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ............................... 1

II. STATEMENT OF UNDISPUTED FACTS ..................................................................... 1

III. ARGUMENT ........................................................................................................................ 2

    A. Samsung Has No Evidence on Prosecution Laches for the '912 Patent ................................................................................................................. 2

    B. Samsung's Prosecution Laches Arguments for the '417 and '608 Patents Repeat the Same Theories this Court Rejected in the Samsung I Bench Trial .................................................................................. 3

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cordance Corp. v. Amazon.com, Inc.*,
   631 F. Supp. 2d 484 (D. Del. 2009) ............................................................................................6

*Hakim v. Cannon Avent Grp., PLC*,
   479 F.3d 1313 (Fed. Cir. 2007) ...................................................................................................6

*Hyatt v. Hirshfeld*,
   998 F.3d 1347 (Fed. Cir. 2021) ...............................................................................................4, 5

*Novartis Pharms. Corp. v. Mylan Pharms. Corp., Inc.*,
   2011 WL 13199424 (D.N.J. Jan. 26, 2011) ................................................................................5

*PIN/NIP, Inc. v. Platte Chem. Co.*,
   304 F.3d 1235 (Fed. Cir. 2002) ...................................................................................................6

*Seagen Inc. v. Daiichi Sankyo Co.*,
   2022 WL 2789901 (E.D. Tex. July 15, 2022) .........................................................................2, 4

*Shire Orphan Therapies LLC v. Fresenius Kabi USA, LLC*,
   2018 WL 2684097 (D. Del. June 5, 2018) ..................................................................................6

*TQP Dev. v. Alaska Air Grp.*,
   2013 WL 12248229 (E.D. Tex. Nov. 6, 2013) ............................................................................2

*Zenith Elecs. LLC v. Vizio, Inc.*,
   2010 WL 11475581 (E.D. Tex. July 13, 2010) ...........................................................................3

**Statutes**

35 U.S.C. §§ 102 and 103 ................................................................................................................6

**I.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

Whether summary judgment should be issued finding no prosecution laches?

**II.    STATEMENT OF UNDISPUTED FACTS**

1. Samsung raises an affirmative defense of prosecution laches as to the Asserted Patents. Dkt. 145 at 28 ("10th Additional Defense (Prosecution laches). Samsung did not identify any further basis for its prosecution laches defense in its initial disclosures. *See generally* Ex. 1.

2. Netlist served an Interrogatory on Samsung on March 24, 2023 requesting it ▌ Ex. 2 at 102. Samsung did not identify in its response any basis for its laches defense, merely stating it ▌ *Id.* at 115. Samsung's expert, Mr. McAlexander, provided his invalidity opinion on November 20, 2023. His report did not address prosecution laches as to the '912 Patent. Ex. 3.

3. The '417 patent was filed on November 25, 2019 (App. No. 16/695,020) and issued less than two years later on August 17, 2021. Ex. 4. There was only one administrative request for further information on December 16, 2019, which Netlist promptly responded to on February 18, 2020. Ex. 5 (file history of 417 patent) at 184-85. Netlist's prosecution of the '417 Patent family was continuous. The '417 Patent claims priority to the following non-provisional applications: (1) App. 11/075,395, filed on Mar. 7, 2005 and issued as U.S. Patent No. 7,286,436 on Oct. 23, 2007, (2) App. 11/173,175, filed on Jul. 1, 2005 and issued as Pat. No. 7,289,386 on Oct. 30, 2007, (3) App. 11/335,875, filed on Jan. 19, 2006 and issued as Patent No. 7,532,537 on May 12, 2009, (4) App. 12/408,652, filed on Mar. 20, 2009 and issued as Pat. No. 7,636,274 on Dec. 22, 2009, (5) App. 12/629,827, filed on Dec. 2, 2009 and issued as Pat. No. 7,881,150 on Feb. 1, 2011, (6) App. 12/955,711, filed on Nov. 29, 2010 and issued as Pat No. 7,916,574 on Mar. 29, 2011, (7) App. 13/032,470, filed on Feb. 22, 2011 and issued as Pat. No. 8,081,536 on

