**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ███████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-294-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; | ) | |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF NETLIST, INC.'S MOTION FOR SUMMARY JUDGMENT
THAT THE ASSERTED PATENTS ARE NOT STANDARD ESSENTIAL
(SAMSUNG CASE NO. 2:22-CV-293)**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT...................................1

II.   STATEMENT OF UNDISPUTED FACTS.......................................................................1

III.   ARGUMENT......................................................................................................................2

     A.   Both Parties' Experts Agree the Asserted Patents Are Not Essential........................2

     B.   Samsung's Contradictory "If Infringed, Then Essential" Opinion Does Not Create A Genuine Dispute of Fact ...................................................................................3

          1.   The Court Recently Rejected the Same Argument in the Micron Case......3

          2.   Samsung Has No Evidence or Technical Analysis ....................................4

     C.   Essentiality of Other Claims of the '912 Patent to DDR3 Does Not Render It Essential For Purposes of this Case.......................................................................10

IV.   CONCLUSION................................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

**Cases**

*In re Innovatio IP Ventures, LLC Patent Litig.*,
    956 F. Supp. 2d 925 (N.D. Ill. 2013) ................................................................................. 2

*Intel Corp. v. Future Link Sys.*,
    268 F. Supp. 3d 605 (D. Del. 2017) ........................................................................... 2, 7, 9

Netlist respectfully requests summary judgment that the Asserted Patents are not standard essential. Both Parties' experts agree the patents are not standard essential.

## I.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1.    Whether the Court should enter summary judgment that the Asserted Patents (the '912, '417, and '608 Patents) are not standard essential for purposes of this action?

## II.    STATEMENT OF UNDISPUTED FACTS

1.    Netlist does not contend that the '417 or '608 patents are standard essential. Ex. 1 (Mangione-Smith Rebuttal Ex. B) at ¶ 628 ███████████████████████████ ████████████████████████████. Netlist does not contend that claim 16 of the '912 Patent, the lone asserted claim, is standard essential. Ex. 2 (Mangione-Smith Rebuttal Ex. A) at ¶ 310 ████████████████.

2.    The JEDEC Policy (JM21V) defines an "Essential Patent" as "A Patent containing one or more Essential Patent Claims." Ex. 3 at § 8.2.1. It further defines "Essential Patent Claims" as:

> Those Patent claims the use of which would necessarily be infringed by the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the required portions of a final approved JEDEC Standard.
>
> NOTE Essential Patent Claims do not include Patent claims covering aspects that are not required to comply with a JEDEC Standard, or are required only for compliance with sections that are marked 'example,' 'non-normative,' or otherwise indicated as not being required for compliance, or related to underlying enabling technologies or manufacturing techniques not specified in the standard. *Id.* (other versions of JEDEC policy provide the same definitions).

3.    Samsung's technical expert, Mr. McAlexander, likewise opines that the '912, '417, and '608 Patents are not standard essential. Ex. 4 (McAlexander Opening Ex. A) at ¶ 210 ████████ ███████████████████████████; Ex. 5 (McAlexander Opening Ex. B) at ¶ 195 ███████████████████████████, Ex. 6 (McAlexander Opening Ex. C) at ¶ 325 ████████████████████████.

## III.    ARGUMENT

Because Samsung is the party alleging breach of RAND, it bears the burden to prove

essentiality. *Intel Corp. v. Future Link Sys.*, 268 F. Supp. 3d 605, 610 (D. Del. 2017) (granting summary judgment because defendant did not demonstrate "that RAND licensing requirements attach . . .[and] failed to show that [] each patent contains at least one 'Necessary Claim'"); *In re Innovatio IP Ventures, LLC Patent Litig.*, 956 F. Supp. 2d 925, 936 (N.D. Ill. 2013) ("the assertion of RAND is like an affirmative defense . . .The court thus assigns to the Defendants the burden of establishing the RAND commitment with respect to each patent claim."). Proving that a claim is essential requires element-by-element analysis as to the complete claim. *Intel*, 268 F. Supp. 3d at 611-612 (expert testimony regarding only "some elements" did not create a genuine dispute on essentiality).

A.    **Both Parties' Experts Agree the Asserted Patents Are Not Essential**

There is no genuine dispute of fact that the Asserted Patents are not standard-essential. Netlist does not contend that the Asserted Patents are standard essential, and its expert confirms this. Ex. 1 (Mangione-Smith Rebuttal Ex. B) at ¶ 628 ███████████████████████████████ ███████████████████████████.

