**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., </br></br> Plaintiff, </br></br> vs. </br></br> SAMSUNG ELECTRONICS CO., LTD, ET AL., </br></br> Defendants. | Case No. 2:22-cv-293-JRG (Lead Case) </br></br> JURY TRIAL DEMANDED |
| NETLIST, INC., </br></br> Plaintiff, </br></br> vs. </br></br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, </br></br> Defendants. | Case No. 2:22-cv-294-JRG (Member Case) </br></br> JURY TRIAL DEMANDED |

**MICRON'S DAUBERT MOTION AND MOTION TO STRIKE
EXPERT TESTIMONY OF PETER GILLINGHAM**

1

The Micron Defendants ("Micron") hereby respectfully move to strike certain sections of the report of Plaintiff's expert Peter Gillingham that (i) were not timely disclosed to Micron; (ii) solely involve the Samsung co-defendants; and/or (iii) merely parrot documents and witness testimony without providing any expert analysis.

## I.  LEGAL AUTHORITY

An expert may testify only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *Daubert v. Merrell Dow Phanns., Inc.*, 509 U.S. 579, 592-93 (1993). The proponent of expert opinions must demonstrate admissibility by a preponderance of the evidence. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269,276 (5th Cir. 1998) (en banc).

This Court has struck portions of expert reports that merely "parrot facts from the documents and witnesses without adding any expert analysis." *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-CV-00366-JRG-RSP, 2019 WL 6896674, at *2 (E.D.Tex., Dec. 12, 2019) (internal quotations omitted).

## II.  ARGUMENTS

### A.  The Court Should Strike the Untimely Produced Portions of Mr. Gillingham's Reports That Were Previously Redacted

The Court should strike the paragraphs of Mr. Gillingham's report that were redacted when served upon Micron and only unredacted weeks ***after*** the deadline for expert reports.

More specifically, Netlist served a report by Mr. Gillingham to Micron on December 21,

1

2023 on the deadline for expert reports.[1] The report included significant redactions over many pages. *See* Ex. A (Peter Gillingham Redacted Report) at ¶ 38, 70, 76-79, 85, 90, 110, 112-113, 124, 126-127, 135 and footnotes 16, 43, 79, 91, 98, 110. Netlist did not produce to Micron an unredacted version until January 11, 2024. Indeed, Netlist made this untimely production in the middle of the Mr. Gillingham deposition conducted jointly by Micron and the Samsung co-defendants.

Micron's request does not pose any unfair prejudice to Netlist. Mr. Gillingham confirmed during his deposition that his Report was a combined report addressing issues in both the *Samsung* litigation (Case No. 293) and the *Micron* litigation (Case No. 294), and that the redacted portions are only directed to Samsung confidential information. Micron is only seeking to strike the Samsung-related portions that were not timely disclosed in the *Micron* litigation (Case No. 294) because they were redacted, and Netlist is free to use the redacted Samsung related information in its other *Samsung* litigation (Case No. 293), if appropriate.

**B.  The Court Should Strike the Portions of Mr. Gillingham's Report That Deal Solely With the Samsung Co-Defendants.**

The Court should also strike the un-redacted paragraphs of Mr. Gillingham's report that deal solely with *Samsung* litigation (Case No. 293) issues. Specifically:

- Paragraphs 37, 39, 48-50, 52,[2] 54, 97-98, 107, and 125-126 repeat deposition

---

[1] The report was strangely included a signature block that was unsigned, but Mr. Gillingham confirmed at deposition that the unsigned report offered his opinions.

[2] Mr. Gillingham does not provide a specific citation to the earlier *Samsung* litigation in this paragraph, but generally refers to *Samsung* testimony "[a]s set forth above, [where] Netlist's witnesses testified …".

2

testimony taken in an earlier *Netlist v Samsung* litigation (E.D.Tex. Case No. 463) where Micron was not a consolidated co-defendant or otherwise able to cross-examine;



None of these paragraphs help a trier of fact "understand the evidence or to determine a fact in issue" for the *Micron* Case No. 294 between Netlist and Micron.  Rule 702.  Indeed, for many of the testimonial proceedings cited, Micron was not present to conduct cross-examination

3

and is unfairly prejudiced by admission of the untested hearsay testimony. Netlist is not prejudiced by Micron's request to strike these paragraphs because, as stated in the previous section, Micron is only seeking to strike the Samsung-related paragraphs in the *Micron* (Case No. 294), and Netlist is free to use the Samsung related information in its other *Samsung* litigation (Case No. 293), if appropriate.

C.  **The Court Should Strike the Portions of Mr. Gillingham's Report That Merely Parrot Documents and Witness Testimony Without Adding Expert Analysis**

The Court should strike the paragraphs of Mr. Gillingham's report that merely quote documents or witness testimony without providing expert analysis. These portions do not "help the trier of fact to understand the evidence or to determine a fact in issue and thus should be excluded as expert testimony." *United Services Automobile Association*, 2019 WL 6896674, at *3 (internal quotations omitted). Specifically, the Court should strike:

4



*United Services Automobile Association* is illustrative. There, the Court struck paragraphs in an expert's report, where the expert mere recited the background of an industry and other facts "largely through the summation of various documents and testimony." 2019 WL 6896674, at *2. The Court found that these paragraphs" do not employ Mr. Calman's expertise to help the jury understand facts or issues beyond a lay person's understanding … [and] do not contain expert opinions useful to the jury." *Id*. Similarly, here, Mr. Gillingham's parroting of presentations, notes and testimony adds no expertise and should be struck. Like in *United Services Automobile Association*, Micron does not object to Mr. Gillingham "providing factual testimony regarding the topics covered in these paragraphs to the extent such testimony is within [his] personal knowledge as a fact witness." *Id*. But dressing up summaries of factual documents and testimony as expert opinions—without providing any expert analysis—is improper, prejudicial and should be struck.

### III.   CONCLUSION

For the foregoing reasons, Micron respectfully requests that the Court grant Micron's motion.

Dated: January 16, 2024                              Respectfully submitted,

By: */s/ Michael R. Rueckheim*
Thomas M. Melsheimer (State Bar No. 13922550)
TMelsheimer@winston.com
Natalie Arbaugh (State Bar No. 24033378)
NArbaugh@winston.com

5

Barry K. Shelton (State Bar No. 24055029)
BShelton@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Michael R. Rueckheim (State Bar No. 24081129)
MRueckheim@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*Pro Hac Vice*. State Bar No. 1500598)
MHopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036-3506
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Juan C. Yaquian (*Pro Hac Vice*. State Bar No. 24110559)
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002-2925
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill (State Bar No. 24032294)
wh@wsfirm.com
Andrea Fair (State Bar No. 24078488)
andrea@wsfirm.com
Charles Everingham IV (State Bar No. 00787447)
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

███████████████

***Attorneys for Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC***

7

## CERTIFICATE OF SERVICE

I certify that, on January 16, 2024, a copy of the foregoing was served on all counsel of record via the Court's ECF system.

/s/ Mike Rueckheim
Mike Rueckheim



## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Micron and Netlist met and conferred regarding Micron's Daubert Motion and Motion to Strike Expert Testimony of Peter Gillingham. Netlist's counsel indicated that Netlist opposes Micron's motion.

/s/ Mike Rueckheim
Mike Rueckheim