# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) <br><br> ▬▬▬▬▬▬▬▬▬▬ |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S MOTION FOR SUMMARY JUDGMENT ON SAMSUNG'S DEFENSE OF EQUITABLE ESTOPPEL**

# TABLE OF CONTENTS

**Page**

I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ............................... 1

II. STATEMENT OF UNDISPUTED FACTS ................................................................ 1

III. ARGUMENT .................................................................................................................. 4

    A. The '417 and '608 Patents ................................................................................ 4

        1. Samsung Has No Evidence of Breach of Duty ....................................... 5

        2. Samsung Has No Evidence of Prejudice ................................................. 6

    B. The '912 Patent .................................................................................................. 7

        1. There Is No Evidence Netlist Breached Its Duty of Disclosure ............. 7

        2. Samsung Has No Evidence of Prejudice ................................................. 9

IV. CONCLUSION ............................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hynix Semiconductor Inc. v. Rambus Inc.*,
    645 F.3d 1336 (Fed. Cir. 2011) ................................................................................................ 4, 5

*Meyers v. Asics Corp.*,
    974 F.2d 1304 (Fed. Cir. 1992) ...................................................................................................6

*Radio Sys. Corp. v. Lalor*,
    709 F.3d 1124 (Fed. Cir. 2013) ...................................................................................................4

Netlist respectfully moves for summary judgment dismissing Samsung's defense of equitable estoppel based on alleged failure to disclose to JEDEC (Affirmative Defense No. 3). It is undisputed Netlist disclosed all of the asserted patent families to JEDEC, and Samsung's arguments merely repeat the same theories this Court already rejected following the bench trial in *Netlist v. Samsung*. *See* No. 2:21-cv-463, Dkt. 550 (Ex. 1) ("*Samsung I*").

## I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether summary judgment should issue dismissing Samsung's affirmative defense of equitable estoppel based on alleged failure to disclose to JEDEC?

## II. STATEMENT OF UNDISPUTED FACTS

1. JEDEC policies are set out in the JEDEC Manual of Organization and Procedure, JM21. Ex. 2. Section 8.2.3 of JM21 addresses the duty of disclosure for essential patents. It provides that the duty of disclosure to JEDEC is specific to Representatives, i.e., the individual who represents the company at JEDEC meetings, and is limited to potentially essential patents of which the representative has personal knowledge. Ex. 1 (Samsung I Bench Trial Order) at FF24; Ex. 2 (JM21) at § 8.2.3, *see also id.* §§ 3.4, 8.2.1, Annex A.1. Neither the Representative nor Committee Member has any obligation to conduct a search for potentially essential patents. *Id.*

2. The "Representative" is "an individual nominated by the member company to represent the member company on the committee." Ex. 2 at § 8.2.1 (defining "Representative" as "An individual who represents a Committee Member."). Netlist's JEDEC representative is Mario Martinez. Ex. 1 at CL7, CL8; Ex. 3 (11-15-2023 Hobbs Depo.) at 21:23-22:2███████████████████████████████████████████████████████████; Ex. 4 (11-20-2023 Milton Depo) at 55:1-6.

3. Mr. Martinez testified that ███████████████████████ Ex. 5 (Martinez 12-7-2022 Depo.) at 198:10-21 ████████████████████████████████████

██████████

██████████. Mr. Martinez further testified that ██████████

██████████. Ex. 6 (Martinez 11-13-2023 Depo) at 115:17-116:2 ██████████

██████████

██████████

██████████.

4. Dr. Hyun Lee also ██████████

██ Ex. 7 (2022-11-29 Hyun Lee Tr.) at 85:14-16. There is no evidence that Dr. Lee had personal knowledge of any asserted patent and/or believed it contained potentially essential patent claims, but failed to disclose it to JEDEC.

5. The JEDEC Patent Policy states that "Disclosure of a patent is deemed to include all patents claiming priority of a single filing." Ex. 2 (JM21) at § 8.2.1. It also states that a RAND commitment for a standard applies to "a continuation of a prior standard." *Id.* at § 8.2.4.

6. On December 9, 2010, Mr. Martinez was present at a JEDEC meeting, along with representatives from Samsung. Ex. 8 (PRIOR_ART-00084783). During that meeting, Netlist disclosed that it had ██████████ during the meeting, including for DDR4 LRDIMMs and confirmed it would ██████████ ██████████ and separately that it ██████████ ██████████ *Id.* at -84787; 84788; -84790.

7. Netlist disclosed the '912 Patent or its family members to JEDEC on at least the following occasions:

- 2 -

- ███████████████████████████████████████████████████████
  ██████████████████████████████ Ex. 28 (NETLIST_SAMSUNG_EDTX00021927). The '912 Patent is a continuation of the '386 Patent.

- ███████████████████████████████████████████████████████
  ███████████████████████████████████████ Ex. 10 (NETLIST_SAMSUNG_EDTX 00021960).

- ███████████████████████████████████████████████████████
  ███████████████████████████████████████████████████████
  ████████ Ex. 11 (NETLIST_SAMSUNG_EDTX00021928).

- ███████████████████████████████████████████████████████
  ███████████████████████████████████████████████████████
  Ex. 12 (NETLIST_SAMSUNG_EDTX00022048) at -22052.

- ███████████████████████████████████████████████████████
  ███████████████████████████████████ Ex. 13 (NETLIST_SAMSUNG _EDTX00021961) at -21966.

8.    JC-40 is the JEDEC committee for "Digital Logic," JC-42 is the JEDEC Committee for "Solid State Memories," JC-42.3 is the JEDEC sub-committee for "Dynamic RAMs," and JC-45 is the JEDEC committee for "DRAM Modules." Ex. 14 (JEDEC Committee Webpages). These committees were responsible for publishing numerous DDR4 standards, for example, the JEDEC DDR4 SDRAM Standard (JESD79-4D) was published by JC-42.3. Ex. 15.

9.    Netlist disclosed the '417 Patent family to JEDEC on the following occasions:

- ███████████████████████████████████████████████████████
  ██████████████████████████████ Ex. 28 (NETLIST_SAMSUNG_EDTX00021927). The '417 Patent is a continuation-in-part of the '386 Patent.

- ███████████████████████████████████████████████████████
  ███████████████████████████████████████████████████████
  ███████████████████████████████████████████████ Ex. 12 (NETLIST_SAMSUNG_EDTX00022048) at -22058. The '417 Patent is a continuation of the '274 Patent.

- ███████████████████████████████████████████████████████
  ███████████████████████████████████████████████████████
  ██████████████████████████ Ex. 12 (NETLIST_SAMSUNG_EDTX00022048) at -22056; Ex. 13 (NETLIST_SAMSUNG_EDTX00021961) at -21970; Ex. 16 (NETLIST_SAMSUNG_EDTX00021994) at -22000. The '417 Patent is a continuation of the '537 Patent.

-  Ex. 16 (NETLIST_SAMSUNG_EDTX00021994) at -22002, -21998. The '417 Patent is a continuation of the '536 and '574 Patents.

10. On April 7, 2016, Netlist submitted a License/Assurance Disclosure Form to JEDEC disclosing Patent No. 9,128,632 and identifying it as relevant to ▮▮▮▮ and ▮▮▮▮ Ex. 17 (NETLIST_SAMSUNG_EDTX00022004). The '608 Patent is a continuation of the '632.

### III. ARGUMENT

Equitable estoppel applies where: "(1) the patentee, through misleading conduct (or silence), leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer; (2) the alleged infringer relies on that conduct; and (3) the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim." *Radio Sys. Corp. v. Lalor*, 709 F.3d 1124, 1130 (Fed. Cir. 2013). In the context of standard setting organizations, the alleged infringer must prove by clear and convincing evidence that "the patentee had a duty of disclosure to the standard setting organization" and "the patentee breached that duty." *Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1348 (Fed. Cir. 2011).

#### A. The '417 and '608 Patents

Samsung's answer contains a cursory allegation that "Netlist is equitably estopped from enforcing the [ ] '417, and '608 patents because Netlist, including its JEDEC representatives, believed . . . that these patents are or may be essential patents to DDR4 LRDIMM based on its infringement allegations (with which Samsung disagrees), and yet elected not to disclose them to JEDEC." Dkt. 145 at 22. However, Samsung did not address equitable estoppel for the '417 and '608 Patents in its expert reports, and thus has no evidence sufficient to sustain its burden of proof on the defense. Ex. 18 (McAlexander Ex. B) at pages 102-131 (▮▮▮▮ ▮▮▮▮; Ex. 19 (McAlexander Ex. C) at pages

160-177 (███████████████████████████████████████████████████████████).

While this alone is sufficient for summary judgment, it is also warranted for the reasons below.

    **1.  Samsung Has No Evidence of Breach of Duty**

Samsung's lone theory of breach as to the '417 and '608 Patents – that Netlist supposedly failed to disclose them as to DDR4 LRDIMM—is contradicted by the undisputed evidence. As discussed above, Netlist repeatedly disclosed both the '417 and '608 Patent families to JEDEC and specifically identified them as relevant to DDR4 LRDIMM. *See* ███████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ Under the JEDEC Patent Policy, disclosure of a parent patent qualifies as disclosure of the family. Ex. 2 (JM21) at § 8.2.1 ("Disclosure of a patent is deemed to include all patents claiming priority of a single filing."); Ex. 20 (Gillingham Rpt.) at ¶ 104; *see also Hynix*, 645 F.3d at 1348 (patentee did not breach duty to JEDEC where "it disclosed to JEDEC its '703 patent, a member of the '898 patent family").

Samsung likewise has no evidence that any Netlist JEDEC representative breached a duty of disclosure. This Court already found, in its bench trial ruling in *Samsung I*, that ████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████ Ex. 1 at FF24 (emphasis added); *see also id.* FF4-FF27; Ex. 2 (JM21). There, this Court held Samsung failed to prove breach of duty where "████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████ Ex. 1 at CL7, CL8. The same is true here. Samsung has put forward no evidence that Mr. Martinez or any other Netlist JEDEC representative knew of the '417 and '608 Patents, believed they were potentially essential, and failed to disclose them. To the contrary, Mr. Martinez testified ████████████

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. 5 at 198:10-15 ▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Moreover, as addressed in Netlist's co-pending motion, there is no dispute the '417 and '608 Patents are not standard-essential and thus there was no duty to disclose them even if the representative had knowledge.

### 2. Samsung Has No Evidence of Prejudice

Summary judgment is also appropriate for the independent reason that Samsung has no evidence of prejudice. Prejudice requires proving that Samsung "would have acted differently" had there been disclosure. *Meyers v. Asics Corp.*, 974 F.2d 1304, 1308 (Fed. Cir. 1992).

Here, Samsung cannot show it would have acted differently, because Samsung's corporate representatives testified that Samsung does not believe disclosure to JEDEC is required and ***does not review*** patents disclosed to JEDEC before releasing new products. Ex. 21 (*Samsung* I Bench Trial Tr.) at 125:2-6 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; Ex. 22 (Yoon Depo) at 82:7-23, 83:1-8 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Samsung likewise does not identify any evidence that JEDEC was considering or would have adopted any different proposal had additional disclosures occurred. Samsung's own corporate representative ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. 23 (Park Depo.) at 45:6-17 ▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████. Samsung's JEDEC expert, Mr. Halbert, admitted the same. Ex. 24 (9-30-2023 Halbert Depo.) at 108:2-19 ████████████

██████████████████████████████████████████████████████████████████████████

████████████████████████████████████.

### B.     The '912 Patent

#### 1.     There Is No Evidence Netlist Breached Its Duty of Disclosure

Samsung's expert Mr. McAlexander concedes that Netlist **repeatedly** disclosed the '912 Patent and its parent patent to JEDEC. Ex. 25 (McAlexander Rpt. Ex. A) at ¶ 189 ████████

██████████████████████████████████████████████████████████████████████████

████████, ¶ 190 ████████████████████████████████████████████████████████████

███████████████████████████████████████████, ¶ 191 ███████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

(internal citations omitted), ¶ 193 ███████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████ (internal citations omitted), ¶ 194 ████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ (internal citations omitted). Samsung contends, however, that Netlist breached its duty of disclosure because these disclosures supposedly did not identify the '912 Patent as relevant to DDR4. Samsung's theory of breach has no support in the JEDEC policy or the evidence.

First, Samsung's assertion that Netlist did not disclose the '912 Patent to DDR4 is contradicted by the undisputed facts. As Samsung's expert admitted, ██████████████

- 7 -

▮▮▮▮▮▮. *See, e.g.*, Ex. 10 NETLIST_SAMSUNG_EDTX00021960 (▮▮▮▮▮▮; Ex. 11 (NETLIST_SAMSUNG_EDTX00021928) (▮▮▮▮▮▮). JEDEC's official record of patent disclosures expressly recorded these disclosures under the "Committee Ballot No.":

▮▮▮▮▮▮

Ex. 9 (JEDEC_00020635). The DDR4 SDRAM Standard was published by JC-42.3—i.e., one of the exact committees Netlist disclosed to. Ex. 15 (DDR4 SDRAM Standard).

Samsung's expert also argues that Netlist supposedly did not disclose the '912 Patent as relevant to ▮▮▮▮▮▮ Ex. 25 (McAlexander Ex. A) at ¶ 200. This argument has no factual support. Mr. McAlexander acknowledges that ▮▮▮▮▮▮ It was therefore fully encompassed by Netlist's disclosure to JC42.3 discussed above. Ex. 25 (McAlexander Ex. A) at ¶ 52. Further, failure to identify an "item number" could not establish breach of duty, because there is no requirement in the JEDEC policy to disclose item numbers. *See generally* Ex. 2 (JM21) at § 8.2.1. JEDEC "item numbers" are, as Samsung's own expert explains, ▮▮▮▮▮▮ Ex. 26 (Halbert Opening Rpt.) at ¶ 21.

Second, Samsung's breach theory fails because Samsung's expert also concedes that Netlist disclosed the '912 Patent as relevant to numerous DDR3 standards. *See, e.g.*, Ex. 25

- 8 -

(McAlexander Rpt. Ex. A) at ¶ 192 [REDACTED]. There is no requirement in the JEDEC policy to re-disclose a patent to a continuation of the same standard. Ex. 2 (JM21) at § 8.2.4 (RAND commitment for a standard continues to apply to [REDACTED]; Ex. 20 (Gillingham Rpt.) at ¶ 104. The DDR4 SDRAM standard is a continuation of the DDR3 SDRAM standard—DDR3 SDRAM is numbered JESD79-3 (Ex. 27) and DDR4 is numbered JESD79-4. Ex. 15.

Third, even *arguendo* accepting Samsung's argument that there was an obligation to re-disclose for DDR4, Samsung still has no evidence of breach of duty. As discussed above, [REDACTED] Ex. 1 at FF24 (emphasis added); *see also id.* FF4-FF27; Ex. 2 (JM21V). Samsung has put forward no evidence that Mr. Martinez or any other Netlist JEDEC representative knew that the '912 Patent was potentially essential to any DDR4 standard (much less item number 1716.52 specifically) and failed to re-disclose it. Moreover, as addressed in Netlist's co-pending motion, there is no dispute that '912 Patent claim 16 is not standard-essential to DDR4 and thus there was no duty to disclose it for DDR4 regardless.

### 2. Samsung Has No Evidence of Prejudice

The sum total of Samsung's evidence of prejudice is a single paragraph in Mr. McAlexander's report speculating that [REDACTED] Ex. 25 (excerpted McAlexander Rpt. Ex. A) at ¶ 204. Mr. McAlexander does not specify what actions (if any) he is referring to, and Samsung has not identified any specific action it or JEDEC would have performed differently had there been additional disclosures of the '912 Patent. Indeed, as discussed above, Samsung cannot show it would have acted differently in light of further disclosure, because [REDACTED]



███████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████. Ex. 21 at 125:2-6; Ex. 22 (Yoon Depo) at 82:7-23, 83:1-8.

Samsung likewise does not identify any evidence that JEDEC was considering or would have adopted any different proposal had additional disclosures occurred. As discussed above,

███████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████. Ex. 24 (9-30-2023 Halbert Depo.) at 108:2-19; Ex. 23 (Park Depo.) at 45:6-17.

## IV.  CONCLUSION

Netlist respectfully requests summary judgment as discussed above.

Dated: January 16, 2024                     Respectfully submitted,

                                            */s/ Jason G. Sheasby*

                                            Samuel F. Baxter
                                            Texas State Bar No. 01938000
                                            sbaxter@mckoolsmith.com
                                            Jennifer L. Truelove
                                            Texas State Bar No. 24012906
                                            jtruelove@mckoolsmith.com
                                            **MCKOOL SMITH, P.C.**
                                            104 East Houston Street Suite 300
                                            Marshall, TX 75670
                                            Telephone: (903) 923-9000
                                            Facsimile: (903) 923-9099

                                            Jason G. Sheasby (*pro hac vice*)
                                            jsheasby@irell.com
                                            Annita Zhong, Ph.D. (*pro hac vice*)
                                            hzhong@irell.com
                                            Andrew J. Strabone (*pro hac vice*)
                                            astrabone@irell.com
                                            Thomas C. Werner (*pro hac vice*)
                                            twerner@irell.com
                                            Yanan Zhao (*pro hac vice*)
                                            yzhao@irell.com
                                            Michael W. Tezyan (*pro hac vice*)
                                            mtezyan@irell.com

                                      **IRELL & MANELLA LLP**
                                      1800 Avenue of the Stars, Suite 900
                                      Los Angeles, CA 90067
                                      Tel. (310) 277-1010
                                      Fax (310) 203-7199

                                      ***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

                                      */s/ Yanan Zhao*
                                      Yanan Zhao

## CERTIFICATE OF SERVICE

I hereby certify that, on January 16, 2024, a copy of the foregoing was served to all counsel of record via Email as agreed by the parties.

                                      */s/ Yanan Zhao*
                                      Yanan Zhao