# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:22-cv-294-JRG |
| | ) | |
| MICRON TECHNOLOGY, INC.; | ) | JURY TRIAL DEMANDED |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF NETLIST, INC.'S MOTION TO STRIKE CERTAIN OPINIONS OF DEFENDANTS' EXPERT JOHN B. HALBERT

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      Mr. Halbert's Opinion Regarding Netlist's Supposed Reasons for Withdrawing from JEDEC and the Supposed Intent of the JEDEC Policy (Opening Report ¶¶ 51, 56-57) Should Be Stricken ................................................................................1

II.     Mr. Halbert's Opinions as to the Outcome of Certain ITC Investigations Regarding Netlist's Patents (Opening Report ¶ 50) Should Be Stricken ........................3

III.    Mr. Halbert's Opinions Regarding the Supposed "Contributions" of Netlist and Others to JEDEC Standards Should Be Stricken (Opening Report ¶¶ 5, 22-23) ...........4

IV.     Mr. Halbert's Opinion Regarding the "Public Availability of JEDEC Documents" (Opening Report ¶¶ 58-86) Should Be Stricken ................................................................8

V.      Mr. Halbert's Opinion about the "Available Alternatives" in the Rebuttal Report Should Be Stricken ................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Andrews v. Rosewood Hotels & Resorts, LLC,*
2021 WL 4709734 (N.D. Tex. Oct. 8, 2021) ............................................................................. 10

*BMC Software, Inc. v. Servicenow, Inc.,*
2016 WL 367251 (E.D. Tex. Jan. 29, 2016) ............................................................................. 13

*Burleson v. Tex. Dep't. of Criminal Justice,*
393 F.3d 577 (5th Cir. 2004) ..................................................................................................... 1

*CQ, Inc. v. TXU Min. Co., L.P.,*
565 F.3d 268 (5th Cir. 2009) ..................................................................................................... 8

*Daubert v. Merrell Dow Pharms., Inc.,*
509 U.S. 579 (1993) .......................................................................................................... 2, 7, 8

*DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.,*
567 F.3d 1314 (Fed. Cir. 2009) ............................................................................................... 14

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC,*
2017 WL 2651618 (E.D. Tex. June 20, 2017) ......................................................................... 13

*Freeny v. Murphy Oil Corp.,*
2015 WL 11108703 (E.D. Tex. May 29, 2015) ....................................................................... 13

*Genband US LLC v. Metaswitch Networks Corp.,*
2016 WL 3475688 (E.D. Tex. 2016) ....................................................................................... 15

*Godo Kaisha IP Bridge 1 v. Broadcom Limited,*
2017 WL 2869344 (E.D. Tex. Apr. 20, 2017) ......................................................................... 13

*GPNE Corp. v. Apple, Inc.,*
2014 WL 1494247 (N.D. Cal. 2014) .......................................................................................... 7

*GREE Inc. v. Supercell Oy,*
2021 WL 603726 (E.D. Tex. Feb. 16, 2021) ....................................................................... 6, 11

*Guillory v. Domtar Indus. Inc.,*
95 F.3d 1320 (5th Cir. 1996) ..................................................................................................... 2

*Intell. Ventures I LLC v. T Mobile USA, Inc.,*
No. 17-cv-577-JRG, Dkt. No. 297 (E.D. Tex. Jan. 14, 2019) ................................................... 3

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   2011 WL 197869 (E.D. Tex. Jan. 20, 2011) ................................................................ 14

*Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente
   und Technologie GmbH*, 2018 WL 4289342  (E.D. Tex. July 11, 2018) ........................ 13

*Netlist, Inc. v. Micron Technology, Inc.*,
   No. 22-cv-203 2023-10-23 ..................................................................................... 8, 10

*Netlist, Inc. v. Samsung Elec. Co. Ltd.*,
   No. 21-cv-463 (E.D. Tex.), Dkt. 273 ................................................................ 1, 2, 3, 4

*Optis Wireless Tech. LLC v. Apple Inc.*,
   No. 19-cv-66-JRG, Dkt. No. 437 ................................................................................. 7

*Smart Skins LLC v. Microsoft Corp.*,
   2016 WL 4148091 (W.D. Wash. July 1, 2016) ............................................................ 14

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
   511 F.3d 1186 (Fed. Cir. 2008) ................................................................................. 10

*Tex. Pig Stands, Inc. v. Hard Rock Cafe Int'l, Inc.*,
   951 F.2d 684 (5th Cir. 1992) ....................................................................................... 3

*Torch Energy Marketing, Inc. v. Pac. Gas & Elec. Co.*,
   2003 WL 22703235 (S.D. Tex. Mar. 31, 2003) ............................................................ 2

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011) ............................................................................... 5, 7

*Volvo Penta of the Americas, LLC v. Brunswick Corp.*,
   81 F.4th 1202 (Fed. Cir. 2023) ................................................................................. 10

**Statutes**

35 U.S.C. § 102(b) ..................................................................................................... 10

**Other Authorities**

Fed. R. Civ. Proc, § 33(d) ............................................................................................ 6

Fed. R. Civ. Proc. § 37(c)(1) ........................................................................................ 8

Fed. R. Evid. 402 ..................................................................................................... 3, 7

Fed. R. Evid. 403 ......................................................................................................... 3

Fed. R. Evid. 702 ................................................................................................ 1, 7, 15

Rule 26(a)(2)(B) ........................................................................................................ 14

Rule 30(b)(6) ......................................................................................................................... 9

Plaintiff Netlist respectfully requests that the Court strike certain opinions presented by Mr. John B. Halbert (expert for both Samsung and Micron) in his opening and rebuttal reports.[1]

## I.  Mr. Halbert's Opinion Regarding Netlist's Supposed Reasons for Withdrawing from JEDEC and the Supposed Intent of the JEDEC Policy (Opening Report ¶¶ 51, 56-57) Should Be Stricken

In his opening report, Mr. Halbert suggests that Netlist left and returned to JEDEC ██ ██████████████████████████████████████████ and speculated that ████████████████████████████████████████████████████████ ██████████████ which behavior is ████████████████████████ Ex. 1 ¶¶ 56-57.  Mr. Halbert also implied that ██████████████████████ Netlist's behavior of ███████████████████████████████████████ ██████████████████████ *Id.* ¶ 51.  These opinions should be stricken.

*First*, Netlist is moving for summary judgment, asking the Court to find that none of the patents at issue are standard essential and to dismiss Micron's affirmative defense of breach of RAND.  Should the Court grant Netlist's motion, there is no issue before the jury with respect to Netlist's JEDEC obligations, and thus, Mr. Halbert's opinion is irrelevant.  Ex. 1 ¶¶ 51, 56-57.

*Second*, Mr. Halbert's opinion is rank speculation. Mr. Halbert does not and necessarily **cannot** know what motivated Netlist to withdraw from and later return to JEDEC, and it would be inherently unreliable to allow him to speculate at trial on Netlist's motivations. FED. R. EV. 702; *see also Burleson v. Tex. Dep't. of Criminal Justice,* 393 F.3d 577, 587 (5th Cir. 2004) (finding magistrate judge did not err in excluding expert testimony based on "speculation, guesswork, and conjecture."). In *Samsung I*, the Court specifically instructed that an expert cannot provide opinion on the state of mind of a party.  *Netlist, Inc. v. Samsung Elec. Co. Ltd.*, No. 21-cv-463 (E.D. Tex.)

---

[1] Mr. Halbert was retained by both Samsung and Micron and served identical opening and rebuttal reports for each. Netlist therefore addresses his opinions for both parties in this motion.

("Samsung I"), Dkt. 273 (granting Samsung's *Daubert* motion and holding "The witness will not opine on Samsung's state of mind").

Nor did Mr. Halbert cite any witness testimony to support its speculation. Indeed, Mr. Halbert's speculation is entirely at odds with the undisputed factual record—Netlist did not file suit against any JEDEC memory module manufacturer until September 2016, more than a year and a half after submitting its February 2015 letter withdrawing from JEDEC. *See Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996)("[A]n opinion based totally on incorrect facts will not speak to the case at hand and hence will be irrelevant"); *Torch Energy Marketing, Inc. v. Pac. Gas & Elec. Co.*, 2003 WL 22703235, at *10 (S.D. Tex. Mar. 31, 2003) (striking expert opinion because "[t]he conclusory nature of [the expert]'s statements, coupled with their inaccurate factual basis, make [the expert]'s opinion unreliable and irrelevant."). Having to take up time at trial to address Mr. Halbert's rank speculation unconnected to fact is unfair to Netlist and would do nothing but confuse the jury.

*Third,* Mr. Halbert's subjective judgments of Netlist's conduct as supposedly ████ and ██████████████████████████ violate Court MILs as well as this Court's rulings in *Samsung I*. Ex. 1 at ¶¶ 56-57. First, the suggestion that Netlist's conduct was unethical is pejorative language excluded by both the Court MIL and the Court's ruling in *Samsung I* regarding Mr. Halbert. Ex. 2 (*Samsung I* 3/28/2023 PTC Tr. Vol. 1) at 223:18-25 ("I'm going to apply the Court's limine orders which clearly in and of themselves prevent pejorative language and assertions made in the presence of the jury. If there's anything this man's going to say, whether it's in his report or not, that could be considered pejorative, you need to come to the bench and you need to tell me what you intend to elicit from him before you do it and get leave of the Court.").

Further, Mr. Halbert's purported ██████ of the supposed intent and ████ of the

JEDEC policy and whether JEDEC would ███████ some behavior is also inappropriate.

In *Samsung I*, Judge Gilstrap further specifically instructed during the pretrial conference that:

> I do not expect and I will not permit [Mr. Halbert] to become the voice of JEDEC and speculate about what JEDEC would do under these circumstances and what they wouldn't do. He's not – he is not JEDEC and he's not a representative of JEDEC entitled as an agent to take a position for them.
>
> He can talk about what he's seen as a member, he can talk about what he understands will happen in circumstances that he's observed, but he needs to cabin his testimony about the JEDEC experience with his personal experience and his personal knowledge.
>
> I don't think it's a proper use of him to be some kind of CEO of JEDEC that's going to come in here and speak for the body, if you will, on any matter and every matter and offer opinions about what they would or wouldn't do in hypothetical scenarios. That goes too far, and I'm expecting you not to take him there on direct.  Ex. 2 (*Samsung I* 3/28/2023 PTC Tr., Vol. 1) at 228:1-16.

## II.    Mr. Halbert's Opinions as to the Outcome of Certain ITC Investigations Regarding Netlist's Patents (Opening Report ¶ 50) Should Be Stricken

Mr. Halbert renders opinions regarding the ██████████████████████████

████████████████████████████ Ex. 1 at ¶ 50. Specifically, Mr. Halbert opines

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████.

Opining on litigation involving unasserted patents and unrelated parties in unrelated jurisdictions bears no conceivable relevance to the issues in this case, and accordingly, Mr. Halbert's opinions should be stricken. FED. R. EVID. 402. In addition, permitting Mr. Halbert to opine about such unrelated matters is likely to confuse the jury and cause significant prejudice to Netlist. FED. R. EVID. 403; *see also Intell. Ventures I LLC v. T Mobile USA, Inc.*, No. 17-cv-577-JRG, Dkt. No. 297 (E.D. Tex. Jan. 14, 2019) (Pretrial Hearing Transcript) at 175:12-22 (excluding prior litigation); *Tex. Pig Stands, Inc. v. Hard Rock Cafe Int'l, Inc.*, 951 F.2d 684, 690 n.7 (5th Cir. 1992) (affirming exclusion of evidence regarding prior litigation and noting "a jury might be confused

into believing that the opinion's findings are somehow binding in the case at bar" and "the danger of exaggerated importance that the jury might have placed upon the [prior] decision").  This is also consistent with the Court's standing MIL No. 13 ("The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations . . . .").

In *Samsung I*, Mr. Halbert provided an identical analysis ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ Ex. 3 (2022-12-22 Halbert Report) ¶ 48.  At the pretrial conference on Netlist's motion to strike Mr. Halbert's report, the Court specifically instructed that:

> I don't permit testimony about prior investigations or prior litigation, and a proceeding before the ITC is litigation in the Court's view. . . . without leave of Court. Now, if you think the door's been opened or if you think there's a basis in real time as the case unfolds before the jury to go into something that I've told you as a general rule I don't permit, you can always approach and ask leave. And if I give you leave, you have a clear path in front of you. But without that, you're not and he's not to talk about ITC proceedings, other litigation in Article III courts, other administrative processes such as the Patent Trial and Appeal Board. None of those things are permitted under the Court's limine practice without leave.

Ex. 2 (*Samsung I* PTC Tr.) at 225:1-15.[2] Further, as addressed in Netlist's co-pending summary judgment motion, there is no genuine dispute in this case that the Asserted Patents are not essential. Mr. Halbert's opinion is irrelevant, confusing, and prejudicial for this reason as well.

## III.    Mr. Halbert's Opinions Regarding the Supposed "Contributions" of Netlist and Others to JEDEC Standards Should Be Stricken (Opening Report ¶¶ 5, 22-23)

In his opening report, Mr. Halbert ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Ex. 1 ¶ 22:

---

[2] Although the court did not explicitly strike this section of Mr. Halbert's report, the "Court has given clear and direct guidance to counsel as to how that report and the information and opinions of that expert are to be presented to the jury, and I expect that guidance to be followed" and only denied the plaintiff's motion in a "technical sense." Ex. 2 (*Samsung I* PTC Tr.) at 229:4-14.

███████████████████████████████████████████████████████████

Samsung's and Micron's damages experts Dr. Kindler and Mr. Lynde ████████████████

██████████████████████████████████████████ *E.g.*, Ex. 4 (2023-12-21 Lynde

Rebuttal) ¶¶ 17, 18, 74; Ex. 5 (2023-12-21 Kindler Rebuttal) ¶¶ 64, 151, 170-174, 276.

Mr. Halbert's opinions regarding these purported ████████ should be stricken.

There is no analysis that any of these ████████ presented anything of economic value, or

even that these contributions were employed in any of the defendants' accused products.  As a

result, there is no nexus to the actual damages issues in the case or to the value of Netlist's patents.

Mr. Halbert's theory is tantamount to saying there are over 10 million issued US patents, and so

how could any particular patent be valuable. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292,

1317 (Fed. Cir. 2011) ("To be admissible, expert testimony opining on a reasonable royalty rate

must 'carefully tie proof of damages to the claimed invention's footprint in the market place.'").

There are additional bases to strike this analysis as well:

**First**, neither Samsung nor Micron disclosed the ████████████ contributions

in their written discovery responses.  None of the defendants made document production of each

and every one of the ████████ referenced in Mr. Halbert's reports during discovery either.

Mr. Halbert also ████████████████████████████████████████████

████████████████████████████████████.

As early as March 21, 2023, Netlist served an interrogatory, asking Micron to:

████████████████████████████████████████████
████████████████████████████ Ex. 6 (2023-
11-14 Micron's Fourth Supplemental Reponses) at 55 (Rog No. 20).

In response, Micron only stated that it will ██████████████████████████████████

███████████████████████████████████████████ but failed to point to any

document production in its written responses.  *Id.* at 56.

Netlist also served a parallel interrogatory on Samsung, asking for the same information. Ex. 7 (2023-11-20 Samsung Supp. Responses) at 147; Ex. 8 (2023-11-06 Exhibit F to Samsung's Rog Responses).  In response, Samsung asserts that ████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████ *E.g. id.* (2023-11-06 Ex. F) at 4. Samsung also ████████████  ████████

████████████████████████████████████ *Id.* at 3.  Nowhere in Samsung's

interrogatory responses and exhibits, however, did it identify the purported ████████████

██████ ██████████████████████████████████████████.

Mr. Halbert should not be allowed to rely on this late disclosed evidence regarding Micron's and Samsung's contributions at JEDEC because Netlist never has an opportunity to examine these documents or contributions during fact discovery.  *See GREE Inc. v. Supercell Oy*, 2021 WL 603726, *3 (E.D. Tex. Feb. 16, 2021) (granting motion to strike portion of the expert report relating to information not disclosed during fact discovery).

**Second**, Mr. Halbert's opinion as to the JEDEC contributions is irrelevant, unreliable, and prejudicial.  Mr. Halbert's ████████████████████████████████████

████████████████████████████. Nowhere did Mr. Halbert provide any

explanation in its opening report as to (1) how he chose the ████████ and ████████ dates,

(2) how he determined which types of documents to include in his counting and which were not,

(3) what types of documents he relied on for the JEDEC specifications other than the DDR4 LRDIMMs, (4) what search terms or database he used to conduct such searches, (5) whether any of these purported "contributions" include presentations that are duplicative or relating to the

same subject matters, (6) whether any of these purported contributions are relevant to Netlist's asserted patents or claims in this Action, or (7) what are the technical benefits conferred by any of these contributions to defendants' accused products. Each of these are important to determine the relevance and reliability of Mr. Halbert's opinion.

Because Mr. Halbert does not provide any kind of nexus between these ███████ and the benefits conferred by the Asserted Patents, his tabulation is irrelevant to any issue in the case. *See* Fed. R. Evid. 402; *Uniloc,* 632 F.3d at 1317. In addition, Mr. Halbert's methodology of ████████████████████████████████████████████████████████████ ████████████ is an unreliable way of determining what meaningful contributions the various companies made. Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-90 (1993) ("[U]nder the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable"); *Optis Wireless Tech. LLC v. Apple Inc.*, No. 19-cv-66-JRG, Dkt. No. 437 (Pretrial Hearing Transcript) at 90:21-91:2 (ultimately excluding expert opinion that merely tabulated patents as a methodology of measuring their value and holding that "to the extent it's a global gloss the entire LTE standard is thousands and thousands of patents, and this is just one grain of sand on the seashore and, therefore, insignificant, I think that's -- I think that's – that crosses the line. To give you a 403 analysis, that crosses the line where the prejudicial effect exceeds the probative value."). Similarly, Mr. Halbert's opinion should be stricken because he failed to disclose the underlying methodologies he relied on to draw the conclusion listing hundreds of "contributions" made by Samsung or Micron. *See GPNE Corp. v. Apple, Inc.*, 2014 WL 1494247, *2-*6 (N.D. Cal. 2014) (granting motion to strike the patentee's damages' expert's testimony because, among other reasons, "Mr. Dansky provides no methodology to derive his $1 per unit royalty from the $86 average net incremental profit," reasoning that "Mr. Dansky's '30 years of experience' alone does not constitute a sufficiently

reliable and testable methodology to prevent exclusion under *Daubert*").

IV. **Mr. Halbert's Opinion Regarding the "Public Availability of JEDEC Documents" (Opening Report ¶¶ 58-86) Should Be Stricken**

Mr. Halbert's opening report relied on ████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████.

Local Patent Rule 3-3 requires Micron to disclose "each prior art publication" and identify its "date of publication." P.R. 3-3. Under Federal Rule of Civil Procedure 37(c)(1), if a party fails to provide information as required by Rule 26(e), "the party is not allowed to use that information . . . to supply evidence . . . at trial, unless the failure was substantially justified or it is harmless." Fed. R. Civ. P. 37(c)(1). As this Court explained during the hearing on October 23: "the standard rule is that documents that are not disclosed during discovery can't be used thereafter unless there's some motion for leave." Ex. 9 (*Netlist, Inc. v. Micron Technology, Inc.*, No. 22-cv-203 ("*Micron I*") 2023-10-23 Hearing Tr.) at 93:17-19. In determining whether to apply Rule 37(c), courts consider "(1) [the party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the opposing party] in allowing the evidence, and (4) the availability of a continuance." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).

Fact discovery of this Action closed on November 20. Dkt. 205 (Third Amended DCO). In his opening report, Mr. Halbert discussed ████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████ Ex. 1 ¶¶ 69-100. Samsung and Micron failed to properly disclose these documents and their alleged publication dates in discovery, and factual information about their alleged publication, as discussed below.

***First***, Mr. Halbert's opening report opined that ████████████████████████████

███████████████████████████████████████████ Ex. 1 ¶¶ 85-86.  However, neither defendant

disclosed the alleged public availability date of this reference in their invalidity contentions.  Ex.

10 (2023-04-13 Defendants Invalidity Contentions); Ex. 11 (2023-09-08 Samsung Amended

Invalidity Contentions - 608 Patent).

     *Second*, Mr. Halbert ██████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████.  Ex. 1 ¶¶ 69-84.

For example, as to ██████████████████████████, Mr. Halbert opined:



    Ex. 1 at ¶¶ 69-71; *see also id.* ¶¶ 72-75 (Item No. 142.62B); ¶¶ 76-78 (Item No. 0311.12); ¶¶ 79-81 (Item No. 0311.13); ¶¶ 82-84 (Item No. 0311.14).

Micron and Samsung never disclosed any evidence during discovery relating to the circumstances

under which these purported prior art references were published; nor did Micron disclose any

"search terms" that could be used to locate these JEDEC materials during fact discovery.

     Netlist served a Rule 30(b)(6) topic asking Micron to provide a corporate representative

to testify as to █████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████ Ex. 12 (2023-10-19

Netlist's 30(b)(6) Notice to Micron, Topic 113); Ex. 13 (2023-10-19 Netlist's 30(b)(6) Notice to

Samsung, Topic 112.).  Neither defendants provided a corporate representative on this topic.

In addition, Mr. Halbert applies the wrong legal standard in his analysis for public availability of these JEDEC internal materials.  A document is prior art only if it is available to the public before the critical date.  *See* 35 U.S.C. § 102(b); *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 511 F.3d 1186, 1194 (Fed. Cir. 2008) (a reference is publicly accessible if "such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it"); *Volvo Penta of the Americas, LLC v. Brunswick Corp.*, 81 F.4th 1202, 1210 (Fed. Cir. 2023) (Board erred in relying on "testimony for the knowledge of a skilled artisan" where it reflected "the nonpublic, *corporate* knowledge of Volvo Penta").

Mr. Halbert's opinion is that the documents are available to JEDEC paid members, and he was not aware of any incidents where they were disclosed in whole or in part to others. For example, in *Micron I*, Mr. Halbert testified:



Ex. 14 (2023-09-30 Halbert Depo Tr.) at 29:8-15; 45:16-19. Furthermore, Mr. Halbert did not provide any opinion with respect to the ████████████████████████████████████ ████████████████████████████████████████████████████████████.

In any event, Micron cannot justify its delay based on the purported importance of these newly disclosed publication dates or other facts because that "simply underscores Defendants' necessity to have timely" disclosed them. *See Andrews v. Rosewood Hotels & Resorts, LLC*, 2021 WL 4709734, at *3 (N.D. Tex. Oct. 8, 2021). Thus, Mr. Halbert should not be allowed to provide opinions on

these purported publicly available dates, the search terms that could be used to locate these materials in the JEDEC Portal, or other discussions regarding the indexing of JEDEC materials because none of these were disclosed in fact discovery. *See GREE*, 2021 WL 603726, *3 (granting motion to strike portions of the expert report relating to source code not disclosed to the plaintiff until *after* fact discovery where the defendant "provide[d] no explanation for how it thought it was complying with its discovery obligations in general by withholding this information and source code until the last day of fact discovery [or after fact discovery], when the source code was in its possession for weeks" and the "late disclosure was not substantially justified or harmless").

## V.    Mr. Halbert's Opinion about the "Available Alternatives" in the Rebuttal Report Should Be Stricken

Mr. Halbert opines in his rebuttal report about alleged non-infringing alternatives to Micron's and Samsung's accused products, including:



Ex. 15 (2023-12-21 Halbert Rebuttal Report) ¶¶ 6; *id. generally*.   Mr. Halbert's rebuttal opinion disclosing the NIAs should be stricken for the reasons below.

***First***, none of these allegedly non-infringing alternative designs were disclosed by Micron during fact discovery.  In March 2023, Netlist served an interrogatory on Micron, asking it to identify any non-infringing alternative it alleged in the case:





Ex. 6 (2023-11-14 Micron's 4th Supp. Resp) at 44-45.[3] In response, Micron provided **no substantive answer** whatsoever, simply asserting: ███████████████

███████████████████████████████████████

███████████████████████████████████ *Id.* at 45-46.[4]

    Mr. Halbert's attempt to inject NIAs into the case for the first time in a rebuttal report is highly prejudicial. Netlist never had the opportunity to examine Micron's witnesses as to these purported non-infringing alternatives or have its expert witnesses analyze them. For instance, Netlist could have asked Micron engineers and JEDEC representatives whether they have considered such alleged alternative designs, whether any such designs were proposed during JEDEC meetings, the reasons why they did not adopt such design, and whether these are acceptable and available in the market. But Micron's failure to disclose the designs in discovery prevented Netlist from doing so, and these untimely disclosed NIAs should therefore be stricken.

---

[3] Netlist also moved to compel Micron to provide substantive responses to this Interrogatory, Dkt. 223. Micron has not done so as of today.

[4] Although Micron identified ████████████████████████ ████████████████████ In any event, those alleged "next best alternatives" still cannot sufficiently disclose NIAs Mr. Halbert raised for the first time in his rebuttal report. .

*See Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie GmbH*, 2018 WL 4289342, at *3-5 (E.D. Tex. July 11, 2018) (granting motion to strike references from Defendant expert's rebuttal reports regarding non-infringing alternatives, among others, because the defendant's "failure to disclose these alternatives until after the close of fact discovery would significantly prejudice Plaintiff and is not substantially justified"); *Godo Kaisha IP Bridge 1 v. Broadcom Limited*, 2017 WL 2869344, at *2-3 (E.D. Tex. Apr. 20, 2017) (granting motion to strike expert's rebuttal opinions "regarding non-infringing alternatives that were not previously disclosed" because the defendants "provide[d] no adequate explanation for failing to disclose its non-infringing alternatives and the prejudice to [the Plaintiff] for failing to respond to the interrogatory is significant); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 2017 WL 2651618, at *12 (E.D. Tex. June 20, 2017) (granting the motion to strike defendant expert's rebuttal opinion raising non-infringing alternatives not disclosed during discovery because "[t]he potential prejudice to [Plaintiff] is significant" and "any continuance would delay trial"); *BMC Software, Inc. v. Servicenow, Inc.*, 2016 WL 367251, at *3 (E.D. Tex. Jan. 29, 2016) (granting motion to strike defendant's experts' opinions on non-disclosed NIAs, which are ***plaintiff's*** old products, as "untimely and improper"); *Freeny v. Murphy Oil Corp.*, 2015 WL 11108703, at *1 (E.D. Tex. May 29, 2015) (granting motion to preclude any evidence or arguments regarding non-infringing alternatives not disclosed during fact discovery where the subject was "fairly covered by Plaintiff's Interrogatory No. 8 and Defendant failed to supplement or offer a reasonable excuse for not providing this information throughout discovery").

**Second**, Mr. Halbert provided his opening report on November 20, but he intentionally withheld his NIA opinions until the service of his rebuttal report on December 21. Samsung and Micron, as the accused infringers, bear the burden to identify the acceptable non-infringing alternatives they allege, particularly in this case ███████████████████████████████.

- 13 -

*See DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1331 (Fed. Cir. 2009) ("[B]ecause [the accused infringer] did not actually have a noninfringing substitute 'on the market' during the relevant accounting period, it was [the accused infringer] that bore the burden of overcoming the inference of unavailability"); *see also LaserDynamics, Inc. v. Quanta Computer, Inc.*, 2011 WL 197869, at *3 (E.D. Tex. Jan. 20, 2011), *objections overruled*, 2011 WL 13196509 (E.D. Tex. Jan. 28, 2011) ("Quanta [the accused infringer], therefore, bears the burden of proving that the non-infringing alternatives were 'available' to it during the accounting period."). Thus, Samsung and Micron "should have disclosed expert testimony regarding the non-infringing alternatives at issue in its opening expert reports," but they failed to do so. *Smart Skins LLC v. Microsoft Corp.*, 2016 WL 4148091, at *2 (W.D. Wash. July 1, 2016). Defendants' delay in disclosure prevented Netlist's experts from responding.

To be clear, Micron and Samsung cannot argue that Mr. Halbert new NIA opinions are simply responsive to Netlist's expert's opening report. Mr. Halbert ██████████████

███████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████. Dr.

Mangione-Smith ████████████████████████████████████████████████

████████████████. Thus, Mr. Halbert's purported "rebuttal" went beyond the scope of Netlist's experts' opening report, and therefore "cannot be rebuttal." *Smart Skins*, 2016 WL 4148091, at *2 (citing FRCP26(a)(2)(D)(ii) (rebuttal reports are offered "solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)").

***Third***, Mr. Halbert's NIAs analysis lacks proper foundation and is not reliable. Mr. Halbert made a series of conclusory statements without analysis or factual support, for instance,

- ██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████ Ex. 15 ¶ 9

-  Ex. 15 ¶¶ 10; 12.

- Ex. 15 ¶¶ 14, 15.

- Ex. 15 ¶ 17.

- Ex. 15 ¶ 21.

- Ex. 15 ¶¶ 25-26.

In drawing these conclusions, Mr. Halbert relied ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Nor did Mr. Halbert in any way identify the specific ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮ he repeatedly referenced above.  Mr. Halbert's reference to ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ cannot

support Mr. Halbert's NIA analysis as there is no evidence showing these suggested designs were

available or acceptable on the hypothetical negotiation date. Mr. Halbert's NIA analysis should

be stricken for lack of foundation and reliability.  *Genband US LLC v. Metaswitch Networks Corp.*,

2016 WL 3475688, *2 (E.D. Tex. 2016) ("Conclusory opinions unsupported by 'facts or data' and

based on no discernable 'principles and methods' are not admissible under Fed. R. Evid. 702.").

Dated: January 16, 2024

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized

to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF SERVICE

I hereby certify that, on January 16, 2024, a copy of the foregoing was served to all counsel of record via Email as agreed by the parties.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF CONFERENCE

I hereby certify that, on January 16, 2024, counsel for Netlist met and conferred with Micron's counsel regarding the subject matter of Netlist's motion.  Micron opposes Netlist's motion.

*/s/ Yanan Zhao*
Yanan Zhao