# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAMSUNG ELECTRONICS CO, LTD; ) <br> SAMSUNG ELECTRONICS AMERICA, ) <br> INC.; SAMSUNG SEMICONDUCTOR ) <br> INC., ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) <br><br> ▬▬▬▬▬▬▬▬▬ |
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICRON TECHNOLOGY, INC.; ) <br> MICRON SEMICONDUCTOR ) <br> PRODUCTS, INC.; MICRON ) <br> TECHNOLOGY TEXAS LLC, ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S MOTION TO STRIKE CERTAIN
OPINIONS OF SAMSUNG DEFENDANTS' EXPERT
MR. JOSEPH MCALEXANDER**

**TABLE OF CONTENTS**

**Page**

I. Equitable Defenses including Inequitable Conduct, Unclean Hands, Standards-Based Estoppel, and/or Prosecution Laches ..........................................................................................1

II. Essentiality Opinions ...............................................................................................................1

    A. Untimely Opinions That "If Infringed," Claims Are Standard-Essential ...................1

    B. Irrelevant Speculation Regarding Netlist's Subjective "Beliefs" ..................................3

III. Netlist's Relationship to JEDEC ............................................................................................4

IV. Prior Invention and Derivation Theories ...............................................................................4

V. Section 102 Anticipation Theories ..........................................................................................6

VI. Opinions Regarding Direct Infringement Based on Incorrect Legal Standard ....................7

VII. Improper Practicing the Prior Art Defense ..........................................................................8

VIII. QBM1/QBM2 Obviousness Assertions Based In Hindsight ...............................................8

IX. References to IPRs .................................................................................................................9

X. Arguments Contrary to Court's Claim Construction ............................................................9

XI. Alleged Comparable License Agreement Not Disclosed in Discovery ...............................10

XII. "Relative Value" Analysis of SK Hynix Agreement ............................................................11

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Apple Inc. v. Wi-LAN Inc.*,
   25 F.4th 960 (Fed. Cir. 2022) ................................................................................................ 11, 12

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
   2018 WL 4261195 (E.D. Tex. July 5, 2018) .............................................................................4, 5

*Cumberland Pharms. Inc. v. Mylan Institutional LLC*,
   846 F.3d 1213 (Fed. Cir. 2017) ....................................................................................................5

*In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Lit.*,
   676 F.3d 1063 (Fed. Cir. 2012) ....................................................................................................9

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
   2023 WL 8260866 (E.D. Tex. Nov. 28, 2023) ...........................................................................10

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
   2017 WL 959592 (E.D. Tex. Mar. 13, 2017) ...............................................................................4

*Fantasy Sports Prop v. Sportsline.com*,
   287 F.3d 1108 (Fed. Cir. 2002) ....................................................................................................7

*Finjan, Inc. v. Secure Computing Corp.*,
   626 F.3d 1197 (Fed. Cir. 2010) ................................................................................................7, 8

*Hemstreet v. Comput. Entry Sys. Corp.*,
   972 F. 2d 1290 (Fed. Cir. 1992) ...................................................................................................1

*Hewlett-Packard Co. v. Bausch & Lomb Inc.*,
   909 F.2d 1464 (Fed. Cir. 1990) (emphasis in original) ................................................................7

*Huawei Techs. Co. v. Yiren Huang*,
   2019 WL 2077821 (E.D. Tex. May 9, 2019) ...............................................................................3

*In re Innovatio IP Ventures, LLC Patent Litig.*,
   956 F. Supp. 2d 925 (N.D. Ill. 2013) ...........................................................................................2

*Input/Output, Inc. et al v. Sercel, Inc.*,
   No. 5-06-cv-00236 (E.D. Tex., Jan. 06, 2010) ............................................................................1

*Int'l Rectifier Corp. v. IXYS Corp.*,
   361 F.3d 1363 (Fed. Cir. 2004) ....................................................................................................4

**Page**

*Intel Corp. v. Future Link Sys.*,
  268 F. Supp. 3d 605 (D. Del. 2017) ............................................................................. 2, 3

*Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*,
  863 F.2d 867 (Fed. Cir. 1988) ......................................................................................... 4

*Life Techs., Inc. v. Clontech Lab'ys, Inc.*,
  224 F.3d 1320 (Fed. Cir. 2000) ....................................................................................... 4

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*,
  449 F.3d 1209 (Fed. Cir. 2016) ..................................................................................... 10

*Marlin v. Moody Nat. Bank, N.A.*,
  248 Fed. Appx. 534 (5th Cir. 2007) ................................................................................ 3

*Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Tech. GMbH*, No. 6:16-cv-00445,
  2018 WL 4289342 (E.D. Tex. July 11, 2018) ................................................................. 2

*Net MoneyIN, Inc. v. VeriSign, Inc.*,
  545 F.3d 1359 (Fed. Cir. 2008) ....................................................................................... 7

*Netlist v. Samsung*,
  No. 21-cv-463 (E.D.Tex.) ........................................................................................... 1, 4

*Singh v. Brake*,
  317 F.2d 1334 (Fed. Cir. 2003) ....................................................................................... 5

*SRI Int'l Inc. v. Cisco Sys., Inc.*,
  930 F.3d 1295 (Fed. Cir. 2019) ....................................................................................... 6

*Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*,
  726 F.2d 724 (Fed. Cir. 1984) ......................................................................................... 6

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*,
  279 F.3d 1357 (Fed. Cir. 2002) ....................................................................................... 8

*ThinkOptics, Inc. v. Nintendo of Am., Inc.*,
  2014 WL 3347531 (E.D. Tex. July 3, 2014) ................................................................... 5

*Ultravision Techs., LLC v. GoVision LLC*,
  No. 2:18-cv-00100, 2021 WL 2144788 (E.D. Tex. May 26, 2021) ............................... 10

*Versata Software, Inc. v. Sap Am., Inc.*,
  717 F.3d 1255 (Fed. Cir. 2013) ....................................................................................... 8

**Page**

*VirnetX, Inc. v. Cisco Sys., Inc.*,
 767 F.3d 1308 (Fed. Cir. 2014) ..................................................................................................12

**Statutes**

35 U.S.C. § 102 ............................................................................................................................6, 7

35 U.S.C. § 102(g)(2) ......................................................................................................................5

Plaintiff Netlist, Inc. ("Netlist") respectfully requests the Court strike certain opinions presented by Samsung's expert Mr. Joseph McAlexander in his opening and rebuttal reports.

**I.     Equitable Defenses including Inequitable Conduct, Unclean Hands, Standards-Based Estoppel, and/or Prosecution Laches**

**Ex. 1 (Opening Report) ¶ 9; Ex. 2 (Att. A), ¶¶ 184-205; Ex. 3 (Att. B), ¶¶ 161-192; Ex. 4 (Att. C), ¶¶ 288-322**

Inequitable conduct, unclean hands, "standards-based estoppel," and prosecution laches are equitable defenses to patent infringement that are tried to the Court, if at all, and have no place before the jury. *See, e.g.*, Order at 7, *Input/Output, Inc. et al v. Sercel, Inc.*, No. 5-06-cv-00236 (E.D. Tex., Jan. 06, 2010) (Dkt. 343) ("The question of laches is committed to the sound discretion of the trial court" and "evidence related to laches does not sufficiently overlap with other issues as to be properly before the jury" (citing *Hemstreet v. Comput. Entry Sys. Corp.*, 972 F. 2d 1290, 1292 (Fed. Cir. 1992)). The Court limited similar testimony from Mr. Mcalexander in *Netlist v. Samsung*, No. 21-cv-463 (E.D.Tex.) ("Samsung-1"). *See* Ex. 10, at 8 ("As to equitable defenses, the Court **GRANTED** the motion with regard to legal conclusions, legal terms and language that is inherently legal in nature.").

**II.    Essentiality Opinions**

  **A.    Untimely Opinions That "If Infringed," Claims Are Standard-Essential**

**Ex. 5 (Rebuttal Report) ¶¶ 7-9; Ex. 6 (Att. A), ¶¶ 386-388; Ex. 7 (Att. B), ¶¶ 205-209; Ex. 8 (Att. C), ¶¶ 218-224**

Mr. McAlexander's rebuttal opinions that the asserted claims are standard-essential ▮▮▮▮ are untimely and legally unsupported and should be stricken. *See, e.g.*, Ex. 5, at ¶¶ 7-9; Ex. 6, ¶ 386 ▮▮▮▮ ; Ex. 7, ¶ 209 (same); Ex. 8, ¶ 224 (same).

- 1 -

First, these opinions are untimely because Samsung bears the burden to prove standard essentiality as part of its RAND defense, and therefore was required to address it in an opening report. *See Intel Corp. v. Future Link Sys.*, 268 F. Supp. 3d 605, 610 (D. Del. 2017) (granting summary judgment that defendant did not "meet its burden of demonstrating that RAND licensing requirements attach to these patents, as [it] failed to show that (1) each patent contains at least one 'Necessary Claim'"); *In re Innovatio IP Ventures, LLC Patent Litig.*, 956 F. Supp. 2d 925, 936 (N.D. Ill. 2013) ("the assertion of RAND is like an affirmative defense . . . .The court thus assigns to the Defendants the burden of establishing the RAND commitment with respect to each patent claim."); *Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Tech. GMbH*, No. 6:16-cv-00445, 2018 WL 4289342, *4 (E.D. Tex. July 11, 2018) (striking non-infringement theory not mentioned in interrogatory responses and disclosed for the first time in expert rebuttal report). Here, Mr. McAlexander ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See, e.g.*, Ex. 2, ¶ 210 ▬▬▬▬▬▬▬; Ex. 3, ¶ 211 ▬▬▬▬▬▬▬; Ex. 4, ¶ 334 ▬▬▬▬▬▬▬. The Court should not permit him to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬—an issue on which Samsung bears the burden of proof.

Second, Mr. McAlexander does not put forward legally sufficient technical analysis establishing that any claim of the Asserted Patents meets the requirements for essentiality under JEDEC policy – i.e., that it "would necessarily be infringed by the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the required portions of a final approved JEDEC Standard." Ex. 12, at 31. Mr. McAlexander performs no analysis comparing each element of the asserted claims of the '912, '417, and '608 patents to the relevant

JEDEC standards and showing the elements are *required*. Instead, Mr. McAlexander merely asserts that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. This is contrary to the JEDEC definition of essentiality and contrary to law. *See* Ex. 12 at § 8.2.1; *Intel*, 268 F. Supp. 3d 605 at 610-11. This Court recently rejected similar arguments made by Micron in Case No. 2:22-cv-203, rejecting Micron's assertion that patent claims were standard-essential because "Netlist's infringement allegations . . . clearly hinge on the Relevant JEDEC standards, whether expressly, as shown in infringement contentions, or implicitly, as shown in Dr. Mangione-Smith's expert report." *See* Ex. 13 [Dkt. 421] at 3-4. The Court concluded that Micron "has not met its burden of demonstrating evidence showing that the asserted patents are standard essential" by asserting that Netlist's infringement analyses are "seemingly based upon the JEDEC standard." *Id.* at 4.

**B.    Irrelevant Speculation Regarding Netlist's Subjective "Beliefs"**

Ex. 2 (Opening Report, Att. A), ¶¶ 206-228; Ex. 3 (Att. B), ¶¶ 193-211; Ex. 4 (Att. C), ¶¶ 323-334
Ex. 5 (Rebuttal Report), ¶¶ 386-388 (incorporating opening opinions by reference)

Despite his opinion that ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ *See, e.g.*, Ex. 2, ¶ 228; Ex. 3, ¶ 211; Ex. 4, ¶ 334. Netlist's subjective belief regarding standard-essentiality has no relevance to any issue at trial, and ███████████████████████████████████████████— an issue on which Mr. McAlexander has no particular expertise—would not be proper expert testimony even if it did touch on an issue of relevance. *See, e.g.*, *Huawei Techs. Co. v. Yiren Huang*, 2019 WL 2077821, at *4 (E.D. Tex. May 9, 2019) ("[A]ny opinions of Mr. Berg's that relate to Defendants' state of mind or intent are undoubtedly inadmissible."); *Marlin v. Moody Nat. Bank*,

- 3 -

*N.A.*, 248 Fed. Appx. 534, 541 (5th Cir. 2007) ("[A]n expert's credentials do not place him in a better position than the jury to draw conclusions about a defendant's state of mind.").

### III. Netlist's Relationship to JEDEC

**Ex. 1 (Opening Report) ¶¶ 318-319; Ex. 2 (Att. A), ¶¶ 41-69; Ex. 3 (Att. B), ¶¶ 167, 187-190; Ex. 4 (Att. C), ¶¶ 44-52**

Throughout his opening report regarding invalidity, Mr. McAlexander repeatedly discusses ███████████████ ████████████████████████████████████████, ████████████████████████████████████████████ ███████ ██████████████████████████████████████ ████████████ ██████████████████████████████████. *See, e.g.*, Ex. 2, ¶¶ 42-43. None of this has any relevance to validity of the asserted claims, and these unfounded assertions about Netlist's activities are highly prejudicial and should be excluded. *See, e.g., Life Techs., Inc. v. Clontech Lab'ys, Inc.*, 224 F.3d 1320, 1325 (Fed. Cir. 2000) (noting that "the path that leads an inventor to the invention is expressly made irrelevant to patentability by statute" and "[i]t does not matter whether the inventors reached their invention after an exhaustive study of the prior art"); *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 2017 WL 959592, at *1 (E.D. Tex. Mar. 13, 2017) (*citing Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 874 (Fed. Cir. 1988)) (excluding argument that it is improper the file new claims based on information obtained in the marketplace). The Court limited similar testimony from Mr. McAlexander regarding ██████ ████████████████████████████████ *See* Ex. 10, at 8 ████████████████████ ██████████ ████████ ██████████████████████████.

### IV. Prior Invention and Derivation Theories

**Ex. 2 (Opening, Att. A), ¶¶ 180-183; Ex. 3 (Att. B), ¶¶ 157-160; Ex. 4 (Att. C), ¶¶ 265-287**

"Derivation requires a showing of both (1) prior conception of the invention by another and (2) communication of that conception to the patentee that is 'sufficient to enable [him] to

- 4 -

construct and successfully operate the invention.'" *Int'l Rectifier Corp. v. IXYS Corp.*, 361 F.3d 1363, 1376 (Fed. Cir. 2004) (citations omitted). "Conception must encompass *all limitations of the claimed invention.*" *Cellular Commc'ns Equip. LLC v. HTC Corp.*, 2018 WL 4261195, at *4 (E.D. Tex. July 5, 2018) (emphasis added). Here, Mr. McAlexander asserts that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See, e.g.*, Ex. 3, ¶ 158 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). But "derivation is not proved by showing conception and communication of an idea different from the claimed invention even where that idea would make the claimed idea obvious." *Cumberland Pharms. Inc. v. Mylan Institutional LLC*, 846 F.3d 1213, 1219 (Fed. Cir. 2017). Because Mr. McAlexander fails to present evidence of enabling disclosure of the complete inventions recited in the asserted claims to the Netlist inventors, he has not offered any legally operative opinion regarding derivation but rather is attempting to repackage an obviousness theory under the guide of section 102(f). The Court should strike these facially deficient opinions. *See Cellular Commc'ns Equip. LLC*, 2018 WL 4261195, at *4 (citing *Singh v. Brake*, 317 F.2d 1334, 1340 (Fed. Cir. 2003)).

Similarly, prior invention under 35 U.S.C. § 102(g)(2) requires evidence that the complete invention was first made in this country "by another inventor who has not abandoned, suppressed, or concealed it." *ThinkOptics, Inc. v. Nintendo of Am., Inc.*, 2014 WL 3347531, at *2 (E.D. Tex. July 3, 2014) (internal citation omitted). As with his 102(f) analysis discussed above, Mr. McAlexander simply ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See, e.g.*, Ex. 3, ¶ 158 (asserting that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). Mr. McAlexander's 102(g) analysis is facially deficient for the same reason as his 102(f) analysis because he "has not produced evidence

- 5 -

sufficient to show that [a single reference evidencing prior invention] disclosed every element of the claimed invention." *See ThinkOptics, Inc.*, 2014 WL 3347531, at *4 (finding insufficient evidence for invalidation under 102(g) where alleged prior invention did not disclose the complete asserted invention).

V.      **Section 102 Anticipation Theories**

**Ex. 1 (Opening Report), ¶ 7; Ex. 4 (Att. C), ¶ 245 and Exhibit C-2**

First, although Mr. McAlexander states his opinion that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Ex. 1, ¶ 7), ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Thus, Mr. McAlexander should not be permitted to offer opinions that any claims of the '912, '215, or '417 patents are invalid as anticipated by prior art.

Second, Mr. McAlexander's opinion that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ should be stricken because Mr. McAlexander fails to identify any single reference that that "disclose[s] each any every limitation of the claimed invention." *SRI Int'l Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1306 (Fed. Cir. 2019). "It is hornbook law that anticipation must be found in a single reference, device, or process." *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 726 F.2d 724, 726–27 (Fed. Cir. 1984). Here, Mr. McAlexander alleges ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *See* Ex. 4, at Exhibit C-2, p. 2. Mr. McAlexander concedes that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ but asserts that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Ex. 4, at ¶ 285. But comparison of the claimed subject matter to the "state of the art at the time" as understood by those of ordinary skill in the art is an analysis



of obviousness—not anticipation. Anticipation requires "prior invention," thus a "prior art reference—in order to anticipate under 35 U.S.C. § 102—must not only disclose all elements of the claim within the four corners of [a single] document, but must also disclose those elements 'arranged as in the claim.'" *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1370 (Fed. Cir. 2008). The fact that multiple references may have been known to the same group of people or related to the same technological subject matter does not permit their combination to form an invalidating reference under section 102.

## VI. Opinions Regarding Direct Infringement Based on Incorrect Legal Standard Ex. 6 (Rebuttal Report, Att. A), ¶¶ 14-60

Mr. McAlexander opines that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Ex. 6, ¶¶ 14-60. Mr. McAlexander argues ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *See, e.g.*, Ex. 6, ¶ 60 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.



Mr. McAlexander's analysis applies the incorrect legal standard and contradicts Federal Circuit law. Claim 16, which is directed to "a memory module," "is an apparatus claim, and apparatus claims cover what a device *is*, not what a device *does*." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1468 (Fed. Cir. 1990) (emphasis in original). An apparatus claim is infringed if the accused device has the recited features, even if the end-user never uses the accused functionality. *See Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1205 (Fed. Cir. 2010) (affirming verdict finding infringement of apparatus because "it is undisputed that software for performing the claimed functions existed in the products when sold — in the same way that an automobile engine for propulsion exists in a car even when the car is turned off"); *Fantasy Sports*

*Prop v. Sportsline.com*, 287 F.3d 1108, 1118-20 (Fed. Cir. 2002).

Mr. McAlexander ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████; this is sufficient for a finding of direct infringement. *See Versata Software, Inc. v. Sap Am., Inc.*, 717 F.3d 1255, 1263 (Fed. Cir. 2013) (upholding infringement verdict where plaintiff's expert "did not alter or modify [defendant's] code in order to achieve the claimed functionality."); *Finjan*, 626 F.3d at 1205 ("The fact that users needed to 'activate the functions programmed' . . . does not detract from or somehow nullify the existence of the claimed structure in the accused [products]."). Mr. McAlexander's opinions to the contrary violate the legal standard and should be stricken.

## VII. Improper Practicing the Prior Art Defense

**Ex. 6 (Rebuttal Report, Att. A), ¶ 249**

Mr. McAlexander presents a non-infringement theory for the '912 patent based on ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See* Ex. 6, ¶ 249. This theory should be stricken as legally improper infringement analysis. *See Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1366-67 (Fed. Cir. 2002) ("[T]here is no 'practicing the prior art' defense to literal infringement. . . . [L]iteral infringement is determined by construing the claims and comparing them to the accused device, not by comparing the accused device to the prior art.").

## VIII. QBM1/QBM2 Obviousness Assertions Based In Hindsight

**Ex. 1 (Opening Report), ¶ 340**

Mr. McAlexander presents various invalidity theories based on references he designates as ██████ and ████████ ███████████████████████████████████████████████████████████████████████████████████████████████ *See, e.g.*, Ex. 1, ¶ 321. Netlist disputes that ████████ is prior art to the asserted claims. Mr. McAlexander attempts to

- 8 -

deal with this by presenting a catch-all statement that █████████████████████

████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████ *See* Ex. 1, ¶ 340. Mr.

McAlexander's conclusory ██████████████ is pure hindsight and should be stricken; a feature developed after the invention of the asserted patents does not retroactively become an "obvious improvement" to an earlier system just because the two systems are related. *E.g.*, *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Lit.*, 676 F.3d 1063, 1073 (Fed. Cir. 2012) ("[H]indsight analysis is inappropriate because obviousness must be assessed at the time the invention was made.").

## IX. References to IPRs

**Ex. 2 (Opening Report, Att. A), ¶ 122, 149**
**Ex. 5 (Rebuttal Report), ¶¶ 127-128; Ex. 8 (Att. C), ¶¶ 181-182, 186, 192, 193, 198, 203, 205, 208**

Mr. McAlexander references PTAB decisions on IPRs of Netlist's patents throughout his reports, e.g., ████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████—a question the PTAB does not even evaluate in an IPR proceeding. These references should be excluded as irrelevant and in violation of Court MIL No. 13 ("The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings.").

## X. Arguments Contrary to Court's Claim Construction

**Ex. 3 (Opening Report, Att. B), ¶¶ 87-98, ¶¶ 110-112**

Mr. McAlexander presents several opinions that depend on claim construction theories the Court rejected in its Markman order; for example, he contends that the ████████████

████████████████████████  ███████████████████

- 9 -

▮▮▮" see Ex. 3, ¶ 98, but the Court held that the '417 patent claims ▮▮▮ ▮▮▮, see Ex. 14, ¶ 4. However, despite acknowledging the Court's claim construction rejecting Samsung's argument, Mr. McAlexander ▮▮▮ ▮▮▮ See Ex. 14, ¶ 5. Mr. McAlexander's opinions based on incorrect claim constructions should thus be excluded. *See Ultravision Techs., LLC v. GoVision LLC*, No. 2:18-cv-00100, 2021 WL 2144788, *2-3 (E.D. Tex. May 26, 2021) (citing *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2016)) ("Incorrect claim constructions go to the relevance of the expert's opinion, and thus form a basis to exclude an expert's opinion.").

## XI.  Alleged Comparable License Agreement Not Disclosed in Discovery

**Ex. 9 (Rebuttal Report, Att. D) ¶¶ 51-59**

Mr. McAlexander opines that ▮▮▮ ▮▮▮ is ▮▮▮ and criticizes Netlist's expert Dr. Mangione-Smith for not ▮▮▮ See Ex. 9, ¶¶ 51-53. But ▮▮▮ ▮▮▮ See Ex. 11, at 91-95. Thus, Netlist had no notice that ▮▮▮ ▮▮▮ was relevant to damages or technically comparable to a license to the patents-in-suit before Mr. McAlexander presented this novel theory in his rebuttal report, and had no opportunity to seek discovery or question Samsung's witnesses about this license agreement or its comparability. The court should strike this undisclosed theory. *See, e.g., Entropic*

*Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2023 WL 8260866, at *3–4 (E.D. Tex. Nov. 28, 2023) (striking expert opinions about previously undisclosed license and noting that plaintiff "has been prejudiced because it did not know the license would figure this prominently into the case when it did have the opportunity to take discovery.").

**XII.** **"Relative Value" Analysis of SK Hynix Agreement**

**Ex. 5 (Rebuttal Report), ¶¶ 91-103**

Mr. McAlexander purports to analyze the ▇▇▇▇▇ of Netlist patents licensed to SK Hynix, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See, e.g.*, Ex. 5, ¶ 92. However, this "analysis" involves Mr. McAlexander arbitrarily applying values to selected families of patents involved in the Netlist-SK Hynix agreement based on the following factors: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 5, ¶ 93. Nowhere in Mr. McAlexander's analysis does he evaluate the value of specific patents within the portfolio <u>to the contracting parties</u>, i.e., Netlist and SK Hynix. For example, in ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Ex. 5, ¶ 95. Similarly, Mr. McAlexander's analysis purporting to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ fails to address the specific value those patents had to SK Hynix at the time that agreement was negotiated. *See* Ex. 5, ¶¶ 96-103.

Federal Circuit law requires that, in analyzing a comparable license, an expert must "account for differences in the technologies and economic circumstances of the contracting parties." *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 971 (Fed. Cir. 2022) (emphasis added). In *Apple*,

the Federal Circuit held that there must be a factual basis to assign value to specific patents within a portfolio patent license. Critically, this requires consideration of how the parties to the license "treated" the value of the patents in question. *Id.* at 973; *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1330 (Fed. Cir. 2014). Mr. McAlexander has performed no such analysis. Indeed, he does ███████████████████████████████████████████████████████████████████ ██████████████████████████████████████████, or which patents (if any) SK Hynix used or derived value from at the time of negotiation. In *Apple*, the Federal Circuit emphasized that defects of the type present in Mr. McAlexander's analysis are a threshold barrier to the presentation of the opinion, and cannot simply be cured by cross-examination. *Id.* at *974.

Dated: January 16, 2024                             Respectfully submitted,

/s/ Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

>IRELL & MANELLA LLP
>1800 Avenue of the Stars, Suite 900
>Los Angeles, CA 90067
>Tel. (310) 277-1010
>Fax (310) 203-7199
>
>***Attorneys for Plaintiff Netlist, Inc.***

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

>*/s/ Yanan Zhao*
>Yanan Zhao

### CERTIFICATE OF SERVICE

I hereby certify that, on January 16, 2024, a copy of the foregoing was served to all counsel of record for Samsung via Email as agreed by the parties.

>*/s/ Yanan Zhao*
>Yanan Zhao

### CERTIFICATE OF CONFERENCE

I hereby certify that, on January 16, 2024, counsel for Netlist met and conferred with Samsung's counsel by telephone regarding the subject matter of Netlist's motion. Samsung opposes Netlist's motion.

>*/s/ Yanan Zhao*
>Yanan Zhao