# EXHIBIT 13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. 2:22-cv-203-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| MICRON TECHNOLOGY, INC. *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## REPORT & RECOMMENDATIONS

Before the Court are two motions for summary judgment regarding whether the asserted patents are standard essential, both filed by Netlist, Inc. First, Netlist's Motion for Summary Judgment that the Asserted Patents are Not Standard Essential. **Dkt. No. 276**. Second, Netlist's Motion for Summary Judgment Dismissing Micron's Affirmative Defense of Breach of RAND Obligation or in the Alternative for Severance. **Dkt. No. 280**. For the following reasons, the Court recommends that Netlist's Motions be **GRANTED,** except for the portions found moot.

## I. BACKGROUND

Netlist's Complaint originally asserted six patents, U.S. Patent Nos. 10,860,506; 10,949,339; 11,016,918; 11,232,054; 8,787,060; and 9,318,160. Dkt. No. 1. Prior to the instant lawsuit, IPR petitions were filed on all six asserted patents by a third-party, which were joined by Micron. Netlist has since dropped the '506 and '339 Patents from this case. *See* Dkt. No. 406 at 108; Dkt. No. 250. The PTAB has issued final written decisions for the '054 Patent, on December 5, 2023, and for the '918 Patent on December 6, 2023. Dkt. No. 345 at 1; *see Samsung Elecs. Co. Ltd., et. al. v. Netlist, Inc.*, IPR2023-00999, Paper 51 (PTAB Dec. 5, 2023); *Samsung Elecs. Co.*

1

*Ltd., et. al. v. Netlist, Inc.*, IPR2023-00996, Paper 49 (PTAB Dec. 6, 2023).[1] Petitions have been instituted for the remaining '060 and '160 Patents, and Micron represents that it anticipates a final written decision on these patents by April 12, 2024. Dkt. No. 348 at 1–2.

## II. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its

---

[1] Micron asserts that due to these final written decisions, the motions relating to the '918 and '054 Patents are moot. Dkt. No. 370; Dkt. No. 364. However, the final written decisions have since been appealed and the Court does not find that Motions related to the '918 and '054 Patents are moot.

ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### III.   MOTION FOR SUMMARY JUDGMENT THAT THE ASSERTED PATENTS ARE NOT STANDARD-ESSENTIAL (DKT. NO. 276)

Netlist filed this Motion for Summary Judgment asking the Court to find that the '060, '160, '918, and '054 Patents are not standard essential. Dkt. No. 276 at 5, 7; Dkt. No. 344. Micron opposed the Motion. Dkt. No. 305; Dkt. No. 370. For the following reasoning, the Motion is **MOOT** for the '060 and '160 Patents and should otherwise be **GRANTED**.

#### A.   The '060 and '160 Patents

Netlist asserts that they have not contended that the '060 and '160 Patents are standard essential and that no genuine dispute of material fact persists. Dkt. No. 276 at 5. Micron does not contest the Motion regarding the '060 and '160 Patents. *See* Dkt. No. 305 at 4 n.1 ("Micron is not contending that the '060 or '160 patents are standard essential"); Dkt. No. 370 at 3 n.1 ("Micron has never asserted that claims in Netlist's '060 or '160 patents are standard essential.") Instead, Micron argues the "Court should not award summary judgment on an allegation that Micron has not pursued as there is no live issue." Dkt. No. 370 at 3 n.1.

Both sides agree that the '060 and '160 Patents are not standard essential, and the Court finds that the Motion is **MOOT** as to the '060 and '160 Patents.

#### B.   The '918 and '054 Patents

Netlist asserts that "Micron has no evidence to create a triable issue of fact." Dkt. No. 276 at 7–8. Further, Netlist asserts that all of the claim elements are not present in the JEDEC standard Dkt. No. 276 at 8–11. Micron responds "Netlist's infringement allegations for the '918 and '054 Patents clearly hinge on the Relevant JEDEC Standards, whether expressly, as shown in

3

infringement contentions, or implicitly, as shown in Dr. Mangione-Smith's expert report." Dkt. No. 305 at 7. Micron contends that Dr. Mangione-Smith's acknowledgement that certain products are standard compliant demonstrates implicitly that the asserted claims are mapped to the relevant standards. Dkt. No. 305 at 6–7.

The Court finds that Micron has not met its burden of demonstrating evidence showing that the asserted patents are standard essential. Micron's "express" evidence based on Netlist's infringement contentions is grounded in the argument that the contentions are seemingly based upon the JEDEC standard. However, nothing within the contentions expressly demonstrates that the JEDEC standard is relied upon for the contentions. Further, the "implicit" evidence that Dr. Mangione-Smith relies on the standard is also not sufficient. Absent any other evidence demonstrating that a genuine issue of material persists, Micron has not met its burden. Accordingly, a genuine issue of material fact is not present, and it is recommended that the Motion for Summary Judgment that the '918 and '054 Patents are not standard-essential be **GRANTED**.

IV. **MOTION FOR SUMMARY JUDGMENT DISMISSING MICRON'S AFFIRMATIVE DEFENSE OF BREACH OF RAND OBLIGATION OR IN THE ALTERNATIVE FOR SEVERANCE (DKT. NO. 280)**

Netlist asserts that since the patents are not standard essential, "the Court should likewise grant summary judgment on Micron's defense of breach of RAND because the RAND licensing obligation in the JEDEC Patent Policy (JM21T) is limited to 'Essential Patent Claims.'" Dkt. No. 280 at 5. "Micron agrees that Netlist's co-pending motion for summary judgment that the Asserted Patents are not standard-essential should rise and fall with the current Motion." Dkt. No. 295 at 5

Accordingly, having found that both parties agree the '060 and '160 Patents are not standard essential, and recommending that summary judgment be granted for the '918 and '054 Patents, the Court recommends that Netlist's Motion for Summary Judgement Dismissing Micron's Affirmative Defense of Breach of RAND Obligation be **GRANTED**.

## V. CONCLUSION

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report **by not later than January 16, 2024** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 8th day of January, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE