**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC.,<br><br>Defendants. | ) | Case No. 2:22-cv-293-JRG<br><br>JURY TRIAL DEMANDED<br>(Lead Case) |
| NETLIST, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC,<br><br>Defendants. | ) | Case No. 2:22-cv-294-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S MOTION TO STRIKE OPINIONS
OF DR. M. RAY PERRYMAN**

# TABLE OF CONTENTS

Page


I. ARGUMENT .......... 1

A. Dr. Perryman's Suggestion That Dr. Groehn Should Have Considered Samsung's "Brand" In His Regression Analysis Is Unreliable And Should Be Stricken (Paragraphs 104-106) .......... 1

B. Dr. Perryman's Irrelevant References to Samsung's Global R&D Expenditures And Patents Filed Should Be Stricken (Paragraphs 33-34, 104-105). .......... 2

C. Dr. Perryman's Irrelevant References to Samsung's Social Good Projects Should Be Stricken (Paragraphs 33-34, 36, 104-105). .......... 4

D. Dr. Perryman's Irrelevant References to Other JEDEC Standards (Paragraphs 36, 105). .......... 5

E. Dr. Perryman's Inflammatory/Disparaging Language Regarding Dr. Groehn's Analysis Should Be Stricken (Paragraphs 13, 50, 71, 99, 106, 118-119, 124, 132). .......... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alacritech Inc. v. CenturyLink, Inc.*, 2023 WL 6553832 (E.D. Tex. Oct. 8, 2023) ....2

*Fall Line Pats., LLC v. Zoe's Kitchen, Inc.*, 2023 U.S. Dist. LEXIS 202987 (E.D. Tex. July 11, 2023) ....5

*Genband US LLC v. Metaswitch Networks Corp.*, 2016 WL 3475688 (E.D. Tex. Jan. 7, 2016) ....1

*Hillman Grp. v. Keyme, LLC*, 2021 WL 1248180 (E.D. Tex. Mar. 20, 2021) ....6

*Paltalk Holdings, Inc. v. Microsoft Corp.*, 2009 U.S. Dist. LEXIS 131090 (E.D. Tex. Feb. 25, 2009) ....4

*Power Integ., Inc. v. Fairchild Semiconductor Intern., Inc.*, 711 F.3d 1348 (Fed. Cir. 2013) ....1

*XpertUniverse, Inc. v. Cisco Systems, Inc.*, 2013 WL 936449 (D. Del. 2013) ....1

**Rules**

Fed. R. Evid. 702 ....2

Netlist respectfully moves to strike certain opinions of Samsung's expert Dr. Perryman, discussed below.

# I. ARGUMENT

## A. Dr. Perryman's Suggestion That Dr. Groehn Should Have Considered Samsung's "Brand" In His Regression Analysis Is Unreliable And Should Be Stricken (Paragraphs 104-106)

One of Dr. Perryman's primary criticisms of Dr. Groehn's regression analysis is that Samsung's brand should have been factored into the regression analysis. Ex. 1 ¶¶ 104-106. These portions of Dr. Perryman's report should be stricken because they fail to meet the *Daubert* standard of reliability. *XpertUniverse, Inc. v. Cisco Systems, Inc.*, 2013 WL 936449, *3-*5 (D. Del. 2013) (excluding expert opinion that "simply makes no sense" and where expert "does not provide any logical link between [proffered justification] and his conclusion")

Dr. Groehn's regression compares sales of Samsung products to the same Samsung products to assess the value of certain attributes. Dr. Groehn's regression model considers [REDACTED] . Dr. Perryman does not explain how Samsung's [REDACTED] would affect the price of a 2400MT/S LRDIMM differently than it would a 3200 MT/S LRDIMM, nor does he definitely claim that it would. Dr. Perryman merely claims with no support that [REDACTED] as an excuse to inject irrelevant evidence of Samsung's accomplishments and good deeds (which are also discussed separately below). Ex. 1 ¶ 106. This section of Dr. Perryman's analysis is purely speculative, as he does not even attempt to provide a factual or scientific basis for it. It should be stricken. *Power Integ., Inc. v. Fairchild Semiconductor Intern., Inc.*, 711 F.3d 1348, 1373-74 (Fed. Cir. 2013) (striking "expert opinion… built on speculation" because such "unreliable testimony frustrates a primary goal of expert testimony in any case, which is meant to place experience from professional specialization at the jury's disposal, not muddle the jury's fact-finding with unreliability and speculation"); *Genband US LLC*

*v. Metaswitch Networks Corp.*, 2016 WL 3475688, *2 (E.D. Tex. Jan. 7, 2016) ("Conclusory opinions unsupported by 'facts or data' and based on no discernable 'principles and methods' are not admissible under Fed. R. Evid. 702.").

**B. Dr. Perryman's Irrelevant References to Samsung's Global R&D Expenditures And Patents Filed Should Be Stricken (Paragraphs 33-34, 104-105).**

In several sections of his report, Dr. Perryman opines on [REDACTED]. This information is not relevant to the scope of Dr. Perryman's Report, which purports to be a response to Dr. Groehn's regression analysis and Mr. Kennedy's application of Dr. Groehn's analysis. Ex. 1 ¶ 9. In the paragraphs in which Dr. Perryman discusses these irrelevant topics, he purports to be providing an [REDACTED] and an argument that [REDACTED] *Id.* ¶¶ 33, 104. But, as discussed in I.A, Dr. Perryman's discussion of Samsung's [REDACTED] has no place in a rebuttal to Dr. Groehn's regression. Samsung's overall R&D expenditures and patent activities as an entire company likewise go beyond a mere [REDACTED] to Samsung and are clearly included for the prejudicial purpose of implying that Samsung is [REDACTED] and thus would not have infringed Netlist's patents. *Id.* ¶¶ 34, 104. This Court should exclude such testimony as Courts in this district have done previously. *Alacritech Inc. v. CenturyLink, Inc.*, 2023 WL 6553832, *10 (E.D. Tex. Oct. 8, 2023) (holding defendant's expert "cannot specify a dollar-amount expenditure on R&D or a specific number of patents that [defendant] owns.")

For example, Dr. Perryman discusses Samsung's company-wide R&D expenditures, stating [REDACTED] *Id.* ¶¶ 34, 104. Dr. Perryman does not discuss what

technology or products Samsung's R&D expenditures were directed to, much less provide any connection between these expenditures and Samsung's Accused Products in this case. Indeed, the [REDACTED] does not even include [REDACTED] as a branch of the business responsible for its memory products:



Ex. 1, ¶ 34, n.56 (citing [REDACTED]).

Allowing Dr. Perryman to pontificate on Samsung's company-wide research investments with no relevance to the Accused Products has no probative value, particularly in the context of responding to Dr. Groehn's regression analysis. Whether Samsung invests in different technology or unaccused products has no relevance to any issue in the case. The transparent intent of this discussion is to imply Samsung is innovative without any connection to the actual products at issue. Moreover, discussion of Samsung's company-wide R&D expenditures violates this Court's standing MIL prohibiting parties from "introducing evidence, testimony, or argument concerning any party's overall financial size, wealth, or executive compensation." CMIL No. 3. This Court should accordingly strike such discussion, or alternatively, hold that if Samsung introduces its company-wide R&D expenditures, this opens the door for Netlist to introduce rebuttal evidence that Samsung has not significantly invested in R&D, including showing that Samsung's R&D

expenditures are a fraction of the company's overall spending/revenue, and by showing what percentage of Samsung's R&D budget is allocated to memory.

Dr. Perryman also purports to discuss the [REDACTED]. For example, Dr. Perryman states that [REDACTED] Ex. 1 ¶ 34. As with Samsung's R&D expenditures, Dr. Perryman does not discuss the subject matter of these patents and does not contend any are used in the Accused Products. Unasserted and unpracticed patents are irrelevant to any decision the jury will make in this case and will only serve to confuse the jury. This is especially true where Samsung has not identified a single patent it owns that relates in any way to the Accused Products. *Paltalk Holdings, Inc. v. Microsoft Corp.*, 2009 U.S. Dist. LEXIS 131090, *10 (E.D. Tex. Feb. 25, 2009) (granting motion to preclude expert from discussing accused infringer's patent portfolio because "Microsoft's own patents may be relevant to a reasonable royalty analysis… if those patents cover some portion of the accused products," but "Microsoft has the burden to show that each of the above-referenced patents bears some relation to the accused products [and] Microsoft has made no such showing").

**C. Dr. Perryman's Irrelevant References to Samsung's Social Good Projects Should Be Stricken (Paragraphs 33-34, 36, 104-105).**

Dr. Perryman opines on alleged awards and good works by Samsung unrelated to the Accused Products, such as that "[REDACTED] Ex. 1 ¶¶ 36, 105. Further, he claims that [REDACTED]

[redacted] *Id.* While a party is allowed to describe itself to the jury, these statements go well beyond providing relevant background information. Courts in this district have excluded such irrelevant evidence intended solely to bias the jury in favor of a party. *Fall Line Pats., LLC v. Zoe's Kitchen, Inc.*, 2023 U.S. Dist. LEXIS 202987, *6 (E.D. Tex. July 11, 2023) (excluding evidence of defendant's "Achievements, Patents, and Good Works," including "any evidence, testimony, or argument regarding its achievements, including its founding, philanthropy, social good projects, patents, and awards"). This Court should likewise strike all references to Samsung's social good projects, awards, and irrelevant investment in research. Otherwise, Netlist should be permitted to introduce evidence to rebut this narrative with evidence of Samsung's unethical business practices, which would cause an unnecessary sideshow.

Dr. Perryman attempts to establish relevance of Samsung's awards and social good projects by claiming that Samsung's reputation as a brand should have been included in Dr. Groehn's analysis. Ex. 1 ¶ 106. For example, he argues that [redacted] *Id.* As described in detail above, *supra* I.A, this explanation does not withstand basic scrutiny. It is unclear how Samsung's [redacted].

### D. Dr. Perryman's Irrelevant References to Other JEDEC Standards (Paragraphs 36, 105).

In paragraphs 36 and 105, Dr. Perryman claims that [redacted]

[redacted] Ex. 1 ¶¶ 36, 105. These statements are irrelevant, prejudicial, and will be confusing to the jury. DDR is the first generation of DDR products, and no DDR, DDR2, DDR3, or DDR5 products are accused in this case. Rather, the accused products are DDR4 R/LRDIMMs. Dr. Perryman should not be allowed to tell the jury that Samsung invented unaccused products and claim this has any relevance to this case. *Hillman Grp. v. Keyme, LLC*, 2021 WL 1248180, *7 (E.D. Tex. Mar. 20, 2021) (excluding evidence concerning products that "are not accused products in this case and are therefore irrelevant to any issue for the jury to decide."

### E. Dr. Perryman's Inflammatory/Disparaging Language Regarding Dr. Groehn's Analysis Should Be Stricken (Paragraphs 13, 50, 71, 99, 106, 118-119, 124, 132).

Dr. Perryman uses inflammatory, disparaging language when discussing Dr. Groehn's regression analysis. *See, e.g.,* Ex. 1 ¶¶ 13, 50, 124, (referring to Groehn's analysis as [redacted]); ¶ 71 [redacted]; ¶ 106 [redacted] ¶ 13 [redacted], ¶ 99 [redacted]; ¶ 118 [redacted], ¶ 119 [redacted], ¶ 132 [redacted]. Such language violates this Court's standing MIL precluding the parties from "introducing evidence, testimony, or argument referring to any other person or entity in disparaging ways," and should not be permitted. CMIL No. 11. It also invades the province of this Court, which is the gatekeeper for reliability under *Daubert*, not Dr. Perryman.

To be clear, Netlist does not seek to prevent Dr. Perryman from offering any of the substantive critiques of Dr. Groehn's regression analysis set out in his report (other than those Netlist has separately moved to strike in the above sections). But Dr. Perryman can fairly present

his alleged critiques of Dr. Groehn's analysis without resort to conclusory, inflammatory, and disparaging language as he does in the examples cited above.

Dated: January 16, 2024

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 16, 2024, a copy of the foregoing was served to Micron's counsel of record via Email as agreed by the parties.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on January 16, 2024, counsel for Netlist met and conferred with Samsung's counsel regarding the subject matter of Netlist's motion. Samsung opposes Netlist's motion.

*/s/ Yanan Zhao*
Yanan Zhao