IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) <br><br> ▬▬▬▬▬▬▬▬▬ |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S MOTION FOR SUMMARY JUDGMENT ON SAMSUNG'S AFFIRMATIVE DEFENSE OF CLAIM PRECLUSION**

**TABLE OF CONTENTS**

**Page**

I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................... 1

II. STATEMENT OF UNDISPUTED FACTS .................................................................... 1

III. ARGUMENT .................................................................................................................. 1

    A. There is No Final Judgment that Could Trigger Claim Preclusion .............................. 2

    B. Samsung Has Introduced No Evidence to Meet its Burden to Prove Preclusion ........................................................................................................ 3

IV. CONCLUSION ............................................................................................................... 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acumed LLC v. Stryker Corp.*,
  525 F.3d 1319 (Fed. Cir. 2008)..................................................................................................4

*Eli Lilly & Co. v. Barr Lab'ys, Inc.*,
  251 F.3d 955 (Fed. Cir. 2001)....................................................................................................3

*In re Hallahan*,
  936 F.2d 1496 (7th Cir. 1991)....................................................................................................2

*Houston Professional Towing Ass'n v. City of Houston*,
  812 F.3d 443 (5th Cir. 2016).....................................................................................................1

*Hughes v. Lott*,
  350 F.3d 1157 (11th Cir. 2003)..................................................................................................2

*Kolcraft Enters., Inc. v. Artsana USA, Inc.*,
  2020 WL 1491142 (N.D. Ill. Mar. 27, 2020) .............................................................................4

*Oyster Optics, LLC v. Cisco Systems, Inc.*,
  2021 WL 1530935 (E.D. Tex. Apr. 16, 2021) .......................................................................1, 2

*Rinieri v. News Syndicate Co.*,
  385 F.2d 818 (2d Cir. 1967) ......................................................................................................2

*SanDisk Corp. v. Kingston Tech. Co.*,
  695 F.3d 1348 (Fed. Cir. 2012)..................................................................................................2

*Santana v. City of Tulsa*,
  359 F.3d 1241 (10th Cir. 2004) .................................................................................................2

*SimpleAir v. Google LLC*,
  884 F.3d 1160 (Fed. Cir. 2018).............................................................................................3, 4

*Taylor v. Sturgell*,
  553 U.S. 880 (2008)...................................................................................................................1

## I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether the Court should enter summary judgment dismissing Samsung's Fourteenth Affirmative Defense of Res Judicata/Claim Preclusion?

## II. STATEMENT OF UNDISPUTED FACTS

1. In *Netlist v. Samsung*, No. 2:21-cv-463 ("Samsung I"), Netlist originally asserted U.S. Patent No. 10,860,506 ("the '506 Patent"). On April 4, 2023, Netlist narrowed its claims for trial and elected not to pursue the '506 Patent, and it was not tried to the jury. Ex. 1 (Samsung I Dkt. 431).

2. The '506 Patent is not part of the jury's verdict or the Court's final judgment in Samsung I. Ex. 2 (Samsung I Dkt. 551) (Final Judgment not including '506 Patent); Ex. 3 (Samsung I Dkt. 479) (Jury Verdict not including '506 Patent).

## III. ARGUMENT

In the Fifth Circuit, the test for claim preclusion has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Houston Professional Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016). It is Samsung's burden to prove these elements. *See Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) ("[A] party asserting preclusion must carry the burden of establishing all necessary elements."). "[A] determination of whether *res judicata* applies is a question of law that may be resolved at the motion [stage]." *Oyster Optics, LLC v. Cisco Systems, Inc.*, 2021 WL 1530935, at *4 (E.D. Tex. Apr. 16, 2021).

Samsung's res judicata theory is that Netlist is precluded from asserting the '608 Patent because Netlist asserted the related '506 Patent in Samsung I. Dkt. 145 at 45. Samsung's defense fails as a matter of law, because at least elements three and four of the preclusion test—the requirement of a final judgment and that the "same claim" be at issue—are not met.

### A.     There is No Final Judgment that Could Trigger Claim Preclusion

This Court has previously held that, where a patent is dropped before trial, there is no final judgment triggering claim preclusion. *Oyster Optics*, 2021 WL 1530935, is exactly on point. There, the patentee sued defendant on seven patents (including the '898 Patent), but "dropped all claims related to the '898 Patent from the case . . . to narrow the dispute." *Id.* at *2. The remaining patents were subsequently dismissed with prejudice. *Id.* Patentee then filed a second suit asserting the '898 Patent, and defendant argued it was barred by claim preclusion. This Court rejected the claim preclusion argument, holding that "'[a] patentee's voluntary withdraw[al] of previously asserted patent claims' for the purpose of narrowing a case is treated as a dismissal without prejudice. It is well established that a dismissal without prejudice should not preclude re-litigation of the dismissed claims in the same court." *Id.* at *5 (citing *SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012)).

As this Court explained in *Oyster Optics*, the principle that a dismissal without prejudice is not a final judgment has been applied "specifically to *res judicata* arguments." *Oyster Optics*, 2021 WL 1530935, at *5 (citing and quoting *Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003) ("A dismissal without prejudice is not an adjudication on the merits and thus does not have a *res judicata* effect."); *Santana v. City of Tulsa*, 359 F.3d 1241, 1246 n.3 (10th Cir. 2004) ("Generally, a dismissal without prejudice is a dismissal that does not operate as an adjudication upon the merits, and thus does not have res judicata effect."); *In re Hallahan*, 936 F.2d 1496, 1499 n.2 (7th Cir. 1991) ("The case was dismissed without prejudice, and such a dismissal has no *res judicata* effect."); *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 821 (2d Cir. 1967) ("[A] dismissal without prejudice permits a new action (assuming the statute of limitations has not run) without regard to res judicata principles[.]")). This Court therefore held that "Having determined that Cisco failed to establish that there has been a final judgment on the merits of any claim in this case . . . the Court finds that Cisco has not proven that *res judicata* bars any claims of the '898 Patent." *Id.* at *6.

Samsung's claim preclusion argument fails for the same reason here. Because the '506 Patent was voluntarily dropped before trial in Samsung I as part of case narrowing, there was no final judgment on the merits as to the '506 Patent, and there can be no claim preclusion. This is confirmed by the jury verdict and the Court's final judgment in Samsung I, neither of which address the '506 Patent. Ex. 2 (Samsung I Dkt. 551) (Final Judgment); Ex. 3 (Samsung I Dkt. 479) (Jury Verdict).

**B.     Samsung Has Introduced No Evidence to Meet Its Burden to Prove Preclusion**

While the absence of a final judgment is alone sufficient for summary judgment, it can also be granted because Samsung has introduced no evidence to meet its burden to prove this case involves the "same claim" as Samsung I. The Federal Circuit holds that "where different patents are asserted in a first and second suit, a judgment in the first suit will trigger claim preclusion only if the scope of the asserted patent claims in the two suits is essentially the same." *SimpleAir v. Google LLC*, 884 F.3d 1160, 1167 (Fed. Cir. 2018). Claims are "essentially the same" where they are "patentably indistinct from, those in the previously adjudicated parent patents." *Id.* at 1169. "A later patent claim is not patentably distinct from an earlier patent claim if the later claim is obvious over, or anticipated by, the earlier claim." *Eli Lilly & Co. v. Barr Lab'ys, Inc.*, 251 F.3d 955, 968 (Fed. Cir. 2001).

Here, Samsung has introduced no evidence or expert analysis establishing that the claims of the '506 and '608 Patents are "essentially the same." Netlist served an Interrogatory requesting Samsung to ███████████████████████████████ Ex. 4 (2023-11-20 Samsung Resp. to 1st Set of Interrogatories) at 102. Samsung's ███████████████████████ ████████████████████████████████████████████████████████████████. *Id.* at 116-117. Samsung's expert reports ████████████████████████████████. For example, Samsung's invalidity report ████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████ Ex. 5 (McAlexander Opening Ex. C) at pp. ii,

160-176. This absence is significant because the claims contain numerous differences on their face. For example, claim 1 of the '608 Patent includes elements different from claim 1 of the '506 Patent, such as "the module control device being further configured to receive a system clock signal and output a module clock signal," "and a command processing circuit configured to decode the module control signals and to control the data path in accordance with the module control signals and the module clock signal, wherein the data path corresponding to the each data signal line includes at least one tristate buffer controlled by the command processing circuit" (among other differences).

The only argument Samsung advances regarding alleged similarity of the claims is that Netlist filed a terminal disclaimer for the '506 Patent over the '608 Patent. But the Federal Circuit holds that "a terminal disclaimer does not conclusively show that a child patent involves the same cause of action as its parent." *SimpleAir*, 884 F.3d at 1168; *see also Kolcraft Enters., Inc. v. Artsana USA, Inc.*, 2020 WL 1491142, at *5 (N.D. Ill. Mar. 27, 2020) (holding there was no claim preclusion for continuation patent where, notwithstanding terminal disclaimer, defendant "does not provide any analysis as to how the later claims of the '501 patent are 'obvious over, or anticipated by, the earlier claim in the '993 patent'").

Further, regardless of similarity of the patent claims, "claim preclusion does *not* apply unless the accused device in the action before the court is 'essentially the same' as the accused device in a prior action between the parties that was resolved by a judgment on the merits." *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008). Here, the accused products are different from Samsung I. Netlist asserts that Samsung's DDR4 RDIMMs infringe the '608 Patent, but DDR4 RDIMMs were not accused of infringing the '506 Patent in Samsung I. This is yet a further reason that summary judgment is appropriate.

**IV.  CONCLUSION**

Netlist respectfully requests summary judgment as discussed above.

| | |
|---|---|
| Dated: January 16, 2024 | Respectfully submitted,<br><br>*/s/ Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 16, 2024 a copy of the foregoing was served to all Samsung counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao