# Exhibit Y

[redacted]

```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF TEXAS
                       MARSHALL DIVISION

NETLIST, INC.,                    (  CAUSE NO. 2:21-CV-463-JRG
                                  )
         Plaintiff,               (
                                  )
vs.                               (
                                  )
SAMSUNG ELECTRONICS CO., LTD.,    (
et al.,                           )  MARSHALL, TEXAS
                                  (  APRIL 20, 2023
         Defendants.              )  8:30 A.M.
_____



                           VOLUME 5



_____

                     TRIAL ON THE MERITS

              BEFORE THE HONORABLE RODNEY GILSTRAP
               UNITED STATES CHIEF DISTRICT JUDGE
                          and a jury
_____








                 SHAWN McROBERTS, RMR, CRR
                   100 E. HOUSTON STREET
                   MARSHALL, TEXAS  75670
                       (903) 923-8546
                shawn_mcroberts@txed.uscourts.gov
```

1  not pursued at the trial, and -- that this is not an
2  appropriate subject for judgment as a matter of law because it
3  simply wasn't an issue in the trial and it's a claim not tried
4  in the trial, Your Honor.
5              THE COURT:  Okay.  Thank you, Mr. Payne.
6       All right.  With regard to the competing arguments from
7  the parties on the issue of infringement as urged by the
8  Plaintiff and non-infringement as urged by the Defendants, the
9  Court denies those motions in both directions.
10      With regard to the issue of willful infringement urged by
11 the Plaintiff and no willful infringement urged by the
12 Defendants, the Court denies those motions in both directions
13 from the competing parties.
14      With regard to the issue of damages where the Plaintiff
15 sought JMOL to establish damages and the Defendants sought
16 JMOL finding that no damages were warranted, the Court denies
17 both motions in opposite directions as submitted by the
18 competing parties.
19      With regard to the issue of validity as raised
20 affirmatively by the Plaintiffs and invalidity as raised
21 affirmatively by the Defendants, in particular as to
22 obviousness under § 103 for the '339 Patent, and lack of
23 written description as to the '339 Patent, the '054 Patent,
24 and the '918 Patent, the Court denies those motions in
25 opposite directions from both competing parties.

1    As to the issue of the starting date for damages for the
2    '054 Patent, the Court grants JMOL that the damages period for
3    the '054 Patent will not be prior to January the 25th, 2022.
4    With regard to the issue of foundry products, Plaintiff's
5    counsel is correct that where claims and defenses are
6    typically abandoned or jettisoned in advance of the trial, the
7    Court's practice is not to rule on those substantively, but in
8    this case the foundry products issue was litigated throughout
9    the pretrial process.  At the conclusion of the pretrial
10   process, it was made clear to the Court that the parties
11   intended it to be a part of the trial on the merits before the
12   jury.  It's that reason that the Court invited both sides to
13   submit suggested instructions for it to consider in its
14   preliminary jury instructions regarding the JDLA, its
15   termination date, and the issue of foundry products as being
16   excluded from the license provisions of the JDLA.
17   With regard to the foundry products issue under the JDLA,
18   notwithstanding what happened after the jury was impaneled and
19   the evidence began, this was a live issue that had not been
20   abandoned or narrowed through the impaneling of the jury and
21   the beginning of the trial.  Therefore, I am going to rule on
22   the foundry products issue and I'm going to grant JMOL that
23   there is no infringement prior to the July 15th, 2021, date
24   with the termination of the JDLA with regard to foundry
25   products or anything else prior to that time.  July 15th,

```
1   2020, being the termination date of the JDLA.
2        And those are the Court's rulings on motions argued under
3   Rule 50(a).
4        It's a quarter of 2:00, counsel.  At this juncture, I
5   would typically invite you into my office where we would have
6   an informal charge conference and review the current status of
7   the proposed final jury instructions and verdict form.  I
8   don't have room for everybody that's in here to be in my
9   office so, quite honestly, let's take a 15-minute recess and
10  then I will come back in the courtroom, you can stay where you
11  are, and we'll just conduct the informal charge conference in
12  the courtroom off the record.  The Courtroom Deputy and the
13  court reporter won't be present, and we'll informally discuss
14  what you most recently submitted where you have disputes and
15  where the Court has questions.
16       So we stand in recess for 15 minutes.
17            (The proceedings were concluded at 1:45 p.m.)
```