# Exhibit Z

Case 2:21-cv-00463-JRG Document 426 Filed 04/03/23 Page 1 of 262 PageID #: 35525
Case 2:22-cv-00293-JRG Document 441-6 Filed 04/08/24 Page 2 of 7 PageID #: 28383

1

```
1              IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF TEXAS
2                         MARSHALL DIVISION

3    NETLIST, INC.,                (  CAUSE NO. 2:21-CV-463-JRG
                                   )
4              Plaintiff,          (
                                   )
5    vs.                           (
                                   )
6    SAMSUNG ELECTRONICS CO., LTD.,(
     et al.,                       )  MARSHALL, TEXAS
7                                  (  MARCH 28, 2023
               Defendants.         )  9:00 A.M.
8    _____

9
                              VOLUME 1
10
     _____
11
                        PRETRIAL CONFERENCE
12
              BEFORE THE HONORABLE RODNEY GILSTRAP
13             UNITED STATES CHIEF DISTRICT JUDGE

14   _____

15

16

17

18

19

20

21

22            SHAWN McROBERTS, RMR, CRR
                100 E. HOUSTON STREET
23              MARSHALL, TEXAS  75670
                    (903) 923-8546
24        shawn_mcroberts@txed.uscourts.gov

25
```

Case 2:21-cv-004632-JRG Document 426 Filed 04/06/23 Page 3 of 7 PageID #: 35035
Case 2:21-cv-00463-JRG Document 421 Filed 04/03/23 Page 153 of 261 PageID #: 35526
153

1  you know, as we're working together, it's just sort of a
2  sharing of information. It was not obviously accusing anyone
3  of infringement because we were licensed.
4       THE COURT: All right. Now, if you consider the
5  Court's prior ruling that up to the termination of the JDLA on
6  July the 15th, 2020, Samsung was licensed pursuant to the
7  terms of the JDLA, then we're not talking about willful
8  infringement prior to July 15th, 2020, under any scenario.
9       Is that your understanding?
10      MS. DEGNAN: You are absolutely right, Your Honor.
11      Could we have slide 27? There's a timeline I think --
12      THE COURT: So really we're talking about 2020 until
13  suit's filed.
14      MS. DEGNAN: We are. And so let's just jump into
15  this, what is the good faith defense, because that is, of
16  course, a reason that would prevent a willful finding here.
17  And we think no reasonable juror could find we're willful
18  infringers given -- given this license. So, yes, certainly
19  through the termination on July 15th, 2020.
20      But I think it's important to recognize is that between
21  July 15th, 2020, and the final judgment in the California
22  case, this was a hotly-disputed issue. They were claiming
23  termination, we were saying it was unlawful, we thought the
24  termination even if there was a breach, it was not material
25  justifying termination.

So during this period of time, subjective intent was of -- of Samsung was that we are being wrongfully denied our license and we're fighting to keep it.

And during this period, we should point out that there was a jury trial, and the jury awarded on December 3rd, 2021, no damages for this breach that Netlist said happened. That, again, looks like it's not material. If there's no damages, then there shouldn't have been a termination.

And so we would say that this entire period through at least the end of the action in California, no reasonable juror could find that we were -- had the subjective intent to deliberately infringe because we had a license, we were fighting to prevent Netlist from taking it away during that entire period.

And I would submit even after, while we appealed what we would consider a miscarriage of justice, to the Ninth Circuit we still had a good faith belief that, you know, we have been denied a license that we bought and paid for, it was a perpetual license, and that that prevents any sort of reasonable jury from finding infringement both pre- and post-suit.

THE COURT: Let me go back a minute since you've got this timeline on the screen.

Now, I don't want to limit or backtrack on my prior statement that, during the period of licensure, Samsung really

1 can't infringe if they're licensed, and if they can't
2 infringe, they can't willfully infringe.
3 But I have left open the issue for the jury to decide
4 whether these HBM products are foundry products which would
5 not be covered by the license and, therefore, could be subject
6 to infringement. And if those can be subject to infringement
7 under that construction or scenario, then there's potentially
8 willful infringement.
9 So as to what's covered by the license prior to 2020, I'm
10 satisfied that willfulness is out. What's not covered by the
11 license prior to 2020 is fair game for willfulness. And then
12 we had the issue of post-July 15, 2020, up until the time
13 suit's filed.
14 And I understand your arguments about your sense of
15 justice in the Central District of California and the Ninth
16 Circuit. You are entitled to your opinions. I'm not sure
17 that's dispositive on the issue of willfulness or not.
18 MS. DEGNAN: So let me just respond to this issue of
19 products that were foundry products. And so I think what -- I
20 think what we're going to see --
21 THE COURT: I can see that fight coming.
22 MS. DEGNAN: I can see --
23 THE COURT: I think everybody in the room can see
24 that fight coming.
25 MS. DEGNAN: But to clarify, it's not really the

Case 2:22-cv-00463-JRG Document 426 Filed 04/06/23 Page 6 of 7 PageID #: 35529
Case 2:21-cv-00463-JRG Document 421 Filed 04/03/23 Page 266 of 416 PageID #: 35050
168

1   rea subjective intent to infringe patents that hadn't even
2   issued during the negotiations and the license for the JDLA.
3       So you can't tie this activity that they spent many
4   minutes showing you in the slides to the mens rea requirement
5   post-termination of the license.  So there's nothing that
6   springs back into effect at that time.
7       And so it's my way of explaining why all the slides you
8   just looked at, all those evidence, is actually not relevant
9   to the issue of willfulness because those patents had not
10  issued.  And by the time they had issued, even if there was
11  some desire to license a patent that was in existence in 2015,
12  that does not mean we had the subjective intent to infringe
13  completely different patents in 2020.
14      So I guess I'll leave it with that.  That's sort of high
15  level response to counsel's remarks.
16          THE COURT:  All right.  Thank you, Counsel.
17      All right.  With regard to Document 200 and Samsung's
18  motion for summary judgment of no willfulness, as to the
19  period prior to July 15th, 2020, and as to what was covered by
20  the license granted through the JDLA, the Court grants summary
21  judgment that there was no willful infringement during the
22  period that whatever was licensed by the JDLA remained
23  licensed by the JDLA up until and through or as of July 15th,
24  2020.
25          Post-July 15th, 2020, the Court finds that there are

```
1   material questions of fact under the totality of the
2   circumstances standard imposed on the willfulness
3   determination that preclude the entry of summary judgment, and
4   I'm otherwise going to deny the Defendants' motion.
5          Now, that should cover all of document 200.  We've got a
6   series of motions to strike coming up next.  We're going to
7   take a short recess, and we'll turn to those when I return to
8   the bench.
9          During this recess, I'd like to see Mr. Cordell and Ms.
10  Smith together with Mr. Sheasby and Ms. Truelove in chambers.
11         The Court stands in recess.
12                           (Brief recess.)
13         THE COURT:  Be seated, please.
14         All right.  As I said, Counsel, there's a series of
15  several motions to strike.  I don't know that the order is
16  particularly critical.
17         Why don't we jump into the deep end of the pool and start
18  with Document 205, Samsung's motion to strike Kennedy reports,
19  Kennedy being Netlist's damages expert.
20         Let me hear from Samsung first.
21             MR. CORDELL:  Thank you, Your Honor.  Ruffin Cordell
22  for Samsung.  May I proceed?
23             THE COURT:  Please do.
24             MR. CORDELL:  Mindful of the time that we have, I
25  will offer my apologies on the front end that this is not the
```