UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br>    Plaintiff, <br><br>    v. <br><br>SAMSUNG ELECTRONICS CO., LTD., et al., <br><br>    Defendants. | Civil No. 2:22-cv-00293-JRG <br>(Lead Case) <br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC., <br><br>    Plaintiff, <br><br>    v. <br><br>MICRON TECHNOLOGY TEXAS, LLC, et al., <br><br>    Defendants. | Civil No. 2:22-cv-00294-JRG <br>(Member Case) <br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S CORRECTED MOTION TO BIFURCATE LIABILITY ISSUES
FROM LICENSE DEFENSE, DAMAGES, AND WILLFULNESS ISSUES**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... iii

TABLE OF EXHIBITS ............................................................................................................... v

TABLE OF ABBREVIATIONS ................................................................................................. v

I.    INTRODUCTION ........................................................................................................... 1

II.    FACTUAL BACKGROUND ......................................................................................... 1

    A.    The JDLA (signed Nov. 12, 2015) ...................................................................... 2

    B.    The C.D. Cal. Case, Filed by Netlist (filed May 2020, ongoing) ...................... 2

    C.    The D. Del. Case, Filed by Samsung (filed October 2021, ongoing) ............... 2

    D.    The *EDTX1* Case (Filed Dec. 20, 2021, judgment entered Aug. 11, 2023) ..................................................................................................................... 2

    E.    The Present Case (Filed Aug. 1, 2022) .............................................................. 3

        1.    Netlist's Infringement Claim and Its Allegation of Willfulness; Samsung's Defenses ................................................. 3

        2.    PTO Review of the Asserted Patents ............................................ 3

        3.    Existing Preclusions ....................................................................... 3

III.    LEGAL STANDARDS .................................................................................................. 3

IV.    ARGUMENT ................................................................................................................... 4

    A.    Trial References to the JDLA Would Unfairly Prejudice Samsung's Defense on Technical Liability Issues ................................................................ 4

    B.    The JDLA Is Plainly Relevant to Damages, Should Netlist Prove Infringement of Any Valid Claim ......................................................................... 7

    C.    The JDLA, and the Numerous Litigations Surrounding It, Are Also Critically Relevant to Netlist's Allegation That Samsung Acted with a Will To Infringe ..................................................................................................... 7

    D.    That the PTO Has Undertaken, and Is Undertaking, Extensive Review of All Asserted Patents Is Also Highly Relevant to Netlist's Willfulness Allegation .......................................................................................... 8

      E.      Bifurcation of Liability Issues from License Defense, Damages, and Willfulness Issues Is Necessary To Prevent Unfair Prejudice While Preserving the Jury's Ability To Consider Necessary Evidence ................................. 9

      F.      If the Court Bifurcates Trial, It Should Permit Evidence and Argument Regarding the Litigation History and the PTO's Validity Reviews in the Willfulness Phase ............................................................................ 11

V.      CONCLUSION .......................................................................................................... 12

\* In this brief, all emphasis is added unless noted otherwise.

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arigna Tech. Ltd. v. Nissan Motor Co.*,
  No. 2:22-CV-126-JRG-RSP, 2022 WL 17978913 (E.D. Tex. Oct. 5, 2022) ................................. 4

*Bayer Healthcare LLC v. Baxalta Inc.*,
  989 F.3d 964 (Fed. Cir. 2021) ..................................................................................................... 4

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
  946 F.3d 1367 (Fed. Cir. 2020) ........................................................................................ 4, 7, 8

*Ericsson Inc. v. D-Link Corp.*,
  No. 6:10-CV-473 (E.D. Tex. May 24, 2013), Dkt. 454 ............................................................. 10

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970) ............................................................................................ 7

*GREE Inc. v. Supercell Oy*,
  No. 2:19-CV-200-JRG-RSP, 2021 WL 1669800 (E.D. Tex. Apr. 28, 2021) .............................. 8

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
  897 F.2d 508 (Fed. Cir. 1990) ..................................................................................................... 7

*Hillman Grp. v. Keyme*,
  No. 2:19-CV-209-JRG, 2021 WL 1248180 (E.D. Tex. Mar. 30, 2021) ....................................... 8

*Intel Corp. v. Commonwealth Sci. & Indus. Research Org.*,
  No. 6:06-CV-551, 2008 WL 5378037 (E.D. Tex. Dec. 23, 2008) .............................................. 4

*Laitram Corp. v. Hewlett-Packard Co.*,
  791 F. Supp. 113 (E.D. La. 1992) ..................................................................................... 3, 6, 9

*Mike's Train House Inc. v. Broadway Ltd. Imps., LLC*,
  No. JKB-9-2657, 2011 WL 1045630 (D. Md. Mar. 17, 2011) ................................................. 11

*Papst Licensing GmbH & Co., KG v. Samsung Elecs. Co.*,
  No. 6:18-CV-388, 2018 WL 10127016 (E.D. Tex. Oct. 25, 2018) ........................................ 9, 10

*SimpleAir, Inc. v. Google, Inc.*,
  No. 2:14-CV-11-JRG (E.D. Tex. Sept. 25, 2015), Dkt. 297 ..................................................... 10

*Smartflash LLC v. Apple Inc.*,
  No. 6:13-CV-447-JRG (E.D. Tex. Sept. 2, 2015), Dkt. 608 ..................................................... 10

*Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co*,
   226 F. Supp. 3d 520 (W.D.N.C. 2016) ................................................................................... 10

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
   14 F.4th 1323 (Fed. Cir. 2021) ............................................................................................... 4

*Swofford v. B & W, Inc.*,
   336 F.2d 406 (5th Cir. 1964) ................................................................................................ 10

*Ultratec, Inc. v. Sorenson Commc'ns, Inc.*,
   45 F. Supp. 3d 881 (W.D. Wis. 2014) .................................................................................... 8

*Univ. of Pittsburgh of the Commonwealth Sys. of Higher Educ. v. Varian Med. Sys., Inc.*,
   No. 8-CV-1307, 2012 WL 639695 (W.D. Pa. Feb. 28, 2012) ............................................... 10

*VirnetX Inc. v. Apple Inc.*,
   No. 6:12-CV-855, 2016 WL 4063802 (E.D. Tex. July 29, 2016) ......................................... 10

*WesternGeco L.L.C. v. ION Geophysical Corp.*,
   837 F.3d 1358 (Fed. Cir. 2016), *reinstated*, 913 F.3d 1067 (Fed. Cir. 2019) .......................... 4

**Other Authorities**

Fed. R. Civ. P. 42(b) ................................................................................................................ 3, 6, 9

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | JDLA (NETLIST_SAMSUNG_EDTX00034064) |
| 2 | '912 Patent Reexamination Certificate (CC-00032048) |
| 3 | Trial Tr. (April 14-21, 2023) from *EDTX1* (excerpts) |
| 4 | Netlist's Revised Fourth Amended and Supp. Resps. to Samsung's Second Set of Interrogs. Nos. 3-22 (served Nov. 19, 2023) (excerpts) |
| 5 | Rebuttal Report of Lauren R. Kindler (served Dec. 21, 2023) (excerpts) |
| 6 | Opening Report of David Kennedy (served Nov. 20, 2023) (excerpts) |
| 7 | *Ericsson Inc. v. D-Link Corp.*, No. 6:10-CV-473 (E.D. Tex. May 24, 2013), Dkt. 454 |
| 8 | *SimpleAir, Inc. v. Google, Inc.*, No. 2:14-CV-11-JRG (E.D. Tex. Sept. 25, 2015), Dkt. 297 |
| 9 | *Smartflash LLC v. Apple Inc.*, No. 6:13-CV-447-JRG (E.D. Tex. Sept. 2, 2015), Dkt. 608 |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '912 patent | Asserted U.S. Patent No. 7,619,912 (*see* Dkt. 100) |
| C.D. Cal. | U.S. District Court for the Central District of California |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) |
| Court MIL | One of the Court's Standard *Limine* Orders, from its Standing Order on Motions *In Limine* In Cases Involving Allegations of Patent Infringement (E.D. Tex. Aug. 11, 2023), https://www.txed.uscourts.gov/sites/default/files/judgeFiles/8.11.23%20Patent%20Standing%20Limine%20Order.pdf |
| *CTA9 Order* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209, 2023 WL 6820683 (9th Cir. Oct. 17, 2023) |
| D. Del. | U.S. District Court for the District of Delaware |
| D. Del. Case | *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-CV-1453 (D. Del.) |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| IPR | *Inter Partes* Review |
| JDLA | Joint Development and License Agreement (*see* Ex. 1) |
| JDP | Joint Development Project (*see* JDLA § 1) |
| PTAB | Patent Trial & Appeal Board |
| PTO | U.S. Patent & Trademark Office |

## I. INTRODUCTION

As the Court knows, Samsung contends that the accused products are licensed to practice all patents asserted in this case based on the parties 2015 JDLA. Yet should the Court empanel a jury to address technical liability issues in this case (*e.g.*, noninfringement & invalidity), it would be highly prejudicial for that jury to review or even learn about the JDLA. The reason is obvious. Jurors might erroneously suppose that the JDLA's existence indicates a concession that Samsung's technology infringes valid Netlist patents. Indeed, it would be equally prejudicial for the jury to hear that the issue of whether the JDLA was still in force was not settled (a hotly contested issue being litigated in C.D. Cal.).[1]

At the same time, the JDLA is plainly relevant to non-liability issues, such as damages (as a comparable license) and Netlist's willfulness allegation (as proof that Samsung lacked bad intent and continues to have a good faith belief that it is not liable). Moreover, the history of litigation concerning these parties, and of PTO review of the patents in suit and related patents, are also probative as to willfulness (though currently precluded by the Court's standing MILs) and damages. So as to protect Samsung from the undue and unfair prejudice associated with a liability jury considering the JDLA, while at the same time preserve Samsung's right to present the JDLA in other contexts, Samsung respectfully seeks bifurcation of this case into two phases before a single jury—liability, then Samsung's license defense (if it is not resolved on summary judgment),[2] damages, and willfulness (if that issue is not resolved on summary judgment).[3]

## II. FACTUAL BACKGROUND

Because other filings describe the JDLA, the other cases, and the parties' general history in

---

[1] Samsung has moved to vacate the jury verdict in *EDTX1* based on the Court's (now erroneous) instruction that the JDLA was terminated in July of 2020.
[2] Samsung has filed a Motion for Partial Summary Judgment That All Accused Products Are Covered by Netlist's License to Samsung in the Parties' JDLA. Dkt. No. 337.
[3] Samsung has filed a Motion for Summary Judgment of No Willfulness. Dkt. No. 341.

1

detail,[4] this motion offers only a brief recitation.

### A.  The JDLA (signed Nov. 12, 2015)

On November 12, 2015, Samsung and Netlist entered into a Joint Development and License Agreement (JDLA).  Ex. 1.  The JDLA licenses Samsung to practice all patents within the term ▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *Id.* §§ 1, 8.2.  All asserted patents satisfy that definition.[5]  The JDLA also obliged Samsung to pay ▮▮▮▮ to Netlist.  *Id.* § 3.1.

### B.  The C.D. Cal. Case, Filed by Netlist (filed May 2020, ongoing)

Netlist filed the C.D. Cal. Case on May 28, 2020, alleging that Samsung had materially breached the JDLA and seeking declaratory judgment that Netlist had lawfully terminated the JDLA.  C.D. Cal. Case Dkt. 1.  On October 17, 2023, the Ninth Circuit reversed and remanded the C.D. Cal. court's entry of summary judgment for Netlist and remanded for further proceedings.  *CTA9 Order.*  Those proceedings are presently ongoing.

### C.  The D. Del. Case, Filed by Samsung (filed October 2021, ongoing)

Following the C.D. Cal. court's (now-reversed) summary judgment order, Samsung filed a declaratory judgment action in D. Del.  In that case, Samsung asserts that the JDLA licenses Samsung's memory products to Netlist's patents.  *See* Ex. 1 at 3.

### D.  The *EDTX1* Case (Filed Dec. 20, 2021, judgment entered Aug. 11, 2023)

Netlist also filed a separate infringement suit against Samsung before this Court in *EDTX1*.  In view of the Ninth Circuit's reversal of the C.D. Cal. court's entry of summary judgment, Samsung has moved to vacate the judgment in that case.  *EDTX1* Dkt. 576.

---

[4] *See, e.g.,* Samsung Mot. Part. Summ. J. That All Accused Products Are Covered by Netlist's Lic. to Samsung in the Parties' JDLA (filed Jan. 16, 2024), Dkt. No. 337.

[5] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2

### E. The Present Case (Filed Aug. 1, 2022)

#### 1. Netlist's Infringement Claim and Its Allegation of Willfulness; Samsung's Defenses

Netlist alleges infringement of three patents. Dkt. 285 at 2, n.1 (describing Netlist's current claims). It further alleges that any infringement was willful. Dkt. 100 at 65. Samsung's defenses include an express license defense via the JDLA as well as denial that Samsung technology practices any valid Netlist claim. Dkt. 145 at 21-28. Samsung also denies that any of its accused acts were undertaken with an intent to infringe. *Id.* at 28.

#### 2. PTO Review of the Asserted Patents

In the months since filing, the PTAB has instituted IPRs for all asserted patents, for every asserted claim. *See generally* Dkt. 285 at 1-3 (describing IPRs). Additionally, prior to the filing, the asserted '912 patent was the subject of eleven-year *inter partes* reexamination by the PTO, during which asserted claim 16 was rewritten. *See* Ex. 2 at CC-00032048-49.

#### 3. Existing Preclusions

Per the Court's Standing Order on MILs, the parties are precluded from introducing evidence, testimony, or argument at trial concerning any of the IPRs, or the '912 patent's eleven year-long *inter partes* reexamination. *See* Court MIL No. 6. They are also precluded from introducing evidence, testimony, or argument concerning the C.D. Cal. Case, the D. Del. Case, or *EDTX1*. *See* Court MIL No. 13 (precluding reference to "either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings.")

### III. LEGAL STANDARDS

A district court may bifurcate "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Unfair prejudice, to any party, "is the Court's **most important** consideration in deciding whether to order separate trials under Rule 42(b)," and courts must "balance the equities" in rendering their decisions. *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 115

(E.D. La. 1992).

In patent cases, when damages issues are particularly complex and likely to be prejudicial or confusing as to liability, bifurcation is common. *E.g.*, *Intel Corp. v. Commonwealth Sci. & Indus. Research Org.*, No. 6:06-CV-551, 2008 WL 5378037, at *5 (E.D. Tex. Dec. 23, 2008). Willfulness and liability are similarly distinct. Willfulness disputes require resolution only where liability has been proved, and require proof of "specific intent to infringe at the time of the challenged conduct," and that said conduct was "deliberate or intentional." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987-88 (Fed. Cir. 2021); *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020); *see also Arigna Tech. Ltd. v. Nissan Motor Co.*, No. 2:22-CV-126-JRG-RSP, 2022 WL 17978913, at *1 (E.D. Tex. Oct. 5, 2022) (citing *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021)). Thus a willfulness charge requires findings as to an accused infringer's state of mind, while intent is irrelevant to direct infringement liability. *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016), *reinstated*, 913 F.3d 1067 (Fed. Cir. 2019).

**IV.     ARGUMENT**

Samsung maintains that its license in the JDLA secures an ironclad defense against infringement such that no jury need ever hear the technical issues. But were the Court to empanel a jury for technical fact-finding on liability (*e.g.*, noninfringement, invalidity), an intractable dilemma would arise. Basic fairness requires insulating a jury tasked with technical fact-finding from the prejudicial confusion that would result from considering the JDLA. At the same time, the JDLA is the basis for Samsung's license defense and is deeply probative as to damages and Netlist's willfulness claim. Bifurcation is the correct approach to resolving such a dilemma.

### A.     Trial References to the JDLA Would Unfairly Prejudice Samsung's Defense on Technical Liability Issues

Samsung stands ready to fend off Netlist's allegations that the accused products embody the asserted claims. It is also ready to prove that the asserted claims are invalid. But that readiness would

4

be unfairly compromised were the jury to hear references to the JDLA while those technical issues are before it.

For a lay jury, a license's mere existence invites an assumption that the licensee must have been practicing at least one valid patent held by the licensor. That assumption is questionable in all cases; in this case, it is grossly inaccurate. First, Samsung denies, in the strongest terms, that it has ever practiced any valid Netlist claim.[6] Second, the JDLA is a cross-license, not a one-way license, and a party's reasons for entering such an arrangement can be evaluated only through multi-layered inquiry that is unnecessary for noninfringement or invalidity. Third, the JDLA is a complex instrument with provisions for a planned research relationship (*i.e.*, the JDP); indeed, the Court has already recognized the JDLA's two stated purposes. Dkt. 278 at 2. But for a jury tasked with evaluating the technical merits of noninfringement and invalidity, deep inquiry into the JDLA is (1) unnecessary to the technical issues, and (2) unfair to Samsung, which is entitled to a clean consideration of its technical arguments regarding noninfringement and invalidity without such distraction.

The record from *EDTX1* illustrates the confusion and unfairness that can result when a jury tasked with technical fact-finding is confronted with a past license. In that case, Netlist's counsel argued that the previous existence of the JDLA, and Netlist's purported termination thereof, were evidence of infringement: "[Samsung] did this [came to Netlist] . . . because they wanted to access our patents . . . . **And as the Court said, Samsung no longer has a license, no longer has a right to use the patents in this case**, and it's in this forum, a federal court, that the consequences of its actions will be determined." Ex. 3 at 1327:11-1328:7; *see also id.* at 1370:20-25 (arguing Mr. Ji "flew 6,000 miles to tell us that they needed access to our patents"). Such inflammatory rhetoric was deeply

---

[6] Samsung also maintains, of course, that it is licensed via the JDLA, but this discussion assumes *arguendo* that proceedings in this case go beyond that point to the technical issues.

5

unfair to Samsung because it suggested, with no evidentiary support whatsoever, that Samsung's entry to the JDLA was equivalent to an infringement admission. In the present case, the unfairness attending such references would be even greater because the Ninth Circuit has set aside the C.D. Cal. court's material breach and termination determinations and the C.D. Cal. court has not yet completed its remand revisitation of those issues.

Samsung also submits that, if there is bifurcation, the JDLA should be off limits during discussion of technical liability. Otherwise, any discussion of the JDLA will prejudice Samsung by causing the jury to mistakenly believe Samsung uses Netlist's patents. *See Laitram*, 791 F. Supp. at 115 ("Prejudice is the Court's most important consideration in deciding whether to order separate trials under Rule 42(b).") The JDLA is irrelevant to whether the accused products practice the asserted claims. *See* Dkt. No. 278 at 5 ("The California Action is a breach of contract case. This is a suit for patent infringement.") Samsung respectfully requests that the Court bifurcate the case so that at the technical liability trial, if there is one, the jury considering issues of noninfringement and invalidity will not be presented with discussion, evidence, or argument relating to the JDLA.

Samsung's bifurcation request includes presentation of the limited set of license-related issues before this Court. Samsung is seeking partial summary judgment here that all accused products are covered Samsung's license under the JDLA because the record overwhelmingly supports a determination that the JDLA licenses Samsung to make and sell all accused products.[7] That aspect of Samsung's license defense is the only subject matter on which this Court or a Texas jury (if such aspect is not resolved on summary judgment) should decide. The C.D. Cal. Court will resolve the parties' dispute over whether the JDLA remains in force today or not. *See* Dkt. 278 at 4-5 (explaining "this

---

[7] Given this Court's prior, correct interpretation that Samsung's license covers all semiconductor products except "Foundry Products," the only possible factual issue is whether the accused products here are "Foundry Products." *See, e.g.*, *EDTX1* Dkt. 432 at 2; Ex. 3 at 1266:17-25 (entering JMOL that the accused HBM products are not "Foundry Products").

6

Court will not make comment further while that issue [whether "the JDLA is currently 'in full force and effect'"] is squarely before another court.") Neither this Court nor any Texas jury should be called upon to evaluate the issues of the interpretation of JDLA § 6.2, breach, materiality, or termination of the JDLA. Accordingly, the Court should bifurcate Samsung's license defense from trial on technical issues like infringement and invalidity.

### B. The JDLA Is Plainly Relevant to Damages, Should Netlist Prove Infringement of Any Valid Claim

Netlist seeks royalty damages and has proposed the familiar framework of *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), to compute them. Ex. 4 at 31. As the Court knows, the very first *Georgia-Pacific* factor evaluates the "royalties received by the patentee [i.e., Netlist] for the licensing of the patent in suit." 318 F. Supp. at 1120. The JDLA's probativeness as to that factor is self-evident. Notably, Samsung's damages expert relies on the JDLA as a highly comparable and relevant license, Ex. 5 ¶¶26-35, 85-91, and Netlist's damages expert discusses the JDLA at great length in his report, Ex. 6 ¶¶253-380. The JDLA was also discussed at length throughout the *EDTX1* trial. *See, e.g.*, Ex. 3 at 675:20-678:11; 709:8-723:25. Here, Samsung submits that the JDLA cannot be excluded from the damages inquiry without unfairly prejudicing Samsung.

### C. The JDLA, and the Numerous Litigations Surrounding It, Are Also Critically Relevant to Netlist's Allegation That Samsung Acted with a Will To Infringe

Evidence indicating "whether or not [an accused infringer] reasonably believed" it had a viable liability defense is crucially relevant to determining whether the patentee has proved willfulness. *Eko Brands*, 946 F.2d at 1377-79; *see also Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510-11 (Fed. Cir. 1990). Here, the JDLA is just such evidence. The JDLA, and the evidence surrounding it, demonstrate that Samsung's accused acts were not "deliberate and intentional" infringement, as would

7

be required to prove willfulness. *Eko Brands*, 946 F.2d at 1378. To the contrary, the JDLA, and Samsung's reliance thereon, demonstrate Samsung's good-faith belief that it was licensed under the asserted patents to make all accused products, in which case it lacked any culpable intent.

Further, the extensive litigation history surrounding the JDLA—including the C.D. Cal. Case, the D. Del. Case, and *EDTX1*, as well as the *CTA9 Order* rejecting some of Netlist's central JDLA-related arguments—further indicate the reasonableness of Samsung's license defense and the good-faith nature of Samsung's reliance on it. As things currently stand Samsung is precluded from bringing this history to the jury's attention by Court MIL No. 13.

As to willfulness, Samsung respectfully submits that the JDLA, and the history of litigation surrounding it, are highly probative as to Samsung's mental state, and tend to confirm that Samsung did not engage in deliberate or intentional infringement.[8]

### D. That the PTO Has Undertaken, and Is Undertaking, Extensive Review of All Asserted Patents Is Also Highly Relevant to Netlist's Willfulness Allegation

Additional to its license defense, Samsung maintains that the asserted patents are not valid. The reasonableness of that view, and its foundations in good-faith, are indicated by Samsung's diligent work to have the PTO review those patents, and the PTO's consistent identification of major validity issues therein. *See generally* Dkt. 285 at 1-3 (describing IPRs); Ex. 2 at CC-00032048-49 (citing lengthy reexamination of the '912 patent). In addition to the self-evident relevance of this evidence, district courts have confirmed the relevance of PTO validity proceedings to evaluating a patentee's willfulness charge. *E.g.*, *Hillman Grp. v. Keyme*, No. 2:19-CV-209-JRG, 2021 WL 1248180, at *3-4 (E.D. Tex. Mar. 30, 2021); *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, 45 F. Supp. 3d 881, 920-21 (W.D. Wis. 2014); *see also GREE Inc. v. Supercell Oy*, No. 2:19-CV-200-JRG-RSP, 2021 WL 1669800, at *3 (E.D. Tex. Apr. 28, 2021) (quoting from the *Hillman* case pre-trial transcript, "Chief Judge Gilstrap stated: I agree that the

---

[8] As explained in Samsung's Motion for Summary Judgment of No Willfulness, Dkt. No. 341, the record on this point warrants summary judgment in Samsung's favor.

effect of what happened with the IPR and the partial invalidating of the '446 patent relates to and is relevant to the Defendant's defense to willfulness.")  As such, the PTO record concerning both reexamination and IPR is highly probative as to willfulness.

> E. **Bifurcation of Liability Issues from License Defense, Damages, and Willfulness Issues Is Necessary To Prevent Unfair Prejudice While Preserving the Jury's Ability To Consider Necessary Evidence**

Bifurcation is common in patent cases, for reasons generally similar to those presented here, where bifurcation is the fairest, most efficient solution to avoiding unfairness in the presentation of trial evidence.  Whether to bifurcate, and the best manner of doing so, are decisions committed to a district court's discretion.  *See Laitram*, 791 F. Supp. at 114-15.  Rule 42 authorizes district courts to bifurcate proceedings into separate trials or, if circumstances warrant, to organize a single trial into distinct phases.  *Id.* at 117.  Samsung proposes that the latter approach—a single trial, organized into phases—is the best approach.

*Laitram* is directly on point.  There, the district court empaneled a single jury but organized proceedings into three phases: liability, then damages, then willfulness.  791 F. Supp. at 117-18.  To do otherwise, the court noted, "could well perplex the jury."  *Id.* at 116.  By avoiding separate trials, the *Laitram* court limited the costs and inefficiencies associated with empaneling multiple juries.  Samsung asks that the Court take a similar approach here, dividing any trial into two phases—liability, then Samsung's license defense, damages, and willfulness—before a single jury.

Courts in this District have bifurcated where circumstances require.  *Papst Licensing GmbH & Co., KG v. Samsung Electronics Co.*, No. 6:18-CV-388, 2018 WL 10127016, at *1 (E.D. Tex. Oct. 25, 2018), is one such example.  *Papst* involved a lengthy litigation history, including a (later reversed) noninfringement determination.  The *Papst* court found bifurcation of willfulness (from liability and damages) necessary to preserve the defendant's ability to "prov[e] its **good-faith belief** of noninfringement and state-of-mind" on the willfulness issues.  Failure to bifurcate, the *Papst* court

9

stated, would create a "high risk of prejudice" and "confusion to the jury if evidence of the" prior proceedings were "presented during the liability and damages phase." *Id. Papst*'s guidance is on-point. It would be unduly prejudicial and unfair against Samsung for the liability jury to hear JDLA-related argument, and the Court's standing MIL No. 6 precludes the litigation/administrative review evidence. But if the case is bifurcated (separating technical liability from Samsung's license defense, damages, and willfulness), Samsung's right to present such evidence to the jury at the appropriate time could be restored, as discussed *infra*.

*VirnetX Inc. v. Apple Inc.*, No. 6:12-CV-855, 2016 WL 4063802, at *4-8 (E.D. Tex. July 29, 2016), also underlines the issues in play. In that case, a retrial was ordered so that willfulness could be bifurcated out, and the court explained that the defendant had faced unfair prejudice by having to argue willfulness alongside damages. *Id.* at *3-4. The present motion seeks to avoid the need for retrial by entering the appropriate bifurcation now.

Similar considerations have led to other bifurcation orders. *See, e.g.*, Ex. 7, *Ericsson Inc. v. D-Link Corp.*, No. 6:10-CV-473 (E.D. Tex. May 24, 2013), Dkt. 454 at 4 ("The Court will conduct a bifurcated trial. The first portion of the trial will cover infringement, validity, and damages. If necessary, the second portion of the trial will cover willful infringement."); *see also* Ex. 8, *SimpleAir, Inc. v. Google, Inc.*, No. 2:14-CV-11-JRG (E.D. Tex. Sept. 25, 2015), Dkt. 297 at 1 (granting joint motion to bifurcate liability from willfulness and damages); Ex. 9, *Smartflash LLC v. Apple Inc.*, No. 6:13-CV-447-JRG (E.D. Tex. Sept. 2, 2015), Dkt. 608 at 14 (bifurcating damages from liability); *Swofford v. B & W, Inc.*, 336 F.2d 406 (5th Cir. 1964) (affirming district court's decision to bifurcate liability from damages); *Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co*, 226 F. Supp. 3d 520, 525 (W.D.N.C. 2016) (two-phase trial on liability and damages/willfulness before the same jury); *Univ. of Pittsburgh of the Commonwealth Sys. of Higher Educ. v. Varian Med. Sys., Inc.*, No. 8-CV-1307, 2012 WL 639695, at *1 (W.D. Pa. Feb. 28, 2012) (three-phase trial on willfulness, damages, and invalidity before

10

the same jury); *Mike's Train House Inc. v. Broadway Ltd. Imps., LLC*, No. JKB-9-2657, 2011 WL 1045630, at *3 (D. Md. Mar. 17, 2011) (bifurcating willfulness, induced infringement, and damages from direct infringement).

Those cases confirm the correct course. To preserve the fairness of trial in this matter, Samsung respectfully submits that the Court should separate the trial into phases before a single jury, separating liability issues from Samsung's license defense, damages, and willfulness issues. Samsung also requests that the Court confirm that the JDLA may not be discussed or entered into evidence during the technical liability (noninfringement & invalidity) phase, but may be presented to the jury as needed during the later phase addressing Samsung's license defense, damages, and willfulness.

### F. If the Court Bifurcates Trial, It Should Permit Evidence and Argument Regarding the Litigation History and the PTO's Validity Reviews in the Willfulness Phase

Finally, should the trial be bifurcated as requested, Samsung respectfully asks that the Court lift the preclusions of Court MIL Nos. 6 and 13 as to the license defense/damages/willfulness phase. Samsung appreciates how such preclusions may benefit liability trials. In a phase addressing only license defense/damages/willfulness, however, the calculus is very different.

A jury that can no longer return to technical fact-finding, and is addressing license defense, damages, and willfulness, cannot have its technical determinations contaminated by discussion of related litigations or PTO proceedings. With the technical liability issues settled, the parties and the Court may place those other proceedings into their proper context, and may use them as evidence of the accused infringer's state of mind at the time of the accused acts. In that context, the objectives to which Court MIL Nos. 6 and 13 are directed are simply not present, and maintaining those preclusions would promote neither fairness nor efficiency. At the same time, maintaining those preclusions in the willfulness phase would deeply and unfairly prejudice Samsung. The other litigations, and the PTO's proceedings, are highly probative evidence of the reasonableness of Samsung's belief in the strength

11

of its license and invalidity defenses. Without the ability to present such evidence to the jury, Samsung's willfulness defense would be unfairly hamstrung. To maintain the fairness of these proceedings, Samsung thus requests that the Court lift Court MIL Nos. 6 and 13 as to the license defense/damages/willfulness phase of a bifurcated trial.

## V. CONCLUSION

For the aforementioned reasons, Samsung respectfully requests that the Court enter an order bifurcating any trial into a two-phase proceeding—liability, then Samsung's license defense (if not resolved on summary judgment), damages and willfulness (if not resolved on summary judgment)—before a single jury. Samsung also requests that the Court lift the preclusions in Court MIL Nos. 6 and 13 as to any license defense/damages/willfulness phase.

Dated: January 22, 2024

Respectfully submitted,

By: /s/ Lauren A. Degnan

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.

| | |
|---|---|
| Washington, DC 20001-4956<br>Telephone: (202)-662-6000 | 12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070 |
| Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:   (415) 955-6571 | Facsimile:  (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

13

████████████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 22, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

　　　　　　　　　　　　　　　　　　　　　　 */s/ Lauren A. Degnan*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on January 17, 2024. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that they oppose this motion.

　　　　　　　　　　　　　　　　　　　　　　 */s/ Lauren A. Degnan*

████████████████████████████████████
████████████████████████████████████
████████████████

████████████