# Exhibit 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **ERICSSON INC., et al.,** § | |
| § | |
| Plaintiffs, § | |
| § | |
| vs. § | **CASE NO. 6:10-CV-473** |
| § | |
| **D-LINK CORPORATION, et al.,** § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court are the following Motions: (1) Ericsson's Motion to Strike David Cabello (Docket No. 361); (2) Defendants' Motion to Compel Ericsson to Produce Certain Clawed Back Documents (Docket No. 402); (3) Ericsson's Motion for Partial Summary Judgment and/or to Exclude Dell's License Defense (Docket No. 431); (4) Ericsson's Motions in Limine (Docket No. 425); (5) Defendants' Motions in Limine (Docket No. 427); and (6) the Joint Motions in Limine (Docket No. 426). The Court heard oral argument on May 23, 2013. At the hearing, the Court resolved the Motions as follows:

- Ericsson's Motion to Strike David Cabello (Docket No. 361) is resolved as follows:
  - The Motion is **DENIED** with respect to testimony regarding the reasonableness of Defendants' expert reports. However, the Court **GRANTS** a motion in limine on the issue. The motion in limine covers events occurring after the lawsuit was filed.

1

- o  The Motion is **DENIED** with respect to Ericsson's contributions to the 802.11 standard.

- o  The parties agreed that all remaining issues regarding Cabello's testimony would be governed by the Court's resolution of the motions in limine.

- Defendants' Motion to Compel Ericsson to Produce Certain Clawed Back Documents (Docket No. 402) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

  - o  Ericsson is **ORDERED** to produce Document One.
  - o  Documents Two and Three are privileged and need not be produced.

- Ericsson's Motion for Partial Summary Judgment and/or to Exclude Dell's License Defense (Docket No. 431) is **GRANTED** with opinion to follow.

- Ericsson's Motions in Limine (Docket No. 425) are resolved as follows:

  1. **GRANTED**.

  2. **GRANTED** by agreement.

     a. Neither side may criticize Ericsson for the limited scope of Intel's intervention or the fact that Ericsson did not sue other customers of Intel.

     b. The fact that Intel intervened may be discussed, as can the fact that Intel intervened to protect their customers.

  3. **GRANTED**.

     a. The parties are **ORDERED** to meet and confer to attempt to reach an agreement on this motion.

  4. **GRANTED** by agreement.

  5. **DENIED**.

2

    a. Defendants may present evidence of their own patents and contributions to the 802.11 standard.

    b. Defendants shall not present evidence or argue that their own patents prove non-infringement of Ericsson's patents.

6. **DENIED** by agreement.

    a. Defendants may discuss the references as strictly background art.

    b. Defendants cannot rely on the references to prove invalidity or compare the references to the asserted claims.

7. **GRANTED** by agreement.

8. **GRANTED** by agreement.

9. **GRANTED** by agreement.

10. **GRANTED** by agreement.

- Defendants' Motions in Limine (Docket No. 427) are resolved as follows:

1. **DENIED**.

    a. The parties agree not to present evidence of the overall revenues of the end products.

2. **DENIED**.

    a. The licenses may be addressed on cross-examination. If Ericsson addresses the licenses on cross-examination, Defendants may present evidence regarding the differences between the licenses and the hypothetical negotiation.

3. **GRANTED** by agreement.

4. **DENIED**.

3

5. **DENIED AS MOOT**.

    a. This motion is addressed by Ericsson's motion in limine number three.

6. **WITHDRAWN**.

    a. Defendants agreed to withdraw this motion in limine.

    b. Defendants may submit a short rebuttal report by Monday, May 27, 2013 at 5 PM.

7. **GRANTED** by agreement.

- The Joint Motions in Limine (Docket No. 426) are **GRANTED**.

Ericsson is further **ORDERED** to reduce its number of asserted claims by Tuesday, May 28, at noon. The Court will conduct a bifurcated trial. The first portion of the trial will cover infringement, validity, and damages. If necessary, the second portion of the trial will cover willful infringement. The parties are **ORDERED** to file revised trial time estimates reflecting Ericsson's reduced claims and the bifurcated trial by Wednesday, May 29, at noon. The revised trial time estimates shall distinguish between the amount of time requested for the infringement/validity/damages portion of the trial and the willfulness portion of the trial.

So ORDERED and SIGNED this 24th day of May, 2013.



_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

4