UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Civil No. 2:22-cv-00293-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY TEXAS, LLC, et al., <br><br> Defendants. | Civil No. 2:22-cv-00294-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CORRECT MATERIAL ERROR IN HEARING TRANSCRIPT (DKT. 380)**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................... 1

III. CONCLUSION ................................................................................................................. 2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*United States v. Kellogg*,
 12 F.3d 497 (5th Cir. 1994) ..................................................................................................... 2

*United States v. Smith*,
 433 F.2d 149 (5th Cir. 1970) .................................................................................................... 1

**Statutes**

28 U.S.C. § 753 ................................................................................................................................ 1

**Other Authorities**

Fed. R. App. P. 10(e) ................................................................................................................ 1, 2

Fed. R. Civ. P. 60(a) ...................................................................................................................... 2

I.  **INTRODUCTION**

The Court should deny Netlist's proposal to rewrite the transcript from the January 5, 2024 hearing before Special Master Folsom.  Transcripts record what was **said** in official proceedings—not what someone meant to say.  Because Netlist has not shown, or even alleged, a transcription error, its motion lacks good cause and the Court should deny it.

II. **ARGUMENT**

The transcript records Netlist's counsel as stating that Samsung presented "an accurate interpretation" of the JDLA's supply provision.  *See* Dkt. 380 at 1 (quoting and modifying Dkt. 380-2 at 60:14-24).  Samsung has no reason to doubt the court reporter's transcript, nor has Netlist presented one, although Netlist has explained that that is not what its counsel meant to say.

The Order of the Special Master explains that clear and convincing evidence is required to modify a transcript that is certified by the reporter:

> "The transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had."  28 U.S.C. § 753.  The presumption of correctness may only be overcome by a showing of clear and convincing evidence.  *See United States v. Smith*, 433 F.2d 149, 151 (5th Cir. 1970) ("The appellant has shown no prejudice from the court reporter's error, and in the face of clear and convincing evidence we think it obvious that the presumption of correctness which clothes the court reporter's transcript was overcome.  In short, we approve the corrections made in the record by the trial judge.").  Fed. R. App. P. 10(e) also permits correction of the record "[i]f anything material to either party is omitted from or misstated in the record by error or accident."

Dkt. 371.  Here, Netlist has not shown by clear and convincing evidence that there was an error in the transcript.  In fact, Netlist's counsel acknowledged that Netlist does not know if its counsel "misspoke or [if] it was a mis-transcription."  Dkt. 380-4.  Because Netlist has not shown that the reporter did not take a "correct statement of the . . . proceedings," 28 U.S.C. § 753, by clear and convincing evidence, *Smith*, 433 F.2d at 151, the Court should deny its motion.

1

Netlist's reliance on Appellate Rule 10(e) as a justification for modifying the transcript is misplaced under the circumstances. That rule has no application in a district court case that is not on appeal and, in any event, merely reminds parties to an appeal that the district court must resolve disputes over the record's accuracy.

Netlist fails to address Rule 60(a), which confirms that Netlist is not entitled to its requested relief. That Rule, which governs district court actions, confirms courts' authority to "correct a clerical mistake or a mistake arising from oversight or omission" "whenever one is found in . . . part of the record." Fed. R. Civ. P. 60(a). In the Fifth Circuit, Rule 60(a) does not permit a "substantive" edit, but may correct "a clerical error, [or] a copying or computational mistake." *United States v. Kellogg*, 12 F.3d 497, 504 (5th Cir. 1994). Netlist is unambiguously seeking a substantive change to the record, converting an oral endorsement of Samsung's view into a disavowal. Notably, Netlist has not attempted to demonstrate that this was a transcription or other clerical error, having acknowledged that it does not know whether its counsel "misspoke or [if] it was a mis-transcription." Dkt. 380-4. As such, Rule 60(a) is unavailable to Netlist under the circumstances.

### III.    CONCLUSION

The Court should deny Netlist's motion. Netlist has not shown by clear and convincing evidence that the transcript, which is presumed to be accurate, should be amended.

Dated: February 5, 2024

Respectfully submitted,

By: /s/ *Daniel A. Tishman*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:     (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

3

4

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 5, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).


                                                        /s/ Daniel A. Tishman