# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ███████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-294-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; | ) | |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NETLIST, INC.'S OPPOSITION TO MICRON'S MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES (DKT. 367)

# TABLE OF CONTENTS

**Page**

I.    BACKGROUND AND ADDITIONAL FACTS ................................................................ 1

    A.    Netlist Notifies Micron in 2011 of Infringement of the '912 Patent ........................... 1

    B.    Netlist Meets with Micron in 2015 and Notifies It of the '912 Patent and the '417 Patent Family ................................................................................................. 2

    C.    Netlist's 2021 Notice Letter to Micron ................................................................... 6

    D.    Netlist's 2022 Letter to Micron ............................................................................... 7

    E.    Netlist's Disclosures of the '912 Patent and '417 Family to Micron at JEDEC ........ 7

II.    RESPONSE TO MICRON'S STATEMENT OF UNDISPUTED FACTS ......................... 8

III.    LEGAL STANDARD ..................................................................................................... 9

IV.    ARGUMENT ................................................................................................................ 10

    A.    Netlist Provided Actual Notice of the '912 Patent to Micron ................................ 10

        1.    Netlist's 2010 Presentation, 2011 JEDEC Disclosures, and 2015 Presentations All Provided Actual Notice to Micron ................................. 10

        2.    Micron's Arguments Do Not Warrant Summary Judgment ..................... 12

    B.    Netlist Provided Actual Notice of the '417 Patent to Micron ................................ 15

        1.    Netlist's April 2021 Letter Provided Actual Notice of the '417 Patent ................. 15

        2.    Netlist's 2015 Presentations and JEDEC Disclosures Provided Actual Notice of the '417 Patent ..................................................................... 19

    C.    Micron Did Not Meet its Burden Under *Arctic Cat* ............................................. 20

V.    CONCLUSION ............................................................................................................ 20

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amsted Industries v. Buckeye Steel Casting Co.*,
   24 F.3d 178 (Fed.Cir.1994) .................................................................................................. 10

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017) ........................................................................................ 9, 20

*Arigna Technology Ltd. v. Nissan Motor Co., Ltd.*,
   2022 WL 18046695 (E.D. Tex. Sep. 20, 2022) ..................................................................... 20

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
   2016 WL 11750176 (E.D. Tex. Nov. 29, 2016) ....................................................... 9, 17, 18

*Ceeco Mach. Mfg. v. Intercote, Inc.*,
   817 F. Supp. 979 (D. Mass. 1992) ......................................................................................... 18

*CIVIX-DDI, L.L.C. v. Cellco P'ship*,
   387 F. Supp. 2d 869 (N.D. Ill. 2005) .................................................................................... 19

*Gart v. Logitech, Inc.*,
   254 F.3d 1334 (Fed. Cir. 2001) ...................................................................................... 10, 14

*Image Processing Technologies, LLC v. Samsung Elecs. Co.*,
   2020 WL 6832827 (E.D. Tex. Jun. 19, 2020) ....................................................................... 14

*K-TEC, Inc. v. Vita-Mix Corp.*,
   696 F.3d 1364 (Fed. Cir. 2012) .............................................................................. 10, 17, 18

*Lear Corp. v. NHK Seating of Am. Inc.*,
   2022 WL 870834 (E.D. Mich. Mar. 23, 2022) ...................................................................... 15

*Livjo, Inc. v. Deckers Outdoor Corp.*,
   2011 WL 12516430 (C.D. Cal. Sep. 27, 2011) ..................................................................... 19

*Lubby Holdings LLC v. Chung*,
   11 F.4th 1355 (Fed. Cir. 2021) ............................................................................................... 18

*Mass. Inst. Of Tech. v. Abacus Software, Inc.*,
   2004 WL 5268125 (E.D. Tex. Sept. 29, 2004) ...................................................................... 10

*Pipp Mobile Storage Sys. v. Innovative Growers Equip., Inc.*,
   2022 WL 157491 (N.D. Ill. 2022) .......................................................................................... 19

**Page**

*SRI Int'l, Inc. v. Advanced Tech. Lab'ys., Inc.*,
    127 F.3d 1462 (Fed. Cir. 1997) ...................................................................... 10, 18

*Tempur World v. Therapedic Sleep Prods.*,
    2008 WL 11472214 (E.D. Ky. Jan. 10, 2008) ...................................................11

Micron concedes that Netlist can recover pre-suit damages at least as of April 28, 2021 for the '912 Patent and April 28, 2022 for the '417 Patent, and states it "is not moving" as to damages after those dates. Dkt. 367 at n. 1. Micron's motion that there are no damages available before those dates should be denied. Netlist repeatedly provided actual notice of the '912 Patent to Micron before April 28, 2021, and (as this Court recently found in *Micron I* for other patents based on the same letter) provided actual notice of the '417 Patent to Micron as of at least April 28, 2021.

## I.   BACKGROUND AND ADDITIONAL FACTS

### A.   Netlist Notifies Micron in 2011 of Infringement of the '912 Patent

In February 2011, ███████████████████████████. Ex. 1; Ex. 2 (announcing "Micron's acquisition of 100 percent of Elpida's equity"). ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ █████████ Ex. 1 at 24, 62-63 (████████████████████). The presentation ████████ ████████████████████████████████████████████████████ ██████████████████████████████████████. *Id.* at 12, 63 (excerpts below, highlights added):




Micron's DDR4 LRDIMM products are accused in this case. Ex. 3 (Mangione-Smith Open. Rpt.) Ex.

A at ¶ 43 (discussing ███████████████████████████). Netlist ███████████

███████████████████████████████████████████████. Ex. 1at 65.

**B.    Netlist Meets with Micron in 2015 and Notifies It of the '912 Patent and the '417 Patent Family**

On February 25, 2015, representatives of Netlist and Micron held a technical meeting to discuss Netlist's technology. The meeting occurred over the "Go To Meeting" video conference platform. Ex. 4 (Sasaki 12-20-2023 Decl.) at ¶¶ 2-5 (attaching Feb. 25, 2015 email containing videoconference link for "Micron Meeting"). At the meeting, Netlist ████████████████████

████████████████████████████████. Ex. 5 at 15. The presentation also

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

Micron's LRDIMM products are accused in this case, as discussed above. The slide from this presentation ██████████████████████ (red annotations added):



The February 2015 presentation further proposed that ████████████████████████

████████████████████████████████ Ex. 5 at 34 (image below):

█████████████████████

Netlist and Micron ████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████   Ex. 6 (email summary

of "Micron meeting – 4/21"). ████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████



Ex. 7 (NL-MIC-203_00042085) at 22 (red annotations added).

Netlist further █████████████

████████████████████████████

████████████████████████████

██████████████████████ *Id.*

at 23 (at right). As discussed above, DDR4

LRDIMM are the exact products Netlist

accuses in this case. Netlist also ████████

████████████████████████████████████████████

████████ *Id.* at 27. ███████████████████████████. *Id.* at 59-60.

Micron argues there is no evidence ████████████████████████████. This

is incorrect. There is contemporaneous documentary evidence corroborating ████████████, as well

as sworn testimony confirming ██████████. For example, there is █████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████. Ex. 33. Ms. Gail Sasaki, Netlist's

CFO, submitted a sworn declaration confirming that the February 2015 presentation "was given to

Micron on February 25, 2015." Ex. 4 (Sasaki Decl.) at ¶ 3. She attached to that declaration a

contemporaneous email dated February 25, 2015 with the subject "Micron Meeting – GoToMeeting,"

that contains the original link used for the videoconference. *Id.* at 4. She also confirmed that she

drafted and sent an email in February 2015 attaching the meeting slides that were used. *Id.* at ¶ 4; Ex.

8 (email with subject "Micron Final Presentations from Last Mtg (call) on 2/25 is attached"). Ms.

Sasaki confirmed all of these documents are Netlist business records. Ex. 4 at ¶¶ 3-5.

Likewise, as to the April 2015 meeting, Mr. Noel Whitley, Netlist's former in-house counsel,

submitted a sworn declaration confirming that "On April 21, 2015, three Micron employees (Dean

Klein, Bryan Martin, and Darren Young) visited Netlist's offices in Irvine, California to meet with Netlist. I attended that meeting on behalf of Netlist, as did Christopher Lopes and Rex Sherry. At that meeting, Netlist presented to Micron's employees a presentation titled "Micron/Netlist Partnership Opportunity." Ex. 9 (Whitley Decl.) at ¶ 2. Mr. Whitley further confirmed that "At the meeting with Micron on April 21, 2015, Netlist presented every slide in the April 2015 Presentation to Micron's employees," *id.* at ¶ 4, and confirmed that the version of the April 2015 presentation Netlist produced in this case is accurate and a Netlist business record. *Id.* at ¶ 3. There is also ████████████████

███████████████████████████████████████████████████████████████

████████████████████████. Ex. 6 (████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████). Mr. Whitley confirmed this email summary is accurate. Ex. 9 (Whitley Decl.) at ¶ 5.

There is also witness testimony confirming the presentations were made to Micron. Mr. Hong, Netlist's CEO and 30(b)(6) representative regarding notice, testified the meetings occurred and the presentations were given to Micron. Ex. 10 (2023-09-20 Hong Tr.) at 169:23-170:1████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████ 174:20-25 ████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████ 181:6-8 ████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████" *Id.* at 167:1-6, 170:18-25, 240:18-25.

Noel Whitley, a participant at the meetings, similarly testified that they occurred and the presentations were made. Ex. 11 (Whitley 02-03-17 Depo.) at 160:18-161:5 ███████████████

Mr. Milton, Netlist's corporate representative regarding publication of the invention and disclosures of the invention outside Netlist, likewise testified the presentations occurred. Ex. 12 (2023-09-01 Milton Tr.) at 38:23-39:9

Ex. 13 (2023-11-20 Tr.) at 206:18-207:3

. .

. Ex. 14 (MICNL203-00082052) ███████████████████████

**C.      Netlist's 2021 Notice Letter to Micron**

On April 28, 2021, Netlist sent a letter to Micron's CEO ████████████████████████

████████████████████████████████████████

██████████████████" Ex. 15 at 1. ███████████████████████

████████████████████ Ex. 3 (Mangione-Smith Opening Rpt.) Ex. A at ¶ 43 (██████

████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Exhibit A to the letter ████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████ Ex. 15 at 2. All of these patents are listed on the face of the '417 Patent as part of the same continuation chain, and the '417 Patent claims priority to them. Ex. 17 ('417 Patent) at Related Application Data. Micron admitted in its Interrogatory responses that it received Netlist's April 2021 letter. Ex. 16 at 38-40.

Netlist specifically proposed in the April 2021 letter that ██████████████████████ ████████. Ex. 15 at 3█

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

**D.    Netlist's 2022 Letter to Micron**

On April 1, 2022, Netlist sent Micron another letter proposing ███████████████ Ex. 18 at 1. ████████████████████████████████████████████████████████████

███████████████████████████████████. Ex. 19.

**E.    Netlist's Disclosures of the '912 Patent and '417 Family to Micron at JEDEC**

Netlist also disclosed the '912 Patent and '417 Patent family to Micron in JEDEC meetings.

At a September 2010 meeting of JC-40, Netlist's JEDEC representative Mario Martinez disclosed that Netlist had "IP related to" LRDIMM. Ex. 20. Mr. Martinez then specifically identified the '912 Patent and Pat. No. 7,636,274 and application No. 12/629,827, which are parents to the '417 Patent:

> Discussion:
> - Mr. Martinez provided the following patent and patent application numbers relating to the Netlist disclosures made earlier in this meeting: 7,619,912, 7,636,274, 61/186,799, 12/761,179, 12/577,682, and 12/629,827.

*Id.* at -74554. Representatives from Micron were present at the meeting when Netlist made this disclosure. *Id.* at 1-2 ("Members Present" listing "George Pax" from Micron, and "Others Present" listing three additional Micron attendees). The JEDEC Patent Policy states that "Disclosure of a patent is deemed to include all patents claiming priority of a single filing." Ex. 32 (JM21V) at § 8.2.1.

Netlist also submitted numerous written disclosures of the patents to JEDEC, all of which Micron received as a JEDEC member. This included disclosures of the '912 Patent on at least April 1, 2010, November 22, 2010; December 6, 2010; and September 7, 2011. Ex. 21, Ex. 22; Ex. 23 at -22052; Ex. 24 at -21966. These disclosures specifically identified the '912 Patent as relevant to "LRDIMM," the accused product in this case. *E.g.* Ex. 22.

Netlist also made  Ex. 25 ( ); Ex. 22 at -21938 and Ex. 23 at -22058 ( ); Ex. 23 at -22056 and Ex. 24 at -21970 and Ex. 26 at -22000 ( ); Ex. 26 at -22002, -21998 ( ).

## II.  RESPONSE TO MICRON'S STATEMENT OF UNDISPUTED FACTS

1-5. Disputed. Netlist incorporates herein by reference its discussion of the 2015 presentations and corroborating evidence in Section I, above.

6.  Disputed. As discussed above in Section I and incorporated herein, Netlist's disclosures of

the '912 Patent to JEDEC specifically mentioned LRDIMM products, which are accused in this case. Micron representatives were present for disclosure of the '912 Patent and received the written disclosures as JEDEC members, as discussed above.

7-8. Not disputed that Netlist and SK Hynix entered into a "Strategic Product Supply and License Agreement" on April 5, 2021 or that the agreement contained a license as stated in the agreement, in addition to (among other terms) ███████████████████████████████████ ██████████ However, disputed that Micron complied with its obligations under *Arctic Cat*.

9. Not disputed that Netlist sent the April 28, 2021 letter to Micron and that it ███████████ ███████████. However, disputed that the '417 Patent was not identified. As discussed above in Section I and incorporated herein, Netlist's April 2021 letter ████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████. Ex. 15 at 2.

10. Undisputed.

11. Undisputed.

12-13. Undisputed that the Court issued a Report and Recommendation in the -203 case regarding Micron's motion for summary judgment of no pre-suit damages, however, disputed as to Micron's characterization of the R&R, as discussed below.

14. Undisputed as to the date of the complaint and that Micron's DDR4 LRDIMM and RDIMM products are accused in this case.

15. Undisputed Micron sent a letter dated May 25, 2013, however, disputed this letter complied with Micron's obligations under *Arctic Cat*.

16. Disputed. Netlist responded to each of Micron's Interrogatories regarding notice. Ex. 27, Ex. 28.

### III.   LEGAL STANDARD

"Compliance with the marking statute is an issue of fact." *Arthrex, Inc. v. Smith & Nephew, Inc.*, 2016 WL 11750176, at *3 (E.D. Tex. Nov. 29, 2016). Communications regarding actual notice should be viewed within the context of the parties' negotiations. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1346-47 (Fed. Cir. 2001). "[A]lthough the Federal Circuit wrote in *Amsted Industries v. Buckeye Steel Casting Co.*, 24 F.3d 178, 187 (Fed.Cir.1994), that '[a]ctual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device,' the court, in *SRI Int'l.*, held that a direct charge of infringement was not required." *Mass. Inst. Of Tech. v. Abacus Software, Inc.*, 2004 WL 5268125, at *3 (E.D. Tex. Sept. 29, 2004) (citing *SRI Int'l, Inc. v. Advanced Tech. Lab'ys., Inc.*, 127 F.3d 1462, at 1469–70 (Fed. Cir. 1997)). The provision of notice regarding a parent patent can suffice to provide notice of children of that parent. *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1378-79 (Fed. Cir. 2012) (affirming denial of summary judgment where patent owner "proffered evidence that (1) it provided notice that the MP container infringed various claims of the '117 patent's parent patent in March 2005."). Similarly, notice may occur before a product launches. *K-TEC*, 696 F.3d at 1378 (earlier notice as to "MP container" product effective as to later-released "XP container" product).

### IV.   ARGUMENT

#### A.   Netlist Provided Actual Notice of the '912 Patent to Micron

Micron does not dispute that Netlist may recover damages for the '912 Patent from at least April 28, 2021 (the date of Netlist's 2021 letter). Dkt. 367 at 1. Micron's request that summary judgment be granted precluding pre-suit damages before that date should be denied, because there is at minimum a dispute of fact regarding whether Netlist provided actual notice before April 2021.

##### 1.   Netlist's 2010 Presentation, 2011 JEDEC Disclosures, and 2015 Presentations All Provided Actual Notice to Micron

Netlist repeatedly provided notice to Micron of the '912 Patent, expressly stated that it covers the LRDIMM products accused in this case, and proposed that Micron take a license. This is all that

is required for actual notice under Federal Circuit law. *SRI*, 127 F.3d at 1470 ("the actual notice requirement of § 287(a) is satisfied when the recipient is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise.").

First, in September 2010, Netlist disclosed at a meeting of JEDEC that it had IP "related to" LRDIMM, and specifically identified the '912 Patent. Ex. 20 at 8. At least four individuals from Micron were present at the meeting and received the disclosure. *Id.* at 1-2 ("Members Present" listing "George Pax" from Micron, and "Others Present" listing three additional Micron attendees).

Second, in February 2011, Netlist made a presentation to Micron's predecessor that expressly

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Ex. 1 at 12, 63. Netlist proposed that

██████████████████████████ *Id.* at 65. This notice is imputed to Micron by virtue of its acquisition of Elpida. *See Tempur World v. Therapedic Sleep Prods.,* 2008 WL 11472214 (E.D. Ky. Jan. 10, 2008) (finding notice could be imputed to related party and this was a fact issue for trial).

Third, in February 2015, representatives of Netlist and Micron held a virtual meeting to discuss Netlist's technology over the "Go To Meeting" video conference platform. Ex. 4 (Sasaki 12-20-2023 Decl.) at ¶¶ 2-5. During this meeting, Netlist specifically identified ████████████ to Micron, described it as a ████████████ and stated that ████████████████ Ex. 5 at 15. Netlist proposed that ███████████████████████████████████████████████████

██████████████████ *Id.* at 34.

Fourth, in April 2015, representatives of Netlist and Micron held a further meeting at Netlist's offices in Irvine. At the April meeting, Netlist again specifically identified the ████████████ to Micron ███. Ex. 7 at 22 (red annotations added). ██████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████████████ *Id.* at 59-60.

Each of these communications alone, and certainly all of them considered together as part of an overall series of communications between the parties, satisfy the requirements for actual notice. They expressly identified the '912 Patent, stated it covered LRDIMM products (the exact accused products in this case), and proposed ████████████████████.

### 2.    Micron's Arguments Do Not Warrant Summary Judgment

Micron's arguments against actual notice merely confirm there is at minimum a factual dispute for the jury to resolve, not one to adjudicate at summary judgment.

Micron first disputes whether the 2015 presentations occurred, claiming there is "no evidence" the presentations were made. Mot. at 12-13. Micron's assertion has no connection to the record. As discussed above in Section I, there is extensive corroborating evidence (including contemporaneous emails, deposition testimony, and sworn declarations) confirming that both presentations occurred. *See, e.g.*, Ex. 8 (████████████████████████████████████████ ██████████████████); Ex. 6 (e████████████████████████ stating ████████████████████████████████████ ██████████████; Ex. 4 (Sasaki Decl.) at ¶ 3 (February 2015 presentation "was given to Micron on February 25, 2015" and attaching email with original video conference link); Ex. 9 (Whitley Decl.) at ¶¶ 2-4 ("On April 21, 2015, three Micron employees . . . visited Netlist's offices in Irvine, California to meet with Netlist. I attended that meeting on behalf of Netlist . . . Netlist presented every slide in ████████████████████████████████████ Ex. 10 (2023-09-20 Hong Tr.) at 169:23-170:1

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

- 12 -

8 ███████████████████████████████████████████████████████████████

████████████████ *see also* Ex. 11 (Whitley 02-03-17 Tr.) at 160:18-161:5; Ex. 12 (2023-09-01 Milton)

at 38:23-39:9.

This Court recently addressed the same 2015 presentations at the Pretrial Conference in

Micron I, denying Micron's motion in *limine* to exclude them and rejecting the argument there was

insufficient evidence they were made. Ex. 29 (Micron I 12-20-2023 PTC Tr.) at 88:20-89:1 ███████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████). At a subsequent

hearing on exhibits, the Court pre-admitted the April 2015 presentation, and held the 2015

presentation can be admitted based on foundation at trial. Ex. 30 (Micron I 1-12-2024 PTC Tr.) at

52:1-4 █████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

54:6-8 █████████████████████████████████████████████████████████

██████████████████████████████████ 56:11-15. Micron is free to argue to the

jury that it disputes the presentations occurred, but that is not an issue for summary judgment.

Micron also argues that Netlist's pre-2021 communications regarding the '912 Patent contain

"no allegation of infringement." Mot. at 11-12. This assertion is wrong. First, Netlist's 2011

presentation to Elpida/Micron, which Micron fails to address in its motion, expressly charged that

LRDIMM products (the accused products in this case) "***infringes on Netlist IP***," and defined

"Netlist IP" to include the '912 Patent. Ex. 1 at 12, 63 (emphasis added). Second, while Micron argues

the 2010 JEDEC notice and 2015 presentations did not use the word infringement, all of these

disclosures clearly identified to Micron the '912 Patent and that it covered LRDIMM products (which

are accused products in this case). Ex. 5 at 15 (identifying '912 Patent as relevant to "LRDIMM"); Ex. 7 at 22 (listing '912 Patent under "LRDIMM").

There are clear indications in both presentations that Netlist ███████████████████████ ███████████████████████████████████████████████████. For example, the ████████████████████████████████  ████████████████ ████████ ████████████ Ex. 5 (NL-MIC-203_00042043) at 34 (excerpts at right). Similarly, the April 2015 presentation ███████████████████████████████████. Ex. 7 at 22. These ███████████████ would not make sense if the presentation had no relation to Micron's products, ███████████████████████████████.

Both the Federal Circuit and this Court hold that notices akin to the 2015 presentations sufficiently charge infringement, even if they do not expressly use that word, where at least a reasonable inference can be drawn that the patentee believed the patents covered defendant's products. For example, in *Gart v. Logitech, Inc.*, 254 F.3d 1334 (Fed. Cir. 2001) the Federal Circuit reversed the District Court's grant of summary judgment that actual notice was not provided, holding that notwithstanding the fact patentee's letter did not expressly state there was infringement, it created a genuine dispute of fact because "the clear inference from the 1995 letter's reference to specific claims of the patent, a specific product, and the suggestion that a license under the patent may be needed is that Gart believed the TRACKMAN VISTA infringed claims 7 and 8 of the '165 patent." *Id.* at *1346. Similarly, in *Image Processing Technologies, LLC v. Samsung Elecs. Co.*, 2020 WL 6832827 (E.D. Tex. Jun. 19, 2020), patentee sent a notice letter that identified its patents "by number and title," pointed to features in Samsung's digital camera products, and stated "we believe that Samsung might be interested in licensing the Image Processing portfolio." *Id.* at *2. Defendant argued this letter was not sufficient

notice because it "does not even use the word 'infringe' or 'infringement.'" *Id.* at *4. This Court rejected Defendant's argument, finding the letter "provides sufficient specificity to raise a genuine issue of material fact as to IPT's notice to Samsung that it may be an infringer." *Id.* at *5. So too here, Netlist's February and April 2015 presentations were sufficiently specific to put Micron on notice it may be infringing—they notified Micron of the patents, identified the products and features the patent covered ███████ ███████████████████████████. There is at least a reasonable inference that can be drawn from these communications that Netlist believed Micron's products infringed, and that inference must be drawn in Netlist's favor at the summary judgment stage. *Lear Corp. v. NHK Seating of Am. Inc.*, 2022 WL 870834, at *6 (E.D. Mich. Mar. 23, 2022) (denying summary judgment and finding that, at summary judgment stage, notice letter must be interpreted "in the light most favorable" to patentee).

Micron also argues that the Court's R&R in Micron I holds the 2015 presentations cannot provide actual notice. Mot. at 12. Netlist respectfully submits that there are material differences between this case and Micron I that compel a different conclusion. Unlike in Micron I, this case involves additional communications such as Netlist's 2011 presentation expressly ████████ ███████████████████, discussed above. Further, whereas the 2015 presentations did not directly list the patents-in-suit in Micron I, ███████████████████████████ █████████████████████████████████████████████████.

## B.   Netlist Provided Actual Notice of the '417 Patent to Micron

### 1.   Netlist's April 2021 Letter Provided Actual Notice of the '417 Patent

Micron does not dispute that Netlist can recover pre-suit damages for the '417 Patent at least as of April 1, 2022. Dkt. 367 at 1. Micron's request that summary judgment be granted precluding pre-suit damages before that date should be denied, because Netlist provided actual notice to Micron at least as of its earlier letter of April 28, 2021. Ex. 15.

The April 2021 letter satisfies each of the requirements for actual notice:

- Identity of the Patent: Netlist's April 2021 letter ███████████████████
  ███████████████████████████████████████████████████████
  ███████████████████████████████████████████████████████
  ████████████████████ Ex. 15 (NL-MIC-203_00030437) at 2. All of these patents are
  listed on the face of the '417 Patent as part of the same continuation chain, and the '417
  Patent claims priority to them. Ex. 17 ('417 Patent) at Related Application Data. The April
  2021 letter expressly stated ████████████████████████████████████
  ███████████████████████████████ Ex. 15 at 2 (emphasis added). This
  encompasses the '417 Patent.

- Activity Believed to Be an Infringement: Netlist's letter explicitly stated that "███████
  ███████████████████████████████████████████████████████
  ██████████████████████████████ Ex. 15 at 2. ██████████████
  ██████████████████████████████████. Ex. 3 (Mangione-Smith
  Opening Rpt.) Ex. A at ¶ 43. The letter further made clear Netlist believed Micron was
  infringing, stating ███████████████████████████████████████
  ██████████████████████ Ex. 15 at 2, and that ████████████████
  ███████████████████████████████████████████████████████
  ██████████████████████████████. at 3.

- A proposal to abate the infringement, whether by license or otherwise: Netlist specifically
  proposed in the letter to █████████████████████████████████████
  ████████████████████████████████████████." Ex. 15 at 1. The
  letter also stated ███████████████████████████████████████████
  ███████████████████████████████████████████████████████

███████████████████████████████████. at 2; *see also id.* at 3.

In Micron I, this Court held that the same April 2021 letter created a fact dispute regarding actual notice. Ex. 31 (Micron I Dkt. 429) at 8. Like the '417 Patent here, Micron I involved two patents (the '918 and '054) that had not issued at the time of the April 2021 letter, but whose parent applications were identified in the letter. This Court held that the April 2021 letter created a factual dispute regarding actual notice as to the child '918/'054 Patents:

> Netlist responds that the April 28, 2021 notice letter provided actual notice. Dkt. No. 294 at 14–15. The Court finds that Netlist has demonstrated evidence by which a reasonable jury could find that actual notice was provided. Unlike the 2015 Slide Decks, the notice letter does provide activity believed to be an infringement and a proposal to abate infringement. *See* Dkt. No. 294-15. Regarding identification of the patents in suit, the letter identifies members of the patent family and provides notice regarding continuation patents. *See K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1378–79 (Fed. Cir. 2012); *Arthrex, Inc. v. Smith & Nephew, Inc.,* 2016 WL 11750176, at *2 (E.D. Tex. 2016). Accordingly, the Court finds that a fact issue remains regarding actual notice beginning on April 28, 2021.

Ex. 31 (Micron I Dkt. 429) at 8. The same ruling should apply here.

Micron merely repeats the arguments regarding the April 2021 letter this Court rejected in *Micron I.* For example, Micron argues that the 2021 letter is not effective because it does not list "the asserted patent number," and the '417 Patent had not yet issued at the time of the letter. Dkt. 367 at 15. The Court rejected precisely this argument in *Micron I* as to the '918 and '054 Patents (which like the '417 had not yet issued and were not listed in the letter, but whose parent patents were identified), holding "Regarding identification of the patents in suit, the letter identifies members of the patent family and provides notice regarding continuation patents. Accordingly, the Court finds that a fact issue remains regarding actual notice beginning on April 28, 2021." Ex. 31 (Micron I Dkt. 429) at 8.

This Court's ruling in *Micron I* is consistent with both Federal Circuit precedent and the precedent of this Court holding that notice of a parent patent may include notice of a continuation patent, even if the continuation has not yet issued and is not listed by patent number. In *K-TEC, Inc.*

*v. Vita-Mix Corp.*, 696 F.3d 1364, 1378-79 (Fed. Cir. 2012), the Federal Circuit found notice sufficient and affirmed the denial of summary judgment where patent owner "provided notice that the MP container infringed various claims of the [asserted] patent's parent patent in March 2005." When notice of the parent was given, the asserted patent had not yet issued. During the ensuing period, Defendant attempted to design-around by releasing a new "XP container" product. Plaintiff then sued shortly after the asserted patent issued, initially accusing only MP container and then later amending its complaint to accuse XP container. *Id.* at 1371. Defendant argued the pre-suit notice was not effective because it did not include the asserted patent or XP container product. The Federal Circuit affirmed the damages verdict, explaining that this notice and other communications "resulted in Vita–Mix having actual notice of the [asserted] patent . . . when the patent issued." *Id.* at 1379.

Likewise, in *Arthrex, Inc. v. Smith & Nephew*, 2016 WL 11750176, *2 (E.D. Tex. Nov. 29, 2016), patentee gave notice of parent patents in an agreement, and stated the notice also applied "to later arising continuation patents." The continuation patent was not identified by patent number and issued after the notice. *Id.* This Court denied summary judgment and found the notice sufficient as to the later-issued continuation, holding that "notice of infringement of a parent patent can expand to include notice of infringement a continuation patent. The Federal Circuit has acknowledged that an accused infringer's actual notice of a parent patent is relevant to the § 287(a) inquiry." *Id.* This Court concluded that "A reasonable juror could conclude that the scope of notice provided by the Standstill Agreement expanded to include notice of infringement of the [continuation] patent after [it] issued. Accordingly, summary judgment cannot be granted." *Id.* at *3; *see also Ceeco Mach. Mfg. v. Intercote, Inc.*, 817 F. Supp. 979, 986 (D. Mass. 1992) (actual notice does not require infringer "be given the precise patent number, as long as the patented invention itself is identified").

Micron's cited case of *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021) is not on point. There, the only pre-suit communication between the parties was nondisclosure agreements

that arguably pertained to underlying technology related to the patents, but that themselves made no mention of patents, infringement, or the like. *Id.* at 1360-1361. And *SRI*, 127 F.3d at 1470, far from supporting Micron's argument, confirms that there is no per se rule, stating "there are numerous possible variations in form and content" of an effective notice. Micron also attempts to rely on out-of-district cases, none of which are factually analogous. For example, in *CIVIX-DDI, L.L.C. v. Cellco P'ship*, 387 F. Supp. 2d 869, 900 (N.D. Ill. 2005) the notice in question was merely of other patents owned by the patentee. There was no notice of parent patents with a statement it included subsequent continuations. Likewise, *Pipp Mobile Storage Sys. v. Innovative Growers Equip., Inc.*, 2022 WL 157491 (N.D. Ill. 2022) and *Livjo, Inc. v. Deckers Outdoor Corp.*, 2011 WL 12516430 (C.D. Cal. Sep. 27, 2011) both addressed notice of a patent application, they did not address (as here) notice of parent patents.

### 2. Netlist's 2015 Presentations and JEDEC Disclosures Provided Actual Notice of the '417 Patent

While the Court need not consider additional disclosures of the '417 Patent if it finds the April 2021 letter creates a fact dispute, summary judgment should also be denied for the independent reason that Netlist's 2015 presentations to Micron and JEDEC disclosures create a genuine dispute of fact regarding actual notice. As discussed above, Netlist's February 2015 presentation to Micron specifically identified ███████████████████████████████ ████████████ ████████████████████████████████ Ex. 5 at 15. Netlist's April 2015 presentation again identified ████████████████████████████████████(the ████████████████████ ████████████████████████████████████████ ████████████████████████ Ex. 7 at 22-23. Netlist also specifically presented the ████████████████████████████████████████ ████████████ *Id.* at 27. Both presentations proposed ████████████████, as discussed above. Netlist also made repeated written disclosure of the '417 Patent family to JEDEC that were received by

Micron as a JEDEC member, expressly identifying it as relevant to (among other things)  ██████ Ex. 25 (███████████████████████████████████████████████████████████ ██████████); Ex. 22 at -21938 and Ex. 23 at -22058 (███████████████████████████ Ex. 23 at -22056 and Ex. 24 at -21970 and Ex. 26 at -22000 (████████████████████████); Ex. 26 at -22002, -21998 (████████████████████████████████).

### C.    Micron Did Not Meet its Burden Under *Arctic Cat*

As to constructive notice, Netlist recognizes that the Court ruled against Netlist on this issue in *Micron I*. Netlist, however, respectfully submits that Micron's May 2023 letter did not discharge its obligation under *Arctic Cat* to identify products "which the alleged infringer believes practice the patent." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Micron's May 2023 letter purports to identify ██████████████████████████████████████, but does not assert that any of these products actually practice the '912 or '417 Patents. Dkt. 367-18. In fact Micron's letter states the opposite, claiming that Micron ███████████████████████████████ ████████████████████████████████████ *Id.* at 4 (emphasis added).

This Court has previously held that such letters do not meet Defendants' burden of production under *Arctic Cat*. In *Arigna Technology Ltd. v. Nissan Motor Co., Ltd.*, 2022 WL 18046695 (E.D. Tex. Sep. 20, 2022), the Court held that a letter identifying "the DNMR008 module" did not satisfy defendant's burden under *Arctic Cat* where the "letter does not articulate the requisite belief that the DNMWR008 module or the chip incorporated therein practices the '318 Patent. In fact, it articulates Toyota's belief as to the opposite: that neither the DNMWR008 module nor the chip incorporated therein practices the '318 Patent. This does not notify Arigna of any defendants' intent to challenge the marking status of either the DNMWR008 module or the chip regarding adherence with § 287." *Id.* at *4.

## V.    CONCLUSION

For the foregoing reasons, Netlist respectfully requests Micron's motion be denied.

Dated: January 30, 2024

Respectfully submitted,

/s/ Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

- 21 -

## CERTIFICATE OF SERVICE

I hereby certify that, on January 30, 2024, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao