# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**NETLIST INC.'S OPPOSITION TO MICRON'S DAUBERT MOTION AND MOTION TO STRIKE EXPERT TESTIMONY OF PETER GILLINGHAM (DKT. 368)**

**TABLE OF CONTENTS**

**Page**

I. BACKGROUND ........................................................................................................................1

II. ARGUMENT ............................................................................................................................2

      A. Mr. Gillingham's Report Was Properly Disclosed to Micron .....................................2

      B. Mr. Gillingham Discussed Samsung and Its Relevant JEDEC Activities in Response to Mr. Halbert's Opinion on Behalf of Both Samsung and Micron ..........4

      C. Mr. Gillingham Provided Expert Analysis in Light of the Facts Discussed in His Report (¶¶ 44-46; 67; 37, 39, 48-50, 52, 54, 97-98, 107, 125-126; 151) ..............12

III. CONCLUSION.......................................................................................................................15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*First Nat. Bank of Louisville v. Lustig*,
  96 F.3d 1554 (5th Cir. 1996) ............................................................................................... 7

*Netlist v. Micron*,
  No. 22-cv-203 (E.D. Tex.) ............................................................................................. 6, 8

*Netlist v. Samsung*,
  No. 21-cv-463 (E.D. Tex.) ............................................................................................. 5, 7

*Tinnus Enterprises, LLC v. Telebrands Corp.*,
  2018 WL 6423377 (E.D. Tex. Oct. 31, 2018) .................................................................... 7

*USAA v. Wells Fargo Bank, N.A.*,
  2019 WL 6896674 (E.D. Tex. Dec. 18, 2019) .................................................................. 12

**Rules**

Rule 30(b)(1) ............................................................................................................................... 8

Plaintiff Netlist, Inc. ("Netlist") submits this opposition to Micron's *Daubert* Motion to Strike Expert Testimony of Peter Gillingham.

I.  **BACKGROUND**

Mr. Gillingham, as Netlist's expert, provided opinions primarily in response to the opening report of Mr. John Halbert, who was retained by Samsung and Micron jointly and "**collectively**":



. Ex. 1 (2023-11-20 Halbert Opening Report) ¶ 1.

On November 20, 2023, Mr. Halbert provided a single opening expert report on behalf of both Samsung and Micron. Ex. 1. Nowhere in Mr. Halbert's report does he indicate that certain sections are applicable only to Samsung but not Micron or vice versa.

Instead, in his report, Mr. Halbert provided opinions as to the JEDEC participation of both Samsung and Micron defendants, without distinguishing which one of the consolidated cases his opinions would be applicable to. For instance, Mr. Halbert states:



- 1 -


Ex. 1 ¶¶ 22-24.

Mr. Halbert also relied on the opinions of other experts from both Samsung and Micron. Ex. 1 ¶¶ 66


). Mr. Halbert further provided certain speculative opinion as to reasons underlying Netlist's purported withdrawal from the JEDEC:

In response to Mr. Halbert's opinion, Mr. Gillingham analyzed the JEDEC activities of Samsung, Micron, and Netlist. *See, e.g.*, Ex. 2 (2023-12-21 Gillingham Rebuttal Unredacted) ¶¶ 22-136.

## II.   ARGUMENT

### A.   Mr. Gillingham's Report Was Properly Disclosed to Micron

Micron moves to strike certain paragraphs of Mr. Gillingham's rebuttal report, including "¶38, 70, 76-79, 85, 90, 110, 112-113, 124, 126-127, 135 and footnotes 16, 43, 79, 91, 98, 110" on the grounds that these paragraphs were redacted in the original version of the report Netlist served on Micron on December 21, 2023. Dkt. 368 at 2.

According to the Protective Order entered in this Action, Dkt. 60 at 18:

> To the extent that any one of Defendants in this consolidated litigation provides Protected Material under the terms of this Protective Order to Plaintiff, **Plaintiff shall not share** Samsung's DESIGNATED MATERIAL with Micron **and shall not share** Micron's DESIGNATED MATERIAL with Samsung, absent express written permission from the producing Defendant. (emphasis added).

On December 21, 2023, the deadline to serve rebuttal expert reports, Netlist served redacted versions

of the same report from Mr. Peter Gillingham on Samsung and Micron, in light of the "no cross-reference" provision of the Protective Order. Because both Samsung and Micron retained Mr. Halbert, he had access to the full report without any redaction immediately.

Samsung and Micron agreed to take the deposition of Mr. Peter Gillingham jointly on January 11, 2024. Prior to the deposition, neither Micron, nor Samsung, sought written permission from the other to see an unredacted version of Mr. Gillingham's report. At the deposition, however, they each waived any confidentiality designation for materials referenced in his report as to each other:



Upon the parties' waiver during the deposition, Netlist immediately provided the unredacted version of Mr. Gillingham's report to both defendants, as Micron conceded. Dkt. 368 (Mtn) at 2 (admitting Netlist produced the unredacted version of the report "in the middle of the Mr. Gillingham deposition conducted jointly by Micron and the Samsung co-defendants").

Micron does not dispute that the redacted portions of the report are relevant to the issues presented in this Action as to both Micron and Samsung defendants; nor does it argue that the opinions contained in the initially redacted sections of Mr. Gillingham's report are not responsive to the joint Halbert report. *See generally* Dkt. 368 at 1-2. Specifically, and as detailed below (*infra* II.B-C):



- 3 -



If Micron is allowed to introduce these opinions from Mr. Halbert, then Mr. Gillingham should be given the opportunity to provide his full rebuttal opinions in response.

Micron cannot credibly claim that it was prejudiced by not receiving the unredacted report until it requested it at Mr. Gillingham's deposition. Indeed, Mr. Halbert has had access to the redacted information since the original deadline of December 21, 2023. Micron never sought permission from Samsung to see the redacted portions in advance of the deposition. Further, Micron had the opportunity to depose Mr. Gillingham on the limited redacted sections during his deposition. Granting Micron's motion will allow Mr. Halbert to rely on the materials for both Samsung and Micron without any confidentiality restriction but deprive Netlist's expert the same, which would cause unfair prejudice to Netlist.

### B. Mr. Gillingham Discussed Samsung and Its Relevant JEDEC Activities in Response to Mr. Halbert's Opinion on Behalf of Both Samsung and Micron

Micron next seeks to strike various paragraphs for Mr. Gillingham's report that it claims "deal

---

[1] With respect to Paragraph 70, 85 (including footnote 79), the initially-redacted sentence of 90, 110, and footnote 98—which rebut arguments made by Samsung's technical expert Dr. McAlexander—Netlist agrees that it will not seek to introduce those arguments against Micron, which moots Micron's request as to those paragraphs.

solely with *Samsung* litigation (Case No. 293) issues." Dkt. 368 at 2-4. Micron's assertion is incorrect. [2] Micron does not dispute that the paragraphs it seeks to strike are responsive to Mr. Halbert's opinion on behalf of both Micron and Samsung. Neither Mr. Halbert, nor Micron, specified that any sections of Mr. Halbert's report were only relevant to the -293 Samsung Case. That alone provides a sufficient basis for Mr. Gillingham to provide the opinions identified by Micron in its motion.

As shown below, each of the paragraphs Micron identifies is directly relevant to rebutting arguments made by Mr. Halbert in his opening report.

**Paragraph 151.** Micron argues that this paragraph should be struck entirely because it "refers to a deposition of Mr. Halbert during Samsung IPR proceedings where Micron was not a co-defendant or otherwise able to cross-examine." Dkt. 368 (Mtn) at 3. Contrary to Micron's assertion, pointing to inconsistent positions taken by an expert in other cases is perfectly appropriate, particularly where, as here, Mr. Halbert's previous testimony is publicly available and accessible by Micron defendants. Specifically, Mr. Halbert opined:



Paragraph 151 of Mr. Gillingham's rebuttal report explains that ████████████████████████ ████████████████████████████████████████ ████████████████████████████████ Ex. 2 ¶ 151. Mr. Gillingham supported his opinion in part with Mr. Halbert's own testimony in the IPR proceedings. IPR2022-00062; -00064. Mr. Gillingham further points to testimony that Mr. Halbert gave as a fact witness on

---

[2] Netlist does not intend to have Mr. Peter Gillingham provide opinion stated in paragraph 120-122 of his rebuttal report because these paragraphs are only relevant to the '608 patent asserted against Samsung defendants.

- 5 -

behalf of Micron in *Netlist v. Micron*, No. 22-cv-203 (E.D. Tex.) matter, dated September 30, 2023:



To be clear, Micron has agreed that the parties can cross-reference the September 30, 2023 transcript of Mr. Halbert's deposition. Ex. 4 (2023-11-02 McCullough Email) at 1 ("Micron agrees both sides may cross reference party deposition transcripts from the -203 case" including Micron's witness "John Halbert"). And Mr. Halbert's IPR testimony **is also an exhibit in** that deposition:

> Q. And, for the record, Exhibit Number 4 is deposition of John Bentley Halbert III, dated July 22nd, 2022, in IPR proceedings, IPR 2022-00062 and IPR 2022-00064, between -- between Samsung and Netlist.
> Q. Do you have that document?
> A. I do.
> Q. Okay. Do you recognize that as being a deposition transcript of yours in those IPR proceedings?
> A. Yes, I do. . . .
> Q. So the question was "Is it contrary to JEDEC policy to -- for a JEDEC committee member to distribute a pending committee ballot to a non JEDEC entity?" And your answer is: "Yes." Did I read it correctly?
> A. Yes, you did.
> Q. Okay. And is this the correct answer?
> A. Yes.

Ex. 5 (2023-09-30 Halbert) at 30:16-31:2; 31:12-22. Micron's argument that Mr. Halbert's previous testimony has no relevance or that Micron could not have redirected the witness is simply false.

- 6 -

**Paragraphs 37, 39, 48-50, 52, 54, 97-98, 107, 125-126.** Micron does not dispute the relevance of these sections of Mr. Gillingham's report. Instead, Micron argues that these paragraphs should be stricken because they cite to testimony from another proceeding that "Micron was not present to conduct cross-examination and is unfairly prejudiced by admission of the untested hearsay testimony." Dkt. 368 at 2-3 ("Paragraphs 37, 39, 48-50, 52, 54, 97-98, 107, and 125-126 repeat deposition testimony taken in an earlier *Netlist v Samsung* litigation (E.D.Tex. Case No. 463) where Micron was not a consolidated co-defendant or otherwise able to cross-examine."). Micron is wrong.

*First*, Micron has at best raised an evidentiary objection based on hearsay, but experts are allowed to rely on hearsay statement. *First Nat. Bank of Louisville v. Lustig*, 96 F.3d 1554, 1576 (5th Cir. 1996) ("Experts may rely on hearsay evidence in forming their opinions."); *Tinnus Enterprises, LLC v. Telebrands Corp.*, 2018 WL 6423377, at *3 (E.D. Tex. Oct. 31, 2018) (same).

*Second*, it was Micron that asked Netlist to produce the transcripts, deposition testimony, and expert reports from the previous action *Netlist v. Samsung*, No. 21-cv-463 (E.D. Tex.) ("*Samsung I*"). Micron has received Netlist's production of these materials as early as June 2023. Ex. 8 (2023-06 Production Letter). The testimony from other proceedings considered by Mr. Gillingham is highly relevant to the issues presented in this Action, particularly because the parties in the *Samsung I* action involves Netlist and Samsung, which is another JEDEC member and co-defendant of Micron in this Action. As discussed above, Mr. Halbert was retained by both Samsung and Micron jointly, thus, his opinion, and evidence contradicting his opinion, raised in the earlier action is of particular relevance.

*Third*, **Micron's own experts** relied on testimony of Netlist's witnesses from the *Samsung I* matter. For example, the rebuttal report of Dr. Lynde cited to the following:

[redacted]

Ex. 6 (2023-12-21 Lynde Rebuttal) at 5 n.11. Micron's expert Dr. Stone also cited to Mr. Milton's former testimony from the *Samsung I* matter. Ex. 7 (2023-12-21 Stone Report) ¶ 368 ("[redacted]

██████████████ ); *id.*, 222:23-223:1 (same answers for U.S. Patent No. 11,232,054 (the "'054 patent")).

*Fourth,* to the extent Micron disagrees with any of the former witnesses' testimony, Micron could have served a notice of subpoena on them long before the close fact discovery on November 20, 2023 in this Action. Micron never raised objections to Mr. Gillingham's opinion based on the exact same testimony in *Netlist v. Micron*, No. 22-cv-203 (E.D. Tex.) where Micron did not move to strike the same opinion of Mr. Gillingham. Micron was thus aware of this testimony, had the opportunity to take additional discovery on it, and chose not to do so. For example, **paragraphs 39, 97, and 98** reference the trial testimony of Mr. Mario Martinez, who is Netlist's JEDEC representative. Netlist produced his trial testimony to Micron, and Micron voluntarily dropped its Rule 30(b)(1) notice of deposition on Mr. Martinez in this Action. Ex. 4 (2023-10-31 McCullough Email) at 3 ("Micron is willing to drop its request to depose Gail Sasaki and Mario Martinez . . ."). As another example, Mr. Gillingham referenced to the deposition testimony of Mr. Hong in **paragraphs 48-50, and 54**. Micron in fact ***took the deposition of Mr. Hong in this Action*** on November 19, 2023. This was five months after Micron received Mr. Hong's prior deposition transcript, and Micron thus had the opportunity to examine Mr. Hong on these subjects, but chose not to do so.

**Paragraph 125** of Mr. Gillingham's report simply states his opinion that  Ex. 2 ¶ 125. It does not refer to disposition testimony other than simply stating that Mr. Gillingham agreed with a Samsung witness's conclusion.

**Paragraph 126** quotes the testimony of Samsung's employee Seung-Mo Jung, who is also a JEDEC representative involved in the relevant JEDEC committees. His testimony is thus relevant to explain that claim 16 of Netlist '912 patent (which is asserted against both Samsung and Micron) is not standard essential.

**Paragraph 35.** Paragraph 35, together with paragraph 36, use Samsung and Micron as examples to support Mr. Gillingham's opinion ███████████████████████████████████████ ███████████████████████████████████████ Ex. 2. ¶¶ 34-36. This discussion is relevant to respond to Micron's arguments and suggestion that Netlist improperly attempted to monetize its patents. *See, e.g.*, Ex. 1 (Halbert Opening) ¶ 56 ███████████████████ ███████████████████████████████████████ ███████████████████

**Paragraph 50.** Paragraph 50 discusses that ███████████████████████████ ███████████████████████████████████ Ex. 2. ¶ 50. This is relevant to respond to Mr. Halbert's opinion (on behalf of Micron) that ███████████████████████████ ███████████████████████████████████████ ███████████████████████████████████ Mr. Gillingham's opinion is thus relevant to both the Samsung and Micron cases.

**Paragraphs 59-60.** Paragraphs 59 and 60 provide examples of the close relationship between Samsung and JEDEC. Specifically, Mr. Gillingham explains that ███████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████

- 9 -

███████████████████████████████████████████

███████████████████████████████████████████

██ █████████████████████████████████████

████████████████████████████████

██ ██████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████ Micron has no basis to restrain Netlist's expert from discussing the same exact same topic.

**Paragraphs 84-116.** Paragraphs 84-116 of Mr. Gillingham's report discuss ████ ██████████████████████████████████████ Ex. 2 ¶¶ 84-116. ████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████

These analyses directly respond to Mr. Halbert's opening report served on behalf of Micron. For example, Mr. Halbert provided extensive discussions about the disclosure obligation under the JEDEC patent policy. *See, e.g.*, ¶ 42 ██████████████████████████

██████████████████████████); ¶ 43 ████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████); ¶ 44 ████████████████

███████████████████████████████████

- 10 -



Mr. Halbert further indicates that Netlist engaged in "gamesmanship" by failing to disclose certain of its potentially standard essential patents by stating:



. Ex. 1 ¶¶ 49-50 (emphasis added).

In light of Mr. Halbert's discussions, it is critical for Mr. Gillingham to provide responsive explanations and opinions on JEDEC Patent Policies, JEDEC members' practices, as well as Netlist's disclosures.

Even though Micron did not raise an identical equitable defense based on "Standards/Equitable Estoppel," Micron's operative Answer did assert a "Fifth Affirmative Defense – Waiver and Estoppel," where Micron conclusively alleges that "Netlist's claims for relief, in whole or in part, are barred by the doctrines of waiver and/or equitable estoppel." Dkt. 122 at 16. Netlist

moved separately for summary judgment on Micron's baseless defense without any fact support. Dkt. 366. However, to the extent Micron relies on any alleged evidence of Netlist's failure to disclose its patents to JEDEC to support its equitable defense or other claims, Netlist should be allowed to present its expert opinions on this subject matter.[3]

### C. Mr. Gillingham Provided Expert Analysis in Light of the Facts Discussed in His Report (¶¶ 44-46; 67; 37, 39, 48-50, 52, 54, 97-98, 107, 125-126; 151)

Micron argues that certain paragraphs of Mr. Gillingham's rebuttal report should be stricken because they "merely quote documents or witness testimony without providing expert analysis," Dkt. 368 at 4. In support, Micron relied on *USAA v. Wells Fargo Bank, N.A.*, 2019 WL 6896674 (E.D. Tex. Dec. 18, 2019). However, that case is readily distinguishable.

In *USAA*, Wells Fargo asks the Court to strike paragraphs 54–156 of Mr. Calman's report, arguing that these paragraphs "do nothing other than parrot facts from the documents and witnesses" without adding any expert analysis." *Id.* at *2. The Court finds that the majority of this portion of Mr. Calman's report only "recite[d] the background of the check industry, the development of digital checking imaging, USAA's history of developing checking imaging technology, . . ." but did not contain expert analysis that would "help the trier of fact to understand the evidence or to determine a fact in issue" and thus should be excluded as expert testimony. *Id.*

Here, by contrast, Mr. Gillingham's report ties facts he relied on specifically to his opinions and these facts and opinions were provided directly in response to Mr. Halbert's opening report.

**Paragraphs 44-46, 67**. Mr. Gillingham's analysis explains the reason that Netlist withdrew from certain JEDEC committees was due to a concern that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2 ¶ 44. Mr. Gillingham supported his analysis

---

[3] To be clear, Netlist does not intend to raise Samsung's complaint allegations or the report only provided by Samsung's expert in the trial specifically for the litigation between Netlist and Micron unless Micron first opens the door for such issues.

based on documents and witness testimony Netlist produced during fact discovery in this Action, where Netlist's proprietary information and trade secrets were disclosed to JEDEC through another member company, Texas Instrument. Ex. 2 ¶¶ 44-46. As Mr. Gillingham explained in the paragraph immediately above, he provided the evidence and analysis to rebut ▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ including Mr. Halbert's improper speculation that Netlist withdrew from JEDEC improperly or otherwise in violation of the JEDEC Patent policy. *Supra* Section I at 2 (Mr. Halbert discussing Netlist's withdrawal from JEDEC).

Moreover, **paragraphs 44-46, and 67** are relevant to show that JEDEC adopted the technologies originated from Netlist, which further rebuts Mr. Halbert's opinion that ▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 1 ¶¶ 22-24; *see also* Ex. 2 (unredacted rebuttal report of Gillingham) ¶ 67 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Mr. Gillingham confirmed the same during his deposition. Ex. 3 (2024-01-11 Gillingham Tr.) at 66:2-10 ▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**Paragraphs 37, 39, 48-50, 52, 54, 97-98, 107, 125-26.** In these paragraphs, Mr. Gillingham relies on witness testimony and other evidence to support his analyses and opinions.

For example, Mr. Gillingham rebutted Mr. Halbert's opinion that Netlist made little or no contribution to JEDEC and therefore its patents are less valuable by explaining that ▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

███████ Ex. 2 ¶¶ 29, 37. In support of his conclusion, Mr. Gillingham referenced testimony and statements made by various JEDEC member companies' representatives or witnesses, including those from Netlist **((¶¶ 38, 48-50)** and Samsung **(¶ 37)**)).

Further, Mr. Gillingham provided his opinion that Netlist's reason for withdrawing from JEDEC for a short period of time was legitimate and consistent with the JEDEC patent policy and procedures in response to Mr. Halbert's opinion, Ex. 2 (Gillingham Rebuttal) ¶¶ 48, 51:

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

In support of his conclusion, Mr. Gillingham referenced testimony of Mr. Chuck, Netlist's CEO's where he explained that Netlist withdrew from JEDEC ███████████████████████
███████████████████████████████████████████
████████████████████████████████ Ex. 2 ¶¶ **48-52, 54**.

As discussed above, Mr. Halbert provided an opinion as to JEDEC patent disclosure and indicated that Netlist did not comply with JEDEC obligation because it failed to provide full disclosure of the patents in suit. *See supra* at 11. Mr. Gillingham thus discussed Netlist's specific patent disclosure practices, as explained by Netlist's representative Mr. Martinez and former representative Dr. Hyun Lee (Ex. 2 ¶¶ **97-98, 107**) to show that Netlist has fully complied with the JEDEC patent policy, and in fact Netlist made better effort to comply with the JEDEC disclosure requirements than those larger

companies. Ex. 2 ¶ 96 (opining that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

Mr. Halbert also indicated that Netlist improperly attended JEDEC and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 ¶ 51. In response, Mr. Gillingham explained that there is nothing wrong with JEDEC members continuing prosecution of patents they invented. Ex. 2 ¶ 53 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Mr. Gillingham relied on Netlist's CEO's testimony in **paragraph 54** to show that Netlist indeed properly prosecuted patents based on its own invention and instead was concerned ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* ¶ 54 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Micron's argument that Mr. Gillingham did not employ his expertise in conducting analysis of **paragraph 151** is also completely baseless.  As detailed above, *supra* at 4-5, Mr. Gillingham opined—based on his decade long JEDEC participation expertise—that members of JEDEC committees do not share presentations, proposals, draft specifications, or meeting minutes, or other working materials with companies not a committee member. In doing so, Mr. Gillingham relied on Mr. Halbert's own testimony to undermine Mr. Halbert's statement in his opening report.

### III.   CONCLUSION

For reasons discussed above, Micron's motion to strike or *Daubert* motion should be denied.

Dated: January 30, 2024

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on January 30, 2024, a copy of the foregoing was served to all Micron counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

<div align="right">

*/s/ Yanan Zhao*
Yanan Zhao

</div>