UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, et al.<br><br>　　　　Defendants. | Civil Case No. 2:22cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.<br><br>　　　　Defendants. | Civil Case No. 2:22cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION TO NETLIST'S MOTION FOR SUMMARY JUDGMENT ON SAMSUNG'S DEFENSE OF PROSECUTION HISTORY ESTOPPEL (DKT. 349)**

## TABLE OF CONTENTS

TABLE OF EXHIBITS ............................................................................................................... iii

TABLE OF ABBREVIATIONS ................................................................................................ iii

I. RESPONSE TO NETLIST'S STATEMENT OF ISSUES ............................................. 1

II. RESPONSE TO NETLIST'S STATEMENT OF UNDISPUTED FACTS ................... 2

III. SAMSUNG'S COUNTER-STATEMENT OF MATERIAL FACTS ........................... 2

IV. ARGUMENT .................................................................................................................. 3

    A. Netlist's Attempts To Avoid Estoppel for the '912 Patent Are Meritless ............................................................................................................ 3

        1. The *Festo* Presumption Applies Because Netlist Narrowed the '912 Patent To Avoid Prior Art ................................................................ 3

        2. Netlist Is Not Entitled to Summary Judgment on Tangentiality ............. 5

    B. Netlist's Amendments During Prosecution of the '632 Patent Create Prosecution History Estoppel for the '608 Patent's "Delay Circuit" Element ..................................................................................................................... 5

\*   In this brief, all emphasis is added unless noted otherwise.

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bose Corp. v. JBL, Inc.*,
  274 F.3d 1354 (Fed. Cir. 2001) ................................................................................................4

*Builders Concrete, Inc. v. Bremerton Concrete Prods. Co.*,
  757 F.2d 255 (Fed. Cir. 1985) ..................................................................................................6

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*,
  757 F. Supp. 2d 1006 (E.D. Cal. 2010) ....................................................................................4

*Felix v. Am. Honda Motor Co.*,
  562 F.3d 1167 (Fed. Cir. 2009) ................................................................................................5

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
  535 U.S. 722 (2002) ..........................................................................................................*passim*

*Honeywell Int'l Inc. v. Hamilton Sunderstrand Corp.*,
  370 F.3d 1131 (Fed. Cir. 2004) (*en banc*) ........................................................................*passim*

*Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*,
  523 F.3d 1304 (Fed. Cir. 2008) ................................................................................................5

*Insituform Techs., Inc. v. Cat Contracting, Inc.*,
  99 F.3d 1098 (Fed. Cir. 1996) ..................................................................................................6

*Insta-Foam Products, Inc. v. University Foam Systems, Inc.*,
  906 F.2d 698 (Fed. Cir. 1990) ..................................................................................................4

*Mark I Mktg. Corp. v. R.R. Donnelley & Sons Co.*,
  66 F.3d 285 (Fed. Cir. 1995) ....................................................................................................6

*Ranbaxy Pharms Inc. v. Apotex, Inc.*,
  350 F.3d 1235 (Fed. Cir. 2003) ................................................................................................4

*United Services Automobile Association v. PNC Bank N.A.*,
  622 F. Supp. 3d 337, 340, 345 (E.D. Tex. 2022). ....................................................................4

## TABLE OF EXHIBITS[1]

| # | Description |
|---|---|
| A | Prosecution History for *Inter Partes* Reexamination No. 95/000,578 of U.S. Patent No. 7,619,912 (SAM-NET-293_00026272) (excerpts) |
| B | December 31, 2014, Amendment Response to Office Action, Application No. 13/952,599, now U.S. Patent No. 9,128,632 |
| C | January 25, 2018, Office Action, U.S. Patent Application No. 15/820,076, now U.S. Patent No. 10,268,608 |
| D | Terminal Disclaimer, U.S. Patent Application No. 15/820,076, now U.S. Patent No. 10,268,608 |
| E | Declaration of Joseph C. McAlexander III (excerpts)[2] |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '608 patent | United States Patent No. 10,268,608 |
| '632 patent | United States Patent No. 9,128,632 |
| '912 patent | United States Patent No. 7,619,912 |
| PTAB | Patent Trial and Appeal Board |
| PTO | United States Patent and Trademark Office |
| SSMF | Samsung's Counter-Statement of Material Facts |

---

[1] Citations to Exs. 1-10 refer to exhibits attached to Netlist's motion. *See* Dkt. 349-2 to 349-11.

[2] Paragraph citations to Ex. E are to the paragraph numbers in the excerpts of Mr. McAlexander's declaration that are attached to this motion.

The Court should deny Netlist's motion.  Regarding the '912 patent, Netlist incorrectly focuses on claim 16 in isolation, ignoring binding precedent establishing that rewriting a dependent claim in independent form gives rise to a presumption of prosecution history estoppel when the patentee cancels the independent claim.  *Honeywell Int'l Inc. v. Hamilton Sunderstrand Corp.*, 370 F.3d 1131, 1142 (Fed. Cir. 2004) (*en banc*) (*Honeywell I*).  That is so because "the proper focus is whether the amendment narrows the **overall** scope of the claimed subject matter," not just whether the dependent claim's scope "remained unchanged."  *Id.* at 1141-42.  *Honeywell I*'s reasoning directly applies here.  Prior to reexamination, claim 16 depended from claim 15.  During reexamination, the PTO rejected claim 15 over prior art.  Netlist responded by not only rewriting claim in in independent form, but also making additional narrowing amendments to claim 15, thus "narrow[ing] the overall scope of the claimed subject matter."  *Honeywell I*, 370 F.3d at 1341.  Thus, "[e]quivalents are presumptively not available with respect to" the limitation added by claim 16.  *Id.* at 1144.  Further, Netlist's unsupported argument based on the narrow tangentiality exception does not overcome the presumption.

As for the '608 patent, Netlist fails to consider the '608 patent's prosecution history as a whole, including the histories of its parent applications.  Netlist cannot use the doctrine of equivalents to recapture subject matter it surrendered earlier in the '608 patent's priority chain.

## I.     RESPONSE TO NETLIST'S STATEMENT OF ISSUES

1.     Whether Netlist "narrow[ed] the patent's scope" during reexamination, thus giving rise to a presumption of prosecution history estoppel under *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002).

2.     Whether Netlist is entitled to summary judgment that it has carried its burden to establish the tangential exception to prosecution history estoppel for the '912 patent.

3.     Whether Netlist's narrowing amendments during prosecution of the '608 patent's parent application ("the '632 patent") to avoid prior art (teaching delaying data signals) gave rise to

1

prosecution history estoppel applicable to subsequent continuation patents, including the '608 patent.

## II. RESPONSE TO NETLIST'S STATEMENT OF UNDISPUTED FACTS

1-2. Samsung does not dispute the factual statements in these paragraphs, but disputes Netlist's selective, non-factual characterizations, inferences, and arguments.

3. Disputed. The prosecution history of the '608 patent includes the prosecution history of the '632 patent, in which Netlist amended its claims to distinguish prior art teaching delaying data signals. SSMF ¶¶ 4-6. The '608 patent's recitation of "a delay circuit configured to delay a signal through the data path" is not patentably distinct from the '632 patent's disclosure and, thus, the same prosecution history estoppel applies. *Id.*; Ex. 4 at cl. 1.

## III. SAMSUNG'S COUNTER-STATEMENT OF MATERIAL FACTS

1. Prior to *inter partes* reexamination proceedings, claim 16 of the '912 patent was a dependent claim depending from claim 15. Ex. 1.

2. During *inter partes* reexamination proceedings, the examiner and the PTAB rejected claim 15 as unpatentable on multiple prior-art grounds. Ex. A at 29239-29242, 33376, 33514.

3. In response to those rejections, Netlist both (a) rewrote claim 16 as an independent claim and (b) made narrowing amendments to claim 15 to overcome these prior-art rejections. *Id.* at 29366, 29376-29378, 33540, 33549-33550, 33586-33595. As the Court already held in granting partial summary judgment concerning intervening rights, these actions narrowed the scope of the subject matter claimed in the '912 patent, such that the scope of original claim 15 was surrendered. *Id.* at 29366, 29376-29378, 33540, 33549-33551, 33586-33595; Dkt. 184.

4. The '632 patent issued from Application No. 13/952,599, which is a great-grandparent application to the '608 patent. Ex. 4 at (63); Ex. B at 1.

5. During prosecution of the '632 patent, Netlist amended claims to require each buffer circuit "to determine a respective time interval based on signals received" and be "further configured

2

to time transmission . . . in accordance with the time interval." *Id.* at 2. Netlist made this amendment in response to a prior art rejection, stating that the prior art taught that "DQ/DQS [data] signals can be delayed so that [they] are phased aligned for optimal setup and hold times." *Id.* at 7-8.

6. During the '608 patent's prosecution, the examiner rejected its claims for double patenting over the '632 patent. Ex. C at 3-6. Netlist filed a terminal disclaimer in response. Ex. D.

## IV. ARGUMENT

### A. Netlist's Attempts To Avoid Estoppel for the '912 Patent Are Meritless

#### 1. The *Festo* Presumption Applies Because Netlist Narrowed the '912 Patent To Avoid Prior Art

Netlist's argument that "moving an existing limitation from a dependent to an independent claim does not trigger estoppel" wholly ignores binding, post-*Festo* Federal Circuit law. Indeed, the Federal Circuit specifically clarified (after *Festo*) that "the fact that the scope of the rewritten claim has remained unchanged **will not preclude the application of prosecution history estoppel**" where "the scope of subject matter claimed in the independent claim has been narrowed to secure the patent." *Honeywell I*, 370 F.3d at 1142.

That is precisely the case here. Before reexamination, claim 16 depended from claim 15 and added the following limitation: "wherein the command signal is transmitted to only one DDR memory device at a time." Ex. 1. During reexamination, Netlist rewrote claim 16 as an independent claim due to claim 15 having been rejected over prior art. SSMF ¶¶ 2-3. Thus, just as in *Honeywell I*, "there is no question that the original independent claim" (claim 15) was "rejected for reasons related to patentability." 370 F.3d at 1141. Further, the original scope of independent claim 15 was "narrowed to secure the patent." *Id.* at 1141-42; SSMF ¶¶ 2-3.

To be sure, *Honeywell I* addressed a situation where dependent claims were rewritten in independent form and the original independent claims were cancelled, *id.* at 1133, whereas here original independent claim 15 was narrowed by other amendments instead of being cancelled, SSMF

3

¶ 3. However, that distinction is immaterial. As *Honeywell I* explains, "the proper focus is whether the amendment narrows the overall scope of the" patent's "claimed subject matter." 370 F.3d at 1141; *see also Ranbaxy Pharms Inc. v. Apotex, Inc.*, 350 F.3d 1235, 1238, 1240 (Fed. Cir. 2003) (applying the *Festo* presumption where the patentee cancelled all claims and submitted new claims incorporating a limitation from a former dependent claim). A patent's overall scope is narrowed regardless of whether the original independent claim is cancelled (as in *Honeywell I*) or narrowed with other amendments (as here). SSMF ¶ 3. Nor is this a case where Netlist merely made clarifying amendments to the original independent claim. Even assuming, *arguendo*, that such amendments do not trigger the *Festo* presumption, the Court already rejected Netlist's argument that the amendments to claim 15 during reexamination were not narrowing. Dkt. 184 at 7-10. Thus, claim 15's original scope was surrendered, and *Honeywell I*'s reasoning governs here, giving rise to a presumption of prosecution history estoppel for the limitation claim 16 added to original claim 15. 370 F.3d at 1144; *see also Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 757 F. Supp. 2d 1006, 1027-28 (E.D. Cal. 2010).

The pre-*Festo* case law Netlist cites provides no basis to depart from *Honeywell I. Bose Corp. v. JBL, Inc.*, 274 F.3d 1354 (Fed. Cir. 2001), "did not squarely address the effect that rewriting a dependent claim into independent form may have on prosecution history estoppel." *Ranbaxy*, 350 F.3d at 1240. And even if it did, or if *Insta-Foam Products, Inc. v. University Foam Systems, Inc.*, 906 F.2d 698, 703 (Fed. Cir. 1990), could be read as Netlist urges, they would have been abrogated for decades by *Festo* and *Honeywell I.* Finally, *United Services Automobile Association v. PNC Bank N.A.* involved a situation where the broader independent claim was cancelled prior to examination, so there was no indication it was done for patentability reasons. 622 F. Supp. 3d 337, 340, 345 (E.D. Tex. 2022). Here, in stark contrast, claim 15 was narrowed and claim 16 rewritten in direct "response" to prior-art rejections of original independent claim 15. SSMF ¶¶ 2-3.

4

### 2.   Netlist Is Not Entitled to Summary Judgment on Tangentiality

Under the *Festo* presumption, Netlist bears "the burden of showing that the amendment does not surrender the particular equivalent in question." 535 U.S. at 740. The tangentiality exception Netlist advances does not apply. "The tangential relation criterion for overcoming the *Festo* presumption is **very narrow**." *Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 523 F.3d 1304, 1315 (Fed. Cir. 2008) ("*Honeywell II*"). First, to satisfy its burden, Netlist must identify a reason for rewriting claim 16 in independent form that bears no more than a tangential relation to the alleged equivalent. *Id.* The reason must be "objectively apparent" from the prosecution history. *Felix v. Am. Honda Motor Co.*, 562 F.3d 1167, 1184 (Fed. Cir. 2009). Netlist does not identify any such reason in the prosecution history, let alone an objectively apparent reason that is tangential to the alleged equivalent. Dkt. 349 at 3. That failure alone makes Netlist's argument fatally deficient.

Second, under *Honeywell II*, "the key to this inquiry is the content of the original dependent claim[]," which here included the "one memory device at a time" limitation. 523 F.3d at 1316. Because the alleged equivalent admittedly "focuses on the [one memory device at a time] limitation, the amendment was not tangential but instead bore a direct relation to the equivalent." *Id.*; Dkt. 349 at 3. Third, Samsung's expert performed a detailed analysis of the prosecution history and concluded, as a factual matter, that the amendment was not merely tangential to the alleged equivalent, as both the alleged equivalent and prior art over which claim 15 was rejected involve sending command signals to the memory devices of multi-device ranks. Ex. E, ¶¶ 272-83. Netlist's expert did not opine on this issue and Netlist has not identified any contrary evidence.

Thus, Netlist has not met its burden to establish the "very narrow" tangentiality exception, let alone shown entitlement to summary judgment on the issue. *Honeywell II*, 523 F.3d at 1315.

### B.   Netlist's Amendments During Prosecution of the '632 Patent Create Prosecution History Estoppel for the '608 Patent's "Delay Circuit" Element

Netlist does not dispute that the amendments to the '632 patent gave rise to estoppel or that

5

any exception applies. Netlist instead argues that the '632 patent is a different patent (than the '608 patent-in-suit) which uses slightly different language. But it is well-established that the '608 patent's prosecution history includes not only the history of the application that directly led to its issuance, but also the history of all parent applications in the priority chain. *E.g.*, *Mark I Mktg. Corp. v. R.R. Donnelley & Sons Co.*, 66 F.3d 285, 291 (Fed. Cir. 1995). Thus, the amendments to the '632 patent are part of the '608 patent's prosecution history. Notably, none of Netlist's cited cases address amendments in parent applications.

Nor does it matter that Netlist made the '632 patent amendment in the context of slightly different claim language. "[T]he standard for determining what subject matter was surrendered is objective and depends on what a competitor, reading the prosecution history, would reasonably conclude was given up by the applicant." *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 99 F.3d 1098, 1107-08 (Fed. Cir. 1996). Here, Netlist expressly narrowed the '632 patent to distinguish delaying data signals except in the particular way claimed in the amended claims. SSMF ¶ 5. A reasonable competitor reading the prosecution history would, therefore, conclude that Netlist surrendered the subject matter between the original and amended claim. *Festo*, 535 U.S. at 740.

Consistent with that surrender, Netlist drafted '608 patent claim 1 to require delaying data signals a particular way: "by an amount determined by the command processing circuit in response to at least one of the module control signals." Ex. 4 at cl. 1. Further confirming the most reasonable reading of the prosecution history as a whole, Netlist filed a terminal disclaimer for the '608 patent over the '632 patent, underscoring the lack of any patentable distinction between their claims. SSMF ¶ 6. Netlist cannot recapture the subject matter it surrendered in prosecution by arguing that other, unclaimed ways of delaying data signals infringe under the doctrine of equivalents. *See* Ex. 9 ¶¶ 104-105; *Builders Concrete, Inc. v. Bremerton Concrete Prods. Co.*, 757 F.2d 255, 259-260 (Fed. Cir. 1985).

6

Dated: January 30, 2024

Respectfully submitted,

By: /s/ *Lauren A. Degnan*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:      (903) 934-8450
Facsimile:       (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 30, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

                                       */s/ Lauren A. Degnan*

8