████████████

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD. ET AL. <br><br> Defendants. | Case No. 2:22-cv-293-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED <br><br> ████████████ |

## DEFENDANT MICRON'S MOTION FOR SUMMARY
## JUDGMENT ON PRE-SUIT DAMAGES

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................. 1

II.   STATEMENT OF ISSUE ................................................................................................... 4

III.  STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................ 4

IV.   GOVERNING LAW ............................................................................................................ 8

V.    ARGUMENT ........................................................................................................................ 9

      A.   Netlist Has Not Provided Actual Pre-Suit Notice of the Asserted Patents ........... 10

           1.   February and April 2015 Slide Decks.................................................... 10

           2.   Netlist-JEDEC Letters .......................................................................... 13

           3.   Netlist-Micron Letters........................................................................... 14

      B.   With Respect to Constructive Notice, Netlist Cannot Show that Netlist or Any Licensee Marked Its Products with the Asserted Patents............................. 16

      C.   Netlist Should Be Bound by This Court's Decision in the Related -203 Litigation, Where It Found that Netlist Failed to Provide Constructive Notice ... 19

VI.   CONCLUSION.................................................................................................................... 20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993)...................................................................18

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994)...........................................................9, 11, 14

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986).............................................................................8

*Arctic Cat, Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017).......................................................... *passim*

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   950 F.3d 860 (Fed. Cir. 2020)..............................................................18

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986).............................................................................8

*CIVIX-DDI, L.L.C. v. Cellco P'ship*,
   387 F. Supp. 2d 869 (N.D. Ill 2005) .................................................15, 16

*Livjo, Inc. v. Deckers Outdoor Corp.*,
   2011 WL 12516430 (C.D. Cal. Sep. 27, 2011) .........................................16

*Lubby Holdings LLC v. Chung*,
   11 F.4th 1355 (Fed. Cir. 2021) .......................................................11, 15

*Maxwell v. J. Baker, Inc.*,
   86 F.3d 1098 (Fed. Cir. 1996)................................................................9

*Netlist, Inc. v. Micron Tech., Inc. et al.*,
   2:22-cv-203-JRG (E.D. Tex.) ........................................................ *passim*

*Netlist, Inc. v. Samsung Elecs. Co.*,
   No. 21-cv-463 (E.D. Tex.)...................................................................19

*Pipp Mobile Storage Sys. v. Innovative Growers Equip., Inc.*,
   2022 U.S. Dist. LEXIS 8469 (N.D. Ill. 2022) .........................................15

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   853 F.3d 1370 (Fed. Cir. 2017)..............................................................9

*In re Seagate Tech., LLC,*
    497 F.3d 1360 (Fed. Cir. 2007)..........................................................................9, 13

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.,*
    127 F.3d 1462 (Fed. Cir. 1997)........................................................................15, 16

*SSL Servs., LLC v. Citrix Sys.,*
    940 F. Supp. 2d 480 (E.D. Tex. 2013) .........................................................9, 13, 14

*Team Worldwide Corp. v. Acad., Ltd.,*
    No. 2:19-cv-00092-JRG, 2021 WL 1854302 (E.D. Tex. May 10, 2021)..........11, 14

*In re Yarn Processing Patent Validity Litig. (No. 11),*
    602 F. Supp. 159 (W.D.N.C. 1984) .........................................................................18

**Statutes**

35 U.S.C. § 287................................................................................................ *passim*

35 U.S.C. § 287(a) ........................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 56(a) ...............................................................................................8

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 1. | Excerpts from the Expert Report of Mr. David Kennedy, Dated November 20, 2023 |
| 2. | NL-MIC-203_00042010 (Netlist Slide Deck Marked February 2015) |
| 3. | NL-MIC-203_00042085 (Netlist Slide Deck Marked April 2015) |
| 4. | NL-MIC-203_00042083 (Netlist Internal Summary Email) |
| 5. | NETLIST_SAMSUNG_EDTX00021960 (Netlist JEDEC Letter Dated April 1, 2010) |
| 6. | NETLIST_SAMSUNG_EDTX00021928 (Netlist JEDEC Forms Dated November 22, 2010) |
| 7. | NETLIST_SAMSUNG_EDTX00022048 (Netlist JEDEC Forms Dated December 6, 2010) |
| 8. | NETLIST_SAMSUNG_EDTX00021961 (Netlist JEDEC Letter/Forms Dated September 7, 2011) |
| 9. | 2023-11-13 Excerpts from Netlist's Responses and Objections to Micron's Second Set of Interrogatories |
| 10. | NL-MIC-203-463_00030723 (Netlist/SK hynix Strategic Product Supply and License Agreement) |
| 11. | NL-MIC-203-463_00030743 (Snapshots SK hynix Product Website) |
| 12. | NL-MIC-203_00030433 (Netlist April 28, 2021 Letter) |
| 13. | NL-MIC-203_00030437 (Exhibit A to Netlist April 28, 2021 Letter) |
| 14. | NETLIST_SAMSUNG_EDTX00042440 (Netlist April 1, 2022 Letter) |
| 15. | NETLIST_SAMSUNG_EDTX00042445 (Exhibit A to Netlist April 1, 2022 Letter) |
| 16. | Case No. 2:22-cv-203-JRG-RSP, Dkt. 429 (Report & Recommendation on Micron's Motion for Summary Judgment of No Pre-Suit Damages) |
| 17. | 2023-05-25 Micron *Arctic Cat* Letter to Netlist |
| 18. | 2023-11-19 Excerpts from Netlist's Second Suppl. Responses and Objections to Micron's First Set of Interrogatories |
| 19. | 2023-09-20 Excerpts from Chuck Hong Deposition Transcript |
| 20. | 2023-09-01 Excerpts from Scott Milton Deposition Transcript |
| 21. | 2023-09-13 Excerpts from Tobin Hobbs Deposition Transcript |
| 22. | Excerpts from the Expert Report of Dr. William Henry Mangione-Smith, Dated November 20, 2023 |
| 23. | NETLIST_SAMSUNG_EDTX00188299 (Document Cited in Mangione-Smith Report) |

## I.    INTRODUCTION

There can be no fact dispute that Netlist is not entitled to pre-suit damages on U.S. Patent No. 7,619,912 (the "'912 patent") before April 28, 2021, and on U.S. Patent Nos. 11,093,417 (the "'417 patent") before April 1, 2022, respectively, because it cannot show that it provided actual pre-suit notice of alleged infringement before these dates, and it cannot show that it ever provided constructive notice.[1] No damages may accrue before these dates, as shown below.

Netlist's damages case improperly relies on several pieces of evidence as purported notice for the asserted patents in support of its pre-suit damages period:

- A February 2015 Netlist slide deck referencing the '912 patent—in a list of patents—on one slide, with no proof that it presented or shared these slides or slide deck to or with Micron;

- An April 2015 Netlist slide deck referencing the '912 patent—in a list of patents—on three slides, with no proof that it presented or shared these slides or slide deck to or with Micron;

- A few letters from Netlist to JEDEC identifying the '912 patent as potentially relevant to the JEDEC standards;

- An April 28, 2021 letter from Netlist to Micron referencing the '912 patent;

- An April 1, 2022 letter from Netlist to Micron referencing the '912 and '417 patents.

---

[1] Micron disputes that Netlist is entitled to any pre-suit damages, and that any alleged pre-suit actual notice for either the '912 patent or the '417 patent was sufficient. However, Micron is not moving on this point. In this motion, Micron moves for summary judgment that there is no *factual dispute* that Netlist is not entitled to pre-suit damages on the '912 patent before Netlist's April 28, 2021 letter to Micron, and on the '417 patent before Netlist's April 1, 2022 letter to Micron.

Neither the February 2015 nor the April 2015 slide decks accuse any Micron products of infringement, or even reference a Micron product—a prerequisite for actual notice for pre-suit damages recovery. Indeed, this Court has already found as such in related Netlist litigation against Micron. Specifically, in *Netlist, Inc. v. Micron Technology, Inc. et al.*, 2:22-cv-203-JRG-RSP (E.D. Tex.) (the "-203 Litigation"), the Court determined that these exact slide decks "do not effectively identify the activity believed to be an infringement" and "[w]hile the presentations identify the claimed subject matter, upon review, the presentations do not attempt to identify infringement in Micron's products but rather provide offers for partnership and incorporation of the patent portfolio through licensing." -203 Litigation, Dkt. 429, p. 8.

Further, despite months of discovery, Netlist has adduced no evidence that it ever presented or shared these slide decks to or with Micron, let alone the few slides referencing the '912 patent. And these slide decks also make no reference to the '417 patent, which issued over six (6) years later, on August 17, 2021. Therefore, it is entirely improper to rely on these slide decks as purported actual notice for either asserted patent.

Netlist's reliance on JEDEC letters to show actual notice of the '912 patent similarly is flawed as a matter of law, because these letters were strictly between Netlist and JEDEC, they merely characterize the patents as "potentially relevant" to the JEDEC standards, and Netlist has repeatedly admitted that it does not allege or offer any evidence that the asserted patents are essential to any JEDEC standard. In no way could these letters constitute a specific charge of infringement by a specific accused product or device.

Finally, regarding the April 28, 2021 letter, Netlist improperly asserts that this letter provided actual notice of infringement of the '417 patent. But this letter does not make a single

reference to the '417 patent. And in fact, the '417 patent did not even exist at the time of this letter. As a matter of law, this letter did not provide actual notice of infringement of the '417 patent.

Turning to Netlist's failure to provide any constructive notice, this Court has already addressed Netlist's failure to satisfy the marking requirements of 35 U.S.C. § 287(a) in the -203 Litigation. In that case, the accused products included DDR4 LRDIMMs, like here. The Court found that Netlist could not recover pre-suit damages based on constructive notice because "Micron ha[d] met its burden regarding identification [under *Arctic Cat*] and [] evidence of marking ha[d] not been provided." -203 Litigation, Dkt. 429, p. 9. In that case, there was no evidence that Netlist's DDR4 LRDIMM products had been marked with *any patent numbers*, not just the patents asserted in that case. While the present case also involves DDR4 RDIMM products, Netlist has presented no additional arguments or evidence for why these products satisfy the marking requirements of 35 U.S.C. § 287(a), but its DDR LRDIMM products do not. Thus, Netlist should be bound by this Court's prior decision.

Netlist's damages expert Mr. Kennedy asserts the following earliest dates for purposes of calculating damages:

| Asserted Patent | Earliest Alleged Damages Date | Date Netlist Sent Micron Letter Explicitly Identifying Patent | Date Asserted in Litigation |
|---|---|---|---|
| The '912 patent | August 1, 2016 (Start of possible 6-year damages period) | April 28, 2021 (Letter) | August 1, 2022 (Original Complaint) |
| The '417 patent | August 17, 2021 (Patent issue date) | April 1, 2022 (Letter) | August 15, 2022 (Amended Complaint) |

Ex. 1 (Kennedy Rpt.), ¶¶ 591–96.

Netlist lacks any evidence of pre-suit notice for the '912 patent before April 28, 2021, and for the '417 patent before April 1, 2022, and cannot raise a genuine fact issue of marking. Consequently, the Court should grant Defendant's Motion for Summary Judgment.

## II.    STATEMENT OF ISSUE

Whether Netlist's failure to comply with 35 U.S.C. § 287 prevents it from recovering pre-suit damages for the '912 patent before April 28, 2021, and for the '417 patent before April 1, 2022, respectively.

## III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

1)    Netlist produced a set of slides that appears to have been made for an anticipated February 2015 meeting with Micron, containing, in part, information about Netlist's intellectual property portfolio. Ex. 1 (Kennedy Rpt.) ¶¶ 49–50, 593; Ex. 2 (NL-MIC-203_00042010). This slide deck contains a single reference to the '912 patent on a single slide. This slide deck contains no other references to any asserted patents.

2)    Netlist also produced a set of slides that appears to have been made for an anticipated April 2015 meeting with Micron. ████████████████████████████████████████████████████████. The set of slides allegedly prepared in connection with that meeting contains, in part, information about Netlist's intellectual property portfolio. Ex. 1 (Kennedy Rpt.) ¶¶ 51–52, 593–94; Ex. 3 (NLMIC-203_00042085). This slide deck contains three references to the '912 patent. This slide decks contains no other references to any asserted patents.

3)    Neither the February 2015 nor the April 2015 slide decks mention any of the accused products in this case—or, for that matter, any Micron product at all. These slide decks do not state that Micron infringes any of Netlist's patents. *See* Exs. 2 (NL-MIC-203_00042010), 3 (NL-MIC-203_00042085).

4)    After the alleged April 2015 meeting, Netlist employees sent an internal summary email describing the information discussed during the meeting. Ex. 4 (NL-MIC-203_00042083). This email explains that the Micron ████████████████████████████████████

███████████████████

████████████." *Id.* This email does not state whether any patents were discussed during the meeting. Instead, the internal Netlist email summarizing the meeting explicitly states that the

████████████████████████████████████████████████████." *Id.* at 84.

5)     Netlist did not depose any Micron individuals present at either the February or the April 2015 alleged meeting(s), and there is no testimony in the record as to what may have been discussed during the meeting(s). Netlist produced no other evidence that specific patents were discussed during the February 2015 and April 2015 alleged meeting(s) between Netlist and Micron or even whether the February 2015 meeting occurred. There is no evidence of any kind that the February 2015 slides were ever sent to any Micron representative. And Netlist's internal email admits that the slides intended for an April 2015 meeting were not given to Micron attendees.

6)     ███████████████████████████████████████████

████████████████████. Exs. 1 (Kennedy Rpt.) ¶¶ 53, 593, n.604; 5 (NETLIST_SAMSUNG_EDTX00021960);   6   (NETLIST_SAMSUNG_EDTX00021928);   7 (NETLIST_SAMSUNG_EDTX00022048); 8 (NETLIST_SAMSUNG_EDTX00021961). None of these letters mention any accused products in this case—or, for that matter, any Micron product at all. These letters do not state that Micron infringes any of Netlist's patents. These letters were correspondence between Netlist and JEDEC, and not Micron. Netlist does not allege that the '912 patent or '417 patent is standard-essential. Ex. 9 (Interrog. 16, 26) █████████████████████

███████████████████████ p. 31).

7)     ███████████████████████████████████████████

████████████████. *See generally* Ex. 10 (NL-MIC-203-463_00030723-741). As part of the agreement, ██████████████████████████████████████

████████████████████████████████████████████

███████████

████████████████████████████████████████████████████████████

██████  *See id.*, pp. 2, 5-8. █████████████████████████████████████

████████████████████████  *See id.*

8)    SK hynix sells the same classes of products accused of infringement in this case, including DDR4 RDIMM and DDR4 LRDIMM products. *See* Ex. 11, at 30752-53.

9)    On April 28, 2021, Marc Frechette from Netlist sent Sanjay Mehrotra a letter titled ██████████████████████  Ex. 12 (NL-MIC-203_00030433). In this letter's only exhibit—Exhibit A—titled ███████████████████████████████  it lists the '912 patent. Ex. 13 (NL-MIC-203_00030437). The '417 patent is not listed in this letter or the exhibit.

10)    On April 1, 2022, Jayson Sohi from Netlist sent Rebecca Carrizosa a letter titled ████████████████████████████████████████  Ex. 14. In Exhibit A to this letter, titled █████████████████████████████  it lists both the '912 patent and the '417 patent. Ex. 15.

11)    On June 10, 2022, Netlist sued Micron Technology, Inc.; Micron Semiconductor Products, Inc.; and Micron Technology Texas, LLC in a related matter. -203 Litigation. The accused products in that case included Micron's DDR4 LRDIMM products. Dkt. 145 (Second Amended Complaint), ¶ 54.

12)    In the -203 Litigation, Micron filed a motion for summary judgment of no pre-suit damages for all asserted patents. -203 Litigation, Dkt. 281. The Court issued a Report and Recommendation, determining that the motion be granted in part, finding:

███████████████

(a) Netlist could not recover pre-suit damages based on constructive notice because "Micron has met its burden regarding identification [under *Arctic Cat*] and that evidence of marking has not been provided";

(b) The February and April 2015 slide decks—the exact slide decks Mr. Kennedy relies on here—are not sufficient actual notice because they "do not effectively identify the activity believed to be an infringement" and "[w]hile the presentations identify the claimed subject matter, upon review, the presentations do not attempt to identify infringement in Micron's products but rather provide offers for partnership and incorporation of the patent portfolio through licensing";

(c) Any material dispute of actual notice was limited to the April 28, 2021 notice letter, because "[u]nlike the 2015 Slide Decks, the notice letter does provide activity believed to be an infringement and a proposal to abate infringement."

Ex. 16 (-203 Litigation, Dkt. 429), pp. 5–9.

13)    In the -203 Litigation, as it relates to Netlist's April 5, 2021 Strategic Product Supply and License Agreement with SK hynix, Ex. 10, the Court noted that ████████████

████████████████████████████████████

████████████" Ex. 16, p. 9.

14)    On August 1, 2022, Netlist sued Micron Technology, Inc.; Micron Semiconductor Products, Inc.; and Micron Technology Texas, LLC in the present litigation. The accused products are limited to Micron's DDR4 (LRDIMM and RDIMM) products. *See, e.g.*, Ex. 1 (Kennedy Rpt.) ¶¶ 37, 40, 648–49; Dkt. 101 (amended complaint), ¶¶ 39, 44.

15)    On May 25, 2023, and in connection with this litigation, ████████████
██████████████████████████████████████████████████. Ex. 17. In this

letter, Micron also identified S███████████████████████████████████████

██████. *Id.* Netlist never responded to this letter.

*16)*    Micron has served numerous interrogatories requesting that Netlist describe its
efforts to comply with the marking provisions in 35 U.S.C. § 287 for all products it contends
embody, practice, or fall within the scope of one or more of the asserted claims, as well as its
efforts to ensure that any licensees of the asserted patents similarly comply with the marking
provisions in 35 U.S.C. § 287. Exs. 9 (Interrog. 21), 18 (Interrog. 13). Netlist failed to provide a
substantive response to these interrogatories. *Id.*

## IV.    GOVERNING LAW

Summary judgment is warranted when the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, show "there is no genuine
dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard
provides that the mere existence of some alleged factual dispute between the parties will not defeat
an otherwise properly supported motion for summary judgment; the requirement is that there be
no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).
Rather, in order to avoid summary judgment, Netlist must present enough evidence for the
factfinder to reasonably find in its favor. *Id.* at 252.

To obtain pre-suit damages, Netlist bears the burden to demonstrate that it either provided
actual notice of infringement or, alternatively, provided constructive notice via compliance with
the marking requirements of 35 U.S.C. § 287(a). *Arctic Cat, Inc. v. Bombardier Recreational
Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I* "). "Actual notice requires the

affirmative communication of a ***specific charge of infringement by a specific accused product or device***." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) (emphasis added). Merely showing "that a particular infringer knew that a particular patent existed is insufficient to prove actual notice of infringement of that patent." *SSL Servs., LLC v. Citrix Sys.*, 940 F. Supp. 2d 480, 487 (E.D. Tex. 2013) (citing *Amsted*, 24 F.3d at 187). "It is not up to the alleged infringer to investigate whether its products infringe; rather the burden is on the patent owner to provide notice of infringement." *Id.* (citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)).

A patentee may benefit from constructive notice by complying with the marking statute. Although the patentee bears the ultimate burden to prove it complied with § 287(a), the Federal Circuit has held that the alleged infringer "bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat I*, 876 F.3d at 1368. This burden is a "low bar." *Id.* The alleged infringer "need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Id.* "Once the alleged infringer meets its burden of production . . . the patentee bears the burden to prove the products identified do not practice the patented invention." *Id.*; *see also Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). A licensee's failure to mark products covered by licensed patents prevents a patentee from relying on the constructive notice provision of § 287(a) and, therefore, prevents a patentee from recovering damages before the alleged infringer received actual notice of any alleged infringement. *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017) (citing cases).

## V.  ARGUMENT

Netlist's pre-suit damages theories for the asserted patents suffer from the same fundamental flaw: Netlist has not and cannot establish (1) that Micron had any actual notice of

alleged infringement prior to Netlist's letters to Micron explicitly identifying these patents or (2) constructive notice of alleged infringement.

### A.    Netlist Has Not Provided Actual Pre-Suit Notice of the Asserted Patents

No genuine dispute of material fact exists that Micron had no actual pre-suit notice of infringement of the '912 patent before receiving Netlist's April 28, 2021 letter and no actual pre-suit notice of infringement of the '417 patent before receiving Netlist's April 1, 2022 letter. Netlist failed to provide any legally sufficient evidence of actual notice of infringement before these respective dates, despite having the burden to do so. *Arctic Cat I*, 876 F.3d at 1366.

### 1.    February and April 2015 Slide Decks

Mr. Kennedy asserts that damages for the '912 patent "should begin immediately upon August 1, 2016, six years before Netlist filed the instant Action, given that Netlist provided Micron with actual notice that Netlist believed Micron was infringing the '912 Patent in a presentation in April 2015 (prior to the 6-year damages period)." Ex. 1 (Kennedy Rpt.), ¶ 594. For the '417 patent, Mr. Kennedy asserts that damages should begin "with issuance of the '417 Patent on August 17, 2021" because, in part, "Netlist has disclosed to Micron in February and April 2015 presentations that Netlist has 'Seminal Patents' covering 'LRDIMM' including the '912 Patent and U.S. Patent No. 7,523,537, to which the '417 Patent claims priority." *Id.*, ¶¶ 593, 595. Neither the slide decks that Netlist created for the alleged meetings or any testimony about those meetings (there is none) provide any such notice.

Netlist relies solely on two slide decks to prove what purportedly was discussed during the alleged February and April 2015 meetings between Netlist and Micron, and to prove that Netlist provided actual notice of infringement for the '912 patent and '417 patent during these meetings. Exs. 2 (NL-MIC-203_00042010), 3 (NLMIC-203_00042085). But neither slide deck contains a single reference to the '417 patent. Mr. Kennedy's reliance on a reference to another patent in the

██████████████████

slide deck, a patent "to which the '417 [p]atent claims priority[,]" to support actual notice is improper. *See* Ex. 1 (Kennedy Rpt.), ¶ 593. Notice of a patent, at a minimum, requires at least the identification of the asserted patent number, which Netlist's presentation fails to include. *See Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021) ("As we have long explained, 'the actual notice requirement of § 287(a) is satisfied when the recipient is informed of the ***identity of the patent*** and the activity that is believed to be an infringement . . . .' " (emphasis added). Nor could Netlist have identified the '417 patent at that time because its application was not even pending until four years later. Thus, the February and April 2015 slide decks and meetings cannot, as a matter of law, establish pre-suit notice of the '417 patent in this case.

Regarding the '912 patent, although the February and April 2015 slide deck together contain a few references to the '912 patent in a long list of patents, Netlist fails to point to any allegations of infringement. "For purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership," and "[a]ctual notice requires the affirmative communication of a ***specific charge of infringement*** by a ***specific accused product*** or device." *Team Worldwide Corp. v. Acad., Ltd.*, No. 2:19-cv-00092-JRG, 2021 WL 1854302, at *3 (E.D. Tex. May 10, 2021) (quoting *Amsted*, 24 F.3d at 187) (emphases added). Neither the February 2015 nor the April 2015 slide decks state that any Micron product infringes any Netlist patent. Notably, Netlist's slide decks do not even mention Micron products, much less any of the accused Micron products. Rather, these slide decks simply ████████████████████████ ████████████████████████████████████████ For example, the April 2015 slide deck is titled ████████████████████████████████████ ██████████████████████████ Ex. 3 (NLMIC-203_00042085), at 42085, 42140–44. Netlist's email summarizing the purported April 2015 meeting states "████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████ Ex. 4 (NL-MIC-203_00042083). Thus, the February and April 2015 slide decks or alleged meetings cannot, as a matter of law, establish pre-suit notice of the '912 patent in this case.

This Court has, in fact, already reviewed ***these exact slide decks*** in the -203 Litigation and determined "that the slide decks do not effectively identify the activity believed to be an infringement. While the presentations identify the claimed subject matter, upon review, ***the presentations do not attempt to identify infringement in Micron's products but rather provide*** ████████████████████████████████████████████████████████." Ex. 16 (-203 Litigation, Dkt. 429), p. 8 (emphasis added). Accordingly, the Court found that "the 2015 Slide Decks d[o] not provide actual notice." *Id.* The same is true here. The Court should again reject Netlist's arguments that these slide decks provided actual notice of infringement as a matter of law.

Further, Netlist has adduced no evidence that these slide decks were ever presented to or shared with Micron, let alone the few slides referencing the '912 patent. Netlist's corporate designee on disclosure of its patents to Micron could not say which slides, ***if any***, were disclosed to Micron, or if ***anyone*** at Micron ***ever*** received a copy of the 2015 slide decks. Ex. 19 (Hong Dep. Tr. Netlist III) at 32:12–14, 49:18–20, 180:22–25, 183:7–184:4; Ex. 20 (Milton Dep. Tr. Netlist III) at 38–41, 196:3–16, 205:16–18, 212:15–19; 214:14–23.[2] None of Netlist's witnesses were present at these meetings or have personal knowledge of what occurred. Accordingly, ***no*** fact witness identified by Netlist can testify that Netlist showed Micron either slide deck during either

---

[2] The parties have a cross-production agreement that deposition transcripts from the -203 Litigation can be used in the present litigation.

██████████████████

meeting, and **no** fact witness can say Micron received a copy of the slide decks after the presentation. And any purported contemporaneous evidence demonstrates that Micron ██████████ ████████████████████████████████████████████████████ Ex. 4 (NL-MIC-203_00042083).

At bottom, Netlist's attempt to use the February and April 2015 slide decks to show actual notice of infringement for both the '912 and '417 patents is fundamentally flawed on numerous levels. No genuine dispute of material fact exists, and the Court should grant summary judgment.

### 2.    Netlist-JEDEC Letters

The Court likewise should reject Mr. Kennedy's suggestion that Netlist's disclosures to JEDEC also constitute actual notice. Mr. Kennedy implies that Micron received actual notice because ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████ Ex. 1 (Kennedy Rpt.), ¶ 53. This argument fails, however, for numerous reasons.

First, Netlist has repeatedly stated that ████████████████████████████ ████████████████████████████ Ex. 9 (Interrog. 16, 26), p. 31. Therefore, it is unclear how disclosing a patent to ████████████████████████ to the standard could constitute any notice of infringement, given practicing the standard is not a basis for infringement. The law is clear that "[i]t is not up to the alleged infringer to investigate whether its products infringe; rather the burden is on the patent owner to provide notice of infringement." *SSL*, 940 F. Supp. at 487 (citing *In re Seagate*, 497 F.3d at 1371). Netlist seeks to shift the burden to Micron, implying that Micron should have investigated whether its products infringe because Netlist disclosed ████████████████████, patents that it does not even contend practice the standard. This is in flat contradiction to case law and is flawed.

██████████████

Second, the evidence Mr. Kennedy relies on in support of this argument are Netlist letters to JEDEC that reference the '912 patent. *See, e.g.*, Exs. 5 (NETLIST_ SAMSUNG_EDTX00021960); 6 (NETLIST_SAMSUNG_EDTX00021928); 7 (NETLIST_ SAMSUNG_EDTX00022048); 8 (NETLIST_SAMSUNG_EDTX00021961); *see also* Ex. 1 (Kennedy Rpt.) ¶¶ 53, nn.58–68, 593, n.604. However, these letters are strictly between Netlist and JEDEC, and there is no evidence that Netlist communicated their contents to Micron. And even if Netlist did, the letters explicitly state that they identify "patents and patent applications that are relevant" to the JEDEC standards. Ex. 5 (capitalization removed). They provide no assertion or even suggestion of infringement, let alone a "***specific charge of infringement*** by a ***specific accused product*** or device." *Team Worldwide*, 2021 WL 1854302, at *3 (quoting *Amsted*, 24 F.3d at 187) (emphases added). They reference no Micron products. None reference the '417 patent. Netlist attempts to impute actual notice of infringement on Micron simply because it potentially knew of the '912 patent by participating on JEDEC committees. But the law is clear that merely showing "that a particular infringer knew that a particular patent existed is insufficient to prove actual notice of infringement of that patent." *SSL,* 940 F. Supp. at 487 (citing *Amsted*, 24 F.3d at 187).

Further, Mr. Kennedy cites no evidence that any of the asserted patents were ever discussed during a JEDEC meeting, or that any threat of litigation was imposed to JEDEC committee members. *See, e.g.*, Ex. 1 (Kennedy Rpt.) ¶ 593, n.604.

Netlist's disclosures to JEDEC fail as a matter of law to demonstrate actual notice, and there is no evidence in the record to suggest otherwise.

### 3.    Netlist-Micron Letters

Finally, Netlist argues that letters it sent to Micron provide actual notice of infringement. Two letters are at issue here—an April 28, 2021 letter and an April 1, 2022 letter. Mr. Kennedy

asserts that the earlier of these two letters provides actual notice of infringement for both the '912 and '417 patents. Mr. Kennedy reasons that the earlier letter explicitly identifies the '912 patent and also a patent to which "[t]he '417 Patent claims priority." Ex. 1 (Kennedy Rpt.), ¶ 591. Micron concedes that a *factual dispute* exists as to whether the earlier letter provided actual notice of infringement for the '912 patent.

It is incorrect as a matter of law, however, to assert that the earlier letter—the April 28, 2021 letter—provided actual notice of infringement for the '417 patent, because this letter does not make a single reference to the '417 patent. Notice of a patent, at a minimum, requires at least the identification of the asserted patent number, which the earlier letter fails to do for the '417 patent. *See Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021) ("As we have long explained, the actual notice requirement of § 287(a) is satisfied when the recipient is informed of the ***identity of the patent*** and the activity that is believed to be an infringement . . . .'") (emphasis added); *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997) ("The requirement of actual notice under § 287(a) is designed to assure that the recipient knew of the ***adverse patent*** during the period in which liability accrues . . . .") (emphasis added); *see also CIVIX-DDI, L.L.C. v. Cellco P'ship*, 387 F. Supp. 2d 869, 900 (N.D. Ill. 2005) ("Notifying an alleged infringer of related patents is not sufficient as a matter of law to provide actual notice.")

Even more troubling, the '417 patent ***did not even exist*** at the time of the earlier letter. The '417 patent did not issue until months later, on August 17, 2021. Thus, it was impossible for Netlist to communicate the "identity of the patent" because it was non-existent, and it was impossible for Micron to receive actual notice of infringing this patent. *See Pipp Mobile Storage Sys. v. Innovative Growers Equip., Inc.*, 2022 U.S. Dist. LEXIS 8469, *8 (N.D. Ill. 2022) ("Because the asserted patents did not exist at the time of the alleged notice, it is impossible for that notice to communicate

15

the specific charge of infringement required by the Federal Circuit."); *Livjo, Inc. v. Deckers Outdoor Corp.*, 2011 WL 12516430, at *5 (C.D. Cal. Sep. 27, 2011) ("The Court recognizes that the 2006 letter alone cannot suffice as actual notice because Plaintiff sent it before the patent issued."); *SRI*, 127 F.3d at 1470 (Fed. Cir. 1997) ("The requirement of actual notice under § 287(a) is designed to assure that the recipient ***knew of the adverse patent during the period in which liability accrues*** . . . .") (emphasis added); *CIVIX-DDI*, 387 F. Supp. 2d at 900 ("Whether that license would have eventually included the asserted patents, after they issued, is a different inquiry from whether the letter offering that license communicated a 'specific charge of infringement' of those patents.").

Further, Netlist's earlier letter also failed to identify the application number that led to the '417 patent. This further distances any possible argument that Netlist had actual notice of the '417 patent.

The first time Netlist ***ever*** communicated the '417 patent—or the application leading to the '417 patent—to Micron was in its April 1, 2022 letter to Micron. The first time Netlist ever communicated the '912 patent—or the application leading to the '912 patent—to Micron in conjunction with anything even resembling an assertion of infringement was in its April 28, 2021 letter to Micron. Therefore, this Court should find as a matter of law that actual notice could not have occurred before these dates.

### B.    With Respect to Constructive Notice, Netlist Cannot Show that Netlist or Any Licensee Marked Its Products with the Asserted Patents

Netlist also has not carried its burden to show that Micron had any constructive notice of the '912 and '417 patents. Under the *Arctic Cat I* framework, once Micron discharged its burden to identify unmarked products, Netlist had the burden to prove that the identified products were marked or otherwise not subject to a marking requirement. *Arctic Cat I*, 876 F.3d at 1366, 1368.

16

███████████████████

Here, Micron sent Netlist a letter on May 25, 2023, identifying Netlist products that were not marked but that Micron believed were "patented articles" based on Netlist's allegations (including DDR4 LRDIMMs and DDR4 RDIMMs).[3] Ex. 17, p. 1. In this letter, Micron also identified █████████████████████████████████████████████████████████ ████████ based on Netlist's allegations (including DDR4 LRDIMMs and DDR4 RDIMMs).[4] *Id.*, pp. 1–4. No genuine dispute exists that Netlist licensed the asserted patents to SK hynix. Ex. 10 (NL-MIC-203-463_00030723-741). It is not disputed that ███████████████████████ ████████████████████████████████████████████████████████████████████. Ex. 11, at 30752-53. Netlist never responded to this letter. Nor did Netlist produce any kind of virtual marking page, and more importantly, its corporate representative on the subject admitted Netlist did not have one. *See* Ex. 21 (Hobbs Dep. Tr. Netlist III) at 150:4–151:7. Netlist also never substantively responded to any of Micron's interrogatories requesting that Netlist describe its efforts to comply with the marking provisions in 35 U.S.C. § 287 for all products it contends embody, practice, or fall within the scope of one or more of the asserted claims, as well as its efforts to ensure that any licensees of the asserted patents similarly comply with the marking provisions in 35 U.S.C. § 287. Exs. 9 (Interrog. 21), 18 (Interrog. 13).

Netlist's infringement expert, Dr. Mangione-Smith, briefly asserts in his expert report that ██████████████████████████████████████████████████████████████████ ███████████████████████." Ex. 22 (Dr. Mangione Smith report, Ex. A), ¶ 15; Ex. 23 (NETLIST_SAMSUNG_EDTX00188299). Dr. Mangione-Smith cites one document supporting

---

[3] As stated in the letter, █████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ████████████ x. 17, p. 4.

[4] *See* n.3, above.

this assertion in his report. *Id.* However, even if this were true, Netlist's HyperCloud was a DDR3 product, which is not accused in this case. Ex. 23 (NETLIST_SAMSUNG_EDTX00188299), p. 1. Netlist failed to provide any evidence that its DDR4 (LRDIMMs and DDR4 RDIMMs) products were marked with the asserted patent numbers.

Furthermore, Netlist failed to provide any evidence that the ███████████████ required SK hynix to mark its products under its license agreement. *See* Ex. 10. The ███████ ████████████████████████████████, which is dispositive of Netlist's failure to make reasonable efforts to ensure compliance with the marking requirements. *See, e.g.*, *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864–66 (Fed. Cir. 2020) ("*Arctic Cat II*") (finding that the patentee's failure to contractually require its licensee to mark could not be deemed a "reasonable effort" at marking); *see also In re Yarn Processing Patent Validity Litig. (No. 11)*, 602 F. Supp. 159, 169 (W.D.N.C. 1984) (finding patentee's failure to include license provision requiring its licensees to mark precluded damages until patentee gave actual notice). And the Court found as such in the -203 Litigation. In the -203 Litigation, as it relates to Netlist's ████████████████████████████████████████, Ex. 10, this Court noted that ████████████████████████████████████████████████ ███████████████████████ Ex. 16, p. 9.

The marking statute requires that Netlist (and SK hynix) "consistently mark[] substantially all of its patented products." *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993) (finding no compliance with marking statute where plaintiff distributed unmarked products). Even if it were true that Netlist marked some of its DDR4 (LRDIMMs and DDR4 RDIMMs) products (of which Netlist has offered no evidence), Netlist's failure to show that any SK hynix products practicing the asserted patents were marked—or any requirement that SK hynix

mark—demonstrates Netlist failure to "consistently mark substantially all of its patented products" and satisfy its burden under *Arctic Cat*.

Thus, Netlist has failed to carry its burden to show that Micron had any constructive notice of the asserted patents.

### C.   Netlist Should Be Bound by This Court's Decision in the Related -203 Litigation, Where It Found that Netlist Failed to Provide Constructive Notice

This Court's decision in the -203 Litigation, where this Court determined that Netlist had failed to provide constructive notice by failing to mark any of its DDR4 LRDIMM products, should bind Netlist here.[5] *See* Ex. 16, p. 9 ("The Court finds that Micron has met its burden regarding identification and that evidence of marking has not been provided.") The accused products in the -203 Litigation include "Micron DDR4 LRDIMM products." -203 Litigation, Dkt. 145 (Second Amended Complaint), ¶ 54. Netlist accuses Micron's versions of these same (or similar) products in the present matter. In the present matter, Netlist also accuses Micron's DDR4 LRDIMM products. *See, e.g.*, Ex. 1 (Kennedy Rpt.) ¶¶ 37, 40, 648–49; Dkt. 11 (amended complaint), ¶¶ 39, 41. Micron's *Arctic Cat* letters in both the -203 Litigation and the present matter identify Netlist and SK hynix DDR4 LRDIMM products that had not been marked but were covered by the asserted patents. Ex. 17; -203 Litigation, Dkt. 281-10. Netlist never responded to Micron's letters in either case, and failed to satisfy its burden under the *Arctic Cat* framework. Thus, Netlist should be bound by this Court's prior decision, that Netlist did not mark its DDR4 LRDIMM products.

While the accused products in the present matter also include Micron's DDR4 RDIMM products, Netlist has presented no additional evidence or arguments for why these products satisfy

---

[5] Judge Payne made this determination in a Report & Recommendation in the -203 Litigation. This determination was also made in *Netlist, Inc. v. Samsung Elecs. Co.*, No. 21-cv-463 (E.D. Tex.). *See* Dkt. 432 (Order on Pretrial Motions), p. 3; Dkt. 198 (Samsung's Motion for Summary Judgment on Pre-Suit Damages); Dkt. 23 (Amended Complaint), pp. 18–19 (showing accused products included DDR4 LRDIMM products).

███████████████

the marking requirements of 35 U.S.C. § 287(a), but its DDR4 LRDIMM products do not. And in fact, Micron's *Arctic Cat* letter also identified ███████████████████████ ████████████████████████████████. Ex. 17. Netlist never responded. Netlist also refused to provide a substance response to Micron's interrogatories asking about its efforts to comply with the marking requirements of 35 U.S.C. § 287(a) for either product. Exs. 9 (Interrog. 21), 18 (Interrog. 13). Thus, the Court should similarly find that Netlist did not mark its DDR4 RDIMM products as well.

Further, in the -203 Litigation, the Court also determined that there was insufficient evidence that ██████████████████████████████████████ ████████████████. Ex. 16, p. 9 ("████████████████████████ ██████████████████████████████████"). The court likewise should find so here.

At bottom, the Court should reach the same decision as it did in the -203 Litigation—that is, the Court should be persuaded that Micron met its burden under *Artic Cat*, and that Netlist had not shown constructive notice prior to filing the original complaint.

## VI.    CONCLUSION

Netlist has failed to raise a genuine issue of material fact regarding marking of its products. Micron requests that the Court grant summary judgment that Netlist cannot recover pre-suit damages on the '912 patent before April 28, 2021, and on the '417 patent before April 1, 2022, respectively, because Netlist cannot show that it provided actual pre-suit notice of alleged infringement before these dates, and because it cannot show that it ever provided constructive notice.

Dated: January 16, 2024

Respectfully submitted,

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P. Enzminger
denzminger@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
**WINSTON & STRAWN LLP**
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Juan C. Yaquian
State Bar No. 24110559
JYaquian@winston.com
**WINSTON & STRAWN LLP**
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill (State Bar No. 24032294)
wh@wsfirm.com
Andrea Fair (State Bar No. 24078488)
andrea@wsfirm.com
Charles Everingham IV (State Bar No. 00787447)
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR PRODUCTS,
INC., MICRON TECHNOLOGY TEXAS,
LLC**

## CERTIFICATE OF SERVICE

I certify that, on January 16, 2024, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

/s/ Michael R. Rueckheim
Michael R. Rueckheim

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ Michael R. Rueckheim
Michael R. Rueckheim