UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Civil No. 2:22-cv-00293-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY TEXAS, LLC, et al., <br><br> Defendants. | Civil No. 2:22-cv-00294-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION TO NETLIST'S MOTION FOR SUMMARY JUDGMENT ON SAMSUNG'S PROSECUTION LACHES DEFENSE (DKT. 352)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................................ii

TABLE OF EXHIBITS ..........................................................................................................................iii

TABLE OF ABBREVIATIONS.............................................................................................................iii

I.    RESPONSE TO NETLIST'S STATEMENT OF ISSUES.........................................................1

II.   RESPONSE TO NETLIST'S STATEMENT OF UNDISPUTED FACTS ............................1

III.  ARGUMENT....................................................................................................................................1

      A.    Genuine Disputes of Material Fact Exist as to Whether Netlist's Delay in Prosecution Was Unreasonable and Inexcusable Under the Totality of the Circumstances....................................................................................................................1

      B.    Genuine Disputes of Material Fact Exist as to Whether Netlist's Delay in Prosecution Caused Prejudice .......................................................................................3

      C.    This Court Should Deny Netlist's Motion as to the '912 Patent as Moot ..................................................................................................................................4

IV.   CONCLUSION ................................................................................................................................4

\*      In this brief, all emphasis is added unless noted otherwise.

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cancer Rsch. Tech. Ltd. v. Barr Labs., Inc.*,
    625 F.3d 724 (Fed. Cir. 2010) ................................................................................................. 3

*Jet, Inc. v. Sewage Aeration Sys.*,
    223 F.3d 1360 (Fed. Cir. 2000) ............................................................................................... 2

*Hyatt v. Hirshfeld*,
    998 F.3d 1347 (Fed. Cir. 2021) ............................................................................................... 4

*Monarch Knitting Machinery Corp. v. Sulzer Morat GmbH*,
    139 F.3d 877 (Fed. Cir. 1998) ................................................................................................. 3

*Shire Orphan Therapies LLC v. Fresenius Kabi USA, LLC*,
    No. 15-1102-GMS, 2018 WL 2684097 (D. Del. June 5, 2018) .............................................. 3

*Sonos, Inc. v. Google LLC*,
    No. C 20-06754 WHA, 2023 WL 6542320 (N.D. Cal. Oct. 6, 2023) ................................ 2, 4

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | Samsung Supplemental Responses and Objections to Netlist Amended First Set of Interrogatories, Nos 1-20 (Nov. 20, 2023) (excerpts) |
| 2 | Declaration of Joseph C. McAlexander III (excerpts) |
| 3 | Deposition Transcript of Jeffrey Solomon (Nov. 13, 2023) (excerpts) |
| 4 | File History of U.S. Patent No. 10,268,608 |
| 5 | File History of U.S. Patent No. 9,824,035 |
| 6 | Deposition Transcript of Sung Joo Park (Nov. 23, 2022) (excerpts) |
| 7 | JEDEC Standard, DDR4 Data Buffer Definition, JESD82-32 |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '912 patent | U.S. Patent No. 7,619,912 |
| '608 patent | U.S. Patent No. 10,268,608 |
| '417 patent | U.S. Patent No. 11,093,417 |
| CL | Conclusion of Law |
| *EDTX1* | *Netlist Inc. v. Samsung Electronics Co. Ltd.*, No. 2:21-CV-463 (E.D. Tex.) |

Netlist suggests that Samsung's prosecution laches defenses for the '417 and '608 patents are a "redo" of its *EDTX1* defenses but fails to acknowledge that Samsung's defenses here involve different patents with different prosecutions than those in *EDTX1*. This Court must decide prosecution laches based on the totality of the circumstances of **this** case, which involve different circumstances. Further undercutting Netlist's motion, the Court's prosecution laches determination in *EDTX1* rested on the *EDTX1* jury verdict that the *EDTX1* patents are not invalid for lack of written description. But no such jury finding is present here. The Court should deny Netlist's motion.

## I. RESPONSE TO NETLIST'S STATEMENT OF ISSUES

1. Samsung does not dispute Netlist's description of the issue.

## II. RESPONSE TO NETLIST'S STATEMENT OF UNDISPUTED FACTS

1. Not disputed.

2. Not disputed that Mr. McAlexander did not address prosecution laches as to the '912 patent. Otherwise denied. Samsung's response to Interrogatory No. 1 incorporates by reference its expert reports, and deposition transcripts of Messrs. Han, Jang, Jung, Park, Yoon, Calandra, and Yang. Ex. 1 at 58.

3-4. Not disputed as to the filing and prosecution dates. Denied as to Netlist's non-factual characterizations of its prosecution of the '417 and '608 patents.

## III. ARGUMENT

### A. Genuine Disputes of Material Fact Exist as to Whether Netlist's Delay in Prosecution Was Unreasonable and Inexcusable Under the Totality of the Circumstances

Genuine disputes of material fact exist regarding whether Netlist's delay in prosecution of the '417 and '608 patents was, in fact, unreasonable. While the Court in *EDTX1* addressed whether Netlist's "delay in prosecution was unreasonable and inexcusable under the totality of the circumstances" for the *EDTX1* patents, the totality of the circumstances differs here. *EDTX1*, Dkt.

1

550 at CL 24.  Here, Mr. McAlexander analyzed Netlist's delay for the currently asserted patents under the circumstances present in this case and determined that Netlist's delay was unreasonable.  Ex. 2 at Att. B ¶¶161-92; Ex. 2 at Att. C ¶¶288-302.[1]  Netlist does not meet its summary judgment burden by comparing the prosecution timeline of the patents in *EDTX1* to those here, while failing to address the totality of circumstances for the delay **in this case**.[2]  Indeed, "prosecution laches is not simply a time-counting exercise."  *EDTX1*, Dkt. 550 at CL 24.

Further, genuine disputes of material fact exist as to whether Netlist's used its delay to improperly broaden its invention to incorporate advancements to which it did not contribute.  For example, Netlist added new matter such as "buffer control signals" to the '417 patent's specification when it filed the application on November 25, 2019, more than 14 years after it filed the original 2005 parent application.  *Compare* Dkt. 143-22 at 7-8, 60, *with* Dkt. 143-20 at 13-14, 68.  Netlist represented that the application was simply a continuation of the original 2005 application, but that original application never mentioned "buffer controls signals,"                                     .  Ex. 3 at 143:23-144:16.  Similarly, Netlist added new matter, such as "tristate buffers," to the '608 patent's specification on November 21, 2017, despite continuing to claim priority to an application filed 5 years earlier.  *Compare* Ex. 4 at SAM-NET-293_001546450, *with* Ex. 5 at CC-00050127.  The original application never mentioned this term.  Courts have found patents unenforceable for prosecution laches under similar circumstances.  *See, e.g.*, *Sonos, Inc. v. Google LLC*, No. C 20-06754 WHA, 2023 WL 6542320, at *17, *26 (N.D. Cal. Oct. 6, 2023) (amendment adding new matter after 13 years of prosecution and representation to the PTO that the amendment added

---

[1] Mr. McAlexander's declaration swears to the truth and accuracy of all his reports, and any attachments thereto, under penalty of perjury.  Ex. 2.

[2] Although Netlist argues that the Court's rejection of Samsung's prosecution laches arguments in *EDTX1* should be applied here, Netlist fails to address the elements of issue preclusion.  That is not surprising as issue preclusion is not applicable for the same reasons that make summary judgment based on the *EDTX1* judgment unwarranted.  The facts in this case vary widely from *EDTX1*.  *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1366 (Fed. Cir. 2000).

2

no new matter was "a clear abuse of the PTO's patent examination system"). Although Netlist may dispute that these amendments add matter that improperly broaden the invention, that is a factual dispute. On summary judgment, the Court must draw all reasonable inferences in favor of the non-moving party, here Samsung. *Monarch Knitting Machinery Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 880 (Fed. Cir. 1998).

The Court's *EDTX1* determination does not resolve the dispute over whether Netlist's claim amendments improperly broadened the invention. The Court's *EDTX1* laches determination came after a full jury trial where the issue of the added material was put before the jury, and the jury found that the *EDTX1* patents are not invalid for lack of written description. After the jury trial in *EDTX1*, the Court determined it was "bound" by the jury's verdict. *EDTX1*, Dkt. 550 at CL 22. Here, no jury has reached any conclusions on whether Netlist improperly expanded the scope of its applications. Nor has Netlist moved for summary judgment that the patents are not invalid for lack of written description. Summary judgment is thus inappropriate.

> **B.     Genuine Disputes of Material Fact Exist as to Whether Netlist's Delay in Prosecution Caused Prejudice**

As an initial matter, Netlist's motion applies the wrong legal standard for prejudice. Samsung need not show that it "would have done [anything] differently had Netlist prosecuted its patents sooner," contrary to Netlist's argument. Dkt. 352 at 6. Rather, Samsung need show only that "either [it] or others invested in, worked on, or used the claimed technology during the period of delay." *Cancer Rsch. Tech. Ltd. v. Barr Labs., Inc.*, 625 F.3d 724, 729 (Fed. Cir. 2010).[3]

Not only does Netlist's motion fail to demonstrate the lack of prejudice to Samsung by

---

[3] *Shire Orphan Therapies LLC v. Fresenius Kabi USA, LLC*, does not support Netlist's improper legal standard. No. 15-1102-GMS, 2018 WL 2684097 (D. Del. June 5, 2018). That case states that showing the intervening rights holder would have done something differently is merely one of two ways to show prejudice. *Id.* at *23 ("To show that a party was 'adversely affected,' it must show that the holder of intervening rights would have either done something differently or experienced a change in economic position as a result of the alleged delay in issuance of the patent-in-suit.").

3

Netlist's delay, it demonstrates the exact opposite. In particular, Netlist argues (Dkt. 100 at ¶¶ 13-19, 28-30, 34-36, 42-55, 69-81) that, during the delay, Samsung "invested in building out a line of products that infringed [Netlist's] patents" and that Samsung "worked on, invested in, and used the [accused] technology during the period of [Netlist's] delay." *Sonos*, 2023 WL 6542320, at *18. Indeed, Samsung and others developed DDR4 during the period of delay for both the '417 and '608 patents. Ex. 6 at 91:17-93:15; Ex. 7 at 1 (showing DDR4 data buffer standard published in 2016). Netlist's delay has therefore caused Samsung prejudice.

In addition to actual prejudice due to Samsung's investment in and work on the accused DDR4 products during Netlist's delay, "a clear abuse of the PTO's patent examination system . . . may alone suffice to satisfy the prejudice requirement . . . ." *Hyatt v. Hirshfeld*, 998 F.3d 1347, 1372 (Fed. Cir. 2021). Here, as discussed above, the evidence shows that Netlist improperly delayed its prosecution to capture technology it did not invent, including "buffer control signals" for the '417 patent and "tristate buffers" for the '608 patent.

### C. This Court Should Deny Netlist's Motion as to the '912 Patent as Moot

Samsung does not intend to proceed with a prosecution laches defense for the '912 patent. Samsung thus withdraws that defense, mooting Netlist's motion as to this issue.

## IV. CONCLUSION

For the foregoing reasons, Netlist's motion should be denied.

4

Dated: January 30, 2024

Respectfully submitted,

By: /s/ *Lauren A. Degnan*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-7091
Facsimile: (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 30, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

　　　　　　　　　　　　　　　　　　　　*/s/ Lauren A. Degnan*