UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Civil No. 2:22-cv-00293-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY TEXAS, LLC, et al., <br><br> Defendants. | Civil No. 2:22-cv-00294-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION TO NETLIST'S MOTION FOR SUMMARY JUDGMENT THAT THE ASSERTED PATENTS ARE NOT STANDARD ESSENTIAL (DKT. 356)**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................. ii

TABLE OF EXHIBITS .................................................................................................................... iii

TABLE OF ABBREVIATIONS ...................................................................................................... iv

I.      COUNTER-STATEMENT OF THE ISSUES RAISED BY THE MOTION ....................... 1

II.     RESPONSE TO NETLIST'S STATEMENT OF MATERIAL FACTS ................................. 1

III.    ARGUMENT ................................................................................................................................ 2

        A.      The Parties Genuinely Dispute Whether the Asserted Patents Are JEDEC Essential, Foreclosing Summary Judgment ......................................................................... 2

        B.      Samsung's "If Infringed, Then Essential" Contention Is Proper ................................... 5

        C.      This Court Should Bar Netlist from Pursuing Arguments on Essentiality .................... 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Intel Corp. v. Future Link Sys.*,
    268 F. Supp. 3d 605 (D. Del. 2017)..................................................................................4

*Nissho-Iwai Am. Corp. v. Kline*,
    845 F.2d 1300 (5th Cir. 1988) ..........................................................................................1

*Reeves v. Sanderson Plumbing Prods., Inc.*,
    530 U.S. 133 (2000)..........................................................................................................4

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | Attachment A to McAlexander Initial Expert Report (2023-11-20) (excerpts) |
| 2 | Attachment B to McAlexander Initial Expert Report (2023-11-20) (excerpts) |
| 3 | Attachment C to McAlexander Initial Expert Report (2023-11-20) (excerpts) |
| 4 | Exhibit A-4 to Attachment A to McAlexander Initial Expert Report (2023-11-20) |
| 5 | Exhibit B-6 to Attachment B to McAlexander Initial Expert Report (2023-11-20) |
| 6 | Exhibit C-4 to Attachment C to McAlexander Initial Expert Report (2023-11-20) |
| 7 | Attachment A to McAlexander Rebuttal Expert Report (2023-12-21) (excerpts) |
| 8 | Attachment B to McAlexander Rebuttal Expert Report (2023-12-21) (excerpts) |
| 9 | Attachment C to McAlexander Rebuttal Expert Report (2023-12-21) (excerpts) |
| 10 | Exhibit C to Mangione-Smith Rebuttal Report (2023-12-21) (excerpts) |
| 11 | Redacted Netlist M.S.J. That Asserted Patents Not Standard Essential from *Netlist, Inc. v. Micron Tech. Tex., LLC*, Case No. 2:22-cv-00203-JRG (E.D. Tex.) (2023-11-13) |
| 12 | Declaration of Joseph C. McAlexander III (excerpts) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '912 patent | U.S. Patent No. 7,619,912 |
| '608 patent | U.S. Patent No. 10,268,608 |
| '417 patent | U.S. Patent No. 11,093,417 |
| LRDIMM | Load-Reduced Dual In-Line Memory |
| *Micron EDTX1* | *Netlist, Inc. v. Micron Tech. Tex., LLC*, Case No. 2:22-cv-00203-JRG (E.D. Tex.) |
| PLL | Phase-Lock Loop |
| RDIMM | Registered Dual In-Line Memory |

Genuine disputes of material fact foreclose summary judgment that the patents are **not** essential. Contrary to Netlist's representation, Samsung did carry its burden on essentiality. Netlist has structured its case such that a finding of infringement would necessarily result in a finding of essentiality. Samsung's expert, Mr. McAlexander, accordingly, showed on an element-by-element basis that Netlist's infringement allegations rely solely on the relevant standards to prove infringement. Samsung need not do any more. Netlist's motion should be denied for this reason alone.

Moreover, Netlist should not be permitted to seek summary judgment on standard essentiality because it refused to engage in discovery on the issue. Despite Samsung's repeated requests and motions practice, Netlist withheld the very theories on which it relies in its motion. Netlist's misconduct should not be rewarded. Therefore, Netlist's motion should also be denied under Fed. R. Civ. P. 37, as set forth in Samsung's motion to exclude. Dkt. 374.

**I.    COUNTER-STATEMENT OF THE ISSUES RAISED BY THE MOTION**

1. Whether the Court may enter summary judgment that the asserted patents are not standard essential where Netlist refused to provide its position on essentiality during discovery despite repeated requests, and Samsung's expert opines that the patents are standard essential if they are infringed.

**II.    RESPONSE TO NETLIST'S STATEMENT OF MATERIAL FACTS**

1. Denied. Although Netlist's expert Dr. Mangione-Smith takes the position that the asserted patents are not standard essential in his unsworn rebuttal expert report, Netlist refused to take a position on essentiality during fact discovery.[1] Despite numerous discovery requests and motions practice, Netlist never provided a position on whether the asserted patents are essential. Dkt. 374.

2. Not disputed.

---

[1] The only evidence Netlist cites to support its position on essentiality is its expert's unsworn rebuttal expert report, which is insufficient to support a motion for summary judgment. *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) ("It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment." (collecting cases)).

3. Denied. Mr. McAlexander's expert reports explain that the asserted patents are not infringed, but that a finding of infringement would necessarily result in a finding of essentiality because Netlist relies on only JEDEC DDR4-required functionality to prove every element of at least one asserted claim for each patent. Ex. 1, ¶¶ 184-228; Ex. 2, ¶¶ 193-203, 208-11; Ex. 3, ¶¶ 323-34; Ex. 4; Ex. 5; Ex. 6; Ex. 7, ¶¶ 386-88; Ex. 8, ¶¶ 205-09; Ex. 9, ¶¶ 218-24. *See also* Ex. 12.[2]

### III.  ARGUMENT

#### A.  The Parties Genuinely Dispute Whether the Asserted Patents Are JEDEC Essential, Foreclosing Summary Judgment

Netlist incorrectly asserts that "Samsung has put forward no technical analysis establishing that any claim of the Asserted Patents meets the requirements for essentiality under JEDEC policy." Dkt. 356 at 4. That could not be further from the truth. Netlist acknowledges "[t]he test for essentiality is to compare the patent claims to the standard," Dkt. 356 at 4-5, but ignores Mr. McAlexander's analysis. In his opening report, Mr. McAlexander compares at least one asserted claim of each asserted patent, on an element-by-element basis, to the portions of the DDR4 standards Netlist relies upon for infringement. Ex. 1, ¶¶ 206-28; Ex. 2, ¶¶ 193-203, 208-11; Ex. 3, ¶¶ 323-34; Ex. 4; Ex. 5; Ex. 6. His analysis shows that Netlist relies solely on DDR4 standards for infringement. *Id.* Netlist's motion ignores this opening report, and instead cites to only his rebuttal report.[3] Dkt. 356 at 6. Contrary to Netlist's assertion (*id.* at 2), the experts do not agree on essentiality.

Mr. McAlexander provided sufficient evidence and technical analysis on essentiality for each of the asserted patents that create fact issues foreclosing summary judgment. *Contra* Dkt. 356 at 4-9. The fact that Mr. McAlexander opines that the DDR4 standards Netlist uses for its infringement case

---

[2] Mr. McAlexander's declaration (Exhibit 12) swears to the truth and accuracy of all his reports, and any attachments thereto, under penalty of perjury, including the portions included as Exhibits 1-9.

[3] Mr. McAlexander's rebuttal report demonstrates that the evidence on which Netlist's expert relies (*e.g.*, product datasheets) consists of carbon copies, if not exact copies, of the DDR4 standards addressed in Mr. McAlexander's opening report. Ex. 7, ¶¶ 386-88; Ex. 8, ¶¶ 205-09; Ex. 9, ¶¶ 218-24.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

(and associated products) do not infringe Netlist's patents does not affect essentiality. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mr. McAlexander's report explains that a finding of infringement leads to a finding of essentiality because Netlist's infringement allegations rely solely on DDR4, as explained below for each patent:

**'912 Patent:** *First*, Netlist's assertion that it does not rely on DDR4 standards alone to prove infringement contradicts the record. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mr. McAlexander further demonstrated that Netlist's expert opinions on infringement rely on only the DDR4 standards that form the basis of Netlist's infringement contentions. *Supra* n.3.

*Second*, Netlist's argument that "whether or not Samsung's accused products are standards-compliant does not mean a patent claim that covers those products is standards-essential" is pure misdirection. Dkt. 356 at 4. Mr. McAlexander does not compare the claims to the accused products to assess essentiality. He compares **Netlist's** contentions for each element of each asserted claim to the DDR4 standards on which **Netlist** relies. Ex. 1, ¶¶ 213-23; Ex. 4. The fact that Netlist's expert cites other evidence (*e.g.*, data sheets and deposition testimony) parroting the standards does not mean that the standards do not require the underlying functionality. *See* Ex. 7, ¶¶ 386-88.[4]

*Third*, Netlist's assertion that the '912 patent is not essential because certain accused features are "optional" to the DDR4 standards does not change this result. *Contra* Dkt 356 at 5. As an initial matter, the Court should preclude Netlist from arguing features are standards-optional because it refused to disclose this theory during fact discovery. *See* Dkt. 374. Moreover, supporting the features

---

[4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

on which Netlist bases its infringement case is not "optional," although use of those features by end-users is optional. ████████████████████████████████

████████████████████████████████

████████████████████████████████

In other words, features are required to be supported unless the standard says otherwise. Yet, Netlist fails to identify a single instance in any DDR4 standard indicating the accused features are "optional."[5] For example, Netlist insists that encoded QuadCS mode is "optional," Dkt 356 at 5, but does not show where any DDR4 standard refers to this feature as such.[6] In any event, weighing evidence is improper at this stage. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) ("[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not . . . weigh the evidence." (citations omitted)). Genuine disputes of material fact foreclose summary judgment.

**'417 Patent:** Netlist's allegation that Mr. McAlexander's essentiality analysis for the '417 patent "contains no element-by-element analysis," Dkt. 356 at 6, ignores his opening report which compares each element of claim 1 to the DDR4 standards Netlist relies on for infringement. Ex. 2, ¶¶ 193-203, 208-11; Ex. 5. Netlist's argument about the optionality of PLLs is irrelevant because claim 1 does not recite any limitations covering PLLs and the standards do not refer to them as "optional."[7] Dkt. 356-3, § 8.2.1. Netlist's citations to its own expert's reports are insufficient to support summary judgment—they are unsworn hearsay, *supra* n.1, and at best, they identify a dispute of material fact.

**'608 Patent:** As with the other patents, Mr. McAlexander's opening report analyzes **each**

---

[5] Netlist's citations to deposition testimony are inapposite, as none of the testimony concerns whether supporting the features is required by particular JEDEC standards. *E.g.*, *Intel Corp. v. Future Link Sys.*, 268 F. Supp. 3d 605, 611-12 (D. Del. 2017) (analyzing essentiality solely under the SSO's definition of essentiality); Dkt 356-3, § 8.2.1.

[6] As Samsung explains in its Motion for Partial Summary Judgment Concerning Noninfringement of the '912 patent, Encoded QuadCS mode is disabled by default. Dkt. 353 at 5.

[7] Indeed, Netlist's infringement contentions do not cite any PLLs to allege infringement of claim 1, which Mr. McAlexander analyzes element-by-element. *See* Ex. 5.

4

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

element of the asserted claims of the '608 patent. Ex. 3, ¶¶ 323-34; Ex. 6. Netlist's assertion that Mr. McAlexander analyzed only the "tristate buffer" and "data paths" limitations ignores his rebuttal report. *See* Dkt. 356 at 7-8. Further contrary to Netlist's assertion, Netlist has not shown that the tristate buffer is optional. The data buffer standard on which Netlist relies shows tristate buffers without any indication that they are optional. Ex. 3, ¶¶ 328-29; Dkt. 356-3, § 8.2.1. ████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████ Thus, material disputes of fact preclude summary judgment.

### B. Samsung's "If Infringed, Then Essential" Contention Is Proper

There is nothing improper with Samsung's asserting that a finding of infringement necessitates a finding of essentiality. *Contra* Dkt. 356 at 2-4. For each asserted patent, Netlist relies on functionality required by DDR4 standards for each element of at least one asserted claim. Samsung's position, therefore, simply captures the logical consequence of Netlist's infringement allegations—if the accused products infringe, then the asserted patents are SEPs. Unlike *Micron EDTX1*, in which Judge Payne found that "nothing within the contentions expressly demonstrates that the JEDEC standard is relied upon for the contentions," Dkt. 356 at 3, Mr. McAlexander's opening report shows that Netlist relied **exclusively** on the JEDEC standard for its contentions by comparing each claim element to the DDR4 standards on which Netlist relies. *See supra* Section III.A; *contra* Ex. 11 at 4-5.

### C. This Court Should Bar Netlist from Pursuing Arguments on Essentiality

Finally, the Court should not consider any of Netlist's evidence or arguments on essentiality because Netlist improperly withheld its position on essentiality during fact discovery, forcing Samsung to file a motion to compel, Dkt. 128. The Court should preclude Netlist from asserting any theory of essentiality (or not) under Fed. R. Civ. P. 37, as set forth in Samsung's motion to exclude, Dkt. 374.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Dated: January 30, 2024              Respectfully submitted,

                                     By:   /s/ *Lauren A. Degnan*

Melissa Richards Smith  
melissa@gillamsmith.com  
GILLAM & SMITH, LLP  
303 South Washington Ave.  
Marshall, Texas 75670  
Telephone:     (903) 934-8450  
Facsimile:      (903) 934-9257  

J. Travis Underwood  
Texas Bar No. 24102587  
travis@gillamsmithlaw.com  
GILLAM & SMITH, LLP  
102 North College Avenue, Suite 800  
Tyler, Texas 75702  
Telephone: (903) 934-8450  
Facsimile: (903) 934-9257  

Brian R. Nester  
DC Bar No. 460225  
bnester@cov.com  
COVINGTON & BURLING LLP  
One CityCenter 850 Tenth Street, N  
Washington, DC 20001-4956  
Telephone: (202)-662-6000  

Alice J. Ahn  
CA Bar No. 271399/DC Bar No. 1004350  
aahn@cov.com  
COVINGTON & BURLING LLP  
415 Mission Street, Suite 5400  
San Francisco, CA 94105  
Telephone:  (415) 591-7091  
Facsimile:   (415) 955-6571  

Ruffin B. Cordell  
TX Bar No. 04820550  
cordell@fr.com  
Michael J. McKeon  
D.C. Bar No. 459780  
mckeon@fr.com  
Lauren A. Degnan  
D.C. Bar No. 452421  
degnan@fr.com  
Daniel A. Tishman  
DC Bar No. 1013923  
tishman@fr.com  
FISH & RICHARDSON P.C.  
1000 Maine Avenue, SW  
Washington, DC 20024  
Telephone: (202) 783-5070  
Facsimile:  (202) 783-2331  

Francis J. Albert  
CA Bar No. 247741  
albert@fr.com  
FISH & RICHARDSON P.C.  
12860 El Camino Real, Ste. 400  
San Diego, CA  92130  
Telephone: (858) 678-5070  
Facsimile:  (858) 678-5099  

Thomas H. Reger II  
reger@fr.com  
Texas Bar No. 24032992  
FISH & RICHARDSON P.C.  
1717 Main Street, Suite 5000  
Dallas, Texas 75201  
Telephone: (214) 747-5070  
Facsimile:  (214) 747-2091  

*Attorneys for Defendants Samsung Electronics Co., Ltd.*  
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 30, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

*/s/ Lauren A. Degnan*