# Exhibit 11

██████████████████████████

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-CV-203-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., | ) |
| MICRON SEMICONDUCTOR | ) ███████████ |
| PRODUCTS INC., MICRON | ) |
| TECHNOLOGY TEXAS LLC, | ) |
| | ) |
| Defendants. | ) |

**NETLIST INC.'S MOTION FOR SUMMARY JUDGMENT THAT THE ASSERTED PATENTS ARE NOT STANDARD-ESSENTIAL**

configured); '160 patent, claim 1 (same). Because there is no technical analysis in the record as to whether any asserted claim is essential, summary judgment is appropriate on this issue. *Intel Corp. v. Future Link Sys., LLC*, 268 F.Supp.3d 605 (D. Del. 2017) is instructive. There, the District Court granted summary judgment that there was no RAND obligation where defendants' technical experts failed to provide complete analysis that claims were necessary to practice a standard. *Id.* at 610-12.

### B. The '918 and '054 Patents

There likewise is no genuine dispute of fact that the '918 and '054 Patents are not standard-essential. Netlist does not contend that either patent is standard-essential and confirmed this in its Interrogatory responses. Ex. 4 (Netlist Second Supp. Resp. to Interrogatory No. 15) at 129.

Micron has no evidence sufficient to create a triable issue of fact about whether the '918 and '054 Patents are standard essential. Indeed, Micron's technical expert regarding the '918 and '054 Patents, Dr. Stone, relies on non-essentiality in his obviousness analysis. Ex. 7 (Stone Opening Rpt.) at ¶ 348 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Consistent with Micron's strategy of taking whatever position on essentiality benefits it in the moment — Dr. Stone attempts to assert the opposite opinion in his rebuttal report that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 8 (Stone Rebuttal Rpt.) at ¶ 172. But this does not create a genuine dispute of fact because Dr. Stone does not support this assertion with actual analysis establishing that, as is required by the JEDEC policy, any claim of the '918 or '054 Patents "would necessarily be infringed by the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the required portions of a final approved JEDEC Standard." Ex. 1.

Dr. Stone's section on "essentiality" is limited to five paragraphs (Ex. 8 ¶¶ 172-177) and

contains no analysis comparing the complete claim elements of any claim of the '918 and '054 Patents to the JEDEC standards, much less establishing that any claim is necessarily infringed by practicing the standard. Most of these paragraphs do not address essentiality at all, instead concerning the different issues of whether ▓▓▓▓ (¶¶ 173-175), and where Micron sources its PMIC components (¶ 177). The only paragraph that even arguably addresses essentiality is Paragraph 174, which asserts without explanation that ▓▓▓▓ Ex. 8. This is not sufficient to create a genuine dispute.

**First**, the claims of the '918 and '054 Patents are not limited to a buck converter, and contain many other elements (such as, for example in the '918 Patent, a printed circuit board with a specific configuration, a converter circuit, enumerated output voltages and their supply of the voltages to on-DIMM components such as SDRAM devices, and additional coupled circuits). Therefore, even accepting arguendo that Dr. Stone is correct that a single element of the '918 and '054 Patent claims (a buck converter) is present in the JEDEC standards, this is not the test for essentiality, which requires that the complete claim would "necessarily **be infringed**," i.e., that **all** elements are present in required portions of the standard. Ex. 1 (JM21U) at § 8.2.1 (emphasis added). Dr. Stone provides no analysis establishing this for any claim. Nor does any other Micron witness. Ex. 5 (Halbert Depo.) at 60:11-14 (Micron JEDEC Expert did not analyze essentiality); Ex. 2 (Ross Tr.) at 15:15-22 (same for Micron corporate representative regarding JEDEC); Ex. 3 (Westergard Depo.) at 77:4-12, 77:22-78:5 (same for Micron corporate representative regarding alleged breach of RAND obligation).

*Intel*, 268 F.Supp.3d 605 again is instructive. There, Defendants' expert "wrongly classifies claims as 'Necessary Claims' when '**any element** of the claim—not the claim as a whole—is necessarily embodied by products that implement a PCI–SIG [(PCI Special Interest Group)]

- 5 -

Dated: November 14, 2023	Respectfully submitted,

/s/ *Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

- 9 -