UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>    Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>    Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S RESPONSE TO NETLIST'S
MOTION FOR SUMMARY JUDGMENT DISMISSING SAMSUNG'S
<u>AFFIRMATIVE DEFENSES OF LACHES, ESTOPPEL AND/OR WAIVER (DKT. 342)</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

TABLE OF EXHIBITS ..................................................................................................................... iv

TABLE OF ABBREVIATIONS ........................................................................................................ iv

I.    COUNTER-STATEMENT OF THE ISSUES RAISED BY THE MOTION ....................... 1

II.   RESPONSE TO NETLIST'S STATEMENT OF MATERIAL FACTS ................................. 2

III.  SAMSUNG'S COUNTER-STATEMENT OF MATERIAL FACTS ..................................... 2

IV.   ARGUMENT .............................................................................................................................. 3

    A.   Netlist's Motion Does Not Address Netlist's Failure To Disclose the '912 Patent as Potentially Essential to DDR4, Which Precludes Summary Judgment ..................... 3

    B.   The Parties Genuinely Dispute Whether the Asserted Patents Are SEPs ..................... 3

    C.   Netlist's Jurisdictional Theory Is Unsupported .................................................................. 4

    D.   Summary Judgment Is Also Not Warranted Because Netlist Has Not Offered Any Evidence That the June 2022 Letter Satisfied Its RAND Obligations ................... 5

    E.   Triable Fact Issues Underlie Samsung's Third Additional Defense ............................... 6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akazawa v. Link New Tech. Int'l, Inc.*,
    520 F.3d 1354 (Fed. Cir. 2008) ................................................................................................4

*Beacon Theatres, Inc. v. Westover*,
    359 U.S. 500 (1959) ..................................................................................................................6

*Commonwealth Scientific and Industrial Research Organisation v. Buffalo Technology Inc.*,
    492 F. Supp. 2d 600 (E.D. Tex. 2007) ......................................................................................6

*Evolved Wireless, LLC v. Apple Inc.*,
    No. 15-542-JFB-SRF, 2019 WL 831112 (D. Del. Feb. 21, 2019) ............................................6

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
    407 F. Supp. 3d 631 (E.D. Tex. 2019) ......................................................................................4

*Hynix Semiconductor Inc. v. Rambus Inc.*,
    645 F.3d 1336 (Fed. Cir. 2011) ................................................................................................1

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
    153 F.3d 82 (2d Cir. 1998) .......................................................................................................4

*Multimedia Patent Trust v. Apple Inc.*,
    No. 10-CV-2618-H (KSC), 2012 WL 6863471 (N.D. Cal. Nov. 9, 2012) ................................1

*Optis Wireless Tech., LLC v. Apple Inc.*,
    No. 2:19-CV-00066-JRG, 2020 WL 999463 (E.D. Tex. Mar. 2, 2020) ....................................5

*Optis Wireless Tech., LLC v. Huawei Techs. Co.*,
    No. 2:17-CV-00123-JRG-SRP, 2018 WL 3375192 (E.D. Tex. July 11, 2018) ........................5

*Optis Wireless Technology, LLC v. Huawei Device USA, Inc.*,
    No. 2:17-CV-00123-JRG, 2019 WL 1244707 (E.D. Tex. Mar. 18, 2019) ............................4, 5

*Qualcomm Inc. v. Broadcom Corp.*,
    548 F.3d 1004 (Fed. Cir. 2008) ................................................................................................6

*Radio Sys. Corp. v. Lalor*,
    709 F.3d 1124 (Fed. Cir. 2013) ................................................................................................1

*Sanofi-Aventis U.S. LLC v. Merck Sharp & Dohme Corp.*,
    No. 16-812-RGA, 2018 WL 2272773 (D. Del. May 17, 2018) ................................................4

*TCL Commc'n Tech. Holdings ltd. v. Telefonaktiebolaget LM Ericsson*,
    943 F.3d 1360 ..................................................................................................................6

*United States v. $196,969.00 U.S. Currency*,
    719 F.3d 644 (7th Cir. 2013) ............................................................................................4

*Voda v. Cordis Corp.*,
    476 F.3d 887 (Fed. Cir. 2007) .........................................................................................5

**Statutes**

28 U.S.C. § 1367(a) .......................................................................................................................5

**Other Authorities**

Fed. R. Evid. 408 ..........................................................................................................................5

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | Declaration of Joseph McAlexander (exhibits omitted) |
| 2 | Initial Report of Joseph McAlexander (served Nov. 20, 2023) (excerpts) |
| 3 | Rebuttal Report of Joseph McAlexander (served Dec. 21, 2023) (excerpts) |
| 4 | Declaration of Lauren Kindler (exhibits omitted) |
| 5 | Rebuttal Report of Lauren Kindler (served Dec. 21, 2023) (excerpts) |
| 6 | Transcript of Pre-Trial Conference from *EDTX1* (March 28, 2023) (public, excerpts) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| DDR4 | Double Data Rate 4 |
| [F]RAND | [Fair,] Reasonable and Non-Discriminatory |
| JDLA | Joint Development & License Agreement, *see* Dkt. 337 |
| JEDEC | JEDEC Solid State Technology Association |
| SEP | Standard-Essential Patent |
| SSMF | Samsung's Counter-Statement of Material Facts |
| SSO | Standard-Setting Organization |

███████████████████████████████████████

Netlist's motion to bar the equitable defenses created by its JEDEC misconduct is misdirected and inaccurate. In sum, Netlist argues that the Court should dismiss Samsung's entire Third Additional Defense (Laches, Estoppel and/or Waiver) because: (1) its patents are not SEPs; and (2) this Court lacks jurisdiction to consider one aspect of Samsung's equitable defenses—whether Netlist violated its RAND obligations—because ███████████████████████████████████

███████████████████████████████████

As explained in Samsung's opposition to Netlist's motion for summary judgment that the asserted patents are not standard essential (Dkt. 356), there are genuine disputes of material fact as to whether the asserted patents are essential under Netlist's infringement theory. In addition, Netlist cannot divest this Court of jurisdiction to evaluate compliance with RAND merely by ██████ ██████████████████████████ Netlist's motion also seeks relief far beyond the scope of what it actually addresses. Although the motion purports to seek dismissal of an entire defense—the Third Additional Defense of "Laches, Estoppel, and/or Waiver"—it addresses only one small aspect of that defense related to RAND obligations. Samsung's defense also includes equitable estoppel based on Netlist's failure to disclose the '912 patent as essential to DDR4, as set forth in Samsung's opposition to Netlist's motion for summary judgment on equitable estoppel (Dkt. 357).[1]

## I.    COUNTER-STATEMENT OF THE ISSUES RAISED BY THE MOTION

1. Whether the Court should enter summary judgment that the asserted patents are not SEPs

---

[1] Equitable estoppel bars a patentee's right to relief where: "(1) the patentee, through misleading conduct (or silence), leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer; (2) the alleged infringer relies on that conduct; and (3) the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim." *Radio Sys. Corp. v. Lalor*, 709 F.3d 1124, 1130 (Fed. Cir. 2013). In the context of SSOs, the first two prongs are met where first "the patentee had a duty of disclosure to the standard setting organization" and second "the patentee breached that duty." *Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1348 (Fed. Cir. 2011). Further, a patentee's failure to deliver on its obligation to license on RAND terms may support equitable relief. *E.g.*, *Multimedia Patent Trust v. Apple Inc.*, No. 10-CV-2618-H (KSC), 2012 WL 6863471, at *21 (N.D. Cal. Nov. 9, 2012). Additionally, Samsung addresses laches in its response to Netlist's motion for summary judgment on prosecution laches (Dkt. 352).

1

where Samsung's expert opines that the patents are standard essential if they are infringed.[2]

2. Whether the Court, though having jurisdiction over Netlist's patent infringement claims, nevertheless lacks jurisdiction to adjudicate certain defenses to those claims that stem from Netlist's failure to comply with RAND obligations and failure to comply with its duty of disclosure to JEDEC.

## II. RESPONSE TO NETLIST'S STATEMENT OF MATERIAL FACTS

1. Not disputed.

2. Samsung does not dispute that ███████████████████████████████████████████████████████████████████████████ Dkt. 342-3 at 2. Samsung disputes that a license was required because Samsung is licensed via the JDLA. Dkt. 337. Samsung disputes that the letter satisfied Netlist's obligation to offer licenses to SEPs on RAND terms. *See* Ex. 4; Ex. 5, ¶¶ 67-71. The letter failed to satisfy Netlist's RAND obligation both in terms of the unreasonable royalty sought by Netlist and ███████████████████████████████████████████

## III. SAMSUNG'S COUNTER-STATEMENT OF MATERIAL FACTS

1. Samsung's Answer explains how equitable estoppel and waiver bar Netlist's claims, because Netlist failed: (1) to comply with its RAND obligations, and (2) to disclose the '912 patent as being potentially essential to DDR4, despite its belief that it was. Dkt. 145 at 22-23.

2. Samsung's technical expert Mr. Joseph McAlexander has explained how an infringement finding (although wrong) would establish essentiality because, for at least one claim of each patent, Netlist solely attacks functionality that must be supported under JEDEC DDR4 standards. *See* Exs. 1-3. Samsung's damages expert, Ms. Lauren Kindler has explained how there have been no RAND-compliant offers for the asserted patents. Ex. 5, ¶¶ 67-71, 230-34. Samsung's response to Netlist's

---

[2] Netlist's motion for summary judgment that the asserted patents are not essential (Dkt. 356) also presents this issue, and denial is further warranted for the reasons in Samsung's response thereto.

2


motion (Dkt. 357) on equitable estoppel explains how Netlist did not disclose the '912 patent as potentially essential to DDR4, despite believing it to be. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. 342-4.

## IV. ARGUMENT

### A. Netlist's Motion Does Not Address Netlist's Failure To Disclose the '912 Patent as Potentially Essential to DDR4, Which Precludes Summary Judgment

The Court should deny Netlist's motion because it seeks dismissal of Samsung's entire Third Additional Defense ("Laches, Estoppel and/or Waiver") based on just one aspect of that defense, without addressing Netlist's failure to comply with its duty to disclose potentially essential patents to JEDEC. Samsung's Third Additional Defense presents two related bases for waiver and equitable estoppel: (1) Netlist's failure to offer RAND terms for the asserted patents; and (2) its failure to disclose the '912 patent as potentially essential to DDR4. Netlist's motion does not even discuss the latter, which is covered by an entirely different motion regarding Samsung's equitable estoppel defense (Dkt. 357). In short, Netlist believed the '912 patent to be essential to DDR4, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and having asserted it in this litigation based on compliance with DDR4 standards. *See* SSMF, ¶ 2. Yet, Netlist intentionally did not disclose the '912 patent to JEDEC as essential to DDR4. *Id.* Because such failure to disclose would support equitable estoppel even without considering Netlist's failure to make RAND offers, the Court should deny Netlist's motion seeking dismissal of Samsung's Third Additional Defense.

### B. The Parties Genuinely Dispute Whether the Asserted Patents Are SEPs

Further, the Court should not grant summary judgment on the basis that the asserted patents are not essential. As Netlist acknowledges, briefing on other motions addresses that issue. *See* Dkt. 342 at 2-3. Samsung's opposition to Netlist's motion for summary judgment that the asserted patents are not essential (Dkt. 356) explains that genuine issues of material fact preclude summary judgment of non-essentiality. As Mr. McAlexander has explained, Netlist relies on DDR4 standards for every

3

element of at least one asserted claim of each asserted patent, such that a finding of infringement would mean that the asserted patents are essential to DDR4. *See* SSMF, ¶ 2.

### C. Netlist's Jurisdictional Theory Is Unsupported

Contrary to Netlist's assertion, Netlist's 2022 offer letter does not defeat the Court's jurisdiction over Samsung's Third Additional Defense. *See* Dkt. 342 at 3-5. Netlist conflates the distinction between a court's jurisdiction over **claims** arising under foreign law (as in the *Optis* cases), and its jurisdiction to hear a **defense** against domestic claims that involves ▇▇▇▇▇▇▇▇▇▇.

Numerous cases confirm that mere references to foreign patents (or other foreign instruments) in a defense do not defeat jurisdiction. To the contrary, U.S. courts regularly analyze and consider foreign law, foreign contracts, and foreign patents when necessary to resolve claims within their subject-matter jurisdiction. *E.g.*, *Akazawa v. Link New Tech. Int'l, Inc.*, 520 F.3d 1354, 1357-58 (Fed. Cir. 2008) (requiring application of Japanese intestacy law to patent ownership dispute); *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 407 F. Supp. 3d 631, 636-37 (E.D. Tex. 2019) (applying French contract to determine FRAND obligation); *see also Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 90-91 (2d Cir. 1998) (applying Russian law to ownership dispute); *Sanofi-Aventis U.S. LLC v. Merck Sharp & Dohme Corp.*, No. 16-812-RGA, 2018 WL 2272773, at *4-5 (D. Del. May 17, 2018) (applying German law to license interpretation). "[A] separate basis of jurisdiction is not required for a defense—a court that has jurisdiction over a case has jurisdiction over the defenses." *United States v. $196,969.00 U.S. Currency*, 719 F.3d 644, 646 (7th Cir. 2013).

None of the cases on which Netlist relies indicate that this Court lacks jurisdiction to address a defense involving ▇▇▇▇▇▇▇▇▇▇. *Optis Wireless Technology, LLC v. Huawei Device USA, Inc.*, No. 2:17-CV-00123-JRG, 2019 WL 1244707 (E.D. Tex. Mar. 18, 2019), on which Netlist principally relies, discusses a partially foreign **claim** (i.e., a plea for declaratory judgment of worldwide FRAND compliance). 2019 WL 1244707, at *7. It does not discuss a **defense**. Netlist's citations to

4

other *Optis* cases fare no better. *See Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2020 WL 999463, at *2-4 (E.D. Tex. Mar. 2, 2020) (analyzing similar claim for declaratory judgment of FRAND compliance); *Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No. 2:17-CV-00123-JRG-SRP, 2018 WL 3375192, at *8 (E.D. Tex. July 11, 2018) (similar).[3]

### D. Summary Judgment Is Also Not Warranted Because Netlist Has Not Offered Any Evidence That the June 2022 Letter Satisfied Its RAND Obligations

Netlist's contention that its June 2022 letter included a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *see* Dkt. 342 at 2, 3, is incomplete and unsupported. As a preliminary matter, and as Samsung's motion to preclude (Dkt. 374) explains, Netlist actively **refused** during discovery to provide its position on essentiality, such that it should be precluded from making a RAND argument based on the June 2022 latter. Further, in *EDTX1,* Netlist convinced the Court that Samsung's experts should not be able to consider the June 2022 letter ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 6 at 235, 247, 249. Netlist should be precluded from reversing course now. Dkt. 374.

Additionally, the letter cannot support summary judgment for Netlist because Netlist's motion provides no evidence to suggest that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ At the same time, Ms. Kindler has explained that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SSMF, ¶ 2. As this Court noted in *Optis-Apple*, evidence, not conjecture, is generally required to "extricate" relevant patents and terms for a RAND analysis. 2020 WL 999463, at *4. The Federal Circuit has not yet approved any particular rubric for analyzing whether and in what circumstances a ▮▮▮▮▮▮▮ might satisfy a patentee's RAND obligation as to a particular patent (or group of patents). Netlist's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, particularly

---

[3] *Voda v. Cordis Corp.*, 476 F.3d 887 (Fed. Cir. 2007), also does not support Netlist. *Voda* explains how a district court abused its discretion by exercising 28 U.S.C. § 1367(a) supplemental jurisdiction over infringement claims asserting foreign patents. 476 F.3d at 904. Although relevant to the *Optis* cases, *Voda* is inapplicable here because the RAND issues arise by affirmative defense, not new claims.

in view of Netlist's failure to tender evidence attempting to isolate the terms as they relate to the asserted patents, in insufficient to satisfy Netlist's RAND obligation.

### E. Triable Fact Issues Underlie Samsung's Third Additional Defense

Samsung's Third Additional Defense also invokes factual issues that are appropriate for a jury, and Netlist's proposal to "sever" that defense is improper. *See* Dkt. 342 at 5. Critically, the 2022 offer letter, and its surrounding circumstances, have obvious relevance to the jury's role in determining damages and may not be removed to bench determination. *TCL Commc'n Tech. Holdings ltd. v. Telefonaktiebolaget LM Ericsson*, 943 F.3d 1360, 1372 ("The 'right to a jury trial of legal issues' cannot be 'lost through prior determination of equitable claims.'" (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 511 (1959))). As to other issues, the Federal Circuit has approved the use of advisory verdicts to support the factual underpinnings of a district court's equitable determinations. *See Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1012 (Fed. Cir. 2008) ("The existence of a disclosure duty is a legal question with factual underpinnings. In the present case, one such factual underpinning is [certain] participants' understanding of the meaning of the [SSO's] IPR policies." (citations omitted)).

None of the cases on which Netlist relies prohibits presenting such issues to the jury. *Evolved Wireless, LLC v. Apple Inc.*, No. 15-542-JFB-SRF, 2019 WL 831112, at *7 (D. Del. Feb. 21, 2019), declined to enter partial summary judgment of no damages from breach of a FRAND term due to material fact questions.[4] It did not resolve the issue, and certainly did not preclude a jury presentation. Moreover, *Commonwealth Scientific and Industrial Research Organisation v. Buffalo Technology Inc.*, 492 F. Supp. 2d 600, 603 (E.D. Tex. 2007), merely states that injunctions are a species of equitable relief. It does not support depriving a defendant of a jury trial on factual issues underpinning equitable defenses.

---

[4] *Evolved Wireless*'s statement that "the damages for a breach of FRAND obligations are equitable in nature (as analogous to equitable damages for bad faith)" was limited to the damages awardable in that case, where the claimant had not demonstrated legal damages from breached FRAND obligations. 2019 WL 831112, at *7. It was not, as Netlist inaccurately styles it, a holding that remedies relating to FRAND are always equitable.

6

Dated: January 30, 2024

Respectfully submitted,

By: /s/ Lauren A. Degnan

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:   (903) 934-8450<br>Facsimile:    (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:   (415) 955-6571 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 30, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

*/s/ Lauren A. Degnan*

8