████████████████████████

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | Civil No. 2:22-cv-00293-JRG |
| Plaintiff, | (Lead Case) |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD., et al., | |
| Defendants. | |
| NETLIST, INC., | Civil No. 2:22-cv-00294-JRG |
| Plaintiff, | (Member Case) |
| v. | **JURY TRIAL DEMANDED** |
| MICRON TECHNOLOGY TEXAS, LLC, et al., | |
| Defendants. | |

**SAMSUNG'S OPPOSITION TO NETLIST'S MOTION FOR SUMMARY JUDGMENT ON SAMSUNG'S AFFIRMATIVE DEFENSE OF CLAIM PRECLUSION (DKT. 365)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

TABLE OF EXHIBITS ............................................................................................ iii

TABLE OF ABBREVIATIONS ................................................................................. iii

I.      RESPONSE TO NETLIST'S STATEMENT OF ISSUES ................................ 1

II.     RESPONSE TO NETLIST'S STATEMENT OF UNDISPUTED FACTS ...................... 1

III.    SAMSUNG'S COUNTERSTATEMENT OF MATERIAL FACTS ................................. 1

IV.     ARGUMENT ........................................................................................ 1

        A.      The *EDTX1* Final Judgment Gives Rise to Claim Preclusion.................................. 1

        B.      The *EDTX1* Final Judgment Precludes Netlist's Assertion of the '608 Patent........................................................................................................ 2

* In this brief, all emphasis is added unless noted otherwise

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acumed LLC v. Stryker Corp.*,
    525 F.3d 1319 (Fed. Cir. 2008)................................................................................................2

*Elbaor v. Tripath Imaging, Inc.*,
    279 F.3d 314 (5th Cir. 2002)..................................................................................................2

*In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*,
    628 F.3d 157 (5th Cir. 2010)..................................................................................................2

*G.A. Thompson & Co. v. Partridge*,
    636 F.2d 945 (5th Cir. 1981)..................................................................................................1

*Garber v. Chicago Mercantile Exch.*,
    570 F.3d 1361 (Fed. Cir. 2009)..............................................................................................1

*Gillig v. Nike, Inc.*,
    602 F.3d 1354 (Fed. Cir. 2010)..............................................................................................2

*Harris v. Devon Energy Prod. Co.*,
    500 F. App'x 267 (5th Cir. 2012)...........................................................................................2

*Houston Prof'l Towing Ass'n v. City of Houston*,
    812 F.3d 443 (5th Cir. 2016)..................................................................................................2

*SimpleAir, Inc. v. Google LLC*,
    884 F.3d 1160 (Fed. Cir. 2018)..............................................................................................2

## TABLE OF EXHIBITS[1]

| # | Description |
|---|---|
| A | August 20, 2019, Office Action, U.S. Patent Application No. 16/391,151 (now U.S. Patent No. 10,860,506) (excerpts) |
| B | Terminal Disclaimer, U.S. Patent Application No. 16/391,151 (now U.S. Patent No. 10,860,506) |
| C | Complaint, *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) (excerpts) |
| D | Third Amended Complaint Against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc., *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:22-CV-293 (E.D. Tex.) (excerpts) |
| E | Plaintiff Netlist Inc.'s Second Supplemental Disclosure of Asserted Claims and Infringement Contentions (excerpts) |
| F | Exhibit D ('608 Patent) to Opening Expert Report of Dr. William Henry Mangione-Smith (excerpts) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '506 patent | United States Patent No. 10,860,506 |
| '608 patent | United States Patent No. 10,268,608 |
| DDR4 | Double Data Rate 4 |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| JDLA | Joint Development and License Agreement (Dkt. 273-7) |
| LRDIMM | Load-Reduced Dual Inline Memory Module |
| RDIMM | Registered Dual Inline Memory Module |
| SSMF | Samsung's Counter-Statement of Material Facts |

---

[1] Citations to Exs. 1-5 refer to exhibits attached to Netlist's motion. *See* Dkt. 365-2 to 365-6.

Netlist's motion for summary judgment of no claim preclusion should be denied as contrary to the law and facts—the *EDTX1* judgment covers Netlists infringement allegations for the '608 patent claims, which are essentially the same as the '506 patent claims asserted in *EDTX 1*.

## I.    RESPONSE TO NETLIST'S STATEMENT OF ISSUES

1.    Is Netlist entitled to summary judgment on Samsung's claim preclusion defense?

## II.    RESPONSE TO NETLIST'S STATEMENT OF UNDISPUTED FACTS

2.    Disputed.  Netlist never moved to dismiss the '506 patent from *EDTX1* and this Court never dismissed it without prejudice.  Netlist's '506 patent infringement claim remained pending when this Court entered final judgment denying "[a]ll other requests for relief."  Ex. 2 at 4.

## III.    SAMSUNG'S COUNTERSTATEMENT OF MATERIAL FACTS

1.    During prosecution of the '506 patent, the examiner issued a double patenting rejection over the '608 patent and compared the claim language to establish that the claims were patentably indistinct.  Ex. A at 2-6.  Netlist filed a terminal disclaimer in response.  Ex. B.

2.    Netlist accuses the same products (DDR4 LRDIMMs) of infringing both the '608 and '506 patents based on substantially overlapping allegations.  Ex. C, ¶¶ 39-51; Ex. D, ¶¶ 69-81.  Netlist has not accused Samsung's RDIMMs of infringing the '608 patent.  Ex. D, ¶¶ 69-81; Ex. E; Ex. F.

## IV.    ARGUMENT

### A.    The *EDTX1* Final Judgment Gives Rise to Claim Preclusion

Netlist argues that there was no final judgment for the '506 patent, but applies the wrong law. Whether the '506 patent was dismissed is "a purely procedural question" governed by "the law of the regional circuit."  *Garber v. Chicago Mercantile Exch.*, 570 F.3d 1361, 1363 (Fed. Cir. 2009).  Thus, Netlist's reliance on *Sandisk* and cases applying it is erroneous.  Under Fifth Circuit law, a party's "abandonment" of a claim does not dismiss it without prejudice absent a stipulation or a motion and order dismissing the claim.  *G.A. Thompson & Co. v. Partridge*, 636 F.2d 945, 951-53 (5th Cir. 1981).

Nor would dismissal without prejudice have been permissible.  After a defendant answers, a court may not unconditionally dismiss without prejudice if it would "cause plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317-18 (5th Cir. 2002).  It causes "[p]lain legal prejudice" to dismiss without prejudice "at a late stage of pretrial proceedings." *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162-163 (5th Cir. 2010); *Harris v. Devon Energy Prod. Co.*, 500 F. App'x 267, 268 (5th Cir. 2012).  Netlist chose to wait until the eve of trial to narrow its claims.  Ex. 1.  It chose not to move for dismissal without prejudice, thus depriving this Court of an opportunity to craft curative conditions.  *Elbaor*, 279 F.3d at 317-18.  Thus, final judgment encompassed Netlist's claim for infringement of the '506 patent.  Ex. 2 at 4.

**B.    The *EDTX1* Final Judgment Precludes Netlist's Assertion of the '608 Patent**

Netlist's '608 patent allegations do not raise a new claim.  "[A] claim is defined by the transactional facts from which it arises," based on whether the facts "are related in time, space, origin, or motivation, [and] whether they form a convenient trial unit." *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323-24 (Fed. Cir. 2008); *Houston Prof'l Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016).  No expert testimony is needed to discern that Netlist's '506 and '608 patent allegations involve "the same nucleus of operative facts." *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1362-63 (Fed. Cir. 2010). The claims are "essentially the same" on their face, Netlist's infringement allegations overlap extensively, and Netlist's "terminal disclaimer is a strong clue" that the claims "lacked a patentable distinction." *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1167-68 (Fed. Cir. 2018); SSMF ¶¶ 1-2.

Netlist's arguments are unavailing.  Netlist argues minor differences between the claims avoid claim preclusion; but the vast majority of limitations and relevant facts are the same, as the examiner showed in his double patenting rejection.  SSMF ¶ 1.  Netlist's only other argument—that "the accused products are different" because "Netlist asserts that Samsung's DDR4 RDIMMs infringe the '608 Patent," Dkt. 365 at 4—is incorrect; Netlist accused only LRDIMMs for both patents.  SSMF ¶ 2.

2

Dated:  January 30, 2024

Respectfully submitted,

By:    /s/  Lauren A. Degnan

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:      (903) 934-8450
Facsimile:      (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

████████████████████████████████

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 30, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.


 */s/ Lauren A. Degnan*


████████████████████████████████

██████████████████████████████████████

████████████████████████

████████████████