# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD, ET AL., <br><br> Defendant. | Case No. 2:22-cv-293-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG (Member Case) <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' PARTIAL OPPOSITION TO PLAINTIFF NETLIST, INC.'S MOTION FOR SUMMARY JUDGMENT ON MICRON'S <u>AFFIRMATIVE DEFENSES (DKT. 366)</u>**

1

## I. Micron's Response to Summary Judgment on Affirmative Defenses Nos. 4, 5, 7, 17, and Portions of Affirmative Defense No. 16

Defendants ("Micron") are not pursuing (i) Prosecution History Estoppel (Affirmative Defense No. 4); (ii) Waiver and Estoppel (Affirmative Defense No. 5); (iii) Statute of Limitations (Affirmative Defense No. 7); (iv) Inequitable Conduct or Unclean Hands (Affirmative Defense No. 16); and (v) 28 U.S.C. § 1498 (Affirmative Defense No. 17). Therefore, Plaintiff ("Netlist's") Motion is moot with respect to those grounds.

## II. Micron's Response to Summary Judgment on the Defenses of License and Covenant Not to Sue and Exhaustion (Affirmative Defense Nos. 6 and 13)

Micron is opposing Netlist's Motion for Summary Judgment on the defense of (i) License and Covenant Not to Sue, and (ii) Exhaustion because ███████████████████████ ███████████████████████████████████████. Specifically, ███████████████ ███████████████████████████████████████████████████████████ ███████████████████████. Contrary to Netlist's statement in its motion, Micron did provide this information in discovery and Netlist has been on clear notice of Micron's reliance of this evidence in support of its affirmative defenses since September 14, 2023. Micron produced this information in Exhibit A to its Supplemental Responses to Netlist's First Set of Interrogatories in *Netlist v. Micron*, Case No. 2:22-cv-00203, and the parties have an agreement to be able to cross-reference discovery between the -203 and -294 matters. An excerpt of the spreadsheet indicating the licensed products is provided below:

[redacted]

Micron also cited support for these affirmative defenses in its Expert Report of Dr. Harold Stone Regarding Non-Infringement of Plaintiff's U.S. Patent Nos. 7,619,912 and 11,093,417, served on December 21, 2023. An excerpt of that report is provided below:



Thus, summary judgment dismissing Micron's (i) license and covenant not to sue and (ii) exhaustion defenses is not appropriate, and Netlist's motion on this basis should be denied.

### III.    Micron's Response to Summary Judgment on the Defense of Laches (Affirmative Defense No. 16)

Micron is opposing Netlist's Motion for Summary Judgment on the defense of prosecution laches on the basis that Netlist unreasonably, inexcusably, and prejudicially delayed in prosecuting claims of the '417 Patent for over fourteen years. Here, Netlist is asserting that the '417 Patent, filed in 2019, claims a priority date of at least March 7, 2005.

Prosecution laches "render[s] a patent unenforceable when it has issued only after an unreasonable and unexplained delay in prosecution that constitutes an egregious misuse of the

statutory patent system under a totality of the circumstances." *Hyatt v. Hirshfeld*, 998 F.3d 1347, 1360 (Fed. Cir. 2021). "Prosecution laches as a defense to infringement requires proof of two elements: (a) that the patentee's delay in prosecution was unreasonable and inexcusable under the totality of the circumstances; and (b) that the accused infringer or the public suffered prejudice attributable to the delay." *Seagen Inc. v. Daiichi Sankyo Co.*, 2:20-CV-00337-JRG, 2022 WL 2789901, at *4 (E.D. Tex. July 15, 2022).

In *Sonos, Inc. v. Google LLC*, 20-06754 WHA, 2023 WL 6542320 (N.D. Cal. Oct. 6, 2023), the Court found that the patents-in-suit were unenforceable where the patent owner "filed the provisional application from which the patents in suit claim priority in 2006, but it did not file the applications for these patents and present the asserted claims for examination until 2019." *Id.* at *1. There, the patent owner there, Sonos, argued that it diligently prosecuted the family of patent applications complied with the statutory requirements and PTO regulations. *Id*. at *17. The Court, however, found that a patent applicant must also "prosecute its applications in an equitable way that avoids unreasonable, unexplained delay that prejudices others." *Id.* (citing *Hyatt*, 998 F.3d at 1360). That Sonos "diligently" prosecuted patent applications for thirteen years rendered the delay all the more unreasonable and inexcusable. *Id.*

Similarly, at all relevant times in the more than fourteen years it took for Netlist to present its claims, Netlist had related applications on file. It would have been a small step for Netlist to amend those applications to claim the present alleged inventions. Likewise, nothing prevented Netlist from filing parallel applications with new claims covering the invention. Netlist did not have to run out its string of inert applications before turning to claim the invention that mattered.

Finally, just as the court found in *Sonos*, in considering the totality of the circumstances, including the prosecution history of the related patents and the overall delay in issuing claims,

4

there was unreasonable and inexcusable delay in prosecution of the '417 Patent, to the extreme prejudice of Micron and others. *Sonos*, 2023 WL 6542320 at *19. For example, Micron invested in building a line of products and there is no question that Micron worked on, invested in, and used the technology during the period of Netlist's delay. *Id.* The industry had also come together in the JEDEC standard development. By the time the '417 issued in 2019, "the industry had already marched on and put the claimed invention into practice." *Id.* at *1.

For the reasons stated above, Netlist's Motion on the defense of prosecution laches should be denied. Netlist's patents were issued after an unreasonable, inexcusable and prejudicial delay.

Dated: January 30, 2024						Respectfully submitted,

/s/ *Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (*pro hac vice*)
RPark@winston.com
Matthew R. McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520

Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR PRODUCTS,
INC., MICRON TECHNOLOGY TEXAS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of January 2024 the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including counsel of record for Plaintiff Netlist.

*/s/ Michael Rueckheim*
Michael Rueckheim

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Michael Rueckheim*
Michael Rueckheim