UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>      Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>      Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION TO NETLIST'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SAMSUNG'S INVALIDITY DEFENSES (DKT. 343)**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ii

TABLE OF EXHIBITS ........................................................................................................................iii

TABLE OF ABBREVIATIONS..........................................................................................................iv

I.    COUNTER-STATEMENT OF THE ISSUES RAISED BY THE MOTION .......................1

II.    RESPONSE TO NETLIST'S STATEMENT OF MATERIAL FACTS.................................1

III.    ARGUMENT ...................................................................................................................................1

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ironburg Inventions Ltd. v. Valve Corp.*,
    64 F.4th 1274 (Fed. Cir. 2023) ................................................................................................1

*Jet, Inc. v. Sewage Aeration Sys.*,
    223 F.3d 1360 (Fed. Cir. 2000)................................................................................................2

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | IPR2023-00847, Netlist Request for Director Review (Dec. 26, 2023) |
| 2 | IPR2022-00062, Final Written Decision, Paper 54 (May 8, 2023) |
| 3 | IPR2022-00064, Final Written Decision, Paper 54 (May 9, 2023) |
| 4 | IPR2022-00062, Patent Owner's Preliminary Response, Paper 7 (Feb. 18, 2022) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| *Samsung I* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| IPR | *inter partes* review |
| PTAB | Patent Trial and Appeal Board |
| JEDEC | Joint Electron Device Engineering Council |
| '608 patent | U.S. Patent No. 10,268,608 |
| JEDEC Proposals | Collectively, JEDEC Committee Item Numbers 142.62B, 158.01, 311.12, 311.13, and 311.14 sponsored by ███. Dkt. 343-4 ¶¶ 206-07. |

Netlist's motion to prevent Samsung from using certain JEDEC Proposals to show invalidity of the '608 patent (because of Samsung's *Sotera* stipulation) runs contrary to proceedings in the PTAB. Netlist argues that Samsung could have raised the JEDEC Proposals in the IPRs, but whether Samsung could have done so is a disputed fact. Notably, Netlist has taken the opposite position in the PTAB (i.e., that Samsung cannot use JEDEC documents like the JEDEC Proposals in the IPRs), and the PTAB has left this very issue as a live dispute.

### I.   COUNTER-STATEMENT OF THE ISSUES RAISED BY THE MOTION

1. Whether genuine issues of material fact prevent Netlist from meeting its burden to show that Samsung could have raised the JEDEC Proposals in the IPR, when the PTAB has not allowed similar proposals in past IPRs.

### II.   RESPONSE TO NETLIST'S STATEMENT OF MATERIAL FACTS

1. Not disputed.

2. Not disputed. Samsung stands by its *Sotera* stipulation and will abide by it. However, Netlist omits that it requested Director review of the PTAB's decision to institute IPR on the '608 patent on December 26, 2023. Ex. 1. Netlist also omits that the PTAB did not resolve whether a JEDEC ballot proposal could be used in previous Samsung IPRs against Netlist. Ex. 2 at 9 n.4; Ex. 3 at 9 n.4.

3. Not disputed.

### III.   ARGUMENT

A genuine dispute exists as to whether Samsung's *Sotera* stipulation applies to the asserted JEDEC Proposals. The JEDEC Proposals were not raised in IPR, and Netlist has not met its burden to show they could have been raised in IPR. *See Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1297-99 (Fed. Cir. 2023) (holding that the burden is on the patent holder to show that the challenger reasonably could have raised the prior art in its IPR petition). Notably, in other IPR proceedings,

1

namely IPR2022-00062 and IPR2022-00064, Netlist argued that Samsung should **not** be allowed to use a JEDEC ballot proposal similar to the JEDEC Proposals in this case because it was not a printed publication. Ex. 4 at 6 ("JEDEC is not a 'printed publication.'"). The PTAB left the issue unresolved, instead invalidating the patents on other grounds. Ex. 2 at 9 n.4; Ex. 3 at 9 n.4.

This Court likewise has not addressed the issue as it arises **in this case**. Although Netlist argues that the "Court granted summary judgment on this same issue in *Samsung I*," the Court there made that decision (on April 5, 2023) before the PTAB concluded in its IPR2022-00062 and IPR2022-00064 proceedings (on May 8 and 9, 2023, respectively) that it would leave the JEDEC issue unresolved.[1] Because Netlist has argued that JEDEC proposals cannot be used in IPR and the PTAB has not ruled on the issue, it would be illogical and unfair to preclude Samsung from using the JEDEC Proposals in this litigation as that would leave no forum for Samsung to raise them.

Therefore, unresolved, material facts remain as to whether the JEDEC Proposals are printed publications and Netlist cannot meet its burden on summary judgment to show that there is no genuine dispute that the JEDEC Proposals could have been used in IPR. Samsung respectfully asks the Court to deny Netlist's motion.

---

[1] To the extent Netlist is arguing issue preclusion should apply here, Netlist fails to address the elements of issue preclusion. At minimum, the issue and controlling facts in this case are different from *EDTX1* because of the PTAB's decision not to rule on whether JEDEC ballot proposals could be used in IPR. *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1366 (Fed. Cir. 2000).

Dated:  January 30, 2024

Respectfully submitted,

By:    /s/ Lauren A. Degnan

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:      (903) 934-8450<br>Facsimile:        (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:   (415) 955-6571 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 30, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

*/s/ Lauren A. Degnan*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Lauren A. Degnan*

4