UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION TO NETLIST'S MOTION FOR SUMMARY JUDGMENT ON SAMSUNG'S DEFENSE OF EQUITABLE ESTOPPEL (DKT. 357)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

TABLE OF EXHIBITS ...................................................................................................................... iii

TABLE OF ABBREVIATIONS ........................................................................................................ iv

I.     COUNTER-STATEMENT OF ISSUES RAISED BY THE MOTION ................................. 1

II.    RESPONSE TO NETLIST'S STATEMENT OF UNDISPUTED FACTS ........................... 2

III.   SAMSUNG'S COUNTER-STATEMENT OF MATERIAL FACTS ..................................... 2

IV.   ARGUMENT ............................................................................................................................ 4

        A.     Genuine Disputes of Material Fact Exist as to Whether Netlist Disclosed the '912 Patent as Potentially Essential to DDR4 Standards ........................................... 5

        B.     Genuine Disputes of Material Fact Exist as to Whether Netlist's Representatives Knew the '912 Patent Is Potentially Essential to DDR4 ...................... 7

\*     In this brief, all emphasis is added unless noted otherwise.

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ................................................................................................................. 8

*Hynix Semiconductor Inc. v. Rambus Inc.*,
   645 F.3d 1336 (Fed. Cir. 2011) ................................................................................................ 4

*Motiva Patents, LLC v. Sony Corp.*,
   408 F. Supp. 3d 819 (E.D. Tex. 2019) ..................................................................................... 8

*Qualcomm Inc. v. Broadcom Corp.*,
   548 F.3d 1004 (Fed. Cir. 2008) ................................................................................................ 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56 ..................................................................................................................... 1, 7

Fed. R. Evid. 408 .......................................................................................................................... 5

**TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | Deposition Transcript of Mario Martinez (Nov. 13, 2023) (excerpts) |
| 2 | Deposition Transcript of Mario Martinez from *EDTX1* (Dec. 7, 2022) (excerpts) |
| 3 | Transcript of Bench Trial from *EDTX1* (public, excerpts) |
| 4 | Deposition Transcript of Noel Whitley (Feb. 3, 2017) (NL-S-293_00004630) |
| 5 | Ltr. fr. Cunningham to Park re Licensing Discussion (Dec. 4, 2015) (NL-S-293_00005694) |
| 6 | Meeting Minutes for JC-42 Committee (June 9-17, 2021) (JEDEC00010367) |
| 7 | Meeting Minutes for JC-42 Committee (Dec. 7-14, 2021) (JEDEC00010459) |
| 8 | Def.'s Mtn. to Strike, *Netlist, Inc. v. Google LLC*, No. 3:09-CV-05718-RS (N.D. Cal.) (excerpts) |
| 9 | Deposition Transcript of Hyun Lee from *EDTX1* (Nov. 29, 2022) |
| 10 | JEDEC Disclosure Form (JEDEC-00020635) |
| 11 | Minutes of Meeting No. 163, JC-40 (Sept. 16, 2010) (PRIOR_ART-00080821) |
| 12 | December 2010 Ballot List (PRIOR_ART-0004945) |
| 13 | Minutes of Meeting No. 28, JC-45 (Sept. 15, 2010) (PRIOR_ART-00080793) |
| 14 | Declaration of Joseph McAlexander III, with Attachment A (Jan. 29, 2024) (excerpts) |
| 15 | Transcript of Pre-Trial Conference from *EDTX1* (March 28, 2023) (public, excerpts) |
| 16 | Declaration of Daniel A. Tishman (January 30, 2024) |

**TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| '912 patent | U.S. Patent No. 7,619,912 |
| '417 patent | U.S. Patent No. 11,093,417 |
| '608 patent | U.S. Patent No. 10,268,608 |
| '386 patent | U.S. Patent No. 7,289,386 |
| CL | Conclusions of Law |
| Committee Member | Committee Member as defined in the JEDEC Policy, § 8.2.1 |
| DDR | Double Data Rate |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| Essential Patent Claim | Essential Patent Claim as defined in the JEDEC Policy, § 8.2.1 |
| FF | Findings of Fact |
| JEDEC Policy | JEDEC Manual of Organization and Procedure, Dkt. 357-3 |
| Potentially Essential Patent | Potentially Essential Patent as defined in the JEDEC Policy, § 8.2.1 |
| NSMF | Netlist's Statement of Material Facts |
| RAND | Reasonable and Non-Discriminatory |
| Representative | Committee Member as defined in the JEDEC Policy, § 8.2.1 |
| SSMF | Samsung's Counter-Statement of Material Facts |

The Court should deny Netlist's motion, which seeks summary judgment on Samsung's equitable estoppel defense, on the basis that "Netlist disclosed all of the asserted patent families to JEDEC" and "this Court already rejected" this theory in *EDTX1*. Netlist is wrong on both points.[1]

Notably, Netlist never disclosed the '912 patent family as potentially essential to DDR4 standards, but instead disclosed the '912 patent family to old standards not accused of infringement, as well as to subcommittees (which are not standards). JEDEC members thus continued to develop DDR4 standards without knowledge of Netlist's belief that the '912 patent is essential to them. Netlist's disclosure as to DDR3 is insufficient, and this Court did not address this issue in *EDTX1*.

Further, the basis for the Court's *EDTX1* decision following a bench trial—that Samsung had not demonstrated that Netlist's JEDEC Representatives had personal knowledge of essentiality—does not apply here. The record here shows that one of Netlist's JEDEC Representatives, Mr. Martinez, knew of the '912 patent, and attended JEDEC after Netlist came to believe that the '912 patent was essential to DDR4 (and began litigating the '912 patent against DDR4 products). Netlist also prevented Samsung from deposing Dr. Hyun Lee—another Netlist Representative—forcing Samsung to move to compel. Samsung intends to depose Dr. Lee if the Court adopts Special Master Folsom's R&R recommending that Samsung be permitted to do so. At a minimum, the Court should not decide Netlist's motion until after this deposition. *See* Fed. R. Civ. P. 56(d).

## I.   COUNTER-STATEMENT OF ISSUES RAISED BY THE MOTION

1.   Whether summary judgment dismissing Samsung's equitable estoppel defense is proper where the parties dispute: (a) whether Netlist's JEDEC Representatives believed that the '912 patent was essential to DDR4, and (b) whether Netlist disclosed the patent as being essential to DDR4.

---

[1] As an initial matter, although Netlist's motion covers all asserted patents, Samsung is pursuing the equitable estoppel defense for only the '912 patent, thereby mooting the remainder of Netlist's motion.

## II. RESPONSE TO NETLIST'S STATEMENT OF UNDISPUTED FACTS

1. Samsung does not dispute that the JEDEC Policy sets forth policies, including the duty of disclosure, and does not obligate Committee Members or their Representatives to affirmatively search for potentially essential patents. However, Samsung disputes that the duty of disclosure is limited to specific Representatives. The duty applies to Committee Members such as Netlist, and a Committee Member may not shield its Representatives from learning of the potential essentiality of patents. Dkt. 357-3, § 8.2.3 ("All Committee Members must Disclose Potentially Essential Patents.").

2. Samsung does not dispute that Mario Martinez is a JEDEC Representative or that term's definition, but disputes that Mr. Martinez was Netlist's only Representative. *See* SSMF, ¶ 2.

3. Samsung does not dispute that Mr. Martinez provided the quoted testimony, but disputes that he lacked personal knowledge of Potentially Essential Patents, and further disputes that Netlist complied with the JEDEC policy for disclosure of patents. *See* SSMF, ¶ 3.

4. Samsung does not dispute that Dr. Hyun Lee attended JEDEC meetings, but disputes that Dr. Lee did not know of the potential essentiality of the '912 patent. *See* SSMF, ¶ 4.

5. Not disputed. *But see* SSMF, ¶ 5.

6. Samsung does not dispute that Netlist disclosed that it had IP related to certain "concepts," but disputes that such a disclosure satisfies Netlist's disclosure obligation. *See* SSMF, ¶ 6.

7-8. Not disputed. However, none of these disclosures identified the '912 patent family as essential or potentially essential to DDR4 standards. *See* SSMF, ¶ 3.

9-10. Not disputed. *But see supra* n.1.

## III. SAMSUNG'S COUNTER-STATEMENT OF MATERIAL FACTS

1. JEDEC Committee Members have an obligation to disclose Potentially Essential Patents and their "Representative" is charged with representing that Committee Member. *See* Dkt. 357-3, §§ 8.2.1, 8.2.3. JEDEC Policy does not permit Committee Members to conceal the potential

2

████████████████████████████████████████████████████████████

essentiality of a patent from their Representatives. *See* Ex. 3 at 145:9-146:2 █████████

████████████████████████████

2.  In addition to Mr. Martinez, who currently serves as a JEDEC Representative for Netlist, ███████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ Ex. 1 at 32:17-33:4, 37:15-24, 65:12-66:7, 87:18-88:2, 93:4-99:8, 112:9-114:15; Ex. 2 at 89:21-91:8, 112:20-114:8, 131:1-18, 156:1-13; Ex. 3 at 26:1-10, 32:11-21; Dkt. 357-2 at FF 9.

3.  Netlist believes (or has believed) that the '912 patent is essential to DDR4 standards. First, Netlist ████████████████████████████████████████████████

██████ *See* Dkt. 342-3 (████████████████████████████████████

████████████████████████████████████████); Dkt. 342-4 at 1 (████████

███████████████.[2] Second, Netlist relied on DDR4 standards in alleging that Samsung infringes the '912 patent in its August 1, 2022 complaint, *see* Dkt. 1, ¶ 30, and infringement contentions, *see* Dkt. 353-2 at 1. Third, Mr. Martinez ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ Mr. Martinez currently attends JEDEC as Netlist's Representative. *E.g.*, Ex. 6 at 10368; Ex. 7 at 10461. Yet, Netlist has not identified the '912 patent potentially essential to DDR4. *See, e.g.*, NSMF, ¶¶ 7-8.

---

[2] ████████████████████████████████████████████████████████
Ex. 8 at 4, 9.

3

4.  Dr. Lee attended JEDEC meetings ███████████████████████████████████████

███████████████████████████ *See, e.g.*, Ex. 9 at 89:1-94:3, 161:23-162:24, 185:25-187:3; Ex. 1 at 56:8-57:8, 112:9-116:21; Ex. 2 at 129:13-131:18; Ex. 3 at 25:4-24, 33:14-34:9.

5.  JEDEC Policy § 8.2.4 states that a RAND commitment "applies to any Standard that was pending in the committee or task group" in which a Committee Member participated and "questions whether or not a particular proposal is a new Standard or merely a continuation of a prior Standard will be addressed . . . by the JEDEC Legal Department." Dkt. 357-3, § 8.2.4.

6.  Netlist's disclosure of ████████████████████████████████████████

████████████████████ does not put any JEDEC Member on notice that Netlist had patents that were potentially essential to the DDR4 standards at issue in this case. ██████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████████████████ *See* Ex. 10.

## IV. ARGUMENT

Genuine disputes of material fact foreclose summary judgment at this stage. In particular, Samsung contends that Netlist "had a duty of disclosure to the standard setting organization," JEDEC, and that it "breached that duty," *Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1348 (Fed. Cir. 2011), when it failed to disclose the '912 patent family as potentially essential to DDR4 standards. Netlist does not dispute that it had that duty, but contends that its disclosure of the '912 patent (or its family) to either particular JEDEC subcommittees or DDR3 standards satisfies that duty. The JEDEC Policy does not support Netlist's position. It obligates Committee Members to identify patents as potentially essential to the **standards** upon which a patent may be read.[3] *See* Dkt. 357-3, § 8.2.1.

Moreover, Netlist believed the '912 patent to be essential to DDR4, and its Representatives

---

[3] Indeed, without this information, other JEDEC members would be unable to identify which standard features—out of thousands—are potentially implicated by the disclosed patent.

4

were personally aware of this essentiality (or were willfully blind). In fact, Netlist informed Samsung that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ letter, and thereafter based its complaint and infringement contentions on compliance with DDR4 standards.[4] Yet even today, Netlist still has not disclosed the '912 patent as potentially essential to DDR4 standards. Thus, genuine disputes of material fact exist as to: (1) whether Netlist disclosed the '912 patent as potentially essential to DDR4; (2) whether Netlist's Representatives knew that the '912 patent was essential to DDR4 (or were willfully blind); and (3) whether Samsung suffered prejudiced by Netlist's failure to disclose.

      **A.    Genuine Disputes of Material Fact Exist as to Whether Netlist Disclosed the '912 Patent as Potentially Essential to DDR4 Standards**

Genuine disputes exist as to whether Netlist disclosed the '912 patent as essential to DDR4 standards.[5] Netlist asserts that it made "repeated" disclosures as to the '912 patent, but those disclosures are too generic to provide the required notice that the '912 patent was potentially essential to the relevant DDR4 standards. The JEDEC Policy disclosure form requires detailed information—such as "▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬n"—sufficient for its members to identify the standards to which a patent is potentially essential. Dkt. 357-10. Netlist's disclosures fail to provide information sufficient to identify the currently-accused DDR4 standards.

**Netlist's Disclosures of the '912 Patent as Relevant to Subcommittees Are Insufficient:** Netlist's disclosures of the '912 patent "as ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬" do not fulfill its obligations under the JEDEC Policy. *Contra* Dkt. 357 at 7-8. Subcommittees are not standards, and JEDEC requires disclosure of the "**Standard(s)** on which the submitter of the

---

[4] In *EDTX1,* Netlist convinced the Court that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ 408. Ex. 15 at 233-35, 247-249. Given its positions in *EDTX1* and its failure to provide discovery in this case on essentiality, Netlist should be precluded from relying on this letter for any purpose, and from making any arguments regarding essentiality (or lack thereof). *See* Dkt. 374.

[5] Because Netlist's own belief trigger its disclosure obligation, it is immaterial that Samsung disputes infringement.

5

disclosure believes an Essential Patent Claim may be read." *See* Dkt. 357-3, § 8.2.1. These subcommittees handle many different standards (including DDR3 and DDR5) and **thousands** of item numbers in addition to the DDR4 standard. Merely identifying subcommittees thus cannot satisfy Netlist's JEDEC obligations. Indeed, even Mr. Martinez could not explain ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 1 at 122:17-125:2. Accepting Netlist's interpretation of the JEDEC disclosure requirements would lead to the absurd conclusion that Netlist disclosed the '912 patent as potentially essential to all aspects of all standards propagated by these subcommittees and render JEDEC's requirement that Committee Members identify potentially implicated **standards** meaningless.[6] Dkt. 357-3, § 8.2.1.

**Netlist's Disclosure of the '912 Patent as Relevant to DDR3 Is Insufficient:** Netlist's disclosure of the '912 patent for DDR3 standards does not excuse its failure to disclose the patent as potentially essential to the relevant DDR4 standards. *Contra* Dkt. 357 at 8; Exs. 11-13. Netlist's assertion that there "is no requirement in the JEDEC policy to re-disclose a patent to a continuation of the same standard," Dkt. 357 at 9, is unsupported. The JEDEC Policy passage on which Netlist relies provides that RAND commitments apply to continuations of prior standards and says nothing of Committee Members' obligations to **disclose** patents. *See* Dkt. 357-3, § 8.2.4. Even if the RAND policy impacted the duty of disclosure, it would not grant Netlist unilateral authority to determine whether DDR4 is "merely a continuation of a prior Standard" because such a determination is expressly reserved for JEDEC's legal department. *Id.* The relevant JEDEC Policy passage obligates Members to "Disclose Potentially Essential Patents" and the "Standard(s) on which the submitter of the disclosure believes an Essential Patent Claim may read." *See* Dkt. 357-3, §§ 8.2.3, 8.2.1.

Having failed to disclose the '912 patent as potentially essential to DDR4 standards, despite

---

[6] Item No. 1716.52, relevant to the PDA functionality accused of infringing the '912 patent, is just one of thousands of Item Numbers handled by one of the subcommittees referenced in the motion.

its belief of potential essentiality thereto, equity demands that Netlist be estopped from asserting the '912 patent. *See, e.g.*, SSMF, ¶ 3; *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1022 (Fed. Cir. 2008) (upholding unenforceability finding where "after participating in the [SSO] and shielding the asserted patents from consideration during development of the [relevant] standard, [plaintiff sued defendant], alleging infringement primarily, if not solely, based on [defendant's] compliance [with that standard]").

### B. Genuine Disputes of Material Fact Exist as to Whether Netlist's Representatives Knew the '912 Patent Is Potentially Essential to DDR4

Contrary to Netlist's argument that Samsung has identified no "Netlist JEDEC representative [who] knew that the '912 Patent was potentially essential to any DDR standard," *see* Dkt. 357 at 9, there are genuine disputes of material fact as to whether at least ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Netlist's motion affirms that Mr. Martinez ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Dkt. 357 at 8-9. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Further, Netlist refused to allow Samsung to depose another Representative, Dr. Lee, in this case, leading to Samsung's motion to compel, which Special Master Folsom recommended granting. Dkt. 202; Dkt. 377. Netlist is not entitled to summary judgment, particularly when Samsung has not had a chance to depose Dr. Lee here. Ex. 16; Fed. R. Civ. P. 56(d).

Even assuming *arguendo* that Netlist's JEDEC Representatives did not know of the '912 patent's potential essentiality to DDR4 standards in the past, Mr. Martinez certainly knows of it now; yet, Netlist still has not disclosed this potential essentiality to JEDEC. For example, Netlist took the position in ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, brought this case on that basis shortly thereafter, and then relied on JEDEC standards to try to prove infringement throughout

7

████████████████████████████████████████████████████

this case. *See* SSMF, ¶ 3. Mr. Martinez—who has been deposed in this litigation—is certainly aware of these facts. And while he continues to serve as Netlist's Representative and attend JEDEC meetings, he still has not disclosed the '912 patent as potentially essential to any DDR4 standards.

The only way Mr. Martinez—the individual charged with representing Netlist before JEDEC—could possibly not know of the potential essentiality of the '912 patent to DDR4 standards is if Netlist deliberately siloed him from this information, or he took deliberate action to avoid learning of it.[7] Such a practice would be incompatible with the requirements of the JEDEC Policy. For Netlist to conceal the potential essentiality of the '912 patent from the very person Netlist appointed to discharge its disclosure obligations would be improper, ████████████████████████████

████████████████████████████████ *See* Ex. 3 at 145:9-146:2; Dkt. 357-3, § 8.2.2.1.

### C. Genuine Disputes of Material Fact Exist as to Samsung's Prejudice

Finally, genuine disputes of material fact exist as to whether Samsung has suffered prejudice from Netlist's nondisclosure of the '912 patent as to DDR4 standards. *Contra* Dkt. 357 at 9. Because Netlist never disclosed the '912 patent as potentially essential to JEDEC, neither JEDEC nor Samsung considered alternatives for the DDR4 standards that would avoid the asserted claim at the time of development.[8] Instead, Samsung invested time and resources developing the accused products. In any event, Samsung need not demonstrate that it would have acted differently—the JEDEC Policy directs Committees and task groups to consider "reasonable workarounds" to Potentially Essential Patent Claims. *See* Dkt. 357-3, § 8.2.2.2. Had Netlist disclosed the '912 patent, the relevant Committees would have evaluated workarounds before developing the DDR4 standards.

---

[7] *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) ("persons who know enough to blind themselves" are as culpable as those with actual knowledge); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 828 (E.D. Tex. 2019) ("willful blindness may supply the requisite knowledge").

[8] Samsung could have designed its products not to support the accused features, given that there is no evidence that its customers even use those features. *See* Dkt. 353 at 5-10; Ex. 14, ¶¶ 229-38.

██████████████████████████████████████

Dated: January 30, 2024                                        Respectfully submitted,

                                                               By:   /s/  Lauren A. Degnan


Melissa Richards Smith                                         Ruffin B. Cordell
melissa@gillamsmith.com                                        TX Bar No. 04820550
GILLAM & SMITH, LLP                                            cordell@fr.com
303 South Washington Ave.                                      Michael J. McKeon
Marshall, Texas 75670                                          D.C. Bar No. 459780
Telephone:     (903) 934-8450                                  mckeon@fr.com
Facsimile:     (903) 934-9257                                  Lauren A. Degnan
                                                               D.C. Bar No. 452421
J. Travis Underwood                                            degnan@fr.com
Texas Bar No. 24102587                                         Daniel A. Tishman
travis@gillamsmithlaw.com                                      DC Bar No. 1013923
GILLAM & SMITH, LLP                                            tishman@fr.com
102 North College Avenue, Suite 800                            FISH & RICHARDSON P.C.
Tyler, Texas 75702                                             1000 Maine Avenue, SW
Telephone: (903) 934-8450                                      Washington, DC 20024
Facsimile: (903) 934-9257                                      Telephone: (202) 783-5070
                                                               Facsimile: (202) 783-2331
Brian R. Nester
DC Bar No. 460225                                              Francis J. Albert
bnester@cov.com                                                CA Bar No. 247741
COVINGTON & BURLING LLP                                        albert@fr.com
One CityCenter 850 Tenth Street, N                             FISH & RICHARDSON P.C.
Washington, DC 20001-4956                                      12860 El Camino Real, Ste. 400
Telephone: (202)-662-6000                                      San Diego, CA 92130
                                                               Telephone: (858) 678-5070
Alice J. Ahn                                                   Facsimile: (858) 678-5099
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com                                                   Thomas H. Reger II
COVINGTON & BURLING LLP                                        reger@fr.com
415 Mission Street, Suite 5400                                 Texas Bar No. 24032992
San Francisco, CA 94105                                        FISH & RICHARDSON P.C.
Telephone: (415) 591-7091                                      1717 Main Street, Suite 5000
Facsimile: (415) 955-6571                                      Dallas, Texas 75201
                                                               Telephone: (214) 747-5070
                                                               Facsimile: (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

9

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 30, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

      */s/ Lauren A. Degnan*