# Exhibit 8

████████████████████

QUINN EMANUEL URQUHART & SULLIVAN, LLP

| | |
|---|---|
| David Perlson (CA Bar No. 209502) | Jared Newton (admitted *pro hac vice*) |
| davidperlson@quinnemanuel.com | jarednewton@quinnemanuel.com |
| Jonathan Tse (CA Bar No. 305468) | Sandy Shen (admitted *pro hac vice*) |
| jonathantse@quinnemanuel.com | sandyshen@quinnemanuel.com |
| 50 California Street, 22nd Floor | 1300 I Street NW, Suite 900 |
| San Francisco, CA 94111 | Washington, D.C. 20005 |
| Telephone: (415) 875-6600 | Telephone: (202) 538-8000 |
| Facsimile: (415) 875-6700 | Facsimile: (202) 538-8100 |

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NETLIST, INC., | Case No. 4:09-CV-05718-SBA |
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S NEW ASSERTION OF CLAIM 16 AND NEW DATES FOR PRIORITY AND CONCEPTION THAT WERE NOT IN ITS ORIGINAL PATENT LOCAL RULE 3-1 DISCLOSURES** |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |
| | **JUDGE**: Hon. Saundra Brown Armstrong |
| | **HEARING DATE**: September 8, 2021 |
| | **TIME**: 2:00 PM |
| | **REDACTED FOR PUBLIC FILING** |

## MEMORANDUM OF POINTS & AUTHORITIES

## I.    INTRODUCTION

Netlist filed this case more than a decade ago, on December 4, 2009.  Following discovery into Google's accused products, Netlist served its Patent Local Rule 3-1 Disclosure of Asserted Claims and Infringement Contentions on April 8, 2010, asserting thirty-four claims of U.S. Patent No. 7,619,912.  After receiving those contentions, Google filed a request for *inter partes* re-examination that challenged each and every claim Netlist had asserted.  The parties then filed a stipulation to stay the case pending the outcome of the re-examination proceedings because "the requested stay would further interests of judicial economy and conservation of the parties' and the Court's resources."  The Court agreed that good cause had been shown and ordered a stay pending exhaustion of all appeals.

During the next ten years, the case was indeed streamlined and the parties' and Court's resources conserved.  The re-examination proceedings forced Netlist to cancel or amend each of the originally asserted claims, giving rise to the defense of intervening rights that has drastically reduced the scope of Google's alleged infringement liability.

Now, however, Netlist seeks to restart the litigation from scratch by asserting a brand new claim of the '912 Patent—claim 16—that Netlist did not include in its original disclosure of asserted claims, and that Google, therefore, did not include among the claims it challenged in re-examination.  Allowing Netlist to assert claim 16 now would be highly prejudicial to Google because it would render the re-examination proceeding and the Court's stay meaningless.  Netlist has also failed to show diligence in its assertion of claim 16, which is directed to the same memory technology that Netlist accused in its original contentions.  Netlist could have asserted the claim more than a decade ago, but simply chose not to.

Having had its infringement case significantly reduced through re-examination, Netlist's attempt to assert a new claim at this stage of the litigation amounts to nothing more than an effort to start over and impose burdensome discovery and litigation on Google and the Court.  Indeed, it is a complete reversal of Netlist's prior position that re-examination would "further interests of judicial economy and conservation of the parties' and the Court's resources."  The Local Rules

*Id.* Indeed, from the time the parties submitted a joint statement regarding the status of the re-examination proceeding, through the Court's lifting of the stay and the CMC, Netlist never suggested that it intended to assert new claims or priority and conception dates. *See, e.g.*, Dkt. Nos. 102, 110, 115, 116.

It was not until Netlist served its amended infringement contentions—which occurred between May 19th and June 18th—that Netlist attempted to assert claim 16 for the first time in the twelve-year history of this case. Ex. 2. Furthermore, Netlist has argued that claim 16 is not subject to the defense of intervening rights, and thus that litigation of the claim should start from scratch.[3] Dkt. 135 at 2. Netlist also asserted a new priority date for the asserted claims of ████ and a new conception date of "████," both of which are more than a year before the priority date identified in Netlist's original disclosures. Ex. 2 at 6.

## III. LEGAL STANDARD

The Patent Local Rules "require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006). The purpose of the Patent Local Rules "is to ensure early crystallization of the parties' theories, and specifically, to place the burden on the plaintiff to quickly decide on and disclose the contours of its case." *OpenTV, Inc. v. Apple Inc.*, No. 15-cv-02008-EJD-NC, 2016 WL 3196643, at \*3 (N.D. Cal. Jun. 9, 2016) (granting motion to strike new conception date). Thus, amendments to a party's contentions require a showing of good cause. *See* Patent L.R. 3-6. In determining whether good cause exists, the Court considers whether the non-moving party would suffer prejudice if leave to amend were granted, and whether the moving party was diligent in moving to amend. *See Koninklijke Philips N.V. v. Acer Inc.*, No. 18-cv-01885-HSG, 2019 WL 652868, at \*1 (N.D. Cal. Feb. 15, 2019). Lack of prejudice and diligence are independent requirements; if one or the other is missing, then leave to amend should

---

[3] The parties dispute whether claim 16 is subject to intervening rights—an issue that is subject to Google's forthcoming motion for summary judgment. The Court does not need to resolve that dispute for purposes of this motion.

only the claims which it had challenged in its original request. *See* Ex. 6 at 4. Thus, Google could not have influenced Inphi's challenge of claim 16 even if it wanted to. *Id.*[5]

* * *

Accordingly, Netlist's assertion of claim 16 would result in significant prejudice to Google. That prejudice alone warrants striking claim 16 from the litigation. *See Koninklijke Philips*, 2019 WL 652868, at *1.

### 2. Netlist Was Not Diligent In Asserting Claim 16

Even if there was no prejudice to Google, Netlist's failure to exercise diligence in asserting claim 16 would be an independent basis to strike the claim. *See O2 Micro*, 467 F.3d at 1368. Courts have found a lack of diligence where a plaintiff asserts claims it could have prosecuted at the outset of a case. *See Capella Photonics*, 2019 WL 2359096, at *3 ("Nothing prevented Plaintiff from prosecuting these claims at the outset."); *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 508 (N.D. Cal. 2011), *aff'd*, 475 F. App'x 334 (Fed. Cir. 2012).

Netlist's excuse for waiting to assert claim 16 appears to be that the claim purportedly covers **only** DDR4 technology, a later generation of memory that was released in 2014. *See* Dkt. 135 at 3-4.[6] That argument is contradicted by the disclosure of the '912 Patent, testimony from one of its inventors, and Netlist's own disclosures to JEDEC.

The '912 Patent was filed as a continuation of U.S. Application No. 11/173,175 (the "'175 Application"), which issued as U.S. Patent No. 7,289,386 (the "'386 Patent"). *See* '912 Patent. The '175 Application was filed on July 1, 2005, during which time DDR2 was the prevalent generation of memory technology. Consequently, the specification of both the '386 Patent and '912 Patent are directed to improvements to DDR2 technology. *See, e.g., id.* at 22:9-12 ("Certain

_____

[5] The fact that Google shared a common interest with Inphi—who had also been sued by Netlist—does not show that Google somehow controlled Inphi's challenge of claim 16, especially where Google had not been accused of infringing that claim. *See WesternGeco LLC v. ION Geophys. Corp.*, 889 F.3d 1308, 1321 (Fed. Cir. 2018).

[6] As discussed above, *see supra* n.2, the acronym DDR refers to Double Data Rate, which is a technology that governs how memory modules transmit data relative to a clock signal. The number listed after DDR—*e.g.*, DDR2, DDR3, DDR4, etc.—refers to a specific generation of the technology.

3438650, at *4 (S.D. Cal Jul. 17, 2018) ("[T]he Court is persuaded by Defendant's argument that Local Rule 3.6(a) provides a matter of right amendment only for amended *infringement contentions*, not for amended *asserted claims*.") (footnote omitted) (emphasis added).

Netlist's request to amend its infringement contentions was limited to an identification of new products and infringement charts under subparts (b) and (c). If Netlist had stated that it intended to assert a new claim and new priority and conception dates under subsections (a) and (f), it should have notified Google and the Court of that fact and sought leave to amend as required under the local rules. *See* PLR 3-6. Because Netlist never asked the Court for permission to assert a new claim or new priority and conception dates, the Court should reject any argument that those assertions are somehow authorized.

## V.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court strike (1) Netlist's assertion of claim 16, and (2) the priority and conception dates identified in Netlist's June 18, 2021 disclosure.

DATED: July 30, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    /s/ *David Perlson*
          David Perlson

David Perlson (CA Bar No. 209502)
davidperlson@quinnemanuel.com
Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jared Newton (admitted *pro hac vice*)
jarednewton@quinnemanuel.com
Sandy Shen (admitted *pro hac vice*)
sandyshen@quinnemanuel.com

1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant Google LLC*

CASE NO. 4:09-CV-05718-SBA

DEFENDANT'S MOTION TO STRIKE