UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>      Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>      Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION TO NETLIST'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT OR UNCLEAN HANDS (DKT. 347)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................................ii

TABLE OF EXHIBITS .........................................................................................................................iii

TABLE OF ABBREVIATIONS............................................................................................................iii

I.     COUNTER-STATEMENT OF THE ISSUES RAISED BY THE MOTION ........................1

II.    RESPONSE TO NETLIST'S STATEMENT OF MATERIAL FACTS.................................1

III.   SAMSUNG'S COUNTER-STATEMENT OF MATERIAL FACTS ....................................2

IV.    ARGUMENT...................................................................................................................................2

      A.     Dr. Lee's Withholding of Material Information and Intent To Deceive the PTO Supports Samsung's Defenses of Inequitable Conduct and Unclean Hands......................................................................................................................2

            1.     The JEDEC Proposals Are Material to the '608 Patent's Asserted Claims.....................................................................................................2

            2.     Circumstantial Evidence Exists from Which a Factfinder Could Infer Intent To Deceive the PTO and Thus Inequitable Conduct .........................................................................................................3

            3.     Netlist Has Unclean Hands Due to the '608 Patent's Prosecution ...................................................................................................4

            4.     Netlist's Motion Is Premature..................................................................4

      B.     Netlist's Litigation Misconduct Supports Unclean Hands ...............................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Calcar, Inc. v. Am. Honda Motor Co., Inc.*,
  768 F.3d 1185 (Fed. Cir. 2014)..................................................................................................3

*Baron Servs., Inc. v. Media Weather Innovations LLC*,
  717 F.3d 907 (Fed. Cir. 2013)....................................................................................................5

*Calsep A/S v. Dabral*,
  84 F.4th 304 (5th Cir. 2023) ......................................................................................................6

*Gilead Scis., Inc. v. Merck & Co., Inc.*,
  888 F.3d 1231 (Fed. Cir. 2018)..................................................................................................6

*Keystone Driller Co. v. General Excavator Co.*,
  290 U.S. 240 (1933)...................................................................................................................4

*Peters v. Active Mfg. Co.*,
  129 U.S. 530 (1889)...................................................................................................................3

*Phigenix, Inc. v. Genentech, Inc.*,
  783 F. App'x 1014 (Fed. Cir. 2019) ...........................................................................................6

*Praxair, Inc. v. ATMI, Inc.*,
  543 F.3d 1306 (Fed. Cir. 2008)..................................................................................................4

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  649 F.3d 1290 (Fed. Cir. 2011)..................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 56(d) ........................................................................................................................4

Fed. R. Evid. 408 ............................................................................................................................6

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | Minutes of Meeting No. 165 (Mar. 3, 2011) (PRIOR_ART-00089710) |
| 2 | Minutes of Meeting No. 169 (Mar. 5, 2012) (PRIOR_ART-00113287) |
| 3 | U.S. Patent No. 10,268,608 |
| 4 | McAlexander Declaration Swearing to His Reports (Jan. 29, 2024) (exhibits omitted) |
| 5 | McAlexander Opening Report, Attachment C (Nov. 20, 2023) (excerpts) |
| 6 | McAlexander Opening Report, Exhibit C-2 |
| 7 | Samsung's Second Set of Interrogatories, Nos. 3-22 (Apr. 7, 2023) |
| 8 | Samsung's Third Set of Interrogatories, No. 23 (Jun. 28, 2023) |
| 9 | Netlist's Revised Fourth Amended and Supplemental Responses to Samsung's Second Set of Interrogatories (Nov. 19, 2023) (excerpts) |
| 10 | Netlist's Responses to Samsung's Third Set of Interrogatories (Jul. 28, 2023) (excerpts) |
| 11 | Transcript of the Deposition of Hyun Lee (Nov. 29, 2022) (excerpts) |
| 12 | JEDEC Proposal, Committee Item Number 311.12, Proposed DDR4 DB Buffer Control Words (PRIOR_ART-00119206) |
| 13 | JEDEC Proposal, Committee Item Number 311.13, Proposed DDR4 DB BCOM Protocol (PRIOR_ART-00119234) |
| 14 | JEDEC Proposal, Committee Item Number 311.14, Proposed DDR4 DB BCOM Protocol (PRIOR_ART-00119248) |
| 15 | JEDEC DDR4 LRDIMM Proposal, Committee Item Number 158.01 (PRIOR_ART-00090070) |
| 16 | Mangione-Smith Opening Report, Exhibit D (excerpts) |
| 17 | Tishman Declaration Regarding the Deposition of Dr. Hyun Lee |
| 18 | Transcript of the Deposition of Mario Martinez (Nov. 13, 2023) (excerpts) |
| 19 | McAlexander Opening Report, Attachment A (Nov. 20, 2023) (excerpts) |
| 20 | Transcript of Pre-Trial Conference from *EDTX1* (March 28, 2023) (public, excerpts) |

## TABLE OF ABBREVIATIONS

| # | Description |
|---|---|
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| PTO | Patent and Trademark Office |
| JEDEC | Joint Electron Device Engineering Council |
| '608 patent | U.S. Patent No. 10,268,608 |
| JEDEC Proposals | Collectively, JEDEC Committee Item Numbers 158.01, 311.12, 311.13, and 311.14 ▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 347 at 1. |
| RAND | Reasonable and Non-Discriminatory |

Netlist's summary judgment motion for no inequitable conduct or unclean hands ignores the facts of this case. As to inequitable conduct, Dr. Lee—named inventor of the '608 patent—attended JEDEC meetings for many years, regularly reviewed JEDEC materials, was in attendance when ▇ presented the JEDEC Proposals (which were ultimately adopted), and then sought claims on those very JEDEC Proposals; yet, he failed to disclose them to the PTO. Netlist's assertion that this conduct was somehow an honest mistake is simply not believable.

As to unclean hands, as this Court knows from the *EDTX1* case, Netlist's tactic has been to withhold disclosing its positions on essentiality and refuse to provide discovery on the topic, only to disclose its positions after the close of fact discovery in rebuttal expert reports. Netlist continues to employ that tactic in this case. Netlist's intentional effort to litigate by surprise, and inflate its damages demands by taking RAND arguments off the table, is egregious misconduct warranting a finding of unclean hands.[1]

## I.  COUNTER-STATEMENT OF THE ISSUES RAISED BY THE MOTION

1. Whether Netlist has shown entitlement to summary judgment on Samsung's defense of inequitable conduct where the named inventor of the '608 patent withheld material information from the PTO with an intent to deceive the PTO.

2. Whether Netlist has shown entitlement to summary judgement on Samsung's unclean hands defense given the undisputed record of Netlist's withholding its positions on essentiality (and related discovery) until rebuttal expert reports.

## II.  RESPONSE TO NETLIST'S STATEMENT OF MATERIAL FACTS

1. Disputed. Samsung denies that unclean hands is limited to the '608 patent—all asserted patents are unenforceable due to Netlist's unclean hands. Dkt. 145 at 44.

---

[1] Netlist's complaint treats the asserted patents in this case as essential, Dkt. 374 at 1, but has now taken the position that they are not essential, *id.* at 3-4.

2. Not disputed.

3-4. Disputed. The evidence does not support Netlist's statements. *See infra* Section IV.A. Netlist mischaracterizes Samsung's Answer and interrogatory responses and ignores facts in evidence. *See infra* Section IV.B.

## III. SAMSUNG'S COUNTER-STATEMENT OF MATERIAL FACTS

1. Dr. Lee attended, among others, JEDEC JC-40 meeting Nos. 165 and 169 on March 3, 2011 and March 5, 2012, respectively, where ▇ presented Committee Item Numbers 158.01, 311.12, 311.13, and 311.14 (the "JEDEC Proposals"). Ex. 1 at 1, 7; Ex. 2 at 1, 9-10.

2. None of the JEDEC Proposals were disclosed to the PTO during prosecution of the '608 patent. Ex. 3 at 4-6. Multiple **other** JEDEC materials were disclosed to the PTO during the prosecution of the '608 patent, including JEDEC Standard JESD79C, JEDEC Standard No. 21-C, JEDEC Standard JFSD82-4B, and JEDEC Standard JESD79D. Ex. 3 at 6.

3. Mr. McAlexander used the JEDEC Proposals to support his opinion that the '608 patent is invalid and unenforceable. Ex. 4; Ex. 5 ¶¶ 245, 271-275, 283-287, 303-322; Ex. 6.

4. Samsung served interrogatories seeking Netlist's position on essentiality and the facts on which Netlist intended to rely, including what claims were, and were not, standard essential. Ex. 7 at 12; Ex. 8 at 6. Netlist refused to take a position in its responses. Ex. 9 at 76-78; Ex. 10 at 8.

## IV. ARGUMENT

### A. Dr. Lee's Withholding of Material Information and Intent To Deceive the PTO Supports Samsung's Defenses of Inequitable Conduct and Unclean Hands

#### 1. The JEDEC Proposals Are Material to the '608 Patent's Asserted Claims

Netlist has not shown there exists no dispute of material fact as to inequitable conduct—to the contrary, the facts show the opposite. Dr. Lee and Netlist withheld material JEDEC disclosures from the PTO to hide the true origin of the claimed technology: JEDEC presentations made by others. Dr. Lee was present at the JEDEC meetings where the JEDEC Proposals were disclosed. Ex. 1 at 1,

2

7; Ex. 2 at 1, 9-10.  Dr. Lee testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 11 at 187:11-21.

Notably, each of these JEDEC Proposals presents an idea for improving DDR4 LRDIMM features.  Exs. 12-15.  Each one also contains the precise information to which Netlist and its expert Dr. Mangione-Smith cite in support of their allegations of infringement.  *Compare* Ex. 16 ¶¶ 89-90, *with* Ex. 12 at 23-24, 25-26 (showing the same buffer control word information); *compare* Ex. 16 ¶¶ 57-58, *with* Ex. 13 at 3 (showing the same BCOM protocol commands); *compare* Ex. 16 ¶¶ 82-85, *with* Ex. 14 at 3, 5-6, 8-9 (showing the same training modes for timing purposes); *compare* Ex. 16 ¶ 165, *with* Ex. 15 at 2 (showing the same distributed data buffer architecture).  They are highly material because they contain the same content that Netlist accuses of infringement.  Information that is used to show infringement is highly material to a claim's validity.  *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889) ("That which infringes, if later, would anticipate, if earlier.").  In fact, Mr. McAlexander opines that the JEDEC Proposals invalidate each of the asserted claims, Ex. 5 ¶ 245, Ex. 6, and a reasonable factfinder could find that the PTO would have reached the same conclusion.  Yet, when Dr. Lee met ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 11 at 127:13-15, he failed to disclose these highly material JEDEC Proposals.

### 2. Circumstantial Evidence Exists from Which a Factfinder Could Infer Intent To Deceive the PTO and Thus Inequitable Conduct

A reasonable factfinder could infer intent to deceive by Dr. Lee, who had a duty of candor to the PTO, because he chose to selectively disclose only certain JEDEC materials to the PTO.  *See Am. Calcar, Inc. v. Am. Honda Motor Co., Inc.*, 768 F.3d 1185, 1187, 1190-92 (Fed. Cir. 2014) (affirming a finding of intent to deceive where a manual of a prior art system named in the specification was not disclosed).  Although Dr. Lee disclosed **some** JEDEC materials to the PTO, Ex. 3 at 6, Dr. Lee chose not to disclose the **most damaging** JEDEC Proposals—namely, proposals that Mr. McAlexander opined invalidate all asserted claims.  Ex. 5 ¶¶ 245, 271-75, 283-87; Ex. 6.  The only reasonable

3

inference for Dr. Lee's withholding those JEDEC Proposals is because it would jeopardize patentability. *See Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1318 (Fed. Cir. 2008) (inferring intent to deceive for failing to disclose highly material prior art). Otherwise, Dr. Lee would have disclosed them like the other JEDEC materials. Tellingly, Netlist has provided no alternative reason for the failure to disclose. Netlist's only response is to assert there is no direct evidence of intent to deceive, but direct evidence of intent to deceive is not required. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1290 (Fed. Cir. 2011) ("Because direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence."). Netlist overlooks the circumstantial evidence in the record upon which a factfinder could rely to find inequitable conduct.

### 3. Netlist Has Unclean Hands Due to the '608 Patent's Prosecution

Netlist's nondisclosure of the JEDEC Proposals also "has immediate and necessary relation" to Netlist's claims of infringement in this case. *See Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933). Had Netlist disclosed the JEDEC Proposals to the PTO, the PTO would not have allowed the claims as asserted against Samsung. Ex. 5 ¶¶ 245, 271-275, 283-287, 303-322; Ex. 6. Thus, Netlist's non-disclosure of the JEDEC Proposals also constitutes unclean hands.

### 4. Netlist's Motion Is Premature

At a minimum, the Court should defer resolution of Netlist's motion until Dr. Lee sits for deposition. *See* Fed. R. Civ. P. 56(d). Netlist's counsel represented Dr. Lee but refused to allow him to sit for a deposition. Dkt. 202 at 1. Samsung was forced to file a motion to compel Dr. Lee's

4

testimony, Dkt. 202, which Special Master Folsom granted **after** Netlist filed this motion, Dkt. 377 at 11.  Netlist has yet to provide a date for Dr. Lee's deposition.  Ex. 17 ¶ 2.  Because his testimony is material to Samsung's defenses, this outstanding deposition precludes summary judgment.  *Baron Servs., Inc. v. Media Weather Innovations LLC*, 717 F.3d 907, 912-14 (Fed. Cir. 2013).

### B. Netlist's Litigation Misconduct Supports Unclean Hands

Netlist's repeated refusal to provide its essentiality positions (and withhold related discovery) substantially prejudiced Samsung and amounts to unclean hands.  Notably, Netlist attended JEDEC meetings for many years, including during the period that the DDR4 standards were developed.  Ex. 18 at 37:12-24, 39:6-11, 89:5-12.  Before filing its complaint here, Netlist sent Samsung a letter asserting that certain of the asserted patents were standard essential.  Dkt. 374-1 at 2.  In its Complaint, Netlist repeatedly cited JEDEC standards as an alleged basis for infringement.  Dkt. 374 at 1.  And Netlist's '912 patent                                Ex. 19 ¶ 206.  During discovery, however, Netlist refused to provide its position on essentiality (and withheld related discovery) until the time it was most advantageous to Netlist and most prejudicial to Samsung—rebuttal expert reports.  Dkt. 374 at 3-4.  Netlist cannot legitimately dispute these underlying facts and therefore cannot demonstrate that summary judgment is appropriate.

Instead, Netlist argues an alleged lack of prejudice to Samsung.  However, Netlist's tactics gave it a significant advantage in developing its infringement and damages cases, and hindered Samsung's ability to develop its noninfringement, unenforceability, and damages defenses, as Samsung explained in its motion to preclude.  Dkt. 374 at 6.  If Netlist contended that the patents are essential, for example, Netlist would be limited to RAND royalties, and noninfringement could rest entirely on JEDEC standards.  On the other hand, if Netlist contended that the patents are not essential, Samsung could have, for example, explored the factual basis for that contention, further developed noninfringing alternatives based on those non-essential claim elements, and determined if there was

5

any dispute regarding the use of JEDEC materials for Samsung's defenses. Netlist's tactics reaped the benefits of both options without adhering to any of the consequences and had an "immediate and necessary relation" to Netlist's claims. *Gilead Scis., Inc. v. Merck & Co., Inc.*, 888 F.3d 1231, 1240 (Fed. Cir. 2018) ("[T]he 'immediate and necessary relation' standard, in its natural meaning, generally must be met if the conduct normally would enhance the claimant's position regarding legal rights that are important to the litigation if the impropriety is not discovered and corrected.").

Netlist suggests that, because it thinks it got away with such behavior in *EDTX1*, its behavior here is not misconduct. Mot. at 5. There, after claiming the asserted patents were standard essential, Netlist changed its position at the last minute and then argued that Samsung had not proved through expert testimony the asserted patents were standard essential.[2] To prevent such prejudice here, Samsung affirmatively and repeatedly sought Netlist's position. Dkt. 374 at 1-2. Samsung served interrogatories and requests for admission seeking Netlist's essentiality positions and moved to compel when Netlist refused to substantively respond.[3] Netlist's efforts to withhold its true essentiality contentions again, until well after fact discovery—for a second time—is enough to find bad faith. *See Calsep A/S v. Dabral*, 84 F.4th 304, 314 (5th Cir. 2023) ("Knowingly ignoring an obligation, especially multiple times, may alone be enough to find bad faith. . . . Much like delays, a pattern of misconduct doesn't help.").

For these reasons, genuine issues of material fact regarding the egregiousness of Netlist's misconduct preclude granting Netlist's motion for summary judgment.

---

[2] In *EDTX1*, Netlist convinced the court that its June 2022 RAND offer letter could not be relied on by Samsung's experts because it was an inadmissible settlement offer under Fed. R. Evid. 408. Ex. 20 at 235, 247, 249. Netlist should be precluded from reversing course now and relying on the offer for any purpose in this case. *See* Dkt. 374.

[3] If Netlist had ignored its obligation to provide infringement contentions, summary judgment of noninfringement would be warranted. *See Phigenix, Inc. v. Genentech, Inc.*, 783 F. App'x 1014, 1016, 1020 (Fed. Cir. 2019) (affirming summary judgment of non-infringement for failing to disclose infringement contentions). Netlist should not be held to a lower standard with respect to its obligations to provide essentiality contentions.

| | |
|---|---|
| Dated: January 30, 2024 | Respectfully submitted, |
| | By: /s/ *Lauren A. Degnan* |

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:   (903) 934-8450
Facsimile:   (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:  (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 30, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

/s/ Lauren A. Degnan