# Exhibit 20

███████████████████████

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ( | CAUSE NO. 2:21-CV-463-JRG |
| | ) | |
| Plaintiff, | ( | |
| | ) | |
| vs. | ( | |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., | ( | |
| et al., | ) | MARSHALL, TEXAS |
| | ( | MARCH 28, 2023 |
| Defendants. | ) | 9:00 A.M. |

_____

VOLUME 1

_____

PRETRIAL CONFERENCE

BEFORE THE HONORABLE RODNEY GILSTRAP
UNITED STATES CHIEF DISTRICT JUDGE

_____

SHAWN McROBERTS, RMR, CRR
100 E. HOUSTON STREET
MARSHALL, TEXAS  75670
(903) 923-8546
shawn_mcroberts@txed.uscourts.gov

Case 2:21-cv-00463-JRG Document 426-48 Filed 04/03/23 Page 2 of 6 PageID #: 53741
Case 2:21-cv-00463-JRG Document 421-8 Filed 03/22/23 Page 2 of 13 PageID #: 52884

2

```
 1                    A P P E A R A N C E S

 2        FOR THE PLAINTIFF:    IRELL & MANELLA, LLP -
                                LOS ANGELES
 3                              1800 AVENUE OF THE STARS
                                SUITE 900
 4                              LOS ANGELES, CA 90067-4276
                                (310) 203-7096
 5                              BY:  MR. JASON SHEASBY
                                     MS. YANAN ZHAO
 6
                                McKOOL SMITH, P.C. - MARSHALL
 7                              104 E. HOUSTON ST., SUITE 300
                                MARSHALL, TEXAS  75670
 8                              (903) 923-9000
                                BY: MR. SAMUEL BAXTER
 9                                  MS. JENNIFER TRUELOVE

10        FOR THE DEFENDANTS:   FISH & RICHARDSON PC -
                                WASHINGTON DC
11                              1000 MAINE AVE., SW
                                SUITE 1000
12                              WASHINGTON, DC 20024
                                (202) 783-5070
13                              BY:  MR. RUFFIN CORDELL
                                     MS. LAUREN DEGNAN
14                                   MR. BRIAN LIVEDALEN
                                     MR. MATTHEW MOSTELLER
15                                   MR. MICHAEL McKEON

16                              FISH & RICHARDSON, PC -
                                SAN DIEGO
17                              12860 EL CAMINO REAL
                                SUITE 400
18                              SAN DIEGO, CA 92130
                                (858) 678-5070
19                              BY:  DR. FRANCIS ALBERT

20                              FISH & RICHARDSON, PC -
                                DALLAS
21                              1717 MAIN STREET, SUITE 5000
                                DALLAS, TEXAS  75201
22                              (214) 747-5070
                                BY:  MR. MATTHEW COLVIN
23                                   MR. THOMAS REGER

24

25
```

```
 1                              FISH & RICHARDSON, PC -
                                NEW YORK
 2                              7 TIMES SQUARE, 20TH FLOOR
                                NEW YORK, NEW YORK  10036
 3                              (404) 724-2764
                                BY:  MS. KATHERINE REARDON
 4
                                GILLAM & SMITH, LLP
 5                              303 SOUTH WASHINGTON AVENUE
                                MARSHALL, TEXAS  75670
 6                              (903) 934-8450
                                BY:  MS. MELISSA SMITH
 7
                                GILLAM & SMITH, LLP
 8                              102 N. COLLEGE, SUITE 800
                                TYLER, TEXAS  75702
 9                              (903) 934-8450
                                 BY:  MR. TRAVIS UNDERWOOD
10                                    MR. TOM GORHAM

11        OFFICIAL REPORTER:    SHAWN M. McROBERTS, RMR, CRR
                                100 E. HOUSTON STREET
12                              MARSHALL, TEXAS  75670
                                (903) 923-8546
13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          THE COURT:  Be seated, please.

2          This is the time set for pretrial matters before the

3   Court in the case of Netlist, Inc., versus Samsung Electronics

4   Company, Ltd., et al.  This is Civil Case No. 2:21-CV-463.

5          The Court will ask for announcements at this time.  What

6   says the Plaintiff?

7          MS. TRUELOVE:  Good morning, Your Honor.  Jennifer

8   Truelove here for Plaintiff.  With me today at counsel table,

9   we have Mr. Jason Sheasby, Ms. Yanan Zhao, and Mr. Michael

10  Rosen.

11         We are ready to proceed.

12         THE COURT:  Thank you.

13         What's the announcement for the Samsung Defendants?

14         MS. SMITH:  Good morning, Your Honor.  Melissa Smith

15  on behalf of Samsung.

16         I have many people in the courtroom that have joined me

17  today, but what I'd like to do is introduce Your Honor to

18  those that will be arguing today on behalf of Samsung in the

19  order of argument:  Mr. Ruffin Cordell, Mr. Mike McKeon, Ms.

20  Lauren Degnan, Dr. Frank Albert, Mr. Brian Livedalen, Mr. Matt

21  Colvin, Mr. Matthew Mosteller, Mr. Tom Reger, and in the back

22  Ms. Katherine Reardon.

23         Your Honor, we also have a client representative in the

24  courtroom today, Mr. Michael Nguyen, and we're ready to

25  proceed, Your Honor.

```
1   products, that's a bridge too far.
2       The references to Micron, Intel, and SK hynix
3   investments, I -- I don't really know how to -- how to address
4   this.  In a hypothetical negotiation, Mr. Meyer is presuming
5   that the parties would take into account the amount of money
6   invested by two separate third parties for which there's no
7   evidence that they contributed any of the technology that's
8   specifically related to these cases.
9       And that strikes me as -- as a really dangerous precedent
10  to set in the hypothetical negotiation for you to start
11  speaking about third-party products.
12      The next issue is confidential settlement discussions.
13  If we write a letter to Samsung that's a settlement offer,
14  that settlement offer has no place in front of a jury.  That's
15  the whole purpose of FRE 408 and things fall down.  Samsung in
16  their surreply brief suggests there's a well-known exception
17  to JEDEC-RAND issues.  There's no RAND issues in this case,
18  and there was no exception in our letter.
19      So I don't believe it's appropriate for them to inject
20  settlement communications into this case, and it would I think
21  significantly damage the -- sort of the integrity of the
22  process if we had to be aware of that.
23      References to the 2017 ITC action, there is an analysis
24  that was done about a FRAND offer that we made in the *SK Hynix*
25  case for a separate set of patents that related to LRDIMM.
```

```
1              THE COURT:  Let's make it brief, Mr. Sheasby.
2              MR. SHEASBY:  So there are two separate agreements.
3      If you go to slide 35.
4              This is the proposal that was made in 2000 -- while this
5      lawsuit is ongoing that is subject to FRE 408 that did have a
6      $6 offer in it.  That is ultra vires.  It's FRE 408 and
7      shouldn't be allowed.  There's just a confusion, and I don't
8      think it was intentional.
9              There is another $6 FRAND offer that was made on LRDIMMs
10     back in 2017 that was before the patents at issue had even
11     issued that was made to SK hynix as part of a FRAND offer and
12     because those patents were being asserted as standard
13     essential patents.  I don't attribute any ill will to it.
14             There's two separate $6 offers.  One was an FRE 408 in
15     2022, and one of them was this FRAND negotiation that was done
16     for standard essential patents, none of which were the patents
17     at issue in that case.  And I just want to clarify that for
18     the Court.
19             THE COURT:  All right.  Thank you.
20             All right.  With regard to Document 214 and the numerous
21     subparts in Plaintiff's motion to strike portions of the
22     expert's rebuttal report tendered by Paul K. Meyer, I'll try
23     to address these in order which they were set forth in the
24     briefing.
25             With regard to the Meyer market comparables approach,
```

1     That's going to be the Court's same ruling on the
2 references to Micron, SK hynix, and Intel R&D investments.
3 That portion is denied, can be fairly addressed by
4 cross-examination.
5     With regard to the settlement discussions governed by
6 Rule 408 and the particular letter that's been referenced in
7 the argument today, I'm going to grant that. I do believe it
8 falls under Rule 408. It's being used to disprove the amount
9 of a disputed claim, and I think that's what the rule stands
10 to protect against.
11     With regard to the expert analysis from the 2017 ITC
12 action, I've made it clear earlier today that the ITC action
13 is an adjudicatory process that has limited probative value
14 and a high risk of confusion. I'm going to grant that portion
15 of the motion, primarily on a 403 analysis.
16     With regard to the comparison of the patent damages to
17 Netlist's market cap, I'm going to grant that. That's highly
18 prejudicial and it's innately pejorative in the way it's
19 presented.
20     With regard to the references to Samsung's patent
21 portfolio, that's relevant and probative, and I'm going to
22 deny the motion in that regard.
23     With regard to references to unaccused products, I think
24 that can be fairly dealt with by cross-examination and I'm not
25 going to exclude it. That's not going to preclude relevance

Case 2:21-cv-00463-JRG Document 426 Filed 04/02/26 Page 9 of 9 PageID #: 53142
Case 2:21-cv-00463-JRG Document 480-1 Filed 03/06/24 Page 269 of 269 PageID #: 53747
260

1  previously set on the 17th.  Go back 10 days and you get to
2  the 7th.  We're now on the 14th.  Go back 10 days, and you get
3  to the 4th.  So the first step in that process should be on
4  the 4th and not the 7th.  The second one should follow, what
5  is it, three days later?
6          MR. CORDELL:  Yes, sir.
7          THE COURT:  That would put it on the 7th.  So 4th
8  and the 7th instead of 7th and the 10th.
9     All right?
10         MR. CORDELL:  Thank you.
11         MR. SHEASBY:  Thank you, Your Honor.
12         THE COURT:  All right, Counsel.  We stand in recess
13 until tomorrow morning.
14         MR. SHEASBY:  Thank you, Your Honor.
15         (The proceedings were concluded at 5:15 p.m.)