# Exhibit 7

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF TEXAS
 2                      MARSHALL DIVISION

 3   NETLIST, INC.,                (  CAUSE NO. 2:21-CV-463-JRG
                                   )
 4           Plaintiff,            (
                                   )
 5   vs.                           (
                                   )
 6   SAMSUNG ELECTRONICS CO., LTD., (
     et al.,                       )  MARSHALL, TEXAS
 7                                 (  APRIL 17, 2023
             Defendants.           )  8:30 A.M.
 8   _____

 9

10

11                           VOLUME 2

12

13   _____

                      TRIAL ON THE MERITS
14
              BEFORE THE HONORABLE RODNEY GILSTRAP
15            UNITED STATES CHIEF DISTRICT JUDGE
                          and a jury
16   _____

17

18

19

20

21

22            SHAWN McROBERTS, RMR, CRR
                100 E. HOUSTON STREET
23             MARSHALL, TEXAS  75670
                  (903) 923-8546
24         shawn_mcroberts@txed.uscourts.gov

25
```

```
 1                    A P P E A R A N C E S

 2         FOR THE PLAINTIFF:    IRELL & MANELLA, LLP -
                                 LOS ANGELES
 3                               1800 AVENUE OF THE STARS
                                 SUITE 900
 4                               LOS ANGELES, CA 90067-4276
                                 (310) 203-7096
 5                               BY:  MR. JASON SHEASBY
                                      MS. LISA GLASSER
 6                                    MR. BEN MANZIN-MONNIN

 7                               McKOOL SMITH, P.C. - MARSHALL
                                 104 E. HOUSTON ST., SUITE 300
 8                               MARSHALL, TEXAS  75670
                                 (903) 923-9000
 9                               BY:  MR. SAM BAXTER
                                      MS. JENNIFER TRUELOVE
10                                    MR. KEVIN BURGESS

11         FOR THE DEFENDANTS:   FISH & RICHARDSON, PC -
                                 WASHINGTON DC
12                               1000 MAINE AVE. SW, SUITE 1000
                                 WASHINGTON, D.C.  20024
13                               (202) 783-5070
                                 BY:  MR. RUFFIN CORDELL
14                                    MR. MICHAEL McKEON

15                               GILLAM & SMITH, LLP
                                 303 SOUTH WASHINGTON AVENUE
16                               MARSHALL, TEXAS  75670
                                 (903) 934-8450
17                               BY:  MS. MELISSA SMITH

18         OFFICIAL REPORTER:    SHAWN M. McROBERTS, RMR, CRR
                                 100 E. HOUSTON STREET
19                               MARSHALL, TEXAS  75670
                                 (903) 923-8546
20

21

22

23

24

25
```

## <u>INDEX</u>

**EXAMINATION**

| Witness Name | Page |
|---|---|
| SCOTT MILTON | |
|     Cross By MR. McKEON ............................................ | 258 |
|     Redirect By MR. SHEASBY ........................................ | 305 |
|     Recross By MR. McKEON ......................................... | 317 |
| WILLIAM MANGIONE-SMITH | |
|     Direct By MR. MANZIN-MONIN .................................... | 320 |
|     Cross By MR. McKEON ........................................... | 385 |
|     Redirect By MR. MANZIN-MONNIN ................................. | 445 |
|     Recross By MR. McKEON ......................................... | 450 |
| MICHAEL BROGIOLI | |
|     Direct By MR. BURGESS ......................................... | 454 |
|     Cross By MR. CORDELL .......................................... | 521 |

```
 1            THE COURT:  Be seated, please.

 2       Are the parties prepared to read into is the record those

 3  items from the list of pre-admitted exhibits used by last

 4  Friday's portion of the trial?

 5            MS. TRUELOVE:  Yes, Your Honor.

 6            THE COURT:  Please proceed.

 7            MS. TRUELOVE:  The following JTX exhibits were used

 8  Friday during trial.  That would be:  002, 003, 004, 005, 006,

 9  0021, 0024, 0029, 0043.

10       The following PX numbers were also used:  0446, 0464,

11  0586, 0621, 1663, 1756, 1778, and 1816.

12       And my understanding is Defendants don't have anything to

13  tender to the Court.

14            THE COURT:  All right.  Do Defendants have any

15  objection to the rendition offered by Plaintiff?

16            MS. DEGNAN:  No, Your Honor.

17            THE COURT:  And can you confirm Defendants don't

18  have additional items from the list of pre-admitted exhibits

19  to put into the record?

20            MS. DEGNAN:  That's correct.

21            THE COURT:  All right.  Mr. Milton, if you'll return

22  to the witness stand, please, sir.  I remind you, you remain

23  under oath.

24       Is there anything, Counsel, I need to hear from you on

25  before I bring in the jury?
```

```
 1    the '918 and '054 Patents in the DDR5 products we looked at
 2    first?
 3    A.   That would be 33 percent speed reduction.
 4    Q.   And to confirm, the way they could have done that is
 5    to move the power management off the module.  Is that right?
 6    A.   That's right.  They could have used the earlier
 7    technology where it was not on-module.
 8    Q.   Okay.  So now let's look at the benefits of the '339.
 9         Has Samsung identified any alternative technology that
10    it could have used in place of the '339 inventions to achieve
11    DDR4 speeds in the LRDIMM accused products?
12    A.   No, they have not.
13    Q.   If Samsung was aware of an alternative, would you have
14    expected them to say so?
15    A.   Yes.  Typically that's what's happened, in my experience.
16    Q.   And can you summarize the benefits of the '339 invention
17    that you've explained?
18    A.   Sure.  So here I've shown memory controller with four
19    channels.  This is representative of, again, modern servers,
20    and each channel is populated with two DIMMs in this case.
21    Without the invention, they could only support one DIMM.
22    And so, as a result, the capacity with the '339 invention is
23    doubled.
24    Q.   Would DDR4 LRDIMM customers purchase modules that are not
25    capable of running at DDR4 speeds with two or more modules per
```

1  channel?

2  A.   No, I don't -- I can't imagine that.

3  Q.   So let's turn to the last part of your analysis.  Can you

4  describe the comparability analysis you performed?

5  A.   Yes.  I was asked to consider a licensing agreement that

6  involved a company called Rambus, consider the technology that

7  was related to that, and comment on whether I thought it was

8  comparable to the technology in these patents.

9  Q.   And did you find that the agreement was comparable?

10  A.   Yes, I did.  What I found is that the Samsung technology

11  related to DDR memory systems and communicating to DDR memory

12  systems and improving the speed with which the communication

13  could happen and reducing the power that was required.

14  Q.   And what did you conclude about the licensed Rambus

15  patents?

16  A.   That the license was comparable.  The technology in the

17  licensing agreement was comparable to the technology in this

18  case.

19  Q.   Did the patents relate to similar issues to the asserted

20  patents?

21  A.   Yes, very much.

22          MR. MANZIN-MONNIN:  Nothing further.  I pass the

23  witness.

24          THE COURT:  All right.  Ladies and gentlemen, we're

25  just a few minutes before noon, and I've been informed by the

1 case or communicate about it in any way with anyone, including

2 the eight of yourselves.

3      And with that, ladies and gentlemen, you're excused for

4 the evening.  I'll see you tomorrow morning.

5           (Whereupon, the jury left the courtroom.)

6           THE COURT:  Be seated, please.

7      Counsel, for your information, we've used almost 6 hours

8 and 45 minutes of trial time today.  The Plaintiff has 7 hours

9 and 58 minutes remaining; the Defendant has 7 hours and 56

10 minutes remaining.

11      Let me encourage you to the fullest extent of my ability

12 to meet and confer efficiently with regard to disputes that

13 may develop overnight.  I will be in chambers, as I have been

14 throughout the trial, ready to meet with you in advance of

15 bringing in the jury and trying to streamline and narrow any

16 disputes that survive your stringent meet and confer efforts.

17      Is there anything that needs to be raised with the Court

18 from either Plaintiff or Defendants before we recess for the

19 evening?

20           MR. SHEASBY:  Nothing for Plaintiff.

21           MR. CORDELL:  Nothing for Defendants, Your Honor.

22 Thank you.

23           THE COURT:  All right.  We stand in recess until

24 tomorrow morning.

25           (The proceedings were concluded at 6:00 p.m.