**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ███████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:22-cv-294-JRG |
| | ) | |
| MICRON TECHNOLOGY, INC.; | ) | JURY TRIAL DEMANDED |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**NETLIST, INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR**
**SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES (DKT. 338)**

## TABLE OF CONTENTS

**Page**

I.    BACKGROUND AND ADDITIONAL FACTS ................................................................. 1

    A.    Netlist's 2010 and 2012 Disclosures of the '912 Patent and '417 Patent Family ................................................................................................................ 1

    B.    Netlist's 2015 and 2016 Disclosures to Samsung ........................................... 1

    C.    Netlist's 2020 and 2021 Patent Disclosures to Samsung ............................... 2

    D.    Netlist's 2022 Notice Letter to Samsung ........................................................ 3

II.   RESPONSE TO SAMSUNG'S STATEMENT OF UNDISPUTED FACTS ..................... 3

III.  ARGUMENT ............................................................................................................ 4

    A.    Netlist Provided Actual Notice to Samsung ................................................... 4

        1.    Identity of the Patents ........................................................................ 4

        2.    Activity Believed to Be an Infringement .......................................... 5

        3.    Proposal to Abate the Infringement ................................................. 6

    B.    Samsung's Arguments Do Not Warrant Summary Judgment ...................... 6

    C.    Samsung Did Not Meet Its Burden Under *Arctic Cat* ................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amsted Indus. v. Buckeye Steel Casting Co.,*
    24 F.3d 178 (Fed.Cir.1994) ......................................................................................... 4

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.,*
    876 F.3d 1350 (Fed. Cir. 2017) ................................................................................ 4, 9

*Arigna Technology Ltd. v. Nissan Motor Co., Ltd.,*
    2022 WL 18046695 (E.D. Tex. Sep. 20, 2022) ........................................................ 9

*Arthrex, Inc. v. Smith & Nephew, Inc.,*
    2016 WL 11750176 (E.D. Tex. Nov. 29, 2016) .................................................... 4, 8

*In re Elonex Phase II Power Mgmt. Litig.,*
    2002 WL 433614 (D. Del. Mar. 20, 2002) ............................................................... 8

*Image Processing Techs., LLC v. Samsung Elecs. Co.,*
    2020 WL 6832827 (E.D. Tex. Jun. 19, 2020) .......................................................... 7

*K-TEC, Inc. v. Vita-Mix Corp.,*
    696 F.3d 1364 (Fed. Cir. 2012) ............................................................................... 8

*Mass. Inst. Of Tech. v. Abacus Software, Inc.,*
    2004 WL 5268125 (E.D. Tex. Sept. 29, 2004) ........................................................ 4

*Power Integrations, Inc. v. ON Semiconductor Corporation,*
    396 F.Supp.3d 851 (N.D. Cal. 2019) ....................................................................... 9

*SRI Int'l, Inc. v. Advanced Tech. Lab'ys., Inc.,*
    127 F.3d 1462 (Fed. Cir. 1997) ............................................................................... 4

**Rules**

Fed. R. Evid. 408 ............................................................................................................ 8, 9

Samsung's motion that pre-suit damages are not available should be denied. Netlist repeatedly
provided actual notice to Samsung of the '912, '608, and '417 Patents.

## I.    BACKGROUND AND ADDITIONAL FACTS

### A.    Netlist's 2010 and 2012 Disclosures of the '912 Patent and '417 Patent Family

At a JEDEC meeting on September 16, 2010, Netlist's representative disclosed that Netlist
had IP related to "LRDIMM." Ex. 1 at 8. The disclosure specifically identified the '912 Patent and the
'247 Patent, to which the '417 Patent claims priority. *Id.* at 12. Multiple representatives from Samsung
were present at the meeting. *Id.* at 1 (members present).

In April 2012, ███████████████████████
████████ Ex. 2. HyperCloud's underlying features were adopted by the industry in the DDR4
DIMMs accused of infringement in this case. Ex. 3 at -188328; Ex. 4 at ¶¶ 31-43. At the April 2012
meeting, Netlist ███████████████████████
████████████████████████ *Id.* at 20; Ex. 5 at Related Appl. Data. The
accused products in this case are Samsung's DDR4 LRDIMMs and RDIMMs. Ex. 4 at ¶ 44.

### B.    Netlist's 2015 and 2016 Disclosures to Samsung

Netlist and Samsung held a further meeting in April 2015. Ex. 6. Netlist again ████████

████████████████████████████████

████████. The presentation █████████████████████

████████████████ *Id.* at 53-54 (red boxes added):



*See also id.* at 59 (identifying ████████████████████████ and

███████████████████████████████████████████████████████

███████████████████████████████████

As part of the April 2015 meeting,

Netlist ██████████████████████████████    ████████████████████

██████████████████████████████

██████████████████████████████

████████ Ex. 7 at 2 (███████████████████████).

Following the April 2015 presentation, Samsung entered into a joint development agreement

with Netlist (the JDLA). In 2016, ████████████████

██████████████████████████████

█████████████████ This list expressly identified the

██████████████████████████████

██████████████████████████████

██████████████████████████████

████ Ex. 8 (pictured at right, red boxes added).

C.      **Netlist's 2020 and 2021 Patent Disclosures to Samsung**

Samsung subsequently materially breached the JDLA, and Netlist terminated it. On October

15, 2020, Netlist sent a letter to Samsung notifying it that as a result of the termination, ██████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████ Ex. 9. DDR4

RDIMMs and LRDIMMs are the accused products in this case, as discussed above. The letter

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████ *Id.* At the time Netlist sent this letter, it had already provided to

Samsung the 2015 presentation and ████████████████████████████. And in the ensuing litigation in the Central District of California, on August 2, 2021, ████████████████████ ████████████████ Ex. 10 (Production Service). ████████████████████████ ████████████████████████████████ Ex. 11 (██████████) at -7800, -7802.

### D.    Netlist's 2022 Notice Letter to Samsung

On June 8, 2022, Netlist sent a letter to Samsung regarding ████████████████████. The letter ████████████████████████████████████████████ ███████████████████, stating it was sending the letter to address ████████████ ████████████████████████and ████████████████████████ ████████████████████████ Ex. 12 at 4-5; *see also id.* at 5 (discussing ████████████████████████████ The letter ████████████████████████████████████████████ ████████████████████████ Ex. 13 (Exhibit A) at 1-2.

Samsung has acknowledged that it was on actual notice by virtue of these communications. In ████████████████████████████████████████████ ████████████████ Ex. 14 at -7769. And in a declaratory judgment action filed in Delaware regarding the '912 Patent, Samsung admitted that as of May or June 2020 "Netlist made demands that Samsung take a second license to Netlist's portfolio of patents" and that there was "an actual controversy with respect to the Patents-in-Suit [including the '912 patent]." Ex. 15 at 4.

## II.    RESPONSE TO SAMSUNG'S STATEMENT OF UNDISPUTED FACTS

1-2. Disputed. Samsung took the position in the Ninth Circuit that the license is limited to the joint development project, which does not encompass the accused products. *See* Dkt. 273 at 1-2.

3-6, and 9. Disputed. Netlist incorporates Section I, above.

7-8, and 11-12. Not disputed that Netlist and SK Hynix entered into a "Strategic Product Supply and License Agreement" on April 5, 2021. Disputed that Samsung complied with its

obligations under *Arctic Cat.*

 10. Undisputed

 13. Disputed. Mr. Hong testified Netlist provided actual notice, as discussed below.

## III. ARGUMENT

 "Compliance with the marking statute is an issue of fact." *Arthrex, Inc. v. Smith & Nephew, Inc.*, 2016 WL 11750176, at *3 (E.D. Tex. Nov. 29, 2016). "[A]lthough the Federal Circuit wrote in *Amsted Indus. v. Buckeye Steel Casting Co.*, 24 F.3d 178, 187 (Fed.Cir.1994), that '[a]ctual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device,' the court, in *SRI Int'l.*, held that a direct charge of infringement was not required." *Mass. Inst. Of Tech. v. Abacus Software, Inc.*, 2004 WL 5268125, at *3 (E.D. Tex. Sept. 29, 2004) (citing *SRI Int'l, Inc. v. Advanced Tech. Lab'ys., Inc.*, 127 F.3d 1462, at 1469–70 (Fed. Cir. 1997)).

### A. Netlist Provided Actual Notice to Samsung

 The Federal Circuit holds that "the actual notice requirement of § 287(a) is satisfied when the recipient is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise." *SRI*, 127 F.3d at 1470. Here, Netlist's communications met each of these requirements, especially when considered in their totality as part of the overall course of communication between the Parties.

#### 1. Identity of the Patents

 Netlist repeatedly identified each of the '912, '417, and '608 Patents and their family members to Samsung. As discussed above: (1) Netlist's 2010 JEDEC disclosure to representatives of Samsung identified the '912 Patent and the '274 Patent to which the '417 Patent claims priority, Ex. 1 at 12; (2) Netlist's 2012 presentation to Samsung ███████████████████, Ex. 2 at 20, (3) Netlist's April 2015 presentation to Samsung ████████████████████████████████████████████, Ex. 6 at 53-54, 59; (4) the ████████████████████████████████████████

- 4 -

██████████████████████████████████████████ Ex. 8; (5) the ██████████

████████████████████████████████████████████████████████████

██████████████████████████ Ex. 10, and (6) Netlist's June 2022 letter ███████████

███████████████████████ Ex. 12 & Ex. 13 (letter and Exhibit A).

### 2.    Activity Believed to Be an Infringement

Netlist repeatedly informed Samsung that the '912, '417, and '608 Patents covered Samsung's

LRDIMM and RDIMM products accused in this case. For example, Netlist's 2010 JEDEC disclosure,

Netlist's 2012 presentation to Samsung, and Netlist's April 2015 presentation to Samsung each

specifically identified the '912 Patent and '417 parent patents (including the '537, '247, and '188

Patents) as covering DDR "LRDIMM" products. Ex. 1 at 8 (2010 JEDEC disclosure re "LRDIMM");

Ex. 2 at 20 (2012 presentation to Samsung ████████████████████████████████

████████ Ex. 6 at 53-54, 59 (April 2015 presentation to Samsung █████████████

████████████████████████████ ██████████████████████████ and

██████████████████████████████ The ████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████ the exact accused products in this case.  Ex. 8.

Netlist reaffirmed in subsequent communications that Samsung's LRDIMM and RDIMM

products accused in this case were infringing. Netlist's letter of October 15, 2020 expressly informed

Samsung that ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████ and that █████████████████████████████

███████████████████████████████ Ex. 9. And Netlist's letter of June 8, 2022

expressly charged Samsung was engaged in ██████████████████████████████

████████████ for LRDIMM and was selling ██████████████████████ and again identified

the ██████████████████████████████ Ex. 12 & Ex. 13 (2022 Letter & Exhibit A).

### 3.    Proposal to Abate the Infringement

Netlist proposed in its April 2015 presentation that ███████████████████

████████████████████████████████████ Ex. 7 (proposing ██████████

███████████████████████ and██████████████ for █████████). Netlist repeated its

████████████████████████████ Ex. 9 (2020) ██████████████████

█████████████████████████████████████████████████████████████

██████████████████); Ex. 12 (2022) (proposing a ███████████████████████

### B.    Samsung's Arguments Do Not Warrant Summary Judgment

Samsung argues that Netlist's corporate designee regarding notice supposedly "could not identify any notice of infringement sent to Samsung." Mot. at 5. This is incorrect. Netlist's corporate designee Mr. Hong expressly testified that Netlist provided actual notice to Samsung. *See, e.g.*, Ex. 16 (2023-11-19 Tr.) at 118 ██████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████; *see also* Ex. 17 (Hong 2022-12-16 Tr.) at 103:15-104:8 (testifying to 2020 letter). Mr. Hong also provided notes regarding actual notice that expressly identified the 2010 JEDEC disclosures, 2015 presentation to Samsung, ████████████████ provided to Samsung, and 2022 letter to Samsung, among other disclosures. Ex. 18 (Hong 2023-11-19 Depo. Ex. 9) at 30-32, 36-37.

Samsung next argues that the April 2015 presentation supposedly never "ties the patent to any Samsung product." Mot. at 6. Samsung's argument ignores the actual content of the 2015 presentation which, as discussed above, ███████████████████████

████ ████ ██████████ ████████, an ████████████████████████████

accused product in this case. Ex. 6 (2015 ████████████████████████████

Presentation) at 53-54, 59. Netlist was clear that it ████████████████████████

was not referring to LRDIMM only in a generic sense, but was asserting that ███████████

██████████. As part of the April 2015 presentation, Netlist expressly proposed that ████████

████████████████████████████████████████████████. Ex. 7 (above).

Both the Federal Circuit and this Court hold that notices akin to the April 2015 presentation sufficiently charge infringement. In *Gart*, 254 F.3d 1334, the Federal Circuit reversed 'summary judgment that actual notice was not provided, holding that notwithstanding patentee did not expressly state there was infringement, patentee's notice letter created a genuine dispute of fact because "the clear inference from the 1995 letter's reference to specific claims of the patent, a specific product, and the suggestion that a license under the patent may be needed is that Gart believed the TRACKMAN VISTA infringed claims 7 and 8 of the '165 patent." *Id.* at *1346. Similarly, in *Image Processing Techs., LLC v. Samsung Elecs. Co.*, 2020 WL 6832827 (E.D. Tex. Jun. 19, 2020), patentee sent a notice letter that identified its patents "by number and title," pointed to features in Samsung's digital camera products, and stated "we believe that Samsung might be interested in licensing the Image Processing portfolio." *Id.* at *2. Exactly as it argues here, Samsung argued this letter was not sufficient notice because it "does not even use the word 'infringe' or 'infringement.'" *Id.* at *3. This Court rejected Samsung's argument, finding the letter "provides sufficient specificity to raise a genuine issue of material fact as to IPT's notice to Samsung that it may be an infringer." *Id.* at *5. So too here, Netlist's April 2015 presentation notified Samsung of the patents, identified the products the patent covered (e.g. LRDIMM), and ████████████████████████████████████. There is at least a reasonable inference from these communications that Netlist believed Samsung's products infringed, and that inference must be drawn in Netlist's favor at the summary judgment stage.

Samsung also argues that the 2015 presentation and 2016 ████████ cannot be effective notice as to the '417 and '608 patents because they referenced parent patents, but the continuation '417/'608 Patents had yet to issue. Samsung's argument contradicts both Federal Circuit precedent and the precedent of this Court holding that notice of a parent patent may include notice of a continuation

patent. In *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1378-79 (Fed. Cir. 2012), the Federal Circuit found notice sufficient and affirmed the denial of summary judgment where patent owner "provided notice that the MP container infringed various claims of the [asserted] patent's parent patent in March 2005." When notice of the parent was given, the asserted patent had not yet issued. The Federal Circuit affirmed the damages verdict, explaining that this notice and other communications "resulted in Vita–Mix having actual notice of the [asserted] patent . . . when the patent issued." *Id.* at 1379.

Likewise, in *Arthrex*, 2016 WL 11750176, *2, patentee gave notice of parent patents in an agreement, and stated the notice also applied "to later-arising continuation patents." The continuation patent was not identified by patent number and issued after the notice. *Id.* This Court denied summary judgment and held that "notice of infringement of a parent patent can expand to include notice of infringement a continuation patent. The Federal Circuit has acknowledged that an accused infringer's actual notice of a parent patent is relevant to the § 287(a) inquiry." *Id.* This Court recently re-affirmed that holding in the co-pending litigation with Micron, holding that a 2021 letter Netlist sent to Micron identifying the parent patents created a genuine dispute regarding actual notice of continuation patents. Ex. 19 at 8 ("Regarding identification of the patents in suit, the letter identifies members of the patent family and provides notice regarding continuation patents. Accordingly, the Court finds that a fact issue remains regarding actual notice beginning on April 28, 2021.").

Samsung further argues that the 2021 ██████ should not be considered because it was delivered to Samsung's counsel. This argument fails. Samsung's counsel is its agent and can receive notice. *See In re Elonex Phase II Power Mgmt. Litig.*, 2002 WL 433614 (D. Del. Mar. 20, 2002) ("Notice to an agent with authority to receive notices of infringement may be sufficient under Section 287(a)").

Finally, Samsung argues that ████████████████████████████████ ████████████ Mot. at 8. Federal Rule of Evidence 408 precludes use of settlement offers only "to prove or disprove the validity or amount of a disputed claim." The Advisory Committee notes to the rule expressly state that establishing notice does not fall within this prohibition, explaining the rule

"does not affect the case law providing that Rule 408 is inapplicable when evidence of the compromise is offered to prove notice." Committee Notes on Rules – 2006 Amendment; *see also Power Integrations, Inc. v. ON Semiconductor Corporation*, 396 F.Supp.3d 851, 860 (N.D. Cal. 2019) ("as a matter of law Federal Rule of Evidence 408 does not bar PI's use of the 2014 communications, including the June 2014 email, in this litigation . . . The case law confirms that Rule 408 does not bar the introduction of such evidence for notice purposes.") (collecting authority).

Samsung also argues that the ██████████████████████████████████ ██████████████████████████████ Mot. at 8. Samsung is wrong. As discussed above, the ████████████████████████████████████████████████████ ████████████████████and ████████████████████████████████ ████████████████████████████████████████████████Ex. 12 at 4-5; *see also id.* at 5. Samsung's assertion that ████████████████████████ ████████████████████████████████████████ – a defendant cannot evade the fact a notice was given merely because it disputes whether all statements in it were correct. And in any event, the letter charged infringement independent of any allegation of essentiality.

### C.    Samsung Did Not Meet Its Burden Under *Arctic Cat*

Samsung's 2023 letters did not discharge its obligation under *Arctic Cat* to identify products "which the alleged infringer believes practice the patent." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Samsung's letters do not assert that any of the listed products actually practice the patents, instead claiming that "By identifying such products, Samsung does not admit that such products infringe any valid claim of the asserted patents." Dkt. 338-11 at 2; Dkt. 338-12 at 2. This Court has previously held that such letters do not meet Defendants' burden under *Arctic Cat. See Arigna Technology Ltd. v. Nissan Motor Co., Ltd.*, 2022 WL 18046695, at *4 (E.D. Tex. Sep. 20, 2022) (letter did not satisfy defendant's burden where it "does not articulate the requisite belief that the DNMWR008 module or the chip incorporated therein practices the '318 Patent.").

Dated: January 30, 2024

Respectfully submitted,

/s/ Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on January 30, 2024, a copy of the foregoing was served to all counsel of record.

*/s/ Isabella Chestney*
Isabella Chestney

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be

filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Isabella Chestney*
Isabella Chestney
