# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-cv-293-JRG ) ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., | ) (Lead Case) ) ) ) ) ) |
| Defendants. | ) |
| NETLIST, INC., | ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-cv-294-JRG ) ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) ) ) ) ) |
| Defendants. | ) |

**NETLIST INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF NO WILLFULNESS (DKT. 341)**

**TABLE OF CONTENTS**

**Page**

I. RESPONSE TO SAMSUNG'S STATEMENT OF FACTS ................................................... 1

II. LEGAL STANDARD ........................................................................................................ 2

III. ARGUMENT ..................................................................................................................... 3

    A. There Is Substantial Evidence that Samsung Did Not Have a Reasonable Belief of License Defense ................................................................................................ 3

    B. There Is Substantial Evidence Showing Samsung Knew About Its Infringement of the Patents-in-Suit or Was Willfully Blind ........................................................ 6

    C. Substantial Evidence Exists of Samsung's Post-Filing Willful Infringement ........... 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
   No. 15-cv-1047-RSP, Dkt. 275 Order (E.D. Tex. Nov. 29, 2016) .................................................. 8

*Aviles-Tavera v. Garland*,
   22 F.4th 478 (5th Cir. 2022) ........................................................................................................ 4

*Avondale Shipyards, Inc. v. Insured Lloyd's*,
   786 F.2d 1265 (5th Cir. 1986) ................................................................................................. 4, 5

*Bradberry v. Jefferson Cnty.*,
   732 F.3d 540 (5th Cir. 2013) ....................................................................................................... 4

*Commil USA, LLC v. Cisco Sys., Inc.*,
   720 F.3d 1361 (Fed. Cir. 2013) ................................................................................................... 5

*Enplas Display Device Corp. v. Seoul Semiconductor*,
   909 F.3d 398 (Fed. Cir. 2018) ..................................................................................................... 3

*Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Grp., LLC*,
   879 F.3d 1332 (Fed. Cir. 2018) ................................................................................................... 2

*Georgetown Rail Equip. Co. v. Holland L.P.*,
   867 F.3d 1229 (Fed. Cir. 2017) ................................................................................................. 11

*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011) *rev'd on other grounds*,
   757 F. App'x 974 (Fed. Cir. 2019) ............................................................................................. 3

*Halo Elecs., Inc. v. Pulse Elec., Inc.*,
   579 U.S. 93 (2016) .................................................................................................................. 2, 5

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*,
   259 F. Supp.3d 530 (E.D. Tex. 2017) ......................................................................................... 3

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
   2019 WL 1987172 (E.D. Tex. Apr. 12, 2019) ........................................................................ 9, 10

*KAIST IP US LLC v. Samsung*,
   439 F. Supp. 3d 860 (E.D. Tex. 2020) ...................................................................................... 12

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*,
   383 F.3d 1337 (Fed. Cir. 2004) ................................................................................................... 3

*Packet Intel. LLC v. NetScout Sys., Inc.*,
   2019 WL 2375218 (E.D. Tex. June 5, 2019),
   *aff'd in relevant part*, 965 F.3d 1299 (Fed. Cir. 2020) .............................................................. 12

*Power Integrations, Inc. v. ON Semiconductor Corp.*,
   396 F. Supp. 3d 851 (N.D. Cal. 2019) ............................................................................................ 10

*Smith & Nephew Inc. v. Arthrex, Inc*,
   603 F. App'x 981 (Fed. Cir. 2015) .................................................................................................. 5

*SynQor, Inc. v. Artesyn Techs., Inc.*, 2011 WL 3624957 (E.D. Tex. Aug. 17, 2011), *aff'd*,
   709 F.3d 1365 (Fed. Cir. 2013) ....................................................................................................... 9

*Team Worldwide Corp. v. Acad., Ltd.*,
   2021 WL 1897620 (E.D. Tex. May 3, 2021) ............................................................................ 7, 12

*WCM Indus., Inc. v. IPS Corp.*,
   721 F. App'x 959 (Fed. Cir. 2018) .............................................................................................. 3, 8

*Wrinkl, Inc. v. Facebook Inc.*,
   2021 WL 4477022 (D. Del. Sept. 30, 2021) ................................................................................. 12

**Rules**

Fed. R. Civ. Proc. 30(b)(6) ........................................................................................................... 10

Fed. R. Civ. Proc. 56(d) .................................................................................................................. 4

Fed. R. Civ. Proc. 608 ............................................................................................................. 9, 10

There is substantial evidence in the record supporting a finding of willfulness. This case presents substantially different facts that warrant a different result from the court's finding of no willful infringement before July 15, 2020 in *Netlist v. Samsung,* No. 21-cv-463 (E.D. Tex.) (*Samsung I*).

### I.   RESPONSE TO SAMSUNG'S STATEMENT OF FACTS

¶ 1. Disputed that claim 16 was rewritten.  The N.D. Cal. granted summary judgment that claim 16 of the '912 patent in the reexamination "is identical to the original claim 16." *Netlist v. Google*, No. 09-cv-5718, Dkt. 258 (N.D. Cal. May 5, 2022).

¶¶ 3 and 4.  Disputed.  As detailed in Netlist's summary judgment motion on Samsung's license defense, Dkt. 273, Samsung told the Ninth Circuit that JDLA's license grant to Samsung was limited **only to the joint development project**, which does not cover the accused products.

> Whereas in connection with their collaboration hereunder, the parties wish to grant to each other a cross-license under each party's patents**.** The licenses are being given in connection with the collaboration. **That's the joint development project**. Ex. 1 at 15:10-21.

¶¶ 5-8. Samsung's recitation of evidence of the parties' pre-suit communications is incomplete and mischaracterizes the evidence. In April 2015, Netlist gave a technical presentation to Samsung which ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. 2 at 53, 54, 59, 70. Netlist also ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Ex. 3 (2015 Netlist's April Proposal to Samsung) at 3-4.

In November 2016, Netlist provided a patent chart to Samsung which ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. 4 (Additional Patent Information) at 2.  Netlist explicitly stated that these patents ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ which is one of the Accused Products in this Action. *Id.*

On October 15, 2020, Netlist sent a "notice of infringement" to Samsung noting that the JDLA had been terminated and ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

████ Ex. 5 (2020-10-15 Notice of Infringement) at 1. Netlist further stated: ████

████████████████████████████████████████████████████████

████████ which are Samsung products accused of infringement in this Action. *Id.*

Further, as Samsung admits, a ████████████████████████████

████████████████████████████████████████████████████ Samsung offers no evidence to support its assertion that this document was "not shared with anyone at Samsung." The document was **_not_** marked "Attorneys' Eyes Only." Dkt. 341-11. The same Samsung counsel that ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ *See* Ex. 6. The information provided to Samsung counsel was communicated to Samsung as evidenced by the fact that Samsung filed a declaratory judgment action based on the letter the day after the C.D. Cal. court granted summary judgment that the termination was effective. *See* Ex. 7 (No. 20-cv-993, Dkt. 186) (granting summary judgment on October 14, 2021); Ex. 8 (D. Del. Action complaint) (declaratory judgment filed on October 15, 2021).

¶¶ 9-12. Samsung's recitation of the parties' litigation history is incomplete and mischaracterizes the evidence. In the *Samsung I* action, the Court entered summary judgment finding no pre-suit damages before July 15, 2020. Ex. 9 (*Samsung I*, Dkt. 432) at 4. After a seven-day trial, the jury entered a verdict finding that Samsung willfully infringed each of Netlist's asserted patents. *Samsung I*, Dkt. 479 at 6. With respect to the C.D. Cal. Case and the Ninth Circuit ruling, Netlist disputes Samsung's characterization for reasons stated in Netlist's motion for summary judgment on Samsung's license defense. Dkt. 273.

**II.    LEGAL STANDARD**

"[T]he entire willfulness determination is to be decided by the jury." *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1353 (Fed. Cir. 2018). The Supreme Court "eschew[ed] any rigid formula" for determining willfulness. *Halo Elecs., Inc. v. Pulse Elec., Inc.*, 579 U.S.

93, 107 (2016). Instead, it "is made on consideration of the totality of the circumstances and may include contributions of several factors[.]" *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1342 (Fed. Cir. 2004) (internal citation omitted). A patentee can show willfulness by "showing actual knowledge or willful blindness" of the patents. *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, 259 F. Supp.3d 530, 545 (E.D. Tex. 2017) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011)), *rev'd on other grounds*, 757 F. App'x 974 (Fed. Cir. 2019). Knowledge of the patent is not necessary where an accused infringer ignores a risk of infringement so obvious that it should have been known. *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018). A jury may also reasonably find "knowledge of the patents" based on "circumstantial evidence." *Enplas Display Device Corp. v. Seoul Semiconductor*, 909 F.3d 398, 408 (Fed. Cir. 2018).

## III.   ARGUMENT

### A.   There Is Substantial Evidence that Samsung Did Not Have a Reasonable Belief of License Defense

#### 1.   Issue Preclusion or Collateral Estoppel Does Not Apply

Issue preclusion does not apply for several reasons. **First**, Samsung mischaracterizes what the Court actually decided in *Samsung I*. In that case, the Court concluded on summary judgment that Netlist had terminated the JDLA on July 15, 2020. *Samsung I,* Dkt. 196 at 1. As to license scope, it was irrelevant to the '339, '918, and '054 patents because they did not issue until after July 15, 2020. With respect to the remaining 160 and 060 patents, the court held that factual disputes existed on the scope of the license grant in the JDLA and denied Samsung's summary judgment. Ex. 10 (*Samsung I* Tr.) at 59 ("What falls within that license as prescribed by the other terms of the JDLA is a fact question.").

**Second**, the Fifth Circuit has recognized that "issue preclusion does not apply unless the facts and the legal standard used to assess them are the same in both proceedings" *See Aviles-Tavera v. Garland*, 22 F.4th 478, 483 (5th Cir. 2022) (cites omitted). Here, the factual record is much different. In *Samsung I*, this Court found Samsung had a license to Netlist's patents before July 15, 2020 based on Samsung's repeated representations that the JDLA was not limited to joint development:

> THE COURT: Let me stop you for a minute, Mr. Cordell. **You made a statement a second ago that nobody is arguing here that the JDLA was limited to the joint development project**. I saw that argument in Plaintiff's briefing over and over. . . .
>
> MR. CORDELL: You are correct. . . . My point is that as the briefing was developed, no one seemed to -- to be focused on whether or not these products were the jointly developed products or not. That issue seemed to kind of go by the boards, as it should, because the reality is t**hat JDLA was in no way limited to jointly developed products [or its subsidiaries].** Ex. 10 (PTC Tr.) at 28:8-29:14, 26:2-8 (emphasis added).

However, **after** the Court entered the summary judgment order and **after** the jury trial in *Samsung I*, Samsung took the opposite position, telling the Ninth Circuit that the license granted under the JDLA was limited to the parties' "***joint development project***," which indisputably concerned NVDIMM-P products, not the accused DDR4 RDIMMs or DDR4 LRDIMMs here. *See supra* Section I ¶ 2; Ex. 1 at 15:10-21 ("The licenses are being given in connection with the collaboration. That's the joint development project."). Thus, issue preclusion cannot apply here.

**Third**, the court's finding of no-willfulness before July 15, 2020 based on the JDLA was not necessary to its final judgment because the license scope issue was rendered moot by the Court's finding that Netlist could not seek pre-suit damages under the marking requirement regardless of license scope. Ex. 9 (*Samsung I*, Dkt. 432) at 3. Again, in *Samsung I*, the '339, '918, and '054 patents did not issue until after July 15, 2020. With respect to the '160 and '060 patents, the court held that factual disputes existed on the JDLA's license scope and denied Samsung's summary judgment. *Id.* at 2. Thus, collateral estoppel cannot apply. *Bradberry v. Jefferson Cnty.*, 732 F.3d 540, 550 (5th Cir. 2013) ("For collateral estoppel . . . [the] determination must have been necessary to the decision.").

**Fourth**, "partial summary judgment orders under Rule 56(d) are not preclusive," *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1271 (5th Cir. 1986), because "it remains within the plenary power of the court to revise or set aside" such decisions based on subsequent events. *Id.*; *see also* Dkt. 331 (Netlist's Reply ISO Summary Judgment of No License Defense). Thus, even if this Court had previously determined that the scope of the JDLA's license grant was not limited to joint development (which it did not), the Court should now revise that holding based on Samsung's

statements to the Ninth Circuit successfully arguing the exact opposite.

2. Samsung's License Defense at Best Presents a Factual Dispute for the Jury

Samsung points to no case law granting summary judgment of no willfulness based on the alleged belief of a license defense. An alleged "good-faith belief" in invalidity or non-infringement at most raises a question of fact for the jury. *Smith & Nephew Inc. v. Arthrex, Inc*, 603 F. App'x 981, 990 (Fed. Cir. 2015) ("a good-faith belief in non-infringement" does not negate the required knowledge because "a good-faith belief presents a factual question"); *Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1368–69 (Fed. Cir. 2013) (same). The "ability of the infringer to muster a reasonable . . . defense at trial" cannot negate willfulness. *Halo*, 136 S. Ct. at 1933.

Substantial evidence exists that allows a jury to find that Samsung did not reasonably believe that it had a license defense to Netlist's patents-in-suit. Indeed, Samsung itself represented to the Ninth Circuit that it believes the license provided under the JDLA was limited to the parties' "joint development project," which was related to the NVDIMM-P products. Ex. 1 at 15:10-21. Likewise, ███████████████████████████████████████████████████████, testified, consistent with Samsung's Ninth Circuit argument, that the license grants were limited to what was necessary to develop NVDIMM-P: ███████████████████████████████████████████████████████

Moreover, the record contains evidence that Samsung was aware that ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Finally, neither the C.D. Cal. court nor the Ninth Circuit decided the scope of Netlist's license grant under the JDLA. The Ninth Circuit order to remand thus is not sufficient to show Samsung's "reasonable belief of a license defense," let alone warrant summary judgment. Dkt. 278 at 4-5 (Order denying Samsung's motion to stay, noting "[t]his Court specifically disagrees that the Ninth Circuit's ruling means that the JDLA is currently 'in full force and effect,' as Samsung contends").

### B. There Is Substantial Evidence Showing Samsung Knew About Its Infringement of the Patents-in-Suit or Was Willfully Blind

#### 1. Samsung's Knowledge of Netlist's Intellectual Property Rights

##### a. *Samsung Received Netlist's Presentations of Its Patents and Patented Technologies*

**The '912 Patent.** The record is replete with evidence to support a finding of willful infringement as to the '912 patent. Samsung does not dispute it received the April 2015 presentation that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. *Supra* I ¶ 3; Ex. 2 at 53-54, 59. Thus, Samsung's claim that the April 2015 presentation "never ties the patent to any Samsung product," Mtn. at 7, is simply false.

Samsung has also been on notice of Netlist's '912 patent and its relevance to LRDIMMs through its JEDEC Participation. For example, on various occasions, Netlist disclosed the '912 patent to JEDEC committees, including on April 1, 2010 (Ex. 13), November 22, 2010 (Ex. 14) at 5; December 6, 2010 (Ex. 15) at 5; and September 7, 2011 (Ex. 16) at 6. Netlist explicitly identified that the '912 patent is potentially relevant to JEDEC specifications covering "Memory Buffer spec electrical," "Memory Buffer MemBist," and "Memory Buffer Spec Reset." December 6, 2010 (Ex. 15) at 5. Further, during the JEDEC JC-40 committee meeting on September 16, 2010, where specifications for DDR4 DIMMs and DDR3 LRDIMMs were discussed, Netlist's JEDEC representative Mr. Mario Martinez specifically identified the '912 patent. Ex. 17 (SAM-NET0074543) at 11-12. Samsung's engineers attended the meeting. *Id.* at 1. Mr. Park also testified that Samsung has a practice of checking JEDEC disclosures. Ex. 18 (2022-11-23 Sung Joo Park Tr.) at 42:4-19 ■■■■

███████████████████████████ Samsung admits that it received ███████████████████████████████████████████████████████████ ███████████████████████, which made it clear that Netlist asserts Samsung's DDR4 RDIMM and LRDIMM products infringe claim 16 of the '912 patent. Ex. 19 (SAM-NET-293_00037703) at 2.

Samsung's claim that it could not have been aware of claim 16 of the '912 patent until after the reexamination certificate in 2021 is misplaced. In Netlist's lawsuit against Samsung's customer, Google, the N.D. Cal. court granted summary judgment for Netlist finding no intervening rights relating to claim 16 of the '912 patent because it "is **identical** to the original claim 16." Ex. 20 at 2 (*Netlist v. Google*, No. 09-cv-5718, Dkt. 258 (N.D. Cal. May 5, 2022) (emphasis added). Similarly, Samsung's reliance on the Delaware declaratory judgment case or IPR proceedings as evidence of its alleged "good faith defense" does not warrant summary judgment. *Team Worldwide Corp. v. Acad., Ltd.*, 2021 WL 1897620, at *5 (E.D. Tex. May 3, 2021) ("Whether the Defendants actually hold a good-faith belief in the '018 Patent's invalidity is a matter for the fact finders to decide.").

**The '417 and '608 Patents.** Samsung does not dispute that it was aware of the applications to which the '417 and '608 Patents claim priority as well as Netlist's contention that those applications covered DDR4 LRDIMMs. See § I (describing April 2015 presentation, 2016 patent list, 2021 patent list, and 2020 patent ████letter); Dkt. 341-8 at 2.[1] Samsung also admits that Netlist disclosed patents that share specifications with the '417 and '608 patents to JEDEC. Mtn. at 8; Exs. 14, 15, 16, 21, and 22 at 3. For example, ████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████████████████ Ex. 15 at 9. In its April 7, 2016 letter, Netlist █████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████████ ████████████████████████████████. Moreover, Samsung knew or should have known that Netlist's

---

[1] Samsung's claim that there is no evidence that the 2020 patent list was shared with Samsung is wrong. As noted above, the fact that Samsung filed a declaratory judgment action immediately upon the C.D. California court's determination that the JDLA was properly terminated suggests that it was.

disclosure of a patent to JEDEC qualifies under JEDEC policies as disclosure of the entire family. Ex. 23 (JEDEC Policy Guidelines JM21V) § 8.2.1 ("Disclosure of a patent is deemed to include all patents claiming priority of a single filing."). Samsung's corporate representative testified that Samsung engineers have reviewed these disclosed patents. Ex. 18 (2022-11-23 SJ Park Tr.) at 42:4-7, 9-16.

Further, Samsung's ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 31 (2017-02-21 Knuth Email summary of meeting with Netlist, SEC000472) at 2.

Samsung's argument that "knowledge of a patent family is insufficient to prove knowledge for willfulness purposes" (Mtn. at 8) has been rejected by this Court. *Arthrex, Inc. v. Smith & Nephew, Inc.*, No. 15-cv-1047-RSP, Dkt. 275 Order at 4-6 (E.D. Tex. Nov. 29, 2016) ("A reasonable juror could conclude that the scope of notice [regarding a parent patent] . . . expanded to include notice of infringement of the '541 patent after the '541 patent issued."). Similarly, in *WCM*, the Federal Circuit upheld a jury verdict of willful infringement absent direct evidence of knowledge of the patents-in-suit, based in part on evidence that the accused infringers had knowledge of a "patent pending." 721 F. App'x at 970 & n.4 (knowledge of a pending patent application on a technology can support a finding of willfulness).[2] Here, knowledge of patents in the same family is tantamount to knowledge of a patent pending. Netlist's notices to Samsung included parent and children patents, indicating that Netlist pursues continuation patents, and Samsung itself is familiar with the practice of continuation patents from its large portfolio of patents. *See SynQor, Inc. v. Artesyn Techs., Inc.*, 2011 WL 3624957, at *4 (E.D. Tex. Aug. 17, 2011), *aff'd,* 709 F.3d 1365 (Fed. Cir. 2013) (a "jury could reasonably conclude that [defendant] . . . learned of the [continuation] patent once it issued" based on evidence that

---

[2] *Intellectual Ventures* is inapposite. There, this Court found knowledge of unasserted patents "insufficient" because "Plaintiff had not shown a sufficient nexus with the patent-in-suit." *Intell. Ventures II*, 2019 WL 1987172, at *2. Here, extensive evidence establishes a nexus between the family patents to which Samsung had knowledge and the patents-in-suit.

"continuation patents are common" and those in the industry "would have recognized that a continuation application could potentially be filed" on the parent patent).

b. *Netlist's Letters to Samsung for* ▮▮▮▮▮

After the JDLA was terminated, Netlist sent several letters to Samsung ▮▮▮▮▮ ▮▮▮▮▮ *Supra* Section I § 5. For example, the October 2020 letter reminded Samsung that ▮▮▮▮▮ Ex. 5 at 1. Netlist further noticed Samsung that ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ accused of infringement in this Action. *Id.*

Samsung also admits that it received the June 8, 2022 letter from Netlist, which was a follow-up on Netlist's ▮▮▮▮▮. Mtn. at 9; Ex. 24 at 1. The letter includes ▮▮▮▮▮ *Id.* at 7-8. Netlist informed Samsung that these patents ▮▮▮▮▮ *Id.* at 2. Samsung argues that the letter is inadmissible under Rule 608. Mtn. at 9. Contrary to Samsung's assertion, Netlist is not using the letter to prove the "validity or amount of a disputed claim" but instead to show Samsung, as a recipient of the letter, had been put on notice of infringement. Fed. R. Civ. 608; *see also Power Integrations, Inc. v. ON Semiconductor Corp.*, 396 F. Supp. 3d 851, 860 (N.D. Cal. 2019) ("[T]he Advisory Committee Notes to the 2006 Amendments to Rule 408 make abundantly clear that [evidence of settlement communications] is admissible to prove notice, stating that '[t]he amendment does not affect the case law providing that Rule 408 is inapplicable when evidence of the compromise is offered to prove notice'"). Samsung's argument that Netlist presented a contradicting position as to standard essentiality in its June 2022 letter likewise is incorrect, but even taken as true, it does not exclude the letter from summary judgment evidence as the jury should be allowed to make the factual finding.

2. Samsung's Willful Blindness of Infringement of Netlist's IP Rights

Willful infringement may be found based on willful blindness, *i.e.*, where "the risk of

- 9 -

infringement [is] . . . so obvious that it should have been known to the accused infringer." *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, 2019 WL 1987172, at *1 (E.D. Tex. Apr. 12, 2019).

Samsung points to no specific investigation that it has conducted to determine whether its engineers designed the accused DDR4 RDIMMs or LRDIMMs based on Netlist's patents. For example, Mr. Junseon Yoon was designated to testify as to ███████████████████████████████████████████████████████████████ Ex. 25 (Netlist's Rue 30(b)(6) notice, Topic 88). During his deposition, Mr. Yoon testified that ███████████████████████████████████████████████████████████████ Ex. 26 (2023-11-08 Yoon Tr.) at 86:11-25. But Mr. Seung-Mo Jung testified that ███████████████████████████████████████████████████████████████. 27 (2023-11-13 Jung) at 11:12-14, 11:19-23 ███████████████████████████████████████████████████████████████ (objection omitted).

Samsung's JEDEC representatives also conducted no investigation to determine whether Samsung was aware of Netlist's technologies. ███████████████████████████████████████████████████████████████ As discussed above, Samsung's engineer checked JEDEC disclosures before launching a new product. Ex. 18 (2022-11-23 Sung Joo Park Tr.) at 42:9-16. However, Samsung's in-house counsel in charge of internal investigation of patent-infringing activities ███████████████████████ Ex. 26 (2023-11-08 Yoon Tr.) at 83:1-8.

A reasonable jury could find—from Netlist's presentations and patent lists shared with Samsung, Netlist's disclosures to JEDEC, Netlist's ████ ████, and Samsung's lack of investigation—that Samsung was willfully blind. *Georgetown Rail Equip. Co. v. Holland L.P.*, 867 F.3d

1229, 1245 (Fed. Cir. 2017) ("[s]ubstantial evidence supports the jury's finding that subjective recklessness led to willful infringement" including "that [defendant] was aware of the [ ] patent prior to the current litigation" and "believed that it was infringing" evidenced by "the parties' prior business dealings from which the jury could have inferred that [defendant] believed that it needed to acquire or license… and circumstantial evidence"); *KAIST IP US LLC v. Samsung*, 439 F. Supp. 3d 860, 884 (E.D. Tex. 2020) (affirming willfulness finding based on evidence Samsung "was aware of the [Asserted Patents]," "the parties had prior business dealings from which the jury could have inferred that Samsung believed that it needed [a] license,'" and "circumstantial evidence that [Samsung] copied").

### C. Substantial Evidence Exists of Samsung's Post-Filing Willful Infringement

"It is well-settled, *at least in this District*, that post-conduct behavior can establish willful infringement." *Packet Intel. LLC v. NetScout Sys., Inc.*, 2019 WL 2375218, at *8 (E.D. Tex. June 5, 2019), *aff'd in relevant part*, 965 F.3d 1299 (Fed. Cir. 2020). A jury is "entitled to consider [defendants'] decision to continue selling the Accused Products in its willfulness calculation." *Id.* After Netlist filed its original complaint and amendment, Samsung continued selling the accused products. Ex. 29 (SAM-NET-293_00154432 excerpt) (2023 sales). Further, as discussed above, Samsung did not conduct an adequate inquiry into whether the accused products infringe before deciding to continue its infringing activities. *Supra* at 10-11. This, together with the evidence showing Samsung's pre-suit knowledge of Netlist's patents and patented technologies, is more than sufficient to create a factual dispute. *Team Worldwide*, 2021 WL 1897620, at *6 ("Continuing sales without an adequate inquiry into whether the [products] at issue infringed may be conduct from which a jury could infer willful infringement."). These facts are distinguishable from *Wrinkl, Inc. v. Facebook Inc.*, 2021 WL 4477022, at *8 (D. Del. Sept. 30, 2021), where the plaintiff alleged that Facebook had pre-suit knowledge because "its ongoing prosecution and eventual issuance were matters of public record." *Id.* * 6. The court dismissed the post-suit willful infringement claim under Rule 12(b)(6) because it was based on nothing more than "the filing of a complaint and a plausible allegation of infringement." *Id.* at *8.

| | |
|---|---|
| Dated: January 30, 2024 | Respectfully submitted,<br><br>*/s/ Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>***Attorneys for Plaintiff Netlist, Inc.*** |

## CERTIFICATE OF SERVICE

I hereby certify that, on January 30, 2024, a copy of the foregoing was served to all Samsung counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

- 12 -

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao