# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD.; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ████████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:22-cv-294-JRG |
| | ) | |
| MICRON TECHNOLOGY, INC.; | ) | JURY TRIAL DEMANDED |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NETLIST, INC.'S OPPOSITION TO SAMSUNG'S DAUBERT MOTION AND MOTION TO STRIKE EXPERT TESTIMONY OF PETER GILLINGHAM (DKT. 351)

# TABLE OF CONTENTS

**Page**

I.  Mr. Gillingham's Opinion on Standard Essentiality Is Timely (¶¶ 117-30) .................................. 1

    A.  Netlist Disclosed Its Basis for Standard Essentiality Analysis in Discovery ................. 1

    B.  Mr. Gillingham's Opinion Relied on Samsung-Produced Evidence ............................. 1

    C.  Samsung's "Failure to Disclose Expert Opinions" Argument Must Fail ....................... 3

II. Mr. Gillingham Provided Opinions Regarding Netlist's and Samsung's JEDEC Activities (¶¶ 39, 48-50, 52, 54, and 58) in Response to Mr. Halbert's Opening Report ........... 6

    A.  Paragraphs 48-50, 52, 54 of Mr. Gillingham's Report Are a Direct Response to Mr. Halbert's Opinion on Netlist's Participation and Withdrawal from JEDEC ......... 7

    B.  Mr. Gillingham's Opinions in Paragraphs 39 and 58 Are Not Opinions on Samsung's State of Mind or Direct Endorsement of Netlist's Position ....................... 11

III. Mr. Gillingham Provided Opinions Regarding Samsung's Dominance at JEDEC in Response to Mr. Halbert's Criticism of Netlist's Lack of Contributions to JEDEC ............... 13

IV. Conclusion ................................................................................................................................. 15

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Genband US LLC v. Metaswitch Networks Corp.*,
   2015 WL 12911530 (E.D. Tex. Sept. 30, 2015) .......................................................10

*In re Innovatio IP Ventures, LLC Patent Litig.*,
   956 F. Supp. 2d 925 (N.D. Ill. 2013) .......................................................................4

*Intel Corp. v. Future Link Sys.*,
   268 F. Supp. 3d 605 (D. Del. 2017) .........................................................................4

*Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*,
   964 F. Supp. 2d 653 (E.D. Tex. 2013) .....................................................................5

*Maxell Ltd. v. Apple Inc.*,
   2019 WL 7905454 (E.D. Tex. Nov. 13, 2019) .........................................................3

*Meganathan v. Signal Int'l L.L.C.*,
   2015 WL 11109846 (E.D. Tex. June 26, 2015) .......................................................10

*Netlist v. Micron*,
   No. 22-cv-203, Dkt. 421 (E.D. Tex.) .......................................................................4

*Opticurrent, LLC v. Power Integrations, Inc.*
   No. 17-CV-3597, Dkt. 186 (N.D. Cal. Jan. 7, 2019) ..............................................11

*Promethean Insulation Tech. LLC v. Sealed Air Corp.*,
   2015 WL 11027038 (E.D. Tex. Oct. 13, 2015) .......................................................3

*Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*,
   2018 WL 626355 (E.D. Tex. Jan. 30, 2018) ............................................................9

*Retractable Techs. Inc. v. Abbott Lab'ys, Inc.*,
   2010 WL 11531436 (E.D. Tex. June 18, 2010) ..................................................9, 13

*Stephenson v. Caterpillar, Inc.*,
   2018 WL 5831314 (E.D. Tex. Nov. 7, 2018) .........................................................10

*Tinnus Enterprises, LLC v. Telebrands Corp.*,
   2018 WL 6423377 (E.D. Tex. Oct. 31, 2018) ........................................................10

*USAA v. Wells Fargo Bank, N.A.*,
   2019 WL 6896674 (E.D. Tex. Dec. 18, 2019) ........................................................10

*WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*,
   2022 WL 174517 (W.D. Tex. Jan. 18, 2022) ...........................................................5

**Rules**

Rule 30(b)(6) ................................................................................................................................. 4

Samsung's motion to strike Mr. Peter Gillingham's rebuttal report should be denied.

## I.     Mr. Gillingham's Opinion on Standard Essentiality Is Timely (¶¶ 117-30)

Samsung's argument that Mr. Gillingham provided "untimely opinions" or that Samsung suffered prejudice lacks merits.

### A.     Netlist Disclosed Its Basis for Standard Essentiality Analysis in Discovery

In response to Samsung's interrogatory asking for Netlist's "factual and legal bases supporting [its] contention" on standard-essentiality, Netlist stated in July 2023, Ex. 1, at 76-77:



*Id.* at 31.

Netlist supplemented its responses in November, explaining that Netlist believes

*Id.* at 77.   Netlist also incorporated by reference this court's relevant findings of facts from the bench trial in *Samsung I.  Id.*; Ex. 2 (*Samsung I*, Dkt. 550).

### B.     Mr. Gillingham's Opinion Relied on Samsung-Produced Evidence

There is no dispute that Mr. Gillingham's analysis relies on testimony of Samsung's corporate

representatives given during fact discovery.  Ex. 3 (Gillingham Rebuttal Report) ¶¶ 117-41.

**The tristate buffer**.  In concluding that the '608 patent is not standard essential under the JEDEC Patent Policy, Mr. Gillingham considered the admissions of corporate representatives of both Samsung and Micron, including Mr. Seung Mo Jung, *see, e.g. id.* ¶ 120:

███████████████████████████████████████

███████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

███████.[1]

Mr. Gillingham opines that ████████████████████████████████████████████

███████████████████████████████████ and that ████████████████████████

█████████████████████████████████████████████████████████████████

████████████████████████ *Id.* ¶ 122.

**The phase-lock loop ("PLL").**  PLL is an element of Netlist's asserted claims of the '912 and '417 patents.  During discovery, Samsung's witness Mr. You-Keun Han testified that ████████████

██████████████████████████████████.  Ex. 3 (Gillingham Rebuttal) ¶ 124; Ex. 4 (2023-11-09 You-Keun Han excerpted deposition Tr.) at 75:17-76:3.  Upon reviewing the relevant sections of JESD82-31A, Mr. Gillingham ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████ and opined ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████ Ex. 3 (Gillingham Rebuttal) ¶ 125.

**Encoded QuadCS mode** and **per-DRAM addressability.**  In further support of his opinion that claim 16 of the '912 patent is not standard essential, Mr. Gillingham also pointed out the testimony

---

[1] Mr. Jung's testimony was relied on by this Court in the *Samsung I* memorandum and opinion (**FF.84**) and was explicitly incorporated by reference to Netlist's interrogatory responses.  *Supra* I.A.

of Mr. Jung (as Samsung's corporate representative for JEDEC) that:

███████████████████████████████████████████
████████████
███████████████████████████████████████████ [2]

**Multiple ranks**.  Last, Mr. Gillingham relied on the language of JEDEC Standard No. 21C (which was produced and accessible to Samsung) and opined that this standard ██████████ ███████████ which provides yet another basis to show claim 16 of the '921 patent and the '417 patent are not standard essential.  Ex. 3 (Gillingham Rebuttal) ¶¶ 128-29.

Samsung cannot reasonably claim that it did not have access to such evidence during discovery since each of the above-referenced witnesses is Samsung's employee and corporate representative, much less show any prejudice it suffered from a purported lack of opportunity to conduct discovery.

### C.    Samsung's "Failure to Disclose Expert Opinions" Argument Must Fail

Samsung does not contend any of the underlying evidence Mr. Gillingham relied on was not disclosed during discovery—because it cannot.  Instead, Samsung argues "Netlist Failed to Disclose Mr. Gillingham's Standard Essentiality Opinion." Mtn. 3.  But the law is crystal clear: "[a] party is not entitled to obtain early disclosure of expert opinions via interrogatory." *Promethean Insulation Tech. LLC v. Sealed Air Corp.*, 2015 WL 11027038, at *2 (E.D. Tex. Oct. 13, 2015); *Maxell Ltd. v. Apple Inc.*, 2019 WL 7905454, at *3 (E.D. Tex. Nov. 13, 2019) (same).

As explained in Netlist's response to the same arguments in its opposition to Samsung's *withdrawn* motion to compel, Dkt. 141, and as further detailed in Netlist's forthcoming opposition to Samsung's motion to preclude Netlist from taking any position at trial as to whether the asserted patents are standard essential, Samsung's argument that Netlist must disclose its expert's conclusion (i.e. the patents in suit are not standard essential) in interrogatory responses is simply not accurate.

---

[2] Ex. 5 (Deposition of Sung Joo Park dated November 15, 2023) at 36:16-39:21 (cleaned up).

*First*, Samsung's argument that the Local Patent Rules support exclusion of Netlist's expert's standard essentiality opinion has no basis.  Mtn. 2, 8.  Samsung cannot point to anywhere in the Patent Local Rules that requires Netlist to disclose its standard-essentiality conclusion—because there is none. To the contrary, Samsung is the party that bears the burden to prove whether a certain claim is standard essential or not.  *Intel Corp. v. Future Link Sys.*, 268 F. Supp. 3d 605, 610 (D. Del. 2017) (granting summary judgment because defendant did not demonstrate "that RAND licensing requirements attach . . .[and] failed to show that [] each patent contains at least one 'Necessary Claim'"); *In re Innovatio IP Ventures, LLC Patent Litig.*, 956 F. Supp. 2d 925, 936 (N.D. Ill. 2013) ("the assertion of RAND is like an affirmative defense . . .The court thus assigns to the Defendants the burden of establishing the RAND commitment with respect to each patent claim."); *Netlist v. Micron*, No. 22-cv-203, Dkt. 421 (E.D. Tex.) at 3 ("Micron has not met its burden of demonstrating evidence showing that the asserted patents are standard essential. . . .Further, the 'implicit' evidence that Dr. Mangione-Smith relies on the standard is also not sufficient. Absent any other evidence demonstrating that a genuine issue of material persists, Micron has not met its burden.").

*Second*, Samsung itself admits that to draw a conclusion of standard essentiality, expert analysis is required. For example, in response to Netlist's Rule 30(b)(6) notice of deposition Topic No. 87 ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████, Samsung refused to provide any corporate representative, and instead stated that it ██████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████ Ex. 6 (2023-10-30 Samsung's Objections to Netlist's First Set of 30(b)(6) Topics) at 114-115. Although Samsung repeatedly argues that expert analysis is not necessary to map the asserted claims to the JEDEC specifications, Mtn. 4-5, it does not dispute that determining whether a JEDEC specification section is ████████████ instead of ████████████

requires expert analysis or witness testimony.  In fact, both parties in this Action and *Samsung I* relied on witness testimony and expert opinion to form positions on standard essentiality.  Ex. 2 (S1 Dkt. 550) ¶¶ FF79-84; 90-92 (relying on testimony of Seung-Mo Jung and Kyungsoo Park to show whether sections of JEDEC standards are optional and rejecting Samsung's unclean hands argument).

Judge Albright's decision in *WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*, 2022 WL 174517 (W.D. Tex. Jan. 18, 2022) does not support Samsung's argument. In that case, the court held that the defendant was entitled to know whether the plaintiff was relying on standard essentiality for purposes of **infringement** or else provide more detailed infringement contentions: "if the patents are not standard essential, WSOU must either chart each product, or provide analysis indicating why the highlighted information . . . is indeed representative." *Id.* at *2.  Here, Netlist provided infringement contentions that mapped Samsung's products to the Asserted Patents and did not rely on standard essentiality to prove infringement, so it presents a completely different situation than the one Judge Albright was considering in *WSOU*.

**Third**, Samsung cannot show any prejudice.  As discussed above, the evidence Mr. Gillingham relied on to form his opinion (both the witness testimony and JEDEC patent policy and standards) was available to Samsung even before this litigation started.  Further, Samsung's technical expert, Mr. McAlexander, likewise affirmatively opines the patents in suit are not SEPs.[3] This case is thus readily distinguishable from *Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 659 (E.D. Tex. 2013) where the defendant "did not disclose any marking theory, facts, documents, or witnesses as the interrogatory requested."

---

[3] Dkt. 356-5 at ¶ 210 ██████████████████████████████████████; Dkt. 356-6 at ¶ 195 ███████████████████████████████████████████, Dkt. 356-7 at ¶ 325 ████████████████████████████████████████; Dkt. 356-8 (McAlexander Rebuttal Ex. A) at ¶ 270 ████████████████████████████ ████████████████████████████████████████.

***Fourth***, Samsung's argument that Mr. Gillingham's opinion is not critical because "Netlist can present its infringement case without" his opinion does not make any sense. It is Samsung that raised the improper and confusing argument that the asserted patents are SEPs for damages consideration only if infringement is found. Ex. 7 (2023-11-20 Samsung Rog Responses) at 91 ███████████████████

████████████████████████████████████████████████████████████████

████████████████████████████. To be clear, Netlist does not intend to rely on the standards to prove infringement, and Mr. Gillingham only provided his opinion to rebut Samsung's "if infringed, then essential" position. Should this Court grant Netlist's Motion for Summary Judgment that the Asserted Patents Are Not Standard Essential, Dkt. 356, no discussion regarding standard essentiality will be presented at trial by either party.

## II.    Mr. Gillingham Provided Opinions Regarding Netlist's and Samsung's JEDEC Activities (¶¶ 39, 48-50, 52, 54, and 58) in Response to Mr. Halbert's Opening Report

Samsung argues that certain sections of Mr. Gillingham's opinions should be stricken on the ground that they constitute "inadmissible opinions on a party's state of mind" and because his "basis for these opinions is unreliable." Mtn at 8, 11. Not so.

As an initial matter, Mr. Halbert's opening report largely tracks the analysis he provided in *Samsung I*. In fact, most of Mr. Halbert's opening report is a direct copy and paste from his former opinions. In response, Mr. Gillingham has carried his rebuttal analysis from the former action, including each of paragraphs 39, 48-50, 52, 54, and 58 that Samsung now seeks to strike. Samsung never moved to strike Mr. Gillingham's opinion in the *Samsung I* matter; nor did Samsung raise any objections to Mr. Gillingham's testimony at the bench trial. Samsung has not identified any basis why Mr. Gillingham's opinions should be excluded in this case when they were admitted in *Samsung I*.

Moreover, Mr. Gillingham properly applied his JEDEC expertise to the evidence of record and provided his opinions in response to Mr. Halbert's false speculations and opinions that: ███████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

**A.      Paragraphs 48-50, 52, 54 of Mr. Gillingham's Report Are a Direct Response to Mr. Halbert's Opinion on Netlist's Participation and Withdrawal from JEDEC**

In his opening report served November 20, 2023, Mr. Halbert speculated on Netlist's motive

to participate and withdrawal from JEDEC. For instance, Mr. Halbert states:



Ex. 8 (Halbert Opening) ¶¶ 51, 54, 56-57.  Netlist has moved to strike Mr. Halbert's opinion. Dkt.

358. But should this Court allow him to provide these opinions, Mr. Gillingham should be allowed to

provide a response. Specifically, Mr. Gillingham analyzed the JEDEC activities of Samsung, Micron,

and Netlist, and concluded that Netlist has not done anything during its JEDEC participation that was ███████ or ████████████████████████████ and that Netlist has not engaged in any conduct of which ████████████████████████ *See* Ex. 3 (2023-12-21 Gillingham Rebuttal) ¶¶ 48, 52, 53; *id. generally* ¶¶ 28-116. In doing so, Mr. Gillingham did not opine on Netlist's state of mind but analyzed evidence on the record.

Samsung claims that ¶¶ 48-50, and 52 and 54, which discuss the reasons that Netlist left JEDEC, contain improper opinions regarding "Netlist's intent and motive when participating in JEDEC." Mtn at 8, 9. But these paragraphs—███████████████████████████████ ████████████████████████████████████████████████ ████████████████████████ Ex. 8 (Halbert Opening) ¶ 57.

**Paragraphs 48, 49, 52.** Mr. Gillingham opined that Netlist ████████████████ in accordance with the policies and procedures and ████████████████████████████ ███ Ex. 3 (Gillingham Rebuttal) ¶ 48. In fact, Netlist ████████████████████████ *Id.* Mr. Gillingham also pointed to evidence that contradicts Mr. Halbert's opinion, including deposition testimony from Netlist's corporate representatives which explained that ██████████████ ████████████████████████████████████████████████ ████████████████████████████████ . *Id.* ¶ 49 (citing testimony of Chuck Hong). Mr. Gillingham also opined that the factual record and timeline conflict with Mr. Halbert's opinion: Netlist did not ████████████████████████████████ ████████████████████████████████ *Id.* ¶ 52.

**Paragraph 50.** In response to Mr. Halbert's opinion that ████████████████████ ████████████████████████████ Mr. Gillingham noted that Mr. Halbert provided no support; instead, evidence in this Action (including sworn testimony of Netlist's witness and email correspondence between Netlist and Samsung) shows Samsung asked Netlist to

██████████████████████████████████████████████ *Id.* ¶ 50 (█████████████████████████████

emailed Netlist, writing ████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████). Relatedly, Mr. Gillingham raised the fact

that another ███████████████████████████████████. *Id.* ¶ 136.

      **Paragraph 54.**  In paragraph 54, Mr. Gillingham considered the deposition testimony given

by Netlist's CEO, Mr. Hong, under oath, where he testified that it ████████████████████████

that Netlist was █████████████████████████ but instead, Netlist ███████████████████████

████████████████████████████████ Ex. 3 (Gillingham Rebuttal) ¶ 54. This evidence contradicts

Mr. Halbert's speculation that Netlist sought ██████████████████████████████████████████

███████████████████████████████████ at JEDEC. Ex. 8 (Halbert Opening) ¶ 51. Mr.

Gillingham opines that based on his JEDEC experience and review of the record, he ███████████

████████████████████████████████████████████████████████████████████████████████████████

██████████ Ex. 3 (Gillingham Rebuttal) ¶¶ 53-54.

      Samsung's case law is inapposite, as it does not address opinions provided directly in rebuttal

to another party's speculations of motives or intents. *See Samsung* I, Dkt. 432, at 6 (infringement

expert's opinion on defendant's willfulness); *Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*, 2018 WL

626355, at *3 (E.D. Tex. Jan. 30, 2018) (plaintiff's expert opinion about defendant's belief that the

invention was novel); *Retractable Techs. Inc. v. Abbott Lab'ys, Inc.*, 2010 WL 11531436, at *5 (E.D. Tex.

June 18, 2010) (plaintiff's damages expert opinion on defendant's knowledge and intent "absent any

testimony from corporate representatives or similar witnesses").  And, while *GREE, Inc. v. Supercell Oy*

involved a rebuttal opinion in response to the plaintiff's expert's opinion that "Supercell actively and

intentionally induced" infringement, the court instructed that neither expert could provide opinions

as to either intentional inducement of infringement or good faith belief but allowed the experts to

provide "opinions regarding *underlying facts* that may show a party's state of mind." 2020 WL 4288350, at *2-3 (E.D. Tex. July 27, 2020). Mr. Gillingham's analysis of the fact evidence to draw the conclusion that Netlist acted consistent with JEDEC patent policy is consistent with *GREE*'s teaching.

Contrary to Samsung's contention, Mr. Gillingham did not simply "endorse" any alleged self-interested statement without analysis. He instead applied his experience as a JEDEC representative and his understanding of JEDEC patent policies to these facts as discussed above. *See also* Ex. 3 ¶ 47 (explaining that ███████████████████████████████████████████████); ¶ 48 (further explaining that N████████████████████████████████████████████████ ███████████████████████████████ and ████████████████████████████████ ████████████ In addition, there is nothing wrong with Mr. Gillingham considering the testimony of Netlist's corporate representatives, particularly when rebutting Mr. Halbert's speculation. *Tinnus Enterprises, LLC v. Telebrands Corp.*, 2018 WL 6423377, at *3 (E.D. Tex. Oct. 31, 2018) ("Experts may rely on hearsay evidence in forming their opinions") (cites omitted). Because Mr. Gillingham is simply considering relevant fact testimony as part of his analysis and not deferring to it as a substitute for his own analysis, this case presents facts different from the case cited by Samsung. *Cf. USAA v. Wells Fargo Bank, N.A.*, 2019 WL 6896674, at *2 (E.D. Tex. Dec. 18, 2019) (striking introduction section of the expert's report that bore no relevance to the expert's actual analysis); *Meganathan v. Signal Int'l L.L.C.*, 2015 WL 11109846, at *13 (E.D. Tex. June 26, 2015) (excluding defendant's expert's opinions that made high level commentary of the case which "read more like an opening statement than expert report" even though the expert's "opinions are limited to those related to the general characteristic of trafficking"); *Genband US LLC v. Metaswitch Networks Corp.*, 2015 WL 12911530, at *3 (E.D. Tex. Sept. 30, 2015) (holding an expert cannot enforce opposing side's expert opinion that "she believes to be incorrect or unreliable"); *Stephenson v. Caterpillar, Inc.*, 2018 WL 5831314, at *4 (E.D. Tex. Nov. 7, 2018) (finding that the expert opinion was only "a factual conclusion, not an opinion," unlike here where

Mr. Gillingham opined on whether Netlist's practices were consistent with JEDEC policies or otherwise abnormal as a JEDEC expert); *Opticurrent, LLC v. Power Integrations, Inc.* No. 17-CV-3597, Dkt. 186, at 1 (N.D. Cal. Jan. 7, 2019) (denying motion for leave to supplement report because the expert only made "conclusory analyses based on 'experience' that are impossible to test or replicate").

**B.    Mr. Gillingham's Opinions in Paragraphs 39 and 58 Are Not Opinions on Samsung's State of Mind or Direct Endorsement of Netlist's Position**

Samsung next objects to ¶¶ 39 and 58 on the grounds that they pertain to Samsung's "motive for participating in JEDEC." Mtn. at 9. This is not true. In these paragraphs, Mr. Gillingham is simply explaining the reasons companies join JEDEC and the benefits they receive from the membership, based on his experience as a long-standing member of the organization. Moreover, once again, Mr. Gillingham's opinions are a direct response to Mr. Halbert's.

For example, Mr. Halbert opined that Samsung and Micron made significantly more ██████████████ and ██████████████████████████████████

██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████

██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████ ███████████
██████████████████████████████████████████████████████████



███████████████████████████████████████████ Ex. 8 ¶¶ 22-24 (citations omitted).

Samsung's expert, Ms. Kindler, purports to rely on Mr. Halbert's analysis to discount the value of Netlist's patents-in-suit. Ex. 9 (2023-12-21 Kindler Rebuttal) ¶¶ 64, 151, 170-74, 276.

In response, Mr. Gillingham provided his opinion of members' participation at JEDEC, including that Samsung, Micron, and other large companies attended JEDEC because having a leading role at a standard-setting organization such as JEDEC can advance their business interests. *Id.* ¶¶ 39, 58. Mr. Gillingham further opined that ████████████████████████████████████████ ████████████████████████ Ex. 3 ¶ 37.

Mr. Gillingham summarized his conclusion in paragraphs 39 and 58, which Samsung moves to strike, but he did not stop his analysis there. Instead, Mr. Gillingham applied his ████████ ████████████████████████████████████ Ex. 3 ¶ 40, as well as the testimony of both parties' witnesses to show that Samsung and other large companies participating at JEDEC can gain much more attention at JEDEC committees and promote adoption of technologies developed or adopted by them compared to smaller companies. *Id.* ¶¶ 38-40; 58-62. Mr. Gillingham also pointed out, as an example, that ████████████████████████████████████ ██████████████████████████████████████████████ ████████████ *Id.* ¶ 61. As Micron stated, JEDEC members try to establish a ██████████████ ████████████████ to gain ██████████████████████████████ ████████████████████████  ████████████████████ ██████████████ and gain ████████████████████████████ *Id.*

Mr. Gillingham's opinion is important to show that Samsung's active participation at JEDEC does not directly reflect the value of its technical contributions to JEDEC. For example, Samsung and Micron have more presence at JEDEC simply because they are bigger companies with more resources and employees available to represent them.

Samsung has examined Mr. Gillingham on his opinion in deposition, where he explained that the ████████████████████████████████████████████████████████████ and that ████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████ Ex. 10 at 174:20-175:2).

In summary, Mr. Gillingham did not provide any opinion on Samsung's specific intent, belief, or state of mind as Samsung argued. Mtn. at 9-10. Instead, Mr. Gillingham, as a JEDEC expert, provided his opinion regarding the dynamics of JEDEC members, what motivates members to take on leadership roles at JEDEC, and the benefits that these members could receive from their active participations—such opinion falls well within Mr. Gillingham's expertise. *See Retractable Techs. Inc*, 2010 WL 11531436, at *5 (permitting expert to provide opinions as to "the sources of pressure on RTI's working capital, the effect of Abbott's marketing decisions on resulting sales, and the effect on RTI of Abbott calling the note" because these subject matters fall within the expert's expertise and are helpful to the jury). Further, as detailed above, Mr. Gillingham applied his expertise to the evidence presented in this case to provide his opinion in paragraphs 39 and 58, not just simply endorsing any witnesses' testimony. *See also supra* at 9-10 (distinguishing Samsung's case law).

## III.    Mr. Gillingham Provided Opinions Regarding Samsung's Dominance at JEDEC in Response to Mr. Halbert's Criticism of Netlist's Lack of Contributions to JEDEC

Samsung moves to strike paragraph 60 of Mr. Gillingham's rebuttal report on the ground it is "irrelevant" and "unduly prejudicial." Mtn. at 11-12. Once again, Mr. Gillingham's opinion is directly responsive to Mr. Halbert's opinions and should thus be allowed if Mr. Halbert is allowed to testify.

As discussed in *supra* II.B, Mr. Halbert opined that ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████████████████████ and that ████████████

███████████████████████████████████████████ Ex. 8 ¶ 23. Mr. Halbert also stated: ███████████████████████████████████████████

███████████████████████████████████████████ *Id.* ¶¶ 23-24.

In response, Mr. Gillingham provided his understanding of members' participation at JEDEC, including observing that (based on his experience and the witnesses' testimony) ████████████ ███████████████████████████████████████████ Ex. 3 ¶ 37. To support his analysis, Mr. Gillingham points out that █████████████████████████ ███████████████████████████████████████████

████████████ *Id.* ¶ 59. In addition, in paragraph 60, Mr. Gillingham relied on a document JEDEC produced to show that ████████████████████ ███████████████████████. Specifically, as shown on the right, ██████████████████████ ████ █████ ██ ██ █████ ██ ████ ████ ████████████████████████ ████████████████████████ ████████████ Ex. 3 ¶ 60.



As Mr. Gillingham explained during his deposition, the evidence shows that JEDEC is not treating all of its members equally:

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████ Ex. 10 (2024-01-11 Gillingham Depo Tr.) at 183:3-5; 7-14 (objection omitted). Consistent with such observations, Mr. Gillingham further explained that based on his experience, employees from major companies such as Samsung and Micron are often more likely to take leadership

roles at JEDEC, and the JEDEC ██████ Mr. Halbert discussed ████████████████

████████████████████████████████████████████████████████████████████

██████████ ████████████████████████████████████. Ex. 3 ¶ 82.

Mr. Gillingham's analysis thus directly rebuts Mr. Halbert's opinion as to Netlist's purported lack of

participation and contribution to JEDEC.

Samsung disputes Mr. Gillingham's opinion, arguing that the evidence Mr. Gillingham relied

on does not demonstrate a special relationship between Samsung and JEDEC because the document

was downloaded from the ██████████████████████████████████████████

Mtn. at 12. But Mr. Gillingham's analysis is not based on which ████████████████

██████████████████████████████████████████████████████.

To the extent Samsung or its witness, Mr. Halbert, intends to present to the jury that JEDEC is a

collaborative organization where all companies in the semiconductor industry are encouraged to

participate and contribute equally, Netlist's expert should be able to present rebuttal evidence.

Samsung's concern that ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████ is unfounded. Mtn. at 12-13. Samsung can simply

explain to the jury that the document was also available to Netlist or other JEDEC members. Further,

as explained in Netlist's summary judgment motion, there is no material factual dispute that the patents

in suit are not SEPs. Dkt. 356. Should the Court grant Netlist's motion (as it has done in previous

proceedings), neither party should be allowed to introduce evidence regarding JEDEC participation

at the jury trial.

## IV.    Conclusion

Micron's motion to strike or *Daubert* motion should be denied.

Dated: January 30, 2024

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on January 30, 2024, a copy of the foregoing was served to all Samsung counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao