███████████

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG (Lead Case) |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD, ET AL., | ) | |
| | ) | ███████████ |
| Defendants. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-294-JRG (Member Case) |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) | |
| | ) | ███████████ |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF**
**<u>NONINFRINGEMENT OF U.S. PATENT NOS. 7,619,912 AND 11,093,417</u>**

█████████████

## TABLE OF CONTENTS

I.    **INTRODUCTION** ................................................................................................ 1

II.   **STATEMENT OF ISSUES TO BE DECIDED** ................................................ 1

III. **STATEMENT OF UNDISPUTED MATERIAL FACTS** ................................. 2

       A.     Overview of Asserted Claims & Accused Products .................................. 2

       B.     Netlist's Infringement Theory for the '912 Patent is Predicated on Micron's Products Using ███████████████, Which Micron's Dual Rank Products Do Not Use. ........................................................................................................ 3

       C.     ████████████████████████████████████████████████, But Those Diagrams Do Not Represent The Actual Circuitry in the Accused Devices ........................... 6

IV. **LEGAL STANDARD** .................................................................................... 10

V.   **ARGUMENT** ................................................................................................ 11

       A.     The Court Should Grant Partial Summary Judgment of Non-infringement In Favor of Micron With Respect to Micron's Dual-Rank LRDIMM and RDIMM Products For The '912 Patent Because Those Products Do Not Use This ██████ Required Under Netlist's Infringement Theory. ...................................... 11

       B.     The Court Should Grant Summary Judgment in Favor of Micron for Non-Infringement for Both Patents Because Netlist's Infringement Theory Is Predicated On ██████████████ To Prove Infringement of Claimed Circuitry Components For Both Asserted Patents When Those L███████████ ██████████████. ............................................................................ 14

VI. **CONCLUSION** ............................................................................................ 16

███████████

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                    **Page(s)**

*Allergan Sales, LLC v. Sandoz, Inc.*,
    717 F. App'x 991 (Fed. Cir. 2017) ........................................................................12

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ...............................................................................................10

*In the Matter of Certain Memory Modules & Components Thereof Comm'n
    Opinion*,
    USITC Inv. No. 337-TA-1089, 2020 WL 4500711 (Apr. 21, 2020) .................13, 14

*Eason v. Thaler*,
    73 F.3d 1322 (5th Cir. 1996) ..................................................................................11

*Forest Labs., Inc. v. Abbott Labs.*,
    239 F.3d 1305 (Fed. Cir. 2001) ...............................................................................11

*Fujitsu Ltd. v. Netgear Inc.*,
    620 F.3d (Fed. Cir. 2010) ............................................................................... *passim*

*INVT SPE LLC v. Int'l Trade Comm'n*,
    46 F.4th 1361 (Fed. Cir. 2022) ................................................................................14

*Johnston v. IVAC Corp.*,
    885 F.2d 1574 (Fed. Cir. 1989) ...............................................................................11

*Sycamore IP Holdings LLC v. AT & T Corp.*,
    294 F. Supp. 3d 620 (E.D. Tex. 2018), *aff'd sub nom. Sycamore IP Holdings
    LLC v. AT&T Corp.*, 773 F. App'x 624 (Fed. Cir. 2019) ...................................13, 16

**Other Authorities**

Fed. R. Civ. P. 56(a) ......................................................................................................10

███████████

## TABLE OF EXHIBITS

| Ex. No. | Description |
|---------|-------------|
| A | Exhibits A, B, and C from Dr. William Henry Mangione-Smith's Opening Expert Report, served on November 20, 2023 |
| B | JESD82-31A, dated August 2019 |
| C | JESD82-32A, dated August 2019 |
| D | DDR4 SDRAM LRDIMM (MTA36ASF4G72LZ) |
| E | DDR4 SDRAM RDIMM (MTA36ASF2G72PZ) |
| F | DDR4 3DS SDRAM RDIMM (MTA144ASQ16G72PSZ) |
| G | DDR4 SDRAM LRDIMM (MTA72ASS8G72LZ) |
| H | Dr. Harold Stone's Expert Report Regarding Issues Related to and Non-Infringement of Plaintiff's U.S. Patent No.s 7,619,912 and 11,093,417, served on December 21, 2023 |
| I | Excerpts from the Deposition Transcript of Frank Ross, dated August 23, 2023 |
| J | Excerpts from the Deposition Transcript of Robert Jin, dated August 29, 2023 |

██████████████

## I.      INTRODUCTION

Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC (collectively, "Micron") move for summary judgment of non-infringement of U.S. Patent Nos. 7,691,912 ("'912 Patent") and 11,093,417 ("'417 Patent") (collectively, the "Patents at Issue") with respect to the accused Micron DDR4 RDIMM and LRDIMM products. The Court should grant partial summary judgment in favor of Micron of non-infringement for Micron's dual-rank DDR4 LRDIMM and RDIMM products because Micron's documents show, and both experts agree, that Micron's dual-rank products do not use ████████████████, which is required for Netlist's infringement theory.  The Court should also grant summary judgement for non-infringement of both Asserted Patents for all Accused Products because Netlist's infringement theory is fundamentally flawed by relying on ████████████████████████ to prove infringement of certain claimed circuitry requirements in both Asserted Patents.  In *Fuijitsu*, the Federal Circuit held that a patent owner cannot rely on an industry standard to prove infringement when that standard does not provide the level of specificity required to establish that practicing the standard would always result in infringement.  Netlist commits such an error by relying on ███ ██████████████████████ for infringement that lacks the requisite level of specificity—that is, the █████████████████████████████ used in Micron's Accused Products, nor are the ██████████████████.

## II.      STATEMENT OF ISSUES TO BE DECIDED

A.      Whether Micron's DDR4 dual-rank LRDIMM or RDIMM products can be found to infringe any claim of the '912 and '417 patents when Netlist's expert relied on optional features from the JEDEC standard to support infringement that are unused by Micron's DDR4 LRDIMM and RDIMM dual-rank products.

███████████████████

B.      Whether Micron's DDR4 LRDIMM or RDIMM products can be found to infringe any claim of the '912 and '417 patents when Netlist's expert relied on ███████████████ ███████ that do not depict circuitry to satisfy claimed circuitry components required by the Asserted Patents.

### III.     STATEMENT OF UNDISPUTED MATERIAL FACTS

**A.      Overview of Asserted Claims & Accused Products**

1.      Netlist originally asserted that Micron's LRDIMM and RDIMM products, infringes claims 1-15 of the '417 Patent and claim 16 of the '912 Patent.  ECF No. 101 (Netlist's Second Amended Complaint) at ¶¶ 39, 43-56.

2.      On November 20, 2023, Netlist served its opening expert report of Dr. William Henry Mangione-Smith regarding, *inter alia*, alleged infringement of both the 912 and '417 patents. In that report, Dr. Mangione-Smith contended that (i) Micron's DDR4 LRDIMM products practice claims 1-6 and 8-15 of the '417 patent and (ii) Micron's DDR4 LRDIMM and RDIMM products practice claim 16 of the '912 patent.  Ex-A (Mangione-Smith Op. Rpt., Ex. B (¶ 1), C (¶ 1)).

3.      ███████████████████████████████████████ ███████████████████████████. EX-A Mangione-Smith Op. Rpt., Ex. B (¶¶ 56, 59, 60, 97).

4.      ███████████████████████████████████████ ███████████████████ EX-A, Mangione-Smith Op. Rpt., Ex. B (¶¶ 61); EX-B (JESD 82-31A), EX-C (JESD 82-32A).

**B.    Netlist's Infringement Theory for the '912 Patent is Predicated on Micron's Products Using** ███████████████ **, Which Micron's Dual Rank Products Do Not Use.**

5.    The JESD 82-31A specification provides three "basic modes of operation" to control ranks of DDR memory devices on a module: Direct Dual CS Mode, Direct QuadCS Mode, and Encoded QuadCS Mode:



EX-B (JESD 82-31A) at 2; *see id.*, 3-4; *see also* EX-A, Mangione-Smith Op. Rpt., Ex. A (¶ 62)



6.    In Dr. Mangione-Smith's report, his infringement theory is predicated on all

████████████████████████████████████████████

██████ to satisfy limitation [16e] of the '912 patent:

3

██████████████████

██████████████████████████

EX-A, Mangione-Smith Op. Rpt., Ex. B (¶ 37); *see id.*, ¶¶ 36–41.[1]

      7.    Micron's dual rank LRDIMM and RDIMM products, however, do not use ████

██████████████



EX-D, Micron datasheet for DDR4 SDRAM LRDIMM (MTA36ASF4G72LZ) at 1, 12.

---

[1] Paragraphs 39-41 of Exhibit B from Mangione-Smith's Op. Report appear to raise alternative theories applicable only to Micron's DDR4 3DS SDRAM RDIMM with eight ranks.



EX-E, Micron datasheet for DDR4 SDRAM RDIMM (MTA36ASF2G72PZ) at 1, 18; EX-F (Micron datasheet for DDR4 3DS SDRAM RDIMM (MTA144ASQ16G72PSZ) at 1, 16 (same).

8.    Both experts agree that Micron dual-rank RDIMM and LRDIMM do not use ████████████████. Netlist's expert Dr. Mangione-Smith confirms that, in the Micron Accused Products, █████████████████████████████████████████████████████████ █████████████████████████████████████████" EX-A, Mangione-Smith Op. Rpt., Ex. C (¶ 35) *citing* EX-G, MICNL203-00001392 at MICNL203-00001404.  Dr. Stone agrees and further explains ██████████████████████████████████████████████████████



EX-H, Stone Non-infringement Report at ¶ 188; *see id.*, ¶¶ 186-190.

**C.** **Netlist's Infringement Theories For Both Patents Rely on ███████████████, But Those Diagrams Do Not Represent The Actual Circuitry in the Accused Devices**

9.     Netlist's infringement theory is predicated on the Accused Products implementing

███████████████████████ for infringement of the '912 patent and'412

patents.

10.     In his infringement analysis for both asserted patents, Netlist's expert repeatedly

relies solely on the on the following a ██████████████████████████

███████████████████████████████:



Ex. B (JESD 82-31A) at 66 (NL-MS-293_00053445); *see* Mangione-Smith Report, EX B at ¶ 24

(relying on figure in JEDEC specification for infringement for limitation 16[c] of 912 patent); ¶

32 (relying on figure in JEDEC specification for infringement for limitation 16[d] of 912 patent);

¶¶ 43-44 (relying on figure in JEDEC specification for infringement for limitation 16[f] of 912

patent), ¶ 58 (relying on figure in JEDEC specification for infringement for limitation 16[i] of 912

patent); *see* Mangione-Smith Report, EX C at ¶¶ 26, 31 (relying on figure for infringement of

limitation 1.b.i for '417 patent), ¶ 56 (relying on figure for infringement of limitation 1.b.ii for

'417 patent).  Dr. Mangione-Smith does not rely on any Micron documents or designs for these

circuitry elements.  Although Dr. Mangione-Smith occasionally cites third-party data sheets, he

███████████

████████████████████████████████████████████████████████████.

*see* Mangione-Smith Report, EX B at ¶ 44, *id.*, EX C at ¶¶ 26, 31, 56.

11.   Limitations [16.f] and [16.i] of '912 patent require that the claimed memory module

must have specific circuitry:

> [16f] the circuit generating a set of output signals in response to the set of input signals, the set of output signals configured to control the first number of DDR memory devices arranged in the first number of ranks, and

> [16.i] a phase-lock loop device coupled to the printed circuit board, the phase-lock loop device operatively coupled to the plurality of DDR memory devices, the logic element, and the register.

12.   Similarly, and in his infringement analysis for the '417 patent, Netlist's expert

repeatedly relies on the following a████████████  ████████████████:



Ex. C (JESD 82-32A) at 95 (NL-MS-293_00053672); *see* Mangione-Smith Report, EX C at ¶¶

99, 102, 110, 123 (relying on figure for infringement of limitation 1[d] of the '417 patent).  Dr.

Mangione does not rely on any Micron documents or designs for these circuitry elements.

13.     Limitation [1d] of '417 patent requires that the claimed memory module must have

specific circuitry:

> circuitry coupled between the data signal lines in the N-bit wide
> memory bus and corresponding data pins of memory devices in
> each of the plurality of N-bit wide ranks, the circuitry being
> configurable to transfer the burst of N-bit wide data signals
> between the N-bit wide memory bus and the memory devices in
> the one of the plurality of N-bit wide ranks in response to the data
> buffer control signals and in accordance with an overall CAS
> latency of the memory module.

14.     Two  witnesses—

—explain that these



Ex. J, 2023-08-29 Jin Tr., 20:24-21:15.

██████████████

Micron's corporate representative Frank Ross explained that ██████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████



Ex. I, 2023-08-23 Ross Depo 109:1-9

15.     Dr. Stone confirms that the ██████████████████████████████████████

██████████████████████████████████████.   EX-H, Stone

Non-infringement Report at ¶ 58 ("████████████████████████████████████████

███████████████████████████."); *see id.*, ¶¶ 54-63.

## IV.     LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When the party seeking summary judgment demonstrates the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show that there is a genuine factual issue for trial.  *Celotex*

███████████████████

*Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Although the Court must draw all reasonable inferences in favor of the non-moving party, mere conclusory allegations cannot defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). An accused infringer is entitled to summary judgment "where the patentee's proof is deficient in meeting an essential part of the legal standard for infringement." *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1577 (Fed. Cir. 1989). "A patentee claiming infringement must present proof that the accused product meets each and every claim limitation." *Forest Labs., Inc. v. Abbott Labs.*, 239 F.3d 1305, 1310 (Fed. Cir. 2001). Failure to do so warrants summary judgment of no infringement. *See id*.

While the Federal Circuit in *Fujitsu* held that compliance with an industry standard may be sufficient to establish patent infringement, the court raised some caveats.  *Fujitsu Ltd. v. Netgear Inc.,* 620 F.3d at 1327 (Fed. Cir. 2010). First, the court noted that "in many instances, an industry standard does not provide the level of specificity required to establish that practicing the standard would always result in infringement." *Id.* Second, the court stated that in some instances, "the relevant section of the standard is optional, and standard ... compliance alone would not establish that the accused infringer chooses to implement the optional section."

## V.    ARGUMENT

**A.    The Court Should Grant Partial Summary Judgment of Non-infringement In Favor of Micron With Respect to Micron's Dual-Rank LRDIMM and RDIMM Products For The '912 Patent Because Those Products Do Not Use █████████████ Required Under Netlist's Infringement Theory.**

Netlist's infringement theory is predicated on an ████████████████████████ ████████████████████████████████—that is, Micron's dual-rank LRDIMM and RDIMM products—simply do not use. ████████████████████████

███████████████████████████                     *See* Undisputed Material Facts (UMF), ¶¶ 5, 8.

████████████████████████████████████████████████

11

█████████████████████

██████████████████████████████████████.  *See* Undisputed Material Facts (UMF), ¶ 7.

Netlist's expert admits as much.  *See* Undisputed Material Facts (UMF), ¶ 8.  Netlist's expert fails

to explain how Micron's dual-rank products actually practice ████████████████████ *See* EX-A,

Mangione-Smith Op. Rpt., Ex. B (¶¶ 36-41). The undisputed evidence shows that Micron's dual

rank products do not practice the ████████████████████████ required by Netlist's

infringement theory. The Court should grant summary judgment of non-infringement as to these

dual-rank products. *Allergan Sales, LLC v. Sandoz, Inc.,* 717 F. App'x 991, 996 (Fed. Cir. 2017)

(affirming summary judgment of noninfringement where plaintiffs "expert confirmed" that

limitation was not met).

Even if Micron's data sheet were not conclusive evidence that Netlist's infringement theory

fails, Netlist infringement theory would fail in any event because Netlist has not provided any

evidence that these Micron products actually use the ████████████████████████████

████████████████.  For optional features, merely referencing the standard and asserting the

products are standards compliant is not enough to establish infringement.  *Fujitsu*, 1327–28 (Fed.

Cir. 2010) ("[When] the relevant section of the standard is optional, and standards compliance

alone would not establish that the accused infringer chooses to implement the optional section. In

these instances, it is not sufficient for the patent owner to establish infringement by arguing that

the product admittedly practices the standard, therefore it infringes. In these cases, ***the patent***

***owner must compare the claims to the accused products or, if appropriate, prove that the accused***

***products implement any relevant optional sections of the standard***.") (emphasis added). ███████

████████████████████████████████████████████████████████████████████

*See* Undisputed Material Facts (UMF), ¶¶ 5, 8.  Given that ██████████████████████████

██████████████████—especially given that Micron's datasheets confirm its unused in its dual-

█████████████████

rank DDR4 LRDIMM and RDIMM—the Netlist's infringement theory needs to rely on more than

practicing the standard to show the Accused products infringe claim 16 of the '912 patent.  *see*

*Sycamore IP Holdings LLC v. AT & T Corp.*, 294 F. Supp. 3d 620, 633 (E.D. Tex. 2018), *aff'd sub*

*nom. Sycamore IP Holdings LLC v. AT&T Corp.*, 773 F. App'x 624 (Fed. Cir. 2019). ("It is only in

the situation in which a patent covers "every possible implementation of a standard" that it will be

"enough to prove infringement by showing standard compliance." Applying the test set forth in

Fujitsu, this Court agrees with the defendants that the evidence does not show that practicing the

[] standard would necessarily infringe the [] patent, and that the defendants are therefore entitled

to summary judgment of non-infringement.").

Netlist is certainly already familiar with this failure of proof from a previous International

Trade Commission ("ITC") decision that found Netlist failed to prove infringement using the same,

████████████████████:

> But the mere fact that a JEDEC standard requires that the RCD
> component be able to implement Encoded QuadCS mode does not
> necessarily mean that every device incorporating that RCD
> component will utilize Encoded QuadCS mode. Accordingly, while
> compliance with the JEDEC standard may suggest that the RCD
> component is capable of operating in three modes, including
> Encoded QuadCS mode, Netlist has not established that the
> accused products have been enabled to operate in each of the three
> modes, and more particularly in the Encoded QuadCS mode.").

*In the Matter of Certain Memory Modules & Components Thereof Comm'n Opinion,* USITC Inv.

No. 337-TA-1089, 2020 WL 4500711, slip at *14 (Apr. 21, 2020).  In that case, Netlist failed to

also prove that the Accused products use ████████████████ .  Here, and unlike that case, the

Micron data sheets expressly state Micron's dual rank DDR4 RDIMM and LRDIMM products do

████████████████ .  *See* Undisputed Material Facts (UMF), ¶ 7.  This Court should

thus reach the same conclusion—that is, Netlist has not established that the accused products have

in the ████████████████—and Micron is therefore entitled to summary judgement.

13

████████████████████

To the extent that Netlist argues that its infringement theory is based on all RCDs used in Micron's products being capable of using ████████████, such a theory is insufficient. Netlist's infringement theory must show that Micron's Accused Product is capable of operating

████████████████████████████████████████████████████

████████████████████. *In the Matter of Certain Memory Modules & Components Thereof Comm'n Opinion*, USITC Inv. No. 337-TA-1089, 2020 WL 4500711, slip at *13 (Apr. 21, 2020). ("Products do not necessarily use every feature of each of its components, so Netlist's failure to show that the accused products use Encoded Quad CS mode has created an absence of record evidence on the issue."); *see also INVT SPE LLC v. Int'l Trade Comm'n*, 46 F.4th 1361, 1374-75 (Fed. Cir. 2022) (affirming ITC decision finding no infringement where plaintiff failed to satisfy its burden to prove infringement by failing to show that both the base station and accused devices are capable of performing the claim functions).

**B.** **The Court Should Grant Summary Judgment in Favor of Micron for Non-Infringement for Both Patents Because Netlist's Infringement Theory Is Predicated On** ████████████████ **To Prove Infringement of Claimed Circuitry Components For Both Asserted Patents When Those** ████████████████

Netlist's reliance on ████████████████████ does not provide the "level of specificity required to establish that practicing the standard will always result in infringement" of the asserted claims of both Asserted Patents. *Fuijitsu*, at 1327. Specifically, Netlist fails to show that all Accused Products include the ████████████████████████

████████████████████████████████████.

The Federal Circuit in *Fujitsu* acknowledged that Patent Owner may rely on industry standards to prove infringement. But the Court noted that "in many instances, the industry standard does not provide the level of specificity required to establish that practicing the standard would always result in infringement." *Fuijitsu*, at 1327. That is the situation here. To prove infringement,

████████████████

Netlist must show that the Accused Micron Products include the claimed circuitry found in the RCDs and data buffers. *See* Undisputed Material Facts (UMF), ¶¶ 11, 13.  Netlist's expert relies on ████████████████████████, but he expresses no opinion that these diagrams are the only way circuits could be designed or that these diagrams are necessary for a standard-compliant product.  *See* Undisputed Material Facts (UMF), ¶ 9–10, 12.  But these ██████████ ████████████████████████████. *See* Undisputed Material Facts (UMF), ¶¶ 14, and 15.  Consequently, these ████████████████████ █████████████████████████████████████ ██████████████████████.  Thus, the ████████████████ ██████ do not provide the "level of specificity required to establish that practicing the standard will always result in infringement" of the asserted claims.  *Fuijitsu*, at 1327.

When an industry standard fails to provide enough specificity, as is the case here, "it is not sufficient for the patent owner to establish infringement by arguing that the product admittedly practices the standard, therefore it infringes," which is all Netlist does in this case. *Id.* At 1328.  Netlist has not proffered any evidence that these ████████████████████ ██████████████████████████████████████ *See* Undisputed Material Facts (UMF), ¶¶ 9–10, 12, 14, and 15. The test set forth in Fujitsu requires more: "[o]nly in the situation where a patent covers every possible implementation of a standard will it be enough to prove infringement by showing standard compliance." *Id*.  But, as the testimony above shows, the logic diagrams are not required by the JEDEC specification. *See* Undisputed Material Facts (UMF), ¶ 14.  Further, Netlist never advanced any argument that the asserted claims are essential to any JEDEC standard.  Netlist thus cannot just rely on ████████████████████ to prove infringement of claimed circuitry requirements in the Asserted Patents without showing

███████████████

"a patent covers every possible implementation of a standard." *Fuijitsu*, at 1328; *see also Sycamore IP Holdings LLC v. AT&T Corp.*, 294 F. Supp. 620 at 633 (E.D. Tex. Feb. 16, 2018) ("[T]his Court agrees with the defendants that the evidence does not show that practicing the G.7041 standard would necessarily infringe the '405 patent, and that the defendants are therefore entitled to summary judgment of non-infringement.").

*Fuijitsu* instead requires that Netlist compare the claims against the circuitry of each of the RCDs and data buffers to prove infringement, which Netlist failed to do. The Federal Circuit in *Fujitsu* explained that, when the industry standard fails to provide enough specificity, "patent owner must compare the claims to the accused products." *Fuijitsu*, at 1328. Netlist's expert failed to do so and instead relied on ████████████████████████. *See* Undisputed Material Facts (UMF), ¶¶ 9–10, 12. Because Netlist's expert relies on the JEDEC standard for proof of infringement—as opposed to evidence showing the actual circuitry inside the data buffers and RCDs used the Micron accused products—Netlist's infringement theory is fundamentally flawed and Micron is entitled to summary judgment of non-infringement.

## VI.   CONCLUSION

Thus, for the reasons stated above, Micron respectfully requests that the Court grant its motion for summary judgment of non-infringement. Alternatively, Micron respectfully requests that the Court grant its partial motion for summary judgment of non-infringement for the '912 patent with respect to the dual rank Accused Products.


Dated: January 16, 2024                    Respectfully submitted,

                                           */s/ Michael R. Rueckheim*
                                           Thomas M. Melsheimer
                                           State Bar No. 13922550
                                           TMelsheimer@winston.com
                                           Natalie Arbaugh

State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P. Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (*pro hac vice*)
RPark@winston.com
Matthew R. McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair

17

State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323


**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC., MICRON
SEMICONDUCTOR PRODUCTS, INC.,
MICRON TECHNOLOGY TEXAS, LLC**

18

## CERTIFICATE OF SERVICE

I certify that, on January 16, 2024, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Micron and Netlist met and conferred regarding Defendants' Motion for Summary Judgment of Noninfringement of U.S. Patent Nos. 7,619,912 and 11,093,417.  Netlist's counsel indicated that Netlist opposes Micron's motion.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim