UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD. ET AL. <br><br> Defendants. | Case No. 2:22-cv-293-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**MICRON DEFENDANTS' RESPONSE TO MOTION TO STRIKE SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12**

Netlist's request to strike Micron's Supplemental Interrogatory Response No. 12 should be denied. Netlist served two duplicative interrogatories (Nos. 12 and 26). Micron fully responded to Interrogatory No. 26 in November 2023. Micron told Netlist that its Interrogatory No. 26 response provided the information for the duplicative Interrogatory No. 12. Micron later supplemented its Response to Interrogatory No. 12 to simply "incorporate by reference" its Interrogatory No. 26 response. Micron inadvertently did not include this supplemental response by the Court's Friday, January 19, 2024 deadline, but noticed its omission the following business

1

day (on Monday) and immediately served the supplemental response. There is no prejudice here, and Netlist's motion should be denied.

I. **Background**

Netlist served duplicative interrogatories numbers 12 (seeking identification of "non-infringing alternatives") and 26 (seeking identification of "next-best alternative to the claimed inventions"). Dkt. No. 444-2 at 45-46; Dkt. No. 444-3 at 23. On November 17, 2023, Micron provided a very detailed and substantive response to Interrogatory No. 26. Dkt. No. 444-3 at 24-27. Micron also objected to both interrogatories as "seeking expert analysis" and for containing "multiple discrete subparts for detailed information as a single Interrogatory." Dkt. No. 444-2 at 46; Dkt. No. 444-3 at 23-24.

On November 20, Netlist moved to compel Micron to supplement its Interrogatory No. 12 response. Dkt. No. 223. Micron responded that it already responded by "provid[ing] multiple pages of very detailed responses regarding identifying noninfringing alternatives in response to Netlist's *duplicative* interrogatory No. 26." Dkt. No. 268 at 2. This response appeared to resolve Netlist's issue, and Netlist did not argue this issue further during the oral argument on Netlist's motion. Dkt. No. 377 at 11-12.

The Special Master Ordered Micron to supplement its responses to multiple interrogatories, including Interrogatory No. 12, by Friday, January 19, 2024. Dkt. No. 377 at 11-12. Micron supplemented its responses, but inadvertently omitted its Interrogatory No. 12 supplemental response. Micron noticed this omission on the following Monday (January 22, 2024) and notified the Court and Netlist and served the supplemental response. Dkt. No. 462-5 at 2; Dkt. No. 444-2 at 47. Micron's supplemental response states: "Micron incorporates by reference its Response to

2

Interrogatory No. 26. Micron further refers to its expert reports for Micron's expert analysis on noninfringement and non-infringing alternatives."

## II. ARGUMENT

Netlist's arguments are misplaced. Netlist argues that "Micron refused to respond to Netlist's interrogatory request regarding non-infringing alternatives during fact discovery." Dkt. No. 462 at 1. This is incorrect. Micron provided substantive detailed responses to Netlist's duplicative Interrogatory No. 26. Dkt. No. 444-3 at 24-27. Micron told Netlist that this response applied to the duplicative Interrogatory No. 12. Dkt. No. 268 at 2. Micron later supplemented its Interrogatory Response No. 12 to incorporate by reference its Interrogatory No. 26 Response. Dkt. No. 444-2 at 47. Netlist has had the relevant information since at least November 2023.

Netlist's argument that Micron only supplemented "[a]fter Netlist moved to strike Micron's expert reports" is frivolous. Dkt. No. 462 at 1. The Special Master Ordered Micron to provide supplemental responses by January 19, which was three days after Netlist moved to strike Micron's expert reports. That Micron inadvertently omitted its Interrogatory No. 12 response on January 19 and served its supplemental response one-business day later is of no moment. The supplemental response timing did not create any prejudice to Netlist.

Netlist's admission that "Micron identified alleged non-infringing alternatives for the first time in its Rebuttal Expert Report of Dr. Stone, served on December 21, 2023" does not support Netlist's motion. Dkt. No. 462 at 2. Indeed, this shows that Netlist has had full discovery into Micron's non-infringing alternatives well before the January 19, 2024 deadline set by the Special Master.

Netlist's argument regarding "Micron's failure to disclose these alternatives in fact discovery" is inapposite. Dkt. No. 462 at 4. This argument is already being separately addressed

in Netlist's motion to strike Dr. Stone's report. Dkt. No. 441 at 3-4. The present motion, by contrast, only involves Micron's inadvertent omission that resulted in a one-business day service delay. Netlist has not, and cannot, show any prejudice resulting from this one-business day delay.

Netlist's argument that "Netlist would have objected" if Micron identified that it intended to supplement is contrary to the procedural facts. Dkt. No. 462 at 5. Indeed, the opposite is true: Netlist itself moved to compel Micron's supplemental response. Dkt. No. 223.

The four-factors expressed in *iFLY Holdings LLC v. Indoor Skydiving Germany GmbH*, 2016 WL 3854070, at *1 (E.D. Tex. Mar. 22, 2016) weigh in favor of excusing the one-business day delay. For at least the reasons set forth above, Netlist has suffered no prejudice based on the one-business day delay. Micron has provided a valid explanation for the delay—it inadvertently omitted its response on the deadline and immediately served the supplemental response on the next business day. The supplemental response is important procedurally because it complies with the Special Master's Order on Netlist's Motion to Compel. Furthermore, it is undisputed that Micron's supplemental response to Interrogatory No. 26—which Netlist has had for months, and to which Micron's supplemental response to Interrogatory No. 12 points to and incorporates—is important and was discussed substantively in expert reports months ago. Furthermore, while a continuance is not necessary, a continuance is possible as shown by the fact that Netlist only recently served a supplemental technical expert report (February 1, 2024), and the parties are still conducting expert depositions.

For at least these reasons, Netlist's motion should be denied.

Dated: February 12, 2024

Respectfully submitted,

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P. Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (*pro hac vice*)
RPark@winston.com
Matthew R. McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400

Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323


**ATTORNEYS FOR DEFENDANTS MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC**

## **CERTIFICATE OF SERVICE**

I certify that, on February 12, 2024, a copy of the foregoing was served on all counsel of record via the Court's ECF system.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim