# Exhibit 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00993-MCS-ADS | Date | February 6, 2024 |
| Title | *Netlist Inc. v. Samsung Elecs. Co., Ltd.* | | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: PENDING MOTIONS (ECF NOS. 344, 356, 358, 359, 379)

After a remand from the circuit court for further proceedings, (Mem., ECF No. 334; Mandate, ECF No. 340), the Court invited rebriefing of summary judgment motions on issues remaining in the case, (Order Re: Further Proceedings, ECF No. 345). Briefing is complete. (Netlist Mem., ECF No. 356;[1] Samsung Mem., ECF No. 359; Netlist Resp., ECF No. 373; Samsung Resp., ECF No. 372.) Plaintiff Netlist Inc. also moves to supplement the summary judgment record and to stay the case; Defendant Samsung Electronics Co., Ltd., opposes both motions. (Mot. to Suppl., ECF No. 358; Mot. to Suppl. Opp'n, ECF No. 364; Mot. to Suppl. Reply, ECF No. 368; Mot. to Stay, ECF No. 344; Mot. to Stay Opp'n, ECF No. 351; Mot. to Stay Reply, ECF No. 369.) The Court heard oral argument on February 5, 2024. This order memorializes the Court's oral rulings denying the motions.

---

[1] The Court directs the Clerk to terminate the motion at ECF No. 379, which consists of sealed versions of papers filed in redacted form at ECF No. 356. The Court cites publicly filed redacted documents where appropriate.

## I. BACKGROUND

The Court incorporates by reference its summary of the facts from its prior summary judgment order. (MSJ Order 3–5, ECF No. 186.) What remains of this case is a contract dispute. The parties entered a Joint Development and License Agreement ("JDLA") in 2015 that obliges Samsung to "supply NAND and DRAM products to Netlist on Netlist's request at a competitive price (*i.e.*, among customers purchasing similar volumes of similar products)." (JDLA § 6.2, ECF No. 144-1.) Beginning in 2017, Samsung declined to fulfill all of Netlist's forecasts, requests, and orders for NAND and DRAM products, putting some on backlog and rejecting others. In 2020, Netlist sent correspondence to Samsung attempting to terminate the JDLA, in part based on Samsung's purported material breach of the NAND and DRAM product–supply provision. Netlist claims breach of contract and seeks a declaration that it terminated the JDLA, ceasing Samsung's licenses and rights thereunder.

The Court granted partial summary judgment for Netlist, concluding that JDLA § 6.2 unambiguously required Samsung to "supply NAND and DRAM products to Netlist on Netlist's request at a competitive price," and that there was no genuine dispute that Samsung breached its obligation. (MSJ Order 6–10.) The Court also granted summary judgment on Netlist's claim for declaratory relief, finding that Netlist terminated the JDLA. (MSJ Order 17–21; *see* Judgment ¶ 3, ECF No. 306.) The case proceeded to a trial on damages; the jury found that Netlist had not proven it suffered damages, so the Court entered judgment granting Netlist nominal damages. (Verdict, ECF No. 276; Judgment ¶ 1.)

On appeal, a Ninth Circuit panel affirmed the judgment in part, reversed it in part, and remanded the case for further proceedings. Over a dissent, the panel majority determined that JDLA § 6.2 was ambiguous when "[r]ead as an integrated whole" with other provisions of the agreement. (Mem. 3; *see id.* at 2–5.) The panel remanded for this Court "to consider in the first instance whether the extrinsic evidence creates a genuine issue of material fact as to the provision's meaning." (*Id.* at 5 (internal quotation marks omitted).) The panel further reversed the Court's entry of a declaratory judgment given the parties' dispute over the materiality of JDLA § 6.2. (*Id.* at 7–9.)

Separately, the parties are engaged in patent litigation in other federal district courts. As relevant here, Netlist sued Samsung for patent infringement, among other claims, in the United States District Court for the Eastern District of Texas, No. 2:22-

cv-00293-JRG ("Texas Case"). Trial in the Texas Case is set for April 15, 2024. The interpretation of JDLA § 6.2 is also at issue in that case. The judge presiding over the case declined to stay it pending resolution of this case. Mem. Opinion & Order, *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-00293-JRG, ECF No. 290-1 (E.D. Tex. Dec. 20, 2023).[2]

## II. MOTION TO STAY

Netlist moves to stay this case pending resolution of the Texas Case. (Mot. to Stay 21.)

### A. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering whether to exercise discretion to grant a stay, a court must examine "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The relevant interests are: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.2d at 268). The proponent of a stay bears the burden of showing that a stay is needed. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

### B. Discussion

The parties do not identify meaningful damage that might result from a stay of this case. Samsung proffers that a stay would "wast[e] years of litigation before this Court and the Ninth Circuit." (Mot. to Stay Opp'n 13.) That argument rests on a sunk cost fallacy, and in any event, the parties' experience litigating the

---

[2] The Court takes judicial notice of the rulings of the district court in the Texas Case. Fed. R. Evid. 201(b); *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Netlist also lodged this order in this case's docket at ECF No. 350-1.

interpretation issues here surely has informed the parties' positions in the Texas Case. (*See* Mot. to Stay Reply 7.) If this case were stayed, the parties could litigate the remaining issues before this Court in the Texas Case to a final disposition after trial without much, if any, delay. This factor favors a stay. *Cf. Alter v. Walt Disney Co.*, No. CV 16-06644 SJO (Ex), 2016 WL 9455627, at *2 (C.D. Cal. Oct. 31, 2016) (finding this factor weighed in favor of a stay where parties would have a "full and fair opportunity" to litigate the issues in a parallel proceeding (internal quotation marks omitted)).

As to prejudice that may result absent a stay, Netlist claims that Samsung has taken contradictory interpretations of the JDLA in different forums, unfairly prejudicing Netlist by requiring it to litigate the cases in parallel and giving rise to the risk of inconsistent rulings. (Mot. to Stay 14.) This argument is unpersuasive given that Netlist originated both this case and the Texas Case, giving rise to the parallel litigation problem. If Netlist does not want to litigate the interpretation issues in two forums, it could seek voluntary dismissal of this case in favor of the other. This factor weighs against a stay.

Netlist argues a stay would promote the orderly course of justice because the JDLA interpretation issue here is one of several in dispute in the Texas Case, so deferring to the other proceeding would promote the comprehensive disposition of the lawsuits between the parties and potentially moot this case. (Mot. to Stay 11–14.) Netlist's argument has some merit, but the judge in the Texas Case signaled he "may defer issues of Netlist's alleged termination of the JDLA to the Central District of California" while "simultaneously proceed[ing] on the other issues in [the Texas Case], including Netlist's claims for patent infringement." Mem. Opinion & Order 5, *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-00293-JRG, ECF No. 290-1. At the risk of opining on an issue within the sole discretion of a sister district court, the Court finds the proposed course of action in the Texas Case judicious. This Court has significant experience with the interpretation issues presented here and is poised to bring the case to a close before the Texas Case goes to trial. A final decision on the narrow contract issues presented here could significantly simplify the issues to be tried in the Texas Case, which is complicated enough to try before a jury with the patent issues at its core. This factor weighs against a stay.

### C. Conclusion

Netlist has not demonstrated the *CMAX* factors on balance favor a stay of this action. The Court declines to exercise its discretion to stay this case.

## III.  MOTION TO SUPPLEMENT RECORD

Netlist moves to supplement the summary judgment record with five exhibits: two emails produced in the discovery phase of the case, an excerpt of written discovery responses, an excerpt of a transcript of a 2022 deposition taken in another case between the parties, and an excerpt of transcript of oral argument from the appeal of the judgment in this case. (Mot. to Suppl. 2; *see generally* Harbor Decl. & Exs. 1–5, ECF Nos. 356-1, 356-4 to -6, 379-2 to -3.)

### A.  Legal Standard

"[D]istrict courts have discretion to permit parties to submit supplemental materials in support of or in opposition to a motion for summary judgment." *Nakanelua v. United Pub. Workers, AFSCME, Local 646*, No. 20-00442 JAO-KJM, 2022 U.S. Dist. LEXIS 16131, at *4 (D. Haw. Jan. 19, 2022) (internal quotation marks omitted); *see id.* at *3–4 (noting courts have invoked Fed. R. Civ. P. 56(d)–(e) for such motions). Courts generally "consider whether the evidence the party is seeking to admit is relevant and also consider whether the motion is made in good faith and whether allowing supplementation would unfairly prejudice the non-moving party." *Udd v. City of Phoenix*, No. CV-18-01616-PHX-DWL, 2020 U.S. Dist. LEXIS 67690, at *5 (D. Ariz. Apr. 17, 2020). Whether to permit supplementation is within the sound discretion of the district court. *See Resilient Floor Covering Pension Tr. Fund Bd. of. Trs. v. Michael's Floor Covering, Inc.*, 801 F.3d 1079, 1088 (9th Cir. 2015).

### B.  Discussion

The Court denies the motion on several independent grounds. First, Netlist failed to comply with Local Rule 7-3, which requires a prefiling conference of counsel to precede any motion. The Court specifically ordered the parties to conduct a prefiling conference before this round of motions by setting a deadline to complete any conference. (*See* Order Re: Further Proceedings 1.) But Netlist rests its compliance with the rule on a conference that predated that order. (Mot. to Suppl. 1.) Netlist does not dispute Samsung's counsel's representation that its counsel failed to signal its forthcoming motion to supplement the summary judgment record at that teleconference, (Feinstein Decl. ¶ 7, ECF No. 364-1); nor could it, as the Court had yet to signal whether it would authorize supplementation absent motion practice. Netlist argues that "Samsung made crystal clear" during the call that it "would not agree to augment the summary judgment record." (Mot. to Suppl. Reply 1.) That is

no excuse for failure to comply with a local rule and a court order. A prefiling conference could have focused the issues in dispute; Samsung's twenty-page response to a three-page motion is an obvious consequence of the parties' failure to confer. *See Lopez v. Wells Fargo Bank, N.A.*, No. SACV 16-1409 AG (KESx), 2016 U.S. Dist. LEXIS 144380, at *5–6 (C.D. Cal. Oct. 17, 2016) ("Making two sides talk can significantly help focus and clarify disputes, even when one side still has to file a motion at the end of the day.").

On the merits, even assuming the relevance of the documents sought to be added to the record and Netlist's good faith, the unfair prejudice to Samsung sharply weighs against supplementation. The Court ordered the parties to renew their summary judgment motions on the existing record. (Order Re: Further Proceedings 1.) In designing the briefing schedule, the Court intended to avoid surprise to the parties given the altered—and significantly expanded—scope of the litigation between them in this and other courts since the last round of briefing. By failing to conduct a prefiling conference about the motion to supplement, Netlist deprived Samsung of a reasonable opportunity to address the newly proffered evidence, including in its opening brief. (*See* Mot. to Suppl. Opp'n 16–17 (offering persuasive arguments toward this factor).)

Finally, Netlist leaves important issues unbriefed as to why supplementation is appropriate with respect to Exhibits 1, 4, and 5. Exhibit 1 is already in the summary judgment record. (*Compare* Harbor Decl. Ex. 1, *with* Choi Decl. Exs. 29–30, ECF Nos. 187-32, 188-10.) Exhibits 4 and 5 postdate the judgment in this case and, thus, cannot have been disclosed or produced in the discovery phase of this case. The Court doubts Netlist can use the documents in this proceeding, Fed. R. Civ. P. 37(c)(1), or show good cause to reopen discovery so it can use additional records from other cases and the appeal, Fed. R. Civ. P. 16(b)(4).

### C. Conclusion

The Court denies the motion and considers the parties' motions for summary judgment without reference to the documents subject to the motion to supplement the record.

## IV. MOTIONS FOR SUMMARY JUDGMENT

### A. Legal Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing law, the resolution of that fact might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex*, 477 U.S. at 322–23, and the court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007). To meet its burden,

> [t]he moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). There is no genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *Id.* at 587.

"In reviewing cross-motions for summary judgment, each motion must be considered on its own merits." *Acosta v. City Nat'l Corp.*, 922 F.3d 880, 885 (9th Cir. 2019).

### B. Discussion

Given the panel majority's conclusion that JDLA § 6.2 is ambiguous, the Court must decide whether the extrinsic evidence suffices to enter summary

judgment consistent with either party's interpretation of the provision. Netlist argues that the provision should be interpreted consistent with its express language: Samsung promised to supply NAND and DRAM products to Netlist at a competitive price. (*E.g.*, Netlist Mem. 12.) Samsung contends the provision obliged it to supply NAND and DRAM products to Netlist only in connection with the parties' NVDIMM-P joint development project. (*E.g.*, Samsung Mem. 12.) Each party submits that the extrinsic evidence indisputably supports its favored interpretation, so the Court's resolution of the motions should not be surprising: there is a genuine dispute of material fact.

The parties are familiar with the legal framework of interpretation under New York law, which governs the JDLA, (JDLA § 14), but the Court reiterates it here, (*see* MSJ Order 7). "The primary objective of a court in interpreting a contract is to give effect to the intent of the parties as revealed by the language of their agreement." *Compagnie Financiere De CIC Et De L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 232 F.3d 153, 157 (2d Cir. 2000). "Summary judgment is generally proper in a contract dispute only if the language of the contract is wholly unambiguous." *Id.* If a contract is ambiguous and "one or both parties offer extrinsic evidence that is capable of resolving the ambiguity as to the meaning of the contract given its bearing on the facts, there is an issue of material fact to be resolved by the factfinder, which will dictate the interpretation of the contract." *Ezrasons, Inc. v. Travelers Indem. Co.*, 89 F.4th 388, 400 (2d Cir. 2023) (citing *State v. Home Indem. Co.*, 66 N.Y.2d 669, 671–72 (1985)). "If there is no extrinsic evidence available, or the evidence is conclusory or incapable of resolving the ambiguity, then there is no role for the factfinder as to the meaning of the contract." *Id.*

The panel majority's determination that JDLA § 6.2 is ambiguous as a matter of law binds this Court. (Mem. 5.) Netlist argues that, notwithstanding the finding of ambiguity, the Court may enter summary judgment "where the non-moving parties' interpretation conflicts with established canons of contract interpretation." (Netlist Mem. 13.) Netlist submits that Samsung's interpretation runs afoul of the maxim *expressio unius est exclusio alterius*; that is, "if parties to a contract omit terms—particularly, terms that are readily found in other, similar contracts—the inescapable conclusion is that the parties intended the omission." *Quadrant Structured Prods. Co., Ltd. v. Vertin*, 23 N.Y.3d 549, 560 (2014); (*see* Netlist Mem. 12–15). The Court reads the panel disposition to foreclose a decision at summary judgment on that ground. Even if the Court did not deploy the Latin phrase, it employed the maxim's reasoning in its now-reversed summary judgment order. (MSJ Order 9 (citing *Vertin*, 23 N.Y.3d at 560).) The panel rejected Netlist's

*expressio unius* argument, (Mem. 4), and expressly directed the Court to consider "whether the extrinsic evidence creates a genuine issue of material fact as to the provision's meaning," (*id.* at 5 (internal quotations marks omitted)), suggesting that the Court, if not compelling it to, avoid resting its summary judgment analysis on the canon instead of a review of the extrinsic evidence. *See Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) ("[T]he decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.").

A reasonable factfinder reviewing the extrinsic evidence the parties offer could adopt either party's interpretation of the provision. For example, Netlist offers evidence that Samsung's negotiator understood that "supply for NAND and DRAM products is necessary if there is a request from Netlist," even after the parties abandoned the NVDIMM-P joint development project. (LaMagna Decl. Ex. 7, at SEC001269, ECF No. 145-11.) This is consistent with Netlist's interpretation that JDLA § 6.2 is an unqualified supply obligation untethered to NVDIMM-P. On the other hand, Samsung offers evidence that the parties intended the JDLA to adhere to the memorandum of understanding that guided contract drafting, which discussed supply of NAND and DRAM within a section pertaining exclusively to the joint development project. (Choi Decl. Ex. 21, at NL069668–69, ECF No. 188-4; *see also id.* Ex. 7, at 109–10, ECF No. 187-9 (deposition testimony from Netlist CEO comporting with this understanding).) A rational juror viewing the evidence in the light most favorable to Samsung could determine that the parties intended to limit the supply provision to the project. Stripped of authority to determine the contract says what it says, the Court must decline to enter summary judgment given the conflict in the extrinsic evidence. *Ezrasons*, 89 F.4th at 400.

To the extent the claim for declaratory relief is at issue in these motions, the Court finds summary judgment inappropriate. Netlist offers no argument specific to it, and Samsung rests its position on its success on the interpretation issue. (Samsung Mem. 24–25.) As the panel determined, disputes as to the materiality of JDLA § 6.2 preclude entry of summary judgment. (Mem. 7–8.)

### C. Conclusion

Disputed issues of fact preclude summary judgment for either party.

## V. CONCLUSION

The Court denies the parties' motions. The Court resets the case for trial as follows:

| Event | Date |
|---|---|
| Deadline to complete renewed Local Rule 16-2 conference | February 20, 2024 |
| Deadline to file first round of pretrial filings | February 26, 2024 |
| Deadline to file second round of pretrial filings | March 4, 2024 |
| Final pretrial conference | March 18, 2024, at 2:00 p.m. |
| Trial | March 26, 2024, at 8:30 a.m. |

**IT IS SO ORDERED.**