UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Civil No. 2:22-cv-00293-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY TEXAS, LLC, et al., <br><br> Defendants. | Civil No. 2:22-cv-00294-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NONINFRINGEMENT CONCERNING THE '912 PATENT (DKT. 353)**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ii

TABLE OF EXHIBITS TO SAMSUNG'S MOTION ......................................................................iii

TABLE OF EXHIBITS TO SAMSUNG'S REPLY ..........................................................................iii

TABLE OF ABBREVIATIONS ..........................................................................................................iii

I.     No Accused Product Directly Infringes as Sold ...................................................................1

        A.     Netlist's "Capability" Construction Is Wrong .......................................................1

        B.     There Is No Material Fact Dispute Under Claim 16's Plain Language ..........2

        C.     Netlist Lacks Evidence Under Its Own Construction ........................................2

II.    Netlist's Shifting Infringement Theories for RDIMMs Lack Merit .................................3

        A.     Netlist's New Infringement Theory Is Untimely and Incorrect ........................3

        B.     Partial Summary Judgment Is Proper on Netlist's Original Theory ...............4

        C.     Netlist's DoE Theory Is Precluded and Unsupported .........................................4

\* All emphasis in this brief is added unless otherwise noted.

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*HTC Corp. v. IPCom GmbH*,
  667 F.3d 1270, 1277 (Fed. Cir. 2012) ................................................................................... 2

*Imperium (IP) Holdings, Inc. v. Apple Inc.*,
  No. 4:11-CV-163, 2012 WL 6949611, (E.D. Tex. July 2, 2012) ........................................... 1

*INVT SPE LLC v. Int'l Trade Comm'n*,
  46 F.4th 1361 (Fed. Cir. 2022) ........................................................................................ 1, 3

*Microprocessor Enhancement Corp. v. Texas Instruments Inc.*,
  520 F.3d 1367 (Fed. Cir. 2008) ............................................................................................. 2

*Sycamore IP Holdings LLC v. AT&T Corp.*,
  No. 2:16-cv-588-WCB, 2017 WL 4517953 (E.D. Tex. Oct. 10, 2017) ................................. 3

*UltimatePointer, L.L.C. v. Nintendo Co.*,
  816 F.3d 816 (Fed. Cir. 2016) ............................................................................................... 2

*VLSI Tech. LLC v. Intel Corp.*,
  87 F.4th 1332 (Fed. Cir. 2023) .............................................................................................. 4

*Whirlpool Corp. v. TST Water, LLC*,
  No. 2:15-CV-01528-JRG, 2018 WL 1536875 (E.D. Tex. Mar. 29, 2018) ............................ 4

## TABLE OF EXHIBITS TO SAMSUNG'S MOTION

| # | Description |
|---|---|
| 1 | *Inter Partes* Reexamination Certificate for United States Patent No. 7,619,912 |
| 2 | Exhibit A-1 to Plaintiff Netlist Inc.'s Disclosure of Asserted Claims and Infringement Contentions (U.S. Patent No. 7,619,912 C1 – DDR4 Exemplary Claim Chart) |
| 3 | William Mangione-Smith Dep. Tr. (rough), dated January 12, 2024 (excerpts) |
| 4 | Declaration of Joseph C. McAlexander III[1] |
| 5 | JEDEC Standard JESD 82-31A: DDR4 Registering Clock Driver Definition (DDR4RCD02) (SAM-NET-293_00015178) (excerpts) |
| 6 | Exhibit B ('912 Patent) to Opening Expert Report of Dr. William Henry Mangione-Smith (excerpts) |
| 7 | Prosecution History for *Inter Partes* Reexamination No. 95/000,578 of U.S. Patent No. 7,619,912 (SAM-NET-293_00026272) (excerpts) |
| 8 | Samsung M393AAG40M32 RDIMM Datasheet (SAM-NET-293_00001708) (excerpts) |
| 9 | JEDEC Standard JESD 79-4C: DDR4 SDRAM (SAM-NET-293_00013373) (excerpts) |
| 10 | Presentation by Samsung's DRAM Solutions Team (SAM-NET00412907) |
| 11 | United States Patent No. 7,619,912 |
| 12 | Sungyub Jang Dep. Tr., dated November 10, 2023 (excerpts) |

## TABLE OF EXHIBITS TO SAMSUNG'S REPLY

| # | Description |
|---|---|
| 13 | November 1, 2022 Errata Sheet to 9/28/22 Deposition of Seung-Mo Jung |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '912 patent | U.S. Patent No. 7,619,912 |
| DDR | Double Data Rate |
| DoE | Doctrine of Equivalents |
| DRAM | Dynamic Random Access Memory |
| LRDIMM | Load-Reduced Dual Inline Memory Module |
| ■ | ■ |
| PCB | Printed Circuit Board |
| ■ | ■ |
| ■ | ■ |
| RDIMM | Registered Dual Inline Memory Module |
| NSMF | Netlist's Response to Samsung's Statement of Undisputed Facts (Dkt. 446 at 1-2) |
| SSMF | Samsung's Statement of Undisputed Material Facts (Dkt. 315 at 2-4) |

---

[1] Paragraph citations to Ex. 4 are to paragraph numbers of Exhibit 1 to Mr. McAlexander's declaration.

The Court should grant partial summary judgment on two '912 patent issues. First, no accused products directly infringe because the only asserted claim, claim 16, is not directed to mere capability and Netlist admits the products are not sold in the allegedly-infringing combination of modes. Second, Samsung's RDIMMs lack a "circuit" that "responds to a command signal and the set of input signals" by "transmitting the command signal . . . to only one DDR memory device at a time," as claimed.

## I. No Accused Product Directly Infringes as Sold

### A. Netlist's "Capability" Construction Is Wrong

Netlist's argument that claim 16 requires only circuitry "capable" of operating as claimed is incorrect. Netlist's complaint that Samsung did not seek to construe the claim to require "receiving signals 'sent by a computer,'" Dkt. 446 at 5, is meritless. Such a construction was unnecessary: that is what the claim says. Ex. 1 at cl. 16 ("**receiving a set of input signals from the computer system**").

Netlist's reliance on claim 16's reciting an apparatus, Dkt. 446 at 4-5, is misplaced; the Federal Circuit rejected any *per se* rule that apparatus claims only require capability. *INVT SPE LLC v. Int'l Trade Comm'n*, 46 F.4th 1361, 1371 (Fed. Cir. 2022). Instead, the inquiry focuses on the claim language, *id.*, which here recites "receiving" particular "input signals." Ex. 1 at cl. 16. If claim 16's language does not require a device actually receiving input signals, it is hard to discern what language ever could.

Netlist's cases do not suggest otherwise. Claim 16 is explicit that the memory module is "receiving" particular signals, unlike the claims in *INVT* ("receiving section **that receives**"), *Finjan* ("engine **for obtaining**"), and *Silicon Graphics* ("circuit . . . **that rasterizes**"). *INVT* at 1366, 1373 (discussing these cases). Instead, claim 16 is like *Imperium (IP) Holdings, Inc. v. Apple Inc.* (e.g., "imager **providing** data"), which Netlist fails to distinguish. No. 4:11-CV-163, 2012 WL 6949611, at *28 (E.D. Tex. July 2, 2012), report and recommendation adopted as modified, 2013 WL 322053 (E.D. Tex. Jan. 28, 2013). Netlist's other cases involve different language and do not even address contentions that the claims required actual performance; they consider only whether clear and convincing evidence

1

showed indefiniteness. *UltimatePointer, L.L.C. v. Nintendo Co.*, 816 F.3d 816, 826 (Fed. Cir. 2016); *Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367, 1375 (Fed. Cir. 2008). The *HTC Corp. v. IPCom GmbH* claims required the device to "be used in a particular network environment," 667 F.3d 1270, 1277 (Fed. Cir. 2012), showing that there is no direct infringement if claim 16 requires using the module in an environment involving the accused combination of non-default modes.

Netlist's "capability" argument is also contrary to the prosecution history. The PTO allowed claim 16 over prior art only because it "require[s] transmission of a command signal to only one DDR memory device at a time," considering actual operation, not capability. Ex. 7 at 33350. Netlist admits that the PTO rejected claims requiring logic circuitry but not transmission, NSMF ¶¶ 15-16; thus, a device cannot infringe until a "command signal is transmitted to only one [] memory device at a time."

### B. There Is No Material Fact Dispute Under Claim 16's Plain Language

Netlist admits that it relies on ▮▮▮▮▮ for one of claim 16's limitations and ▮▮▮▮▮ for another. NSMF ¶¶ 2-3. ▮▮▮▮▮ NSMF ¶¶ 5-6. Thus, even viewing the evidence in the light most favorable to Netlist, the products' sales do not directly infringe. Netlist's arguments rest on its incorrect construction requiring only "circuitry" and "logic" capable of these modes. Dkt. 446 at 2-4. As detailed above, the recited "circuit" and "logic element" are "receiving" particular "input signals from the computer" and "transmitting the command signal" in response. Netlist admits Samsung's products do not do that **as sold**. NSMF ¶¶ 4-6. Netlist attempts to take deposition testimony about whether implementation of these modes out of context, Dkt. 446 at 3-4, but this testimony and the product documentation Netlist cites address product capabilities, not whether they are configured as claimed as sold. Summary judgment is thus proper.

### C. Netlist Lacks Evidence Under Its Own Construction

Despite admitting that its infringement read relies on ▮▮▮▮▮

2

Netlist never addresses its failure to adduce evidence that any accused product ever uses both modes simultaneously, as even Netlist's construction requires. Dkt. 353 at 9-10; *INVT*, 46 F.4th at 1374-77 (even "capability" claims require evidence that the capability is used at least sometimes in the required environment). Under *INVT*, where another device "generates the necessary environment," as here, "its operation must be known" to show infringement. 46 F.4th at 1375-77. That is fatal, especially because Netlist admits the products work without either mode. NSMF ¶ 9.

Nor does Netlist's other cited evidence generate a material fact dispute. Summary judgment is therefore appropriate.

## II. Netlist's Shifting Infringement Theories for RDIMMs Lack Merit

### A. Netlist's New Infringement Theory Is Untimely and Incorrect

Netlist's contentions identify Instead of defending this theory, Netlist primarily advances a new theory that Dkt. 446 at 11. Contrary to Netlist's argument, Dkt. 446 at 11-15, Samsung's interrogatory responses did not give Netlist carte blanche to assert new theories without leave to amend its contentions. *Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-cv-588-WCB, 2017 WL 4517953, at *2-4 (E.D. Tex. Oct. 10, 2017). This new theory prejudices Samsung by, *inter alia*, preventing it from seeking relevant claim constructions.

Netlist's "mail truck" analogy shows that its new theory rests on an untenable construction of "transmitting." It argues that Samsung's position is "akin to saying that a mail truck cannot **deliver** a

3

letter [command signal] to a single home [DRAM] because the truck also stops at multiple other homes on the way." Dkt. 446 at 16. But as anyone whose mail has been lost knows, "**transmit**" and "**deliver**" have different meanings. Further, Dr. Mangione-Smith concedes that this theory depends on construing "transmitting" to require  which is more akin to a recipient opening, reading, and acting on a letter than mere delivery. Ex. 3 at 219:20-221:10. Thus, Netlist's new theory provides no basis to avoid summary judgment.[2]

### B. Partial Summary Judgment Is Proper on Netlist's Original Theory

The Court should grant summary judgment as to at least Netlist's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Compare* Dkt. 353 at 1-23, *with* Dkt. 446; Ex. Dkt. 446-4 ¶¶ 70-72.

### C. Netlist's DoE Theory Is Precluded and Unsupported

The DoE is no help to Netlist. First, prosecution history estoppel bars it. *Honeywell* applies when a patentee narrows the overall scope of its claims to secure its patent, Dkt. 428 at 3-4, as Netlist admits it did. NSMF ¶¶ 15-16. Claim 16 was allowed only because of the "transmitted to only one DDR memory device" limitation. SSMF ¶¶ 15-16. Thus, that is the "specific limitation which the examiner found rendered the claim allowable." *Whirlpool Corp. v. TST Water, LLC*, No. 2:15-CV-01528-JRG, 2018 WL 1536875, at *10 (E.D. Tex. Mar. 29, 2018). Second, Netlist has the burden on the DoE, and Dr. Mangione-Smith's facially insufficient opinions cannot create a triable issue of fact. Dkt. 350 at 5-6; Dkt. 446-4 ¶ 87; *VLSI Tech. LLC v. Intel Corp.*, 87 F.4th 1332, 1342-45 (Fed. Cir. 2023).

---

[2] The deposition testimony Netlist cites (Dkt. 446 at 12) cannot create a dispute of fact ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4

Dated:  February 7, 2024

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:      (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Respectfully submitted,

By:   */s/ Lauren A. Degnan*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 7, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

                                                                                                                 */s/ Lauren A. Degnan*