UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>  Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>  Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES (DKT. 338)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

TABLE OF EXHIBITS TO SAMSUNG'S MOTION ............................................................ iii

TABLE OF EXHIBITS TO SAMSUNG'S REPLY ................................................................ iii

TABLE OF ABBREVIATIONS ............................................................................................... iii

I.   Actual Notice: Netlist Failed To Provide Actual Notice for Any Asserted Patent ............................................................................................................................... 1

II.  Constructive Notice: Netlist Does Not Dispute That It Failed To Mark .................... 4

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
    24 F.3d 178 (Fed. Cir. 1994) ............................................................................................. 1

*Arctic Cat Inc. v. Bombardier Rec. Prods*,
    876 F.3d 1350 (Fed. Cir. 2017) ......................................................................................... 4

*Arigna Technology Ltd. v. Nissan Motor Co., Ltd.*
    No. 2:22-CV-00126-JRG-RSP, 2022 WL 18046695 (E.D. Tex. Sept. 20, 2022) ............. 4

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
    No. 2:15-CV-01047-RSP, 2016 WL 11750176 (E.D. Tex. Nov. 29, 2016) ...................... 2

*Gart v. Logitech, Inc.*,
    254 F.3d 1334 (Fed. Cir. 2001) ..................................................................................... 2, 3

*Image Processing Technologies, LLC v. Samsung Electronics Co.*,
    No. 2:20-CV-00050-JRG, 2020 WL 6832827 (E.D. Tex. June 19, 2020) ........................ 3

*In re Elonex Phase II Power Management Litigation*,
    No. C.A. 01-082 GMS, 2002 WL 433614 (D. Del. Mar. 20, 2002) ................................. 3

*K-TEC, Inc. v. Vita-Mix Corp.*
    696 F.3d 1364, 1378-79 (Fed. Cir. 2012) ......................................................................... 2

*Minks v. Polaris Indus., Inc.*,
    546 F.3d 1364 (Fed. Cir. 2008) ......................................................................................... 4

*Toshiba Corp. v. Imation Corp.*,
    990 F. Supp. 2d 882 (W.D. Wis. 2013) ............................................................................ 4

## TABLE OF EXHIBITS TO SAMSUNG'S MOTION

| # | Description |
|---|---|
| 1 | JDLA (NETLIST_SAMSUNG_EDTX00034064) |
| 2 | April 2015 Samsung/Netlist Partnership Opportunity Presentation (NETLIST_SAMSUNG_EDTX00064073) |
| 3 | 11/8/16 Email from Netlist to Samsung (NL046600) |
| 4 | Netlist Patent Coverage Chart (Attachment to 11/8/16 Email) (NL046601) |
| 5 | 8/2/21 Email from Gibson Dunn to Bird & Marella (NETLIST_SAMSUNG_EDTX00037799) |
| 6 | Netlist Patent List (Attachment to 8/2/21 Email) (NETLIST_SAMSUNG_EDTX00037800) |
| 7 | Netlist-SK hynix Agreement (NETLIST_SAMSUNG_EDTX00037749) |
| 8 | SK hynix webpages – DDR4 RDIMM and LRDIMM (https://product.skhynix.com/products/dram/module/ddr4dm.go) |
| 9 | 6/8/22 FRAND Letter, with Ex. A (NETLIST_SAMSUNG_EDTX00037348 and NETLIST_SAMSUNG_EDTX00037353) |
| 10 | 12/21/23 Mangione-Smith Rebuttal Report (excerpts) |
| 11 | 5/4/23 Letter re Unmarked Products |
| 12 | 9/5/23 Letter re Unmarked Products |
| 13 | 11/19/23 Netlist Revised 4th Amended Supplemental Responses and Objections to Samsung's Second Set of Interrogatories (Nos. 3-22) |
| 14 | Chuck Hong Deposition Transcript 11/19/2023 (excerpts) |
| 15 | 10/15/20 Letter fr. Lo to Rhow (NETLIST_SAMSUNG_EDTX00190254) |
| 16 | 11/20/23 Kennedy Expert Report (excerpts) |
| 17 | 3/28/23 Pretrial Conference Day 1 Tr. from *EDTX1* (excerpts) |
| 18 | 6/2/23 Netlist Responses and Objections to Samsung's Second Set of Interrogatories (Nos. 3-22) |
| 19 | Chuck Hong EDTX1 Deposition Transcript 12/16/2022 (excerpts) |
| 20 | 11/15/23 Letter re Unmarked Products |

## TABLE OF EXHIBITS TO SAMSUNG'S REPLY

| # | Description |
|---|---|
| 21 | 3/28/23 Pretrial Conference Day 1 Tr. from *EDTX1* (additional excerpts) (public) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| Asserted Patents | U.S. Patent No. 7,619,912; U.S. Patent No. 11,093,417; U.S. Patent No. 10,268,608 |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) |
| EDTX1 | *Netlist Inc. v. Samsung Electronics Co. Ltd.*, No. 2:21-CV-463 (E.D. Tex.) |
| JDLA | Joint Development and License Agreement |
| Samsung | Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor Inc. |

Netlist raises no issues of material fact that prevent summary judgment of no pre-suit damages.[1] Netlist's opposition attempts to stitch together a patchwork of documents and testimony, and asks this Court to look at "the overall course of communication between the parties" to divine actual notice where none exists.[2] Dkt. 436 at 4. That is not the standard. Netlist is required to identify a ***specific charge of infringement*** by a ***specific product*** for the ***asserted patents***, and none of the evidence on which Netlist relies does so. Indeed, Netlist's entire approach—focusing on alleged disclosures of patents divorced from alleged disclosure of a specific charge of infringement—reveals the lack of a single communication, by Netlist to Samsung, meeting the requirements of § 287. Nor does Netlist cite any evidence that the products identified by Samsung in its *Arctic Cat* letter were marked or otherwise immune from the marking requirement. Samsung's motion should be granted.

**I.     Actual Notice: Netlist Failed To Provide Actual Notice for Any Asserted Patent**

To provide adequate actual notice, a patentee must specifically identify the asserted patent along with a specific charge of infringement as to specific products. *See* Dkt. 338 at 5-7; *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). None of the evidence on which Netlist relies satisfies these requirements for any of the asserted patents:

**2010 JEDEC Disclosure (Dkt. 436-2):** This JEDEC disclosure, *see* Dkt. 436 at 1, does not constitute notice that the accused products infringe the asserted patents. Netlist disclosed only that it had IP that "may" relate to ***DDR3*** LRDIMM—not the accused ***DDR4*** products. Dkt. 436-2 at 8.

---

[1] Netlist's response to Samsung's "Statement of Undisputed Material Facts" is improper because it denies facts **without basis**, and instead disputes the **conclusions** to which the facts leads. Thus, Netlist's response is an implicit confirmation of the recited facts (e.g., Nos. 1-9, 11-12).

[2] Netlist's opposition also includes procedurally improper "additional facts" that are insufficient to carry its burden of proving compliance with § 287; most do not involve the asserted patents, and none includes a specific allegation of infringement by the accused products. Dkt. 346 at 1-3.

In any event, Samsung disputes Netlist's assertion that Samsung materially breached the JDLA, and that it was properly terminated. Dkt. 436 at 2. Samsung further disputes Netlist's assertion that Samsung "has acknowledged that it was on actual notice by virtue of" Netlist's 2022 letter, and that the letter contained an actual charge of infringement. *Id.* at 3. *See also* Dkt. 338 at 8; Dkt. 374.

1

████████████████████████████████████████████████████████

**2012 "HyperCloud" Disclosure (Dkt. 436-3):** This disclosure asserting that Netlist's ██████████████████████████████████████████████████████████████████████████████ *see* Dkt. 436 at 1, is not a charge of infringement of the asserted patents by the accused products. Netlist characterized its ████████████████████████████████████████████████ ████████████████████████████████████████████████████████. Dkt. 436-3 at 15.

**2015 Presentation (Ex. 2):** Netlist's 2015 presentation does not constitute a specific charge of infringement, *see* Dkt. 436 at 1-2, and was not a proposal to "abate the infringement" as Netlist claims, *see id.* at 6. Netlist instead sought a "Partnership Opportunity" with Samsung, and merely listed ████████████████████████████████████████████, **without making any specific charge of infringement**.[3] *See* Dkt. 338 at 6. Including a proposal to license as part of a pitch to partner does not transform the proposal into § 287 notice.

**2016 Email and Patent List (Exs. 3, 4):** Netlist's 2016 email transmitting a patent list, *see* Dkt. 436 at 2, does not include any allegation of infringement—it includes ████████████ ████████████. Dkt. 338 at 6. Further, Samsung was licensed to Netlist's entire portfolio in 2016.

Unlike in *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345-46 (Fed. Cir. 2001) (cited in Dkt. 436 at 7), where the plaintiff identified specific patent claims, a specific product, and counseled that an attorney should examine the patent to determine whether a license is needed, there was no "clear inference" of notice from Netlist's 2016 patent list (Ex. 4), or its 2015 presentation (Ex. 2).[4] Netlist's 2015 and

---

[3] Netlist's disclosure of related patents does not constitute notice, even under the cases on which Netlist relies. In *Arthrex, Inc. v. Smith & Nephew, Inc.*, the defendant was found to have notice of a later-issued continuation patent by virtue of a "standstill agreement" which specifically granted rights and obligations with respect to "later-arising continuation patents." No. 2:15-CV-01047-RSP, 2016 WL 11750176, at *2 (E.D. Tex. Nov. 29, 2016). Netlist's reliance on *K-TEC, Inc. v. Vita-Mix Corp.*, ignores that the patentee there actually provided notice that the defendant infringed the claims of the asserted patent (not only the related patent) before the relevant damages period began. 696 F.3d 1364, 1378-79 (Fed. Cir. 2012).

[4] The letter in *Image Processing Technologies, LLC v. Samsung Electronics Co.*, similarly contained detailed allegations, not present in Netlist's correspondence, that raised a genuine issue of fact as to actual

2

2016 disclosures never identified the accused products or made a charge of infringement.

**2020 Letter (Ex. 15):** Netlist's 2020 letter does not include a specific charge of infringement for the asserted patents against the accused products. Although the letter claims ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See id.*

**2021 Patent List (Exs. 5, 6):** Netlist's 2021 patent list, produced in the C.D. Cal. Case, *see* Dkt. 436 at 2, likewise does not constitute notice of infringement. The list ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Ex. 6. Unlike *In re Elonex Phase II Power Management Litigation*, No. C.A. 01-082 GMS, 2002 WL 433614 (D. Del. Mar. 20, 2002) (cited in Dkt. 436 at 8), Netlist has not met its "burden of proving the agent's authority to accept such notice on behalf of" it under § 287. *Elonex*, 2002 WL 433614, at *3.

**2022 Letter (Ex. 9):** Netlist's June 8, 2022 letter, *see* Dkt. 436 at 3, does not contain a specific charge of infringement, and Netlist's opposition raises no genuine issues of material fact that would preclude granting summary judgment. The only time that the letter links any category of products to the asserted patents is when it ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ The letter contends that Samsung will ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. 9. Given Netlist's current position that the asserted patents are *not* essential to DDR4, generically identifying a JEDEC-defined category of products should not

---

notice. No. 2:20-CV-00050-JRG, 2020 WL 6832827, at *5 (E.D. Tex. June 19, 2020). Image's letter identified 11 patents, identified particular features in the accused cameras, referenced litigation against others on the same features, and invited licensing of the portfolio for that reason. *Id.*

3

be considered a charge of infringement in this case. *See* Dkt. 338 at 8. Moreover, courts have held that broadly identifying a category of products and a portfolio of patents to license is insufficient under § 287. *See Minks v. Polaris Indus., Inc.*, 546 F.3d 1364, 1376 (Fed. Cir. 2008) (finding no actual notice where letter notified defendant of patent portfolio, the general types of products it covered, and offered to license); *Toshiba Corp. v. Imation Corp.*, 990 F. Supp. 2d 882, 895-97 (W.D. Wis. 2013) (finding no actual notice where letter stated a license was required to sell category of products compliant with industry standards); *see also* Dkt. 374 at 5-7 (seeking, *inter alia*, to preclude reliance on the 2022 letter).

**Mr. Hong's Testimony:** Netlist mischaracterizes Mr. Hong's testimony as identifying actual notice to Samsung, *see* Dkt. 436 at 6. He testified about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (similar to the evidence Netlist cited in its opposition). Ex. 14 at 118:8-20. Setting aside whether those identifications constitute notice of the asserted patents under § 287, Mr. Hong did not identify a **charge of infringement**, as required for notice. *Id.* at 121:16-122:6; Dkt. 338 at 5.

## II. Constructive Notice: Netlist Does Not Dispute That It Failed To Mark

Netlist does not dispute that neither it nor its licensees mark any products with the asserted patents. Instead, Netlist complains about Samsung's *Arctic Cat* letters. Dkt. 436 at 9. However, Samsung's letters (Exs. 11, 12, 20) identify unmarked products, and thereby comply with the "low burden" of production under *Arctic Cat*.[5] Samsung is not required to **prove** that any product practices the patents. Rather, Samsung need only identify unmarked products, thereby shifting the burden to Netlist show that the products were not subject to a marking requirement. *Arctic Cat Inc. v. Bombardier Rec. Prods*, 876 F.3d 1350, 1366 (Fed. Cir. 2017). Samsung met its *Arctic Cat* burden here, just as it did in *EDTX1*. *See* Ex. 21 at 147:21-148:3.

---

[5] *Arigna Technology Ltd. v. Nissan Motor Co., Ltd.* is inapposite because, in that case, the letter on which the defendant relied did not notify the plaintiff of the products it believed were unmarked; instead the letter informed the plaintiff that inclusion of a certain product in its infringement contentions was a mistake. No. 2:22-CV-00126-JRG-RSP, 2022 WL 18046695, at *1, *4 (E.D. Tex. Sept. 20, 2022).

4

Dated:  February 7, 2024

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:      (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Respectfully submitted,

By:  /s/ *Lauren A. Degnan*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 7, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Lauren A. Degnan*