UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**REPLY IN SUPPORT OF SAMSUNG'S
MOTION FOR SUMMARY JUDGMENT OF NO WILLFULNESS (DKT. 341)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ii

TABLE OF EXHIBITS TO SAMSUNG'S MOTION......................................................................iii

TABLE OF EXHIBITS TO SAMSUNG'S REPLY.........................................................................iii

TABLE OF ABBREVIATIONS.........................................................................................................iii

I.   Netlist May Not Relitigate the Determination in *EDTX1* That the JDLA's
     License Grant Is Not Restricted to the JDP ..................................................................1

II.  Netlist Identified No Genuine Issues of Material Fact Surrounding
     Samsung's Good Faith and Reasonable Reliance .......................................................1

III. No Other Issues of Material Fact Preclude Summary Judgment...............................2

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
  No. 2:15-CV-01047-RSP, 2016 WL 11750176 (E.D. Tex. Nov. 29, 2016) ...................................... 3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ......................................................................................................................... 3

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
  897 F.2d 508 (Fed. Cir. 1990) ..................................................................................................... 1, 2

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
  No. 2:16-CV-52-JRG-RSP, 2017 WL 11638984 (E.D. Tex. Sept. 29, 2017) ...................................... 3

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
  No. 2:17-CV-662-JRG-RSP, 2019 WL 1987172 (E.D. Tex. April 12, 2019) ...................................... 3

*SynQor, Inc. v. Artesyn Techs., Inc.*,
  2011 WL 3624957 (E.D. Tex. Aug. 17, 2011), *aff'd* 709 F.3d 1365 (Fed. Cir. 2013) .......................... 3

*WCM Indus., Inc. v. IPS Corp.*,
  721 F. App'x 959 (Fed. Cir. 2018) .................................................................................................. 3

## TABLE OF EXHIBITS TO SAMSUNG'S MOTION

| # | Description |
|---|---|
| 1 | 2023-11-20 McAlexander Opening Report (excerpts) |
| 2 | '912 Patent Reexamination Certificate (CC-00032048) |
| 3 | Decision from IPR2022-00615 (excerpts) |
| 4 | Decision from IPR2023-00454 (excerpts) |
| 5 | Decision from IPR2023-00847 (excerpts) |
| 6 | Joint Development and License Agreement (NETLIST_SAMSUNG_EDTX00034064-82) |
| 7 | Samsung/Netlist Partnership Opportunity (April 2015) (NETLIST_SAMSUNG_EDTX00064073) |
| 8 | Email from Netlist to Samsung and Netlist Patent Coverage Chart (NL046600-NL046601) |
| 9 | Notice of Infringement (NETLIST_SAMSUNG_EDTX00190254-55) |
| 10 | Email from Gibson Dunn to Bird & Marella (NETLIST_SAMSUNG_EDTX00037799) |
| 11 | Netlist Patent List (NETLIST_SAMSUNG_EDTX00037800-806) |
| 12 | 3/28/23 hearing transcript from *EDTX1* (excerpts) |
| 13 | Junseon Yoon Dep. Tr. (excerpts) |
| 14 | Netlist's November 19, 2023 Objections & Responses to Samsung's Second Set of Interrogatories (excerpts) |
| 15 | Netlist emails re meeting with Samsung (NETLIST_SAMSUNG_EDTX00056569) |
| 16 | Samsung/Netlist Meeting in San Diego (4/11/2012) (NETLIST_SAMSUNG_EDTX00055022) |
| 17 | Samsung/Netlist HyperCloud Partnership (5/31/2012) (NETLIST_SAMSUNG_EDTX00054967) |
| 18 | Samsung Korea Meeting Notes 05-31-12v1 (NETLIST_SAMSUNG_EDTX00056625) |
| 19 | Netlist Proposal to Samsung (NETLIST_SAMSUNG_EDTX00034451) |
| 20 | 2022 Letter, and Exhibit A (NETLIST_SAMSUNG_EDTX00037348-52 and NETLIST_SAMSUNG_EDTX00037353-56) |
| 21 | 2023-06-02 Netlist Resp and Obj 2nd Set of Rogs Nos 3-22 (excerpts) |
| 22 | 2023-12-21 Mangione-Smith Rebuttal Report (excerpts) |

## TABLE OF EXHIBITS TO SAMSUNG'S REPLY

| # | Description |
|---|---|
| 23 | 2023-04-20 trial transcript from *EDTX1* (excerpts) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| IPR | *Inter partes* review |
| JDLA | Joint Development and License Agreement |
| JDP | Joint Development Project |
| KTT | Korean Tax Tribunal |
| SSMF | Samsung's Statement of Material Facts; *see* Dkt. 341 at 1-3 |

This Court granted summary judgment of no willfulness for the period prior to July 15, 2020 in *EDTX1* because Samsung was licensed. It should do so again here, for all times past and present.

## I. Netlist May Not Relitigate the Determination in *EDTX1* That the JDLA's License Grant Is Not Restricted to the JDP

Netlist's contention that the Court in *EDTX1* merely determined the date of the alleged JDLA termination, Dkt. 437 at 3, is wrong. In *EDTX1*, Samsung sought and won a determination that the JDLA's license was not limited to the JDP. *EDTX1*, Dkts. 196 at 13, 432 at 2. Contrary to Netlist's assertions, Dkt. 437 at 3-4, the *EDTX1* Court did not characterize license scope as a fact question and the Court's interpretation of the license's scope was necessary to the ***final judgment***. The Court's final judgment necessarily incorporated the determination that Samsung did not infringe during the license, and that determination was expressly based on both the license's scope (determined by partial summary judgment) and the Court's JMOL that the accused HBM products were not Foundry Products. *See* Ex. 23 at 1266:17-25; *EDTX1*, Dkt. 551 (final judgment); Ex. 12 at 153:5-7, 154:25-155:3, 168:16-24 (JDLA relevant to willfulness). As such, Netlist's contention about "partial summary judgment orders," Dkt. 437 at 4, is not applicable. *See, e.g.*, Dkt. 341 at 4-5; Dkt. 337 at 8-9 & n.4. The Court also should reject Netlist's argument that Samsung has been inconsistent about the JDLA license's scope. *See* Dkt. 437 at 3-4. As Samsung's other briefs discuss, Samsung has ***never urged, in any forum, that the JDLA's license is limited to JDP products.*** *See* Dkts. 203, 383, 315, 378; *see also* Dkt. 259-1 (D. Del. court is "unpersuaded that Samsung advanced an inconsistent position before the Ninth Circuit Court of Appeals.").

## II. Netlist Identified No Genuine Issues of Material Fact Surrounding Samsung's Good Faith and Reasonable Reliance

An accused infringer does not willfully infringe if it undertook the accused acts while relying, in good faith, on reasonable defenses. *See, e.g., Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990). Attempting to rebut Samsung's good faith reliance on its license defense,

1

Netlist argues that: (1) Samsung allegedly made inconsistent statements about the scope of the JDLA, and (2) Samsung was ███████████████████████████████████████████████████ ███. Dkt. 437 at 5. As discussed above, Samsung has **not** been inconsistent about the JDLA's license scope. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *EDTX1*, Dkts. 237 at 16-17, 328 at 2-3. No reasonable jury could find that Samsung's acts were not based in good faith, on a reasonable belief that the JDLA protected Samsung from Netlist's claims.

In addition, Samsung has presented detailed evidence and argument that it does not infringe any valid claim of any asserted patent. As to the '912 patent, Samsung sought declaratory judgment of noninfringement, SSMF, ¶ 9, and filed an IPR petition for claim 16, SSMF, ¶ 1, before Netlist filed this case. As to the '417 and '608 patents, Samsung filed IPR petitions on all asserted claims shortly after Netlist asserted them, and the PTAB instituted IPR for all of them. SSMF, ¶ 2. No reasonable jury could find deliberate or intentional infringement because Samsung has a reasonable belief in its defenses, held in good faith. *Gustafson*, 897 F.2d at 511. Against the undisputed evidence of these good faith and reasonable defenses, Netlist makes the unsupported assertion that "Samsung did not conduct an adequate inquiry into whether the accused products infringe before deciding to continue its infringing activities." Dkt. 437 at 10-11. However, Netlist ignores that "[e]xercising due care, a party may continue to manufacture and may present what in good faith it believes to be a legitimate defense without risk of being found on that basis alone a willful infringer." *Gustafson*, 897 F.2d at 511. Further, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Dkt. 437-27 at 86:11-88:14.

### III. No Other Issues of Material Fact Preclude Summary Judgment

For reasons already explained, Netlist's June 8, 2022 letter supports no inference of a deliberate

2

intent to infringe, and the Court should not allow Netlist to rely on it. Dkt. 341 at 9-10; Dkt. 374.

In addition, Netlist has no evidence that Samsung knew of the '417 and '608 patents before it filed the amended complaints in this case. Instead, Netlist relies on alleged awareness of an "application to which the '417 and '608 Patents claim priority" and Netlist's disclosure of related patents to JEDEC. Dkt. 437 at 7-8. Even if true, neither fact is sufficient to confer knowledge of the '417 and '608 patents to establish willfulness. *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-CV-662-JRG-RSP, 2019 WL 1987172, at *2 (E.D. Tex. April 12, 2019) (declining to infer knowledge).[1]

Finally, Netlist resorts to a willful blindness theory, asserting (contrary to the law and the facts, *see* Dkt. 437-27) that Samsung should have investigated "whether its engineers designed the accused [products] based on Netlist's patents," Dkt. 437 at 10. *See, e.g.*, *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-52-JRG-RSP, 2017 WL 11638984, at *5 (E.D. Tex. Sept. 29, 2017) (failure to investigate "is unquestionably insufficient to support a finding of willfulness"). Neither the Supreme Court nor Federal Circuit has recognized a willful blindness-based theory for willful infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011), held only that willful blindness could substitute for a showing of actual knowledge of a patent. Netlist cannot rely on it to avoid its burden to prove deliberate or intentional infringement. Even if willful blindness were a viable theory, it requires: (1) a subjective belief of "a high probability that a fact exists and (2) . . . deliberate actions to avoid learning of that fact." *Id.* at 769. Netlist has identified no evidence that anyone at Samsung believed that infringement was highly likely and took deliberate steps to avoid such knowledge.

---

[1] Netlist's non-binding cases are plainly distinguishable. In *Arthrex*, a "standstill agreement," which granted rights and obligations as to "later-arising continuation patents" supported an inference of knowledge. 2016 WL 11750176, at *2 (E.D. Tex. Nov. 29, 2016). *WCM* upheld a willfulness finding where the defendant indisputably had pre-complaint knowledge of two patents and there was evidence of monitoring the patentee's products and copying. 721 F. App'x 959, 970-71 (Fed. Cir. 2018). In *SynQor*, the defendant's admitted monitoring of products marked with patent numbers and knowledge of a parent patent through such monitoring supported the jury's finding that the defendant learned of a related patent once it issued. 2011 WL 3624957, at *4-5 (E.D. Tex. Aug. 17, 2011).

3

Dated: February 7, 2024

Respectfully submitted,

By: /s/ *Lauren A. Degnan*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:     (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 7, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

                 /s/ Lauren A. Degnan

5