UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>  Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>  Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY SUPPORTING ITS MOTION FOR PARTIAL SUMMARY JUDGMENT THAT ALL ACCUSED PRODUCTS ARE COVERED BY NETLIST'S LICENSE TO SAMSUNG IN THE PARTIES' 2015 JDLA (DKT. 337)**

██████████████████████████████████████

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ii

TABLE OF EXHIBITS TO SAMSUNG'S MOTION ..........................................................................iii

TABLE OF EXHIBITS TO SAMSUNG'S REPLY .............................................................................iv

TABLE OF ABBREVIATIONS............................................................................................................iv

I.    Netlist Does Not Contend That Any Accused Product Is a "Foundry
      Product" ..................................................................................................................................1

II.   The Court Should Reject Netlist's Allegation of Judicial Estoppel ...........................................1

III.  Netlist May Not Relitigate the Determination in *EDTX1* That the JDLA's
      License Grant Is Not Restricted to the JDP ............................................................................2

IV.   Were the Court to Reach Them, Netlist's Interpretive Arguments Are Wrong........................3

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*67 Wall St. Co. v. Franklin Nat'l Bank*,
    333 N.E.2d 184 (N.Y. 1975) ............................................................................................... 4

*Netlist Inc. v. Samsung Elecs. Co.*,
    No. 22-55209, 2023 WL 6820683 (9th Cir. Oct. 17, 2023) ................................................ 2

*In re Gulf Oil/Cities Serv. Tender Offer Litig.*,
    725 F. Supp. 712 (S.D.N.Y. 1989) ...................................................................................... 4

*S. Ionian Shipping Co. v. Hugo Neu & Sons Int'l Sales Corp.*,
    545 F. Supp. 323 (S.D.N.Y. 1982) ...................................................................................... 4

*Sport Supply Grp. v. Columbia Cas. Co.*,
    335 F.3d 453 (5th Cir. 2003) ........................................................................................... 1, 3

**TABLE OF EXHIBITS TO SAMSUNG'S MOTION**

| # | Description |
|---|---|
| 1 | Ltr. fr. Andrew DeVoogd, Esq. to Hon. Lisa R. Barton, ITC (Oct. 31, 2017) (SAM-NET01351905, excerpts) |
| 2 | Netlist's April 2015 Proposal (NL107806) |
| 3 | Email fr. Jibum Kim to Jung-Bae Lee (NL119237-38) |
| 4 | Tr. of *EDTX1* Trial (Apr. 15-21, 2023) (excerpts) |
| 5 | Email fr. Kyuhan. Han to JB Kim (May 18, 2015) (NL108668) |
| 6 | Tr. of Dep. of Chuck Hong (Aug. 13, 2021) (excerpts) from the C.D. Cal. Case |
| 7 | Memorandum of Understanding (NL069668-70) |
| 8 | Email thread of Oct. 13-14, 2015 (SAM-NET01399697 translation of NL045876) |
| 9 | Email thread of Sept. 14-18, 2015 (NL048993) |
| 10 | JDLA (NETLIST_SAMSUNG_EDTX00034064) |
| 11 | Netlist Infringement Contentions (Feb. 7, 2023) (excerpts) |
| 12 | Netlist's Stmt. of Disputes, *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-993 (C.D. Cal. filed Sept. 6, 2021), Dkt. 178-1 (excerpts) |
| 13 | Netlist's Opp. to Samsung Mot. Summ. J., *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-993 (C.D. Cal. filed Aug. 30, 2021), Dkt. 171 (excerpts) |
| 14 | Summ. J. Order, *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-993 (C.D. Cal. Oct. 14, 2021), Dkt. 186 (excerpts), *rev'd by CTA9 Order* |
| 15 | Opening Expert Report of David Kennedy (served Nov. 20, 2023) (excerpts) |
| 16 | Tr. of Dep. of Anson Tsui (Dec. 2, 2022) (excerpts) from *EDTX1* |
| 17 | Tr. of Dep. of Indong Kim (Dec. 8, 2022) (excerpts) from *EDTX1* |
| 18 | Tr. of Dep. of Joseph Calandra (Nov. 8, 2023) (excerpts) |
| 19 | Tr. of Dep. of Junseon Yoon (Nov. 8, 2023) (excerpts) |
| 20 | Tr. of Dep. of Seung-Mo Jung (Nov. 13, 2023) (excerpts) |
| 21 | Opening Report of William Mangione-Smith (excerpts) |
| 22 | Tr. of Dep. of You Keun Han (Nov. 9, 2023) (excerpts) |
| 23 | Samsung web page depicting Samsung-branded DDR4 RDIMM products, https://semiconductor.samsung.com/dram/module/rdimm/ |
| 24 | Samsung web page depicting Samsung-branded DDR4 LRDIMM products, https://semiconductor.samsung.com/dram/module/lrdimm/ |
| 25 | Compilation of excerpted exemplary Samsung-branded DDR4 RDIMM datasheets |
| 26 | Compilation of excerpted exemplary Samsung-branded DDR4 LRDIMM datasheets |
| 27 | Netlist's Revised 4th Amended and Supplemental Responses to Samsung's Second Set of Interrogatories (served Nov. 19, 2023) |
| 28 | Tr. of *EDTX1* Pre-Trial Conference (Mar. 28, 2023) (excerpts) |
| 29 | Samsung's Opening Brief, *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247 (9th Cir. filed June 6, 2022), Dkt. 11 (excerpts) |
| 30 | Tr. of Oral Argument, *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247 (9th Cir. held June 8, 2023) (excerpts) |
| 31 | Samsung's Response Brief, *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247 (9th Cir. filed Oct. 6, 2022), Dkt. 32 (excerpts) |
| 32 | Declaration of Joseph Calandra |

## TABLE OF EXHIBITS TO SAMSUNG'S REPLY

| # | Description |
|---|---|
| 33 | Netlist's Response/Cross-Appeal Opening Brief, *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247 (9th Cir. filed Aug. 4, 2022), Dkt. 22 (excerpts) |
| 34 | Transcript of Pre-Trial Conference (March 28, 2023) (public, excerpts) from *EDTX1* |
| 35 | Transcript of Trial (Apr. 20, 2023) (public, excerpts) from *EDTX1* |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| C.D. Cal. | U.S. District Court for the Central District of California |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-993 (C.D. Cal.) |
| *CTA9 Order* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209, 2023 WL 6820683 (9th Cir. Oct. 17, 2023) |
| D. Del. | U.S. District Court for the District of Delaware |
| D. Del. Case | *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-CV-1453 (D. Del.) |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| ITC | U.S. International Trade Commission |
| JDLA | Joint Development and License Agreement (*see* Ex. 10) |
| JDP | Joint Development Project (*see* Ex. 10) |
| LRDIMM | Load-Reduced Dual In-Line Memory Module |
| MOU | Memorandum of Understanding (*see* Ex. 7) |
| NVDIMM | Non-Volatile Dual In-Line Memory Module |
| NVDIMM-P | A variant (signified by "-P") of NVDIMM |
| RDIMM | Registered Dual In-Line Memory Module |
| SSMF | Samsung's Statement of Material Facts (*see* Dkt. 337, sec. III) |

*EDTX1* already rejected Netlist's attempts to narrow the JDLA license's scope.[1]  Were the Court to revisit the issue, JDLA § 8.2 is unambiguous.  It plainly and directly licenses **all accused products** (Netlist does not dispute no accused products are "Foundry Products").  Indeed, Netlist essentially said as much to the ITC prior to this case.  Partial summary judgment that (1) the JDLA licenses products beyond the JDP, and (2) no accused products are "Foundry Products" is warranted.

## I.   Netlist Does Not Contend That Any Accused Product Is a "Foundry Product"

Netlist's opposition does not respond to Samsung's contention that no accused products are "Foundry Products" under JDLA §§ 8.2-8.3, apart from Netlist's flawed estoppel theory, *see infra*.  *Compare* Dkt. 337 at 12-14, *with* Dkt. 451.  Partial summary judgment on that issue is warranted.

## II.   The Court Should Reject Netlist's Allegation of Judicial Estoppel

Netlist advances the same flawed estoppel argument it has made elsewhere.  Dkt. 451 at 6-8.  As its other briefs explain, Samsung has maintained consistently that its JDLA license encompasses **all** semiconductor products (except Foundry Products), not merely the JDP.  *E.g.*, Dkts. 203 at 2-4, 283 at 8-12, 378 at 1-2.  At the Ninth Circuit, Samsung explained how the JDLA's **supply** clause § 6.2 is "limited to the parties' NVDIMM-P joint-development project." Dkt. 187-3 at 24; *see also* Dkt. 203-1 at 1-9.  Samsung did not, as Netlist wrongly urges, contend that **all** JDLA provisions (e.g., § 8.2) are so limited.  **Samsung has never argued that its license is limited to the JDP or to JDP products.**  Netlist's allegation of inconsistency is inaccurate.  Indeed, the D. Del. court was "unpersuaded that Samsung advanced an inconsistent position before the Ninth Circuit[.]" Dkt. 259-1.

The Ninth Circuit transcript (Dkt. 273-2) supports Samsung's position that the $8 million payment was a **license payment**                                         , which is reflected in the JDLA, Dkt. 337-3 at 2.  The transcript's description of that payment "for the joint

---

[1] As to Netlist's Counter-Statement of Material Fact, Samsung does not dispute the literal text of quoted documents, but disputes any implication that they support Netlist's arguments.

1

development project," Dkt. 273-2 at 8:16-24—i.e., the intended use of the money—is consistent with JDLA's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 337-3 at 2.

Samsung has never been inconsistent regarding the JDLA's Fourth Recital, either. Netlist concedes Samsung told the Ninth Circuit how the consideration Netlist received for its broad license included both promised JDP collaboration and $8 million. Dkt. 451 at 7; *see also* Dkt. 337 at 10 n.5. In arguing that "consideration was not . . . at issue in the Ninth Circuit" (Dkt. 451 at 8), Netlist ignores that the Ninth Circuit was evaluating the scope of the supply clause, which **Netlist** asserted was part of consideration. Ex. 33 at 44-45 (identifying "primary consideration"). Samsung's trial and appellate arguments that it paid a hefty sum and promised JDP collaboration (including a narrow supply duty), while receiving, *inter alia*, a license to Netlist's patents, are the same arguments presented here.

Finally, contrary to Netlist's assertion, Dkt. 451 at 8, the Ninth Circuit did not rest its decision on any contention that the JDLA's license has a narrow license scope. The Ninth Circuit's opinion was properly based on the language of the supply clause § 6.2, and how it compared to the rest of the contract. *CTA9 Order*, 2023 WL 6820683, at *2 (rejecting Netlist's interpretation of supply clause as "a significant outlier in the overall agreement"). This decision is entirely consistent with Samsung's presentation there (and here). As such, there was no inconsistency, and no estoppel.

### III. Netlist May Not Relitigate *EDTX1*'s Determination That the JDLA's License Grant Is Not Restricted to the JDP

As the Motion explains (and Netlist ignores), in *EDTX1* Samsung moved for a determination that the JDLA license was not limited to the JDP. SSMF, ¶¶ 15-18; Dkt. 337 at 8; *EDTX1*, Dkt. 196 at 13. This Court **granted that motion**, reserving only whether any accused products were "Foundry Products." *EDTX1*, Dkt. 432 at 2. It later entered JMOL that they were not. Ex. 35 at 1266:17-25. Netlist's theory that *EDTX1* merely resolved the date of termination is wrong.

The Court in *EDTX1* did not characterize license scope as a fact question. *Contra* Dkt. 451 at 9. Rather, it described the jury **applying** the license's scope to accused products. *EDTX1*, Dkt. 426

2

at 59. Netlist cannot avoid *EDTX1*'s determinations by inaccurately describing the proceedings.

The absence of pre-suit damages in *EDTX1* also does not affect preclusion. *Contra* Dkt. 451 at 9. Willfulness, including for the HBM products, was contested at trial and, as this Court explained, "up to the termination of the JDLA . . . , Samsung was licensed" and "during the period of the licensure, Samsung really can't infringe . . . , and if they can't infringe, they can't willfully infringe." Ex. 34 at 153:5-7, 154:25-155:3, 168:16-24. The "Foundry Products" issue was thus "fair game for willfulness" at trial, *id.* at 155:3-11, and the Court held on JMOL that the HBM products sold before the JDLA's termination date were licensed, Ex. 35 at 1266:17-25—a holding which necessarily depended on the prior holding that the license extended to non-JDP products like the HBM products.

Past holdings that "partial summary judgment orders . . . are not preclusive," Dkt. 451 at 9 (quotation omitted), are not applicable. Preclusion arises from *EDTX1*'s **final judgment**, which necessarily incorporated the determination that Samsung did not infringe during the license. *EDTX1*, Dkt. 551 (final judgment). That determination was expressly based on both the license's scope (determined by partial summary judgment) and the Court's JMOL that the accused HBM products were not Foundry Products. Because the license scope determination was necessary to that judgment, it creates issue preclusion. *Sport Supply Grp. v. Columbia Cas. Co.*, 335 F.3d 453, 458 n.4 (5th Cir. 2003).

## IV. Were the Court To Reach Them, Netlist's Interpretive Arguments Are Wrong

Netlist erroneously contends that if the JDLA § 6.2's supply clause is ambiguous (as the Ninth Circuit held), § 8.2 must also be ambiguous. Dkt. 451 at 10-11. As the Motion explains (and Netlist does not challenge), JDLA § 8.2 and its definitions contain no hint of limiting the license to JDP products. To the contrary, they expressly define and license ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ which Netlist implicitly admits are not in this case. Netlist also does not dispute that the license grant does not reference the JDLA's term for JDP products ("Developed Products"), ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Lacking support in the contract, Netlist reiterates its erroneous arguments about the Ninth Circuit argument transcript. *See* Section II, *supra*. It also directs the Court to a Korean Tax Tribunal opinion raised in *EDTX1*. That opinion involves a different dispute; Samsung was not even a party. *See* Dkt. 451-8 (identifying only Netlist as a party). It was not directed to the scope of the license, is *dicta*, and is generally unreliable. *See also S. Ionian Shipping Co. v. Hugo Neu & Sons Int'l Sales Corp.*, 545 F. Supp. 323, 325 (S.D.N.Y. 1982) (precluding reliance); *EDTX1*, Dkts. 237 at 16-17, 328 at 2-3.

New York precludes resort to extrinsic authority except for ambiguity, which Netlist has not shown. *67 Wall St. Co. v. Franklin Nat'l Bank*, 333 N.E.2d 184, 186-87 (N.Y. 1975). Regardless, the extrinsic record supports Samsung. As the Motion explains, Netlist told the ITC that Samsung was licensed for LDRIMMs and RDIMMs—without mentioning NVDIMM-P—under Netlist's patents. SSMF, ¶ 9. Netlist's contention that only "certain types" of those products were licensed, Dkt. 451 at 14, is conclusory and unsupported. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SSMF, ¶¶ 1-3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SSMF, ¶ 3.

None of Netlist's citations indicates otherwise. Statements of purpose that the license would "facilitate" the JDP work, or would be "in connection to" that work include no language of limitation—certainly none sufficient to overwhelm the unambiguous language of § 8.2 and the other extrinsic evidence. Dkt. 451 at 13. Mr. Ho-Jung Kim's testimony regarding the license grant ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Dkt. 451-5 at 22. Finally, the JDLA's integration clause does not support Netlist. Even if § 8.2 were ambiguous (it is not), the negotiation evidence would be relevant to interpreting its language. Samsung does not urge "different or additional" contract terms from such evidence. *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 725 F. Supp. 712, 728 (S.D.N.Y. 1989).

4

Dated: February 7, 2024

Respectfully submitted,

By: /s/ *Lauren A. Degnan*

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone: (415) 591-7091<br>Facsimile: (415) 955-6571 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile: (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile: (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 7, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

                         /s/ Lauren A. Degnan

6