# Exhibit 33

Appeal Nos. 22-55209, 22-55247

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

------

NETLIST INC.,
*Plaintiff/Appellee/Cross-Appellant,*

*v.*

SAMSUNG ELECTRONICS CO., LTD.,
*Defendant/Appellant/Cross-Appellee.*

------

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
THE HONORABLE MARK C. SCARSI, JUDGE
CASE NO. 8:20-CV-00993-MCS-ADS

------

## NETLIST INC.'S COMBINED APPELLEE'S ANSWERING BRIEF
## AND CROSS-APPELLANT'S OPENING BRIEF

------

COMPLEX APPELLATE LITIGATION GROUP LLP
REX S. HEINKE
811 WILSHIRE BLVD 17TH FLOOR
LOS ANGELES, CA 90017
TELEPHONE: (213) 878-0404

JOHANNA SCHIAVONI
501 WEST BROADWAY, SUITE 800
SAN DIEGO, CA 92101
TELEPHONE: (619) 642-2929

*Attorneys for Plaintiff/Appellee/Cross-Appellant Netlist Inc.*

SAM-NET-293_00024262

# APPELLEE'S ANSWERING BRIEF

## INTRODUCTION AND SUMMARY OF ARGUMENT

This case is a contract dispute "between two sophisticated business entities." 1-ER-29. Appellant and Cross-Appellee Samsung Electronics Co., Ltd., is a large, multinational corporation based in South Korea. 7-ER-1518. It also is one the world's largest manufacturers of random access memory ("RAM"), which is a critical component in virtually all computers.

In 2015, Samsung signed a Joint Development and License Agreement ("JDLA") with Appellee and Cross-Appellant Netlist, Inc., a business based in Irvine, California, that builds computer components using RAM. 4-ER-709. The JDLA required Samsung to supply Netlist with two kinds of RAM: flash memory (called NAND) and dynamic RAM (called DRAM). 4-ER-714–15, §6.2. Samsung contracted to do so "on Netlist's request" and at a "competitive price." *Id*.

It undisputed that beginning in 2017, Samsung failed to sell Netlist the RAM it requested. The district court properly found Samsung liable for breach of its unambiguous obligation in §6.2 of the JDLA to "supply NAND and DRAM products to Netlist on Netlist's request at a competitive price." 4-ER-714–15, §6.2; 1-ER-35–36, 1-ER-41.

1

SAM-NET-293_00024275

3-ER-409, ¶14. Rather than a monetary payment for its valuable patent license, Netlist insisted on a highly coveted mandatory supply obligation. 3-SER-579–80, ¶¶4-5 (Samsung's commitment to supply NAND and DRAM "was of crucial value to Netlist" because it would "reduce business risk stemming from the possibility that [intermittent] shortages would disrupt the flow of products to [Netlist's] customers" and "elevated Netlist into an elite group of industry players and provided assurances to Netlist's customers that if they engaged Netlist, they would have good access to supply.").

After Samsung ceased filling Netlist's orders, Netlist made repeated, strenuous requests for Samsung to reinstate its supply because it was "critical" for Netlist. 3-ER-461–63, 3-ER-465, ¶¶89, 92, 98. Samsung knew this harm was occurring and was devastating to Netlist. 3-SER-582–83, ¶¶10-11; 3-ER-453–54, 3-ER-467 ¶¶81-82, 102. At the same time Netlist was pleading for more NAND and DRAM products, Samsung employees discussed how it was harming Netlist. 3-ER-454, ¶82. Samsung was placing Netlist in precisely the "ad hoc" supply position Netlist had sought to avoid by entering into the JDLA. 3-SER-581, ¶8. The only reason Netlist was willing to license its patents to

44

SAM-NET-293_00024318

Samsung for tens of millions of dollars less than its initial ask and without receiving any royalties was "[b]ecause securing direct supply of NAND and DRAM was so critical to Netlist." 3-SER-580, ¶5; *see* 3-SER-579–80, ¶4. The undisputed factual record confirms that Samsung's deliberate breach of its supply obligation was material. 1-ER-45 ("Samsung does not seriously contest materiality.").

Where a party fails to deliver on the "primary consideration" promised to its counterparty, as Samsung did, it "is routinely held to constitute a material breach, justifying contract termination." *Awards.com LLC v. Kinko's*, 834 N.Y.S.2d 147, 155 (App. Div. 2007) (reversing trial court order and ordering judgment for plaintiff after valid contract termination in light of material breach); *Canon Solutions Am., Inc. v. Lucky Games, Inc.*, No, 15 Civ. 6606 (KMW), 2017 WL 1653563, at *4 (S.D.N.Y. May 1, 2017) (granting partial summary judgment where failure to pay monthly service fees was a material breach of contract); *Alberts*, 945 N.Y.S.2d at 555 (where defendant's employment agreement contemplated he would be available as a full-time employee, his acceptance of another job out of town "defeat[ed] the parties' objectives in

45

SAM-NET-293_00024319

making the contract" and the breaches were therefore "material as a matter of law").

Here, Samsung materially breached the JDLA through its "fail[ure] to perform a substantial part of the contract or one or more of its essential terms or conditions." *Viacom Outdoor, Inc. v. Wixon Jewelers, Inc.*, 906 N.Y.S.2d 776 (Table), at *2-3 (2009) (granting summary judgment where there were no triable issues "with respect to the repeated mechanical failures of the tri-vision billboard" the plaintiff was to provide, and because the plaintiff provided the defendant with "something substantially less or different from that for which [they] bargained," the breaches were material), *aff'd*, 919 N.Y.S.2d 151 (App. Div. 2011); *see also 10-12 W. 107th St. HDFC v. Vilma*, 976 N.Y.S.2d 830, 833 (Civ. Ct. 2013) ("repeated breaches . . . constitute a breach of a material term"). Because Samsung raised no triable issues of fact with respect to its conduct, the district court was correct in concluding that the materiality of the breach was appropriate for determination as a matter of law on summary judgment. 1-ER-45; *e.g.*, *Viacom*, 906 N.Y.S.2d at *2.

Samsung newly invokes a multi-factor materiality test from the Restatement of Contracts. AOB 47-49 (citing *Bear, Stearns*, 361 F. Supp.

46

Respectfully Submitted,

Date:  August 4, 2022

By: s/ *Rex S. Heinke*
      Rex S. Heinke
      Johanna Schiavoni
Complex Appellate Litigation Group LLP

*Attorneys for Plaintiff, Appellee and Cross-Appellant Netlist Inc.*

SAM-NET-293_00024361