# Exhibit 34

Case 2:21-cv-00463-JRG Document 426 Filed 04/03/23 Page 1 of 261 PageID #: 59261
Case 2:22-cv-00293-JRG Document 458-10 Filed 04/05/24 Page 2 of 10 PageID #: 52883

1

```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF TEXAS
                       MARSHALL DIVISION

NETLIST, INC.,                    (  CAUSE NO. 2:21-CV-463-JRG
                                  )
         Plaintiff,               (
                                  )
vs.                               (
                                  )
SAMSUNG ELECTRONICS CO., LTD.,    (
et al.,                           )  MARSHALL, TEXAS
                                  (  MARCH 28, 2023
         Defendants.              )  9:00 A.M.
_____


                           VOLUME 1

_____

                       PRETRIAL CONFERENCE

            BEFORE THE HONORABLE RODNEY GILSTRAP
             UNITED STATES CHIEF DISTRICT JUDGE

_____
```

SHAWN McROBERTS, RMR, CRR
100 E. HOUSTON STREET
MARSHALL, TEXAS 75670
(903) 923-8546
shawn_mcroberts@txed.uscourts.gov

Shawn M. McRoberts, RMR, CRR
Federal Official Court Reporter

```
 1                    A P P E A R A N C E S

 2     FOR THE PLAINTIFF:    IRELL & MANELLA, LLP -
                             LOS ANGELES
 3                           1800 AVENUE OF THE STARS
                             SUITE 900
 4                           LOS ANGELES, CA 90067-4276
                             (310) 203-7096
 5                           BY:  MR. JASON SHEASBY
                                  MS. YANAN ZHAO
 6
                             McKOOL SMITH, P.C. - MARSHALL
 7                           104 E. HOUSTON ST., SUITE 300
                             MARSHALL, TEXAS  75670
 8                           (903) 923-9000
                             BY: MR. SAMUEL BAXTER
 9                                MS. JENNIFER TRUELOVE

10     FOR THE DEFENDANTS:   FISH & RICHARDSON PC -
                             WASHINGTON DC
11                           1000 MAINE AVE., SW
                             SUITE 1000
12                           WASHINGTON, DC 20024
                             (202) 783-5070
13                           BY:  MR. RUFFIN CORDELL
                                  MS. LAUREN DEGNAN
14                                MR. BRIAN LIVEDALEN
                                  MR. MATTHEW MOSTELLER
15                                MR. MICHAEL McKEON

16                           FISH & RICHARDSON, PC -
                             SAN DIEGO
17                           12860 EL CAMINO REAL
                             SUITE 400
18                           SAN DIEGO, CA 92130
                             (858) 678-5070
19                           BY:  DR. FRANCIS ALBERT

20                           FISH & RICHARDSON, PC -
                             DALLAS
21                           1717 MAIN STREET, SUITE 5000
                             DALLAS, TEXAS  75201
22                           (214) 747-5070
                             BY:  MR. MATTHEW COLVIN
23                                MR. THOMAS REGER

24

25
```

```
 1                              FISH & RICHARDSON, PC -
                                NEW YORK
 2                              7 TIMES SQUARE, 20TH FLOOR
                                NEW YORK, NEW YORK  10036
 3                              (404) 724-2764
                                BY:  MS. KATHERINE REARDON
 4
                                GILLAM & SMITH, LLP
 5                              303 SOUTH WASHINGTON AVENUE
                                MARSHALL, TEXAS  75670
 6                              (903) 934-8450
                                BY:  MS. MELISSA SMITH
 7
                                GILLAM & SMITH, LLP
 8                              102 N. COLLEGE, SUITE 800
                                TYLER, TEXAS  75702
 9                              (903) 934-8450
                                 BY:  MR. TRAVIS UNDERWOOD
10                                    MR. TOM GORHAM

11       OFFICIAL REPORTER:     SHAWN M. McROBERTS, RMR, CRR
                                100 E. HOUSTON STREET
12                              MARSHALL, TEXAS  75670
                                (903) 923-8546
13

14

15

16

17

18

19

20

21

22

23

24

25
```

| | |
|---|---|
| 1 | THE COURT: Be seated, please. |
| 2 | This is the time set for pretrial matters before the |
| 3 | Court in the case of Netlist, Inc., versus Samsung Electronics |
| 4 | Company, Ltd., et al. This is Civil Case No. 2:21-CV-463. |
| 5 | The Court will ask for announcements at this time. What |
| 6 | says the Plaintiff? |
| 7 | MS. TRUELOVE: Good morning, Your Honor. Jennifer |
| 8 | Truelove here for Plaintiff. With me today at counsel table, |
| 9 | we have Mr. Jason Sheasby, Ms. Yanan Zhao, and Mr. Michael |
| 10 | Rosen. |
| 11 | We are ready to proceed. |
| 12 | THE COURT: Thank you. |
| 13 | What's the announcement for the Samsung Defendants? |
| 14 | MS. SMITH: Good morning, Your Honor. Melissa Smith |
| 15 | on behalf of Samsung. |
| 16 | I have many people in the courtroom that have joined me |
| 17 | today, but what I'd like to do is introduce Your Honor to |
| 18 | those that will be arguing today on behalf of Samsung in the |
| 19 | order of argument: Mr. Ruffin Cordell, Mr. Mike McKeon, Ms. |
| 20 | Lauren Degnan, Dr. Frank Albert, Mr. Brian Livedalen, Mr. Matt |
| 21 | Colvin, Mr. Matthew Mosteller, Mr. Tom Reger, and in the back |
| 22 | Ms. Katherine Reardon. |
| 23 | Your Honor, we also have a client representative in the |
| 24 | courtroom today, Mr. Michael Nguyen, and we're ready to |
| 25 | proceed, Your Honor. |

Case 2:21-cv-00463-JRG Document 426 Filed 04/03/23 Page 6 of 10 PageID #: 34035
Case 2:21-cv-00463-JRG Document 415 Filed 03/02/23 Page 61 of 109 PageID #: 59265
153

1 you know, as we're working together, it's just sort of a
2 sharing of information. It was not obviously accusing anyone
3 of infringement because we were licensed.
4      THE COURT: All right. Now, if you consider the
5 Court's prior ruling that up to the termination of the JDLA on
6 July the 15th, 2020, Samsung was licensed pursuant to the
7 terms of the JDLA, then we're not talking about willful
8 infringement prior to July 15th, 2020, under any scenario.
9 Is that your understanding?
10      MS. DEGNAN: You are absolutely right, Your Honor.
11 Could we have slide 27? There's a timeline I think --
12      THE COURT: So really we're talking about 2020 until
13 suit's filed.
14      MS. DEGNAN: We are. And so let's just jump into
15 this, what is the good faith defense, because that is, of
16 course, a reason that would prevent a willful finding here.
17 And we think no reasonable juror could find we're willful
18 infringers given -- given this license. So, yes, certainly
19 through the termination on July 15th, 2020.
20 But I think it's important to recognize is that between
21 July 15th, 2020, and the final judgment in the California
22 case, this was a hotly-disputed issue. They were claiming
23 termination, we were saying it was unlawful, we thought the
24 termination even if there was a breach, it was not material
25 justifying termination.

1          So during this period of time, subjective intent was of
2   -- of Samsung was that we are being wrongfully denied our
3   license and we're fighting to keep it.
4          And during this period, we should point out that there
5   was a jury trial, and the jury awarded on December 3rd, 2021,
6   no damages for this breach that Netlist said happened.  That,
7   again, looks like it's not material.  If there's no damages,
8   then there shouldn't have been a termination.
9          And so we would say that this entire period through at
10  least the end of the action in California, no reasonable juror
11  could find that we were -- had the subjective intent to
12  deliberately infringe because we had a license, we were
13  fighting to prevent Netlist from taking it away during that
14  entire period.
15         And I would submit even after, while we appealed what we
16  would consider a miscarriage of justice, to the Ninth Circuit
17  we still had a good faith belief that, you know, we have been
18  denied a license that we bought and paid for, it was a
19  perpetual license, and that that prevents any sort of
20  reasonable jury from finding infringement both pre- and
21  post-suit.
22              THE COURT:  Let me go back a minute since you've got
23  this timeline on the screen.
24         Now, I don't want to limit or backtrack on my prior
25  statement that, during the period of licensure, Samsung really

1 can't infringe if they're licensed, and if they can't
2 infringe, they can't willfully infringe.
3 But I have left open the issue for the jury to decide
4 whether these HBM products are foundry products which would
5 not be covered by the license and, therefore, could be subject
6 to infringement. And if those can be subject to infringement
7 under that construction or scenario, then there's potentially
8 willful infringement.
9 So as to what's covered by the license prior to 2020, I'm
10 satisfied that willfulness is out. What's not covered by the
11 license prior to 2020 is fair game for willfulness. And then
12 we had the issue of post-July 15, 2020, up until the time
13 suit's filed.
14 And I understand your arguments about your sense of
15 justice in the Central District of California and the Ninth
16 Circuit. You are entitled to your opinions. I'm not sure
17 that's dispositive on the issue of willfulness or not.
18 MS. DEGNAN: So let me just respond to this issue of
19 products that were foundry products. And so I think what -- I
20 think what we're going to see --
21 THE COURT: I can see that fight coming.
22 MS. DEGNAN: I can see --
23 THE COURT: I think everybody in the room can see
24 that fight coming.
25 MS. DEGNAN: But to clarify, it's not really the

```
1    rea subjective intent to infringe patents that hadn't even
2    issued during the negotiations and the license for the JDLA.
3         So you can't tie this activity that they spent many
4    minutes showing you in the slides to the mens rea requirement
5    post-termination of the license.  So there's nothing that
6    springs back into effect at that time.
7         And so it's my way of explaining why all the slides you
8    just looked at, all those evidence, is actually not relevant
9    to the issue of willfulness because those patents had not
10   issued.  And by the time they had issued, even if there was
11   some desire to license a patent that was in existence in 2015,
12   that does not mean we had the subjective intent to infringe
13   completely different patents in 2020.
14        So I guess I'll leave it with that.  That's sort of high
15   level response to counsel's remarks.
16             THE COURT:  All right.  Thank you, Counsel.
17        All right.  With regard to Document 200 and Samsung's
18   motion for summary judgment of no willfulness, as to the
19   period prior to July 15th, 2020, and as to what was covered by
20   the license granted through the JDLA, the Court grants summary
21   judgment that there was no willful infringement during the
22   period that whatever was licensed by the JDLA remained
23   licensed by the JDLA up until and through or as of July 15th,
24   2020.
25             Post-July 15th, 2020, the Court finds that there are
```

```
 1   previously set on the 17th.  Go back 10 days and you get to
 2   the 7th.  We're now on the 14th.  Go back 10 days, and you get
 3   to the 4th.  So the first step in that process should be on
 4   the 4th and not the 7th.  The second one should follow, what
 5   is it, three days later?
 6           MR. CORDELL:  Yes, sir.
 7           THE COURT:  That would put it on the 7th.  So 4th
 8   and the 7th instead of 7th and the 10th.
 9      All right?
10           MR. CORDELL:  Thank you.
11           MR. SHEASBY:  Thank you, Your Honor.
12           THE COURT:  All right, Counsel.  We stand in recess
13   until tomorrow morning.
14           MR. SHEASBY:  Thank you, Your Honor.
15           (The proceedings were concluded at 5:15 p.m.)
```