UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY SUPPORTING ITS
MOTION TO BIFURCATE LIABILITY ISSUES FROM
LICENSE DEFENSE, DAMAGES, AND WILLFULNESS ISSUES (DKT. 383)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

TABLE OF EXHIBITS TO SAMSUNG'S MOTION ................................................................ iii

TABLE OF EXHIBITS TO SAMSUNG'S REPLY .................................................................. iii

TABLE OF ABBREVIATIONS ................................................................................................ iii

I.   Netlist's Discussion of Samsung's JDLA License Defense Is Irrelevant .................... 1

II.  The JDLA Is Non-Probative and Yet Unfairly Prejudicial to Technical Infringement ................................................................................................................. 1

     A.   Netlist Does Not Dispute That the JDLA Is Not Probative as to the Technical Infringement Issues ........................................................................ 1

     B.   Netlist Fails To Rebut the Unfair Prejudice to Samsung Should the Jury Shortcut Infringement, Validity, and Damages Issues ........................... 1

     C.   Legal Authority Supports Samsung's Request for Bifurcation ..................... 2

III. Curative Jury Instructions Are Insufficient Because the JDLA Is Irrelevant to Technical Infringement ................................................................................................ 3

IV.  The JDLA, Litigation, and IPR History Are Probative of Samsung's Intent ............. 4

V.   Bifurcation Would Be Efficient ................................................................................... 5

VI.  Bifurcation Would Not Unduly Prejudice Netlist ....................................................... 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Audio MPEG, Inc. v. Dell Inc.*,
    254 F. Supp. 3d 798 (E.D. Va. 2017) ................................................................................ 2

*Conkling v. Turner*,
    18 F.3d 1285 (5th Cir. 1994) ............................................................................................. 3

*Ecrix Corp. v. Exabyte Corp.*,
    191 F.R.D. 611 (D. Colo. 2000) ........................................................................................ 2

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
    946 F.3d 1367 (Fed. Cir. 2020) ......................................................................................... 4

*Laitram Corp. v. Hewlett-Packard Co.*,
    791 F. Supp. 113 (E.D. La. 1992) ..................................................................................... 3

*Omega Patents, LLC v. CalAmp Corp.*,
    13 F.4th 1361 (Fed. Cir. 2021) .......................................................................................... 3

*Solas OLED Ltd. v. Samsung Electronics Co.*,
    No. 2:21-CV-105-JRG-RSP (E.D. Tex.) ........................................................................... 3

*Union Carbide Corp. v. Montell N.V.*,
    28 F. Supp. 2d 833 (S.D.N.Y. 1998) ................................................................................. 2

*Unwired Planet, LLC v. Google Inc.*,
    No. 3:12-cv-504-MMD-VPC, 2014 WL 7012499 (D. Nev. Dec. 12, 2014) ..................... 2

**Other Authorities**

Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2388 & n.9 (3d ed. 2023) .............................. 3

## TABLE OF EXHIBITS TO SAMSUNG'S MOTION

| # | Description |
|---|---|
| 1 | JDLA (NETLIST_SAMSUNG_EDTX00034064) |
| 2 | '912 Patent Reexamination Certificate (CC-00032048) |
| 3 | Trial Tr. (April 14-21, 2023) from *EDTX1* (excerpts) |
| 4 | Netlist's Revised Fourth Amended and Supp. Resps. to Samsung's Second Set of Interrogs. Nos. 3-22 (served Nov. 19, 2023) (excerpts) |
| 5 | Rebuttal Report of Lauren R. Kindler (served Dec. 21, 2023) (excerpts) |
| 6 | Opening Report of David Kennedy (served Nov. 20, 2023) (excerpts) |
| 7 | *Ericsson Inc. v. D-Link Corp.*, No. 6:10-CV-473 (E.D. Tex. May 24, 2013), Dkt. 454 |
| 8 | *SimpleAir, Inc. v. Google, Inc.*, No. 2:14-CV-11-JRG (E.D. Tex. Sept. 25, 2015), Dkt. 297 |
| 9 | *Smartflash LLC v. Apple Inc.*, No. 6:13-CV-447-JRG (E.D. Tex. Sept. 2, 2015), Dkt. 608 |

## TABLE OF EXHIBITS TO SAMSUNG'S REPLY

| # | Description |
|---|---|
| 10 | *Netlist Inc. v. Samsung Elecs. Co.*, Dkt. 390 (C.D. Cal. Feb. 6, 2024) (Order Re: Pending Motions) |
| 11 | *Solas OLED Ltd. v. Samsung Elecs. Co.*, No. 2:21-CV-105-JRG-RSP, Dkt. 188 (E.D. Tex. Mar. 16, 2022) (Answer) |
| 12 | *Solas OLED Ltd. v. Samsung Elecs. Co.*, No. 2:21-CV-105-JRG-RSP, Dkt. 317 (E.D. Tex. May 31, 2022) (Supp. Bifurc. Order) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '912 patent | Asserted U.S. Patent No. 7,619,912 (*see* Dkt. 100) |
| C.D. Cal. | U.S. District Court for the Central District of California |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) |
| Court MIL | One of the Court's Standard *Limine* Orders, from its Standing Order on Motions *In Limine* In Cases Involving Allegations of Patent Infringement (E.D. Tex. Aug. 11, 2023), https://www.txed.uscourts.gov/sites/default/files/judgeFiles/8.11.23%20Patent%20Standing%20Limine%20Order.pdf |
| *CTA9 Order* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209, 2023 WL 6820683 (9th Cir. Oct. 17, 2023) |
| D. Del. | U.S. District Court for the District of Delaware |
| D. Del. Case | *Samsung Elecs. Co. v. Netlist, Inc.*, No. 1:21-CV-1453 (D. Del.) |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| IPR | *Inter Partes* Review |
| JDLA | Joint Development and License Agreement (*see* Ex. 1) |
| JDP | Joint Development Project (*see* JDLA § 1) |
| PTAB | Patent Trial & Appeal Board |
| PTO | U.S. Patent & Trademark Office |

The jury in this case faces the herculean task of deciding difficult infringement and validity issues involving advanced technology and conflicting expert evidence, while being asked to ignore that the parties once entered into a license under these same patents and now dispute that license. Presenting these issues together will promote jury confusion and unfairly prejudice Samsung by inviting the jury to disregard Samsung's infringement and invalidity defenses because the jury will improperly assume that the entire case rises or falls with the JDLA issues. Netlist's suggestion to rely solely on jury instructions for these concerns is unrealistic given the complexity confronting a jury in a single-phase trial. The phased trial Samsung proposes is by far the fairest, more efficient,[1] and most straightforward path to protecting the jury, the parties, and the Court from those risks.

## I. Netlist's Discussion of Samsung's JDLA License Defense Is Irrelevant

Netlist begins with a lengthy merits discussion of Samsung's JDLA license, regurgitated from other briefs. Dkt. 457 at 1-3. Netlist is wrong for the reasons set forth in Samsung's extensive briefing. *See, e.g.*, Dkts. 203 at 2-4, 283 at 8-12, 378 at 1-2. In addition, the C.D. Cal. court has now set its jury trial for March 26, 2024, ensuring a verdict on the alleged JDLA termination before trial here. Ex. 10.

## II. The JDLA Is Non-Probative and Yet Unfairly Prejudicial to Technical Infringement

### A. Netlist Does Not Dispute That the JDLA Is Not Probative as to the Technical Infringement Issues

Samsung explained how the JDLA is not probative as to whether accused products infringe. *E.g.*, Dkt. 383 at 6. Netlist's brief does not address that contention and thus concedes the point. The Court should view Netlist's opposition for what it is: a plea for permission to present non-probative innuendo to the jury to unfairly prejudice Samsung. The balance Rule 403 contemplates is completely lopsided, with only the prejudice of the JDLA discussion impacting the infringement question.

### B. Netlist Fails To Rebut the Unfair Prejudice to Samsung Should the Jury

---

[1] Samsung submits that staying the case would be most efficient, given the IPRs for all asserted claims. *See* Dkt. 285. The final written decision for '912 patent ( ▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ is due by April 19, 2024, during the scheduled trial here (April 15-19th).

**Shortcut Infringement, Validity, and Damages Issues**

This case involves complex technology embedded within unfamiliar legal concepts of infringement and invalidity. The difficulty of these issues invites the search for shortcuts, where broad platitudes and ultimate conclusions may be substituted for the challenging element-by-element infringement and invalidity analyses required under the law. In the *EDTX1* trial, the jury was told that these **same** parties had entered into a license agreement for the **same** asserted patents for the **same** products. The natural and inevitable shortcut thus becomes, "if the license was needed before, it is needed now." Presenting issues surrounding the JDLA, and indeed its very existence, to a jury also charged with infringement and validity questions invites that jury to assume—wrongly—that the JDLA's existence indicates that Samsung must need Netlist's technology if it took a license in the past. *See also* Dkt. 383 at 4-7 (describing this improper assumption). Netlist cites no authority that the issues here are within a jury's capacity to address without falling into such prejudicial shortcuts.

Bifurcation is indisputably useful to assist juries and avoid exactly the problems faced here. As one court wrote, "Confronting one complex set of issues at a time is likely to reduce the possibility of jury frustration and confusion." *Union Carbide Corp. v. Montell N.V.*, 28 F. Supp. 2d 833, 837 (S.D.N.Y. 1998). Another noted the complex arrangement of a patent case—and this one is particularly complex—can "involve matters of fact and issues of law that are not as intuitive to the average reasonable juror as more common actions, such as actions for personal injury or breach of contract." *Audio MPEG, Inc. v. Dell Inc.*, 254 F. Supp. 3d 798, 806 (E.D. Va. 2017) (quotation omitted); *Unwired Planet, LLC v. Google Inc.*, No. 3:12-cv-504-MMD-VPC, 2014 WL 7012499, at *3 (D. Nev. Dec. 12, 2014); *Ecrix Corp. v. Exabyte Corp.*, 191 F.R.D. 611, 614 (D. Colo. 2000).

Netlist has little to say in response to the likely unfair prejudice to Samsung absent bifurcation and signals its desire to use the JDLA issues to improperly invite the jury to ignore liability issues.

**C.    Legal Authority Supports Samsung's Request for Bifurcation**

Netlist focuses much of its opposition on the *Solas* case, which it misreads. Dkt. 457 at 4-5 (discussing *Solas OLED Ltd. v. Samsung Electronics Co.*, No. 2:21-CV-105-JRG-RSP (E.D. Tex.)). There, Samsung had a license from the plaintiff's close affiliate and pleaded a license defense. *See* Ex. 11. The plaintiff moved to bifurcate that defense from nearly all other issues, including damages. Samsung opposed, noting Solas's strategic delay and failure to show unfair prejudice. Dkt. 457-4 at 4-8. Critically, Samsung was **unsuccessful in resisting bifurcation.** Ex. 12. Magistrate Judge Payne found the license issue "inherently prejudicial and confusing to the jury." *Id.* at 1. He also noted that "after [Solas] dropped [its] claims for willful infringement the license defense . . . **had no relevance** to the factual determinations the jury would be called on to make regarding [infringement]." *Id.* (emphasis added). That reasoning resonates here. Although Samsung seeks narrower relief (bifurcating the JDLA from technical infringement), the concerns Judge Payne expressed regarding lack of relevance, prejudice, and confusion apply just as strongly here as in *Solas*.

Netlist does not distinguish *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113 (E.D. La. 1992). The Fifth Circuit recognized *Laitram* as dividing a "complex patent trial into phases to diminish potential of jury confusion." *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994). Netlist identifies no case undermining *Laitram*'s reasoning, which tracks Rule 42(b)'s recognition that separate trials may "avoid prejudice" while "expedit[ing] and economiz[ing]." Bifurcation is useful where "a single issue could be dispositive of the case . . . , and resolution of it might make it unnecessary to try the other issues in the litigation[.]" Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2388 & n.9 (3d ed. 2023). That no jury was "empaneled" (due to settlement) does not diminish *Laitram*'s reasoning.

### III. Curative Jury Instructions Are Insufficient Because the JDLA Is Irrelevant to Technical Infringement

Contrary to Netlist's argument, jury instructions would not solve these problems. Dkt. 457 at 4. *Omega Patents, LLC v. CalAmp Corp.*, 13 F.4th 1361 (Fed. Cir. 2021), applies Eleventh Circuit law and does not address bifurcation. Netlist has conceded the irrelevance of the JDLA to technical issues.

3

Asking the jury to ignore arguments that Netlist **should not present in the first place** presents a needless challenge to lay jurors. Bifurcation, not instruction, is the correct path.

### IV. The JDLA, Litigation, and IPR History Are Probative of Samsung's Intent

Samsung's request to present the JDLA issues, litigation history, and IPR history in the second trial phase (e.g., willfulness, damages, and license issues not before the C.D. Cal. court) to demonstrate its lack of intent to infringe is straightforward and reasonable; Netlist's argument that Samsung proposes to "re-litigate" other cases is wrong. Dkt. 457 at 5. Even if: (1) the C.D. Cal. jury were to find the license was terminated; (2) the PTAB or the Federal Circuit were to confirm validity; and (3) the jury here were to find Samsung practiced a valid claim—all unlikely—the **mere fact** of Samsung's long, determined defense is proof it lacks the bad intent necessary for willfulness. *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020). Netlist asserts these facts are irrelevant because its willfulness attack "does not rely on the C.D. Cal. decision or the IPR proceedings." Dkt. 457 at 6. Netlist misses the point. These issues are critically relevant to Samsung's **defense**. Netlist's contention that Samsung might defend itself "without referring" to such proceedings is a naked effort to gain an advantage by muzzling Samsung's presentation of its defense. In fairness, Samsung should be permitted to make such references and bifurcation allows that. Even if some aspects of those proceedings might be irrelevant here, maintaining the blanket prohibition on references to related proceedings is not the correct way to address that issue—specific objections are.

Finally, Netlist's suggestion that "this Court (and the Texas jury) is the only forum that can decide the scope of the license grant under the JDLA," Dkt. 457 at 8, is inaccurate. As Samsung's motion for partial summary judgment regarding the JDLA explains, this Court in *EDTX1* **already** rejected Netlist's theory of JDLA license scope, and Netlist is precluded from revisiting it. *See* Dkt. 337; Dkt. 516. Further, Netlist has not disputed that no accused products are exposed under the sole fact issue surrounding the JDLA license grant (i.e., the "Foundry Products" issue). Dkt. 516.

## V. Bifurcation Would Be Efficient

Netlist's allegation of overlap between objective indicia of nonobviousness and willfulness—a predicate to its inefficiency claim, Dkt. 457 at 10—is misdirected. The former doctrine is expressly objective; the latter expressly subjective, with virtually no overlap. Even Netlist's own examples—its alleged disclosure of the asserted patents at JEDEC, and its presentations to Samsung—say nothing about obviousness. Similarly, Samsung's acknowledgement that Netlist ▮▮▮▮▮ ▮▮▮▮▮ is not "industry-wide praise and recognition" for the asserted patents, especially where Netlist has not shown that the asserted claims read on any LRDIMM-implementation Netlist developed, and the majority of the accused products are not LRDIMM products. *Id.* at 11.

There is also no inefficiency in presenting proofs of invalidity and non-willfulness in separate phases. The jury could rely on Samsung's prior invalidity presentation to determine Samsung's good faith and reasonableness in relying on it. Netlist's allegation of overlap between damages and liability confuses the substance of the issues with Netlist's preference to discuss alleged "benefits" of the patents during the technical liability phase despite the irrelevance of such benefits.

## VI. Bifurcation Would Not Unduly Prejudice Netlist

Netlist presents a vague allegation that "Netlist's witnesses" would need to testify multiple times. Dkt. 457 at 12. It does not identify **which** witnesses. Certainly, witnesses would be **saved** the burden of additional testimony if the jury rejects Netlist's claim in the first phase. Even if certain witnesses had to testify in both phases, Netlist does not show that such extra burden would be unduly prejudicial, as they would not have to present the same testimony in the second trial involving different issues. Finally, Netlist's contention of undue prejudice associated with evidence of litigation and IPR histories is premised, inaccurately, on an allegation that Samsung will "rehash" other litigation, *see* Dkt. 457 at 12. The mere fact of these proceedings is relevant to Samsung's willfulness defense; the underlying claims and defenses will remain off limits, per the Court's typical practice.

Dated: February 8, 2024

Respectfully submitted,

By: /s/ *Lauren A. Degnan*

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone: (415) 591-7091<br>Facsimile: (415) 955-6571 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile: (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile: (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 8, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

/s/ Lauren A. Degnan

7