# Exhibit 11



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., | |
| *Plaintiff*, | Case No. 2:21-cv-00105-JRG |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| *Defendants*. | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| *Counterclaimants*, | |
| v. | |
| SOLAS OLED LTD., | |
| *Counterclaim-Defendant*. | |

## SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO <u>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung"), by and through the undersigned attorneys, for their Answer and Affirmative Defenses to the First Amended Complaint for Patent Infringement filed April 16, 2021 ("FAC") by Plaintiff Solas OLED Ltd. ("Plaintiff" or "Solas"), admit and deny as follows. Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Samsung denies each and every allegation, matter, or thing contained in the FAC and states in response to each of the numbered paragraphs of said FAC as follows:

## PLAINTIFF SOLAS OLED AND THE PATENT-IN-SUIT

1.      Samsung is without information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and on that basis Samsung denies them.

2.      Samsung admits U.S. Patent No. 8,526,767 (the "'767 patent") bears the title of "Gesture Recognition," and states that it issued September 3, 2013.  Samsung admits that a copy of the '767 patent was attached to the FAC as Exhibit 1.  Except as expressly admitted, Samsung is without information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and on that basis Samsung denies them.

## DEFENDANTS AND THE ACCUSED PRODUCTS

3.      Samsung admits that SEC is a corporation organized under the laws of the Republic of Korea with its principal place of business at 129, Samsung-Ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 3.

4.      Samsung admits that SEA is a wholly-owned subsidiary of SEC and is incorporated under the laws of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung admits that SEA distributes certain Samsung consumer electronics products, including at least some of the Accused Products, in the United States.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 4.

5.      Samsung admits that Plaintiff purports to identify accused products in Paragraph 5. Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 5, and specifically denies that it has committed or is committing any act of patent infringement.

## JURISDICTION AND VENUE

6.      Samsung admits that the FAC purports to state an action for alleged patent infringement under the laws of the United States.  Samsung admits that this Court has subject matter jurisdiction over Plaintiff's claims made pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 6, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

7.      Samsung admits, for purposes of this action only, that this Court has specific personal jurisdiction over Samsung.  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 7, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

8.      Samsung admits, for purposes of this action only, that venue in this Court is proper as to Samsung.  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 8, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

## COUNT 1 – CLAIM FOR ALLEGED INFRINGEMENT OF THE '767 PATENT

9.      Samsung admits the '767 patent bears the title of "Gesture Recognition" and states that it issued on September 3, 2013.  Samsung admits that a copy of the '767 patent was attached to the FAC as Exhibit 1.  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 9.

10.      Samsung is without information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and on that basis Samsung denies them.

11.    Paragraph 11 states legal conclusions and opinions to which no response is required.  To the extent a response is required, Samsung denies each and every allegation in Paragraph 11.

12.    Paragraph 12 states legal conclusions and opinions to which no response is required.  To the extent a response is required, Samsung denies each and every allegation in Paragraph 12, and specifically denies that it has committed or is committing any act of patent infringement.

13.    Samsung denies each and every allegation set forth in Paragraph 13, and specifically denies that it has committed or is committing any act of patent infringement.

14.    Samsung admits that Plaintiff purports to identify accused products in Paragraph 14.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 14, and specifically denies that it has committed or is committing any act of patent infringement.

15.    Samsung admits that claim 1 of the '767 patent recites: a "touch sensor device" and "a sensor having a sensitive area extending in at least one-dimension and arranged to output sense signals responsive to proximity of an object to the sensitive area."  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 15, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

16.    Samsung denies each and every allegation set forth in Paragraph 16, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

17.    Samsung denies each and every allegation set forth in Paragraph 17, and specifically denies that it has committed or is committing any act of patent infringement.

18.    Samsung denies each and every allegation set forth in Paragraph 18, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

19.     Samsung denies each and every allegation set forth in Paragraph 19, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

20.     Samsung denies each and every allegation set forth in Paragraph 20, and specifically denies that it has committed or is committing any act of patent infringement.

21.     Samsung denies each and every allegation set forth in Paragraph 21, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

22.     Samsung denies each and every allegation set forth in Paragraph 22, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

23.     Samsung denies each and every allegation set forth in Paragraph 23, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

24.     Samsung denies each and every allegation set forth in Paragraph 24, and specifically denies that it has committed or is committing any act of patent infringement.

25.     Samsung denies each and every allegation set forth in Paragraph 25, and specifically denies that it has committed or is committing any act of patent infringement.

26.     Samsung denies each and every allegation set forth in Paragraph 26, and specifically denies that it has committed or is committing any act of patent infringement.

27.     Samsung admits that Plaintiff purports to identify accused products in Paragraph 27.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 27, and specifically denies that it has committed or is committing any act of patent infringement.

28.     Samsung denies each and every allegation set forth in Paragraph 28, and specifically denies that it has committed or is committing any act of patent infringement.

29.     Samsung denies each and every allegation set forth in Paragraph 29, and specifically denies that it has committed or is committing any act of patent infringement.

## JURY DEMAND

30.     To the extent a response is required, Samsung admits that Plaintiff's Complaint contains a request for a jury trial.

## RELIEF REQUESTED

31.     To the extent a response is required, Samsung denies that Plaintiff is entitled to any of its requested relief.  Samsung specifically denies that it has infringed or is infringing the '767 patent, either directly or indirectly, literally or under the doctrine of equivalents; specifically denies that the '767 patent is valid, enforceable, and patent-eligible; specifically denies that Plaintiff is entitled to any award of damages, compensatory or otherwise; specifically denies that Plaintiff is entitled to costs, expenses, and/or pre- and post-judgment interest; specifically denies that Plaintiff is entitled to a permanent injunction; specifically denies that Plaintiff is entitled to an accounting and/or supplemental damages; specifically denies that Plaintiff is entitled to pre-judgment and/or post-judgment interest; specifically denies that Plaintiff is entitled to a finding that this case is exceptional under 35 U.S.C. § 285; specifically denies that Plaintiff is entitled to attorneys' fees and/or costs; and specifically denies that Plaintiff is entitled to any other relief in this action.

## GENERAL DENIAL

32.     To the extent that any allegations of the Complaint are not specifically admitted, Samsung hereby denies them.

## AFFIRMATIVE DEFENSES

33.     Without admitting or acknowledging that Samsung bears the burden of proof as to any of them and reserving the right to amend its answer as additional information becomes available, Samsung pleads the following defenses:

## FIRST DEFENSE

34.     Samsung has not engaged in any acts that would constitute direct or indirect infringement of any valid claim of the '767 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

## SECOND DEFENSE

35.     The claims of the '767 patent are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq*., including at least sections 101, 102, 103, 112, and 116.

## THIRD DEFENSE

36.     Plaintiff's claims of infringement are barred or limited because Samsung has been granted express license(s) that cover the '767 patent and accused products.

## FOURTH DEFENSE

37.     Samsung is indemnified from any award of damages as a result of a finding of infringement of any claim of the '767 patent.

## FIFTH DEFENSE

38.     Plaintiff is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

## SIXTH DEFENSE

39.     Plaintiff is barred or limited from recovery in whole or in part by the doctrines of estoppel, waiver, acquiescence, patent misuse, and/or unclean hands.

## SEVENTH DEFENSE

40.     Plaintiff's claims for relief are barred or limited under the doctrines of exhaustion, first sale, implied license, full compensation, or restrictions against double recovery.

**EIGHTH DEFENSE**

41.     To the extent that Plaintiff's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 et seq., including but not limited to § 271(a) and (c).

**NINTH DEFENSE**

42.     Plaintiff is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

**TENTH DEFENSE**

43.     Plaintiff's claims are barred in whole or in part from recovering damages by a failure by the owner and/or licensee of the '767 patent to mark relevant products as required by 35 U.S.C. § 287.

**ELEVENTH DEFENSE**

44.     Plaintiff's right to seek damages is limited by statute because it may not recover money damages for any alleged infringement committed more than six years before the filing of its Complaint under 35 U.S.C. § 286.

**TWELFTH DEFENSE**

45.     Plaintiff has failed to state a claim upon which relief can be granted.

**THIRTEENTH DEFENSE**

46.     Plaintiff is not entitled to an injunction with respect to the '767 patent under any theory because Plaintiff has not suffered and will not suffer irreparable harm. Plaintiff does not practice the '767 patent, Plaintiff is not without adequate remedy at law, balance of hardships favors denial of any equitable relief, and/or public policy concerns weigh against any equitable relief.

███████████████████████████████████

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

47.    Samsung reserves the right to assert additional defenses that it learns of through further discovery in this action.

██████████████████████████████

## COUNTERCLAIM

Under Rule 13 of the Federal Rules of Civil Procedure, Defendants and Counterclaimants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") by and through the undersigned attorneys, hereby allege against Plaintiff and Counterclaim-Defendant Solas OLED Ltd. ("Solas") as follows:

## NATURE OF THE ACTION

1.      Solas and its alter ego, Neodron Ltd. ("Neodron"), have filed around a dozen lawsuits against Samsung since 2019.  To end the litigations, in December 2020, SEC entered into an agreement with Neodron.

2.      SEC and Neodron entered into a broad ████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████. In exchange for paying more than ██████████ in up-front royalty payments, Samsung received a license to all ██████████████████████████████ ████████████████████████ which Samsung now understands encompasses ██████████ ██████. In the ████ Neodron represented and warranted that ████████████████████ ████████████████████.

3.      But Solas continued the campaign.  Not only did it fail to drop any of its pending lawsuits against Samsung, it added to the list.  In late December 2020, Solas filed another action in the International Trade Commission asserting three patents and in March 2021, Solas filed two more lawsuits against Samsung in the Eastern District of Texas alleging infringement of six more patents, including the instant action where Solas currently asserts U.S. Patent No. 8,526,767 ("the '767 patent" or "Patent-in-Suit") (Ex. B) against Samsung.  It now appears that Solas and Neodron

are alter egos, or at least closely related entities that work together to maximize their revenue from infringement claims.  Neodron controls at least some of Solas's patents and has the ability to license them.  In fact, Solas owns (and has asserted against Samsung) patents explicitly ███████ ████████████████.  That means the ██████████████████████████████████████ encompasses at least ██████████████████.

4.      Samsung therefore brings this counterclaim for damages from the breach of the ██████ for a declaration that the █████ is being breached by Solas continuing litigations against Samsung based on licensed patents, for a declaration that Samsung is licensed to practice patents Solas has asserted, for a declaration that Samsung does not infringe the '767 Patent, and for a declaration that the '767 patent is invalid.

## PARTIES

5.      SEC is a corporation organized under the laws of South Korea, with its principal place of business at 129, Samsung-Ro, YeongTong-Gu, Suwon-Si, Gyonggi-Do, 443-742, South Korea.

6.      SEA is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  SEA is a wholly owned subsidiary of SEC.

7.      On information and belief, Solas is a technology licensing company organized under the laws of Ireland, with its headquarters at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland.  On information and belief, Realta Investments Ireland DAC, an Irish corporation managed by Magnetar Capital LLC, owns much of Solas.  On information and belief since no later than November 2020, Solas and Neodron were and are closely related entities or alter egos.

## JURISDICTION AND VENUE

8.     This Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.

9.     This Court also has personal jurisdiction over Solas in Texas because, on information and belief, Solas has sufficient minimum contacts with Texas through, for example, its licensing and litigation activities that occur in Texas.

10.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Eastern District of Texas for this counterclaim because Solas initiated litigation in this District in connection with the underlying dispute and is subject to the Court's personal jurisdiction with respect to this action.

## BACKGROUND

**Solas and Neodron Begin Their Campaign**

11.     On or about May 2, 2019, Solas filed an action in the Eastern District of Texas asserting patent infringement against several Samsung affiliates, ultimately asserting three patents. *See* Amended Complaint, *Solas OLED Ltd. v. Samsung Display Co., Ltd., et al.*, No. 2:19-cv-00152-JRG (E.D. Tex. Aug. 23, 2019), ECF No. 15.

12.     On or about May 21, 2019, Neodron filed actions in the International Trade Commission and the Western District of Texas asserting that Samsung was infringing four patents. *See* Complaint, *Certain Touch-Controlled Mobile Devices, Computers, and Components Thereof*, No. 337-TA-1162 (U.S. Int'l Trade Comm'n); Complaint, *Neodron Ltd. v. Samsung Elec. Co., Ltd., et al.*, No. 6:19-cv-00323-ADA (W.D. Tex. May 21, 2019), ECF No. 1.  On or about June 28, 2019, Neodron filed another complaint in the Western District of Texas, ultimately asserting seven more patents.  While Neodron was actively litigating these patents against Samsung, Neodron assigned to Solas U.S. Patent No. 9,292,144 (the "'144 patent").  *See* Second Amended

███████████████████████████████████

Complaint, *Neodron Ltd. v. Samsung Elec. Co., Ltd., et al.*, No. 1:19-cv-00903-ADA (W.D. Tex. Nov. 17, 2020), ECF No. 71.

13.     On or about February 14, 2020, Neodron filed actions in the International Trade Commission and the Western District of Texas asserting four more patents against Samsung.  *See* Complaint, *Capacitive Touch-Controlled Mobile Devices, Computer, and Components Thereof*, No. 337-TA-1193 (U.S. Int'l Trade Comm'n); Complaint, *Neodron Ltd. v. Samsung Elec. Co., Ltd., et al.*, No. 6:20-cv-00121-ADA (W.D. Tex. Feb. 14, 2020), ECF No. 1.

14.     On or about September 14, 2020, Solas filed corresponding actions in the International Trade Commission and the Eastern District of Texas asserting two patents against Samsung.  *See Certain Active Matrix OLED Display Devices and Components Thereof*, No. 337-TA-1225 (U.S. Int'l Trade Comm'n); Complaint, *Solas OLED Ltd. v. Samsung Elec. Co., Ltd., et al.*, No. 2:20-cv-00307-JRG (E.D. Tex. Sept. 15, 2020), ECF No. 1.  On November 6, 2020, Solas filed an unopposed motion to terminate the International Trade Commission investigation, which was granted soon after.

**Samsung Wants Lasting Peace and Pays a Substantial Sum For It**

15.     In ████████████ Neodron and Samsung agreed to settle their disputes, with Neodron dismissing its Texas actions with prejudice and dropping the International Trade Commission investigation and Samsung dismissing its Texas counterclaims with prejudice and dropping the related *inter partes* reviews then pending before the Patent Trial and Appeals Board. In connection with the settlement, Neodron and SEC entered ████████.

16.     In the ████ Neodron provided SEC and affiliates (including SEA) a broad ████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████ On information

and belief, Neodron or its counsel prepared and provided ██████ to Samsung, and was the entity

responsible for ████████████████████████████████████████. The

██████████████████████████████████████████████████████

████████████████████████ *See id.* In other words, Samsung bargained and paid for the

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████.

    17.    The broad definition of ████████████████████████████████

████████████, makes sense in context. Samsung wanted to buy complete peace, but could not

possibly know what ██████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████ came to light last year.

    18.    In the ██████ Neodron represented that ████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████. In exchange,

SEC agreed, among other things, to pay Neodron ████████████. SEC has fully performed its

obligations ████████████████.

**Neodron and Solas Breach the ███ As Solas Continues the Campaign**

19.     Despite the settlement—and SEC's large payment—on or about March 22, 2021, Solas filed this Action in this Court against Samsung asserting two patents—the '144 patent and '767 patent.  *See* Complaint, *Solas OLED Ltd. v. Samsung Elec. Co., Ltd., et al.*, No. 2:21-cv-00105-JRG (E.D. Tex. Mar. 22, 2021), ECF No. 1.

20.     Solas's decision to commence this Action violates the ███ because the '767 patent (as well as the '144 patent) is covered by the ███ Solas's assertion of the Patent-in-Suit against Samsung therefore violates the ████████████████████, among other provisions.  Samsung has suffered, and continues to suffer, damages from being forced to defend itself in this Action.

21.     Upon learning of this Action, Samsung notified Mr. Gerald Padian, director of both Neodron and Solas, that the suit is frivolous for several reasons, including because Samsung is ███████████████████.  Despite this notice, Solas refused to dismiss the suit.  On April 16, 2021, however, Solas, under the control of Neodron's director Mr. Padian, filed an amended complaint alleging infringement of the '767 patent, but not the '144 patent.  *See* Amended Complaint, *Solas OLED Ltd. v. Samsung Elec. Co., Ltd., et al*, No. 2:21-cv-00105-JRG (E.D. Tex. Apr. 16, 2021), ECF No. 11.  This amended complaint did not bring Solas into compliance ████████████████████████████████ ████████████████████████████████ ███████████████████  And because the '767 patent is also ██████████████, Solas's continued assertion of that patent in this Action ████████████.

█████████████████████████████████

**The** ████████████ **Covers the Patent-in-Suit**

22.     For multiple reasons, ██████████████████████████████████

█████████████████████████████████████████████████████████████

asserting it.  First, it is undisputed that Neodron is ████████████ .  And Neodron and Solas

have such a unity of interest and ownership that they should be considered closely related or alter

egos, meaning Solas should also be ████████████ .  On information and belief, Solas and

Neodron have overlapping officers and directors, share offices and employees, and in general have

such a unity of interest and ownership that the separate personalities of the corporations no longer

exist.  They should not be allowed to retain their separate corporate status in order to achieve

inequitable results such as suing Samsung for patents that ████████████████ .  Solas

should also be ████████████ because Solas and Neodron are so closely related that Solas

should have foreseen that it would be ████████████ by virtue of its relationship with Neodron.

23.     As an example of Solas and Neodron's interconnectedness, ████████████████

██████████████████ be sent to Mr. Gerald "Jerry" Padian who, on information and

belief, is and has been a director of Solas for the last five years.  Mr. Padian is also a director of

Neodron.  Similarly, Ciaran O'Gara, who ████████████████████ , on information

and belief, serves as an officer for both Neodron and Solas.  Mr. O'Gara is also a director of

Neodron and Solas.  Further, on information and belief, James Prusko and Sean O'Sullivan are

also directors of both Neodron and Solas.

24.     Indeed, Mr. Padian cannot even separate the two companies in his mind.  In May

2021, Samsung emailed Mr. Padian to request that Neodron ██████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

16

█████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████ Mr. Padian responded that Neodron would not honor

its obligation to ██████████████████████, but offered, on Solas's behalf, to begin license

negotiations for the asserted patents (seeking to extract more money from Samsung for ████████

█████████████████████████████). Thus, in the exact same email, Mr. Padian spoke for

both Neodron and Solas on the PLA, its application to the '144 patent, and negotiating a license.

25.     Neodron and its officers' apparent ability to control and assert patents from Solas's

patent portfolio, and vice versa, shows that Neodron and Solas are closely related or alter egos,

and are truly one entity. █████████████████████████████████████,

even if Solas, rather than Neodron, owns them.

26.     Second, ████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████. As evidenced by its recent actions, Neodron, ████████████, and its officers have control

over the Patent-in-Suit, and it should therefore be considered ████████████████. That

Neodron does not own the Patent-in-Suit does not matter—███████████████████████████

█████████. As another example, █████████████████████, USPTO records showed that

Solas was the owner of the '144 patent. Yet Neodron still represented that █████████████████

███████████████████████████ In other words, at the time ████████████████,

the '144 patent was █████████████████ by Neodron without regard to its ownership. Having

made these representations and warrantees, Neodron is now estopped from arguing otherwise. In

addition, on information and belief, Neodron's officers, who also control Solas and can license

17

██████████████████████████████████████

Solas's patents, agreed to ████████████████████████ and at least some of these common

Solas and Neodron owners, officers, and directors financially benefitted from Samsung's payments

to Neodron for ████████████████████████████████████████████████

████.  And when Samsung informed Neodron that Solas had filed suit on patents to which

████████████████████████████████████████████, Solas dropped the '144

patent from this Action.  Nothing differentiates the '144 patent from Solas's other patents meaning

that, as these actions show, Neodron has control over the '767 patent, even if it is not the recorded

owner, because it can license that patent to third parties, direct Solas to transfer those patents, and

direct Solas to dismiss causes of action based on those patents.  Due to Neodron's demonstrated

level of control, ████████████████████████████████████████ regardless of

whether Neodron is the recorded owner.

      27.     Third, Solas should be considered ██████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████ Because the USPTO assignment

database shows that Neodron assigned Solas the '144 patent before ████████████████, Solas

and Neodron together must be ████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████

Neodron and Solas. Because Solas is ███████████████, Samsung is ███████████

███████████████████████████ by Neodron *and* Solas, and Solas is obligated to

█████████████████████████████████████████████████████████.

28.     Faced with ongoing lawsuits improperly asserting patents to which Samsung is licensed and threats of more lawsuits, and as the victim of multiple breaches of the ███ Samsung is forced to seek recourse.   In this counterclaim, Samsung seeks, among other things, a determination that: (a) Solas is bound by and has breached the ███ (b) Samsung has a ███████

███████████████; (c) Samsung has not infringed the Patent-in-Suit; and (d) the Patent-in-Suit is invalid.

## COUNT ONE

### Breach of Contract

29.     Samsung incorporates all of the above paragraphs as though fully stated herein.

30.     As described above, Neodron entered into the ███ with Samsung, whereby Neodron agreed to license████████████████████████████████████████████

███.

31.     Among other representations, warranties, and covenants, Neodron stated that ███████████████████████████. Neodron also represented that there had been ███████████████████████████████████████

███████████ Neodron agreed to ███████████████. Neodron also agreed that neither █████████████████████

█████████████████████████████████
█████████████████████████████████
█████████████████████████████████
█████████████████████████████████



32.     Neodron further agreed that in the event Samsung provides written notice to

33.     As described herein, Solas has breached these provisions of the ▮▮

34.     ▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮ Solas now asserts that it is not ▮▮▮ even though, on the date ▮▮▮

▮▮, Solas was the record owner of the '144 patent, ▮▮▮▮▮▮▮▮▮▮

Either Solas is a ▮▮▮▮▮▮▮▮▮▮▮. Moreover,

if Solas is not ▮▮▮, then Neodron's September 19, 2019 assignment of the '144 patent to

Solas (while a Neodron-initiated ITC Investigation against Samsung was ongoing), taken together

with ▮▮▮▮▮▮▮▮▮ and Solas's later filing

of this Action, would appear to be part of a scheme by Neodron and Solas to strip Samsung of

patent rights ▮▮▮▮▮▮▮.



35. ████████████████████████████████████████████

██████████████████████████████████████████. But the '144

patent had been transferred from Neodron to Solas on September 19, 2019. ███████████

████████████████████

36. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████. Solas has refused to dismiss this Action with prejudice and is still

improperly asserting the '767 patent against Samsung. ███████████████████████

████████████████

37. ████████████████████████████████████████████

████████████████████, Solas has engaged in litigation and threatened to file additional

litigation asserting ████████████████████████████████████████████

████████████████

38.   Solas is bound to ██████ because Solas is the alter ego of Neodron, they are

closely related entities, and Solas should be considered ███████████████████ for the reasons

explained above.

39.   The above-enumerated breaches are exemplary, not exhaustive, and Samsung

reserves all rights to allege additional breaches by Solas, to be proven at trial.

40.   As a direct and proximate cause of Solas's conduct, Samsung has been damaged in

the amount it paid for ██████████████████ and continues to be damaged by costs and expenses

related to ongoing litigation and uncertainty over the effectiveness of ████████████████ in

light of Solas's ongoing litigation and continuing threats of litigation.

[BLACK REDACTION BAR]

## COUNT TWO

### Declaratory Judgment of License to Practice the Patent-in-Suit

41.     Samsung incorporates all of the above paragraphs as though fully stated herein.

42.     As described above, an actual and justiciable controversy exists between Samsung and Solas with respect to Samsung's rights under [REDACTED].

43.     The '767 patent is supposedly owned by Solas, which is closely related to or an alter ego of Neodron, and it therefore falls within [REDACTED] In addition, through conduct alleged herein and on information and belief, the '767 patent was [REDACTED]

[REDACTED]

[REDACTED]

Moreover, Solas qualifies as [REDACTED], and Neodron is estopped from arguing otherwise, so Solas's patents fall within the definition of [REDACTED] Thus, the '767 patent falls within the definition of [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED BLOCK]

[REDACTED]. Thus, Samsung paid Neodron over [REDACTED] up-front for a perpetual, irrevocable license to the Patent-in-Suit, among other patents.

██████████████████████████████████████████

44.     Absent the relief requested from this Court, Samsung faces the current and future risk of patent infringement allegations by Solas relating to the Patent-in-Suit (despite the clear language of ████████████ as part of Solas's efforts to escape the terms of ████████ ██████.

45.     Samsung therefore seeks entry of a judgment declaring that:

  a)  the Patent-in-Suit is a covered "Patent" under ████████████████ and is covered by the ███████████████████;

  b)  Solas is a ██████████████████████, and Solas is bound to the █████████████████;

  c)  with respect to the Patents ███████████████, Solas has no basis to assert against Samsung or any of its affiliates any patent infringement allegations or to seek injunctive relief or additional royalties beyond those specified in █████████████████████; and

  d)  ████████████████ remains in effect and shall remain in effect until the end of the ██████████████████████;

46.     A judicial determination is necessary and appropriate so Samsung may ascertain its rights under ████████████.   In the absence of a judicial determination of Solas's obligations under ████████████, Samsung will continue to suffer irreparable harm by reason of Solas's actions.

## COUNT THREE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,526,767

47.     Samsung incorporates all of the above paragraphs as though fully stated herein.

48.     An actual and justiciable controversy exists between Samsung and Solas concerning the non-infringement of the '767 patent.

49.     Solas has alleged and continues to allege that Samsung and its laptop computers, mobile phones, and tablets made, used, offered for sale, sold, and imported by Samsung in the

██████████████████████

United States, including Samsung laptop computers and Galaxy mobile phones and tablet devices (the "Accused '767 Products"), infringe the '767 patent.

50.   Samsung has not infringed and is not now infringing, directly or indirectly, and has not induced or contributed to, and is not now inducing or contributing to the infringement of, any valid and enforceable claim of the '767 patent, either literally or by application of the doctrine of equivalents.

51.   The Accused '767 Products have not infringed, and do not infringe, directly or indirectly, any valid and enforceable claim of the '767 patent, either literally or under the doctrine of equivalents.  Moreover, because, ████████████████████████ ██████████████████, no viable infringement allegation can be maintained as to the '767 patent.

52.   Claims 1, 12, 13, and 14 are the only independent claims of the '767 patent.

53.   Claims 1, 12, 13, and 14 of the '767 patent require a "plurality of state-machine modules comprising:  a first one-touch state-machine module[;] a second one-touch state-machine module[;] and a multi-touch state-machine module operable to:  receive, directly from the first one-touch state-machine module, the first output; receive, directly from the second one-touch state-machine module, the second output; and recognize, based on at least the first and second outputs, at least one multi-touch gesture, the first one-touch state-machine module, the second one-touch state-machine module, and the multi-touch state-machine module being distinct state-machine modules."

54.   The Accused '767 Products do not meet the claim requirement of a "plurality of state-machine modules comprising:  a first one-touch state-machine module[;] a second one-touch state-machine module[;] and a multi-touch state-machine module operable to:  receive, directly

from the first one-touch state-machine module, the first output; receive, directly from the second

one-touch state-machine module, the second output; and recognize, based on at least the first and

second outputs, at least one multi-touch gesture, the first one-touch state-machine module, the

second one-touch state-machine module, and the multi-touch state-machine module being distinct

state-machine modules" at least because, to the extent the Accused '767 Products comprise one or

more state machine modules, the Accused '767 Products do not comprise a first one-touch state-

machine module, a second one-touch state-machine module, and a multi-touch state-machine

module, where the first one-touch state-machine module, the second one-touch state-machine

module, and the multi-touch state-machine module are distinct state-machine modules.

55.     For at least the above reasons, the Accused '767 Products do not infringe any claims

of the '767 patent, either literally or under the doctrine of equivalents.

56.     Samsung does not induce infringement of claims 1–14 of the '767 patent because,

for at least the reasons stated above, there is no direct infringement of those claims because the

Accused '767 Products do not satisfy several limitations of those claims.  Additionally, Samsung

has not acted with the knowledge or specific intent necessary for induced infringement and has not

encouraged others' infringement.

57.     Samsung does not contributorily infringe claims 1–14 of the '767 patent because,

for at least the reasons stated above, there is no direct infringement of those claims because the

Accused '767 Products do not satisfy several limitations of those claims.  In addition, the Accused

'767 Products were not especially made or especially adapted for use in an infringement of such

patent, have substantial non-infringing uses, and are not a material part of any infringing

combination.   Additionally, Samsung did not have the knowledge or intent necessary for

contributory infringement.

58.     Samsung also does not infringe any valid and enforceable claim of the '767 patent because the License Agreement gives Samsung a license to practice the '767 patent.

59.     Samsung is entitled to a judgment from this Court that Samsung has not infringed, and does not infringe, any valid and enforceable claim of the '767 patent, and that grants Samsung all other declaratory relief to which it may be entitled.

60.     A judicial determination is necessary and appropriate so Samsung may ascertain its rights regarding the claims of the '767 patent.  In the absence of a judicial determination and injunctive relief prohibiting Solas from asserting this patent, Samsung will continue to suffer irreparable harm by reason of Solas's ongoing litigation, threats, and accusations.

## COUNT FOUR

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,526,767

61.     Samsung incorporates all of the above paragraphs as though fully stated herein.

62.     The claims of the '767 patent are invalid for failing to meet the conditions for patentability is 35 U.S.C. § 1 *et seq.*, including §§ 101, 102, 103, and/or 112.  Further details of Samsung's invalidity defenses are described in Samsung's Preliminary Invalidity Contentions served September 24, 2021, Proposed Amended Invalidity Contentions served January 13, 2022, and claim charts providing detailed analysis for prior art U.S. Patent Application Publication No. 2009/0284478 ("BALTIERRA"); U.S. Patent Application Publication No. 2007/0247435 ("BENKO"); "Precise Selection Techniques for Multi-Touch Screens" ("BENKO 2006"); U.S. Patent No. 8,519,965 ("CADY"); U.S. Patent Application Publication No. 2009/0325643 ("HAMADENE"); "Gesture Modeling and Recognition Using Finite State Machines" ("HONG"); Japanese Laid-Open Patent Application Gazette H09-231004 ("KATOU"); U.S. Patent Application Publication No. 2009/0213084 ("KRAMER"); U.S. Patent Application Publication No. 2010/0020025 ("LEMORT"); U.S. Patent Application Publication No. 2008/0046425

26

████████████████████████████

("PERSKI"); International Patent Publication No. WO 00/63874 ("STRINGER"); U.S. Patent Application Publication No. 2007/0176906 ("WARREN"); U.S. Patent Application Publication No. 2008/0036743 ("WESTERMAN"); U.S. Patent Application Publication No. 2009/0225039 ("WILLIAMSON"); Android 1.0 System ("ANDROID 1.0"); Apple iPhone (1st Generation) System ("APPLE IPHONE"); T-Mobile G1 HTC Dream System ("HTC DREAM"); Microsoft PixelSense Surface System ("MICROSOFT PIXELSENSE SURFACE").

63.   An actual and justiciable controversy exists between Samsung and Solas concerning the invalidity of the '767 patent.

64.   Samsung has been injured and damaged by Solas's lawsuit.

65.   Samsung therefore seeks a declaration that the '767 patent is invalid for failing to meet the conditions for patentability in 35 U.S.C. § 1 *et seq.*

## SAMSUNG'S DEMAND FOR A JURY TRIAL

66.   Samsung hereby demands a jury trial on all issues so triable.

## SAMSUNG'S PRAYER FOR RELIEF

67.   **WHEREFORE**, Samsung respectfully requests that the Court enter judgment for it and against Plaintiff-Counterclaim Defendant Solas and grant the following relief:

A.   Dismissing with prejudice Solas's Amended Complaint;

B.   Denying Solas any relief against Samsung;

C.   Granting all of Samsung's counterclaims and prayers for relief;

D.   Declaring that Solas breached ████████████████;

E.   Declaring that Samsung is ████████████████████ including the Patent-in-Suit, ██████████████;

F.   Declaring that Solas is ████████████████████████;

██████████████████████████

G.      Declaring that Samsung has not infringed, contributed to the infringement of, nor induced infringement of any claim of the Patent-in-Suit, literally or under the doctrine of equivalents;

H.      Declaring that U.S. Patent No. 8,526,767 is invalid.

I.      ██████████████████████, providing Samsung its reasonable costs incurred as a result of such lawsuit;

J.      Awarding damages in an amount to be proven at trial;

K.      Declaring that this is an exceptional case under 35 U.S.C. § 285 entitling Samsung to its reasonable attorney fees, expenses, and costs in this action.

L.      Providing such other relief as the Court shall deem just and proper.

March 11, 2022          */s/ John Kappos*

**GILLAM & SMITH, LLP**
Melissa R. Smith (TX #24001351)
Andrew Thompson (Tom) Gorham (TX #24012715)
melissa@gillamsmithlaw.com
tom@gillamsmithlaw.com
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

**O'MELVENY & MYERS LLP**
John Kappos (admitted *pro hac vice*)
Cameron Westin (admitted *pro hac vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 923-6994

Laura Bayne Gore (admitted *pro hac vice*)
Times Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Ryan Yagura (TX #24075933)
Nicholas Whilt (admitted *pro hac vice*)
Nancy Lynn Schroeder (admitted *pro hac vice*)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Darin Snyder (admitted *pro hac vice*)
Nathaniel Legum (admitted *pro hac vice*)
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

D. Sean Trainor (admitted *pro hac vice*)
1625 Eye Street, N.W.
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

***Attorneys for Defendants Samsung Electronics
Co., Ltd., and Samsung Electronics America, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on March 11, 2022.

*/s/ Melissa R. Smith*
Melissa R. Smith