# Exhibit 12

█████████████████

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., § | |
| § | |
| § | |
| *Plaintiff*, § | |
| v. § | Case No. 2:21-CV-00105-JRG-RSP |
| § | |
| SAMSUNG ELECTRONICS CO., LTD.; § | |
| SAMSUNG ELECTRONICS AMERICA, § | |
| INC., § | |
| § | |
| *Defendant*. § | |

**SUPPLEMENTAL BIFURCATION ORDER**

On May 13, 2022, the undersigned entered an Order granting Plaintiff's Motion to Bifurcate (Dkt. No. 266) for the reasons discussed during the May 12, 2022 Pretrial Conference. See Dkt. No. 302. Those reasons included, primarily, the fact that after Plaintiff dropped the claims for willful infringement the license defense and the breach of contract claim had no relevance to the factual determinations the jury would be called on to make regarding validity, infringement, and damages. Furthermore, both sides agreed that the license defense was based on an *alter ego* theory that includes express elements of fraud and misrepresentation, making the issue inherently prejudicial and confusing to the jury on the unrelated issues of the Plaintiff's main demand.

At the end of the argument, Defendants raised a question of whether the license defense was relevant to Defendants' defense against the claim of induced infringement. Defense counsel correctly cited the case of *DSU Medical Corporation v. JMS Co., Ltd*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) for the proposition that "the intent requirement for inducement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the

1

inducer must have an affirmative intent to cause direct infringement." Thus, because the plaintiff must prove "culpable conduct," it is relevant for the accused infringer to show a belief that it was licensed and thus not infringing.

However, importantly, the license of Neodron, the alleged corporate *alter ego* of Solas, was indisputably not executed until December 2, 2020. Dkt. No. 176-4. Plaintiff contends that "the first infringing sales of an Accused Product would occur in or around September 3, 2013." Dkt. No. 117-2. Thus, Plaintiff's burden regarding proof of the culpable state of mind of Defendant for induced infringement will include the years 2015, 2016, 2017, 2018, 2019, and 2020, during none of which will Defendant claim it believed it had a license to the '767 Patent. Indeed, even though Solas was in litigation with Samsung at the time the Neodron license was signed in 2020, and even though a primary asserted patent in that litigation was listed as covered by the Neodron license, Samsung never raised the Neodron license as a defense in that case, all the way through the completion of post-trial motion practice in October 2021. *See*, *Solas OLED Ltd., v. Samsung Display Co., Ltd., et al.,* Civil Action No. 2:19-0152-JRG (October 25, 2021) Dkt. No. 407. *See also*, Dkt. No. 305 at 19 (Argument of Mr. Wang for Solas). This strongly indicates that Samsung did not then believe that the Neodron license covered all of Solas' patents.

Since Samsung's defense to induced infringement relying on the Neodron license would have to be factual testimony as to its corporate state of mind, not the existence of a technical legal defense, it is fair for the Court to note that it is implausible that Samsung executives had the belief that they were licensed for the asserted patent in this case (which is nowhere mentioned in the Neodron license) until after Samsung's counsel discovered the extent of the overlapping

2

management and other facts supporting the *alter ego* license defense.  This discovery could not have occurred until late 2021 or early 2022.

Thus, in order for the bifurcation to prejudice Defendants' defense to induced infringement, Plaintiff would have to convince the jury that Defendant had the culpable state of mind from 2015 through 2021 and Defendant would have to offer testimony that it changed this state of mind in the last few months when it became convinced that Solas was the *alter ego* of Neodron and Samsung was now licensed on all of Solas' patents.  Firstly, Samsung has not even argued that it has a witness who will testify that it came to believe even recently that it has a license to the '767 Patent.  Secondly, the probative value of any such testimony is far outweighed by the very real prejudice to Solas through presenting to this jury the irrelevant and highly inflammatory suggestion that Solas and Neodron are monetizing their patents in a deceptive and fraudulent manner. Finally, if the license defense is, in fact, meritorious, Samsung will prevail at the subsequent trial and its rights will have been fully vindicated.

Accordingly, IT IS ORDERED that the bifurcation Order be clarified to provide that Defendant is not permitted to present its *alter ego* license defense in the upcoming trial, even in response to any argument regarding induced infringement