UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>      Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>      Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>      Plaintiff,<br><br>   v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>      Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION AND
MOTION TO STRIKE EXPERT TESTIMONY OF DAVID KENNEDY (DKT. 346)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ii

TABLE OF EXHIBITS TO SAMSUNG'S MOTION ......................................................................iv

TABLE OF EXHIBITS TO SAMSUNG'S REPLY ..........................................................................iv

TABLE OF ABBREVIATIONS .........................................................................................................iv

I.     Mr. Kennedy's "Fully Apportioned" Rates Fail To Apportion .....................................1

II.    Mr. Kennedy's Failure To Conduct a "Bargaining Split" Is Legally Untenable .........1

III.   Mr. Kennedy's "Additional" Apportionment Cannot Save His Approach ................2

IV.    Mr. Kennedy's Opinions Rely on Unreliable Inputs from Other Experts ..................2

V.     Mr. Kennedy's Opinions About Samsung's NIAs Are Unsupported ..........................3

VI.    Mr. Kennedy's Reliance on the *EDTX1* Verdict Is Unreliable .......................................3

VII.   Mr. Kennedy Should Not Be Allowed To Opine on Non-Comparable Licenses .....4

VIII.  Mr. Kennedy's Unsupported RAND Opinions Are Conclusory and Improper ........4

IX.    The Court Should Preclude Mr. Kennedy's Opinions That Are Outside His Expertise ...........5

X.     Mr. Kennedy's Opinions Rely on Theories Not Disclosed in Fact Discovery ...........5

XI.    Mr. Kennedy Improperly Addresses Future Damages .....................................................5

## **TABLE OF AUTHORITIES**

**Cases**

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
　324 F. Supp. 3d 470 (D. Del. 2018) ................................................................................................ 4

*Allergen Sales, LLC v. UCB, Inc.*,
　No. 2:15-CV-1001-JRG-RSP, 2016 WL 8222619 (E.D. Tex. 2016) ..................................... 5

*Apple Inc. v. Motorola, Inc.*,
　757 F.3d 1316 (Fed.Cir. 2014) ........................................................................................................ 1

*Apple Inc. v. Wi-LAN Inc.*,
　25 F.4th 960 (Fed. Cir. 2022) .......................................................................................................... 2

*Bmc Software, Inc. v. Servicenow, Inc.*,
　No. 2:14-CV-903-JRG, 2016 WL 379620 (E.D. Tex. Feb. 1, 2016) .................................... 2

*Bonin v. Sabine River Auth. of Texas*,
　No. 1:19-CV-00527-MJT, 2022 WL 19731177 (E.D. Tex. Nov. 9, 2022) ......................... 3

*Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc.*,
　809 F.3d 1295 (Fed. Cir. 2015) ...................................................................................................... 1

*In re Encast, Inc.*,
　96 F. App'x 710 (Fed. Cir. 2004) ................................................................................................... 3

*Grain Processing Corp. v. American Maize-Products*,
　185 F.3d 1341 (Fed. Cir. 1999) ...................................................................................................... 3

*Powell v. Home Depot U.S.A., Inc.*,
　663 F.3d 1221 (Fed. Cir. 2011) ...................................................................................................... 1

*Prism Techs. LLC v. Sprint Spectrum L.P.*,
　849 F.3d 1360 (Fed. Cir. 2017) ...................................................................................................... 1

*Sprint Communications Co. v. Time Warner Cable, Inc.*,
　760 F. App'x. 977 (Fed. Cir. 2019) ............................................................................................... 4

*VLSI Tech, LLC v. Intel Corp.*
　87 F.4th 1332 (Fed. Cir. 2023) ....................................................................................................... 4

*Zygo Corp. v. Wyko Corp.*,
　79 F.3d 1563 (Fed. Cir. 1996) ........................................................................................................ 3

**Other Authorities**

Fed. R. Evid. 403 ....................................................................................................................................... 4

Fed. R. Evid. 703 ...........................................................................................................................3

Local Rule CV-5..........................................................................................................................7

## TABLE OF EXHIBITS TO SAMSUNG'S MOTION

| # | Description |
|---|---|
| A | Expert Report of Mr. Kennedy (Nov. 20, 2023) (with exhibits) |
| B | Expert Report of Mr. Kennedy (Jan. 20, 2023), from *EDTX1* (excerpts, with exhibits) |
| C | Netlist's Interrogatory Responses (Nov. 19, 2023) (excerpts) |
| D | Deposition Transcript of Mr. Kennedy (January 15, 2024) (rough, excerpts) |

\*     Unless otherwise indicated, numerical exhibit numbers refer to the exhibits to Mr. Kennedy's expert report (Ex. A).

## TABLE OF EXHIBITS TO SAMSUNG'S REPLY

| # | Description |
|---|---|
| E | Deposition Transcript of Mr. Kennedy (January 15, 2024) (additional excerpts) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| DIMM | Dual In-line Memory Module |
| EDTX1 | *Netlist, Inc. v. Elecs. Co.*, No. 2:21-cv-463 (E.D. Tex.) |
| NIA | Noninfringing Alternative |
| R&D | Research and Development |
| RDIMM | Registered Dual In-line Memory Module |

## I.   Mr. Kennedy's "Fully Apportioned" Rates Fail To Apportion

Netlist's opposition does not dispute that Mr. Kennedy attributes the entire price differential allegedly provided by the patented technology to Netlist.  *See* Dkt. 449 at 1-3.  This approach fundamentally fails to isolate the patents' incremental value—indeed, even **Netlist acknowledges that other technologies contribute to those benefits**.  *Id.* at 2.  Yet, Mr. Kennedy makes no effort to isolate the benefits associated with **only** the asserted patented from the improvements offered by Samsung and others.[1]  Ex. D at 27:19-28:19.  The Federal Circuit has rejected this approach.  *See C.S.I.R.O. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1301 (Fed. Cir. 2015) ("[D]amages . . . must reflect the value attributable to the infringing features of the product, and no more.").

Netlist's observation that courts have endorsed "estimat[ing] the value of the benefits provided by infringed features by comparing the accused products to non-infringing alternatives," does not excuse Mr. Kennedy from isolating the alleged benefits provided by the accused technology.  *See* Dkt. 449 at 1.  For example, in *Apple v. Motorola*, on which Netlist relies, the expert determined that the price differential was attributable to two different features, one of which ("wireless connectivity") was "not part of the asserted claims," such that the expert "discounted his royalty based upon the estimated value of wireless connectivity in this context."  757 F.3d at 1316.  Mr. Kennedy does not adopt this approach, and instead attributes the entirety of the price differential to the patented inventions.[2]

## II.   Mr. Kennedy's Failure To Conduct a "Bargaining Split" Is Legally Untenable

Netlist admits that Mr. Kennedy did not perform any "bargaining split," and thus awards

---

[1] Further, Mr. Kennedy's opinions ignore Netlist's contention that use of the accused features are optional, *see* Dkt. 356 at 5-9, which is inconsistent with attributing 100% of the price differential to the asserted patents (in fact, the accused features are disabled by default, Dkt. 353 at 5-6).

[2] Neither *Powell* nor *Prism*, on which Netlist also relies, permits an expert to rely on an entire price differential without accounting for other technologies.  *Powell* merely provides that a jury may consider cost savings in the context of a reasonably royalty calculation.  663 F.3d at 1240.  It does not address a situation where other technologies contribute to those cost savings.  In *Prism*, the court expressly noted that "the evidentiary use of [an alternative] to estimate cost savings should account for" other technological and business-related factors unrelated to the patented technology.  849 F.3d at 1376-77.

1

100% of the price differential to Netlist. Dkt. 449 at 4 ("[T]he parties would not further split the value."). Indeed, Netlist acknowledges that "Mr. Kennedy's technical benefit analysis is . . . that [Samsung] would not obtain any of the apportioned value gained through its infringement." Dkt. 449 at 5. The cases Netlist cites merely hold that damages can consider cost savings, not that the plaintiff need not undertake a profit split analysis. Mr. Kennedy's explanation that he sometimes gave Samsung the benefit of the doubt in his calculations does not change the fact that his supposed "profit split" **never splits the profit**. *Contra* Dkt. 449 at 3-4 (quoting Dkt. 449-3 at 64:5-22, 71:6-20).

### III. Mr. Kennedy's "Additional" Apportionment Cannot Save His Approach

Neither Netlist nor Mr. Kennedy can justify the use of arbitrary metrics, such as a comparison of company-wide R&D-to-revenue ratios or Samsung's costs, and as such cannot save Mr. Kennedy's overall flawed approach. *See Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 973-74 (Fed. Cir. 2022). Indeed, Netlist acknowledges that Samsung's R&D expenditures "**necessarily** include[] R&D spend on refrigerators and consumer appliances." Dkt. 449 at 6 (emphasis original). Nor can Netlist offer any explanation as to why **Samsung's costs** can be used as a shortcut to identifying **Netlist's contributions** (let alone the contributions of the asserted patents). Netlist falls back on the *ipse dixit* of its expert—Mr. Kennedy's "real world experience negotiating licenses," Dkt. 449 at 6—but neither his report nor his deposition testimony identifies any instances where such metrics have been used in the real world.[3] In addition, "experience" is no substitute for a reliable methodology. *E.g., Bmc Software, Inc. v. Servicenow, Inc.*, No. 2:14-CV-903-JRG, 2016 WL 379620, at *2 (E.D. Tex. Feb. 1, 2016).

### IV. Mr. Kennedy's Opinions Rely on Unreliable Inputs from Other Experts

Netlist does not dispute that Mr. Kennedy's opinions are based on inputs from Dr. Mangione-Smith and Dr. Groehn that Samsung seeks to exclude under *Daubert*. *See* Dkt. 449 at 7. Instead,

---

[3] While Netlist claims that Samsung's corporate representatives could not identify a single Samsung patent that covers the accused products, Dkt. 449 at 6, Mr. Yoon identified Samsung's patents that have been disclosed as potentially essential to JEDEC. *See, e.g.*, Ex. A, ¶¶ 202-05.

2

Netlist previews its expected attempt to use Mr. Kennedy as a mouthpiece for Dr. Groehn, who may not testify at trial. *Id.* Such use is improper and unfair, as it deprives Samsung the opportunity to cross-examine Dr. Groehn before the jury to demonstrate the flaws in his analysis. Rule 703 does not allow an expert to "parrot the opinions and conclusions of other experts whose testimony is not subject to cross-examination." *Bonin v. Sabine River Auth. of Texas*, No. 1:19-CV-00527-MJT, 2022 WL 19731177, at *6 (E.D. Tex. Nov. 9, 2022), *adopted*, 2022 WL 19731176 (E.D. Tex. Dec. 20, 2022).

## V. Mr. Kennedy's Opinions About Samsung's NIAs Are Unsupported

Mr. Kennedy's opinions do nothing to show that Netlist's alternatives are truly the "**next-best** available alternative," even if such were legally sufficient (which Samsung disputes). Dkt. 449 at 8 (emphasis original). Indeed, Netlist cannot even show availability, despite acknowledging that it "has the burden to show that there was an ***available*** next-best alternative." Dkt. 449 at 8 (emphasis original). In fact, Netlist does not dispute that its noninfringing alternative for the '417 patent would ***still be accused of infringing*** the '912 patent. Netlist's approach is fundamentally unreliable, as acknowledged by Mr. Kennedy's report. Ex. A, ¶ 149 ("[A] proposed alternative is not 'available' where it would infringe another of the patentee's patents."). Further, the "commercially acceptable" requirement is relevant to both a lost profits and reasonable royalty damages. *See, e.g., In re Encast, Inc.*, 96 F. App'x 710, 711 n.* (Fed. Cir. 2004) ("[U]nder Federal Circuit precedent evidence of the availability of an acceptable noninfringing alternative is relevant to a lost profits analysis, *see Grain Processing Corp. v. American Maize-Products*, 185 F.3d 1341, 1350-51 (Fed. Cir. 1999), and to a reasonable royalty analysis, *see Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1571-72 (Fed. Cir. 1996)."). Mr. Kennedy's opinions on the next-best alternatives are fundamentally flawed.

## VI. Mr. Kennedy's Reliance on the *EDTX1* Verdict Is Unreliable

Netlist's opposition does not address Samsung's argument that "jury-determined damages are not evidence of arm's-length negotiations between parties, and will not help the trier of fact determine

3

a royalty," or otherwise address the cases Samsung identified in its motion. *See Acceleration Bay LLC v. Activision Blizzard, Inc.*, 324 F. Supp. 3d 470, 489 (D. Del. 2018) (cited in Dkt. 346 at 10). In *Sprint Communications Co. v. Time Warner Cable, Inc.*, 760 F. App'x. 977 (Fed. Cir. 2019), on which Netlist relies, the Federal Circuit found the probative value of the prior jury verdicts to be greater than the potential prejudice because the verdict was relevant to willfulness, equitable defenses, and damages. *Id.* at 981. Here, the danger of prejudice and confusing the jury with a trial-within-a-trial about the validity of the prior verdict, outweighs any minimal probative value of the prior verdict. *See* Fed. R. Evid. 403. Netlist's opposition does nothing to dispel the notion that it is seeking damages for the same alleged benefits at issue in the *EDTX1* jury verdict. *See* Dkt. 449 at 8-9.

## VII. Mr. Kennedy Should Not Be Allowed To Opine on Non-Comparable Licenses

Despite Netlist's claims to the contrary, Mr. Kennedy **testified** that, as to Samsung's licenses, "[n]one are sufficiently comparable." Ex. E at 213:19-214:1. In his report,[4] Mr. Kennedy admits "none of Samsung's licenses are sufficiently comparable to the Hypothetical License to provide indication of a reasonable royalty in this matter," but then undermines his own conclusion, opining that the ███████████████████████████████████████████████████████████████████████████████████████████████████████████." Ex. A, ¶ 522; *see also* Dkt. 449 at 11. Such an approach is improper, and Netlist does not even address the recent *VLSI Tech, LLC v. Intel Corp.* decision barring admission of licenses that are non-comparable. 87 F.4th 1332, 1349 (Fed. Cir. 2023).

## VIII. Mr. Kennedy's Unsupported RAND Opinions Are Conclusory and Improper

Netlist's opposition cannot overcome the fact that Mr. Kennedy's RAND opinions are cursory and unsupported. *See* Dkt. 449 at 12-13. Samsung's critiques go to admissibility, not weight; Mr.

---

[4] The fact that Mr. Kennedy's report also says "[w]ith the exception of the 2010 Rambus agreement, none of Samsung's license agreements are sufficiently comparable . . . to provide an indication of a reasonable royalty," *see* Dkt. 449 at 10-11, does not change that he admitted Rambus is not comparable.

4

Kennedy provides nothing but conclusions without support.[5] Further, Netlist should be precluded from addressing RAND, having failed to disclose its position during discovery. *See* Dkt. 374.

## IX. The Court Should Preclude Mr. Kennedy's Opinions That Are Outside His Expertise

Netlist's opposition cannot excuse Mr. Kennedy's prejudicial opinions that are outside of his expertise. *See* Dkt. 449 at 13-14. Mr. Kennedy should not be permitted to testify about whether Samsung acted unethically, whether Netlist can establish pre-suit notice, or whether JEDEC "takes [technology] from third parties." *Id.* Further, he should not be permitted to offer damages opinions based on alleged JDLA breach and termination issues pending in C.D. Cal. *See, e.g*, Dkt. 278 at 4-5.

## X. Mr. Kennedy's Opinions Rely on Theories Not Disclosed in Fact Discovery

Although Netlist argues it did not need to disclose its specific "computation of damages" until expert discovery, it ignores that the Discovery Order requires that Netlist should have disclosed "the legal theories and, in general, the factual bases of the disclosing party's clams or defenses." Dkt 56, ¶ 1(c). Netlist failed to disclose its theories throughout fact discovery, forcing Samsung to file a motion to compel, and prejudicing Samsung. The Court should exclude Netlist's undisclosed theories.

## XI. Mr. Kennedy Improperly Addresses Future Damages

Netlist's opposition fails to address why future damages would be appropriate. Dkt. 449 at 15. Future damages are inherently speculative and legally improper because they estimate the damages on infringement that has yet to occur. Dkt. 346 at 15. Judge Payne recently rejected Netlist's claim for future damages in *Micron EDTX1*: "Running royalties based on projected sales are speculative because they are 'applied to future acts of infringement that have not yet occurred.'" *Micron EDTX1*, Dkt. 468 at 7 (quoting *Allergen Sales, LLC v. UCB, Inc.*, No. 2:15-CV-1001-JRG-RSP, 2016 WL 8222619, at *2 (E.D. Tex. 2016)). Here too, the Court should preclude opinions on future damages.

---

[5] Mr. Kennedy's assertion that his analysis would be the same regardless of whether the patents are subject to RAND or not, Ex. A, ¶ 552, highlights the conclusory, unreliable nature of his opinions.

5

Dated: February 7, 2024                                   Respectfully submitted,

                                                    By:   /s/ *Daniel A. Tishman*

Melissa Richards Smith  
melissa@gillamsmith.com  
GILLAM & SMITH, LLP  
303 South Washington Ave.  
Marshall, Texas 75670  
Telephone:     (903) 934-8450  
Facsimile:     (903) 934-9257  

J. Travis Underwood  
Texas Bar No. 24102587  
travis@gillamsmithlaw.com  
GILLAM & SMITH, LLP  
102 North College Avenue, Suite 800  
Tyler, Texas 75702  
Telephone: (903) 934-8450  
Facsimile: (903) 934-9257  

Brian R. Nester  
DC Bar No. 460225  
bnester@cov.com  
COVINGTON & BURLING LLP  
One CityCenter 850 Tenth Street, N  
Washington, DC 20001-4956  
Telephone: (202)-662-6000  

Alice J. Ahn  
CA Bar No. 271399/DC Bar No. 1004350  
aahn@cov.com  
COVINGTON & BURLING LLP  
415 Mission Street, Suite 5400  
San Francisco, CA 94105  
Telephone:  (415) 591-7091  
Facsimile:   (415) 955-6571  

Ruffin B. Cordell  
TX Bar No. 04820550  
cordell@fr.com  
Michael J. McKeon  
D.C. Bar No. 459780  
mckeon@fr.com  
Lauren A. Degnan  
D.C. Bar No. 452421  
degnan@fr.com  
Daniel A. Tishman  
DC Bar No. 1013923  
tishman@fr.com  
FISH & RICHARDSON P.C.  
1000 Maine Avenue, SW  
Washington, DC 20024  
Telephone: (202) 783-5070  
Facsimile:  (202) 783-2331  

Francis J. Albert  
CA Bar No. 247741  
albert@fr.com  
FISH & RICHARDSON P.C.  
12860 El Camino Real, Ste. 400  
San Diego, CA  92130  
Telephone: (858) 678-5070  
Facsimile:  (858) 678-5099  

Thomas H. Reger II  
reger@fr.com  
Texas Bar No. 24032992  
FISH & RICHARDSON P.C.  
1717 Main Street, Suite 5000  
Dallas, Texas 75201  
Telephone: (214) 747-5070  
Facsimile:  (214) 747-2091  

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*  
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 7, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

/s/ Daniel A. Tishman

7