UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>  Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>  Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION AND MOTION TO STRIKE EXPERT TESTIMONY OF MR. PETER GILLINGHAM (Dkt. 351)**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

TABLE OF EXHIBITS TO SAMSUNG'S MOTION ................................................................ iii

TABLE OF EXHIBITS TO SAMSUNG'S REPLY .................................................................... iii

TABLE OF ABBREVIATIONS ................................................................................................ iii

I.   The Court Should Strike Mr. Gillingham Opinions Regarding Standard Essentiality of the Asserted Patents .................................................................................... 1

II.  The Court Should Strike Mr. Gillingham's Opinions About Samsung's and Netlist's States of Mind .................................................................................................. 3

III. The Court Should Strike Mr. Gillingham's Opinions Regarding JEDEC's Response to Samsung's Subpoena ................................................................................. 4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
   No. 6:11-CV-201-JRG, 2017 U.S. Dist. LEXIS 157062 (E.D. Tex. May 26, 2017) ..................................................................................................................................4

*GREE, Inc. v. Supercell Oy*,
   No. 2:19-CV-80-JRG, 2020 WL 4288350 (E.D. Tex. July 27, 2020)......................................3

*Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Tech. GMbH*,
   No. 6:16-cv-00445, 2018 WL 4289342, (E.D. Tex. July 11, 2018)..........................................1

### TABLE OF EXHIBITS TO SAMSUNG'S MOTION

| # | Description |
|---|---|
| 1 | 2023-12-21 Gillingham Corrected Rebuttal Report (excerpts) |
| 2 | 2022-12-08 Netlist's Initial Disclosures |
| 3 | 2024-01-11 Gillingham Deposition Transcript (excerpts) |
| 4 | 2023-04-07 Samsung's Second Set of Interrogatories Nos. 3-22 |
| 5 | 2023-06-28 Samsung's Third Set of Interrogatories No. 23 |
| 6 | 2022-06-28 Samsung's First Set of Requests for Admission Nos. 1-12 |
| 7 | 2023-05-12 Letter from Tishman to Werner re Initial Disclosures |
| 8 | 2023-06-22 Letter from Tishman to Sheasby re Interrogatory Deficiencies |
| 9 | 2023-11-19 Netlist's Fourth Supplemental Responses and Objections to Samsung's Second Set of Interrogatories Nos. 3-22 (excerpts) |
| 10 | 2023-07-28 Netlist's Responses and Objections to Samsung's Third Set of Interrogatories No. 23 |
| 11 | 2023-07-28 Netlist's Responses and Objections to Samsung's First Set of Requests for Admissions Nos. 1-12 |
| 12 | 2022-06-08 Netlist "Proposal for Essential LRDIMM License and Request for In-Person Meeting" Letter to Samsung (NETLIST_SAMSUNG_EDTX00037348) |
| 13 | 2023-11-13 Netlist's Responses and Objections to Samsung's Fourth Set of Interrogatories Nos. 24-30 |
| 14 | 2023-12-21 Mangione-Smith Rebuttal Report (excerpts) |
| 15 | 2022-12-16 Chuck Hong Deposition Transcript (excerpts) |
| 16 | 2022-12-07 Mario Martinez Deposition Transcript (excerpts) |
| 17 | 2023-08-09 Defendants' Notice of Subpoenas to JEDEC Solid State Technology Association with Attachments (excerpts) |
| 18 | 2023-08-23 JEDEC Response to Defendants' Subpoenas |

### TABLE OF EXHIBITS TO SAMSUNG'S REPLY

| # | Description |
|---|---|
| 19 | *Netlist Inc. v. Samsung Electronics Co. Ltd.*, No. 2:21-CV-463 (E.D. Tex.), Dkt. 538 (Public Bench Trial Tr.) (May 31, 2023) (excerpts) |
| 20 | *Netlist Inc. v. Samsung Electronics Co. Ltd.*, No. 2:21-CV-463 (E.D. Tex.), Dkt. 427 (Public Pretrial Conference Tr., Vol. 2) (Apr. 3, 2023) (excerpts) |
| 21 | Standing Order on Motions *in Limine* in Cases Involving Allegations of Patent Infringement and/or Breach of FRAND Obligations, as well as Declaratory Judgment Actions which Relate to Same (E.D. Tex. Dec. 14, 2022) |

### TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| *EDTX1* | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |

| Abbreviation | Description |
|---|---|
| '912 patent | U.S. Patent No. 7,619,912 |
| '417 patent | U.S. Patent No. 11,093,417 |
| '608 patent | U.S. Patent No. 10,268,608 |

I.  **The Court Should Strike Mr. Gillingham Opinions Regarding Standard Essentiality of the Asserted Patents**

Netlist argues that it provided adequate notice of Mr. Gillingham's standard essentiality opinions because it cited the JEDEC definition of "Essential Patent Claims," but this demonstrates the insufficiency of its discovery disclosures. Dkt. 447 at 1. Netlist does not dispute that it never identified any allegedly infringing features as "optional" to the JEDEC standards during discovery.

Netlist also argues that it provided adequate notice of Mr. Gillingham's standard essentiality opinions because it stated it would later provide "expert analysis," but Netlist cites no authority for its position. Parties are routinely required to provide contentions on technical subject matter prior to expert discovery. Netlist even argues in other pleadings that the Court should strike certain noninfringing alternative contentions in its case against Micron because of Micron's purported failure to disclose those contentions in fact discovery. Dkt. 358 at 12-13 (Netlist citing five cases striking untimely technical arguments regarding non-infringing alternatives that were not disclosed in discovery). Netlist also sought to preclude reliance on certain noninfringement positions—a rebuttal issue—in *EDTX1* based on its assertion that "Samsung never disclosed its non-infringement theory in its interrogatory responses." *EDTX1*, Dkt. 226 at 1-2 (Netlist citing *Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Tech. GMbH*, No. 6:16-cv-00445, 2018 WL 4289342, *4 (E.D. Tex. July 11, 2018) as "striking non-infringement theory not mentioned in interrogatory responses and disclosed for the first time in expert rebuttal report"); *see also* Dkt. 359 at 2 (Netlist relying on *Nanology* in this case as "striking non-infringement theory not mentioned in interrogatory responses and disclosed for the first time in expert rebuttal report").

Netlist fails to identify anything that prevented it from providing its contentions during fact discovery. Netlist made essentiality assertions in pre-suit correspondence to Samsung. Dkt. 374-1 at 2 (Netlist June 2022 Letter characterizing asserted patents as "essential to implement JEDEC standards for DDR4 LRDIMMs"). And Netlist's counsel made off-the-cuff statements about

essentiality when asked by the Court. Dkt. 169 at 9:9-11 (Counsel for Netlist: "for DDR4, the '912 Patent is—the experts are likely to find that it's actually essential; that it was fully adopted by JEDEC"). Then, during expert discovery, Mr. Gillingham opined on standard-essentiality based on only the JEDEC standards and the testimony of Samsung witnesses, both of which were available to Netlist during fact discovery. *See* Dkt. 447 at 1-3, 5. For example, in support of his opinions that the '608 patent is not essential, Mr. Gillingham cites only the relevant JEDEC standard and testimony from Mr. Jung in his deposition in *EDTX1* on September 28, 2022, over a year before the close of fact discovery in this case. *See* Dkt. 351-1 at ¶ 120; Ex. 19 at 128:7-130:2. Thus, Netlist had all the information it needed to provide its contention during fact discovery.

Finally, Netlist argues its failure to take a position on essentiality during discovery caused no prejudice. But Netlist's tactic of withholding its position, then surprising Samsung with the actual dispute when it is too late to respond, is inherently prejudicial. Netlist further argues that "the evidence Mr. Gillingham relied on to form his opinion . . . was available to Samsung even before this litigation started;" but this assertion ignores Netlist's failure to provide its relevant contentions Dkt. 447 at 5. Samsung had no opportunity to investigate Netlist's contention that "figures or block diagrams in JEDEC specifications are generally exemplary and are not required portions of JEDEC specifications." Dkt. 351-1 at ¶ 119. Indeed, the only support that Mr. Gillingham cites for that position is the confidential deposition testimony of a Micron witness. Dkt. 351-1 at ¶ 119 (redacting the testimony relied upon); *see also id.* at ¶¶ 121, 130 (similarly relying on information unavailable to Samsung).[1] Netlist should not be permitted to conceal highly relevant discovery until after the close of discovery.

---

[1] If Netlist's argument were accepted, this whole case should be dismissed for its failure to establish that these so-called optional features are actually implemented in each and every accused product.

2

██████████████████████████████████████████████████

## II. The Court Should Strike Mr. Gillingham's Opinions About Samsung's and Netlist's States of Mind

Netlist agrees (*see* Dkt. 447 at 9-10) that it is "improper for an expert to opine as to the subject belief or intent of a corporate entity" as this Court held in *EDTX1* and *GREE*. Dkt. 447 at 9-10; *GREE, Inc. v. Supercell Oy*, No. 2:19-CV-80-JRG, 2020 WL 4288350, at *2 (E.D. Tex. July 27, 2020); *see EDTX1*, Dkt. 432 at 6; Ex. 20 at 39:10-40:12, 46:23-47:5. Netlist argues for a different result in this case, however, because Mr. Gillingham's opinions are purportedly "provided in rebuttal to another party's speculations of motives or intents." Dkt. 447 at 6-7, 9.

Netlist is wrong for two reasons. First, Mr. Halbert never offered opinions regarding state of mind. Rather, his opinions place the parties' actions in the context of JEDEC's customs and practices. Dkt. 439 at 1-3. Those opinions, unlike Mr. Gillingham's state of mind opinions, are well-established as admissible expert testimony. *Id.* at 1-2 (collecting cases). Second, it makes no difference if the opinions are purportedly rebuttal opinions. The law is clear; expert opinions regarding state of mind are inadmissible.

Netlist further argues that Mr. Gillingham's opinions regarding the intent, motives, or states of mind are admissible as part of a larger analysis. Dkt. 447 at 10; *see generally id.* at 8-11. Mr.

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████  ████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████

3

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Whether Mr. Gillingham offers these opinions alone or part of a larger analysis, an expert cannot opine on a party's mental state and this Court should not permit Mr. Gillingham to become a hearsay conduit for Netlist's CEO or JEDEC representative.  That Mr. Gillingham seeks to offer other factual opinions regarding the parties' activities at JEDEC is also immaterial.  *See* Dkt. 447 at 8 (broadly citing nearly 90 paragraphs of Mr. Gillingham's report).  Samsung narrowly moves to strike only those portions of Mr. Gillingham's report where he crosses the line into speculation about the parties' state of mind.

Lastly, while Netlist argues that Mr. Gillingham's opinions should not be struck because "they were admitted in *Samsung I* [*i.e.*, *EDTX1*]," that argument misstates the record.  Dkt. 447 at 6.  This Court was clear in *EDTX1* that Netlist's experts cannot opine on a party's state of mind and did not admit such testimony in *EDTX1*.  *See EDTX1*, Dkt. 432 at 6; Ex. 19 at 133:21-142:10.  The Court should reach the same holding here and strike Mr. Gillingham's state of mind opinions at paragraphs 39, 48-50, 52, 54, and 58.

### III. The Court Should Strike Mr. Gillingham's Opinions Regarding JEDEC's Response to Samsung's Subpoena

Netlist argues that Mr. Gillingham's opinions regarding Samsung's subpoena to JEDEC are admissible because they are "directly responsive to Mr. Halbert[]," but that is not correct.  Dkt. 447 at 13.  Evidence of how JEDEC, **a non-party to this case**, chose to respond to Samsung's subpoena during discovery is irrelevant to any issue in this case and is highly prejudicial to Samsung.  *See* Dkt. 351 at 11-13.  Indeed, this Court acknowledges that matters of discovery have no place before the jury and excludes discussions like that provided in paragraph 60 of Mr. Gillingham's report under its standing motions *in limine*.  Ex. 21 at 1 ("Court MIL No. 1: The parties shall be precluded from introducing evidence, testimony, or argument regarding **pretrial proceedings or issues including but not limited to discovery disputes**, dispositive motion practice, or dropped claims or defenses.") (emphasis added); *see also, e.g., Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-201-JRG, 2017

4

██████████████████████████████████████████████████

U.S. Dist. LEXIS 157062, at *9 (E.D. Tex. May 26, 2017) ("no party shall reference discovery, any parties' discovery conduct in this case, or any discovery disputes, in the presence of the jury").

Netlist's response further demonstrates that the proposed evidence is highly prejudicial and confusing to the jury. Netlist argues that a single public JEDEC standard, produced by JEDEC but with a Samsung watermark, "show[s] that JEDEC was closely related to, if not controlled by, Samsung." Dkt. 447 at 14. That is not the case ████ ████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████ In response to Samsung's subpoenas, JEDEC granted limited access to the JEDEC database, from which the JEDEC documents were assigned Bates numbers and confidentiality designations. Ex. 17; Ex. 18. The method a non-party chooses to comply with a subpoena is not relevant to any issue before the jury. Netlist further argues that Mr. Gillingham's opinions on the JEDEC subpoena response is an extension of his other opinions regarding Samsung's role in JEDEC, but this again relies on improper evidence. Dkt. 447 at 13-14. Opinion on discovery issues does not become admissible when packaged together with other opinions on Samsung's JEDEC participation.

5

Dated: February 7, 2024 

Respectfully submitted,

By: */s/ Francis J. Albert*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:      (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 7, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

*/s/ Francis J. Albert*