IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) <br><br> ▇▇▇▇▇▇▇▇▇▇▇▇ |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON MICRON'S AFFIRMATIVE DEFENSES (DKT. 366)**

Micron does not respond to Netlist's statement of undisputed facts as required under Local Rule CV-56, and as such does not dispute any of those facts. For this reason alone, summary judgment should be granted in Netlist's favor.

**I.     Netlist Is Entitled to Summary Judgment on Micron's Affirmative Defenses Nos. 6 and 13 (License and Covenant Not to Sue and Exhaustion)**

Micron does not dispute that it failed to identify any facts supporting these defenses in response to Netlist's interrogatories. Instead, Micron claims it produced information in an exhibit to an interrogatory response in the -203 case, that "the parties have an agreement to be able to cross-reference discovery between the -203 and -294 matters," and that its non-infringement expert identified the defense as well. Opp. at 2-3. This is wrong for multiple reasons.

First, Micron's counsel expressly **excluded** cross-use of written interrogatory responses. Specifically, Micron's counsel stated ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 11 (McCullough Oct. 25, 2023 Email). Because this was Micron's only purported evidence produced during fact discovery in support of its alleged license defense, the Court should grant Netlist's motion.

Second, Micron does not dispute that it never actually identified a purported license in fact discovery. Micron bears the burden to prove that an effective license exists and covers the patents-in-suit. *CXT Sys., Inc. v. Acad., Ltd.*, 2020 WL 9936134, at *4, 5 (E.D. Tex. Jan. 30, 2020) (citing Fed. R. Civ. P. 8(c)(1)). Micron also bears the burden to prove an affirmative defense of exhaustion. Micron points to the December 21, 2023, **rebuttal** report of its expert Dr. Stone as alleged support for this defense. But even if Micron could avoid its obligations to produce relevant evidence during the fact discovery period by relying on its experts, it would have needed to do so with its **opening** report, as Micron bears the burden on this affirmative defense. *See* Third DCO, Dkt. 205 at 3 (identifying November 20, 2023, as the deadline to "Serve Disclosures

- 1 -

for Expert Witnesses by the Party with the Burden of Proof"). Micron's failure to provide evidence of any purported license in support of its affirmative defenses in discovery or opening expert reports requires exclusion, and summary judgment should be granted in Netlist's favor.

## II. Netlist Is Entitled to Summary Judgment on Micron's Laches Defense (No. 16)

Micron incredibly argues that it has a live affirmative defense of laches as to the '417 Patent. Opp. at 3-5. This is the first time Micron has ever identified such a defense.

Micron's Answer provides 33 paragraphs of allegations in support of its Affirmative Defense No. 16, which is directed entirely to the **'912 Patent**. Dkt. 122 at ¶¶ 18-51.[1] Micron does not mention the '417 Patent anywhere in that affirmative defense, at most providing the bare recitation that ███████████████████████████████████████████ ███████████████████████ *Id.*, ¶ 18.

Micron never provided any notice it was raising a laches defense as to the '417 Patent in discovery. Netlist's Interrogatory No. 14 expressly asked Micron to "Set Forth Your Complete Basis for your affirmative defenses." Dkt. 364-05 at 17. ████████████████████ ██████████████████████████████████████████████████ ████████████████████████████. Exs. 12 and 13. Nowhere in discovery did Micron ever identify that it would raise a prosecution laches defense as to the '417 Patent. Indeed, Micron's invalidity expert does not raise a prosecution laches defense in his opening report. Dkt. 366-06.

Summary judgment is appropriate because Micron failed to identify any basis for a prosecution laches defense as to the '417 Patent at any point in fact or expert discovery. *Zenith Elecs. LLC v. Vizio, Inc.*, 2010 WL 11475581, at *3 (E.D. Tex. July 13, 2010). Netlist would be severely prejudiced if Micron were permitted to raise such a defense now—after failing to provide any basis for such a defense—as Netlist's experts have had no opportunity to analyze the issue.

---

[1] In its opposition, Micron does not dispute that summary judgment is warranted on its laches defense for the '912 Patent. Summary judgment should thus be granted as to the '912 Patent.

| | |
|---|---|
| Dated: February 7, 2024 | Respectfully submitted,<br><br>*/s/ Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, Ph.D. (*pro hac vice*)<br>hzhong@irell.com<br>Andrew J. Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br><br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 7, 2024, a copy of the foregoing was served to all Micron counsel of record via Email as agreed by the parties.

*/s/ Yanan Zhao*
Yanan Zhao