# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAMSUNG ELECTRONICS CO, LTD; ) <br> SAMSUNG ELECTRONICS AMERICA, ) <br> INC.; SAMSUNG SEMICONDUCTOR ) <br> INC., ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICRON TECHNOLOGY, INC.; ) <br> MICRON SEMICONDUCTOR ) <br> PRODUCTS, INC.; MICRON ) <br> TECHNOLOGY TEXAS LLC, ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF ITS MOTION
TO STRIKE CERTAIN OPINIONS OF MICRON DEFENDANTS'
EXPERT DR. HAROLD STONE (DKT. 364)**

**Improper Essentiality Opinions:** Micron argues that "under Netlist's infringement theories, the asserted patent claims are standard essential" while simultaneously acknowledging that the logic diagrams cited by Netlist and its expert are "admittedly an optional feature provided in the JEDEC standards." Opp. 1, 3. As detailed in Netlist's reply in support of its motion for summary judgment regarding standard essentiality, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ So long as one or more features of the claims are not required by JEDEC (which the parties do not dispute), then the claims are not standard essential. Indeed, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Given the faulty premises underlying Micron's position, its attempted justifications for Dr. Stone's essentiality opinions fail. These opinions are untimely and not "proper rebuttal testimony" to new essentiality opinions. *Contra* Opp. 1. And Dr. Stone's analysis is legally deficient because he provides no mapping of the claims to essential parts of any JEDEC standards (either directly or via incorporation from Netlist contentions or reports). *Contra* Opp. 1-2.

Micron also states that "Dr. Stone did not opine that [Netlist's] RAND obligation applies to the accused DDR4 devices." Opp. 2. Given this admission, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Undisclosed NIAs:** Micron argues that "expert analysis and noninfringement contentions

are not required in response to interrogatories." Opp. 3 (citing *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRGRSP, 2017 WL 9988630, at *1 (E.D. Tex. Aug. 25, 2017)). But this is irrelevant because here ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Micron does not even address the cases Netlist cites in its motion where this Court struck NIAs disclosed for the first time in defendant's rebuttal report. *See* Mot. 3. Micron's misleadingly argues that its NIAs were rebuttal analysis to "theories raised for the first time in Netlist's expert report." Opp. 3-4. ▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

**Undisclosed "Phase-Lock Loop" Theory:** Micron does not dispute that it failed to disclose these non-infringement theories during fact discovery. Mot. 4. Micron's argument that Dr. Stone was responding to new infringement theory and claim construction is completely backwards. See Opp. 4-5. Netlist's contentions expressly state its theory that the limitation is met because ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

██████████████████████████████████████    Dkt. 364-9 at 31-32 ████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████. Notably, Micron did not move to strike these opinions as untimely, showing a tacit acknowledgment of their disclosure in Netlist's contentions. *See* Dkt. 369 (Micron's MTS Mangione-Smith). Rather, it was Dr. Stone—not Dr. Mangione-Smith—who advanced a previously undisclosed non-infringement theory rooted in a new claim construction of "operatively coupled." Dkt. 364-3 (Stone Rebuttal), ¶¶ 227-236, 238.

**Incorrect Standard Used in Infringement Analysis of '912, Claim 16:** Micron attempts to salvage Dr. Stone's opinions by advancing a new claim construction that the claimed memory module—recited as "***connectable*** to a computer system"—must instead be "in active communication with a computer system" to infringe. Opp. 5-6. There is no basis for Micron's untimely argument that the claimed apparatus must be turned on to infringe because the claims use "present-tense" language. *Cf. INVT SPE LLC v. ITC*, 46 F.4th 1361, 1372-73 (Fed. Cir. 2022) ("The intervenors argue that simple-present-tense words are enough to require actual operation [] but *Silicon Graphics* shows that is not true."); *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 607 F.3d 784, 795 (Fed. Cir. 2010) ("Even if the products cannot rasterize or store absent an operating system, they may include a rasterization circuit and a frame buffer for doing so [and] infringe separate and apart from the operating system.").

**Undisclosed and Improper SSPPU Theory:** Micron does not dispute that its interrogatory responses failed to disclose its position that RCDs and data buffers are SSPPUs. Opp. 7-8. The deposition of Netlist's representative in a prior case about different patents did not provide notice of how Dr. Stone would attempt to misapply those statements in determining the SSPPUs in this case, especially when Dr. Stone's theory contradicts the claims and court's construction. *See* Mot. 7-8.

**Undisclosed Comparability Analyses:** Micron concedes that it never identified any allegedly

comparable licenses to the patents-in-suit during discovery. Opp. 8-9. Rather, Micron produced these licenses in its previous litigation regarding different patents. Out of an abundance of caution, ▮ ▮ Micron's attempt to backdoor comparability opinions via alleged rebuttal testimony does not cure the fact that Netlist had no notice of any of Micron's comparability theories before their inclusion in Dr. Stone's rebuttal report, and had no opportunity to seek discovery or question Micron's witnesses about comparability. *See Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2023 WL 8260866, at *3–4 (E.D. Tex. Nov. 28, 2023) (finding prejudice where defendant "never identified" comparable agreement during discovery).

**Improper Claim Construction:** The substance of Micron's argument makes clear that Dr. Stone is not merely opining on plain and ordinary meaning and intends to make claim construction arguments to the jury based on passages of the specification, which is improper. *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 n.6 (Fed. Cir. 2008). The Court properly rejected Defendants' narrowed construction, and Micron should not be permitted a second attempt via fact testimony before the jury. Moreover, as noted in Netlist's motion, Dr. Stone's opinion also errs by directly comparing the specification to the claims for the purposes of infringement. Mot. 9.

**Unsupported Anticipation Opinions:** ▮

**Undisclosed Written Description Theories:** Micron's P.R. 3-3(d) disclosure cites all or nearly all of the limitations of the asserted claims as not disclosed in the specification. ▮

- 4 -

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ As Micron acknowledges, this Court has found boilerplate language with respect to invalidity contentions to be insufficient. Opp. 12. And Netlist Micron does not deny that Netlist sought discovery on Micron's written description theories to which it did not substantively respond, *see* Mot. 11, nor was Netlist obligated to move to compel compliance with the Court's invalidity contention rules. *See, e.g.*, *CoreLogic Info. Sols., Inc. v. Fiserv, Inc.*, No. 2:10-CV-132, Dkt. 396 (E.D. Tex. Sept. 13, 2012).

**Deficient Derivation & Prior Invention Opinions:** Micron does not deny that Dr. Stone provided ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Opp. 13-14. Indeed, while Micron argues (wrongly) that other references analyzed by Dr. Stone disclose each element of the claimed invention, Micron does not contend the same about the alleged prior art JEDEC standards. *See* Opp. 10-11. Instead, Micron's arguments highlight the insufficiency of Dr. Stone's derivation and prior invention opinions. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dr. Stone's analysis is contradictory and conclusory.

**Irrelevant IPR References:** Micron argues that IPRs may be considered part of the prosecution history for the purposes of a court' review of a motion to dismiss or in claim construction, but that does not give an expert free rein to discuss IPRs before a jury in violation of Court MILs.

**Improper Reference to Samsung Litigation:** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

| | |
|---|---|
| Dated: February 7, 2024 | Respectfully submitted,<br><br>*/s/ Jason Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that, on February 7, 2024, a copy of the foregoing was served to all Samsung counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao