IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO, LTD;<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.; SAMSUNG SEMICONDUCTOR<br>INC.,<br><br>    Defendants. | Case No. 2:22-cv-293-JRG<br><br>JURY TRIAL DEMANDED<br>(Lead Case)<br><br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>MICRON TECHNOLOGY, INC.;<br>MICRON SEMICONDUCTOR<br>PRODUCTS, INC.; MICRON<br>TECHNOLOGY TEXAS LLC,<br><br>    Defendants. | Case No. 2:22-cv-294-JRG<br><br>JURY TRIAL DEMANDED |

**NETLIST, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT DISMISSING MICRON'S AFFIRMATIVE DEFENSE OF
BREACH OF RAND OBLIGATION OR IN THE ALTERNATIVE FOR
SEVERANCE**

Micron "does not dispute" that "[i]f the Court grants Netlist's co-pending motion that the Asserted Patents are not standard essential, the Court should also grant the present Motion because the JEDEC policy only requires RAND licensing for standard essential patents." Dkt. 433 at 1. Micron likewise does not dispute that its RAND defense is an equitable issue that should be severed from the jury trial. *Id.* ("nor has Micron claimed this equitable defense should be tried by the jury"). In *Micron I*, this Court granted summary judgment on Micron's RAND defense because the patents were not standard essential, and the same ruling is appropriate here. Exs. 11, 12 (*Micron I* Dkts. 421, 478).

Micron disputes, however, whether summary judgment is appropriate for the additional reason that Netlist's RAND proposals to Micron were worldwide in scope, and therefore this Court lacks jurisdiction to address them. *See Optis Wireless Tech., LLC v. Apple Inc.*, 2020 WL 999463, at *3 (E.D. Tex. Mar. 2, 2020) (court lacks jurisdiction to address whether SEP holder has "complied with their obligations under foreign laws or as they relate to foreign patents"). Where an offer includes foreign patents, the test for jurisdiction is whether "the U.S. components of the license offers could [] be extricated from the foreign components in any meaningful way." *Id.* at *4. Further, Micron's corporate representative testified that portfolio licenses including both SEPs and non-SEPs are not required to be RAND. Ex. 13 (Westergard) at 79:15-23 ("What steps do you ensure that your cross-licenses comply with JEDEC F/RAND obligations? A: When the license is to an entire portfolio, a very small percentage of which contains patents related to JEDEC, then it's -- it's an unnecessary action point") (objections omitted). Here, all of Netlist's licensing offers were worldwide in scope and included non-SEPs, and Micron identifies no evidence allowing the Court to determine what portion of Netlist's offers were attributable to the U.S. SEPs specifically.

**2021 Offer**. Micron argues that Netlist's 2021 licensing offer included only U.S. Patents. Not so.

- 1 -

██████████████████████████████████████████████████████████████████ Dkt. 433-3. Micron identifies no evidence allowing the Court to extricate the portion of the royalty rate offered in the letter that is attributable to the U.S. SEPs, as opposed to the foreign patents and non-SEPs.

***2022 Offer.*** ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███ Micron again identifies no evidence allowing the Court to extricate the portion of the royalty rate that is attributable to the U.S. SEPs, as opposed to the foreign patents and non-SEPs.

***2023 Offer.*** Micron admits that Netlist's 2023 offer was ██████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

█████████████████████████████████ and Micron does not identify any evidence that would allow the Court to determine how much of that proposed amount is attributable to the U.S. Patents versus the foreign ones, or even the amount attributable to the SEPs as opposed to non-SEPs.

Finally, Micron attempts to distinguish this Court's decision in *Optis*. But just as in that case, Micron, as the party asserting an affirmative defense and bearing the burden of proof, has produced no evidence permitting the Court to disentangle the U.S. Patents from the worldwide licensing offers.

| | |
|---|---|
| Dated: February 7, 2024 | Respectfully submitted,<br><br>*/s/ Stephen M. Payne*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that, on February 7, 2024, a copy of the foregoing was served to all counsel of record.

*/s/Isabella Chestney*
Isabella Chestney

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/Isabella Chestney*
Isabella Chestney

- 4 -