# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAMSUNG ELECTRONICS CO, LTD; ) <br> SAMSUNG ELECTRONICS AMERICA, ) <br> INC.; SAMSUNG SEMICONDUCTOR ) <br> INC., ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICRON TECHNOLOGY, INC.; ) <br> MICRON SEMICONDUCTOR ) <br> PRODUCTS, INC.; MICRON ) <br> TECHNOLOGY TEXAS LLC, ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE OPINIONS OF DR. MATTHEW LYNDE**

**TABLE OF CONTENTS**

**Page**

A. Dr. Lynde Used the Wrong Hypothetical Negotiation Date ........................................ 1

B. Dr. Lynde's Comparable License Analysis Is Unreliable .............................................. 2

C. Dr. Lynde's Analysis of ELM, Goodman, Janus and Limestone Is Improper .......................................................................................................................... 3

D. Dr. Lynde Provides Improper Legal Interpretations .................................................... 3

E. Opinion that SK Hynix License Is "Under a RAND Obligation" ............................... 4

F. Improper Use of Rule 408 Communications (Ex. 1 ¶¶ 68-73, 76-80) ......................... 4

G. Improper References to RAND, Royalty Stacking, and Hold-Up ............................... 5

H. References to Undisclosed Alleged NIAs (Ex. 2 ¶ 245) ............................................... 5

I. References to Alleged JEDEC Contributions (Ex. 2 ¶¶ 74-75) .................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Wi-LAN Inc.*,
 25 F.4th 960 (Fed. Cir. 2022) .................................................................................................2

*Communs., Inc. v. MicroData GIS, Inc.*,
 2013 WL 11322510 (E.D. Tex. Dec. 3, 2013) .........................................................................1

*Genband v. Metaswitch Networks*,
 2016 WL 122967 (E.D. Tex. Jan. 9, 2016) ..........................................................................5, 6

*Good Tech. Corp. v. Mobileiron, Inc.*,
 2015 WL 4090431 (N.D. Cal. July 5, 2015) ...........................................................................3

*LaserDynamics v. Quanta Computer, Inc.*,
 694 F.3d 51 (Fed. Cir. 2012) ...................................................................................................1

*Uniloc USA, Inc. v. Samsung Elec. Am., Inc.*,
 2019 WL 2267212 (E.D. Tex. 2019) ...................................................................................1, 4

*Uniloc v. Microsoft*,
 632 F.3d 1292 (Fed. Cir. 2011) ...............................................................................................3

**Other Authorities**

Rule 408 ..........................................................................................................................................5

A.   **Dr. Lynde Used the Wrong Hypothetical Negotiation Date**[1]

Micron does not dispute that Dr. Lynde violated black letter law by using potential notice dates for the hypothetical negotiation, instead of the date of first infringement. Ex. 2 ¶¶ 200-203 ███████████████████████████████████████████████████████████████

███████████████████████████████████████ Contrary to Micron's suggestion, none of the notice dates Dr. Lynde used match up with the undisputed date of first infringement—i.e., 2012 for the '912 Patent and August 17, 2021 for the '417 Patent.[2] Micron's argument that Dr. Lynde's error can be addressed on "cross exam" runs afoul of Federal Circuit precedent, which makes clear that where an expert fails to consider the correct hypothetical negotiation date, their analysis is unreliable and must be excluded. *LaserDynamics*, 694 F.3d at 75 ("Because our decision alters the time period when the analysis under *Georgia–Pacific* is to take place, we remand for a new trial on damages pursuant to the [correct] hypothetical negotiation date."); *Communs., Inc. v. MicroData GIS, Inc.*, 2013 WL 11322510, *2 (E.D. Tex. Dec. 3, 2013) (excluding testimony as "fatally flawed, in that it calculates reasonable royalty based on an incorrect hypothetical negotiation date").

Micron's conclusory assertion that "Dr. Lynde's affirmative opinions are not changed by the hypothetical negotiation date" does not save his flawed analysis. Dr. Lynde failed to even identify the correct date, much less consider it and concluded that using a different date (that is nearly a decade earlier than the date he considered) would not impact his analysis. Micron's attempt to substitute attorney argument to cure his error does not suffice. *Uniloc USA, Inc. v. Samsung Elec. Am., Inc.*, 2019 WL 2267212, *13 (E.D. Tex. 2019) ("Uniloc's third argument—attorney argument that the licenses 'are, on their face,' comparable—fails for complete lack of evidentiary support. Attorney argument

---

[1] Netlist's motion inadvertently referred to Ex. 1 for this section. The motion is directed to Ex. 2 ¶¶ 199-267 (Dr. Lynde's Rebuttal Report).

[2] Micron falsely asserts "the date of first infringement of the patents-in-suit is disputed." Opp. at 1. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

cannot substitute for an absence of admissible evidence demonstrating that the licenses are comparable.").

Micron next engages in misdirection by arguing that Dr. Lynde should be permitted to offer "rebuttal opinions" and that experts are allowed to "rely on licenses entered after the date of the hypothetical negotiation." Dkt. 426 at 1-4. Netlist has not moved to exclude Dr. Lynde's rebuttal opinions (Ex. 2 ¶¶ 52-198) on this ground; nor does Netlist dispute that experts may consider licenses from both before and after the hypothetical negotiation date. This does not change the fact that Dr. Lynde's affirmative damages opinion—including his analysis of economic comparability—took into account timing and was expressly based on an indisputably wrong hypothetical negotiation date. *Id.* ¶ 252 ▮▮▮

## B. Dr. Lynde's Comparable License Analysis Is Unreliable

The methodology Dr. Lynde uses to convert the portfolio rates paid under the ▮▮▮ licenses to a "per patent family" rate relies on two generic assumptions: (1) the value of any patent family in any license can be derived simply by dividing the rate by the number of patent families licensed, and (2) the value of a patent family in the top half of a license is "worth 1.9x the average patent value." Ex. 2, ¶¶ 107, 109, 112, 259, 263-64, Schedules 8A-8F, 10-A-D ▮▮▮ Neither of these "rules of thumb" have any connection to how "the contracting parties" to each of these licenses "treated" the patents in question, as required by Federal Circuit precedent. *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 971, 973 (Fed. Cir. 2022). This is confirmed by the fact that ▮▮▮. In its opposition, Micron tellingly does not even attempt to differentiate Dr. Lynde's use of generic econometric rules

that have no connection to the facts from the similar "25% Rule of Thumb" or "Nash theorem," which the Federal Circuit rejected as being "abstract and largely theoretical construct[s]" that "do not say anything about a particular hypothetical negotiation or reasonable royalty involving any particular technology, industry or party." *Uniloc v. Microsoft*, 632 F.3d 1292, 1317 (Fed. Cir. 2011); *VirnetX*, 767 F.3d at 1332 (use of "Nash theorem" improper as it does "not differentiate between different industries, technologies, or parties"); *Good Tech. Corp. v. Mobileiron, Inc.*, 2015 WL 4090431, at *7 (N.D. Cal. July 5, 2015) (baseline assumption of equal value taints analysis "even if later modified").

**C.   Dr. Lynde's Analysis of** ████████████████████████ **Is Improper**

Netlist does not dispute that an expert may consider the relationship between the parties in assessing comparability, but Dr. Lynde should not be permitted to use this factor to violate the Court's MILs 3 or 11. As to the ████████, Micron admits one of the facts Dr. Lynde relies on for comparability—i.e., that the license "includes the Accused Products"—has no factual basis because Micron's corporate representative confirmed that none of Micron's products practiced the ELM patents. Opp. at 8.  Micron's assertions regarding technical comparability and Dr. Lynde's assumption "that Micron infringed the patents in suit" miss the point. The issue of whether Micron was using the ELM 3DS patents is critical to economic—not technical—comparability, and Dr. Lynde must assume Micron infringes **the Asserted Patents in this case**, not the patents at issue in the ELM.  Because Dr. Lynde's analysis is based on an admittedly wrong assumption, his analysis should be excluded.

**D.   Dr. Lynde Provides Improper Legal Interpretations**

Regardless of whether Micron's antitrust claim survives, it is inappropriate for Dr. Lynde to engage in legal contract interpretation. Micron claims he is applying an "economic interpretation," but this has no basis in reality.  The portions Netlist seeks to strike (Ex. 2 ¶¶ 118, 129-33, 218, and 224 and Ex. 1, ¶¶ 56-57, 76-81) ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ This Court excluded

similar opinions in *Samsung I* and *Micron I*, and should do so again here. *Micron I* Dkt. 466 at 4 ("The Court finds that Dr. Lynde impermissibly engages in contract interpretation with regards to the MFL clause. Contrary to Micron's assertion, this Court has not previously held that economists are free to engage in contract clause interpretation under the guise of 'economic perspective'"); *Micron I* PTC Tr. at 44:5-17 ("I'm going to grant the motion in limine to the extent, first, that there can be no argument that the SK hynix agreement is not legally binding on SK Hynix."); *Samsung* I, Dkt. 432 (same).

E.  **Opinion that SK Hynix License Is "Under a RAND Obligation"**

Micron is attempting to revise Dr. Lynde's opinion. He does not opine on "what effect the Hynix license would have on damages if it were 'under a RAND obligation'" (Opp. at 9); ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ There is no basis for this opinion in the record. Micron argues the patents-in-suit are covered by the SK Hynix license, and that ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ While that opinion rests on a mischaracterization of Netlist's position and does not create a genuine dispute for the reasons described in Netlist's motion for summary judgment on essentiality (Dkt. 362), it still at most addresses 2 out of over-100 patents licensed in the SK Hynix license. And, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In the Fifth Circuit, Micron is bound by this testimony. The Court excluded the same opinion in *Micron 1*. *Micron* 1, Dkt. 466 at 4.

F.  **Improper Use of Rule 408 Communications (Ex. 1 ¶¶ 68-73, 76-80)**

Micron argues that it is not using the settlement communications to prove the validity of a claim, but that is simply not true. Micron wants to use the content of these 408 communications to try to prove the validity of its antitrust claim—i.e., that the offers contained in them were supposedly "supracompetitive." This is precisely the type of use prohibited by Rule 408. Micron does not cite a

single case where a party was allowed to use a settlement communication to prove an antitrust claim.

## G. Improper References to RAND, Royalty Stacking, and Hold-Up[3]

Micron agrees that Dr. Lynde's RAND analysis is not relevant if the patents are not SEPs. Micron has not met its burden to show they are. Thus, the Court should strike Dr. Lynde's RAND analysis and other references to RAND, as it did in *Micron 1*. *Micron 1*, Dkt. 466 at 4.

## H. References to Undisclosed Alleged NIAs (Ex. 2 ¶ 245)[4]

Micron does not dispute that it failed to identify any NIAs during discovery. Unlike the paragraphs in the -203 case that the Court declined to strike, the paragraph Netlist seeks to exclude here is not a "rebuttal" to Mr. Kennedy's Report and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dr. Lynde should not be allowed to affirmatively opine on NIAs not disclosed during fact discovery.

## I. References to Alleged JEDEC Contributions (Ex. 2 ¶¶ 74-75)

Even if this Court denies Netlist's essentiality summary judgment motion, Dr. Lynde should not be permitted to offer his JEDEC contributions opinion. Micron has not explained how counting thousands of contributions to broad standards has any connection to the facts. The Court excluded a nearly identical opinion from Dr. Lynde in *Genband* and should do so here:

> [T]he way Mr. Lynde determines the fraction of the value of the "VoIP standard as a whole" to which Genband's patents are attributable is by counting the number of companies that provided intellectual property disclosures to the relevant VoIP standard setting organizations, and assuming that the value of each participant company's patent portfolio is the same. This approach ignores the size of each company, the number of patents in each company's portfolio, and the differences in value between patents—**his approach necessarily assumes that every participant company's patent portfolio was exactly the same** [.]

*Genband v. Metaswitch Networks*, 2016 WL 122967, *5 (E.D. Tex. Jan. 9, 2016) (excluding opinions).

---

[3] This includes: Ex. 1 ¶¶ 17, 18-20, 29-48, 64, 74, 76-81, 82-87, 90, 92 and Ex. 2 ¶¶ 10, 33-34, 37-39, 42-52, 98-106, 111, 166, 199, 206-207, 222, 232, 235-239, 242-46, 257.

[4] Netlist's motion inadvertently referred to the wrong paragraphs. Netlist seeks to strike Ex. 2 ¶ 245.

Dated: February 7, 2024                                Respectfully submitted,

/s/ *Jason G. Sheasby*
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ *Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF SERVICE

I hereby certify that, on February 7, 2024, a copy of the foregoing was served to all Micron counsel of record via Email as agreed by the parties.

/s/ *Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF CONFERENCE

I hereby certify that, on February 7, 2024, counsel for Netlist met and conferred with Micron's counsel regarding the subject matter of Netlist's motion. Micron opposes Netlist's motion.

/s/ *Yanan Zhao*
Yanan Zhao