# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT THAT THE ASSERTED PATENTS ARE NOT STANDARD ESSENTIAL (MICRON CASE NO. 2:22-CV-294) (DKT. 362)**

# TABLE OF CONTENTS

**Page**

I. Micron Admits the Claims Are Not Required by the JEDEC Standards .................................. 1

II. Micron's "If Infringed, Then Essential" Theory Does Not Create A Genuine Dispute ....... 1

III. Micron's Non-Infringement Arguments Are Irrelevant to this Motion and Incorrect .......... 4

Micron's opposition confirms that there is no genuine dispute that the '912 and '417 Patents are not standard essential and that summary judgment should be granted.

I. **Micron Admits the Claims Are Not Required by the JEDEC Standards**

Micron "admit[s]" that JEDEC policy defines an essential patent claim as "Those Patent claims the use of which would necessarily be infringed by the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the required portions of a final approved JEDEC Standard" and that "***Essential Patent Claims do not include Patent claims covering aspects that are not required to comply with a JEDEC Standard***, or are required only for compliance with sections that are marked 'example,' 'non-normative,' or otherwise indicated as not being required for compliance." Dkt. 362-1 at § 8.2.1 (emphasis added).

Micron does not argue that the asserted claims meet this definition, nor does it identify any analysis in the record showing that each element of the claims is required by the standard. To the contrary, Micron concedes throughout its opposition that the portions of the JEDEC standards it claims are related to the '912 and '417 Patents are optional. *See, e.g.*, Dkt. 448 (Opp.) at 3 ███████ ███████████████████████████████████████, 9 ███████████████████████████████████ ███████████████████████████████████████ ██████████████████, 10 ███████████████████████████████████. These admissions are dispositive. Because both parties agree that certain portions of the standards relating to the claims are optional, the claims cannot be essential and summary judgment should issue.

II. **Micron's "If Infringed, Then Essential" Theory Does Not Create A Genuine Dispute**

Although agreeing the claims are not essential, Micron argues that it should nonetheless be permitted to argue essentiality and RAND to the jury because Netlist's "entire infringement theory is

- 1 -

- 2 -

predicated on [the Asserted Patents] being standard essential." Opp. at 1. This argument has no connection to reality. Netlist does not contend the '912 and '417 Patents are standard-essential and

[redacted]

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████ Micron merely suggests its products are standards-compliant but, as discussed above, the mere fact a product is standards-compliant does not mean a patent claim that covers it is standard-essential.

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████ Micron admits these features are optional, as discussed above.

This Court has previously rejected (twice) the same "if infringed, then essential" argument by Micron and Samsung. At the pretrial conference in the Samsung I litigation, Samsung made the same argument that Netlist's infringement contentions supposedly relied on the JEDEC Standards, and that Samsung should therefore be allowed to inject the issues of standard essentiality and RAND into the case. Ex. 13 (2023-03-28 Samsung I PTC) at 240:13-16 (Samsung counsel contending that "Both in their infringement contentions and through their expert reports, they have repeatedly pointed to JEDEC compliance in their -- with respect to their accusations."). The Court rejected Samsung's argument and excluded all references to essentiality and RAND. *Id.* at 248:6-9 ("With regard to the references to RAND, I'm going to grant that portion of the motion as we've established beyond doubt today there are no standard essential patents at issue in this case."). Similarly, the Court recently entered summary judgment in the Micron I litigation that the patents in that case are not standard essential, rejecting Micron's identical argument that there was a fact dispute on essentiality because

- 3 -

"Netlist's infringement allegations for the '918 and '054 Patents clearly hinge on the Relevant JEDEC Standards." Dkt. 362-7 at 3. Specifically, this Court held:

> Micron's 'express' evidence based on Netlist's infringement contentions is grounded in the argument that the contentions are seemingly based upon the JEDEC standard. However, nothing within the contentions expressly demonstrates that the JEDEC standard is relied upon for the contentions. Further, the "implicit" evidence that Dr. Mangione-Smith relies on the standard is also not sufficient. Absent any other evidence demonstrating that a genuine issue of material persists, Micron has not met its burden. Accordingly, a genuine issue of material fact is not present, and it is recommended that the Motion for Summary Judgment that the '918 and '054 Patents are not standard-essential be **GRANTED**.

*Id.* at 4; *see also* Ex. 14 (Micron I Dkt. 478) (adopting R&R). The same ruling is appropriate here.

Micron attempts to distinguish this Court's summary judgment order in Micron I by arguing that in Micron I Netlist's infringement theory focused on the accused products, whereas in this case Netlist "did not undertake to analyze the actual Accused Products." Opp. at 17. This argument is wrong for the same reasons discussed above – Netlist's infringement analysis in this case is based on analysis of the accused products, not JEDEC standards. Similarly, Micron's citation to the claim construction hearing does not render this case different from Micron I. Netlist acknowledges that, at the time of claim construction, Netlist counsel stated that expert analysis might determine the '912 Patent was essential, but counsel noted that "an expert will have to do" the analysis. Dkt. 448-9 at 8:23-9:11. Netlist's experts subsequently performed this analysis in their reports and determined the claims are not essential. Further, counsel was clear that "it's unlikely the '417 will be put forward as standard essential as opposed to infringed based on the technology." *Id.* at 108:16-22.

### III. Micron's Non-Infringement Arguments Are Irrelevant to this Motion and Incorrect

Micron devotes a substantial portion of its opposition not to addressing the actual issue presented of standard essentiality, but rather to submission of additional argument on Micron's motion for summary judgment of non-infringement (at least 11 pages worth). Micron's attempt to further argue its non-infringement position in opposition to a different motion is irrelevant and also an improper attempt to evade the Court's summary judgment page limits as well as the deadline for

affirmative summary judgment motions. At the pretrial conference in Micron I, Judge Payne noted that the issues of infringement and essentiality are different questions and rejected Micron's attempt to conflate to the two. Ex. 15, at 30:8-11 ("THE COURT: To me that's a confusing position to say that if your accused products infringe then the Plaintiff's patents are standard essential. I don't understand why there should be that connection."), 30:25-31:5 ("THE COURT: You know, the Plaintiff's patent exists independent of your products. MR. ENZMINGER: Understood. THE COURT: Either it is standard essential or it's not. How does whether your products infringe the patent determine whether their patent is standard essential?"). Micron's attempt to repeat the same tactic here likewise has no relevance to the present motion.

In any event, Micron's assertion that Dr. Mangione-Smith supposedly relies only on JEDEC diagrams to prove infringement with no analysis of Micron's products is wrong. As explained in Netlist's opposition to Micron's motion for summary judgment of non-infringement (Dkt. 445), ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ So long as one or more features of the claims are not required by JEDEC (and there is no dispute that is the case here), then the claims are not standard essential.

- 5 -

| | |
|---|---|
| Dated: February 7, 2024 | Respectfully submitted, |
| | */s/ Stephen M. Payne* |
| | Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that, on February 7, 2024, a copy of the foregoing was served to all Samsung counsel of record.

*/s/ Stephen M. Payne*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Stephen M. Payne*