# EXHIBIT 13

```
1              IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF TEXAS
2                        MARSHALL DIVISION

3   NETLIST, INC.,                  (  CAUSE NO. 2:21-CV-463-JRG
                                     )
4           Plaintiff,              (
                                     )
5   vs.                             (
                                     )
6   SAMSUNG ELECTRONICS CO., LTD.,  (
    et al.,                          )  MARSHALL, TEXAS
7                                   (  MARCH 28, 2023
            Defendants.              )  9:00 A.M.
8   _____

9
                            VOLUME 1
10
    _____
11
                       PRETRIAL CONFERENCE
12
              BEFORE THE HONORABLE RODNEY GILSTRAP
13             UNITED STATES CHIEF DISTRICT JUDGE

14  _____

15

16

17

18

19

20

21

22             SHAWN McROBERTS, RMR, CRR
                 100 E. HOUSTON STREET
23              MARSHALL, TEXAS  75670
                    (903) 923-8546
24          shawn_mcroberts@txed.uscourts.gov

25
```

Shawn M. McRoberts, RMR, CRR
Federal Official Court Reporter

1  Samsung's DDR4 load-reduced dual in-line memory modules,
2  LRDIMMs.  This is their infringement contentions.
3      After identifying specific models, they say, well, wait a
4  minute, that's not everything.  Just to be clear, our DDR4
5  patents are asserted against any other Samsung DDR4 LRDIMM
6  products made, sold, offered for sale, so forth, that are
7  JEDEC standard compliant memory modules.
8      So they are making JEDEC standard compliance an issue in
9  this case.  And if they are able to prove infringement, it has
10 to be conformed to the theories they disclose in their
11 infringement contentions.  Otherwise, they're outside the
12 bounds of what they provided notice for throughout this case.
13     So they are stuck with this theory, Your Honor.  Both in
14 their infringement contentions and through their expert
15 reports, they have repeatedly pointed to JEDEC compliance in
16 their -- with respect to their accusations.
17     These are their infringement contentions with respect to
18 the '506 and '339 Patent.  They identify specific JEDEC
19 standards.  In fact, the very first element for the '506 1[i]
20 says, a first data buffer, and they're citing JEDEC standards.
21 The '339 Patent, they cite another JEDEC standard, JESD82-31A.
22     So Mr. Halbert took that, took them at their word, looked
23 at their infringement contentions, and said, okay, I'm going
24 to look at first DDR4 LRDIMM standards, I'm going to look at
25 DDR5 standards, and I'm going to look at the specific

1  which is identified as paragraphs 289 through 305 of Mr.
2  Meyer's rebuttal report, I'm going to grant the motion and
3  strike those paragraphs.  I think they do fall within the
4  purview of *Apple versus Wi-Lan* and they are probably not
5  reliable in light of that and other precedent.
6       With regard to the references to RAND, I'm going to grant
7  that portion of the motion as we've established beyond doubt
8  today there are no standard essential patents at issue in this
9  case.  Therefore, any mention of a RAND contractual obligation
10 would violate Rule 403 and be highly confusing and prejudicial
11 with limited, if any, probative value.
12      With reference to the NIAs, I'm going to deny that
13 portion of the motion.
14      With regard to the references to other litigation and
15 IPRs, consistent with the Court's earlier discussed practices,
16 I'm going to grant that.  Again, I think that's mandated by a
17 fair application of Rule 403 where there's considerable risk
18 of prejudice and confusion and limited probative value.
19      With regard to the references to the alleged JEDEC
20 contributions, I'm going to deny that portion of the motion.
21 I believe this witness is entitled to respond to Mr. Kennedy's
22 opinions.  Particularly in that regard, I don't find anything
23 in this section of his report that cannot fairly be addressed
24 by Plaintiff through cross-examination and rises to the level
25 of needing to be excluded.

```
 1              I HEREBY CERTIFY THAT THE FOREGOING IS A
 2         CORRECT TRANSCRIPT FROM THE RECORD OF
 3         PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
 4         I FURTHER CERTIFY THAT THE TRANSCRIPT FEES
 5         FORMAT COMPLY WITH THOSE PRESCRIBED BY THE
 6         COURT AND THE JUDICIAL CONFERENCE OF THE
 7         UNITED STATES.
 8
 9         S/Shawn McRoberts                04/02/2023
10         _____DATE_____
           SHAWN McROBERTS, RMR, CRR
11         FEDERAL OFFICIAL COURT REPORTER
```