# EXHIBIT 15

```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF TEXAS
                           MARSHALL DIVISION

NETLIST, INC.,                      (  CAUSE NO. 2:22-CV-203-JRG
                                    )
         Plaintiff,                 (
                                    )
vs.                                 (
                                    )
MICRON TECHNOLOGY, INC.,            (
et al.,                             )  MARSHALL, TEXAS
                                    (  DECEMBER 20, 2023
         Defendants.                )  9:00 A.M.
_____




_____

                         PRETRIAL CONFERENCE



                 BEFORE THE HONORABLE ROY S. PAYNE
                   UNITED STATES MAGISTRATE JUDGE

_____









                    SHAWN McROBERTS, RMR, CRR
                      100 E. HOUSTON STREET
                    MARSHALL, TEXAS  75670
                         (903) 923-8546
                 shawn_mcroberts@txed.uscourts.gov
```

1  asserting that the -- at least the parents in the patents --
2  the issues in these patents were RAND offers under the JEDEC
3  policy.  So there's plenty of evidence from which the jury
4  will be able to determine that the Plaintiff's claims are to
5  standard essential patents if they infringe the -- if the
6  design of the JESD301-1 standard infringes the '918 and '054
7  Patents.
8           THE COURT:  To me that's a confusing position to say
9  that if your accused products infringe then the Plaintiff's
10 patents are standard essential.  I don't understand why there
11 should be that connection.
12          MR. ENZMINGER:  It comes down to the
13 non-infringement position, basically, because the design is
14 the design; it's a JESD standard design.  One of the elements
15 of the patent is a -- is just a converter circuit which the
16 parties dispute whether that converter circuit has to be a
17 buck converter or an LDO or a dropout is a converter circuit.
18      So the design of the standard is not different; it's the
19 question of does the patent read on that design.  And so if it
20 doesn't, then it's obviously not standard essential because
21 it's not -- there's no infringement.  But if it does infringe,
22 there's plenty of evidence from Netlist and from Micron itself
23 that there isn't an alternative design that complies with the
24 standard.
25          THE COURT:  You know, the Plaintiff's patent exists

1   independent of your products.

2        MR. ENZMINGER:  Understood.

3        THE COURT:  Either it is standard essential or it's

4   not.  How does whether your products infringe the patent

5   determine whether their patent is standard essential?

6        MR. ENZMINGER:  Because the patent -- the read is

7   on the JEDEC standard design, so the argument is the JEDEC

8   standard doesn't -- if implemented would not infringe the

9   patent, but if it is implemented and it is infringed, then

10  it's essential because there isn't an alternative to that.

11       THE COURT:  You indicated in your written opposition

12  to this MIL that this MIL should rise and fall with the

13  resolution of Netlist's motion for summary judgment of no

14  standard essentiality.  Is that your position?

15       MR. ENZMINGER:  Yes.  I think it's the same thing.

16       THE COURT:  All right.  In that case, it seems to me

17  that that would be the appropriate way to take this MIL up.

18     Let me see if Mr. Sheasby has any dispute with that

19  analysis.

20       MR. SHEASBY:  Your Honor --

21     If I could have slide deck 5.

22     So there is --

23     If we can go to slide 6.

24     So I think that there are two separate issues here.  One

25  issue is, is that there is some -- can we affirmatively prove