**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAMSUNG ELECTRONICS CO, LTD; ) <br> SAMSUNG ELECTRONICS AMERICA, ) <br> INC.; SAMSUNG SEMICONDUCTOR ) <br> INC., ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) <br><br> ▬▬▬▬▬▬▬▬ |
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICRON TECHNOLOGY, INC.; ) <br> MICRON SEMICONDUCTOR ) <br> PRODUCTS, INC.; MICRON ) <br> TECHNOLOGY TEXAS LLC, ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**NETLIST INC.'S REPLY IN SUPPORT OF NETLIST'S MOTION FOR
SUMMARY JUDGMENT ON SAMSUNG'S DEFENSE OF
PROSECUTION HISTORY ESTOPPEL (DKT. 349)**

## I. No Prosecution History Estoppel for Claim 16 of the '912 Patent

Samsung does not dispute that the specific limitation at issue ("wherein the command signal is transmitted to only one DDR memory device at a time") was not amended or narrowed at any point during prosecution. Instead, Samsung merely argues (citing *Honeywell*) that **different** elements of the claim were revised during reexamination proceedings. As an initial matter, *Honeywell* does not apply here because it held that "the rewriting of dependent claims into independent form **coupled with the cancellation of the original independent claims** creates a presumption of prosecution history estoppel." *Honeywell Int'l v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1134 (Fed. Cir. 2004). Samsung concedes that here independent claim 15 was **not** cancelled during reexamination, and that the only change to formerly dependent claim 16 was re-writing claim 16 verbatim in independent form. The sole case Samsung cites extending *Honeywell I* to a situation where the underlying claim was amended rather than cancelled is *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 757 F. Supp. 2d 1006 (E.D. Cal. 2010). But in *Duhn*, the limitation at issue appeared in both the original dependent claim (claim 90) and the amended independent claim (claim 72). *Id.* at 1027. Here, the "command signal" limitation of dependent claim 16 was not part of original claim 15, and none of the amendments to claim 15 are related to the "command signal" limitation. Ex. 11, 2:52-3:8; Dkt. 184 at 2-3. Thus, the rule in *Honeywell I* does not apply. *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 2010 WL 1485326, at *2-3 (D. Del. Apr. 12, 2010) ("The case at bar avoids application of the *Honeywell* rule because the applicants did not cancel independent claim 21 after submitting independent claim 41."). Samsung's attempt to argue that the pre-*Festo* cases cited in Netlist's motion have been abrogated is wrong. Those cases do not conflict with *Honeywell* for the reasons discussed above, and this Court has recently cited to both cases with approval. *United Services Automobile Ass'n v. PNC Bank N.A.*, 622 F. Supp. 3d 337, 346 (E.D. Tex. 2022).

Further, even if the *Honeywell* rule applied generally, that still would not establish estoppel because prosecution history estoppel is assessed on a "limitation-by-limitation" basis, and Samsung

has not identified any amendment or narrowing **of the specific limitation in question**. *Honeywell I*, 370 F.3d at 1144. Whether Netlist amended or narrowed other unrelated claim limitations is irrelevant. Indeed, in *Honeywell*, the presumption of estoppel applied to the specific narrowing amendment, i.e., adding the "inlet guide vane" limitation of the former dependent claim into its associated independent claim. *Id.* The amendments to claim 15 do not relate to the "command signal" limitation of claim 16.

With respect to tangentiality, Netlist's motion identified Mr. McAlexander's concession that claim 16 was found allowable because the requesters failed to show ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 6 (McAlexander Rpt.) ¶ 276. Samsung does not dispute that the issue for the doctrine of equivalents is **how** the transmission of the command signal to a single memory device at a time occurs when there are ranks of multiple memory devices. Dkt. 349 at 3. Moreover, the narrowing amendments that Samsung identifies are the amendments to claim 15 and bore no relation at all to the "command signal" limitation of dependent claim 16. Dkt. 428 at 2.

**II.    No Prosecution History Estoppel for the "Delay Circuit" of Claim 1 of the '608 Patent**

Samsung does not dispute that the "delay circuit" of claim 1 of the '608 patent was present in the original application, and was not amended. Dkt. 428 at 5-6. Samsung instead points to amendments to claim 1 of the related '632 patent that "require each **buffer circuit** 'to determine a respective time interval based on signals received' and be 'further configured to time transmission . . . in accordance with the time interval.'" Dkt. 428 at 2-3. These requirements are not present in the "delay circuit" limitation of claim 1 of the '608 patent, so the '632 patent's file history is irrelevant. *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1322-23 (Fed. Cir. 1999) ("The specific limitations added to gain allowance of the '532 patent are not included in and are therefore not relevant to determining the scope of the claims of the later issued patents"). The applicant's filing of a terminal disclaimer is also irrelevant. *Ventana Medical Systems, Inc. v. Biogenex Laboratories, Inc.*, 473 F.3d 1173, 1184 n.4 (Fed. Cir. 2006) (rejecting argument that terminal disclaimer was admission that claims had similar scope).

| | |
|---|---|
| Dated: February 7, 2024 | Respectfully submitted, |
| | /s/ *Jason G. Sheasby* |

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on February 7, 2024, a copy of the foregoing was served to all counsel of record.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby