# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 2:22-cv-293-JRG ) |
| SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., | ) JURY TRIAL DEMANDED ) (Lead Case) ) ) ) ) |
| Defendants. | ) |
| NETLIST, INC., | ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 2:22-cv-294-JRG ) |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF NETLIST'S MOTION TO STRIKE CERTAIN OPINIONS OF SAMSUNG DEFENDANTS' EXPERT MR. JOSEPH MCALEXANDER**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple v. Wi-Lan*
  25 F.4th 960 (Fed. Cir. 2022) .................................................................................................... 5

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
  2023 WL 8281905 (E.D. Tex. Nov. 29, 2023) ........................................................................... 3

*INVT SPE LLC v. Int'l Trade Comm'n*,
  46 F.4th 1361 (Fed. Cir. 2022) ................................................................................................... 4

*Kalman v. Kimberly-Clark Corp.*,
  713 F.2d 760 (Fed. Cir. 1983) .................................................................................................... 4

*Monroe Auto Equip. Co. v. Heckethorn Mfg. & Supply Co.*,
  332 F.2d 406 (6th Cir. 1964) ...................................................................................................... 4

*Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*,
  726 F.2d 724 (Fed. Cir. 1984) .................................................................................................... 3

**Expert Testimony Regarding Equitable Defenses**: Netlist does not dispute that experts may testify as to underlying facts relevant to equitable defenses (within the confines of their expert reports) and only seeks the same remedy the Court ordered in *Samsung-1*, i.e., restricting Mr. McAlexander from testifying to the jury about "legal conclusions, legal terms and language that is inherently legal in nature." *See* Dkt. 359-11, at 8. Samsung does not explain why its expert should present legal conclusions or use legal terms like "estoppel" and "laches" with the jury.

**Essentiality Opinions**: Samsung does not dispute that it has the burden to show standard-essentiality (and thus needed to present expert testimony supporting its defense in opening reports). *See* Mot. at 2. Instead, it contends that Mr. McAlexander did address essentiality by "analyz[ing] the **evidence on which Netlist relies for infringement** on an element-by-element basis." Opp. at 1-2. That is precisely the problem; Samsung's RAND defense requires proof that the asserted claims are necessarily infringed if complying with the **standard**, which requires an element-by-element comparison of the asserted claims to the **standard**, not the "evidence on which Netlist relies for infringement." Mr. McAlexander did not opine that "an infringement finding . . . would compel a finding of essentiality," as Samsung now contends. *See* Opp. at 2.

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████.[1]

Even if not untimely, Samsung also fails to distinguish Mr. McAlexander's opinions from those the Court found inadequate in *Micron-1*. That ruling did not hinge on whether an "element-by-element" analysis was performed, but on the fact that Micron, like Samsung, attempted to show essentiality based on Netlist's contentions citing JEDEC documents, instead of actually

---

[1] Samsung's interrogatory response that if a claim is infringed "because [the products] implement certain portions of the JEDEC Standards" then the claim would be standard-essential is irrelevant because Netlist does not allege infringement based on standard-essentiality, but in any event would not permit Samsung to wait until rebuttal to address issues where it bears the burden.

demonstrating that the asserted claims are required to practice the standards. Dkt. 359-14 at 3-4.

**Netlist's Relationship to JEDEC**: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Prior Invention and Derivation Theories**: Invalidity under § 102 cannot be shown by mere obviousness. Yet that is exactly what Mr. McAlexander opines. *See* Dkt. 359-4 (Ex. 3), ¶ 158 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; Dkt. 359-3 (Ex. 2), ¶ 181 (same for '912 patent). This is not about sufficiency of evidence; it is legally improper for Samsung to suggest that claims are invalid under § 102 based on alleged

prior art that renders obvious, rather than disclosing, the claimed subject matter. *Entropic Communications* does not suggest otherwise; that case involved expert testimony regarding induced infringement, where the expert could not testify about the "intent" element due to restrictions on expert testimony regarding a defendant's state of mind. *See Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2023 WL 8281905, at *4 (E.D. Tex. Nov. 29, 2023). Samsung does not cite any case suggesting that an expert may offer invalidity opinions under § 102 without, at minimum, identifying a single reference disclosing all elements of a claim. Indeed, even in *Entropic*, the Court precluded the expert from "opin[ing] that Charter induced infringement." *Id.*

Samsung's argument that (for the '608 patent) Mr. McAlexander identified disclosure of all the claim elements in "certain JEDEC proposals" is also inadequate. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Unlike in *Iridescent Networks*, where multiple documents were alleged to describe the operation of a single "network," Mr. McAlexander concedes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ A combination of distinct documents, reflecting the collective knowledge of those of skill in the art, is the province of § 103, not § 102. Nor can Samsung define "another" as a large group of disparate individuals including "developers of the QBM system and other members of JEDEC"; invalidity under § 102 must be shown by comparing the claim to a "single reference, device, or process," not the general "state of the art." *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 726 F.2d 724, 726-27 (Fed. Cir. 1984).

**Section 102 Anticipation Theories**: As discussed in the preceding section, the five distinct "JEDEC proposals" are not a single reference and thus not proper foundation for an anticipation opinion. Nor does § 102 permit anticipation based broadly on "the knowledge of a person of ordinary skill at the time." *See* Opp. at 7. Even when relying on prior knowledge/use, one "must show that each element of the claim in issue . . . was previously known or embodied in a single

prior art device or practice." *Kalman v. Kimberly-Clark Corp.*, 713 F.2d 760, 771 (Fed. Cir. 1983).

**Opinions Regarding Direct Infringement Based on Incorrect Legal Standard**: Samsung and its expert Mr. McAlexander are not applying the plain meaning of claim 16 but rather a novel theory that a claim directed to an apparatus having certain functionality is somehow only infringing when it is turned on and operating because the claim describes the apparatus' functionality using active verbs like "receiving," "generating," and "transmitting." As explained in detail in Netlist's opposition to Samsung's motion for summary judgment of non-infringement, *see* Dkt. 446, this theory is clearly wrong. The *INVT* case Samsung cites rejects Samsung's own arguments, holding that "we have not required claims to adhere to a specific grammatical form to find that the claim is drawn to capability" and squarely rejecting the proposition that use of "present-tense verbs" or the absence of phrases such as "for performing" would convert apparatus claims into method of use claims. *See INVT SPE LLC v. Int'l Trade Comm'n*, 46 F.4th 1361, 1372-73 (Fed. Cir. 2022); *see also* Dkt. 446, at 7-8 (discussing numerous Federal Circuit cases finding claims with similar language directed to an apparatus rather than a method of using an apparatus). Mr. McAlexander should not be permitted to suggest to the jury that one must use the accused memory modules in a certain way to infringe apparatus claim 16.

**Practicing the Prior Art Defense**: Samsung's assertion that Mr. McAlexander will opine on claim construction based on prosecution history is just as impermissible as arguing non-infringement based on similarity to prior art in prosecution. *See* Opp. at 10. Nor can Samsung convert Mr. McAlexander's opinion to an ensnarement defense on which he did not opine. *Id.*

**QBM1/QBM2 Obviousness Assertions Based In Hindsight**: Obviousness is assessed "from the point in time just prior to when the patented device was made" precisely because "things may seem obvious after they have been made, and for this reason courts should guard against slipping into use of hindsight." *Monroe Auto Equip. Co. v. Heckethorn Mfg. & Supply Co.*, 332 F.2d 406, 412 (6th Cir. 1964). Mr. McAlexander has not offered any opinion regarding "simultaneous

invention" (which would at best be applicable to rebut objective indicia of nonobviousness); he simply states, in conclusory fashion, his legally incorrect ▌ ▌ ▌ Dkt. 359-2, ¶ 340.

**References to IPRs**: CMILs 6/13 do not distinguish between final written decisions and other IPR materials, all of which are part of the prosecution history but are nonetheless of minimal, if any relevance to the jury's assessment of liability and damages in district court and extremely prejudicial. Mr. McAlexander's references to IPRs (instituted or otherwise) should be stricken.

**Arguments Contrary to Court's Claim Construction**: Samsung argues the specification only describes a "fork-in-the-road" arrangement. The Court already rejected that argument in claim construction. *See* Dkt. 228 at 20 ("For one, says Netlist, FIGS. 8A and 8B show an embodiment without such an arrangement, suggesting a 'fork in the road' is not essential to the invention. . . . The Court agrees with Netlist."). Samsung cannot re-argue claim construction at trial as invalidity.

**Alleged Comparable License Agreement Not Disclosed in Discovery**: Netlist specifically asked Samsung to list the agreements it contended were relevant to a reasonable royalty and Samsung identified numerous agreements but did not identify Longitude. Mot. at 10-11. As in *Entropic Communications*, the fact that Netlist found the agreement in Samsung's production does not cure the prejudice as Netlist could not "know the license would figure this prominently into the case when it did have the opportunity to take discovery." 2023 WL 8260866, at *4.

**"Relative Value" Analysis of SK Hynix Agreement**: Samsung misapprehends Netlist's *Wi-Lan* argument. The issue is not that Mr. McAlexander selected 9 families to analyze, but that he arbitrarily apportioned the license's value among them based on generic factors having no relationship to the value of those specific patents to the parties at the time of the agreement. Mot. at 11-12. *Wi-Lan* requires that apportionment of portfolio licenses, as Mr. McAlexander performs here, be based on facts specific to the negotiated license. 25 F.4th 960, 971-74 (Fed. Cir. 2022).

| | |
|---|---|
| Dated: February 7, 2024 | Respectfully submitted,<br><br>*/s/ Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, Ph.D. (*pro hac vice*)<br>hzhong@irell.com<br>Andrew J. Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br><br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF SERVICE

I hereby certify that, on February 7, 2024, a copy of the foregoing was served to all counsel of record via Email as agreed by the parties.

*/s/ Jason Sheasby*
Jason Sheasby