# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) <br><br> ███████████ |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF NETLIST'S MOTION FOR SUMMARY JUDGMENT ON SAMSUNG'S PROSECUTION LACHES DEFENSE (DKT. 352)**

Samsung does not dispute that it did not disclose its prosecution laches theory or facts in discovery. Samsung claims that its "response to Interrogatory No. 1 incorporates by reference its expert reports, and deposition transcripts of Messrs. Han, Jang, Jung, Park, Yoon, Calandra, and Yang." Opp. at 1. But Interrogatory No. 1 was not directed to prosecution laches. Rather, in response to Interrogatory No. 14, Samsung responded (Dkt. 352-3 at 115):

███████████████████████████████████████

Samsung's Answer, in turn, merely stated "Netlist's attempted enforcement of the Patents-In-Suit against Samsung is barred by prosecution laches." Dkt. 145 at 28. And Samsung's disclosures do not even mention the word "laches." Dkt. 352-02 (Ex. 1). Samsung's failure to identify **any** basis for its defense during discovery requires summary judgment to be granted. *TQP Dev., LLC v. Alaska Air Grp. Inc.*, 2013 WL 12248229, at *4 (E.D. Tex. Nov. 6, 2013) (granting summary judgment on affirmative defenses for failure to disclose theories and facts in discovery).

Moreover, Samsung's sole basis for its prosecution laches defense is that Netlist "used its delay to improperly broaden its invention," but this is the exact argument the Court rejected in *Samsung I*. *Samsung I*, Dkt. 550 at CL23. Indeed, the Federal Circuit has repeatedly rejected prosecution laches defenses based on "broadening" arguments. As this Court explained:

> In *Symbol II*, the Federal Circuit gave non-exclusive examples of reasonable and unreasonable delays. Examples of reasonable delays include […] (iii) refiling an application to add subject matter to attempt to support broader claims as the development of an invention progresses. *Symbol II*, 422 F.3d at 1385; *Hyatt*, 998 F.3d 1361-62.

*Id.* at CL16. Samsung's other argument, that Netlist claimed priority to applications a number of years earlier, is also unavailing. *Id.* at CL24 ("Samsung relies heavily on an alleged 13 to 14-year gap . . . . However, prosecution laches is not simply a time-counting exercise. . . . Importantly, Netlist has done nothing to extend its patent term."). Here too, "Samsung has not shown that Netlist took some action to extend the term of the patents at issue." *Id.*

|  |  |
|---|---|
| Dated: February 7, 2024 | Respectfully submitted,<br><br>/s/ *Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, Ph.D. (*pro hac vice*)<br>hzhong@irell.com<br>Andrew J. Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br><br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 7, 2024, a copy of the foregoing was served to all counsel of record via Email as agreed by the parties.

*/s/ Jason Sheasby*
Jason Sheasby