# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-cv-293-JRG ) |
| SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., | ) JURY TRIAL DEMANDED ) (Lead Case) ) ) ) ) |
| Defendants. | ) |
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-cv-294-JRG ) |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) |

**NETLIST, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT DISMISSING SAMSUNG'S AFFIRMATIVE DEFENSE OF LACHES, ESTOPPEL, AND/OR WAIVER (DKT. 342)**

Samsung does not dispute that if the patents-in-suit are not essential, then Samsung's Third Affirmative Defense necessarily fails. As such, should the Court grant Netlist's motion for summary judgment that the patents-in-suit are not standard essential, Dkt. 356, it should grant this motion too. With respect to equitable estoppel, Netlist filed a separate motion for summary judgment that will determine the outcome for that portion of the defense. *See* Dkt. 357.

Samsung also does not dispute that ████████████████████████████████████ ████████████████████████ Samsung's only argument in response is that, even though the Court lacks jurisdiction to determine whether an SEP holder has complied with their obligations under foreign laws or as they relate to foreign patents, the Court does not lack jurisdiction to determine the **exact same issue** as long as Samsung casts its claim as an affirmative defense. Samsung cites no authority to support this position. Samsung's defense requires resolution of what is essentially a breach of contract claim couched as an affirmative defense. Dkt. 145 at 22. As *Voda v. Cordis Corp.*, 476 F.3d 887, 902 (Fed. Cir. 2007), makes clear, the issue is that a U.S. court cannot infringe "another sovereign's extension of its jurisdiction," regardless of whether it is framed as a claim or a defense. Indeed, this Court, in adopting Judge Payne's decision in *Optis v. Huawei*, has recognized that regardless of whether the patent owner or the infringer seeks a determination regarding the breach of a FRAND obligation as to foreign patents, the Court does not have jurisdiction over that matter:

> If the motion did not involve a declaratory judgment claim, and instead was whether supplemental jurisdiction could be exercised to resolve a claim by Huawei that PanOptis breached its FRAND obligations (a breach of contract claim, in other words), then the foreign part of Huawei's claim would be dismissed under § 1367.

*Optis Wireless Tech., LLC v. Huawei Techs. Co., Ltd.*, 2018 WL 3375192, at *8 (E.D. Tex. July 11, 2018).

Samsung also opposes severance of the RAND defense, but does not dispute it is an equitable defense and cites no authority that it is proper to submit an equitable RAND claim to the jury. To the contrary, in *Saint Lawrence Commcn's LLC v. Motorola Mobility LLC*, 2018 WL 915125, at *1 (E.D. Tex. Feb. 15, 2018), this Court tried the FRAND defense in a bench trial following the jury verdict.

| | |
|---|---|
| Dated: February 7, 2024 | Respectfully submitted, |
| | /s/ *Jason G. Sheasby* |

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 7, 2024, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

- 3 -