**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:22-cv-293-JRG |
| SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., | ) JURY TRIAL DEMANDED<br>) (Lead Case) |
| Defendants. | ) |
| NETLIST, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:22-cv-294-JRG |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**NETLIST INC.'S REPLY IN SUPPORT OF NETLIST'S MOTION TO STRIKE CERTAIN OPINIONS OF DEFENDANTS' EXPERT JOHN B. HALBERT (DKT. 358)**

TABLE OF CONTENTS

Page

I. Opinions re: Netlist's Withdrawal from JEDEC (Opening Rpt. ¶¶ 51, 56-57) ........................ 1

II. Opinions as to the Outcome of ITC Investigations (Opening Rpt. ¶ 50) ................................ 1

III. "Contributions" of Netlist and Others to JEDEC (Opening Rpt. ¶¶ 5, 22-23) ....................... 2

IV. "Public Availability of JEDEC Documents" (Opening Rpt. ¶¶ 69-100) ................................. 3

V. Undisclosed "Alternatives" (Rebuttal Rpt. ¶¶ 6, 9-10-12, 14-15, 17, 21, 25-26) ..................... 4

)

I. **Opinions re: Netlist's Withdrawal from JEDEC (Opening Rpt. ¶¶ 51, 56-57)**

***First***, Defendants do not dispute that these paragraphs of Mr. Halbert's report should be stricken if Netlist's motion for summary judgment that the patents at issue are not standard essential is granted. Dkt. 439 at 1-3. Judge Payne recently granted Netlist's motion to strike similar portions of Mr. Halbert's report after having granted Netlist's motions for summary judgment on the issues of essentiality and RAND. *See* Ex. 16 at 7. Contrary to Defendants' assertion, Netlist's JEDEC expert Mr. Gillingham did not testify that "commercial necessity is tantamount to standard essentiality." Dkt. 439 at 3. Instead, he said ████████████████████████/████████████████████████ ████████████████████████████████ Dkt. 439-3, 61:6-15. The patents at issue in this case are ***not*** standard essential. Dkts. 356, 362. ***Second,*** Defendants do not dispute that Mr. Halbert's speculation that ████████████████████████████████████████ ████████████████████████ has no factual support because Netlist did not file any litigations against a JEDEC memory module manufacturer until September 2016—19 months after filing its notice of refusal to RAND in February 2015. Ex. 1 ¶ 57; Dkt. 358 at 2. ***Third***, Defendants also do not dispute that Mr. Halbert cites no evidence on Netlist's state of mind or motivations, and that he is no expert in such matters. ***Fourth***, Mr. Halbert's purported "experience" does not cure the deficiency that Mr. Halbert does not and cannot act as the "voice of JEDEC." Dkt. 358 at 2-3. Mr. Halbert is not testifying on behalf of JEDEC as a whole, and so his testimony about ████████████████████████████████████ is improper. *See* Ex. 2 at 228:1-16.

II. **Opinions as to the Outcome of ITC Investigations (Opening Rpt. ¶ 50)**

Judge Payne struck Mr. Halbert's identical opinions on Netlist's prior ITC investigations over Micron's objection that striking Mr. Halbert's report would be "premature." Ex. 16 at 8; *Netlist, Inc. v. Micron Technology, Inc.,* No. 22-cv-203 ("*Micron 1*"), Dkt. 304 at 9-10. The same result applies here.

Defendants first argue that Mr. Halbert's discussion of ████████████████████████

- 1 -

███████ is relevant because they supposedly shine light on Netlist's claims of essentiality in this case, but Netlist's position in this case is that the patents at issue here are not standard essential. Dkts. 356, 362. Defendants do not explain how findings of non-essentiality on **other patents** are relevant to whether Netlist's patents in this case are commercially necessary or infringed. Dkt. 439 at 4-5. Defendants also suggest for the first time in their opposition that the outcome at the ITC is relevant to Defendants' no-willfulness defense. *Id.* This late-breaking theory was not disclosed during discovery and is therefore waived. Netlist served Interrogatory No. 18 in March 2023 asking Defendants to "Set Forth the Complete Basis for any contention that Your infringement of each of Netlist's Patents-in-Suit is not willful." Ex. 17 at 136; Ex. 18 at 58. ███████████████████████████████

████████████ Ex. 17 at 136-143; Ex. 18 at 58-59. Defendants' attempt to introduce evidence of prior ITC investigations would also violate this Court's MIL No. 13.

### III.    "Contributions" of Netlist and Others to JEDEC (Opening Rpt. ¶¶ 5, 22-23)

If the Court grants Netlist's motions for summary judgment of no essentiality, these portions of Mr. Halbert's report should be stricken, consistent with Judge Payne's order striking the same analysis by Mr. Halbert in *Micron-1*. Ex. 16 at 8. These portions should also be stricken for the independent reason that Defendants do not dispute that they failed to identify or produce discovery on any of the ████████████████████████████████████████ ████████████ either during discovery or in Mr. Halbert's reports. Ex. 1 ¶ 22. Defendants argue that Interrogatory No. 20 did not seek this information, but it plainly asked Defendants to identify "the role played by any [Samsung/Micron] employees in JEDEC, including in any meetings and/or on any relevant ***committees and subcommittees***." Ex. 6 at 55; Ex. 7 at 147. Mr. Halbert claims his chart ████████████████████████████████████████████████████ █████████ and thus these contributions should have been disclosed in response to Interrogatory No. 20. Ex. 1 ¶ 22. There are thousands of submissions on the JEDEC website. Netlist should not have been expected to guess

which ones Defendants would contend are relevant.

Mr. Halbert's opinions should also be excluded as unreliable. Defendants have not explained how Mr. Halbert's counting exercise is connected to any of the facts of this case. Mr. Halbert's report contains no analysis showing that these contributions were codified in the final JEDEC standards, or assigning any value to any of these contributions. Nor is there any evidence that these contributions reflect features that are implemented in the accused products. Defendants also offer no explanation of how Mr. Halbert tabulated the hundreds of contributions in his report. Dkt. 439 at 6-9. For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but does not explain whether he did anything to avoid such double counting. Defendants point to Mr. Halbert's experience as his basis for choosing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but do not dispute that Mr. Halbert's report fails to provide any explanation of why he chose that date. Dkt. 358 at 9.

### IV. "Public Availability of JEDEC Documents" (Opening Rpt. ¶¶ 69-100)

***First***, Defendants do not dispute that JESD82-7A was not disclosed in their invalidity contentions. Dkt. 358 at 8-9; Dkt. 439 at 10 n.3. The paragraphs of Mr. Halbert's report regarding JESD82-7A should be stricken. Ex. 1 ¶¶ 85-86. ***Second***, Defendants argue the contentions provided notice of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but ignore that there is a mismatch between the contentions and the opinions expressed in Mr. Halbert's report. For example, for Committee Item No. 158.01, the contentions simply say that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 17 at 16. Mr. Halbert by contrast alleges that this document ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 1 ¶ 69. This distinction is important because Netlist contends that the inventions of the '608 patent—which Samsung claims were derived from

- 3 -

this JEDEC presentation—were conceived as of October 2011. Ex. 19, Ex. C ¶¶ 385-388.

Netlist is prejudiced by Defendants' failure to disclose the dates Mr. Halbert ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Netlist was deprived of an opportunity to cross-examine Defendants' JEDEC representatives Sun Joo Park and Frank Ross as to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The exact date these documents were publicly available is not trivial. Item No. 158.01 is cited in Samsung's inequitable conduct allegations for the '608 patent, and so its exact date of public availability is critical to Samsung's claim. Dkt. 347 at 1. Because Defendants failed to disclose the dates Mr. Halbert contends each piece of prior art was publicly available, his opinions should be stricken.

V.     **Undisclosed "Alternatives" (Rebuttal Rpt. ¶¶ 6, 9-10-12, 14-15, 17, 21, 25-26)**

Defendants contend that Mr. Halbert's analysis is proper rebuttal to Dr. Mangione-Smith's opinions, but ignore that these opinions mirror positions that Netlist provided to Defendants in interrogatory responses months before Dr. Mangione-Smith's report was served. *See, e.g.*, Ex. 20 at 35 (June 2, 2023 response to Samsung's Interrogatory No. 21: "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Ex. 21 at 30-31 (Aug. 31, 2023 supplemental response to Samsung's Interrogatory No. 8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Ex. 22 at 8-9, 25-28 (similar responses to Micron's Interrogatory Nos. 16 and 25, which Micron served on October 13, 2023). In other words, this is not a situation where Defendants required additional information from Netlist or third-party discovery to form their positions on the alternatives Mr. Halbert opines on. There is no reason Samsung or Micron could not have addressed these contentions during discovery, or at a minimum, in Mr. Halbert's opening report.

Micron cannot credibly claim that it disclosed the alternatives discussed in Mr. Halbert's report in a timely manner. In a footnote, Micron gestures to its responses to Interrogatory Nos. 12 and 26. Dkt. 439 at 14 n. 4. However, Micron's response to Interrogatory No. 12 was supplemented on

- 4 -

January 22, 2024—six days after Netlist filed its motion to strike Mr. Halbert's report. Dkt. 444-2 (Micron's Ex. 25) at 47. Netlist has moved to strike Micron's improper supplementation of Interrogatory No. 12. Dkt. 462. Interrogatory No. 26 asked Micron to identify "next-best alternative[s] to the claimed inventions," and made no reference to non-infringing alternatives. Dkt. 444-3 (Micron's Ex. 26) at 23-24. Micron's interrogatory response ███████████████████████████. For the '912 patent, the interrogatory response ██████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████████ (Ex. 15 ¶¶ 6, 14-15). *See* Dkt. 444-3 (Micron's Ex. 26) at 24-26. For the '417 patent, Micron's response fails to disclose Mr. Halbert's ████ ██████ alternative (Ex. 15 ¶ 7), the ███████████████████████████████████████ ██████████████████████ (Ex. 15 ¶¶ 6, 21), or alternatives to the ████████████████████ ██████████ (Ex. 15 ¶¶ 25-26). *See* Dkt. 444-3 (Micron's Ex. 26) at 24-26.

Defendants also contend that Dr. Mangione-Smith addressed the alternatives discussed in Mr. Halbert's report. Dkt. 439 at 15 n. 5. But the referenced portions of Dr. Mangione-Smith's report note in some instances the absence of any identification of alternatives by Samsung. *E.g.*, Dkt. 493-05 (Defendants' Ex. 5) Ex. C ¶ 254 ██████████████████████████████████████ ██████████████████████████████████.

Defendants do not dispute that Mr. Halbert has failed to cite documents before or close to the date of the hypothetical negotiation in this case (May 2012) to support his theories that these alternatives were available. Dkt. 358 at 14-15. The sole example Defendants raise is Mr. Halbert's discussion of the ██████████████████████████████████████████████████ ████████████████████████████████████████████. Dkt. 358-16 (Ex. 15) ¶ 15; *see also id.* ¶¶ 21-22 (██████████████████████████████████). Thus, Mr. Halbert's opinions that JEDEC could have adopted his purported alternatives are unsupported and should be stricken.

Dated: February 7, 2024                           Respectfully submitted,

/s/ *Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on February 7, 2024 a copy of the foregoing was served to all counsel of record.

/s/ Jason Sheasby
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ Jason Sheasby
Jason Sheasby