# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ██████████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-294-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; | ) | |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NETLIST INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT OR UNCLEAN HANDS (DKT. 347)

## I.       THERE IS NO SPECIFIC INTENT

Samsung's opposition is premised on the notion that "Dr. Lee disclosed some JEDEC materials to the PTO," but failed to disclose other JEDEC materials to the PTO.  Opp. at 3.  This demonstrates the fundamental flaw in Samsung's case.  Dr. Lee had no hand in prosecuting patents, and as such he did not make the call on what should be disclosed to the PTO.  He explained this in his deposition.  Dkt. 347-3 at 127:15-128:1 ███████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████        ██████████████ ████████████████████████████████████████████████████████████ ███████████       Samsung does not contend that Dr. Lee withheld any art from the prosecuting attorneys.  And as shown in Samsung's opposition, Samsung does not contend that any prosecuting attorneys had an intent to deceive the USPTO.  Because there is no evidence that Dr. Lee determined which art would be submitted as part of prosecuting the '608 patent application, because there is no evidence that Dr. Lee withheld any art from the prosecuting attorneys, and because there is no allegation that the prosecuting attorneys (none of whom Samsung even sought to depose in this case) intended to deceive the USPTO, Samsung cannot possibly show that Dr. Lee intended to deceive the USPTO by withholding the alleged JEDEC proposals from the USPTO.  This follows from the single most reasonable inference, which is that Dr. Lee, an engineer, relied on outside patent counsel to make that determination.  Samsung's inequitable conduct claim thus fails.

Samsung's suggestion that Dr. Lee's intent can be inferred because he allegedly withheld the "most damaging" JEDEC proposals is exactly the kind of "sliding scale" the Federal Circuit has rejected.  *See Am. Calcar, Inc. v. Am. Honda Mot. Co., Inc.*, 651 F.3d 1318, 1334-36 (Fed. Cir. 2011) ("A district court should not use a 'sliding scale,' where a weak showing of intent may be found sufficient based on a strong showing of materiality, or vice versa. … Although the court performed a detailed

analysis of the facts withheld, it made no holding that any of the inventors knew that the withheld information was in fact material and made a deliberate decision to withhold it. Instead, it relied on the sliding scale standard that we have rejected en banc in *Therasense*, id., basing its finding of intent significantly on the materiality of the 96RL system to the claimed invention. … On remand the court should make a specific finding on whether any of the three inventors knew that withheld information was material and whether they made a deliberate decision to withhold it.").

## II.    THERE IS NO LITIGATION MISCONDUCT

Samsung's claim it has been prejudiced because Netlist had its experts determine essentiality of the patents-in-suit rings hollow.  For example, Samsung claims that if Netlist had contended the patents are essential, "Netlist would be limited to RAND royalties, and noninfringement could rest entirely on JEDEC standards."  Opp. at 5.  Not so.  What Netlist **contends** is irrelevant to the issue of RAND royalties.  A RAND obligation only applies to actually essential patent claims, regardless of Netlist's beliefs.  And it is black letter law that infringement is determined by comparing the claims to the accused products.  *Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1334 (Fed. Cir. 2006) ("Infringement occurs when a properly construed claim reads on the accused product.").  Thus no part of Samsung's preparation would be different.  Samsung also fails to explain how it suffered prejudice given that both parties **agree** the patents are not standard essential. Samsung has not been put in the position of responding to a claim of essentiality it was not prepared for. To the contrary, given Samsung has apparently believed throughout the case the patents are not essential, Samsung had full opportunity to address and account for this position. Samsung itself implicitly conceded this, as it withdrew its motion to compel further discovery responses upon seeing that Netlist did not allege essentiality.

Samsung wants the benefit of the RAND obligation, which is designed to facilitate efficient licensing between licensor and licensee, while also vigorously contesting liability and eliminating any possible efficiencies arising from a RAND negotiation.

Dated: February 7, 2024

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on February 7, 2024, a copy of the foregoing was served to all Samsung counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao