# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAMSUNG ELECTRONICS CO, LTD; ) <br> SAMSUNG ELECTRONICS AMERICA, ) <br> INC.; SAMSUNG SEMICONDUCTOR ) <br> INC., ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICRON TECHNOLOGY, INC.; ) <br> MICRON SEMICONDUCTOR ) <br> PRODUCTS, INC.; MICRON ) <br> TECHNOLOGY TEXAS LLC, ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE OPINIONS OF DR. M. RAY PERRYMAN [DKT. 363]**

A. **Dr. Perryman's Opinions on Samsung's "Reputation as an Innovator and Good Corporate Citizen" Are Not Relevant or Reliable (Ex. 1 ¶¶ 33-34, 36, 104-106)**

Samsung's Opposition fails to establish any relevance of Dr. Perryman's opinions on why the ▮▮▮▮▮. Samsung's Opposition explains at length the basis for Dr. Perryman's opinions on why Dr. Groehn should have considered ▮▮▮▮ in his analysis, but this is a red herring. Opp. at 2. Netlist's motion is not directed at Dr. Perryman's opinions on competitor prices, but at his opinions ▮▮▮▮ Mot. at 1-5. Dr. Perryman's recitals of such accomplishments are irrelevant because Dr. Groehn's regression analysis is based exclusively on ▮▮▮▮ and ▮▮▮▮ of Samsung's products, i.e., **Dr. Groehn only compares** ▮▮▮▮. Dkt. 348-1 (Groehn Rpt.) at ¶¶ 31-40. The impact of Samsung's brand on its pricing is plainly not relevant to the difference in price between its **own products**. Samsung does not provide any factual basis for Dr. Perryman's claim that ▮▮▮▮ which is the subject of Netlist's *Daubert* objection. Mot. at 1 (quoting Ex. 1 at ¶ 106.)

Samsung also does not provide any tangible factual support for Dr. Perryman's claim that Samsung's various achievements affect price at all. Samsung argues that, for instance, ▮▮▮▮ but neither it nor Dr. Perryman provide any evidence to support this point, let alone that this alleged "impact" affects the products considered in Dr. Groehn's analysis. Opp. at 6. Samsung also offers no argument at all on the relevance of Samsung's efforts to ▮▮▮▮ instead pretending this is mere ▮▮▮▮ information with no prejudicial intent or impact at all. Mot. at 4 (quoting Ex. 1 at ¶¶ 36, 105). However, such evidence

simply has no bearing on what ███████████████████████████████████████████████████████████████████████████████████████

Samsung also attempts to negate the irrelevance of Dr. Perryman's opinions on Samsung's global R&D expenditures by pointing to statements about R&D by Netlist's experts. Opp. at 5 n.5. However, Samsung ignores that: (1) ██████████████████████████████████████ ████████████████████████████ (Opp. Ex. B, ¶ 210), which Dr. Perryman does not do, and (2) these statements were made in the context of Opening Reports, not purported rebuttal to opinions they have no relevance to. As Samsung itself notes, "'[a] 'rebuttal' report explains, repels, counteracts or disproves evidence of the adverse party's initial report.'" Opp. at 4 n.3 (quoting *CEATS, Inc. v. TicketNetwork, Inc.*, No. 2:15-CV-01470-JRG-RSP, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018)).

Moreover, Dr. Perryman does not claim the █████████████████ that Samsung spent globally in 2022 is responsive to Mr. Kennedy's consideration of relative R&D as a factor in the hypothetical negotiation or any other opinion. But even if he did, the scope of Dr. Perryman's Report is explicitly limited to ████████████████████████████████████████████ and ████████████████████████████████████████████ Ex. 1 at ¶ 9 (in section II, ███████████████████). Thus, opinions related to Mr. Kennedy's report aside from his application of Dr. Groehn's regression are not relevant.

Tellingly, Samsung does not address or even cite *Fall Line Pats.*, where the Court precluded a similarly large, multinational corporation (McDonald's) from presenting evidence on its "achievements, including its… philanthropy, social good projects, patents, and awards." *Fall Line Pats., LLC v. Zoe's Kitchen, Inc.*, 2023 U.S. Dist. LEXIS 202987, *6 (E.D. Tex. July 11, 2023). This case is directly on-point, and this Court should exclude Dr. Perryman's testimony on these topics as well. *See* Mot. at I.A.-I.C.

**B.   Mr. Perryman's Discussion of Alleged Contributions to JEDEC Should Be Excluded (¶¶ 36, 105)**

Both Netlist and Samsung agree the patents-at-issue are not essential, as confirmed by their respective experts. Dkt. 356-2 (Mangione-Smith Rebuttal, Ex. B) at ¶ 628 356-5 at ¶ 210, 356-6 at ¶ 195, 356-7 at ¶ 325 (McAlexander Rpt.) Netlist has thus filed a motion for summary judgment that the patents are not essential. Dkt. 356. If Netlist's motion is granted, any testimony on JEDEC from either party would be both irrelevant and prejudicial and should accordingly be excluded.

Even if this Court denies Netlist's essentiality summary judgment motion, however, Dr. Perryman should not be permitted to offer his JEDEC contributions opinion. Samsung's argument that Dr. Perryman should be able to discuss Samsung's JEDEC contributions and "innovative history" "to rebut Mr. Kennedy's biased description of Samsung's participation in JEDEC" again attempts to stretch Dr. Perryman's opinion beyond its self-described scope. Opp. at 7; *supra* 2.



Moreover, Samsung has not explained how counting thousands of contributions to broad standards has any connection to the facts. The Court excluded a nearly identical expert opinion in *Genband* and should do so here as well:

> [T]he way Mr. Lynde determines the fraction of the value of the "VoIP standard as a whole" to which Genband's patents are attributable is by counting the number of companies that provided intellectual property disclosures to the relevant VoIP standard setting organizations, and assuming that the value of each participant company's patent portfolio is the same. This approach ignores the size of each company, the number of patents in each company's portfolio, and the differences in value between patents—**his approach necessarily assumes that every participant company's patent portfolio was exactly the same** [.]

*Genband US LLC v. Metaswitch Networks Corp.*, 2016 WL 122967, *5 (E.D. Tex. Jan. 9, 2016) (excluding opinions).

### C. Mr. Perryman's Inflammatory Language Should Be Stricken (Portions of ¶¶ 13, 50, 71, 99, 106, 118-119, 124, 132)

Samsung's argument on the disparaging language used in Dr. Perryman's report misses the point. Contrary to Samsung's argument, Netlist does not seek to prevent Dr. Perryman from "point[ing] out the flaws in Dr. Groehn's analysis," or from "explaining **why**" he finds Dr. Groehn's analysis "unreliable." Opp. at 8-9. Indeed, Netlist made clear in its Motion that it "does not seek to prevent Dr. Perryman from offering any of the substantive critiques." Mot. at 6. Instead, Netlist's motion is narrowly focused on the inflammatory language invoked by Dr. Perryman such as ▮▮▮▮▮▮▮▮▮▮▮ etc. *See id.* Dr. Perryman can fairly present his opinion on alleged flaws in Dr. Groehn's analysis without resort to such conclusory, inflammatory, and disparaging language as he does in the examples cited above and in Netlist's opening motion.

Dated: February 7, 2024

Respectfully submitted,

/*s*/ *Jason G. Sheasby*
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)

astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Isabella Chestney*
Isabella Chestney

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 7, 2024, a copy of the foregoing was served to all Micron counsel of record via Email as agreed by the parties.

*/s/ Isabella Chestney*
Isabella Chestney