# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) <br><br> ▅▅▅▅▅▅▅▅▅▅▅▅ |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**NETLIST, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON SAMSUNG'S INVALIDITY DEFENSES (DKT. 343)**

Samsung's argument that the issue of whether Samsung could raise JEDEC Proposals in IPRs is a "disputed fact" is simply wrong.[1] It is not a dispute of fact, it is at most a dispute of law ripe for decision. But this Court has previously resolved this dispute of law, granting summary judgment in Netlist's favor on this very issue as to JEDEC materials in *Samsung I*. *See* Case No. 2:21-CV-00463-JRG, Dkt. 432 at 3.

Samsung now claims, without support, that "unresolved, material facts remain as to whether the JEDEC Proposals are printed publications." Opp. at 2. This is a red herring. Samsung has repeatedly argued (as its expert in this case contends) that JEDEC proposals reflect the knowledge of a POSITA. *See, e.g.*, Case No. 2:21-CV-00463-JRG, Dkt. 426, 127:3-6 (Pretrial Conference, M. McKeon arguing) ("And that's what we're doing with respect to JEDEC. We're looking at the documentation, and we're -- we're going to present to the jury that this is **evidence of one of ordinary skill in the art would think**."). Federal Circuit case law is settled that the PTAB can properly consider "the skilled artisan's knowledge when determining whether it would have been obvious to modify the prior art." *Koninklijke Philips N.V. v. Google LLC*, 948 F.3d 1330, 1337 (Fed. Cir. 2020); *see also Randall Mfg. v. Rea*, 733 F.3d 1355, 1362-63 (Fed. Cir. 2013) ("the knowledge of such an artisan is part of the store of public knowledge that must be consulted when considering whether a claimed invention would have been obvious"). Samsung has not—and cannot—contest this black letter law.

The point of a *Sotera* stipulation is to provide clarity regarding what invalidity defenses remain live in the district court pending institution of IPR. The reality is Samsung wants the ability to raise JEDEC materials in IPRs with no repercussions. The Court should again grant Netlist's motion.

---

[1] Samsung points out that Netlist sought director review of the '608 patent as a fact supporting its opposition. The request for director review was denied on January 31, 2024. Ex. 4.

| | |
|---|---|
| Dated: February 7, 2024 | Respectfully submitted,<br><br>*/s/ Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 7, 2024, a copy of the foregoing was served to all Samsung counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao