IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON SAMSUNG'S DEFENSE OF EQUITABLE ESTOPPEL (SAMSUNG CASE NO. 2:22-CV-293) (DKT. 357)**

Samsung cannot show "by clear and convincing evidence that '[Netlist's] conduct was *so inconsistent with an intent to enforce its rights* as to induce a reasonable belief that such right has been relinquished.'" *Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1348 (Fed. Cir. 2011).

**First**, Samsung cannot dispute that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Mot. at 8-9. Nor can Samsung dispute that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or that DDR4 is an evolution of the DDR3 standard—literally, it is version number 4 of the same JESD79 standard where DDR3 was version number 3. *See* Dkt. 357-16 (Ex. 15). Samsung (and JEDEC) were aware of the '912 patent's subject matter and claims and could have taken whatever action necessary to avoid infringement; indeed, as discussed below, the DDR4 specification published by JEDEC does <u>not</u> require implementers to use all the elements recited in the '912 patent claim.[1]

**Second**, Samsung cannot dispute that, as its own expert admits, the '912 patent is not required to implement the DDR4 standards. *See, e.g.*, Dkt. 359-3 (Ex. 2) at ¶ 210 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. It also does not dispute ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[2] *See* Ex. 29, at ¶ 125. These admissions are fatal to Samsung's defense because they mean Netlist had no duty to disclose the '912 patent to JEDEC in the first place

---

[1] Samsung's corporate representative ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. 29, at ¶ 127.

[2] Samsung does not dispute that JEDEC's policies define Standard Essential Claims as those that would "necessarily be infringed" by a standard-compliant product and explicitly exempt claims "covering aspects that are not required to comply with a JEDEC standard," such as optional features or suggested implementations. *See* Dkt. 357-03 (Ex. 2), at 23.

and Samsung was not prejudiced, as it is infringing by choice rather than via standard-compliance.

Samsung attempts to argue that, despite its non-essentiality, Netlist was nonetheless required to disclose the '912 patent because, at some point, it "**believed** the '912 patent to be essential to DDR4." *See* Opp. at 4-5. Even if Netlist's subjective beliefs were relevant, Samsung's argument is unsupported by evidence. It asserts that ███████████████████████████████████████████████████████████████████████████████████████████████████████. *See* Opp. at 7. But Samsung only asserts that ██████████████████████████████████████████████████████████████████████████████████████ *Id.* With no evidence that anyone at Netlist believed the '912 patent essential to DDR4, no reasonable jury could infer that ███████████████████████████████████████████████████████.[3]

Indeed, Samsung's argument regarding Netlist's "belief" is premised solely on a ████████████████—which it concedes the Court already found inadmissible under FRE 408 in *Samsung I*—and its assertion that Netlist's infringement theory is based on "compliance with DDR4 standards." Opp. at 5. This is plainly wrong given Netlist's MSJ on non-essentiality, but even if true it would say nothing about ███████████████████████████████████████████████████████████████████████████. *See* Ex. 30, ¶ 284. Since Samsung's only alleged "prejudice" here is the conclusory assertion that JEDEC would have "considered alternatives for the DDR4 standards that would avoid the asserted claim **at the time of development**" and that the "relevant [JEDEC] Committees would have evaluated workarounds **before developing the DDR4 standards**," Netlist's alleged belief regarding essentiality in **2022** when it sued Samsung for patent infringement has no bearing on the asserted equitable estoppel defense.[4]

---

[3] Samsung speculates Dr. Lee will testify differently and asks the Court to defer judgment, but fails to present evidence, much less a sworn declaration required by Rule 56(d), supporting its speculation.
[4] This theory further confirms the irrelevance of Dr. Lee's forthcoming deposition testimony to the motion, as ████████████████████████████████████████████████████. *See* Mot. at 2 (¶ 4); Ex. 7, 85:14-16.

| | |
|---|---|
| Dated: February 7, 2024 | Respectfully submitted, |
| | */s/ Jason G. Sheasby* |
| | Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099 |
| | Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199 |
| | Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660 |
| | **Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that, on February 7, 2024, a copy of the foregoing was served to all counsel of record.

*/s/ Stephen M. Payne*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Stephen M. Payne*