# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT THAT THE ASSERTED PATENTS ARE NOT STANDARD ESSENTIAL (SAMSUNG CASE NO. 2:22-CV-293)**

## I. Both Parties' Experts Opine the Patents Are Not Standard Essential

Samsung does not dispute that its expert, Mr. McAlexander, expressly opines that each of the Asserted Patents are not standard essential. Dkt. 356-5 at ¶ 210 ▮▮▮ Dkt. 356-6 at ¶ 195 ▮▮▮ Dkt. 356-7 at ¶ 325 ▮▮▮ Samsung ignores these affirmative opinions of its own expert and addresses them nowhere in its opposition. Netlist's experts likewise opine the patents are not essential. Dkt. 356-2 (Mangione-Smith) at ¶ 628 ▮▮▮ Dkt. 356-15 (Gillingham) at ¶¶ 119, 125 ▮▮▮ This confirms summary judgment is appropriate.

## II. Samsung's "If Infringed, Then Essential" Theory is Not a Genuine Dispute of Fact

JEDEC defines essential claims as "Those Patent claims the use of which would necessarily be infringed by the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the **required portions** of a final approved JEDEC Standard." Dkt. 356-4 at § 8.2.1.

Samsung does not dispute that it bears the burden of proof on essentiality, but identifies no analysis in Mr. McAlexander's (or any other Samsung expert's) report comparing the complete claim elements to the JEDEC standards and showing the standard requires the complete claim. The only alleged analysis Samsung points to is an assertion by Mr. McAlexander that ▮▮▮" and that ▮▮▮ Dkt. 423-1 at ¶¶ 206, 208; Dkt. 423-2 at ¶ 193 (same for '417 Patent); Dkt. 423-3 at ¶ 323 (same for '608 Patent). Based on the position that Netlist supposedly contends the patents are essential, Samsung argues that "a finding of infringement necessitates a finding of essentiality." Opp. at 5. This is not a genuine dispute of fact.

The entire premise of Samsung's theory – that Netlist supposedly contends the patents are essential and relies "exclusively on JEDEC standards" to prove infringement – is wrong. As discussed

above, Netlist's infringement expert ████████████████ Dkt. 356-2 at ¶ 631 ████████████████ Dkt. 356-3 at ¶ 318 ████████████████; Dkt. 356-4 at ¶ 421 ████████████████). Dr. Mangione-Smith further explains that he is ████████████████ Dkt. 356-2 at ¶ 629 ████████████████, ████████████████ Samsung's own expert Mr. McAlexander concedes that Dr. Mangione-Smith ████████████████, acknowledging he relies on ████████████████" Dkt. 356-8 at ¶ 387 (emphasis added). The fact that Dr. Mangione-Smith cites to ████████████████ does not make the claims essential. So long as one or more features of the claims are not required by JEDEC (and as discussed below, there is no dispute that is the case), then the claims are not essential.

Mr. McAlexander appears to be basing his theory on a characterization of "Netlist's infringement contentions" (Dkt. 423-1 at ¶¶ 206, 208) – not the actual infringement analysis put forward by Dr. Mangione-Smith. Samsung cannot create a genuine dispute by attempting to attribute to Netlist a position that Netlist does not have and will not present at trial. In any event, this characterization of the contentions is wrong as well. Netlist's contentions do not compare the asserted claims to the standards, but rather note that Samsung's accused **products** comply with aspects of the DDR4 standards. *E.g.* Ex. 21 (Inf. Cont. Ex. A-1) at 1 ████████████████ Samsung's own expert admitted that whether or not Samsung's **products** comply with the DDR4 standards does not address the separate question of whether Netlist's **claims** cover required portions of the standard.

11301083

- 2 -

Dkt. 356-11 (Ex. 10) ¶ 43 ███████████████████████████

███████████████████████████████████████████████████

Further, Samsung admits that Mr. McAlexander ██████████████████

███████████████████████████████████████████████████

██████████████████████████████████ Opp. at 3. Determining essentiality requires comparing claims to standards, not contentions to standards or products to standards.

This Court has previously rejected (twice) the same "if infringed, then essential" argument. At the pretrial conference in Samsung I, Samsung argued that it should be allowed to inject standard essentiality and RAND issues into the case because Netlist supposedly relied on JEDEC standards for infringement, claiming ███████████████████████████████████████

████████████████████████████ Ex. 22 (2023-03-28 Samsung I PTC) at 240:13-16. The Court rejected Samsung's argument and excluded all references to essentiality and RAND. *Id.* at 248:6-9 ("With regard to the references to RAND, I'm going to grant that portion of the motion as we've established beyond doubt today there are no standard essential patents at issue in this case."). Similarly, the Court recently entered summary judgment in the co-pending Micron litigation that the patents in that case are not standard essential, rejecting Micron's identical argument that there was a fact dispute on essentiality because "Netlist's infringement allegations for the '918 and '054 Patents clearly hinge on the Relevant JEDEC Standards." Dkt. 356-9 at 3. This Court held that "nothing within the contentions expressly demonstrates that the JEDEC standard is relied upon for the contentions. Further, the 'implicit' evidence that Dr. Mangione-Smith relies on the standard is also not sufficient. Absent any other evidence demonstrating that a genuine issue of material persists, Micron has not met its burden." *Id.* at 4; *see also* Ex. 23 (Micron I Dkt. 478) (adopting R&R). So too here, Samsung identifies no evidence of essentiality beyond its mischaracterization of Netlist's contentions.

### III.   Samsung Ignores the Undisputed Evidence the Patents Are Not Essential

Summary judgment is also appropriate for the independent reason that Samsung does not

contest the evidence that numerous elements relate to, at most, optional features of the standard. For example, with respect to the '912 Patent, Samsung's own corporate representatives and expert admitted that the Encoded Quad CS Mode and per-DRAM accessibility features accused of infringement are not required by the JEDEC standards. Dkt. 356-12 (Jung) at 95:11-13 ▓▓▓▓ Dkt. 356-13 (Park) at 36:16- 39:21 ▓▓▓▓ Dkt. 356-8 (McAlexander) at ¶ 270 ▓▓▓▓ Samsung's corporate representatives similarly testified that ▓▓▓▓. Dkt. 356-14 (Han) at 75:17-76:3; Dkt. 356-19 (Jung) at 129:20-130:2 ▓▓▓▓ Netlist's experts similarly explain the claims are not ▓▓▓▓. Dkt. 356-3 at ¶¶ 310-318, Dkt. 356-2 at ¶¶ 631-632; Dkt. 356-20 (Mangione-Smith) at ¶ 421; Dkt. 356-15 (Gillingham) at ¶¶ 117-130.

Samsung argues the Court should disregard Netlist's expert reports because they supposedly are not "sworn." This argument is based on an overruled legal standard. Rule 56 was amended in 2010 and courts in this district now recognize that "[i]n the Fifth Circuit a district court may consider unsworn expert reports if the proponents provide a method for presenting them as admissible evidence. Here, the plaintiffs have satisfied their burden by proposing that the experts will testify at trial to their reports." *DeYoung v. Dillon Logistics, Inc.*, 2021 WL 414536, at *4 (E.D. Tex. Feb. 5, 2021). Samsung also argues that Netlist should be "precluded" from pursuing arguments on essentiality, citing its separate motion to exclude. As explained in Netlist's response to that motion (Dkt. 458), there is no merit to Samsung's preclusion motion. Both parties agreed during discovery that essentiality is an expert issue, indeed, Samsung itself refused to respond to Netlist's interrogatory on essentiality in fact discovery and deferred the issue to expert reports. Ex. 24 at 91.

| | |
|---|---|
| Dated: February 7, 2024 | Respectfully submitted,<br><br>/s/ *Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that, on February 7, 2024, a copy of the foregoing was served to all Samsung counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao