IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON SAMSUNG'S AFFIRMATIVE DEFENSE OF CLAIM PRECLUSION (DKT. 365)**

Samsung acknowledges that Netlist dropped the '506 Patent before trial in the *Samsung I* case as part of claim narrowing. Opp. at 1-2 (conceding Netlist "narrow[ed] its claims"). This is dispositive and confirms there is no final judgment on the '506 Patent to trigger claim preclusion.

Samsung's argument that the '506 Patent should be deemed part of the final judgment because there was no order formally dismissing it contradicts controlling precedent. In *SanDisk Corp. v. Kingston Tech. Co., Inc.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012), the Federal Circuit held that when patent claims are voluntarily withdrawn, even though "[t]he district court never entered a separate order dismissing these claims," the withdrawal is treated "as being akin to either a [FRCP] 15 amendment to the complaint . . . or a Rule 41(a) voluntary dismissal of claims without prejudice" and there is "no final judgment" on those claims. Similarly, in *Oyster Optics, LLC v. Cisco Sys., Inc.*, 2021 WL 1530935 (E.D. Tex. Apr. 16, 2021), this Court held that "'[a] patentee's voluntary withdraw[al] of previously asserted patent claims' for the purpose of narrowing a case is treated as a dismissal without prejudice" and "should not preclude re-litigation of the dismissed claims in the same court." *Id.* at *5. Samsung argues that the Fifth Circuit applies a different rule, but its cited case *G.A. Thompson & Co. v. Partridge*, 636 F.2d 945 (5th Cir. 1981) does not support its argument. There, the Court merely held that where a party announced during trial it would not present evidence on a securities claim, but changed its mind the next day and said it would try the claim (and then did so), there had been no abandonment of the claim because it was actually tried and no order had issued dismissing it. *Id.* at 953.

Samsung also fails to identify any evidence creating a genuine dispute that the '608 Patent presents the "same claim" as the '506 Patent. Samsung concedes its experts do not analyze this, instead arguing "no expert testimony is needed" because there was a terminal disclaimer. Opp. at 2. But the Federal Circuit holds that "the filing of a terminal disclaimer simply serves the statutory function of removing the rejection of double patenting, and raises neither presumption nor estoppel on the merits of the rejection." *Quad Envtl. Techs. Corp. v. Union Sanitary Dist.*, 946 F.2d 870, 874 (Fed. Cir. 1991).

| | |
|---|---|
| Dated: February 7, 2024 | Respectfully submitted, |
| | */s/ Stephen M. Payne* |

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on February 7, 2024 a copy of the foregoing was served to all Samsung counsel of record.

*/s/ Stephen M. Payne*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Stephen M. Payne*