IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**NETLIST, INC.'S SUR-REPLY IN OPPOSITION TO SAMSUNG'S
MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES
(DKT. 338)**

**I.      Samsung Misstates the Legal Standard for Actual Notice**

There is no requirement, as Samsung argues, that there be "a single communication" meeting all the requirements for actual notice in isolation. Reply at 1. To the contrary, the Federal Circuit holds that all communications between the Parties must be considered together in context. In *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1346 (Fed. Cir. 2001), the Federal Circuit reversed the district court's determination there was no actual notice because it improperly considered a letter "Standing alone," when that letter considered in connection with other communications "establishes Gart's belief that Logitech's manufacture and sales . . . may infringe claims of the '165 patent." *Id.* at 1347; *see also Image Processing Techs., LLC v. Samsung Elecs. Co.*, 2020 WL 6832827, at *5 (E.D. Tex. Jun. 19, 2020) (evaluating notice "in the context of the letter as a whole and the relationship between the parties").

Samsung's assertion that actual notice requires "a patentee must specifically identify the asserted patent along with a specific charge of infringement as to specific products" (Reply at 1) is also incorrect. In *SRI Int'l, Inc. v. Advanced Tech. Lab'ys., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997) the Federal Circuit explained "there are numerous possible variations in form and content, the purpose of the actual notice requirement is met when the recipient is notified, with sufficient specificity, that the patent holder believes that the recipient of the notice may be an infringer." *Id.* This Court has subsequently recognized that, in view of *SRI*, "a direct charge of infringement [is] not required." *Mass. Inst. Of Tech. v. Abacus Software, Inc.*, 2004 WL 5268125, at *3 (E.D. Tex. Sept. 29, 2004).

**II.     There is a Genuine Dispute of Fact Regarding Actual Notice**

Here, Netlist's communications to Samsung meet each of the requirements for actual notice set forth in *SRI*.

***Identity of the Patents***. Samsung does not dispute that Netlist repeatedly identified the Asserted Patents and their family members to Samsung as listed below:

[redacted]

■ ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████

■ ████████████████████████████████████████████████████████████
████████████████████████████████

*See* Dkt. 436-2 (2010 JEDEC disclosure) at 12; Dkt. 436-3 (2012 presentation) at 20; Dkt. 436-7 (2015 presentation) at 53-54, 59; Dkt. 436-9 (2016 patent list); Dkt. 436-12 (2021 patent list); Dkt. 436-13, 436-14 (2022 letter and Ex. A.). Samsung does not dispute that "notice of infringement of a parent patent can expand to include notice of infringement a continuation patent. The Federal Circuit has acknowledged that an accused infringer's actual notice of a parent patent is relevant to the § 287(a) inquiry." *Arthrex, Inc. v. Smith & Nephew, Inc.*, 2016 WL 11750176, at *2 (E.D. Tex. Nov. 29, 2016) (citing *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1378-79 (Fed. Cir. 2012)).

**Activity Believed to be an Infringement**. Samsung argues that Netlist's communications supposedly did not make "a charge of infringement." Reply at 2. As discussed above, there is no such requirement (though, as discussed below, Netlist did explicitly charge infringement in its letters). Rather, both the Federal Circuit and this Court hold that there is a triable issue on actual notice where the patentee identifies the product covered by the patent and proposes a license, even if the word "infringement" is not uttered. For example, in *Gart*, the Federal Circuit reversed the district court's entry of summary judgment and held there was a triable issue on actual notice where patentee sent a letter identifying the asserted patent (the '165 Patent) and made "specific reference to Logitech's selling of the TRACKMAN VISTA, and noted that Logitech 'may wish to have [its] patent counsel examine the ... patent ... to determine whether a non-exclusive license under the patent is needed.'" 254 F.3d at 1346. The Federal Circuit held that "from an objective standpoint, the clear inference from the 1995 letter's reference to specific claims of the patent, a specific product, and the suggestion that a license under the patent may be needed is that Gart believed the TRACKMAN VISTA infringed claims 7 and 8 of the '165 patent." *Id.* Similarly, in *Image Processing*, patentee's letter identified the

asserted patents and Samsung digital camera features, and then stated "we believe that Samsung might be interested in licensing the Image Processing portfolio." 2020 WL 6832827, at *2. This Court held the letter created a triable issue on actual notice even though it did not explicitly allege infringement, explaining that the offer of a license reasonably suggested infringement because "The whole point of offering a license is to insulate a licensee from infringement charges by the licensor.." *Id.* at *5.

Netlist's notices to Samsung follow this mold. They repeatedly identified the patents as covering Samsung's accused LRDIMM and RDIMM products, and proposed Samsung take a license.

First, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Samsung argues this notice was related to DDR3 and not DDR4, but the meeting was discussing both. *E.g. id.* at 5-7, 12 (discussing DDR4). Further, DDR4 is merely the next generation of DDR3, and the Federal Circuit holds that actual notice may extend to "other models and related products." *Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010); *see also K-TEC*, 696 F.3d at 1370. Whether a notice extends to subsequent products is "a fact issue for the jury to decide." *Acticon Techs. LLC v. Creative Labs Inc.*, 2012 WL 708059, at *2 (E.D. Tex. Mar. 5, 2012).

Second, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Samsung argues that this notice was not directed to DDR4 products, but that is not what the presentation says. It expressly identifies the patents as covering "current DDR4." *Id.*

Third, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████ As this Court held in *Image Processing*, a reasonable jury could conclude from this proposal that Netlist was communicating Samsung was an infringer because "The whole point of offering a license is to insulate a licensee from infringement charges by the licensor." 2020 WL 6832827, at *5. Further reinforcing this, ████████████████████ ████████████████████████████████████████ *E.g.* Dkt. 436-7 at 59-60. This Court likewise held in *Image Processing* that informing the defendant of other litigation is probative to actual notice because it suggests infringement. 2020 WL 6832827, at *5.

Fourth, ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████ Dkt. 436-11, 436-12.[1] These communications must be considered together, not in isolation. Samsung's further assertion the letter

---

[1] Samsung's counsel had authority to accept production of this list. Indeed, the Federal Rules and Court's orders expressly authorize service on counsel.

"does not identify a single Samsung product" is wrong – the letter expressly identified Samsung's LRDIMM and RDIMM products, which are the accused products in this case.

Fifth, ██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████ In *Image Processing*, this Court rejected a similar argument by Samsung and held that identification of "a category of Samsung products" was sufficient. 2020 WL 6832827, at *5.[2]

### III. Samsung Did Not Meet Its Burden Under *Arctic Cat*

Samsung does not dispute that its letters failed to assert that any of the listed products actually practiced the asserted patents. Samsung, therefore, did not meet its burden under *Arctic Cat*.

---

[2] Samsung misstates the holding of *Minks v. Polaris Indus., Inc.*, 546 F.3d 1364, 1376 (Fed. Cir. 2008). There, the Federal Circuit held that "knowledge of a specific infringing device is not a legal prerequisite" to notice, and remanded for a new trial. The Court did not, as Samsung claims, "find[] no actual notice." *See Minks,* 546 F.3d at 1377 ("it is not for us to determine whether, as a factual matter, any of these exchanges were sufficient actual notice").

Dated: February 14, 2024

Respectfully submitted,

/s/ Stephen M. Payne

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on February 14, 2024, a copy of the foregoing was served to all counsel of record.

<u>/s/ Michael W. Tezyan</u><br>
Michael W. Tezyan

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

<u>/s/ Michael W. Tezyan</u><br>
Michael W. Tezyan