**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-cv-293-JRG ) |
| SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., | ) JURY TRIAL DEMANDED ) (Lead Case) ) ) ) ) |
| Defendants. | ) |
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-cv-294-JRG ) |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) |

**<u>NETLIST'S MOTION FOR RELIEF FROM PROTECTIVE ORDER</u>**

Plaintiff Netlist moves for leave to introduce testimony designated by Defendant Samsung under the Protective Order (Dkt. 60) (the "PO") in this case in co-pending litigation between the parties in the Central District of California (the "CDCA Case"). The relief that Netlist seeks is limited. On February 5, 2024, Judge Scarsi scheduled a jury trial for March 26, 2024 (the "CDCA Trial") on Samsung's material breach of the JDLA and Netlist's termination. Netlist intends to move for leave in CDCA to introduce the designated testimony in the CDCA trial. Before Netlist can seek such relief, however, it must be able to present the testimony to Judge Scarsi so he can consider its relevance to the issues that will soon be tried in CDCA. Because Samsung has designated this testimony under the PO, Netlist is currently unable to do so. The testimony of Samsung's corporate representative is highly relevant to issues before the court in the CDCA Trial. Further, Netlist only seeks to present the testimony under seal to Judge Scarsi (and later at the CDCA trial if Judge Scarsi concludes the testimony can be admitted). No other party will be exposed to this testimony. Samsung will face no prejudice from such disclosure.

The parties met and conferred, but Samsung has refused to grant Netlist a limited exception to the PO to allow the designated testimony to be presented to Judge Scarsi. Samsung should not be permitted to prevent Judge Scarsi from seeing this highly relevant testimony so that he may decide for himself whether it should be admitted in the CDCA trial. Netlist's narrow request for relief from the PO should be granted.

## I. Background

The Court is already familiar with the parties' dispute regarding the JDLA's supply provision, which is briefly summarized here. ████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████

- 1 -



Dkt. 273-7 at SAM-NET0054284.

Samsung, however, argued to the Ninth Circuit that the supply provision should nonetheless be read as being implicitly limited to parties' joint development project. Dkt. 273-02 (9th Cir. Hearing Tr.) at 15:10-19. Samsung argued that a contrary reading would be unprecedented in Samsung's history. *Netlist Inc., v. Samsung Electronics Co., LTD.*, 2022 WL 2124372, at *34-35 (9th Cir., Jun. 6, 2022) (Samsung Brief on Cross Appeal) ("No ordinary businessperson in Samsung's position would agree to supply an unquantified amount of DRAM and NAND to a single customer on 'request at a competitive price.'"). In light of these arguments, the Ninth Circuit held that Samsung's supply obligation pursuant to the JDLA is ambiguous, and remanded for further proceedings. *Netlist Inc. v. Samsung Elecs. Co.,* 2023 WL 6820683, at *1-2 (9th Cir. Oct. 17, 2023).





This testimony (the "Designated Testimony") is highly relevant to the question before the Court in the CDCA Trial.

On February 5, 2024, Judge Scarsi held a hearing in CDCA in which he scheduled trial of Netlist's claim against Samsung for breach of the JDLA for March 26, 2024. Ex. B (CDCA Hr. Tr.) at 8. During the hearing, counsel for Netlist informed Judge Scarsi that Netlist would be seeking relief from the protective order in this case so that Judge Scarsi could consider whether Mr. Calandra's testimony can be admitted in the CDCA trial:

> **THE COURT:** So to the extent that you want to talk to this Court about something that's under a protective order, make sure you get leave because I don't want to -- again, I don't want to be disrespectful of the court in Texas by considering information that I'm not allowed to see.
>
> **MR. SHEASBY:** Your Honor, I think that's absolutely right. So what we'll need to do is we'll need to make a motion in front of East Texas, as well as make a motion in front of Your Honor. My expectation is the East Texas motion will file that promptly so that that will be resolved in advance of our briefing to you.
>
> \*\*\*
>
> What I hope and as I hope that motion will be unopposed because I can't imagine what would be the principled basis for preventing Your Honor from at least considering what the issues that we're concerned about are.

*Id.* at 14-16.  On February 9, 2024, Netlist sent a draft of its request for relief from the PO and asked if Samsung would oppose a modification of the PO. Samsung refused, requiring the filing of the present motion.

## II.   Disclosure of the Designated Testimony at the CDCA Trial Should Be Allowed

"The court enjoys broad discretion in entering and modifying" a protective order entered under Federal Rule of Civil Procedure 26.  *Team Worldwide Corp. v. Walmart Inc.*, No. 2:17-CV-00235-JRG, 2019 WL 13078780, at *1–3 (E.D. Tex. Jan. 24, 2019).  "[P]rotective orders **should generally be modified** to allow discovery in other actions." *Id.* (citing *Stack v. Gamill*, 796 F.2d 65, 68 (5th Cir. 1986)). "Access **should be permitted** 'when litigants seek to use discovery in aid of collateral litigation on similar issues' because such access 'materially eases the tasks of courts and litigants and speeds up what may otherwise be a lengthy process.'" *Lubrizol Specialty Prod., Inc. v. Baker Hughes Inc.*, No. CV H-15-2915, 2016 WL 10770867, at *2 (S.D. Tex. Nov. 22, 2016) (citing *Phillips Petroleum Co. v. Pickens*, 105 F.R.D. 545, 550-51 (N.D. Tex. 1985)).

In deciding whether to modify a protective order, courts generally consider four factors: "(1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Team Worldwide Corp. v. Walmart Inc.,* No. 2:17-CV-00235-JRG, 2019 WL 13078780, at *1 (E.D. Tex. Jan. 24, 2019)(citing *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008)).

### (1) the nature of the protective order

The protective order at issue here is a blanket order as it allows the parties to designate information as protected that they, in good faith, deem to be worthy of heightened secrecy.  However, Samsung has treated the PO as akin to an umbrella protective order, designating the entirety of every deposition transcript in this case as confidential.  Thus, the nature of the protective order in this case

favors modification. *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008) ("umbrella protective orders are the most susceptible to modification, and blanket protective orders fall somewhere in between"); *Murata Mfg. Co. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006) (when discovery is designated "without any review or determination of good cause… courts often require that the party resisting modification show good cause for the protection to be maintained.").

**(2) the foreseeability, at the time of issuance of the order, of the modification requested**

At the time the PO was entered on December 12, 2022, the requested modification was foreseeable to the parties. The parties were already engaged in the litigation in CDCA. Further, the Protective Order repeatedly considers that the PO may be modified by the Court. Dkt. 60 at 21 ("***DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained*** from counsel representing the producing Party or ***from the Court***."); *id.* at 3 ("material ***may be disclosed*** only to the following persons, except upon receipt of the prior written consent of the designating party, ***upon order of the Court***, or as otherwise set forth herein"). The foreseeability of modification, as evidenced by the provision for such modification in the PO, supports modification.

**(3) the parties' reliance on the order**

The parties have not—and should not be permitted to—rely on the PO to shield discovery between the CDCA and EDTX cases. To the contrary, the parties have agreed to cross-use of CDCA discovery in EDTX. Dkt. 132.[1] Further, the parties should not be allowed to take contrary positions between the litigations and then shield contradictory admissions. The parties' cross-use agreement

---

[1] At the time of this stipulation, the only activity in CDCA was appellate, and therefore, the parties did not negotiate or agree to cross-use of EDTX materials in CDCA. However, now that the CDCA case has been remanded and additional proceedings are set to occur, cross-use of EDTX discovery in CDCA is now appropriate.

evidences a lack of reliance on protection from use of discovery in the related litigations between the parties, and favors modification.

**(4) most significantly, whether good cause exists for the modification**

This factor is the "most significant[]." *Team Worldwide Corp.,* 2019 WL 13078780 at 1. Because "good cause was not shown for the original protective order, the burden of showing good cause is on [Samsung,] the party seeking continued confidentiality protection." *Ocean Semiconductor LLC v. NXP USA, Inc.,* No. W-20-CV-01212-ADA, 2023 WL 3167443, at *4 (W.D. Tex. Apr. 28, 2023). Even so, Netlist has demonstrated that good cause exists here.

First, 

Second, no prejudice will occur to Samsung if use is allowed. Netlist's request for relief is narrow and limited. It is simply asking that it be allowed to show Judge Scarsi testimony that is relevant to the CDCA trial so that Judge Scarsi can determine for himself whether this testimony should be admitted in the case before him. If Samsung contends that this testimony should not be admitted, it will have the opportunity to oppose. But that dispute should be decided on the merits of the evidence.

Further, the Designated Testimony will be maintained under seal and seen only by the CDCA Court. There is no risk that any Samsung confidential information will be exposed to the general public. Thus, good cause exists.

- 6 -

### III. Conclusion

All factors support modifying the PO to allow use of the Designated Testimony in the CDCA Trial. For the foregoing reasons, Netlist respectfully requests the motion be granted and Netlist be granted permission to use the Designated Testimony at the CDCA Trial.

Dated: February 14, 2024

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400

Newport Beach, CA 92660

**_Attorneys for Plaintiff Netlist, Inc._**

### CERTIFICATE OF SERVICE

I hereby certify that, on February 14, 2024 a copy of the foregoing was served to all counsel of record.

_/s/ Jason Sheasby_
Jason Sheasby

### CERTIFICATE OF CONFERENCE

I hereby certify that the parties met and conferred on February 14, 2024. Defendants refused to grant Netlist's request for a narrow adjustment to the PO. The parties are at an impasse.

_/s/ Jason Sheasby_
Jason Sheasby

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

_/s/ Jason Sheasby_
Jason Sheasby

- 8 -