# EXHIBIT B

███████████████

```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                    (SOUTHERN DIVISION - SANTA ANA)



NETLIST, INC.,                    ) CASE NO: 8:20-cv-00993-MCS-ADS
                                  )
         Plaintiff,               )           CIVIL
                                  )
   vs.                            )      Los Angeles, California
                                  )
SAMSUNG ELECTRONICS CO., LTD.,    )    Monday, February 5, 2024
                                  )
         Defendant.               )    (11:00 a.m. to 11:27 a.m.)



                             HEARING RE:

              MOTION TO STAY CASE PENDING TRIAL
        IN THE EASTERN DISTRICT OF TEXAS [DKT.NO.344];

         MANDATE ISSUED FROM THE 9TH CCA ON 11/9/23;

             MOTION FOR PARTIAL SUMMARY JUDGMENT
         AS TO CONTRACT INTERPRETATION [DKT.NOS.356,379];

            MOTION TO SUPPLEMENT THE RECORD [DKT.NO.358]


                BEFORE THE HONORABLE MARK C. SCARSI,
                   UNITED STATES DISTRICT JUDGE


APPEARANCES:                SEE PAGE 2


Court Reporter:             Recorded; CourtSmart

Courtroom Deputy:           Isabel Martinez

Transcribed by:             Exceptional Reporting Services, Inc.
                            P.O. Box 8365
                            Corpus Christi, TX 78468
                            361 949-2988



Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

                    EXCEPTIONAL REPORTING SERVICES, INC

14

1  issues before Your Honor.  And of course in the Ninth Circuit
2  as well as in the Fifth Circuit, you can't contradict corporate
3  testimony even in different fora.  And so we are going to be
4  making a motion for leave narrowly on this focused issue of
5  corporate testimony that was elicited in East Texas that we
6  think goes directly to the issues before Your Honor.
7           Now, there's two ways of handling that.  One is
8  there's an open question as to whether that witness can in
9  effect be called through video and there's this which is what
10 the motion will be.  And there's a second aspect to it which is
11 that if a corporate -- if their corporate representative were
12 to contradict what the corporate representative in East Texas
13 said, then there's an issue of impeachment.  Obviously you can
14 impeach with issues that are not in evidence in front of Your
15 Honor.  And so it seems to me the second issue is a prudential
16 issue that Your Honor will have to decide in the heat of cross
17 examination.  The first issue will be subject to briefing that
18 we'll be making in front of Your Honor.
19           **THE COURT:**  Is there -- just in reading the papers,
20 it seemed to -- there seems to be some issue with respect to
21 protective orders in Texas.  Is this material?  I just want to
22 make sure.  As I'm sure you-all know, the courts, especially
23 the Eastern District, is very concerned about its orders being
24 followed with respect to protective orders.  So to the extent
25 that you want to talk to this Court about something that's

**EXCEPTIONAL REPORTING SERVICES, INC**

15

1  under a protective order, make sure you get leave because I
2  don't want to -- again, I don't want to be disrespectful of the
3  court in Texas by considering information that I'm not allowed
4  to see.
5         **MR. SHEASBY:**  Your Honor, I think that's absolutely
6  right.  So what we'll need to do is we'll need to make a motion
7  in front of East Texas, as well as make a motion in front of
8  Your Honor.  My expectation is the East Texas motion will file
9  that promptly so that that will be resolved in advance of our
10 briefing to you.
11        But I think that there's sort of two separate issues
12 here.  One is in the sort of the reasonable execution of
13 justice, should this Court be aware of inconsistent 30(b)(6)
14 testimony taken involving the identical parties?  And we think
15 that we'll ask Judge Gilstrap to allow you to at least see that
16 testimony.  The second issue as to the way and form in which
17 you would allow that testimony to be used in the court which
18 will be squarely before Your Honor.
19        And so for me it's a matter of process.  We can have
20 a principled debate as to whether what the 30(b)(6) witness has
21 said was inconsistent.  That is a perfectly reasonable thing
22 for Your Honor to consider.  The issue is we need to get off
23 the first base so that we can actually consider that.  That is
24 squarely in front of Judge Gilstrap.  We will make that motion
25 in front of Judge Gilstrap.

1        What I hope and as I hope that motion will be
2    unopposed because I can't imagine what would be the principled
3    basis for preventing Your Honor from at least considering what
4    the issues that we're concerned about are.
5            **THE COURT:** Who is your -- who are the local counsels
6    in Texas on this case?
7            **MR. SHEASBY:** Yes, Your Honor.  So it's Melissa Smith
8    for Samsung.  It's Sam Baxter and Jennifer Truelove for
9    Netlist.  And Mr. Yoder has appeared in East Texas so everyone
10   in this courtroom that's sitting at this table knows what we're
11   talking about.  The only person who doesn't know what we're
12   talking about is the person with the Article III appointment.
13           **THE COURT:** Okay, thank you.
14           The question was about scope of discovery and so let
15   me get the position from Samsung and then feel free to respond
16   to what Mr. Sheasby said.
17           **MR. YODER:** Sure, Your Honor.
18           Our position is, as the Court stated, discovery was
19   closed, this case is teed up, it's ready to go to trial based
20   upon the record that was developed before the summary judgment
21   rulings back in the day.  We think that should be the record
22   that goes to trial.  I think it's for Judge Gilstrap to decide
23   if there's a motion filed what he does with it so I have no
24   real comment on that.
25           I will say though that we very much disagree that