# THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAMSUNG ELECTRONICS CO, LTD; ) <br> SAMSUNG ELECTRONICS AMERICA, ) <br> INC.; SAMSUNG SEMICONDUCTOR ) <br> INC., ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICRON TECHNOLOGY, INC.; ) <br> MICRON SEMICONDUCTOR ) <br> PRODUCTS, INC.; MICRON ) <br> TECHNOLOGY TEXAS LLC, ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S SUR-REPLY TO SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY OF DR. ANDREAS GROEHN (DKT. 348)**

A. **Dr. Groehn's Hedonic Regression Analysis is Reliable**

Samsung's Reply demonstrates a fundamental misunderstanding of how hedonic regressions work. ███

███

███

███

███

███

███

███

███

███

███

Samsung's Reply next argues that there are "differences in supply and demand issues in different product segments in the DRAM market." Reply at 2. This argument is nowhere to be found in Samsung's *Daubert* motion, and was only raised on reply for the first time, and thus is waived. *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, 2019 WL 2959568, at *3 (E.D. Tex. Apr. 18, 2019) ("It is black-letter law that arguments raised for the first time in a reply brief are waived 'as a matter of litigation fairness and procedure.'"). Regardless, Samsung's argument is meritless.

███

███ Second, Samsung claims that there are different product segments in the **DRAM** market, but ignores ███

███

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████  ████████████████████

██████████████████████████████████████████████████████

Samsung's argument is also belied by ████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████

> ████████████████████████████████████████
> ████████████████████████████████████████
> ████████████████████████████████████████
> ████████████████████████████████████████
> ████████████████████████████████████████
> ████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████

### B.  Dr. Groehn's Choice of Variables Is An Issue For Cross-Examination

Samsung claims that Dr. Groehn's analysis is unreliable because ████████████

████████████████████████████████  This is incorrect. Dr. Groehn explained his

decision ████████████████████████████

> ████████████████████████████████████████
> ██████████████████
> ████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████ Regardless, decisions made by Dr. Groehn in conducting his analysis is an issue for cross-examination. *PerdiemCo, LLC v. Industrack LLC*, 2016 U.S. Dist. LEXIS 155754 (E.D. Tex. Nov. 9, 2016) ("At some level an expert must be allowed to rely on and use his or her judgment, provided the opinion is supported by facts and data . . . Further, his opinion is not so opaque as to be immune from rigorous cross-examination, the 'traditional and appropriate means of attacking shaky but admissible evidence.' *Daubert*, 509 U.S. at 596. ").

Moreover, Samsung's technical expert's opinion that the products are commodities is also at odds with the notion that customer-level information should be analyzed as part of a hedonic regression. ████████████████████████

█████████████████████████████████████████████████
████████████████████

█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████

████████████████████████████ Samsung's claim that customer-specific information is "economically important information" reflects a disagreement that goes to the weight of Dr. Groehn's opinion, and the jury can decide whether to accept or reject Samsung's argument.[1]

Samsung's argument that regressions should be run on customer-specific information also makes no sense for the purpose of the regression in this case. The jury will not be asked to determine a reasonable royalty based on Samsung's sales to specific customers (*e.g.*, a reasonable royalty for infringing sales just to ████████ or infringing sales just to ████████), but rather "a reasonable royalty for the use made of the invention by the infringer," *i.e.*, sales to all of Samsung's

---

[1] Under Samsung's argument, aggregation would be unreliable if two customers buy the same product on the same day for prices that differ by only one penny.

customers. 35 U.S.C. 284. The purpose of the regression is to determine a relationship for the speed and price of Samsung's infringing accused products as they are sold in the real world to all of their customers. For example, Samsung's damages experts do not opine that the hypothetical negotiation in this case would be based on customer-specific aspects.

*Coward* is inapplicable. That case involved a multiple regression to determine salary discrimination, wherein the regression analysis omitted "clearly major variables," such as job title or "any other variable representing type of work performed." *Coward v. ADT Sec. Sys., Inc.*, 140 F.3d 271, 274 (D.C. Cir. 1998). As Dr. Groehn discusses in his deposition, customer-███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

### C. The Court Properly Admitted A Nearly-Identical Opinion in *EDTX1*

Samsung does not dispute that the Court found Dr. Groehn's nearly-identical analysis to be reliable in *EDTX1*. Samsung does not identify any differences between his analyses that would warrant exclusion. Samsung's argument that Netlist "has not even produced Dr. Groehn's report from *EDTX1* in this case" does not make sense, especially given ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

### D. Samsung's Arguments That Jurors Are Incapable of Understanding Cross-Examination Should Be Rejected

Samsung's argument that a jury cannot evaluate a hedonic regression analysis is a disservice to jurors everywhere, and suggests that jurors are incapable of paying attention and learning from expert witnesses. This is wrong, and would mean that a hedonic regression could never be presented to a jury, because expert testimony must "help the trier of fact to understand

the evidence or determine a fact in issue." Fed. R. Evid. 702(a). Samsung does not dispute that hedonic regressions have been admitted by many courts in countless litigations.

Samsung also calls hedonic regressions "arcane," but regressions have been widely used by economists in government, academia, and the private sector for nearly 100 years, by Dr. Groehn himself for nearly three decades, and have been repeatedly upheld by courts. *Manpower, Inc. v. Ins. Co. of Pa.*, 732 F.3d 796, 808 (7th Cir. 2003) ("[R]egression analysis [is] a proven statistical methodology used in a wide variety of contexts."); *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-CV-57 (W.D. Tex.), Dkt. 638 at 4 (quoting *United States v. Valencia*, 600 F.3d 389, 427 (5th Cir. 2010)) ("hedonic regression analysis… is a 'powerful tool' for 'understand[ing] the relationship between a dependent and an explanatory variable,' and is commonly used.").[2]

In sum, that Samsung believes its cross-examination of Dr. Groehn will be "ineffective" is not a reflection on the ability of jurors or the reliability of hedonic regressions.

### E. Dr. Groehn's Regression is Helpful to the Jury

Samsung argues that "there is no utility in quantifying the correlation between speed and price." Reply at 5. This is wrong. As detailed in Netlist's Opposition, ▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬ This is directly relevant to the jury's determination of a reasonable royalty, regardless of whether Mr. Kennedy testifies, because a reasonable royalty must reflect "the use made of the invention by the infringer." 35 U.S.C. 284. Dr. Groehn's opinion will help the jury understand the use Samsung has made of the patents-in-suit.

---

[2] Samsung again relies on *Stragent* but ignores that the expert in that case "utilize[ed] guesswork" and "could not separately estimate the value of the accused features." *Stragent, LLC v. Intel Corp.*, 2014 WL 1389304 (E.D. Tex. Mar. 6, 2014); order clarified, 2014 WL 12611339 (E.D. Tex. Mar. 12, 2014). Nothing in *Stragent* supports Samsung's argument that jurors are unable to understand hedonic regressions.

| | |
|---|---|
| Dated: February 14, 2024 | Respectfully submitted,<br>*/s/ Jason G. Sheasby* |
| | Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099 |
| | Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, Ph.D. (*pro hac vice*)<br>hzhong@irell.com<br>Andrew J. Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com |
| | **IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199 |
| | ***Attorneys for Plaintiff Netlist, Inc.*** |

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Isabella Chestney*
Isabella Chestney

### CERTIFICATE OF SERVICE

I hereby certify that, on February 14, 2024, a copy of the foregoing was served to all

counsel of record via Email as agreed by the parties.

*/s/ Isabella Chestney*
Isabella Chestney