# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD.; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ███████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-294-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; | ) | |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NETLIST, INC.'S SUR-REPLY TO SAMSUNG'S DAUBERT MOTION AND MOTION TO STRIKE EXPERT TESTIMONY OF PETER GILLINGHAM (DKT. 351)

## I.    Mr. Gillingham's Opinion on Standard Essentiality Is Proper

The crux of Samsung's argument is that Netlist should have guessed at whether its asserted claims are essential, and should have provided Samsung with that guess during discovery.

Samsung argues if it had known whether Netlist **believed** the patents-in-suit are essential, it would have dramatically altered Samsung's preparation of this case. This is nonsensical. The Parties agree the patents are not standard essential and Samsung itself has taken this position, so Samsung clearly has been able to prepare its case based on the view the patents are not essential. Further, Netlist's beliefs have no impact on this case. If Netlist believed the patents-in-suit were essential, that would not change the existence of a RAND obligation; the obligation only applies if the patents-in-suit are **actually** essential. And Samsung does not dispute that its own expert allegedly performed his own essentiality analysis and determined the patents-in-suit are not essential.

Samsung's proposal—that Netlist prematurely provide an essentiality analysis—would have provided no benefit or efficiency to Samsung or this litigation. To the contrary, there is a high risk that such premature analysis would have been inaccurate, which is precisely why neither Samsung nor Netlist engaged in it. Samsung's cited example of the SK Hynix ITC litigation confirms this. Dkt. 351 at 5. There, Netlist contended, prior to expert analysis, that the '907 Patent was essential. SK Hynix argued that when the claims are construed, they were not essential. The ITC ultimately rejected Netlist's contention and found the '907 Patent not standard essential:

> Netlist argued that the asserted claims of the '907 patent are essential to the JEDEC DDR4 LRDIMM standard based on: (1) Netlist's commitment of the '907 patent as essential to the JEDEC DD4 LRDIMM standard; (2) Netlist's adherence to JEDEC policy governing essential patent claims; (3) Netlist's steadfast contention that the asserted claims are essential[…]. Netlist Initial Sub. at 8-10. SK hynix argued that, under the proper construction for "receive" and/or "produce . . .", the '907 patent is not essential to any JEDEC standard. SK hynix Init. Sub. at 12-13. […]
>
> As an initial matter, the Commission finds the JEDEC-compliant accused products do not infringe either the '907 or '623 patent. Accordingly, Netlist failed to show that compliance with JEDEC standards would necessarily infringe the '907 or '623 patents, and therefore those patents are not shown to be essential to any JEDEC standard.

*In the Matter of Certain Memory Modules & Components Thereof*, USITC Inv. No. 337-TA-1089, at *22 (Feb. 1, 2022). If Netlist had rendered a premature contention regarding essentiality in this case, exactly the same outcome could have resulted, or the expert analysis could have revealed that the initial contention was incorrect. That shifting-sands scenario would not have benefited either party.

Further, as explained in the Opposition, Samsung has suffered no prejudice by Netlist's experts' opinions that Netlist's patents are ***not*** essential.  Samsung claims that it had "had no opportunity to investigate ███████████████████████████████████████

███████████████████████████████████████████  ██████████████████

███████████████████████████████████████  ████

████████████████████████████████████████████

███████████████████████████████████████████▊  █████

███████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████

## II.    Mr. Gillingham's Rebuttal Opinions Are Not "State of Mind" Opinions

Mr. Gillingham's analysis in this case is largely identical to his analysis from EDTX1, which was not stricken and which was presented at the EDTX1 bench trial without objection.  There is no reason for a different outcome here.

As explained in the Opposition, each of Mr. Gillingham's opinions is proper rebuttal to Mr. Halbert's opinions, which are largely improper and should be stricken.  For example, █████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[1] Samsung's suggestion that Mr. Gillingham only relied on redacted evidence in support of this opinion is wrong.  Mr. Gillingham explains that he relied on his decades of JEDEC and technical experience in rendering this expert opinion.

███████████████████████████████████████████ Samsung claims this opinion is proper because Mr. Halbert's "opinions place the parties' actions in the context of JEDEC's customs."  Reply at 3.  But Mr. Halbert's opinion is nothing more than speculation on third parties' beliefs regarding the JEDEC Patent Policy.  Mr. Gillingham, on the other hand, analyzes the actual facts of this case based on his expertise and experience, and explains why Mr. Halbert's opinions ignore the facts of the case.

Samsung also improperly attributes deposition testimony in this case to Mr. Gillingham. ███

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

## III.    Mr. Gillingham Provided Opinions Regarding Samsung's Dominance at JEDEC in Response to Mr. Halbert's Criticism of Netlist's Lack of Contributions to JEDEC

The role of an expert is to analyze documents and testimony produced in discovery and render opinions relevant and helpful to issues being decided by the trier of fact.  Samsung intends to present a case explaining how it has allegedly magnanimously provided its time and effort to JEDEC in order to push the industry forward. ████████████████████████████████████████████████

████████████████████████████████████████████████

███████████ Based on the evidence produced in this case and his own experience, however, Mr. Gillingham opines that ████████████████████████████████████████

████████████████████████████████████████████████

███████████████  ████████████████  ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████  ████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████

   Mr. Gillingham's opinion is directly relevant and helpful to the trier of fact as well.  Samsung

intends to represent to the jury and to the Court that documents produced by JEDEC are authentic,

prepared by JEDEC, and relevant.  ███████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████.

Dated: February 14, 2024

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com

---

[2] Samsung claims that the Court's motions *in limine* precludes evidence regarding pretrial proceedings or discovery disputes (Reply, at 4-5), but that MIL has no application here, as there has been no proceedings or discovery disputes regarding Samsung's control over JEDEC.

Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on February 14, 2024, a copy of the foregoing was served to all Samsung counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao