# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:22-cv-293-JRG |
| SAMSUNG ELECTRONICS CO., LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., | ) JURY TRIAL DEMANDED (Lead Case) |
| Defendants. | ) |
| NETLIST, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:22-cv-294-JRG |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**NETLIST INC.'S SUR-REPLY TO SAMSUNG'S *DAUBERT* MOTION AND MOTION TO STRIKE EXPERT REPORT OF DR. WILLIAM HENRY MANGIONE-SMITH (DKT. 350)**

# **TABLE OF CONTENTS**

**Page**

I. Dr. Mangione-Smith's Infringement Theories Are Not "New" .................................................1

II. Dr. Mangione-Smith's Doctrine of Equivalents Theories are Timely and Proper..................3

III. Dr. Mangione-Smith Does Not Offer New Claim Construction Opinions ............................3

IV. Dr. Mangione-Smith's Technical Valuation Opinions Are Proper..........................................3

V. Dr. Mangione-Smith's Written Description Opinions Are Proper .........................................5

VI. Dr. Mangione-Smith Does Not and Will Not Opine on Samsung's State of Mind ................5

VII. Dr. Mangione-Smith's Non-Essentiality Opinions Are Proper ..............................................5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AstraZeneca AB v. Apotex Corp.*,
    782 F.3d 1324 (Fed. Cir. 2015) ...................................................................................................5

*Intel Corp. v. Tela Innovations, Inc.*,
    2021 WL 1222622 (N.D. Cal. Feb. 11, 2021) .............................................................................4

*Papst Licensing GmbH & Co., KG v. Apple,*
    2017 WL 11638426 (E.D. Tex. June 16, 2017) ..........................................................................5

*Phenix Longhorn, LLC v. Wistron Corp.*,
    2019 WL 6873029 (E.D. Tex. Aug. 16, 2019) .......................................................................2, 3

*Rapid Completions LLC v. Baker Hughes, Inc.*,
    2016 WL 3407688 (E.D. Tex. June 21, 2016) ............................................................................1

*Solas OLED Ltd. v. Samsung Elecs.*,
    2022 WL 1912864 (E.D. Tex. May 30, 2022) .......................................................................2, 3

I. **Dr. Mangione-Smith's Infringement Theories Are Not "New"**

***MPSM Mode ('912).*** ▮

▮

***Master die in 3DS ('912).*** ▮

***MRS Command or DQ0 as the "command signal" ('912).*** ▮ Samsung argues that Netlist's use of the conjunctive only provided Samsung notice of a theory that "requires both" an MRS command and DQ0. Dkt. 512 at 1. Samsung cites no authority supporting such a restrictive interpretation of infringement contentions.

***Edge Connectors as Part of the "circuit" ('912).*** ▮

- 1 -

███████████████████████████████

**Commands "configured to control" One Rank ('912)**. Samsung does not dispute that it first disclosed its interpretation of "configured to control" 10 days before opening reports were due. This is in contrast to *Phenix Longhorn, LLC v. Wistron Corp.*, where TI disclosed its non-infringement defense six months before the patentee moved to amend its contentions. 2019 WL 6873029, at *3 (E.D. Tex. Aug. 16, 2019); *see also Solas OLED Ltd. v. Samsung Elecs.*, 2022 WL 1912864, at *3 (E.D. Tex. May 30, 2022) (prejudice "minimized by the minor differences in time, a matter of weeks, between when Solas could have updated its infringement contentions and when it served [the] report").

**Data Buffer Control Signals Other than BCOM ('417)**. As explained in the opposition, ███

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

██████████████████████

**MWD Training Mode ('608)**. ████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

████████████████████████

- 2 -

**II.     Dr. Mangione-Smith's Doctrine of Equivalents Theories are Timely and Proper**

*Timeliness*. Samsung does not dispute that it first disclosed non-infringement positions ten days before opening reports, in contrast to the six-month gap in *Phenix*. 2019 WL 6873029, at *4. Nor does Samsung dispute that Dr. Mangione-Smith's DoE opinions are responsive to Samsung's new positions. There is no prejudice. *Solas OLED*, 2022 WL 1912864, at *3.

*Sufficiency*. Samsung's Reply does not distinguish this Court's ruling in *Samsung I* denying Samsung's motion to strike Dr. Mangione-Smith's DoE theories responsive to Samsung's late-disclosed non-infringement positions. Dkt. 454 at 6; Dkt. 512 at 3. ▌

▌ Samsung's arguments about sufficiency of the analysis go to weight, not admissibility.

**III.    Dr. Mangione-Smith Does Not Offer New Claim Construction Opinions**

As explained in Netlist's opposition to Samsung's motion for summary judgment, Dr. Mangione-Smith's "capability" and "transmitting" analysis is consistent with the language of the claims. Dkt. 446 at 7-8, 11-12. As to "capability," Samsung does not distinguish *UltimatePointer* or any of the other Federal Circuit cases rejecting Samsung's construction of similarly structured claims. Dkt. 454 at 7-8. ▌

▌ Samsung does not respond to this point, nor does Samsung dispute that Dr. Mangione-Smith was not asked about the plain meaning of "transmitting" at deposition. *Id.* at 9; Dkt. 512 at 3.

**IV.    Dr. Mangione-Smith's Technical Valuation Opinions Are Proper**

*Timeliness*. As Netlist's opposition pointed out and Samsung does not dispute, all of Dr. Mangione-Smith's opinions that Mr. Kennedy relies on as part of his damages analysis were disclosed during fact discovery. Dkt. 454 at 9. ▌

▌ Samsung does not explain how—if at

all—it was prejudiced by the alleged untimely disclosure.

**Sufficiency ('912).**[1] Samsung's claim that the benefit identified for the '912 patent was plucked out of thin air ignores the documentary evidence and testimony noted in Netlist's opposition. Dkt. 454 at 10-11. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**Apportionment ('912/'417/'608).** Samsung cites no law in support of its apparent argument that where—as here—different patents independently enable different benefits in different ways, an expert is required to apportion the benefit between those patents. Samsung attempts to distinguish *Intel Corp. v. Tela* because the "overlapping" patents in that case claimed priority to the same provisional, but Samsung does not explain the relevance of that fact, nor does Samsung even attempt to distinguish *PersonalWeb*. Dkt. 454 at 12-13; Dkt. 512 at 4-5. Samsung also does not cite any expert analysis for its conclusory argument that "in any system, there are many features that contribute to the

---

[1] Samsung's reply lumps the '608 patent under its "sufficiency" analysis, but does not substantively address why Dr. Mangione-Smith's technical benefits analysis for the '608 patent is insufficient; instead, Samsung's only point is that the benefit overlaps with the '912 patent. Dkt. 512 at 4 n.2.

- 4 -

performance of the accused products, and removing any would prevent the benefit." *Id.* at 4-5.

Consistent with Federal Circuit law, Dr. Mangione-Smith's analysis properly focuses on the incremental value of the combination of elements, not only the technical benefit of "load isolation" as Samsung suggests. Dkt. 512 at 5; *see also AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1339 (Fed. Cir. 2015) ("It is not the case that the value of all conventional elements must be subtracted from the value of the patented invention as a whole when assessing damages.").

## V.    Dr. Mangione-Smith's Written Description Opinions Are Proper

Samsung attempts to distinguish *Papst* by arguing that the Defendant there moved to compel all invalidity contentions, but here too, Samsung asked Netlist to provide written description contentions for every asserted claim. *See* Dkt. 454-16 at 62 (Samsung's Rog. No. 17 requesting § 112 contentions "[f]or each Asserted Claim"); Ex. 21 (Oct. 20, 2023 Tishman letter). Moreover, *Papst* did not turn on the breadth of validity contentions requested, but simply that the request was "premature in light of the impending disclosure of those contentions during expert discovery." *Papst Licensing GmbH & Co., KG v. Apple*, Inc., 2017 WL 11638426, at *5 (E.D. Tex. June 16, 2017). Consistent with the deadlines for expert discovery in this case, Dr. Mangione-Smith's rebuttal report addressed the specific written description arguments made in Mr. McAlexander's opening report.

## VI.   Dr. Mangione-Smith Does Not and Will Not Opine on Samsung's State of Mind

As Netlist made clear in its opposition, Paragraphs 77-101 do not contain any opinions on state of mind. Samsung does not rebut this point, conceding that these paragraphs are proper.

## VII.  Dr. Mangione-Smith's Non-Essentiality Opinions Are Proper

As pointed out in Netlist's opposition, Samsung bears the burden to prove standard essentiality as part of its RAND defense. Dkt. 454 at 14-15. Samsung does not dispute this, nor does it dispute that it failed to disclose its position on essentiality during fact discovery. Dkt. 512 at 5. Nor does Samsung identify any specific prejudice it suffered as a result of Netlist's alleged non-disclosure.

Dated: February 14, 2024

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on February 14, 2024, a copy of the foregoing was served to all counsel of record.

>  */s/ Jason Sheasby*
>  Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

>  */s/ Jason Sheasby*
>  Jason Sheasby