## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD.; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ██████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-294-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; | ) | |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NETLIST, INC.'S SUR-REPLY IN OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,619,912 (DKT. 353)

## TABLE OF CONTENTS

**Page**

I.    Samsung's Accused Products Directly Infringe Claim 16 as Sold ............................................1

II.   Samsung's Accused RDIMM Products Infringe Claim 16 ........................................................4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fantasy Sports Props. Inc. v. Sportsline.com, Inc.*,
  287 F.3d 1108 (Fed. Cir. 2002)..................................................................................................3

*Huawei Techs. V. T-Mobile US, Inc.*,
  2017 WL 5165606 (E.D. Tex. Oct. 15, 2017) ..........................................................................2

*Imperium (IP) Holdings, Inc. v. Apple Inc.*,
  2012 WL 6949611 (E.D. Tex. Jan. 28, 2013) ...........................................................................1

*INVT SPE LLC v. ITC*,
  46 F.4th 1361 (Fed. Cir. 2022) .................................................................................................1

*IPXL Holdings v. Amazon.com*,
  430 F.3d 1377 (Fed. Cir. 2005)................................................................................................1

*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
  2010 WL 1485326 (D. Del. Apr. 12, 2010) ............................................................................5

*Roche Prod., Inc. v. Bolar Pharm. Co.*,
  733 F.2d 858 (Fed. Cir. 1984)..................................................................................................2

*Silicon Graphics, Inc. v. ATI Techs., Inc.*,
  607 F.3d 784, 794 (Fed. Cir. 2010) ..........................................................................................3

## I.   Samsung's Accused Products Directly Infringe Claim 16 as Sold

Samsung is correct that the language of the claims is what should be compared to the accused products to determine infringement. The claim at issue here is directed to a "memory module connectable to a computer system" comprising a "circuit" having a "logic element and a register," where the circuit implements certain logic recited in the claim language. Samsung cites no case standing for the proposition that the use of present-tense verbs like "receiving" to describe the functionality of a recited "circuit" transforms the claim into a method requiring a separate computer system to actually use the claimed memory module in a particular way. The chief case cited in support of its construction, *INVT*, explicitly states that "we have not required claims to adhere to a specific grammatical form to find that the claim is drawn to capability." *INVT SPE LLC v. ITC*, 46 F.4th 1361, 1372-73 (Fed. Cir. 2022). The only case Samsung cites in support of its novel theory that the use of present-tense verbs is dispositive is a 2012 R&R that relied primarily on the Federal Circuit's analysis of a candle holder recited as having "protrusions resting upon" a candle cover in *Ball Aerosol. See Imperium (IP) Holdings, Inc. v. Apple Inc.*, 2012 WL 6949611, at *28 (E.D. Tex. July 2, 2012). But the Federal Circuit has since distinguished the "mechanical apparatus claims" in *Ball Aerosol* from "computer and software claims [which] typically use functional language to define the invention" and do not "requir[e] actual performance of those operative steps for infringement." *INVT*, 46 F.4th at 1372-73. By contrast, when the Federal Circuit has interpreted computer apparatus claims to require actual performance of specific steps, as Samsung contends here, it has done so based on unambiguous language to that effect in the claims. *See, e.g., IPXL Holdings v. Amazon.com*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) ("The system of claim 2 [including an input means] wherein . . . *the user uses the input means* to either change . . . or accept the displayed transaction . . . .").

Apparatus claims like claim 16, which are directed to a particular device ("memory module") comprising structures with specified functionality ("circuit" having recited "logic element" and

"register"), do not require the device to actually "do" anything to infringe. *See* Dkt. 446 at 7-8.[1] Infringement is determined by looking at the accused memory module and assessing whether the claimed circuitry is present or not. Whether the memory module is installed in a particular computer system or used by that computer system in a particular way would be relevant, at most, to infringement under the "use" prong of § 271, which is not necessary to show infringement. *Roche Prod., Inc. v. Bolar Pharm. Co.*, 733 F.2d 858, 861 (Fed. Cir. 1984) ("It is beyond argument that performance of only one of the three enumerated activities [make, use, or sell] is patent infringement.").

Here, there is at least a genuine dispute of fact as to whether the accused Samsung memory modules comprise the recited circuitry. *See* Dkt. 446 at 3-4. ███████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

Samsung's assertion that this testimony is "out of context" or was "corrected" by the witness in a post-deposition errata (after consulting with Samsung's attorneys) only indicates that this is a disputed factual question for the jury to resolve at trial.[2] *Cf. Huawei Techs. v. T-Mobile U.S., Inc.*, 2017 WL 5165606, at *7-8 (E.D. Tex. Oct. 15, 2017) (denying summary judgment because "[i]n light of the witness's original testimony, and subsequent change to that testimony, the Court must be cautious not to make a determination about the credibility of the witness at the summary judgment stage, [which] is for the

---

[1] Samsung's attempt to distinguish the cited cases because they involved claim interpretation for an indefiniteness challenge based on mixed system/method claiming rather than a non-infringement defense lacks merit. The same question—whether the claims are directed to an apparatus having certain structure or must be used/operated in a certain way to infringe—applies in both instances.

[2] Nor can Samsung argue the testimony was limited to LRDIMMs, as it has admitted the same RCD circuit is used in all RDIMM and LRDIMM products. *See* Dkt. 446-4, ¶¶ 24-26.

jury to weigh"), R&R adopted, 2017 WL 5157687 (E.D. Tex. Nov. 7, 2017).

Samsung's argument that the memory modules are not simultaneously in "PDA mode" and "Encoded QuadCS mode" when sold (because they have not yet been installed into a host computer system and activated) also fails because Samsung cannot rebut ███████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ▬ ██████████████████████ Federal Circuit law is clear that when an accused product includes the functionality recited in the claim—which is at least in genuine dispute here—it infringes "regardless [of] whether that [functionality] is activated or utilized in any way." *Fantasy Sports Props. Inc. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1118 (Fed. Cir. 2002); *see also Silicon Graphics, Inc. v. ATI Techs., Inc.*, 607 F.3d 784, 794 (Fed. Cir. 2010) (product infringes if designed "in such a way as to enable the user of that [product] to utilize the function . . . without having to modify [the product]"). Samsung does not address these holdings at all in its reply.

Samsung's new prosecution history argument also has no merit. *See* Dkt. 502 at 2. The quoted language simply states that the reexamination requester failed to prove its inherent anticipation theory based on Amidi because it failed to provide any "reasonable explanation as to why one skilled in the art would transmit a command signal to only one DDR memory device at a time when there is a plurality of memory devices in a rank"; it does not say anything about the claims requiring "actual operation" as opposed to a memory module comprising a circuit having the recited logic. Dkt. 353-07, at -33350.

---

[3] Samsung also fails to address its witness' testimony that, in Samsung's own testing, "***all [DDR4] functionalities*** are verified" and that specifically, "PDA mode" is verified "in its entirety" including checking for "any issues or problems with ***all the functions***." *See* Dkt. 446 at 10 (citing Dkt. 446-3, at 71:4-72:19). Samsung does not explain why this would exclude PDA with Encoded QuadCS, much less demonstrate an absence of genuine dispute of fact on the issue of direct infringement by Samsung.

## II.    Samsung's Accused RDIMM Products Infringe Claim 16

Samsung's arguments about the alleged untimeliness of Dr. Mangione-Smith's opinions

███████████████████████████████████████████████ are issues for a motion to strike,

not a motion for summary judgment, and have already been addressed in detail in Netlist's opposition

to Samsung's motion to strike (Dkt. 454) and will be addressed further in the sur-reply being filed

contemporaneously with this brief, explaining that Netlist's infringement contentions clearly identified

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

On the merits, with respect to Dr. Mangione-Smith's opinion that ████████████████████

██████████████████████████████ Samsung asserts that "Dr. Mangione-Smith concedes that

this theory depends on construing 'transmitting' to require a 'DRAM [to] latch and begin processing

the command.'" Dkt. 502, at 2 (citing Dkt. 353-3, at 219:20-221:10). ██████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

Samsung also cannot evade its own corporate representative's unambiguous testimony that

███████████████████████████████████████████████████████

█████████████████████████████████ Contrary to Samsung's assertion,

nothing about this testimony is specific to LRDIMMs, and in any event Samsung does not allege any

difference in how "the MRS command is sent to one DRAM device" in LRDIMMs vs. RDIMMs,

instead arguing that the two differ in how they handle DQ0 signals. Nor does the fact that the witness

attempted to change his testimony after the deposition justify summary judgment; as the Court noted

in denying Samsung's motion to strike Dr. Mangione-Smith's opinions on this witness' testimony in

*Samsung-1*, "the issue of the errata and the errata from Mr. Jung's testimony . . . goes to the credibility and weight of the expert's report and can be dealt with on cross examination." Ex. 11, at 47:6-14.

With respect to Samsung's theory that the "command signal" is limited to a combination of the MRS command signal and the DQ=Low signal, the factual question of whether the accused products include a circuit that transmits said command signal is for the jury to address after considering the competing expert testimony and evidence on the issue. *See* Dkt. 446 at 12 (identifying evidence in Dr. Mangione-Smith's report showing transmission of DQ signal from module circuitry).

With respect to doctrine of equivalents, Samsung fails to show that *Honeywell* applies outside of the specific scenario where "the rewriting of dependent claims into independent form [is] coupled with the cancellation of the original independent claims." Here, the case "avoids application of the *Honeywell* rule because the applicants did not cancel" the independent claim but instead prosecuted it to issuance. *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 2010 WL 1485326, at *3 (D. Del. Apr. 12, 2010). Nor does Samsung explain its conclusory assertion that Dr. Mangione-Smith's doctrine of equivalents analysis is "facially insufficient." Dkt. 502 at 4. While Netlist must prove infringement at trial, it is Samsung's burden as movant to demonstrate an absence of triable fact to dispose of that claim on summary judgment. As explained in Netlist's opposition, Dr. Mangione-Smith provided a complete doctrine of equivalents analysis that is sufficient for a reasonable jury to conclude that Samsung's products infringe under the doctrine of equivalents, if not literally. *See* Dkt. 446, at 14; Dkt. 446-4, ¶ 87.

Dated: February 14, 2024

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on February 14, 2024, a copy of the foregoing was served to all counsel of record.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby