UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>  Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>  Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY TO NETLIST'S MOTION FOR SUMMARY JUDGMENT ON SAMSUNG'S AFFIRMATIVE DEFENSE OF CLAIM PRECLUSION (DKT. 365)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION .......................................................... iii

TABLE OF ABBREVIATIONS ............................................................................................ iii

\* All emphasis in this brief is added unless otherwise noted.

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Davis v. Huskipower Outdoor Equip. Corp.*,
 936 F.2d 193 (5th Cir. 1991)..................................................................................................1

*U.S. ex rel. Doe v. Dow Chem. Co.*,
 343 F.3d 325 (5th Cir. 2003)..................................................................................................1

*In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*,
 628 F.3d 157 (5th Cir. 2010)..................................................................................................1

*Gillig v. Nike, Inc.*,
 602 F.3d 1354 (Fed. Cir. 2010)..............................................................................................1

*Sandisk Corp. v. Kingston Tech. Co.*,
 695 F.3d 1348 (Fed. Cir. 2012), Dkt. 519..............................................................................1

*SimpleAir, Inc. v. Google LLC*,
 884 F.3d 1160 (Fed. Cir. 2018)..............................................................................................1

## TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION

| # | Description |
|---|---|
| A | August 20, 2019, Office Action, U.S. Patent Application No. 16/391,151 (now U.S. Patent No. 10,860,506) (excerpts) |
| B | Terminal Disclaimer, U.S. Patent Application No. 16/391,151 (now U.S. Patent No. 10,860,506) |
| C | Complaint, *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) (excerpts) |
| D | Third Amended Complaint Against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc., *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:22-CV-293 (E.D. Tex.) (excerpts) |
| E | Plaintiff Netlist Inc.'s Second Supplemental Disclosure of Asserted Claims and Infringement Contentions (excerpts) |
| F | Exhibit D ('608 Patent) to Opening Expert Report of Dr. William Henry Mangione-Smith (excerpts) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '506 patent | U.S. Patent No. 10,860,506 |
| '608 patent | U.S. Patent No. 10,268,608 |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex) |
| SRNF | Samsung's Response to Netlist's Statement of Undisputed Facts (Dkt. 476 at 1) |
| SSMF | Samsung's Statement of Undisputed Material Facts (Dkt. 476 at 1) |

Netlist does not contend that this Court dismissed the '506 patent without prejudice or that it ever moved for such relief; instead, it argues that voluntarily withdrawn claims are automatically dismissed without prejudice based on its misreading of *Sandisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012), Dkt. 519. While *Sandisk* "**treated** [a] withdrawal of" claims as "***akin***" to dismissal, it did so only in the context of finding that there was no "reviewable" dispute. 695 F.3d at 1353-54. Whether there was a preclusive final judgment was not at issue. *Id.* In any event, Netlist neither disputes that Fifth Circuit law governs this procedural issue, nor identifies any Fifth Circuit precedent for its automatic-dismissal theory. Dkt. 519. Netlist also never disputes that Fifth Circuit precedent precludes dismissal without prejudice at such a late stage. *Compare id.*, *with* Dkt. 476 at 2; *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162-63 (5th Cir. 2010); *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991). Netlist is thus wrong that there is no final judgment on the '506 patent.

Netlist also argues that the terminal disclaimer is, standing alone, insufficient to establish preclusion, Dkt. 519, but Samsung's evidence is not limited to the disclaimer, which remains a "strong clue" that preclusion applies. *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1167-68 (Fed. Cir. 2018). Apart from the disclaimer, Samsung identified extensive factual overlap in Netlist's factual allegations, SSMF ¶ 2, as well as the examiner's unrebutted analysis showing that the two patents' claims are patentably indistinct, Ex. A at 2-6, which is sufficient to "trigger claim preclusion." *SimpleAir*, 884 F.3d at 1167. Indeed, Netlist does not deny that the examiner established that the '506 and '608 patent claims are patentably indistinct, SSMF ¶ 1, or that it accuses the same products of infringing both patents "based on substantially overlapping allegations," *id.* ¶ 2. At a minimum, this additional evidence—which Netlist never addresses—establishes a genuine dispute of material fact as to whether its '608 and '506 patent claims involve "the same nucleus of operative facts." *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1362-63 (Fed. Cir. 2010). Hence, Netlist's motion should be denied.

Dated: February 14, 2024

Respectfully submitted,

By:    /s/ *Lauren A. Degnan*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:    (903) 934-8450
Facsimile:    (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:  (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 14, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.



　　　　　　　　　　　　　　　　　　　　　　　　／s／ *Lauren A. Degnan*

3