UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY TO NETLIST'S MOTION FOR SUMMARY JUDGMENT ON SAMSUNG'S DEFENSE OF PROSECUTION HISTORY ESTOPPEL (DKT. 349)**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ii

TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION ..................................................................iii

TABLE OF ABBREVIATIONS..........................................................................................................iii

I.     Netlist Cannot Avoid Prosecution History Estoppel for Claim 16 of the '912 Patent ..................................................................................................................................1

II.    Netlist's '632 Patent Amendments Create Estoppel for the '608 Patent....................................2

\* All emphasis in this brief is added unless otherwise noted.

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Builders Concrete, Inc. v. Bremerton Concrete Prods. Co.*,
  757 F.2d 255 (Fed. Cir. 1985) ...................................................................................... 2

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*,
  757 F. Supp. 2d 1006 (E.D. Cal. 2010) ........................................................................ 1

*Festo Corp. v. Shoketsu Kinzoku Kogyo Co.*,
  535 U.S. 722 (2002) ................................................................................................. 1, 2

*Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*,
  370 F.3d 1131 (Fed. Cir. 2004) (*en banc*) ............................................................... 1, 2

*Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*,
  523 F.3d 1304 (Fed. Cir. 2009) .................................................................................... 2

*Mark I Mktg. Corp. v. R.R. Donnelly & Sons Co.*,
  66 F.3d 285 (Fed. Cir. 1995) ........................................................................................ 2

*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
  2010 WL 1485326 (D. Del. Apr. 12, 2010) ................................................................. 1

*Troy v. Samson Mfg. Corp.*,
  758 F.3d 1322 (Fed. Cir. 2014) .................................................................................... 1

## TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION

| # | Description |
|---|---|
| A | Prosecution History for *Inter Partes* Reexamination No. 95/000,578 of U.S. Patent No. 7,619,912 (SAM-NET-293_00026272) (excerpts) |
| B | December 31, 2014, Amendment Response to Office Action, Application No. 13/952,599, now U.S. Patent No. 9,128,632 |
| C | January 25, 2018, Office Action, U.S. Patent Application No. 15/820,076, now U.S. Patent No. 10,268,608 |
| D | Terminal Disclaimer, U.S. Patent Application No. 15/820,076, now U.S. Patent No. 10,268,608 |
| E | Declaration of Joseph C. McAlexander III (excerpts) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '608 patent | U.S. Patent No. 10,268,608 |
| '632 patent | U.S. Patent No. 9,128,632 |
| '912 patent | U.S. Patent No. 7,619,912 |
| *Honeywell I* | *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131 (Fed. Cir. 2004) (*en banc*) |
| *Honeywell II* | *Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 523 F.3d 1304, 1316 (Fed. Cir. 2009) |
| SRNF | Samsung's Response to Netlist's Statement of Undisputed Facts (Dkt. 468 at 2) |
| SSMF | Samsung's Statement of Undisputed Material Facts (Dkt. 468 at 2-3) |

I. **Netlist Cannot Avoid Prosecution History Estoppel for Claim 16 of the '912 Patent**

Netlist concedes that it "narrow[ed] the overall scope of its claimed subject matter," SSMF, ¶¶ 1-3, such that original claim 15—to which claim 16 added only the "command signal is transmitted to only one DDR memory device at a time" limitation—was surrendered. *Compare id.*, *with* Dkt. 506. Netlist's argument that this surrender did not give rise to estoppel is contrary to *Festo* and *Honeywell I*. "A patentee's decision to narrow his claims through amendment may be presumed to be a general disclaimer of the territory between the original claim and the amended claim." *Festo Corp. v. Shoketsu Kinzoku Kogyo Co.*, 535 U.S. 722, 740 (2002). *Festo* applies equally whether "a preexisting claim limitation is narrowed by amendment," "a new claim limitation is added by amendment," the patentee "rewrit[es] a dependent claim into independent form" and "cancel[s] the original independent claim," or "a narrower rewritten claim [is] substituted for [a] broader original independent claim." *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1140-44 (Fed. Cir. 2004) (*en banc*).

Under *Festo*'s and *Honeywell I*'s reasoning, Netlist's narrowing amendments presumptively give rise to prosecution history estoppel. *Festo*, 535 U.S. at 736-37, 740; *Honeywell I*, 370 F.3d at 1141-44. Netlist's reliance on *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 2010 WL 1485326, at *2-3 (D. Del. Apr. 12, 2010), and its attempt to limit *Honeywell I* to its facts (where the original independent claim is "cancelled") are wrong; this Court is "bound not only by" *Honeywell I*'s specific holding, but also by its reasoning, *Troy v. Samson Mfg. Corp.*, 758 F.3d 1322, 1326 (Fed. Cir. 2014), which applies equally here. Indeed, Netlist admits it narrowed claim 15's scope and does not identify **any** reason why abandoning original claim 15 one way (by making narrowing amendments to it) should be treated differently than abandoning it another way (cancellation). Dkt. 506. There is no basis for such an exception to *Festo*. *See Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 757 F. Supp. 2d 1006, 1027-28 (E.D. Cal. 2010). The *Festo* presumption applies to the "command signal is transmitted to only one DDR memory device at a time" limitation because that is the "territory between" what surrendered original

1

claim 15 claimed and what claim 16 now claims. *Festo*, 535 U.S. 722 at 740; *Honeywell I*, 370 F.3d at 1144 ("Equivalents are presumptively not available with respect to [an] added limitation" of a dependent claim rewritten in independent form after surrender of original independent claim.).

In arguing that the amendment was only tangentiality related to the reason for the amendment, Netlist ignores its failure to satisfy the requirement of identifying an "objectively apparent" reason for the amendment in the prosecution history. Dkt. 468 at 5 (citing *Felix v. Am. Honda Motor Co.*, 562 F.3d 1167, 1184 (Fed. Cir. 2009)). Netlist also fails to distinguish *Honeywell II*, holding that equivalents related to the limitation added by "the original dependent claim" are "not tangential." *Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 523 F.3d 1304, 1316 (Fed. Cir. 2009). Finally, Netlist never rebuts Mr. McAlexander's opinion that Netlist's alleged equivalent regarding ████████████████████████████████████████████████████████████████████ Ex. E ¶ 282. The narrow tangentiality exception does not apply.

## II. Netlist's '632 Patent Amendments Create Estoppel for the '608 Patent

Fatal to its assertion that the '632 patent amendments involved a different limitation, Netlist does not identify any material difference between the '608 patent's recitation of delaying a data signal "by an amount determined by the command processing circuit in response to at least one of the module control signals" and the '632 patent's requirement of "determin[ing] a respective time interval based on signals received" and "tim[ing] transmission . . . in accordance with the time interval." SSMF ¶¶ 5-6. The two limitations are thus the same "specific limitation" for purposes of prosecution history estoppel. *Builders Concrete, Inc. v. Bremerton Concrete Prods. Co.*, 757 F.2d 255, 259-60 (Fed. Cir. 1985). Netlist also does not dispute that this limitation was added to avoid prior art that otherwise taught delaying data signals. SSMF ¶ 5. Thus, this is a classic case of prosecution history estoppel in a parent application applying to the child. *E.g., Mark I Mktg. Corp. v. R.R. Donnelly & Sons Co.*, 66 F.3d 285, 291 (Fed. Cir. 1995). Netlist's motion should be denied.

2

| | |
|---|---|
| Dated:  February 14, 2024 | Respectfully submitted, |
| | By:  /s/ *Lauren A. Degnan* |

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:       (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

3

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 14, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

                                            */s/ Lauren A. Degnan*

4