UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY TO NETLIST'S MOTION FOR SUMMARY JUDGMENT ON SAMSUNG'S DEFENSE OF EQUITABLE ESTOPPEL (DKT. 357)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ii

TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION ...................................................................iii

TABLE OF ABBREVIATIONS...........................................................................................................iii

I.     Netlist Does Not Dispute That It Failed To Disclose the '912 as Essential to DDR4.............1

II.    Netlist's Prior Belief in Essentiality Triggered Its Duty To Disclose........................................1

III.   Netlist's Failure To Disclose Prejudiced Samsung....................................................................2

## TABLE OF AUTHORITIES

**Page(s)**

**Other Authorities**

Fed. R. Civ. P. 56(d) ................................................................................................................... 2

## TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION

| # | Description |
|---|---|
| 1 | Deposition Transcript of Mario Martinez (Nov. 13, 2023) (excerpts) |
| 2 | Deposition Transcript of Mario Martinez from *EDTX1* (Dec. 7, 2022) (excerpts) |
| 3 | Transcript of Bench Trial from *EDTX1* (public, excerpts) |
| 4 | Deposition Transcript of Noel Whitley (Feb. 3, 2017) (NL-S-293_00004630) |
| 5 | Ltr. fr. ███████████ re Licensing Discussion (Dec. 4, 2015) (NL-S-293_00005694) |
| 6 | Meeting Minutes for JC-42 Committee (June 9-17, 2021) (JEDEC00010367) |
| 7 | Meeting Minutes for JC-42 Committee (Dec. 7-14, 2021) (JEDEC00010459) |
| 8 | Def.'s Mtn. to Strike, *Netlist, Inc. v. Google LLC*, No. 3:09-CV-05718-RS (N.D. Cal.) (excerpts) |
| 9 | Deposition Transcript of Hyun Lee from *EDTX1* (Nov. 29, 2022) |
| 10 | JEDEC Disclosure Form (JEDEC-00020635) |
| 11 | Minutes of Meeting No. 163, JC-40 (Sept. 16, 2010) (PRIOR_ART-00080821) |
| 12 | December 2010 Ballot List (PRIOR_ART-0004945) |
| 13 | Minutes of Meeting No. 28, JC-45 (Sept. 15, 2010) (PRIOR_ART-00080793) |
| 14 | Declaration of Joseph McAlexander III, with Attachment A (Jan. 29, 2024) (excerpts) |
| 15 | Transcript of Pre-Trial Conference from *EDTX1* (March 28, 2023) (public, excerpts) |
| 16 | Declaration of Daniel A. Tishman (January 30, 2024) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '912 patent | U.S. Patent No. 7,619,912 |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| JEDEC Policy | JEDEC Manual of Organization and Procedure, Dkt. 357-3 |
| NSMF | Netlist's Statement of Material Facts |
| RAND | Reasonable and Non-Discriminatory |
| Representative | Committee Member as defined in the JEDEC Policy, § 8.2.1 |
| SSMF | Samsung's Counter-Statement of Material Facts |

## I. Netlist Does Not Dispute That It Failed To Disclose the '912 as Essential to DDR4

In its reply brief, Netlist does not dispute that it failed to disclose the '912 patent as potentially essential to the DDR4 standards at issue in this case. Netlist's failure to do so constitutes a breach of its duty to disclose under JEDEC Policy, giving rise to Samsung's equitable estoppel defense. Netlist argues that its blanket disclosure of the '912 patent to "JEDEC committees" and as essential to DDR3 (not at issue in this case and thus, irrelevant) satisfies any disclosure obligations. However, JEDEC committees handle multiple standards, so mere disclosure to committees is insufficient. By failing to provide the detailed information required by the JEDEC Policy (e.g., "JEDEC Activity," "Keywords," "Item No.," and "JEDEC Publication"), Netlist did not provide fair notice that it believed that the '912 patent was potentially essential to the DDR4 standards at issue in this case. *See* Dkt. 432 at 4-7.

Netlist does not dispute these facts, but instead argues that it is excused of identifying the '912 patent as essential to DDR4 because it believes that "DDR4 is an evolution of the DDR3 standard," Dkt. 518 at 1. However, Netlist cites no authority holding that disclosing a patent as to one standard alleviates a member's obligation to disclose that patent as potentially essential to an alleged "evolution" of that standard. *See* NSMF, ¶ 5; SSMF, ¶ 5. In any event, it is JEDEC's legal department—not Netlist—that is charged with determining whether a standard is a continuation of a previous standard. Dkt. 432 at 7. Netlist cannot demonstrate the absence of material facts necessary to support summary judgment dismissing Samsung's equitable estoppel defense.

## II. Netlist's Prior Belief in Essentiality Triggered Its Duty To Disclose

Netlist's prior belief in the essentiality of the '912 patent as to DDR4 triggered its duty to disclose. In particular, overwhelming evidence supports a finding that Netlist at least previously believed the '912 patent to be essential to DDR4. For example, ████████████████ ████████████████████████████████████████████████████████████████. *See* Ex. 4 at 25:23-26:5. Netlist then informed Samsung that ████████████████████████

1

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

asserted the '912 patent against Samsung based solely on compliance with DDR4 standards, and then provided infringement contentions based on compliance with DDR4 standards. *See* SSMF, ¶ 3. At each of these points in time, Netlist must have believed that the '912 patent was at least potentially essential to DDR4, yet failed to disclose it as such.

Further, Netlist continues to refuse to make its JEDEC representative Dr. Hyun Lee available for a deposition, making summary judgment improper. *See* Fed. R. Civ. P. 56(d). Contrary to Netlist's assertion that Samsung failed to provide "a sworn declaration required by Rule 56(d)," Dkt. 518 at 2 n.3, Samsung's opposition attached a sworn declaration as Exhibit 16, demonstrating that Samsung has sought Dr. Lee's deposition, but Netlist has refused to make him available.

### III. Netlist's Failure To Disclose Prejudiced Samsung

Ample evidence supports a finding that Samsung has been prejudiced by Netlist's nondisclosure. *Contra* Dkt. 432 at 8. Netlist has known of the '912 patent's potential essentiality to DDR4 for many years, likely dating back to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and at the latest ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* SSMF, ¶ 3. Had Netlist disclosed the '912 patent as potentially essential to DDR4, Samsung (and other JEDEC members) could have evaluated "reasonable workarounds" as directed by the JEDEC Policy. *See* Dkt. 357-3, § 8.2.2.2. Also, Samsung could have elected not to support the accused features, given that there is no evidence that its customers use them. *See* Dkt. 432 at 8; Dkt. 518 at 1.

Netlist's argument that its ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Dkt. 518 at 2, misses the point. This letter is not only direct evidence of a belief ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

At a minimum, genuine disputes of material fact foreclose summary judgment for Netlist.

2

Dated:  February 14, 2024

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:      (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Respectfully submitted,

By:   /s/ *Lauren A. Degnan*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 14, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

       /s/ Lauren A. Degnan



4