UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY TO NETLIST'S MOTION FOR SUMMARY JUDGMENT ON SAMSUNG'S PROSECUTION LACHES DEFENSE (DKT. 352)**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
    2015 WL 5786501 (E.D. Tex. Sept. 30, 2015) ......................................................................... 1

*TQP Development, LLC v. Alaska Air Group Inc.*,
    2013 WL 12248229 (E.D. Tex. Nov. 6, 2013) ......................................................................... 1

*Sonos, Inc. v. Google LLC*,
    2023 WL 6542320 (N.D. Cal. Oct. 6, 2023) ............................................................................ 1

## TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION

| # | Description |
|---|---|
| 1 | Samsung Supplemental Responses and Objections to Netlist Amended First Set of Interrogatories, Nos 1-20 (Nov. 20, 2023) (excerpts) |
| 2 | Declaration of Joseph C. McAlexander III (excerpts) |
| 3 | Deposition Transcript of Jeffrey Solomon (Nov. 13, 2023) (excerpts) |
| 4 | File History of U.S. Patent No. 10,268,608 |
| 5 | File History of U.S. Patent No. 9,824,035 |
| 6 | Deposition Transcript of Sung Joo Park (Nov. 23, 2022) (excerpts) |
| 7 | JEDEC Standard, DDR4 Data Buffer Definition, JESD82-32 |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| *EDTX1* | *Netlist Inc. v. Samsung Electronics Co. Ltd.*, No. 2:21-CV-463 (E.D. Tex.) |

Netlist's assertion that Samsung's prosecution laches defense is based on "the exact argument the Court rejected in *Samsung I*" ignores the numerous factual differences between the prosecution of the patents here and those in *EDTX1*. Dkt. 421 at 1-2. Netlist offers no explanation as to why the Court can disregard those differences. Netlist also does not address the fact that the Court's finding in *EDTX1* was predicated on a jury verdict (that the claims did not lack written description support) that is not present here. *Id.* at 3. Moreover, Netlist's suggestion that "the Federal Circuit has repeatedly rejected prosecution laches defenses based on 'broadening' arguments" misses the mark. Although the Federal Circuit permits claim broadening when the claims remain supported by the specification, it does not permit Netlist to impermissibly amend its specification and claims in a way that depart from the original specification. Dkt. 421 at 1-2. Netlist also ignores *Sonos, Inc. v. Google LLC* cited by Samsung, where another court found patents unenforceable for prosecution laches on similar facts. 2023 WL 6542320, at *17, *26 (N.D. Cal. Oct. 6, 2023).

This Court should reject Netlist's untimely and incorrect argument that summary judgment is warranted because Samsung did not adequately disclose its prosecution laches defense. First, because Netlist raised this argument for the first time in its reply brief, it is waived. *See Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 2015 WL 5786501, at *5 (E.D. Tex. Sept. 30, 2015) ("The Court does not consider arguments raised for the first time in a reply brief."). Second, *TQP Development, LLC v. Alaska Air Group Inc.*, 2013 WL 12248229, at *4 (E.D. Tex. Nov. 6, 2013), is inapplicable; the court there granted a motion to strike license and exhaustion defenses because the defendant did not allege a theory of license or exhaustion at any "point, before the proposed jury charge accompanying to the pretrial order [including in expert reports]." 2013 WL 12248229, at *4. In contrast, here, Samsung provided its theory in discovery, including in its expert report. Dkt. 421 at 1-3. Indeed, Netlist does not take issue with the specificity set forth in Mr. McAlexander's report. Nor did it seek to strike his opinions or Samsung's defense. The Court should deny Netlist's motion.

1

Dated:  February 14, 2024

Respectfully submitted,

By:   /s/ *Lauren A. Degnan*

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:     (903) 934-8450<br>Facsimile:      (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile:  (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:   (415) 955-6571 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 14, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

                                              /s/ Lauren A. Degnan

3