UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Civil No. 2:22-cv-00293-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY TEXAS, LLC, et al., <br><br> Defendants. | Civil No. 2:22-cv-00294-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY TO NETLIST'S MOTION TO STRIKE CERTAIN OPINIONS OF SAMSUNG'S EXPERT MR. JOSEPH McALEXANDER (Dkt. 359)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION ...................................................... iii

TABLE OF EXHIBITS TO SAMSUNG'S SUR-REPLY ........................................................ iii

TABLE OF ABBREVIATIONS ............................................................................................... iii

I.     Mr. McAlexander's Equitable Defense Opinions and the Underlying Facts
       Are Proper ............................................................................................................... 1

II.    Mr. McAlexander's Essentiality Opinions Are Proper ........................................... 1

III.   Mr. McAlexander's Opinions About Netlist's Relationship to JEDEC Are
       Relevant and Not Unduly Prejudicial ..................................................................... 1

IV.    Mr. McAlexander's Prior Invention and Derivation Opinions Are Proper ............ 2

V.     Mr. McAlexander's Section 102 Opinions Are Proper .......................................... 3

VI.    Mr. McAlexander Properly Applied the Plain Meaning of the '912 Patent
       Claim 16 .................................................................................................................. 3

VII.   Mr. McAlexander Does Not Assert a Practicing the Prior Art Defense ................ 4

VIII.  Mr. McAlexander's Opinions Regarding the Evolution of QBM Are Proper ....... 4

IX.    Mr. McAlexander's References to the IPRs Are Proper ........................................ 4

X.     Mr. McAlexander's Written Description Opinions Apply the Court's
       Construction ............................................................................................................ 5

XI.    Mr. McAlexander Opinions Regarding Comparable License Agreements Are
       Proper ...................................................................................................................... 5

XII.   Mr. McAlexander's Opinions on Patents' Relative Technical Value Are
       Reliable .................................................................................................................... 5

\* In this brief, all emphasis is added unless noted otherwise.

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*INVT SPE LLC v. Int'l Trade Comm'n*,
   46 F.4th 1361 (Fed. Cir. 2022), Dkt. 507......................................................................................3, 4

*Iridescent Networks, Inc. v. AT&T Mobility, LLC*,
   No. 6:16-CV-01003-RWS, 2017 WL 8751908 (E.D. Tex. June 15, 2017) ......................................2, 3

*Kalman v. Kimberly-Clark Corp.*,
   713 F.2d 760 (Fed. Cir. 1983)...........................................................................................................3

*Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*,
   726 F.2d 724, 726-27 (Fed. Cir. 1984) ............................................................................................3

*Wang Labs., Inc. v. Toshiba Corp.*,
   993 F.2d 858 (Fed. Cir. 1993)...........................................................................................................2

**Statutes**

35 U.S.C. § 102 ......................................................................................................................................3

### TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION

| # | Description |
|---|---|
| 1 | Attachment A to McAlexander Initial Expert Report (2023-11-20) |
| 2 | Exhibit A-4 to Attachment A to McAlexander Initial Expert Report (2023-11-20) |
| 3 | Attachment B to McAlexander Initial Expert Report (2023-11-20) |
| 4 | Exhibit B-6 to Attachment B to McAlexander Initial Expert Report (2023-11-20) |
| 5 | Attachment C to McAlexander Initial Expert Report (2023-11-20) |
| 6 | Exhibit C-4 to Attachment C to McAlexander Initial Expert Report (2023-11-20) |
| 7 | Exhibit C-1 to Attachment C to McAlexander Initial Expert Report (2023-11-20) |
| 8 | Exhibit C-2 to Attachment C to McAlexander Initial Expert Report (2023-11-20) |
| 9 | Exhibit A-1 to Attachment A of McAlexander Initial Expert Report (2023-11-20) |
| 10 | Exhibit A-2 to Attachment A of McAlexander Initial Expert Report (2023-11-20) |
| 11 | Exhibit B-2 to Attachment B of McAlexander Initial Expert Report (2023-11-20) |
| 12 | Exhibit B-4 to Attachment B of McAlexander Initial Expert Report (2023-11-20) |
| 13 | 2023-11-20 McAlexander Initial Expert Report (excerpts) |
| 14 | Attachment A to McAlexander Rebuttal Expert Report (2023-12-21) |
| 15 | Attachment D to McAlexander Rebuttal Expert Report (2023-12-21) |
| 16 | Attachment B to McAlexander Rebuttal Expert Report (2023-12-21) |
| 17 | Attachment C to McAlexander Rebuttal Expert Report (2023-12-21) |
| 18 | U.S. Patent No. 6,553,350 |
| 19 | 2023-11-20 Opening Expert Report of Dr. William Henry Mangione-Smith (excerpts) |
| 20 | Samsung's Suppl. Objs. & Resps. to Netlist's 1st Interrogs. (Nov. 20, 2023) |

### TABLE OF EXHIBITS TO SAMSUNG'S SUR-REPLY

| # | Description |
|---|---|
| 21 | Kentron's QBMII Technology Overview (8/20/2004) |
| 22 | Kentron's QBM2 Technical Highlights (4/1/2005) |
| 23 | 2023-11-20 McAlexander Initial Expert Report (excerpts) |

### TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-463 (E.D. Tex.) |
| *EDTX1* PTC Order | 2023-04-05 Order on PTO and MIL (*EDTX1*, Dkt. 432) |
| *Micron EDTX1* | *Netlist, Inc. v. Micron Tech. Tex., LLC*, Case No. 2:22-cv-00203-JRG (E.D. Tex.) |
| '912 patent | U.S. Patent No. 7,619,912 |
| '417 patent | U.S. Patent No. 11,093,417 |
| '608 patent | U.S. Patent No. 10,268,608 |
| PTAB | Patent Trial & Appeal Board |
| IPR | Inter Partes Review |
| SSO | Standards Setting Organization |
| Section 102(f) | 35 U.S.C. § 102(f) |
| Section 102(g)(2) | 35 U.S.C. § 102(g)(2) |

| Abbreviation | Description |
|---|---|
| SMIL Order | STANDING ORDER ON MOTIONS *IN LIMINE* IN CASES INVOLVING ALLEGATIONS OF PATENT INFRINGEMENT AND/OR BREACH OF FRAND OBLIGATIONS, AS WELL AS DECLARATORY JUDGMENT ACTIONS WHICH RELATE TO THE SAME, signed 08-11-2023 |

### I. Mr. McAlexander's Equitable Defense Opinions and the Underlying Facts Are Proper

Netlist now claims that it "only seeks the same remedy the Court ordered in *Samsing-1*," but its request is overreaching. Dkt. 507 at 1. Netlist's motion identifies entire sections of Mr. McAlexander's expert report and fails to identify any "legal conclusions, legal terms and language that is inherently legal in nature." Dkt. 359 at 1; Dkt. 507 at 1.

### II. Mr. McAlexander's Essentiality Opinions Are Proper

Netlist argues Mr. McAlexander's opinion is insufficient because he does not perform "element-by-element comparison of the asserted claims to the standard" and instead performs an element-by-element comparison to Netlist's contentions. Yet, Netlist's response does not dispute that the only evidence in its contentions **are** those JEDEC standards or that Mr. McAlexander did not have Netlist's essentiality positions by the time opening reports were due.[1] Indeed, Mr. McAlexander's element-by-element analysis demonstrates that the evidence for Netlist's infringement theory is only JEDEC DDR4 standards, and thus, an infringement finding would logically and necessarily require a finding of essentiality. Ex. 1 at ¶¶ 206-28; Ex. 2; Ex. 3 at ¶¶ 193-203, 208-11; Ex. 4; Ex. 5 at ¶¶ 323-34; Ex. 6.[2] Netlist's comparison to *Micron EDTX1* remains inapposite, *see* Dkt 429 at 2, because for each asserted claim Mr. McAlexander performs an element-by-element analysis against JEDEC DDR4 standards. Such analysis was not present in the prior Samsung or Micron cases against Netlist.

### III. Mr. McAlexander's Opinions About Netlist's Relationship to JEDEC Are Relevant and Not Unduly Prejudicial

Netlist characterizes facts relating to Netlist's relationship to JEDEC as "irrelevant

---

[1] Mr. McAlexander could analyze essentiality in his opening report based on only the information available to him at the time—which was circumscribed by Netlist's failure to disclose its position on essentiality until after opening reports were served. *See generally* Dkt. 374; Dkt. 423.

[2] [redacted]

1

information," but Samsung explained how these facts are relevant to a host of issues in this case (Dkt. 429 at 3-5), and Netlist did not question their relevance as to any issue other than validity in its motion (Dkt. 359 at 4). As to invalidity, Netlist argues that the only evidence relevant to written description is the specification and claims, but this assertion is legally erroneous. For example, courts consider inventor testimony in assessing written description. *Wang Labs., Inc. v. Toshiba Corp.*, 993 F.2d 858, 866 (Fed. Cir. 1993). Mr. McAlexander's opinions relating to JEDEC are also not "speculation" as Netlist claims. Dkt. 429 at 4. Netlist's arguments amount to a challenge of the weight of the JEDEC evidence, and do not warrant its exclusion.

IV. **Mr. McAlexander's Prior Invention and Derivation Opinions Are Proper**

Netlist reiterates its assertion that Mr. McAlexander's prior invention and derivation opinions are improper because they did not identify "a single reference" disclosing all elements of a claim. Dkt. 507 at 2-3. But as Samsung explained, both prior invention and derivation require a showing of "prior conception" of the invention by another, and Mr. McAlexander showed that the QBM system (developed by Kentron Technologies, Inc.) invalidates the asserted claims. Dkt. 429 at 6-7.

With regard to the '608 patent, Netlist attempts to distinguish *Iridescent Networks* based on the multiple documents in that case being part of a single "network," but here, the JEDEC documents also describe a single system—a memory module. Dkt. 507 at 3; Ex. 8. Netlist cannot dispute this fact as it points to the issued versions of these proposals in its infringement allegations. Ex. 6. Netlist also exaggerates by characterizing the "another" as "a large group of disparate individuals." Dkt. 507 at 3.

2

███████████████████████████████████████████████████████████████ This case, therefore, is unlike *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, where the defendant attempted to combine the teachings of a patent with two unrelated articles. 726 F.2d 724, 726-27 (Fed. Cir. 1984).

## V. Mr. McAlexander's Section 102 Opinions Are Proper

Netlist's reply merely re-articulates the arguments made in its motion. Netlist states that § 102 does not permit anticipation based on the knowledge of a person of ordinary skill at the time (Dkt. 507 at 3), but this ignores the statute itself, which provides that a patent is invalid as anticipated if "the invention was known or used by others in this country . . . before the invention thereof by the applicant for patent." 35 U.S.C. § 102. Netlist also argues that the JEDEC proposals are not a "single reference," but as Samsung has already explained above and in its opposition (Dkt. 429 at 6-7), the law states otherwise. *Iridescent Networks, Inc. v. AT&T Mobility, LLC*, No. 6:16-CV-01003-RWS, 2017 WL 8751908, at *2 (E.D. Tex. June 15, 2017). The *Kalman* case is not to the contrary as it recognizes that the elements of the claim may be "previously known or embodied in a single prior art **device or practice**." *Kalman v. Kimberly-Clark Corp.*, 713 F.2d 760, 771 (Fed. Cir. 1983).

## VI. Mr. McAlexander Properly Applied the Plain Meaning of the '912 Patent Claim 16

Netlist argues that Samsung is asserting a "novel" theory that "an apparatus having certain functionality is somehow only infringing when it is turned on and operating," but *INVT* confirms that an apparatus may "require an infringing device to actually perform and operate according to the functional terms recited in the claim" and whether "infringement requires actual performance" turns on the claim language. *INVT SPE LLC v. Int'l Trade Comm'n*, 46 F.4th 1361, 1371 (Fed. Cir. 2022), Dkt. 507 at 4. Mr. McAlexander applies claim 16's language exactly in accord with its plain meaning and in a manner consistent with controlling legal authority, which is not novel. Furthermore, even Netlist's infringement theory depends on a specific combination of non-default modes operating simultaneously—not on simply whether the device is "turned on." █████████████████

3

██████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████

### VII. Mr. McAlexander Does Not Assert a Practicing the Prior Art Defense

Netlist's reply abandons the position that ¶ 249 of Mr. McAlexander's rebuttal report asserts an improper "practicing the prior art" defense but maintains that the paragraph is improper. *See* Dkt. 507 at 4. Although Netlist argues that Mr. McAlexander provides improper claim construction opinions, he clearly applied the plain and ordinary meaning of the claim language, *see, e.g.*, Ex. 14, ¶¶ 134-35, and explained that the prosecution history is consistent this plain meaning. Contrary to Netlist's assertion, Mr. McAlexander did not present an "ensnarement defense"; paragraph ¶ 249 is relevant to his detailed opinions that prosecution history estoppel bars Netlist from pursuing doctrine of equivalents. *See* Dkt. 359-7 at ii.

### VIII. Mr. McAlexander's Opinions Regarding the Evolution of QBM Are Proper

Mr. McAlexander's opinions regarding the evolution of the QBM system are not conclusory, or based on hindsight, as Netlist asserts. ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██ Mr. McAlexander also bases his opinions on testimony from and a conversation with Mr. Karabatsos, former co-founder of Kentron (which developed QBM). Ex. 23 at ¶¶ 320-40.

### IX. Mr. McAlexander's References to the IPRs Are Proper

Netlist admits that "final written decisions and other IPR materials [] all of which are part of the prosecution history." Dkt. 507 at 1. But Netlist's position that this prosecution history is "of minimal, if any relevance" is an argument regarding the weight of this evidence, not admissibility, and Samsung has already explained the relevance of the IPRs to several issues in this case.

4

### X. Mr. McAlexander's Written Description Opinions Apply the Court's Construction

In arguing that Mr. McAlexander's written description opinion is contrary to the Court's claim construction, Netlist misconstrue Mr. McAlexander's position. ███████████ ████████████████████████████████████████████████████████ / ████████ /████████ ████████████████████████████████████ Further, the Court's Markman order did not assess written description of the asserted claims and Mr. McAlexander should be permitted to opine on written description—a fact issue for the jury—under the Court's claim construction.

### XI. Mr. McAlexander Opinions Regarding Comparable License Agreements Are Proper

Netlist relies on *Entropic Communications* to argue Mr. McAlexander's opinions on the ███████ agreement should be excluded, but Netlist misreads its cited case law. There, the court struck the damages expert's opinions about a license agreement that was not produced until fact discovery closed. No. 2:22-CV-00125-JRG, 2023 WL 8260866, at *4 (E.D. Tex. Nov. 28, 2023). In contrast, Samsung produced the ███████ agreement during discovery, offered a witness on Samsung's licenses, and ***Netlist's* own** experts opined on its comparability, belying Netlist's claim that it did not know how the agreement would fit into the case. Dkt. 429 at 13-14.

### XII. Mr. McAlexander's Opinions on Patents' Relative Technical Value Are Reliable

Netlist says *Wi-LAN* requires Mr. McAlexander to conduct an apportionment based on its license with Samsung and SK hynix, but Netlist misapprehends his opinion. ████████ ████████████████████████████████████████████████████/ ████████ ████████████████████ This opinion is only a piece of the analysis Samsung offers to rebut Netlist's unsupported damages demand—████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████ The Court should deny Netlist's motion.

5

| | |
|---|---|
| Dated: February 14, 2024 | Respectfully submitted, |
| | By: /s/ *Francis J. Albert* |

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile: (202) 783-2331 |
| J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257 | |
| Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000 | Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099 |
| Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone: (415) 591-7091<br>Facsimile: (415) 955-6571 | Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile: (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 14, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

/s/ Francis J. Albert

7