UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Civil No. 2:22-cv-00293-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY TEXAS, LLC, et al., <br><br> Defendants. | Civil No. 2:22-cv-00294-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY TO NETLIST'S MOTION
FOR SUMMARY JUDGMENT DISMISSING SAMSUNG'S
<u>AFFIRMATIVE DEFENSES OF LACHES, ESTOPPEL, AND/OR WAIVER (DKT. 342)</u>**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION ..................................................... iii

TABLE OF ABBREVIATIONS ............................................................................................... iii

████████████████████████████████████

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abbott Labs. v. CVS Pharm., Inc.*,
  290 F.3d 854 (7th Cir. 2002)..................................................................................................1

*Optis Wireless Technology, LLC v. Huawei Technologies Co.*,
  No. 2:17-CV-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018)...................1

*Saint Lawrence Communications LLC v. Motorola Mobility LLC*,
  No. 2:15-CV-351-JRG, 2018 WL 915125 (E.D. Tex. Feb. 15, 2018) ................................1

## TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION

| # | Description |
|---|---|
| 1 | Declaration of Joseph McAlexander (exhibits omitted) |
| 2 | Initial Report of Joseph McAlexander (served Nov. 20, 2023) (excerpts) |
| 3 | Rebuttal Report of Joseph McAlexander (served Dec. 21, 2023) (excerpts) |
| 4 | Declaration of Lauren Kindler (exhibits omitted) |
| 5 | Rebuttal Report of Lauren Kindler (served Dec. 21, 2023) (excerpts) |
| 6 | Transcript of Pre-Trial Conference from *EDTX1* (March 28, 2023) (public, excerpts) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| DDR4 | Double Data Rate 4 |
| [F]RAND | [Fair,] Reasonable and Non-Discriminatory |
| JDLA | Joint Development & License Agreement, *see* Dkt. 337 |
| JEDEC | JEDEC Solid State Technology Association |
| SEP | Standard-Essential Patent |
| SSMF | Samsung's Counter-Statement of Material Facts |
| SSO | Standard-Setting Organization |

In its reply, Netlist confirms that the sole issue with Samsung's affirmative defenses of laches, estoppel, and/or waiver for purposes of its summary judgment motion is whether the Court has jurisdiction to consider a defense that implicates an offer to ███████████████. Netlist acknowledges that its arguments on essentiality and equitable estoppel are addressed in other motions.

Netlist's arguments about jurisdiction are simply wrong. To say that a district court lacks jurisdiction over a **claim** invoking foreign rights is not the same as saying it lacks jurisdiction to consider an **affirmative defense** to a U.S. patent infringement claim merely because that defense implicates foreign rights. "[D]efenses do not require an independent jurisdictional footing[.]" *Abbott Labs. v. CVS Pharm., Inc.*, 290 F.3d 854, 857 n.1 (7th Cir. 2002). Thus, Netlist's contention that the Court lacks jurisdiction is without merit. Netlist's contention that Samsung cited "no authority to support this position" is wrong. Samsung's response was replete with authority; Netlist simply ignored it. Dkt. 425 at 4 (collecting authority).

Netlist's reliance on *Optis Wireless Technology, LLC v. Huawei Technologies Co.*, No. 2:17-CV-00123-JRG-RSP, 2018 WL 3375192, at *8 (E.D. Tex. July 11, 2018) is improper. *Optis Wireless* properly analyzes the exercise of jurisdiction to hear **claims** brought by either a patentee or an accused infringer. It says nothing about jurisdiction to hear **defenses**. Further, in *Optis Wireless*, Judge Payne specifically relied on the fact that PanOptis was seeking "declaratory relief" of rights under foreign patents—a fact Netlist ignores. *Id.* Samsung is not seeking a declaration for foreign patents. It solely seeks to defend itself against Netlist's U.S. patent claims.

Finally, nothing in *Saint Lawrence Communications LLC v. Motorola Mobility LLC*, No. 2:15-CV-351-JRG, 2018 WL 915125 (E.D. Tex. Feb. 15, 2018) supports Netlist's proposal to "sever" the Third Additional Defense. *Saint Lawrence* describes how the jury heard about FRAND issues, particularly for the damages side of the case. Samsung's response describes the relevance of those FRAND issues to damages here, yet Netlist ignores that relevance. The Court should deny Netlist's motion.

1

| | |
|---|---|
| Dated: February 14, 2024 | Respectfully submitted, |
| | By: /s/ *Lauren A. Degnan* |

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:     (903) 934-8450<br>Facsimile:      (903) 934-9257 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331 |
| J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile:  (903) 934-9257 | |
| Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000 | Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099 |
| Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:   (415) 955-6571 | Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 14, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.


　　　　　　　　　　　　　　　　　　　　　　　　  /s/ Lauren A. Degnan



3