UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>    Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>    Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY TO
NETLIST'S MOTION FOR SUMMARY JUDGMENT THAT THE
ASSERTED PATENTS ARE NOT STANDARD ESSENTIAL (DKT. 356)**

█████████████████████████████████████

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ii

TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION ...................................................................iii

TABLE OF EXHIBITS TO SAMSUNG'S SUR-REPLY .....................................................................iii

TABLE OF ABBREVIATIONS............................................................................................................iii

I.     The Parties' Experts Dispute Whether the Asserted Patents Are Essential ...............................1

II.    Samsung's "If Infringed, Then Essential" Contention Is Proper ................................................1

III.   The Accused Features Are Required by DDR4, Despite Their Use Being Optional................2

IV.    This Court Should Bar Netlist from Taking a Position on Essentiality......................................2

## TABLE OF AUTHORITIES

**Page(s)**

**Other Authorities**

Fed. R. Civ. P. 56 ................................................................................................................................2

## TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION

| # | Description |
|---|---|
| 1 | Attachment A to McAlexander Initial Expert Report (2023-11-20) (excerpts) |
| 2 | Attachment B to McAlexander Initial Expert Report (2023-11-20) (excerpts) |
| 3 | Attachment C to McAlexander Initial Expert Report (2023-11-20) (excerpts) |
| 4 | Exhibit A-4 to Attachment A to McAlexander Initial Expert Report (2023-11-20) |
| 5 | Exhibit B-6 to Attachment B to McAlexander Initial Expert Report (2023-11-20) |
| 6 | Exhibit C-4 to Attachment C to McAlexander Initial Expert Report (2023-11-20) |
| 7 | Attachment A to McAlexander Rebuttal Expert Report (2023-12-21) (excerpts) |
| 8 | Attachment B to McAlexander Rebuttal Expert Report (2023-12-21) (excerpts) |
| 9 | Attachment C to McAlexander Rebuttal Expert Report (2023-12-21) (excerpts) |
| 10 | Exhibit C to Mangione-Smith Rebuttal Report (2023-12-21) (excerpts) |
| 11 | Redacted Netlist M.S.J. That Asserted Patents Not Standard Essential from *Netlist, Inc. v. Micron Tech. Tex., LLC*, Case No. 2:22-cv-00203-JRG (E.D. Tex.) (2023-11-13) |
| 12 | Declaration of Joseph C. McAlexander III (excerpts) |

## TABLE OF EXHIBITS TO SAMSUNG'S SUR-REPLY

| # | Description |
|---|---|
| 13 | Exhibit B to Mangione-Smith Opening Report (2023-11-20) (excerpts) |
| 14 | Exhibit C to Mangione-Smith Opening Report (2023-11-20) (excerpts) |
| 15 | Exhibit D to Mangione-Smith Opening Report (2023-11-20) (excerpts) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| LRDIMM | Load-Reduced Dual In-Line Memory Module |
| RDIMM | Registered Dual In-Line Memory Module |
| NIA | Noninfringing Alternatives |

### I. The Parties' Experts Dispute Whether the Asserted Patents Are Essential

In its reply, Netlist urges the Court to focus on only Mr. McAlexander's opinion that the asserted patents are not essential, Dkt. 520 at 1, and ignore his opinion that a finding of infringement would necessarily result in a finding of essentiality. Contrary to Netlist's assertion that "Samsung ignores these affirmative opinions . . . and addresses them nowhere in its opposition," *id.*, Samsung's opposition states that "the asserted patents are not infringed, but that a finding of infringement would necessarily result in a finding of essentiality because Netlist relies on only JEDEC DDR4-required functionality to prove every element of at least one asserted claim for each patent," Dkt. 423 at 1.[1]

### II. Samsung's "If Infringed, Then Essential" Contention Is Proper

Netlist urges that Samsung's "if infringed, then essential" theory is improper because its own expert (Dr. Mangione-Smith) allegedly does not rely on JEDEC standards to prove infringement, and because Samsung's expert (Mr. McAlexander) allegedly does not compare claim elements to JEDEC standards. Dkt. 520 at 1. Netlist is wrong. In his opening report, Mr. McAlexander compares at least one asserted claim of each asserted patent to the portions of the DDR4 standards upon which Netlist relies for infringement. Ex. 1, ¶¶ 206-28; Ex. 2, ¶¶ 193-203, 208-11; Ex. 3, ¶¶ 323-34.



Netlist does not dispute that Mr. McAlexander showed that the non-JEDEC evidence on which Dr. Mangione-Smith relies consists of copies of

---

[1]



DDR4 standards.[2]  *See* Dkt. 423 at 2 n.3.

Mr. McAlexander's reports demonstrate that Dr. Mangione-Smith's infringement analysis relies exclusively on DDR4 standards or copies thereof.[3]  Despite asserting (erroneously) that Samsung bears the burden of proving essentiality, Netlist ignores that it is the party with the burden for this motion.  *See* Fed. R. Civ. P. 56.  Netlist cannot meet its burden; genuine disputes of material fact exist.

### III. The Accused Features Are Required by DDR4, Despite Their Use Being Optional

The fact that customers are not required to use the accused features ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ does not make them "optional" in an essentiality analysis under JEDEC standards.  *Contra* Dkt. 420 at 3-4.  JEDEC defines "optional" features as those affirmatively "marked 'example,' 'non-normative,' or otherwise indicated as not being required."  Dkt. 356-3, § 8.2.1.  Neither Netlist nor Dr. Mangione-Smith establishes that the accused features are optional under the JEDEC definition, *see* Dkt. 350 at 3-4, and Samsung's witnesses' testimony does not establish optionality under the relevant JEDEC definition.

### IV. This Court Should Bar Netlist from Taking a Position on Essentiality

Finally, as an additional basis to deny Netlist's motion, Netlist should be barred from taking a position on essentiality, as set forth in Samsung's motion to preclude, because Netlist failed to disclose its position on essentiality throughout discovery.  *See* Dkt. 374.  Contrary to Netlist's argument, Samsung has never agreed that "essentiality is an expert issue," Dkt. 458 at 5.  Instead, Samsung consistently disclosed its "if infringed, then essential" theory throughout discovery.  *See, e.g.*, Dkt. 374-10 at 89-91.  By contrast, Netlist withheld its position until serving its rebuttal reports.

---

[2] Netlist's assertion that Samsung is "attempting to attribute to Netlist a position that Netlist does not have and will not present" ignores that Netlist's infringement contentions relied on standards, and that Netlist refused to provide its position on essentiality during discovery.  *See* Dkts. 423, 374.

[3] Netlist's prior cases against Micron and Samsung do not control.  Here, Mr. McAlexander performed an element-by-element analysis for each asserted claim comparing it to JEDEC DDR4 standards **and** shows that even non-JEDEC documents flow from JEDEC.  Such analysis was not present in the prior Samsung or Micron cases against Netlist.  *Contra* Dkt. 350 at 3.

| | |
|---|---|
| Dated: February 14, 2024 | Respectfully submitted, |
| | By:  /s/ *Lauren A. Degnan* |

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:     (903) 934-8450<br>Facsimile:      (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:   (415) 955-6571 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 14, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

/s/ Lauren A. Degnan

4