UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY TO NETLIST'S MOTION TO
STRIKE OPINIONS OF DR. M. RAY PERRYMAN (DKT. 363)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................................ii

TABLE OF EXHIBITS TO NETLIST'S MOTION...............................................................................iii

TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION ...................................................................iii

TABLE OF EXHIBITS TO SAMSUNG'S SUR-REPLY......................................................................iii

I.     Dr. Perryman's Opinions on Samsung's Brand Are Based in Fact and Highly Relevant .........1

II.    Dr. Perryman's Discussion of Samsung's Contributions to JEDEC Is Proper..........................2

III.   Dr. Perryman's Description of Dr. Groehn's Analysis Is Not "Inflammatory" ........................3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fall Line Pats., LLC v. Zoe's Kitchen, Inc.*,
  No. 6:18-CV-00407-RWS, (E.D. Tex. Jul. 11, 2023) ..............................................................2

*Genband US LLC v. Metaswitch Networks Corp.*,
  No. 2:14-CV-33-JRG-RSP, 2016 WL 122967 (E.D. Tex. Jan. 9, 2016) ..............................3

## TABLE OF EXHIBITS TO NETLIST'S MOTION

| # | Description |
|---|---|
| 1 | Expert Report of Ray Perryman (Dec. 21, 2023) |

## TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION

| # | Description |
|---|---|
| A | Corrected Expert Report of Andreas Groehn (Nov. 21, 2023) (excerpts) |
| B | Expert Report of David Kennedy (Nov. 20, 2023) (excerpts) |
| C | "Reliable," *Merriam-Webster Dictionary*, www.merriam-webster.com.dictionary/reliable (accessed Jan. 30, 2024) |
| D | "Bias," *Merriam-Webster Dictionary*, www.merriam-webster.com.dictionary/bias (accessed Jan. 30, 2024) |

## TABLE OF EXHIBITS TO SAMSUNG'S SUR-REPLY

| # | Description |
|---|---|
| E | "Inflammatory," *Merriam-Webster Dictionary*, www.merriam-webster.com.dictionary/inflammatory (accessed February 14, 2023) |

In its reply, Netlist does not dispute that Dr. Perryman's opinions are the product of reliable rebuttal methodologies. Rather, Netlist simply disagrees with certain of his opinions—primarily that its own expert, Dr. Andreas Groehn's hedonic regression analysis is unreliable because it suffers from "omitted variable bias" due to his failure to consider competitor pricing (including Samsung's brand recognition among competitors). Netlist attempts to obfuscate the dispute by arguing that, because Dr. Groehn compared only the price of Samsung products, the "impact of Samsung's brand on its pricing is plainly not relevant to the difference in price between its **own products**." Dkt. 514 at 1. This misses the point of Dr. Perryman's critique: Dr. Groehn should have considered competitor products, not just Samsung products, in evaluating the relationship between speed and price.

## I. Dr. Perryman's Opinions on Samsung's Brand Are Based in Fact and Highly Relevant

Netlist's reply focuses on defending **Dr. Groehn's** report rather than demonstrating any methodological error in **Dr. Perryman's** rebuttal report (the supposed subject of its motion). For example, Netlist argues that Dr. Perryman's opinions on Samsung's brand are misplaced because "Dr. Groehn only compares ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Dkt. 514 at 1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The fact that Netlist disagrees with Dr. Perryman's rebuttal is no basis for exclusion.

Contrary to Netlist's argument that Samsung does not provide any factual support for its contention that Samsung's brand "affect[s] price at all," Dkt. 514 at 1, Dr. Perryman's report provides

---

[1] *E.g.*, Ex. 1, ¶¶ 100 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

1

detailed explanations of how Samsung's brand can impact price, *see, e.g.*, Dkt. 424 at 2-6. For example, Dr. Perryman explained how it is ███████████████████████████████████████████

███████████████████████████████████████████████████████████████████████ which impacts the amount Samsung can chart for its products. Ex. 1, ¶ 106. All of the information Netlist claims is irrelevant ████████████████████████████████████████████████████████████

████████████ contributes to the value of Samsung's brand (and thus price) and is therefore relevant to Dr. Perryman's rebuttal.[2] *Contra* Dkt. 514 at 1-2.

## II.     Dr. Perryman's Discussion of Samsung's Contributions to JEDEC Is Proper

Dr. Perryman's discussion of Samsung's contributions to the DRAM market and JEDEC is relevant background information that is appropriate for Dr. Perryman's report. *Contra* Dkt. 514 at 3. Netlist's reply argues that evidence of Samsung's contributions to JEDEC and innovative history is irrelevant ████████████████████████████████████████████████████████████████████

████████████████████████████████████████ Dkt. 514 at 3. However, as discussed above, Dr. Perryman's report points out the flaws in Dr. Groehn's report that result from his ignoring aspects of the DRAM business that impact price, including ██████████████████████████████████

███████████████████████████████████████

Netlist's reply attempts to avoid discussing Samsung's contributions in the marketplace by arguing that the asserted patents are not essential to JEDEC. Dkt. 514 at 3. However, the parties dispute the essentiality issue, as Samsung explains in detail in response to Netlist's summary judgment motion regarding essentiality. Moreover, whether the asserted patents are essential to JEDEC standards is irrelevant to Dr. Perryman's opinion. There are only two sentences in Dr. Perryman's

---

[2] *Fall Line Patents*, on which Netlist relies, does not control. Instead, it is an order granting a motion *in limine*, with no analysis or explanation. *Fall Line Pats., LLC v. Zoe's Kitchen, Inc.*, No. 6:18-CV-00407-RWS, Dkt. 344 at 3 (E.D. Tex. Jul. 11, 2023). It says nothing about the propriety of an expert describing the value of a company's brand as part of a rebuttal damages report.

2

report that refer to JEDEC, and they both note that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Ex. 1, ¶¶ 36, 105. Dr. Perryman's report simply describes Samsung's contributions to DRAM technology to explain how Samsung became a leader in the marketplace. As Dr. Perryman's report explains, the value of Samsung's brand allowed Samsung to gain certain market advantages, which Dr. Groehn should have considered in his analysis. *Id.*, ¶ 106. There is nothing prejudicial about referencing Samsung's innovative history, particularly when it supports Dr. Perryman's position that Dr. Groehn unreliably ignored the impact of Samsung's brand.[3]

### III. Dr. Perryman's Description of Dr. Groehn's Analysis Is Not "Inflammatory"

Finally, Netlist's reply quibbles with Dr. Perryman's language describing the flaws in Dr. Groehn's report. Dkt. 514 at 4. However, there is nothing "inflammatory" about the language Dr. Perryman uses. "Inflammatory" means "tending to excite anger, disorder, or tumult." Ex. E. Accurately describing Dr. Groehn's analysis as "extremely unreliable," "fatally flawed," and showing "extreme bias" does not serve to "excite anger, disorder, or tumult." If the Court does not grant Samsung's motion to exclude Dr. Groehn's report, Dkt. 348, Samsung should be able to present testimony from Dr. Perryman that provides fair descriptions of the degree to which the errors in Dr. Groehn's report render it unreliable.

---

[3] Unlike the expert in *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2016 WL 122967, *5 (E.D. Tex. Jan. 9, 2016), Dr. Perryman does not apportion profits based on counting essential patents. He simply notes that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ noting that Dr. Groehn unreliably ignored Samsung's brand. *See* Ex. 1, ¶ 106.

3

| | |
|---|---|
| Dated:  February 14, 2024 | Respectfully submitted, |
| | By:   /s/ *Daniel A. Tishman* |

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:     (903) 934-8450<br>Facsimile:      (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:   (415) 955-6571 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 14, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Daniel A. Tishman

5