UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY TO
NETLIST'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NO INEQUITABLE CONDUCT OR UNCLEAN HANDS (DKT. 347)**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ii

TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION ...................................................................iii

TABLE OF ABBREVIATIONS............................................................................................................iii

I.    Dr. Lee Breached His Duty of Candor and Deceived the PTO....................................................1

II.   Netlist's Refusal To Provide Its Position on Essentiality Prejudiced Samsung..........................2

\* In this brief, all emphasis is added unless noted otherwise.

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Calcar, Inc. v. Am. Honda Motor Co.*,
  768 F.3d 1185 (Fed. Cir. 2014) (*Am. Calcar II*) ...................................................................1, 2

*Baxter Int'l, Inc. v. McGaw, Inc.*,
  149 F.3d 1321 (Fed. Cir. 1998) ................................................................................................2

*Calsep A/S v. Dabral*,
  84 F.4th 304 (5th Cir. 2023) .....................................................................................................3

*Fox Indus., Inc. v. Structural Preservation Sys., Inc.*,
  922 F.2d 801 (Fed. Cir. 1990) ..................................................................................................1

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010) ................................................................................................3

*Molins PLC v. Textron, Inc.*,
  48 F.3d 1172 (Fed. Cir. 1995) ..................................................................................................1

## TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION

| # | Description |
|---|---|
| 1 | Minutes of Meeting No. 165 (Mar. 3, 2011) (PRIOR_ART-00089710) |
| 2 | Minutes of Meeting No. 169 (Mar. 5, 2012) (PRIOR_ART-00113287) |
| 3 | U.S. Patent No. 10,268,608 |
| 4 | McAlexander Declaration Swearing to His Reports (Jan. 29, 2024) (exhibits omitted) |
| 5 | McAlexander Opening Report, Attachment C (Nov. 20, 2023) (excerpts) |
| 6 | McAlexander Opening Report, Exhibit C-2 |
| 7 | Samsung's Second Set of Interrogatories, Nos. 3-22 (Apr. 7, 2023) |
| 8 | Samsung's Third Set of Interrogatories, No. 23 (Jun. 28, 2023) |
| 9 | Netlist's Revised Fourth Amended and Supplemental Responses to Samsung's Second Set of Interrogatories (Nov. 19, 2023) (excerpts) |
| 10 | Netlist's Responses to Samsung's Third Set of Interrogatories (Jul. 28, 2023) (excerpts) |
| 11 | Transcript of the Deposition of Hyun Lee (Nov. 29, 2022) (excerpts) |
| 12 | JEDEC Proposal, Committee Item Number 311.12, Proposed DDR4 DB Buffer Control Words (PRIOR_ART-00119206) |
| 13 | JEDEC Proposal, Committee Item Number 311.13, Proposed DDR4 DB BCOM Protocol (PRIOR_ART-00119234) |
| 14 | JEDEC Proposal, Committee Item Number 311.14, Proposed DDR4 DB BCOM Protocol (PRIOR_ART-00119248) |
| 15 | JEDEC DDR4 LRDIMM Proposal, Committee Item Number 158.01 (PRIOR_ART-00090070) |
| 16 | Mangione-Smith Opening Report, Exhibit D (excerpts) |
| 17 | Tishman Declaration Regarding the Deposition of Dr. Hyun Lee |
| 18 | Transcript of the Deposition of Mario Martinez (Nov. 13, 2023) (excerpts) |
| 19 | McAlexander Opening Report, Attachment A (Nov. 20, 2023) (excerpts) |
| 20 | Transcript of Pre-Trial Conference from *EDTX1* (March 28, 2023) (public, excerpts) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| PTO | Patent and Trademark Office |
| JEDEC | Joint Electron Device Engineering Council |
| '608 patent | U.S. Patent No. 10,268,608 |
| JEDEC Proposals | Collectively, JEDEC Committee Item Numbers 158.01, 311.12, 311.13, and 311.14. Dkt. 347 at 1. |
| RAND | Reasonable and Non-Discriminatory |

### I. Dr. Lee Breached His Duty of Candor and Deceived the PTO

The Court should reject Netlist's assertion that Dr. Lee did not commit inequitable conduct because he, allegedly, had "no hand in prosecuting patents" and did "not make the call on what should be disclosed to the PTO." Dkt. 513 at 1. As a named inventor of the '608 patent, Dr. Lee has a duty of candor to the PTO, which "extends throughout the patent's **entire** prosecution history." *Fox Indus., Inc. v. Structural Preservation Sys., Inc.*, 922 F.2d 801, 803-04 (Fed. Cir. 1990) (describing duty of candor). Given his admission that he did not get involved with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Dr. Lee breached that duty, which supports a finding of inequitable conduct. *See Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995) ("A breach of this duty [of candor] constitutes inequitable conduct.").

Netlist's focus on whether Dr. Lee withheld art from the prosecuting attorney is insufficient to meet its burden on summary judgment. *See Fox*, 922 F.2d at 804 ("[The inventor] himself owed the same duty of candor to the PTO as did [the attorney].") In any event, Netlist cites no evidence that Dr. Lee gave the relevant prior art to his attorney or that he later determined that this prior art was not material and thus did not have to be disclosed. To the contrary, Dr. Lee disclosed only some of the JEDEC material to the PTO. Dr. Lee's selective disclosure of only some JEDEC materials "demonstrates a deliberative process, not an accident or mistake" and constitutes intent to deceive the PTO. *Am. Calcar, Inc. v. Am. Honda Motor Co.*, 768 F.3d 1185, 1187, 1191 (Fed. Cir. 2014) (*Am. Calcar II*). Netlist's assertion that inferring intent to deceive from Dr. Lee's selective disclosure amounts to an impermissible sliding scale inquiry ignores *American Calcar II*, which affirmed a finding that disclosing only part of a prior art system supported "the single reasonable inference" of intent to deceive.[1] *Id.* at 1191. Similarly here, Dr. Lee attended the JEDEC meetings where the critical

---

[1] Netlist has cited to an earlier appeal of *American Calcar* from 2011. Upon remand and further appeal in 2014, the Federal Circuit affirmed a finding of intent to deceive as cited here.

1

proposals were presented, then sought claims related to the same subject matter without disclosing the most pertinent proposals to the PTO. Dkt. 435 at 3. Thus, the single most reasonable inference is that Dr. Lee intended to deceive the PTO. *Am. Calcar II*, 768 F.3d at 1191; *Baxter Int'l, Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1330 (Fed. Cir. 1998).

## II. Netlist's Refusal To Provide Its Position on Essentiality Prejudiced Samsung

Netlist's refusal to provide its position on essentiality constitutes unclean hands, which prejudiced Samsung. In its reply, Netlist does not dispute that it withheld its position on essentiality but attempts to seek refuge in its erroneous assertion that "[w]hat Netlist **contends** is irrelevant to the issue of RAND royalties." Dkt. 513 at 2 (emphasis original). But Samsung's discovery request specifically asked Netlist to identify each claim of the patents that Netlist "**contend[s]** is essential to a standard(s)" and each element Netlist "**contend[s]** is not required by the applicable JEDEC Standard(s)." Dkt. 435-7 at 12; Dkt. 435-8 at 6. Netlist does not dispute that it refused to give its position during fact discovery on whether it contends the asserted patents are standards essential, nor does it dispute that now, through its experts, Netlist contends the asserted patents are not standard essential. Netlist also does not address that its infringement allegations during fact discovery were based on JEDEC standards, but then only after fact discovery ended, Netlist claimed the patents were not essential to those standards.

Netlist's failure to comply with its discovery obligations prejudiced Samsung. First, Netlist's refusal to provide any substantive answer at all to Samsung's discovery requests prejudiced Samsung by preventing Samsung from being able to fully respond to Netlist's new contention of non-essentiality. Dkt. 435-9 at 76-78; Dkt. 435-10 at 8. Second, had Netlist identified during fact discovery the claim elements it now contends the DDR4 standards do not require, Samsung could have taken discovery to determine whether those elements are optional. Dkt. 351 at 7; Dkt. 374 at 6. Third, had Samsung known Netlist's claims of non-essentiality, it could have moved to strike Netlist's '912 patent

2

infringement contentions, which were based entirely on the apparently irrelevant JEDEC standards. Dkt. 435-19 ¶ 206; *see Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1328 (Fed. Cir. 2010) (where a patent does not cover a mandatory part of the standard, infringement cannot be shown based on the standard).

Contrary to Netlist's assertion (Dkt. 513 at 2), Samsung's withdrawing its motion to compel on essentiality has no impact on its arguments that Netlist's conduct constitutes unclean hands. Samsung repeatedly complained that Netlist's discovery responses were deficient, and after Netlist failed to remedy its deficiency, Samsung moved to compel well in advance of the close of fact discovery. Dkt. 128. Netlist then waited until **rebuttal** expert reports to provide its contention, thereby depriving Samsung of the opportunity to fairly respond to the disputed issues. Dkt. 374 at 3. At that point, Samsung's motion was moot and there was no longer anything for the Court to compel. The mooting of the motion does not, however, change the fact that Netlist's actions caused prejudice. So, although Samsung withdrew its motion, Samsung conditioned its withdrawal on its ability to raise Netlist's misconduct elsewhere in the case. *See* Dkt. 322 at 2 (stating disagreement as to ).

Finally, the fact that Netlist engaged in this same obfuscation in *EDTX1*, and repeated that tactic here, does not show that Netlist's conduct was appropriate. To the contrary, this pattern makes Netlist's conduct egregious. *See Calsep A/S v. Dabral*, 84 F.4th 304, 314 (5th Cir. 2023) ("Knowingly ignoring an obligation, especially multiple times, may alone be enough to find bad faith. . . . Much like delays, a pattern of misconduct doesn't help.").

3

Dated:  February 14, 2024

Respectfully submitted,

By: */s/ Lauren A. Degnan*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:       (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 14, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

                                                                                               */s/ Lauren A. Degnan*