UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY TO NETLIST'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON SAMSUNG'S INVALIDITY DEFENSES (DKT. 343)**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION ................................................................. iii

TABLE OF ABBREVIATIONS .......................................................................................................... iii

I. Netlist Seeks To Preclude the Use of JEDEC Proposals in All Forums ..................................... 1

II. Netlist Fails To Analyze Whether Samsung's Invalidity "Ground" of JEDEC Proposals Could have Been Raised in IPR ................................................................................... 1

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Koninklijke Philips N.V. v. Google LLC*,
    948 F.3d 1330 (Fed. Cir. 2020)..................................................................................................2

*Ironburg Inventions Ltd. v. Valve Corp.*,
    64 F.4th 1274 (Fed. Cir. 2023) ..................................................................................................2

*Qualcomm Inc. v. Apple Inc.*,
    24 F.4th 1367 (Fed. Cir. 2022) ............................................................................................1, 2

*Randall Mfg. v. Rea*,
    733 F.3d 1355 (Fed. Cir. 2013)..................................................................................................2

**Statutes**

35 U.S.C. §§ 102(a), 102(f), 102(g)................................................................................................2

35 U.S.C. § 311(b) .........................................................................................................................1

## TABLE OF EXHIBITS TO SAMSUNG'S OPPOSITION

| # | Description |
|---|---|
| 1 | IPR2023-00847, Netlist Request for Director Review (Dec. 26, 2023) |
| 2 | IPR2022-00062, Final Written Decision, Paper 54 (May 8, 2023) |
| 3 | IPR2022-00064, Final Written Decision, Paper 54 (May 9, 2023) |
| 4 | IPR2022-00062, Patent Owner's Preliminary Response, Paper 7 (Feb. 18, 2022) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| EDTX1 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| IPR | *inter partes* review |
| PTAB | Patent Trial and Appeal Board |
| JEDEC | Joint Electron Device Engineering Council |
| '608 patent | U.S. Patent No. 10,268,608 |
| JEDEC Proposals | Collectively, JEDEC Committee Item Numbers 142.62B, 158.01, 311.12, 311.13, and 311.14. Dkt. 343-4 ¶¶ 206-07. |
| POSITA | Person of ordinary skill in the art |

### I. Netlist Seeks To Preclude the Use of JEDEC Proposals in All Forums

Netlist incorrectly argues that "Samsung wants the ability to raise JEDEC materials in IPRs with no repercussions." Dkt. 515 at 1. Netlist's hyperbole ignores that the '608 patent's IPR did not use the JEDEC Proposals at issue here. Because Netlist has argued that similar JEDEC ballot proposals cannot be used in IPRs (which the PTAB left undecided) Dkt. 431 at 1-2, granting Netlist's motion could lead to no forum being able to hear Samsung's invalidity challenge of the '608 patent based on the JEDEC Proposals.[1]

### II. Netlist Fails To Analyze Whether Samsung's Invalidity "Ground" of JEDEC Proposals Could have Been Raised in IPR

Netlist's argument that the "JEDEC Proposals reflect the knowledge of a POSITA" and such knowledge could have been used in IPR is a red herring. Dkt. 515 at 1. The issue is not whether a particular JEDEC proposal could have been raised in IPR as evidence of what is "known or used in this country," but whether Samsung is presenting "grounds that were raised or reasonably could have been raised in the IPR." Dkt. 343-2 at 6 (PDF page 7). Samsung has not raised a JEDEC ground in the '608 patent IPR and Netlist has not analyzed the actual JEDEC ground here to determine whether, under the applicable law, that ground could have been raised in the IPR.

The law is clear that an IPR petition may seek to cancel a claim "only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b); *Qualcomm Inc. v. Apple Inc.*, 24 F.4th 1367, 1374-75 (Fed. Cir. 2022) (concluding "[t]he language of § 311(b) limits 'the basis' of any 'ground' in an *inter partes* review to 'prior art consisting of patents or printed publications'" and that "§ 311(b) does not permit [admitted prior art] in this case to be the basis of a ground in an *inter partes* review, because it is not contained in a document that is a prior art patent or prior art printed publication.").

---

[1] This Court already acknowledged that a factfinder could conclude JEDEC materials are publicly accessible. *EDTX1*, Dkt. 426 at 104:13-21. Yet, Netlist continued to maintain its objection to JEDEC materials before the PTAB.

1

Netlist cites *Philips* and *Randall* for the position that "the PTAB can properly consider" the knowledge of others, but these cases do not condone using knowledge of others as "the basis" of an invalidity ground in IPR. Dkt. 515 at 1. In *Koninklijke Philips N.V. v. Google LLC*, the IPR petitioner used the SMIL printed publication as an anticipatory reference for its invalidity ground. 948 F.3d 1330, 1333 (Fed. Cir. 2020). The petitioner relied on the "general knowledge" of a POSITA only "to supply a missing claim limitation" related to "pipelining." *Id.* at 1337. Similarly, in *Randall Manufacturing v. Rea*, the state of the art was used to fill in a missing element involving bulkhead stowage by furnishing a motivation to combine. 733 F.3d 1355, 1363 (Fed. Cir. 2013). In other words, the cases that Netlist cites state that general knowledge can be used in IPR "when determining whether it would have been obvious to modify the prior art." *Philips*, 948 F.3d at 1337; *see also Qualcomm*, 24 F.4th at 1376 (noting permissible use of APA).

Mr. McAlexander opines that the JEDEC Proposals disclose the entirety of the claims and does not merely use them to fill a missing element or provide a motivation to combine. Dkt. 435-6. Netlist fails to explain how "knowledge of a POSITA" that discloses the entirety of the claims, under 102(a), could be used in an IPR (i.e., that this knowledge would not be "the basis" of an invalidity ground). Nor does Netlist attempt to show that mere "knowledge of a POSITA" is a proper challenge to invalidity under subsections 102(f) and 102(g), which Mr. McAlexander separately analyzes. *Compare* 35 U.S.C. § 102(a), *with* 35 U.S.C. §§ 102(f), 102(g); Dkt. 435-5 ¶¶ 271-75, 283-87.

Netlist has thus not met its burden, as movant and patent holder, to show the JEDEC Proposals could have been used in IPR. *Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1297-99 (Fed. Cir. 2023). The Court's *EDTX1* ruling does not apply here because, as Samsung explained, the facts have changed. Dkt. 431 at 2. Netlist still makes no effort to show that issue preclusion applies, and it does not. Dkt. 431 at 2 n.1.

The Court should deny Netlist's motion.

2

Dated: February 14, 2024

Respectfully submitted,

By: /s/ *Lauren A. Degnan*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:     (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 14, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

    /s/ Lauren A. Degnan

4