UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' SUR-REPLY TO NETLIST'S MOTION TO STRIKE
CERTAIN OPINIONS OF DEFENDANTS' EXPERT MR. JOHN HALBERT (DKT 358)**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................................ii

TABLE OF EXHIBITS TO DEFENDANTS' OPPOSITION ............................................................iii

TABLE OF EXHIBITS TO DEFENDANTS' SUR-REPLY ..............................................................iv

I.     Mr. Halbert's Opinions Placing Netlist's Behavior in the Context of JEDEC's Customs and Practices Are Relevant and Reliable ......................................................1

II.    Mr. Halbert's Opinions Regarding Netlist's False Claims of Standard Essentiality Are Relevant and Reliable ................................................................................2

III.   Mr. Halbert's Opinions About JEDEC Contributions Are Relevant and Reliable ............................................................................................................................................2

IV.   Mr. Halbert's Opinion About JEDEC Documents Public Availability Are Admissible .......................................................................................................................................4

V.    The Court Should Not Strike Mr. Halbert's Opinions on Available Alternatives ...................................................................................................................................4

\*     In this brief, all emphasis is added unless noted otherwise.

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gree, Inc. v. Supercell Oy*,
  No. 2:19-CV-70-JRG, 2020 WL 4288350 (E.D. Tex. July 27, 2020) .................................................1

*Realtime Data, LLC v. T-Mobile, U.S.A., Inc.*,
  No. 6:10-CV-493, 2013 WL 12149180 (E.D. Tex. Feb. 8, 2013) ........................................................4

*Traxcell Techs., LLC v. Huawei Techs. USA Inc.*,
  No. 2:17-CV-42, 2019 WL 6002202 (E.D. Tex. May 1, 2019) ............................................................4

**TABLE OF EXHIBITS TO DEFENDANTS' OPPOSITION**

| # | Description |
|---|---|
| 1 | 2023-05-30 Bench Trial Transcript in *EDTX1* (*EDTX1*, Dkt. 538) (excerpts) |
| 2 | 2023-11-19 Netlist's Fourth Supplemental Responses and Objections to Samsung's Second Set of Interrogatories Nos. 3-22 (excerpts) |
| 3 | 2024-01-11 Gillingham Deposition Transcript (excerpts) |
| 4 | 2023-12-21 Gillingham Corrected Rebuttal Report (excerpts) |
| 5 | 2023-11-20 Mangione-Smith Opening Report (excerpts) |
| 6 | Certain Memory Modules and Components Thereof, Inv. No. 337-TA-1089, USITC Pub. 1535894 (Apr. 21, 2020) (Comm'n Op.) |
| 7 | 2023-04-17 Trial Transcript, Volume 2 in *EDTX1* (*EDTX1*, Dkt. 488) (excerpts) |
| 8 | 2023-04-18 Trial Transcript, Volume 3 in *EDTX1* (*EDTX1*, Dkt. 490) (excerpts) |
| 9 | 2023-04-19 Trial Transcript, Volume 4 in *EDTX1* (*EDTX1*, Dkt. 492) (excerpts) |
| 10 | 2023-04-21 Trial Transcript, Volume 6 in *EDTX1* (*EDTX1*, Dkt. 496) (excerpts) |
| 11 | 2023-04-03 Pretrial Conference Transcript, Volume 1 in *EDTX1* (*EDTX1*, Dkt. 426) (excerpts) |
| 12 | 2023-01-31 Halbert Rebuttal Report in *EDTX1* |
| 13 | 2023-11-20 Kennedy Report (excerpts) |
| 14 | 2023-12-21 Kindler Report (excerpts) |
| 15 | 2023-11-20 Samsung's Supplemental Responses and Objections to Netlist's Amended First Set of Interrogatories Nos. 1-20 (excerpts) |
| 16 | 2023-04-13 Defendants' P.R. 303 Invalidity Contentions (excerpts) |
| 17 | 2023-09-08 Samsung Defendants' P.R. 3-3 Invalidity Contentions Regarding U.S. Patent No. 10,268,608 (excerpts) |
| 18 | Exhibit D18 to the 2023-09-08 Samsung Defendants' P.R. 3-3 Invalidity Contentions Regarding U.S. Patent No. 10,268,608 in View of JEDEC SDRAM/DIMM Proposals and Minutes (excerpts) |
| 19 | JESD82-7A, October 2004 (SAM-NET-293_00015577) |
| 20 | 2023-10-30 Samsung Defendants' Objections and Responses to Plaintiff Netlist's Notice of Deposition Pursuant to Rule 30(b)(6) (excerpts) |
| 21 | 2023-11-09 Micron's Objections and Responses to Notices of Deposition Pursuant to Rule 30(b)(6) (excerpts) (Dkt. 444-1) |
| 22 | 2023-11-02 Netlist's Objections and Responses to Samsung Defendants' First and Second Notices of Deposition to Plaintiff Pursuant to Rule 30(b)(6) (excerpts) |
| 23 | 2020-06-06 Declaration of John Halbert in *Inter Partes* Review IPR20200-01042 |
| 24 | Exhibit C to 2023-11-06 Samsung's Supplemental Responses and Objections to Netlist's Amended First Set of Interrogatories Nos. 1-20 (excerpts) |
| 25 | 2024-01-22 Micron's Corrected Sixth Supplemental Responses and Objections to Netlist's First Set of Amended Interrogatories Nos. 1-20 (excerpts) (Dkt. 444-2) |
| 26 | 2024-01-22 Micron's Corrected Second Supplemental Responses and Objections to Netlist's Second Set of Amended Interrogatories Nos. 21-31 (excerpts) (Dkt. 444-3) |
| 27 | 2023-11-20 McAlexander Opening Report (excerpts) |

## TABLE OF EXHIBITS TO DEFENDANTS' SUR-REPLY

| # | Description |
|---|---|
| 28 | 2023-09-08 Samsung Defendants' P.R. 3-3 Invalidity Contentions Regarding U.S. Patent No. 10,268,608 (additional excerpts) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '912 patent | U.S. Patent No. 7,619,912 |
| ITC | United States International Trade Commission |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| *Micron1* | *Netlist, Inc. v. Micron Technology, Inc.*, No. 22-cv-203 (E.D. Tex.) |

## I. Mr. Halbert's Opinions Placing Netlist's Behavior in the Context of JEDEC's Customs and Practices Are Relevant and Reliable

Netlist's reply argues, incorrectly, that "Defendants do not dispute that these paragraphs of Mr. Halbert's report should be stricken if Netlist's motion for summary judgment that the patents at issue are not standard essential is granted." Dkt. 511 at 1. Mr. Halbert's opinions regarding Netlist's behavior in the context of JEDEC are highly relevant to damages, willfulness, infringement, and Defendants' equitable defenses. Dkt. 439 at 3. Netlist seeks damages based on Defendants' sales of JEDEC-developed and standardized products; Netlist cannot sweep its past dealings with JEDEC under the rug simply by contending at the last minute that its patents are not standard essential.[1]

Netlist also misstates Mr. Halbert opinion in arguing that "Mr. Halbert's speculation that 'Netlist's decisions to offer and refuse to offer RAND licenses to its patents were motivated by its patent litigation strategies' has no factual support." Dkt. 511 at 1 (quoting Dkt. 358-2 at ¶ 57). Mr. Halbert states "**to the extent** Netlist's decisions to offer and refuse to offer RAND licenses to its patents were motivated by its patent litigation strategies, such behavior would be considered inconsistent with JEDEC's policies and ethos." Dkt. 358-2 at ¶ 57.

Netlist argues that Mr. Halbert is not an expert on Netlist's state of mind or motivations. Dkt. 511 at 1. However, Mr. Halbert did not opine on such issues. He simply described the underlying facts that may assist the jury in determining Netlist's state of mind. This is proper. *Gree, Inc. v. Supercell Oy*, No. 2:19-CV-70-JRG, 2020 WL 4288350, at *3 (E.D. Tex. July 27, 2020) ("Experts can opine . . . on the underlying facts that may show a party's state of mind.").

Finally, Netlist argues that Mr. Halbert will purportedly act as the "voice of JEDEC." Dkt. 511 at 1. To the contrary, Mr. Halbert offered his opinion on JEDEC's practices within his experience and personal knowledge as this Court instructed in *EDTX1*. Dkt. 358-3 at 228:1-16.

---

[1] Judge Payne's decision in *Micron1* is not relevant because the parties there agreed that these paragraphs rose or fell with the RAND defense. Dkt. 511-2 at 7.

## II. Mr. Halbert's Opinions Regarding Netlist's False Claims of Standard Essentiality Are Relevant and Reliable

Contrary to Netlist's argument, the relevance of Netlist's past claims of standard essentiality does not turn on whether the asserted patents are ultimately found to be standard essential. Netlist claims to have notified Defendants of the asserted patents through its JEDEC disclosures and declarations that certain patents are potentially essential. *See* Ex. 2 at 8-21, 77. Netlist's most recent assertion that the patents are not essential does not address how JEDEC members would have understood Netlist's representations made years earlier.[2] Mr. Halbert's opinions regarding JEDEC's standard essential patent declaration process and Netlist's claims of essentiality that have been found false provide context needed for the jury to understand that a member's declaration of a patent as "Potentially Essential" does not necessarily mean that the patent is essential or otherwise needed.

Netlist also argues that Mr. Halbert's opinion is related to an undisclosed willfulness defense, but this is plainly wrong because Samsung fully disclosed its willfulness defense. For example, Samsung specifically informed Netlist that "disclosure of . . . patents to JEDEC is not confirmation that any specific claim of any patent is essential to any JEDEC standard." Dkt. 5-11 at 143. Mr. Halbert's opinions discussing JEDEC procedures and the subsequent SK hynix litigations disproving Netlist's essentiality declarations are illustrative of Samsung's contention. Finally, with respect to the Standing Motion *in Limine* No. 13 regarding other litigations, this Court should decline to strike such opinions at this stage of the proceedings as it did in *EDTX1*. Dkt. 439-11 at 225:5-15.

## III. Mr. Halbert's Opinions About JEDEC Contributions Are Relevant and Reliable

Contrary to Netlist's assertion, Mr. Halbert's analysis of contributions to the DDR4 standards relates to not only the issue of essentiality but also other damages related issues, such as

---

[2] In *Micron1*, Judge Payne concluded that these opinions are "connected to standard essentiality." Dkt. 511-2 at 8. However, how JEDEC members would receive declarations of potentially essential patents is a distinct issue from whether a patent is actually a SEP. Dkt. 439 at 4-5

2

apportionment. Indeed, Netlist **does not contest** that Mr. Halbert's analysis is relevant to damages and apportionment.[3] Dkt. 511 at 2. Mr. Halbert analyzes the contributions to the JEDEC task groups and committees responsible for developing the standards used by the accused products, making his opinions informative to a proper apportionment analysis. Dkt. 439 at 6-7. The accused products support various aspects of the relevant JEDEC standards, including features that are not accused. Thus, regardless of essentiality, these unaccused features must be apportioned out.[4]

Contrary to Netlist's assertion (Dkt. 511 at 2), Defendants sufficiently disclosed Mr. Halbert's opinions during discovery.  Mr. Halbert's opinions are tied to all of the features provided by the accused products, not these specific accused features. Indeed, his analysis identifies numerous features that should be apportioned **out** of a proper damages calculation. There is no prejudice, furthermore, that would warrant exclusion; Netlist is a JEDEC member with access to this information, and Netlist had access to much of this information in *EDTX1*. Dkt. 439 at 8.

Finally, Netlist's remaining criticism regarding the reliability of Mr. Halbert's analysis—even if

---

[3] Netlist also fails to explain why its motion should not suffer the same fate as its similar motion in *EDTX1*. *EDTX1*, Dkt. 432 at 4-5 (denying Netlist's motion to strike Mr. Halbert and "alleged JEDEC contributions"). Mr. Halbert analyzed contributions to similar JEDEC standards in *EDTX1* and this Court did not strike this aspect of his report. *See* Dkt. 439-1 at 19:13-20:7; *compare* Dkt. 358-2, ¶ 22, *with* Dkt. 439-12 at ¶¶ 8-14.

[4] Judge Payne's decision in *Micron1* is not relevant because he concluded Micron's opposition is based "on the assumption that Netlist is relying on the JEDEC standards to prove infringement." Dkt. 511-2 at 8. The issue of apportionment here is relevant independent of standard essentiality.

3

true—goes to the weight of Mr. Halbert's testimony. *See, e.g.*, *Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, No. 2:17-CV-42, 2019 WL 6002202, at *1 (E.D. Tex. May 1, 2019). Mr. Halbert explained precisely how he computed the contributions and the basis for his methodology. Dkt. 358-2 at ¶¶ 18-21. Netlist can address its critiques of Mr. Halbert's analysis on cross-examination.

## IV. Mr. Halbert's Opinion About JEDEC Documents Public Availability Are Admissible

Netlist's motion rests on the false premise that Defendants are required to detail the circumstances surrounding a document's public availability in their invalidity contentions. That has never been the case in this District, and Netlist was on notice that Defendants contend the JEDEC documents at issue are prior art. *See Realtime Data, LLC v. T-Mobile, U.S.A., Inc.*, 2013 WL 12149180, at *3 (E.D. Tex. Feb. 8, 2013) ("[T]he purpose of invalidity contentions is to provide notice . . . ."). Netlist's claims of prejudice from Defendants' reliance on properly disclosed prior art are unfounded. Netlist is a JEDEC member just like Defendants, and the circumstances of the documents' publications are equally available to Netlist from the JEDEC website. Dkt. 358-2 at ¶ 69.

Finally, Netlist's complaint that Defendants did not allege that Committee Item Number 158.01 was available before December 8, 2011 is incorrect. Dkt. 511 at 3. Defendants' invalidity contentions explain that these JEDEC disclosures were available "[a]t least as early as November 2010, **March 2011**, June 2011, August 2011, September 2011, March 2012." Ex. 28 at 10. In any event, Netlist was free to determine for itself from the JEDEC website that it was uploaded on March 4, 2011, in addition to being presented on December 8, 2011. *Id.*

## V. The Court Should Not Strike Mr. Halbert's Opinions on Available Alternatives

Netlist does not dispute that Mr. Halbert's opinions on available alternatives properly rebut opinions in Dr. Mangione-Smith's opening report. That is the end of the inquiry.

4

██████████████████████████████████████████████████████

████████████████████████████████ Dkt. 511-7 at 30-31. Dr. Mangione-Smith went beyond Netlist's vague contentions, providing specific technical opinions relating to damages. ████████ ████████████████████████████████████████████████████████████████████████████ ██████████. Dkt. 439-5 at Ex. I, ¶ 29. Mr. Halbert rebuts this and other technical opinions by opining that JEDEC could have designed the accused products to reach those operational speeds without the accused functionalities. Dkt. 358-16 at ¶¶ 7-9. This is proper rebuttal. Thus, Netlist's complaint that Mr. Halbert should have provided these opinions in his opening report is baseless. Moreover, Netlist does not dispute that **Samsung** timely disclosed these alternatives, Dkt. 358 at 11-12, or that Samsung's technical expert Mr. McAlexander provided opinions on noninfringing alternatives in his opening report. *See* Ex. 27 at Att. A, ¶¶ 229-38, Att. B, ¶¶ 212-29, Att. C, ¶¶ 335-44. ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████▐████████████████████████████████████████

Finally, Netlist's criticism that Mr. Halbert does not cite supporting documents from the time of the hypothetical negotiation is wrong. First, Mr. Halbert identified noninfringing alternatives based on his review of documents from the 2012 time frame. Ex. 12 at ¶9. Mr. Halbert also cites later documents for a subsequent DDR generation to confirm that those alternatives were feasible and viable. Second, with respect to Samsung, Netlist bases its criticism on the incorrect and contested position that the hypothetical negotiation is in 2012, not 2020, as Samsung contends.

---

[6] ████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

[7] Netlist's assertion that Dr. Mangione-Smith did not discuss Defendants' proposed noninfringing alternatives in his opening report is false. ████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████

5

Dated: February 14, 2024

Respectfully submitted,

By: /s/ *Francis J. Albert*

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone: (415) 591-7091<br>Facsimile: (415) 955-6571 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile: (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile: (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

6

███████████████████████████████████

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
Barry K. Shelton
State Bar No. 24055029
BShelton@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger
denzminger@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
**WINSTON & STRAWN LLP**
1901 L Street, N.W.
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

7

        Juan C. Yaquian
        State Bar No. 24110559
        JYaquian@winston.com
        **WINSTON & STRAWN LLP**
        800 Capital Street, Suite 2400
        Houston, TX 77002
        Telephone: (713) 651-2600
        Facsimile: (713) 651-2700

        Wesley Hill (State Bar No. 24032294)
        wh@wsfirm.com
        Andrea Fair (State Bar No. 24078488)
        andrea@wsfirm.com
        Charles Everingham IV (State Bar No. 00787447)
        ce@wsfirm.com
        WARD, SMITH & HILL, PLLC
        1507 Bill Owens Parkway
        Longview, TX 75604
        Telephone: (903) 757-6400
        Facsimile: (903) 757-2323

*Attorneys For Defendants Micron Technology, Inc.,*
*Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 14, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Francis J. Albert