# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**NETLIST INC.'S SUR-REPLY IN OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF NO WILLFULNESS (DKT. 341)**

Willfulness is a fact issue based on the totality of the circumstances. The existence (or not) and credibility of Samsung's claimed belief of non-infringement or invalidity is for the jury to decide.

## I. Samsung's Alleged Belief in a License is a Fact Dispute

Samsung's claim that the Court determined in *Samsung I* that "the JDLA's license was not limited to the JDP" is incorrect. Reply at 1. In reality, the Court concluded on summary judgment that Netlist had terminated the JDLA on July 15, 2020. *Samsung I*, Dkt. 196 at 1. There was no determination that Samsung's DDR4 products accused in this case were licensed, because the lone asserted patent in Samsung I addressing DDR4 products (the '339 Patent) issued **after** the JDLA was terminated. Further, as Netlist explained in its opposition and Samsung ignores, the Court held that Netlist could not seek pre-suit damages under the marking requirement regardless of license scope, Dkt. 437-10, and instructed the jury that the damages period began at the earliest on December 20, 2021 (i.e., after termination). Ex. 32 (Samsung I Tr.) at 1320:7-16. Whether Samsung was licensed before that date was therefore moot and not necessary to the verdict or judgment.

Samsung's arguments about the HBM '160 and '060 Patents are a red herring. HBM products are not accused in this case, and any determination about whether HBM products are or are not foundry devices is therefore irrelevant. And even as to those patents, the Court held factual disputes existed and denied Samsung's summary judgment motion. Dkt. 437-11 at 59 ("What falls within that license as prescribed by the other terms of the JDLA is a fact question.").

Samsung also ignores the applicable law that "issue preclusion does not apply 'unless the facts and the legal standard used to assess them are the same in both proceedings.'" *See Aviles-Tavera v. Garland*, 22 F.4th 478, 483 (5th Cir. 2022) (cites omitted). Samsung claims it has not taken inconsistent positions on the scope of the JDLA – but that is exactly what it has done. In Samsung I, Samsung took the position that "that JDLA was in no way limited to jointly developed products." Dkt. 437-11 at 28:8-29:14, 26:2-8. But after trial in Samsung I, Samsung told the Ninth Circuit the opposite, claiming that "The licenses are being given in connection with the collaboration. That's the joint

development project." Dkt. 437-2 at 15:10-21. The Ninth Circuit relied on Samsung's argument in granting a partial remand. The C.D. Cal. Court has now set a trial for March 26, 2024, on breach and termination, in which Samsung presumably intends to make the same argument it made to the Ninth Circuit. If Samsung prevails on its claim the JDLA is limited to the joint development even where not expressly specified, then there will at minimum be a fact issue in this Court (and potentially outright issue preclusion against Samsung) that the license provision is likewise limited and therefore would not encompass the accused products. And if the C.D. Cal. Court determines the JDLA was terminated, then no license will exist, and summary judgment cannot issue for Samsung either.

Further, there is clearly a factual dispute as to whether Samsung's alleged belief it was licensed was in good faith or not. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## II. There Is Substantial Evidence Showing Samsung Was Willful

Samsung argues that it had a good faith belief in non-infringement or invalidity because it "sought declaratory judgment of non-infringement" and "filed IPR petitions." Reply at 2. Samsung cannot evade trial on willfulness merely by filing IPRs. An alleged "good-faith belief" in invalidity or non-infringement at most raises a question of fact for the jury. *Smith & Nephew Inc. v. Arthrex, Inc*, 603 F. App'x 981, 990 (Fed. Cir. 2015) ("a good-faith belief in non-infringement" does not negate the

required knowledge because "a good-faith belief presents a factual question"); *Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1368–69 (Fed. Cir. 2013) (same). As discussed in Netlist's opposition, there is substantial evidence based on which a jury could conclude that Samsung either had no actual belief in non-infringement, or that such belief was not in good faith. This includes evidence that Netlist directly notified Samsung it was infringing, and Samsung persisted in its conduct. Opp. at 6-11.

Samsung's argument that there is no evidence it knew of the '417 and '608 Patents before this suit ignores the record. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Samsung argues this letter should not be considered based on Rule 408, but does not even attempt to dispute Netlist's cited law that Rule 408 does not apply to evidence of notice. Opp. at 9. Samsung also does not dispute that Netlist notified it of multiple parent patents to the '417 and '608 before this suit, and of the pending '417 application. Dkt. 437-3 at 53, 54, 59, 70 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓); Dkt. 437-5 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓); Dkt. 341-11 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). The Federal Circuit holds that knowledge of a pending patent is relevant to willfulness. *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 & n.4 (Fed. Cir. 2018) (affirming willfulness verdict where there was evidence defendant was aware of a "patent pending").

Finally, Samsung argues that willful blindness is not a basis for willfulness. But the Federal Circuit holds the opposite. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) ("proof that the defendant acted despite a risk of infringement that was 'either known or so obvious that it should have been known to the accused infringer,'—can support an award of enhanced damages"). Samsung's argument that there is no evidence "anyone at Samsung believed that infringement was highly likely and took deliberate steps to avoid such knowledge" is incorrect. As discussed in Netlist's opposition, there is extensive evidence that Samsung was aware of the patents but intentionally did not investigate its infringement, including whether its engineers reviewed the patents or Netlist's technology and designed the accused products based on them. Opp. at 9-11.

Case 2:22-cv-00293-JRG    Document 638    Filed 02/22/24    Page 5 of 6 PageID #: 61493

Dated: February 15, 2024                                    Respectfully submitted,

/s/ Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on February 15, 2024, a copy of the foregoing was served to all

Samsung counsel of record.

/s/ *Michael W. Tezyan*
Michael W. Tezyan

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Michael W. Tezyan*
Michael W. Tezyan
