IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S SURREPLY IN OPPOSITION TO SAMSUNG'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT ALL ACCUSED PRODUCTS ARE COVERED BY NETLIST'S LICENSE TO SAMSUNG IN THE PARTIES' 2015 JDLA [DKT. 337]**

### I. Samsung is Estopped From Arguing That The License Grant Is Broad

Samsung's Reply fails to reconcile its current position with the positions it successfully took before the Ninth Circuit. First, Samsung argues that the Delaware court was not persuaded that Samsung's positions were inconsistent. Reply at 1. But this is irrelevant. In Delaware, Samsung had not yet presented any of its varying positions on the JDLA's interpretation. Thus, unlike here, the court was not confronted with a record in which Samsung was pursuing its inconsistent positions.

Second, Samsung repeats its assertion that its counsel's argument to the Ninth Circuit was not about contract interpretation but instead about "consideration." Reply at 2. But Samsung again fails to address the language its counsel actually used: "[P]arties put recitals in agreements to make sure language isn't tortured down the road by lawyers and courts, right? Here's what our purpose is, *interpret this agreement consistent with our purpose*. And when you look at the recitals, what does it say about the licenses? . . . The licenses are being given in connection with the collaboration. That's the joint development project." Dkt. 273-2 at 15:15-21.

Third, Samsung's argument that the Ninth Circuit did not rely on its counsel's statement regarding license scope ignores what the panel actually said. One of the judges who joined the majority opinion specifically stated during oral argument that the supply clause was ambiguous in light of the fourth recital. Dkt. 451 at 8. And the dissenting judge similarly noted that the majority's "finding that § 6.2 is ambiguous" was based on the "recitals." *Id.*

Finally, Samsung argues that Ninth Circuit hearing transcript somehow supports its position "that the $8 million payment was a **license payment** 'cloak[ed]' . . . as a JDP engineering fee." Reply at 1. But Samsung's counsel told the Ninth Circuit that the NRE fee was "**clearly for the joint development project,**" Dkt. 273-2 (9th Cir. HT) at 8:16-24, not that it was some sort of "cloaked" license fee that actually had nothing to do with the joint development project at all.

### II. Netlist Is Not Estopped

Samsung's assertion that this Court held in *Samsung I* that the JDLA's license grant was not

- 1 -

limited to the joint development project is incorrect. Opp. at 2. Samsung notably fails to cite any statement from the Court holding this. The Court's order went to the issue of termination, not scope. Dkt. 451 at 9. While Samsung claims that it "moved for a determination that the JDLA license was not limited to the JDP," Reply at 2, it ignores that its own counsel stated at the pre-trial conference that the issue was no longer before the Court: "there was an issue… about whether the license was somehow narrowly limited only to the jointly developed products. ***I don't think anybody is carrying that issue forward***." *Samsung I,* Dkt. 426 at 26:17-23.

Moreover, even assuming that this Court did decide the license scope issue in *Samsung I,* the issue was effectively moot since the Court had also determined that Netlist could not seek pre-suit damages because of the marking issue. Dkt. 451 at 9. Samsung ignores this and does not dispute that a finding cannot have preclusive effect unless it was necessary to the decision. *Id.*

Samsung also concedes that partial summary judgment findings are not preclusive under Rule 56(d). Reply at 3. Samsung claims that preclusion arises from final judgment which, according to Samsung, "necessarily incorporated the determination that Samsung did not infringe during the license." *Id.* But there was no such determination given that the issue was already moot by the time of trial. Regardless, issue preclusion is "an equitable doctrine" *Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415, 1423 (5th Cir. 1995), Samsung should not be entitled to rely on it given that Samsung successfully adopted an inconsistent interpretation of the JDLA's license grant in the Ninth Circuit.

### III.  The License Provision Is At the Very Least Ambiguous

Samsung does not dispute that, under Fifth Circuit precedent, summary judgment is improper if the JDLA's license provision is ambiguous. Dkt. 451 at 11 (citing *Fireman's Fund Ins. Co. v. Murchison*, 937 F.2d 204, 207 (5th Cir. 1991)). Samsung argues that the license provision is not ambiguous because

[redacted]

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████. That's why, according to Samsung, "you have to look at the structure of the agreement" as a whole instead of the clauses in isolation. *Id*

Samsung provides no reason why this same logic would not apply to the license provision. Indeed, if anything, the argument that the license should be read as specifically connected to the joint development is stronger than Samsung's argument as to the supply provision, given that the fourth recital expressly references the license (but not supply): ████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

Finally, Samsung's reply ignores much of the extrinsic evidence cited in Netlist's Opposition supporting its interpretation, Dkt. 451 at 12-14, because, according to Samsung, Netlist supposedly admitted that the JDLA's license grant was broad in ITC proceedings. Reply at 4. Samsung mischaracterizes this testimony. Dkt 451 at 14. But even setting that aside, Samsung's argument at best shows that there is potentially conflicting extrinsic evidence that must be resolved by a jury. *Cicciarella v. Amica Mut. Ins. Co.*, 66 F.3d 764, 768 (5th Cir.1995) ("Once the document is found to be ambiguous, the determination of the parties' intent through extrinsic evidence is a question of fact.")

| | |
|---|---|
| Dated: February 15, 2024 | Respectfully submitted, |
| | /s/ *Jason G. Sheasby* |

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
H. Annita Zhong (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
Michael Harbour (*pro hac vice*)
mharbour@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Philip Warrick
New York Bar No. 4471413
pwarrick@irell.com

**IRELL & MANELLA LLP**
750 17th Street NW, Suite 850
Washington, DC 20006
Tel. (310) 777-6512
Fax (310) 317-7252

**Attorneys for Plaintiff Netlist, Inc.**

- 5 -

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ Isabella Chestney
Isabella Chestney

### CERTIFICATE OF SERVICE

I hereby certify that, on Febrruary 15, 2024, a copy of the foregoing was served to all counsel of record via email.

/s/ Isabella Chestney
Isabella Chestney