# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br>(Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**NETLIST, INC.'S SUR-REPLY ON SAMSUNG'S *DAUBERT* MOTION TO STRIKE EXPERT TESTIMONY OF DAVID KENNEDY (DKT. 346)**

I.  **Mr. Kennedy's Analysis Complies With Federal Circuit Apportionment Law**

Samsung's argument that Mr. Kennedy has not "isolate[d] the alleged benefits provided by the accused technology" (Reply, 1) ignores that the Federal Circuit has expressly held that this requirement can be satisfied by doing exactly what Mr. Kennedy did—▮

> Although a patentee "must carefully tie proof of damages to the claimed invention's footprint in the market place," *Uniloc*, 632 F.3d at 1317 (quoting *ResQNet.com*, 594 F.3d at 869 ), **that requirement for valuing the patented technology can be met if the patentee adequately shows that the defendant's infringement allowed it to avoid taking a different, more costly course of action**. A price for a hypothetical license may appropriately be based on consideration of the "costs and availability of non-infringing alternatives" and the potential infringer's "cost savings."

*Prism*, 849 F.3d at 1376 (emphasis added). ▮

▮ Dkt. 346-1 (Kennedy) at Ex. 1C.  Samsung's argument that other patents are necessary to achieve 2400 MT/s or a 2DPC configuration is a tautology when dealing with complex products that have a large number of components.  Samsung can point to these additional patents and the jury can weigh this countervailing evidence as to whether less of the price premium should be awarded here.

    A.    **Mr. Kennedy's Profit Split Is Proper**

---

[1] While use of both the '608 and '912 Patents may achieve even greater speed benefits, Mr. Kennedy conservatively does not treat them as additive.
[2] Ex. 11, 96:17-21; Ex. 12, 245:15-247:21.

Samsung's claim that Netlist "admits" ███████████████████████████ ██████████████████████ Reply, 1-2. Mr. Kennedy's testimony makes clear this is not what he did. ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ Moreover, Samsung does not dispute that Mr. Kennedy ██████████████████████████ ████████████████████████████. Samsung's disagreement with Mr. Kennedy's conclusion is not a basis for exclusion. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 854 (Fed. Cir. 2010). Samsung cites no authority for its conclusory argument that an expert must propose some sort of bargaining split after apportioning down to the technical benefit of the patents-in-suit. Reply, 1-2. Nor could it, as the Federal Circuit has expressly held that a damages award may comprise the full economic benefit obtained by the infringer through use of the patents-in-suit. *Prism*, 849 F.3d at 1376 (awarding full amount of cost savings to plaintiff); *Powell*, 663 F.3d at 1240 (same).

**B.     Mr. Kennedy's Additional Apportionments Are Reliable**

Mr. Kennedy's additional technical and economic apportionments are not "arbitrary metrics." As explained in Netlist's Opposition, both are closely tied to the facts, consistent with the approach used by parties in real world negotiations, and have been admitted by this Court multiple times. *Samsung I*, Dkt. 463, at 4 (E.D. Tex.) (denying motion to exclude similar technical/economic apportionment); *USAA v. PNC*, No. 2:21-CV-00246-JRG, Dkt. 346, at 7 (E.D. Tex. Sept. 1, 2022) (same). Samsung's repeat argument that its R&D expenditures include R&D spend on other products misses the point. As Netlist explained in its Opposition, this is why it makes sense for Mr. Kennedy to use ████████████████████████████████████████████████████.

**C.     Mr. Kennedy's Reliance On Dr. Mangione-Smith and Dr. Groehn Is Proper**

Mr. Kennedy's reliance on Dr. Mangione-Smith and Dr. Groehn is not a basis to strike his

opinions, as it is perfectly appropriate for a damages expert to rely on other experts. Samsung's arguments about whether Dr. Groehn is required to testify live are premature and unfounded. Samsung does not dispute that Dr. Groehn's analysis is the type of data "experts in the particular field would reasonably rely on," which makes Dr. Kennedy's use permissible under Rule 703. Moreover, Samsung ignores that it had an opportunity to cross-examine Dr. Groehn at his deposition.

### D. Mr. Kennedy's Opinions Regarding Next Best Alternatives Are Proper

Samsung's argument that Mr. Kennedy should have used a different "next-best available alternative" is a factual dispute for the jury; it is not a basis for exclusion, particularly where (as here) Samsung has not moved for summary judgement on this issue. *CardioNet, LLC v. ScottCare Corp.*, 2017 WL 4742476, *9 (E.D. Pa. 2017) ("Whether an alternative product would have been available and/or acceptable during the infringement period are factual determinations . . . CardioNet's Motion to Exclude Mr. Lasinki's testimony is denied."). Moreover, Samsung's argument that the alternative for the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

## II. Mr. Kennedy's Reliance On The -463 Verdict Is Appropriate

Samsung cites to a District of Delaware case to claim that there is a black-and-white rule prohibiting use of prior jury verdicts in a reasonable royalty analysis. The Federal Circuit has found otherwise. *Sprint Commc'ns Co. v. Time Warner Cable, Inc.*, 760 Fed. App'x. 977, 981 (Fed. Cir. 2019) (admitting verdict "to the extent that it informs Sprint's executives concerning what [they] might expect as a reasonable royalty."); *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1366 (Fed. Cir. 2006) (prior verdict "relevant to the reasonable royalty analysis"). Samsung failed to identify any

specific reasons why ███████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████

### III. Mr. Kennedy's Approach Does Not Double Count

Samsung provided no substantive response to the detailed factual explanation provided in Netlist's Opposition, which showed why Mr. Kennedy's opinions in this case do not "double count" damages from *Samsung I*. Opp., 9-10. This confirms that Samsung's argument is baseless.

### IV. Mr. Kennedy Properly Uses Licenses to Inform the Hypothetical Negotiation

Samsung does not even attempt to engage with the fact that this Court rejected its nearly identical request to exclude the Rambus license in the -463 case, much less explain why a different result is warranted here. *Samsung I*, Dkt. 205, 11-12; Dkt. 432, at 4. ████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████ Dkt. 346-1 ¶ 497-502. If Samsung believes Mr. Kennedy's testimony is inconsistent with his report, it can cross examine him on that point. The Federal Circuit's commentary about licenses in *VLSI* is inapplicable, as in that case VLSI "conceded noncomparability," which is not the case here. 87 F.4th 1332, 1349 (Fed. Cir. 2023).

### V. Mr. Kennedy's RAND Discussion Is Proper

Samsung does not dispute that no party has introduced any expert opinion that the patents are SEPs (Reply at 4-5), and discussion of RAND thus has no place at the trial. If Samsung is permitted to pursue its improper "not standard unless infringed" approach, however, then Mr. Kennedy should be permitted to explain why his opinion complies with RAND. Samsung's contention that his opinion is "conclusory" ignores his detailed analysis (Dkt. 346-1 ¶¶ 533-52, 553-573), and its

- 4 -

complaint that he reaches the same result regardless of RAND rings hollow given that its own expert presents one damages number, regardless of whether RAND applies. Ex. 10 (Kindler) ¶¶ 178-181.

## VI. Mr. Kennedy's Opinions Are Not Prejudicial

Samsung's continued insistence that Mr. Kennedy expressed opinions "outside his expertise" is wrong. Reply, 5. ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

## VII. Mr. Kennedy's Opinions Comply with the Court's Discovery Order

Samsung does not dispute the Discovery Order states: "the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert." Dkt. 56 at 3. Netlist complied, and Samsung's request for exclusion is unfounded.

## VIII. Mr. Kennedy's Analysis of a Lump Sum Award Is Proper

Samsung cannot dispute that it is appropriate for damages experts to present opinions on lump sum royalties, given that Samsung's own expert opines that the parties would agree to a lump sum for the life the patents. Ex. 7 (Kindler) ¶¶ 71, 81-82, 91. Samsung's quote from *Micron 1* does not support its position (Reply, 5-6), as Samsung omits the rest of the paragraph, where Judge Payne explained "[l]ump sum royalties, however, can include projected future sales. *Finesse Wireless LLC v. AT&T Mobility LLC*, 2023 WL 5612448, at *3 (E.D. Tex. Aug. 30, 2023)." *Micron 1*, Dkt. 468 at 7.

| | |
|---|---|
| Dated: February 15, 2024 | Respectfully submitted, |
| | */s/ Jason G. Sheasby* |

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on February 15, 2024, a copy of the foregoing was served to all counsel of record.

*/s/ Andrew Henderson*
Andrew Henderson

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Andrew Henderson*
Andrew Henderson