# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAMSUNG ELECTRONICS CO, LTD; ) <br> SAMSUNG ELECTRONICS AMERICA, ) <br> INC.; SAMSUNG SEMICONDUCTOR ) <br> INC., ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICRON TECHNOLOGY, INC.; ) <br> MICRON SEMICONDUCTOR ) <br> PRODUCTS, INC.; MICRON ) <br> TECHNOLOGY TEXAS LLC, ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE (DKT. 383)**

Samsung's proposal to split this straightforward patent infringement case into four different trials (on liability, license, willfulness, and damages) should be denied. Samsung does not argue, much less meet its burden to prove, that bifurcation would be more convenient to the jury, witnesses, Court, or parties. Nor does Samsung seriously dispute Netlist's showing that bifurcation would be extremely inefficient and result in duplicative proceedings. Samsung merely argues that it would purportedly be prejudicial and "herculean" for the same jury to decide liability and Samsung's license defense. This argument is without merit. The mere existence of a license defense does not justify multiplying one trial into four, and the jury is more than capable of deciding all the issues in a single trial.

## I. The March C.D. Cal. Trial May Moot Samsung's Request for Bifurcation

Following the original briefing on this motion, the C.D. Cal. Court scheduled a trial on the breach and termination of the JDLA for March 26, 2024. Samsung acknowledges that this may result in "a verdict on the alleged JDLA termination before trial here." Reply at 1. If the C.D. Cal. case determines that the JDLA was terminated, then there will be no license defense before the jury and Samsung's arguments in this motion will be moot.[1]

## II. There Is No Undue Prejudice from Trying the License Defense As Part of the Case

Samsung argues that bifurcation is appropriate because, if the jury hears even a scintilla about the JDLA, it will purportedly assume that Samsung is infringing. Samsung identifies no basis for its claim that, merely because Samsung asserts a license defense, the jury will decide to disregard the Court's instructions and abrogate its responsibility to decide the case based on the facts and the law. The Federal Circuit in fact requires the opposite presumption—"a 'jury is presumed to follow jury instructions.'" *Omega Patents, LLC v. CalAmp Corp.*, 13 F.4th 1361, 1372 (Fed. Cir. 2021).

---

[1] Samsung's assertion that "this Court in EDTX1 already rejected Netlist's theory of JDLA license scope" is wrong for the reasons explained in Netlist's opposition to Samsung's summary judgment motion. Dkt. 451. The Court made no such ruling in Samsung I, and it is Samsung, not Netlist, that has taken positions on the scope of the license that trigger estoppel.

Samsung likewise cites no evidence or legal authority for its claim that the "natural and inevitable" result of a license defense is that the jury will assume infringement. Reply at 2. Samsung does not identify a single case finding this, or any scientific or academic research determining that jurors make this assumption, much less that they decide to ignore the Court's instructions to do so. To the contrary, the standard practice is to try infringement and any license defense together, just as this Court did in the prior trial between the Parties with respect to HBM "foundry products." *See also Victaulic Co. v. ASC Engineered Sols., LLC*, 2022 WL 4748619, at *4 (D. Del. Oct. 3, 2022) (declining to bifurcate infringement from license defense). Samsung's further argument that jury instructions cannot fully address any risk of prejudice (Reply at 3-4) contradicts controlling authority. The Fifth Circuit holds that "the potential for prejudice . . . can be satisfactorily dispelled by appropriate curative instructions" and that "[j]urors are presumed to follow such instructions, except in extreme cases." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1334 (Fed. Cir. 2016); *see also ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 550 (Fed. Cir. 1998) ("prejudice may be avoided by a curative instruction").

Samsung likewise does not identify any support for its assertion that the jury is somehow incapable of deciding both liability and a license defense in the same trial because it is too "complex." Samsung identifies nothing about the infringement claims or its license defense that are out of the ordinary, or that render the issues more complicated than the typical patent trial. Indeed, this case is, if anything, **less** complex than the prior trial between the Parties (Samsung I). It involves fewer asserted patents (three instead of five), fewer accused products (DDR4 products alone, as compared to DDR5, DDR4, and HBM), and fewer expert witnesses.

Samsung's attempt to rely on *Solas OLED Ltd. v. Samsung Electronics Co.*, No. 2:21-CV-105-JRG-RSP (E.D. Tex.) does not support its argument. Samsung concedes that in that case Samsung itself argued **against** bifurcation of liability and a license defense, claiming it would be "fundamentally wrong" and "both prejudicial to Samsung and judicially inefficient." Dkt. 457-4 at 4. Further, contrary to Samsung's argument, the Court did not hold in *Solas* that a license defense is irrelevant or prejudicial

2

to try together with infringement. Rather, the Court granted bifurcation on the specific facts of that case because "both sides agreed that the license defense was based on an alter ego theory that includes express elements of fraud and misrepresentation, making the issue inherently prejudicial and confusing to the jury on the unrelated issues of the Plaintiff's main demand." Dkt. 534-3 at 1; *see also id.* at 3 ("the probative value of any such testimony is far outweighed by the very real prejudice to Solas through presenting to this jury the irrelevant and highly inflammatory suggestion that Solas and Neodron are monetizing their patents in a deceptive and fraudulent manner."). There are no such claims at issue in this case. Samsung asserts a straightforward contractual license defense, there is no allegation of fraudulent conduct by Netlist.

Samsung's other cited cases do not address, or even consider, bifurcation based on a license defense. For example, *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113 (E.D. La. 1992) involved a request to bifurcate liability, willfulness, and damages. There was no license defense at issue. Likewise, *Union Carbide Corp. v. Montell N.V.*, 28 F. Supp. 2d 833, 837 (S.D.N.Y. 1998) concerned a request "to bifurcate a trial into liability and damages phases." And *Audio MPEG, Inc. v. Dell Inc.*, 254 F.Supp.3d 798, 806 (E.D. Va. 2017) involved a request to bifurcate "patent infringement claims from . . . antitrust claims," a very different situation not present here.[2]

### III. Samsung's Desire To Discuss Other Litigation and IPRs Is Not Grounds to Bifurcate

Samsung argues that bifurcation should be granted because Samsung wants to present "JDLA issues, litigation history, and IPR history" to the jury. Reply at 4. Samsung does not dispute that all of this evidence of other litigation and IPRs is prohibited by the Court's standing motions *in limine* and thus would not be admissible in **any** jury trial in this Court, bifurcated or not. *See* Court MIL No. 6.

---

[2] *Unwired Planet, LLC v. Google Inc.*, 2014 WL 7012499, at *3 (D. Nev. Dec. 12, 2014) likewise involved a request to bifurcate liability and damages, and *Ecrix Corp. v. Exabyte Corp.*, 191 F.R.D. 611, 614 (D. Colo. 2000) involved a request to bifurcate infringement claims from antitrust and unfair competition counterclaims. Neither involved a license defense.

Bifurcation is not a mechanism to avoid MIL rulings.

Further, as Netlist explained in its opposition and Samsung ignores, this Court routinely holds trials where willfulness is not bifurcated and evidence of IPRs is excluded, confirming that the existence of IPRs is not a basis for bifurcation. *E.g.*, *Tinnus Enters., LLC v. Telebrands Corp.*, 2017 WL 8727603, at *1 (E.D. Tex. Nov. 6, 2017) ("[T]he Court finds little reason to bifurcate the issue of willfulness given Defendants' stated reason for bifurcation based on considerations of objective reasonableness due to proceedings at the Patent Trial and Appeal Board. Such a bifurcation would only confuse the issues and lead to judicial inefficiencies."); *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, 2017 WL 5137401, at *6 (E.D. Tex. Nov. 4, 2017) ("TCL argues that without bifurcation, the presentation of prior art, PTAB proceedings, and the strength of TCL's invalidity and legal defenses will likely confuse a jury 'that is not asked to determine invalidity or the legal defenses.' The Court is not persuaded."), *rev'd on other ground*, 955 F.3d 1317 (Fed. Cir. 2020). Samsung identifies no reason why its IPRs have any special relevance or require bifurcation where other IPRs do not.

Samsung likewise fails to identify any reason why it needs to be able to tell the jury about past litigation and IPRs to present its willfulness defense. To the extent Samsung claims to have a good-faith belief it is licensed or that the patents are invalid (and has properly disclosed admissible evidence of such belief), it can tell the jury about its alleged belief **without** referencing past litigation or the IPR proceedings. As Samsung itself concedes, the "mere fact" of Samsung's alleged good-faith belief (or not) is what is relevant, not the existence of other litigation. And even if the existence of litigation on a defense were somehow relevant, Samsung asserts both invalidity and license defenses in this case, so the jury will understand that Samsung contests both issues without needing to also be informed of collateral litigation and IPRs.

## IV.    Bifurcation Would Be Inefficient

Samsung does not identify any way in which bifurcation would promote efficiency. To the contrary, Samsung does not dispute that bifurcation would result in significant duplication of effort,

4

or that there is overlap in the evidence that would be presented as to liability, the license defense, willfulness, and damages. *See* Opp. at 9-12 (identifying examples of evidentiary overlap). Nor does Samsung dispute that witnesses and experts, including at least both parties' fact witnesses and technical experts, would need to be called multiple times. Samsung ignores these issues in its reply, instead arguing that the legal standards for "objective indicia of obviousness" and willfulness are not identical. Reply at 5. The fact that legal standards are not identical does not mean there is no overlap in the **relevant evidence** as to these issues, and Samsung does not dispute Netlist's explanation that the evidence overlaps. *See* Opp. at 10-11. Further, this is far from the only area of evidentiary overlap. For example, as explained in Netlist's opposition, liability and damages will also involve significant overlapping evidence, as will invalidity and willfulness. Opp. at 11-12.

Samsung assertion's that "there is no inefficiency" in separate phases because the jury could rely on "prior" presentations misses the point, and ignores the complicated logistics of a bifurcated trial. Even if the Parties could in some instances refer back to prior testimony, there would still be a need to call witnesses multiple times in the various phases that Samsung proposes. For example, both sides' technical experts would likely need to testify in every single phase, as would fact witnesses. Further, Samsung assumes the same jury would be hearing every phase, which is no guarantee given Samsung proposes four separate trials that would take much longer than a standard trial week.

V.      **Bifurcation Would Unduly Prejudice Netlist**

Samsung's argument that Netlist has not identified "which witnesses" would need to be called multiple times in a bifurcated trial ignores Netlist's opposition, which specifically identified witnesses (e.g. Netlist's technical expert Dr. Mangione-Smith) who would need to testify in multiple phases. Netlist anticipates fact witnesses, such as its corporate representative, would also need to testify in multiple phases. Samsung likewise does not explain its assertion that introducing extensive evidence of past litigation and IPRs would not be prejudicial. This Court's standing motions *in limine* expressly exclude such evidence on the basis that it is more prejudicial than probative.

| | |
|---|---|
| Dated: February 15, 2024 | Respectfully submitted,<br><br>*/s/ Stephen M. Payne*<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>jsheasby@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>***Attorneys for Plaintiff Netlist, Inc.*** |

### CERTIFICATE OF SERVICE

I hereby certify that, on February 15, 2024, a copy of the foregoing was served to all Samsung counsel of record.

*/s/ Andrew Henderson*

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Andrew Henderson*

6