# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Civil Action No. 2:22-cv-00293-JRG <br> (LEAD CASE) <br><br> **JURY TRIAL DEMANDED** |
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., AND MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Civil Action No. 2:22-cv-00294-JRG <br><br> **JURY TRIAL DEMANDED** |

**MICRON'S REPLY TO NETLIST'S OPPOSITION TO MOTION TO STRIKE EXPERT TESTIMONY OF MR. DAVID KENNEDY**

**TABLE OF CONTENTS**

                                                                                             **Page**

**I.**    **Mr. Kennedy's Opinions Regarding the *Samsung* Jury Verdict Are Unreliable** ............................................................................................................. 1

**II.**    **Mr. Kennedy's Opinion That the [REDACTED] Is Relevant to the Hypothetical Negotiation Is Untethered to the Facts of the Case** ........................ 1

**III.**   **Mr. Kennedy's Opinions Regarding DDR4 LRDIMMs Do Not Apportion Damages** .................................................................................................. 1

**IV.**   **Mr. Kennedy's Opinions Regarding Willfulness and Netlist's February 2015 and April 2015 Slide Decks Have Already Been Found Inadequate** ............................................................................................................. 3

**V.**    **Mr. Kennedy is Not Qualified to Provide Economic Opinions** ................................ 3

**VI.**   **Mr. Kennedy's Economic Opinions Are Untethered to the Facts of this Case** .................................................................................................................... 5

I.  **Mr. Kennedy's Opinions Regarding the *Samsung* Jury Verdict Are Unreliable**

Mr. Kennedy's opinions regarding the *Samsung* litigation jury verdict are unreliable and extremely prejudicial. *See* Dkt. 360 ("Motion") at 3-6. As this Court held in granting Micron's similar motion to strike in *Netlist, Inc., v. Micron Technologies, Inc. et. al.*, No. 2:22-cv-203-JRG (E.D. Tex.) ("Netlist -203"), Ex. 1 at 4, "the subsequent date of the verdict and its lessened reliability due to not being final, cause the risk of unfair prejudice to outweigh the probative value." *Id*. Netlist raises the same rejected arguments here, Dkt. 468 at 1-3, which the Court should reject again. Nor does the existence of different patents in this case mandate a different result. Dkt. 456 at 2 n.1. Rather, this only lowers the *Samsung* verdict's probative value because there is no overlap between the patents at issue here and those at issue in the *Samsung* litigation.

II. **Mr. Kennedy's Opinion That the ▬▬▬▬▬ Is Relevant to the Hypothetical Negotiation Is Untethered to the Facts of the Case**

Mr. Kennedy's opinions regarding the ▬▬▬▬▬ are untethered to the facts of the case because Netlist's expert, Dr. Mangione-Smith, provided no analysis that the patents-in-suit share *any* comparability to ▬▬▬▬▬ patents. Mot. at 6-8. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009). As a result, Mr. Kennedy's opinions lack *any* factual predicate for technical comparability and are unreliable. *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283 (Fed. Cir. 2015). While this Court denied Micron's motion to strike in Netlist -203, Dr. Mangione-Smith's current analysis is more deficient and mandates a different result. Here, Dr. Mangione-Smith does not compare the ▬▬▬▬▬ to *any* of the patents-in-suit. Instead, he simply recycles his Netlist -203 report and opinions despite conceding that the subject matter of the patents in the Netlist -203 litigation is different. Mot. at 7-8.

III. **Mr. Kennedy's Opinions Regarding DDR4 LRDIMMs Do Not Apportion Damages**

Mr. Kennedy has improperly double counted *the same claimed damages* arising from

1

Micron's sales of DDR4 LRDIMMs: once for infringement of the two Patents-in-Suit in this matter, and once again for the technology of two other Netlist patents at issue in Netlist -203. Mot. at 8-10. Despite Netlist's assertions regarding non-infringing alternatives, Opp. at 5, Mr. Kennedy must still "isolate the incremental value that [the Defendant] would ascribe to the patented features, and not more." *Metaswitch Networks Ltd. v. Genband US LLC*, 2016 WL 874737, at *3 (E.D. Tex. Mar. 5, 2016). When comparing Mr. Kennedy's report from this litigation with his report from the -203 litigation, Mr. Kennedy assigns **all** of the value of two features of DDR4 LRDIMM products to the two patents-in-suit—but Mr. Kennedy had already assigned all of the value of those same two features to **two separate** patents in the -203 case.[1] His ultimate conclusions only differ because his, and Dr. Groehn's, analysis begins at an earlier date in this case.

Netlist's reliance on *Intel Corp. v. Tela Innovations, Inc.* is unpersuasive because, unlike here, the expert there made "relative changes in value to [various] measures, such as royalty rate and base …" 2021 WL 1222622, at *33 (N.D. Cal. Feb. 11, 2021). Similarly, the court in *PersonalWeb Techs. LLC v. Int'l Bus. Machines Corp.* determined that the expert considered the "'incremental value' of the [] patent." 2017 WL 3476082, at *1 (N.D. Cal. Aug. 14, 2017). Lastly, *Finjan* made clear that Mr. Kennedy's "assum[ptions] that both [sets of] patents add the full value" of the same feature to DDR4 products "is not possible under patent law." *Finjan, Inc. v. Sophos, Inc.*, 2016 WL 4268659, at *4 (N.D. Cal. Aug. 15, 2016). As a matter of law and logic, Mr. Kennedy cannot properly conclude that two groups of patents each contribute the full value of the same feature to the DDR4 LRDIMMs at issue.

That Netlist is no longer proceeding with the '506 and '339 patents in Netlist -203 supports

---

[1] Mr. Kennedy assigned **all** of the value of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ both to the '912 patent in this case and the '506 patent in the -203 case. Similarly, Mr. Kennedy assigns all of the value of ▓▓▓▓▓▓▓▓ both to the '417 patent in this case, as well as to the '339 patent in the -203 case. Mot. at 9-10.

2

striking Mr. Kennedy's methodology. Mr. Kennedy already assigned 100% of the value of the ▮▮▮▮▮▮▮▮▮▮ for DDR4 products to the technology originally claimed in the '339 and '506 patents asserted in -203; the contribution of that technology must be apportioned out from damages in this case, leaving 0% available if the only benefit of the patents asserted in this litigation is the same benefit claimed in the previous -203 litigation. *Finjan*, 2016 WL 4268659, at *4.

### IV. Mr. Kennedy's Opinions Regarding Willfulness and Netlist's February 2015 and April 2015 Slide Decks Have Already Been Found Inadequate

Netlist fails to mention that this Court granted Micron's similar motion to strike Mr. Kennedy's opinions regarding the February 2015 and April 2015 slide decks in Netlist -203, holding that the "February 2015 and April 2015 Slide Decks are not sufficient for pre-suit damages notice." Ex. 1 at 8. This Court also held that "Mr. Kennedy shall not be permitted to testify to 'Micron's awareness of Netlist's patented technology" in any other context.'" *Id*.  The slide decks are not sufficient for pre-suit damages notice; as this Court previously determined, "the presentations do not attempt to identify infringement in Micron's products but rather provide offers for partnership and incorporation of the patent portfolio through licensing." Ex. 2 at 8. For the same reasons, the Court should strike Mr. Kennedy's opinions regarding Netlist's 2015 slide decks.

### V. Mr. Kennedy is Not Qualified to Provide Economic Opinions

As a Certified Public Accountant (CPA), Mr. Kennedy lacks the credentials to deliver antitrust economic opinions. Mot. at 12. Netlist's response is significant for what it does *not* cite:

- Any case, from any jurisdiction, when a non-economist was permitted to opine on issues of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮;
- Any case when Mr. Kennedy was qualified to opine as an expert on these issues;
- Any economics course Mr. Kennedy has ever taken or taught; and
- Any peer reviewed economic article Mr. Kennedy has ever written.

3

Netlist plainly has not carried its burden to show admissibility. *See* Advisory Committee Note to 2023 Amendment to FRCP 702 ("expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule.").

Courts require specific education and training in economics to opine on economic issues like relevant markets, including a case from this circuit where such opinions (offered by a CPA like Mr. Kennedy) were excluded. *See* Mot. at 12-13; *Boltex M Co., L.P. v. Ulma Piping USA Corp.*, 2019 WL 2716313, at *2 (S.D. Tex. June 28, 2019); *Berlyn, Inc. v. Gazette Newspapers, Inc.*, 214 F. Supp. 2d 530, 537-38 (D. Md. 2002). While Netlist touts Mr. Kennedy's "decades of experience" in ▮▮▮▮ Opp. at 11, industry experience is no substitute for the economics training necessary to opine on these issues. *See* Mot. at 13; *Berlyn*, 214 F. Supp. 2d at 536; *Va. Vermiculite, Ltd. v. W.R. Grace & Co.-Conn*, 98 F. Supp. 2d 729, 732-33 (W.D. Va. 2000); *see also Gulf States Reorganization Group, Inc. v. Nucor Corp.*, 2010 WL 11561917, at *3 (N.D. Ala. Sept. 2, 2010) ("Practical business experience does not qualify someone as an expert in antitrust economics."), *report and recommendation adopted*, 822 F.Supp.2d 1201 (N.D. Ala. 2011).

Netlist argues that if Micron's Ph.D. economist, Dr. Lynde, opines on ▮▮▮▮ ▮▮▮▮, then Mr. Kennedy must be permitted to respond. Opp. at 15. This is not the law. *See, e.g., Kossman Contracting, Co. v. City of Houston*, 2016 WL 11473826 (S.D. Tex. Feb. 17, 2016) (non-economist not qualified to challenge economic analysis), *report and recommendation adopted*, 2016 WL 1104363 (S.D. Tex. Mar. 22, 2016); *In re Titanium Dioxide Antitrust Litigation*, 2013 WL 1855980, at *7 (D. Md. May 1, 2013) ("In regard to the Plaintiff's proffer that [economics law professor] will only provide specific rebuttal testimony, this Court concludes that he is unqualified to do so—the Defendants' experts are economists, [the professor] is not."). Netlist

4

is not deprived of due process; its own Ph.D. economist, Dr. Groehn, offered other opinions in this matter. *See generally* Ex. 3 (Groehn Report). Dr. Groehn's silence on economics speaks volumes.

## VI. Mr. Kennedy's Economic Opinions Are Untethered to the Facts of this Case

The Court should exclude Mr. Kennedy's opinions that are untethered to the facts and claims of the case. Mot. at 13-15. For example, Mr. Kennedy attacks ▮▮▮▮▮ that are not found in the pleadings or Dr. Lynde's expert report. *See id.* at 14. Expert opinions, including Mr. Kennedy's, have been excluded on this very basis. *Apple v. Wi-LAN Inc.*, 25 F.4th 960, 974 (Fed Cir. 2022) ("Mr. Kennedy's methodological and factual errors in analyzing the comparable license agreements render his opinion untethered to the facts of this case."); *see also U.S. v. Apple, Inc.*, 791 F.3d 290, 335 n.24 (2d Cir. 2015) (affirming exclusion of expert testimony that was not scientifically sound); *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000) (expert opinion should have been excluded "because it did not incorporate all aspects of the economic reality of the [relevant] market"). Mr. Kennedy attacks Micron's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but Mr. Kennedy (and Netlist) fail to cite any evidence to support this unfounded critique. This speculation is improper.

Mr. Kennedy also criticizes Dr. Lynde for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but this critique is contrary to the law. Opp. at 14 (quoting Dkt. 360-6 ¶ 53). For tying claims, ***how*** the patent holder acquired market power is irrelevant; what matters is ***whether*** the patent holder has market power. *See, e.g.*, *U.S. v. Paramount Pictures, Inc.*, 334 U.S. 131 (1948). Mr. Kennedy's opinion as to the source of that power is a red herring. *Klo-Zik Co. v. Gen. Motors Corp.*, 677 F. Supp. 499, 504-05 (E.D. Tex. 1987) (patents, high market share, or offering a unique product that competitors cannot all create market power and support a claim of anticompetitive tying).

5

Dated: February 7, 2024                         Respectfully submitted,

                                                   WINSTON & STRAWN LLP

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
Barry K. Shelton
State Bar No. 24055029
BShelton@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P. Enzminger
denzminger@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Aldo A. Badini
State Bar No. (NY) 1934892
State Bar No. (CA) 257086
State Bar No. (DC) 416812
ABadini@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065

Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
**WINSTON & STRAWN LLP**
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Juan C. Yaquian
State Bar No. 24110559
JYaquian@winston.com
**WINSTON & STRAWN LLP**
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill (State Bar No. 24032294)
wh@wsfirm.com
Andrea Fair (State Bar No. 24078488)
andrea@wsfirm.com
Charles Everingham IV (State Bar No. 00787447)
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR PRODUCTS,
INC., MICRON TECHNOLOGY TEXAS, LLC**

7

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 7, 2024, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

/s/ *Michael R. Rueckheim*
Michael R. Rueckheim

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Michael R. Rueckheim*
Michael R. Rueckheim