# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:22-cv-203-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| MICRON TECHNOLOGY, INC. *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT & RECOMMENDATION

Before the Court are two Motions for Summary Judgment filed by Defendants Micron Technology, Inc. *et al.* First is Micron's Motion for Summary Judgment of Noninfringement of U.S. Patent Nos. 8,787,060 and 9,318,160. **Dkt. No. 279**. For the reasons provided in Section III, the Motion should be **DENIED**. Second is Micron's Motion for Summary Judgment of No Pre-Suit Damages. **Dkt. No. 281**. For the reasons provided in Section IV, that the Motion should be **GRANTED-IN-PART**.

### I. BACKGROUND

Netlist's Complaint originally asserted six patents, U.S. Patent Nos. 10,860,506; 10,949,339; 11,016,918; 11,232,054; 8,787,060; and 9,318,160. Dkt. No. 1. Netlist has since dropped the '506 and '339 Patents from this case. *See* Dkt. No. 406 at 108; Dkt. No. 250.

Generally, the Asserted Patents relate to computer memory. U.S. Patents 11,016,918 and 11,232,054, which are related and share a common specification, concern computer memory devices that use different types of memory. '918 Patent at 1:66–2:2; *see also* '054 Patent at 1:66–2:2. U.S. Patents 8,787,060 and 9,318,160, which are related and share a common specification, concern "systems and methods for reducing the load of drivers of memory packages included on memory modules." '060 Patent at 1:19–21; *see also* '160 Patent at 1:21–23.

1

Once an alleged infringer has met its initial burden, the patentee bears the burden of proving it complied with the marking requirement. *Maxwell*, 86 F.3d at 1111; *see also Dunlap*, 152 U.S. at 248. Compliance with § 287 is a question of fact. *Arctic Cat I*, 876 F.3d at 1366. Ceasing "sales of unmarked products [does not] excuse noncompliance with the notice requirement of § 287 such that a patentee may recover damages for the period after sales of unmarked products ceased but before the filing of a suit for infringement." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*").

If the patentee does not make this showing, it cannot recover damages before the date of actual notice. *Arctic Cat I*, 876 F.3d at 1368. "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Arctic Cat II*, 950 F.3d at 864 (citing *Amsted Indus. Inc., v. Buckeye Steel Castings Co.,* 24 F.3d 178, 187 (Fed. Cir. 1994)); *see also Gart v. Logitech, Inc.*, 254 F.3d 1334, 1346 (Fed. Cir. 2001) (citing *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.,* 127 F.3d 1462, 1470 (Fed. Cir. 1997)).

Finally, a notable exception to this rule is that "the notice provisions of section 287 do not apply where the patent is directed to a process or method." *Arctic Cat II*, 950 F.3d at 864 (citation omitted); *see also Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993) (citations omitted); *Crown Packaging*, 559 F.3d at 1317 ("Because Rexam asserted only the method claims of the '839 patent, the marking requirement of 35 U.S.C. § 287(a) does not apply."). "Nor do they apply when a patentee never makes or sells a patented article." *Arctic Cat II*, 950 F.3d at 864 (citation omitted).

### B. Actual Notice

Micron asserts that neither the slide decks provided by Netlist, a February 2015 and April 2015 Slide Deck, nor a license letter provided on April 28, 2021 provided actual notice of infringement for the '918 and '054 patents. Dkt. No. 281 at 12.

First, Netlist responds that the 2015 Slide Decks specifically identified Netlist's invention and contends that the same slide decks provided notice of infringement to Micron. Dkt. No. 294 at 12–14. The Court finds that the slide decks do not effectively identify the activity believed to be an infringement. While the presentations identify the claimed subject matter, upon review, the presentations do not attempt to identify infringement in Micron's products but rather provide offers for partnership and incorporation of the patent portfolio through licensing. *See* Dkt. No. 294-2. Accordingly, the Court finds that the 2015 Slide Decks did not provide actual notice of infringement for the '918 and '054 Patents.

Second, Netlist responds that the April 28, 2021 notice letter provided actual notice. Dkt. No. 294 at 14–15. The Court finds that Netlist has demonstrated evidence by which a reasonable jury could find that actual notice was provided. Unlike the 2015 Slide Decks, the notice letter does provide activity believed to be an infringement and a proposal to abate infringement. *See* Dkt. No. 294-15. Regarding identification of the patents in suit, the letter identifies members of the patent family and provides notice regarding continuation patents. *See K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1378–79 (Fed. Cir. 2012); *Arthrex, Inc. v. Smith & Nephew, Inc.*, 2016 WL 11750176, at *2 (E.D. Tex. 2016).

Accordingly, the Court finds that a fact issue remains regarding actual notice beginning on April 28, 2021.

### C. Constructive Notice

Micron asserts that Netlist cannot show that Netlist or any licensee marked its products with the asserted patents. Dkt. No. 281 at 15–16. Netlist does not contest or provide competing evidence that marking occurred. *See* Dkt. No. 294; Dkt. No. 365. Rather, Netlist contends that Micron's "May 2023 letter" fails the burden of identification under *Arctic Cat*. Dkt. No. 294 at 19–20 (citing *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017)).

The Court finds that Micron has met its burden regarding identification and that evidence of marking has not been provided. Unlike earlier cases, Micron identified the patents and products it believed lacked marking pursuant to § 287. *See* Dkt. No. 281-10; *cf. Arigna Technology Ltd. v. Nissan Motor Co., Ltd.*, 2022 WL 18046695 (E.D. Tex. 2022). Further, Netlist does not contest that the SK Hynix Agreement did not require SK Hynix to mark its products under the license agreement. *See* Dkt. No. 295; Dkt. No. 365; *see also Arctic Cat II*, 950 F.3d 860, 864–66 (Fed. Cir. 2020). Accordingly, Netlist's damages would be limited to when actual notice was provided.

### V. CONCLUSION

The Court recommends that Micron's Motion for Summary Judgment of Noninfringement of U.S. Patent Nos. 8,787,060 and 9,318,160 (Dkt. No. 279) be **DENIED**. The Court further recommends that Micron's Motion for Summary Judgment of No Pre-Suit Damages (Dkt. No. 281) be **GRANTED-IN-PART** precluding pre-suit damages prior to April 28, 2021.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report **by not later than January 16, 2024** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal

conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 11th day of January, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE