IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO, LTD;<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.; SAMSUNG SEMICONDUCTOR INC.,<br><br>    Defendants. | Civil Action No. 2:22-cv-00293-JRG<br>(LEAD CASE)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., MICRON<br>SEMICONDUCTOR PRODUCTS, INC., AND<br>MICRON TECHNOLOGY TEXAS LLC,<br><br>    Defendants. | Civil Action No. 2:22-cv-00294-JRG<br><br>**JURY TRIAL DEMANDED** |

**MICRON'S SUR-REPLY TO NETLIST'S DAUBERT MOTION
AND MOTION TO STRIKE
EXPERT TESTIMONY OF DR. MATTHEW LYNDE**

**TABLE OF CONTENTS**

Page

I. Dr. Lynde's Hypothetical Negotiation Date is Proper. ......................................... 1

II. Dr. Lynde's Comparable License Analysis Is Reliable. ....................................... 2

III. Dr. Lynde Properly Compares the ELM, Goodman, Janus, and Limestone Licenses. ............................................................................................ 3

IV. Dr. Lynde Provides Proper Economic Conclusions. ........................................... 3

V. Opinions that SK Hynix Agreement is "Under a Rand Obligation" are Admissible. .................................................................................................... 4

VI. Dr. Lynde's Report is Not Inadmissible Under Rule 408. ................................... 4

VII. Dr. Lynde's References to NIAs are Admissible. ................................................ 5

VIII. Dr. Lynde's References to JEDEC Contributions are Admissible. ..................... 5

I.  **Dr. Lynde's Hypothetical Negotiation Date is Proper.**

Dr. Lynde's affirmative opinions on the hypothetical negotiation date are proper. Netlist falsely asserts that "none of the dates Dr. Lynde used match up with the undisputed date of first infringement—i.e., […] August 17, 2021 for the '417 Patent." Dkt. 529 at 1. Dr. Lynde's report correctly states that ▮▮▮▮▮ Dr. Lynde clearly uses the proper hypothetical negotiation date for the '417 Patent.

Dr. Lynde's opinions regarding the '912 Patent respond to the information present in Mr. Kennedy's report. Mr. Kennedy's schedules state that the ▮▮▮▮▮. Ex. 2 at Ex. 1A–1B. The date of the first sale is the date of first infringement, so Dr. Lynde's report directly responds to a hypothetical negotiation date offered by Mr. Kennedy. Ex. 1 at ¶¶ 200-203. Further, Mr. Kennedy noted in his opening report, there is ▮▮▮▮▮ and further, a different hypothetical negotiation date would not change his analysis. Ex. 2 at ¶ 728 n.731. Mr. Kennedy then relies nearly exclusively on ▮▮▮▮▮. Ex. 2, ¶¶ 370-372, 693, 728-730.

Netlist's also asserts that Micron "attempts to substitute attorney argument" for Dr. Lynde's affirmative opinions. Dkt. 529 at 1. But Micron relies on Dr. Lynde's report, not attorney argument, to demonstrate that "Dr. Lynde's affirmative opinions are not changed by the hypothetical negotiation date"—just as Mr. Kennedy opined in Netlist's opening report. Opp. at 1. Dr. Lynde only offers affirmative opinions regarding the hypothetical negotiation date in paragraphs 200–203 and paragraph 252. The remaining paragraphs that Netlist moves to strike do not mention or

1

rely on the hypothetical negotiation date. *See* Ex. 1 at ¶¶ 199, 204–251, 253–267. Paragraph 252 states: ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

███████████████ *Id*. ¶ 252. But Dr. Lynde ultimately relies on the technical comparability and commercial comparability between the SK Hynix Agreement and the hypothetical negotiation to conclude that it provides the most probative value for a reasonable royalty. *See id*. at ¶¶ 253–254. Dr. Lynde's conclusion remains unchanged for each offered hypothetical negotiation date. Netlist's criticisms of Dr. Lynde go to the weight of the testimony, which can be probed on cross-examination—not its admissibility. Lastly, Netlist concedes that it "has not moved to exclude Dr. Lynde's rebuttal opinions on this ground." Dkt. 529 at 2. Paragraphs 199, 205, 208, 238, and 248 rebut Mr. Kennedy's opinions. Ex. 1, ¶¶ 199, 205, 208, 238, 248. The Court should not strike these paragraphs.

## II.     Dr. Lynde's Comparable License Analysis Is Reliable.

Netlist fails to address that this Court denied Netlist's identical motion to strike Dr. Lynde's report in the *Netlist, Inc., v. Micron Technologies, Inc. et. al.*, No. 2:22-cv-203-JRG (E.D. Tex.) ("-203 case"). Ex. 3 at 3. Instead, Netlist reiterates identical arguments despite this Court finding that Dr. Lynde did not "assign[] the same value to every patent, nor treat[] each family of patents as equal in value." *Id*. Dr. Lynde relies on the ████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

█████████████████ Ex. 1, ¶ 15, Appendix III. Dr. Lynde also considers the differences in the value of expected cross licenses, the scope of the licensed patents, the geographic scope of the license, the joint development project, the product purchase and resale rights, the number and quantity of patents at issue, and other differences. Ex. 1 at ¶¶ 212-225; *see also Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 874775, at *2 (E.D.

2

Tex. Mar. 7, 2016). Dr. Lynde performs a similar analysis for the other licenses, comparing the technical and commercial comparability of each license before performing this reliable methodology. Ex. 1, ¶¶ 239–232. Thus, this Court should deny Netlist's motion to strike.

### III. Dr. Lynde Properly Compares the ELM, Goodman, Janus, and Limestone Licenses.

First, as this Court found in the -203 case, Dr. Lynde's opinions do not violate the Court's MILs 3 or 11. Ex. 3 at 5. But Netlist has only shown that Micron did not believe it was infringing ELM's patents when it entered into the ELM license. Micron still entered into the license ██████ ████████████████████████████████████████████████ Netlist's theory would preclude all licenses that settle litigation. Thus, the Court should deny Netlist's motion.

### IV. Dr. Lynde Provides Proper Economic Conclusions.

Dr. Lynde engages in a proper economic interpretation of aspects of the SK Hynix Agreement to determine that various provisions add no economic value for either party. The jury will need to determine whether the SK Hynix Agreement is a comparable license, and an understanding of the various economic obligations, or lack thereof, is relevant and necessary to reach that conclusion. *See Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns LLC*, 225 F. Supp. 3d 1233, 1241 (D. Kan. 2016). For example, Netlist's in house counsel opined that ████ ████████████████████████████████████████████████ ████████████████████████████ Dr. Lynde properly applies the economic impact of this fact to his analysis of this comparable license. Ex. 1, ¶ 238. This is an economic, not a legal, opinion. Further, Netlist's motion to strike is overbroad. The majority of the paragraphs that Netlist moves to strike either rebut Mr. Kennedy's opinions or simply discuss the SK Hynix Agreement's provisions. Ex. 1, ¶¶ 129-133, 218. The Court should not strike these paragraphs even if it agrees with Netlist's assertion that Dr. Lynde performs impermissible legal analysis.

3

### V. Opinions that SK Hynix Agreement is "Under a Rand Obligation" are Admissible.

Dr. Lynde's opinions regarding what effect the Hynix license would have on damages if it were "under a RAND obligation" are proper and within the purview of Dr. Lynde's expertise as an economist. The SK Hynix Agreement states that it is ▇▇▇▇▇▇ and Dr. Lynde opines that ▇▇▇▇▇▇ Ex. 1, ¶ 235; Ex. 5 (SK Hynix License) at 7.1, 7.2. Further, Netlist's April 1, 2022 letter to Micron is evidence that Netlist ▇▇▇▇▇▇ Ex. 6 at 1. Thus, the Court should deny Netlist's motion to strike.

### VI. Dr. Lynde's Report is Not Inadmissible Under Rule 408.

Netlist asserts that Dr. Lynde is barred by Rule 408 from relying upon the Netlist offer letters. Netlist is wrong. There is nothing in Rule 408(a)(1) or (2) which precludes Dr. Lynde's opinions. First, 408(a)(1) precludes the use of an "offer[] … "[of] a valuable consideration in compromising or attempting to compromise *the claim*." Fed. R. Evid. 408 (emphasis added). Similarly, 408(a)(2) precludes the use of "conduct or a statement made during compromise negotiations *about the claim.*" *Id*. (emphasis added). And the preclusive effect of both sections is limited to information "to prove or disprove the validity or amount" of the claim at issue. *Id*. Netlist seeks to preclude the letters on the basis that they purportedly relate to the "validity of [Micron's] antitrust claim." Dkt. 529 at 4. But three of the four letters at issue were in 2021 and 2022, long before Micron had ever asserted an antitrust counterclaim, so the letters could not have been "about the" *antitrust* claim" or an offer "to compromise" the *antitrust* claim under Rule 408. And even the final, August 23 letter, says nothing about the validity or amount of any antitrust claim. In any event, Rule 408 does not bar antitrust violations that are inherent in the communications

4

themselves. *See Tdata Inc. v. Aircraft Tech. Publishers*, No. 2:03-CV-264, 2006 WL 1133313, at *2–3 (S.D. Ohio Apr. 26, 2006) (holding settlement communication that was an invitation to engage in illegal price fixing was not inadmissible under Rule 408). Accepting Netlist's broad reading of Rule 408 would insulate all antitrust violations that are accomplished during settlement negotiations; that is neither the law nor good public policy.

**VII.  Dr. Lynde's References to NIAs are Admissible.**

Netlist does not dispute that Dr. Lynde can respond to Mr. Kennedy's opinions regarding non-infringing alternatives. Instead, Netlist asserts that paragraph 245 is Dr. Lynde's affirmative opinion. But Dr. Lynde is allowed to opine on the impact that non-infringing alternatives have on damages because Netlist injected non-infringing alternatives into its own damages analysis for the first time in Mr. Kennedy's opening report. Netlist attempted to strike the paragraph that corresponds to paragraph 245 in Dr. Lynde's -203 report—which similarly did not reference Mr. Kennedy—and this Court denied that motion. *Compare* Ex. 1, ¶ 245 *with* Ex. 7, ¶ 258. Thus, Micron respectfully requests that the Court deny Netlist's motion to strike.

**VIII.  Dr. Lynde's References to JEDEC Contributions are Admissible.**

Even if this Court grants Netlist's essentiality summary judgment motion, the Court should not strike Dr. Lynde's opinions on JEDEC contributions. In contrast to *Genband*, where Dr. Lynde used a "top down" approach, *Genband v. Metaswitch Networks*, 2016 WL 122967, *5 (E.D. Tex. Jan. 9, 2016), Dr. Lynde looks to the industry's relative contributions to the JEDEC standards as a more exacting apportionment methodology than Mr. Kennedy's arbitrary attempt to apportion by the parties' relative ratio of investments in R&D over revenue. Thus, Dr. Lynde's opinions are relevant to rebut Mr. Kennedy's technical apportionment methodology Ex. 2, ¶¶ 147-155, 192-193, 202-204, 544-547, 724.

5

Dated: February 15, 2024

Respectfully submitted,

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P. Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (*pro hac vice*)
RPark@winston.com
Matthew R. McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400

6

Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323


**ATTORNEYS FOR DEFENDANTS MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC**

7

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 15, 2024, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

/s/ *Michael R. Rueckheim*
Michael R. Rueckheim

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Michael R. Rueckheim*
Michael R. Rueckheim

8