# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD. ET AL., <br><br> Defendants. | Case No. 2:22-cv-293-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**MICRON DEFENDANTS' SUR-REPLY TO PLAINTIFF NETLIST'S MOTION FOR SUMMARY JUDGMENT DISMISSING MICRON'S AFFIRMATIVE DEFENSE OF BREACH OF RAND OBLIGATION OR, IN THE ALTERNATIVE, FOR SEVERANCE**

Netlist's summary judgment motion (Dkt. 340 or "Motion") turns on a single issue—whether the Court has supplemental jurisdiction over Micron's breach of RAND defense. Netlist explains in its Motion the crux of its argument:

> The Court cannot adjudicate whether a proposed rate for foreign patents is FRAND compliant. *Id.* ***It can adjudicate such questions with respect to US patents only. To do so, however, there must be evidence demonstrating what portion of Netlist's offers were attributable to the US patents specifically***.

Dkt. 340 at 3-4 (emphasis added). Netlist's entire argument depends on the premise that its offers included foreign patents (despite the offers not citing any foreign patents).

This premise is incorrect, as Micron explained:

> Netlist also mischaracterizes this [April 28, 2021] letter—citing no evidence—as a RAND proposal "international in scope and includ[ing] foreign patents." *Id.* at 3. But the letter explicitly only included U.S. patents—70 U.S. patents—and not a single foreign patent. Netlist fails to address the actual language of the letter.

Dkt. 433 at 4-5 (emphases removed). In desperation, and without any authority, Netlist now tries to shift its argument, arguing that because the letters are worldwide in scope (regardless of whether they include U.S. patents-only) and include non-SEPs, this court lacks jurisdiction to address their RAND compliance.

This argument fails for numerous reasons. First, the April 28, 2021 letter does not state that it is "worldwide" in scope. Dkt. 433-2 (Ex. 1). Notably, Netlist provides no cite for this assertion in its original Motion. Dkt. 340 at Fact No. 2. And even if it did, as Micron explained in its Response, "none of Netlist's authority states that this Court lacks jurisdiction to determine whether a licensing offer for ***U.S. patents only*** is RAND compliant simply because it was a worldwide license. Rather, all Netlist's cited cases involved licensing offers dealing with numerous foreign patents." Dkt. 433 at 6. In Netlist's Reply, it ***failed to address this point or provide any new authority***. And in Netlist's case "directly on point," the offer at issue "include[d] patents from

1

around the world, including China, Europe, and many other jurisdictions." *Optis Wireless Technology, LLC v. Huawei Device USA, Inc.*, 2019 WL 1244707, at *4 (E.D. Tex. Mar. 18, 2019); Dkt. 340 at 4.

Similarly, Netlist also provides no authority for why the Court would lack jurisdiction to address whether an offer including U.S. patents-only was RAND compliant just because some of the patents are non-SEPs. Thus, Netlist's citation to testimony from Mr. Westergard is irrelevant. Whether the offer also included non-SEPs is simply not a jurisdictional issue.

Finally, Netlist argues that because the April 28, 2021 letter identified one PCT application in Exhibit A—despite not including any foreign patents and only 70 U.S. patents—that this court does not have jurisdiction to address RAND-compliance. But the letter repeatedly states on its face that it was intended to be an offer for issued patents, specifically "█████████████████████████████████████████████████████" Dkt. 433-2 (Ex. 1) at 2-3. (emphasis added); Dkt 433 at 4-6. Netlist also cites no authority for the proposition that a Court loses jurisdiction where an offer allegedly includes a foreign application, rather than a foreign patent, especially given an application confers no enforceable rights to an invention.

As it pertains to Netlist's August 23, 2023 and April 1, 2022 offers, Netlist ignores the language of the letters that makes clear that even if the offers include foreign patents, the value attributed to the offers was derived *solely and exclusively* from Netlist's U.S. patents. This is fatal to Netlist's Motion because it means that—regardless of whether the offer covers foreign patents—there is a basis upon which the Court can identify the portion of the offer attributable to US patents, making jurisdiction proper. As Micron states in its Response, the August 23, 2023 letter explains on its face that it was calculated solely based on U.S. patents asserted in U.S. litigation, and Netlist's own expert confirms this. Dkt. 433 at 7-8. The letter explicitly states that the offer does "███████████████████████████████████████████████████████." Dkt. 433-7 (Ex. 6) at 3. And it states that aside from "████████████████████████████

2

███████████████████

███████████████████████████████████████████████████" which includes any foreign litigation such as Netlist's pending action against Micron in Germany. *Id.* at 3-4. These statements therefore provide a basis to understand that the value of the offer is based solely on Netlist's U.S. patents and not any others. Netlist is also wrong that these calculations were only an estimation of Micron's potential liability in district court, and its damages expert states otherwise. Dkt. 433 at 7-8; Dkt. 433-8 (Ex. 7), ¶¶ 691-692 ("████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████").

Further, the April 1, 2022 letter was also calculated based on U.S. patents only. The face of the letter provides thorough detail on how it was calculated, relying exclusively on an article from Gregory Sidak as the "████████████████████████████████." Dkt. 433 at 8-9. The article explicitly states that it was calculated strictly from a "**universe of active U.S. patents** that [Netlist] ha[d] declared to be essential to JEDEC's LRDIMM standards." *Id.*; Dkt. 433-6 (Ex. 5), p. 638. Extrinsic evidence also confirms that Netlist did not disclose a single foreign patent to JEDEC, a point that Netlist did not dispute. Dkt. 433 at 9; Dkt. 433-9 (Ex. 8).

In total, there is an abundance of evidence allowing the Court to identify the portions of Netlist's purported RAND offers that are attributable to the U.S. patents specifically, and several material issues of fact exist. One of these letters also explicitly only includes U.S. patents. The Court should deny Netlist's Motion for the foregoing reasons.

Dated: February 15, 2024                    Respectfully submitted,

/s/ *Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P. Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (*pro hac vice*)
RPark@winston.com
Matthew R. McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400

4

Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323


**ATTORNEYS FOR DEFENDANTS MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC**

5

**CERTIFICATE OF SERVICE**

I certify that, on February 15, 2024, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim
