# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD. ET AL., <br><br> Defendants. | Case No. 2:22-cv-293-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**MICRON DEFENDANTS' SUR-REPLY TO PLAINTIFF NETLIST'S MOTION FOR SUMMARY JUDGMENT ON STANDARD ESSENTIALITY (DKT. 362)**

Netlist relies on two diagrams from the JEDEC standard in its infringement report as evidence of how two particular components (the RCD and the DB) satisfy certain claim limitations in both asserted patents. While Netlist claims there is some import to the fact that these two diagrams are "optional," for one of the three RCD/DB suppliers in this case (███████), Netlist cites to no evidence other than the JEDEC standard in its claim-by-claim analysis. *See e.g.*, Ex. 1 (Mangione-Smith Rpt.) at Ex. A ¶¶ 59-60 (Dr. Mangione-Smith asserting that the Accused Products include ████████████████████████████████████████████████); Ex. B ¶¶ 4-59 (Dr. Mangione-Smith asserting that the claimed "circuit" performing functionality in limitations [16c] – [16h] of the '912 patent is the "RCD" component, ¶ 24, but without citing any evidence from ██████████ throughout the entire '912 infringement analysis), ¶¶ 43-46 (Dr. Mangione-Smith claiming that for limitation [16f] of the '912 patent, the "RCD" performs the claimed functionality without citing any evidence from ██████████); Ex. C ¶¶ 3-243 (Dr. Mangione-Smith asserting that the claimed "circuitry" configured specifically and performing functionality in limitation [1d] of the '417 patent is the "data buffer" component, ¶ 96, with no cites to any ██████████ documents throughout his '417 infringement analysis).[1]

By failing to cite any additional evidence, Netlist is conceding that its own infringement theory is premised on standard essentiality—that infringement by products that comply with the standard can be shown solely through the JEDEC diagrams. Turning to the issue of the diagrams being "optional," Netlist could salvage its infringement analysis by either meeting its burden under *Fujitsu* to prove that those JEDEC diagrams are the only possible structure for a standard compliant product or by demonstrating that designing an actual circuit based on those JEDEC diagrams

---

[1] The only citation to an ██████████ document anywhere in limitation [1d] is in paragraph 119, but that paragraph is only discussing the "latency" requirement of the claim, not the "circuitry" requirement.

1

would always result in infringement. Netlist can do neither, and thus its own infringement contentions either (1) at a minimum, create an issue of fact regarding essentiality; or (2) in fact, mean that Netlist has failed to prove infringement, as explained in Micron's Motion for Summary Judgment of Non-Infringement (Dkt. 345). The Court should therefore grant summary judgment of non-infringement. But if the Court denies Micron's non-infringement motion, then it must also deny Netlist's Motion for Summary Judgment on Standard Essentiality.

Netlist tries to avoid the glaring problems with its positions in a number of misplaced ways. For example, Netlist makes sweeping statements in its Reply—without support—that Micron's non-infringement motion "is irrelevant" and that Micron's Response to Netlist's Motion (Dkt. 448 or "Response") is "an improper attempt to evade the Court's summary judgment page limits as well as the deadline for affirmative summary judgment motions." Dkt. 530 at 4-5. Nowhere does Netlist address the core of Micron's argument, that Netlist's reliance on optional logic diagrams in its infringement analysis requires a finding that the Asserted Patents are standard essential. Micron's non-infringement Motion is directly on point here, and Micron's Response highlights the tensions in Netlist's positions. Netlist also tries to hide behind this Court's decision in *Netlist, Inc. v. Samsung Elec. Co., Ltd. et al.*, No. 2:21-cv-463 (E.D. Tex.) ("Samsung I Litigation") and *Netlist, Inc. v. Micron Technology, Inc. et al.*, 2:22-cv-203-JRG (E.D. Tex.) ("Micron I Litigation"), claiming that Samsung and Micron made the same arguments in those cases as here. But this is not true at all. There, Netlist cited documents ▬▬▬▬▬▬▬▬▬ in its infringement analysis, and the Court ruled that it was not relying on the standard.[2] Here, by contrast, Netlist cites no

---

[2] Micron disputes the Court granting Netlist's motion for summary judgment on standard essentiality in the Micron I Litigation, and disputes that simply citing datasheets in an infringement analysis is sufficient to escape a judgment of standard essentiality, especially where the datasheets simply parrot the standards.

evidence from ▮▮▮▮▮ in its infringement analysis, relying exclusively on the standard, which presents a different situation from the Micron I Litigation.

The Court should reject Netlist's failure to analyze infringing components (RCDs and DBs) for all third-party suppliers, and find that its reliance on standard-compliance creates an issue of fact regarding essentiality or that Netlist has failed to prove infringement. In Micron's Response, Micron identified limitations in the Asserted Patents that require specific internal circuitry—namely, limitations [16.f] and [16.i] in the '912 patent and limitation [1.d] from the '417 patent. Dkt. 448 at 5. Micron noted that Dr. Mangione-Smith "contends that the Accused Products include registering clock drivers ("RCDs") and data buffers ["DBs"] with this specific required circuitry." *Id*. Micron noted that it is undisputed that "Micron ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." *Id*. at 13. Micron noted that despite there being ▮▮▮▮▮▮▮▮▮▮, "Dr. Mangione-Smith did not analyze ▮▮▮▮▮▮▮▮▮▮ RCDs and data buffers for the claimed circuitry elements of the '912 patent" and "did not analyze ▮▮▮▮▮▮▮▮▮▮▮▮ for the claimed circuitry elements of the '417 patent." *Id*. Micron noted that "Dr. Mangione-Smith justifies this decision with a conclusory statement that he understands all DDR4 RCDs and DDR4 data buffers used in Micron's Accused Products to 'have the same or substantially the same structure, operation, and function in all material aspects[,]'" and how Dr. Mangione-Smith's "purported understanding relates only to the fact that these components are standard compliant." *Id*. Netlist did not address this identified issue. Dr. Mangione-Smith's failure to analyze all third-party infringing components, despite relying on admittedly optional JEDEC logic diagrams for infringement, significantly undermines Netlist's Motion.

Further, the Court should reject Netlist's *exclusive* reliance on two JEDEC logic diagrams to show the internal circuitry of the Accused Products' **RCDs and DB components**, and to show that

3

these specific components include the claimed circuitry elements—e.g., limitations [16.f] and [16.i] in the '912 patent and limitation [1.d] from the '417 patent. Netlist's Reply attempts to misdirect focus by claiming Dr. Mangione-Smith analyzed "the *circuitry of Micron's accused products*," but Netlist does not rely on the circuit for *Micron's product* to meet the relevant limitations and instead only relies on the third-party *RCDs and DBs*' internal circuitry, not shown in the larger circuit. Netlist's Reply does not identify additional evidence of the relevant RCD or DB from manufacturer ▮▮▮▮ other than the JEDEC diagrams.

Netlist's exclusive reliance on these JEDEC logic diagrams for the ▮▮▮▮ RCD and DB components is fatal to its request for summary judgment because it would only be proper to rely solely on the JEDEC diagrams if (1) they are essential; or (2) Netlist has evidence that these logic diagrams are the only possible structure for a standard compliant product, or that designing an actual circuit based on these logic diagrams would always result in infringement. Dkt. 448 at 11. The Reply's silence on the second prong confirms that Netlist's infringement allegations are based on a theory of standard essentiality.

Netlist's Reply also makes incorrect statements and mischaracterizations. For example, Netlist falsely claims that Micron does not "identify any analysis in the record showing that each element of the claims is required by the standard." Dkt. 530 at 1. Not true. As Micron explained in its Response, Dr. Stone incorporated both Netlist infringement contentions and Dr. Mangione-Smith's infringement analysis from his opening report into his rebuttal report that offer a claim-by-claim analysis mapping all claims to the JEDEC standards. Dkt. 448 at 15-16; Dkt. 448-8 (Ex. 7 – Infringement Contentions); Dkt. 448-7 (Ex. 6 – Stone Rpt.) at ¶¶ 400-401. Netlist asserts in its Reply that these infringement contentions and Dr. Mangione-Smith's analysis do not "map" each claim element to the standard, but rather show that Micron's products "comply" with the standard. Dkt. 530 at 2. But this position does not make sense. The Local Patent Rules require that a plaintiff's

infringement contentions include "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality[.]" E.D. Tex. Local Patent Rule 3-1(c). Instead of charting the Accused Products, Netlist *exclusively* charted the JEDEC standards for the '912 contentions, and for the '417 contentions charted the JEDEC standards adding Micron documents only for standard-compliant features. This is certainly evidence that the elements are standard essential under Netlist's theory.

Netlist also mischaracterizes Micron's position as an "if infringed, then essential" argument. Dkt. 530 at 3. Not true. Micron's argument does not depend on whether the evidence meets the claim language (infringement), but on whether Netlist has identified any evidence besides the standard for the relevant RCD and DB manufacturers, and it has not.

As explained in Micron's non-infringement motion, the Court should grant summary judgment of non-infringement. But if it denies that motion, it should likewise deny Netlist's motion for summary judgment on essentiality because Netlist's infringement theory depends on essentiality by relying exclusively on JEDEC diagrams for one of the three RCD and DB components.

Dated: February 15, 2024

Respectfully submitted,

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P. Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543

5

Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (*pro hac vice*)
RPark@winston.com
Matthew R. McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC., MICRON
SEMICONDUCTOR PRODUCTS, INC.,
MICRON TECHNOLOGY TEXAS, LLC**

7

**CERTIFICATE OF SERVICE**

I certify that, on February 15, 2024, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim