UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD. ET AL.<br><br>Defendants. | Case No. 2:22-cv-293-JRG (Lead Case)<br><br>JURY TRIAL DEMANDED |
| NETLIST, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC,<br><br>Defendants. | Case No. 2:22-cv-294-JRG<br><br>JURY TRIAL DEMANDED |

**MICRON DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE GILLINGHAM (DKT. NO. 368)**

The Court should strike the portions of the Gillingham report identified in Micron's motion.

**I.     The Court should Strike Untimely Produced and Previously Redacted Paragraphs ¶¶ 38, 70, 76-79, 85, 90, 110, 112-113, 124, 126-127, 135 and footnotes 16, 43, 79, 91, 98, 110**

Netlist does not contest that the report it served on Micron, on the deadline for expert reports, with all of these paragraphs redacted in their entirety. Netlist also does not contest that it only served unredacted paragraphs weeks later in the middle of the Gillingham deposition. Netlist

1

did not timely disclose these paragraphs to Micron and they should be struck with respect to Netlist's case against Micron.

Netlist's arguments to the contrary are misplaced. Netlist first asks the Court to excuse its untimely disclosure because the Protective Order includes a "no cross-reference" provision. Dkt. No. 442 at 2-3. This argument ignores, however, that the Discovery Order required Netlist to produce all relevant documents to Micron within Netlist's possession, custody and control. Dkt. No. 56. To the extent that Netlist had control of confidential Samsung information, Netlist was required to produce that information to Micron during the discovery period. The Protective Order includes a provision where Netlist could have sought Samsung's written permission for the disclosure. Dkt. No. 60 at ¶ 12. These redacted paragraphs are either (i) not relevant or (ii) untimely produced – either way, they should be struck.

Netlist's next argument appears to be that Micron suffered no prejudice because Mr. Halbert "had access to the full report without any redaction immediately." Dkt. No. 442 at 3. Not so. Mr. Halbert was not engaged to review Mr. Gillingham's report and provide a rebuttal. Nor did Mr. Halbert attend the Gillingham deposition. Netlist cannot credibly dispute the highly unfair prejudice to Micron that resulted from only receiving the unredacted report during the middle of the relevant deposition.

Netlist's argument that "neither Micron, nor Samsung, sought written permission from the other to see an unredacted version of Mr. Gillingham's report" is similarly misplaced. Micron did not know what material specifically was redacted, or that Netlist believed that material was relevant to its case against Micron. Indeed, even during his deposition, Mr. Gillingham was testified

2



Ex. 1 (Gillingham Jan. 11, 2024 Dep. Tr.) at 22:6-23:4.  Netlist's attempt to shift the blame to Micron for Netlist's untimely disclosure is highly inappropriate.

Netlist's argument that the material should not be struck because it is "responsive" to Mr. Halbert's joint Samsung/Micron report is a red herring.  If the redacted material was responsive, Netlist should have served unredacted version of the report on Micron or at least let Micron know that Netlist is seeking permission from a producing party to produce an unredacted version. Being allegedly responsive is no excuse for hiding information—it is a reason for Netlist to have sought to disclose the information or at a minimum, disclosed that material relevant to its case against Micron had been redacted.  Furthermore, for most of these paragraphs, Netlist provides no real attempt to show "responsiveness" and instead, simply alleges that the paragraphs "support Mr. Gillingham's opinion" or "provide additional evidence."  *See* Dkt. No. 442 at 3-4.

Finally, Netlist's argument that granting "Micron's motion will allow Mr. Halbert to rely on the materials for both Samsung and Micron without any confidentiality restriction but deprive Netlist's expert the same" (Dkt. No. 442 at 4) is flawed.  Mr. Halbert did not provide a rebuttal report to Mr. Gillingham's report and will not rely upon the redacted materials at a *Netlist v Micron* trial.  Netlist suffers no prejudice here.

## II. The Court Should Strike the Portions of Mr. Gillingham's Report That Deal Solely With the Samsung Co-Defendants

Netlist provides no valid reason why the paragraphs that deal solely with Samsung should not be struck. Netlist's only argument is that "the paragraphs [Micron] seeks to strike are responsive to Mr. Halbert's opinion on behalf of both Micron and Samsung." Dkt. No. 442 at 5. This argument ignores that Netlist's trials against Micron and Samsung will not be consolidated and there is no valid reason to conflate Samsung issues into Netlist's case against Micron. With regards to Netlist's specific arguments for these sections:

- Paragraph 151: Netlist argues that the testimony from a deposition taken in a Samsung IPR where Micron was not a party or otherwise present should be allowed as a non-hearsay "inconsistent statement." Dkt. No. 442 at 5. Not so. First, Netlist has not identified any statement to which the specific IPR testimony (regarding "distribut[ing] ***a pending committee ballot***" or "***whole documents***" to non-JEDEC entities) is somehow inconsistent. Second, to the extent that Netlist believed Mr. Halbert made an inconsistent statement, Netlist can attempt to impeach Mr. Halbert during deposition or at trial when Micron has the opportunity to cross examine as required by the hearsay exclusion. FRE 801.[1]

- Paragraphs 37, 39, 48-50, 52, 54, 97-98, 107, 125-126: Each of these paragraphs quote hearsay deposition testimony from proceedings where Micron was not present and had no opportunity to respond. Netlist's arguments for inclusion are misplaced. Experts are "permitted to disclose hearsay for the limited purpose of explaining the basis for his expert opinion," but not allowed to offer it "as general proof of the truth of the underlying matter." *Fox v. Taylor Diving &*

---

[1] For this paragraph, Micron is only seeking to exclude reference to the Samsung IPR testimony (*see* Dkt. No. 368 at 3) and is not seeking to exclude reference to testimony at the September 30, 2023 deposition between the parties.

4

*Salvage Co.*, 694 F.2 1349, 1356 (5th Cir. 1983).  Here, Mr. Gillingham is not explaining the basis for his expert opinion, he is improperly introducing large swaths of deposition testimony from proceedings where Micron was not present as alleged proof of the truth of the underlying matter.  For example, in many of these paragraphs, Mr. Gillingham merely quotes testimony and states that Mr. Gillingham "agrees" with the witness' assessment" (¶¶ 37, 39, 125-127) or otherwise quotes the hearsay for non-expert analysis regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Netlist's argument that "Micron's own experts relied on" the testimony at issue is flawed.  Netlist was present and able to cross examine each of the relevant witnesses in the other Netlist proceedings, Micron was not.

- Paragraphs 59-60: these paragraphs refer exclusively to Samsung's activities in JEDEC and alleged information Mr. Gillingham received "from counsel" about "Samsung's patent litigations against Netlist." There is no relevance to Micron in these paragraphs.

- Paragraphs 84-116: Netlist admits that these paragraphs relate to "Samsung's Standards/Equitable Estoppel Defense" and "Micron did not raise an identical equitable defense." Dkt. No. 442 at 10-11.  There is no relationship to issues present in the Micron case.  Micron is not asserting a standards/estoppel defense (*see* Dkt. No. 443) and the paragraphs should be struck.

### III. The Court Should Strike the Portions of Mr. Gillingham's Report That Parrot Documents/Testimony Without Expert Analysis

Netlist failed to explain how these paragraphs provide anything more than parroting documents or witness testimony without providing any expert analysis or opinion. These paragraphs should be struck.  For example, many of these paragraphs simply quote Netlist documents and witness testimony regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  *See, e.g.,* ¶¶ 44-46 and 67.  Mr. Gillingham admitted during deposition that he is merely repeating his "understanding of Netlist's position" and is relying solely on "notes of

5

Mr. Scott Milton" (Netlist fact witness) "prepared for [Mr. Milton's] deposition." Ex. 1 at 46:9-52:8. There is no expert analysis provided here, indeed Mr. Gillingham is only quoting these documents to speculate on non-expert factual issues such as why ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The rest of the paragraphs in these sections similarly quote witness testimony or documents in order to speculate as to factual matters without including any expert analysis. Mr. Gillingham has no expertise in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ For at least the reasons set forth in Micron's opening brief and herein these paragraphs should be struck.


Dated: February 7, 2024                    Respectfully submitted,

                                              */s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (*pro hac vice*)
RPark@winston.com
Matthew R. McCullough

6

MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323


**ATTORNEYS FOR DEFENDANTS MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC**

**CERTIFICATE OF SERVICE**

I certify that, on February 7, 2024, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim
