**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SAMSUNG ELECTRONICS CO., LTD, ET )<br>AL., )<br>)<br>Defendants. )<br>)<br>) | Case No. 2:22-cv-293-JRG (Lead Case)<br><br>JURY TRIAL DEMANDED |
| NETLIST, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICRON TECHNOLOGY, INC.; MICRON )<br>SEMICONDUCTOR PRODUCTS, INC.; )<br>MICRON TECHNOLOGY TEXAS LLC, )<br>)<br>Defendants. )<br>) | Case No. 2:22-cv-294-JRG (Member Case)<br><br>JURY TRIAL DEMANDED |

**MICRON DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO STRIKE
EXPERT REPORT OF DR. MANGIONE-SMITH (DKT. NO. 369)**

**TABLE OF CONTENTS**

I. ARGUMENTS ................................................................................................................. 1

    A. Dr. Mangione-Smith's Infringement Theory Based on Maximum Power Saving Mode Was Not Disclosed in Netlist's Infringement Contentions ........................... 1

    B. Dr. Mangione-Smith's Comparability Opinions Should Be Stricken .................... 2

    C. Dr. Mangione-Smith's CAS Latency Infringement Theories Do Not Apply the Court's Claim Constructions .................................................................................. 3

II. CONCLUSION ................................................................................................................ 5

## TABLE OF AUTHORITIES

                                                                                                                                     **Page(s)**

**Other Authorities**

Fed. R. Evid. 702 .................................................................................................................2

## LIST OF EXHIBITS

| Ex. No. | Description |
| --- | --- |
| A | Opening Expert Report of Dr. Mangione-Smith |
| B | Exhibit B to Opening Expert Report of Dr. Mangione-Smith |
| C | Exhibit C to Opening Expert Report of Dr. Mangione-Smith |
| D | Exhibit E to Opening Expert Report of Dr. Mangione-Smith |
| E | Nov. 17, 2022 Netlist's Preliminary Infringement Contentions |
| F | Exhibit A-1 to Netlist's Preliminary Infringement Contentions |
| G | JESD79-4C Specification |
| H | Redline Comparison of Dr. Mangione-Smith's Comparability Opinion |
| I | Supplemental Expert Report of Dr. Mangione-Smith |
| J | IDT DDR4 Data Buffer 3200 Power Efficiency Model Datasheet |
| K | Redacted/public version of Netlist's Infringement Contention from *Netlist, Inc. v. Micron Technology, Inc.*, 22-cv-203 (E.D. Tex.) |

## I.   ARGUMENTS

### A.   Dr. Mangione-Smith's Infringement Theory Based on Maximum Power Saving Mode Was Not Disclosed in Netlist's Infringement Contentions

Micron seeks to strike Dr. Mangione-Smith's opinions based on the Maximum Power Saving Mode *as an independent infringement theory*.  Dkt. No. 369 at 3.  Netlist claims that it "specifically identified MPSM [Maximum Power Saving Mode] in its contentions for both the identified elements."  Dkt. No. 452 at 1.  Not so.



Netlist's only supposed support is the annotated diagram from the JEDEC specifications from pages 27 and 34 of its Infringement Contentions (Dkt. No. 369-7), which is reproduced above. Dkt. No. 452 at 1-2.

---

[1]   Highlighting in original.  Red and green colors have been added.

1

████████████ Thus, there is no basis for Netlist's argument that it disclosed the Maximum Power Saving Mode (MPSM) █ ████████████████████████████████████ ████████████

Netlist argues that Micron was not prejudiced merely because its technical expert Dr. Stone provided rebuttal opinions. This is also incorrect. Because Netlist did not disclose ████ ████ MPSM as an infringement theory in its contentions, Micron and its experts had mere weeks to respond to Netlist's new theory, without the benefit of conducting a reasonable discovery investigation, including whether or how frequently this feature is used by Micron's customers.

### B. Dr. Mangione-Smith's Comparability Opinions Should Be Stricken

Dr. Mangione-Smith's opinions regarding the ████ agreement provides no analysis that the patents-in-suit share *any* comparability to that agreement's patents. While this Court denied Micron's motion to strike in the 22-cv-203 case, Dr. Mangione-Smith's current analysis is more deficient and mandates a different result. *See* Dkt. No. 369 at 5-7. Here, Dr. Mangione-Smith does not compare the ████ Agreement to *any* of the patents-in-suit. Netlist underrepresents Dr. Mangione-Smith's two reports as "*similar*," when they are, for all intents and purposes, *identical.* Congress amended Fed. R. Evid. 702 in December 2023 to clarify that critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of admissibility and not weight. Fed. R. Evid. 702 advisory committee's note to 2023 amendment. For the reasons outlined in Micron's Motion, Netlist has not demonstrated that it is more likely than not that Dr. Mangione-Smith's "opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. By simply copying his 22-cv-203 report, Dr. Mangione-Smith's opinions reflect an alleged application of his principles and methods *to the*

*facts of the 22-cv-203 case.*[2] Thus, the Court should exclude Dr. Mangione-Smith's opinions on the ▮▮▮▮▮ Agreement.

### C. Dr. Mangione-Smith's CAS Latency Infringement Theories Do Not Apply the Court's Claim Constructions

Netlist attempts to disguise Dr. Mangione-Smith's failure to apply the Court's claim constructions to the accused products as a factual disagreement between the parties' experts. Dkt. No. 452 at 9. This is simply not true. Dr. Mangione-Smith does not apply the Court's claim constructions for the CAS latency terms, and those opinions should be struck.

Micron explained how Dr. Mangione-Smith's opinions for the "actual operational CAS latency" and "overall CAS latency" terms do not identify the time when a command is executed by the memory device/memory module or the time when data is made available to or from the memory device/memory module, respectively, as required by the Court's claim constructions. Dkt. No. 369 at 10-11. Netlist failed to rebut this argument.

For example, the Court's construction of "overall CAS latency" refers to "the delay between (1) the time when a command is executed by the memory module, and (2) the time when data is made available *to or from the memory module*." Dkt. No. 228 (Markman Order) at 36. The "to or from" language refers to the Court's characterization of the dispute of "whether 'CAS latency' refers *only* to 'read' commands (Micron's position), or also to 'write' commands (Netlist's position)." *Id.* at 32. For write commands, a host computer provides data *to the memory module* to be written into memory devices on the module. For read commands, data is read in the memory devices and provided *from the memory module* to a host computer.

---

[2] Dr. Mangione-Smith's opinions regarding other licenses also appear to have copied his 22-cv-203 report, opining on on-module power management and voltage regulators, which were the alleged subject matter of the '054 and '918 patents that are asserted in the 22-cv-203 case. Thus, the Court should strike these other license opinions as well because they reflect an alleged application of principles and methods *to the facts of (and patents asserted in) the 22-cv-203 case.*

3

Dr. Mangione-Smith does not provide opinions as to the relevant times in the CAS latency terms. Instead, Dr. Mangione-Smith examines when data is made available from *a data buffer*— a discrete component alleged on the accused products. *See* Dkt. No. 452 at 14-15. Indeed, Dr. Mangione Smith provided the following figure that illustrates this timing difference:

Dkt. No. 452-8, ¶ 84. As shown, the timing of when data is made available to or from the memory module is different than the timing of when data is made available to or from the data buffer. Data is made "available to" the "DIMM connector" (memory module) ▮ when data is received from a host computer at the DIMM connector in response to a write command. Data is made "available from" the DIMM connector (in response to a read command) ▮ when data leaves the memory module on its route to the host computer. The data buffer, in contrast, receives data from the DIMM connector (in response to a write command) and transmits data to a DIMM connector (in response to a read command) at a different time▮

Another problem with Dr. Mangione-Smith's opinions is that they would be inconsistent with the Court's claim construction even if the Court had construed the term as "the delay between (1) the time when a command is executed *by the ~~memory module~~ data buffer*, and (2) the time when data is made available *to or from the ~~memory module~~ data buffer*." Under that construction—which the Court did not make—data would be made available to a data buffer (in response to a write command), or from a data buffer (in response to a read command), ▮ as explained in the previous paragraph. Dr. Mangione-Smith, however, improperly looks at different times in his analysis: "the point at which the data buffer provides the read data *to the*

*memory bus memory controller*" (for read commands) and "the point at which the data is provided by the data buffer *to the memory devices*" (for write commands). Dkt. No. 452 at 15 (emphases added). To illustrate the difference with reference to the figure copied on the previous page, Dr. Mangione-Smith is pointing to ▮▮▮ for read commands (when data is being *provided from the buffer* to the host computer's memory bus) and sometime ▮▮▮▮▮▮ for write commands (when data is being *provided from the buffer* to the SDRAM memory devices). This opinion is inconsistent with the Court's construction which requires identifying the single time when data is made available *to a* memory module from a host computer (in response to a write command) and when data is made available *from a* memory module to a host (in response to a read command).

Netlist cannot save Dr. Mangione-Smith's opinions by arguing "whether one picks an earlier starting point doesn't impact infringement." *Id*. at 13. To the contrary, and as discussed above, Dr. Mangione-Smith did not provide opinions as to when data is made available at the module level—he looked to the data buffer. Further, the Court's "overall CAS latency" construction expressly requires identifying a specific starting point: when data is made available to or from the memory module. Dr. Mangione-Smith's comparison using different starting points does not speak to the construed claims' scope and should be struck.

Netlist's attempts to obfuscate the issue by referring to certain equations ▮▮▮▮▮ ▮▮▮▮▮▮▮▮ are inapposite. Dkt. No. 452 at 13-14. As Netlist admits, these are parameters "associated with the memory devices" (*id.* at 14), not the memory module referred to in the Court's construction of "overall CAS latency."

For the reasons discussed above, Dr. Mangione-Smith's infringement opinions do not apply the Court's CAS latency constructions and should be struck as unreliable.

## II.     CONCLUSION

For the foregoing reasons, Micron respectfully requests the Court to grant Micron's Motion.

5

Dated: February 7, 2024                          Respectfully submitted,

By: */s/ Mike Rueckheim*
Thomas M. Melsheimer (State Bar No. 13922550)
TMelsheimer@winston.com
Natalie Arbaugh (State Bar No. 24033378)
NArbaugh@winston.com
Barry K. Shelton (State Bar No. 24055029)
BShelton@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Michael R. Rueckheim (State Bar No. 24081129)
MRueckheim@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*Pro Hac Vice*. State Bar No. 1500598)
MHopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036-3506
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Juan C. Yaquian (*Pro Hac Vice*. State Bar No. 24110559)
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002-2925
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill (State Bar No. 24032294)
wh@wsfirm.com
Andrea Fair (State Bar No. 24078488)

6

███████████████

andrea@wsfirm.com
Charles Everingham IV (State Bar No. 00787447)
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC*

**CERTIFICATE OF SERVICE**

I certify that, on February 7, 2024, a copy of the foregoing was served on all counsel of record via the Court's ECF system.

*/s/ Mike Rueckheim*
Mike Rueckheim

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Mike Rueckheim*
Mike Rueckheim
