# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD.; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ██████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-294-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; | ) | |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NETLIST, INC.'S SUR-REPLY TO MICRON'S *DAUBERT* MOTION AND MOTION TO STRIKE EXPERT TESTIMONY OF PETER GILLINGHAM (DKT. 368)

**A.    Mr. Gillingham's Report Was Properly Disclosed to Micron**

Micron demanded that Netlist produce the unredacted version of Mr. Gillingham's report so that Micron could depose Mr. Gillingham on it, and did in fact depose Mr. Gillingham on his redacted report.  Micron thus retains the opportunity to cross-examine and attempt to impeach Mr. Gillingham on the unredacted portions of his report and his deposition testimony regarding those portions of his report.  To resolve this motion, Netlist agrees that Mr. Gillingham will not present any opinions in the previously-redacted portions of his report if Micron commits that those portions, and deposition testimony regarding those portions, cannot be used at trial for any purpose.  If Micron will not so agree, then Micron's motion should be denied for the reasons set out in the Opposition.  Dkt. 442.

**B.    Mr. Gillingham Discussed Samsung and Its Relevant JEDEC Activities in Response to Mr. Halbert's Opinion on Behalf of Both Samsung and Micron**

**Paragraph 151.**  Micron argues that there is no inconsistent statement.  Not so.  In his report,

███████████████████████████████████████████████████

Ex. 1 ███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████  As Mr. Gillingham points out, Mr. Halbert testified the exact opposite in his deposition, stating under oath that it was ████████████████████████████████████████████████

████████████████████████  Ex. 2 (unredacted rebuttal report of Gillingham) ¶ 151.  Mr. Halbert's deposition is publicly available information, and Micron cites no authority suggesting that Mr. Gillingham should not be allowed to rely on publicly available information such as this.

Micron states that it "is not seeking to exclude reference to testimony at the September 30, 2023 deposition between the parties."  Reply at 4.  But Mr. Halbert's IPR testimony was re-elicited at the September 30, 2023 deposition.  Ex. 5 at 30:16-31:2; 31:12-22 ████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████.'"). Thus, by Micron's own admission, this testimony is

properly in this case and should not be stricken. To be clear, Micron does not dispute that it could

have re-directed Mr. Halbert on this testimony at his -203 deposition and chose not to. Thus there is

no prejudice here.

Paragraphs 37, 39, 48-50, 52, 54, 97-98, 107, 125-126. Micron does not dispute that it

demanded production of materials, including deposition transcripts, from the *Samsung I* matter because

it believed those materials were relevant to this case. Micron's position is that Micron should be

entitled to rely upon those materials, but neither Netlist nor its experts can do so, but cites no authority

supporting such an imbalanced position.

In fact, this appears to be strategic gamesmanship on the part of Micron. Micron noticed the

deposition of Netlist's employee Mario Martinez, and also demanded his prior deposition transcripts.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████. In other words, Micron

had the opportunity to cross-examine Mr. Martinez regarding his testimony, but affirmatively chose

not to take it. That Micron now believes Mr. Martinez's testimony is harmful to Micron's case does

not warrant exclusion.

Micron also now claims, for the first time on reply, that these paragraphs do not provide expert

opinions but "merely quote[] testimony." Reply at 5. This argument is waived for not having been

raised in Micron's original motion, and is also not compelling. *Intell. Ventures II LLC v. Sprint Spectrum,*

*L.P.*, 2019 WL 2959568 (E.D. Tex. Apr. 18, 2019) ("It is black-letter law that arguments raised for the

first time in a reply brief are waived 'as a matter of litigation fairness and procedure.'") (citing *Novosteel*

*SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1273 (Fed. Cir. 2002)).  For example, in paragraph 39 Mr. Gillingham is expressing his opinion that ███████████████████████████████ █████████████████████████████████████████████" based on his own experience and the facts produced during discovery in this case.  As another example, in paragraphs 48-50, Mr. Gillingham rebuts Mr. Halbert's improper opinion that ████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ███████████████████████████████████████ Ex. 1 (Halbert Rpt.) ¶ 57.  Mr. Gillingham opines that, based on his experience with JEDEC and the facts of this case, ████████████████████████████████████████████████████████████████████ ██████████████████████████████ Ex. 2 ¶ 48.

**Paragraphs 59-60.**  Micron claims these paragraphs have "no relevance to Micron," but they directly support Mr. Gillingham's opinion in paragraph 58 that ████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████. It also directly rebuts ██████████████████████████████████████████████████████ ████████████████████████████████.

**Paragraphs 84-116.**  If Micron makes no reference █████████████████████████████ ███████████████, then Mr. Gillingham will not rely on the opinions in these paragraphs at trial.  For example, if Micron opens the door to JEDEC patent policy regarding disclosure, Netlist's disclosure activities, and the like, Mr. Gillingham should be allowed to respond.

### C.    Mr. Gillingham Provided Expert Analysis in Light of the Facts Discussed in His Report (¶¶ 44-46; 67; 37, 39, 48-50, 52, 54, 97-98, 107, 125-126; 151)

Micron's expert Mr. Halbert speculates regarding ███████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████. Mr. Gillingham's report analyzes the relevant

facts of this case to rebut those opinions.

Micron argues that many paragraphs of Gillingham's report quote documents and witness testimony without presenting an opinion. This is not correct. Mr. Gillingham provides his opinions, and then analyzes relevant facts. There is no rule that every single paragraph needs to have an opinion within it—rather, each piece of evidence that Mr. Gillingham analyzes can be tied back to one of his opinions. For example, as explained above, Mr. Gillingham opines based on his JEDEC experience that ███████████████████████████████████████████████████████████████

███████████████████████████████████████████████.

As another example, Mr. Gillingham opines that ███████████████████████████████

███████████████████████████████████████████████████████████

Ex. 2 ¶ 67 ████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████. Mr. Gillingham confirmed the same during his deposition. Ex. 3 (2024-01-11 Gillingham Tr.) at 66:2-10 ████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████ This is the "add[ed] expert analysis" that "help[s] the trier of fact to understand the evidence." *USAA v. Wells Fargo Bank, N.A.*, 2019 WL 6896674, at *2 (E.D. Tex. Dec. 18, 2019).

Dated: February 15, 2024

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter

Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on February 15, 2024, a copy of the foregoing was served to all Micron

counsel of record.

*/s/ Andrew Henderson*
Andrew Henderson

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be

filed under seal pursuant to the Protective Order entered in this Case.

_/s/  Andrew Henderson_
Andrew Henderson