**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ███████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-294-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; | ) | |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**NETLIST, INC.'S SUR-REPLY IN OPPOSITION TO MICRON'S
MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES
(DKT. 367)**

Micron does not dispute that Netlist repeatedly identified the Asserted Patents to Micron and notified Micron that they covered the LRDIMM products accused in this case. Micron merely argues about how these notices should be interpreted and what inferences should be drawn from them. As this Court held in *Micron I* in denying-in-part Micron's similar motion for summary judgment, these are fact questions for the jury. The Court should therefore deny Micron's motion that pre-suit damages are not available before April 28, 2021, for the '912 Patent and April 28, 2022, for the '417 Patent.

I. **ARGUMENT**

A. **Netlist Provided Actual Notice of the '912 Patent to Micron**

Micron does not dispute in its reply that Netlist notified Micron of the '912 Patent on at least four occasions prior to April 28, 2021, specifically: █████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████

Micron's reply abandons its argument that there is insufficient evidence the above disclosures occurred, and does not dispute the evidence discussed in Netlist's opposition that these presentations were given to Micron. Instead, Micron pivots to a new argument that the communications are purportedly insufficient because they do not contain "a specific charge of infringement by a specific accused product or device." Reply at 2. As an initial matter, Micron misstates the legal standard for

actual notice. In *SRI Int'l, Inc. v. Advanced Tech. Lab'ys., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997) the Federal Circuit explained "there are numerous possible variations in form and content, the purpose of the actual notice requirement is met when the recipient is notified, with sufficient specificity, that the patent holder believes that the recipient of the notice may be an infringer." *Id.* This Court has subsequently recognized that, in view of *SRI*, "a direct charge of infringement [is] not required." *Mass. Inst. Of Tech. v. Abacus Software, Inc.*, 2004 WL 5268125, at *3 (E.D. Tex. Sept. 29, 2004); *see also Image Processing Techs., LLC v. Samsung Elecs. Co.*, 2020 WL 6832827, at *3 (E.D. Tex. Jun. 19, 2020) (rejecting argument notice was insufficient because it "does not even use the word 'infringe' or 'infringement'").

In any event, Netlist did make an express charge of infringement. ████████████ ██████████████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████. Dkt. 440-2 at 12 (███████████████████████ 63 (███████████████). Micron argues that this comment was addressing DDR3 and not DDR4. Reply at 4. Micron is wrong. The slide is discussing ██████████████████████████████████████████████████████████████. And even assuming *arguendo* Micron was correct that these slide were about DDR3 (and this is merely Micron's interpretation), DDR4 is the next generation of DDR3. The Federal Circuit holds that actual notice may extend to "other models and related products." *Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010); *see also K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1378 (Fed. Cir. 2012) (notice as to "MP container" product extended to next generation "XP container" product). Whether a notice extends to subsequent products is "a fact issue for the jury to decide." *Acticon Techs. LLC v. Creative Labs Inc.*, 2012 WL 708059, at *2 (E.D. Tex. Mar. 5, 2012); *see also MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 2019 WL 4963253, at *10 (N.D. Cal. Oct. 8, 2019) (holding notice as to group of products could apply to "subsequently released products" and that this was "a question of fact for the jury to decide"). So too here, any dispute about the scope of products covered by the notice is a

fact issue for the jury to resolve.

Micron also argues that Netlist's February 2015 and April 2015 presentations do not meet the requirements for actual notice because they allegedly do not provide a specific charge of infringement. Once again, there is no such legal requirement. And once again, Micron is wrong that ███████████████ ███████████████████████████████████████████████████████████t. For example, the ███████████████████████████████████████████████████████████████ ████████████████████ Dkt. 440-6 at 15. The presentation further notified Micron ██████████ ██████████████████████████ (e.g. *id.* at 3) and proposed that ████████████████████████████ ████████ *Id.* at 35 (image at right)

The April 2015 presentation likewise notified Micron of ██████████████████████ ██████████████████████████. Dkt. 440-8 at 17 (███ ████████ ███████ ████████ ████ ██████ █ ████████████████████ ████████████████████). Netlist charged on the same slide that ██████████████████████████████████████████████████████████ *Id.* (image at right). Netlist again notified Micron in the April presentation that the '912 Patent ███████████████████ ████████████████████████████████████████████████████████. *Id.* at 23, 59, 60.

Both the Federal Circuit and this Court have found that similar communications – i.e., identification of the patent, the product it covers (here LRDIMM), and an invitation to license – create a fact dispute on actual notice. For example, in *Gart*, the Federal Circuit reversed the district court's

entry of summary judgment and held there was a triable issue on actual notice where the patentee sent a letter identifying the asserted patent (the '165 patent) and made "specific reference to Logitech's selling of the TRACKMAN VISTA, and noted that Logitech 'may wish to have [its] patent counsel examine the ... patent ... to determine whether a non-exclusive license under the patent is needed.'" *Gart v. Logitech*, 254 F.3d 1334, 1346 (Fed. Cir. 2001). The Federal Circuit held that "from an objective standpoint, the clear inference from the 1995 letter's reference to specific claims of the patent, a specific product, and the suggestion that a license under the patent may be needed is that Gart believed the TRACKMAN VISTA infringed claims 7 and 8 of the '165 patent. Moreover, it would be rare indeed for a letter such as the 1995 letter not to be considered by its recipient as more than a 'mere' invitation to determine for itself whether there was infringement." *Id.*

Similarly, in *Image Processing*, the patentee's letter identified the asserted patents and certain Samsung digital camera features, and then stated "we believe that Samsung might be interested in licensing the Image Processing portfolio." 2020 WL 6832827, at *2. The letter also noted that patentee "had been in litigation with" a third party and that party "had decided to take a license." *Id.* This Court held the letter created a triable issue on actual notice even though it did not explicitly allege infringement, explaining that the offer of a license reasonably suggested infringement because "The whole point of offering a license is to insulate a licensee from infringement charges by the licensor." *Id.* at *5. The Court also noted that the fact the letter mentioned past litigation further suggested an allegation of infringement. *Id.* ("a reasonable jury could find that IPT provided actual notice to Samsung by informing Samsung of the '293 Patent and of IPT's litigation and settlement with Canon regarding the same"). So too here, Netlist's presentations informed Micron of ███████████████

███████████████████████████████████████████████

███████. Just as in *Image Processing*, a reasonable jury could conclude in this case that Netlist provided actual notice based on these presentations.

Micron's argument that the presentations should not be interpreted to allege infringement because they also refer to a ████████████████ does not eliminate the factual dispute. The fact Netlist also proposed a broader partnership does not eliminate the fact it expressly identified the patents as covering Micron's LRDIMM products and proposed Micron pay a royalty on those products. Further, questions about how to interpret a notice and what inferences should be drawn from it are jury questions, not issues that can be adjudicated in Micron's favor at summary judgment.

Micron also argues that in *Micron I* the Court held the 2015 presentations could not convey actual notice. The Court made no such holding as to the '912 Patent, which was not at issue in that case. Further, there is a material difference in this case that compels a different conclusion. In Micron I, the ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████. Micron does not grapple with these differences or even mention them.

Finally, Micron argues that Netlist's JEDEC disclosures of the '912 Patent should be disregarded because they purportedly related to DDR3 and not DDR4. The meeting at which ████████

████████████████████████████████████████████████████

████████████. Dkt. 440-21 at 5-7, 12 (████████████). And as discussed above, DDR4 is the next generation of DDR3, and whether a notice extends to subsequent generations of products is a fact question for the jury to resolve.

### B.    Netlist Provided Actual Notice of the '417 Patent to Micron

Netlist's April 28, 2021 letter to Micron charged that "████████████████████████████

████████████████████████████████████████████ Dkt. 440-16 at 2. The letter defined "████████████████████████████████████████████

████████████████████████████████████████████████████████ *Id.* (emphasis added).

██████████████████████████████████████████████████████████████

███████████████, all of which the '417 Patent claims priority to on its face. Dkt. 440-18 at Related Application Data. Micron acknowledges that it received this letter.

Micron argues that the 2021 letter did not provide actual notice of the '417 Patent because the '417 Patent had not yet issued at the time of the letter. Reply at 5-6. Micron made the exact same argument, as to the exact same letter, in the *Micron I* case, and this Court rejected it. Micron fails to even mention, much less engage with, the Court's prior ruling.

In *Micron I*, Netlist asserts the '918 and '054 Patents. While those patents (just like the '417 Patent here) had not yet issued at the time of the April 28, 2021 letter, █████████████████████ ████████████████████. Micron filed a summary judgment motion on pre-suit damages arguing – exactly as it argues here – that the 2021 letter was not effective notice for the '918/'054 Patents because ████████████████████████████████ and that notice of the parent patents was insufficient. Micron I Dkt. 322 at 3. This Court rejected Micron's argument and denied summary judgment, holding that "[t]he Court finds that Netlist has demonstrated evidence by which a reasonable jury could find that actual notice was provided" by the "April 28, 2021 notice letter," because "[r]egarding identification of the patents in suit, the letter identifies members of the patent family and provides notice regarding continuation patents." Dkt. 440-32 at 8; *see also* Ex. 34 (*Micron I* Dkt. 479) (order adopting Report and Recommendation). The same ruling should apply here.

Micron's argument that the Federal Circuit requires identification of the specific patent number is incorrect. Micron cites no authority imposing such a requirement. To the contrary, as discussed in Netlist's opposition, the Federal Circuit and this Court hold that notice of a parent patent may include notice of a continuation patent. *See K-TEC*, 696 F.3d at 1378-79 (affirming denial of

summary judgment on actual notice where patentee "provided notice that the MP container infringed various claims of the [asserted] patent's parent patent in March 2005" because this "resulted in Vita–Mix having actual notice of the [asserted] patent . . . when the patent issued"); *Arthrex, Inc. v. Smith & Nephew*, 2016 WL 11750176, *2, *3 (E.D. Tex. Nov. 29, 2016) (holding "notice of infringement of a parent patent can expand to include notice of infringement a continuation patent. The Federal Circuit has acknowledged that an accused infringer's actual notice of a parent patent is relevant to the § 287(a) inquiry" and denying summary judgment because "[a] reasonable juror could conclude that the scope of notice provided by the Standstill Agreement expanded to include notice of infringement of the [continuation] patent after [it] issued"); Netlist Opp. at 17-18 (discussing case law in detail).

Micron's attempt to distinguish these cases is unavailing. Micron does not dispute *K-Tec* held notice of a parent patent was relevant to actual notice, it merely argues *K-Tec* involved additional evidence as well. And contrary to Micron's contention, Netlist's 2021 notice is virtually identical to the standstill agreement in *Arthrex* that listed parent patents and stated the notice also applied "to later-arising continuation patents." 2016 WL 11750176, at *2. So too, here, ███████████ ████████████████████████████████████████████████████████ ███████. Micron's cited case of *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021) is not on point. There, the only pre-suit communication between the parties was nondisclosure agreements that arguably pertained to underlying technology related to the patents, but that themselves made no mention of patents, infringement, or the like. *Id.* at 1360-1361.

Further, Micron does not engage with the fact that ████████████████ ████████████████████████████████████████████████████████ ████████████. For example, Netlist's February 2015 presentation to Micron identified ██████████████████████████████████. Dkt. 440-6 at 15. Netlist's April 2015 presentation again identified ███████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████ Dkt. 440-8 at 22-23. Netlist also specifically presented the ████████████

██████████████████████████████████████████. *Id.* at 27. Both presentations

proposed Micron take a license. Netlist also disclosed the '417 Patent to Micron numerous times

through JEDEC disclosures. This evidence further confirms there is a genuine dispute of fact.

### C.    Micron Did Not Meet its Burden Under *Arctic Cat*

With respect to constructive notice, Micron does not dispute that its May 2023 letter did not

assert that any of the listed Netlist and SK Hynix products practice the Asserted Patents, and in fact

stated the opposite, claiming Micron ████████████████████████████████████████

████████████████ Dkt. 367-18. This does not meet Micron's burden under *Arctic Cat* to identify

products that the alleged infringer believes practice the patent. *See Arigna Tech. Ltd. v. Nissan Motor Co.,*

*Ltd.,* 2022 WL 18046695, at *4 (E.D. Tex. Sep. 20, 2022) (letter "does not articulate the requisite belief

that the DNMWR008 module or the chip incorporated therein practices the '318 Patent. In fact, it

articulates Toyota's belief as to the opposite . . . This does not notify Arigna of any defendants' intent

to challenge the marking status . . . [or] adherence with § 287.").

## II.    CONCLUSION

For the foregoing reasons, Netlist respectfully requests Micron's motion be denied.

Dated: February 15, 2024                    Respectfully submitted,

                                            */s/ Stephen M. Payne*
                                            _____

                                            Samuel F. Baxter
                                            Texas State Bar No. 01938000
                                            sbaxter@mckoolsmith.com
                                            Jennifer L. Truelove
                                            Texas State Bar No. 24012906
                                            jtruelove@mckoolsmith.com
                                            **MCKOOL SMITH, P.C.**

104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 15, 2024, a copy of the foregoing was served to all counsel of record.

*/s/Michael W. Tezyan*
Michael W. Tezyan

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/Michael W. Tezyan*
Michael W. Tezyan