UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**NETLIST INC.'S SUR-REPLY IN OPPOSITION TO MICRON'S MOTION TO STRIKE EXPERT REPORT OF DR. MANGIONE-SMITH (DKT. 369)**

**TABLE OF CONTENTS**

**Page**

I.    Dr. Mangione-Smith's Opinion that Maximum Power Savings Mode (MPSM) Infringes Claim 16 Was Disclosed in Netlist's Infringement Contentions................................1

II.   Dr. Mangione-Smith's Comparability Opinions are Proper .........................................................1

III.  Dr. Mangione-Smith's Infringement Theories Regarding the "CAS latency" Terms are Consistent with the Court's Construction................................................................2

    A.    "Actual Operational CAS Latency" ................................................................2

    B.    "Overall CAS Latency"....................................................................................2

**I.     Dr. Mangione-Smith's Opinion that Maximum Power Savings Mode (MPSM) Infringes Claim 16 Was Disclosed in Netlist's Infringement Contentions**

Micron contends that because Netlist also disclosed that it was accusing a ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮. Dkt. 527 at 1-2. But Micron's argument is a tacit admission that Netlist's contentions do properly ▮▮▮▮▮. The contentions also explain, immediately above the figure, how the DDR4 DIMMs meet the limitation ▮▮▮▮▮. Dkt. 369-07 (Ex. F) at 33. Similarly, ▮▮▮▮▮. Dkt. 369-03 (Mangione-Smith Ex. B), ¶ 55.

Micron claims that had it understood that "▮▮▮▮▮." Dkt. 527 at 2. The Court should view this assertion with a jaundiced eye. Micron does not dispute that it understood that ▮▮▮ was accused, and its reply concedes that ▮▮▮▮▮. Dkt. 527 at 1-2. But Micron did not conduct any discovery into its customers' use of either of these accused modes, and its reply fails to identify any specific customers it would have sought discovery from for the allegedly undisclosed ▮▮▮▮▮. The reality is that Micron has suffered no prejudice.

**II.    Dr. Mangione-Smith's Comparability Opinions are Proper**

Micron claims that Netlist "underrepresents" Dr. Mangione-Smith's opinions, but it is Micron that overlooks that his comparability analysis is expressly tied to the patents-in-suit. As Netlist pointed out in its opposition, Dr. Mangione-Smith opines that ▮▮▮▮▮" Dkt. 369-05 (Mangione-Smith Opening, Ex. E) ¶ 155; Dkt. 452 at 5. Notably, Micron has abandoned its criticism

- 1 -

that Dr. Mangione-Smith "cherry-picked" the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. 452 at 4. Micron argues in a footnote that Dr. Mangione-Smith's opinions that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Dkt. 527 at 3 n.2, but again, Netlist's opposition pointed out that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, Dkt. 452 at 6-7; Dkt. 369-05 (Mangione-Smith Opening, Ex. E) ¶¶ 5, 7, 16, 27, 37, 47, 53, 63, 69, 76, 97, 108, 121, 130, 141 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### III. Dr. Mangione-Smith's Infringement Theories Regarding the "CAS latency" Terms are Consistent with the Court's Construction

#### A. "Actual Operational CAS Latency"

Micron initially argued in its motion that Dr. Mangione-Smith's report had not identified the time when a command is "executed" by the memory devices in the Court's construction of "actual operational CAS latency." Dkt. 369 at 9-10. Netlist's opposition pointed out that was false; Dr. Mangione-Smith's report ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. 452 at 9-12 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Micron's reply does not respond to these arguments, conceding that Dr. Mangione-Smith properly applied the Court's construction of "actual operational latency." *See* Dkt. 527 at 3-5.

#### B. "Overall CAS Latency"

Micron's reply only addresses Dr. Mangione-Smith's analysis of the "overall CAS latency term," raising a number of incorrect arguments that mischaracterize Dr. Mangione-Smith's analysis.

As an initial matter, Micron's criticism that Netlist's opposition failed to point to a time when a command is "executed by the memory module" is not true. Dkt. 527 at 3. For example, Netlist's opposition pointed to Paragraph 78 of Dr. Mangione-Smith's supplemental report, which says "▮

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ Dkt. 452 at 12 (reproducing ¶ 78).

Netlist's opposition also pointed out that ████████████████████████████

██████████████████████████████████████████████████████████████████████

████. Dkt. 452 at 13 n. 4 (citing Opening Ex. C., ¶ 113).

Rather than address the datasheets, deposition testimony and other pertinent evidence that Netlist cited from Dr. Mangione-Smith's opening and supplemental reports on infringement, Micron's reply cites to an ████████████████████████████████████. *See* Dkt. 527 at 14 (citing to Dkt. 452-8, ¶ 84). First, Micron did not move to strike this analysis from Dr. Mangione-Smith's rebuttal report, conceding that it is consistent with the Court's claim construction order. *See* Dkt. 369 at 9-12. Second, the paragraph from Dr. Mangione-Smith's rebuttal report that Micron cites is rebutting Dr. Stone's written description arguments, and does not contain any opinions on infringement. Dkt. 369-10 (Ex. I), ¶¶ 83-84 (████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Micron fails to explain how this is relevant to Dr. Mangione-Smith's infringement analysis; in fact Micron's reply does not cite to a single paragraph of Dr. Mangione-Smith's opening or supplemental reports on infringement. Dkt. 527 at 3-5.

Micron argues that Dr. Mangione-Smith did not provide opinions about "when data is made available at the module level." Dkt. 527 at 4-5. The Court's construction of "overall CAS latency" requires identification of "the time when data is made available to or from the memory module." Dkt. 228 at 36. As Netlist pointed out in its opposition, Dr. Mangione-Smith explains that ████████

██████████████████████████████████████████████████████████████████████

████████████████ Dkt. 452 at 14-15. For a read operation, Netlist explained that data is made available

at ███████████████████████████████████████████████████████████████." *Id.* at 15. Micron responds that Dr. Mangione-Smith's analysis is improper because it replaces ████████████████████████████████████ Dkt. 527 at 4-5. Dr. Mangione-Smith's opinion ████████████████████████████████████████████ ███████████████████████████████ is consistent with the portions of the specification the Court relied on in rejecting Micron's claim construction arguments. *See* Dkt. 228 at 33 ("Data transfers between the memory controller and the memory module are **registered for one additional clock cycle by the circuit 40**. The additional clock cycle is added to the transfer time budget with an incremental overall CAS latency. This extra cycle of time advantageously provides sufficient time budget to add **a buffer** which electrically isolates the ranks of memory devices 30 from the memory controller 20. . . . **The buffer adds a one-clock cycle time delay, which is equivalent to a registered DIMM**, to accomplish the address decoding. The one-cycle time delay provides sufficient time for read and write data transfers to provide the functions of the data path multiplexer/demultiplexer.") (quoting '215 at 20:22-47); *see also* '417 at 22:36-61; Dkt. 228 at 33 (quoting '417 at 42:63). Micron's response consists entirely of attorney argument, and does not cite to the intrinsic evidence. Dkt. at 4-5. Micron's disagreement with Dr. Mangione-Smith's application of the Court's construction is not a basis for exclusion.

Micron also argues that if the Court had construed "overall CAS latency" to replace "memory module" with "data buffer" that Dr. Mangione-Smith's analysis would still be wrong. Dkt. 527 at 4 (arguing Dr. Mangione-Smith would still be wrong if the Court had construed the term as "the delay between (1) the time when a command is executed by the ~~memory module~~ ***data buffer***, and (2) the time when data is made available to or from the ~~memory module~~ ***data buffer***."). This is a strawman. Dr. Mangione-Smith applied the Court's construction, not Micron's made-up construction. *See* Dkt. 452 at 12.

Micron characterizes the detailed analysis and equations presented in Netlist's opposition as "inapposite," but the only explanation Micron provides is that ███████████████████████ ███████████████████████████████████████. Dkt. 527 at 5. Not so.



███████████ Dr. Mangione-Smith cites this testimony parts of his supplemental report that Micron concedes are proper. Dkt. 369-10 (Ex. I) ¶ 26; Dkt. 369 (not moving to strike ¶ 26).

Dated: February 15, 2024

Respectfully submitted,

/s/ *Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)

yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on February 15, 2024, a copy of the foregoing was served to all counsel of record.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby