UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**NETLIST INC.'S SUR-REPLY IN OPPOSITION TO MICRON'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NOS. 7,619,912 AND 11,093,417 (DKT. 345)**

**TABLE OF CONTENTS**

**Page**

I.   Netlist Has Shown How Each Accused Product Implements the Claimed Functionality ....1

II.  Micron's New Claim Construction Position Is Unsupported ......................................................2

III. Micron's Complaints About "Logic Diagrams" Have No Merit ...............................................5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*C-Cation Techs,m LLC v. Time Warner Cable, Inc.*,
    2015 WL 1849014 (E.D. Tex. Apr. 20, 2015) ................................................................... 4

*Hewlett Packard Co. v. Bausch & Lomb Inc.*,
    909 F.2d 1464 (Fed. Cir. 1990) ................................................................................... 2, 4

*Microprocessor Enhancement Corp. v. Texas Instruments Inc.*,
    520 F.3d at 1371 (Fed. Cir. 2014) ................................................................................. 4

*Roche Prod., Inc. v. Bolar Pharm. Co.*,
    733 F.2d 858 (Fed. Cir. 1984) ....................................................................................... 3

*UltimatePointer, L.L.C. v. Nintendo Co.*,
    816 F.3d 816 (Fed. Cir. 2016) ....................................................................................... 4

I.  **Netlist Has Shown How Each Accused Product Implements the Claimed Functionality**

Micron's reply continues to ignore that Netlist is not relying on standard-essentiality to prove infringement.[1] Rather, as explained in Netlist's opposition, ███████████████████ ███████████████████████████████████████████████████████ ███████████████████████ Dr. Mangione-Smith's analysis, and the evidence cited in support, is sufficient to create a triable issue of fact regarding infringement.

Micron focuses primarily on its argument that some of the accused features are "optional" in the DDR4 standards, and suggests that *Fujitsu* requires some heightened infringement proof. *See* Dkt. 524 at 1. But whether the features are required or optional in the standard is irrelevant, because ███ ███████████████████████████████████████████████████████ ███████████████████████████████████████████ *See* Dkt. 445 at 3-5. Micron's only response, provided in a footnote of its reply, is that the technical documentation should be ignored because it uses diagrams copied from the DDR4 standard to describe the products. *See* Dkt. 524 at 1 n.1. These criticisms at best go to the weight of the evidence rather than demonstrating an absence of genuine disputed of fact. ███████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████ The fact that the vendors chose to, in some cases, repurpose diagrams from JEDEC standards to describe the component does not discredit them; if anything, the

---

[1] This should be evident from the fact that Netlist has moved for summary judgment that the asserted claims are not standard-essential. *See* Dkt. 362.

inclusion of those logic diagrams in the product datasheets only further confirms that the actual circuitry in the Micron memory modules <u>does</u> implement the logic described in the JEDEC materials (even if, as Micron argues, the standard may not require them to do so). Micron also ignores the other evidence, including testimony from Micron's own witnesses, identified in Netlist's opposition as supporting Dr. Mangione-Smith's opinion that the accused products do, in fact, satisfy the requirements of the asserted claims. For example, the Micron product datasheet referenced in Micron's opening brief indicates that ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████ █ ██████ █ █████ █ ██████ *Hewlett Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1468 (Fed. Cir. 1990) ("[A]pparatus claims cover what a device is, not what a device does.").

## II. Micron's New Claim Construction Position Is Unsupported

Unable to demonstrate that the accused memory modules lack a "circuit" implementing the claimed "logic element," Micron now argues that the claims somehow require the "entire accused dual-rank memory module and computer system" to perform some function. *See* Dkt. 524 at 2-3. Micron's argument has no support in the claims or specification.

The claim at issue here is directed to a "memory module" comprising a "circuit" having "a logic element and a register" and implementing certain specified logic, e.g., "receiving a set of input signals from the computer system," "generating a set of output signals in response to a command

signal," and so on. *See* Dkt. 445-2, cl. 16. Contrary to Micron's assertion, the claim does not require the "computer system" to do anything; the claim preamble (which provides the antecedent basis for "the computer system") clearly indicates that the "computer system" is a separate system to which the claimed memory module is "connectable," and the specification confirms this by repeatedly describing how the novel memory module is "connectable to a computer system (**not shown [in the figures]**)" and comprising a "printed circuit board [that] is **mountable** in a module slot of the computer system." *See* Dkt. 445-2, at 5:5-9, 6:4-5, 9:32-38, and Title ("Memory Module Decoder"). Micron identifies nothing in the claims or specification suggesting that the claim, which specifically recites "a memory module," is actually only infringed by a computer system that has a memory module installed and is being operated by a user in a specific way.

Micron's arguments in reply do nothing to demonstrate an absence of disputed fact regarding whether the RCD in its accused memory modules is a "circuit" containing a "logic element and register" (e.g., the **registering** clock driver, or RCD), or whether the RCD's circuitry implements the logic recited in claim 16. At best, Micron argues that computer systems do not make use of "Encoded QuadCS" mode when dual-rank DIMMs are installed. But "use" is not required to infringe apparatus claims. *Roche Prod., Inc. v. Bolar Pharm. Co.*, 733 F.2d 858, 861 (Fed. Cir. 1984) ("It is beyond argument that performance of only one of the three enumerated activities [make, use, or sell] is patent infringement."). As explained by Dr. Mangione-Smith, ███████████████████████████████████████████████████████████████████████████████████████████████. Indeed, at least on summary judgment Micron does not even dispute that the quad-rank modules, which contain the same circuitry, infringe the claim.

Micron's attempts to distinguish the numerous on-point Federal Circuit cases also fail. Contrary to Micron's assertion, *HP* involved claim language much like the language of claim 16,

- 3 -

reciting a system for "forming images on a web" comprising, among other things, "at least one powered drive wheel **contacting the web**," with "at least one drive and idler wheels **having** a rough surface," and "**repeatedly mating with** the rough surface of the drive wheel as the web is driven back and forth." *See* 909 F.2d 1464, at 1466-67. The issue in that case was a comparison of this claim to prior art, which lacked the recited components but operated in the same way as the claimed system—a fact the Federal Circuit found irrelevant because "apparatus claims cover what a device is, not what a device does." *See id.* at 1468. Conversely, in the context of infringement, the question is whether the accused device has the elements recited in the apparatus claim (here, a "circuit" having specified logic) not how that device may or may not be used by a customer.

*Microprocessor* and *UltimatePointer* are equally instructive here, as they concern how the Federal Circuit interprets claims drawn to apparatuses that must implement specific logic. The defendants in those cases, like Micron, argued that the claims required the accused products to be used in a certain way, and the Federal Circuit disagreed. *See UltimatePointer, L.L.C. v. Nintendo Co.*, 816 F.3d 816, 827 (Fed. Cir. 2016), *Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367, 1374-75 (Fed. Cir. 2008). While those defendants presented their arguments as an indefiniteness defense rather than a non-infringement defense, the claim interpretation issue addressed by the Federal Circuit is the same. Micron's citation to *C-Cation Techs,* asserting that this Court has warned against "overstat[ing] the holding of *Microprocessor*," does not suggest differently. The party in *C-Cation* was relying on a different holding of *Microprocessor*, regarding method claim 1, and using it to argue that claim preambles always end at the first appearance of "comprising" (and thus everything after is a binding claim limitation). *See* 2015 WL 1849014, at *5-*6. That has nothing to do with the Federal Circuit's discussion of apparatus claim 7 in *Microprocessor*, which is what is relevant here. *See* 520 F.3d at 1371, 1375.

Micron also fails to demonstrate an absence of disputed fact regarding certain ▮▮▮▮

██████████████████████████████████████████████████████████████████████████

████ *See* Dkt. 445 at 5 (citing Dkt. 445-5, ¶¶ 40-41). Micron's criticisms of Dr. Mangione-Smith's opinions—in addition to being raised for the first time in Micron's reply brief—go to the weight of the evidence, rather than demonstrating entitlement to summary judgment. Nor is its assertion that Dr. Mangione-Smith failed to address all claim limitations accurate; ████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

████████████████████████████

### III. Micron's Complaints About "Logic Diagrams" Have No Merit

Micron does not dispute that the product datasheets for the RCD circuits that Micron admittedly incorporates into its accused memory modules describe the functionality of that circuitry using logic diagrams; instead, it argues that the diagrams should be ignored because the vendors copied those diagrams from JEDEC specifications where that functionality is optional. *See* Dkt. 524 at 5-6. Micron's argument makes no sense; the product datasheets describe the functionality of the product, and whether or not the vendor chose to craft its own diagrams from scratch or re-purpose existing diagrams from JEDEC materials to illustrate the functionality of its own product is of no moment. Since, as discussed above, Micron does not dispute that those product datasheets accurately describe the RCD circuitry or that all of the Micron accused memory modules incorporate the same or substantially similar RCD circuitry, this evidence indicates that the accused products do, in fact, contain the illustrated functionality. Whether or not they were required to do so to comply with the standard is simply irrelevant.

Micron also simply ignores the numerous other documents relied on by Dr. Mangione-Smith, including ████ ███████ ████ ████████ ███████ █████████ ████████ █████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████ *See* Dkt. 445 at 4-5. The self-serving testimony of Micron's witness and a third-party witness that ████████████████████████████████

████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████ does not entitle Micron to summary judgment of non-infringement in view of the other, conflicting evidence.

Similarly, Micron's complaints that logic diagrams lack sufficient detail to demonstrate infringement can at best demonstrate a difference of opinions between Dr. Mangione-Smith and Micron's expert, Dr. Stone that should be weighed by the jury at trial. Dr. Mangione-Smith explains

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████ To the extent that Dr. Stone has a different opinion regarding how the circuit elements are connected in the accused products and whether those connections satisfy the requirements of the asserted claims, that is a factual dispute for the jury to evaluate at trial when assessing infringement.

Dated: February 15, 2024                    Respectfully submitted,

                                            */s/ Jason G. Sheasby*

                                            Samuel F. Baxter
                                            Texas State Bar No. 01938000
                                            sbaxter@mckoolsmith.com

Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 15, 2024, a copy of the foregoing was served to all counsel of record.

*/s/ Jason Sheasby*
Jason Sheasby

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby