# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br>(Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**NETLIST, INC.'S SUR-REPLY REGARDING MICRON'S *DAUBERT* MOTION AND MOTION TO STRIKE EXPERT TESTIMONY OF DAVID KENNEDY (DKT. 360)**

I. **Mr. Kennedy's Discussion of the Samsung Litigation Verdict Is Relevant and Proper**

Micron does not dispute that the patents at issue in *Samsung I* are technically comparable to the patents in this case. As such, Micron's argument that the implied rates are less "probative" is simply wrong. *Sprint Commc'ns Co. v. Time Warner Cable, Inc.*, 760 Fed. App'x. 977, 981 (Fed. Cir. 2019) (admitting verdict as evidence of damages "to the extent that it informs Sprint's executive concerning what [they] might expect as a reasonable royalty" even where patents at issue were not identical to those at issue in prior verdict). Nor does Micron dispute that the risk of prejudice is lower in this case given that the patents are different from those at issue in the prior verdict, or explain why any such prejudice could not be mitigated (e.g., by limiting the manner in which the information is presented so it does not specifically refer to the verdict).

II. **Mr. Kennedy's Opinions Regarding The Rambus License Agreement Are Proper**

Micron's argument that Dr. Mangione-Smith "does not compare the Rambus Agreement to any of the patents-in-suit" continues to blatantly ignore his opinions. As Netlist explained in its Opposition, Dr. Mangione-Smith opined ███████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████  ████████████

████████████████████████ Micron's disagreement with Dr. Mangione-Smith's opinion is not a basis for exclusion; it should be addressed on cross-examination. The Court should deny Micron's motion, just as it did in *Micron I*. *Netlist, Inc. v. Micron Technologies, Inc. et. al.,* No. 2:22-cv-203-JRG (*Micron I*), Dkt. 468 at 5.

III. **Mr. Kennedy's DDR4 LRDIMM Opinion Does Not "Double Count"**

Micron's argument that Mr. Kennedy "double counted" damages for the DDR4 LRDIMMs does not engage with the facts as set out in Netlist's opposition.

As an initial matter, Micron does not dispute that different technologies can independently enable the same technical benefit in different ways. Nor does it dispute that this is the case here. *Compare* ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████ Where—as here—different patents independently warrant a similar royalty rate, their value is overlapping and there is no requirement to divide the proposed royalty between those patents. *Intel Corp. v. Tela Innovations, Inc.*, 2021 WL 1222622, at *33 (N.D. Cal. Feb. 11, 2021) (expert did not violate apportionment rules where he proposed the same royalty rate would be owed for a subset of the asserted patents as "all of the Asserted Patents combined" because there was evidence that the "patents are largely overlapping"); *PersonalWeb Techs. LLC v. IBM Corp.*, 2017 WL 3476082, at *2 (N.D. Cal. Aug. 14, 2017)(denying motion to strike on apportionment grounds because "[w]hether there truly is some 'core overlapping value' and whether the three patents selected accurately capture that value are factual issues that IBM can explore on cross-examination").

Moreover, Micron's argument rests on its inaccurate claim that Mr. Kennedy "assigned 100% of the value of the increase in speed" to the *Micron I* patents. As Netlist detailed in its Opposition, in *Micron I*, ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████

---

[1] ███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
██████████████████████████████

███████████████████████████████████████. Ex. 13 (*Micron I*, Kennedy Rpt. Ex. 1B). ███

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████  ████████████████████████ Thus, contrary to Micron's assertion, Mr. Kennedy "made 'relative changes in value to [various] measures, such as royalty rate and base'" for the different patents at issue. Reply at 2 (quoting *Intel,* 2021 WL 1222622, at *33). Together the final apportioned royalties for the '339 and '417 Patents are less than 100% of the incremental value of the 2DPC design they enable. Likewise, together the final apportioned royalties for the '912 and '506 Patents are less than 100% of the incremental value of the 2400 MT/s speeds they enable. *Finjan, Inc. v. Sophos, Inc.*, 2016 WL 4268659, at *4 (N.D. Cal. Aug. 15, 2016) (acknowledging that different patents can "cover related and intermingled technologies" and explaining that the expert's opinion could be flexible so as to "account[] for overlap in the patents' covered features to prevent double counting")

**IV.    Mr. Kennedy's Discussion of the 2015 Presentations is Proper**

The facts on notice are different here than they were in *Micron I*. Here, Micron does not dispute that the ████████████████ are relevant to notice of the '912 Patent. Nor could it. As explained in Netlist's briefing on Micron's motion for summary judgement of pre-suit notice, both

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

██████████████████████████

## V. Mr. Kennedy Is Qualified To Provide The Opinions In His Rebuttal Report

Micron cannot seriously contest that Mr. Kennedy—who has decades of experience in "intellectual property valuation and negotiating the economics of patent sales and licensing agreements"—is unqualified to provide the opinions in his rebuttal report. Dkt. 360-06 at pg. 62.

Tellingly, Micron does not address Netlist's specific arguments about why Mr. Kennedy is qualified to provide the particular opinions Micron moved to exclude. Opp. at 11-13 (addressing ¶¶ 16, 55-57, 104-108, 134, 177). Instead, Micron reverts to a generic argument that Mr. Kennedy should not be permitted to "opine on economic issues like relevant markets" because courts supposedly "require specific education and training in economics." Reply, 4. But Micron's own cases do not support its position. For example, in *Boltex M Co., L.P. v. Ulma Piping USA Corp.*, 2019 WL 2716313, at *2 (S.D. Tex. June 28, 2019), which is not even an antitrust case, the court held that a CPA was qualified to opine on some economic issues but not others based on his particular experience, emphasizing that it "question[ed] whether merely being an economist qualifies one to testify about the market for steel flanges."[2] Indeed, Micron's suggestion that there are rigid qualification requirements is simply not true; instead, it is important to consider the specific opinions and particular experience of the expert being proffered. *Insignia Sys., Inc. v. News Am. Mktg. In-Store, Inc.,* 2011 WL 167259, *6, n.2 (D. Minn. Jan. 14, 2011) (denying motion to exclude a non-economist's opinions regarding "market definition," "product substitutability" and "anti-competitive effects" because "both common sense, and Payton's experience, suggest that expertise in antitrust economics are not required to determine that certain actions by a competitor have detrimental effects on its competition" and noting

---

[2] Moreover, none of Micron's cases address a situation where—as here—the relevant expert does not have a degree in economics, but does have decades of real world experience in the economics of the relevant market being addressed.

- 4 -

that "News has proffered no authority for the proposition that testimony on antitrust injury should be automatically excluded if the witness is not an economist.").

Here, Mr. Kennedy is qualified to provide the opinions in his report because he has extensive experience in the economics of IP licensing, SEPs and RAND. ▮

▮

▮ *Id.* These topics are well within Mr. Kennedy's wheelhouse, and do not require a formal degree in economics, particularly in view of Mr. Kennedy's extensive experience in the economics of patent licensing and technology markets.

**VI.   <u>Micron's Disagreement With Mr. Kennedy's Analysis Is Not A Basis For Exclusion</u>**

Micron does not engage with the fact that the opinions it contends are "untethered to the facts" are direct responses to opinions offered by Dr. Lynde. ▮

- 5 -

| | |
|---|---|
| Dated: February 15, 2024 | Respectfully submitted,<br><br>*/s/ Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that, on February 15, 2024, a copy of the foregoing was served to all counsel of record.

*/s/ Andrew Henderson*
Andrew Henderson

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in the Case.

*/s/ Andrew Henderson*
Andrew Henderson