UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD, ET AL., <br><br> Defendant. | Case No. 2:22-cv-293-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG (Member Case) <br><br> JURY TRIAL DEMANDED |

**MICRON'S SUR-REPLY IN SUPPORT OF ITS PARTIAL OPPOSITION TO PLAINTIFF NETLIST'S MOTION FOR SUMMARY JUDGMENT ON MICRON'S <u>AFFIRMATIVE DEFENSES (DKT. 366)</u>**

## I. Response to Netlist's Statement of Undisputed Facts

Netlist argues that Micron "does not respond to Netlist's statement of undisputed facts" ("SoUF") and "summary judgment should be granted in Netlist's favor." Dkt. No. 523 at 1. Not so. Micron explained that it is not pursuing certain affirmative defenses (Dkt. No. 443 at 2) and therefore those defenses and the SoUF statements referring to those defenses are moot, and no response is required. That Micron's Opposition did not include a separate header titled "Response to Statement of Undisputed Facts" is of no moment. Further, with respect to the remaining issues of Licensing, Covenant not to Sue, and Exhaustion, Micron did dispute Netlist's identification of facts by identifying how Netlist has been on notice of Micron's defenses since at least September 14, 2023. Dkt. No. 443 at 2, *see infra* section II. Moreover, with respect to the defense of Prosecution Laches, Micron disputes Netlist's identification of facts by identifying how Netlist has been on notice since the filing of Micron's answer. Dkt. No. 523 at 2; *see infra* section III. Additionally, Netlist's SoUFs with respect to the affirmative defense of Prosecution Laches applies only to the '912 Patent and not the '417 Patent. Given that Micron's defense of Prosecution Laches relates only to the '417 Patent, a response to Netlist's SoUFs is also unnecessary.

## II. Micron's Response to Summary Judgment on the Defenses of License and Covenant Not to Sue and Exhaustion (Affirmative Defense Nos. 6 and 13)

First, Netlist is incorrect that counsel "excluded cross-use of written interrogatory responses." On November 17, 2023, parties participated in a lead-local meet and confer, and came to an agreement to be able to use "written discovery responses from 22-cv-203 on the overlapping subject matter (e.g. overlapping accused products and U.S. sales activities)." *See* Ex. A (Nov. 17, 2023 Email). This agreement was then papered via email. *Id.*. As such, Netlist's argument about lack of notice clearly fails. Micron did provide information about the specific licensed products in discovery and Netlist has been on notice of Micron's reliance of this evidence in support of its

1

affirmative defenses since at least September 14, 2023. Thereafter, Micron also provided support for this defense in the Stone expert report. Thus, Netlist's motion for summary judgment dismissing Micron's (i) license and covenant not to sue and (ii) exhaustion should be denied.

### III. Micron's Response to Summary Judgment on the Defense of Laches (Affirmative Defense No. 16)

As noted in Micron's Opposition, in considering the totality of the circumstances, Netlist unreasonably, inexcusably, and prejudicially delayed in prosecuting claims of the '417 Patent. Dkt. No. 443 at 3-4. Through over fourteen years of prosecution and at least ten continuations for the '417 Patent, Netlist has divorced the '417 Patent claims from the original invention it claimed. Next, as the court stated in *Sonos, Inc. v. Google LLC*, 2023 WL 6542320, at *1 (N.D. Cal. Oct. 6, 2023), "[t]his was not a case of an inventor leading the industry to something new[,] [t]his was a case of the industry leading with something new and, only then, an inventor coming out of the woodwork to say that he had come up with the idea first[.]" Similarly, at all relevant times in the more than fourteen years it took for Netlist to present its claims, Netlist had related applications on file. It would have been a small step for Netlist to amend those applications to claim the present alleged inventions. Likewise, nothing prevented Netlist from filing parallel applications with new claims covering the invention. Instead, Netlist waited until the DDR4 LRDIMM technology was introduced to JEDEC to modify its patent claims at the expense of Micron and others.

Netlist's only rebuttal to Micron's argument is a procedural one—that it was not provided notice that Micron was raising a laches defense as to the '417 Patent. But, Micron clearly asserted Prosecution Laches broadly as a defense in its answer and did not limit its allegations to just the '912 Patent. *See* Micron's Answer, ¶ 18. Further, in its interrogatory responses, Micron objected on the basis that Netlist's interrogatory was improperly compound. Netlist neither raised a concern with Micron's interrogatory response, nor moved to compel. Moreover, Netlist has failed to raise

a substantive argument to Micron's opposition to summary judgment. Netlist does not argue that the '417 Patent claims are similar to the original invention it claimed nor does it attempt to distinguish the facts in *Sonos*. Thus, Netlist's Motion on the defense of Prosecution Laches should be denied.

Dated: February 15, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Michael R. Rueckheim*
　　　　　　　　　　　　　　　　　　　　　Thomas M. Melsheimer
　　　　　　　　　　　　　　　　　　　　　State Bar No. 13922550
　　　　　　　　　　　　　　　　　　　　　TMelsheimer@winston.com
　　　　　　　　　　　　　　　　　　　　　Natalie Arbaugh
　　　　　　　　　　　　　　　　　　　　　State Bar No. 24033378
　　　　　　　　　　　　　　　　　　　　　NArbaugh@winston.com
　　　　　　　　　　　　　　　　　　　　　WINSTON & STRAWN LLP
　　　　　　　　　　　　　　　　　　　　　2121 N. Pearl Street, Suite 900
　　　　　　　　　　　　　　　　　　　　　Dallas, TX 75201
　　　　　　　　　　　　　　　　　　　　　Telephone: (214) 453-6500
　　　　　　　　　　　　　　　　　　　　　Facsimile: (214) 453-6400

　　　　　　　　　　　　　　　　　　　　　David P. Enzminger (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　denzminger@winston.com
　　　　　　　　　　　　　　　　　　　　　WINSTON & STRAWN LLP
　　　　　　　　　　　　　　　　　　　　　333 South Grand Avenue, 38th Floor
　　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90071-1543
　　　　　　　　　　　　　　　　　　　　　Telephone: (213) 615-1700
　　　　　　　　　　　　　　　　　　　　　Facsimile: (213) 615-1750

　　　　　　　　　　　　　　　　　　　　　Michael R. Rueckheim
　　　　　　　　　　　　　　　　　　　　　State Bar No. 24081129
　　　　　　　　　　　　　　　　　　　　　MRueckheim@winston.com
　　　　　　　　　　　　　　　　　　　　　Ryuk Park (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　RPark@winston.com
　　　　　　　　　　　　　　　　　　　　　Matthew R. McCullough
　　　　　　　　　　　　　　　　　　　　　MRMcCullough@winston.com
　　　　　　　　　　　　　　　　　　　　　WINSTON & STRAWN LLP
　　　　　　　　　　　　　　　　　　　　　255 Shoreline Drive, Suite 520
　　　　　　　　　　　　　　　　　　　　　Redwood City, CA 94065
　　　　　　　　　　　　　　　　　　　　　Telephone: (650) 858-6500
　　　　　　　　　　　　　　　　　　　　　Facsimile: (650) 858-6559

　　　　　　　　　　　　　　　　　　　　　Matthew Hopkins (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　State Bar No. 1500598
　　　　　　　　　　　　　　　　　　　　　mhopkins@winston.com
　　　　　　　　　　　　　　　　　　　　　WINSTON & STRAWN LLP
　　　　　　　　　　　　　　　　　　　　　1901 L Street, N.W.
　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 282-5000

Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC**

4

## CERTIFICATE OF SERVICE

I hereby certify that, on February 15, 2024, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

*/s/ Michael Rueckheim*
Michael Rueckheim

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Michael Rueckheim*
Michael Rueckheim