IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO, LTD, *et al.* <br><br> *Defendants*. | § § § § § § § § § § § § | CIVIL ACTION NO. 2:22-CV-00293-JRG <br> (Lead Case) |
| NETLIST, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., *et al.* <br><br> *Defendants*. | § § § § § § § § § § § § § | CIVIL ACTION NO. 2:22-CV-00294-JRG |

## ORDER

On December 8, 2023, the Court appointed Hon. David Folsom as a Special Master in this proceeding pursuant to Federal Rule of Civil Procedure 53 to resolve nineteen discovery disputes between the parties: Dkt. Nos. 128, 139, 142, 158, 176, 193, 199, 202, 218, 220, 221, 222, 223, 224, 225, 226, 271, 274 and 279 (collectively, the "Discovery Motions"). (Dkt. No. 269.) The Special Master held a hearing for the disputes on January 5, 2024. Six disputes (Dkt. Nos. 128, 158, 176, 218, 226, and 279) were resolved in advance of the Special Master's hearing.

The remainder of the disputes at issue from the January hearing are:

1. Samsung's Motion to Compel Information Regarding Netlist's Negotiations with SK Hynix (Dkt. No. 139);

2. Netlist's Motion for a Protective Order (Dkt. No. 142);

3. Samsung's Motion for a Protective Order Against Discovery Related to Allegations of Breach/Termination of the Parties' Joint Development and License Agreement, an Issue Being Adjudicated in the First-Filed C.D. Cal. Court (Dkt. No. 193);

4. Netlist's Motion for a Protective Order Preventing Samsung Defendants from Seeking Third-Party Discovery From Netlist's Former In-House Counsel (Dkt. No. 199);

5. Samsung's Motion to Compel the Deposition of Dr. Hyun Lee (Dkt. No. 202);

6. Netlist's Motion to Compel Production of Micron Defendants' Documents Relevant to Damages (Dkt. No. 220);

7. Netlist's Motion to Compel Micron Defendants' Responses to Plaintiffs' Interrogatory Nos. 10, 13, 21, and 22 (Dkt. No. 221);

8. Micron's Motion to Compel Plaintiff to Produce Expert Reports from Related Cases (Dkt. No. 222);

9. Netlist's Motion to Compel Micron Defendants' Responses to Interrogatory Nos. 5, 6, 12, 17, 19, 24, and 25 (Dkt. No. 223);

10. Netlist's Motion to Compel Deposition of Joo Sun Choi (Dkt. No. 224);

11. Netlist's Motion to Preclude Samsung From Introducing Witness Testimony in Support of its License Defense (Dkt. No. 225);

12. Micron's Motion to Strike Plaintiff's November 19, 2023 Supplemental Response to Interrogatory No. 4 (Dkt. No. 271); and

13. Netlist's Motion to Compel Micron Defendants to De-Designate Portions of Deposition Testimony of Scott Cyr (Dkt. No. 274).

(Dkt. No. 269.)

The Special Master entered a First Report and Recommendation (Dkt. No. 377) concerning the above motions. However, in the Special Master's First Report and Recommendation, the Special Master did not recommend a disposition of Micron's Motion to Strike Plaintiff's November 19, 2023 Supplemental Response to Interrogatory No. 4 (Dkt. No. 271), as that motion was not then fully briefed. Additionally, after the Special Master filed the First Report and Recommendation, two additional disputes arose within the Special Master's authority to perform "ancillary acts required to fully carry out" the duties specifically assigned by the Court. (*See* Dkt.

No. 269 at 2). One such dispute relates to Netlist's request to amend or correct a portion of the January Hearing Transcript, which—after the Special Master ordered Netlist to file a motion seeking relief (Dkt. No. 371)—was submitted as Netlist's Motion to Correct Material Error in Hearing Transcript (Dkt. No. 380). The other dispute relates to Netlist's Motion to Strike Micron's Supplemental Response to Interrogatory No. 12 (Dkt. No. 462), which the Special Master also ordered to be filed as a motion (Dkt. No. 455). The Special Master directly contacted the parties to inquire whether they requested a hearing on the aforementioned motions, and neither party requested a hearing. Thereafter, the Special Master submitted his Second Report and Recommendation (Dkt. No. 636.)

In the First Report and Recommendation (Dkt. No. 377) the Special Master recommended that Dkt. Nos. 128, 158, 176, 218, 220, 226, 274 and 279 be **DENIED-AS-MOOT**, that Dkt. Nos. 193, 199, 221, and 223 be **GRANTED**, that Dkt. Nos. 224 and 225 be **DENIED**, that Dkt. Nos. 139 and 202 be **GRANTED-IN-PART** and **DENIED-IN-PART**, as set forth therein, and that Dkt. Nos. 142 and 222 be **DISMISSED WITHOUT PREJUDICE**.

In the Second Report and Recommendation (Dkt. No. 636) the Special Master recommended that Dkt. No. 271 be **GRANTED-IN-PART** and **DENIED-IN-PART**, as set forth therein, and that Dkt. No. 380 be **DENIED**.

Samsung and Micron did not file objections to the Special Master's findings. Netlist filed objections to both the First and Second Report and Recommendations. (Dkt. Nos. 535 and 659.) Specifically, Netlist objected to the Special Master's Recommendations concerning Dkt. Nos. 193, 225, 224, and 139.[1] (*Id.*) The Court held a hearing on February 26, 2024, pursuant to Federal Rule

---

[1] Netlist also objected to the Special Master's Report and Recommendation regarding Dkt. Nos. 202 and 380. Subsequently, Netlist filed an Unopposed Motion to Withdraw its Objections concerning these two motions. (Dkt. No. 661.) Noting that motion is unopposed, the Court finds it should be **GRANTED**.

3

of Civil Procedure 53(f)(1), wherein Netlist was given an opportunity to be heard on each of its objections.

After conducting a *de novo* review of the briefing on the Discovery Motions, the First and Second Report and Recommendation by the Special Master, having reviewed Netlist's Objections, and considering the arguments presented, the Court finds that Netlist has failed to show that the Special Master's Report and Recommendations were erroneous. Further, the Court agrees with the reasoning and analysis provided by the Special Master in the First and Second Reports and Recommendations. Accordingly, the Court **OVERRULES** Netlist's Objections and **ADOPTS** the Report and Recommendation in their entirety.

**So ORDERED and SIGNED this 26th day of February, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE