# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST INC.'S MOTION FOR CONSOLIDATION**

**TABLE OF CONTENTS**

**Page**

I. FACTUAL BACKGROUND ................................................................................................2

II. MICRON'S USE OF AN IDAHO STATUTE TO HARRASS NETLIST ..........................4

III. ARGUMENT .......................................................................................................................5

    A. Netlist Suffers Severe Prejudice by Micron's Continued Infringement .......................5

    B. Consolidation at this Stage is the Most Efficient Avenue Forward for This Court and the Federal Circuit ..................................................................................6

    C. A Consolidated Trial Is Easily Managed ..........................................................................8

    D. Trial Would Resolve Micron's Abusive Idaho Action ..................................................9

IV. CONCLUSION ....................................................................................................................9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Celsis in Vitro, Inc. v. CellzDirect, Inc.*,
  664 F.3d 922 (Fed. Cir. 2012) ...................................................................................................5

*FilmTec Corp. v. Hydranautics*,
  67 F.3d 931 (Fed. Cir. 1995) .....................................................................................................5

*I Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*,
  362 F.3d 1367 (Fed. Cir. 2004) .................................................................................................4

*Invensys Sys., Inc. v. Emerson Elec. Co.*,
  2014 WL 4477393 (E.D. Tex. July 25, 2014) ...........................................................................5

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
  2018 WL 2722051 (E.D. Tex. June 6, 2018) ............................................................................5

**Statutes**

Idaho Code § 48-1701, *et seq.* ........................................................................................................4

Netlist respectfully requests that the Court consolidate *Netlist, Inc. v. Micron Tech., Inc. et al.*, Case No. 2:22-cv-203-JRG-RSP ("*Micron I*") with *Netlist, Inc. v. Micron Tech., Inc. et al.*, Case No. 2:22-cv-294-JRG ("*Micron II*") for purposes of trial. Specifically, Netlist requests that the parties proceed to trial on April 22, 2024, on the two patents currently at issue in *Micron II* and one patent from each of the two families currently at issue in *Micron I*.[1] Doing so would allow for the efficient resolution of both cases between Netlist and Micron. The parties are already prepared to try the patents in *Micron I*. Consolidation would serve the interests of justice in four ways: *First*, Netlist is a products company. For example, Netlist markets DDR5 products. DDR5 products are accused of infringement in *Micron I*. The stay has a potential to delay for years the resolution of the *Micron I* dispute regardless of the outcome of the PTAB proceedings. *Second,* Micron and Samsung are taking entirely inconsistent positions as to claim scope before the PTAB and this Court. Regardless of the outcome of the PTAB proceedings there will be an appeal to the Federal Circuit on the two patent families remaining in *Micron I*. From a due process standpoint the stay of *Micron I* assists Micron and Samsung in perpetuating this improper tactic, while a consolidated trial that includes one patent from each of the *Micron I* families will allow the Federal Circuit to have full information on this inconsistency because Micron's experts will advance the inconsistent positions in open court. *Third,* the consolidated trial will involve only four patents. The trial in *Micron II* is already scheduled. Netlist will not seek any additional time by the expansion from two to four patents. As a result, there will be no appreciable increase in docket burden on the Court. *Fourth,* Micron has begun initiating actions under an Idaho statute claiming that the maintenance of patent claims against it by Netlist violates an "anti-troll" statute it worked with the Idaho legislature to pass. Micron started doing so with patents that are part

---

[1] Netlist understands that this action and the -293 action against *Samsung* are both set for the same trial setting in April. The purpose of this motion is not to alter the order the Court determines is most appropriate. Netlist stands ready to bring either action to trial on April 22, 2024.

of a stayed case in West Texas. Ex. 1 (Micron's Idaho Complaint); *Netlist, Inc. v. Micron Tech., Inc. et. al.*, Nos. 22-cv-134 and 22-cv-136, Dkt. 68 (W.D. Tex. Apr. 28. 2021). Pending before this Court is a separate declaratory judgment action seeking a declaration that the *Micron I* claims were brought properly and consistent with Netlist's constitutional rights. *Netlist Inc. v. Micron Tech., Inc. et al.*, 2:23-cv-00628 (E.D. Tex.), Dkt. 14 (First Amended Complaint) (the "Texas Constitutional Action"). Micron has tried to run away from this Court by bringing a mirror-image claim in Idaho. The Texas Constitutional Action under Micron's view of the Idaho statute will require the adjudication of the exact same issues as *Micron I* (the infringement and validity of the *Micron I* patents) and will proceed regardless of the PTAB proceedings. Combining *Micron I* and *Micron II* and holding a trial on both in April will inform the Texas Constitutional Action, because if the Court concludes based on the trial presentation that *Micron I* was not a sham litigation, Netlist's behavior is protected by the Constitution. Micron has filed a second suit in Idaho that is a mirror-image of the Texas Constitutional Action. Put simply, Micron does not seek to actually stay the *Micron I* patents pending the resolution of the IPRs, it seeks to continue to litigate them, but simply desires to do so in Idaho.

Netlist is mindful of the extraordinary pressure on this Court's docket. But in light of the above, an immediate trial on the *Micron I* and *Micron II* patents will not increase burden but decrease it, especially in light of the Texas Constitutional Action.

**I.      FACTUAL BACKGROUND**

Netlist filed *Micron I* on June 10, 2022, asserting, *inter alia*, that Micron's DDR5 DIMMs infringe Patent Nos. 11,016,918 and 11,232,054 (the "DDR5 Patents"), and that Micron's HBM products infringe Patent Nos. 8,787,070 and 9,318,160 (the "HBM Patents").

Netlist filed *Micron II* less than two months later, on August 1, 2022, asserting, *inter alia*, that Micron's DDR4 LRDIMMs infringe Patent No. 11,093,417 and Micron's DDR4 LRDIMMs and RDIMMs infringe Patent No. 7,619,912. *Micron II* was ultimately consolidated for pretrial purposes

with *Netlist, Inc. v. Samsung Elecs. Co., Ltd., et al.*, Case No. 2:22-cv-293-JRG.

The pretrial conference in *Micron II* is set for March 6, 2024, and trial is currently set for April 22, 2024.

Discovery in the two cases overlapped substantially. For example, Netlist and Micron agreed that document productions from *Micron I* could be cross-referenced in *Micron II*. Ex. 2 at 1. Netlist and Micron also agreed to cross-reference the deposition transcripts of most party witnesses. Ex. 3 at 1.[2]

The *Micron I* case is ready for trial. The Court held pretrial conferences on December 20, 2023, and January 12, 2024. Judge Payne has resolved all outstanding *Daubert* motions, motions for summary judgment, motions *in limine*, and trial exhibit objections. All pretrial procedures, disclosures, and filings have been completed (such as deposition designations and proposed jury instructions).

*Micron I* and *Micron II* also have almost complete overlap in expert witnesses. Netlist's experts in the two cases are:

| Netlist's Experts in *Micron I* | Netlist's Experts in *Micron II* |
|---|---|
| **Mr. Kennedy** | **Mr. Kennedy** |
| **Dr. Groehn** | **Dr. Groehn** |
| **Dr. Mangione-Smith** | **Dr. Mangione-Smith** |
| **Mr. Gillingham** | **Mr. Gillingham** |
| Dr. Brogioli | |

Micron's experts in the two cases are:

| Micron's Experts in *Micron I* | Micron's Experts in *Micron II* |
|---|---|
| **Dr. Lynde** | **Dr. Lynde** |

---

[2] Micron also agreed to cross-use of expert reports from *Micron I*. *See* Ex. 16 at 1.

| **Mr. Halbert** | **Mr. Halbert** |
|---|---|
| **Dr. Stone** | **Dr. Stone** |
| Dr. Woods | |

And Micron's trial witness list in *Micron II* is nearly identical to the final trial witness list Micron served in *Micron I*. *Compare* Ex. 4 at 2-3 *with* Ex. 5 at 2. Netlist, too, identified the same witnesses for Netlist on both witness lists (except Dr. Brogioli). *See* Ex. 6 at 1; Ex. 7 at 2-3.

## II. MICRON'S USE OF AN IDAHO STATUTE TO HARRASS NETLIST

Netlist has brought two other patent infringement cases against Micron in the Western District of Texas. *Netlist, Inc. v. Micron Tech., Inc. et. al.*, Nos. 22-cv-134 and 22-cv-136 (W.D. Tex.). While these cases were stayed pending *inter partes* review, Micron sued Netlist in Idaho—a state to which Netlist has no connections—alleging bad faith patent enforcement under Idaho Code § 48-1701, *et seq.*. *See* Ex. 1. Anticipating that Micron would continue to file serial bad faith suits in Idaho to force Netlist to divert resources from its patent litigations in Texas, Netlist brought a declaratory relief action before this Court seeking a declaration that suits pending against Micron in the Eastern District cases were not brought in bad faith in violation of the Idaho statute. *Netlist, Inc. v. Micron Tech., Inc. et. al.*, No. 2:23-cv-628-JRG (E.D. Tex.), Dkt. 1. A scheduling conference is set in Netlist's declaratory relief action for March 25, 2024. *Id.*, Dkt. 15. As predicted, on January 16, 2024, Micron rushed back to Idaho state court and filed a second bad faith claim, this time alleging that Netlist's assertion of the '918 and '054 Patents in *Micron I* were brought in bad faith under Idaho Code § 48-1701, *et seq.*. Having successfully stayed *Micron I,* Micron is now asking a court in Idaho to determine that *Micron I* was brought in bad faith before Netlist has even had the opportunity to vindicate its claims before a jury. In sum, Micron is not actually seeking to stay adjudication of the merits of Netlist's patent claims, it is simply hoping to litigate the issue in its preferred forum under the guise of a bad faith claim.

To prevail on its bad faith claim, Micron must show that Netlist's suits were a mere sham,

meaning they are "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *I Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1376 (Fed. Cir. 2004) (quoting *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 57 (1993)). If Netlist prevails in its infringement suits against Micron, then its suits by definition would not constitute a mere "sham." *FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 936 (Fed. Cir. 1995) ("Obviously, if the patentee is successful in his infringement action, his suit is not baseless, and it cannot be a sham.").

### III. ARGUMENT

#### A. Netlist Suffers Severe Prejudice by Micron's Continued Infringement

With respect to *Micron I*, Netlist has accused Micron's DDR5 DIMMs of infringing Netlist's '918 and '054 Patents. Netlist markets and distributes DDR5 products that customers can choose to buy over Micron's. *See* Ex. 8 at 3 (identifying DDR5 DIMMs for sale). Micron's ability to compete unlawfully by selling infringing products decreases demand for Netlist's products. *See Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) ("Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm."). Netlist has also already undertaken considerable expense in preparing for two trial settings. Bringing the *Micron I* patents to trial benefits the "public interest [due to] the 'speedy resolution of disputes.'" *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, 2018 WL 2722051, at *4 (E.D. Tex. June 6, 2018); *Invensys Sys., Inc. v. Emerson Elec. Co.*, 2014 WL 4477393, at *3 (E.D. Tex. July 25, 2014) ("Firm trial settings resolve cases and reduce litigation costs.").

The stay in *Micron I* has the potential to delay that case for years. Netlist is seeking director review of the Final Written Decisions on the DDR5 Patents. *See* Exs. 9, 10. Netlist or Micron will appeal the outcome of that decision. If the Federal Circuit sides with Netlist, it may remand to the PTAB for further proceedings. Those further proceedings will themselves be appealed. If several

years pass before Netlist bring Micron's infringement of DDR5 products to trial, the damage to Netlist's products business will have already been done. DDR5 is a generational product, and analysts expect the next generation (DDR6) to be available for purchase as soon as 2026.[3]

### B. Consolidation at this Stage is the Most Efficient Avenue Forward for This Court and the Federal Circuit

Micron has taken inconsistent positions in the district court litigation and before the PTAB. Instead of preparing its own petitions, Micron simply filed duplicate IPRs taking the same positions as Samsung. *See Micron I*, Dkt. 275-2 (IPR2023-00405) (Micron's challenge of the '054 patent); Dkt. 275-04 (IPR2023-00406) (Micron's challenge of the '918 patent). Those positions contradict testimony and theories Micron is advancing in the *Micron I* trial. Micron is refusing to allow this information to be presented to the PTAB because of the protective order entered by the Court, and therefore the only way the Federal Circuit can be made aware of its inconsistent positions is via trial of *Micron I* that will be public.

For example, the relevant claims of the '918/'054 Patents recite "a plurality of edge connections configured to couple power, data, address and control signals between the memory module and the host system." *See* '918 patent, 38:21-24 (claim 1), 39:56-59 (claim 16), 40:53-56 (claim 23), '054 patent, 38:22-25 (claim 1); *see also* '054 patent, 39:62-65, 40:13-15 (claim 16), 41:6-9, 41:22-25 (claim 24). In the joint IPRs for the '918 and '054 Patents, Micron initially relied on signals sent from the on-module memory buffer to the memory devices to satisfy the limitation. *E.g.*, Ex. 12 (IPR2023-00406 Pet.) at 21-25. After Netlist pointed out the deficiency, Micron (together with Samsung) argued for the first time in the Reply that even though the host sent only encoded packetized signals that combined data, control and address information, and not distinct data, control and address signals,

---

[3] *See* Ex. 11 at 8.

the limitation is met.  Ex. 13 (IPR2022-00996 ('918) Reply) at 7-9; *see also e.g.*, Ex. 14 (IPR2022-00999 ('054) Reply at 8-10.  ███████████████████████████

███████████████████████████████████████

█████████████████████████████████

████████████████████████████████
████████████████████████████████
██████████████

████████████████████████████████
████████████████████████████████
███████████████████████

████████████████████████████████████

████████████████████████████████
████████████████████████████████
██████

████████████████████████████████
████

████████████████████████████████
███████████████████████

████████████████████████████████
███████████████████████

█████████████████████████

Micron is also taking contradictory positions as to the HBM Patents.  In the district court litigation, Micron's position is that ████████████████████████████████

███████████████   ████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████  But in the IPR, Micron argues that a particular TSV is only in selected communication with 1-2 of the dies in the stack, but not all dies in the stack, even though there are physical connections

between the TSV and at least a transmission gate on the array die. Ex. 18 (IPR2022-01428 Reply) at 23-24 (see Figure 5 annotated by Defendants). According to Defendants, there is no electrical communication because the TSV is disconnected from the SDRAMs (i.e., SDRAM memory cells) with the transmission gate turned off. *Id.* at 23-25, 26-27. ███████████████████████████████████████████████████████████████████████████████████████████ but in the IPR, Micron insisted that there is no electrical communication if the TSV is not electrically coupled to array die circuits (which according to Micron would exclude transistor-based transmission gate on the array die).

The Federal Circuit will hear appeals regarding the DDR5 Patents and the HBM Patents regardless of whether the parties go to trial. By trying these patents now, the Federal Circuit will have the opportunity to not only resolve all disputes at the same time, but also have full information regarding Micron's inconsistent positions. This provides substantial benefits in the form of efficiency for the parties, the district court, and the Federal Circuit. The alternative would have staggered appeals and trials potentially years apart, leaving everyone with a morass that will potentially never be resolved. Both parties deserve resolution now.

### C. A Consolidated Trial Is Easily Managed

As noted above, the parties have already expended considerable resources preparing for the *Micron I* trial. Consolidating two patents with the *Micron II* trial promotes efficiency that benefits both parties. Micron would not suffer any prejudice because it was prepared to go to trial earlier this month.

There is also no legitimate concern regarding the manageability of adding two patents and two accused product classes. This Court already held a trial in which Netlist asserted infringement of five patents against DDR4 LRDIMMs, DDR5 DIMMs, and HBM products: *Samsung I. Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, 2:21-cv-00463-JRG (E.D. Tex.). That trial was held efficiently and smoothly, and was completed in five days. Moreover, Netlist had originally accused DDR4 LRDIMMs of

infringement in *Micron I*, and so Micron had originally anticipated going to trial on three accused product type classes.

### D. Trial Would Resolve Micron's Abusive Idaho Action

As discussed above, Micron has asked a court in its home state to determine bad faith issues relating from a patent infringement action brought in this Federal district court. That claim can be fully resolved by a jury trial now, however. Even if the PTAB ultimately invalidates the '054 and '918 Patents and it is affirmed on appeal, a successful jury verdict would demonstrate that Netlist's suit was not a sham as this would, at the very least, show that Netlist's belief that it could prevail was "reasonable." *See, e.g.*, Areeda, Antitrust Law, 1982 Supp. ¶ 203.1.d. H ("If the . . . defendant's claim was successful in the other forum, there is a strong presumption that its assertion cannot have been a sham.").

## IV. CONCLUSION

Netlist respectfully requests the Court grant this motion.

Dated: February 20, 2024

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com

> Yanan Zhao (*pro hac vice*)
> yzhao@irell.com
> Michael W. Tezyan (*pro hac vice*)
> mtezyan@irell.com
> **IRELL & MANELLA LLP**
> 1800 Avenue of the Stars, Suite 900
> Los Angeles, CA 90067
> Tel. (310) 277-1010
> Fax (310) 203-7199
>
> Rebecca Carson (*pro hac vice*)
> rcarson@irell.com
> **IRELL & MANELLA LLP**
> 840 Newport Center Drive, Suite 400
> Newport Beach, CA 92660
>
> ***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on February 20, 2024, a copy of the foregoing was served to all Micron counsel of record.

> */s/ Jason Sheasby*
> Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

> */s/ Jason Sheasby*
> Jason Sheasby

## CERTIFICATE OF CONFERENCE

I hereby certify that lead and local counsel for Netlist and Micron met and conferred on February 19, 2024. Micron opposed Netlist's request to consolidate the *Micron I* and *Micron II* trials. The parties are at an impasse.

> */s/ Jason Sheasby*
> Jason Sheasby