# Exhibit 1

Electronically Filed
12/11/2023 5:19 PM
Fourth Judicial District, Ada County
Trent Tripple, Clerk of the Court
By: Katee Hysell, Deputy Clerk

Teague I. Donahey (ISB #9963)
tidonahey@hollandhart.com
Christopher C. McCurdy (ISB #8552)
ccmccurdy@hollandhart.com
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: 208.342.5000
Facsimile: 208.343.8869

Jared Bobrow (*pro hac vice forthcoming*)
jbobrow@orrick.com
Jason Lang (*pro hac vice forthcoming*)
jlang@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650.614.7400
Facsimile: +1 650.614.7401

Attorneys for Plaintiffs Micron Technology, Inc. and
Micron Semiconductor Products, Inc.

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE

## STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| MICRON TECHNOLOGY, INC., Delaware corporation; and MICRON SEMICONDUCTOR PRODUCTS, INC., an Idaho corporation, | Case No. CV01-23-19920 |
| Plaintiffs, | **COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT)** |
| vs. | **JURY TRIAL DEMANDED** |
| NETLIST, INC., a Delaware corporation, | |
| Defendant. | |

Plaintiffs, Micron Technology, Inc. and Micron Semiconductor Products, Inc.

(collectively, "Micron"), through their counsel, Holland & Hart LLP and Orrick, Herrington &

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 1**

Sutcliffe LLP, bring this Complaint against Defendant Netlist, Inc. ("Netlist"), alleging as follows:

## I.    INTRODUCTION

1.    Micron brings this case under the Idaho Bad Faith Assertions of Patent Infringement Act (Idaho Code, tit. 48, ch. 17) ("the Act"). The Act, promulgated under Idaho's historic police powers, codifies the state's strong public policy against bad-faith assertions of patent infringement. The Act recognizes that "abusive patent litigation, and especially the assertion of bad faith infringement claims, can harm Idaho companies" and "undermine Idaho's efforts to attract and nurture" local technology and knowledge-based companies, which can "harm[] Idaho's economy." Idaho Code § 48-1701(1)(d)-(e). Accordingly, to "protect Idaho businesses" and to "build Idaho's economy," *id.* § 48-1701(2), the Act makes it "unlawful for a person to make a bad faith assertion of patent infringement," *id.* § 48-1703(1), and declares "[a]ny violation" to be "an unlawful, unfair[,] and deceptive act or practice in trade or commerce." *Id.* § 48-1703(4). To further disincentivize such conduct, the Act provides victims with the means to fight back, furnishing them with a private cause of action authorizing the award of equitable relief, compensatory damages, exemplary damages, and costs and fees. *Id.* § 48-1706.

2.    Plaintiffs Micron Technology, Inc. and Micron Semiconductor Products, Inc. (collectively, "Micron") are exactly the type of companies that the Act is designed to protect. Micron is Idaho's most successful technology business and largest for-profit employer. Micron began in 1978 as a four-person semiconductor-design company in the basement of a Boise dental office. Since then, Micron has become a world leader in innovative computer-memory and data-storage solutions, employing more than 6,000 people in Idaho. As Micron has grown into a

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 2**

global semiconductor innovator, Boise has remained its home, serving as the location of Micron's headquarters and principal research and development center. Indeed, Micron recently announced plans to invest approximately $15 billion through the end of the decade to construct a new plant for leading-edge memory manufacturing in Boise. It is estimated that this project will create over 17,000 new jobs. But Micron's success has come with a price: fending off baseless assertions of patent infringement by patent enforcement entities. These patentees attempt to shake down Micron for license fees and, if Micron refuses, they attempt to strong-arm compliance by forcing Micron to spend millions of dollars engaging in necessarily complex and protracted patent litigation.

3.      One such patentee that Micron has had to fend off is Defendant Netlist. Unable to compete with innovators in the marketplace, Netlist's "business" has become bringing patent infringement suits, apparently to drive up litigation costs and pressure the true innovators, such as Micron, to pay what amounts to a business tax, *i.e.*, pay Netlist to settle meritless suits. True to that mission, Netlist targeted Micron alleging infringement of facially invalid patents. Idaho's statute unambiguously characterizes this type of conduct as bad-faith patent assertion.

4.      Netlist's attack began when it filed suit against Micron on the very same day that it sent Micron a demand letter. Exs. 1, 3. Of course, Micron did not receive this disingenuous letter until *after* Netlist had already filed the lawsuit in the U.S. District Court for the Western District of Texas. The lawsuit asserts that Micron infringes claim 15 of U.S. Pat. No. 8,301,833 ("the '833 patent"). Ex. 7. Particularly troubling is the fact that Netlist had to know—as any reasonable person would have known—that claim 15 of the '833 patent was invalid. Notably, before Netlist filed its lawsuit against Micron, the U.S. Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") already had invalidated a claim of a related Netlist patent that

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 3**

is virtually identical to claim 15 of the '833 patent. Put simply, Netlist filed an infringement lawsuit against Micron based on what it knew to be an effectively invalid patent claim. What's more, Netlist misleadingly withheld from Micron key information relevant to the invalidity of the '833 patent. In its demand letter, Netlist trumpeted alleged victories that it had before the PTAB relating to the '833 patent, but conveniently left out the critical fact that the PTAB had already found a virtually identical claim in a related Netlist patent to be invalid.

5.    After Micron learned that the PTAB already had effectively found claim 15 of the '833 patent to be invalid, Micron advised Netlist in writing what Netlist certainly already knew: the '833 patent is invalid and Netlist's prosecution of an infringement suit based on an invalid patent constitutes bad faith. Specifically, in responding to Netlist's bad faith infringement suit, Micron filed a counterclaim for a declaration that the '833 patent is invalid. This counterclaim laid out the specific reasons that the '833 patent is invalid, citing the specific invalidating prior art references and the prior PTAB ruling that invalidated a virtually identical Netlist patent claim from a related patent. Micron did not stop there. In subsequent correspondence, Micron repeatedly warned Netlist that its assertion of an invalid patent was in bad faith.

6.    Amazingly, in the face of clear and convincing evidence that the '833 patent was invalid, Netlist pressed ahead with its lawsuit. This forced Micron to expend considerable resources defending itself before the district court and proving to the PTAB what Netlist already knew: the '833 patent is invalid. To no one's surprise, following a full IPR proceeding before three Administrative Patent Judges, the PTAB found the '833 patent to be invalid for the exact reasons set forth in Micron's district court counterclaim. Tellingly, Netlist did not even bother to appeal the PTAB's decision.

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 4**

7.      After being dragged into litigation over the '833 patent, to date, Micron's sole consolation has been that the Patent Office has determined that the '833 patent is invalid. Although Micron is gratified by its successful IPR challenge, it never should have been subjected to Netlist's baseless assertion of infringement over the '833 patent in the first place. That assertion was unjustified both subjectively and objectively. Netlist knew, and any reasonable litigant should have known, that the '833 patent was invalid. Patent law does not supply a license to make such bad-faith assertions, which Idaho's Act renders unlawful under the "well established state power" of "'providing common-law and statutory remedies against monopolies and unfair business practices.'" *Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 388 (2015) (quoting *California v. ARC Am. Corp.*, 490 U.S. 93, 101 (1989)).

8.      For these reasons and those set forth below, Netlist should be held liable for engaging in unfair business practices in contravention of Idaho law.

## II.      PARTIES

9.      Plaintiff Micron Technology, Inc. is a Delaware corporation with a principal place of business at 8000 South Federal Way, Boise, Idaho 83716.

10.      Plaintiff Micron Semiconductor Products, Inc. is an Idaho corporation with a principal place of business at 8000 South Federal Way, Boise, Idaho 83716.

11.      Defendant Netlist is a Delaware corporation having a principal place of business at 175 Technology Drive, Suite 150, Irvine, California 92618. Netlist's principal activities are patent-monetization and patent enforcement.

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 5**

### III.     JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action, pursuant to Idaho Const. Art. V, § 20 and Idaho Code § 1-705. The amount in controversy in this action exceeds $10,000, exclusive of interest, costs, and attorney's fees.

13.     This Court has personal jurisdiction over Netlist for the purposes of this action, pursuant to Idaho Code § 48-1704 because, for instance, Netlist sent demand letters (and several similar emails demanding that Micron take a license) to Micron in Idaho. *E.g.*, Ex. 1; *see also* Idaho Code § 48-1704(1) ("Any person outside this state sending a demand letter to an Idaho person shall be deemed to be transacting business within this state within the meaning of section 5-514(a), Idaho Code, and shall thereby be subject to the jurisdiction of the courts of this state."). Each of the two Micron plaintiffs here is an "Idaho Person" as defined in Idaho Code § 48-602, and each is a "Target" under Idaho Code §§ 48-1702(3)(a)-(b).  In addition, this Court has jurisdiction over Netlist for purposes of this action, pursuant to Idaho Code § 5-514, because Netlist has transacted business in Idaho, as defined in Idaho Code § 5-514(a), *e.g.*, by advertising its sales support in Idaho. *See* https://netlist.com/us-international/.

14.     Venue is proper in this Court pursuant to Idaho Code § 5-404 because Netlist does not reside in Idaho, and Micron designates this Court as the proper county in this Complaint.

### IV.     FACTUAL ALLEGATIONS

#### A.     Idaho's Bad Faith Assertions Of Patent Infringement Act

15.     Idaho's legislature passed Idaho's Bad Faith Assertions of Patent Infringement Act to help protect Idaho's creators, consumers, and marketplace from abusive patent-assertion tactics.  As the Act explains, "Idaho is striving to build an entrepreneurial and knowledge-based economy.  Attracting and nurturing information technology (IT) and other knowledge-based

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 6**

companies are important parts of this effort and will be beneficial to Idaho's future." Idaho Code § 48-1701(1)(a). Bad-faith assertions of patent infringement hinder these goals. *Id.* § 48-1701(1)(d)-(e). "A business that receives a letter or other communication asserting such claims faces the threat of expensive and protracted litigation and may feel that it has no choice but to settle and to pay a licensing fee, even if the claim is meritless," "harm[ing] Idaho companies." *Id.* § 48-1701(1)(d). And "[f]unds used to avoid the threat of bad faith litigation are no longer available to invest, produce new products, expand[,] or hire new workers, thereby harming Idaho's economy" as well. *Id.* § 48-1701(1)(e).

16.    To prevent these harms and to promote the public good, the Act, like similar legislation in over thirty other states, forbids bad-faith assertions of patent infringement as a matter of state unfair-competition law, Idaho Code § 48-1703(1), (4), a "traditional[]" and "well established" area of state authority within the scope of "the historic police powers of the States." *ARC Am.*, 490 U.S. at 101 (internal quotation marks omitted); *Oneok*, 575 U.S. at 388 (same). Under this authority, states may "make reasonable regulations … calculated to protect [their] citizens" from "evil," regardless of whether those regulations touch upon patent rights. *Allen v. Riley*, 203 U.S. 347, 355-58 (1906) (state statute requiring proof of patent ownership in certain transactions permissible). As such, although "state unfair competition claims" may depend on "substantial question[s] of federal patent law," "state unfair competition law" legitimately "regulates conduct in a different field from federal patent law." *Hunter Douglas Inc. v. Harmonic Design*, 153 F.3d 1318, 1333-34 (Fed. Cir. 1998), *overruled on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1358-59 (Fed. Cir. 1999) (en banc in relevant part); *see Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 166 (1989) ("[T]he law of unfair competition … ha[s] coexisted harmoniously with federal patent protection

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 7**

for almost 200 years."); *Mars v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368, 1373 (Fed. Cir. 1994) ("Unfair competition law and patent law have long existed as distinct and independent bodies of law, each with different origins and each protecting different rights.").

17.     The Act is wholly consistent with federal patent law, taking care to respect the boundaries of the federal patent system. *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 479 (1974); *accord Hunter Douglas*, 153 F.3d at 1334-35 ("The only limitation on the States … in regulating the area of patents" is that state legislation "not conflict with the operation of the laws in this area passed by Congress." The Act acknowledges that "[p]atents are essential to encouraging innovation"; that "the protections afforded by the federal patent system create an incentive to invest in research and innovation"; and that "[p]atent holders have every right to enforce their patents when they are valid and infringed, to solicit interest from prospective licensees[,] and to initiate patent enforcement litigation as necessary to protect intellectual property." Idaho Code § 48-1701(1)(b). The Act likewise emphasizes that it is not intended to "interfere with the good faith enforcement of patents or good faith patent litigation." *Id.* § 48-1701(c). Rather, the Act is "narrowly focused," seeking to "facilitate the efficient and prompt resolution of patent infringement claims, protect Idaho businesses from abusive and bad faith assertions of patent infringement[,] and build Idaho's economy" without impinging upon "legitimate patent enforcement actions." *Id.* § 48-1701(2). In accord, the Act makes unlawful only "bad faith assertion[s] of patent infringement," *id.* § 48-1703(1), setting forth a set of nonexclusive factors that go to both objective and subjective reasonableness to inform whether a patentee's conduct crosses the line, *id.* § 48-1703(2)-(3).

18.     In non-exclusive fashion, the Act provides factors that "[a] court may consider … as evidence that a person *has* made a bad faith assertion of patent infringement," which include:

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 8**

(f)  The person asserting a claim or allegation of patent infringement acts in subjective bad faith, or a reasonable actor in the person's position would know or reasonably should know that such assertion is meritless.

(g)  The claim or assertion of patent infringement is deceptive.

(h)  The person or its subsidiaries or affiliates have previously filed or threatened to file one (1) or more lawsuits alleging patent infringement based on the same or similar claim, the person attempted to enforce the claim of patent infringement in litigation and a court found the claim to be meritless.

Idaho Code § 48-1703(2) (emphasis added).

19.    Because the Act creates liability only for bad-faith assertions of patent infringement, the Act, like "the law of unfair competition" generally, "coexists harmoniously with federal patent protection." *Bonito Boats*, 489 U.S. at 166.  Patent law does not countenance assertions made in bad faith, which leaves the door open for states to outlaw such conduct under their "authority to protect businesses and regulate unfair competition." *Katana Silicon Techs. LLC v. Micron Tech., Inc.*, No. 1:22-CV-00273-DCN, 2023 WL 3231201, at *4 (D. Idaho May 3, 2023); *see, e.g., Hunter Douglas*, 153 F.3d at 1336-37 (permitting liability for "state law torts" premised on "bad faith enforcement of a patent").

20.    The U.S. District Court for the District of Idaho has held that "the Act is not preempted by federal law," explaining that the former "plays in close harmony with" and "strikes a similar balance" as the latter, as both "have the end goal of protecting valid patents" and patent assertions "without enabling bad-faith or vexatious litigation." *Katana*, 2023 WL 3231201, at *5, 7, 12; *cf. id.* at *8 (noting that "courts asked to review … state acts" parallel to the one here "have upheld their constitutionality" (collecting cases)).  For example, the Patent Act disapproves of baseless assertions in its fee-shifting provision, 35 U.S.C. § 285, which permits fee awards in cases "presenting either subjective bad faith or exceptionally meritless claims."

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 9**

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555 (2014).  Idaho's Act
"has the same essential purpose[]" in creating further consequences for patentees when they
wrongly pursue claims. *Katana*, 2023 WL 3231201, at *7; *cf. Bonito Boats*, 489 U.S. at 166
(approving unfair-competition law in part because "Congress has … given federal recognition to
many of the concerns that underlie the state tort of unfair competition").  And the creation of
additional consequences is Idaho's prerogative. *Katana*, 2023 WL 3231201, at *8.  "'Ordinarily,
state causes of action are not pre-empted solely because they impose liability over and above that
authorized by federal law.'" *English v. Gen. Elec. Co.*, 496 U.S. 72, 89 (1990) (quoting *Arc
America*, 490 U.S. at 105).

### B.  Netlist's Bad-Faith Assertions Against Micron

21.     On April 28, 2021, Netlist sent Micron a demand letter that identifies the '833
patent and alleges that Micron's NVDIMM's "infringe on one or more claims" of the '833
patent." Ex. 1 at 3.  The demand letter trumpets Netlist's alleged success before the PTAB in
defending against challenges to the '833 patent. *See id.* at 1.  The demand letter, however, fails
to reference the IPR2017-00692 proceeding before the PTAB. *Id.*; *see also* Ex. 2 (the Final
Written Decision in IPR2017-00692).

22.     On the very same day that Netlist sent the demand letter, but before Micron
received it, Netlist filed a complaint for infringement of the '833 patent in the Western District of
Texas ("the lawsuit"). *See* Ex. 3.  Netlist asserted that Micron infringed claim 15 of the '833
patent. *Id.* at 8.  This strong-arm tactic was a blatant attempt to evoke the prospect of "expensive
and protracted litigation" and to make Micron "feel that it ha[d] no choice but to settle and pay a
licensing fee, even if the claim was meritless."  Idaho Code § 48-1701(d).

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH
ASSERTION OF PATENT INFRINGEMENT) - 10**

23.     Well before April 28, 2021, Netlist was a party to the IPR2017-00692 proceeding. In that proceeding, the validity of Netlist's U.S. Pat. No. 8,874,831 ("the '831 patent") was at issue. Ex. 8. The '833 patent, which Netlist asserted in the lawsuit against Micron, and the '831 patent are related patents (the '831 patent is a continuation-in-part of the '833 patent). On July 5, 2018, following an administrative trial before three Administrative Patent Judges, the PTAB invalidated all claims of the '831 patent in the IPR2017-00692 proceeding. Specifically, the PTAB found claim 15 of the '831 patent to be invalid over the combination of three prior art references: U.S. Pat. Publ. No. 2010/0110748 ("Best"), U.S. Pat. No. 6,026,465 ("Mills"), and U.S. Pat. Publ. No. 2007/0136523 ("Bonella"). Netlist did not appeal the PTAB's decision invalidating all claims of the '831 patent.

24.     Invalid claim 15 of the '831 patent is virtually identical to asserted claim 15 of the '833 patent:

| Invalid Claim 15 of the '831 Patent | Claim 15 of the '833 Patent |
|---|---|
| 15. The method of claim 7[1], further comprising: | 15. A memory system operatively coupled to a host system, the memory system comprising: |
| operating the volatile memory subsystem at a first clock frequency when the memory module is in a first mode of operation in which data is communicated between the volatile memory subsystem and the memory controller; | a volatile memory subsystem operable at a first clock frequency when the memory system is in a first mode of operation in which data is communicated between the volatile memory subsystem and the host system; and |

---

[1] Because claim 15 of the '831 patent incorporates additional limitations of claim 7, claim 15 of the '831 patent is actually narrower in scope than claim 15 of the '833 patent. Thus, there was never any doubt that the broader claim 15 of the '833 patent was invalid.

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 11**

| Invalid Claim 15 of the '831 Patent | Claim 15 of the '833 Patent |
|---|---|
| operating the non-volatile memory subsystem at a second clock frequency when the memory module is in a second mode of operation in which data is communicated between the volatile memory subsystem and the non-volatile memory subsystem; and | a non-volatile memory subsystem operable at a second clock frequency when the memory system is in a second mode of operation in which data is communicated between the volatile memory subsystem and the non-volatile memory subsystem, |
| operating the volatile memory subsystem at a third clock frequency when the memory module is in the second mode of operation, the third clock frequency being less than the first clock frequency. | the volatile memory subsystem further being operable at a third clock frequency when the memory system is in the second mode of operation, the third clock frequency being less than the clock first frequency. |

25.     As of July 5, 2018, Netlist—and any reasonable person—knew that the '833 patent was invalid given the grounds for invalidity of the '831 patent in the IPR2017-00692 proceeding.  The '833 patent was effectively an invalid patent when Netlist asserted it against Micron on April 28, 2021.

26.     On July 28, 2021, after Netlist asserted the '833 patent against Micron, Micron informed Netlist by letter that the '833 patent was invalid in view of the IPR2017-00692 proceeding, that the lawsuit should never have been brought in the first place, and that Micron would seek all available recourse unless Netlist dismissed the lawsuit.  Micron put Netlist on notice that it "does not tolerate baseless infringement claims, attempts to extort damages with the threat of protracted litigation, or claims that appear to be brought for an improper purpose."

27.     On August 20, 2021, Micron responded to Netlist's district court Complaint, counterclaiming that the '833 patent was invalid in view of the IPR2017-00692 proceeding and specifically in view of the combination of the Best, Mills, and Bonella prior art references that were at issue in the IPR2017-00692 proceeding.  Ex. 4 at 15-16.

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 12**

28.     On September 10, 2021, Micron again demanded by letter that Netlist dismiss the lawsuit in view of the IPR2017-00692 proceeding.

29.     Netlist did not dismiss the lawsuit.

30.     On January 14, 2022, Micron initiated an IPR proceeding before the PTAB to invalidate the '833 patent, namely, IPR2022-00418. As grounds for invalidating the '833 patent, Micron relied on the same prior art about which it notified Netlist shortly after Netlist filed the lawsuit against Micron and which was the basis for the successful IPR challenge against the '831 patent: Best, Mills, and Bonella.

31.     On May 11, 2022, after Micron brought to the Court's attention that Netlist was effectively asserting an invalid patent in the lawsuit, the Court stayed the lawsuit. The Court did so in the face of Netlist's opposition to the stay. Until the stay was granted, Micron had been forced to litigate in district court for over a year and expend valuable resources defending against the frivolous claim.

32.     On September 1, 2022, the PTAB instituted a trial over whether the '833 patent is invalid. Ex. 5 (Institution Decision in IPR2022-00418). In its institution decision, the PTAB noted that claims of the invalid '831 patent and the '833 patent were "facially similar" and "appear quite similar." *Id.* at 15, 23.

33.     On August 28, 2023, following an administrative trial in IPR2022-00418, the PTAB found all asserted claims of the '833 patent to be invalid. Ex. 6. The PTAB based the decision on the same prior art about which Micron had notified Netlist shortly after Netlist filed the lawsuit against Micron and which formed the basis for the nearly identical '831 patent claims being found invalid: Best, Mills, and Bonella. Ex. 6 at 51. Netlist did not simply lose the IPR proceeding; it lost it badly. And that was no surprise, because the IPR invalidity trial involved

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 13**

claims that the PTAB effectively had already found to be invalid in IPR2017-00692. By way of examples, the PTAB (1) found Netlist's attempts to misconstrue the claims to be "unavailing" (Ex. 5 at 14, 21), (2) rejected Netlist's attempts to apply the law incorrectly (*id.* at 15), and (3) found Netlist's contentions "not supported by the '833 patent" (*id.*). Indeed, the PTAB found certain of Netlist's assertions to be "disingenuous." *Id.* at 17, 21.

34.     Netlist once again did not bother to appeal the PTAB's decision in IPR2022-00418 that invalidated all asserted claims of the '833 patent. Micron was forced to litigate in the IPR2022-00418 proceeding for roughly 17 months and was forced to expend valuable resources defending against Netlist's frivolous claim.

35.     The lawsuit against Micron has been proven to be meritless and has harmed Micron in Idaho. Specifically, Netlist baselessly asserted infringement of the '833 patent. Netlist played litigation hardball to compensate for the underlying weakness of its assertion, aggressively litigating its case while failing to substantiate it. For instance, while Netlist knew— as any reasonable person would—that the '833 patent was invalid, Netlist opposed a stay pending IPR proceedings and forced Micron to spend significant resources on invalidity contentions, claim construction, and a stay motion. Meanwhile, Netlist directly interfered with Micron's business in Idaho. For example, Netlist sent demand letters and emails to Micron in Idaho in attempts to extort money from Micron, requested numerous meetings, and filed an infringement suit over an invalid patent. All of this required Micron to invest resources in preparing defenses—distracting Micron engineers from the innovative activities that make Micron a leading Idaho employer. This further required Micron to expend considerable resources to invalidate the '833 patent in a 17-month administrative trial that would have been entirely unnecessary had Netlist been acting in good faith. To date, despite the fact that the

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 14**

PTAB invalidated claim 15 of the '833 patent, Netlist has not even taken steps to dismiss its patent infringement lawsuit against Micron expressly premised on that very claim.

## CLAIM FOR RELIEF

### Bad-Faith Assertions Of Patent Infringement
### (Idaho Code §§ 48-1701 *et seq.*)

36.     Micron incorporates by reference and re-alleges every allegation contained in the preceding paragraphs as though fully set forth herein.

37.     Idaho's Act makes it "unlawful for a person to make a bad faith assertion of patent infringement in a demand letter, a complaint[,] or any other communication," Idaho Code § 48-1703(1), and allows a target of such bad faith conduct to "bring an action in district court" to seek relief, *id.* § 48-1706(1). "Each bad faith assertion of patent infringement constitutes a separate violation," *id.* § 48-1706(3), including escalations made with regard to an assertion made previously, *see Katana*, 2023 WL 3231201, at *10 ("[I]n commencing patent litigation against a target, a person may commit a separate violation at each step or escalation of the process, rather than committing one extended violation that begins with the demand letter … no matter what escalatory tactics are employed in between.").

38.     Starting with its 2021 demand letter and lawsuit, and continuing through its various litigation actions which culminated in the invalidation of the asserted claims of the '833 patent, Netlist baselessly asserted the '833 patent against Micron in the lawsuit. From firing off a demand letter and filing suit on the same day, to ignoring (and misleadingly omitting from its demand letter) the prior IPR2017-00692 proceeding that rendered the '833 patent effectively invalid, Netlist's course of conduct smacked of bad faith. Direct and circumstantial evidence

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 15**

shows that Netlist knew and should have known that its assertion of patent infringement against Micron was unreasonable.

39.     For example, an important factor under the Act is that "[t]he person asserting a claim or allegation of patent infringement acts in subjective bad faith, or a reasonable actor in the person's position would know or reasonably should know that such assertion is meritless." Idaho Code § 48-1703(2)(f).  Here, Netlist was acting in subjective bad faith—and there can be no doubt that "a reasonable actor in [Netlist's] position would know or reasonably should know that [the lawsuit] is meritless"—because the PTAB had already found virtually identical claims to those in the '833 patent to be invalid.

40.     By way of another example, another important factor under the Act is that "[t]he claim or assertion of patent infringement is deceptive." *Id.* At § 48-1703(2)(g).  Here, Netlist's claim is deceptive because Netlist's demand letter touts the strength of the '833 patent based on Netlist "prevail[ing]" in prior PTAB proceedings but misleadingly omits to mention that virtually identical claims in a related Netlist patent were held invalid in PTAB proceeding IPR2017-00692.

41.     By way of a final example, another instructive factor under the Act is that "[t]he person or its subsidiaries or affiliates have previously filed or threatened to file one (1) or more lawsuits alleging patent infringement based on the same or similar claim, the person attempted to enforce the claim of patent infringement in litigation and a court found the claim to be meritless." *Id.* At § 48-1703(2)(h).  Here, virtually identical claims were subject to a prior litigation (the IPR2017-00692 proceeding) and the PTAB found those claims to be meritless.

42.     This pattern of bad-faith conduct persisted in the lawsuit.  At every turn, Netlist failed to "engage[] in a good faith." *Id.* § 48-1703(3)(a).  Netlist refused to dismiss the lawsuit

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 16**

when Micron learned of the IPR2017-00692 proceeding, a proceeding that Netlist concealed from Micron in its deceptive demand letter. Netlist refused to agree to a stay of the lawsuit pending IPR proceedings to reduce the costly burden on Micron. At bottom, the outcome of the IPR2022-00418 proceeding unambiguously demonstrates that Netlist's assertion was completely lacking in merit, as Micron successfully invalidated the asserted claims with ease.

43.    The bad faith assertion of the '833 patent violates Idaho's Act, and Micron is entitled to declaratory and monetary relief as a result.

## V.    ATTORNEYS' FEES

44.    As a result of the conduct by Netlist as enumerated herein, Micron has been required to retain the services of counsel to assist Micron in pursuing the prosecution of its Complaint against Netlist. Micron is entitled to recover its attorneys' fees in the pursuit of this litigation pursuant to Idaho Code § 48-1706(1)(c), Idaho Rule of Civil Procedure 54, and such further and additional provisions of the Idaho Rules of Civil Procedure and Idaho Code that may be applicable. A reasonable attorneys' fee in the event judgment is entered against Netlist after the entry of default is $40,000.00 and an additional amount if this Complaint is answered or otherwise defended.

## VI.    REQUEST FOR A JURY TRIAL

45.    Micron requests a jury trial of all issues in this action that are so triable.

## VII.    PRAYER FOR RELIEF

Micron respectfully requests that this Court grant the following relief:

(a)    A declaration that Netlist has made a bad-faith assertion of patent infringement against Micron in violation of Idaho Code § 48-1703 and thus engaged in an

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 17**

unlawful, unfair, and deceptive act or practice in trade or commerce under the

Idaho Consumer Protection Act.

(b)     An award of damages, both compensatory and exemplary, pursuant to Idaho Code

§ 48-1706(b) and (d) and any other applicable authority.

(c)     An award of costs and fees, including reasonable attorney fees associated with this

litigation, pursuant to Idaho Code § 48-1706(c), Idaho Rule of Civil Procedure 54,

and any other applicable authority.

(d)     Any other relief that the Court deems just and proper.


DATED:  December 11, 2023


                                        HOLLAND & HART LLP


                                        By:/s/ Teague I. Donahey
                                        Teague I. Donahey
                                        Christopher C. McCurdy

                                        Jared Bobrow, (pro hac vice forthcoming)
                                        Jason Lang, (pro hac vice forthcoming)
                                        ORRICK, HERRINGTON & SUTCLIFFE
                                        LLP

                                        Attorneys for Plaintiffs Micron Technology,
                                        Inc., and Micron Semiconductor, Inc.


31055118_v1


**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 18**