UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Civil No. 2:22-cv-00293-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY TEXAS, LLC, et al., <br><br> Defendants. | Civil No. 2:22-cv-00294-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S RESPONSE TO NETLIST'S OBJECTIONS TO
REPORT AND RECOMMENDATION OF THE SPECIAL MASTER (DKTS. 377, 535)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................................... ii

TABLE OF EXHIBITS ............................................................................................................... iii

TABLE OF ABBREVIATIONS .................................................................................................. iii

I.   Dkt. 193: The Court Should Reject Netlist's Objections to the R&R Regarding a Protective Order Against Discovery on Issues Being Adjudicated in the C.D. Cal. Case ............................................................................................ 1

    A.   Topic 115: Samsung Is Not Withholding Testimony on JDLA Negotiation ............................................................................................................ 2

    B.   Topics 101, 116-118: Netlist Forfeited Discovery on Other Rule 30(b)(6) Topics .......................................................................................................... 2

    C.   ESI Requests: It Is Too Late for Netlist To Seek ESI at This Stage in the Case .................................................................................................................... 4

    D.   Samsung Has Already Provided Extensive Discovery on JDLA-Related Issues ........................................................................................................ 5

    E.   The C.D. Cal. Case's Trial Date Further Shows Why More Discovery into Alleged JDLA Breach/Termination Is Unnecessary ................................. 7

II.  Dtk. 225: The Court Should Implement the Recommendation To Deny Netlist's Motion To Preclude Samsung Witnesses Related to Samsung's License Defense ........................................................................................................... 8

III. Dkt. 224: The Court Should Implement the Recommendation To Deny Netlist's Motion To Compel Mr. Joo Sun Choi's Deposition ...................................... 9

IV.  Dkt. 202: The Court Should Implement the Recommendation To Compel Netlist To Present Dr. Hyun Lee for Limited Deposition .......................................... 9

V.   Dkts. 139, 142: The Court Should Implement the Recommendation To Compel Netlist To Produce Its Negotiations with SK hynix ................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brazos River Auth. v. GE Ionics, Inc.*,
    469 F.3d 416 (5th Cir. 2006) ................................................................................................. 6

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
    No. 6:11-CV-00201-JRG, 2017 WL 11630427 (E.D. Tex. June 7, 2017) ............................ 3

*GREE, Inc. v. Supercell Oy*,
    No. 2:19-CV-000071-JRG-RSP, 2020 WL 2473553 (E.D. Tex. May 12, 2020) ................. 6

*Nichols v. Enterasys Networks, Inc.*,
    495 F.3d 185 (5th Cir. 2007) ................................................................................................. 4

*Olivas v. U.S. Steel Corp.*,
    No. 2:11-CV-307-JRG, 2012 WL 5270136 (E.D. Tex. Oct. 24, 2012) ................................. 3

*Psara Energy, Ltd. v. Space Shipping, Ltd.*,
    427 F. Supp. 3d 858 (E.D. Tex. 2019) .................................................................................. 4

*Slack v. Outback Steakhouse of Fla., LLC*,
    No. 6:20-CV-00103-JCB, 2022 WL 1177892 (E.D. Tex. Apr. 20, 2022) ............................. 3

**Other Authorities**

Fed. R. Civ. P. 30 ............................................................................................................................ 2

Fed. R. Civ. P. 37 ............................................................................................................................ 8

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| A | Samsung's Objs. to Netlist's 30(b)(6) Notice of Deposition (October 30, 2023) (excerpts) |
| B | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993, Dkt. 133 (C.D. Cal., Aug. 6, 2021) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) |
| *EDTX1* | *Netlist Inc. v. Samsung Electronics Co. Ltd.*, No. 2:21-CV-463 (E.D. Tex.) |
| JDLA | Joint Development & License Agreement |
| JDP | Joint Development Project |
| R&R | Report & Recommendation of Special Master, Dkt. 377 |

The Special Master properly rejected each of Netlist's improper, overbroad misapplications of the discovery process. Dkt. 377. The Court should overrule Netlist's objections, and implement the R&R's recommendations.

**I.    Dkt. 193: The Court Should Reject Netlist's Objections to the R&R Regarding a Protective Order Against Discovery on Issues Being Adjudicated in the C.D. Cal. Case**

The Court should reject Netlist's objections to the R&R as to Samsung's motion for a protective order regarding alleged JDLA breach and termination. The R&R's recommendation is straightforward: an order against further discovery "regarding issues solely before the [C.D. Cal.], including Netlist's allegations that Samsung breached the payment provision (§ 3) and supply provision (§ 6.2) of the JDLA, and Netlist's subsequent termination of the JDLA on July 15, 2020[.]" Dkt. 377 at 4-5. Rather than identify any error in the R&R, Netlist improperly uses its objections to seek discovery into matters that were not covered by Samsung's motion, including license **scope** and other matters not expressly related to "termination and breach of the JDLA." *See* Dkt. 535 at 1-4. Because the R&R bars redundant discovery into termination and breach, and not other issues, Netlist has no basis for raising collateral discovery issues that it could (and should) have raised far earlier.

Moreover, Netlist's continued effort to obtain discovery here on issues related to the breach/termination of the JDLA is an improper and transparent attempt to obtain discovery for use in the C.D. Cal. Case, made worse by the fact that the C.D. Cal. court has already rejected new discovery in that case. *See, e.g.*, Dkt 538-1 at 5-6. And while not always specifically using the words "breach" or "termination," Netlist's requests must be seen for what they are: an effort to obtain discovery for use in the C.D. Cal. Case. *See* Dkt. 535 at 1 ("To properly determine the scope of the license agreement, discovery is necessary at least as to the negotiation history of the JDLA, **the purpose of the agreement**, Samsung's interpretation of the license scope, **as well as the parties' course of dealing relating to the execution of the joint development project**." (emphasis added)). Setting aside for a moment that the scope of the license has already been determined in *EDTX1* and

1

Netlist is bound by that determination, Netlist's assertions that Samsung has improperly withheld discovery on issues that are relevant here, such as negotiation of the JDLA, is untimely and incorrect.

### A. Topic 115: Samsung Is Not Withholding Testimony on JDLA Negotiation

First, Samsung is not withholding deposition testimony on negotiation of the JDLA. Netlist's objections to the R&R even acknowledge that Samsung has committed to present a witness for Rule 30(b)(6) Topic 115 ("The facts and circumstances relating to the negotiation of the JDLA."). *See* Dkt. 535 at 2. Specifically, Samsung proposed to offer a witness (Mr. Hyun Ki Ji) on this topic after the Court rules on its motion for a protective order. That way, the parties would have the Court's guidance as to whether it would be improper (as Samsung maintains) to allow questioning on matters being addressed by the C.D. Cal. Case (alleged breach and termination). *See, e.g.*, Dkt. 193 at 5. Netlist expressly agreed to this proposal. Dkt. 262-3 at 4 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Samsung will stand by its commitment with respect to Topic 115, and will make Mr. Ji available for deposition before trial pursuant to the parties' agreement; Netlist's intimation to the contrary, Dkt. 535 at 2 n.1, is false.

### B. Topics 101, 116-118: Netlist Forfeited Discovery on Other Rule 30(b)(6) Topics

The Court should reject Netlist's objections as to the protective order on 30(b)(6) Topics 101 and 116-118. As an initial matter, the R&R's holding that discovery into breach/termination are improper applies to Topics 116 and 118. Topic 116 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ relates entirely to the alleged breach/termination issues pending in the C.D. Cal. and, therefore, falls within the R&R's recommendation barring discovery "regarding issues solely before" the C.D. Cal. court. Dkt. 377 at 4-5. Topic 118 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is entirely

2

duplicative of Topic 85 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ except for its improper ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ clause, which implicates subject matter barred by the R&R. Netlist has already deposed Mr. Junseon Yoon on Topic 85.

Furthermore, Netlist has forfeited its right to pursue deposition testimony on Topics 101 and 116-118. In particular, when Netlist served the notice containing Topics 101 and 116-118, with less than a month remaining in the discovery period, Samsung promptly objected (including on the basis that the topics sought legal contentions) and offered to confer as to scope. Ex. A. Netlist never took Samsung up on that offer, and never filed a motion to compel. Having rejected Samsung's offer to confer, Netlist then proceed to take the deposition of Samsung's licensing witness, Mr. Yoon, including on Topic 85, and questioned him about the JDLA. *See generally* Dkt. 262-5. Now, with fact discovery long closed, it is far too late for Netlist to raise new discovery disputes regarding Topics 101 and 116-118—Netlist waived these disputes due to its failure to prosecute discovery by declining to confer on scope, and electing not to move to compel. *See, e.g.*, *Slack v. Outback Steakhouse of Fla., LLC*, No. 6:20-CV-00103-JCB, 2022 WL 1177892, at *1-2 (E.D. Tex. Apr. 20, 2022) (explaining how failure to file motion to compel "waived [any] complaint"); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2017 WL 11630427, at *2 (E.D. Tex. June 7, 2017) (denying relief where party never filed a motion to compel); *Olivas v. U.S. Steel Corp.*, No. 2:11-CV-307-JRG, 2012 WL 5270136, at *1-2 (E.D. Tex. Oct. 24, 2012) (describing consequences of failing to timely move to compel). Indeed, Netlist's choice to move to compel the deposition of Mr. Joo Sun Choi (which the R&R rightly rejected, as discussed in Section III, below), demonstrates its conscious decision to forgo these topics by not filing a timely motion to compel as to them.

3

## C.    ESI Requests: It Is Too Late for Netlist To Seek ESI at This Stage in the Case

Netlist's objections contain a vague request for ESI, *e.g.*, Dkt. 535 at 5; however, Netlist's opposition to Samsung's motion never disputed that the ESI it seeks relates solely to alleged JDLA breach/termination. *Compare* Dkt. 193 at 5 (Samsung's motion, identifying the requested ESI as being solely related to JDLA breach/termination), *with* Dkt. 209 (Netlist's opposition, which does not mention ESI). Thus, Netlist has waived any argument that its ESI requests cover more than JDLA breach/termination. *See, e.g.*, *Psara Energy, Ltd. v. Space Shipping, Ltd.*, 427 F. Supp. 3d 858, 859 (E.D. Tex. 2019) ("[Plaintiff] waived this argument because it was not briefed in their response[.]"); *see also Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) (arguments are waived when inadequately briefed).

Moreover, Samsung produced all of its ESI discovery from the C.D. Cal. Case in this case. Thus, Netlist has already obtained complete ESI discovery from the two custodians Netlist identified in its objections to the R&R (Mr. Indong Kim and Mr. Ho Jung Kim), regarding the subject matter Netlist identified in its objections (JDP collaboration and JDLA negotiation). *Contra* Dkt. 535 at 5; *see* Ex. B (order from C.D. Cal. Case identifying search terms and custodians).

Furthermore, Netlist also forfeited its ESI requests by declining to engage in the meet-and-confer process prescribed by the ESI order (Dkt. 78). In particular, the ESI order sets forth a procedure for the parties to confer to narrow overbroad search terms, and seek the Court's intervention if needed. *Id.*, ¶ 10. Between September and October of last year, Samsung objected to Netlist's ESI terms, informed Netlist's counsel that all of its ESI search terms were overbroad and result in excessive hit counts that are unreasonable under the ESI order, and demanded that Netlist provide narrowed search terms. Netlist never responded to narrow its ESI requests for any of the ESI custodians Netlist identified, as it was required to do under the ESI order, *id.* Netlist failed to pursue ESI discovery, did not file a motion to compel regarding ESI discovery, and thus waived its

4

right to seek ESI discovery. *See supra*, § I.C (collecting cases regarding waiver). Having failed to engage in the requisite narrowing and procedures in the ESI order, it is too late for Netlist to re-open burdensome and time-consuming ESI discovery.

### D. Samsung Has Already Provided Extensive Discovery on JDLA-Related Issues

Netlist spends pages complaining about JDLA-related discovery in its objections, Dkt. 535 at 2-5; however, none of these complaints warrant overruling the R&R. Netlist's objections are, in essence, a motion to compel further discovery, filed long after the deadline for doing so. *See* Dkt. 205 (setting the deadline for motions to compel for November 20, 2023).

First, in an attempt to downplay the fact that it has received thousands of documents and numerous deposition transcripts from the C.D. Cal. Case, Netlist complains that "the scope of the JDLA's license grant was not at issue in C.D. Cal." Dkt. 535 at 3. This argument ignores that Samsung has extensively disclosed its position on the scope of the license in both *EDTX1*[1] and this case (e.g., in its interrogatory responses and extensive briefing), and has agreed with Netlist to provide a witness, Mr. Hyun Ki Ji, as to JDLA negotiations (sought in Topic 115) after resolution of its motion for a protective order. *See* Dkt. 262-3 at 4. Netlist also ignores that: (1) **this Court has already interpreted the scope of the JDLA's license** in *EDTX1*, holding that Samsung's JDLA license extends to **all** semiconductor products (except Foundry Products), and (2) issue preclusion prevents Netlist from re-litigating the issue here. *See, e.g.*, Dkt. 337 at 7-9; Dkt. 516 at 2-3; *see also EDTX1*, Dkt. 432 at 2; *EDTX1*, Dkt. 494 at 1266:17-25.[2] Netlist's suggestion that it has been deprived of discovery as to Samsung's position on the scope of the JDLA's license is disingenuous.

Second, despite having had an opportunity to question Samsung's licensing witness Junseon

---

[1] The parties have agreed that *EDTX1* documents are available for use in this case, Dkt. 132, and have produced, by agreement, the transcripts of certain fact witnesses from *EDTX1* in this case.

[2] Samsung's Motion for Partial Summary Judgment That All Accused Products Are Covered by Netlist's License to Samsung in the JDLA, Dkt. 337, is fully briefed. In this briefing, Netlist did not dispute that none of the accused products are Foundry Products. *See* Dkt. 516 at 1.

5

Yoon in two separate depositions, Netlist complains that Mr. Yoon was not designated on the deposition topics Netlist would have preferred—e.g., contention Topics 117 and 118—and was not involved in negotiation of the JDLA. Dkt. 535 at 3. However, this argument ignores Netlist's agreement to defer a deposition of a separate witness (Mr. Ji) regarding negotiation of the JDLA (sought by Topic 115, *see* Dkt. 262-3 at 4), as well as Netlist's forfeiture on other JDLA topics (as discussed above in § I.B). Moreover, Netlist's complaint that "Mr. Yoon . . . had not been involved in the negotiation of the JDLA," Dkt. 535 at 3, disregards Samsung's right to educate an individual to testify about Samsung's license defense as a corporate representative, as Mr. Yoon did in his deposition in this case. *See generally* Dkt. 262-5. Indeed, "corporate representatives do not need to have personal knowledge," *GREE, Inc. v. Supercell Oy*, No. 2:19-CV-000071-JRG-RSP, 2020 WL 2473553, at *2 (E.D. Tex. May 12, 2020), and instead present "the corporation's 'position' on the topic[s]," *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006).

Third, because Samsung produced all of its deposition transcripts from the C.D. Cal. Case (negating any argument that Netlist needs more depositions about alleged breach and termination), Netlist resorts to complaining about the timing of Samsung's production. Dkt. 535 at 3-4. This complaint is immaterial because Samsung produced the transcripts during fact discovery, following extensive negotiations with Netlist about which transcripts the parties would mutually agree to produce. Netlist ignores that it did not produce its own C.D. Cal. transcripts until the parties reached an agreement. If Netlist believed it was entitled to the transcripts sooner, it could have produced its own transcripts and moved to compel Samsung to do the same. It is far too late for Netlist to complain about timing.

As part of its effort to re-open the record on alleged breach/termination beyond what was produced in C.D. Cal., Netlist resorts to its oft-repeated, false contention that "Samsung substantively changed its position with respect to the license scope" between the C.D. Cal. Case and the present

6

case. Dkt. 535 at 4. As Samsung has exhaustively explained in other submissions, **Samsung has never argued, in any forum, that its patent license is limited to the JDP or to JDP products**. *E.g.*, Dkts. 203, 283, 378, 534. Samsung will not repeat all of the bases for its position here. Suffice it to say, Netlist's false contention does not show any error in the R&R's recommendation to bar further discovery "regarding issues solely before the [C.D. Cal.]." Dkt. 377 at 4-5.

Finally, Netlist suggests the Court's order denying Samsung's request to strike Netlist's summary judgment motion on license was somehow an approval for discovery into alleged breach and termination issues. Dkt 535 at 4. This argument misstates the Court's order denying Samsung's motion to strike (Dkt. 310), which made no such finding. Netlist glosses over the fact that the R&R expressly considers (and quotes) the Court's determination that it could "defer issues of Netlist's alleged termination of the JDLA to the Central District of California[.]" Dkt. 377 at 4 (quoting Dkt. 290-1 at 5). The Court's decision not to strike Netlist's summary judgment motion contained no statements approving of discovery into alleged JDLA breach/termination. Instead, the Court determined that Samsung's strike motion amounted to "a de facto response" to the merits of Netlist's motion and declined to strike. Dkt. 310 at 2. That order has no impact on Samsung's motion for a protective order on alleged JDLA breach/termination—a motion the Court referred to the Special Master after issuing its order denying Samsung's motion to strike. *Compare* Dkt. 311, *with* Dkt. 310.

### E. The C.D. Cal. Case's Trial Date Further Shows Why More Discovery into Alleged JDLA Breach/Termination Is Unnecessary

The C.D. Cal. Case will address alleged JDLA breach/termination in the near future, with a trial set for March 26, 2024. *See* Dkt. 538-1 at 10. Permitting Netlist to reopen discovery into the very same issues—as its objections propose—would promote only waste and unfairness. Indeed, as noted, Netlist's efforts to do so here appear designed, not for use **in this case**, but to augment the record in the C.D. Cal. Case. *See, e.g.*, Dkt. 553 (seeking to modify the Protective Order in this case to use evidence in the C.D. Cal. Case). The C.D. Cal. court has already denied Netlist's motion to supplement

7

the summary judgment record with, *inter alia*, testimony from the E.D. Tex. litigation and statements from the Ninth Circuit Appeal. See Dkt. 538-1 at 5-6. Yet Netlist continues to seek to modify the record in C.D. Cal. by taking discovery in this case for use there. *See, e.g.*, Dkt. 553. The Court should implement the R&R's well-reasoned analysis, and should enter the recommended protective order.

## II. Dtk. 225: The Court Should Implement the Recommendation To Deny Netlist's Motion To Preclude Samsung Witnesses Related to Samsung's License Defense

The R&R recognizes that Samsung did nothing wrong by moving for a protective order into further discovery regarding alleged JDLA breach/termination, and withholding discovery while the Court considered its motion. Dkt. 377 at 5-6. The Federal Rules expressly contemplate Samsung's procedure, and Netlist's contention that Samsung acted improperly, Dkt. 535 at 5, directly contravenes those rules. Under Rule 37(d)(2), the presence of a "pending motion for a protective order" can excuse non-attendance at a deposition. The R&R's endorsement of Samsung's conduct demonstrates that it was reasonable for Samsung to rely on its pending motion for a protective order. To preclude Samsung from presenting a defense through a witness, or from presenting its defense at all, would be manifestly unfair under the circumstances.[3]

The Court also should reject Netlist's vague proposal that Samsung not be allowed to rely on documents or testimony produced after the close of fact discovery (Dkt. 535 at 5-6) at least because Netlist never identifies the material it seeks to preclude. Nor can Netlist identify any prejudice it has suffered, or explain why it waited until objections to an R&R to raise this issue. To the extent Netlist is referring to the forthcoming deposition of Mr. Hyun Ki Ji, as discussed above, Netlist **agreed** to defer his deposition until after resolution of Samsung's protective order motion and thus forfeited any objection as to the deposition's timing. Dkt. 262-3 at 4

---

[3] Netlist's original motion sought to preclude only Samsung witnesses and never explicitly requested wholesale preclusion of Samsung's license defense. *See* Dkt. 225.

8

### III. Dkt. 224: The Court Should Implement the Recommendation To Deny Netlist's Motion To Compel Mr. Joo Sun Choi's Deposition

As the R&R describes (and Netlist does not dispute), Netlist sought Mr. Joo Sun Choi's deposition on the basis of his "knowledge regarding breach and termination of the JDLA." Dkt. 377 at 5.  Because issues of breach and termination should be off limits in this case (as discussed above), the Court should reject Netlist's objections as to this aspect of the R&R.  In addition, Netlist's allegation that Mr. Choi does not deserve "apex" status is unsupported by even a shred of evidence.  Mr. Choi is the CEO of a company that is not a party to this case, and the R&R's well-reasoned apex analysis should not be disturbed.

### IV. Dkt. 202: The Court Should Implement the Recommendation To Compel Netlist To Present Dr. Hyun Lee for Limited Deposition

Netlist does not dispute the R&R's core finding about Dr. Hyun Lee: he is the "only living named inventor" of the asserted '608 patent.  Dkt. 377 at 10.  The R&R correctly reasons that this fact "alone is sufficient to compel his deposition" and that it is "of no consequence that Dr. Lee testified regarding a different, albeit related, patent in [*EDTX1*]."  *Id.* at 11.  Netlist cites no authority for its erroneous contention that it should be free to assert new patents against Samsung without having to present its inventors for examination on such patents.  The fact that Dr. Lee was deposed on a different patent that shares text and drawings with the '608 patent is no basis to deny Samsung the opportunity to take a deposition on the patent that Netlist asserted in this case.  Further, Dr. Lee's failure to remember aspects of the prosecution of one patent says nothing about his potential recollections as to numerous other facts that are relevant to the '608 patent.  The R&R also rightly acknowledges that Dr. Lee is knowledgeable about participation in JEDEC meetings, which Netlist does not dispute.

Given the scope of the information upon which Dr. Lee must be questioned, during a translated deposition, the R&R properly recommends a deposition of 5 hours.  Such an approach is

9

reasonable in view of Dr. Lee's long experience in the subject matter (including experience with JEDEC, which touches on Samsung's defenses concerning Netlist's misconduct connected with that body), as well as his role in allegedly inventing the claimed subject matter.  Netlist's proposal that Samsung should be limited to Dr. Lee's past testimony is grossly unfair.

### V.   Dkts. 139, 142: The Court Should Implement the Recommendation To Compel Netlist To Produce Its Negotiations with SK hynix

The Court should require Netlist to produce its negotiations with SK hynix, consistent with the R&R.  Netlist's argument that the R&R is inconsistent with a determination by Magistrate Judge Payne in Netlist's earlier litigation against Micron (Dkt. 535 at 10) is incorrect because Judge Payne did not consider the fact that, in *EDTX1*, Netlist **expressly criticized Samsung's expert for failing to consider the value SK hynix assigned to the particular patents**.  *See* Dkt. 377 at 8.  The R&R describes the intrinsic unfairness of Netlist's plan to argue "that an analysis of the SK Hynix agreement must consider the value SK Hynix placed on Netlist's patents, while simultaneously arguing that negotiation documents probative of such value are not discoverable."  *Id.* at 9.  Indeed, Netlist's *Daubert* motion regarding Ms. Kindler's damages analysis makes this exact argument.  Dkt. 355 at 1-4.  Judge Payne's decision not to reconsider his ruling does not change the unfairness in Netlist's withholding discovery while arguing that such discovery is required for a reliable apportionment analysis.  Consistent with the R&R, the Court should order Netlist to produce license negotiation materials shared with SK hynix.

Finally, the R&R recommends dismissing without prejudice Netlist's motion for a protective order regarding SK hynix's production of documents "subject to Netlist producing documents as recommended above with respect to Dkt. No. 139."  Dkt. 377 at 9-10.  Because Netlist has since represented that does not possess any relevant documents regarding negotiations with SK hynix, Dkt. 535 at 9, the Court should permit SK hynix to produce the documents that it has collected. Correspondence with SK hynix's counsel indicates that it has material ready to produce, and was

withholding solely to permit Netlist to make its objection.  Dkt. 142-3.  There is no reason to bar SK hynix from making the production that it has already prepared.

Dated:  February 20, 2024

Respectfully submitted,

By:  */s/ Daniel A. Tishman*

<div style="columns:2">

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:       (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

</div>

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 20, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Daniel A. Tishman*