# Exhibit 2

[redacted]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 2:06-CV-72 DF |
| § | | |
| WELLS FARGO & COMPANY, et al., § | | |
| Defendants. § | | |

**O R D E R**

This case has been previously set for a "Phase III" trial in October 2010. *See* 1/19/2010 Order, Dkt. No. 1870. The Phase III Defendants are: Bank of America Corporation; Bank of America, National Association; LaSalle Bank Corporation; LaSalle Bank National Association; SunTrust Banks, Inc.; SunTrust Bank; KeyCorp; and KeyBank National Association (collectively, "Defendants" or "Phase III Defendants"). KeyCorp and KeyBank National Association have recently settled with Plaintiff. *See* Dkt. Nos. 2376 & 2385.

Before the Court is Plaintiff's Motion *in Limine* for the Phase III Trial. Dkt. No. 2306. Also before the Court are Defendants' response and Plaintiff's reply. Dkt. Nos. 2327 & 2337.

Before the Court is the Phase III Defendants' Omnibus Motions *in Limine*. Dkt. No. 2311. Also before the Court are Plaintiff's response, Defendants' reply, and Plaintiff's sur-reply. Dkt. Nos. 2325, 2339, & 2349.

The Court also heard oral arguments on several *in limine* items at the Initial Pretrial Conference on September 30, 2010. *See* 9/30/2010 Minute Entry, Dkt. No. 2383. Having considered the briefing, oral arguments of counsel, all relevant papers and pleadings, the Court finds the motions should be GRANTED IN PART and DENIED IN PART as set forth herein.

1

resolving this issue.

On balance, the more proper vehicles for addressing Defendants' concerns on this topic are objections and rehabilitation, not *in limine* exclusion of cross-examination. Defendants have not presented any authority to the contrary. This *in limine* item is hereby DENIED.

**11c. The Parties should be precluded from asserting that a person who is acting as a Party's corporate representative at trial (1) has a legal obligation to prepare to testify on any particular topic, (2) is charged with the knowledge of others within the company, or (3) has the ability to bind the Party with his or her trial testimony.**

Defendants argue that such assertions by Plaintiff in the Phase I trial were unsupported by applicable law. Dkt. No. 2311 at 18-19. First, Defendants submit that unlike a designee under Federal Rule of Civil Procedure 30(b)(6), a corporate representative at trial is not given a list of topics for questioning. *Id.* at 19. Second, Defendants submit that all fact witnesses, including corporate representatives, are limited to their own personal knowledge. *Id.* Third, Defendants submit that a corporate representative at trial cannot make judicial admissions, which are binding for the case, but rather can only make evidentiary omissions, which can be later rebutted or explained. *Id.* (discussing *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476-77 (5th Cir. 2001)).

Plaintiff responds that "[t]his is an issue that is better taken up on a case-by-case basis." Dkt. No. 2325 at 35. Defendants reply that Plaintiff is wrong on the law and that "[c]alling these irrelevant matters to the jury's attention would serve only to confuse the jury, unduly prejudice Defendants, and waste time." Dkt. No. 2339 at 16. The parties also addressed this *in limine* item during the September 30, 2010 Initial Pretrial Conference. Neither party presents any case law directly resolving this issue. *Martinez*, the only case cited by either party, is not on point.

On balance, Plaintiff has not shown the propriety of instructing the jury on the obligations

48

of corporate representatives and the effect of their testimony. For example, even Rule 30(b)(6) testimony is not conclusively binding (8A Wright & Miller, Federal Practice and Procedure: Civil 3d § 2103 at 469-471 (*see* fn. 25)), and Plaintiff has not shown that the testimony of a corporate representative is any more binding at trial. *See Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 784-85 (6th Cir. 2003) (noting that "[c]orporations are allowed to choose any officer or employee as their designated representative"); *Queen v. Wash. Metro. Area Transit Auth.*, 842 F.2d 476, 481 (D.C. Cir. 1988) (rejecting argument that "Rule 615(2) was meant to except only officers and agents of parties empowered to bind the party through their testimony"); Fed. R. Evid. 615 advisory committee's note (1972) (discussing that in criminal cases, a government investigative agent can be excepted from sequestration as a representative under Rule 615(2)). Next, Federal Rule of Evidence 602 prohibits all witnesses from testifying beyond personal knowledge, and Plaintiff has not shown that a corporate representative at trial is presumptively imbued with the collective knowledge of the corporation. Plaintiff therefore should not argue that any corporate representative is incompetent or unreliable for not having complete knowledge of the entire company and all of its operations. Finally, Plaintiff has not shown that a corporate representative at trial is under any legal duty to prepare to testify.

This *in limine* item is therefore hereby GRANTED. Plaintiff can nonetheless challenge the evidentiary value of the testimony of a corporate representative in the same manner as with any other witness.

**12. Plaintiff should be precluded from offering testimony, evidence, or argument regarding claims added to the patents-in-suit following reexamination by the Patent and Trademark Office.**

Defendants argue that because Plaintiff does not assert any of the added claims against

No. 2311 at 35.

## IV.  CONCLUSION

Plaintiff's Motion *in Limine* for the Phase III Trial (Dkt. No. 2306) is hereby **GRANTED IN PART** and **DENIED IN PART** as set forth above.

The Phase III Defendants' Omnibus Motions *in Limine* (Dkt. No. 2311) is hereby **GRANTED IN PART** and **DENIED IN PART** as set forth above.

The Court further hereby **ORDERS** that the parties meet and confer regarding Plaintiff's *in limine* item number 55 (regarding notice of the prior art references that Defendants may use at trial) and advise the Court of their agreement or non-agreement by **October 7, 2010, at 12:00 P.M.**

**IT IS SO ORDERED.**