# Exhibit 14

███████████████████████

Appeal Nos. 22-55209, 22-55247

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

NETLIST INC.,
*Plaintiff/Appellee/Cross-Appellant*,

*v.*

SAMSUNG ELECTRONICS CO., LTD.,
*Defendant/Appellant/Cross-Appellee.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
THE HONORABLE MARK C. SCARSI, JUDGE
CASE NO. 8:20-CV-00993-MCS-ADS

---

## NETLIST INC.'S COMBINED APPELLEE'S ANSWERING BRIEF AND CROSS-APPELLANT'S OPENING BRIEF

---

COMPLEX APPELLATE LITIGATION GROUP LLP
REX S. HEINKE
811 WILSHIRE BLVD 17TH FLOOR
LOS ANGELES, CA 90017
TELEPHONE: (213) 878-0404

JOHANNA SCHIAVONI
501 WEST BROADWAY, SUITE 800
SAN DIEGO, CA 92101
TELEPHONE: (619) 642-2929

*Attorneys for Plaintiff/Appellee/Cross-Appellant Netlist Inc.*

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT ............................................. i

TABLE OF AUTHORITIES ...................................................................... v

APPELLEE'S ANSWERING BRIEF ........................................................ 1

    INTRODUCTION AND SUMMARY OF ARGUMENT ................... 1

    STATEMENT OF FACTS .................................................................. 4

        A.    Samsung Breaches the JDLA .......................................... 4

        B.    The District Court Entered Judgment in Favor of Netlist on All Three of Its Claims. ................................ 5

    ARGUMENT ....................................................................................... 9

        I.    The District Court Correctly Found Samsung Liable on Netlist's First Claim for Breach of the JDLA's Supply Obligation Pursuant to the Unambiguous Terms of the Contract. .................................................... 9

            A.    Background. ........................................................... 9

            B.    Standard of Review ............................................. 10

            C.    Contract Interpretation Principles of New York Law. ..................................................................... 10

            D.    The JDLA's Supply Obligation in §6.2 Unambiguously Requires Samsung to Supply Products on Netlist's Request at a Competitive Price. ..................................................................... 11

            E.    Alternatively, if the JDLA's Supply Provision Was Ambiguous, Netlist's Construction Still Prevails. ............................................................... 21

                1.    The Extrinsic Evidence Supports the District Court's Reading of §6.2. ................ 21

                2.    Samsung's Cited Authority, and the Pre- and Post-Contract Evidence, Do Not Support Its Construction of §6.2 ............... 24

F. The Award of Nominal Damages Is Sufficient to Sustain the Judgment on Claim 1. .................28

1. New York Breach-of-Contract Law Does Not Require Proof of Actual Damages.......28

2. The District Court Properly Awarded Nominal Damages. ....................................32

II. The District Court Correctly Found Samsung Liable on Netlist's Second Claim for Breach of the JDLA's NRE Payment Obligation. ............................................35

A. Background. ......................................................35

B. Standard of Review and Applicable Law............35

C. Section 3.1 Does Not Provide for a "Reasonable Misinterpretation" Defense to the Unambiguous Payment Obligation.....................36

D. The Nominal Damages Awarded by the Court Are Sufficient to Sustain Judgment on Claim 2.39

III. The District Court Properly Entered a Declaratory Judgment for Netlist That It Validly Terminated the JDLA.................................................................................39

A. Background. ......................................................39

B. Standard of Review and Applicable Law............41

C. Samsung's Breaches Were Material. ..................42

1. Samsung's Breach of §6.2 Was Material…42

2. Samsung's Breach of §3.1 Was Material…52

IV. The District Court Correctly Determined That Netlist Did Not Waive Its Right to Terminate. ...........57

V. The District Court Was Well Within Its Broad Discretion to Find Samsung Abandoned Its Affirmative Defenses Alleged but Not Raised at Summary Judgment. ..................................................60

A. Standard of Review............................................60

Case 2:22-cv-00293-JRG 08/04/2022 Document 674 3095982 Filed 02/27/24 Page 5 of 140 PageID #: 62391

B. The District Court Did Not Err or Abuse Its Discretion in Finding Samsung Waived Its Affirmative Defenses. ........................................... 61

VI. The District Court Did Not Abuse Its Discretion in Denying Samsung's Request to Belatedly Amend Its Answer to Plead an Election-of-Remedies Defense. ..... 68

    A. Standard of Review ............................................. 68

    B. The District Court Did Not Abuse Its Discretion in Finding That Samsung Waived Its Election-of-Remedies Defense. ....................... 69

CONCLUSION ................................................................................. 72

CROSS-APPELLANT'S OPENING BRIEF ............................................ 72

    INTRODUCTION AND SUMMARY OF ARGUMENT ................ 72

    JURISDICTIONAL STATEMENT .................................................. 73

    STATEMENT OF ISSUES PRESENTED ...................................... 73

    STATEMENT OF THE CASE AND FACTS ................................. 73

    A. The Parties Agree the Issue of Whether Samsung Breached the JDLA by Wrongly Withholding $1.32 Million in NRE Fees Was a Question for the Court.... 73

    B. The District Court Concluded That the Fees Paid to PwC Were Consequential Damages, Rather than Recoverable General Damages. .................................... 74

    STANDARD OF REVIEW ............................................................. 75

    Argument ........................................................................................ 76

    I. The District Court Erred as a Matter of Law in Concluding the PwC Fees Were Consequential Damages. ........................................................................... 76

        A. The $427,051.60 in Professional Fees Were General—Not Consequential—Damages. .......... 76

        B. Netlist Is Entitled to Prejudgment Interest. ...... 84

    CONCLUSION ................................................................................. 86

STATEMENT OF RELATED CASES ..................................................... 88

iv

1-ER-33. The extrinsic evidence does not support that reading. Just as the court in *Bank of N.Y.* did not read an unexpressed limitation into the contract language, this Court should not read an unexpressed limit into §6.2.

### F. The Award of Nominal Damages Is Sufficient to Sustain the Judgment on Claim 1.

#### 1. New York Breach-of-Contract Law Does Not Require Proof of Actual Damages.

Samsung claims that Netlist did not establish a breach of contract because it failed to prove "resulting damages." AOB 36-38. Samsung argues that the district court should not have awarded nominal damages because the jury returned a "no-damages verdict," AOB 38-41, and thus, Netlist failed to prove the "*fact* of resulting damages." AOB 41 (original emphasis). Samsung is wrong.

Under New York law, an award of actual damages is not required to prevail on a breach of contract claim. For more than a century, the New York Court of Appeals has held that, if a plaintiff proves "the defendant breached its contract," then, regardless of factual findings on damages, the plaintiff is "entitled as matter of law to an award of nominal damages." *Manhattan Sav. Inst. v. Gottfried Baking Co.*, 286 N.Y 398,

28

400 (1941) (reversing judgment for defendant and directing an award of nominal damages where plaintiff failed to prove damages but did prove breach).

In *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993), the New York Court of Appeals reiterated the "well-established rule of contract law that the law will infer at least nominal damages at the moment of breach." As the court explained: "Nominal damages allow vindication" of the breach of a party's contract rights and "[n]ominal damages are always available in breach of contract actions." *Id.* at 95-96 (citing 5 *Corbin on Contracts* §1001 (1951)); *Finley v. Atlantic Transp. Co.*, 220 N.Y. 249, 258 (1917) ("Whenever there is a breach of a contract or the invasion of a legal right[,] the law infers some damage.").

The New York Court of Appeals has further explained that where damages "were not proved with the required certainty," nominal damages still are recoverable. *Freund v. Wash. Square Press, Inc.*, 34 N.Y.2d 379, 383-84 (1974); *accord Hirsch Elec. Co., Inc. v. Cmty. Servs., Inc.*, 536 N.Y.S.2d 141, 143 (App. Div. 1988) ("[I]t is a well-settled tenet of contract law that even if the breach of contract caused no loss or if the amount of loss cannot be proven with sufficient certainty, the injured

29

party is entitled to recover as nominal damages a small sum fixed without regard to the amount of the loss, if any." (citation omitted)); *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 139 n.8 (2d Cir. 2014) ("Under New York law, nominal damages may be awarded to a party who has shown breach of contract, even in the absence of evidence of a related loss." (citing *Hirsch*)); Restatement (Second) of Contracts §346(2) (2022) ("If the breach caused no loss or if the amount of the loss is not proved . . . a small sum fixed without regard to the amount of loss will be awarded as nominal damages.").

Thus, "even the complete absence of damages resulting from the breach[ ] does not defeat a breach of contract claim." *McCoy Assocs., Inc. v. Nulux, Inc.*, 218 F. Supp. 2d 286, 294 (E.D.N.Y. 2002) (collecting cases).[4]

---

[4] Netlist properly preserved its ability to seek nominal damages under New York law, 1-ER-43 (reserving nominal damages as potential remedy for later determination as a matter of law), so the district court rejected Samsung's claim that Netlist waived its right to nominal damages. 1-ER-6, 1-ER-9 (citing *Kronos*, 81 N.Y.2d at 95). Samsung shows no clear error in the district court's refusal to find waiver. Samsung's two cited forfeiture cases, AOB 38 n.4, are inapposite and neither applies New York law. *Hunt v. Cnty. of Orange*, 672 F.3d 606, 617 (9th Cir. 2012) (affirming court's exercise of discretion not to amend pretrial order); *Flynn v. AK Peters, Ltd*, 377 F.3d 13, 23 (1st Cir. 2004) (applying Massachusetts law).

30

Samsung misreads the other cases it cites, none of which involved a plaintiff requesting nominal damages. In *Proper v. State Farm Mut. Auto. Ins. Co.*, 882 N.Y.S.2d 340, 341 (App. Div. 2009), the plaintiff asserted "that defendant breached its [insurance] contract by failing to fully" pay medical costs. But the plaintiff had "no bills or statements" to prove she incurred unpaid expenses—plaintiff had no evidence of breach—the opposite of the situation here. *Id.* In *Lexington 360 Assocs. v. First Union Nat'l Bank of N.C.*, 651 N.Y.S.2d 490, 492-93 (App. Div. 1996), the plaintiff had not even pled a viable claim for breach, let alone proven liability. The same holds true for *ERE LLP v. Spanierman Gallery, LLC*, 942 N.Y.S.2d 472, 473-74 (App. Div. 2012)—the pleading was "fatally deficient" because it "contain[ed] only boilerplate allegations of damage" rather than a factual basis for damage. The plaintiff in *Fellion v. Darling*, 789 N.Y.S.2d 541, 543 (App. Div. 2005), suffered the same fate, having failed to make out even "a prima facie case for breach of contract."

In *Holland Loader Co., LLC v. FLSmidth A/S*, 313 F. Supp. 3d 447, 483 (S.D.N.Y. 2018), the court recognized that the only relief the plaintiff sought was money damages, so there was nothing else for the court to

31

award. The plaintiff did not claim nominal damages under *Kronos*, *Manhattan Sav.*, or their progeny, none of which are cited in *Holland* in the district or circuit court. AOB 40 (citing *Holland Loader Co. LLC v. FLSmidth A/S,* 769 Fed. App'x 40 (2d Cir. 2019)).[5]

### 2. The District Court Properly Awarded Nominal Damages.

Samsung asks this Court to adopt a rule contrary to that of the New York Court of Appeals. AOB 39-40. Samsung contends that the rule from New York's highest court is not established and urges this Court to follow selected "intermediate appellate court" decisions. AOB 39.

Samsung is mistaken. As the discussion above demonstrates, New York's "well-established rule of contract law [is] that the law will infer at least nominal damages at the moment of breach." *Kronos*, 81 N.Y.2d at 94-95.[6]

---

[5] The same is true of the several other Appellate Division cases cited in AOB 36-37 n.3, in which the party claiming breach of contract did not claim nominal damages. *Viacom Outdoor, Inc. v. Wixon Jewelers, Inc.*, 919 N.Y.S.2d 151, 152 (App. Div. 2011); *Cramer v. Spada*, 610 N.Y.S.2d 662, 664 (App. Div. 1994).

[6] *Wakeman v. Wheeler & Wilson Mfg. Co.*, 101 N.Y. 205, 209, 217-18 (1886), is not to the contrary. That court reversed a judgment and remanded for a new trial on damages, directing that certain expert

The district court acknowledged that New York Pattern Jury Instruction No. 4:20 "recognizes a tension between the principle that nominal damages are always available, even when there is no loss or loss is not proven with sufficient certainty, and the principle that damages is an element of the claim without which a plaintiff cannot maintain an action." 1-ER-6. The court held that "the New York Court of Appeals has repeatedly made clear that '[n]ominal damages are *always* available in breach of contract actions.'" 1-ER-6 (quoting *Kronos*, 81 N.Y.2d at 95, citing *Manhattan Sav.*, 286 N.Y. at 400 and *Freund*, 34 N.Y.2d at 384-85).

Because the federal court is bound to apply "the decision of the *highest* state court," *Sharp v. County of Orange*, 871 F.3d 901, 921 (9th Cir. 2012) (original emphasis), the district court "respectfully decline[d] to follow the decisions Samsung cites in which lower state courts and federal courts have rejected breach claims in the absence of pleading or proof of damages." 1-ER-6. Instead, the court recognized that "Samsung does not cite, and the Court is not aware of, any decision of the New York

---

opinion testimony be permitted. *Tractabel Energy Mktg., Inc. v. AEP Power Mktg.*, 487 F.3d 89 (2d Cir. 2007), also does not hold otherwise. *Id.* at 112-13 (reversing for redetermination of plaintiff's damages).

33

Court of Appeals that supports [Samsung's] position that judgment should be entered against a plaintiff who proves liability for a breach of contract claim but fails to prove damages at trial. The single Court of Appeals decision Samsung cites in its motion confirms the availability of nominal damages in the absence of proof of actual damages." *Id.* (citing *Freund*, 34 N.Y.2d at 384-85).

Thus, the district court properly awarded nominal damages, regardless of whether actual damages were awarded. 1-ER-3, 1-ER-6; *e.g.*, *Freund*, 34 N.Y.2d at 383-84 (finding breach but no actual damages and therefore modifying judgment to award nominal damages of six cents as "formal vindication of plaintiff's legal right"); *Manhattan Sav.*, 286 N.Y at 400 (directing an award of nominal damages where plaintiff failed to prove damages but did prove breach); *Perry v. McMahan*, 84 N.Y.S.3d 508, 509-10 (App. Div. 2018) (affirming trial court's award of nominal damages to plaintiff after "the jury found that the plaintiff suffered no damages from the breach" because "actual damages are not an essential element [for breach], and nominal damages are [instead] recoverable to vindicate contract rights").

34

Because there was a breach of contract, Netlist was entitled to $1.00 nominal damages as a matter of New York law. This was sufficient to sustain the judgment on Claim 1.

## II. The District Court Correctly Found Samsung Liable on Netlist's Second Claim for Breach of the JDLA's NRE Payment Obligation.

### A. Background.

In its second claim for breach, Netlist alleged that (1) the JDLA required payment of the $8 million NRE fee, (2) the NRE fee was not taxable in Korea, and thus (3) Samsung's withholding 16.5% of the NRE fee ($1.32 million) breached Samsung's payment obligation under JDLA §3.1. 7-ER-1530, 7-ER-1533, ¶¶15-16, 32.

The district court granted summary judgment to Netlist as to liability on this claim. 1-ER-42, 1-ER-48.

### B. Standard of Review and Applicable Law.

As discussed above, under New York law, the award of nominal damages is an issue of law for the court. *Manhattan Sav.*, 286 N.Y at 400.

35

Respectfully Submitted,

Date: August 4, 2022

By: s/ *Rex S. Heinke*
    Rex S. Heinke
    Johanna Schiavoni
Complex Appellate Litigation Group LLP

*Attorneys for Plaintiff, Appellee and Cross-Appellant Netlist Inc.*