UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY TEXAS, LLC, et al.,<br><br>Defendants. | Civil No. 2:22-cv-00294-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION TO NETLIST'S MOTION
FOR RELIEF FROM PROTECTIVE ORDER (DKT. 553)**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

TABLE OF EXHIBITS ............................................................................................................. iv

TABLE OF ABBREVIATIONS ................................................................................................ iv

I.  BACKGROUND ............................................................................................................ 2

II. ARGUMENT .................................................................................................................. 3

    A. Netlist Has Not Established Good Cause To Modify the Protective Order ........................................................................................................... 3

        1. Netlist Has the Burden To Justify Modifying the Stipulated Order ............................................................................................ 3

        2. Netlist Has Not Shown Good Cause ................................................. 4

        3. Netlist's Attempt To Extend C.D. Cal. Discovery Prejudices Samsung ............................................................................................ 5

    B. The Remaining Factors Also Weigh Against Modifying the Protective Order ........................................................................................................... 6

III. CONCLUSION ............................................................................................................... 7

\* All emphasis in this brief is added unless otherwise noted.

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bayer AG v. Barr Labs., Inc.*,
  162 F.R.D. 456 (S.D.N.Y. 1995) ................................................................................................ 7

*Beard v. New York Cent. R.R. Co.*,
  20 F.R.D. 607 (N.D. Ohio 1957) ............................................................................................... 6

*Faulkner v. Nat'l Geographic Soc.*,
  452 F. Supp. 2d 369 (S.D.N.Y. 2006) ....................................................................................... 5

*Jochims v. Isuzu Motors, Ltd.*,
  145 F.R.D. 499 (S.D. Iowa 1992) ......................................................................................... 4, 7

*Martindell Int'l Tel. & Tel. Corp.*,
  594 F.2d 291 (2d Cir. 1979) ...................................................................................................... 7

*Newin Corp. v. Hartford Accident & Indem. Co.*,
  467 N.E.2d 887 (N.Y. 1984) ..................................................................................................... 5

*Ocean Semiconductor LLC v. NXP USA, Inc.*,
  No. W-20-CV-1212-ADA, 2023 WL 3167443, (W.D. Tex. Apr. 28, 2023) ......................... 3, 4

*Perkins v. New York Cent. R.R. Co.*,
  24 N.Y. 196 (1862) .................................................................................................................... 5

*Raytheon Co. v. Indigo Sys. Corp.*,
  No. 4:07-CV-109, 2008 WL 4371679 (E.D. Tex. Sept. 18, 2008) ........................................... 6

*Stack v. Gamill*,
  796 F.2d 65 (5th Cir. 1986) ....................................................................................................... 4

*Team Worldwide Corp. v. Walmart Inc.*
  No. 2:17-CV-00235-JRG, 2019 WL 13078780 (E.D. Tex. Jan. 24, 2019) .............................. 4

*Tomhannock, LLC v. Roustabout Resources*, LLC
  33 N.Y.3d 1080 (2019) ............................................................................................................. 5

*Wilk v. Am. Med. Ass'n*,
  635 F.2d 1295 (7th Cir. 1980) .................................................................................................. 6

**Other Authorities**

Fed. R. Civ. P. 5 .............................................................................................................................. 6

Fed. R. Civ. P. 16 ............................................................................................................................ 3

Fed. R. Civ. P. 26 ..................................................................................................................................7

Fed. R. Civ. P. 37 ..................................................................................................................................3

iii

## **TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | Transcript of Deposition of Joseph Calandra (Nov. 8, 2023) (excerpts) |
| 2 | Email Correspondence re Joseph Calandra Deposition Designations (Nov. 6, 2023) |

## **TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| C. D. Cal. | United States District Court for the Central District of California |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) |
| *EDTX1* | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| JDLA | Joint Development and License Agreement (Dkt. 273-7) |
| SSI | Samsung Semiconductor, Inc. |

████████████████████████████████████████████████

As the Court knows, Netlist brought claims for breach and termination of the JDLA in the C.D. Cal. Dkt. 278 at 2-3. Fact discovery on those claims closed on August 16, 2021. Although the C.D. Cal. court initially granted summary judgment for Netlist, the Ninth Circuit reversed and remanded, rejecting Netlist's argument that the JDLA unambiguously required Samsung to provide Netlist an unbounded supply of memory. After the Ninth Circuit's ruling, Netlist attempted to circumvent the procedural posture of the C.D. Cal. Case by using this case as a vehicle to get additional discovery for use there—even though Netlist had stipulated to a protective order that explicitly forbids using discovery in this case for any other purpose or case. Dkt. 60 at 2-3. Despite Netlist's attempts, Judge Scarsi has denied several requests from Netlist to supplement discovery in C.D. Cal. *E.g.*, Dkt. 259-3 (limiting briefing to "existing record"); Dkt. 538-1 at 5 (denying request to supplement record).

Netlist's efforts to conduct improper proxy discovery for the C.D. Cal. Case forced Samsung to seek an additional protective order, which Special Master Folsom ultimately recommended granting. Dkt. 377 at 3-5. Undeterred, Netlist repeatedly asked SSI witness Joseph Calandra ██████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ Dkt. 553; Dkt. 553-2 at 18:7-21:19. On the basis of this erroneous argument, Netlist seeks to modify the protective order here so that it can request reopening the record in C.D. Cal. to admit this irrelevant and improperly-obtained testimony.

Netlist lacks good cause to justify modifying the stipulated protective order barring use of discovery in this case for other purposes for several reasons. **First**, this situation is not one where

1

cross-use would promote efficiency. This Court, Special Master Folsom, the C.D. Cal. court, and the parties are all in agreement that litigation over the alleged termination of the JDLA should take place in C.D. Cal. where discovery on that issue has been closed for over two years. **Second**, Mr. Calandra's testimony is irrelevant to the C.D. Cal. Case, and Netlist's alleged contradictions have no factual basis.

Finally, Netlist admits it could have foreseen wanting to use discovery in this case in the C.D. Cal. Case, Dkt. 553 at 5, yet it failed to request permission to do so in the original protective order, instead stipulating that it would use discovery in this case for only this case. Dkt. 60 at 2-3. Netlist wants to renege on its stipulation now because it does not like where it stands in the C.D. Cal. Case and thus asks this Court to effectively override the discovery-related orders entered there. The Court should deny Netlist's motion and hold it to the stipulated protective order.

I.  **BACKGROUND**

The Court is familiar with the C.D. Cal. Case, so Samsung does not repeat the procedural history here. Dkt. 278 at 2-3; Dkt. 538. Suffice it to say that Netlist had ample opportunity to obtain discovery on its breach and termination claims in the C.D. Cal. Case, and the "cut-off date . . . by which all discovery . . . [was to] be completed" there was August 16, 2021. *C.D. Cal. Case*, Dkt. 41 at 3-4. After summary judgment and a jury trial, Samsung appealed to the Ninth Circuit.

Here, Netlist expressly stipulated to a protective order under which "information or material produced pursuant to any discovery request in this Action . . . shall be used by the Parties ***only in the litigation of this Action and shall not be used for any other purpose***." Dkt. 60 at 2-3. Although Netlist knew that the Ninth Circuit might remand the C.D. Cal. Case, it did not seek permission to use discovery from this case in C.D. Cal., either in negotiating the stipulated protective order, or in negotiating limited cross-use of materials from prior litigations in this case. *Id.*; Dkt. 132.

However, after the Ninth Circuit reversed the C.D. Cal. judgment and remanded, Netlist began trying to use this case to manufacture new evidence for the C.D. Cal. Case, most pertinently during

2

Mr. Calandra's deposition (Ex. 1). Although Samsung did not designate Mr. Calandra to testify about the JDLA and he has no personal knowledge about it, Netlist nevertheless questioned him (over Samsung's objections) about the JDLA supply provision at issue in the C.D. Cal. Case. *Id.* at 11:5-6, 15:5-18, 33:10-15; Ex. 2. As its motion shows, Netlist pursued this questioning not for use "only in the litigation of this Action," Dkt. 60 at 3, but instead to try to augment the record in C.D. Cal.

Even after Samsung warned Netlist that using Mr. Calandra's testimony in the C.D. Cal. Case would blatantly violate this case's stipulated protective order, Netlist persisted in mischaracterizing his testimony to that court—both in moving to stay the C.D. Cal. Case and in its post-remand summary judgment briefing in C.D. Cal., leading Samsung to move to enforce the stipulated protective order in this case. *See* Dkt. 375 at 3-5. Besides vaguely and inaccurately describing Mr. Calandra's testimony to the C.D. Cal. court, Netlist also moved to supplement the summary judgment record there with other materials. *See* Dkt. 538-1 at 5-6. The C.D. Cal. court denied Netlist's motion to supplement the record, noting that materials that "postdate the judgment . . . cannot have been disclosed or produced in the discovery phase of this case." *Id.* at 6. The court thus explained that it "doubts Netlist can use the documents in this proceeding, Fed. R. Civ. P. 37(c)(1), or show good cause to reopen discovery so it can use additional records from other cases and the appeal, Fed. R. Civ. P. 16(b)(4)." *Id.*

## II.     ARGUMENT

### A.     Netlist Has Not Established Good Cause To Modify the Protective Order

#### 1.     Netlist Has the Burden To Justify Modifying the Stipulated Order

Netlist cannot shift the burden of showing good cause to Samsung. Netlist cites *Ocean Semiconductor LLC v. NXP USA, Inc.*, but ignores its holding that a stipulated protective order entered to protect the parties' commercial interests "constitutes good cause for the [initial] protective order," and the movant "seeking to modify a protective order it had previously stipulated to must generally show good cause to avoid the prior agreement." No. W-20-CV-1212-ADA, 2023 WL 3167443, at *4-

3

5 (W.D. Tex. Apr. 28, 2023).  Indeed, "there is general unanimity among the courts that where a party to stipulated protective order seeks to modify that protective order, that party must demonstrate particular good cause in order to gain relief from the agreed to protective order." *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499, 501 (S.D. Iowa 1992) (collecting cases).

### 2. Netlist Has Not Shown Good Cause

Netlist has not met its burden to show good cause.  Netlist does not assert that modifying the protective order would promote efficiency.  *See generally* Dkt. 553.  Indeed, although courts often favor avoiding wasteful, duplicative discovery by modifying protective orders "to allow discovery in other actions," *Team Worldwide Corp. v. Walmart Inc.* No. 2:17-CV-00235-JRG, 2019 WL 13078780, at *1 (E.D. Tex. Jan. 24, 2019), the Fifth Circuit has expressly held that policy ***inapplicable*** in cases that do "not involve substantial duplication of discovery," such as where—as here—"[d]iscovery has already taken place" in the other case.  *Stack v. Gamill*, 796 F.2d 65, 68 (5th Cir. 1986).

Netlist's only alleged good cause is that Mr. Calandra's testimony is supposedly "highly probative" to the C.D. Cal. Case.  Dkt. 553 at 6.  That argument rests on two false premises: first that Mr. Calandra's cited testimony has any foundation and is "30(b)(6) testimony," Dkt. 553-3 at 15:11-16; and second that the testimony "contradicts" Samsung's position in the C.D. Cal. Case, Dkt. 553 at 2.  As to the former, although Mr. Calandra was "Samsung's corporate representative" for some topics, the testimony Netlist seeks to use in the C.D. Cal. Case does not fall within the scope of his 30(b)(6) designation.  Samsung did not designate Mr. Calandra to testify on any topics regarding the JDLA; instead, Samsung designated him for SSI (which is not a party to the JDLA or the C.D. Cal. Case), Ex. 1 at 8:7-16, and only as to "SSI's sales, marketing, and financials," Ex. 2.

Ex. 1 at 15:5-18, 33:10-15.

Mr. Calandra's testimony lacks foundation and is irrelevant to the issues in the C.D. Cal. Case

4

under governing New York law. To bear on interpretation of the JDLA, any evidence must address the parties' "intent **at the time of contracting**." *E.g.*, *Newin Corp. v. Hartford Accident & Indem. Co.*, 467 N.E.2d 887, 919 (N.Y. 1984); *Perkins v. New York Cent. R.R. Co.*, 24 N.Y. 196, 203 (1862). Ex. 1 at 15:5-18, 33:10-15. Furthermore, "unilateral expression[s] of one party's postcontractual subjective understanding of the terms of [an] agreement" are "not probative as an aid to the interpretation of the contract." *Faulkner v. Nat'l Geographic Soc.*, 452 F. Supp. 2d 369, 379 (S.D.N.Y. 2006). That is because contract interpretation focuses on the "words and other objective manifestations" exchanged by the parties, *Tomhannock, LLC v. Roustabout Resources, LLC*, 33 N.Y.3d 1080, 1082 (2019), not uncommunicated or subjective interpretations—especially those advanced years after execution by someone with no personal knowledge of the agreement. In any event, Mr. Calandra's personal testimony does not conflict with Samsung's position in the C.D. Cal Case. Dkt. 553-2 at 18:7-21:19. *Id.*

Modifying the protective order to allow Netlist to seek leave to present this irrelevant testimony in the C.D. Cal. Case would only waste the parties' and the C.D. Cal. court's time. *See* Dkt. 538-1 at 6 (C.D. Cal. court recognizing the lack of utility of materials postdating the discovery phase).

### 3. Netlist's Attempt To Extend C.D. Cal. Discovery Prejudices Samsung

Modifying the protective order would also prejudice Samsung, contrary to Netlist's argument. Discovery closed in the C.D. Cal. Case **in 2021**. *C.D. Cal. Case*, Dkt. 41 at 3. Permitting Netlist to use this case to pursue additional discovery for the C.D. Cal. Case would amount to an unwarranted extension of fact discovery on Netlist's breach and termination claims which has been closed for **over two years**. "[F]ederal civil discovery may not be used merely to subvert limitations on discovery in

5

another proceeding," *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1300 (7th Cir. 1980), *superseded on other grounds by* Fed. R. Civ. P. 5(d) (2000), and "a plaintiff has no right to use a federal court as a mere auxiliary forum through which to obtain assistance in the preparation of" another case, *Beard v. New York Cent. R.R. Co.*, 20 F.R.D. 607, 610 (N.D. Ohio 1957). Netlist thus cannot properly use this case to circumvent the close of discovery and backdoor irrelevant testimony into the C.D. Cal. Case. Indeed, the C.D. Cal. court has already recognized this prejudice, refusing Netlist's repeated attempts to add new evidence to the record "to avoid surprise to the parties," and noting that using materials never "disclosed or produced in . . . discovery" there would be inappropriate. Dkt. 538-1 at 6.

Further, while Netlist has been flouting the rules, Samsung has been following them and has not sought, in this case, discovery for use in the C.D. Cal. Case. Allowing Netlist, but not Samsung, to benefit from discovery outside of the C.D. Cal. Case record would unfairly penalize Samsung for playing by the rules, particularly because there is no time for Samsung to obtain further discovery here or in C.D. Cal. to respond to Netlist's improper discovery in this case, given the March 26, 2024, remand trial date. Accordingly, the prejudice to Samsung weighs against modification.

### B. The Remaining Factors Also Weigh Against Modifying the Protective Order

The other factors on modification of protective orders, *see Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008), also weigh against Netlist's motion.

***Nature of the protective order:*** Where "the parties **stipulated** to the protective order . . . [t]he nature of the protective order weighs in favor of denying modification." *Id.* Netlist's complaint that Samsung designated its deposition transcripts confidential is irrelevant. Dkt. 553 at 4-5. Mr. Calandra's testimony was clearly confidential (which Netlist does not dispute). It is hardly a surprise that testimony about contracts is confidential. *See Raytheon*, 2008 WL 4371679, at *3 n.2.

***Reliance on the order:*** The reliance factor also "justifies the Court's refusal to modify the Protective Order" because Samsung indisputably relied on it in producing vast amounts of confidential

6

information. *See Bayer AG v. Barr Labs., Inc.*, 162 F.R.D. 456, 467 (S.D.N.Y. 1995). The Court's requirement to "produce . . . **all** documents . . . that are relevant to the pleaded claims or defenses," Dkt. 56 at 3, would be unworkable if parties could not rely upon broad protective order protection.[1] The fact that the parties agreed to re-produce documents and depositions from the C.D. Cal. Case in this case to **reduce** discovery burdens does not imply any agreement to **increase** the burden on the parties by using this case as a proxy to circumvent the discovery cut-off in the C.D. Cal. Case. *Contra* Dkt. 553 at 5.

**Foreseeability:** Finally, Netlist misapprehends the foreseeability factor, admitting that the modification it seeks "was foreseeable to the parties." Dkt. 553 at 5. However, a modification's foreseeability does **not support** but rather "**weighs against**" modifying the protective order. *Bayer*, 162 F.R.D. at 466-67. "Not surprisingly, a party's oversight in not negotiating a provision in a protective order concerning a matter which should have been reasonably foreseeable at the time of the agreement has been held to not constitute good cause for relief from the protective order." *Jochims*, 145 F.R.D. at 502. Here, Netlist admits that it had multiple previous opportunities to negotiate an agreement to use discovery in this case in the C.D. Cal. Case, and it was obviously foreseeable that the "appellate" proceedings there could return the case to the C.D. Cal. court. Dkt. 553 at 5 & n.1. If Netlist believed that witnesses in this case would have testimony relevant to the C.D. Cal. Case (although Mr. Calandra's testimony is **not** relevant), it should have raised that point while negotiating the protective order, not through an eleventh-hour effort to evade discovery limitations in C.D. Cal.

## III. CONCLUSION

Samsung respectfully asks the Court to deny Netlist's motion to modify the protective order.

---

[1] Similarly, "[u]nless a valid Rule 26(c) protective order is to be fully and fairly enforceable, witnesses relying upon such orders will be inhibited from giving essential testimony in civil litigation." *Martindell Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 295 (2d Cir. 1979).

7

Dated: February 21, 2024                          Respectfully submitted,

                                              By:  /s/ *Ruffin B. Cordell*

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:     (903) 934-8450<br>Facsimile:      (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:   (415) 955-6571 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 21, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

／s／ *Ruffin B. Cordell*

9