# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ████████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-294-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; | ) | |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF NETLIST INC.'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORTS (MICRON CASE NO. 2:22-CV-294)

# TABLE OF CONTENTS

**Page**

I.        FACTUAL BACKGROUND ................................................................................... 1

     A.     Background of Mangione-Smith Supplemental Reports ........................ 2

     B.     Background of Kennedy Supplemental Report ....................................... 3

II.       LEGAL STANDARD ......................................................................................... 4

III.      ARGUMENT ...................................................................................................... 5

     A.     Explanation of Netlist's Late Disclosures ................................................. 5

     B.     There is No Prejudice to Micron .............................................................. 6

     C.     A Continuance Is Not Necessary .............................................................. 7

     D.     Importance of Netlist Expert Witnesses' Testimony .............................. 7

IV.      CONCLUSION .................................................................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Biscotti Inc. v. Microsoft Corp.*,
  2017 WL 2607882 (E.D. Tex. May 25, 2017) .................................................................4

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
  2017 WL 4619791 (E.D. Tex. Oct. 16, 2017) ................................................................4

*Image Processing Techs, LLC v. Samsung Elecs Co. Ltd.*,
  2020 WL 2499810 (E.D. Tex. May 14, 2020) ..............................................................4, 7

*Kaist IP US LLC v. Samsung Elecs. Co.*,
  2018 WL 1833341 (E.D. Tex. Apr. 17, 2018) ..................................................................7

*TracBeam, L.L.C. v. Google, Inc.*,
  No. 6:13-CV-93, 2014 U.S. Dist. LEXIS 193246 (E.D. Tex. Apr. 14, 2014) ..................5

**Rules**

Rule 26(a) .......................................................................................................................5

Rule 26(e) ......................................................................................................................5, 7

Plaintiff Netlist, Inc. ("Netlist") respectfully requests leave to serve the following supplemental expert reports on Defendants Micron Technology, Inc.; Micron Semiconductor Products Inc.; and Micron Technology Texas, LLC (collectively, "Micron"):

| Served On | Supplemental Report | Micron's Position |
|-----------|---------------------|-------------------|
| 2023-12-12 | Supplemental Expert Report of Dr. William Henry Mangione-Smith ("First Supplemental Mangione-Smith Report," Ex. 1) | Opposed |
| 2024-02-01 | Second Supplemental Expert Report of Dr. William Henry Mangione-Smith. ("Second Supplemental Mangione-Smith Report," Ex. 2) | Opposed |
| 2024-02-07 | Supplemental Report of Mr. David Kennedy (Ex. 3) | Unopposed |

The First Supplemental Mangione-Smith Report ██████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████. The Second Supplemental Mangione-Smith Report analyzes ███████████████████████████████ ██████████████████████████████████ Mr. Kennedy's supplemental report analyzes ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████.

Micron did not express any opposition to these supplemental reports when they were served. Micron had the opportunity to examine each expert on their supplemental reports, and did so. *See, e.g.*, Ex. 11 (Mangione-Smith), 22:2-19. Micron ignored Netlist's email requesting its position on the supplemental reports for over a week. When the parties met and conferred on February 19, 2024, Micron stated that it did not oppose Mr. Kennedy's supplemental report so long as Micron's expert could serve a rebuttal to Mr. Kennedy's supplemental report. Micron stated, without explanation, that it opposed both of Dr. Mangione-Smith's supplemental reports.

## I.    FACTUAL BACKGROUND

The Court's Third Amended Docket Control Order set November 20, 2023, as the

deadline to complete fact discovery and serve disclosures for expert witnesses by the party with the burden of proof. Dkt. 205. Accordingly, on November 20, 2023, Netlist served the opening expert reports of Dr. Mangione-Smith (analyzing infringement of the asserted patents) and Mr. Kennedy (analyzing damages).

### A.    Background of Mangione-Smith Supplemental Reports

On November 21, 2023, the Court issued its Claim Construction Order. Dkt. 228.

On November 20, 2023, Netlist deposed Mr. Scott Cyr, Micron module development engineer, and Mr. Frank Ross, Micron lead system architect. Micron designated Mr. Cyr on 18 topics, including ███████████████████████████████████████████████ ██████████████████████████████████████████, and Mr. Ross on ten topics, including topics ████████████████████████████████████████████ ████████████████████████████████████████████ Ex. 1, ¶¶ 4 (██████████████████), 44 (██████████████████); *see also* Ex. 4 (McCullough email listing Cyr and Ross designations); Ex. 5 (Netlist's 30(b)(6) notice) at 18-19, 28, 30-31. Netlist took Mr. Ross's deposition on the date offered by Micron, and Mr. Cyr's deposition on the first workable date. *See* Ex. 6 (McCullough email offering deposition dates); Ex. 7. The final transcript of Mr. Ross's deposition was provided to Netlist on November 21, 2023. The final, corrected transcript of Mr. Cyr's deposition was provided to Netlist on December 4, 2023.

On December 12, 2023, Netlist deposed Mr. Garrett Davey, corporate representative of Renesas, ███████████████████████████████████████████████. During the fact discovery period, Netlist sought to avoid this deposition entirely via an agreement to allow use of Mr. Davey's transcript from a prior deposition. Ex. 8 at 10. Micron took a week to respond and eventually declined that offer. *See id.* at 5-10.  Netlist then deposed Mr. Davey on the first available date. *Id.* at 1-2. The final transcript of Mr. Davey's deposition was provided to Netlist on December 13, 2023.

Dr. Mangione-Smith prepared two supplemental reports analyzing this new evidence. The

████████████████████████████████████████████████████████████████████████

████████████████████ Ex. 1. Netlist served the First Supplemental Report on December 12,

2023. The second is a ████████████████████████████████████████. Ex. 2. During

the time period between Mr. Davey's deposition and service of the Second Supplemental Report

on February 1, 2024, Dr. Mangione-Smith was preparing for two trial settings in parallel litigation

against Micron,[1] as well as his expert deposition in that case, which was rescheduled multiple

times. Dr. Mangione-Smith does not disclose any new theories in his supplemental reports. Both

reports were served well in advance of both the expert discovery deadline of February 16, 2024,

and before Micron's deposition of Dr. Mangione-Smith on February 16, 2024. *See* Ex. 11.

## B.    Background of Kennedy Supplemental Report

On January 17, 2024, Netlist deposed Robert Beal, Micron's business unit CFO and

designated corporate representative on ten topics including "█████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████ *See* Ex. 4 (McCullough email listing Beal designations); Ex. 5 (Netlist's

30(b)(6) notice). Netlist deposed Mr. Beal on the first workable date.[2] The final transcript of Mr.

Beal's deposition was provided to Netlist on January 21, 2024.  Separately, in late January 2024,

Mr. Kennedy's team at Berkeley Research Group noticed an error in calculations and schedules

while conducting an audit of Mr. Kennedy's report in preparation for his deposition, which was

scheduled for February 15, 2024.

---

[1] *Netlist, Inc. v. Micron Tech., Inc. et al.*, Case No. 2:22-cv-203-JRG-RSP.

[2] Micron originally offered Mr. Beal on December 20 (a month after the November 20 opening report deadline). Ex. 9 at 4. Netlist initially accepted that date, but a conflict subsequently arose. *Id.* at 1-2. Micron offered January 17 as the next available date. *Id.* at 1.

Mr. Kennedy submitted a supplemental report addressing the deposition of Mr. Beal and correcting the errors in his calculations which Netlist served on Micron on February 7, 2024. Ex. 3. The report is seven pages, with 61 pages of revised exhibits. Mr. Kennedy does not disclose any new theories in his supplemental report and the revised exhibits are solely to correct the calculation errors that were discovered. This supplemental report was served in advance of both the expert discovery deadline of February 16, 2024, and Micron's deposition of Mr. Kennedy, which is scheduled for February 15, 2024. Micron does not oppose Mr. Kennedy's supplement.

## II.    LEGAL STANDARD

In determining whether to permit a party to supplement an expert report after the close of expert discovery, this Court considers four factors: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony." *Image Processing Techs., LLC v. Samsung Elecs. Co.*, 2020 WL 2395928, at *2 (E.D. Tex. May 12, 2020) (quotation omitted). Courts in this District routinely allow leave to supplement expert reports based on new information disclosed by the opposing party after the parties exchanged opening and rebuttal reports. *See, e.g., Huawei Techs. Co. v. T-Mobile US, Inc.*, 2017 WL 4619791, at *4 (E.D. Tex. Oct. 16, 2017) (finding "late email production [by the defendant] justifies Huawei's supplementation" of expert reports); *Biscotti Inc. v. Microsoft Corp.*, 2017 WL 2607882, at *1 (E.D. Tex. May 25, 2017) (granting leave to supplement expert report to "include information revealed through additional discovery and source code disclosures [] occurred after the service of Dr. Wicker's opening report"); *Image Processing* at *1 (granting leave to file supplemental expert report to address "newly raised positions regarding alleged non-infringing alternatives presented by Defendants… in their… supplemental rebuttal expert report.").

"Rule 26(e) provides a party 'must supplement or correct [its expert reports] if the party

learns in some material respect [the expert report] is incomplete or incorrect.'" *TracBeam, L.L.C. v. Google, Inc.*, No. 6:13-CV-93, 2014 U.S. Dist. LEXIS 193246, at *7-8 (E.D. Tex. Apr. 14, 2014) (brackets in original) (holding in part that "opinions serve the exact purpose of Rule 26(e)— they correct errors in [plaintiff's] initial reports").

## III.    ARGUMENT

All four factors weigh in favor of allowing Netlist to supplement its expert reports.

### A.    Explanation of Netlist's Late Disclosures

As discussed above, Netlist's supplemental reports analyze information that was not available until after the original opening expert report deadline expired, including the Court's Claim Construction Order and deposition testimony of corporate representatives. Indeed, in Netlist's co-pending litigation with Micron, "Micron agree[d] to [Netlist's] supplementation regarding evidence disclosed after the close of fact discovery," and accordingly, Judge Payne granted Netlist's Motion for Leave to Supplement as to those portions. *Netlist, Inc. v. Micron Technology, Inc.*, No. 22-cv-203 (E.D. Tex.), Dkt. 462 at 3 (citing Dkt. 386 (Micron's opposition brief) at 2 n.1, 3, 6). This Court routinely grants motions for leave to supplement a party's expert reports under similar circumstances involving fact discovery that was obtained after the opening reports were submitted. *See, e.g.*, *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 21-cv-463 (E.D. Tex.), Dkt. 432 at 9 ("The Court **GRANTED** the motion with respect to the second supplement to Mr. Kennedy's report and to the supplement to Dr. Brogioli's report."); *see also id.,* Dkt. 427 (Pre-trial Conference Transcript, Vol. 2) at 181:1-3 ("THE COURT: Okay. All right. Well, I'll approve the supplemental report for Kennedy and Brogioli limited only to the deposition of Doctor Lee."); *supra* 4. Additionally, as required under Rule 26(a), Mr. Kennedy's report corrects an error in a calculation in his opening report immediately after it was identified by his team. *See TracBeam*, 2014 U.S. Dist. LEXIS 193246, at *7.

**B.    There is No Prejudice to Micron**

Dr. Mangione-Smith's short supplemental reports do not change the theory or methodology of his opening reports. Instead, the proposed supplemental reports provide additional context, background, and factual basis to support the expert's opinions. *See generally supra* 2-3. Dr. Mangione-Smith's supplemental reports were served on Micron well before Dr. Mangione-Smith's deposition,[3] giving Micron the ability to depose Dr. Mangione-Smith on his supplemental reports to the same extent as his opening report. ███████████ █████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████. *See, e.g.*, Ex. 1 (First Supplemental Mangione-Smith Report) ¶¶ 2-3, 42, 64, 76-78; Ex. 2 (Second Supplemental Mangione-Smith Report), ¶¶ 2, 5-6, 8.

Similarly, the Supplemental Kennedy Report does not change the theory of Mr. Kennedy's opening report; it only provides additional context and support for his original opinions based on the late-produced information and corrects an error in his calculations. Micron deposed Mr. Kennedy on February 15, 2024, which gave Micron nearly two weeks to review the supplement, much of which is directly quoting deposition transcripts Micron has already had in its possession. And Micron ██████████████████████████. *See, e.g.*, Ex. 10 at 9:23-10:2 ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████ Ex. 3 ¶¶ 1-2, 4, 6-7, 11, 14, 17.

Thus, Micron will not suffer any prejudice. *See Kaist IP US LLC v. Samsung Elecs. Co.*, 2018

---

[3] As discussed *supra*, Dr. Mangione-Smith's First and Second Supplemental Reports were served no later than February 1, 2024, and Micron deposed Dr. Mangione-Smith on February 16.

WL 1833341, at *2 (E.D. Tex. Apr. 17, 2018) (finding the defendants will not be prejudiced because "[t]he supplementation is minimal and will not impede trial preparation").

### C.    A Continuance Is Not Necessary

Because trial is set to start on April 22, 2024, well over two months after Netlist's service of the last of its limited supplements to its opening reports, a continuation is not necessary. *Image Processing Techs.*, 2020 WL 2499810, at *4 (because "the trial is nearly two months away," "no continuance is necessary to mitigate prejudice," and "this factor weighs in favor of [the movant for leave to supplement]").

### D.    Importance of Netlist Expert Witnesses' Testimony

Dr. Mangione-Smith's analysis of the court's construction in the First Supplemental Mangione-Smith Report is critical insofar as he is obligated to apply the court's constructions. *See* Ex. 1 at 24-28. Dr. Mangione-Smith's analysis of testimony from corporate representatives of ███████████████████████ (Ex. 1 at 1-24; Ex. 2 at 1-5) is of paramount importance as it adds corroboration of ████████████████████████████████████ ███████████████, which Micron hotly contest in this case. *See, e.g.*, Dkt. 353 (Samsung's MSJ of non-infringement); Dkt. 345 (Micron MSJ of non-infringement).

Mr. Kennedy's supplemental report is also critical. Mr. Beal's testimony supports multiple key dimensions of Mr. Kennedy's damages opinions, including regarding the ███████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████████████. *See* Ex. 3. at 2-6. And as reflected in Rule 26(e), it is critical that an expert corrects any errors that may form the basis of his opinions.

## IV.    CONCLUSION

For the foregoing reasons, Netlist's motion for leave to serve supplemental expert reports should be granted.

Dated: February 20, 2024

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that, on February 20, 2024, a copy of the foregoing was served to all counsel of record.

*/s/ Michael Tezyan*
Michael Tezyan

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Michael Tezyan*
Michael Tezyan

## CERTIFICATE OF CONFERENCE

I hereby certify that, on February 19, 2024 lead and local counsel for the parties met and conferred on the issues raised in this motion. Counsel for Micron stated that Micron did not oppose Mr. Kennedy's supplemental report so long as Micron's expert could serve a rebuttal to the supplemental report, and counsel for Netlist agreed. Counsel for Micron also stated that Micron opposed both of Dr. Mangione-Smith's supplemental reports.

*/s/ Michael Tezyan*
Michael Tezyan