# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD.; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ███████████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:22-cv-294-JRG |
| | ) | |
| MICRON TECHNOLOGY, INC.; | ) | JURY TRIAL DEMANDED |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF NETLIST INC.'S ADDITIONAL MOTIONS *IN LIMINE* (SAMSUNG CASE NO. 2:22-CV-293)

## TABLE OF CONTENTS

**Page**

1.  Preclude Samsung from Presenting any Evidence or Argument that SK hynix's Supply Obligation to Netlist is Not Legally Binding on SK hynix. .......................................................1

2.  Preclude Samsung from Presenting Any Allegation that Netlist Has Failed to Comply With JEDEC Obligations. ...................................................................................................2

3.  Preclude Samsung from Presenting Evidence, Argument, or Testimony that Practicing a Standard is a Defense to Infringement or Willfulness. ..............................................................4

4.  Preclude Samsung from Presenting Testimony on Non-infringement or Claim Terms from Fact Witnesses. ........................................................................................................................5

5.  Preclude Samsung from Presenting any Evidence or Argument Regarding RAND Obligations or any Alleged Failure to License Patents-in-Suit on RAND Terms...................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adv. Thermal Sci. Corp. v. App. Materials Inc.*,
    2009 WL 10671185 (C.D. Cal. July 20, 2009) ...................................................................1

*Air Turbine Tech., Inc. v. Atlas Copco AB*,
    410 F.3d 701 (Fed. Cir. 2005)...........................................................................................6, 7

*Cardiovascular Sys. Inc. v. Scimed Life Sys. Inc.*,
    887 F.2d 1070 (Fed. Cir. 1989)..............................................................................................7

*Cybergym Research, LLC v. ICON Health and Fitness, Inc.*,
    2007 WL 9724237 (E.D. Tex. Oct. 7, 2007) (J. Folsom) ...................................................6

*EdgeCo. Inc. v. Fastcap, LLC*,
    2005 WL 1630836 (D.N.J. July 11, 2005) ............................................................................7

*Fid. Nat. Title Ins. Co. v. Doubletree Partners, L.P.*,
    866 F. Supp. 2d 604 (E.D. Tex. 2011) .................................................................................1

*Markman v. Westview Instruments, Inc.*,
    52 F.3d 967 (Fed. Cir. 1995).................................................................................................6

*Netword, LLC v. Centraal Corp.*,
    242 F.3d 1347 (Fed. Cir. 2001).............................................................................................7

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005).............................................................................................7

*SSL Servs., LLC v. Citrix Sys., Inc.*,
    769 F.3d 1073 (Fed. Cir. 2014).............................................................................................6

**Rules**

Fed. R. Civ. P. 30(b)(6).................................................................................................................6

Fed. R. Evid. 403 .......................................................................................................................3, 7

Fed. R. Evid. 701 .......................................................................................................................6, 7

Fed. R. Evid. 702 ...........................................................................................................................6

Fed. R. Evid. 708 ...........................................................................................................................7

1. **Preclude Samsung from Presenting any Evidence or Argument that SK hynix's Supply Obligation to Netlist is Not Legally Binding on SK hynix.**

Samsung contends that Netlist's product supply and license agreement with SK hynix, which includes ████████████████████████████████████████████████████ ████████████████████████████████████████████, is a comparable agreement to the hypothetical negotiation here. However, Samsung contends that the ██████ ███████████████████████████████████████████████████████████████. *See, e.g.*, Dkt. 355-02 (Kindler Rebuttal), ¶ 100(d). Samsung presented a similar argument in *Netlist v. Samsung*, No. 21-cv-463 (E.D. Tex.) ("*Samsung I*"), which it attempted to support by arguing that SK hynix was not legally bound to supply any product to Netlist (in contrast with the terms of the agreement, ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████. *See* Ex. 1, at 4. The Court granted Netlist's motion *in limine* to preclude such evidence or argument, which would improperly ask the jury to interpret the legal terms of a contract.[1] *See* Ex. 2 (*Samsung I*, Dkt. 432), at 10 (MIL 2); *Fid. Nat. Title Ins. Co. v. Doubletree Partners, L.P.*, 866 F. Supp. 2d 604, 614-15 (E.D. Tex. 2011) ("In the absence of specialized trade usage, expert testimony regarding proper contract interpretation is inadmissible, as is expert testimony regarding the legal significance of the contract language."); *Adv. Thermal Sci. Corp. v. App. Materials Inc.*, 2009 WL 10671185 (C.D. Cal. July 20, 2009) (finding contract language "Upon [AMI's] request, [ATS] shall supply and sell to [AMI] Components" was reasonably susceptible to interpretation as "an affirmative supply obligation."). The Court should do the same here to prevent Samsung from injecting this erroneous legal issue into the trial proceedings without first obtaining leave.

---

[1] Such argument would also contradict Dr. Kindler's admission, in discussing the Samsung JDLA supply provision, that "████████████████████████████████████████████████████ ████████████████████████████████████████████████████." *See* Dkt. 355-02 (Kindler Rebuttal), ¶ 89(e).

**2.**    **Preclude Samsung from Presenting Any Allegation that Netlist Has Failed to Comply With JEDEC Obligations.**

Netlist requests that the Court preclude Samsung from presenting argument or evidence concerning any allegation that Netlist breached any duty to JEDEC. There is no breach of JEDEC obligation allegation pending before this Court, neither as a claim nor an affirmative defense that will be tried to the jury. There are no counterclaims in the case. *See generally* Dkt. 145. Samsung's Third Affirmative Defense alleges a failure to disclose pursuant to JEDEC requirements and is purely equitable, alleging unenforceability due to "Laches, Estoppel, and/or Waiver." Dkt. No. 145, at 22. The Sixth Affirmative Defense, which relates to "Notice, Damages, and Costs" states that "Netlist's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Netlist is not entitled to a double recovery. For example, to the extent the Patents-In-Suit are essential to one or more JEDEC standards, Netlist is barred from seeking lost profits by its RAND obligations." *Id.*, at 24. Netlist is not seeking lost profits. This is the sum total of allegations in the pleadings relating, even tangentially, to breach of JEDEC obligations. Moreover, Samsung's

████████████████████████████████████████████████████████████████████

█████████████████████████

Nonetheless, Samsung has telegraphed its intention to try to the jury an unpleaded claim that Netlist breached some amorphous JEDEC obligations through its conduct. *See, e.g.*, Dkt. No. 439 at 2 ("███████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████.") (emphasis in original). Any claim that behavior by Netlist runs "██████████████

████████████████████████████████████" has no place in the jury trial. It is an unpled breach-of-contract claim.

In its motion-to-strike briefing, Samsung contends that ████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████. Dkt. No. 439, at 3. In other words, Samsung appears to contend that ████████████████████████████████████████████████

███████████████. *Id.* at 2-3 ("███████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████."). Samsung has not raised this attenuated theory as a basis for ████████████████████████████████████████. *See, e.g.,* Ex. 3 (Samsung's Supplemental Rog Responses) at 136-143. To be clear, if Netlist points to a disclosure of a patent family in JEDEC as a basis for Samsung's knowledge of the patent family, Samsung is entitled to argue that the disclosure was not specific enough to make Samsung aware of the asserted patents. But Samsung should not be able to argue that ████████████████████████████████████

██████████████████████████████████████████████████████████

████████. This is just an after-the-fact lawyer rationalization for injecting its legal arguments regarding alleged equitable estoppel into the jury trial. Accordingly, any alleged slight probative value provided by this evidence would be substantially outweighed by the prejudice and confusion it would cause. Fed. R. Evid. 403. The jury would be confused that disclosure to JEDEC is somehow relevant to infringement. It is not.

Samsung has also suggested that ██████████████████████████████████████

██████████████████████████████████████████████. *See, e.g.,* Dkt. No. 425 at 3, 5-6, *see also* Ex. 4 (Halbert Opening Rpt.), at ¶¶ 41-59. But RAND obligations only attach to standard-essential patents ("SEP"), and in this case, ████████████████████████████████

█████████████. *See* Dkt. No. 356 at 2 and Dkt. No. 520 at 1. Moreover, even if RAND obligations were somehow relevant to issues the jury will be considering, the jury can be informed of such obligations without either party having to discuss disputes about compliance with JEDEC obligations. The Court should thus grant Netlist's MIL, as it did in *Samsung I*, to act as gatekeeper of potentially confusing argument and evidence regarding JEDEC, particularly where (as here, and in *Samsung I*) the

patents-in-suit are not standard essential patents. *See* Ex. 5 (*Samsung I* PTC Tr. Vol. 2) at 198:24-99:1, 200:14-201:6 ("THE COURT: All right. In regard to Plaintiff's MIL No. 4, I'm going to grant this MIL, but I want the parties to understand why I'm doing it. I'm granting it so that the Court can be an active gatekeeper on what does and doesn't come in before this jury about JEDEC. I have a fear that without any constraints there's going to be confusion created, especially in light of the fact that these are not standard essential patents, and there are not obligations under JEDEC because they're not standard essential patents submitted to this standard setting body.").

### 3. Preclude Samsung from Presenting Evidence, Argument, or Testimony that Practicing a Standard is a Defense to Infringement or Willfulness.

Samsung should be precluded from suggesting to the jury that the fact its products practice JEDEC standards inoculates it from liability in this case. There are two ways Samsung may do this. First, Samsung may suggest that all it does is innocently practice the standard and it believed that it could not be infringing any Netlist patents by doing so. ████████████████████████ ████████████████████████████████████████████████████████. Ex. 3 at 106, 115, 136-143. Moreover, this argument would be an end-run-around the Court's MIL No. 7, which precludes Samsung from introducing evidence, testimony, or argument suggesting that there is anything legally improper in filing a patent application or writing patent claims to cover an adverse party's product.

Second, Samsung may argue that it does not infringe because Netlist has not shown that the asserted claims cover the standard. To be clear, to the extent foundation is laid that an accused product implements a particular passage from a standard and accurately describes the operation of a particular aspect of the product, either party should be free to use this to argue the presence or absence of an element. What this motion *in limine* is directed to is an attempt by Samsung to confuse the jury that it must find essentiality of the patents in order to find infringement.

The Court granted Netlist's similar MIL in *Netlist v. Micron*, No. 22-cv-203 (E.D. Tex.) ("*Micron I*"). Ex. 6 (*Micron I*, Dkt. 413), at 2 ("**GRANTED** to exclude evidence or argument that Defendant

has simply been following the standard in designing its products. **To the extent that such an argument has any relevance to infringement, or even willful infringement, that relevance is substantially outweighed by unfair prejudice and jury confusion**.") (emphasis added). The Court also granted this portion of Netlist's similar MIL in the *Samsung-1* case, holding that "[t]o the extent Samsung might be tempted to communicate to the jury that by practicing the standard they're somehow being immunized from an infringement allegation, I think that's improper. And even though Samsung says they're not going to do this, to that extent I'm going to grant this MIL." Ex. 5 (*Samsung I* PTC Tr. Vol. 2) at 206:13-207:2. The argument should be excluded for the same reasons here.

### 4. Preclude Samsung from Presenting Testimony on Non-infringement or Claim Terms from Fact Witnesses.

Samsung fact witnesses should be precluded from testifying about the presence or absence of any claim limitation in Samsung's products—knowledge they disclaimed at deposition.[2] *See, e.g.,* Ex. 7 (Han, You-Keun Depo. Tr.), at 25:14-18 ("█████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████); Ex. 8 (Calandra Depo. Tr.), at 63:12-21 ("██████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████.█."); Ex. 9 (SJ Park Depo. Tr.), at 52:21-53:20 ("█████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████.█")

(objections omitted). The issue of whether Samsung's accused products satisfied the limitations of the claims, as construed by the Court, requires specialized testimony fully disclosed and subject to

---

[2] █████████████████████████████████ on Netlist's Topic 90 seeking "any evaluations, analyses, or other efforts by Samsung to determine if any Samsung Accused Product or any other Samsung product would infringe the Netlist Patents-in-Suit . . . and any conclusion as to whether or not Samsung needed or should obtain a license to one or more of the Netlist Patents-in-Suit." Ex. 10 (Netlist's First 30(b)(6) Notice to Samsung), at 30-31 (Topic 90).

questioning at deposition—Samsung should not be permitted to have its fact witnesses plead ignorance at deposition and then provide technical explanations regarding alleged non-infringement for the first time at trial. *See Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 713–14 (Fed. Cir. 2005) (lay testimony as to "the structural components of the accused device and to their respective functions" excluded); *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1092 (Fed. Cir. 2014) (affirming exclusion of lay "non-infringement" testimony proffered by fact witness: "[B]eliefs formed by a lay person without the benefit of the court's claim construction determinations render[s] them of little probative value and potentially prejudicial."). This analysis necessarily "would have required an expert report based on 'scientific, technical, or other specialized knowledge within the scope of Rule 702.'" *See Cybergym Research, LLC v. ICON Health and Fitness, Inc.*, 2007 WL 9724237, at *2 (E.D. Tex. Oct. 7, 2007) (J. Folsom) (precluding a "technical" lay witness from "providing a legal determination of infringement" under Rule 701).

Samsung contends that it "███████████████████████████████████████████." Ex. 3, at 52. Based on Samsung's later supplements to its interrogatories, █████████████████████████ ████████████████████████, *id.*, at 58, Netlist expects that Samsung will attempt to proffer its fact witnesses to testify as, effectively, undisclosed experts at trial. This would be wholly improper because it would require these witnesses to perform an expert function. For example, Samsung's corporate representative, ██████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████ Ex. 8 (Calandra Depo Tr.), 67:19-68:5; *see also id.* at 63:12-21 ("█ ████████████████████████████████████████████████████ ███████████████████████████████████████████████████").

Applying technical understanding of a product to the limitations of the claim is a quintessential function of an expert. *See, e.g.*, Fed. R. Evid. 702; *Markman v. Westview Instruments, Inc.*, 52 F.3d 967,

980-81 (Fed. Cir. 1995); *Cardiovascular Sys. Inc. v. Scimed Life Sys. Inc.*, 887 F.2d 1070, 1076 (Fed. Cir. 1989) ("The purpose of expert testimony is to provide assistance to the court in understanding, when the claims are technologically complex or linguistically obscure, how a technician in the field, reading the patent, would understand the claims."). *Network, LLC v. Centraal Corp.*, 242 F.3d 1347, 1355-56 (Fed. Cir. 2001) (expert's opinion as to the technological aspects of the claim limitations properly relied on by the district court, particularly when dealing with complex technologies outside the court's expertise). This is because claims must be understood in light of the specification from the standpoint of a person of skill in the art at the time of the effective filing date of the patent application. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005).

Courts routinely hold that a comparison of a patent claim or claim language to an instrumentality by a fact witness is inappropriate under Fed. R. Evid. 701. *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 713-14 (Fed. Cir. 2005) (district court properly excluded testimony of lay witness as to "both the structural components of the accused device and to their respective functions"). Moreover, Samsung's fact witnesses did not submit any type of expert analysis of infringement in this case, and therefore their testimony would be improper under Fed. R. Evid. 708. To have a lay witness who did not perform a proper infringement analysis based on the appropriate claim constructions opine on his views of what a claim term means and requires completely frustrates the expert process. *EdgeCo. Inc. v. Fastcap, LLC*, 2005 WL 1630836, at *19-22 (D.N.J. July 11, 2005) (striking declaration of lay witness that addressed issues of validity and infringement).

Samsung should therefore be precluded from having any fact witness testify as to the presence or absence of any limitation of the Asserted Patents in the accused product. Such testimony is subject to exclusion under Fed. R. Evid. 403 (unduly prejudicial as compared to probative value), and Fed. R. Evid. 701 (improper lay opinion).

5. **Preclude Samsung from Presenting any Evidence or Argument Regarding RAND Obligations or any Alleged Failure to License Patents-in-Suit on RAND Terms.**

Samsung intends to tell the jury that ████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████. This argument has been waived by Samsung and if not waived, presents too much of a risk of prejudice and jury confusion given that ████████████████████

██████████████████████████████████████████████████.

Under the JEDEC Patent Policy, "each Committee Member, as a condition of Participation, agrees to offer to license on RAND terms, to all Potential Licensees, such Committee Member's Essential Patent Claims for the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the required portions of a final approved JEDEC Standard issued during the period of membership in that committee." Ex. 11 at 26. "Essential Patent Claim" is defined by JEDEC as "[t]hose Patent claims the use of which would necessarily be infringed by the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the required portions of a final approved JEDEC Standard." Ex. 11 at 23. In other words, a JEDEC RAND obligation only applies to actually essential patent claims ("SEPs").

Samsung has not contended that any of Netlist's patents in this case are SEPs. Dkt. No. 356 at 2 and Dkt. No. 520 at 1. Netlist served an interrogatory to Samsung seeking the following: "With respect to each asserted claim of Netlist Patents-in-Suit, identify whether it is or is not an 'Essential Patent Claim' as defined in JEDEC Manual of Organization and Procedure and Set Forth Your Complete Basis for that conclusion." Ex. 3, at 89. ████████████████████████████████

███████████████████████████████████████████████████████ Ex. 3, at 91. Samsung's expert, Mr. McAlexander, ████████████████████████████████████

██████████████ Dkt. 356-5 at ¶ 210 ████████████████████████████████████

██████████); Dkt. 356-6 at ¶ 195 ████████████████████████████████████

- 8 -

████████, Dkt. 356-7 at ¶ 325 ████████████████████████████████████████████

Netlist's experts will not prove infringement in this case by claiming that the patents are SEPs. Instead, they will prove infringement based on the technical operation of the products. Dkt. 356-2 (Mangione-Smith Rpt.) at ¶ 629 ████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████ Samsung's own expert Mr. McAlexander concedes that Dr. Mangione-Smith ████ ███ ████ ███ ███ ████ ████ ██ ████ ████ Dkt. 356-8 at ¶ 387 (emphasis added). This is consistent with Netlist's supplemental interrogatory response on the issue:

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████

Ex. 12 (2023-11-19 Netlist's (Revised) Fourth Amended R&Os to Samsung Rog Set 2) at 77. This nullifies Samsung's position that ████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████." Ex. 3, at 91. The jury will not be asked to determine whether the patents-in-suit are SEPs; the jury will only determine whether Samsung infringes and how much Samsung owes in damages for its infringement. The existence of a JEDEC Patent Policy obligation as to "essential patent claims" is thus irrelevant to the patent claims in this case.

Samsung also intends to tell the jury that Netlist has ████████████████████████ ████. Ms. Kindler repeatedly makes this assertion in her expert report:

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████



Dkt. 355-02 (Kindler Rebuttal Rpt.) at ¶ 231.

*Id.* ¶ 234

Samsung, however, has not plead a claim or affirmative defense that Netlist's position on licensing terms violates RAND. Indeed, the only mention of RAND as it relates to damages is that RAND bars lost profits, which Netlist is not seeking:  Dkt. 145.

**SIXTH ADDITIONAL DEFENSE**
**(Notice, Damages, and Costs)**

Netlist's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287.

Netlist is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

Netlist's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Netlist is not entitled to a double recovery.  For example, to the extent the Patents-In-Suit are essential to one or more JEDEC standards, ==Netlist is barred from seeking lost profits by its RAND obligations.==

Samsung cannot now attempt to try an unpled discrimination claim as to patents that neither Samsung's experts nor Netlist's experts contend are SEPs. Moreover, as the party with the burden of proof, Samsung would have needed to offer opinions in its ***opening*** expert reports in support of its RAND discrimination arguments. *See* Amended Docket Control Order, Dkt. 205, setting deadline to "Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof" as November, 20 2023. Samsung did no such thing here; ▮▮▮▮▮▮▮▮▮▮ which is irrelevant to the jury trial.

For these reasons, the Court granted Netlist's similar MIL in the *Micron I* case. Ex. 6 (*Micron I*,

Dkt. 413), at 1 (granting "Plaintiff's MIL No. 1: Preclude Micron from presenting any evidence or argument regarding RAND obligations or any alleged failure to license patents-in-suit on RAND terms."). Similarly, the Court granted Netlist's similar MIL in the *Samsung I* litigation. Ex. 2 (*Samsung I,* Dkt. 432), at 10 (granting the same MIL). There is no reason such evidence would be appropriate in this case either.

Dated: February 20, 2024

Respectfully submitted,

/s/ Jason Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on February 20, 2024 a copy of the foregoing was served to all counsel of record.

_/s/ Michael Tezyan_
Michael Tezyan

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

_/s/ Michael Tezyan_
Michael Tezyan

## CERTIFICATE OF CONFERENCE

I hereby certify that, on February 20, 2024 counsel for the parties met and conferred on the issues raised in these additional motions _in limine_. Counsel for Samsung confirmed that Samsung opposes the motions.

_/s/ Michael Tezyan_
Michael Tezyan