# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:21-CV-00463-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., SAMSUNG SEMICONDUCTOR, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned matter on Tuesday, March 28, 2023 and Wednesday, March 29, 2023 regarding pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff Netlist, Inc. ("Netlist") and Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (together, "Samsung") (collectively with Netlist, the "Parties"). (Dkt. Nos. 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 284, 379, 380, 399, 404 and 409.) This Order memorializes the Court's rulings on the aforementioned pretrial motions and MILs as announced from the bench and into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

# PRETRIAL MOTIONS

1.  **Netlist's Motion for Partial Summary Judgment on Samsung's License Affirmative Defenses (Dkt. No. 201)**

    The motion was **DENIED**. (Dkt. No. 426 at 56:8–11.) The Court found that Netlist had not shown there was a clear basis under Federal Rule of Civil Procedure 56 to grant the motion.

2.  **Samsung's Motion for Summary Judgment that All Accused Products Sold Before July 15, 2020 Are Licensed (Dkt. No. 196)**

    The motion was **GRANTED-IN-PART** to the extent it seeks a declaration that Samsung had a license until July 15, 2020. (Dkt. No. 426 at 56:12–24.) The Court found that there are fact issues with respect to whether the High Bandwidth Memory ("HBM") products are "Foundry Products" under the Joint Development and License Agreement ("JDLA"), which would determine whether they did or did not fall within the license that existed up until July 15, 2020 and **DENIED** the motion in that respect. (*Id.* at 58:8–18) The Court recognized the representations made by both Parties in open Court that after July 15, 2020, Samsung does not have a license defense and as of that date the JDLA was terminated, which terminated any license created thereunder. (*Id.* at 19–22.)

3.  **Samsung's Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 8,787,060 and 9,318,160 (Dkt. No. 197).**

    The motion was **DENIED**. (Dkt. No. 426 at 80:25–5.) The Court found that there are outstanding issues of material fact that preclude a grant of summary judgment.

4.  **Netlist's Partial Motion for Summary Judgment Finding JEDEC Materials Are Not Publicly Accessible (Dkt. No. 209)**

    The motion was **DENIED**. (Dkt. No. 426 at 104:13–16.) The Court found there to be fact questions including who would be the relevant public having access to the JEDEC materials.

5. **Netlist's Motion for Partial Summary Judgment on Samsung's Invalidity Defenses (Dkt. No. 211)**

With regard to JEDEC materials, the Court **GRANTED** the motion. (Dkt. No. 426 at 130:19–20.) With regard to admitted prior art ("APA"), the Court **GRANTED** the motion. (*Id.* at 130:21–22.) With regard to quad band memory ("QBM"), the Court **DENIED** the motion. (*Id.* at 130:23–24.) The Court **GRANTED-AS-UNOPPOSED** the motion as to Samsung having no anticipation defense as to the '918 and '054 Patents. (*Id.* at 130:25–131:1.)

6. **Samsung's Motion for Summary Judgment of No Pre-Suit Damages (Dkt. No. 198)**

The motion was **GRANTED** as to the '506, '339, and '918 Patents. (Dkt. No. 426 at 148:4–11.) The Court was persuaded that Samsung met its burden under *Artic Cat*, and that Netlist had not shown actual or constructive notice prior to filing the original complaint on December 20, 2021. As a result, the Court **GRANTED** summary judgment of no damages prior to December 20, 2021 for the '506, '339, and '918 Patents.

The motion was **GRANTED-IN-PART** as to the '054 Patent. (*Id.* at 148:12–21.) The Court was persuaded there remain issues as to the potential for pre-suit damages prior to the filing of the first amended complaint filed May 3, 2022 but not subsequent to the original complaint. As a result, the Court **GRANTED** summary judgment of no damages prior to December 20, 2021 for the '054 Patent and **DENIED** the motion otherwise. As to the period of time between December 20, 2021 and May 3, 2022, the motion was **DENIED** as to the '054 patent.

The motion was **GRANTED** as to the '060 and '160 Patents. (*Id.* at 148:22–149:4; 150:17–20.) The Court found there was no notice prior to the first amended complaint. As a result, the Court **GRANTED** summary judgment of no damages prior to May 3, 2022 for the '060 and '160 Patents.

7.  **Netlist's Motion for Partial Summary Judgment on Samsung's Affirmative Defenses (Dkt. No. 199)**

    The motion was **DENIED** as to Samsung's Marking Defenses. (Dkt. No. 426 at 149:5–6.) The motion was **GRANTED** as to Samsung's Exhaustion Defense and Samsung's Implied License Defense. (*Id.* at 149:7–12.)

8.  **Samsung's Motion for Summary Judgment of No Pre-Suit Damages (Dkt. No. 200)**

    The motion was **GRANTED-IN-PART** as to the period prior to July 15, 2020. (Dkt. No. 426 at 168:17–169:4.) As to the period of time after July 15, 2020, the Court found there to be genuine issues of material fact under the totality of circumstances standard for willfulness that preclude the entry of summary judgment and **DENIED** the motion in that respect.

9.  **Samsung's *Daubert* Motion and Motion to Strike Expert Testimony of David Kennedy (Dkt. No. 205)**

    The motion was **GRANTED-IN-PART** as to Mr. Kennedy's opinions regarding Texas Instruments, which are outside the scope of the case. (Dkt. No. 426 at 217:12–20.) The motion was also **GRANTED-IN-PART** as to Mr. Kennedy's RAND opinions. (*Id.* at 217:21–4.) The Court **DENIED** the balance of the motion. (*Id.* at 217:5–6.)

10. **Netlist's Motion to Strike Certain Opinions of Defendants' Expert John B. Halbert (Dkt. No. 207)**

    The motion was **DENIED**. (Dkt. No. 426 at 229:12–14.) The Court provided guidance with reference to the Court's standing order on motions *in limine* ("MILs"), such as Court MIL nos. 9 and 11, which preclude pejorative or disparaging language (*id.* at 223:10–11), and Court MIL no. 13, which precludes reference to other litigation (*id.* at 225:1–15).

11. **Netlist's Motion to Strike Portions of the Rebuttal Expert Report of Paul K. Meyer (Dkt. No. 214)**

    The motion was **GRANTED-IN-PART**. The Court struck paragraphs 289 through 305, concerning the market comparables approach. (Dkt. No. 426 at 247:25–248:5.) The Court

4

**GRANTED** the motion as to any references to RAND. (*Id.* at 248:6–11.) The Court further **GRANTED** the motion as to other litigation and IPRs. (*Id.* at 248:14–18.) The Court further **GRANTED** the motion as to settlement discussions. (*Id.* at 249:5–10.) The Court further **GRANTED** the motion as to ITC proceedings. (*Id.* at 249:11–15.) The Court further **GRANTED** the motion as to Netlist's market cap. (*Id.* at 249:16–19.)

The motion was **DENIED** as to non-infringing alternatives ("NIAs") (*id.* at 248:12–13), the alleged JEDEC contributions (*id.* at 248:19–25), references to Samsung's patent portfolio (*id.* at 249:20–22), and references to unaccused products (*id.* at 249:23–250:2).

12. **Netlist's Motion to Strike Portions of the Rebuttal Expert Report of Philip Kline (Dkt. No. 206)**

The motion was **GRANTED-IN-PART**. (Dkt. No. 426 at 255:14–256:7.) The Court instructed that Mr. Kline is not permitted to convey to the jury that the data used by Dr. Andreas Groehn was "inaccurate." (*Id.* at 254:23–255:2.) The Court explained that the motion was granted to the extent that Mr. Kline indicates that he and Dr. Groehn did not start with the same underlying data. The balance of the motion was **DENIED**. (*Id.* at 256:9–10.)

13. **Samsung's *Daubert* Motion and Motion to Strike Expert Testimony of Dr. Andreas Groehn (Dkt. No. 203)**

The motion was **DENIED**. (Dkt. No. 427 at 21:13–18.) The Court found that Samsung's arguments go to the weight of Dr. Groehn's testimony, not to admissibility.

14. **Samsung's *Daubert* Motion and Motion to Strike Expert Testimony of Dr. William Henry Mangione-Smith (Dkt. No. 204)**

The motion was **GRANTED-IN-PART**.

Concerning untimely theories, the Court found the corrected and redacted submission of Dr. Mangione-Smith to be adequate and **DENIED** the motion to the extent it seeks to further strike Dr. Mangione-Smith's testimony on this topic. (Dkt. No. 427 at 229:12–14.)

Concerning late-disclosed conception materials, the Court **DENIED** the motion. (*Id.* at 46:10–13.) The Court acknowledged the parties' agreement that paragraphs 77 and 313 would not be presented. (*Id.* at 48:3–21.)

Concerning new infringement theories for the '918 and '054 Patents, the Court accepted the parties' representations that the issue was moot in light of the Court's prior rulings. (*Id.* at 46:14–18.)

Concerning untimely doctrine of equivalents opinions for the '918 and '054 Patents, the Court **DENIED** the motion. (*Id.* at 46:19–22.)

Concerning Samsung's alleged state of mind, the Court **GRANTED** the motion. (*Id.* at 46:23–5.) The witness will not opine on Samsung's state of mind. (*Id.* at 40:3–12.)

Concerning references to the errata of Mr. Jung's testimony, the Court **DENIED** the motion. (*Id.* at 47:6–14.)

Concerning technical valuation opinions, the Court **DENIED** the motion. (*Id.* at 47:15–20.)

15. **Netlist's Motion to Strike Portions of the Rebuttal Expert Report of Joseph C. McAlexander III (Dkt. No. 208)**

The motion was **GRANTED-IN-PART**.

The Court acknowledged that Netlist's challenges to paragraphs 122 through 145 have been withdrawn. (Dkt. No. 427 at 78:17–24.)

Concerning improper claim construction opinions, specifically, the term "pre-regulated input voltage," the Court struck paragraphs 366 and 367 of Mr. McAlexander's Rebuttal Report. (*Id.* at 81:20–82:9.) Concerning the term "converter circuit" and paragraphs 402 and 406–408, the Court **DENIED** the motion. (*Id.* at 82:13–18.) Concerning the term "non-volatile memory" and paragraphs 529–534 and 537–538, the Court **DENIED** the motion. (*Id.* at 82:19–20.) Concerning

6

the term "updating of the bits of registers" and paragraphs 530, 533, and 540, the Court **DENIED** the motion. (*Id.* at 82:21–22.) Concerning the term "operable state" and paragraphs 492–495 and 504, the Court **DENIED** the motion. (*Id.* at 23–25.) Concerning the term "determine"/"determining" and paragraphs 167–172, the Court **GRANTED** the motion and struck paragraphs 167–172. (*Id.* at 83:1–5.)

As to previously undisclosed alleged non-infringing alternatives, including paragraphs 666, 677–678, 682, and 685, the Court limited the use of the paragraphs concerning technical valuation and benefits by prohibiting their use beyond rebuttal to Dr. Mangione-Smith's opinions concerning technical valuations and benefits. The paragraphs will not be used as support for any ultimate damages opinions. (*Id.* at 83:13–25.)

As to non-infringement arguments based on the specification and paragraphs 169, 235–236, and 251–262, the Court **GRANTED** the motion and struck paragraphs 169, 235–236, and 251–262. (*Id.* at 84:1–5.)

As to other improper infringement opinions and paragraphs 326–327, 88–99, and 115–121, the Court limited their use to background information only. (*Id.* at 84:6–10.) Further, the Court **ORDERED** that Mr. McAlexander use the term "asserted invention" rather than "alleged invention." (*Id.* at 76:6–15; *id.* at 84:10–12.)

As to other prior proceedings and paragraphs 103–110 and 336–337, this portion of the motion was **GRANTED**, and the Court precluded their use before the jury. (*Id.* at 84:13–24.)

As to prosecution history estoppel and paragraphs 146–148, the Court **GRANTED** the motion to the extent the paragraphs assert legal conclusions. (*Id.* at 85:7–11.) The Court clarified that the factual portion of the witness's testimony is not excluded. (*Id.* at 85:11–18.)

7

As to the issue of relative technical value and paragraphs 655–659, the motion was **DENIED**.  (*Id.* at 85:22–86:1.)

16. **Samsung's *Daubert* Motion and Motion to Strike Expert Testimony of Dr. Michael Brogioli (Dkt. No. 202) and Netlist's Motion to Strike Portions of the Rebuttal Expert Report of Gabriel Robins (Dkt. No. 210)**

    Both motions were **DENIED**.  (Dkt. No. 427 at 123:14–18.)

17. **Netlist's Motion to Strike Portions of the Opening Expert Report of Joseph McAlexander (Dkt. No. 212)**

    The motion was **GRANTED-IN-PART**.

    As to the issue of allegedly improper claim construction, the motion was **GRANTED** as to paragraphs 178–196, 198–209, and 210–220, which were struck, but the motion was **DENIED** otherwise.  (Dkt. No. 427 at 144:18–25.)

    As to equitable defenses, the Court **GRANTED** the motion with regard to legal conclusions, legal terms and language that is inherently legal in nature.  (*Id.* at 145:4–6.)  With regard to factual underpinnings that stop short of making a legal assertion, the Court **DENIED** the motion.  (*Id.* at 154:6–13.)  The witness was instructed not to use the terms "laches" or "estoppel."  (*Id.* at 145:14–146:4.)

    As to Netlist's relationship with JEDEC, the Court **GRANTED** the motion and struck paragraphs 170–174.  (*Id.* at 146:10–14.)  However, the motion was **DENIED** otherwise.  (*Id.*)

    The Court noted that the issue regarding printed publications is moot in light of the Court's prior rulings.  (*Id.* at 147:9–11; *see also id.* at 135:14–15.)

    As to written description, the Court **DENIED** the motion.  (*Id.* at 147:12–13.)

    As to other litigations, the Court **DENIED** Netlist's request to strike paragraphs 222, 242–244, and exhibits E and F.  (*Id.* at 147:17–19.)

As to invalidity arguments not disclosed during discovery, the Court limited their use to background only.  (*Id.* at 147:20–148:3.)

18. **Netlist's Motion to Strike Portions of Dr. Gabriel Robins' Opening Expert Report (Dkt. No. 213) and Netlist's Motion to Preclude Certain Trial Testimony of Dr. Gabriel Robins Due to Violation of Magistrate's Ruling on Deposition Conduct (Dkt. No. 399)**

The motion to strike (Dkt. No. 213) was **DENIED**.  (Dkt. No. 427 at 171:1.)  However, the Court **ORDERED** that only Mr. Matthew Colvin examine Dr. Robins at trial on behalf of Defendants.  (*Id.* at 170:18–25; *see also id.* at 161:8–16.)

The motion for sanctions (Dkt. No. 399) was **DENIED**.  (Dkt. No. 427 at 172:22–25.)  However, the Court **ORDERED** that a new deposition of Dr. Robins be taken by Mr. Samuel F. Baxter or Ms. Jennifer Truelove, with Mr. Colvin solely defending Dr. Robins, on the premises (Sam B. Hall Jr. Federal Building and United States Courthouse, 100 E Houston St, Marshall, TX 75670) and with Magistrate Judge Roy Payne acting as a hotline resource to address any issues arising during the deposition, such deposition to be taken at a time consistent with Judge Payne's schedule.  (*Id.* at 171:20–172:13.)

19. **Samsung's Motion to Bifurcate Willfulness (Dkt. No. 404)**

The motion was **DENIED**.  (Dkt. No. 427 at 173:15–25.)

20. **Netlist's Motion for Leave to Supplement Expert Reports (Dkt. No. 284)**

The motion was **GRANTED-IN-PART**.

The Court acknowledged that the issue of the first and third supplements to Mr. Kennedy's report was moot.  (Dkt. No. 427 at 175:1–10; *see also id.* at 179:17–20.)

The Court **GRANTED** the motion with respect to the second supplement to Mr. Kennedy's report and to the supplement to Dr. Brogioli's report.  (*Id.* at 181:1–10.)  The Court also allowed

9

a responsive report from the two appropriate Defense experts of not more than five pages each.

(*Id.*)

**21.   Netlist's Motion to Compel Compliance with Trial Subpoena of Indong Kim (Dkt. No. 409)**

The motion was **DENIED** and the Court QUASHED the subpoena of Mr. Indong Kim. (Dkt. No. 427 at 186:9–187:7.)

## MOTIONS *IN LIMINE*

Further to the Court's Standing Order on Motions *In Limine* issued December 14, 2022, it is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**I.   PLAINTIFF'S MOTIONS *IN LIMINE* (Dkt. No. 379)**

Plaintiff's MIL 1    **Preclude Samsung from presenting any evidence or argument regarding RAND obligations or any alleged failure to license Patents-in-Suit on RAND terms.**

The MIL was **DENIED-AS-MOOT**. (Dkt. No. 427 at 188:15–16.)

Plaintiff's MIL 2    **Preclude Samsung from Presenting any evidence or argument that SK hynix's supply obligation to Netlist is not legal binding on SK hynix.**

The MIL was **GRANTED**. (Dkt. No. 427 at 190:6–12.)

Plaintiff's MIL 3    **Preclude Samsung from presenting any argument or evidence that contradicts the findings of the Central District of California's Summary Judgment and Final Judgment.**

The MIL was **DENIED**. (Dkt. No. 427 at 196:3–8; *id.* at 198:21–23.) The Court noted that the MIL is subsumed by the Court's standing MIL no. 13. The Court announced its intention that the Court, and not the parties, instruct the jury regarding the prior Central District of California ("CDCA") action. (*Id.* at 198:13–18.) The Court invited suggested instructions from the counsel for the parties.

10

Plaintiff's MIL 4     **Preclude Samsung from presenting any allegation that Netlist has failed to comply with JEDEC obligations.**

The MIL was **GRANTED**. (Dkt. No. 427 at 200:14–25.) The Court will be an active gatekeeper before the jury as to JEDEC materials.

Plaintiff's MIL 5     **Preclude Samsung from presenting evidence, argument, or testimony that practicing a standard is a defense to infringement or willfulness.**

The MIL was **GRANTED-IN-PART** to the extent that Samsung shall not communicate to the jury that practicing a standard is a defense to infringement. (Dkt. No. 427 at 206:13–18.) The balance of the MIL was **DENIED**. (*Id.* at 206:24–207:2.)

## II.    DEFENDANT'S MOTIONS *IN LIMINE* (Dkt. No. 380)

Defendants' MIL 1     **Improper argument or evidence regarding Samsung's alleged failure to supply memory to Netlist.**

The MIL was **GRANTED**. (Dkt. No. 427 at 212:19–24.) The Court will be an active gatekeeper on the issue. (*Id.* at 213:1–10.)

Defendants' MIL 2     **Improper argument or evidence regarding the alleged value of the supply agreement to Netlist under the JDLA.**

The MIL was **DENIED-IN-PART** as to Mr. Kennedy and Mr. Meyer. (Dkt. No. 427 at 216:24–217:4; *id.* at 217:23–218:3.) The Court **GRANTED** the MIL as to anyone aside from Mr. Kennedy and Mr. Meyer on the topic of the value of the supply agreement to Netlist under the JDLA. (*Id.* at 217:5–13; *id.* at 218:2–3.)

Defendants' MIL 3     **Improper argument or evidence regarding the Korean Tax Tribunal opinion.**

The MIL was **GRANTED**. (Dkt. No. 427 at 225:1–6.) The Court noted that this MIL is subsumed by the Court's standing MIL no. 13, but for clarity, the Court **GRANTED** the MIL so as to facilitate the Court's role as a gatekeeper.

11

Defendants' MIL 4     **Improper allegations of price fixing or other illegal activities.**

The MIL was **DENIED**. (Dkt. No. 427 at 228:21.) The Court directed the parties to the Court's standing MIL no. 9.

Defendants' MIL 5     **No argument, evidence, or questions suggesting a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company.**

The MIL was **DENIED-IN-PART** as to any particular 30(b)(6) witness who has previously been designated on any topic or topics and has been noticed on those topics. (Dkt. No. 427 at 232:20–22; *id.* at 233:23–234:4.) As to any witness testifying on behalf of Samsung who was never noticed or deposed as a 30(b)(6) witness, the Court **GRANTED** the MIL. (*Id.* at 232:23–233:2; *id.* at 234:5–12.) The Court clarified that if Netlist seeks to cross examine the latter type of witness on a lack of knowledge regarding Samsung or any aspect of its operations, advance leave is required. (*Id.* at 234:5–12.)

If the Parties desire to introduce any evidence or argument or otherwise raise or mention any of the foregoing subjects addressed by the MILs set forth herein and before the jury, they must first approach the bench and obtain leave from the Court. This also includes all MILs in the Court's Standing Order on Motions *In Limine*.

All remaining MILs not addressed herein or otherwise addressed by the Court on the record are **DENIED-AS-MOOT**.

## RESOLUTION OF REMAINING PRETRIAL ISSUES

At the conclusion of the pre-trial conference, the Court referred the pre-admission of exhibits to Magistrate Judge Payne to be scheduled in compliance with Judge Payne's schedule. (Dkt. No. 427 at 19–23.)

**So ORDERED and SIGNED this 5th day of April, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE