# EXHIBIT 10

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-293-JRG <br><br> JURY TRIAL DEMANDED <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S FIRST NOTICE OF DEPOSITION OF DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG SEMICONDUCTOR, INC. PURSUANT TO RULE 30(b)(6)**

Please Take Notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Plaintiff Netlist, Inc. ("Netlist") will take the deposition by oral examination of Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively "Samsung" or "Defendants"). The deposition(s) will commence on November 1, 2023 at 9:00 am PT, or such other date and time as may be agreed by the parties, and will continue from day to day (excluding Saturdays, Sundays, and holidays) until completed. The deposition will take place at 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067, or another mutually agreeable location. The deposition(s) will be conducted

more sections of the JEDEC Standards, the specific sections of the JEDEC Standards and the factual basis for such contentions.

**TOPIC NO. 85:**

To the extent Samsung contends that any claim of the Netlist Patents-in-Suit is essential to practicing any Standard, all facts and circumstances relating to such contention, including the specific section of any Standard being practiced.

**TOPIC NO. 86:**

To the extent Samsung contends that any Netlist Patents-in-Suit are essential to practicing a standard, the basis for Samsung's proposed (F)RAND royalty calculation.

**TOPIC NO. 87:**

To the extent Samsung contents that any claim of the Netlist Patents-in-Suit is not essential to practicing any Standard, all facts and circumstances relating to such contention.

**TOPIC NO. 88:**

Samsung's awareness and/or knowledge of the Netlist Patents-in-Suit and of any patent application or patent relating to any of the Netlist Patents-in-Suit, including but not limited to the date on which Samsung first gained such awareness and/or knowledge and the facts and circumstances relating thereto.

**TOPIC NO. 89:**

The facts and circumstances relating to any actions undertaken by Samsung in response to becoming aware of the Netlist Patents-in-Suit, being accused of infringement of Netlist's Patents-in-Suit, and/or the Complaint in this Action.

**TOPIC NO. 90:**

Any evaluations, analyses, or other efforts by Samsung to determine if any Samsung

Accused Product or any other Samsung product would infringe the Netlist Patents-in-Suit, including the facts and circumstances of those efforts, the results of those efforts, any opinions of counsel relating to such efforts or patents, and any conclusion as to whether or not Samsung needed or should obtain a license to one or more of the Netlist Patents-in-Suit.

**TOPIC NO. 91:**

To the extent Samsung contends its accused infringement of Netlist Patents-in-Suit has not been willful, all facts and circumstances relating to the basis for Samsung's contention, including the facts and circumstances relating to (1) whether Samsung deliberately copied ideas or design, (2) whether Samsung investigated the scope of the Patents-in-Suit and formed a good-faith belief that they were invalid or not infringed by Samsung products, (3) Samsung's behavior as a party to this litigation, (4) Samsung's size and financial condition, (5) the closeness of the case, (6) the duration of Samsung's conduct alleged by Netlist to be infringing, (7) remedial action by Samsung, (8) Samsung's motivation for harm, and (9) whether Samsung attempted to conceal the conduct alleged by Netlist to be infringing

**TOPIC NO. 92:**

Any effort made by, on behalf of, or at the request of Samsung to design around and/or develop a non-infringing alternative to the Netlist Patents-in-Suit, including the facts and circumstances concerning such efforts, any reason for not implementing or deploying any design around or non-infringing alternative to the Netlist Patents-in-Suit, the existence or feasibility of implementing any such design around or non-infringing alternative, any plans or strategies for designing or developing any such design around or non-infringing alternative, any benefits or disadvantages of any such design around or non-infringing alternative, and the costs, engineering requirements, and/or changes necessary to implement any such design around or non-infringing

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 19, 2023, a true and correct copy of the foregoing instrument was served or delivered electronically via email to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao