IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00293-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO, LTD, *et al.* | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is Netlist Inc.'s ("Netlist") Motion for Relief from Protective Order (the "Motion"). (Dkt. No. 553.) In the Motion, Netlist moves for leave to introduce testimony designated by Defendants Samsung Electronics Co., LTD; Samsung Electronics America, Inc.; and Samsung Semiconductor Inc. (collectively, "Samsung") under this Court's Protective Order (Dkt. No. 60) in a co-pending litigation between Netlist and Samsung in the Central District of California (the "CDCA Action"). Having considered the Motion and the subsequent briefing, the Court finds that the Motion should be and hereby is **GRANTED**.

According to Netlist, Samsung's corporate representative, Joseph Calandra, provided testimony in this case that contradicts certain positions that Samsung has taken in the co-pending CDCA Action. (Dkt. No. 553 at 2.) Netlist desires to present the testimony from this case in the CDCA Action. However, Mr. Calandra's testimony has been designated as confidential under the protective order in this case, preventing Netlist from presenting Mr. Calandra's testimony in the CDCA Action in any manner. As a result, Netlist now seeks relief from the protective order in this case to present Mr. Calandra's testimony to Hon. Mark C. Scarsi so that he may then determine whether such testimony is relevant and admissible in the CDCA Action.

1

Federal Rule of Civil Procedure 26 allows a court to enter a protective order to protect a party's confidential information. Fed. R. Civ. P. 26(c)(1). The Court enjoys broad discretion in entering and modifying any such order. In deciding whether to modify a protective order, courts generally consider four factors: "(1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification*." Team Worldwide Corp. v. Walmart Inc.*, No. 2:17-CV-00235, 2019 WL 13078780 (E.D. Tex. Jan. 24, 2019)

Netlist argues that the relief sought in this motion is "limited." (*Id.* at 1.) That is, Netlist does not ask this Court to decide the issue of admissibility of Mr. Calandra's testimony in the CDCA Action. Netlist only asks that this Court allow it to show Mr. Calandra's testimony to Judge Scarsi so that he may determine whether or not such testimony is relevant and admissible in the CDCA Action. (*Id.*) Netlist notes that the protective order in this case specifically contemplates that either party could disclose designated material upon obtaining authorization from the producing party or from the Court. (*Id.* at 4-5.) Netlist contends that modification of the Protective Order to allow disclosure of the testimony to Judge Scarsi is important to prevent Samsung from taking contrary positions in co-pending litigations, and it argues that good cause exists because there is no risk that any Samsung confidential information will be exposed to the general public. (*Id.* at 6.)

Samsung objects to the relief sought by Netlist. Specifically, Samsung argues that, throughout this case, Netlist has been using this case "to conduct improper proxy discovery" for the CDCA Action. (Dkt. No. 616 at 1.) Samsung argues that modifying the protective order prejudices Samsung in that it is one of Netlist's many attempts to use this case to expand discovery in the CDCA Action, which closed in 2021. (*Id.* at 5.) Samsung further argues that Netlist's alleged

2

good cause rests on two false premises: (1) that Mr. Calandra's testimony has any foundation and is 30(b)(6) testimony and (2) that the testimony contradicts Samsung's positions in the CDCA Action. Samsung contends that Mr. Calandra's testimony "lacks foundation and is irrelevant to the issues in the C.D. Cal. Case under governing New York law." (*Id.* at 4-5.) Samsung also contends that "Mr. Calandra's personal testimony does not conflict with Samsung's position in the C.D. Cal. Case." (*Id.* at 5.)

The Court agrees with Netlist. Specifically, good cause exists in light of the limited nature of the relief sought. Notably, both of Samsung's alleged "false premises" are not issues that Netlist seeks to have this Court resolve. Whether or not the testimony is relevant to the CDCA Action and whether or not the testimony in this case actually contradicts Samsung's positions in the CDCA Action are issues best left to Judge Scarsi and the Central District of California. Netlist merely asks that it be allowed to show the testimony at issue to Judge Scarsi so that he may determine the merits of these alleged "false premises." The Court does not find that the limited relief sought in this motion would unduly prejudice Samsung.

This Court is aware of the interconnected nature of this case and the CDCA Action, and it is also mindful to prevent any party from using this case to conduct "proxy discovery" for the CDCA Action. For example, this Court recently granted Samsung's Motion for a Protective Order (Dkt. No. 193) preventing Netlist from seeking discovery in this case for "issues solely before the Central District of California." (*See* Dkt. No. 377.) Here, however, Netlist is not seeking to obtain extra discovery in this case to be used in the CDCA Action, but rather Netlist is simply asking that it be allowed to show Judge Scarsi deposition testimony that has already taken place so that Judge Scarsi can determine whether or not such testimony is relevant and admissible in the CDCA

Action. In fact, it was Judge Scarsi who recommended that Netlist seek relief from this Court first before posing any such issues to the Central District of California:

> **THE COURT:** So to the extent that you want to talk to this Court about something that's under a protective order, make sure you get leave because I don't want to -- again, I don't want to be disrespectful of the court in Texas by considering information that I'm not allowed to see.
>
> **MR. SHEASBY:** Your Honor, I think that's absolutely right. So what we'll need to do is we'll need to make a motion in front of East Texas, as well as make a motion in front of Your Honor. My expectation is the East Texas motion will file that promptly so that that will be resolved in advance of our briefing to you.

(Dkt. No. 553.) Judge Scarsi asked Netlist to obtain leave from this Court before approaching the Central District of California with the substantive issues concerning Mr. Calandra's testimony. Netlist has done that. There is no risk that any Samsung confidential information will be exposed to the general public. The Court finds no compelling reason to deny Netlist leave to present the testimony of Mr. Calandra to Judge Scarsi.

For the reasons stated above, the Court finds that the Motion for Relief from Protective Order (Dkt. No. 553) should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that Netlist may present the deposition testimony of Mr. Calandra for review by Judge Scarsi in the CDCA Action.

**So Ordered this**
**Feb 27, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

4