IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00293-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO, LTD, | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., SAMSUNG SEMICONDUCTOR | § | |
| INC., | § | |
| | § | |
| *Defendants*. | § | |

# ORDER

Before the Court is Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor Inc.'s (together, "Samsung") Renewed Motion to Stay Pending IPR (the "Motion to Stay"). (Dkt. No. 285.) In the Motion, Samsung asks the Court to stay this case pending final decision in Samsung's petitions for *inter partes* review ("IPR") of the patents in suit. (*Id.* at 7.) Having considered the Motion to Stay, and for the reasons stated herein, the Court finds that the Motion to Stay should be and hereby is **DENIED**.

Plaintiff Netlist, Inc. ("Netlist") filed suit against Samsung on August 1, 2022 alleging infringement of U.S. Patent No. 7,619,912 (the "'912 Patent"). (Dkt. No. 1.) Netlist amended its complaint on August 15, 2022 to add allegations of infringement of U.S. Patent Nos. 11,093,417 (the "'417 Patent") and 9,858,215 (the "'215 Patent), which are in the same family as the '912 Patent. (Dkt. No. 12.) Subsequently, the Court granted leave for Netlist to amend its complaint again to add the U.S. Patent No. 10,268,608 (the "'608 patent"). (Dkt. No. 135.)

Earlier in the case, Samsung filed a motion to stay (Dkt. No. 88) after IPRs had been instituted for all of the asserted patents except the '608 Patent. The Court denied that motion to

stay as premature since the PTAB had not instituted IPRs for all asserted patents. (Dkt. No. 180.) Since then, the PTAB instituted IPR for the '608 Patent. The final written decision for the '912 Patent is due on April 19, 2024; the final written decisions for the '417 and '215 Patents are due August 1, 2024; and the final written decision for the '608 Patent is due December 12, 2024. (Dkt. No. 285 at 3.)

I.   LEGAL STANDARD

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.).

II.   DISCUSSION

   A.   Prejudice

Samsung argues that Netlist will not suffer undue prejudice if the case is stayed specifically because Netlist principally seeks monetary relief. (Dkt. No. 285 at 7.) Samsung acknowledges that Netlist will be prejudiced in the delay of its enforcement of its patent rights, but argues that it will not be ***unduly*** prejudiced since Netlist does not seek injunctive relief.

Netlist argues that it will be prejudiced by a stay because Netlist has a right to the timely enforcement of its patents. (Dkt. No. 326 at 2.) Further, Netlist notes that the final written decision

2

of the '608 Patent is not due until December 2024—meaning the case would be stayed for at least eight months after trial is scheduled to begin and potentially longer if the stay is extended for any appeal of the PTAB's decision to the Federal Circuit. (*Id.*)

Further, Netlist argues that due to the rollout of the next generation DDR5 DIMMs, the accused DDR4 R/LRDIMM products are near the end of their life and may be obsolete by the time the stay is lifted. (*Id.*) Netlist argues that a stay will permit Samsung to continue to exploit the remaining life of the accused products before the industry moves on to the next generation DDR5 DIMMs. (*Id.*) Finally, Netlist argues that, in light of Netlist's product supply agreement with SK Hynix, Netlist offers for sale memory products that directly compete with Samsung's accused products. (*Id.*)

The Court agrees with Netlist that this factor weighs against granting a stay in this case. The delay caused by a stay is especially burdensome where the parties are competitors in the marketplace. *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12–cv–799, 2014 WL 4477393, at *2 (E.D. Tex. July 25, 2014); *Volstar*, 2013 WL 4511290, at *2; *accord SenoRx, Inc. v. Hologic, Inc.*, No. 12–cv–173, 2013 WL 144255, at *7 (D. Del. Jan. 11, 2013) ("Courts have recognized that when the parties are direct competitors, there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill."); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 3:12–cv–05501, Doc. No. 108 at 6 (N.D. Cal. Jan. 13, 2014). A delay in the proceedings would be prejudicial to Netlist as a competitor to Samsung, and any stay could be further extended if either party appeals the PTAB's findings to the Federal Circuit. Further, the Court is convinced that timely resolution of Netlist's patent claims are warranted given that the next generation DIMMs will soon make the allegedly infringing accused

DIMMs obsolete. The fact that Netlist is seeking solely monetary damages does not mean that Netlist cannot be prejudiced by a significant delay of an imminent trial date. *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463, 2016 WL 3277259, at *2 (E.D. Tex. June 14, 2016) ("The fact that [plaintiff] is a nonpracticing entity and is merely pursuing monetary damages would not preclude [plaintiff] from experiencing prejudice if the Court granted Defendants' motion to stay."); *See, e.g., Chrimar Sys., Inc. v. Adtran, Inc.*, 2016 WL 11746525, at *1 (E.D. Tex. Dec. 28, 2016) ("Defendants' argument suggests that only those parties who seek injunctions could ever experience undue prejudice from the delay of the final resolution of their case. This cannot be the case."). Accordingly, the Court finds that this factor materially weighs against a stay.

### B.     Stage of the Litigation

Samsung argues that the stay should be granted because it pursued the IPRs since the early stages of this case. Specifically, Samsung filed the IPR for the '912 Patent before Netlist even filed this case, it filed the IPRs for the '417 and '215 Patents less than five months after Netlist added those patents to this case, and it filed the IPR for the '608 months before the Court allowed the '608 Patent to be added to the case. (Dkt. No. 285 at 6.) Further, Samsung argues that substantial work remains to be done as the parties were in the midst of expert discovery at the time of the Motion. (*Id.*)

Netlist argues that the case is in an advanced stage of the case with many thousands of pages of expert reports already served and with trial only months away. (Dkt. No. 326 at 5.)

This factor also weighs against granting a stay. The parties have engaged in substantial discovery, claim construction, and have served expert reports. Further, the trial is only a few months away. The Court finds that the late stage of this case weighs against granting a stay.

4

### C. Likelihood of Simplification of the Issues

Samsung argues that a stay will simplify the issues in this case by eliminating all the issues in the litigation. (Dkt. No. 285 at 4.) Samsung argues that the resolution of the IPRs could not only simplify the issues, but may dispose of the entire case. (*Id.*)

Netlist argues that the resolution of the IPRs will not resolve the entirety of the case because Samsung is pursuing invalidity grounds that will not be resolved by the IPRs as to the patents in suit. (Dkt. No. 326 at 6.)

While the Court agrees with Samsung that there is a possibility that resolution of the IPRs could simplify the issues of this case, such is not a given. The only scenario in which the IPRs dispose of the entire case is if the PTAB invalidated all claims of all three asserted patents in suit and the Federal Circuit affirmed all these decisions on appeal. Weighing all of the factors in the balance, the prejudice to Netlist and the advance stage in the case outweigh the likelihood of simplification of the issues.

### D. Samsung's Alternative Request for a New Trial Date

In the alternative, Samsung requests a new trial date. (Dkt. No. 285 at 10.) This case was originally set to go to trial on April 15, 2024, meaning that the PTAB's final written decision for the '912 Patent would be due during the week of trial. Since Samsung filed its Motion to Stay, the Court deconsolidated the Samsung and Micron cases and cancelled the April trial date for Samsung. Accordingly, this request for relief is moot.

## II. CONCLUSION

After weighing all the factors that bear on whether a staying pending IPR is warranted, the Court finds that the balance of those factors weighs against grating a stay. Accordingly, in the exercise of its discretion, the Court **DENIES** Samsung's Motion to Stay (Dkt. No. 285).

## So Ordered this

**Mar 11, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE