# Exhibit 2

```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF TEXAS
                       MARSHALL DIVISION

NETLIST, INC.,                    (  CAUSE NO. 2:21-CV-463-JRG
                                  )
        Plaintiff,                (
                                  )
vs.                               (
                                  )
SAMSUNG ELECTRONICS CO., LTD.,    (
et al.,                           )  MARSHALL, TEXAS
                                  (  MARCH 29, 2023
        Defendants.               )  9:00 A.M.
_____


                           VOLUME 2

_____

                      PRETRIAL CONFERENCE

             BEFORE THE HONORABLE RODNEY GILSTRAP
              UNITED STATES CHIEF DISTRICT JUDGE

_____
```

SHAWN McROBERTS, RMR, CRR
100 E. HOUSTON STREET
MARSHALL, TEXAS  75670
(903) 923-8546
shawn_mcroberts@txed.uscourts.gov

1  products from or to the other party unless and until a valid
2  purchase order is issued and accepted.
3       Earlier in the agreement -- there are two agreements
4  here.  In the product purchase and supply agreement there is a
5  commitment that the parties shall agree, but it's nothing more
6  than an agreement to agree.  This is in Section 2.1.
7       And then, finally, there is a most-favored-nations clause
8  in the agreement at 7.12 that tells us, again in black and
9  white, that the valuation of this agreement for
10 most-favored-nations purposes, which is obviously a cue
11 between the parties when they decide whether this agreement
12 was worth more or less to some other, that when valuing this
13 agreement they will be -- they will exclude any and all
14 non-patent licensing terms such as any product supply, product
15 development, joint venture, or lending agreements.
16      So in the text of the agreement in 7.12, it tells us that
17 for the -- for valuation purposes we do not look at the supply
18 commitment and, therefore, it is -- the MIL would violate what
19 the agreement says in black and white.
20           THE COURT:  Go ahead, Mr. Sheasby.
21           MR. SHEASBY:  So my point is I think a little more
22 prosaic, which is that Mr. Meyer is going to get on the stand
23 and says that this product supply agreement is unenforceable,
24 and that is a question of law for the sole determination of
25 this Court.  It is not appropriate for an expert witness to

1    say the supply clause is unenforceable, separate about whether
2    it's valued for the purposes of a most-favored-nations clause
3    is irrelevant.  He's saying this is not obligatory; that there
4    was no obligation to enter into product agreements even though
5    the agreement on its face is obligatory.
6             THE COURT:  Okay.  Well, I think to be consistent
7    with my prior ruling on the motion to strike regarding
8    Mr. Meyer, I need to grant this, and I intend to grant
9    Plaintiff's MIL No. 2.  That doesn't mean I can't be persuaded
10   to grant leave in real-time if there is a reason to present it
11   during the course of the trial in the presence of the jury.
12   That will be the Court's ruling.
13        Let's go to Plaintiff's MIL No. 3.  This is to preclude
14   Samsung presenting any argument or evidence that contradicts
15   the findings of the Central District of California summary
16   judgment and final judgment.
17        What's your objection to this, Mr. Cordell?
18             MR. CORDELL:  So, Your Honor, we obviously hashed
19   through this yesterday, and we appreciate and understand the
20   Court's rulings.  There is a problem in that there are
21   elements of what happened in California that are directly
22   relevant here.
23        For willfulness, for -- you know, the Plaintiff wants to
24   use the existence of the JDLA; we want to be able to show the
25   existence of the lawsuit and the judgment from the lawsuit to