# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | ███████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF NETLIST INC.'S SUR-REPLY IN OPPOSITION TO SAMSUNG'S OMNIBUS MOTION *IN LIMINE* (DKT. 612)

1.      **MIL No. 1: Exclude Evidence and Argument That Employees Lack Knowledge of Patents, Noninfringement Positions, or NIAs**

Samsung's Reply concedes that its MIL as formulated is overly broad, and agrees there should be an exception to permit cross-examining witnesses on these topics if Samsung opens the door in direct examination. Reply at 1. Samsung argues that testimony about the functionality of the accused products would not "'open the door' to questioning about the asserted patents, noninfringement, or NIAs." *Id.* But this position is untenable because Samsung presumably intends to have its fact witnesses offer such testimony to support its noninfringement arguments, █████████████████ █████████████████████████████████████████████████████████████████████████████ ██████████████████████ Samsung should not be permitted to offer fact testimony in support of alleged noninfringement or NIAs but then insulate its fact witnesses from cross on those same subjects.

With respect to 30(b)(6) witnesses, Samsung's Reply alters its position regarding the scope of this MIL. Samsung's motion fully excepted 30(b)(6) witnesses from the requested relief. Mot. at 1 ("unless the witnesses were designated as 30(b)(6) witnesses on such topics"). Now, however, Samsung seeks to further narrow the exception to only allow for a 30(b)(6) to "be questioned about such topics on cross-examination *if such topics are addressed on direct*." Reply at 1. There's no basis for this limitation. Netlist is entitled to cross-examine Samsung's corporate representatives on topics on which they were designated, regardless of whether Samsung chooses to address a topic on direct. *See* Ex. 18 (*Micron II*, PTC Tr. Vol 2) at 62:2-4 ("To the extent a witness is going to be challenged on their lack of preparation or knowledge, as long as it's within their designated noticed area of responsibility as a 30(b)(6) witness, that's fine."). And contrary to Samsung's statements, the Court in *G+* did not impose limits on questioning of 30(b)(6) witnesses on their designated topics. Ex. 19 (G+ PTC Order) at 5.

Finally, Samsung does not dispute that Netlist has asserted a willful blindness theory but tries to curtail Netlist's ability to explore relevant supporting evidence at trial. Samsung presents a diversion

- 1 -

in its example that "Netlist should not be permitted to elicit testimony from a Samsung sales witness about whether or not the witness read the patents." Reply at 1. Whether a sales witness read the patents is not the issue. The issue is that despite Samsung's awareness of Netlist's patents covering the accused products, none of its engineers reviewed the patents to ensure they were acting appropriately, which is probative evidence of willfulness. Samsung cites no authority precluding a party from presenting relevant evidence of willful blindness by the accused infringer's engineers.

2.    **MIL No. 2: Exclude Evidence or Argument on a Corporate Representative's Lack of Knowledge Outside of Personal Knowledge or 30(b)(6) Topics**

Samsung suggests that the exceptions discussed in Netlist's opposition to this MIL are "an end-run around the relief Samsung seeks." Reply at 2. However, Samsung's Reply does not actually address any of the exceptions proposed by Netlist and previously recognized by the Court, much less explain why they are inappropriate. Ex. 4 (*Micron I*, Dkt. 413, Memorandum Order on MILs); Ex. 5 (*Micron I*, Dkt. 476, Order Adopting Dkt. 413). Indeed, the Court recently endorsed the same exceptions again in the *Micron II* case in ruling on a similar MIL brought by Micron:

> I'm going to grant the MIL. **To the extent a witness is going to be challenged on their lack of preparation or knowledge, as long as it's within their designated noticed area of responsibility as a 30(b)(6) witness, that's fine**. If it's outside of that, then counsel needs to get leave before they go into it.

> That being said, **if a 30(b)(6) witness on direct talks about matters beyond what they were noticed on, then they've certainly opened the door to that and I'm not going to preclude the other party from cross examining them** on something they've gone into on direct that might go beyond the scope of what they were noticed for under 30(b)(6). But I'll take that up as a gatekeeper, and there will need to be a request and a grant of leave to go into that on a case-by-case basis.

Ex. 18 (*Micron II*, PTC Tr. Vol 2) at 61:24-62:15.

Netlist's proposed exceptions do not, as Samsung alleges, seek to cross-examine witnesses beyond the scope of their testimony. Rather, as acknowledged by this Court, if Samsung directs its witnesses on areas outside their personal knowledge or corporate designations, then Netlist should be

permitted to cross-examine and impeach them based on their lack of knowledge related to that issue.

3.    **MIL No. 3: Exclude Evidence or Argument on the JDLA**

Samsung requests the extraordinary remedy that the JDLA be excluded from trial except if Samsung opens the door. Samsung does not explain how that could even work. For example, Samsung's damages expert ███████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ Samsung argues that Netlist's damages expert, Mr. Kennedy, should have no ability to even mention the JDLA, whereas Samsung's damages expert should be entitled to fully analyze it and propose a reasonable royalty rate to the jury solely based on the JDLA. This makes no sense and would be highly prejudicial to Netlist.

Samsung's Reply ignores the bulk of Netlist's arguments and all of its cited cases. *Compare* Opp. at 5-12, *with* Reply at 2-3. For example, Samsung does not refute that the Federal Circuit has held that the circumstances that led to the loss of a license and exposure to infringement liability are relevant to willfulness. *See* Opp. at 7-8 (citing *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275 (Fed. Cir. 2017); *Metabolite Labs., Inc. v. Laboratory Corp. of Am. Holdings*, 370 F.3d 1354 (Fed. Cir. 2004); or *Embrex, Inc. v. Service Engineering Corp.*, 216 F.3d 1343 (Fed. Cir. 2000)). And Samsung ignores Netlist's point that even if Samsung prevails in CDCA, the scope of the JDLA will still be actively disputed in this forum.

Samsung repeats that the JDLA-related evidence, █████████████████████████████████ ███████ are not relevant to willfulness because "two of [the asserted patents] had not issued at the time, and one was undergoing reexamination." Reply at 3. Samsung ignores that asserted claim 16 of the '912 patents is identical in scope to the original claim 16, and ignores the substantial evidence of Samsung's knowledge of the '912 Patent as early as 2015 (*see, e.g.*, Dkt. 437 at 6-7 ("Samsung does not dispute it received the April 2015 presentation that expressly identified the '912 patent and made it

clear that it covers "LRDIMMs," which are accused in this Action.")). Samsung also ignores that it was aware of predecessor patents and applications in the families of the '608 and '417 patents that shared identical specifications with each respective patent. *See* Opp. at 7, 10-11; Dkt. 437 at 7-8.

Samsung argues that ███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████

Finally, Samsung argues that "there is *no scenario* where the jury should be informed of Netlist's allegations that Samsung breached the JDLA." Reply at 3 (emphasis added). This is wrong. First, Netlist is entitled to tell the basic story that Samsung sought a license to Netlist's patents and then went back on its deal. Second, any discussion of the actual CDCA litigation is already covered by at least the Court's MIL No. 13, and thus both parties would need to seek leave before discussing the CDCA case or trial. Samsung's motion should thus be rejected.

4.   **MIL No. 4: Exclude Evidence and Argument About Valuation of JDLA Supply**

Samsung's Reply confirms that MIL No. 4 is nothing more than a *Daubert* argument in disguise. Reply at 4 ████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████ *id.* (calling Mr. Kennedy's analysis a "flawed valuation"). Samsung has not moved to strike Mr. Kennedy's analysis of ███████████████ from his report. Samsung's attempts to evade the Court's page limits for motions to strike should be rejected as improper, along with its arguments that are irrelevant to a motion *in limine*.

The premise of Samsung's motion is also wrong. Samsung claims the Court did not allow Mr.

Kennedy to discuss ████████████████████████ at the *Samsung I* trial. This is incorrect. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

5. <u>**MIL No. 5: Exclude Evidence and Argument That Implies That Foreign Companies and/or Foreign Nationals Do Not Follow U.S. Law or Commit Crimes**</u>

Samsung does not explain why this MIL is necessary in light of Court MIL 2, which already prohibits arguments based on national origin. Samsung's Reply simply repeats its scurrilous allegation that Netlist's counsel has made xenophobic arguments in past trials. That is flatly untrue, as explained in Netlist's opposition, *see* Opp. at 14-15, and Samsung notably does not identify any such comments. Further, Samsung does not respond to or dispute Netlist's explanation that the comments it complains of (while not disparaging) were directly responsive to comments Samsung itself made during the last trial. *Id.* If Samsung continues to inject these issues into jury trials, then Netlist is permitted to respond.

Samsung repeats its claim that Netlist has employed the type of community-conscious pleas denounced in *Westbrook v. General Tire and Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985). Netlist's opposition showed that the types of statements at issue there were completely unlike any statements Netlist counsel has ever made. Opp. at 15 (*citing Westbrook*, 754 F.2d at 1238 (5th Cir. 1985) ("You're going to be the conscience of the community with this verdict")). Samsung identifies no comment in which Netlist ever disparaged Samsung for being a foreign company or invited the jury to side with Netlist for improper reasons.

Dated: March 25, 2024

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on March 25, 2024, a copy of the foregoing was served to all counsel of record.

_/s/ Jason G. Sheasby_
Jason G. Sheasby

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

_/s/ Jason G. Sheasby_
Jason G. Sheasby