# EXHIBIT 18

```
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF TEXAS
 2                       MARSHALL DIVISION

 3   NETLIST, INC.,                (  CAUSE NO. 2:22-CV-294-JRG
                                   )
 4           Plaintiff,            (
                                   )
 5   vs.                           (
                                   )
 6   MICRON TECHNOLOGY, INC.,      (
     et al.,                       )  MARSHALL, TEXAS
 7                                 (  MARCH 7, 2024
             Defendants.           )  9:00 A.M.
 8   _____

 9
                              VOLUME 2
10
     _____
11
                        PRETRIAL CONFERENCE
12
                BEFORE THE HONORABLE RODNEY GILSTRAP
13               UNITED STATES CHIEF DISTRICT JUDGE

14   _____

15

16

17

18

19

20

21

22              SHAWN McROBERTS, RMR, CRR
                   100 E. HOUSTON STREET
23                MARSHALL, TEXAS  75670
                      (903) 923-8546
24           shawn_mcroberts@txed.uscourts.gov

25
```

1  aspect of the case, and it may be highly improper and damaging
2  as to another relevant aspect of the case.  And part of what
3  the Court struggles with is trying to not tie the hands where
4  it is relevant but not letting them loose where it is harmful
5  and not relevant and not proper.
6      I'm trying to make it as clear as I can that for the
7  infringement or non-infringement decision this jury's going to
8  make, this kind of information is not relevant and not proper,
9  but there are legitimate issues that impact the jury's verdict
10 where it is and can be proper.  And I'm open to suggestions
11 from the parties as to how to best segregate and delineate
12 where it's proper and where it's improper to the jury, but I
13 don't think an exclusive or exclusionary MIL is appropriate
14 here, so I'm going to deny the MIL.
15     I'll remind everybody, my standing standard MILs,
16 including the prohibition on a product-to-product comparison,
17 remain unlimited or unaffected by any of these rulings.
18     All right.  Let's go on to Defendant's MIL No. 4.
19         MS. RICE:  Good morning, Your Honor.  Tracea Rice
20 for Micron.
21     And I'll tell you, yesterday they said I should be able
22 to do this in about two minutes, and so I'm going to try to
23 get through this fairly quickly.
24     At the heart of this motion, Micron is really seeking to
25 exclude two different categories of argument or evidence, the

1  first being any suggestion that Micron's corporate witnesses
2  somehow had an obligation or duty to prepare themselves
3  outside the scope of their 30(b)(6) topics.  That is, of
4  course, presuming those witnesses were 30(b)(6) deponents.
5  Micron may also put up witnesses who were not 30(b)(6)
6  deponents and -- but this MIL would also affect them as well.
7       We would find that to be improper, especially to the
8  extent that Netlist suggests that Micron's corporate witnesses
9  somehow had a duty to investigate whether Micron was, in fact,
10 infringing Netlist's patents.  We will find that to be
11 improper.
12      The second category is a suggestion that corporate
13 witnesses are somehow all knowing regarding the knowledge of
14 the corporation, and that if a witness, in fact, does not know
15 every relevant aspect or fact related to the case, that that
16 would somehow mean that witness is incompetent or
17 ill-prepared.  Again, we would find that to be improper.
18      And Your Honor, this really boils down to two things, and
19 it's about prejudice and it's about fairness.  To suggest that
20 Micron should be required to prepare their corporate witnesses
21 to this heightened or all-knowing standard, that would be
22 improper.
23      And Your Honor said it best at the pretrial conference
24 for Samsung and Netlist when you stated that it is unfair to
25 try and charge every 30(b)(6) witness with notice of every

1    aspect of the operations of the company, and it's that
2    rationale that essentially serves as the basis of this MIL.
3         To end, this is entirely consistent with the Court's
4    prior rulings in the 463 action between Samsung and Netlist
5    where a similar MIL was granted, as well as the Court's MIL in
6    the 203 action between Micron and Netlist.  Again, the Court
7    granted a very similar MIL.
8         And I will say, Micron -- we fully recognize and
9    appreciate the function that 30(b)(6) testimony plays with
10   respect to impeachment.  However, if Netlist is intending to
11   suggest that any time a witness answers a question with "I
12   don't know," that that somehow suggests that it's
13   automatically an inconsistent statement or an impeachable
14   conduct, we would disagree, especially to the extent that that
15   witness, again, was never deposed on that topic, never offered
16   testimony on that topic, and was not dedicated as a deponent
17   for that particular area of information.
18        And this would directly align with the kind of exceptions
19   that were carved out in the 203 action with respect to the
20   kind of corresponding MIL.  Those three exceptions, they kind
21   of had the same underpinning to them, which is a presumption
22   that a witness previously represented that they, in fact, did
23   have knowledge of a particular topic, either because they had
24   testified on it before or because they had been designated for
25   it in that instance where they had been expected to be

1  prepared on it.  Those would be impeachable categories of
2  information.  But outside of that, Your Honor, we do find that
3  this MIL is proper, that it's consistent with the rule of law
4  with respect to limiting witnesses to their personal knowledge
5  as well as with this Court's -- consistent with this Court's
6  prior rulings.
7           THE COURT:  Thank you, counsel.
8       Is there a response from Netlist?
9           MR. SHEASBY:  Your Honor, the only issue is there is
10 a slight differential here, which is that Netlist has --
11 Samsung had not proposed that its fact witnesses were going to
12 come and claim and make statements about why they don't
13 infringe, and that's on -- Samsung did not ask to have that
14 done with its fact witnesses.
15      So I would say you granted a number of exceptions in the
16 Samsung case, and we request that a fourth one be made, which
17 is that if a witness is going to come and claim on behalf of
18 the company that they don't infringe because there is --
19 they're missing an element, they should be exposed to the full
20 scope of cross examination of the absence of investigation on
21 that issue, the absence of examination of the patents.  And so
22 we would just like to add that as the fourth exception to what
23 the Court normally grants in this context.
24          THE COURT:  All right.  I think this request by
25 Micron is reasonable and appropriate.  I'm going to grant the

1  MIL.  To the extent a witness is going to be challenged on
2  their lack of preparation or knowledge, as long as it's within
3  their designated noticed area of responsibility as a 30(b)(6)
4  witness, that's fine.  If it's outside of that, then counsel
5  needs to get leave before they go into it.
6      That being said, if a 30(b)(6) witness on direct talks
7  about matters beyond what they were noticed on, then they've
8  certainly opened the door to that and I'm not going to
9  preclude the other party from cross examining them on
10 something they've gone into on direct that might go beyond the
11 scope of what they were noticed for under 30(b)(6).  But I'll
12 take that up as a gatekeeper, and there will need to be a
13 request and a grant of leave to go into that on a case-by-case
14 basis.
15     But the MIL is granted.
16     All right.  Let's go to Defendant's MIL No. 5.
17         MR. PARK:  Thank you, Your Honor.
18     Your Honor's rulings from yesterday resolved a
19 significant portion of Micron's MIL No. 5.  The only remaining
20 dispute, as we understand, is whether Netlist's experts should
21 be allowed to testify and present evidence based on
22 third-party data sheets and documents that were not
23 specifically analyzed or cited in their reports.
24     And this issue is of some concern to Micron because
25 during our exchange of exhibits we recognized that Netlist is