# Exhibit 12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00294-JRG |
| | § | |
| MICRON TECHNOLOGY, INC., *et al.* | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

# ORDER

The Court held a telephonic conference in the above-captioned case on Tuesday, April 23, 2024 regarding pending motions filed by Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC (collectively, "Micron"). Specifically, the Court addressed Micron's Motion for Continuance (Dkt. No. 101) and Micron's Motion to Stay or, Alternatively, Sever and Stay the Asserted '912 Patent, in View of Final Written Decision of Invalidity (Dkt. No. 93.) This Order memorializes the Court's rulings on the aforementioned motions announced into the record, including additional instructions that were given to the Parties. Accordingly, it is hereby **ORDERED** as follows:

1. **Motion for Continuance (Dkt. No. 101)**

Micron's Motion for Continuance is **GRANTED**. The Court is persuaded that a continuance is both necessary and in the best interests of all parties. The Court reaches this conclusion in light of Dr. Harold Stone's inability to testify as Micron's technical expert during the April 29, 2024 trial term. During the telephonic conference, counsel for Netlist agreed that a continuance of the trial is appropriate given these particular circumstances. However, the Court

indicated it is not willing to continue the trial indefinitely. Accordingly, the Court **SETS** this case to begin with jury selection on **Monday, May 20, 2024**, **9:00 AM** in Marshall, Texas.

Further, in light of Dr. Stone's family emergency (as addressed in the declarations filed under seal herein), the Court directed Micron to either arrange for Dr. Stone to be present and testify in person during the May 20, 2024 trial setting or, if he elects to withdraw from Micron's trial team, Micron is to secure a replacement expert with sufficient qualifications who will wholly adopt each of Dr. Stone's reports and opinions who will testify in person during the May 20, 2024 trial setting by "stepping into the shoes" of Dr. Stone. The Court made it clear during the telephonic hearing on April 23, 2024, that in no event would the Court allow the retention by Micron of a new technical expert who would not wholly adopt and be limited to Dr. Stone's opinions and reports. Said another way, the Court made it clear that Micron would not be allowed to conduct new technical testing and analysis via a replacement expert for Dr. Stone. The costs, delays, and related negative ramifications of such will not be accepted by the Court. In sum, Micron will proceed with Dr. Stone as a live witness, or it will replace Dr. Stone with another expert who will wholly adopt—and be limited to—Dr. Stone's opinions and reports; and it must do one or the other in time to go forward with trial on May 20, 2024.

2. **Motion to Stay or, Alternatively, Sever and Stay the Asserted '912 Patent, in View of Final Written Decision of Invalidity (Dkt. No. 93)**

Micron previously moved to stay this case. (Case No. 2:22-cv-293, Dkt. No. 288.) The Court denied Micron's prior motion to stay, finding that (1) a stay would prejudice Netlist as a direct competitor to Micron, (2) the advanced stage of the litigation—then, a few months away from trial with *Daubert* and summary judgment motions still pending—weighed against a stay, and (3) the likelihood of simplification of issues did not outweigh the other factors. (Dkt. No. 72.) These factors are even more compelling now.

2

In the present Motion to Stay, Micron argues that the Court should stay the case for the same reasons the Court stayed Case No. 2:23-cv-203 *sua sponte*. The Court disagrees. These cases are not analogous given the specific facts and timelines of each case. Micron also argues that the case should be stayed because "[t]he possibility that the PTAB would invalidate the '912 Patent has now become a certainty." (Dkt. No. 93 at 3.) However, it is not certain that the PTAB's findings will be affirmed on appeal, and the PTAB's findings concerning the '912 Patent do not affect the validity of the '417 Patent. The Court finds that the more advanced stage of the case at the time Micron's second motion to stay was filed—one week from trial with all *Daubert* and summary judgment motions resolved—and the prejudice to Netlist still outweigh the likelihood of simplification of issues.

In the alternative, Micron moves to sever and stay the '912 Patent. Micron argues that the '912 Patent should be severed and stayed to "promote judicial efficiency and to avoid the potential issues that will arise from trying invalid claims." (Dkt. No. 93 at 7.) The Court does not find that severance is necessary to promote judicial efficiency or avoid "*potential*" evidentiary issues. (*See* Dkt. No. 93.) There is significant overlap between the claims of the '912 Patent and the '417 Patent. (Dkt. No. 103 at 6-7.) Severing these Patents into two separate cases creates a risk of unnecessary duplication of the Court's and the Parties' resources. If the Court severs the '912 Patent and the PTAB's decision is reversed on appeal, then the Court will have to hold a separate trial for the '912 Patent, causing Netlist to present much of the same evidence from this trial to a separate jury. Witnesses will need to travel twice, and the Parties will have to engage in two separate costly trials. On the other hand, trying the two patents together would not result in an unreasonable expenditure of unnecessary resources even if the PTAB's decision is affirmed on appeal. On balance, the Court finds it would better promote judicial efficiency to try the '912

3

Patent and the '417 Patent in the same trial. Micron's concerns about "potential" evidentiary issues can be mitigated by the Court acting as an active gatekeeper. Consequently, the Motion to Stay or, Alternatively, Sever and Stay the Asserted '912 Patent (Dkt. No. 93) is **DENIED**.

**So ORDERED and SIGNED this 24th day of April, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

4