██████████████████████████████████████

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00293-JRG<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S RENEWED MOTION TO STAY PENDING IPR
OR IN THE ALTERNATIVE TO SEVER AND STAY THE '912 PATENT**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

TABLE OF EXHIBITS .......................................................................................................... iii

TABLE OF ABBREVIATIONS ............................................................................................ iii

I.    INTRODUCTION ...................................................................................................... 1

II.   FACTUAL BACKGROUND..................................................................................... 1

III.  LEGAL STANDARD................................................................................................. 3

IV.   ARGUMENT............................................................................................................... 4

      A.   The Court Should Stay This Case Pending the IPR Decisions............................... 4

           1.   A Stay Is Likely To Simplify the Issues Before the Court Greatly................................................................................................... 4

           2.   A Say Will Not Create Undue Prejudice—Netlist's Own Lengthy Delays Minimize the Prejudice of a Short Stay............................ 6

           3.   The Case's Posture Supports a Stay............................................................. 7

      B.   If the Court Does Not Stay the Entire Case, It Should Sever and Stay the '912 Patent ................................................................................................. 8

\* All emphasis herein is added unless otherwise noted.

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Clinton v. Jones*,
    52 U.S. 681 (1997) ........................................................................................................... 3

*Content Guard Holdings, Inc. v. Amazon.com, Inc.*,
    No. 2:13-cv-1112-JRG, 2015 WL 1263346 (E.D. Tex. Mar. 19, 2015) .................................. 3

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014) ........................................................................................... 9

*NFC Tech LLC v. HTC Am. Inc.*,
    No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ............................. 3, 4

*Packet Intel. LLC v. NetScout Sys., Inc.*,
    No. 2022-2064, __ F.4th __, slip op., 2024 WL 1925263 (Fed. Cir. May 2,
    2024) ................................................................................................................................. 4

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
    No. 2:16-cv-642-JRG, 2017 WL 9885168 (E.D. Tex. June 13, 2017) ................................... 5

*Vill Green Techs., LLC v. Samsung Elecs., Ltd.*,
    No. 2:22-cv-00099-JRG, 2023 WL 416419 (E.D. Tex. Jan. 25, 2023) ................................... 3

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) ....................................................................................... 6, 7

**Statutes**

35 U.S.C. § 311(b) ................................................................................................................... 4

**Other Authorities**

Fed. R. Civ. P. 21 ..................................................................................................................... 3

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | 2023-10-18 Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-00639 re Patent 10,949,339 |
| 2 | 2023-10-17 Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-00711 re Patent 10,860,506 |
| 3 | 2023-12-05 Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-00999 re Patent 11,232,054 |
| 4 | 2023-12-06 Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-00996 re Patent 11,016,918 |
| 5 | 2024-04-01 Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-01427 re Patent 9,318,160 |
| 6 | 2024-04-01 Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-01428 re Patent 8,787,060 |
| 7 | Case 2:22-cv-00203-JRG-RSP, Dkt. 493 (2024-02-10 Order staying Micron EDTX 1 case pending resolution of pending the PTAB's written decisions in IPR2022-01427 and IPR2022-01428, or until further order from the Court) |
| 8 | 2024-02-17 Petition for *Inter Partes* Review of U.S. Patent No. 7,619,912 |
| 9 | 2023-08-01 Decision Granting Institution of *Inter Partes* Review in IPR2023-00454 re Patent 11,093,417 |
| 10 | 2023-12-12 Decision Granting Institution of *Inter Partes* Review in IPR2023-00847 re Patent 10,268,608 |
| 11 | 2023-12-09 Patent Owner Response in *Inter Partes* Review in IPR2023-00454 re Patent 11,093,417 |
| 12 | Case 2:22-cv-00294-JRG, Dkt. 112 (2024-04-24 Order denying stay in Micron EDTX 2) |
| 13 | 2024-04-17 Final Written Decision Determining Challenged Claim Unpatentable in IPR2022-00615 re Patent 7,619,912 |
| 14 | 2024-04-22 Law360 article entitled "Fed. Cir. Affirmance Rate In PTAB Cases Hit 83% In 2023" |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| PTAB | Patent Trial and Appeal Board |
| *Micron EDTX1* | *Netlist, Inc. v. Micron Tech, Inc. et al.*, Case No. 2:22-cv-00203-JRG-RSP |
| *Micron EDTX2* | *Netlist, Inc. v. Micron Tech, Inc. et al.*, Case No. 2:22-cv-00294-JRG |
| *Samsung EDTX1* | *Netlist, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 2:21cv463-JRG |

██████████████████████████████████████████████████████

**I.     INTRODUCTION**

Samsung and Netlist have already litigated a case through trial only to have the PTAB hold all the asserted claims invalid. Now that the PTAB has invalidated the sole asserted claim of the '912 patent—████████████████████████████████████████████████████████ ████████—and is poised to issue decisions as to the remaining asserted claims later this year, the Court should stay this case until those decisions issue, thus avoiding even more wasteful litigation on invalid patents. The high likelihood that a stay will narrow the issues for trial is no longer speculative: the PTAB has already invalidated one patent and the validity issues it will soon decide for the remaining asserted patents overlap significantly with decisions it has already rendered. No trial date has been set, the pretrial conference remains to be scheduled, and nearly twenty opposed motions await resolution—many of which could very well be mooted by the PTAB's decisions, to say nothing of the additional narrowing that is likely as the co-pending CDCA and Netlist-Micron litigations proceed. In these circumstances, the likely benefits of a stay significantly outweigh any prejudice to Netlist, of which Netlist can hardly complain after itself delaying asserting the '417 and '608 patents for years. Indeed, this case is similarly-situated to—and at an earlier stage than—*Micron EDTX1*, where the Court recently imposed a limited stay.

If the Court does not stay this case, it should alternatively sever and stay Netlist's claims for infringement of the invalidated '912 patent. The risk of wasting party and judicial resources adjudicating an invalid patent outweighs the risk of a second trial in the very unlikely event that the PTAB's invalidity determination is ultimately reversed.

**II.    FACTUAL BACKGROUND**

Netlist asserted six patents against Samsung in *Samsung EDTX1*. Samsung promptly filed IPRs challenging 169 claims across these patents, and the PTAB ultimately invalidated all

1

169 challenged claims. Exs. 1-6. After four of the six were invalidated, this Court stayed *Micron EDTX1*, holding that putting the "case to a trial before a jury in this Court before the PTAB issues its decision on the two remaining patents risks an inefficient consumption of limited judicial resources that makes imposing a targeted stay, until that ruling is received, advisable." Ex. 7.

Netlist presently asserts three other patents in this case: the '912, '417, and '608 patents.[1] For the '912 patent, Samsung filed its IPR months before Netlist's complaint in this case. Ex. 8. As to the '417 and '608 patents, Samsung diligently filed IPRs shortly after Netlist asserted each patent. Exs. 9-10; Dkt. 285 at 1-2. Samsung twice moved to stay this case pending those IPR decisions. Dkt. 88, 285. This Court denied the first motion as premature because the PTAB had not yet instituted the '608 patent IPR, Dkt. 180, and the second because the potential simplification of the issues was too uncertain to outweigh the other stay factors, Dkt. 689.

On April 17, 2024, the PTAB invalidated the only asserted claim of the '912 patent, ▌. Ex. 13, Dkt. 701.[2] The PTAB heard argument concerning the '417 patent on May 3, 2024, and its final written decision is due by August 1, 2024. Ex. 9. The PTAB's '608 patent determination is due by December 12, 2024. Ex. 10.

Currently, this case has no pretrial conference date or trial date. *See* Dkt. 678. Excluding this motion, there are eighteen pending opposed motions. *See* Dkt. 273, 337, 338, 341, 342, 343, 346, 350, 353, 355, 356, 358, 359, 374, 383, 611, 612, and 669. Most of these motions raise

---

[1] Netlist previously asserted the '215 patent, but on January 9, 2024, Netlist informed the Court it would not proceed with the '215 patent at trial. Dkt. 325.

[2] Netlist initially asserted other claims of the '912 patent but withdrew its assertion of those claims after this Court granted partial summary judgment holding, in relevant part, that those claims were subject to intervening rights. Dkt. 201; *see also* Dkt. 184.

2

issues relevant to the '912 patent, including for example, Dkt. 353, which is directed *entirely* to noninfringement of the invalidated claim 16 of the '912 patent.  Dkt. 353.

Finally, as the Court is aware, the parties' contract litigation in CDCA concerning whether Samsung has a license to all asserted patents under the JDLA is currently set to begin trial on May 14, 2024.  Dkt. 696.

### III.    LEGAL STANDARD

The Court is familiar with the applicable standard.  Briefly, the Court's inherent power to manage its docket includes the power to stay proceedings.  *See Clinton v. Jones*, 52 U.S. 681, 706 (1997).  Staying patent cases "is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues."  *Vill Green Techs., LLC v. Samsung Elecs., Ltd.*, No. 2:22-cv-00099-JRG, 2023 WL 416419, at *1-3 (E.D. Tex. Jan. 25, 2023) (internal quotations omitted); *NFC Tech LLC v. HTC Am. Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).  In considering whether to stay a case, courts consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court."  *NFC Tech.*, 2015 WL 1069111, at *2.  "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation."  *Id.*  Further, Federal Rule of Civil procedure 21 "provides a district court broad discretion" to sever any claim against a party.  *Content Guard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-cv-1112-JRG, 2015 WL 1263346, at *2 (E.D. Tex. Mar. 19, 2015).

### IV. ARGUMENT

#### A. The Court Should Stay This Case Pending the IPR Decisions

##### 1. A Stay Is Likely To Simplify the Issues Before the Court Greatly

Whether a stay will likely simplify the case is "the most important factor bearing on whether to grant a stay." *NFC Tech.*, 2015 WL 1069111, at *4. The PTAB has already held the only asserted claim of the '912 patent unpatentable. Dkt. 701. Although Netlist will likely appeal, the Federal Circuit's rate of fully affirming PTAB decisions exceeded 83% in 2023. Ex. 14. Thus, it is objectively likely that any further litigation concerning the '912 patent will ultimately be rendered moot. *E.g.*, *Packet Intel. LLC v. NetScout Sys., Inc.*, No. 2022-2064, __ F.4th __, slip op. at 8-15, 2024 WL 1925263, at *8-15 (Fed. Cir. May 2, 2024) (vacating infringement judgment and remanding with instructions to dismiss as moot after affirming PTAB invalidity determinations). Removing the '912 patent from the case alone would be a major simplification as it is the only patent asserted against a whole class of products—Samsung's DDR4 RDIMM products. Moreover, the '912 patent is the basis for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Further, a stay pending final written decisions on the remaining two patents is likely to simplify the case further. The PTAB has found unpatentable every single one of the 170 Netlist claims it has finally addressed across the *Samsung EDTX1* case and this case. Exs. 1-6; Ex. 13, Dkt. 701-1. It is no coincidence: the prior art and issues across these IPRs overlap significantly, making it especially likely that PTAB will also invalidate the '417 and '608 patent claims.

Regarding the '417 patent, the PTAB already invalidated the closely-related '339 patent from *Samsung EDTX1* based on overlapping prior art, Ex. 1, and one of Netlist's key arguments for the '417 patent's patentability—that the Ellsberry reference is not prior art under 35 U.S.C. § 311(b), Ex. 11 at 40-41—was just rejected by the Board in its '912 patent final written

4

decision, Ex. 13 at 34-35, Dkt. 701-1 at 34-35.  Similarly, the PTAB invalidated the *Samsung EDTX1* '506 patent claims based on the same prior art asserted against the closely-related '608 patent, Ex. 2; Ex. 10.³  Thus, it is likely that the PTAB will hold many, if not all, of the remaining claims in this case invalid.  Moreover, even if some claims survive the IPR process, there is at least "a significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent," which is sufficient to justify a stay here.  *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:16-cv-642-JRG, 2017 WL 9885168, at *1 (E.D. Tex. June 13, 2017).

Indeed, the Court need look no further than its own recent stay in *Micron EDTX1* to see the benefits of a brief stay here.  There, the Court stayed the action where the PTAB had invalidated four of six patents, and two remaining PTAB decisions were expected within a few months.  Ex. 7.  Those two decisions recently issued, and they invalidated the final two patents, conserving considerable resources.  Ex. 5-6.  For the reasons detailed above, the same conservation of resources is likely here if the Court stays this case pending the two remaining PTAB decisions.

The requested, limited stay also would likely narrow the case in other ways.  As Netlist itself argued, the DDR4 products are at the end of their product cycle.  *See* Dkt. 326 at 3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).  A stay pending IPR, therefore, will likely allow the DDR4 product cycle to complete prior to a trial in this case, whereupon the Court may dispense with the liability and damages issues for the DDR4 products in one trial.  If a trial proceeds

---

³ As explained in Samsung's response to Netlist's motion for summary judgment of no claim preclusion, the '608 and '506 patents claims are "'essentially the same' on their face." Dkt. 430 at 2-3.

5

before the IPRs conclude, however, multiple proceedings may be necessary to resolve the liability and damages for the DDR4 products. Further, there will likely be a final judgment in the CDCA case before the IPRs conclude, which could independently preclude Netlist's infringement allegations or at least narrow the JDLA-related issues for this Court to resolve. Further, determinations adverse to Netlist in the *Micron EDTX2* trial, currently set for May 20, 2024, could have issue-preclusive effects that would narrow the scope of any trial needed in this action. In these unique circumstances, a limited stay provides many opportunities to substantially narrow the issues for the Court or jury to consider.

### 2. A Say Will Not Create Undue Prejudice—Netlist's Own Lengthy Delays Minimize the Prejudice of a Short Stay

Although Samsung acknowledges that the Court previously found that prejudice to Netlist weighs against a stay, Dkt. 689 at 2-4, Samsung respectfully submits that this factor carries little weight where, as here, the prejudice results from Netlist's own delays in asserting the '417 and '608 patents. *See, e.g., VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (rejecting patentee's claims of prejudice where it "waited nearly a year" to assert the patent).

Specifically, the '417 patent issued on August 17, 2021, Dkt. 12-2, and Netlist chose not to assert it until almost exactly a year later—August 15, 2022. Dkt. 12. The '608 patent issued on April 23, 2019, Dkt. 62-2, and Netlist did not assert it against Samsung until January 2023, more than three and a half years later. Dkt. 62. Indeed, Netlist's delays were longer than the requested stay pending the PTAB's remaining determinations.[4] These delays "weigh against [Netlist]'s claims that it will be unduly prejudiced by a stay." *VirtualAgility*, 759 F.3d at 1319.

---

[4] Samsung does not presently seek a stay pending any appeals from the PTAB. The appropriateness of such a stay is more appropriately evaluated after the PTAB renders its remaining decisions as to the '417 and '608 patents.

6

Thus, while Netlist has previously argued it has a "right to timely enforcement of its patent rights," Dkt. 91 at 4, the delay here is of its own making.

Netlist has also argued that a stay is not proper because it seeks an injunction. Dkt. 91 at 5 ("Netlist's complaint seeks not only monetary damages, but also all equitable relief the Court deems proper, including injunctive relief."); Dkt. 326 at 3 (same). But Netlist's generic request for "all equitable relief the Court deems just and proper" is insufficient to establish undue prejudice. Netlist did not seek injunctive relief in this case, nor did it seek injunctive relief after trial in *EDTX I*. *VirtualAgility*, 759 F.3d at 1318-19 (noting "the fact that [moving for a preliminary injunction] was not worth the expense to ask for this remedy contradicts [plaintiff]'s assertion that it needs injunctive relief as soon as possible").

Permitting Netlist's own delay tactics and unjustified references to the improbable possibility of an injunction to provide a basis for avoiding a stay pending IPR would set a dangerous precedent and threaten to disrupt this Court's efficient resolution of cases. After all, the only reason why the stay would need to extend to December in the first place is because Netlist waited until almost six months into this case to seek to amend its complaint to assert the '608 patent. *See* Dkt. 62. Rewarding plaintiffs for tactically withhold asserting patents until later stages of the case to delay IPR determinations will create numerous problems: interjecting new issues into claim construction, requiring multiple rounds of contentions, and discouraging early settlement. The Court should decline to encourage such tactics.

### 3. The Case's Posture Supports a Stay

Although the case is at a relatively advanced stage, no date for trial or a pretrial conference is set, and preparing the case for trial would require resolution of nearly opposed twenty motions, which could all become moot after the PTAB invalidates Netlist's remaining asserted claims. In these circumstances, the stage of the case does not outweigh the substantial

7

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

benefits of likely simplifying the issues.

This Court's rulings in the Micron cases confirm as much. The Court stayed *Micron EDTX1* even though that case was at a more advanced stage, nearly a month after the January 12, 2024 pretrial conference. Ex. 7. Further, the Court explained that it denied a similar stay in *Micron EDTX2* because it was not filed until "one week from trial with all *Daubert* and summary judgment motions resolved." Ex. 12 at 3. This case is an even better candidate for a stay than *Micron EDTX1* because there is no trial date, over a dozen *Daubert* and summary judgment motions are pending, and the Court has not set a pretrial conference date.

### B.    If the Court Does Not Stay the Entire Case, It Should Sever and Stay the '912 Patent

The Court should stay the case pending the remaining IPR decisions, but if it does not, then it should sever and stay proceedings as to the invalid '912 patent. As discussed above, the overwhelming likelihood is that any further litigation concerning the '912 patent will ultimately be rendered moot. The many pending motions raise numerous issues unique to the '912 patent, which likely will never require resolution. *E.g.*, Dkt. 341 at 6-7; Dkt. 350 at 1-3, 5-6, 9-13; Dkt. 353; Dkt. 356 at 4-6; Dkt. 359 at 7-8; Dkt. 374 at 3-4. Holding a trial on the '912 patent would only compound the issue, needlessly complicating any trial. Unlike the '417 and '608 patents, which are purportedly directed to LRDIMM data buffer technology, the '912 patent is asserted primarily[5] against Samsung's RDIMMs, which do not even have data buffers.

Further, given that the '912 patent ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮, trying the patents together would pose a considerable risk that testimony concerning the invalid '912 patent would unavoidably contaminate any damages analysis for the '417 and

---

[5] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8

'608 patents by, for example, unfairly skewing "the damages horizon for the jury" by making Netlist's "proffered damages amount[s]" for the other patents "appear modest by comparison." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014) (cleaned up). Such a trial would also require resolution of novel legal questions, such as how to instruct the jury regarding the presumption of validity where some, but not all, of the patents-in-suit have been held invalid by the Patent Office.

Samsung recognizes that this Court recently declined to sever the '912 patent from the '417 patent in *Micron EDTX2*, but the Court's reasoning there—emphasizing the inefficiency of separate trials—only underscores why the Court should impose a limited stay of this case until it is more apparent whether *any* trial is necessary. Ex. 12 at 3. However, should the Court decline to stay this case, Samsung respectfully submits that severance would be appropriate given the less advanced stage of the case compared to *Micron EDTX2*. Moreover, here Netlist asserts an additional patent-in-suit, the '608 patent, not asserted in *Micron EDTX2*. Thus, a trial on all asserted patents would prove more complex than the *Micron EDTX2* trial, which supports severance in this case.

9

Dated: May 13, 2024

Respectfully submitted,

By: */s/ Francis J. Albert*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-7091
Facsimile: (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

10

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 13, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

                                                                     */s/ Francis J. Albert*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on May 13, 2024. Michael Tezyan attended for Plaintiff. Katherine Reardon attended for Defendants. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that they oppose this motion.

                                                                     */s/ Katherine Reardon*