UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Civil No. 2:22-cv-00293-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING IPR
OR IN THE ALTERNATIVE TO SEVER AND STAY THE '912 PATENT (Dkt. 702)**

███████████████████████████

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

TABLE OF EXHIBITS ......................................................................................................... iii

TABLE OF ABBREVIATIONS ............................................................................................ iv

I.     A Targeted Stay Is Warranted Where No Pretrial Conference or Trial Dates Have Yet Been Scheduled, and Nearly Twenty Opposed Motions Remain Unresolved ........................................................................................... 1

II.    A Targeted Stay Is Highly Likely To Simplify or Completely Resolve the Issues ................................................................................................................ 2

III.   A Targeted Stay Will Not Unduly Prejudice Netlist, Especially When Its Own Tactics Delayed This Case by More than Two Years ................................ 4

IV.   Severing and Staying the '912 Patent Alone, as an Alternative To Staying the Entire Case, Would Conserve Significant Resources ................................... 5

V.    Conclusion ........................................................................................................ 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Commc'n Techs., Inc. v. Samsung Elecs. Am.*,
   No. 2:21-CV-00444-JRG, 2023 WL 1478447 (E.D. Tex. Feb. 2, 2023) ..................................4

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014).................................................................................................5

*Smartflash LLC v. Apple Inc.*,
   621 F. App'x 995 (Fed. Cir. July 30, 2015)..............................................................................2

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014).............................................................................................3, 4

**TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | 2023-10-18 Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-00639 re Patent 10,949,339 |
| 2 | 2023-10-17 Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-00711 re Patent 10,860,506 |
| 3 | 2023-12-05 Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-00999 re Patent 11,232,054 |
| 4 | 2023-12-06 Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-00996 re Patent 11,016,918 |
| 5 | 2024-04-01 Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-01427 re Patent 9,318,160 |
| 6 | 2024-04-01 Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-01428 re Patent 8,787,060 |
| 7 | Case 2:22-cv-00203-JRG-RSP, Dkt. 493 (2024-02-10 Order staying Micron EDTX 1 case pending resolution of pending the PTAB's written decisions in IPR2022-01427 and IPR2022-01428, or until further order from the Court) |
| 8 | 2024-02-17 Petition for *Inter Partes* Review of U.S. Patent No. 7,619,912 |
| 9 | 2023-08-01 Decision Granting Institution of *Inter Partes* Review in IPR2023-00454 re Patent 11,093,417 |
| 10 | 2023-12-12 Decision Granting Institution of *Inter Partes* Review in IPR2023-00847 re Patent 10,268,608 |
| 11 | 2023-12-09 Patent Owner Response in *Inter Partes* Review in IPR2023-00454 re Patent 11,093,417 |
| 12 | Case 2:22-cv-00294-JRG, Dkt. 112 (2024-04-24 Order denying stay in Micron EDTX 2) |
| 13 | 2024-04-17 Final Written Decision Determining Challenged Claim Unpatentable in IPR2022-00615 re Patent 7,619,912 |
| 14 | 2024-04-22 Law360 article entitled "Fed. Cir. Affirmance Rate In PTAB Cases Hit 83% In 2023" |
| 15 | 2024-02-26 Article entitled "Update on Director Review Grants of PTAB Decisions 2.5 Years After *Arthrex*" |
| 16 | Case 3:09-cv-05718-RS, Dkt. 338 (2022-10-17 Joint Motion, Stipulation, and Order as Modified Re: Stay of Action) |

██████████████████████████████████

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| *Micron EDTX1* | *Netlist, Inc. v. Micron Tech, Inc. et al.*, Case No. 2:22-cv-00203-JRG-RSP |
| *Micron EDTX2* | *Netlist, Inc. v. Micron Tech, Inc. et al.*, Case No. 2:22-cv-00294-JRG |
| FWD | Final Written Decision |
| PTAB | Patent Trial and Appeal Board |
| *Samsung EDTX1* | *Netlist, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 2:21cv463-JRG |

\*  All emphasis herein is added unless otherwise noted.

A targeted stay is necessary to avoid wasting significant judicial and party resources. The PTAB has determined the only asserted claim of the '912 patent, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, to be unpatentable. The IPR decisions on the two other asserted patents are due within the next few months, including the '417 patent decision expected by early August. As this Court recognized in *Micron EDTXI*: "put[ting] this particular case to trial before a jury in this Court before the PTAB issues its decision on the two remaining patents risks an inefficient consumption of limited judicial resources that makes imposing a targeted stay, until that ruling is received, advisable." Ex. 7. The circumstances here warrant a similar targeted stay, which is highly likely to completely resolve the issues before this Court. Even without staying the entire case, severing and staying the '912 patent alone would avoid the inefficiencies of making pretrial rulings and holding a trial on an invalid patent.

## I.  A Targeted Stay Is Warranted Where No Pretrial Conference or Trial Dates Have Yet Been Scheduled, and Nearly Twenty Opposed Motions Remain Unresolved

Netlist relies heavily on this Court's discussion of the prejudice factor in its March order, but this argument ignores that now the PTAB has determined that the asserted claim of the '912 patent is unpatentable. Dkt. 706 at 2. In *Micron EDTXI*, this Court granted a stay on similar timing as this motion when the PTAB found four of the six asserted patents unpatentable.

Netlist also relies on this Court's denial of a stay in *Micron EDTXII,* but the circumstances underlying this Court's denial of a stay there are not present here. This Court concluded in *Micron EDTXII* that "the more advanced stage of the case at the time Micron's second motion to stay was filed—one week from trial with all *Daubert* and summary judgment motions resolved—and the prejudice to Netlist still outweigh the likelihood of simplification of issues." Ex. 12 at 3. In this case, no trial or pretrial conference dates have been set and the pending *Daubert* and summary judgment motions are unresolved. There are nearly twenty

1

opposed motions that remain unresolved in this matter. Dkt. 702 at 2-3. Indeed, the stage of this case is even less advanced than in *Micron EDTXI*, where this Court stayed the case about one month after the pretrial conference, and less advanced than other cases where stays were granted pending IPRs only weeks before trial. Dkt. 285 at 9-10.

A targeted stay of a few months until the PTAB resolves the '417 and '608 patents' IPRs, therefore, would be consistent with this Court's orders in *Micron EDTXI* and *Micron EDTXII*, and would avoid "an inefficient consumption of limited judicial resources." Ex. 7.

## II. A Targeted Stay Is Highly Likely To Simplify or Completely Resolve the Issues

Netlist cannot dispute the underlying facts here that lead to the inescapable conclusion that a targeted stay will considerably simplify the issues before this Court.[1] The PTAB has determined the '912 patent to be unpatentable and Netlist does not dispute that the Federal Circuit rarely reverses those findings.[2] Although Netlist alludes to Director Review,[3] it has already sought Director Review once for the '912 patent IPR without changing the outcome.

As to the remaining '417 and '608 patents, the PTAB will issue FWDs for those IPRs in early August and December of this year, respectively. Dkt. 702 at 2. Beyond pointing to one variation in claim language, Netlist does not challenge that the '417 and '608 patents are similar to the already invalidated '339 and '506 patents, which themselves have been determined to be unpatentable in IPR. Dkt. 285 at 5-6. Moreover, every IPR that has reached a Final Written Decision on a patent Netlist has asserted against Samsung in the Eastern District of Texas has

---

[1] Netlist's claim that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is plainly wrong. Dkt. 706 at 4. Two months ago, the PTAB had not issued decisions in any of the asserted patent IPRs. Dkt. 689. Now, the patent ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ has been declared invalid.

[2] The Federal Circuit has acknowledged that a PTAB decision alone is sufficient to warrant a stay to prevent wasting judicial and party resources. *Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. July 30, 2015).

[3] Director Review requests are rarely granted. Ex. 15 at 2.

determined all asserted claims to be unpatentable. Netlist cannot offer any legitimate basis to conclude that the '417 or '608 patent IPRs will be any different.

In response, Netlist emphasizes the efforts the parties have already expended, but ignores the significant effort the Court and the parties will need to expend before and during trial, including resolving nearly twenty disputed pretrial motions, disputes over the parties' exhibit lists, and daily disputes over demonstratives and depositions designations. All that effort will be wasted trying an invalid patent. Netlist's complaints about Samsung's invalidity and unenforceability defenses that will not be resolved by the IPRs ignore the reality that invalidating the asserted claims in IPR would eliminate the need for Samsung to assert any further defenses in this Court. Because Samsung has not asserted counterclaims, the PTAB's invalidation of the asserted claims would completely resolve the issues before the Court.

*Saint Lawrence*, on which Netlist relies, is inapposite because Samsung diligently filed the IPR petitions. Indeed, Samsung sought IPR for the '912 patent ***before Netlist filed this case***, and the '417 and '608 patent IPRs a few months after Netlist asserted them. Dkt. 285 at 1-2.

Netlist also posits that a targeted stay would ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 706 at 7-8, but this argument disregards that a stay would properly mitigate the substantial cost and burden of litigating a claim that is exceedingly unlikely to result in any lasting judgment. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318-19 (Fed. Cir. 2014).

Nor is an expedited trial needed to the extent the DDR4 products are at the end of their product cycle. *Contra id.* at 4-5, 7-8. The near end of the DDR4 product lifecycle actually supports a stay because it would allow the parties and the Court to address both liability and damages for the remaining DDR4 products in one trial. Dkt. 702 at 5-6.

Finally, Netlist advances the plainly illogical position that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3

███████████████████████████████████████████████████

██████████████████████████████████████████ Dkt. 706 at 7.

But litigating invalid patents is the ultimate waste of resources and serves no public interest. The PTAB has declared the '912 patent's only asserted claim to be unpatentable and thus it lacks any value. Any trial on the '912 patent will be infected with the exceedingly complex issues of the PTAB's factual and legal determination that fundamentally conflict with Netlist's experts' unsupported and unscientific *ipse dixit* opinions in this case. Dkt. 346, 350. It is precisely to avoid expending the significant resources of the pretrial and trial phases that a stay is needed.

### III.  A Targeted Stay Will Not Unduly Prejudice Netlist, Especially When Its Own Tactics Delayed This Case by More than Two Years

Netlist's asserted "right to timely enforcement of its patent rights" does not defeat a stay motion and is undermined by Netlist's stipulation to stay proceedings related to the '912 patent in another case. *Commc'n Techs., Inc. v. Samsung Elecs. Am.*, No. 2:21-CV-00444-JRG, 2023 WL 1478447, at *2 (E.D. Tex. Feb. 2, 2023); Ex. 16. Netlist's pursuit of only monetary damages undermines any claim of undue prejudice. *VirtualAgility* 759 F.3d at 1318-19.

Netlist's assertions that it did not delay asserting its patents is revisionist history. Netlist waited to assert the '417 patent until about year after it issued, and the '608 patent more than three and a half years after it issued—and more than six months after filing the original complaint. "[W]ait[ing] nearly a year after the [patent] issued before it filed suit against Defendants . . . weigh[s] against [plaintiff]'s claims that it will be unduly prejudiced by a stay." *VirtualAgility*, 759 F.3d at 1319. Netlist cannot excuse its delay by citing Samsung's belief that it was licensed when the '608 patent issued. Dkt. 706 at 4. Netlist could have brought its patent infringement claims to be litigated concurrent with the license issue but chose not to do so. It instead chose delay. This factor should therefore weigh in favor of a stay.

4

### IV. Severing and Staying the '912 Patent Alone, as an Alternative To Staying the Entire Case, Would Conserve Significant Resources

The PTAB's decision rendering the only asserted claim of the '912 patent invalid makes it highly likely that any further litigation over that patent will be rendered moot. Thus, pursuing a jury trial on the '912 patent would be wasteful, and would unduly prejudice both parties, the witnesses, and this Court. Disregarding this reality, Netlist argues against severing the '912 patent because a second trial would be needed in the unlikely event that the PTAB's decision is reversed on appeal. But given the PTAB's decision and Federal Circuit appeal statistics, it is exceedingly more likely that the '912 patent will ultimately remain invalid. Dkt. 702 at 4. Judicial efficiency would therefore be promoted by severing and staying the '912 patent now.

Netlist further highlights overlapping claim terms common to the three asserted patents to somehow show inefficiencies in a stay. But in so doing, Netlist makes the opposite point—the PTAB is exceedingly likely to determine the '417 and '608 patents are similarly unpatentable as the asserted claim of the '912 patent.

Netlist's offer to have separate line entries on a jury verdict form between the '912, '417, and '608 patent would not alleviate the gross inefficiencies that would arise from a trial on the invalid '912 patent or mitigate the risk that Netlist's damages for this patent would contaminate the jury's damages analysis for the '417 and '608 patents. Specifically, Netlist's '912 patent damages claim would unfairly skew "the damages horizon for the jury" by making Netlist's "proffered damages amount[s]" for the other patents "appear modest by comparison." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014).

### V. Conclusion

Samsung respectfully asks the Court to stay this case pending the PTAB's patentability decisions for the '417 and '608 patents, or in the alternative, severs and stays the '912 patent.

5

| | |
|---|---|
| Dated: June 4, 2024 | Respectfully submitted, |
| | By: */s/ Francis J. Albert* |
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone: (415) 591-7091<br>Facsimile: (415) 955-6571 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile: (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile: (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on June 4, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

                                               */s/ Francis J. Albert*