IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00293-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO, LTD, | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., SAMSUNG SEMICONDUCTOR | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor Inc.'s (together, "Samsung") Renewed Motion to Stay Pending IPR or in the Alternative to Sever and Stay the '912 Patent (the "Motion to Stay"). (Dkt. No. 702.) In the Motion, Samsung asks the Court to stay this case pending final decision in Samsung's petitions for *inter partes* review ("IPR") of the patents in suit, or in the alternative, to sever and stay Netlist's claims for infringement of U.S. Patent No. 7,619,912 (the "'912 Patent"). (*Id.*) Having considered the Motion to Stay, and for the reasons stated herein, the Court finds that the Motion to Stay should be and hereby is **DENIED**.

Plaintiff Netlist, Inc. ("Netlist") filed suit against Samsung on August 1, 2022 alleging infringement of the '912 Patent. (Dkt. No. 1.) Netlist amended its complaint on August 15, 2022 to add allegations of infringement of U.S. Patent Nos. 11,093,417 (the "'417 Patent") and 9,858,215 (the "'215 Patent), which are in the same family as the '912 Patent. (Dkt. No. 12.) The '215 Patent has since been dropped from the case. The Court also granted leave for Netlist to

amend its complaint again to add the U.S. Patent No. 10,268,608 (the "'608 patent"). (Dkt. No. 135.)

The PTAB has instituted IPRs on all remaining Asserted Patents in this case. The PTAB decision for the '912 Patent issued on April 17, 2024. The PTAB found the only asserted claim of the '912 Patent to be invalid. The decision for the '417 Patent is due August 1, 2024, and the decision for the '608 Patent is due December 12, 2024.

This is the fourth motion to stay filed by Samsung in the case, and the third motion to stay concerning the IPRs. Samsung originally filed a motion to stay after IPRs had been instituted for all asserted patents except the '608 Patent. (Dkt. No. 88.) The Court denied that motion to stay as premature since the PTAB had not instituted IPRs for all asserted patents. (Dkt. No. 180.) After the PTAB instituted IPR for the '608 Patent, Samsung again moved to stay this case. (Dkt. No. 285.) The Court also denied that motion. (Dkt. No. 689.) Since the denial of that motion, the PTAB issued its final written decision for the '912 Patent only. The issuance of this PTAB decision is the primary reason Samsung again moves to stay this case.

I.  **LEGAL STANDARD**

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the

2

case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.).

## II.  DISCUSSION

### A.  Samsung's Motion to Stay

Samsung argues that a stay will likely simplify the case since the PTAB has already held the only asserted claim of the '912 Patent to be invalid. (Dkt. No. 702 at 4.) Samsung notes that the Federal Circuit's rate of fully affirming PTAB decisions exceeded 83% in 2023, and as a result Samsung argues that it is objectively likely that any further litigation concerning the '912 Patent will ultimately be rendered moot. (*Id.*) Samsung argues that removal will simplify issues as the '912 Patent is the only patent asserted against a whole class of products—Samsung's DDR4 RDIMMs—and that the '912 Patent is the basis for approximately 90% of Netlist's claimed damages.

Samsung also contends that the PTAB is likely to invalidate Netlist's remaining claims because thus far, the PTAB has found unpatentable every single one of the 170 Netlist claims addressed across this case and the related "*Samsung I*" case (*Netlist v. Samsung*, Case No. 2:21-cv-463). (*Id.*) Samsung argues that the PTAB has already invalidated the closely-related '339 Patent and '506 Patent from *Samsung I*. (*Id.* at 4-5.)

Samsung also argues that the Court should stay this case based on the Court's decision to stay *Netlist v. Micron*, Case No. 2:22-cv-203 ("*Micron I*"). However, Samsung acknowledges that the Court in that case stayed the case when the PTAB had invalidated four out of six patents and the remaining PTAB decisions were expected within a few months of trial. (*Id.* at 5.)

Samsung further argues that there are other benefits of staying the case in terms of issue simplification. Specifically, Samsung notes that since the DDR4 RDIMMs and LRDIMMs are at

the end of their life cycle and may be obsolete by the time the stay is lifted, a stay will help simplify liability and damages issues. (*Id.* at 5-6.)

Samsung contends that a stay will not create undue prejudice, and it argues that any prejudice is the result of Netlist's own delay in bringing suit as to the '417 and '608 Patents. Specifically, Samsung notes that Netlist waited a year after the '417 Patent issued and three and a half years after the '912 Patent issued to assert them against Samsung.

Finally, Samsung argues that this case's posture supports a stay. Although Samsung concedes that this case is late in its stage, Samsung notes that no date for trial or pretrial are currently set, and preparing the case for trial would require resolution of nearly twenty opposed motions. (*Id.* at 7.) Samsung argues that the posture of this case makes it an even better candidate for stay than *Micron I* because there is currently no trial date set, over a dozen *Daubert* and summary judgment motions, and the Court has not yet set a pretrial conference date. (*Id.* at 8.)

In response, Netlist argues that it will suffer undue prejudice if the case is stayed because Netlist has a right to the timely enforcement of its patents. (Dkt. No. 706 at 2.) While Samsung compares this case to *Micron I*, Netlist compares the case to a similar motion that the Court denied in *Netlist v. Micron*, Case No. 2:22-cv-294 ("*Micron II*"), which was formerly consolidated with this case. As Netlist notes, in *Micron I* the Court denied Micron's motion to stay based on the PTAB's invalidation of the sole asserted claim of the '912 Patent. (*Id.* at 2-3.)

Netlist also argues that it is not certain that the PTAB's findings will be affirmed on appeal, and that the PTAB's findings concerning the '912 Patent do not affect the validity of the '417 Patent or the '608 Patent. (*Id.*) Further, Netlist disagrees that the PTAB's findings concerning the '506 and '339 Patents do not increase the likelihood of simplification given the differences in claim language. (*Id.*)

4

Netlist argues that the advanced stage of the case weighs against a stay. Netlist contends that this case is about to go to a pretrial conference and trial. (*Id.* at 5.) Netlist further argues that this case is much further along than it was in March when this Court found that "the late stage of this case weighs against granting a stay." (*Id.*; Dkt. No. 689 at 4.)

Finally, Netlist argues that this case will only be simplified if the Federal Circuit considers all of the appeals together. (*Id.* at 6.) Netlist notes that Samsung is pursuing many invalidity and unenforceability grounds that have not been resolved by the recent PTAB decisions and will not be resolved by the IPRs. (*Id.*) Netlist argues that the only way to actually simplify issues and not waste already-expended resources is to hold a jury trial.

In reply, Samsung argues that the circumstances underlying the Court's decision to stay in *Micron II* are not present here. (Dkt. No. 707 at 1.) Specifically, Samsung notes that the Court denied the stay in *Micron II* after the Court had already held a pretrial conference and resolved all *Daubert* and summary judgment motions. (*Id.*) Samsung argues that this case is distinguishable because no trial or pretrial conference dates have been set and the pending *Daubert* and summary judgment motions are unresolved. (*Id.*) Accordingly, Samsung argues that a "targeted stay of a few months" will be consistent with both *Micron I* and *Micron II* and will avoid an inefficient consumption of judicial resources. (*Id.* at 2.)

The Court agrees with Netlist. As in *Micron II*, "it is not certain that the PTAB's findings will be affirmed on appeal, and the PTAB's findings concerning the '912 Patent do not affect the validity of the '417 Patent" or the '608 Patent. *Micron II*, Dkt. No. 112. While the Court agrees with Samsung that there is a possibility that resolution of the IPRs could simplify the issues of this case, such is speculative. The only scenario in which the IPRs dispose of the entire case is if the PTAB invalidated all claims of all three asserted patents in suit and the Federal Circuit affirmed

all these decisions on appeal. Although the PTAB has currently invalidated one of the Asserted Patents, that decision does not affect the '417 and '608 Patents. Further, the last of these final written decisions is not due until December 2024, many months away, which distinguishes this case from both *Micron I* and *Micron II*.

The stage of the case is now at a more advanced stage than it was when Samsung filed its last motion to stay. (*See* Dkt. No. 285.) This factor continues to weigh against staying the case.

Finally, as the Court explained in its previous order denying Samsung's motion to stay, a delay in the proceedings would be prejudicial to Netlist as a competitor to Samsung, and any stay could be further extended if either party appeals the PTAB's findings to the Federal Circuit. The Court does not agree with Samsung that the imminent end of the DDR4 DIMM life cycle is a reason for staying the case. If anything, it underscores the importance of the timely vindication of Netlist's patent rights in proceeding to trial.

Accordingly, weighing all the factors that bear on whether a staying pending IPR is warranted, the Court finds that the balance of those factors weighs against grating a stay. The likelihood of simplification of issues still does not outweigh the stage of the case and the prejudice to Netlist in staying this case.

      B.      **Samsung's Alternative Request to Sever and Stay the '912 Patent**

Samsung argues that even if the Court does not stay the case, it should sever and stay the '912 Patent. Samsung argues that at least six pending motions raise issues unique to the '912 Patent. (Dkt. No. 702 at 8.) Further, Samsung argues that holding a trial on the '912 Patent will needlessly complicate the trial since the '912 Patent is asserted primarily against Samsung's RDIMMs, which do not have data buffers, and the '417 and '608 Patents are asserted primarily against Samsung's LRDIMMS, which do have data buffers. (*Id.*)

6

Netlist argues (and Samsung concedes) that the Court already denied an identical request in *Micron II*, and held a jury trial with both the '912 Patent and the '417 Patent under nearly identical circumstances. (Dkt. No. 706 at 8-11.) Netlist contends that there is significant overlap between the Asserted Patents. Further, Netlist argues that it will have Mr. Kennedy present damages separated out by each patent—just as it did in *Micron II*—which will avoid unnecessary issues in parsing out the damages, if any, that the jury awards for infringement of the patents.

The Court does not find that severance is necessary to promote judicial efficiency or avoid *potential* complications. There is significant overlap between the claims of the Asserted Patents. Severing these Patents into two separate cases creates a risk of unnecessary duplication of expending the Court's and the Parties' limited resources. If the Court severs the '912 Patent and the PTAB's decision is reversed on appeal, then the Court will have to hold a separate trial for the '912 Patent, causing Netlist to present much of the same evidence from this trial to a separate jury. Witnesses will need to travel twice, and the Parties will have to engage in two separate and costly trials. On the other hand, trying the two patents together would not result in an unreasonable expenditure of unnecessary resources even if the PTAB's decision is affirmed on appeal. On balance, the Court finds it would better promote judicial efficiency to try all of the Asserted Patents in the same trial. Although Samsung is concerned about complications in trial, the Court very recently tried a case to a jury with the exact same patents under nearly identical circumstances. Samsung's concerns about a complicated trial can be mitigated by the Court acting as an engaged gatekeeper and through the parties' efforts to mitigate issues brought to the Court through the meet and confer process.

### III.  CONCLUSION

For the foregoing reasons, in the exercise of its discretion, the Court **DENIES** Samsung's Motion to Stay (Dkt. No. 702).

**So ORDERED and SIGNED this 11th day of June, 2024.**

                                                RODNEY GILSTRAP
                                                UNITED STATES DISTRICT JUDGE