UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Civil No. 2:22-cv-00293-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** <br><br> **PUBLIC VERSION** |

**SAMSUNG'S MOTION FOR LIMITED RELIEF FROM PROTECTIVE ORDER**

# TABLE OF CONTENTS

**Page**

I. BACKGROUND .................................................................................................................1

II. ARGUMENT .....................................................................................................................4

    The nature of the protective order: ........................................................................5

    Foreseeability: ........................................................................................................5

    Reliance: .................................................................................................................6

    Good Cause: ...........................................................................................................6

III. CONCLUSION ..................................................................................................................7

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Bayer AG v. Barr Labs., Inc.*,
    162 F.R.D. 456 (S.D.N.Y. 1995) ............................................................................................. 5

*Bell v. Am. Int'l Indus.*,
    627 F. Supp. 3d 520 (M.D.N.C. 2022) ................................................................................... 7

*Lubrizol Specialty Prod., Inc. v. Baker Hughes Inc.*,
    2016 WL 10770867 (S.D. Tex. Nov. 22, 2016) ..................................................................... 5

*Raytheon Co. v. Indigo Sys. Corp.*,
    2008 WL 4371679 (E.D. Tex. Sept. 18, 2008) ............................................................... 5, 6, 7

*SmithKline Beecham Corp. v. Synthon Pharm., Ltd.*,
    210 F.R.D. 163 ....................................................................................................................... 7

*Team Worldwide Corp. v. Walmart Inc.*,
    2019 WL 13078780 (E.D. Tex. Jan. 24, 2019) ............................................................... 5, 6, 7

**Other Authorities**

8A Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2044.1 (3d ed. June 2024 update) ........ 7

Defendant Samsung seeks limited relief from the protective order, Dkt. 60, to present specific documents designated "Highly Confidential – Attorneys' Eyes Only" by Plaintiff Netlist to Judge Scarsi in the related contract litigation in the Central District of California ("CDCA"), for *in camera* review in connection with an evidentiary hearing and motion regarding Netlist's egregious CDCA discovery violations that recently came to light in connection with the CDCA trial.[1]

## I.   Background

During the 2024 CDCA trial, Netlist's counsel Irell & Manella (also counsel of record in this action) attempted to sneak a document into evidence as a trial exhibit during examination of Netlist witness Devon Park, even though it was not on Netlist's exhibit list and, in fact, had never even been produced in the case.  Prior to trial, Netlist was aware of the document and knew Samsung intended to question Mr. Park about its subject matter.  But, rather than promptly disclose it as required, Netlist's counsel prepared a version that looked like a trial exhibit, stamped it "IX0013", Ex. 5, and **waited for Samsung to "walk into a trap,"** as the CDCA Court noted.  Ex. 3 at 602:11-16.  Only when Samsung's counsel noticed and objected did Netlist admit that it was not on Netlist's exhibit list and had **not been produced** in the CDCA case.  Ex. 2 at 502:17-19, 504:3-4.

The CDCA court admonished Netlist for not producing the document, questioning how such a plainly relevant document could not have been produced and noted that Netlist's failure to produce it was potentially **"a pretty big discovery violation**."  Ex. 2 at 504:9-25.  Because of Netlist's blatant non-disclosure, the CDCA Court refused to allow IX0013 into evidence, struck all testimony concerning it, and ordered Netlist to immediately investigate and report why it was not produced

---

[1] A full list of the Bates ranges for the documents for which Samsung now seeks relief is contained in the correspondence at Exhibits 10 and 14 to the Declaration of Amy R. Lucas.  Unless otherwise noted, exhibit citations are to the Lucas Declaration, and all emphases are added.

1

during discovery.  Ex. 2 at 504:5-505:1.[2]

The next morning, in a carefully worded filing, Netlist's counsel claimed that:

> "[Netlist] used an outside vendor to perform a broad initial document pull from Netlist, and Netlist's current counsel has confirmed that this email was not with the documents provided to prior counsel by the outside vendor.  Notably, [IX0013] **does not contain any reference to Samsung or the JDLA (or any abbreviation thereof) which is why it was not identified**."

Ex. 6 at 1 (emphasis added).  In response to Judge Scarsi's question whether Netlist had excluded from production internal communications, Netlist's lead trial counsel, Jason Sheasby, made the following expansive representations:

> "We did not exclude internal communications. . . . **The reason why this was not produced was because it didn't hit the key word Samsung or JDLA . . . . There was no decision not to produce some category of document. There was no partial searching done. Every single internal / external communication that hit on our search terms was produced. Every single one. And I just want to make that emphatically clear**."

Ex. 3 at 591:19-593:6.

Samsung requested sanctions against Netlist for the failure to produce IX0013, as well as an adverse inference jury instruction.  CDCA Dkt. 544 at 3-4 (Samsung May 16, 2024 Mot. for Sanctions); Ex. 3 at 602:1-8.  Mr. Sheasby objected to such an "extreme sanction" in the absence of an evidentiary hearing.  Ex. 3 at 605:24-606:25.  The CDCA court, following Netlist's suggestion, deferred a decision on further sanctions pending an evidentiary hearing, inviting Samsung to seek one.  Ex. 3 at 806:9-21.

Following trial, Samsung investigated further and learned that IX0013 was just the tip of the iceberg.  Contrary to Mr. Sheasby's assurances to Judge Scarsi that Netlist had produced in CDCA "every single one" of the non-privileged hits on "Samsung" or "JDLA," Ex. 3 at 591:19-593:6,

---

[2] Contrary to Netlist's representation to the CDCA court, Netlist's current CDCA counsel (Irell) was also counsel of record during discovery and, in particular, during production of the vast majority of Netlist's documents in CDCA.  Lucas Decl. ¶ 11.

2

██████████████████████████████████████████

Samsung discovered that Netlist did no such thing. Instead, ████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████

For example, a key issue at the CDCA trial was whether the JDLA negotiations showed that the parties intended Section 6.2 to impose a general supply obligation on Samsung. One of Netlist's centerpiece arguments at trial was that a May 2015 offer from Samsung was supposedly evidence of an intent to offer a general supply agreement. Ex. 1 at 243:3-244:4; Ex. 2 at 517:8-518:18, 532:4-18; Ex. 4 at 842:17-21. ████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

Another key issue at the CDCA trial was the parties' actions following execution of the JDLA, and whether Samsung ever communicated to Netlist that the JDLA was not a general supply agreement or Netlist communicated the opposite view. At trial, Netlist witnesses testified that Samsung never told Netlist that the JDLA's supply obligation was limited to the technology collaboration. Ex. 1 at 242:18-20, 253:3-14; Ex. 2 at 435:2-5, 513:16-20. However, Netlist withheld

3

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

from production in CDCA ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And these are just a few examples.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ After stonewalling Samsung's requests for weeks, Netlist refuses to consent to Samsung showing them to Judge Scarsi *in camera*, necessitating this motion.

## II.  Argument

Samsung does not ask this Court to determine whether the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in fact should have been produced in the CDCA action. Rather, Samsung asks merely that the Court modify the protective order to permit Samsung to show Judge Scarsi these documents, *in camera*, so that he may consider that issue while determining whether Netlist met its discovery obligations in that case, an issue about which Judge Scarsi has already expressed serious concerns.

---

[3] Samsung's undersigned counsel understood that motion to relate solely to EDTX expert valuation issues. Lead counsel for Samsung in the CDCA case thus did not learn the content of these unproduced documents and of Netlist's discovery abuses until after the CDCA trial, in the course of investigating Netlist's representations about the scope of its productions. Lucas Decl. ¶ 14.

4

Modifications to protective orders "should be permitted 'when litigants seek to use discovery in aid of collateral litigation'" where it "materially eases the tasks of courts and litigants." *Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc.*, 2016 WL 10770867, at *2 (S.D. Tex. Nov. 22, 2016) (internal citation omitted). In deciding whether to modify a protective order, courts generally consider four factors: "(1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Team Worldwide Corp. v. Walmart Inc.,* 2019 WL 13078780, at *1 (E.D. Tex. Jan. 24, 2019) (citing *Raytheon Co. v. Indigo Sys. Corp.*, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008)). Here, all four factors weigh in favor of modifying the protective order.

**The nature of the protective order**: The protective order here is a blanket order, allowing the parties to designate information that they deem to be worthy of heightened confidentiality. Blanket protective orders are readily modified where the party seeking modification can show good cause. *Bayer AG v. Barr Labs., Inc.*, 162 F.R.D. 463-64 (S.D.N.Y. 1995). Because, there is more than good cause to modify the protective order here, this factor weighs in favor of modification, particularly given the targeted set of documents that are at issue.

**Foreseeability**: If "the need for modification was foreseeable at the time the parties negotiated the original stipulated protective order," then this factor weighs against modification, in contrast to circumstances that were not foreseeable. *Id.* at 466. When the protective order here was entered in December of 2022, Samsung could not have foreseen the need for the relief it now seeks. Samsung had no way of knowing that Netlist would produce highly relevant documents here that it also should have—but did not—produce in the CDCA case. To the contrary, in 2022, Samsung had no reason to doubt that Netlist had complied with its discovery obligations in the CDCA action consistent with its 2021 representations to the Court. *See* Lucas Dec. ¶ 14 & Ex. 8 at 10, 12; Ex. 9 at 40, 42-43. It was only when Netlist tried to admit an unproduced document in last month's CDCA

5

trial and revealed the search terms it claims to have used that Samsung first had cause to suspect (and has since confirmed) that Netlist failed to comply with its discovery obligations. The foreseeability factor supports modifying the protective order.

**Reliance**: The reliance factor "focuses on the extent to which the party opposing the modification relied on the protective order in deciding the manner in which documents would be produced in discovery." *Raytheon Co.*, 2008 WL 4371679, at *3. Netlist cannot credibly contend that its production in this case was predicated on the assumption that the protective order would protect it from inquiries into its CDCA discovery abuses. Indeed, the central concern underlying the reliance factor is "facilitating the flow of information through discovery." 8A Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2044.1 (3d ed. June 2024 update). Netlist should not be permitted to rely on the protective order to hamper Judge Scarsi's inquiry and shield evidence of discovery misconduct in CDCA. Nor can Netlist claim that it thought documents designated under the protective order here were afforded unqualified protection, not subject to modification. After all, Netlist previously sought relief from the protective order to present testimony to Judge Scarsi that it sought to admit in the CDCA trial, which this Court granted. Dkt. 679. In its own motion, Netlist pointed out that "the Protective Order repeatedly considers that the PO may be modified by the Court." Dkt. 553 at 5. This factor, therefore, also weighs in favor of modifying the protective order.

**Good Cause:** Most importantly, there is good cause to modify the protective order so Samsung can present this limited set of documents to the CDCA court for it to consider, *in camera*, whether Netlist violated its discovery obligations in that case—an issue about which Judge Scarsi was keenly interested at trial. Ex. 2 at 502:16-505:1; 591:10-608:23, 806:11-807:1. "Good cause," which balances the "need for modification" against the "need for protection," *Raytheon Co.*, 2008 WL 4371679, at *3, is the "most significant[]" factor in considering modification. *Team Worldwide Corp.*, 2019 WL 13078780 at *1. Here, the need for the modification is great. Samsung has no "available

6

alternatives to the requested relief" because, absent modification, Samsung will be unable to submit to Judge Scarsi these documents that Netlist should have produced in CDCA. *Raytheon Co.*, 2008 WL 4371679, at *3. Samsung would thus be hamstrung from presenting a full picture of Netlist's discovery misconduct for Judge Scarsi to evaluate and determine whether sanctions are warranted. Ex. 3 at 806:11-807:1.

Further, Netlist will suffer no cognizable prejudice from modification. Samsung requests limited modification only as to a narrow set of identified documents. Courts recognize that "request[s] for modification only involv[ing] a limited set of documents are more palatable" than those seeking "wholesale release" of broad categories of documents. *Bell v. Am. Int'l Indus.*, 627 F. Supp. 3d 520, 537 (M.D.N.C. 2022) (quotations omitted). Nor is this a circumstance in which modification would result in disclosure of confidential materials to competitors. *See SmithKline Beecham Corp. v. Synthon Pharms., Ltd.,* 210 F.R.D. 163, 165, 169. The CDCA litigation only involves Samsung and Netlist, the same parties involved here. Similarly, as the Court noted in granting Netlist similar motion, "[t]here is no risk" that these documents "will be exposed to the general public" because Samsung seeks only to present them to Judge Scarsi *in camera.* Dkt. 679 at 2, 4. These documents will still be subject to the CDCA protective order. *Raytheon Co.*, 2008 WL 4371679, at *3. This "most significant[]" factor thus weighs heavily in favor of Samsung. *Id.*; *Team Worldwide Corp.,* 2019 WL 13078780 at *1.

### III.   Conclusion

For the foregoing reasons, the Court should grant Samsung's motion.

Dated:  June 25, 2024               Respectfully submitted,

                                    */s/ Marc J. Pensabene*

                                    Marc J. Pensabene

7

| | |
|---|---|
| Marc J. Pensabene<br>NY  Bar No. 2656361<br>mpensabene@omm.com<br>O'MELVENY & MYERS LLP<br>1301 Avenue of the Americas<br>Suite 1700<br>New York, NY 10019<br>Telephone: (212) 326-2000<br>Facsimile: (212) 326-2061 | Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:   (415) 955-6571 |
| Amy R. Lucas<br>CA Bar No. 264034<br>alucas@omm.com<br>O'MELVENY & MYERS LLP<br>400 South Hope Street, 18th Floor<br>Los Angeles, California 90071<br>Telephone:     (213) 430-6000<br>Facsimile:       (213) 430-6400 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com |
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:  (903) 934-8450<br>Facsimile:    (903) 934-9257 | FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331 |
| J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile:  (903) 934-9257 | Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099 |
| Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000 | Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on June 25, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

/s/ *Melissa R. Smith*

**CERTIFICATE OF CONFERENCE**

I hereby certify that Samsung attempted to confer with Netlist on the subject of this motion beginning on June 8, 2024, when Samsung asked Netlist to consent to the relief requested. Netlist refused to respond to Samsung's request and refused to meet and confer on the issue. On June 20, 2024, only the night before Samsung filed its related motion in CDCA, Netlist offered to "try" to meet and confer some time the following week. In an effort to avoid unnecessary motion practice, Samsung gave Netlist one last chance and offered to meet and confer telephonically with lead and local counsel for both sides on Monday, June 24, 2024, after Netlist had a chance to review Samsung's CDCA motion. Netlist agreed but, even then, and after being aware of Samsung's request since June 8, Netlist's counsel refused to take a position causing an impasse. Because the relief requested by the present motion is necessary for Samsung to present the full scope of Netlist's discovery misconduct to Judge Scarsi in the CDCA, and because briefing on that motion is already underway, Samsung is forced to file this motion as opposed.

/s/ *Marc J. Pensabene*