**EXHIBIT 6**

JASON SHEASBY, SBN 205455
jsheasby@irell.com
MICHAEL HARBOUR, SBN 298185
mharbour@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles, CA 90067
Telephone: 310.203.7096
Facsimile: 310.203.7199

A. MATTHEW ASHLEY, SBN 198235
mashley@irell.com
LISA S. GLASSER, SBN 223406
lglasser@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949.760.0991
Facsimile: 949.760.5200

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | Case No. 8:20-cv-00993-MCS (ADS)<br><br>**NETLIST INC.'S RESPONSE TO INFORMATION REQUEST REGARDING DOCUMENT PRODUCTION** |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Pursuant to the Court's instruction, Netlist provides the following information regarding its identification of the email discussed at side-bar memorializing the substance of a phone conversation between two Netlist employees (Raymond Jiang and Devon Park) and Neal Knuth at Samsung. The email is attached as Exhibit A.

Netlist first identified this document after Samsung filed an amended exhibit list on March 21, 2024 containing over a hundred new exhibits. Several of the new Samsung exhibits, including exhibit 1400, were documents produced by Netlist during discovery regarding the name of an end customer for a product that Netlist planned to sell to an intermediary. Counsel for Netlist asked Mr. Park if he had a memory of these emails, and he recalled a phone conversation with Mr. Knuth around this time. After searching his Netlist email account, he discovered the call notes.

Netlist's current counsel was not involved in discovery, but based on its investigation (including discussion with prior counsel last evening) believes that the original search was diligent, and that the document was not identified by the diligent search.

First, Netlist used an outside vendor to perform a broad initial document pull from Netlist, and Netlist's current counsel has confirmed that this email was not within the documents provided to prior counsel by the outside vendor. Notably, the document does not contain any reference to Samsung or the JDLA (or any abbreviation thereof) which is why it was not identified.

Second, Mr. Park was not deposed during fact discovery, and therefore previous counsel had no reason to be aware of the single line in the notes.

Third, the document was not responsive to any discovery request to which Netlist agreed to respond. Samsung served a single set of RFPs. Only one could potentially have covered the document at issue. Samsung's RFP No. 3 sought "All DOCUMENTS AND COMMUNICATIONS RELATING TO purchase orders sent by YOU to SAMSUNG." Exhibit B at 6. Netlist, however, objected to this request as overly broad, and agreed to a more limited scope, specifically: "non-privileged

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

purchase orders and related communications sent by Netlist to Samsung." *Id*. at 7 (emphasis added). As the document at issue was not sent by Netlist to Samsung, it would not have been captured in the search which would have looked for Samsung email addresses. Samsung did not object or move for relief on the grounds that this response was too narrow or in any way improper.

Fourth, the email had very tangential, if any, relevance to the issues in the case. The JDLA does not require Netlist to identify the name of its customers (much less the ultimate end customer to whom its customer sells), and Samsung never made any argument, asked any deposition questions, or served any discovery on that issue. The first time Samsung gave any indication that it would attempt to inject this issue into the case was the amended exhibit list served on March 21, 2024.[1] During pre-trial preparations, Netlist's counsel asked Mr. Park to investigate it, and he identified the internal email based on his personal memory. Notably, Mr. Park was no longer employed at Netlist during the discovery period in this case. He was re-hired by Netlist in 2022.

In sum, Netlist believes that its original search was diligent. Notably, Netlist produced all of the documents that Samsung claimed showed that Netlist's employees were not forthcoming about their end customer, which include external emails as well as internal emails that refer to Samsung or abbreviations for Samsung.

In light of the Court's ruling that the document is not in evidence, Netlist will not make reference to this document in its closing argument, or on cross examination of Samsung's witnesses.

---

[1] At trial, opposing counsel tried to used Ex 1004 to impugn Mr. Park's credibility, not to prove any fact that is material to claim at issue. Netlist thus sought to introduce this document as a prior consistent statement under the Federal Rules of Evidence. FRE 801(d)(1)(B) (a statement is not hearsay if it "is consistent with the declarant's testimony and is offered: (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground.").

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 2 -

| | | |
|---|---|---|
| 1 | Dated: May 15, 2024 | Respectfully submitted, |
| 2 | | IRELL & MANELLA LLP |
| 3 | | A. Matthew Ashley |
| 4 | | |
| 5 | | By: /s/ A. Matthew Ashley |
| | | NAME |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 3 -