**EXHIBIT 9**

```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                   (SOUTHERN DIVISION - SANTA ANA)




NETLIST, INC,                    ) CASE NO: 8:20-CV-00993-MCS-ADSx
                                 )
           Plaintiff,            )            CIVIL
                                 )
    vs.                          )      Santa Ana, California
                                 )
SAMSUNG ELECTRONICS CO, LTD,     )      Tuesday, July 27, 2021
                                 )
           Defendant.            )


                    INFORMAL DISCOVERY CONFERENCE


              BEFORE THE HONORABLE AUTUMN D. SPAETH,
                 UNITED STATES MAGISTRATE JUDGE




APPEARANCES:              SEE PAGE 2


Court Reporter:           Recorded; AT&T; Wave


Courtroom Deputy:         Kristee Hopkins


Transcribed by:           Exceptional Reporting Services, Inc.
                          P.O. Box 8365
                          Corpus Christi, TX 78468
                          361 949-2988




Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

**APPEARANCES:**

For Plaintiff:            RAYMOND A. LAMAGNA, ESQ.
                          MARISSA MULLIGAN, ESQ.
                          Gibson Dunn & Crutcher, LLP
                          333 S. Grand Ave.
                          Los Angeles, CA 90071


For Defendant:            EKWAN E. RHOW, ESQ.
                          MARC E. MASTERS, ESQ.
                          JUMIN LEE, ESQ.
                          Bird Marella Boxer, et al.
                          1875 Century Park East
                          23rd Floor
                          Los Angeles, CA 90067

1   information about hits -- hit list responses and why don't -- I
2   mean I understand you weren't ordered but I do also understand
3   that there were discussions about hit counts and that sort of
4   thing.  So why don't I have that information?
5           **MR. LEE:**  Yes, Your Honor, I can address this issue
6   and this is Christopher Lee, I apologize, I keep forgetting to
7   identify myself.
8           But I think the reason that process (indisc.)
9   negotiation broke down, Your Honor, is because we proposed our
10  search terms in good faith thinking that, you know, both
11  parties would propose their search terms, we'd take a look at
12  them mutually and then we would do -- engage in a process of
13  horse trading to reasonably narrow the scope of documents to be
14  reviewed by both parties.  And I think the issue we encountered
15  at some point was that Netlist would not disclose, and has not
16  disclosed to this day, what search terms they are using for
17  their document search.  They would not disclose what custodians
18  they collected documents from.  And in this situation, Your
19  Honor, I just think we felt that it was not good negotiation
20  strategy for us to (indisc.) our search terms to criticism by
21  Netlist unilaterally by providing them with hit counts when
22  they are not even giving us the most basic information of what
23  their hit counts are.
24          I do have some provisional search term numbers that
25  are -- that we've received recently, Your Honor.  I can address

42

1   Mr. LaMagna, let's make sure that Mr. Lee is --
2            **MR. LAMAGNA:**  Oh, apologies to Mr. Lee.
3            **MR. LEE:**  No, Your Honor, I'm finished.
4            **MR. LAMAGNA:**  Okay.
5            **THE COURT:**  All right.  Mr. LaMagna?
6            **MR. LAMAGNA:**  Again, our production is not in
7   question here.  There is no motion to compel our production,
8   there's no complaint about our production on which the parties
9   have met and conferred.
10           There is a couple of I think bending of the truth
11  there regarding our custodians and search terms.
12           We've never refused to provide custodians and search
13  terms.  I agree, I have not provided a comprehensive list and I
14  apologize to Opposing Counsel.  I do owe them a list of who the
15  main custodians are.  As I've said, it's all of the people that
16  they've -- I've told them this on the phone.  It's all of the
17  six or seven people that they've requested for depositions, as
18  well as there's a couple of additional procurement people that
19  I forget the names of on this call.  I think one of them is
20  named Devin Park, one of them -- the two lawyers that are
21  involved.  Everybody that we could find that was materially
22  involved with the procurement, you know, the process of
23  ordering and the process of -- or the legal side of negotiating
24  the contract with them, including the lawyers, were we pulled
25  all of their email that we could find, the whole mailbox in

1  whole and searched it.  We search it using not just -- this was
2  the issue.  We did not just use search terms as they are
3  proposing.  We have talked to witnesses, we've had witnesses
4  help us to go through their email to identify email threads,
5  we've tried to find threads from those threads.  We have used
6  words like "Samsung" and "Samsung.com" also as search terms but
7  we haven't exclusively relied on search terms.
8            And in terms of hit counts, I'm pleased to know that
9  there's 30,000 emails within -- that have the word "Netlist" on
10 them.  That is consistent with the fact that we've produced
11 30,000 emails to them, Your Honor, using not the same protocol
12 but using a, shall we say more robust, searching for "Samsung"
13 or "Samsung communications" and then seeing what we could move
14 from there to make sure that we're grabbing a wider net than
15 just what that would give us.  And so it doesn't surprise me
16 there's 30,000 communications.  We have parties that are doing
17 hundreds of orders over multiple years.  Samsung is I think one
18 of the very largest industrial companies in the world.  I think
19 they're one of like the top five.  Netlist is a small company.
20 This is a dispute that will have millions of dollars in
21 dispute.
22           As Mr. Masters pointed out earlier, there is a patent
23 license that is on the -- potentially at issue here that is
24 probably tens of millions of dollars if not more.  Maybe
25 it's -- it could be, you know, a nine-figure number.  I don't

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

|  |  |
|---|---|
| _____ | **April 24, 2022** |
| Signed | Dated |

*TONI HUDSON, TRANSCRIBER*

**EXCEPTIONAL REPORTING SERVICES, INC**