████████████████████████████

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | Civil No. 2:22-cv-00293-JRG |
| Plaintiff, | (Lead Case) |
| | **JURY TRIAL DEMANDED** |
| v. | ████████████████ |
| SAMSUNG ELECTRONICS CO., LTD., et al., | |
| Defendants. | **PUBLIC VERSION** |

**SAMSUNG'S REPLY IN SUPPORT OF MOTION FOR
<u>LIMITED RELIEF FROM PROTECTIVE ORDER (Dkt. 716)</u>**

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...........................................................................................................1

II.     ARGUMENT .................................................................................................................1

        A.      Netlist does not present any relevant arguments regarding the narrow relief
                Samsung actually seeks...................................................................................1

        B.      Netlist's attempts to distract from its misconduct are incorrect and irrelevant. ..........4

III.    CONCLUSION ...............................................................................................................5

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Raytheon Co. v. Indigo Sys. Corp.*,
  2008 WL 4371679 (E.D. Tex. Sept. 18, 2008) .................................................................5

*Stack v. Gamill*,
  796 F.2d 65 (5th Cir. 1986) ...........................................................................................4

*Team Worldwide Corp. v. Walmart Inc.*,
  2019 WL 13078780 (E.D. Tex. Jan. 24, 2024) ..............................................................5

*United States v. Ocwen Loan Servicing*,
  2016 WL 278968 (E.D. Tex. Jan. 22, 2016) ...................................................................3

## I.  <u>Introduction</u>

The only question before **_this Court_** is whether to grant narrow relief from the protective order so that Judge Scarsi can review a specific set of documents *in camera* in the Central District of California ("CDCA"), in connection with a motion for evidentiary hearing related to what Judge Scarsi himself stated "seems to be **_a pretty big discovery violation to me [by Netlist]. One that might merit sanctions_**." Dkt. 721-3 at 504:9-25 (emphasis added). For all its bluster, Netlist does not seriously dispute the merits of Samsung's motion, and there is no good-faith basis to do so. After all, it was Netlist's lead counsel, Mr. Sheasby, who suggested to Judge Scarsi that Samsung seek an evidentiary hearing in CDCA regarding Netlist's alleged discovery misconduct. Dkt. 721-4 at 605:24-606:25. Judge Scarsi took Mr. Sheasby up on his offer and invited Samsung to seek one. *Id.* at 806:16-21. Netlist now offers no justification—and indeed none exists—for preventing Judge Scarsi from considering all evidence of Netlist's CDCA discovery misconduct in a hearing suggested by Netlist to determine the full extent of Netlist's CDCA discovery misconduct.

Instead, Netlist resorts to a series of incorrect and irrelevant arguments in an attempt to distract the Court from its grievous CDCA discovery misconduct, as well as Netlist's numerous and substantive misrepresentations regarding its discovery efforts to the CDCA court. Notably, Netlist erroneously contends that, ████████████████████████████████████ ████ ████████████ Judge Scarsi should not be able to review any documents from this case – even *in camera*. Dkt. 725 at 7. None of Netlist's arguments has any merit, nor do they change the conclusion that narrow relief is justified so that Judge Scarsi can evaluate *in camera* additional evidence of Netlist's misconduct in CDCA—an issue about which he has already expressed serious concern.

## II.  <u>Argument</u>

### A.  Netlist does not present any relevant arguments regarding the narrow relief Samsung actually seeks.

Samsung seeks limited relief here—that this Court modify the protective order as to 51 specific

documents so that Judge Scarsi can review them *in camera* in determining whether Netlist met its discovery obligations in CDCA, and whether Netlist's representations to the CDCA court, in 2021 and 2024, were truthful. Netlist does not meaningfully rebut any of Samsung's arguments. Indeed, Netlist entirely fails to address two of the four factors for modifying a protective order: (1) the nature of the protective order, and (2) the parties' reliance on it. As explained in Samsung's motion—and as Netlist now concedes— both factors support modification, as blanket protective orders are readily modified for good cause, and Netlist had (and has) no basis to rely on the protective order (which itself contemplates modification) to prevent Judge Scarsi's inquiry into Netlist's discovery misconduct. *See* Dkt. 721 at 5-6.

Netlist also fails to rebut that the remaining two factors—foreseeability and good cause— likewise support modification. As to foreseeability, Netlist does not dispute that, when the protective order was entered in December 2022, there was no way for Samsung know that Netlist would produce in EDTX documents highly relevant to the CDCA case, but not produce those same documents in CDCA. *See id.* And, most importantly, there is more than good cause to modify the protective order so that Samsung can present those key documents to Judge Scarsi for evaluation of potentially serious discovery violations. *See id.* at 6-7. Tellingly, Netlist does not even **attempt** to identify any prejudice it would suffer from permitting Judge Scarsi to review *in camera* those limited documents, which would still be subject to the CDCA protective order. Nor does Netlist dispute that, absent modification, Judge Scarsi would be prevented from seeing those documents, despite Judge Scarsi's demonstrated interest in whether Netlist complied with its discovery obligations. Dkt. 716 at 6-7.

Netlist's only response is to argue that Samsung opposed cross-use of EDTX discovery in CDCA, and once Netlist produced the documents at issue in this case in January 2024, Samsung should have foreseen the need for the relief it now seeks. Dkt. 725 at 6. According to Netlist, ███

███████████████████████████

███████████████████████████

███████████████████████████████████████████  Dkt. 725 at 1, 6-

7.  Netlist is wrong at every turn.

First, Netlist's arguments are irrelevant because, as is clear from the case Netlist quotes, *United States v. Ocwen Loan Servicing*, 2016 WL 278968, at *3 (E.D. Tex. Jan. 22, 2016) (Dkt. 725 at 7), the foreseeability of a requested modification focuses on "the time [the parties] **negotiated and agreed to** the Protective Order," not what was foreseeable years later, after discovery was ultimately produced. As explained in Samsung's motion, when the protective order was entered in **December 2022**, Samsung had no reason to suspect that Netlist had failed to comply with its CDCA discovery obligations.  *See* Dkt. 721 at 5-6.  Netlist does not even attempt to dispute this, as Netlist's discovery misconduct did not become apparent until years later, in 2024.

Second, Netlist's contention that Samsung cannot seek modification of the protective order because it refused to agree to **limitless** cross-use of discovery from this case in CDCA makes no sense.  The fact that Samsung was unwilling to grant Netlist carte blanche to use any and all discovery from this case to prove its substantive claims at trial in CDCA is wholly irrelevant to whether, in December 2022, Samsung had reason to believe Netlist had failed to comply with its CDCA discovery obligations, much less to whether there is "good cause" to modify the protective order so that Judge Scarsi can review *in camera* important evidence of Netlist's discovery misconduct.  Netlist offers no authority to prevent Judge Scarsi from considering *in camera*—at an evidentiary hearing Netlist's counsel proposed—key documents relevant to whether Netlist met its discovery obligations in CDCA.

Lastly, Netlist's conclusory contention that ████████████████████████████

███████████████████████████████████████████  is entirely without merit. *Id.* at 1.  Netlist provides no explanation or basis for such an allegation, which is factually incorrect. Nor does it explain why this is in any way relevant to the present motion.  This is nothing more than a transparent attempt by Netlist to muddy the waters and distract from its own discovery misconduct

████████████████████████████████████████████████████

and the narrow question now at issue.

**B.    Netlist's attempts to distract from its misconduct are incorrect and irrelevant.**

The rest of Netlist's opposition is devoted to arguments that are factually incorrect and entirely irrelevant to the present motion.

First, Netlist contends that ████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████    Dkt. 725 at 2-3.  That is wrong, but more importantly for present purposes, is irrelevant.  This Court need not decide whether IX0013—or any of the documents subject to this motion—were responsive to Samsung's CDCA discovery requests.  That is a matter for Judge Scarsi.  But for Judge Scarsi to determine whether Netlist violated its discovery obligations in CDCA and whether any sanction is appropriate, it is crucial that he be able to consider ***all*** of the relevant evidence, including the documents at issue here.  Indeed, Netlist's argument puts the cart before the horse, in essence suggesting that Samsung must first conclusively ***prove*** discovery misconduct before being able to present further evidence of that very misconduct.  Samsung should be permitted to marshal the evidence of Netlist's discovery violations, submit that evidence to the CDCA court, and have Judge Scarsi decide the issue on a complete record.

Second, Netlist incorrectly argues that ████████████████████████████████████

█████████████████████████████████████████, citing *Stack v. Gamill*, 796 F.2d 65, 68 (5th Cir. 1986).  Dkt. 725 at 4-5.  This completely mischaracterizes Samsung's motion and requested relief.  Samsung does not seek to obtain "proxy discovery" to use in support of any substantive arguments on the merits in CDCA.  Rather, Samsung requests relief from the protective order so that it can present additional evidence to Judge Scarsi in an evidentiary hearing on whether Netlist committed discovery misconduct by failing to produce those documents in CDCA and, if so, what sanction is appropriate.

4

████████████████████████████████████

Netlist attempts to distinguish its own prior motion for relief from the protective order, Dkt. 553, ████████████████████████████████████████████████████████████████ ████████    But the present motion is no different.  Judge Scarsi invited Samsung to seek an evidentiary hearing regarding the issues to which these documents pertain—and he did so at the suggestion of ***Netlist's own counsel*** during the CDCA trial.  Dkt. 721-3 at 504:9-25; Dkt. 721-4 at 605:24-606:25, 806:16-21.  Just as with Netlist's motion, which this Court granted, Dkt. 679, Samsung must first obtain relief from this Court to present the relevant documents in CDCA.

Netlist's reliance on *Stack* is even more misplaced.[1]  *Stack* involved "**nonparties** who sought ***to intervene***" in a case against a gas company "for the purpose of examining certain documents which had been made subject to protective orders" for use in a separate case against the gas company.  769 F.2d at 65-66 (emphasis added).  The Fifth Circuit held that it was not an abuse of discretion to deny the motion to intervene given that the nonparties simply "mov[ing] to compel discovery in their own case" was more efficient than intervention.  *Id.* at 68.  Here, Samsung is not seeking to intervene—it is already a party—nor is Samsung seeking to use the documents at issue substantively in CDCA.  *Stack* says nothing about ***any*** of the factors for modifying a protective order, and it provides no support for Netlist's position here.  Netlist's incorrect and irrelevant points are nothing more than an attempt to distract from its own discovery misconduct and its inability to offer any legitimate reason why Judge Scarsi should not be able to at least review the additional evidence *in camera*.

### III.    Conclusion

For the foregoing reasons, the Court should grant Samsung's motion.

---

[1] Netlist's other cases also undercut its opposition, as the courts granted the motions in whole or in part.  *See Raytheon Co. v. Indigo Sys. Corp.*, 2008 WL 4371679, at * 4 (E.D. Tex. Sept. 18, 2008); *Team Worldwide Corp. v. Walmart Inc.*, 2019 WL 13078780, at * 2 (E.D. Tex. Jan. 24, 2024) (Gilstrap, J.).

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Dated:  July 16, 2024

Respectfully submitted,

*/s/ Marc J. Pensabene*

Marc J. Pensabene

| | |
|---|---|
| Marc J. Pensabene<br>NY  Bar No. 2656361<br>mpensabene@omm.com<br>O'MELVENY & MYERS LLP<br>1301 Avenue of the Americas<br>Suite 1700<br>New York, NY 10019<br>Telephone: (212) 326-2000<br>Facsimile: (212) 326-2061 | Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:   (415) 955-6571 |
| Amy R. Lucas<br>CA Bar No. 264034<br>alucas@omm.com<br>O'MELVENY & MYERS LLP<br>400 South Hope Street, 18th Floor<br>Los Angeles, California 90071<br>Telephone:      (213) 430-6000<br>Facsimile:      (213) 430-6400 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com |
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:  (903) 934-8450<br>Facsimile:   (903) 934-9257 | FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331 |
| J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257 | Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099 |
| Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N | Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000 |

6

Washington, DC 20001-4956                     Dallas, Texas 75201
Telephone: (202)-662-6000                     Telephone: (214) 747-5070
                                              Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

███████████████████████████████████

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on July 16, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

*/s/ Marc J. Pensabene*
Marc J. Pensabene

███████████████████████████████

██████████████████████████████████████

████████████████████

████████████