UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>      Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED**<br><br><br>**PUBLIC VERSION** |

**SAMSUNG'S STATEMENT OF NON-OPPOSITION TO NETLIST'S
CONTINGENT MOTION FOR RELIEF FROM PROTECTIVE ORDER (Dkt. 722)**

Samsung hereby files its notice of non-opposition to Netlist's contingent motion for relief from the protective order, Dkt. 722. In its contingent motion, Netlist contends that, if the Court grants Samsung's motion for relief from the protective order to present documents related to Netlist's discovery misconduct to Judge Scarsi in the CDCA action, Dkt. 721, the Court should also grant Netlist relief from the protective order to present certain other documents to Judge Scarsi. Netlist's allegations are simply a sideshow—undoubtedly intended to try and distract from its own serious misconduct in CDCA—misconduct that Judge Scarsi himself stated "seems to be *a pretty big discovery violation to me. One that might merit sanctions*". Dkt. 721-3 at 504:9-25 (emphasis added). Nonetheless, if Samsung's motion is granted, Samsung does not oppose further modification of the protective order to permit Netlist to also present additional documents to Judge Scarsi.

To be clear, however, Samsung vigorously disputes the factual account Netlist sets forth in its contingent motion. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Notably, unlike Samsung, Netlist put its own discovery misconduct front and center when it tried to <u>sneak</u> a document into evidence at the recent CDCA trial*, even though that document had not been produced by Netlist in CDCA and was not on Netlist's trial exhibit list. *Incredibly, Netlist's counsel had even stamped the document with the label "IX0013", in an effort to dress up the document as a properly disclosed trial exhibit*. After being caught red-handed, Judge Scarsi refused to let Netlist admit the document into evidence and struck all related trial testimony. Dkt. 721-3 at 504:5-505:1; Dkt. 721-4 at 596:13-22; 608:7-16. Thus, Netlist and Samsung are in fundamentally different positions, and it is Netlist's discovery misconduct that is now at issue in CDCA – **<u>not</u>** any conduct by Samsung. In that regard, it is painfully transparent

1

that the ***only*** reason Netlist is even alleging discovery misconduct on Samsung's part is to try and excuse its own appalling discovery misconduct, essentially advocating for a "Let's call it even" approach.

But none of those issues are before this Court and Samsung will respond in full, if and when they are raised in CDCA.

Unlike Netlist, Samsung has no reason to hide the documents at issue from Judge Scarsi. Accordingly, if the Court grants Samsung's motion for limited relief from the protective order, Samsung does not oppose granting Netlist's contingent motion.


Dated: July 16, 2024

Respectfully submitted,

*/s/ Marc J. Pensabene*

Marc J. Pensabene

Marc J. Pensabene
NY Bar No. 2656361
mpensabene@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Amy R. Lucas
CA Bar No. 264034
alucas@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6400

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-7091
Facsimile:  (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com

2

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile:  (903) 934-9257 | Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331 |
| J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257 | Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099 |
| Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000 | Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on July 16, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

/s/ Marc J. Pensabene
Marc J. Pensabene

Case 2:22-cv-00293-JRG    Document 732    Filed 07/23/24    Page 5 of 5 PageID #: 66480

4