# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-cv-293-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; | ) (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC.; SAMSUNG SEMICONDUCTOR | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## NETLIST, INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR RELIEF FROM PROTECTIVE ORDER

**TABLE OF CONTENTS**

**Page**

I. FACTUAL BACKGROUND ............................................................................................... 2

    A. Samsung Misrepresented to the CDCA the Nature of a Document Netlist Sought to Use in the CDCA To Rehabilitate a Witness .............................................. 2

    B. Samsung CDCA Counsel Had Full Access to the EDTX Production and Affirmatively Rejected A Proposal to Use It in the CDCA Trial ................................ 4

II. ARGUMENT ....................................................................................................................... 4

    A. Samsung's Motion Uses EDTX to Circumvent Discovery Limitations in CDCA .............................................................................................................................. 4

    B. Samsung Specifically Rejected Use of EDTX Documents in CDCA ......................... 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Raytheon Co. v. Indigo Sys. Corp.*,
    2008 WL 4371679 (E.D. Tex. Sept. 18, 2008) ....................................................................... 4

*Stack v. Gamill*,
    796 F.2d 65 (5th Cir. 1986) ................................................................................................... 4

*Team Worldwide Corp. v. Walmart Inc.*,
    2019 WL 13078780 (E.D. Tex. Jan. 24, 2024) ...................................................................... 4

*United States v. Ocwen Loan Serv'g*,
    2016 WL 278968 (E.D. Tex. Jan. 22, 2016) ...................................................................... 6, 7

**Other Authorities**

Wright & Miller, 8A FED. PRAC. & PROC. CIV. § 2044.1 (3d ed.) ........................................... 4

Fed. R. Civ. P. 37(c)(1) .................................................................................................................. 5

FRE 801(d) ..................................................................................................................................... 2

Samsung's Motion for Relief from the Protective Order should be denied for at least two independent reasons.

First, Samsung's motion is an attempt to use the EDTX proceedings to seek "proxy discovery" for its post-trial motions in the Central District of California ("CDCA")[1]. The Fifth Circuit expressly forbids this. Before filing the instant motion, Samsung filed a pending motion before Judge Scarsi in CDCA seeking post-trial discovery, including discovery relating to Netlist's production in the EDTX case, for use in post-trial motions in CDCA. Samsung now asks this Court to be able to "submit to Judge Scarsi these documents." Dkt. 721 at 7. In other words, Samsung asks this Court to order documents produced to Judge Scarsi for use in post-trial motions, when the propriety of any post-trial discovery for use in post-trial motions is already a dispute squarely before Judge Scarsi. To be clear, the reference to "in camera review" in the motion is just a euphemism for document discovery. The jury trial has already occurred in CDCA. The purpose of this motion is to take document discovery from EDTX and use it as a basis to attack a verdict post-trial in CDCA.

Second, Samsung necessarily cannot show good cause to selectively use Netlist's EDTX document production in CDCA post-trial because Samsung made the strategic decision to block all use of the EDTX production in the CDCA proceedings. Netlist proposed before the CDCA trial that the parties agree to cross-use their EDTX productions in CDCA, but Samsung opposed—even though Samsung's CDCA counsel had full access to the documents Samsung now claims are relevant. Samsung did this because if the parties' EDTX productions were available in CDCA, it would prove Samsung was in contempt of CDCA Court orders. Samsung's tactics are addressed length in Dkt. 722. Choosing not to agree to modify a protective order when access to the documents does not suit its strategy, then changing one's mind after a trial loss, is the opposite of good cause.

---

[1] *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 8:20-cv-993 (C.D. Cal.).

## I. FACTUAL BACKGROUND

### A. Samsung Misrepresented to the CDCA the Nature of a Document Netlist Sought to Use in the CDCA To Rehabilitate a Witness

Samsung's account of the record in the CDCA Action is inaccurate.

There was one disputed document in the CDCA Action (the Internal Devon Park Email). The dispute arose during the CDCA trial when Netlist attempted to use it for the sole purpose of rehabilitating a witness under FRE 801(d) after Samsung suggested to the jury that the witness was lying.

When this occurred, Samsung misrepresented to the CDCA Court that the document was within the scope of the parties' agreed scope of production in CDCA. Specifically, Samsung's RFP 3 sought "*All DOCUMENTS AND COMMUNICATIONS RELATING TO purchase orders sent by YOU to SAMSUNG.*" Ex. 1 at 6:18-19. During discovery, Netlist objected and agreed instead to produce "non-privileged purchase orders and related communications sent by Netlist to Samsung in the Relevant Time Period, to the extent such documents may be located subject to a reasonable search." *Id.* at 7:8-10. Samsung has never disputed that this scope of production was proper, and did not move to compel further production.

During the CDCA trial, Samsung misrepresented to the CDCA court that the following part of the Internal Devon Park Email was an email to Samsung, and thus responsive to the production agreement (Dkt. 716-6):

```
-----Original Appointment-----
From: Raymond Jiang
Sent: Tuesday, September 20, 2016 11:55 AM
To: Paik Ki Hong; Devon Park; Neal Knuth

Subject: Weekly Market Update
When: Monday, December 05, 2016 4:00 PM-4:30 PM (UTC-08:00) Pacific Time (US & Canada).
Where: Call 303-928-2617 Bridge # 1750463

Please dial in 303-928-2617 Bridge # 1750463

Agenda:

• Market update
• Backlog Review
• Forecast Review
```

Specifically, Samsung told Judge Scarsi that this was an unproduced email to a Samsung employee:

> So what they agreed to produce were purchase orders and related communications sent by Netlist to Samsung. So related communications sent by Netlist to Samsung. Now, the document that we are talking about is an e-mail chain. It's not just a single e-mail. It's an e-mail chain. That is the document. And if you -- if you look, the document -- **the first e-mail in the chain is a communication sent by Netlist to Raymond Jiang to Samsung's Neal Knuth. So that is a communication by Netlist to Samsung**. Ex. 2 (CDCA Trial Tr.) at 594:12-21 (emphasis added).

Samsung's representation was not accurate. Netlist's trial counsel, which became associated with the CDCA Action just before the close of discovery, and was not involved with document collection (that was conducted by a previous firm), noted in response that Netlist's current counsel understood that the email was not responsive, but had limited information and would need to investigate to confirm some of the facts: "I was not did [sic] the production, but we did speak to the firm that did it previously, we have every reason to believe there was good faith" and that "we have only had 24 hours to sort of investigate this[.]" *Id.* at 606:9-10, 17-19.

After trial, Netlist's current counsel proceeded to definitively confirm that no portion of the document is an email to Samsung. The bottom of the document is an internally generated reference to a recurring weekly meeting. The weekly recurring calendar invite itself, which was sent to Samsung, **was** produced by Netlist to Samsung in the CDCA case. Ex. 4. As such, there was no failure to disclose.

Samsung does not dispute any of the above facts, including that Netlist did in fact did produce the actual communications sent to Samsung, and the ████████████████ that was the subject of discussion during trial was purely internal and thus not responsive. Nonetheless, Samsung not only refuses to correct its error in representing the opposite to Judge Scarsi, but now seeks without basis to re-open discovery in the CDCA Action with the stated goal of attempting to find some basis to challenge the verdict.

### B. Samsung CDCA Counsel Had Full Access to the EDTX Production and Affirmatively Rejected A Proposal to Use It in the CDCA Trial

O'Melveny & Myers (OMM) (Samsung CDCA Counsel) appeared in this case on December 15, 2024 and had complete access to the entire production. Dkts. 280, 281, 290. The documents it identifies in its motion were produced on January 8, 2024. They were not buried in a massive production. They represent attachments to depositions of Netlist's executives in an ITC proceeding. Netlist proposed to OMM that the parties in the CDCA case be able to cross use discovery from East Texas. CDCA, Dkt. 343 at 7 (Netlist proposal for "cross-use of fact depositions and documents from the Eastern District of Texas litigations"). Samsung's CDCA counsel vigorously opposed that, arguing in the CDCA action that use of EDTX documents would improperly expand the CDCA record, end-run the discovery orders in CDCA, and be prejudicial. CDCA, Dkt. 382, at 8 (Samsung opposition to proposal, including statement that "Netlist's attempt to expand the discovery record would—in addition to end running the discovery orders in this case—create unfair prejudice and cause unnecessary delay, as there was no reason to anticipate that discovery in Texas would be used in this case given that discovery in this case was closed.").

### II. ARGUMENT

"Good cause," which balances the "need for modification" against the "need for protection," *Raytheon Co. v. Indigo Sys. Corp.*, 2008 WL 4371679, at *3 (E.D. Tex. Sept. 18, 2008), is the "most significant[]" factor in considering modification. *Team Worldwide Corp. v. Walmart Inc.,* 2019 WL 13078780 at *1 (E.D. Tex. Jan. 24, 2024).

### A. Samsung's Motion Uses EDTX to Circumvent Discovery Limitations in CDCA

The Fifth Circuit has held motions seeking to modify a protective order "to obtain documents which [a party] allegedly failed to produce in [collateral] case" do not present good cause where the proper course would have been to "to move to compel discovery in [the other] case," particularly where "discovery has already taken place" in that action. *Stack v. Gamill*, 796 F.2d 65, 68 (5th Cir. 1986)

("requiring the *Gammill* plaintiffs to move to compel discovery in their own case would not cause undue wastefulness; indeed, such a motion would be the most efficient way to obtain the desired discovery"); *see also* Wright & Miller, 8A FED. PRAC. & PROC. CIV. § 2044.1 (3d ed.) ("If the limitation on discovery in the collateral litigation would be substantially subverted by allowing access to discovery material under a protective order, the court should be inclined to deny modification.").

This Court has warned against parties using this case to obtain "proxy discovery" in CDCA. Dkt. 679 at 3 ("This Court… is also mindful to prevent any party from using this case to conduct 'proxy discovery' for the CDCA Action."). Yet that is exactly what Samsung is attempting to do here. Indeed, the circumstances here differ significantly from Netlist's prior Motion for Relief, Dkt. 553, which this Court granted, Dkt. 679. First, Netlist filed its Motion for Relief *after* Judge Scarsi requested it to do so. This Court relied on this distinction in granting Netlist narrowly tailored relief regarding portions of a transcript from a Samsung corporate representative. Dkt. 679 at 4 ("Judge Scarsi asked Netlist to obtain leave from this Court before approaching the Central District of California with the substantive issues concerning Mr. Calandra's testimony. Netlist has done that."). Further, Netlist had no alternative vehicle for relief because it sought the use of discrete *testimony* given in this Action under a protective order, not to compel production of additional documents. This distinction is critical, and the Court relied on it as well in granting Netlist's Motion:

> Netlist is not seeking to obtain extra discovery in this case to be used in the CDCA Action, but rather Netlist is simply asking that it be allowed to show Judge Scarsi deposition testimony that has already taken place so that Judge Scarsi can determine whether or not such testimony is relevant and admissible. Dkt. 553 at 3.

Here, Samsung **is** in fact seeking to use documents produced in this action in response to discovery requests **it did not propound in CDCA** to re-open discovery after it lost at trial. In specific, Samsung in CDCA never sought the production of deposition transcripts and exhibits from the ITC proceedings. Moreover, Judge Scarsi sided with Samsung and found EDTX discovery could not be

- 5 -

used in CDCA. CDCA, Dkt. 390 at 6. ("The Court doubts Netlist can use the [EDTX] documents in this proceeding, Fed. R. Civ. P. 37(c)(1), or show good cause to reopen discovery so it can use additional records from other cases.").

### B. Samsung Specifically Rejected Use of EDTX Documents in CDCA

Samsung's motion should also be denied because Samsung made a strategic decision to oppose any use of discovery from this case in CDCA. "[A] party's oversight in not negotiating a provision in a protective order considering a matter which should have been reasonably foreseeable at the time of the agreement has been held not to constitute good cause for relief from the protective order." *See United States v. Ocwen Loan Serv'g*, 2016 WL 278968, at *3 (E.D. Tex. Jan. 22, 2016).

As explained above, Netlist specifically proposed to OMM that the parties agree to cross-use of EDTX discovery in CDCA. Samsung opposed, and Judge Scarsi sided with Samsung. *Supra* 3-4. Samsung cannot now argue good cause supports the exact relief that it successfully resisted.

Samsung argues that it "had no way of knowing that Netlist would produce highly relevant documents here that it also should have—but did not—produce in the CDCA case." Mot. 5. This is demonstrably incorrect. As noted above, Samsung's CDCA counsel had full access to the discovery produced in the EDTX case beginning on December 15, 2023. The documents on which Samsung relies were produced on January 8, 2024 in a single discrete production consisting solely of exhibits from ITC deposition transcripts. After this production, Samsung continued to oppose any cross use of documents. CDCA, Dkt. 382 at 8 (Samsung's Opp. to Netlist's Mtn. to Supp. Record) ("Netlist's attempt to expand the discovery record would—in addition to end running the discovery orders in this case—create unfair prejudice and cause unnecessary delay, as there was no reason to anticipate that discovery in Texas would be used in this case given that discovery in this case was closed, and the parties would have to be able to engage in further discovery here to respond to the discovery in Texas. Moreover, Netlist has failed to show that it did not have an adequate opportunity to conduct discovery

in this case.")

Beginning on June 23, Netlist has asked Samsung when it became aware of the documents that are the subject of its motion. It has refused to give a straight answer. Ex. 3. Indeed, in this motion all it was able to say was that "Lead counsel for Samsung in the CDCA case thus did not learn the content of these unproduced documents and of Netlist's discovery abuses until after the CDCA trial." Opp. 4, n.3. This representation does not dispute that the other members of the Samsung CDCA trial team were aware of the documents before the CDCA trial. There is definitive objective evidence of this. OMM lawyers Amy Lucas and Anton Metlitsky both appeared in EDTX in December 2023 before the production at issue. Marc Pensabene of OMM appeared shortly after the production at issue on February 16, 2024, and all of these OMM lawyers had speaking roles in the CDCA trial.

If these documents were relevant, as Samsung now claims, Samsung could have agreed to cross use. Instead, Samsung made a strategic decision to foreclose any use of the EDTX discovery in CDCA to prevent Netlist from using any of the damaging documents that Samsung had produced in EDTX against it in the forthcoming CDCA trial, including documents it failed to produce in CDCA in direct violation of CDCA Court Orders. Dkt. 722. This factor thus weighs strongly against modification. *See Ocwen Loan Serv'g*, 2016 WL 278968, at *3 (denying relief from protective order because movant's desire "to review the evidence obtained in the litigation" was foreseeable "at the time [the parties] negotiated and agreed to the Protective Order.").

.

Dated: July 9, 2024                                    Respectfully submitted,

                                                       */s/ Jason G. Sheasby*

                                                       Samuel F. Baxter
                                                       Texas State Bar No. 01938000
                                                       sbaxter@mckoolsmith.com

Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on July 9, 2024, a copy of the foregoing was served to all counsel of record.

*/s/ Isabella Chestney*
Isabella Chestney

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties previously met and conferred on Netlist's intent to file this motion. Samsung opposes.

*/s/ Jason Sheasby*
Jason Sheasby

- 9 -