# EXHIBIT 1

Document Sought to Be Filed Under Seal

JASON LO, SBN 219030
  jlo@gibsondunn.com
MATTHEW BENJAMIN, SBN 4533246
  mbenjamin@gibsondunn.com
RAYMOND A. LAMAGNA, SBN 244821
  rlamagna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff Netlist Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NETLIST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,<br><br>Defendant. | CASE NO. 8:20-cv-993-MCS (ADSx)<br><br>**NETLIST INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION** |

PROPOUNDING PARTY:     PLAINTIFF NETLIST INC.

RESPONDING PARTY:       DEFENDANT SAMSUNG ELECTRONICS CO., LTD.

SET NO.:                              ONE (1)

for "All Documents" "Relating To" a subject includes documents that have little or no relevance or materiality and is facially overbroad and disproportionate.  The burden and expense of searching for and producing "All Documents" "Relating To" a subject, over a period spanning years, far outweighs any likely benefit that may be obtained from such documents. Netlist will construe requests for "All Documents" "Relating To" as requests seeking material, non-duplicative documents concerning the subject at issue.  Netlist further objects to this Request on the grounds that it calls for information or documents already in the possession, custody, or control of Defendant, and documents which are equally known, if not more readily available, to Defendant. Netlist also objects to the extent the Request seeks information protected by the attorney-client privilege or the work-product doctrine, which Netlist will not provide.

Subject to and without waiving the foregoing objections, Netlist responds as follows:  Netlist will produce non-privileged documents sufficient to identify the quantity and prices of NAND and DRAM products Samsung sold to Netlist in the Relevant Time Period, to the extent such documents may be located subject to a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS AND COMMUNICATIONS RELATING TO purchase orders sent by YOU to SAMSUNG.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Netlist restates and incorporates by reference its General Response and General Objections as though fully set forth herein.  Netlist further objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate.  A Request for "All Documents" "Relating To" a subject includes documents that have little or no relevance or materiality and is facially overbroad and disproportionate.  The burden and expense of searching for and producing "All Documents" "Relating To" a subject, over a period spanning years, far outweighs any likely benefit that may be obtained from such documents. Netlist will construe requests for "All Documents" "Relating

To" as requests seeking material, non-duplicative documents concerning the subject at issue. Netlist further objects to this Request on the grounds that it calls for information or documents already in the possession, custody, or control of Defendant, and documents which are equally known, if not more readily available, to Defendant. Netlist also objects to the extent the Request seeks information protected by the attorney-client privilege or the work-product doctrine, which Netlist will not provide.

Subject to and without waiving the foregoing objections, Netlist responds as follows: Netlist will produce non-privileged purchase orders and related communications sent by Netlist to Samsung in the Relevant Time Period, to the extent such documents may be located subject to a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

All submissions made by YOU to the Republic of Korea National Tax Service or Republic of Korea National Tax Tribunal.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Netlist restates and incorporates by reference its General Response and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Netlist responds as follows: Netlist will produce its submissions to the Republic of Korea National Tax Service or Republic of Korea National Tax Tribunal regarding the tax dispute between Samsung and Netlist.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS AND COMMUNICATIONS RELATING TO any decision, order, tax refund, or other dispensation issued and/or sent to YOU by the Republic of Korea National Tax Service or Republic of Korea National Tax Tribunal.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Netlist restates and incorporates by reference its General Response and General Objections as though fully set forth herein. Netlist further objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate. A Request for "All Documents" "Relating To" a subject includes documents that have little or no

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Netlist restates and incorporates by reference its General Response and General Objections as though fully set forth herein. Netlist also objects to the extent the Request seeks information protected by the attorney-client privilege or the work-product doctrine, which Netlist will not provide.

Subject to and without waiving the foregoing objections, Netlist responds as follows: Netlist will produce non-privileged documents identified or cited in response to Samsung's First Set of Interrogatories to Netlist.

Dated: June 28, 2021

GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Raymond LaMagna*
Raymond LaMagna
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7153
rlamagna@gibsondunn.com

Attorneys for Plaintiff Netlist Inc.

# CERTIFICATE OF SERVICE

I, Raymond A. LaMagna, an attorney, hereby certify that **PLAINTIFF NETLIST INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S REQUESTS FOR PRODUCTION, SET ONE,** was emailed to counsel for Samsung Electronics Inc., Ltd., on July 28, 2021.

By: */s/ Raymond A. LaMagna*
Raymond A. LaMagna

Attorney for Plaintiff Netlist Inc.