UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Civil No. 2:22-cv-00293-JRG <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S RENEWED MOTION TO STAY PENDING
APPEAL OF THE PTAB'S IPR FINAL WRITTEN DECISIONS
<u>INVALIDATING THE ASSERTED CLAIMS OF THE '912 AND '417 PATENTS</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

TABLE OF EXHIBITS ..................................................................................................................... iii

TABLE OF ABBREVIATIONS ........................................................................................................ iii

I.   INTRODUCTION ................................................................................................................. 1

II.  FACTUAL BACKGROUND ............................................................................................... 2

III. LEGAL STANDARD ........................................................................................................... 4

IV.  ARGUMENT ........................................................................................................................ 5

    A.   The Court Should Stay This Case Pending Appellate Resolution of the IPRs Because a Stay Is Likely To Greatly Simplify the Issues Before the Court ............................................................................................. 5

    B.   A Stay Will Not Create Undue Prejudice ................................................................ 7

    C.   The Case's Posture Supports a Stay ........................................................................ 8

V.   CONCLUSION ..................................................................................................................... 9

\* All emphasis herein is added unless otherwise noted.

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*,
   No. 2:19-CV-333-JRG-RSP, Dkt. 175 (E.D. Tex. Jan. 7, 2021)...............................................8

*Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*,
   No. 2:19-CV-333-JRG-RSP, Dkt. 180 (E.D. Tex. Feb. 9, 2021) .............................................8

*Clinton v. Jones*,
   52 U.S. 681 (1997)..................................................................................................................4

*Image Processing Techs., LLC v. Samsung Elecs. Co., Ltd.*,
   No. 2:16-CV-00505-JRG, Dkt. 306 (E.D. Tex. Oct. 25, 2017).................................................8

*NFC Tech LLC v. HTC Am. Inc.*,
   No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)............................4, 5

*Packet Intel. LLC v. NetScout Sys., Inc.*,
   100 F.4th 1378 (Fed. Cir. 2024) ..............................................................................................6

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
   No. 2:16-CV-642-JRG, 2017 WL 9885168 (E.D. Tex. June 13, 2017) ...................................7

*Vill Green Techs., LLC v. Samsung Elecs., Ltd.*,
   No. 2:22-CV-00099-JRG, 2023 WL 416419 (E.D. Tex. Jan. 25, 2023) ..................................4

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014)............................................................................................7, 8

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-00639 re U.S. Patent No. 10,949,339 (Oct. 18, 2023) |
| 2 | Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-00711 re U.S. Patent No. 10,860,506 (Oct. 17, 2023) |
| 3 | Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-00999 re U.S. Patent No. 11,232,054 (Dec. 5, 2023) |
| 4 | Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-00996 re U.S. Patent No. 11,016,918 (Dec. 6, 2023) |
| 5 | Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-01427 re U.S. Patent No. 9,318,160 (Apr. 1, 2024) |
| 6 | Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-01428 re U.S. Patent No. 8,787,060 (Apr. 1, 2024) |
| 7 | Order Staying *Micron EDTX1* Pending Resolution of IPRs, Dkt. 493 (Feb. 10, 2024) |
| 8 | Petition for *Inter Partes* Review of U.S. Patent No. 7,619,912 (Feb. 17, 2022) |
| 9 | Petition for *Inter Partes* Review of U.S. Patent No. 11,093,417 (Jan. 10, 2023) |
| 10 | Petition for *Inter Partes* Review of U.S. Patent No. 10,268,608 (Apr. 27, 2023) |
| 11 | Final Written Decision Determining Challenged Claim Unpatentable in IPR2022-00615 re U.S. Patent No. 7,619,912 (Apr. 17, 2024) |
| 12 | Final Written Decision Determining All Challenged Claims Unpatentable in IPR2023-00454 re U.S. Patent No. 11,093,417 (July 30, 2024) |
| 13 | "Fed. Cir. Affirmance Rate In PTAB Cases Hit 83% In 2023," Law360 (Apr. 22, 2024) |
| 14 | Final Written Decision Determining All Challenged Claims Unpatentable in IPR2022-00455 re U.S. Patent No. 9,858,215 (July 30, 2024) |
| 15 | Decision Granting Institution of *Inter Partes* Review in IPR2023-00847 re U.S. Patent No. 10,268,608 (Dec. 12, 2023) |
| 16 | January 10, 2020 Office Action, Application 16/301,151 |
| 17 | April 10, 2020 Terminal Disclaimer, Application 16/301,151 |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| *Micron EDTX1* | *Netlist, Inc. v. Micron Tech, Inc. et al.*, Case No. 2:22-cv-00203-JRG-RSP |
| *Micron EDTX2* | *Netlist, Inc. v. Micron Tech, Inc. et al.*, Case No. 2:22-cv-00294-JRG |
| *Samsung EDTX1* | *Netlist, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 2:21-cv-463-JRG |
| *Samsung EDTX2* | This case (*Netlist, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 2:22-cv-00293-JRG) |
| *CDCA Action* | *Netlist, Inc. v. Samsung Elec. Co., Ltd. et al.*, C.D.CA. Case No. 8:20-cv-00993-MCS-ADS |
| PTAB | Patent Trial and Appeal Board |
| FWD | Final Written Decision |

## I. INTRODUCTION

Samsung and Netlist have already litigated a large six-patent case in this District (*Samsung EDTX1*) only to have the PTAB hold all of the claims from all of the asserted patents invalid after trial. A tremendous amount of judicial and party resources went into bringing those invalid patents to trial and through post-trial, which is now headed to appeal.

Netlist again steers the Court on a path of wasteful use of resources to proceed to trial here on patent claims that have already been invalidated by the PTAB. In this case, Netlist asserts three patents—the '912, '417, and '608 patents—and the PTAB has now held that all of the asserted claims from two of the three asserted patents are invalid. The PTAB issued its FWD finding the '912 patent invalid in April, and yesterday, the PTAB issued its FWD finding all claims of the '417 patent invalid. As to the remaining asserted patent, the '608 patent, the PTAB instituted the IPR in December 2023 and the FWD is due in December 2024, a few months after the currently scheduled trial.[1]

After the PTAB found the sole asserted claim of the '912 patent to be invalid, Samsung moved to stay this case, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[2] The Court denied that motion, distinguishing its decision to stay *Micron EDTX1* (where four of six patents were held invalid by PTAB at the time). However, since then, the PTAB has invalidated all asserted claims of the '417 patent. A stay is therefore now appropriate and wholly consistent with this Court's stay of *Micron EDTX1*.

---

[1] As the Court is aware, the IPR for the '608 patent was delayed compared to the '417 patent because Netlist delayed asserting that patent nearly six months after filing the original complaint. *See* Dkt. 1, 62. The '608 patent is the parent patent to the '506 patent asserted in *Samsung EDTX1*, which the PTAB has already found invalid.

[2] Following Samsung's previous motion to stay, the Court granted Samsung's motion for summary judgment of license. Dkt. 727, 730-1. Now, excluding Netlist's damages theory precluded by the Court's summary judgment order, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

The Court should follow the wisdom and logic of its stay order in *Micron EDTX1* and put an end to this inefficient use of resources. Samsung therefore respectfully requests that—in light of the PTAB's FWDs finding all asserted claims of **both** the '912 patent and the '417 patent invalid (two of three asserted patents)—the Court stay this case pending appellate resolution of the IPRs.[3]

## II.  FACTUAL BACKGROUND

*Samsung EDTX1***:** In *Samsung EDTX1*, Samsung spent two and a half years defending against Netlist's patent infringement claims, only for all of the asserted patents to be invalidated by the PTAB after trial. Specifically, Netlist asserted six patents against Samsung in *Samsung EDTX1*. Samsung promptly filed IPRs challenging 169 claims across these patents. Samsung requested a stay, noting "the pending IPR petitions address every asserted claim in all six Asserted Patents" and noting "claims in the same patent families have been held invalid in other IPRs" (for the '339, 918, 054, and 506 patents), making invalidation at the PTAB especially likely. *Samsung EDTX1*, Dkt. 74 at 9. While the Court denied Samsung's requests to stay *Samsung EDTX1*, ultimately the PTAB invalidated all 169 challenged claims—every claim across all six asserted patents. Exs. 1-6.

*Micron EDTX1***:** After the *Samsung EDTX1* trial, the Court chose to stay *Micron EDTX1* involving the same patents. In that case, the Court recognized the inefficiencies of going to trial when four of the six asserted patents were determined to be invalid by the Patent Office, noting that putting the "case to trial before a jury in this Court before the PTAB issues its decision on the two remaining patents risks an inefficient consumption of limited judicial resources that

---

[3] Consistent with this Court's rulings in *Micron EDTX1*, Samsung respectfully asks this Court to stay the present case pending appeal of the IPRs and until further order from this Court. Samsung also asks the Court to order the parties to file a joint status report within ten (10) days after any ruling concerning the PTAB's final written decisions.

makes imposing a targeted stay, until that ruling is received, advisable." Ex. 7

***Samsung EDTX2*:** In this case, Netlist asserts three patents: the '912, '417, and '608 patents (having dropped the '215 patent, Dkt. 325).[4] With respect to the '912 patent, Samsung filed its IPR months ***before*** Netlist filed its complaint in this case. Ex. 8; Dkt. 1. As to the '417 and '608 patents, Samsung diligently filed IPRs shortly after Netlist asserted each patent. Exs. 9-10; Dkt. 285 at 1-2. Samsung previously moved to stay this case pending those IPR decisions; ***first*** before institution, ***second*** after institution, and ***third*** after the PTAB issued its FWD for the '912 patent finding the only asserted claim invalid (on April 17, 2024). Dkt. 88; Dkt. 285; Ex. 11; Dkt. 701. This Court denied the first motion as premature because the PTAB had not yet instituted the '608 patent IPR (Dkt. 180) and denied the second reasoning that the potential simplification of the issues was too uncertain to outweigh the other stay factors. Dkt. 689.

The Court denied Samsung's third motion to stay pending IPR—after the '912 patent was invalidated—distinguishing the facts at that time from those in its *Micron EDTX1*, where the Court stayed pending IPR. The Court explained that the number of patents held invalid (one of three) at the time of the prior motion contrasted with the number of patents held invalid (four of six) at the time of the stay order in *Micron EDTX1*:

> Samsung also argues that the Court should stay this case based on the Court's decision to stay *Netlist v. Micron*, Case No. 2:22-cv-203 ("*Micron I*"). However, Samsung acknowledges that the Court in that case stayed the case when the PTAB had invalidated four out of six patents and the remaining PTAB decisions were expected within a few months of trial.

Dkt. 710 at 3. Further, in denying Samsung's prior motion based on the '912 patent's FWD, the Court distinguished the timing of the expected FWD for the last two patents-in-suit (the '417 and

---

[4] On the same day as it issued the FWD for the '417 patent, the PTAB also issued its FWD for the '215 patent invalidating all claims. Ex. 14.

3

'608 patents) from the timing of the expected FWD in the *Micron EDTX1* case: "Further, the last of these final written decisions is not due until December 2024, many months away, which distinguishes this case from both *Micron I* and *Micron II*." *Id*. at 6.

The PTAB has now also issued its FWD finding the asserted claims of the '417 patent invalid, further aligning the facts of this case with those in *Micron EDTX1*.  Ex. 12.  The PTAB's '608 patent determination is due by December 12, 2024, a few months after the currently scheduled trial.  Ex. 15.  The pretrial conference is now nearly a month away and trial is set for September 9, 2024.  *See* Dkt. 678.  Apart from this motion, there are sixteen other pending opposed motions.  *See* Dkts. 273, 337, 338, 341, 342, 343, 346, 350, 353, 355, 356, 358, 359, 374, 383, 611, 612, and 669.  Most of these motions raise issues relevant to the '912 and '417 patents.  *E.g.*, Dkt. 353 (regarding noninfringement of the '912 patent).

***Samsung CDCA*:** The parties' contract litigation in CDCA concerning whether Samsung has a license to all asserted patents under the JDLA went to trial in May 2024.  Dkt. 696, 716.  The judgment has not been entered.  The parties are in the middle of briefing post-trial motions, including Samsung's JMOL and new trial motion.  Further, the parties are also briefing Samsung's request for an evidentiary hearing and motion regarding Netlist's CDCA discovery violations that recently came to light in connection with the CDCA trial.  Dkt. 716.

## III. LEGAL STANDARD

The Court is familiar with the applicable standard.  Briefly, the Court's inherent power to manage its docket includes the power to stay proceedings.  *See Clinton v. Jones*, 520 U.S. 681, 706 (1997).  Staying patent cases "is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Vill Green Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00099-JRG, 2023 WL 416419, at *1-3 (E.D. Tex. Jan. 25, 2023) (internal quotations omitted); *NFC Tech*

4

*LLC v. HTC Am. Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). In considering whether to stay a case, courts consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech.*, 2015 WL 1069111, at *2. "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

**IV.    ARGUMENT**

**A.    The Court Should Stay This Case Pending Appellate Resolution of the IPRs Because a Stay Is Likely To Greatly Simplify the Issues Before the Court**

A stay almost certainly will simplify the issues before the Court. Whether a stay will likely simplify the case is "the most important factor bearing on whether to grant a stay." *NFC Tech.*, 2015 WL 1069111, at *4. Here, the PTAB has now held that all of the asserted claims of two of the three asserted patents are invalid. Dkt. 701; Ex. 12.

With the FWD of the '417 patent, this case is now on all fours with the Court's stay decision in *Micron EDTX1*. There, the Court stayed the action where the PTAB had held two thirds of the asserted patents (four of six) to be invalid and the remaining two PTAB decisions were expected within a few months of the previously scheduled trial. Ex. 7. Here, the PTAB has held two thirds of the asserted patents to be invalid—two of three. Further, the remaining PTAB decision is expected within a few months of the trial in this case. The same conservation of resources is likely here if the Court stays this case.

Although Netlist will likely appeal, the Federal Circuit's rate of fully affirming PTAB decisions exceeded 83% in 2023. Ex. 13. For the '912 and '417 patents to have any relevance, Netlist will have to beat these stiff odds and convince the Federal Circuit to reverse the PTAB's

5

findings. Thus, it is highly likely that any further litigation concerning the '912 and '417 patents will ultimately be rendered moot. *E.g.*, *Packet Intel. LLC v. NetScout Sys., Inc.*, 100 F.4th 1378, 1387-88 (Fed. Cir. 2024) (vacating infringement judgment and remanding with instructions to dismiss as moot after affirming PTAB invalidity determinations). Indeed, the same facts were present in the *Micron EDTX1* case where this Court ordered a stay.

The PTAB will likely invalidate the '608 patent as well, such that a stay pending at least the FWD on that patent is likely to simplify the case even more, and eliminate the need for a trial altogether. The '608 patent is the parent to the '506 patent, which Netlist asserted (but withdrew before trial) in *Samsung EDTX1*. The PTAB invalidated the '506 patent claims based on the same prior art applied in the pending IPR for the '608 patent. Ex. 2; Ex. 15.[5] Netlist itself has stressed the similarities between the '608 patent and the '506 patent, which share the same specification. *E.g.*, Dkt. 238 at 2 (Netlist arguing "Dr. Lee was also extensively examined on the conception/reduction to practice of the invention of the '608 patent, which claims priority to the same provisional as the '506 patent, and stems from the same October 12, 2011 invention disclosure."). Indeed, during prosecution the Patent Office rejected the then pending claim 1 of the '506 patent for obvious-type double patenting over claims 1-12 of the '608 patent, noting "[a]lthough the claims at issue are not identical, they are not patentably distinct from each other[.]" Ex. 16.[6] Thus, it is likely that the PTAB will hold the remaining claims in this case invalid. Even if some claims survive the IPR process, there is at least "a significant likelihood

---

[5] As explained in opposition to Netlist's summary judgment on claim preclusion, the '608 and '506 patent claims are "'essentially the same' on their face." Dkt. 430 at 2-3.

[6] Following the obvious-type double patenting rejection of then pending claim 1, Netlist filed a terminal disclaimer for the '506 patent. Ex. 17 ("The owner(s) with percent interest listed above in the instant application hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application which would extend beyond the expiration date of the full statutory term of prior patent number(s) . . . 10268608").

that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent," which is sufficient to justify a stay here. *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:16-CV-642-JRG, 2017 WL 9885168, at *1 (E.D. Tex. June 13, 2017).

This factor—likely simplification of the issues—overwhelmingly supports staying this case. Indeed, the facts here are more compelling than those that led the Court to order a stay in *Micron EDTX1* because, there, the PTAB had not invalidated any patent claims related to the remaining two asserted patents, the '060 and '160 patents, when the Court stayed that case, whereas the PTAB has invalidated the related '506 patent based on the same prior art at issue in the '608 patent's IPR.

### B. A Stay Will Not Create Undue Prejudice

Although Samsung acknowledges that this Court has found that prejudice to Netlist weighs against a stay, Dkt. 710 at 6, Samsung respectfully submits that this factor presents no more weight here than it did in *Micron EDTX1* where the Court granted a stay. There, Netlist was asserting patents against another memory supplier selling similar products as Samsung in the same market as Samsung. A stay here thus presents no more prejudice than the stay the Court granted in *Micron EDTX1*.

Moreover, the prejudice factor carries little weight here because any prejudice results from Netlist's own delays in asserting the '608 patent. *See, e.g., VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (rejecting patentee's claims of prejudice where it "waited nearly a year" to assert the patent). The '608 patent issued on April 23, 2019, Dkt. 62-4, and Netlist did not assert it against Samsung until January 2023, more than three and a half years later. Dkt. 62. Netlist notably did not assert this patent in its original

7

complaint,[7] but waited almost six months to seek to add the '608 patent to this case. *See* Dkt. 62. Samsung promptly petitioned for IPR thereafter, and the FWD in the '608 patent's IPR is due in December 2024. Thus, while Netlist has previously argued it has a "right to timely enforcement of its patent rights," Dkt. 91 at 4, the delay here is of its own making, "weigh[ing] against [Netlist]'s claims that it will be unduly prejudiced by a stay." *VirtualAgility*, 759 F.3d at 1319.

### C. The Case's Posture Supports a Stay

Although Samsung acknowledges that this Court previously found that this case's posture weighs against a stay, Dkt. 710 at 6, Samsung respectfully submits that this factor presents no more weight here than in *Micron EDTX1* where the Court granted a stay. The Court stayed *Micron EDTX1* at a more advanced stage than this case, nearly a month after the January 12, 2024 pretrial conference. Ex. 7. Accordingly, this case is now an even better candidate for a stay than *Micron EDTX1* because the pretrial conference has not occurred, and the Court has not resolved the majority of the pretrial motions. Thus, a stay would avoid substantial work by the Court and the parties that is likely unnecessary given the PTAB decisions to date and the high likelihood that the Federal Circuit will affirm them. Indeed, the Court granted a stay in *Arbor v. Samsung* just a few months before trial, based on the PTAB's mere institution of IPR proceedings. *See Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-CV-333-JRG-RSP, Dkt. 175 (E.D. Tex. Jan. 7, 2021) (memorandum order); *id.*, Dkt. 180 (E.D. Tex. Feb. 9, 2021) (order overruling objections to memorandum order).[8] Here, the PTAB has already found

---

[7] Netlist also did not assert the '608 patent in *Samsung EDTX I* despite asserting its child patent, the '506 patent, and using the same damages theories as those now offered against the '608 patent. Netlist ultimately dropped the '506 patent before trial in *Samsung EDTX I*.

[8] *See also Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:16-CV-00505-JRG, Dkt. 306, at *2-3 (E.D. Tex. Oct. 25, 2017) (granting a stay when two of three asserted patents were under IPR review, noting "[s]ince only one asserted claim is not currently under a simultaneous IPR review, there is a material possibility that the outcome of all IPR proceedings will streamline the scope and resolution of this case.").

8

the asserted claims of the '912 patent and '417 patent to be invalid, further underscoring the efficiencies to be gained through a stay.

## V. CONCLUSION

Samsung respectfully asks this Court to stay the present case pending appeal of the IPRs and until further order from this Court. Samsung also asks the Court to order the parties to file a joint status report within ten (10) days after any ruling concerning the PTAB's final written decisions.

Dated: July 31, 2024

Respectfully submitted,

By: */s/ Francis J. Albert*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

9

| | |
|---|---|
| aahn@cov.com | Thomas H. Reger II |
| COVINGTON & BURLING LLP | reger@fr.com |
| 415 Mission Street, Suite 5400 | Texas Bar No. 24032992 |
| San Francisco, CA 94105 | FISH & RICHARDSON P.C. |
| Telephone:  (415) 591-7091 | 1717 Main Street, Suite 5000 |
| Facsimile:   (415) 955-6571 | Dallas, Texas 75201 |
| | Telephone: (214) 747-5070 |
| | Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on July 31, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

/s/ Francis J. Albert

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the parties met and conferred. The discussion conclusively ended in an impasse, leaving an open issue for the Court to resolve. Samsung therefore files this Motion as opposed.

/s/ J. Travis Underwood

11