UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | Civil No. 2:22-cv-00293-JRG |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD., et al., | |
| Defendants. | |

**SAMSUNG'S OPPOSED MOTION FOR CLARIFICATION OF MEMORANDUM
OPINION AND ORDER (DKT. 727) REGARDING SAMSUNG'S LICENSE DEFENSE**

# **TABLE OF CONTENTS**

TABLE OF EXHIBITS ....................................................................................................... iii

I.   INTRODUCTION ................................................................................................... 1

II.  THE COURT SHOULD CLARIFY THAT ITS JULY 15, 2024 ORDER DOES NOT DECIDE THE JDLA TERMINATION ISSUE STILL PENDING BEFORE THE CDCA COURT ................................................................................................................... 1

III. THE COURT'S RULING IMPACTS SAMSUNG'S PENDING MOTION TO BIFURCATE .......................................................................................................... 2

IV.  CONCLUSION ...................................................................................................... 5

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Avondale Shipyards, Inc. v. Insured Lloyd's*,
  786 F.2d 1265 (5th Cir. 1986) ...................................................................................................4

*Bradberry v. Jefferson Cnty.*,
  732 F.3d 540 (5th Cir. 2013) ....................................................................................................3

*TQ Delta, LLC v. CommScope Holding Co.*,
  657 F. Supp. 3d 892 (E.D. Tex. 2023)......................................................................................4

*West Gulf Maritime Ass'n v. ILA Deep Sea Loc. 24*,
  751 F.2d 721 (5th Cir. 1985) ...................................................................................................2

## TABLE OF EXHIBITS

| # | Description |
|---|-------------|
| 1 | Docket for *Netlist, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 8:20-cv-00993-MCS-ADS (C.D. Cal.) |
| 2 | *Netlist, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 8:20-cv-00993-MCS-ADS, Dkt. 600 (C.D. Cal.) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|--------------|-------------|
| *CDCA Case* | *Netlist, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 8:20-CV-00993-MCS-ADS (C.D. Cal.) |
| CDCA Court | The U.S. District Court for the Central District of California |
| JDLA | Joint Development and License Agreement |
| PTAB | Patent Trial and Appeal Board |
| *Samsung I* | *Netlist, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 2:21-CV-463-JRG |

## I.     INTRODUCTION

On July 15, 2024, this Court issued its Memorandum Opinion and Order denying

Netlist's Motion for Summary Judgement on Samsung's License Defense (Dkt. 273) and

granting Samsung's Motion for Partial Summary Judgment that All Accused Products Are

Covered by Netlist's License to Samsung in the Parties' 2015 JDLA (Dkt. 337).  Dkt. 727.

Because the CDCA Court has not entered final judgment following the jury's verdict in the

CDCA Case trial, Samsung respectfully asks the Court to clarify statements in its Memorandum

Opinion and Order suggesting that *this Court* has decided whether Netlist properly terminated

the JDLA—an unresolved issue squarely before the CDCA Court.

## II.     THE COURT SHOULD CLARIFY THAT ITS JULY 15, 2024 ORDER DOES NOT DECIDE THE JDLA TERMINATION ISSUE STILL PENDING BEFORE THE CDCA COURT

Netlist's Motion for Summary Judgment on Samsung's License Defense (Dkt. 273), in

part, asked this Court to hold that "Netlist properly terminated the JDLA in June of 2020," "to

evaluate extrinsic evidence and determine that the supply clause [§ 6.2] required Samsung to

provide Netlist with NAND and DRAM products for any purpose on request," and "to determine

that "Samsung materially breached [§ 6.2]."  Dkt. 727 at 14 (quoting Dkt. 271 at 11).  In denying

Netlist's motion, the Court held that Netlist's request for the Court to hold that Netlist properly

terminated the JDLA in June 2020 "is moot," reasoning "[a]s the Court said in denying

Samsung's Motion to Stay, the Court would defer issues of Netlist's alleged termination of the

JDLA to the Central District of California, and this Court would not make any further comment

while that issue is squarely before another court."  Dkt. 727 at 14-15 (internal quotation, citation,

and footnote omitted); *see also id.* at 7-8.

Nevertheless, the Court found "that Samsung breached the JDLA and that Netlist

effectively terminated the JDLA on July 15, 2020," because "[a] jury [in the CDCA Case]

1

returned a verdict in favor of Netlist finding that Samsung breached the JDLA." Dkt. 727 at 15; *see also id.* at 27 ("[A]s the Court determined in *Samsung I*, the Accused Products were licensed up to July 15, 2020 when Netlist terminated the JDLA."). Specifically, the Court explained: "Whether the JDLA was in fact terminated on July 15, 2020 depends on whether or not Samsung breached the JDLA. That issue was decided by a jury in the California Action. Since the jury in the California Action determined that Samsung materially breached the JDLA, Netlist's termination was effective July 15, 2020." *Id.* at 27 n.6.

However, ***the CDCA Court has not entered judgment on the verdict***. *See* Ex. 1 (*CDCA Case* docket). Instead, the parties are in the middle of briefing post-trial motions, including Samsung's motions for judgment as a matter of law and for a new trial. *See id.*; *see also* Ex. 2 (*CDCA Case*, Dkt. 600) at 2-4. Further, the parties are also briefing Samsung's request for an evidentiary hearing and motion regarding Netlist's CDCA discovery violations that recently came to light in connection with the CDCA trial. *See id.*; *see also* Dkt. 716.

Although the Court previously indicated that it would not comment on the JDLA termination issue "squarely before another court," *see* Dkt. 278 at 4-5; *West Gulf Maritime Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721 (5th Cir. 1985), the statements discussed above in its Memorandum Opinion and Order could be read as deciding the termination issue, which is still squarely before the CDCA Court. Samsung thus respectfully requests that the Court clarify that its Memorandum Opinion and Order was not deciding the termination issue.

## III.    THE COURT'S RULING IMPACTS SAMSUNG'S PENDING MOTION TO BIFURCATE

To prevent the need for an improper trial within a trial on issues within the CDCA Court's exclusive purview and the prejudice to Samsung if the jury were to learn about the JDLA and its alleged termination, Samsung moved the Court to bifurcate the trial here such that the

technical liability issues of alleged infringement and invalidity would be tried without any reference to the JDLA, Samsung's license defense, willfulness, or damages.  *See generally* Dkt. 383.  As Samsung explained in that pending motion:

> Samsung's bifurcation request includes presentation of ***the limited set of license-related issues before this Court***.  Samsung is seeking partial summary judgment here that all accused products are covered Samsung's license under the JDLA because the record overwhelmingly supports a determination that the JDLA licenses Samsung to make and sell all accused products.  That aspect of Samsung's license defense is the only subject matter on which this Court or a Texas jury (if such aspect is not resolved on summary judgment) should decide.  The C.D. Cal. Court will resolve the parties' dispute over whether the JDLA remains in force today or not.  *See* Dkt. 278 at 4-5 (explaining "this Court will not make comment further while that issue [whether "the JDLA is currently 'in full force and effect'"] is squarely before another court.").  ***Neither this Court nor any Texas jury should be called upon to evaluate the issues of the interpretation of JDLA § 6.2, breach, materiality, or termination of the JDLA***.  Accordingly, the Court should bifurcate Samsung's license defense from trial on technical issues like infringement and invalidity.

Dkt. 383 at 6-7 (footnote omitted) (emphases added).  Samsung also explained that the second phase of the trial would address Samsung's license defense only if this Court did not grant Samsung's motion for summary judgment on that issue.  *Id.*

The Court has now granted Samsung's motion.  Therefore, the relief requested in Samsung's Motion To Bifurcate should reflect the Court's entry of summary judgment that the accused products are licensed for as long as the JDLA is in force and not terminated—namely, the Court should bifurcate the technical liability issues (alleged infringement and invalidity) from damages and willfulness (if the Court does not grant Samsung's motion for summary judgment of no willfulness).  *See* Dkt. 383.

However, because there is no final judgment in the CDCA Case, Samsung is not collaterally estopped from arguing that the license has not been terminated.  *See Bradberry v. Jefferson Cnty.*, 732 F.3d 540, 548 (5th Cir. 2013) (In the Fifth Circuit, issue preclusion applies

3

"when: '(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision.'" (quoting *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005))). As this Court has observed, Fifth Circuit precedent applies a "strict approach" to the final judgment requirement, requiring judgment to be entered and appealable before it can be given issue-preclusive effect. *TQ Delta, LLC v. CommScope Holding Co.*, 657 F. Supp. 3d 892, 902-04 (E.D. Tex. 2023).[1] Samsung's license defense, therefore, remains a live issue in this case.

As explained in Samsung Motion To Bifurcate, "[n]either this Court nor any Texas jury should be called upon to evaluate the issues of the interpretation of JDLA § 6.2, breach, materiality, or termination of the JDLA." Dkt. 383 at 7. Given this lack of final judgment, if this case proceeds to trial before final judgment is entered in the CDCA Case, the Court should at a minimum bifurcate the JDLA termination issue from the rest of the case, and not hold any trial on that issue, and instead defer to the final resolution of the CDCA Case.[2] In addition, as part of clarifying its Memorandum Opinion and Order to state explicitly that it was ***not deciding*** the termination issue, the Court should also explain that it will not enter any final judgment in this case until after the CDCA Court enters its final judgment adjudicating the JDLA termination

---

[1] Even under the more flexible approach to finality, which the Fifth Circuit has criticized, a determination must be "'sufficiently firm to be accorded conclusive effect.'" *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1271 (5th Cir. 1986) (quoting 1B Moore's *Federal Practice*, ¶ 0.441[4] at 747). The CDCA jury verdict can hardly be regarded as "conclusive" now, as the CDCA Court is actively considering whether to set it aside due to Netlist's egregious discovery misconduct. *See* Ex. 2 (*CDCA Case*, Dkt. 600) at 1-4; *see also* Ex. 1 (*CDCA Case* Docket). Thus, issue preclusion would be inapplicable even if the Fifth Circuit did not favor the strict approach.

[2] Samsung respectfully submits that "staying the case would be [the] most efficient [approach]." Dkt. 534 at 1 n.1; *see also* Samsung's Renewed Motion To Stay Pending Appeal of the PTAB's IPR Final Written Decisions Invalidating the Asserted Claims of the '912 and '417 Patents. Dkt. 735.

issue.

## IV.    CONCLUSION

Samsung respectfully asks this Court to clarify its Memorandum Opinion and Order, Dkt. 727, to make clear that it did not make any decision on whether the JDLA has been terminated, and affirm that it will "defer issues of Netlist's alleged termination of the JDLA to the Central District of California, and . . . not make any further comment while that issue is squarely before another court."

Dated:  August 12, 2024                              Respectfully submitted,

                                        By:    */s/ Lauren A. Degnan*

Melissa Richards Smith                  Ruffin B. Cordell
melissa@gillamsmith.com                 TX Bar No. 04820550
GILLAM & SMITH, LLP                     cordell@fr.com
303 South Washington Ave.               Michael J. McKeon
Marshall, Texas 75670                   D.C. Bar No. 459780
Telephone:  (903) 934-8450              mckeon@fr.com
Facsimile:   (903) 934-9257             Lauren A. Degnan
                                        D.C. Bar No. 452421
J. Travis Underwood                     degnan@fr.com
Texas Bar No. 24102587                  Daniel A. Tishman
travis@gillamsmithlaw.com               DC Bar No. 1013923
GILLAM & SMITH, LLP                     tishman@fr.com
102 North College Avenue, Suite 800     FISH & RICHARDSON P.C.
Tyler, Texas 75702                      1000 Maine Avenue, SW
Telephone: (903) 934-8450               Washington, DC 20024
Facsimile:  (903) 934-9257              Telephone: (202) 783-5070
                                        Facsimile:  (202) 783-2331
Brian R. Nester
DC Bar No. 460225                       Francis J. Albert
bnester@cov.com                         CA Bar No. 247741
COVINGTON & BURLING LLP                 albert@fr.com
One CityCenter 850 Tenth Street, N      FISH & RICHARDSON P.C.
Washington, DC 20001-4956               12860 El Camino Real, Ste. 400
Telephone: (202)-662-6000               San Diego, CA  92130
                                        Telephone: (858) 678-5070
Alice J. Ahn                            Facsimile:  (858) 678-5099
CA Bar No. 271399/DC Bar No. 1004350

aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:  (415) 955-6571

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 12, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Lauren A. Degnan*

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for the parties met and conferred on August 12, 2024.  Jason Sheasby and Jennifer Truelove attended on behalf of plaintiff.  Ruffin Cordell, Melissa Smith, and Daniel Tishman attended on behalf of defendants.  The discussion conclusively ended in an impasse, leaving an open issue for the Court to resolve.  Samsung therefore files this Motion as opposed.

*/s/ Lauren A. Degnan*