IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00293-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO, LTD, *et al.* | § § § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is the Motion for Limited Relief from Protective Order (the "Motion") filed by Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc. ("Samsung"). (Dkt. No. 716.) In the Motion, Samsung "seeks limited relief from the protective order, Dkt. 60, to present specific documents designated 'Highly Confidential – Attorneys' Eyes Only' by Plaintiff Netlist to [U.S. District Judge Mark C. Scarsi] in the related contract litigation in the Central District of California ('CDCA'), for *in camera* review in connection with an evidentiary hearing and motion regarding Netlist's egregious CDCA discovery violations that recently came to light in connection with the CDCA trial." (*Id.* at 1.) Also before the Court is Netlist, Inc.'s ("Netlist") Contingent Motion for Relief from Protective Order (the "Contingent Motion"). (Dkt. No. 722.) In the Contingent Motion, Netlist requests, that in the event the Court grants Samsung's Motion, that the Court also grant Netlist relief from the Protective Order to show Judge Scarsi its own documents for *in camera* review. (*Id.*) The Court is of the opinion that both motions should be **DENIED**.[1]

---

[1] The Court GRANTS Samsung and Netlist's respective motions to exceed the page limits for exhibits. (Dkt. Nos. 717 and 723.)

Samsung spends much of its Motion describing the facts underlying its Motion for Evidentiary Hearing and Limited Discovery Related Thereto ("Evidentiary Motion") filed in the Central District of California case (*Netlist v. Samsung*, Case No. 8:20-cv-00993-MCS-ADS (the "CDCA case"), Dkt. No. 589) addressing why it believes Netlist violated its discovery obligations there, though it concedes that it does not ask this court to decide the merits of the Evidentiary Motion in California. Rather, it requests that this Court "modify the protective order to permit Samsung to show Judge Scarsi these documents, *in camera*." (Dkt. No. 716 at 4.) According to Samsung, good cause exists to modify the Protective Order in this case to allow this *in camera* review because "Judge Scarsi was keenly interested" in this evidentiary dispute at the CDCA trial. (*Id.* at 6.)

In response, Netlist contends that Samsung is using this Court to conduct "proxy discovery" for its post-trial motions in the CDCA case. (Dkt. No. 725 at 1.) Netlist notes that Samsung's Evidentiary Motion in the CDCA case explicitly requests discovery of these same documents in the CDCA case so that Samsung may use them there if Judge Scarsi desires to see these documents. However, Samsung asks this Court to allow the submission of these documents to the CDCA court regardless of the ruling on the Evidentiary Motion. (*Id.*) Netlist argues that it would be inappropriate for this Court to grant such relief, when the CDCA court has yet to rule on the Evidentiary Motion and declare whether or not it will conduct this review. (*Id.*) In the alternative, Netlist moves for relief to modify the protective order to show Judge Scarsi its own documents. (Dkt. No. 722)

The Court finds that both Samsung's Motion and Netlist's Contingent Motion should be **DENIED**. Samsung has moved for post-trial discovery in the CDCA case related to this issue, which would allow the CDCA court, if it desired, to review the documents in question. If the

2

CDCA court grants Samsung's Evidentiary Motion, then relief from the Protective Order in this case would be unnecessary. If the CDCA court denies Samsung's Evidentiary Motion, then Samsung fails to explain why, in that instance, there would be good cause to modify the Protective Order. If Judge Scarsi is "keenly interested" as Samsung contends, then the CDCA court could grant post-trial discovery and allow the documents at issue to be produced in that case for purposes of deciding the evidentiary motion. The Court is not persuaded that the Protective Order in this case is preventing the *in camera* review that Samsung desires in the CDCA case. Absent an indication from the CDCA court that relief from the Protective Order in this case is necessary for that court to conduct its review, this Court finds that all issues related to the Evidentiary Motion should be deferred to the CDCA court.

Since the CDCA court has yet to rule on the Evidentiary Motion or definitively indicate that it desires to review the targeted documents, the Court does not find that Samsung's requested relief is appropriate. Further, since the Court finds that Samsung is not entitled to relief, Netlist's Contingent Motion is moot.

Accordingly, the Court finds that Samsung's Motion (Dkt. No. 716) and Netlist's Contingent Motion (Dkt. No. 722) should be and hereby are **DENIED**.

**So ORDERED and SIGNED this 15th day of August, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE