# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:22-cv-293-JRG |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; ) | |
| SAMSUNG ELECTRONICS AMERICA, ) | |
| INC.; SAMSUNG SEMICONDUCTOR ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**NETLIST'S OPPOSITION TO SAMSUNG'S MOTION FOR
CLARIFICATION (DKT. 739)**

Samsung's motion does not seek clarification.  It is a motion to lobby the Court to allow it to re-try the question of whether the JDLA was properly terminated, an issue it lost in the CDCA.

Samsung successfully resisted trying the termination of the JDLA with the patent infringement claims in this case.  Netlist proposed that they be tried together, and that the trial occur in this Court. Ex. 1 (Netlist's CDCA Motion to Stay) at 3 ("the [Eastern District] Infringement Action is the only case that can address the parties' entire dispute, which includes whether: (1) Samsung and its U.S. subsidiaries infringe Netlist patents; (2) Samsung's accused products are protected by the JDLA's license; and (3) Netlist's termination of the JDLA was proper, following Samsung's breach of its mandatory supply obligation.").  Samsung opposed, and asked Judge Scarsi to have a jury determine the issue of Samsung's breach of the JDLA before the East Texas case went to trial, never stating that it would reserve the right to re-try the claim.  Ex. 2 (Samsung's CDCA Opposition to Motion to Stay) at 11-12 ("the Eastern District of Texas is indisputably not a forum in which those issues can or will be heard before they are heard in this case"). Judge Scarsi specially set the CDCA trial for an early trial date **just so this case could go to trial**:

> And I think that my understanding of what Judge Gilstrap would appreciate -- as I would if I was in his position -- would be for us in this court to resolve the case and then this Court's done and then Judge Gilstrap can do whatever he feels is appropriate in his case.
>
> I don't know that -- **I think that the fact that we do have the potential to squeeze this in before his trial is to the benefit of the court in Texas**. I mean often we wouldn't have this flexibility but we appear to do now in our schedule.
>
> So again, having considered all the arguments -- and I do think that they're good arguments for a stay but I just think the posture of this with this case being proceeding first, I think we have an obligation, I think I have an obligation to resolve the matters before the Court.

Ex. 3 (CDCA 02/05/2024 Hearing Transcript) at 11:2-15.  This is the exact outcome Samsung wanted. At no point in time did Samsung advise this Court or Judge Scarsi that it reserved the right to re-try the question of termination after it lost.  Nor did Samsung tell this Court or Judge Scarsi that it would

not accept the preclusive effect of the jury verdict. *Id.* at 11:20-22 ("[Samsung's Counsel]: I don't know that I have anything to add on the motion to stay. We agree with the Court, we understand the ruling.").

Samsung lost the CDCA trial, wherein a unanimous jury found that Samsung's breach of the JDLA was material. In that case, Netlist bore the burden of proof that termination was proper (and succeeded in doing so). If Samsung attempted to prevail on its license defense in the Eastern District of Texas, it would have the burden of proof that Netlist's termination was not proper. *CXT Sys., Inc. v. Acad., Ltd.*, 2020 WL 9936134, at *4 (E.D. Tex. Jan. 30, 2020) ("[T]he Court notes that JCP has the ultimate burden of persuasion as to whether this license covers the accused products. A license defense is an affirmative defense. Fed. R. Civ. P. 8(c)(1); *McCoy v. Mitsuboshi Cutlery, Inc.*, 67 F.3d 917, 920 (Fed. Cir. 1995) ('A[n] [express] licensee, of course, has an affirmative defense to a claim of patent infringement."); *Nexell Therapeutics, Inc. v. AmCell Corp.*, 199 F. Supp. 2d 197, 207 (D. Del. 2002) (citing Fed. R. Civ. P. 8(c)) (discussing an express license and stating that 'plaintiffs correctly point out that since the license defense is an affirmative defense, . . . [the accused infringer] bears the burden o[f] proof on this issue')").

The Court has already rejected Samsung's argument that the JDLA has not been terminated. In denying Samsung's motion to vacate the judgment of the -463 Action, the Court explained:

> The Court finds that the Final Judgment should not be vacated and the case should not be stayed. The JDLA is not currently "in full force and effect," as Samsung contends. Since the filing of Samsung's Motion to Stay, a jury returned a verdict in favor of Netlist in the California Action finding that Samsung breached the JDLA. Samsung did not prevail in the California Action as it speculated that it would in its Motion to Stay. Accordingly, all grounds upon which Samsung moved to vacate the verdict and stay the case are now moot.

*Netlist, Inc. v. Samsung Elecs. Co., et al.*, 2:21-CV-00463-JRG, Dkt. 609-01 at 4 ("*Samsung I*").

Samsung grossly mischaracterizes the current state of proceedings in the Central District of California. Samsung claims that "the CDCA Court is actively considering whether to set [the verdict]

- 2 -

aside" due to alleged discovery misconduct. Samsung cites no statements or order from the California court in making this argument. Samsung rather only cites to ***its own motion***—which has no basis in reality—and the entire five-year CDCA case docket. Moreover, Samsung's "Motion for an Evidentiary Hearing and a Limited Discovery" does not even seek a new trial on this basis. Instead, it improperly asks the California court to reopen discovery (well after discovery closed more than two years ago), so that Samsung can conduct a fishing expedition into supposed discovery violations. As Netlist explained in its Opposition to Samsung's Motion for Limited Relief from the Protective Order (Dkt. 733), Samsung's motion to reopen discovery in California is wholly without merit. *E.g.*, Dkt. 733 at 2 ("Samsung misrepresented to the CDCA Court that the document was within the scope of the parties' agreed scope of production in CDCA."); *id.* at 4 ("Samsung CDCA Counsel Had Full Access to the EDTX Production and Affirmatively Rejected A Proposal to Use It in the CDCA Trial").[1] The California court has given no indication that it intends to entertain this motion.

Undoubtedly, this is not Samsung's last attempt to derail this trial. Should the Central District enter judgment between now and September 9, Samsung will likely move to stay this case again on the grounds that it is appealing the verdict to the Ninth Circuit. *See Samsung I*, Dkt. 74 (Samsung's Motion to Stay Pending IPR and Ninth Circuit Appeal) at 12 ("The Court should similarly use its 'inherent power to control its own docket, including the power to stay proceedings before it' to stay the current proceeding until the Ninth Circuit resolves the overlapping issue of whether Samsung remained licensed to the Asserted Patents."). Should the Central District enter judgment after trial in this case, Samsung will likely move to stay the judgment in this case on the same grounds. *Samsung I*, Dkt. 597 at 15 (asking the court post-judgment to "stay this case pending resolution of the remanded C.D. Cal. Case.").

---

[1] The Court recently rejected Samsung's motion for relief from the protective order in this case. Dkt. 745.

Netlist was more than willing to try the termination of the JDLA with the patent infringement case. In a world in which a verdict in the CDCA did not exist this would be the appropriate step to take. But a CDCA verdict does exist. The time for Samsung to tell this Court or Judge Scarsi that it would not accept the CDCA verdict while post-trial briefs and appeals are outstanding in CDCA has long passed. As discussed above, before Judge Scarsi, Netlist argued for a trial in EDTX. Samsung argued for a trial in CDCA. Ex. 2 at 11-12. Samsung did not take this position in any briefing before this Court or Judge Scarsi that it would seek a right to re-try the termination issue and hid this position when the Court specially set the trial for September 9. Any case law Samsung cites in support of the argument that a verdict alone is not preclusive is off point. The case law on point is the Fifth Circuit case law on judicial estoppel. Judicial estoppel "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Gabarick v. Laurin Maritime (Am.) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014). "One of the doctrine's purposes is to prevent litigants from playing fast and loose with the courts," and to protect "the integrity of the judicial process." *Id.* (quoting *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir.2003) and *United States ex rel. American Bank v. C.I.T. Constr. Inc. of Texas*, 944 F.2d 253, 258 (5th Cir.1991)). Two elements are necessary for judicial estoppel: (1) the estopped party's position must be "clearly inconsistent with its previous one," and (2) "that party must have convinced the court to accept that previous position." *Id.* Both elements are met here. Samsung sought to have the termination issue tried in CDCA—and to have it tried before any trial in this case—and Samsung successfully convinced this Court and Judge Scarsi to do that and proceed with the CDCA trial first. *See Hall*, 327 F.3d at 398 ("[A]cceptance of a party's argument could be 'either as a preliminary matter or as part of a final disposition.'"). Samsung at no point stated in prevailing on these positions that it would not accept the verdict in the CDCA until after post-trial motions and appeal. This position, if disclosed to Judge Scarsi, would have led him to allow the trial in in East Texas (which was

already scheduled) to proceed, in order to avoid two trials on the same issue. Samsung is now estopped from rearguing the issues of termination and breach before this Court, and is estopped from arguing that the CDCA verdict is not controlling because of outstanding post-trial briefing and appeals.

|  |  |
|---|---|
| Dated: August 20, 2024 | Respectfully submitted, |
|  | /s/ Jason G. Sheasby |

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

- 6 -

I hereby certify that, on August 20, 2024, a copy of the foregoing was served to all counsel of record.

/s/ *David Z. Kahn*
David Z. Kahn