**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:22-cv-293-JRG |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; ) | |
| SAMSUNG ELECTRONICS AMERICA, ) | |
| INC.; SAMSUNG SEMICONDUCTOR ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF NETLIST INC.'S OPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF ITS OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF NO WILLFULNESS [DKT. 451]**

"Courts have consistently allowed parties to refile or amend motions and supporting documents as a valid exercise of their discretion in case management." *United States v. Filson*, 347 F. App'x 987, 991 (5th Cir. 2009) (per curiam) (collecting cases). "The use of judicial discretion seems especially appropriate if the adverse parties will not be prejudiced by the amendment to the motion, or if the amendment is necessary to [e]nsure that the case is adjudicated fairly and justly . . . ." *Ortiz v. Minnesota Life Ins. Co.*, No. 420CV00923SDJCAN, 2023 WL 3993047, at *1 (E.D. Tex. June 9, 2023). "Discretion in this context is similar to the Court's decision whether to grant leave to amend pleadings under Rule 15." *Id.*

The Court should grant Netlist leave to file its short supplemental brief in opposition to Samsung's Motion For Summary Judgement Of No Willfulness (Dkt. 341) in light of the unanimous jury verdict in the Central District of California finding that Samsung's breach of the JDLA was material. The jury returned its verdict on May 17, 2024, well after the February 15 cutoff for Netlist's final sur-reply briefing under the operative DCO and Local Rule CV-7(f). Netlist was thus unable to include this critical development in its briefing, and supplemental briefing is required for fair adjudication of the case. *See Ortiz v. Minnesota Life Ins. Co.*, No. 420CV00923SDJCAN, 2023 WL 3993047, at *4 (E.D. Tex. June 9, 2023) (granting leave to supplement summary judgment briefing in light of subsequent development in different case despite a gap in time before leave was sought). There is no prejudice to Samsung because they will have an opportunity to respond to Netlist's short supplemental brief and argue their position at the pretrial conference. Moreover, there is no element of surprise as the short brief is grounded in factual developments Samsung is already well aware of.

Dated: August 20, 2024       Respectfully submitted,

       */s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 20, 2024, a copy of the foregoing was served to all counsel of record.

*/s/ Jason Sheasby*
Jason Sheasby

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on August 20, 2024, Netlist's counsel twice informed Samsung's counsel of Netlist's intent to file this motion but received no reply. Netlist has therefore filed this motion as opposed.

*/s/ Jason Sheasby*
Jason Sheasby