# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-cv-293-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; | ) (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC.; SAMSUNG SEMICONDUCTOR | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

**NETLIST, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF NO WILLFULNESS [DKT. 437]**

- i -

Netlist submits this supplemental motion in light of the new factual developments relevant to the disposition of Samsung's Motion for Summary Judgment on Willfulness ("Samsung's Motion"), Dkts. 341, 437, 510, 558, namely, the jury's finding in CDCA that Samsung materially breached the JDLA between the parties. Ex. 1 (verdict from *Netlist Inc. v. Samsung Elecs. Co., Ltd.*, No. 8:20-cv-993 (C.D. Cal.) ("*CDCA*")).

I.   INTRODUCTION

Since the briefing on Samsung's Motion for Summary judgment of no willfulness concluded, a jury in the Central District has ruled that Samsung had no license after notice of termination was sent on July 5, 2020, because of material breach, which required the jury to consider whether Samsung was acting in bad faith or with willfulness. Ex. 1 *CDCA*, Dkt. 556. In addition, Samsung has submitted JMOL briefing in which it did not seek judgment as a matter of law or a new trial on the jury's finding that the breach was material after having adopted Netlist's interpretation. Ex. 2 *CDCA*, Dkt. 596. Instead, Samsung only sought judgment as a matter of law or a new trial on its interpretation of the supply clause. *Id.*

Samsung's motion argues that its infringement is not willful post-termination based on the Ninth Circuit's remand order, which Samsung contends "confirms that Samsung's good-faith belief in these arguments was both reasonable and justified." Dkt. 341 at 5. However, as Samsung has since admitted in the *CDCA*, the Ninth Circuit's holding reflected nothing more than that "the intrinsic evidence—i.e., the 'written contract'—did not resolve the parties' intent." Ex. 2 *CDCA*, Dkt. 569 (Samsung JMOL). The Federal Circuit has made clear that prevailing on an interim decision does not preclude a finding of intent to infringe because the inquiry is factual. In *Smith & Nephew Inc. v. Arthrex, Inc,* 603 Fed. App'x. 981, 989 (Fed. Cir. 2015) the accused infringer, Arthrex, argued:

> that, as a matter of law, it could not have had the knowledge required to indirectly infringe during the period after the district court granted JMOL to Arthrex (or perhaps

even when, during the last trial, it announced its belief that Arthrex was likely to win the jury verdict or eventual JMOL) and before this court reversed in S & N II.

The Court rejected this argument, reasoning:

Arthrex rests its argument entirely on the contention that a good-faith belief in non-infringement negates the required knowledge and is established as a matter of law by the district court's ruling (or pronouncement). But such a good-faith belief presents a factual question . . . ; *cf. KangaROOS U.S.A., Inc. v. Caldor, Inc.,* 778 F.2d 1571, 1573 (Fed.Cir.1985) **("Good faith, intent to deceive, scienter, [and] honest mistake are all questions of fact.").** Whatever else may be said about Arthrex's argument, the district court's ruling and pronouncement could, at most, create a factual question, not an entitlement to a noknowledge finding as a matter of law. *Id.* (emphasis added).

To be clear, Netlist believes that willfulness is a pure question of fact and the Ninth Circuit's remand is not relevant, much less dispositive, as a matter of law. However, to the extent court rulings are relevant, the fact that a jury found Samsung's breach was in bad faith and willful, as well as the fact that Samsung abandoned any claim that its breach was not material if Netlist's interpretation of the supply clause in the JDLA is correct, are highly probative under Samsung's theory of the law. Netlist shared with Samsung a copy of this brief before filing.

## II.  ARGUMENT

The jury's verdict in CDCA further clarifies that Samsung's Motion for Summary Judgment on Willfulness should be denied.

First, the CDCA jury was asked to choose which of the following two interpretations of the supply clause in the JDLA was correct:

A. Samsung agreed to supply NAND and DRAM products to Netlist without limitation to the parties' NVDIMM-P joint development project on Netlist's request at a competitive price.

B. Samsung agreed to supply NAND and DRAM products to Netlist for the parties' NVDIMM-P joint development project on Netlist's request at a competitive price.

Ex. 1 (*CDCA* verdict). The jury rejected Samsung's interpretation and adopted Netlist's. Second, the jury was asked if Samsung had materially breached the clause. Samsung conceded that it had breached under Netlist's interpretation. Ex. 3 (*CDCA* jury instructions) at 32 ("If you interpret the contract to

be consistent with Netlist's interpretation, then the Court instructs you that Samsung breached the JDLA under that interpretation."). Samsung only defended on materiality. *Id.* at 33 ("If you determine that the contract is consistent with Netlist's interpretation, then you must determine whether Samsung's breach of the contract was material."). The jury found material breach. Ex. 1 (verdict form). In determining whether Samsung's breach was material, the jury was instructed to consider, among other things, "the breaching party's good faith or willfulness." Ex. 3 at 33. Whereas Judge Scarsi's prior summary judgment ruling and the Ninth Cicuit's remand decision of material breach were based solely on consideration of the text of the JDLA itself, the jury also took into account "[e]vidence outside the written contract," including the communications between Netlist and Samsung, in finding that Netlist's interpretation reflected the parties' intent when entering the JDLA. I*d.* at 31. This evidence is summarized in Netlist's Motion for Summary Judgment on Samsung's License Defense, Dkt. 273, Statement of Undisputed Facts 1-22. Just as this evidence informed the CDCA jury's decision that Samsung did not breach in good faith and was willful, it informs the same inquiry as to Samsung's belief that it had a license after notice of termination in July 2020. This evidence is especially compelling because in its JMOL and Motion for a new trial, Samsung does not dispute that, if Netlist's interpretation of the supply agreement is correct, its behavior satisfied the standard for materiality, which includes willfulness of the breach. Instead, Samsung only disputes the interpretation of the clause adopted by the jury. Ex. 2 (*CDCA*, Dkt. 596) ("Samsung's motion for judgment as a matter of law is made on the grounds that no reasonable juror could have concluded that the parties intended Netlist's construction of Section 6.2 of the Joint Development and License Agreement ('"JDLA'") when they entered into the contract.").

The Federal Circuit has found evidence of the circumstances surrounding the termination of a patent license is relevant to willfulness. *Metabolite Labs., Inc. v. Laboratory Corp. of Am. Holdings*, 370 F.3d 1354, 1371 (Fed. Cir. 2004) (jury found license agreement terminated and found willful

infringement; under Samsung's theory, the fact that breach of contract went to the jury should have been a complete defense to willfulness; the Federal Circuit instead affirmed enhanced damages based on LabCorp's interpretation of the contract: "LabCorp's failure to conduct a reasonable and independent investigation regarding the Abbott total homocysteine test is further highlighted by the very terms of the license agreement between LabCorp and Abbott Labs."); *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275 (Fed. Cir. 2017) (reversing exclusion of evidence of willfulness based on license termination) ("Mentor relies on Synopsys' acquisition of EVE, which terminated the license and rendered all subsequent sales infringing.")

Dated: August 20, 2024

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)

astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 20, 2024, a copy of the foregoing was served to all counsel of record via the Court's ECF System.

*/s/ Isabella Chestney*
Isabella Chestney
