# EXHIBIT 3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NETLIST INC.,

        Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD.,

        Defendant.

Case No. 8:20-cv-00993-MCS-ADS

**JURY INSTRUCTIONS**

FILED
CLERK, U.S. DISTRICT COURT

5/17/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# INSTRUCTION NO. 1

## Duty of the Jury

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

# INSTRUCTION NO. 2

## What Is Evidence

The evidence you are to consider in deciding what the facts are consist of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I may instruct you to accept as proved.

# INSTRUCTION NO. 3

## What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

4

# INSTRUCTION NO. 4

## Charts and Summaries Not Received in Evidence

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

# INSTRUCTION NO. 5

## Charts and Summaries Received in Evidence

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

# INSTRUCTION NO. 6

## Evidence for a Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

# INSTRUCTION NO. 7

## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### INSTRUCTION NO. 8

**Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving a claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 9**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit may be received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means when you are deciding the case, you must not consider the evidence for any purpose.

# INSTRUCTION NO. 10

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1
2

# INSTRUCTION NO. 11

## Deposition in Lieu of Live Testimony

3    A deposition is the sworn testimony of a witness taken before trial. The witness
4 is placed under oath to tell the truth and lawyers for each party may ask questions. The
5 questions and answers are recorded.

6    Insofar as possible, you should consider deposition testimony, presented to you
7 in court in lieu of live testimony, in the same way as if the witness had been present to
8 testify.

9    Do not place any significance on the behavior or tone of voice of any person
10 reading the questions or answers.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 12**

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your

own. Do not visit or view any place discussed in this case, and do not use Internet programs or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

# INSTRUCTION NO. 13

## Trial Publicity

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

# INSTRUCTION NO. 14

## No Transcript Available to Jury

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

# INSTRUCTION NO. 15

## Taking Notes

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the envelope in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

# INSTRUCTION NO. 16

## Questions to Witnesses by Jurors

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

# INSTRUCTION NO. 17

## Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1          **INSTRUCTION NO. 18**

2            **Outline of Trial**

3          Trial will proceed in the following way: First, each side may make an opening

4   statement. An opening statement is not evidence. It is simply an outline to help you

5   understand what that party expects the evidence will show. A party is not required to

6   make an opening statement.

7          Plaintiffs will then present evidence, and counsel for the defendants may cross-

8   examine. Then Defendants may present evidence, and counsel for the Plaintiffs may

9   cross-examine.

10          After the evidence has been presented, I will instruct you on the law that applies

11   to the case and the attorneys will make closing arguments.

12          After that, you will go to the jury room to deliberate on your verdict.

# INSTRUCTION NO. 19

## Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Netlist Inc. designs, makes, and sells computer memory modules and components. Defendant Samsung Electronics Co., Ltd., manufactures computer memory modules and components. This case involves a dispute over a contract between Netlist and Samsung called the Joint Development and License Agreement ("JDLA"). Netlist claims Samsung breached Section 6.2 of the JDLA, which reads: "Samsung will supply NAND and DRAM products to Netlist on Netlist's request at a competitive price (i.e., among customers purchasing similar volumes of similar products)." The parties disagree about what the provision means, whether Samsung breached the provision, and whether the breach was material.

1

# INSTRUCTION NO. 20

2

## Duty of Jury

3      Members of the Jury: Now that you have heard all of the evidence and the

4  arguments of the attorneys, it is my duty to instruct you on the law that applies to this

5  case.

6      A copy of these instructions will be sent to the jury room for you to consult during

7  your deliberations.

8      It is your duty to find the facts from all the evidence in the case. To those facts

9  you will apply the law as I give it to you. You must follow the law as I give it to you

10 whether you agree with it or not. And you must not be influenced by any personal likes

11 or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case

12 solely on the evidence before you. You will recall that you took an oath to do so.

13     Please do not read into these instructions or anything that I may say or do or have

14 said or done that I have an opinion regarding the evidence or what your verdict should

15 be.

16

17

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NO. 21

## Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 22

## Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the

24

truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

1    **INSTRUCTION NO. 23**

2    **Communication with Court**

3         If it becomes necessary during your deliberations to communicate with me, you

4    may send a note through the bailiff, signed by any one or more of you. No member of

5    the jury should ever attempt to communicate with me except by a signed writing. I will

6    not communicate with any member of the jury on anything concerning the case except

7    in writing or here in open court. If you send out a question, I will consult with the

8    lawyers before answering it, which may take some time. You may continue your

9    deliberations while waiting for the answer to any question. Remember that you are not

10   to tell anyone—including the court—how the jury stands, whether in terms of vote

11   count or otherwise, until after you have reached a unanimous verdict or have been

12   discharged.

1           **INSTRUCTION NO. 24**

2           **Return of Verdict**

3      A verdict form has been prepared for you. After you have reached unanimous

4 agreement on a verdict, your foreperson should complete the verdict form according to

5 your deliberations, sign and date it, and advise the bailiff that you are ready to return to

6 the courtroom.

1    **INSTRUCTION NO. 25**

2    **Foreign Language Testimony**

3        You have heard testimony of a witness who testified in the Korean language.

4    Witnesses who do not speak English or are more proficient in another language testify

5    through an official court interpreter. Although some of you may know the Korean

6    language, it is important that all jurors consider the same evidence. Therefore, you must

7    accept the interpreter's translation of the witness's testimony. You must disregard any

8    different meaning.

9        You must not make any assumptions about a witness or a party based solely on

10   the use of an interpreter to assist that witness or party.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NO. 26

**This instruction has been omitted.**

1

**INSTRUCTION NO. 27**

2

**Established Fact**

3

You must treat the following fact as having been proved:

4

Netlist did not suffer any direct damages under the JDLA as a result of any failure

5

by Samsung to supply NAND and DRAM products to Netlist. Direct damages are those

6

that are the natural and probable consequence of a breach of contract, as opposed to

7

those damages that do not flow directly from a breach. Direct damages would include,

8

but would not be limited to, those that Netlist might have suffered because it had to

9

purchase NAND and DRAM products from suppliers other than Samsung. In those

10

instances in which Netlist was able to secure NAND and DRAM products that Samsung

11

declined to provide Netlist on request, Netlist did not pay a higher price than it would

12

have paid Samsung for those particular products.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NO. 28

## Contract Interpretation

Section 6.2 of the Joint Development and License Agreement reads: "Samsung will supply NAND and DRAM products to Netlist on Netlist's request at a competitive price (i.e., among customers purchasing similar volumes of similar products)." Section 6.2 is ambiguous as to whether Samsung's supply obligation is limited to the joint development project or applies more broadly to the parties' overall business relationship.

Netlist claims that the words mean that Samsung agreed to supply NAND and DRAM products to Netlist without limitation to the parties' NVDIMM-P joint development project on Netlist's request at a competitive price. Samsung claims that the words mean that Samsung agreed to supply NAND and DRAM products to Netlist for the parties' NVDIMM-P joint development project on Netlist's request at a competitive price. Netlist must prove that its interpretation is correct by the preponderance of the evidence.

In interpreting the contract, you must decide what the parties intended at the time they entered into the contract. The best evidence of the parties' intent is what they express in their written contract. Evidence outside the written contract may be considered to determine the parties' intent.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 29**

**Breach of Contract**

If you interpret the contract to be consistent with Netlist's interpretation, then the Court instructs you that Samsung breached the JDLA under that interpretation. If you interpret the contract to be consistent with Samsung's interpretation, then the Court instructs you that Samsung did not breach the JDLA under that interpretation.

## INSTRUCTION NO. 30

### Material Breach

If you determine that the contract is consistent with Netlist's interpretation, then you must determine whether Samsung's breach of the contract was material. Netlist has the burden of proving by a preponderance of the evidence that any breach by Samsung was material.

For a breach to be material, the breach must go to the root of the parties' agreement. To determine whether a breach is material, you should consider the extent to which the injured party will be deprived of the benefit which he reasonably expected, the likelihood that the party failing to perform or to offer to perform will cure his failure, the quantitative character of the default, and the breaching party's good faith or willfulness. Materiality does not depend upon the amount of provable money damages; it depends upon whether the nonbreaching party lost the benefit of its bargain.