UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br>            Plaintiff, <br><br>    v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br>            Defendants. | Civil No. 2:22-cv-00293-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS OPPOSED
MOTION FOR CLARIFICATION OF MEMORANDUM OPINION
AND ORDER (DKT. 727) REGARDING SAMSUNG'S LICENSE DEFENSE (DKT. 739)**

Netlist's entire opposition is premised on the notion that Samsung is asking this Court to intervene in the termination issue still being decided in CDCA. Samsung does not seek to "re-try the question of whether the JDLA was properly terminated" in this Court, as Netlist argues. *See* Dkt. 751 at 1. To the contrary, the termination issue remains pending before the CDCA court and the purpose of Samsung's motion is to ensure that it remains before that court.

Specifically, Samsung requested the Court clarify statements in its Memorandum Opinion and Order that "could be read as deciding the termination issue, which is still squarely before the CDCA Court." Dkt. 739 at 2. Samsung's motion seeks clarification of the Court's Memorandum Opinion and Order to make it clear that the Court's order does ***not*** interfere with the CDCA Court's jurisdiction to decide the termination issue:

> Because the CDCA Court has not entered final judgment following the jury's verdict in the CDCA Case trial, Samsung respectfully asks the Court to clarify statements in its Memorandum Opinion and Order suggesting that this Court has decided whether Netlist properly terminated the JDLA—*an unresolved issue squarely before the CDCA Court*.

*Id.* at 1 (emphasis added). Samsung thus respectfully requests "that the Court clarify that its Memorandum Opinion and Order was not deciding the termination issue." *Id.* at 2.

Contrary to Netlist's assertion, the doctrine of judicial estoppel does not apply here because Samsung is not taking a position contrary to a position previously taken. *U.S. ex rel. Wright v. AGIP Petroleum Co.*, No. 5:03-cv-264(DF), 2007 WL 9759050, at *5, 10 (E.D. Tex. Feb. 15, 2007) (denying "[d]efendants' motion to find [plaintiff] judicially estopped from asserting his current position" because "the Court [could not] find that the [plaintiff's] current position is clearly inconsistent with the arguments" he previously presented). Samsung has consistently asserted that the CDCA Court should decide the termination issue. Samsung's motion was unequivocal that the termination issue should not be before this Court, either the Court itself or a jury:

> As explained in Samsung Motion To Bifurcate, "[n]either this Court nor any Texas jury should be called upon to evaluate the issues of the interpretation of JDLA § 6.2, breach, materiality, or termination of the JDLA."

*Id.* at 4. As Samsung explained in its opening brief, now unrebutted by Netlist, a jury verdict absent a final judgment is not a final determination for the purposes of issue preclusion. *Id.* at 3-4. Prior to that final determination, Samsung asks that this Court continue to defer the issue of whether the JDLA was properly terminated to the CDCA, just as it has done in its prior orders.

Although Netlist suggests that judicial estoppel nevertheless somehow estops Samsung in this case from disputing that a jury verdict in CDCA absent a final judgment is itself is final, it points to no statement where Samsung argued that the CDCA jury verdict alone would be a final determination and has not identified any statements where Samsung argued it would waive its right to challenge the sufficiency of the verdict in CDCA. Because Samsung's position has been consistent that all issues concerning termination should be resolved in the CDCA Court, judicial

estoppel thus does not apply, let alone provide any reason why this Court should not clarify its order to make clear that it is not deciding the termination issue still pending in CDCA.

Samsung therefore respectfully asks this Court to clarify its Memorandum Opinion and Order, Dkt. 727, to make clear that it did not make any decision on whether the JDLA has been terminated, and affirm that it will "defer issues of Netlist's alleged termination of the JDLA to the Central District of California, and . . . not make any further comment while that issue is squarely before another court."

Dated:  August 23, 2024                    Respectfully submitted,

                                   By:   /s/ Lauren A. Degnan

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:     (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:  (415) 955-6571

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 23, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Lauren A. Degnan*