UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br>    Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br>    Defendants. | Civil No. 2:22-cv-00293-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION TO
NETLIST'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL
BRIEF IN SUPPORT OF NETLIST'S OPPOSITION TO SAMSUNG'S
MOTION FOR SUMMARY JUDGMENT OF NO WILLFULNESS (DKTS. 753, 754)**

The Court should deny Netlist's motion for leave (Dkt. 753) to file a supplemental brief (Dkt. 754) in support of its opposition to Samsung's motion for summary judgment of no willfulness.  Netlist cannot show good cause for its untimely motion.  Moreover, Netlist did not comply with the Local Rules' requirement of a pre-filing conference.

## I.    NETLIST'S MOTION IS UNTIMELY AND UNSUPPORTED BY GOOD CAUSE

Netlist cannot show good cause for filing a supplemental brief less than a week before the pre-trial conference.  The jury in the C.D. Cal. Case entered its verdict on May 17, 2024—over three months before Netlist served its supplemental brief on Samsung and filed it on the same day (without meeting and conferring with Samsung, *see infra*, §IV).  There is no justification for Netlist's delay in filing a supplemental brief, nor does Netlist even attempt to provide one.  Contrary to Netlist's assertion that "there is no prejudice to Samsung," Dkt. 753 at 2, Netlist's delay in raising this issue has forced Samsung to respond to Netlist's belated brief in less than a week in order for Samsung's response to be considered at the pre-trial conference.

## II.    SAMSUNG HAS A GOOD-FAITH BELIEF THAT IT IS LICENSED

Moreover, Netlist's brief is wrong on the merits—Samsung has always had a good-faith belief that it is licensed, which precludes a finding of willfulness. *See Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990) ("Exercising due care, a party may continue to manufacture and may present what in good faith it believes to be a legitimate defense without risk of being found on that basis alone a willful infringer." (internal citation omitted)). The C.D. Cal. jury's verdict does not change that.

***First***, Netlist's supplemental brief does not address Samsung's lack of willfulness prior to July 15, 2020. Indeed, this Court's order granting summary judgment that Samsung was licensed before July 15, 2020, Dkt. 727, confirms that there can be no willfulness "during the period of licensure," and issue preclusion prevents Netlist from arguing otherwise. *See* Dkt. 341 at 4-5 (quoting Dkt. 341-12 at 154:25-155:3).

***Second***, at all relevant times, Samsung had and continues to have a reasonable, good-faith belief that its JDLA license remains operative. After Netlist purported to terminate the JDLA and filed the C.D. Cal. Case, Samsung has consistently disputed the propriety of the termination, including successfully appealing to the Ninth Circuit, which reversed and remanded the C.D. Cal. court's grant of summary judgment and expressly found that Samsung's reading of the JDLA was reasonable. *See* Dkt. 187, §II.D; Dkt. 341, SSMF, ¶12; *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209, 2023 WL 6820683, at *1-2 (9th Cir. Oct. 17, 2023) ("[W]e conclude that § 6.2 could reasonably be understood as restricted to the NVDIMM-P project."). No reasonable fact-finder could conclude that Samsung acted with willful intent to infringe during the period of time leading up to and following the Ninth Circuit's decision reversing and remanding the C.D. Cal.'s summary judgment order. *See* Dkt. 341 at 6.

2

The C.D. Cal. jury's verdict on remand does not alter Samsung's reasonable, good faith belief in its defenses. Samsung continues to reasonably believe, for example, that its interpretation of JDLA §6.2 is the correct one such that Samsung never breached its supply obligation. Indeed, Samsung has moved for judgment as a matter of law and for a new trial in the C.D. Cal. court. *See* Dkt. 739-1 (C.D. Cal. Case docket); Dkt. 739-2. Further, Samsung has requested an evidentiary hearing on Netlist's discovery violations in the C.D. Cal. case, violations that deprived the jury of evidence directly supporting Samsung's interpretation of the JDLA. Dkt. 739-1. Thus, the jury's verdict in the C.D. Cal. does not negate Samsung's good faith belief in its defenses. *See, e.g.*, *Gustafson*, 897 F.2d at 511.

The non-precedential *Smith & Nephew Inc. v. Arthrex, Inc.*, 603 Fed. App'x 981 (Fed. Cir. 2015), decision on which Netlist relies, Dkt. 754 at 1-2, does not create a *per se* rule that decisions by courts (like the Ninth Circuit) or administrative agencies (like the PTAB) supporting a defendant's reasonable, good faith belief in its defenses can never show, alone or in combination with other record evidence, that no reasonable fact finder could conclude any infringement was willful. In *Smith & Nephew*, the Federal Circuit rejected the defendant's assertion that the district court's entry of JMOL of noninfringement (after a jury verdict finding induced infringement) "negates the required knowledge" of infringement for induced infringement "as a matter of law" during the period before the Federal Circuit reversed the district court's JMOL and reinstated the jury verdict. 603 Fed. App'x at 990. The court simply noted that, in the circumstances of that defendant's case, the district court's JMOL decision "could, at most, create a factual question, not an entitlement to a no-knowledge finding as a matter of law." *Id.* The Federal Circuit did not address the situation like the one here, where the record evidence leads to only one reasonable conclusion—that Samsung had and continues to

3

have a reasonable, good faith belief in its defenses of license, invalidity, and noninfringement.

Indeed, Netlist ignores that, since the filing of Samsung's motion for summary judgment of no willfulness, the PTAB has found all of the asserted claims of the '912 and '417 patent unpatentable. *See* Dkt. 735. These decisions are in addition to the PTAB's decision instituting IPR for all of the asserted claims of the '608 patent and a final written decision invalidating all of the claims U.S. Patent No. 10,860,506 ("the '506 patent"), which is the direct child of the '608 patent. *See* Dkt. 735 at 6-7. The '608 and '506 patents share the same specification and, during prosecution, the PTAB rejected the then-pending claim 1 of the '506 patent for obvious-type double patenting over claims 1-12 of the '608 patent, noting "[a]lthough the claims at issue are not identical, they are not patentably distinct from each other[.]" Dkt. 738-16. Netlist overcame the double patenting rejection only by filing a terminal disclaimer for the '506 patent. Dkt. 738-17. It is highly likely, therefore, that the PTAB will invalidate the asserted claims of the '608 patent. In light of these four PTAB decisions reinforcing Samsung's reasonable belief in the invalidity of Netlist's patents, no reasonable jury could find deliberate or intentional infringement. *See* Dkt. 510 at 2.

## III.    THE C.D. CAL. JURY DID NOT ADDRESS WILLFULNESS

Netlist repeatedly misstates the scope of the C.D. Cal. trial by arguing that the C.D. Cal. jury found "willfulness of the breach." *See, e.g.*, Dkt. 754 at 3. That jury was not asked to determine, and did not find, that any breach by Samsung was willful. Although good faith and willfulness of the alleged breach are among the several factors to be considered in evaluating materiality of an alleged breach, a finding of materiality does not mean there was bad faith or willfulness, and the jury made no specific finding on that narrow question. Furthermore, the materiality issue has no bearing on whether Samsung had "a specific intent to infringe [the asserted patents] at the time of the challenged conduct," as Netlist must show to prove willful

4

patent infringement.  *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021).

The C.D. Cal. jury thus made no findings relevant to the willful infringement inquiry.

## IV.     NETLIST DID NOT MEET AND CONFER WITH SAMSUNG

In addition, Netlist's supplemental brief should be stricken and should not be considered

because Netlist failed to confer with Samsung as required by the local rules.  Netlist's certificate

of conference acknowledges that Netlist failed to confer with Samsung:

> I hereby certify that, on August 20, 2024, Netlist's counsel twice informed
> Samsung's counsel of Netlist's intent to file this motion but received no reply.
> Netlist has therefore filed this motion as opposed.

Dkt. 753 at 4.  Indeed, Netlist's counsel first informed Samsung of its intent to file this motion,

by emailing Samsung at 1:56 pm CT, requesting Samsung's position: "We are going to file a

supplemental brief on our willfulness MSJ opp. based on the verdict in CDCA.  Please let us

know if you oppose."  Ex. A.  Without awaiting Samsung's response, Netlist sent an email at

6:29 pm CT stating that Netlist "will file within the hour."  Ex. B.  Netlist provided Samsung no

time to respond, and simply filed its motion as opposed without conferring with Samsung.

Of course, the Local Rules require the party filing a motion to certify that it participated

in a "personal conference, by telephone or in person, between an attorney for the movant and an

attorney for the non-movant."  L.R. CV-7(h); *see also Netlist, Inc. v. Samsung Elecs. Co.*, No.

2:21-CV-463-JRG, Dkt. 524 (E.D. Tex. May 25, 2023) ("[C]ounsel for Netlist are aware that the

local rules do not recognize email as an appropriate medium for meeting and conferring.").

Netlist failed to confer with Samsung, and its motion and brief should be stricken.

Dated:  August 25, 2024

Respectfully submitted,

By:    */s/ Daniel A. Tishman*
_____

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:      (903) 934-8450
Facsimile:      (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
D.C. Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 25, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Daniel A. Tishman*