UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>  Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S RESPONSE TO NETLIST'S NOTICE OF
STATUS REPORT ON THE PARTIES' MEET AND CONFER
REGARDING TECHNICAL ESSENTIALITY DISPUTE (DKT. 758)**

JEDEC is central to this case because Netlist has consistently accused Samsung's products that are in compliance with the JEDEC standard—a position it outlined from the complaint, through the contentions, and in expert reports. Because of that, the issue of "essentiality" is paramount in this case. But Netlist has not been forthcoming about its position on essentiality, which is the subject of Samsung's pending motion to preclude (Dkt. 374), and its motion to compel (Dkt. 128, withdrawn after the close of discovery).

Netlist now seeks to resolve this issue in a way that is unworkable. Samsung's position throughout this litigation has always been that its products are JEDEC compliant, and that the asserted patents are not infringed and, as such, not essential. However, because Netlist's infringement case is based on compliance with JEDEC standards, if the jury were to find that Samsung infringes, then the patents are essential to JEDEC and therefore Netlist is obligated to offer licenses on RAND terms.[1] Given the need to evaluate Netlist's complaint, contentions, and

---

[1] The essentiality issue also undergirds Samsung's equitable defenses (e.g., equitable estoppel and unclean hands).

1

reports (to demonstrate Netlist's reliance on JEDEC standards), the essentiality issue should be addressed in a bench trial—as the Court originally proposed and as Netlist proposed before reneging on its proposal. *See* Ex. A (Email fr. Sheasby to Counsel).

### Netlist's Proposals

Netlist proposes in its filing that it will not rely on JEDEC documents and instead rely on only documents produced by Samsung and its vendors. This is no concession at all because that documentation merely repeats what the JEDEC standard requires, often simply pasting figures from the JEDEC standard. Below is an example:



In other words, as Mr. McAlexander explains in his expert reports, Dr. Mangione-Smith relies on documentation that is equivalent to the JEDEC standards on which Netlist relied in its infringement contentions. *See* Dkt. 423 at 2-5.

Netlist's proposal that "Samsung cannot assert any JEDEC obligation that requires as a predicate a technically essential patent unless it maintains the patents are technically essential," is unworkable for obvious reasons—Samsung has consistently maintained that the accused products are JEDEC compliant, that the accused products do not infringe the asserted patents, and that a finding of

infringement would be tantamount to a finding of essentiality. Netlist's proposal essentially asks the Court to reject Samsung's "if infringed then essential theory." However, as set forth in Samsung's opposition to Netlist's motion for summary judgment on essentiality, there is nothing improper with Samsung's theory, which is simply the logical consequence of Netlist's infringement allegations—if the accused products infringe, then the asserted patents are essential. Dkt. 423 at 5.

Finally, Netlist's alternative proposal is equally unworkable. Netlist proposes that it will not "argue" non-essentiality to the jury and that it will allow a RAND instruction. But this proposal is linked to three conditions: (1) there will be no finding on essentiality; (2) Samsung would not be permitted to cross Netlist's experts on essentiality, and (3) Netlist would preserve its non-essentiality position (a point that has undefined implications). Moreover, Netlist appears to be reserving is ability to cross-examine Samsung's witnesses on the essentiality issues even through it states it will not "argue" the point.

This proposal seeks to gain all the advantages of Netlist's non-essentiality position that it failed to disclose, while barring Samsung from fully exploring the issues arising from Netlist's inconsistencies on its position(s) about essentiality. If Netlist is not challenging essentiality, then it should not "maintain its position as a matter of fact that the patents are not essential," and the Court should enter judgment that, under Netlist's infringement theory, the patents are essential to the accused standards. On the other hand, if Netlist does not agree to that judgment, but will not rely on its withheld non-essentiality positions, then Samsung's expert opinions on this point are now unrebutted and again, the Court should enter judgment in favor of Samsung on this issue.

Furthermore, Netlist's proposal ignores that Samsung's essentiality position requires evaluation and comparison of Netlist's complaint, contentions, and expert reports, to demonstrate that the evidence on which Netlist now relies is equivalent to the JEDEC standards on which it relied in its complaint and contentions. Such an evaluation would take significant time for the

3

jury to unpack, and should instead be resolved by the Court in a bench trial.[2]

## Samsung's Proposal

Samsung instead proposes a one- or two-day bench trial followed by appropriate post-trial briefing, consistent with its proposal to Netlist (Ex. B). The issue for the Court at the bench trial is whether the asserted claims are essential if there is infringement under Netlist's theory:

- <u>If the Court does not find technical essentiality under Netlist's infringement theory</u>: both parties may discuss JEDEC generally, the development of products in compliance with JEDEC, and the parties' interactions at and with JEDEC, including industry participation in JEDEC. The parties will both be able to use this as evidence of notice and willfulness (or lack thereof)—unless resolved on summary judgment—and damages (or lack thereof). Samsung cannot seek a RAND damages instruction for any patent not found to have claims that are essential in the manner noted.

- <u>If the Court does find technical essentiality under Netlist's infringement theory</u>: the same outline above applies except Samsung can seek RAND damages instruction. Samsung would maintain its equitable defenses (e.g., equitable estoppel), which could be addressed post-trial in the event of a finding of essentiality and infringement.

Accordingly, Samsung respectfully requests a bench trial followed by post-trial briefing and decision before this case proceeds to any jury trial.

---

[2] Contrary to Netlist's assertion, there have not been "three previous continuances of this trial at the request of Samsung," Dkt. 758. Instead, the Court continued the trial once, *sua sponte*, Dkt. 678, thereby allowing the jury trial to proceed in the C.D. Cal. Case regarding termination *vel non* of the JDLA, and continued the rescheduled trial once due to a conflict, Dkt. 724.

Dated: August 25, 2024

Respectfully submitted,

By: */s/ Michael J. McKeon*

<div style="column-count:2">

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:      (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
D.C. Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

</div>

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 25, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

        /s/ Michael J. McKeon