IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. 2:22-CV-00293-JRG |
| | § |
| SAMSUNG ELECTRONICS CO, LTD, et al. | § |
| | § |
| Defendants. | § |

# ORDER

Before the Court is Samsung's Opposed Motion for Clarification of Memorandum Opinion and Order (Dkt. No. 727) Regarding Samsung's License Defense (the "Motion for Clarification"). (Dkt. No. 739.) In 2015, Netlist and Samsung entered into a Joint Development and License Agreement (the "JDLA"). In 2020, Netlist purported to terminate the JDLA. Whether or not the termination of the JDLA was proper and whether the JDLA remains in effect is the subject of another parallel proceeding in the Central District of California. (Case No. 8:20-cv-993-MCS). The Court has repeatedly noted that the issues of breach and termination of the JDLA are not before this Court, and the Court will defer to the Central District of California concerning those issues. (*See* Dkt. Nos. 278, 310, 727.)

Previously, two cross-motions for summary judgment were filed by the parties. Netlist moved for summary judgment that Samsung was not entitled to a license defense *at all* under the JDLA for products in this case and for products at issue in a prior case, *Samsung I*, Case No. 2:21-cv-463. Samsung filed a cross-motion for summary judgment that the JDLA did in fact cover the

accused products in this case. The Court denied Netlist's motion and granted Samsung's motion. (Dkt. No. 727.)

Samsung now moves for clarification, asking this Court to "clarify statements made in its Memorandum Opinion and Order suggesting that *this Court* has decided whether Netlist properly terminated the JDLA." (Dkt. No. 739.) Specifically, Samsung takes issue with the following statement from the Court's order:

> A jury returned a verdict in favor of Netlist finding that Samsung breached the JDLA. The Court *finds*, in light of the jury's verdict in the California Action, that Samsung breached the JDLA and that Netlist effectively terminated the JDLA on July 15, 2020.

(Dkt. No. 727.) Samsung argues that the Central District of California has not entered final judgment on the verdict. Samsung further contends that the Court's comments could be construed as the Court deciding the issue of breach and termination.

Netlist argues that the motion doesn't seek clarification, but rather seeks to lobby the Court to redo the question of whether the JDLA was properly terminated, an issue that Samsung lost in the Central District of California. (Dkt. No. 751.) Netlist further argues that even if the Central District of California enters final judgment between now and the trial, Samsung is not likely to give deference to that ruling either and will move to stay pending another appeal to the Ninth Circuit as it has done previously.

The Motion for Clarification is **GRANTED,** as follows: the Court's ruling is straightforward. The issue is what products are covered by the JDLA. Netlist's motion contended that the accused products in this case or in *Samsung I* were **not** covered by the license, and Samsung's motion contended that the products in both cases were covered by the license. Netlist's motion (Dkt. No. 273) was denied. Samsung's motion (Dkt. No. 337) was granted. The products in this case *are* covered by the license in the JDLA for as long as the JDLA remains effective.

The effect of this ruling is the same as it was in *Samsung I*: Samsung is entitled to a license defense *at least* up until Netlist's purported termination the JDLA. The Court previously entered this ruling in *Samsung I*, and the Court has explained, repeatedly, that the case in the Central District of California controls the issues of termination and breach. This is as clear as the Court can be. Whether or not Samsung is entitled to a license defense *after* Netlist's purported termination depends on the outcome of the case in the Central District of California. Samsung has already attempted, both in this case and in *Samsung I*, to stay the proceedings in this Court until that issue is "finally"[1] resolved in the Central District of California. The Court has already explained that it will not grant such a stay, and it has explained why it will not do so.

To be abundantly clear, Samsung has a license defense, in this case, at least up to July 15, 2020, when Netlist purported to terminate the JDLA. Whether or not such a license defense continues after such termination is controlled by and deferred to the Central District of California.

**So ORDERED and SIGNED this 26th day of August, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] What exactly would "finally" dispose of the issue—whether jury verdict, final judgment, or a ruling from the Ninth Circuit—seems to vary depending on what situation would benefit Samsung at the time of filing any of its many motions to stay this case pending those parallel proceedings. The Court notes that despite Samsung's many attempts to stay this case, the status quo has not changed since *Samsung I*: the disposition in the Central District of California is still that Samsung breached the JDLA and that Netlist properly terminated the same. The Court makes no finding independent of the dispositions of the Central District of California as to these issues.