UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>    Defendants. | Civil No. 2:22-CV-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION TO NETLIST'S
MOTION FOR LEAVE TO SERVE AMENDED EXHIBIT
LIST AND SUPPLEMENTAL DEPOSITION DESIGNATIONS (DKT. 746)**

██████████████████████████████████████

## **TABLE OF CONTENTS**

TABLE OF EXHIBITS TO NETLIST'S MOTION...................................................................ii

TABLE OF ABBREVIATIONS.................................................................................................ii

I.    ARGUMENT........................................................................................................................1

        A.    Netlist Cannot Show Good Cause To Supplement its Exhibit List ...........................1

        B.    Netlist Cannot Show Good Cause To Supplement its Deposition Designations ...............................................................................................................3

II.    CONCLUSION ...................................................................................................................4

i

## TABLE OF EXHIBITS TO NETLIST'S MOTION

| # | Description |
|---|---|
| 1 | Netlist's Exhibit List |
| 2 | Netlist's Supplemental Deposition Designations |
| 3 | Netlist's Second Supplemental Deposition Designations |
| 4 | Email from Samsung's Counsel to Netlist's Counsel (August 15, 2024) |
| 5 | Dkt. 557 from C.D. Cal. Case |
| 6 | Rebuttal Expert Report of Lauren Kindler |
| 7 | Deposition Transcript of Joseph McAlexander |
| *8* | *Omitted from Netlist's Motion* |
| 9 | Email from Samsung's Counsel to Netlist's Counsel (August 16, 2024) |
| 10 | Deposition Transcript of Byungheop Jeon from C.D. Cal. Case |
| 11 | Deposition Transcript of Seung-Mo Jung (September 28, 2022) |
| 12 | Errata to Deposition Transcript of Seung-Mo Jung (November 1, 2022) |
| 13 | Trial Transcript from C.D. Cal. Case |
| 14 | Email from Samsung's Counsel to Netlist's Counsel (August 15, 2024) |
| 15 | Samsung's Objections to Netlist's Initial Trial Exhibit List |
| 16 | Email from Samsung's Counsel to Netlist's Counsel (October 24, 2024) |
| 17 | Email from Samsung's Counsel to Netlist's Counsel (November 3, 2023) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| EDTX1 | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-463 (E.D. Tex.) |
| C.D. Cal. Case | *Netlist, Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-993 (C.D. Cal.). |

\*  All emphasis is added, unless otherwise noted.

Netlist cannot demonstrate good cause to: (1) add to its exhibit list, which already exceeds the allowed 30 party exhibits; and (2) add to its deposition designations, at this advanced stage of the case, over five months after the pretrial order.

## I.     ARGUMENT

### A.     Netlist Cannot Show Good Cause To Supplement its Exhibit List

Netlist cannot show good cause to supplement its exhibit list, which already exceeds the limit of 30 party exhibits.  With trial fast approaching, the parties should be narrowing the scope of the case—not expanding it.  But Netlist seeks to expand the case based on foreseeable events that it should have accounted for when it made its selection of 30 party exhibits on March 15, 2024.  *See* Dkt. 685; Dkt. 694-8.  The Court should deny Netlist's motion.

*First*, Netlist's proposed exhibit list already exceeds the limit of 30 party exhibits.  Netlist seeks to append documents to existing exhibits (e.g., PX26, PX30) in an attempt to "corroborate" the exhibits that were on its exhibit list.  However, Netlist's exhibit list violates the Court's standing order on the number of exhibits.  *See* Standing Order on the Number and Use of Pre-Admitted Exhibits in Civil Cases Assigned to Chief Judge Rodney Gilstrap (E.D. Tex. Aug. 9, 2023) ("In cases involving allegations of patent infringement . . . each party may serve and present its own Party Exhibit List containing no more than thirty (30) additional exhibits.").  Netlist's exhibit list purports to contain 30 exhibits, but it improperly combines as many as 8 exhibits into one on several occasions, resulting in a total of 59 exhibits.  *See* Ex. 1 at PX3 (containing 2 exhibits), PX8 (containing 2 exhibits), PX9 (containing 8 exhibits), PX14 (containing 2 exhibits), PX18 (containing 2 exhibits), PX19 (containing 2 exhibits), PX22 (containing 4 exhibits), PX-23 (containing 2 exhibits), PX26 (containing 8 exhibits), PX27 (containing 2 exhibits), PX29 (containing 3 exhibits), PX30 (containing 4 exhibits).  The Court

1

should not permit Netlist to add even more exhibits to its list, and should not condone Netlist's blatant violation of the limit on exhibits.

*Second*, Ms. Kindler's damages theories regarding the JDLA are no justification for the introduction of prejudicial and irrelevant documents about the supply obligation valuation. Indeed, the Court should preclude Netlist from offering its speculative and prejudicial valuation of the supply provision in JDLA § 6.2, which is entirely inconsistent with the C.D. Cal. jury's determination that Netlist was not damaged by Samsung's discontinuing of supply to Netlist, as well as the C.D. Cal. court's determination that Netlist was barred from recovering consequential damages. *See* Samsung MIL No. 4. Indeed, the Court rejected Netlist's attempts to value the supply provision in EDTX1. *See, e.g.*, Dkt. 612-1 at 11 (granting-in-part Samsung's MIL No. 2).

Netlist attempts to justify its addition of PX1, PX8, PX11, PX12, PX13, and PX16, "based on this Court's July 12 order," which granted partial summary judgment that Samsung's products are licensed under the JDLA. Dkt. 746 at 9. However, Netlist cannot rely on the Court's July 12 order as a basis to exceed the 30 exhibit limit—that decision only narrowed the issues that remain to be tried. Moreover, the fact that Ms. Kindler addressed the JDLA in her expert report is no reason to now exceed the limit of 30 party exhibits. *See id.* at 3 ("Netlist expects that, in light of the Court's finding that Samsung was licensed to Netlist's patents before termination of the JDLA, Samsung will argue that the value of the JDLA should be used to determine damages, ***as Samsung's damages expert Ms. Kindler does in her rebuttal report***."). Netlist simply wishes to highlight evidence about the breach and termination issues that were at issue in the C.D. Cal. trial, in an improper attempt to prejudice the jury against Samsung, and present an inflated ▇▇▇▇ valuation of the supply provision. *See* Fed. R. Evid. 403; Samsung MIL No. 3; Samsung MIL No. 4.

2

### B.     Netlist Cannot Show Good Cause To Supplement its Deposition Designations

Netlist likewise cannot show good cause to supplement its deposition designations.

*First*, there is no good cause for Netlist to add deposition designations for a deposition it had not previously designated.  Specifically, Netlist took Mr. Byungyeon Jeon's deposition over three years ago, in 2021 and did not offer a single designation from that deposition at the time of pretrial exchanges in this case.  *See* Ex. 2.  Netlist acknowledges as much, noting that "in preparation for trial, Netlist noticed that none of Mr. Jeon's testimony was included in the initial designations."  Dkt. 746 at 6-7.  There is no reason Netlist could not have included designations for Mr. Jeon months ago, and at this late stage, Netlist should be narrowing the case—not expanding it.  Moreover, Netlist's designations seek to introduce improper themes about the reason why Samsung entered into the JDLA, and its submissions to the Korean Tax Authority, which are at issue in Samsung's pending MIL No. 3.[1]

*Second*, there is no good cause for Netlist to add trial designations for Mr. Hyun Ki Ji from the C.D. Cal. Case as "supplemental deposition designations."  To state the obvious, Mr. Ji's May 2024 testimony at the C.D. Cal. trial was not a deposition.  Accordingly, it cannot be used under Fed. R. Civ. P. 32, which provides procedures to use "all or part of a deposition" at trial.  And although trial testimony is admissible over a hearsay objection in certain circumstances, Netlist cannot establish that those circumstances are present here.  For example, Netlist cannot establish that Mr. Ji is unavailable.[2]  *See* Fed. R. Evid. 804(b) ("The following are not excluded by the rule against hearsay *if the declarant is unavailable as a witness* . . . .").  Moreover, Netlist cannot establish that Samsung had "an opportunity and similar motive to

---

[1] Netlist also seeks leave to amend the deposition designations for Mr. Jung, a witness for which it had previously offered designations.  Here, Samsung does not oppose Netlist's modest adjustment to the designations for Mr. Jung.

[2] Should the Court deny Samsung's MIL No. 3, Samsung expects Mr. Ji to attend the trial.

3

develop" the issues by "direct, cross-, or redirect examination." *See* Fed. R. Evid. 804(b)(1)(B). Indeed, the purported relevance of the testimony here— ▮ ▮ *see* Dkt. 746 at 8-9—was not relevant in the C.D. Cal. trial, where damages were not at issue. Thus, Samsung would not have had a "similar motive" to develop the issue, particularly in light of the need to streamline trial presentations before the jury. It is not proper for Netlist to introduce his trial testimony through the deposition designation process. *See also* Samsung MIL No. 3.

## II.   CONCLUSION

Accordingly, the Court should deny Netlist's motion for leave to serve a supplemental exhibit list and supplemental deposition designations, except as to Mr. Jung's deposition testimony.

Dated:  August 26, 2024                                              Respectfully submitted,

                                                                            By:   */s/ Daniel A. Tishman*

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:    (903) 934-8450<br>Facsimile:      (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile:  (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331<br><br>Francis J. Albert |

4

| | |
|---|---|
| bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:   (415) 955-6571 | CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 26, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

                /s/ Daniel A. Tishman