# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00293-RWS |
| | § | **SEALED** |
| SAMSUNG ELECTRONICS CO, LTD, *et al.* | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Before the Court is Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor Inc.'s (together, "Samsung") Renewed Motion to Stay Pending Appeal of the PTAB's IPR Final Written Decisions Invalidating the Asserted Claims of the '912 and '417 Patents. Docket No. 735. In the motion, Samsung asks the Court to stay this case pending the appeal of the final written decisions in Samsung's petitions for *inter partes* review ("IPR") of the patents at issue. *Id*. The Court holds that the motion should be **DENIED**.

Plaintiff Netlist, Inc. ("Netlist") filed suit against Samsung on August 1, 2022 alleging infringement of U.S. Patent No. 7,619,912 (the " '912 Patent"). Docket No. 1. Netlist amended its complaint on August 15, 2022 to add allegations of infringement of U.S. Patent Nos. 11,093,417 (the " '417 Patent") and 9,858,215 (the " '215 Patent"), which are in the same family as the '912 Patent. Docket No. 12. The '215 Patent has since been dropped from the case. The Court also granted leave for Netlist to amend its complaint again to add U.S. Patent No. 10,268,608 (the " '608 Patent"). Docket No. 135.

The Patent Trial and Appeal Board ("PTAB") has instituted IPRs on all remaining asserted patents in this case. The PTAB issued a decision for the '912 Patent on April 17, 2024, finding the

only asserted claim of the patent to be invalid. *Samsung Elec. Co, Ltd., et al. v. Netlist, Inc.*, No. IPR2022-00615 (P.T.A.B. Apr. 17, 2024). On July 30, 2024, the PTAB issued a decision finding all claims in the '417 Patent invalid. *Samsung Elec. Co, Ltd., et al. v. Netlist, Inc.*, No. IPR2023-00454 (P.T.A.B. July 30, 2024). The decision for the '608 Patent is due December 12, 2024. *See Samsung Elec. Co., Ltd. v. Netlist, Inc.*, No. IPR2023-00847 (P.T.A.B. Dec. 12, 2023) (granting IPR); 35 U.S.C. § 316(a)(11).

This is the fourth motion to stay concerning the IPRs that Samsung has filed in this case. Samsung originally filed a motion to stay after IPRs had been instituted for all asserted patents except the '608 Patent. Docket No. 88. The Court denied that motion as premature since the PTAB had not instituted IPRs for all asserted patents. Docket No. 180. After the PTAB instituted IPR for the '608 Patent, Samsung again moved to stay this case. Docket No. 285. The Court also denied that motion. Docket No. 689. Subsequently, the PTAB issued its final written decision for the '912 Patent only. Samsung again moved to stay the case. Docket No. 702. The Court denied that motion. Docket. No. 710. Since then, only one fact has changed. The PTAB recently issued a Final Written Decision finding all asserted claims of the '417 Patent to be invalid. The issuance of this PTAB decision is the primary reason Samsung again moves to stay this case.

I. **LEGAL STANDARD**

The Court has the inherent power to control its own docket, including the power to stay proceedings. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice

the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).

## II. DISCUSSION

Samsung argues that a stay will likely simplify the case since the PTAB found all asserted claims of the '912 Patent and '417 Patent to be invalid. Docket No. 735 at 5. Samsung argues that because the Federal Circuit's rate of fully affirming PTAB decisions exceeded 83 percent in 2023, it is likely that any further litigation concerning the '912 Patent and the '417 Patent will ultimately be rendered moot. *Id.* Additionally, Samsung contends that the PTAB will likely invalidate Netlist's remaining claims because all Netlist claims addressed in the related *Samsung I*[1] case have been invalidated, including claims from the same patent families. *Id.* at 6.

Samsung next asserts that this case is "now on all fours" with the stay order in *Micron I*.[2] *Id.* at 9. There, *Micron I* was stayed when the PTAB had held two-thirds of the patents (four of six) to be invalid and the remaining two PTAB decisions were expected within a few months of the previously scheduled trial. Samsung acknowledges that Chief Judge Gilstrap previously held the stage of this case and prejudice to Netlist weighed against staying this case. *Id.* at 11–12. Samsung does not argue that the Court should come to a different conclusion here. Rather, Samsung only argues that these factors present "no more weight here than in [*Micron I*] where the Court granted a stay." *Id.*

---

[1] *Netlist, Inc. v. Samsung Elec. Co., Ltd. et. al.*, Case No. 2:21-cv-463 (E.D. Tex.) ("*Samsung I*").

[2] *Netlist, Inc. v. Micron Tech., Inc. et. al.,* Case No. 2:22-cv-203 (E.D. Tex.) ("*Micron I*").

In response, Netlist argues that Samsung's motion is a "surreptitious request for reconsideration of the Court's recent order" denying Samsung's previous motion to stay. Docket No. 744 at 4. Specifically, Netlist contends that when Samsung's previous motion to stay was denied, Judge Gilstrap was aware of when the PTAB would issue its Final Written Decision concerning the pending IPRs. *Id.*

Netlist then argues that the same reasons for denying the stay still apply. First, Netlist asserts that it will suffer undue prejudice if the case is stayed because it has a right to the timely enforcement of its patents. Docket No. 744 at 6. While Samsung compares this case to *Micron I*, Netlist compares the case to a similar motion that was denied in *Micron II*,[3] which was formerly consolidated with this case. In *Micron II*, Micron's motion to stay was denied based on the PTAB's invalidation of the sole asserted claim of the '912 Patent because it was not certain that the PTAB's findings would be affirmed on appeal and, even if they were, the findings concerning the '912 Patent do not affect the validity of the '417 or '608 Patents. *Id.* at 7. Netlist contends the same logic applies here. Second, Netlist argues that the advanced stage of the case weighs against a stay. *Id.* at 8–9. Indeed, this case is less than two months away from trial. Netlist asserts that the late stage of the case continues to weigh against a stay, and it argues that the case is at an even more advanced stage now than when Judge Gilstrap found this factor to strongly weigh against a stay. *Id.*; Docket No. 689 at 4.

Finally, Netlist contends that this case will only be simplified if the Federal Circuit considers all the appeals together. Docket No. 744 at 10–11. This is an argument that Judge Gilstrap previously agreed with, and Netlist argues that the Final Written Decision for the '417 Patent does not change the analysis. *Id.* Netlist notes that Samsung is pursuing many invalidity and

---

[3] *Netlist, Inc. v. Micron Tech. Tex., LLC et al.*, Case No. 2:22-cv-294 (E.D. Tex.) ("*Micron II*").

unenforceability grounds that have not been resolved by the recent PTAB decisions and will not be resolved by the IPRs. *Id.* Netlist argues that the only way to simplify issues and not waste already-expended resources is to hold a jury trial. *Id.*

The Court agrees with Netlist. This is the fourth motion to stay based on the IPRs filed by Samsung in this case. Samsung's most recent motion to stay was denied only three months ago. *See* Docket No. 710. Almost all of Samsung's arguments repeat positions already considered and rejected. *See* Docket No. 702. The only difference between this motion to stay and the last motion to stay is the fact that the PTAB has now found the '417 Patent to be invalid in addition to the '912 Patent, which is unpersuasive for the same reasons discussed in previous denials.

Moreover, Samsung's reliance on *Micron I* ignores a critical fact. In *Micron I*, Judge Gilstrap denied Micron's motion to stay when the trial was set to occur on January 22, 2024, and the PTAB's final written decisions were still months away. *Micron I*, Docket No. 477. However, *Micron I* did not go to trial on January 22, 2024. The earliest possible date for a trial was April 1, 2024 and had *Micron I* gone to trial then, the Final Written Decisions would have issued a mere 11 days after the jury was selected. This change in circumstances caused Judge Gilstrap to reconsider the decision to stay the case and enter a "targeted stay" of 11 days. *Micron I*, Docket No. 493.

This case is distinguishable from *Micron I*. Currently, the above-captioned case is set for jury selection on October 23, 2024. Docket No. 770. The last Final Written Decision from the PTAB for the asserted patents is due 45 days after trial is set to commence, putting this case more in line with the decision denying the stay in *Micron I* (last final written decision originally due approximately 80 days after trial) and the decision denying the stay in *Micron II* (last final written decision due approximately 70 days after trial).

That argument aside, Samsung fails to show how the invalidation of the '417 Patent, on its own, alters the prior analysis in such a significant way. As was previously explained, it is not certain that the PTAB's findings will be affirmed on appeal, and the PTAB's findings concerning the '912 and '417 Patents do not affect the validity of the '608 Patent. While there is a possibility that resolution of the IPRs could simplify some of the issues of this case, it is not a certainty. The only scenario in which the IPRs dispose of the entire case is if the PTAB invalidated all claims of all three asserted patents in suit and the Federal Circuit affirmed all these decisions on appeal. Although the PTAB has currently invalidated two of the asserted patents, those decisions do not affect the '608 Patent.

The stage of the case is the same as it was when Samsung filed its last motion to stay—this continues to weigh against staying the case. Docket No. 702. Finally, as was explained in previous orders denying Samsung's motions to stay, a delay in the proceedings would be prejudicial to Netlist as a competitor to Samsung, and any stay could be further extended if either party appeals the PTAB's pending decision to the Federal Circuit.

Accordingly, the Court holds that the balance of the factors weighs against granting a stay pending IPR. The likelihood of simplification of issues still does not outweigh the stage of the case and the prejudice to Netlist in staying this case.

### III. CONCLUSION

For these reasons, the Court holds that the balance of the factors weighs against granting a stay pending IPR. Accordingly, it is

**ORDERED** that Samsung's Motion to Stay (Docket No. 735) is **DENIED**. It is further

**ORDERED** that, within **seven (7) days** of this order's entry, the parties **SHALL** jointly move to file a redacted version of this order. The parties' joint motion **SHALL** provide proposed

redactions, describe the confidential information in those proposed redactions, and provide good cause for each redaction. Or, if no redactions are necessary, the parties **SHALL** jointly file an unsealed and unredacted version of the order with a cover page stating no redactions are needed.

**So ORDERED and SIGNED this 9th day of September, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE