# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00293-RWS |
| SAMSUNG ELECTRONICS CO, LTD, *et al.* | § § § § § | **SEALED** |
| *Defendants*. | § | |

## ORDER

Before the Court are several motions from Plaintiff Netlist, Inc. that seek to file materials out-of-time: (1) Plaintiff's Motion for Leave to Supplement the Expert Report of David Kennedy (Docket No. 740), (2) Netlist's Motion For Leave To File Supplemental Brief In Support Of Its Opposition To Samsung's Motion For Summary Judgment Of No Willfulness (Docket No. 753) and the supplemental motion itself (Docket No. 754),[1] and (3) Plaintiff's Motion For Leave To Serve Amended Exhibit List And Supplemental Deposition Designations (Docket No. 746). Samsung opposes the supplementation of deposition designations and the supplementation of Mr. Kennedy's report in-part and the remainder of these motions in their entirety. *See* Docket Nos. 747, 759, 762.

When considering motions for leave to file supplemental briefing or reports out-of-time, the Court considers "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Primrose Operating Co. v. Nat'l Am. Ins.*

---

[1] The parties did not include the motion for leave or the supplemental motion on their pending motion list. *See* Docket No. 773. While the Court considers these motions moot (Docket Nos. 753, 754) the Court addresses the merits of Netlist's motion to supplement to avoid any confusion at the upcoming motions hearing.

*Co.*, 382 F.3d 546, 563–64 (5th Cir. 2004). Here, despite Netlist's arguments to the contrary, the second and third factors inherently weigh against granting Netlist leave given that trial is fast approaching. Even though Netlist argues a continuance is unnecessary, the timing of these motions is so close to trial that it causes significant prejudice.

First, Netlist seeks to supplement Mr. Kennedy's report to update damages numbers based on the change in the anticipated trial date and the Court's ruling that the damages period begins no earlier than July 15, 2020. *See* Docket No. 740 at 2–3. Netlist also seeks to introduce supplemental opinions about the verdict in *Netlist, Inc. v. Samsung Elecs. Co.*, 2:21-CV-00463-JRG. *Id.* Samsung does not oppose Netlist's request to supplement Mr. Kennedy's report as it relates to the start time of the damages period in 2020 and the adjusted trial date in September 2024. *See* Docket No. 747 at 10. The parties agree about why this report could not be supplemented earlier and Samsung concedes there will be little prejudice if its expert, Lauren Kindler, is given the opportunity to respond to Mr. Kennedy's new opinions about the start date of the damages period in 2020 and the adjusted trial date of September 9, 2024. *Id.* at 5, 10. Given the parties' agreement about updating the damages period, this motion (Docket No 740) is **GRANTED-IN-PART** as to the two unopposed portions. Netlist may supplement Mr. Kennedy's report to the start time of the damages period and the adjusted trial date. The Court also finds it appropriate to allow Ms. Kindler's supplemental report, which is limited to rebutting the new damages period.

Samsung, however, opposes supplementation of Mr. Kennedy's report as to damages associated with the '339 Patent from previous litigation. *See* Docket No. 747 at 5–10. Samsung persuasively argues that Netlist has no excuse for these delayed opinions and that allowing supplementation now would be highly prejudicial. Netlist has long been aware of Samsung's double counting criticisms and the verdict in the related litigation. *See id.* at 8–10. Moreover, Mr.

Kennedy knew it would be possible to "make adjustments" based on "real world information" as early as January 2024. *See* Docket No. 747-1 at 170:6–171:5. For these reasons, the remainder of Netlist's motion to supplement Mr. Kennedy's report (Docket No. 740) is **DENIED**.

Second, Netlist moves for leave to supplement its briefing on willfulness (Docket Nos. 753, 754), arguing that supplementation is warranted given that, on May 17, 2024, a jury in the Central District of California returned a verdict finding Samsung's breach of the JDLA was material. *See* Docket No. 753. Samsung opposes Netlist's motion because it is untimely, unsupported by good cause, and Netlist failed to properly meet and confer. Docket No. 759. The Court agrees. What is especially concerning to the Court is that the alleged impetus of Netlist's motion—the May 17, 2024 jury verdict in the California trial—occurred over three months before this motion was filed. Docket No. 759. Accordingly, Netlist's months-long delay is unjustifiable and created an avoidable prejudice against Samsung. Accordingly, Netlist's motion for leave to supplement its briefing (Docket No. 753) is **DENIED** and the supplemental motion itself (Docket No. 754) remains **MOOT**. *See supra* n. 1.

Finally, Netlist moves to amend its exhibit list and serve two sets of supplemental deposition designations. Docket No. 746. Netlist argues that there is good cause to amend its exhibit list and deposition designations based on the ruling on the parties' cross-motions for summary judgment regarding the JDLA. *Id.* at 4. Netlist argues its amended exhibit list focuses the case by "remov[ing] some of its prior exhibits and swapp[ing] them with different exhibits, all of which were produced during fact discovery." *Id.* at 5. For the first category of exhibits (PX-001, PX-008, PX-011, PX-012, PX-013, PX-016), Samsung is correct that the July 12, 2024 order only *narrowed* issues—it did not introduce new issues and thus does not justify adding new exhibits or

going above the exhibit cap.[2] Docket No. 762 at 4–5. The Court agrees that, at this point, both parties should be narrowing the scope of the case, not expanding or changing it. *See id.* at 4. Samsung also believes that the new evidence is an attempt to use the California trial to prejudice the jury. *Id.* at 5. The Court recognizes that references to other litigation and proceedings can be highly prejudicial.[3] Netlist also argues it needs to amend a second category of exhibits (PX-009, PX-019) to account for Joseph McAlexander's July 2024 deposition and a third category of exhibits (PX-026e, PX-030) to address Samsung's completeness objections. Docket No. 746 at 8–9. Samsung's response generally argues that amendment remains improper for these two categories because Netlist is well over the limit of 30 party exhibits. *See* Docket No. 762 at 4–5. Combining exhibits to circumvent the limit of 30 party exhibits is unacceptable, and Netlist fails to substantively address this concern. Having considered the parties' arguments, and weighing all the factors, Netlist's motion to amend the exhibit list is **DENIED** for all three categories of exhibits.

As to the deposition designations, Samsung does not oppose Netlist's motion to amend the deposition designations for Seung-Mo Jung, acknowledging that these adjustments are "modest" and Netlist had previously offered deposition designation testimony for him. Docket No. 762 at 6 n.1. Netlist argues these depositions were inadvertently omitted from its designations but fails to justify the several months it took to discover Mr. Jung's deposition designations needed to be supplemented. *See* Docket No. 746 at 12–13. Although Netlist's mistakes evidence a lack of due diligence, the Court is going to **GRANT** Netlist leave to amend Mr. Jung's deposition designations

---

[2] The Court notes that the parties' exhibit lists were entered in accordance with Chief Judge Gilstrap's standing order on the number and use of pre-admitted exhibits in civil cases. Given the history of this case and the approach of trial, the parties remain bound by the exhibit cap in Judge Gilstrap's standing order.

[3] Based on the emails before the Court, however, it is unclear whether the parties properly met and conferred about the completeness of JX-018. *See* Docket Nos. 746-9 at 2–3.

given Samsung's concession that the amendments are modest and not prejudicial despite their untimeliness.

Netlist also seeks to serve deposition designations for Byungyeop Jeon, who was listed as "May Call by Deposition" on Netlist's witness list. Docket No. 746 at 10. Netlist represents that while preparing for trial it realized "that none of Mr. Jeon's testimony was included in the initial designations." *Id.* Samsung responds that there is no excuse for failing to designate this testimony by the requisite timeline, given that Mr. Jeon was deposed over three years ago. Docket No. 762 at 6. Samsung also argues that this testimony is improper and subject to pending motions *in limine*. *Id.*

Whether to allow Mr. Jeon's testimony is a close call. From the record, the Court believes that Netlist intended to designate Mr. Jeon's deposition testimony and inadvertently failed to do so. *Compare* Docket No. 694-01 at 3 *with* Docket No. 694-03. But Netlist's failure to timely discover this mistake—the omission of almost 15 pages' worth of deposition designations—shows an unreasonable lack of diligence. *See e.g.*, *Vackar as next friend of Vackar v. Lowe's Home Ctr., LLC*, No. 5:20-CV-0682-OLG, 2021 WL 4079132, at *2 (W.D. Tex. July 6, 2021) (finding the record reflected an "unreasonable lack of diligence" when an inadvertent calendaring mistake was not discovered for two-and-a-half months). This lack of diligence is especially apparent given Netlist's numerous motions to amend and supplement. This is troubling given that the mistake went unnoticed twice—at the time of the original service of designations and when the pretrial order was first submitted. *See* Docket Nos. 335, 685. Moreover, the parties should have been preparing for trial by early June, before the trial was rescheduled. This weighs heavily against allowing supplementation.

Netlist represents that Mr. Jeon's testimony is "critically important" to issues such as authentication and the JDLA. Docket No. 746 at 13. The only prejudice alleged by Samsung, on the other hand—that this testimony would be subject to a motion *in limine*—is not the kind of prejudice that prevents supplementation. Docket No. 762 at 7. Samsung does not argue that it would not have the chance to counter-designate relevant testimony or that additional discovery would be needed. *See id.* Weighing all the factors, the Court **GRANTS** Netlist's motion as to the deposition designations of Mr. Jeon.[4] Samsung will have the opportunity to exchange counter-designations as needed.

Netlist makes similar arguments as to why it should be able to add designations from Hyun Ki Ji's trial testimony. *See* Docket No. 746 at 12–13. Netlist argues that this testimony was unavailable until May 16, 2024, but provides no explanation for its three-month delay in filing this motion. *See id*. Netlist's failure to timely supplement Mr. Ji's testimony is more egregious than its failure to discover its omission of Mr. Jeon's testimony given that it should have known whether it wanted to rely on such testimony as early as May 2024. Moreover, as Samsung notes, Netlist has not established Mr. Ji is unavailable. Docket No. 762 at 6–7. Nor does Netlist address Samsung's position that its motivations in the California trial are not coextensive with the issues here. *See id.*; *see also* Docket No. 746. Having considered all the factors, the Court **DENIES** Netlist's motion to designate Mr. Ji's trial testimony.

* * *

For the above reasons, it is

---

[4] This order has no effect on motions *in limine* or the ultimate admissibility of this testimony. The Court reminds the parties, however, that they may not relitigate the breach or termination of the JDLA.

**ORDERED** that Netlist's motion for leave to supplement David Kennedy's report (Docket No. 740) is **GRANTED-IN-PART** as to the agreed portions and **DENIED-IN-PART** as to the remainder. It is further

**ORDERED** that Samsung may rely on Lauren Kindler's supplemental report (Docket No. 747-2). It is further

**ORDERED** that Netlist's motion for leave to submit supplemental briefing on willfulness (Docket No. 753) is **DENIED** and the supplemental motion itself (Docket No. 754) remains **MOOT**. It is further

**ORDERED** that Plaintiff's motion for leave to amend its exhibit list and provide supplemental deposition designations (Docket No. 746) is **GRANTED-IN-PART** as to the deposition designations of Seung-Mo Jung and Byungyeop Jeon and **DENIED** as to the remainder. It is further

**ORDERED** that Samsung **MAY** exchange rebuttal designations to Seung-Mo Jung and Byungyeop Jeon within **fourteen (14) days** of this order. It is further

**ORDERED** that, within **seven (7) days** of this order's entry, the parties **SHALL** jointly move to file a redacted version of this order. The parties' joint motion **SHALL** provide proposed redactions, describe the confidential information in those proposed redactions, and provide good cause for each redaction. Or, if no redactions are necessary, the parties **SHALL** jointly file an unsealed and unredacted version of the order with a cover page stating no redactions are needed.

**So ORDERED and SIGNED this 9th day of September, 2024.**

*[signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE