UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S RESPONSE TO NETLIST'S
PROFFER REGARDING STANDARD ESSENTIALITY (DKT. 776)**

## TABLE OF CONTENTS

I. BACKGROUND .................................................................................................................. 1

    A. Samsung's Position on Essentiality ........................................................................... 1

    B. Netlist's Attempts To Distract the Court from Essentiality Issues .......................... 2

    C. Samsung's Motion *in Limine* and Motion To Bifurcate ......................................... 3

II. NETLIST'S PROPOSAL ..................................................................................................... 3

III. SAMSUNG'S PROPOSAL .................................................................................................. 4

IV. NETLIST'S "OVERLAP" ARGUMENTS ARE OVERSTATED ................................. 10

V. CONCLUSION .................................................................................................................. 13

██████████████████████████████████████████████

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| *EDTX1* | *Netlist, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 2:21cv463-JRG |
| JDLA | Joint Development and License Agreement (DTX-9) |
| JDLA-Related Material | The JDLA, documents related to Samsung's supply of memory to Netlist under the JDLA (*see, e.g.*, PX-11; PX-16; PX-20; PX-29a; PX-29b; PX30a; PX-30b), ████████████████████████████████ |
| RAND | Reasonable and non-discriminatory |

Samsung respectfully submits this response to Netlist's "proffer regarding standard essentiality" (Dkt. 776), in accordance with the Court's order of September 23, 2024 (Dkt. 792). Netlist's proffer is little more than an unauthorized brief on the important issues of essentiality and trial bifurcation, issues raised by Samsung's Motions To Preclude Evidence Regarding Alleged Essentiality of the Asserted Patents (Dkt. 374) and Bifurcate (Dkt. 383).[1]  While Netlist's essentiality suggestions may narrow disputes between the parties on that issue (resulting in the inescapable conclusion that the patents-in-suit are essential if infringed such that they are subject to RAND terms), Netlist's proposal most certainly does not diminish the need to bifurcate the trial to address the prejudice arising from introducing the JDLA in the liability phase of the trial.  To be sure, Samsung maintains that the JDLA and all related facts and documents should not be part of the trial in this case at all.  Toward that end, Samsung will withdraw its reliance on the JDLA in the damages case and withdraw its obviousness defense if the Court were to exclude all mention of the JDLA and JDLA-Related Material.  However, if the Court does not exclude such evidence entirely, fundamental fairness demands that willfulness be tried separately.

**I.      BACKGROUND**

    **A.      Samsung's Position on Essentiality**

Samsung's position throughout this litigation has been that its products are JEDEC-compliant commodity products, and that the patents-in-suit are not infringed and therefore not essential. *See, e.g.*, Dkts. 128 and 374.  Because Netlist's infringement case is based on compliance with JEDEC standards (albeit now veiled through use of technical documents that reflect Samsung's reproduction of standards documents), if the jury finds that Samsung infringes

---

[1] Netlist's proffer is also a tacit acknowledgment that its summary judgment motion regarding essentiality (Dkt. 356) is not well-grounded, and should be denied (*see* Dkt. 423).

Case 2:22-cv-00293-JRG   Document 795   Filed 10/04/24   Page 5 of 18 PageID #: 71220

the patents-in-suit, these patents are essential to JEDEC and Netlist is obligated to offer reasonable and non-discriminatory royalty rates instead of the astronomical royalty demands Netlist makes.

### B. Netlist's Attempts To Distract the Court from Essentiality Issues

Netlist has not been forthcoming about its position regarding essentiality and, indeed, has been "sly as a fox" in maneuvering around essentiality to avoid its RAND obligations here. Netlist's litigation tactics have been an affront to the standardization process. The following summarizes Netlist's "playbook" in this and other litigations:

- Netlist attended JEDEC meetings, observed the trends of the industry, and made promises to license patents on RAND terms. *See, e.g.*, Dkt. 776-13, ¶ 69.

- Netlist then sued Samsung (and other memory companies) and specifically relied on JEDEC compliance in its complaints and infringement contentions. *See, e.g.*, Dkt. 100, ¶¶ 15, 41, 47-51, 73, 76-78; Dkt. 263-03 at 4-7.

- Netlist avoided questions about whether its patents are essential to JEDEC through fact discovery, then asserted (in expert discovery) that its patents are not standard essential, such that no RAND obligations attach. *See, e.g.*, Dkt. 374 at 3.

- Netlist then relied on JEDEC standard documents that were incorporated into Samsung and its suppliers' documents, *see, e.g.*, Dkt. 423 at 5, suggesting that it found "secret" documents proving infringement, *see, e.g.*, *EDTX1*, Dkt. 488 at 325:9-24 (discussing "top secret" documents).

In an effort to guard against such bait-and-switch tactics, Samsung moved to compel Netlist to disclose its position on essentiality during fact discovery (Dkt. 128). Having no excuse for failing to disclose its essentiality position, Netlist simply delayed its disclosure until expert discovery, thereby inflicting maximum prejudice on Samsung while mooting Samsung's motion to compel. Now, Netlist disputes essentiality to avoid limiting its damages demands to RAND terms.

To remedy this gamesmanship, Samsung has moved to preclude Netlist

2

from taking a position on essentiality at trial (Dkt. 374).

    **C.**    **Samsung's Motion *in Limine* and Motion To Bifurcate**

Separately, Samsung filed a motion *in limine* to prevent Netlist from introducing the wholly irrelevant and highly prejudicial JDLA or JDLA-Related Material in the trial at all (Dkt. 612 at 4-9). Samsung also filed a motion to bifurcate the liability phase of trial from willfulness to reduce the prejudice flowing from Netlist's repeated efforts to paint Samsung in a bad light with the parties' now irrelevant JDLA, among other reasons (Dkt. 383). Netlist's proffer incorrectly alleges that Samsung seeks to "trifurcate" liability from willfulness and damages—Samsung has always sought to bifurcate into two phases. Indeed, it was not until Netlist's proposal on essentiality (Dkt. 758) that Samsung formally raised the idea of a bench trial at all (Dkt. 760).

**II.**    **NETLIST'S PROPOSAL**

Netlist's proposal suggests several procedures, including the following:



Some aspects of Netlist's proposal on essentiality are consistent with the relief that Samsung sought in its motion to preclude regarding essentiality, and may cure some of the

---

[2] Although Netlist did not propose any language for the RAND instruction, if the Court adopted the attached RAND instruction, Ex. A, the parties would be in agreement on this point.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

prejudice caused by Netlist's withholding its position on essentiality throughout this litigation. However, Netlist's proffer does not fully resolve Samsung's Motion To Preclude (Dkt. 374) and does not address the fundamental prejudice set forth in Samsung's Motion To Bifurcate (Dkt. 383). Samsung steadfastly maintains that the jury should not hear about the JDLA or JDLA-Related Material. For reasons discussed in detail below, if the Court does not grant summary judgment of no willfulness or exclude the JDLA-Related Material entirely, the Court should bifurcate willfulness from liability and damages. *Contra* Dkt. 776 at 11.

### III. SAMSUNG'S PROPOSAL

Samsung maintains that the JDLA and all related facts and documents should not be part of the trial in this case at all. *See* Dkt. 612 at 4-11. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. These extremely prejudicial documents and evidence deal with a commercial dispute between the parties that is being addressed in a pending breach of contract case in the C.D. California and have nothing to do with the trial in this case, which deals with the alleged infringement of three Netlist patents.

But if the Court does not exclude the JDLA-Related Material entirely, then the Court should bifurcate the trial. In that event, liability and damages should be tried together, and as a compromise Samsung would agree to withdraw its reliance on the JDLA in the damages case to allow for liability and damages to be tried without reliance on highly prejudicial but irrelevant JDLA-Related Material. Bifurcation is warranted under the circumstances. *See, e.g., Virnetx*

4

*Inc. v. Apple, Inc.*, No. 6:12-CV-855, 2016 WL 4063802 (E.D. Tex. 2016) (bifurcating willfulness from liability/damages); *Papst Licensing GMBH v. Samsung Elec. Co.*, No. 6:18-CV-388, 2018 WL 10127016 (E.D. Tex. 2018) ("Willfulness shall be tried in a second phase of trial before the same jury immediately upon a finding of infringement in the first phase of trial").

Contrary to Netlist's assertions in its proffer, bifurcation is warranted and necessary to allow liability and damages to be tried on the merits without infecting that phase of the trial with unduly prejudicial evidence that is relevant, if at all, to alleged willfulness only. Thus, Samsung proposes the following procedures:[3]

(1) Netlist will not rely on JEDEC evidence, including Samsung or supplier documents showing standards compliance, at trial with respect to infringement;

(2) Netlist will not dispute that the patents-in-suit are essential to the JEDEC standards (such that the issue need not be raised with the jury);

(3) a RAND damages instruction (*see* Ex. A) will be given to the jury as limiting damages in this case;

(4) equitable defenses involving JEDEC will be addressed in a bench trial after the jury trial, if necessary;

(5) a trial on willfulness (if necessary) will be held separately from liability and damages;

(6) Samsung will not rely on the JDLA for damages if the Court bars Netlist from relying on the JDLA and JDLA-Related Material, or bifurcates per (5);

(7) Samsung will not present an invalidity case based on obviousness if the Court bars Netlist from relying on JDLA-Related Material or bifurcates per (5); and

(8) both parties may still present evidence about contributions to JEDEC, as well as the parties' participation in JEDEC, and Samsung may present evidence regarding its compliance with JEDEC.

Explanation for each of these provisions follows.

**(1) Netlist Will Not Rely on JEDEC Evidence or Standards Compliance at Trial.**

---

[3] If the Court grants summary judgment of no willfulness (Dkt. 314) or excludes JDLA-Related Material entirely (Dkt. 612 at 5-11), some aspects of these proposals would be rendered moot.

Samsung proposes, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that Netlist should not be permitted to rely on JEDEC compliance in order to prove infringement.  To allow Netlist to rely on JEDEC compliance while maintaining that the patents-in-suit are not essential to JEDEC would be fundamentally unfair and would reward Netlist for violating its disclosure obligations.  Dkt. 374.

**(2) Netlist Will Not Dispute that the Patents-in-Suit Are Essential.**  Because Netlist refused to disclose its essentiality position during discovery, Netlist's witnesses should not be permitted to testify regarding essentiality, and Netlist should not cross-examine Samsung's witnesses on essentiality.  *See* Dkt. 776 at 9; Dkt. 374.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[4]  *See* Dkt. 374 at 7.  Netlist also should not be permitted to dispute essentiality during or after trial if essentiality is not presented to the jury, as Netlist proposes.  As a result, a finding of essentiality (in the event of infringement) is inevitable, and the Court should enter judgment to that effect before trial or as a matter of law under Rule 50(a) after the parties introduce evidence (given Netlist's commitment not to offer any evidence or argument).  As a result, there is no need for either party to mention essentiality whatsoever at trial, eliminating the need to confuse the jury with yet another issue in this extraordinarily complex case.

**(3) A RAND Damages Instruction Will Be Given, Limiting Damages in This Case.**  Samsung agrees with Netlist's proposal that the jury need not decide essentiality during the liability phase of the trial.  Further, the Court should give an appropriate damages instruction

---

[4] Samsung also maintains that Netlist should be precluded from presenting any damages analysis for the accused products other than the specific models it chose to analyze, if the Court finds the patents do not necessarily have to be essential if infringement is found, Dkt. 374 at 7.  If the Court accepts Samsung's proposed jury instruction regarding RAND damages, *see* Ex. A, then this portion of Samsung's motion to preclude will be rendered moot.

regarding RAND obligations limiting royalty damages for the patents-in-suit. Samsung's proposed RAND jury instruction is attached hereto as Exhibit A. As demonstrated in Samsung's proposal, it is critical that the RAND instruction state that the patents-in-suit are subject to limited damages based on Netlist's RAND obligations. Without such a statement, Netlist's concession that the jury need not decide essentiality is meaningless. The instruction must also: (1) explain what a standard and standard organization are, including identifying the relevant standards body here as JEDEC; (2) explain how the RAND commitment requires any reasonable royalty damages awarded to be reasonable and non-discriminatory; (3) modify the *Georgia-Pacific* factors as required for a RAND case; and (4) modify the instruction on non-infringing alternatives as required for a RAND case.

**(4) Equitable Defenses Involving JEDEC Can Be Addressed in a Bench Trial After the Jury Trial.** Samsung agrees with Netlist's proposal that Samsung's equitable defenses involving JEDEC can be resolved in a bench trial after the liability jury trial. *See* Dkt. 776 at 10.

**(5) A Trial on Willfulness, If Necessary, Should Be Held Separately, After Liability and Damages.** Even with these procedures, willfulness should be bifurcated from liability and damages if this Court does not (as discussed, *supra*, n.3): (1) enter summary judgment of no willfulness (Dkt. 341); or (2) exclude the JDLA and JDLA-Related Material (Dkt. 612 at 4-9).

*First*, bifurcating willfulness may reduce the prejudice from introduction of certain documents related to the JDLA, *see* Dkt. 383—although those documents should be excluded altogether as set forth in Samsung's motions *in limine*.[5] If the Court does not exclude discussion of JDLA-Related Material altogether and Netlist relies on the JDLA-Related Material to attempt

---

[5] If the Court excludes the JDLA-Related Material altogether, then in rebutting Netlist's willfulness allegations, Samsung will not rely on its good faith belief that it continues to be licensed to Netlist's patents because Netlist did not lawfully terminate the JDLA.

7

to prove willfulness, then references to the JDLA during the liability phase of the trial would unfairly prejudice Samsung's noninfringement defenses. As discussed in Samsung's Motion To Bifurcate, the record from *EDTX1* illustrates the confusion and unfairness that can result from presenting the jury with this past license. *See* Dkt. 383 at 4. There, Netlist's counsel argued that the previous existence of the JDLA, and Netlist's purported termination thereof, were evidence of infringement: "[Samsung] did this [came to Netlist] . . . because they wanted to access our patents . . . . And as the Court said, Samsung no longer has a license, no longer has a right to use the patents in this case, and it's in this forum, a federal court, that the consequences of its actions will be determined." Dkt. 383-3 at 1327:11-1328:7; *see also id.* at 1370:20-25 (arguing that Mr. Ji "flew 6,000 miles to tell us that they needed access to our patents"). Such inflammatory rhetoric was deeply unfair to Samsung because it suggested, with no evidentiary support whatsoever, that Samsung's entry to the JDLA was equivalent to an infringement admission.

**Second**, to support its defense to willfulness, Samsung seeks to introduce the Patent Office's decisions instituting review of all asserted claims of all of the patents-in-suit, and fully invalidating the '912 and '417 patents. These decisions are clearly relevant to Samsung's good faith belief that it does not infringe any valid claim, and therefore that it has not willfully infringed. These decisions must be admissible during the willfulness phase for Samsung to fairly present its defense. *See* Dkt. 383 at 8, 11. However, this Court's standing order on motions *in limine* prevents Samsung from discussing these decisions. *See* Court MIL No. 6 ("The parties shall be precluded from introducing evidence, testimony, or argument concerning the Patent Trial and Appeal Board, *inter partes* review, the Smith-Leahy America Invents Act, or any alternative structure that does not relate directly to an Article III trial in a district court."). Unlike the prejudice some courts have found may arise from introducing Patent Office decisions

8

during the liability phase,[6] no such prejudice could occur in a bifurcated willfulness-only trial.

**(6) Samsung Will Not Present the JDLA During Its Damages Case If the Court Precludes Reliance on the JDLA-Related Material.** Samsung will not present evidence related to the JDLA to support its position on damages if the Court precludes reliance on JDLA-Related Material (at least during the liability/damages phase of trial). Netlist does not rely on the JDLA to prove any element of damages, *see* Dkt. 346-1, ¶ 337 , and Samsung is therefore the only party that relies on the JDLA for damages. Samsung is willing to drop its reliance on the JDLA for damages to streamline the issues in the liability and damages phases of the trial, and to prevent the jury's exposure to the highly prejudicial suggestion that Samsung was once licensed to the patents-in-suit and therefore necessarily infringes them, *see* Dkt. 612 at 4-11.

**(7) Samsung Will Not Present an Invalidity Case Based on Obviousness If the Court Precludes Reliance on the JDLA and JDLA-Related Material.** Samsung will not present an obviousness case at trial if the Court precludes reliance on the JDLA and JDLA-Related Material (at least during the liability/damages phase of trial). In the parties' prior litigation and here, Netlist asserted that JDLA documents, are relevant to secondary considerations of non-obviousness. *See* Dkt. 776 at 13 (asserting that documents about the JDLA "are . . . strong evidence of infringement, validity (including objective indicia)"). Raising these issues requires a "trial within a trial" where 

Excluding the JDLA-Related Materials avoids this distracting and prejudicial side-show.

---

[6] *See, e.g.*, *XY, LLC v. Trans Ova Genetics, LC*, No. 13-CV-0876-WJM-NYW, 2016 WL 97691, at *2 (D. Colo. Jan. 7, 2016) (despite relevance of IPR proceedings to willfulness, finding "that relevance is substantially outweighed by the danger of undue prejudice").

**(8) Both Parties May Still Present Evidence About Contributions to JEDEC and Samsung May Present Evidence About JEDEC Compliance.** Although the jury should not determine whether the patents-in-suit are essential (see above), the parties should be permitted to present evidence regarding JEDEC generally, the process of developing products in compliance with JEDEC, the description of those accused features as described in JEDEC literature, and the parties' interactions with JEDEC, including standard industry participation in JEDEC. For example, these issues are relevant to apportionment for damages as evidence of the many contributions to the accused products, and thus are appropriately presented during a liability and damages trial. Further, although Netlist promises not to rely on JEDEC-related documents for infringement, Netlist's promise should not preclude Samsung's reliance on JEDEC documents, given that the accused products are standard-compliant, and JEDEC documents provide a detailed explanation of technical issues that may not be found in Samsung's own documents.

## IV.  NETLIST'S "OVERLAP" ARGUMENTS ARE OVERSTATED

Netlist's assertion that the same witnesses would be relevant to willfulness and infringement is insufficient to overcome the need for bifurcation because there is no significant overlap of issues and evidence.[7] *Contra* Dkt. 776 at 12-13.

*First*, contrary to Netlist's assertion, Samsung's experts do not assert that Netlist's disclosure of the patents-in-suit to JEDEC is a basis for finding them essential. *Contra* Dkt. 776 at 12. Netlist misleadingly quotes Samsung's expert, who does not rely on disclosure of patents

---

[7] *Image Processing Techs. v. Samsung Electronics. Co.*, No. 2:20-CV-00050-JRG-RSP, 2020 WL 3315989 (E.D. Tex. Jun. 18, 2020), is inapposite. There, the Court granted Samsung's motions *in limine* to keep the prejudicial evidence at issue out of trial altogether, thereby mooting the need to bifurcate willfulness. *Id.* at *3. Further, the test in *Image Processing* to determine whether bifurcation was warranted was whether overlapping evidence existed—not overlapping witnesses. *Id.* at *2-3. Application of the *Image Processing* test shows minimal overlap of testimony and evidence between the willfulness and liability/damages phases of trial.

10

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to JEDEC to prove essentiality (or lack thereof).  Instead, Samsung's expert discusses Samsung's defense of equitable estoppel, where the '912 patent is unenforceable because Netlist did not follow the JEDEC disclosure rules.  *See* Dkt. 776-13, ¶ 69 (noting that Netlist declared the '912 patent "essential for certain JEDEC standards, but never the DDR4 Standards," to support equitable defenses—not Netlist's belief in essentiality).

***Second***, Netlist's disclosure of patents and patent families to JEDEC is irrelevant to pre-suit notice because Netlist's disclosures do not constitute specific charges of infringement by Netlist to Samsung for its products (or really, any products).  *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994); Dkt. 503 at 1-2.  They are also not relevant to willfulness at least because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, the only relevant class of products for Netlist's infringement assertion.  *See* Dkt. 341 at 8; Dkt. 510 at 3; Dkt. 425 at 3.  Even if these few JEDEC disclosure documents were presented in both trials—which would be unnecessary if the same jury were empaneled for the bifurcated willfulness trial—such an insignificant overlap of evidence does not outweigh the undue prejudice to Samsung that would result if willfulness were tried together with liability and damages.

***Third***, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11

███████████████████████████████████████████████████████████████████████ [8]

Moreover, Netlist's assertion that these documents are evidence of objective indicia of non-obviousness is moot given Samsung's concession that it will not pursue obviousness at trial if the Court bifurcates liability and damages from willfulness (discussed above). As noted above, any ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Therefore, if the Court denies Samsung's motion to preclude reliance on such documents altogether, *see* Dkt. 612 at 4-9, it should limit their use to the willfulness trial, if such a trial is ultimately necessary.

***Fourth***, contrary to Netlist's assertion (Dkt. 776 at 12), the actions Samsung took upon learning of Netlist's patents are not relevant to liability or damages. Netlist has labored to entwine Samsung's post-notice behavior with the JDLA and its alleged termination, trying to use this commercial dispute to paint Samsung in a bad light. The JDLA has nothing to do with the jury's inquiry as to whether the asserted claim limitations are present in the accused products. Such evidence is relevant at most to willfulness only—it is not otherwise necessary for either party to address liability or damages. Similarly, despite Netlist's assertion in its proffer that "how the Samsung products operate" is relevant to willfulness, *id.*, Netlist does not rely on evidence about the products' operation to show willfulness, which eliminates the supposed overlap.

---

[8] Netlist argues that Mr. Indong Kim "testified to these statements and would have to be called multiple times if the trial were bifurcated," but fails to disclose that Netlist merely showed these statements to Mr. Kim during his deposition and asked him to read them. Mr. Kim's testimony demonstrates ████████████████████████████████████████████████████. *See* Dkt. 776-26 at 55:2-5. Further, given Samsung's proposal that it will not rely on the JDLA for damages, ████████████████████████████████████████████████████████████████████████████████

## V. CONCLUSION

For the foregoing reasons, Samsung proposes the following, in the event that the Court does not grant summary judgment of no willfulness (Dkt. 314), or exclude the JDLA-Related Material from all phases of the case (Dkt. 612 at 5-11 (Samsung's MIL Nos. 3-4)):

(1) Netlist will not rely on JEDEC evidence, including Samsung or supplier documents showing standards compliance, at trial with respect to infringement;

(2) Netlist will not dispute that the patents-in-suit are essential to the JEDEC standards (such that the issue need not be raised with the jury);

(3) a RAND damages instruction (*see* Ex. A) will be given to the jury as limiting damages in this case;

(4) equitable defenses involving JEDEC will be addressed in a bench trial after the jury trial, if necessary;

(5) a trial on willfulness (if necessary) will be held separately from liability and damages;

(6) Samsung will not rely on the JDLA for damages if the Court bars Netlist from relying on the JDLA and JDLA-Related Material, or bifurcates per (5);

(7) Samsung will not present an invalidity case based on obviousness if the Court bars Netlist from relying on JDLA-Related Material or bifurcates per (5); and

(8) both parties may still present evidence about contributions to JEDEC, as well as the parties' participation in JEDEC, and Samsung may present evidence regarding its compliance with JEDEC.

Dated:  September 27, 2024                                  Respectfully submitted,

By:  */s/ Michael J. McKeon*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

J. Travis Underwood

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com

13

<table>
<tr><td>

Texas Bar No. 24102587  
travis@gillamsmithlaw.com  
GILLAM & SMITH, LLP  
102 North College Avenue, Suite 800  
Tyler, Texas 75702  
Telephone: (903) 934-8450  
Facsimile: (903) 934-9257  

Brian R. Nester  
DC Bar No. 460225  
bnester@cov.com  
COVINGTON & BURLING LLP  
One CityCenter 850 Tenth Street, N  
Washington, DC 20001-4956  
Telephone: (202) 662-6000  

Alice J. Ahn  
CA Bar No. 271399/DC Bar No. 1004350  
aahn@cov.com  
COVINGTON & BURLING LLP  
415 Mission Street, Suite 5400  
San Francisco, CA 94105  
Telephone: (415) 591-7091  
Facsimile: (415) 955-6571  

</td><td>

Daniel A. Tishman  
D.C. Bar No. 1013923  
tishman@fr.com  
FISH & RICHARDSON P.C.  
1000 Maine Avenue, SW  
Washington, DC 20024  
Telephone: (202) 783-5070  
Facsimile: (202) 783-2331  

Francis J. Albert  
CA Bar No. 247741  
albert@fr.com  
FISH & RICHARDSON P.C.  
12860 El Camino Real, Ste. 400  
San Diego, CA  92130  
Telephone: (858) 678-5070  
Facsimile: (858) 678-5099  

Thomas H. Reger II  
reger@fr.com  
Texas Bar No. 24032992  
FISH & RICHARDSON P.C.  
1717 Main Street, Suite 5000  
Dallas, Texas 75201  
Telephone: (214) 747-5070  
Facsimile: (214) 747-2091  

</td></tr>
</table>

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*  
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on September 27, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

/s/ Michael J. McKeon