**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-293-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; | ) | (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG SEMICONDUCTOR | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NETLIST, INC.'S MOTION TO ENFORCE THE COURT'S PRETRIAL ORDER REGARDING FINAL WITNESS LISTS

Samsung refuses to provide its actual final live witness list. The Court ordered the parties to provide "a final live witness list identifying the witnesses that each party are going to actually call… by noon on October the 23rd." PTC Vol. 1 at 14:11-18. Netlist complied with the Court's order, identifying the three live witnesses it intends to put on in its case-in-chief. Ex. 1. Samsung, on the other hand, did not comply. Instead of providing a final list of will-call witnesses as ordered, it identified eight witnesses, four fact witnesses and four expert witnesses, that it may or may not call live, depending "on Netlist's trial evidence and presentation," and any other "circumstances" that may arise "resulting in the narrowing of the above witness list, or necessitating additional witnesses listed in Samsung's witness list." Ex. 2 at 6. This does not comply with the Court's order requiring both parties to exchange "a ***final*** live witness list." PTC Vol. 1 at 14:17-18. Further, it is precisely the kind of "gamesmanship" the Court made clear "I don't want…in this trial." *Id.* 237:8.   The Court emphasized throughout the pre-trial conference the need for the parties to work together and avoid unnecessary disputes. For example, the Court requested that Netlist narrow its list of asserted claims "sooner rather than later" to avoid "wailing and gnashing of teeth from the Defendant that there was last-minute narrowing." PTC Vol. 1 at 6:14-10. Netlist did so promptly, narrowing to six asserted claims on October 22. Dkt. 801.

Netlist objected to Samsung's "final" witness list the day it was served, and asked Samsung twice to comply with the Court's order. Ex. 2 at 5-6. Samsung refused. Netlist sent Samsung a draft of this motion on October 28, and the parties conferred on this motion in the subsequent days, reaching an impasse on October 31. Ex. 2 at 1. Netlist promptly filed this motion.

## I.    ARGUMENT

Samsung's gamesmanship is highly prejudicial. ***First***, it is not credible that Samsung does not know who it is going to call as a witness at trial.  Three of Samsung's witnesses, Hyun Ki Ji, Sung Joo Park, and Junseon Yoon, live in Korea.  Arrangements must already have been made for whether they

are or are not going to be in the jurisdiction.

The Court provided detailed guidance regarding the scope of the case and evidence at the pretrial conference.  Netlist disclosed the three witnesses it intends to call at trial, which are the same three witnesses Netlist called in the previous trial with Samsung in this Court, Case No. 2:21-463 (*Samsung I*), and in the previous trial with Micron in this Court, Case No. 2:22-294, which Samsung attorneys attended (*see, e.g.,* PTC Vol. 1 at 137:18-21 (Samsung counsel: "we saw what happened in the Micron case…")). These trials involved overlapping products and patents. Further, in a number of instances at the pretrial conference, the Court made clear that the scope of permitted evidence would be the same as in the previous Netlist-Samsung trial. *See* PTC Vol. 1 at 172:12-14 ("With regard to opinions concerning Samsung's state of mind, as both sides have suggested, the Court's going to follow the same approach it did in the earlier trial"); at 312:24-313:4 ("Turning to Defendants' MIL No. 3, it seeks to exclude evidence or argument on the JDLA… I'm going to try to handle this, counsel, in much the same way that we did in the prior trial"); *compare* PTC Vol 1 at 235:22-236:1 ("And I am putting everybody on notice that I intend to be a very strict gatekeeper here, and if you're going to go into JEDEC and if you're going to go into the standard and what it requires and how it works, you're going to have to justify that") *with Samsung I*, PTC Vol. 2 at 146:15-22 ("how there's going to be relevant references to the standard-setting organization JEDEC is going to have to be very carefully presented to have any real relevance or application here").

Samsung's argument that it cannot provide a final witness list because it first needs to see "the evidence Netlist ultimately introduces" does not hold water. It is clear the only purpose behind this refusal to disclose a final list is to hide Samsung's actual will-call witness from Netlist. *Convolve, Inc. v. Dell Inc.*, 2015 U.S. Dist. LEXIS 16434, *7 (E.D. Tex. Feb. 11, 2015) ("this Court has never endorsed 'trial by surprise.'").

**Second**, Netlist has to spend considerable time and expense preparing to cross-examine each

of these witnesses. Samsung knows this, and is simply trying to make Netlist's life more difficult by forcing it to waste resources preparing to cross-examine witnesses Samsung may not actually call. Netlist disclosed the witnesses it intends to call live as ordered, and this Court has made the scope of the evidence and issues to be presented clear. There is no reason Samsung should be permitted to withhold this information at Netlist's expense, while at the same time reaping the benefits of Netlist's timely disclosure.

Furthermore, any attempt by Samsung to equate Netlist reserving the right to call rebuttal witnesses to Samsung's failure to disclose any final witness list at all should be rejected. Netlist confirmed it would not call any witnesses on rebuttal other than the three witnesses it disclosed it will call at trial, as well as Samsung's witness Mr. Park (to the extent he is not called by Samsung). Thus, Samsung will be preparing to examine these witnesses either way.  Samsung has not committed to call or not call any witness on its list at all.

**Third**, Netlist has to reserve time in its case to cross-examine Samsung's witnesses. Allowing Samsung to delay disclosure of its final witness list until **after** Netlist finishes its presentation would be manifestly unfair. There is no way for Netlist to determine how much time to set aside for each of the disclosed eight witnesses when Netlist does not know how many or which witnesses Samsung actually intends to call. Further, Netlist's ability to make strategic decisions about how much and which portion of these witness' deposition testimony to designate are materially affected by whether or not those witnesses will later be appearing live.

To mitigate the prejudice described above, Netlist respectfully requests the Court order Samsung to comply with its Pretrial Order and disclose its **final** will-call witness list within 48 hours, so that Netlist can adequately prepare for trial without wasting limited resources. Alternatively, Netlist requests that for each witness Samsung discloses it will call live at trial, and then ultimately elects not to call, the Court reduce Samsung's allotted trial time by 30 minutes. In the event Samsung has no trial

time left to reduce, Netlist would request the Court exercise its discretion in reducing Samsung's time for presenting closing arguments. The 5th Circuit has approved of harsher remedies for the failure to properly disclose witnesses pursuant to a Pretrial Order. *See, e.g., Lirette v. Popich Brothers Water Transport, Inc.*, 660 F.2d 142, 144-45 (5th Cir. 1981) (holding that the failure to list a witness pursuant to a Rule 16 pretrial order was sufficient justification for excluding that witness's testimony). Netlist's requested relief will ensure that both parties have an equal and fair opportunity to present evidence.

.

Dated: November 1, 2024

Respectfully submitted,

*/s/ Jason Sheasby*
_____

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)

mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on November 1, 2024, a copy of the foregoing was served to all counsel of record via the Court's ECF System.

*/s/ N. Isabella Chestney*
N. Isabella Chestney

## CERTIFICATE OF CONFERENCE

I hereby certify that, on October 28, 2024, counsel for Netlist informed counsel for Samsung of its intent to file this motion and provided a copy of the draft. The parties conferred on the motion and on October 31, the parties arrived at an impasse. Defendants oppose this motion.

*/s/ Jason Sheasby*
Jason Sheasby