UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>      Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>      Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION TO NETLIST'S MOTION TO ENFORCE THE
COURT'S PRETRIAL ORDER REGARDING FINAL WITNESS LISTS (DKT. 806)**

## **TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | Email from Cannon re Witnesses (Oct. 23, 2024) |
| 2 | Email from Tezyan re Witnesses (Oct. 23, 2024) |
| 3 | Email from Sheasby re Witnesses (Oct. 28, 2024) |
| 4 | October 8, 2024 Pretrial Conference Transcript (excerpts) |
| 5 | October 9, 2024 Pretrial Conference Transcript (excerpts) |

The Court should deny Netlist's needless motion to "enforce" the Court's order requiring a final witness list.  Netlist's motion is moot because Samsung's final live witness list reflects all witnesses who will be in the jurisdiction that Samsung intends to call live to rebut Netlist's anticipated evidence and to support Samsung's affirmative defenses.  Although Samsung opposes Netlist's motion and does not believe any action is required by the Court, to the extent that the Court grants Netlist's motion, the Court should also preclude Netlist from offering any live witness testimony in its rebuttal case because Netlist has not provided a "will call" list for its rebuttal case; at a minimum, the Court should apply the same sanction Netlist now seeks, i.e., dock Netlist 30 minutes for each witness it has reserved the right to call in its rebuttal case if Netlist does not call them.

## I.   BACKGROUND

The Court ordered both parties to provide a final live witness list at noon on October 23, 2024.  Ex. 4 at 14:11-18.  Samsung provided its final live witness list by the deadline, identifying eight witnesses.  Ex. 1.  Samsung noted that the witnesses it calls "will depend on Netlist's trial evidence and presentation," and so it reserved the right not to call one or more witnesses on its list.  *Id.*  On the same day, Netlist also provided its witness list, listing three witnesses for its case-in-chief,[1] and "reserv[ing] the right to call the foregoing ***or other live witnesses*** in its rebuttal case, depending on Samsung's presentation of evidence."  Ex. 2.

When Netlist informed Samsung that it would be filing a motion to "enforce" the Court's order requiring a final witness list, Samsung reiterated that it would be calling each of the eight witnesses it identified, and that all would be present in the jurisdiction.  Ex. 3 at 1.  Samsung also confirmed that it will seek leave of the Court for permission to release any witness whose

---

[1] Netlist thereafter filed a motion for a trial deposition of Dr. Andreas Groehn.  Dkt. 808.  Yet, Netlist did not include Dr. Groehn on its "will call" witness list.  *See* Ex. 2.

testimony is not needed. *Id.* at 2-3. In contrast, Netlist attempted to reserve the right to call any of its own live witnesses and any of Samsung's eight "will call" witness in its rebuttal case—a total of *eleven* witnesses. *Id.* at 1. Netlist's motion now purports to reserve the right to call any of its three "will call" case-in-chief witnesses, and Samsung's witness Mr. Park.[2] Dkt. 806 at 3.

## II.    ARGUMENT

**Samsung's final live witness list fully complied with the Court's order.** Samsung's list identified four fact witnesses and four expert witnesses. Ex. 1. Samsung informed Netlist that all eight witnesses will be in the jurisdiction and Samsung will seek leave to release any witness if his testimony is ultimately not needed (or time does not permit the witness). Ex. 3 at 2-3. Certain witnesses may be rendered unnecessary depending on the evidence Netlist introduces. Such is the reality of presenting a rebuttal case, which Netlist knows well based on its own reservations for rebuttal witness. Ex. 2; Dkt. 806 at 3. For example, if Netlist does not put on evidence regarding its prior dealing with Samsung that requires rebuttal contextual testimony, then Mr. Ji may be rendered unnecessary.[3] Netlist's antics regarding Dr. Groehn (*see supra* n.1; Dkt. 805) inject uncertainty into the trial and the role of Samsung rebuttal expert Dr. Perryman. It is impossible, therefore, for Samsung to know exactly whom it will call before Netlist puts on its case-in-chief. Netlist's allegations to the contrary, given that travel

---

[2] Mr. Park is not on Netlist's "will call" list, and Netlist now seeks to call him in rebuttal. However, Netlist intends to rely on Mr. Park to prove infringement, such that Netlist should call him—if at all—during its case-in-chief. Netlist's motion to pre-admit PX-31 indicates that Netlist seeks to rely on Mr. Park to introduce the exhibit, and represents that "PX-31 Is Relevant to Infringement." Dkt. 802 at 5-6. Netlist should not be allowed to introduce new infringement evidence for the first time in its rebuttal presentation, to which Samsung cannot respond.

[3] The Court instructed that "we are not going to talk about the JDLA having been breached or terminated," *id.* at 312:24-313:9, yet Netlist has included exhibits and deposition designations on those issues. The Court also held that "the prejudice exceeds the probative value" with respect to documents relating to Netlist's dispute before the Korean Tax Authority, Ex. 5 at 345:19-23, but Netlist has indicated that it may try to introduce such evidence through its experts, *id.* at 352:21-25. If Netlist introduces such prejudicial matters, they will require a response from Mr. Ji.

"[a]rrangements must already have been made," Dkt. 806 at 1, are disingenuous.

**Netlist is on notice of the substance of each witness's testimony.** Samsung's initial disclosures identify the four fact witnesses and their areas of knowledge, and Samsung's expert reports set forth the contours of their expected testimony. Netlist has had the benefit of robust discovery, and knows well the scope of each witness's expected testimony. Thus, Netlist's complaints that it cannot reasonably prepare for cross-examination, Dkt. 806 at 3, ring hollow.

**Netlist's "will call" list prejudices Samsung in a way that Samsung's list does not.** Netlist identified witnesses for only its case-in-chief, "reserv[ing] the right to call *the foregoing or other live witnesses* in its rebuttal case, depending on Samsung's presentation of evidence." Ex. 2. Netlist subsequently reserved the right to call its own live witnesses and Samsung's eight "will call" witness in its rebuttal case. Ex. 3 at 1. Netlist's motion now pares this back, reserving the right to call its three live witnesses and Mr. Park. Dkt. 806 at 3. Netlist has continually changed who it "reserves" to call in rebuttal, and failed to identify a single "will call" rebuttal witness. Netlist's gripe that it must prepare for "witnesses Samsung may not actually call" and "reserve time," *id.* at 2, applies with even more force to Samsung's preparations.

**If the Court grants Netlist's motion, it should apply the same sanction to Netlist.** If the Court grants Netlist any relief, then the Court should apply the Goose/Gander Rule: Netlist should be precluded from presenting any live witness testimony in its rebuttal case, or else Netlist should be subject to the 30 minute deduction for any of its four potential rebuttal witnesses it does not ultimately call.

### III. CONCLUSION

Netlist's motion should be denied. If not, Netlist should not be permitted to provide live testimony in its rebuttal case based on its own deficient disclosure, or at a minimum, subject to the same 30 minute trial time reduction for any uncalled witnesses that it proposes for Samsung.

3

Dated: November 5, 2024

Respectfully submitted,

By: */s/ Daniel A. Tishman*

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:    (903) 934-8450<br>Facsimile:     (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:   (415) 955-6571 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 5, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

    /s/ Daniel A. Tishman