# Exhibit 5

```
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF TEXAS
 2                       MARSHALL DIVISION

 3   NETLIST, INC.,                 (  CAUSE NO. 2:22-CV-293-JRG
                                    )
 4          Plaintiff,              (
                                    )
 5   vs.                            (
                                    )
 6   SAMSUNG ELECTRONICS CO., LTD., (
     et al.,                        )  MARSHALL, TEXAS
 7                                  (  OCTOBER 9, 2024
            Defendants.             )  9:00 A.M.
 8   _____

 9

10                           VOLUME 2

11

12   _____

13                       PRETRIAL CONFERENCE

14
             BEFORE THE HONORABLE RODNEY GILSTRAP
15            UNITED STATES CHIEF DISTRICT JUDGE

16   _____

17

18

19

20

21

22              SHAWN McROBERTS, RMR, CRR
                   100 E. HOUSTON STREET
23               MARSHALL, TEXAS  75670
                     (903) 923-8546
24          shawn_mcroberts@txed.uscourts.gov

25
```

1   don't know.  They're here to testify as a fact witness based
2   on what their personal knowledge is, and the examination
3   should be confined to what they know and what they have
4   personal knowledge of.  Not asking them specifically about
5   what you know they don't know in an attempt to diminish their
6   impact.
7       I'm not going to grant this motion, but I am going to be
8   mindful of what's actually going on with witnesses, and if a
9   party thinks a line's been crossed, they need to raise it with
10  the Court at that juncture.
11      That brings us to Defendants' MIL No. 2, which seeks to
12  exclude evidence or argument on corporate representatives'
13  lack of knowledge outside of personal knowledge or 30(b)(6)
14  topics.  And this I think is more targeted, and I'm going to
15  grant this motion in limine.  Again, much along the lines that
16  I've just discussed, if they're a 30(b)(6) witness then
17  they're expected -- or if they've been deposed as a 30(b)(6)
18  witness they are expected to know the matters they were
19  noticed on, and if on deposition they admitted they were not
20  prepared on a matter that had been properly noticed for
21  30(b)(6) purposes, that's fair game; but they're not to be
22  examined on what's outside of what they've been designated on
23  for 30(b)(6) or what they have personal knowledge of.
24      Turning to Defendants' MIL No. 3, it seeks to exclude
25  evidence or argument on the JDLA, including its alleged breach

1   or termination and its use as proof that Samsung allegedly
2   needs a license to Netlist's patents.  I'm going to try to
3   handle this, counsel, in much the same way that we did in the
4   prior trial.  We are not going to talk about the litigation in
5   the Central District of California--full stop; we are not
6   going to talk about the JDLA having been breached or
7   terminated; we're going to talk about it existed from this
8   point in time to that point in time, and after that point in
9   time it was no longer applicable or existed.
10          We're not going to talk about who violated, breached it,
11  whose fault it was.  We're simply going to talk about the
12  points in time when it existed and when it no longer existed,
13  when it was in effect and it was no longer in effect.  That's
14  the proper approach.
15          And to those extents and to that extent, I'm going grant
16  the MIL.  Beyond that, I'm going to deny the MIL.
17                  MR. CORDELL:  Your Honor, I hate to interrupt, but
18  can I be heard on the JDLA.
19                  THE COURT:  I'm not quite finished, Mr. Cordell.  I
20  haven't got to the next MIL.  Let me check my notes.
21          Now, I'm not going to limit Netlist to being prevented
22  from referencing the JDLA until Samsung opens the door on
23  that.  To that extent, the MIL's denied.  But the Court's not
24  going to allow Netlist to argue that Samsung infringes because
25  it was previously licensed and now it's not licensed.  It's

```
1              MR. SHEASBY:  Thank you, Your Honor.
2              MR. TISHMAN:  May I respond, Your Honor?
3              THE COURT:  You may; about 30 seconds, Mr. Tishman.
4    We've got a lot of grounds to cover.
5              MR. TISHMAN:  I want to raise just a couple of quick
6    things.
7         One, willfulness was mentioned.  I just wanted to point
8    out, Your Honor, this statement was made during a period of
9    licensure prior to any willfulness, based on Your Honor's
10   summary judgment rulings.
11        Two, that the statements that Mr. Sheasby said are the
12   exact things that I said they were going to say about these
13   documents, which is that they invented LRDIMM--I showed you
14   that's not what the document says--and that they were
15   important enough to take a license, which is not what it says.
16   Instead, Your Honor, it says that we wished to avoid a patent
17   infringement lawsuit.
18        These are also during a period in which --
19             THE COURT:  Let me stop you, Mr. Tishman.  I've
20   heard enough.
21        I'm going to sustain the objection.  This category is
22   not pre-admitted.  I think the prejudice exceeds the probative
23   value.
24        Let's go to the next category, which is documents
25   purporting to show knowledge of patents where PX 8 is
```

1  Plaintiff's objections to Defendants' exhibits, I'm going to
2  sustain the objection.  These are not pre-admitted.  Much like
3  I did with Plaintiff's Exhibits 18 and 19, these are addressed
4  by the experts.  They can be used as demonstratives, but the
5  experts' testimony is the real testimony here, and I don't
6  mind these being supported by way of demonstrative.  I don't
7  see with the expert live on the witness stand that they rise
8  to the level of being pre-admitted as exhibits.  So these
9  exhibits DX -- DTX 3, 4, 5, 6, 7, 16, 17, 18 are not
10 pre-admitted.
11       All right.  We've dealt with category 2, and that brings
12 us to what's left of category 3--JEDEC documents relevant only
13 to the issue of standard essentiality.
14       I've pre-admitted DTX 27 and 28, but that still leaves
15 DTX 2, 11, and 29 here.  What's the status of these?
16            MR. SHEASBY:  Your Honor, there's still an
17 objection.
18       May I ask a point of clarification about what you just
19 said?
20            THE COURT:  You may.
21            MR. SHEASBY:  You previously excluded the two
22 questionnaires from evidence, but they are discussed
23 extensively in the reports.  Does that same procedure apply
24 that they can be used by the experts within the four corners
25 of their non-stricken reports?