UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>　　　　Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION TO
NETLIST'S MOTION REQUESTING THE ISSUANCE OF A
TRIAL DEPOSITION SUBPOENA FOR DR. ANDREAS GROEHN (DKT. 808)**

## **TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | Plaintiff Netlist, Inc.'s Trial Witness List (Jan. 29, 2024) |
| 2 | Email from Plaintiff's counsel (April 15, 2024) |
| 3 | Email from Plaintiff's counsel (April 18, 2024) |
| 4 | *Netlist v. Micron*, No. 2:22-CV-294, Trial Transcript Excerpts (May 21, 2024) |
| 5 | Email Between Counsel (October 24, 2024) |
| 6 | Email Between Counsel (October 31, 2024) |
| 7 | Public Records Search: Andreas Groehn |

The Court should deny Netlist's improper motion to issue a trial deposition subpoena for its own witness—Dr. Groehn—that Netlist never intended to call.  Indeed, Netlist sought to subpoena its own expert for a brand new *de bene esse* deposition in order to put on his direct examination only **after** Samsung asked Netlist to accept service of a subpoena on him, after Netlist refused, and after Samsung indicated it would seek leave to play his deposition testimony at trial.  Netlist did not include Dr. Groehn on any version of its "will call" list.  Netlist never informed the Court of his unavailability despite this case being specially set and the Court expecting "the parties to take all steps necessary to be ready to go forward with trial as scheduled."  Dkt. 781.  Only after Samsung (again) challenged the propriety of Netlist presenting a damages case without Dr. Groehn, after receiving Netlist's final witness list,[1] did Netlist finally admit he was unavailable.  Given that he has already been deposed, designations from his original deposition should be used at trial.  It would be highly prejudicial to allow Netlist to introduce new deposition testimony from its own expert at this stage.

## I.    BACKGROUND

Netlist never listed Dr. Groehn as a "will call" witness in this case.  Ex. 1 at 2.  In fact, Netlist has never actually called Dr. Groehn as a witness in **any** trial, despite Mr. Kennedy's reliance on Dr. Groehn's regression model as the foundation for his damages analysis in every Netlist case in this Court.  In *EDTX1*, for example, Netlist never called Dr. Groehn, dropping him as a witness during trial.  *See* Ex. 2; Ex. 3.  It did the same in the *Micron* case.  Ex. 4 at 650:1-4 ("Given there was no objection to the regression, he will not be called.").

Samsung has long objected to Mr. Kennedy being the mouthpiece for Dr. Groehn's

---

[1] "An expert cannot parrot the opinions and conclusions of other experts whose testimony is not subject to cross-examination." *Bonin v. Sabine River Auth. Oyou hsf Texas*, No. 1:19-CV-00527-MJT, 2022 WL 19731177, at *6 (E.D. Tex. Nov. 9, 2022), *adopted*, 2022 WL 19731176 (E.D. Tex. Dec. 20, 2022).

analysis—a lynchpin of Netlist's affirmative damages case and thus its case-in-chief (not its rebuttal case). *See* Dkt. 346 at 7. It was not until after the deadline for serving deposition designations that Netlist actually indicated that Dr. Groehn will not testify and is unavailable. Specifically, when Netlist disclosed its final live witness list on October 23, 2024, based on the Court's Order, Netlist did not list Dr. Groehn. Ex. 5 at 2. Samsung objected, and Netlist confirmed it did not intend to call Dr. Groehn in any part of its case. Ex. 5 at 1. On October 31, 2024, Samsung asked whether Netlist would accept a trial subpoena for Dr. Groehn; in response, Netlist finally admitted that Dr. Groehn was unavailable for trial all along. Ex. 6 at 2-3. Based on Dr. Groehn's unavailability, Samsung immediately informed Netlist it would follow the procedure prescribed for unavailable witnesses under the Federal Rule of Civil Procedure 32(a)(4) and seek leave to play deposition testimony of Dr. Groehn as part of its case. Ex. 6 at 1.

## II.   ARGUMENT

**Netlist cannot introduce Dr. Groehn's testimony through a trial deposition.** A party may "use for any purpose the deposition of a witness" upon a finding that "the witness is more than 100 miles from the place of hearing or trial or is outside the United States" or "the party offering the deposition could not procure the witness's attendance by subpoena." Fed. R. Civ. P. 32(a)(4) (B) & (D). Because Dr. Groehn is unavailable for trial, ***Samsung*** may introduce his deposition testimony. Fed. R. Civ. P. 32(a)(4).[2] But that does not mean that ***Netlist*** may obtain and rely on new, additional deposition testimony of its own expert for use at trial in response to Samsung's motion for leave to play his former testimony pursuant to Rule 32.

Netlist does not need a new deposition to call Dr. Groehn. He is Netlist's retained expert witness, required by contract to testify should Netlist so demand. Netlist sought to subpoena its

---

[2] Dr. Groehn's deposition testimony is admissible under Rule 32(a)(4) because he is located more than 100 miles from the EDTX, and Samsung could not procure his attendance. *See* Dkt. 805-5 (Netlist's counsel refusing to accept service of a subpoena); Ex. 7 (Virginia residence).

2

own expert only *after* Samsung said it would seek leave to play the deposition testimony of Dr. Groehn set forth by Rule 32(a)(4) for unavailable witnesses. If Netlist did not like the answers that Dr. Groehn provided at his deposition, it could have followed up on redirect at the original deposition. Thus, Netlist's assertion that Samsung's use of Dr. Groehn's deposition is "highly prejudicial," Dkt. 808 at 1, rings hollow. This is particularly true given that Netlist likely at least contemplated that it would not call him as a trial witness (given its decision not to do so in *EDTX1*) and Netlist's failure to promptly inform the Court (or Samsung) that its own witness was not available for the scheduled trial date.[3] In any event, Netlist can provide reasonable counter-designations for completeness. Indeed, Netlist's counsel followed this process in this Court to present testimony of Samsung's retained expert in the more recent *G+ Communications* trial.

**To permit Netlist to introduce new deposition testimony on the eve of trial would severely prejudice Samsung.** Netlist has definitively confirmed that Dr. Groehn will not be one of its live trial witnesses, having excluded him repeatedly from its "will call" list, despite Netlist's damages expert's reliance on his opinion. Therefore, Samsung reasonably believed that his testimony would be limited to the testimony Samsung and Netlist designate from his deposition, should the Court grant Samsung's motion. *See* Dkt. 805. Netlist should not be permitted to expand his testimony without bringing him to trial live.

### III.  CONCLUSION

Accordingly, the Court should deny Netlist's motion.

---

[3] Netlist's motion says Dr. Groehn must testify in the Southern District of California, but Netlist has not shown that it even asked the court there to accommodate this Court's trial schedule. Netlist could have sought a schedule accommodation so that Dr. Groehn could testify in person in both cases or to allow remote live testimony there.

Dated: November 5, 2024

Respectfully submitted,

By: */s/ Daniel A. Tishman*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:      (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;
Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 5, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

    /s/ Daniel A. Tishman