**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO, LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG SEMICONDUCTOR INC.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:22-CV-00293-JRG |

**ORDER ON PRETRIAL MOTIONS, MOTIONS *IN LIMINE*, AND EXHIBITS**

The Court held a Pretrial Conference in the above-captioned matter on October 8–9, 2024 regarding pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff Netlist, Inc. ("Plaintiff") and Defendants Samsung Electronics Co, LTD, Samsung Electronics America, Inc., and Samsung Semiconductor Inc. ("Defendants" and collectively with Plaintiff, the "Parties"). (Dkt. Nos. 338, 341, 342, 343, 346, 350, 353, 355, 356, 358, 359, 374, 383, 611, 612, 669, 776.) This Order memorializes the Court's rulings on the pretrial motions and MILs as announced from the bench and read into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

1. **Plaintiff Netlist's Proffer Regarding Standard Essentiality (Dkt. No. 776), Plaintiff Netlist, Inc.'s Motion for Summary Judgment that the Asserted Patents are not Standard Essential (Dkt. No. 356), Samsung's Motion to Preclude Evidence Regarding the Alleged Essentiality of the Asserted Patents (Dkt. No. 374), and Samsung's Corrected Motion to Bifurcate Liability Issues from License Defense, Damages, and Willfulness Issues (Dkt. No. 383)**

The Parties stated on the record that U.S. Patent Nos. 7,619,912 (the "'912 Patent"), 11,093,417 (the "'417 Patent") and 10,268,608 (the "'608 Patent" and with the '912 and '417 Patents, the "Asserted Patents") are not standard essential patents. In view of this agreement, the Court **DENIED** the motions filed at Dkt. Nos. 776, 356, and 374 as moot. The Court further **DENIED** the motion filed at Dkt. No. 383. The Court will conduct trial in this case as exclusively dealing with non-standard essential patents.

2. **Samsung's Motion for Summary Judgment of No Pre-Suit Damages (Dkt. No. 338)**

The motion was **GRANTED-IN-PART and DENIED-IN-PART**. The Court found that there was no pre-suit notice of infringement of any of the Asserted Patents as to the RDIMM accused products. Accordingly, the Court **GRANTED** this potion of the motion. With respect to the LRDIMM accused products, the Court found that there is a material question of fact as to whether Defendants received notice of the '417 and '608 Patents as of June 8, 2022. Accordingly, Plaintiff is entitled to seek pre-suit damages as to the '417 and '608 Patents on the LRDIMM accused products as of and from June 8, 2022. The Court further found that there is a question of material fact as to whether Defendants received notice of the '912 Patent as of April, 2015 with respect to the LRDIMM accused products. Accordingly, Plaintiff is entitled to seek pre-suit damages as to the '912 Patent with respect to the LRDIMM accused products as of and from the termination date of the JDLA on July 15, 2020. The Court **DENIED** the motion in all other respects.

**3. Samsung's Motion for Summary Judgment of No Willfulness (Dkt. No. 341)**

The motion was **GRANTED-IN-PART and DENIED-IN-PART**. As the Court found there was no pre-suit notice of the RDIMM accused products, the Court **GRANTED** the motion with respect to pre-suit willfulness regarding those products. With respect to the LRDIMM products, the Court found that there are questions of material fact as to whether Defendants willfully infringed (1) the '912 Patent as of July 15, 2020, and (2) the '417 and '608 Patents as of June 8, 2022. Accordingly, the Court **DENIED** the motion in all other respects.

**4. Samsung's Motion for Partial Summary Judgment of Noninfringement Concerning the '912 Patent (Dkt. No. 353)**

The motion was **DENIED**. The Court found that there is a genuine dispute of material fact that precludes entry of summary judgment in this regard.

**5. Netlist, Inc.'s Motion for Partial Summary Judgment on Samsung's Invalidity Defenses (Dkt. No. 343)**

The motion was **GRANTED**. The Court found that the prior art references at issue reasonably could have been raised during *inter partes* review.

**6. Netlist, Inc.'s Motion for Summary Judgment Dismissing Samsung's Affirmative Defense of Laches, Estoppel, and/or Waiver (Dkt. No. 342)**

The motion was **CARRIED**.

**7. Samsung's *Daubert* Motion and Motion to Strike Expert Testimony of Dr. William Henry Mangione-Smith (Dkt. No. 350)**

The motion was **GRANTED-IN-PART and DENIED-IN-PART**. The Court **GRANTED** the motion with respect to several subparts of the expert's report at paragraphs 25, 26, 42, 43, 57, 72, 81–89, 157–161, and 242, and ordered those portions of the expert report to be **STRUCK**. The Court **DENIED** the motion in all other respects.

**8. Plaintiff Netlist, Inc.'s Motion to Strike Certain Opinions of Samsung Defendants' Expert Mr. Joseph McAlexander (Dkt. No. 359)**

The motion was **GRANTED-IN-PART and DENIED-IN-PART**. The Court **GRANTED** the motion with respect to several subparts of (1) the expert's opening report at paragraphs 87–98, 110–112, 122, 149, and 340, and (2) the expert's rebuttal report at paragraphs 127, 128, 181, 182, 186, 192, 193, 198, 203, 205, and 208. The Court ordered those portions of the opening and rebuttal reports to be **STRUCK**. The Court further found that Mr. McAlexander's prior invention and derivation theories improperly include multiple references, and the Court **ORDERED** that Mr. McAlexander shall not offer these theories at trial. Finally, the Court **ORDERED** that Mr. McAlexander shall not testify at trial as to inequitable conduct, unclean hands, prosecution laches, and standard-based estoppel. The Court **DENIED** the motion in all other respects.

**9. Plaintiff Netlist, Inc.'s Motion to Strike Certain Opinions of Defendants' Expert John B. Halbert (Dkt. No. 358)**

The motion was **DENIED**.

**10. Samsung's *Daubert* Motion and Motion to Strike Expert Testimony of David Kennedy (Dkt. No. 346)**

The motion was **GRANTED-IN-PART and DENIED-IN-PART**. The Court **GRANTED** the motion with respect to Mr. Kennedy's discussion of the Rambus agreement. The Court further **ORDERED** that Mr. Kennedy's discussion of *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-00463 (E.D. Tex.) ("*Samsung I*") shall be subject to the Court's standing *limine* orders. Further, the Court expressly **DIRECTED** the Parties to seek leave prior to eliciting any testimony on or making any reference to *Samsung I*. The Court **DENIED** the motion in all other respects.

**11. Netlist Inc.'s Motion to Strike Portions of the Rebuttal Expert Report of Lauren Kindler (Dkt. No. 355) and Netlist Inc.'s Motion to Strike Supplemental Rebuttal Expert Report of Lauren Kindler (Dkt. No. 669)**

The motion to strike the rebuttal expert report was **GRANTED-IN-PART and DENIED-IN-PART**. The Court **GRANTED** the motion with respect to several subparts of the expert's report at paragraph 70 and the last sentence of paragraph 231, and ordered those portions of the expert report to be **STRUCK**. The Court further **ORDERED** that Ms. Kindler's discussion of prior litigation shall be subject to the Court's standing *limine* orders. Further, the Court expressly **DIRECTED** the Parties to seek leave prior to eliciting testimony on or making any reference to prior litigations. The Court **DENIED** the motion in all other respects.

The motion to strike the supplemental rebuttal expert report was **DENIED**.

**MOTIONS *IN LIMINE***

In addition to the Court's Standing Order on Motions *In Limine* issued August 11, 2023, it is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

1. **Plaintiff's Motions *In Limine* (Dkt. No. 611)**

Plaintiff's MIL 1 **Preclude Samsung from Presenting any Evidence or Argument that SK hynix's Supply Obligation to Netlist is Not Legally Binding on SK hynix.**

The MIL was **GRANTED**.

Plaintiff's MIL 2 **Preclude Samsung from Presenting Any Allegation that Netlist Has Failed to Comply With JEDEC Obligations.**

The MIL was **DENIED**.

Plaintiff's MIL 3 **Preclude Samsung from Presenting Evidence, Argument, or Testimony that Practicing a Standard is a Defense to Infringement or Willfulness.**

The MIL was **DENIED** as moot.

Plaintiff's MIL 4 **Preclude Samsung from Presenting Testimony on Non-infringement or Claim Terms from Fact Witnesses.**

The MIL was **DENIED**. However, the Court clarified that fact witnesses shall be limited to testifying within their personal knowledge as opposed to giving expert testimony.

Plaintiff's MIL 5 **Preclude Samsung from Presenting any Evidence or Argument Regarding RAND Obligations or any Alleged Failure to License Patents-in-Suit on RAND Terms.**

The MIL was **DENIED** as moot.

2. **Defendants' Motions *In Limine* (Dkt. No. 612)**

Defendants' MIL 1 **Exclude Evidence and Argument That Employees Lack Knowledge of Patents, Noninfringement Positions, or NIAs.**

The MIL was **DENIED**. However, the Court clarified that counsel should not attempt to dimmish the importance of employee witnesses by what they have or have not done or know. Such

witnesses are to testify solely within their personal knowledge, and any examination shall be confined to what such witnesses know.

Defendants' MIL 2 **Exclude Evidence or Argument on a Corporate Representative's Lack of Knowledge Outside of Personal Knowledge or 30(b)(6) Topics.**

The MIL was **GRANTED**.

Defendants' MIL 3 **Exclude Evidence or Argument on the JDLA, Including Its Alleged Breach or Termination, and Its Use as Proof That Samsung Allegedly Needs a License to Netlist's Patents.**

The MIL was **GRANTED**. The Court clarified that the Parties are prohibited from discussing or referencing the C.D. Cal. litigation and breach/termination of the JDLA. The Court further clarified that Plaintiff shall not argue or imply that Defendants infringe because Defendants were previously licensed and now are not licensed. However, the Court stated that it will not prevent Plaintiff from referring to the JDLA. If either party feels that the other has opened the door to anything precluded in this ruling, it must seek and obtain leave from the Court before raising it in any way before the jury.

Defendants' MIL 4 **Exclude Evidence and Argument Regarding Any Valuation of JDLA Supply Provision.**

The MIL was **DENIED**.

Defendants' MIL 5 **Exclude Evidence and Argument That Implies That Foreign Companies and/or Foreign Nationals Do Not Follow U.S. Law or Commit Crimes.**

The MIL was **GRANTED**.

**EXHIBIT DISPUTES**

The Court ruled on exhibit list issues. In light of the Court's rulings, the most recently filed exhibit lists are now out of date. Accordingly, the Parties are **ORDERED** to file updated exhibit lists by Thursday, November 7, 2024 which reflect the Parties' agreements as announced into the record and the specific rulings of the Court on disputed exhibits.

**So ORDERED and SIGNED this 6th day of November, 2024.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE