UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION FOR LEAVE TO SERVE AND FILE
DEPOSITION DESIGNATIONS FOR DR. ANDREAS GROEHN OUT OF TIME**

Samsung respectfully requests that the Court permit it to serve and file the attached deposition designations for Netlist's regression expert, Dr. Andreas Groehn (Ex. 1), corresponding with the attached testimony (Ex. 2).

**I.   BACKGROUND**

Witness lists and deposition designations were due with the joint pretrial order, initially filed on March 15, 2024, Dkt. 694, and updated on September 6, 2024, Dkt. 777. At that time, Samsung did not include deposition designations for Netlist's expert, Dr. Groehn. On October 23, 2024, Netlist provided its "Final Witness List," which did not include Dr. Groehn, but did include Mr. Kennedy, who relies on Dr. Groehn's regression analysis for his damages opinions. Ex. 3. Samsung informed Netlist that it objects to Netlist introducing Dr. Groehn's regression analysis through Mr. Kennedy, Ex. 4, and inquired whether Netlist would accept service of a subpoena for Dr. Groehn, so that Samsung can cross-examine him regarding his regression analysis, Ex. 5—which Mr. Kennedy blindly adopts and applies. In response, Netlist informed Samsung for the first time that Dr. Groehn is not available for trial. Ex. 5 ("Dr. Groehn has a

1

pre-scheduled trial during the first week of our trial. ███████████████████████

███████████████████████.").

## II.    LEGAL STANDARD

The Court must consider four factors to determine whether to permit deposition designations served after the deadline in the docket control order: "(1) [The party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the objecting party] in allowing the evidence, and (4) the availability of a continuance." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).

## III.    ARGUMENT

### A.    Explanation

Samsung did not expect to need to rely on deposition designations for Dr. Groehn because Netlist relies on his regression analysis through Mr. Kennedy's damages report. The parties do not typically exchange deposition designations for experts because the parties' experts typically testify at trial. Samsung indicated in its *Daubert* motion as to Mr. Kennedy that it objects to Mr. Kennedy's introducing Dr. Groen's analysis if Dr. Groehn does not testify at trial. Dkt. 346 at 7. It was not until after the deadline for serving deposition designations that Netlist indicated Dr. Groehn will not testify and is not available.

### B.    Importance

It is important that the jury hear Samsung cross-examine Dr. Groehn as to his regression analysis in his deposition, since Netlist refuses to bring him to trial yet will attempt to have Mr. Kennedy serve as a mouthpiece for Dr. Groehn's opinions.[1] Otherwise, the jury will have no

---

[1] Such an approach is improper and Samsung reserves all objection to it. "An expert cannot parrot the opinions and conclusions of other experts whose testimony is not subject to cross-examination." *Bonin v. Sabine River Auth. Oyou hsf Texas*, No. 1:19-CV-00527-MJT, 2022 WL

way of evaluating his credibility, or evaluate the reliability of his analysis on which Netlist rests its demand for over ■■■ in damages.

### C. Prejudice

Samsung would be prejudiced if it could not put on this important testimony, demonstrating the unreliability of Dr. Groehn's analysis. Indeed, in denying Samsung's motion for judgment as a matter of law as to damages in the *EDTX1* case, the Court noted that Samsung could have called Dr. Groehn to testify if it wished to cross-examine him. *EDTX1*, Dkt. 608 at 57-58. By contrast, there is no prejudice to Netlist, whose failure to call him—despite Mr. Kennedy's reliance on Dr. Groehn's analysis—in seeking over ■■■ in damages necessitates the designations. Furthermore, Netlist was present at his deposition with an opportunity to examine him and will have the opportunity to provide reasonable counter-designations for completeness.

### D. Continuance

There is no need for a continuance to permit Samsung's deposition designations, and this trial has been specially set for November 12, 2024.

## IV. CONCLUSION

Accordingly, Samsung respectfully requests that the Court permit it to serve and rely on the attached deposition designations (Exs. 1-2).

---

19731177, at *6 (E.D. Tex. Nov. 9, 2022), *adopted*, 2022 WL 19731176 (E.D. Tex. Dec. 20, 2022)

3

Dated: November 1, 2024                    Respectfully submitted,

By:   /s/ Daniel A. Tishman

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:     (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 1, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

 /s/ Daniel A. Tishman

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred on October 31, 2024. Jennifer Trulove attended for Plaintiff and Melissa Smith attended for Defendants. The parties discussed their positions on this motion, which ended conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that they oppose this motion.

 /s/ Daniel A. Tishman