IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| SAMSUNG ELECTRONICS CO, LTD., § | CIVIL ACTION NO. 2:22-CV-00293-JRG |
| SAMSUNG ELECTRONICS AMERICA, § | |
| INC., and SAMSUNG SEMICONDUCTOR § | |
| INC., § | |
| § | |
| *Defendants*. § | |

# ORDER

Before the Court are the following five opposed motions (the "Motions"):

1. Samsung's Motion to Strike Netlist's Belated Disclosures, Including: (1) The Oct. 30, 2024 Amended Exhibits of Mr. David Kennedy; and (2) Netlist's Third Supplemental Deposition Designations (Dkt. No. 804, the "Motion to Strike")

2. Samsung's Motion for Leave to Serve and File Deposition Designations for Dr. Andreas Groehn Out of Time (Dkt. No. 805, the "Motion for Leave")

3. Netlist, Inc.'s Motion to Enforce the Court's Pretrial Order Regarding Final Witness Lists (Dkt. No. 806, the "Motion to Enforce")

4. Netlist, Inc.'s Motion Requesting the Issuance of a Trial Deposition Subpoena for Dr. Andreas Groehn (Dkt. No. 808, the "Motion for a Trial Deposition Subpoena")

5. Netlist's Motion to Strike Prior Art Exhibits in Light of Samsung Dropping All § 102 and § 103 Invalidity Defenses (Dkt. No. 821, the "Motion to Strike Exhibits")

Having considered the Motions, exhibits thereto, and associated briefing, for the following reasons, the Court finds that (1) the Motion to Strike (Dkt. No. 804) should be **GRANTED**, (2) the Motion for Leave (Dkt. No. 805) and the Motion for a Trial Deposition Subpoena (Dkt. No. 808) should be **DENIED**, (3) the Motion to Enforce (Dkt. No. 806) should be **DENIED**, and (4) the Motion to Strike Exhibits (Dkt. No. 821) should be **DENIED**.

I.  **MOTION TO STRIKE (DKT. NO. 804)**

In the Motion to Strike, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor Inc. (collectively, "Defendants" or "Samsung") request the Court to strike two items produced by Plaintiff Netlist, Inc. ("Plaintiff" or "Netlist" and with Defendants, the "Parties"). (Dkt. No. 804 at 1.) First, Defendants request that the Court strike "Mr. Kennedy's supplemental damages exhibits (Ex. A), served on October 30, 2024, which more than double the per-unit rate and add more than $1 billion in damages with less than two weeks to go before trial." (*Id.*) Second, Defendants request that the Court strike "Netlist's eleventh-hour deposition designations (Ex. B)—served after the Court already rejected Netlist's efforts to supplement its deposition designations because of Netlist's lack of diligence." (*Id.*)

   A.  **Mr. Kennedy's Supplemental Damages Exhibits**

The Court finds that this portion of the Motion to Strike should be **GRANTED**. The Court agrees with Defendants that Plaintiff is improperly attempting to shift its damages theories to try to increase projected damages. No new information has been disclosed that justifies the supplemental exhibits. Plaintiff's and Mr. Kennedy's belated supplemental damages exhibits unduly prejudice Defendants. Accordingly, it is **ORDERED** that Mr. Kennedy's supplemental damages exhibits should be and hereby are **STRUCK**.

   B.  **Supplemental Deposition Designations**

The Court finds that this portion of the Motion to Strike should be **GRANTED**. Trial is set to begin next week. This case has been delayed several times, and Plaintiff has already requested leave to serve supplemental deposition designations. The Court will not permit supplemental deposition designations at this late hour under an alleged "purpose of completeness." (Dkt. No. 814 at 3.) Counsel for Plaintiff should have recognized that the designations were "incomplete"

2

months ago. Accordingly, it is **ORDERED** that Plaintiff's supplemental deposition designations should be and hereby are **STRUCK**.

## II. MOTION FOR LEAVE (DKT. NO. 805) AND MOTION FOR A TRIAL DEPOSITION SUBPOENA (DKT. NO. 808)

The Court finds that the Motion for Leave and the Motion for a Trial Deposition Subpoena should be **DENIED**. As Defendants admit, the deadlines for identifying witnesses and designating deposition testimony passed months ago. (Dkt. No. 805 at 2.) Defendants did not identify Dr. Groehn as a potential witness, nor did they designate any of his deposition testimony in accordance with the Court's deadlines. Defendants did not indicate that they wanted to call Dr. Groehn in any capacity until October 31, 2024. It is too late for Samsung to call Dr. Groehn—whether by deposition designation or as a live witness. Accordingly, it is **ORDERED** that the Motion for Leave (Dkt. No. 805) should be and hereby is **DENIED**.

The Motion for a Trial Deposition Subpoena is contingent upon the Court finding that Defendants are entitled to call Dr. Groehn. (Dkt. No. 808 at 2.) Given that the Court has already found that Defendants may not call Dr. Groehn, it is **ORDERED** that the Motion for a Trial Deposition Subpoena (Dkt. No. 808) should be and hereby is **DENIED AS MOOT**.

## III. MOTION TO ENFORCE (DKT. NO. 806)

The Court finds that the Motion to Enforce should be **DENIED**. Defendants have provided sufficient assurances that their Final Exhibit List is in fact final. As Defendants correctly recognize, "[c]ertain witnesses may be rendered unnecessary depending on the evidence Netlist introduces," and "[s]uch is the reality of presenting a rebuttal case." (Dkt. No. 815 at 2.) Accordingly, the Court finds that the Motion to Enforce (Dkt. No. 806) should be and hereby is **DENIED**.

## IV.     MOTION TO STRIKE EXHIBITS (DKT. NO. 821)

The Court finds that the Motion to Strike Exhibits should be **DENIED**. According to Plaintiff, Defendants stated that they will not pursue at trial invalidity theories pursuant to 35 U.S.C. §§ 102 and 103. (Dkt. No. 821 at 1.) Plaintiff therefore requests the Court "to strike all exhibits that are alleged prior art references in Samsung's dropped 102/103 theories." (*Id.*) The exhibits Plaintiff seeks to strike have been preadmitted. If these exhibits are improperly used at trial, Plaintiff is free to object. However, the Court will not strike them less than a week before trial. Accordingly, it is **ORDERED** that the Motion to Strike Exhibits (Dkt. No. 821) should be and hereby is **DENIED**.

The Court further finds that Netlist's Motion to Expedite Briefing Schedule on Its Motion to Strike Prior Art Exhibits in Light of Samsung Dropping All § 102 and § 103 Invalidity Defenses (Dkt. No. 822) should be and hereby is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 8th day of November, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE