UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Civil No. 2:22-cv-00293-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |

## <u>SAMSUNG'S OBJECTIONS TO PRELIMINARY JURY INSTRUCTIONS</u>

Netlist's opening demonstratives (provided to Samsung today) illustrate the need to tailor the Court's standard preliminary jury instructions in light of the unique posture of this case. Specifically, Samsung respectfully submits that the preliminary jury instruction should: (1) inform the jury that Samsung's contention that the asserted claims of the patents-in-suit are invalid over prior art is not a question for the jury to decide in this case; (2) inform the jury that the JDLA is not evidence that Samsung ever needed a license to the Asserted Patents and the jury may not rely the JDLA as evidence of any infringement of any Netlist patent; and (3) not inform the jury that the claims of the '912 and '417 patent are presumed valid. As a result, Samsung objects to the Court's standard preliminary jury instructions. To avoid repeating the rationale for the second and third objections, which Samsung has previously provided the Court,[1] this brief addresses only the first objection in detail.

---

[1] *See* Dkt. 778, Ex. A at 17-18, (JDLA), 13-14, 20 (presumption of validity); *see also* Dkt. 818 at 7 ("The Court further clarified that Plaintiff shall not argue or imply that Defendants infringe because Defendants were previously licensed and now are not licensed.").

**I.      The Court Should Instruct the Jury That Invalidity Under Sections 102 and 103 Are Not Issues Before the Jury**

The unique circumstances of this case warrant a jury instruction that explains that the jury is not being asked to decide the issue of invalidity under 35 U.S.C. §§ 102 and 103, yet the jury should not assume that no such challenge has been made.  Samsung has stipulated that, "if the Patent Trial and Appeal Board ["PTAB"] institutes an IPR proceeding for [the patents-in-suit] on the grounds presented in Samsung's petition[s] [for each of those patents], Samsung will not pursue an invalidity defense in the Eastern District of Texas action (C.A. No. 22-293-JRG) that the patent claims subject to the instituted IPR are invalid based on grounds that were raised or reasonably could have been raised in the IPR."  Dkt. 343, Ex. 1 ('608 patent); *see also* Exs. 1-2 (*Sotera* stipulations for the '912 and '417 patents).

Not only did the PTAB institute IPRs for all three patents-in-suit, the PTAB has issued final written decisions finding the asserted claims of the '912 and '417 patent unpatentable over prior art Samsung raised in its IPR petitions.  Dkt. 735, Ex. 11 ('912 patent FWD); Dkt. 735, Ex. 12 ('417 patent FWD).  As a result, Samsung's trial presentation will not include invalidity under Sections 102 and/or 103.  Dkt. 817; Dkt. 821, Ex. 1 at 2.

Given the current status of Netlist's patents, it would be manifestly unjust for Netlist to argue, imply, or insinuate that Samsung "has no evidence" or "does not contend" that the patents-in-suit are invalid over prior art—particularly given the PTAB's final decisions finding the asserted claims of the '912 and '417 patents unpatentable.  Samsung's stipulation not to raise the prior art-based ground that it presented in its IPR petitions is equitable only if the jury will not be misled (by Netlist) into thinking that Samsung has no legitimate prior art-based invalidity defenses.  The policy behind the *Sotera* stipulation—to avoid having both the PTAB and the district court/jury address the same invalidity theories—does not contemplate that the stipulation

2

would be used to buttress a patentee's damages demand.  *See Sotera Wireless, Inc. v. Masimo Corp.*, IPR2020-01019, Paper 12 at 18-19 (PTAB Dec. 1, 2020); Pat. & Trademark Office, Memorandum: Interim Procedure for Discretionary Denials in AIA Post-Grant Proceedings with Parallel District Court Litigation, at 7 (June 21, 220), https://www.uspto.gov/sites/default/files/documents/interim_proc_discretionary_denials_aia_parallel_district_court_litigation_memo_20220621_.pdf ("When a petitioner stipulates not to pursue in a parallel district court proceeding the same grounds as in the petition or any grounds that could have reasonably been raised in the petition, it mitigates concerns of potentially conflicting decisions and duplicative efforts between the district court and the PTAB." (citing *Sotera*, Paper 12 at 18-19)).

In the *EDTX1* trial, where Samsung made similar *Sotera* stipulations, Netlist's counsel repeatedly argued to the jury that Samsung had no prior art-based invalidity theories as a way to encourage the jury to accept Netlist's wildly inflated damages demand.  *See, e.g.*, Dkt. 488 at 202:14-16 ("Do you expect to hear Samsung make arguments about these two patents being invalid at this trial?  No, I do not."); Dkt. 492 at 120:10-13 ("In your testimony today, you have not identified a single reference or design anywhere in the world that anticipates or renders obvious the '918 and '054 Patents.  Correct?").

Indeed, Netlist's opening slides in this case state: "Samsung expert in this case ***will not dispute***: All three Netlist patents are novel [and] All three Netlist patents are not-obvious." PD1.61 (Netlist opening demonstrative) (original emphasis, paragraphing omitted, emphasis added).  Samsung maintains that such arguments should open the door for Samsung to inform the jury of the PTAB proceedings for the patents-in-suit, including the PTAB's decisions finding the asserted claims of the '912 and '417 patent invalid.  However, at a minimum, the jury should not

be misled by Netlist into thinking that Samsung and its expert have no opinion or evidence that the asserted claims are invalid.

Netlist's "they admit validity" approach is particularly prejudicial for Samsung's willfulness defense.  Samsung diligently pursued IPR of the patents-in-suit, and these efforts have validated that pursuit.  Samsung justifiably believes that it is not infringing valid patents based, in part, on the progress of the IPR proceedings.  Samsung also respects the Court's standing MIL No. 6.  An equitable middle ground is to preclude Netlist from commenting on the absence of a prior art validity challenge and simply inform the jury that these issues are to be decided by others.

## II.     Proposed Instruction

Accordingly, Samsung respectfully asks the Court to provide the following instruction in its preliminary jury instructions:

> The Samsung Defendants deny that they are infringing any of the asserted claims of the patents-in-suit.  They also deny that any infringement has been willful.  And they contend that the asserted claims of the patents-in-suit are invalid because the patents' specifications do not contain a sufficient written description of the invention.  In addition, whether any of the asserted patents are invalid over prior art is not a question for you to decide in this case and you should draw no inference from the fact that you are not being asked to decide this issue.

Dated:  November 11, 2024

Respectfully submitted,

By:    */s/ Lauren A. Degnan*

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:     (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Daniel A. Tishman
DC Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 11, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).


 */s/ Lauren A. Degnan*