Dec. 20, 2011, (8) App. 13/287,081, which was filed on Nov. 1, 2011 and issued as Pat. No. 8,516,188 on Aug. 20, 2013, (9) App. 13/971,231, which was filed on Aug. 20, 2013 and issued as Pat. No. 9,037,774 on May 19, 2015, (10) App. No. 14/715,486, which was filed on May 18, 2015 and issued as Pat. No. 9,858,215 on Jan. 2, 2018, (11) App. 15/857,519, which was filed on Dec. 28, 2017 and issued as Pat. No. 10,489,314 on Nov. 26, 2019. Ex. 4, at 1:1-41.

4.      The application for the '608 Patent was filed on November 21, 2017 (App. No. 15/820,076), and issued within 2 years on April 23, 2019. Ex. 6. Netlist also filed a terminal disclaimer as to Patent Nos. 9,128,632, 9,563,587, and 9,824,035. Ex. 7 at 208-209, 187-206. Netlist's prosecution of the '608 Patent family was continuous, and the '608 Patent claims priority to: (1) App. 13/952,599, filed on Jul. 27, 2013 and issued as Pat. No. 9,128,632 on Sep. 8, 2015, (2) App. 14/846,993, filed on Sep. 7, 2015 and issued as Pat. No. 9,563,587 on Feb. 7, 2017, (3) App. 15/426,064, filed on Feb. 7, 2017 and issued as Pat. No. 9,824,035 on Nov. 21, 2017.

### III.    ARGUMENT

To show prosecution laches, Samsung bears the burden to prove, by clear and convincing evidence: "(a) [Netlist's] delay in prosecution was unreasonable and inexcusable under the totality of the circumstances; and (b) [Samsung] or the public suffered prejudice attributable to the delay." *Seagen Inc. v. Daiichi Sankyo Co.*, 2022 WL 2789901, at *4 (E.D. Tex. July 15, 2022).

#### A.    Samsung Has No Evidence on Prosecution Laches for the '912 Patent

Samsung has not put forward in this case any evidence supporting prosecution laches as to the '912 Patent. As detailed in Section II, Samsung's Complaint, Initial and Additional Disclosures, and its responses to Netlist's interrogatories failed to allege specific facts, let alone, provide evidence, in support of a prosecution laches defense as to the '912 Patent. This alone is sufficient to warrant summary judgment. *TQP Dev. v. Alaska Air Grp.*, 2013 WL 12248229, at *3 (E.D. Tex. Nov. 6, 2013) (granting summary judgment where defendant failed to disclose theories of affirmative defenses in interrogatory responses, and only "made a bare mention of the

affirmative defenses [] in [their] Answer but otherwise made no statement regarding them"); *Alexam*, 2013 WL 1795956, at *1. Samsung's experts provide no opinion that the '912 patent is unenforceable due to prosecution laches. *Supra* Section II ¶ 2; Ex. 3; *Zenith Elecs. LLC v. Vizio, Inc.*, 2010 WL 11475581, at *3 (E.D. Tex. July 13, 2010) ("[Defendant] has not presented any evidence on its Fifth and Seventh Affirmative Defenses, and summary judgment should be GRANTED in favor of Zenith").

### B. Samsung's Prosecution Laches Arguments for the '417 and '608 Patents Repeat the Same Theories this Court Rejected in the Samsung I Bench Trial

Samsung's invalidity expert provides a cursory analysis of prosecution laches as to the '417 and '608 Patents. For both, Samsung's expert generally alleges that Netlist's continuation applications ███████████████████ and ███████████████████ ███████████████████████████████████████████████ ███████████████████ Ex. 8 at ¶¶ 186-187; Ex. 9 at ¶ 297 (alleging for '608 Patent that Netlist ███████████████████████████████ in earlier applications). Samsung also generally points to the number of continuations filed over time.

Samsung's prosecution laches theory in this case is virtually identical to the laches theory it advanced in the prior case of *Netlist v. Samsung*, No. 21-cv-463 ("*Samsung I*"), where it similarly claimed that (1) "Netlist improperly expanded the scope of its applications in 2019, which led to the '918 and '054 Patents covering products beyond hybrid memory"; (2) that "Netlist's prosecution of the '918 and '054 Patent claims unreasonably followed the discussions of DDR5 PMIC specifications in JEDEC"; and (3) [there was] "an alleged 13 to 14-year gap between the filing of the priority application and the issuance of the '918 and '054 Patent claims". *Samsung I*, Dkt. 550, at **CL22-24**. This Court rejected Samsung's laches defense in *Samsung I* following a bench trial, holding that Samsung failed to prove any unreasonable or unexplained delay in prosecution and finding that "Netlist showed at least some reasonable diligence in prosecuting each of the patent applications that arose from the disclosure set forth in the '918 and '054 Patent

family," in particular because "Netlist continuously filed patent applications between 2008 to the present day—i.e., Netlist was not 'sitting on its hands.'" *Id.* **CL21**. The Court further found it relevant that the asserted patents in that case issued expeditiously, noting "Netlist sought, and was granted, expedited prosecution for the '918 and '054 Patents, which resulted in issuance just over a year after Netlist filed its applications." *Id.* at **CL20**.

The Court likewise rejected Samsung's theory that there was something improper about Netlist's "decision of when and how to prosecute disclosed inventions and their embodiments" in continuation applications. *Id.* **CL19**. For example, the Court found, *id.* **CL23**:

> Samsung's argument that Netlist's prosecution of the '918 and '054 Patent claims unreasonably followed the discussions of DDR5 PMIC specifications in JEDEC is similarly unavailing. The Federal Circuit and courts in this District have found that "[t]here is nothing unusual or improper about drafting claims to cover a competitor's product, as long as there is a basis in the pending application," even if that claim has never appeared before in the family. . . . Similarly, here, there was nothing atypical or unreasonable in Netlist filing claims directed towards emerging DDR5 technology.

The Court likewise found that merely pointing to a 13-year span between the original priority application and a continuation patent does not establish laches, especially because Netlist had done nothing to extend its patent term, *id.* **CL24**:

> **[CL 24]** [P]rosecution laches is not simply a time-counting exercise. *See* [CL 15]–[CL 18]; *see also Seagen*, 2022 WL 2789901, at *7. The Court is tasked with conducting an analysis of Netlist's prosecution conduct by evaluating the totality of the circumstances. *Hyatt*, 998 F.3d at 1360. In performing that analysis, the Court declines to find that Netlist's "delay in prosecution was unreasonable and inexcusable under the totality of the circumstances." Importantly, Netlist has done nothing to extend its patent term. [FF 42]. Use of the patent prosecution process to extend the patent term is an important commonality amongst cases finding prosecution laches. [CL 16]–[CL 18]. However, Samsung has not shown that Netlist took some action to extend the term of the patents at issue. Nor has Samsung shown that Netlist improperly delayed the prosecution of patents in the family. . . . .

The Court therefore concluded that "Samsung has failed to establish, by clear and convincing evidence, 'that the patentee's delay in prosecution was unreasonable and inexcusable under the totality of the circumstances.'" *Id.* **CL25**. The ruling in Samsung I applies equally here.

***First***, both the '417 and '608 Patents themselves were filed, prosecuted, and issued expeditiously. *Supra* Section II ¶¶ 5-8. Samsung identifies no unreasonable or unexplained delay

- 4 -

in the prosecution of either patent. *See Novartis Pharms. Corp. v. Mylan Pharms. Corp., Inc.*, 2011 WL 13199424, at *9 (D.N.J. Jan. 26, 2011) (granting summary judgment dismissing the defendant's prosecution laches defense where there was no facts sufficient to show an "unjustifiable delay").

**Second**, while Samsung points generally to the fact that the original non-provisional application for the '417 Patent family was filed in 2005 (14 years before the '417 application), this Court squarely rejected in *Samsung I* the notion that continuous prosecution of a patent family over 13 to 14 years establishes laches, where the family was diligently prosecuted and the patent term was not extended. The exact same reasoning applies here. Netlist has not extended its patent term for either family—Netlist filed a terminal disclaimer in connection with the '608 patent and the '417 Patent's term runs from the original priority application. Samsung did not show, as in past cases where laches has been found, that Netlist "bulk-file[d] hundreds of patent applications with hundreds of thousands of claims to 'unduly increase[] the administrative burden on the PTO' in an effort to artificially inflate the life of its patents." *Samsung I*, Dkt. 550, **CL20**; *cf. Hyatt v. Hirshfeld*, 998 F.3d 1347 at 1370 (Fed. Cir. 2021). Further, the '608 Patent family does not even have close to a 13-year history. The original non-provisional for the '608 Patent family was filed in 2013, just four years before the '608, and there was continuous prosecution in the interim.

**Third**, while Samsung's allegation that Netlist filed continuation applications to broaden the claims and/or drafted claims based on JEDEC discussions is without merit, even if it were true, as this Court found in *Samsung I* there is "nothing atypical or unreasonable in Netlist filing claims directed towards emerging DDR[] technology." *Samsung I*, Dkt. 550, **CL23**; *see also Hyatt*, 998 F.3d at 1361–62 (noting it is appropriate to "[refile] an application to add subject matter in order to attempt to support broader claims as the development of an invention progresses"); *Symbo Techs.*, 422 F.3d at 1385 ("Commonly, and justifiably, one might refile an application to add subject matter in order to attempt to support broader claims as the development of an invention progresses, although entitlement to an earlier filing date for any claimed subject matter may of

- 5 -

course be necessary to avoid a statutory bar created by intervening events outlined in 35 U.S.C. §§ 102 and 103."); *Hakim v. Cannon Avent Grp., PLC*, 479 F.3d 1313, 1317 (Fed. Cir. 2007) ("Hakim had the right to refile the application and attempt to broaden the claims."); *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1247 (Fed. Cir. 2002) ("[I]t is legitimate to amend claims or add claims to a patent application purposefully to encompass devices or processes of others."); *Cordance Corp. v. Amazon.com, Inc.*, 631 F. Supp. 2d 484, 492 (D. Del. 2009) (granting summary judgment in favor of the patentee notwithstanding evidence of "monitoring Amazon's highly publicized 1–click patent litigation" because "Cordance's patents were all filed after June 1995, and, therefore, was not extending its patents' term by delaying to file the claims").

**Fourth**, summary judgment is appropriate for an independent reason that Samsung has not pointed to any specific facts showing that it suffered prejudice due to Netlist's alleged delay. There is no evidence showing what Samsung would have done differently had Netlist prosecuted its patents sooner. In its interrogatory responses, Samsung claimed that it first became aware of the '417 and '608 patent after August 15, 2022 and December 27, 2022—after Netlist filed and served the complaint of this instant Action. Ex. 2 at 86. Samsung's corporate representative also testified that ███████████████████████████████████████████████████. Ex. 10 (Yoon) at 83:1-8 ███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████. In short, Samsung does not claim it even would have been aware of the earlier applications, much less acted any differently. *See Shire Orphan Therapies LLC v. Fresenius Kabi USA, LLC*, 2018 WL 2684097, at *23 (D. Del. June 5, 2018) ("To show that a party was 'adversely affected,' it must show that the holder of intervening rights would have either done something differently or experienced a change in economic position as a result of the alleged delay in issuance of the patent-in-suit.").

| | |
|---|---|
| Dated: January 16, 2024 | Respectfully submitted, |
| | */s/ Jason G. Sheasby* |
| | Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099 |
| | Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, Ph.D. (*pro hac vice*)<br>hzhong@irell.com<br>Andrew J. Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com |
| | **IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199 |
| | **Attorneys for Plaintiff Netlist, Inc.** |

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 16, 2024, a copy of the foregoing was served to all counsel of record for Samsung via Email as agreed by the parties.

*/s/ Yanan Zhao*
Yanan Zhao