Samsung's technical expert, Mr. McAlexander, affirmatively opines that ███████████████ ████████████████████ Ex. 4 at ¶ 210 ███████████ ███████████████; Ex. 5 at ¶ 195 ████████████████ ███████████████, Ex. 6 at ¶ 325 ████████████████ ██████. Samsung's JEDEC expert, Mr. Halbert, does not opine any Asserted Patent is essential.

B.    **Samsung's Contradictory "If Infringed, Then Essential" Opinion Does Not Create a Genuine Dispute of Fact**

Mr. McAlexander attempts to inject a contradictory, conclusory statement in his rebuttal report that ████████████████████████████████████████████████████████. This "if infringed, then essential" opinion does not create a genuine dispute of fact.

1.    **The Court Recently Rejected the Same Argument in the Micron Case**

Mr. McAlexander does not compare the asserted claims to the JEDEC standards and show

that every element is present in required portions of the standard. He opines that the claims are not essential. *Id.* at 2. Rather, Mr. McAlexander merely contends that ███████████████████

███████████████████████████████████████████████████████████████

███████████████████ *See, e.g.*, Ex. 7 (McAlexander Rebuttal Ex. A) ¶ 386.

This Court recently rejected the exact same argument in the co-pending litigation with Micron. There, Micron argued there was a genuine dispute of fact about essentiality because "Netlist's infringement allegations for the '918 and '054 Patents clearly hinge on the Relevant JEDEC Standards," but Micron's expert did not actually perform any element-by-element analysis comparing the claims to the standards. Ex. 8 (Case No. 2:22-cv-203 Dkt. 421) at 3. Specifically, Judge Payne rejected Micron's theory, recommending that summary judgment be granted:

> Micron has not met its burden of demonstrating evidence showing that the asserted patents are standard essential. Micron's "express" evidence based on Netlist's infringement contentions is grounded in the argument that the contentions are seemingly based upon the JEDEC standard. However, nothing within the contentions expressly demonstrates that the JEDEC standard is relied upon for the contentions. Further, the "implicit" evidence that Dr. Mangione-Smith relies on the standard is also not sufficient. Absent any other evidence demonstrating that a genuine issue of material persists, Micron has not met its burden. Accordingly, a genuine issue of material fact is not present, and it is recommended that the Motion for Summary Judgment that the '918 and '054 Patents are not standard-essential be **GRANTED**. *Id.* at 4.

Judge Payne also expressly questioned at the pretrial conference Micron's position that the claims were essential "if infringed," noting that infringement and standard essentiality are separate questions.

> THE COURT: To me that's a confusing position to say that if your accused products infringe then the Plaintiff's patents are standard essential. I don't understand why there should be that connection.". Ex. 9 (Micron Pretrial Conference Tr.) at 30:8-11.
> THE COURT: You know, the Plaintiff's patent exists independent of your products. MR. ENZMINGER: Understood. THE COURT: Either it is standard essential or it's not. How does whether your products infringe the patent determine whether their patent is standard essential?" Ex. 9 at 30:25-31:5.

Samsung's own JEDEC expert Mr. Halbert similarly admits that just because a standards-compliant product may infringe does not mean a patent claim is standards essential. Ex. 10 (Halbert Opening Rpt.) at ¶ 43 ███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████.

### 2.     Samsung Has Not Provided Sufficient Evidence or Technical Analysis

Summary judgment is appropriate here for the same reasons as in the Micron case. Samsung has put forward no technical analysis establishing that any claim of the Asserted Patents meets the requirements for essentiality under JEDEC policy – i.e., that it "would necessarily be infringed by the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the required portions of a final approved JEDEC Standard." Ex. 3 at § 8.2.1.

#### a.     The '912 Patent

Mr. McAlexander performs no analysis of the '912 Patent establishing each claim element is present in required portions of the JEDEC standards, nor does any other Samsung expert. Mr. McAlexander's discussion of ███████ (Ex. 7, ¶¶ 386-388) does not discuss JEDEC standards at all, instead merely asserting that ████████████████████████████████████████ ██████████████████████████████ Ex. 7 (McAlexander Rebuttal Rpt. Ex. A) at ¶ 386 (emphasis added). This argument fails for the same reasons as in the Micron case.

First, the suggestion that Netlist relies on JEDEC standards to prove infringement is wrong. As Mr. McAlexander concedes in the very next paragraph, Netlist's infringement expert does not rely on JEDEC standards to prove infringement but rather on ██████████████████ █████ ██████████████ Ex. 7 (McAlexander Rebuttal Rpt. Ex. A) at ¶ 387 (emphasis added); *see also id.* at ¶ 386 ████████████████████████████████████████████████.

Second, whether or not Samsung's accused <u>products</u> are standards-compliant does not mean a patent <u>claim</u> that covers those products is standards-essential. Samsung's own JEDEC expert admits this, as discussed above. Ex. 10 (Halbert Opening Rpt.) at ¶ 43 ███████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████. The test for essentiality is to compare the patent claims to

the standard, not the accused product to the standard.

Third, there is undisputed evidence that '912 Patent claim 16 is not standard-essential because numerous elements relate to, at most, optional features of the standard. For example, Netlist's infringement expert Dr. Mangione-Smith points to ██████████████████████████ ████████████████ as meeting certain claim elements. *E.g.*, Ex. 2 (Mangione-Smith Rebuttal Ex. A) at ¶¶ 315-316. Samsung's corporate representatives admitted that ████████ are not required features of the standard, and are merely optional. Ex. 11 (Jung Depo.) at 95:11-13 ████████████████████████████, Ex. 12 (Park Depo.) at 36:16-39:21 ████████████████████████████████

████████████████████████████████

██████████████████████. Samsung's expert Mr. McAlexander likewise conceded as part of his non-infringement opinion that these are optional features. Ex. 7 (McAlexander Rebuttal Ex. A) at ¶ 270 ████████████████████████████████

████████████████████████████████

████████████████████.

Samsung's witnesses also admitted that the "phase-lock loop" (PLL) element of claim 16 is an optional feature, Ex. 13 (Han Depo.) at 75:17-76:3:



Netlist's experts Dr. Mangione-Smith and Mr. Gillingham opine that claim 16 is not essential because it relates to, at most, optional portions of the JEDEC standard. Ex. 2 at ¶¶ 310-318 ████ ████████████████████; Ex. 14 (Gillingham Rebuttal) at ¶ 125 ████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████. Samsung's

experts do not contest this analysis.

The JEDEC policy is clear that "Essential Patent Claims" exclude those that cover only optional features. Ex. 3 (JM21V) at § 8.2.1; *supra* Section II. ¶ 2 (quoting the definition).   Because there is no analysis in the record establishing all claim elements are present in required portions of a standard, summary judgment is appropriate. *Intel*, 268 F.Supp.3d at 610-12 (granting summary judgment that there was no RAND obligation where defendants' experts failed to provide analysis that all elements were necessary to practice a standard.).

### b.   The '417 Patent

Mr. McAlexander's discussion of ████████ of the '417 Patent likewise contains no element-by-element analysis comparing the claims to required portions of the JEDEC standards. Mr. McAlexander again merely argues that Netlist's infringement contentions as to the accused products supposedly rely on the JEDEC standards. This argument fails for the same reasons discussed above, and even Mr. McAlexander ultimately concedes that Netlist's expert does not actually use the JEDEC standards to prove infringement. Ex. 15 (McAlexander Rebuttal Ex. B) at ¶¶ 205 (admitting ████

████████████████████████████████████████, ¶ 206 (admitting █████████████

███████████████████████████████████.

The only actual portions of JEDEC standards that Mr. McAlexander refers to in his ███████ discussion are an █████████████ ███████) and a ████████████ Ex. 15 (McAlexander Rebuttal Ex. B) at ¶¶ 207-208. Mr. McAlexander does not opine these diagrams are required by the standard, nor does he opine (much less show) that these diagrams contain all the elements of any claim. Ex. 15 (McAlexander Rebuttal Ex. B) at ¶¶ 207-208. In fact the evidence is the opposite. Samsung's witness Mr. You-Keun Han testified that █████████████████████████

to by Mr. McAlexander, is at optional feature, Ex. 13 (Han Tr.) at 75:17-76:3:



Netlist's expert Dr. Mangione-Smith likewise explains that the actual '417 Patent claim elements are not required by the JEDEC specifications and are optional features. Ex. 1 (Mangione-Smith Rebuttal) at ¶¶ 631 ███████████████████████████████████████████████, 632 ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████. Samsung's experts do not rebut this analysis, nor has Samsung introduced any contrary evidence that these are required portions of the standard.

c.    The '608 Patent

Mr. McAlexander performs no analysis of the '608 Patent establishing each claim element is present in required portions of the JEDEC standards, nor does any other Samsung expert. Mr. McAlexander again simply asserts that Netlist's infringement expert purportedly relies on Samsung product datasheets that comply with JEDEC standards. Ex. 16 (McAlexander Rebuttal Ex. C) at ¶¶ 219-221. But, as discussed above, whether or not Samsung's products are standards compliant does not establish whether Netlist's claims are essential. Further, Mr. McAlexander does not opine these datasheets reflect required portions of any standard or that they contain all elements of the claims. And Mr. McAlexander again concedes that ████████████████████████████████████████

████████████████████████████ Id. at ¶ 218.

The only portions of actual JEDEC standards referred to by Mr. McAlexander in his discussion of ███████████ are two diagrams that he claims show a ███████████ and ███████████

*Id.* at ¶¶ 222-223. This does not create a genuine dispute.

First, the claims of the '608 Patent contain many elements other than a "tristate buffer" and "data paths." For example, claim 1 includes numerous other elements such as a "module board" with certain connections, a "module control device" configured to perform certain functions, "memory devices mounted on the module board" and configured to perform specified functions, and "a plurality of buffer circuits" with specified features. *E.g.*, Ex. 17 ('608 Patent) at cl. 1 (page 43). Mr. McAlexander does not address any of these elements or show they are required by any standard. Essentiality under the JEDEC policy requires that the complete claim would "necessarily **be infringed**," i.e., that ***all*** elements are present in required portions of the standard. Ex. 3 (JM21V) at § 8.2.1 (emphasis added). Analysis of isolated elements (e.g., the tristate buffer) is insufficient.

*Intel*, 268 F.Supp.3d 605, is instructive. There, Defendants' expert "wrongly classifies claims as 'Necessary Claims' when '***any element*** of the claim—not the claim as a whole—is necessarily embodied by products that implement a PCI–SIG [(PCI Special Interest Group)] standard.'" *Id.* at 610. Like JEDEC, the standard-setting organization at issue in that case defined an essential claim as one that is "necessarily infringed by 'an implementation of a Specification.'" *Id.* at 611. The Court in *Intel* granted summary judgment and found the analysis of Defendant's expert insufficient to create a genuine dispute, explaining "The Court agrees with Future Link that Intel's interpretation of 'Necessary Claim'—as including claims even when only some elements are infringed (even when non-infringed elements are merely enabling technologies)—improperly expands the Scope of a 'Necessary Claim' beyond the definition provided for by the Bylaws." *Id.* at 611.

Second, Mr. McAlexander does not opine that these diagrams reflect ***required*** portions of a JEDEC standard, and there is unrebutted evidence that they are optional. In the bench trial in *Samsung I*, Samsung's corporate representative Mr. Jung admitted the █████████████████████████████████ ████████████████████████████████████████████. Ex. 18 (Bench Trial Tr.) at 129:20-130:2

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████. Netlist's expert Mr. Gillingham likewise explains that █████

████████████████████████████████████ (such as the figure 4.61 Mr. McAlexander points to) ███

██████████████████████████████████████████████████ Ex. 14 (Gillingham

Rebuttal Rpt.) at ¶ 119. Dr. Mangione-Smith similarly explains that █████████████████████

██████████████████████████ and that the diagram Mr. McAlexander points to is merely

███████████ Ex. 19 (Mangione-Smith Rebuttal) at ¶ 421. Samsung submitted no evidence otherwise.

**C.    Essentiality of Other Claims of the '912 Patent to DDR3 Does Not Render it Essential for Purposes of this Case**

Netlist has contended that █████████████████████████████████████████████

████████████████████ Ex. 20 (Netlist 11-19-2023 Resp. to Rog. No. 21) at 77. This does not

render the '912 Patent standard essential for purposes of this case, because DDR3 products are not

accused and, as discussed above, the asserted claim (claim 16) is not essential to any DDR4 standards.

The RAND commitment of the JEDEC Patent Policy is specific to "Essential Patent Claims" (not

the patent as a whole) and limited to products that comply with the particular standard to which the

claim is essential. Ex. 3 (JM21) at § 8.2.4.[1] Therefore, there is no RAND commitment for the accused

DDR4 products in this case merely because certain claims of the '912 Patent may be essential as to

different products and standards that are not at issue.

Dated: January 16, 2024                        Respectfully submitted,

                                               */s/ Jason G. Sheasby*

---

[1] "[E]each Committee Member, as a condition of Participation, agrees to offer to license on RAND terms, to all Potential Licensees, such Committee Member's Essential Patent **Claims** for the use, sale, offer for sale or other disposition of a portion of a ***product*** in order to be compliant with the required portions of a final approved JEDEC Standard issued during the period of membership in that committee."

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on January 16, 2024, a copy of the foregoing was served to all Samsung counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao