# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-cv-293-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO, LTD; | ) (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC.; SAMSUNG SEMICONDUCTOR | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

**NETLIST'S MOTION FOR DIRECTED VERDICT AS TO VALIDITY**

**TABLE OF CONTENTS**

**Page**

I.   LEGAL STANDARD ...................................................................................................1
II.  ANALYSIS .....................................................................................................................3
III. CONCLUSION ..............................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
  694 F.3d 1312 (Fed. Cir. 2012) ................................................................................................2

*Allergan USA, Inc. v. MSN Lab'ys Priv. Ltd.*,
  111 F.4th 1358 (Fed. Cir. 2024) ............................................................................................2, 6

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
  598 F.3d 1336 (Fed. Cir. 2010) (*en banc*) ........................................................................ 2, 4, 6

*CytoLogix Corp. v. Ventana Med. Sys., Inc.*,
  424 F.3d 1168 (Fed. Cir. 2005) ................................................................................................4

*Iridex Corp. v. Synergetics, Inc.*,
  478 F. Supp. 2d 1146 (E.D. Mo. 2007) ....................................................................................7

*Medtronic, Inc. v. Teleflex Innovations S.a.r.l.*,
  69 F.4th 1341 (Fed. Cir. 2023) .................................................................................................6

*MobileMedia Ideas LLC v. Apple Inc.*,
  780 F.3d 1159 (Fed. Cir. 2015) ................................................................................................2

*Pers. Audio, LLC v. Apple, Inc.*,
  No. 9:09-CV-111, 2011 WL 13142119 (E.D. Tex. June 22, 2011) .........................................7

*Regents of Univ. of Minn. v. AGA Med. Corp.*,
  717 F.3d 929 (Fed. Cir. 2013) ..................................................................................................2

*Rexnord Corp. v. Laitram Corp.*,
  274 F.3d 1336 (Fed. Cir. 2001) ................................................................................................7

*Soverain Softw. LLC, v. NewEgg, Inc.*,
  6:07 CV 511, Dkt. 434 (E.D. Tex. Aug. 11, 2010) ..................................................................2

*Sycamore IP Holdings LLC v. AT&T Corp.*,
  294 F. Supp. 3d 620 (E.D. Tex. 2018) .....................................................................................2

*Trading Techs. Int'l, Inc. v. Open E Cry, LLC*,
  728 F.3d 1309 (Fed. Cir. 2013) ................................................................................................5

**Statutes**

35 U.S.C. § 112 .......................................................................................................................1, 4, 5

**Page**

**Rules**

Fed. R. Civ. P. 50(a) .................................................................................................................. 1, 2, 7

Netlist moves under Rule 50(a) for judgment as a matter of law that each of the asserted claims is not invalid for lack of written description. Netlist files this motion now so it can be fully briefed before the charge conference. The entirety of Samsung's invalidity case presented at trial was contained within a handful of short questions-and-answers where its expert Mr. McAlexander did little more than state his general conclusion that each claim was invalid.[1] Mr. McAlexander did not identify a single claim limitation purportedly lacking written description in the specification, instead asserting generally that he "did not see" support for things like "distributed buffer concept" for the '417 patent, or in the '912 patent "a memory controller that one-to-one corresponds to what it knows is in the module device," despite there being no recitation of a "distributed buffer" or a "memory controller" anywhere in the respective claims. Trial Tr., 840:14-22; 846:12-847:4. For the '608 patent, Mr. McAlexander <u>did not even offer a conclusion that the claims lacked written description</u>, instead stating that "if the patent claim is broad enough to cover still having contribution from the memory controller that goes against what the patent claim is about so therefore it's not valid," apparently inviting the jury to find the claims indefinite or construe them to exclude certain functionality. Trial Tr., 817:16-22. Mr. McAlexander did not lay the foundation for who is a POSA. No reasonable jury could possibly find the claims invalid given the legal defects, and leaving Samsung's unsupported claims to be further argued in closing and deliberated upon by the jury can only serve to create confusion about the scope of the claims and their application to the infringement issues still to be decided.

I.  **LEGAL STANDARD**

"To satisfy the written description requirement of 35 U.S.C. § 112, 'the disclosure of the

---

[1] While Samsung has not yet rested its case, the only remaining witness is Samsung's damages expert Ms. Kindler, who is not qualified to opine on written description and offered no opinion on the subject in her expert report. Samsung has thus been "fully heard on [the] issue." Fed. R. Civ. P. 50(a)(1). Netlist also intends to move for judgment as a matter of law under Rule 50(a) on infringement, damages, and willfulness at the close of evidence.

- 1 -

application relied upon [must] reasonably convey[] to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date.' The written description requirement does 'not demand any particular form of disclosure, or that the specification recite the claimed invention in haec verba.'" *Sycamore IP Holdings LLC v. AT&T Corp.*, 294 F. Supp. 3d 620, 648 (E.D. Tex. 2018) (citing *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351-52 (Fed. Cir. 2010) (*en banc*)). While expert testimony can assist in demonstrating invalidity, "the proper inquiry must be into the specification first and then *guided* by expert testimony." *Allergan USA, Inc. v. MSN Lab'ys Priv. Ltd.*, 111 F.4th 1358, 1376 (Fed. Cir. 2024) (emphasis in original). Conclusory testimony about what the expert believes the inventors intended is insufficient; "[r]eliance on such testimony, untethered to the inventors' own description of the invention, would improperly take the written description inquiry outside the four corners of the specification." *Id.*

Where a party fails to make a prima facie case of invalidity, judgment as a matter of law is appropriate. *See Soverain Softw. LLC, v. NewEgg, Inc.,* 6:07 CV 511, Dkt. 434 at 22 (E.D. Tex. Aug. 11, 2010) (maintaining the court's pre-verdict grant of JMOL of no invalidity for failure to provide rational underpinning sufficient to support legal conclusion of invalidity). Grant of rule 50(a) motion is appropriate where a party asserting invalidity offers only conclusory expert testimony. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1327 (Fed. Cir. 2012) (upholding grant of "JMOL of no invalidity, which prevented Verizon's obviousness defense from reaching the jury" where "testimony by Verizon's expert was conclusory and factually unsupported"); *see also, e.g.*, *MobileMedia Ideas LLC v. Apple Inc.*, 780 F.3d 1159, 1172 (Fed. Cir. 2015) ("Conclusory statements by an expert … are insufficient to sustain a jury's verdict."); *Regents of Univ. of Minn. v. AGA Med. Corp.*, 717 F.3d 929, 941 (Fed. Cir. 2013) ("Conclusory expert assertions cannot raise triable issues of material fact …") (citing *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 1001 (Fed. Cir. 2008)).

## II. ANALYSIS

The entirety of Mr. McAlexander's testimony on written description is cited below. Mr. McAlexander did not even approach the level of analysis required to demonstrate invalidity by clear and convincing evidence for any asserted claim:

| Patent | McAlexander Testimony about Written Description |
|---|---|
| '608 | Q. Moving on to the second item regarding the '608 Patent, what is your conclusion as to invalidity for the '608 claims?<br>A. My conclusion is that the -- if the patent claim is broad enough to cover still having contribution from the memory controller, then that goes against what the patent claim is all about. So, therefore, it's not valid.<br>Q. And did you see quotes in the patent specification actually criticizing using memory controller for this type of thing?<br>A. Well, there was a number of places that -- in fact, I represented one of them. Basically they found that the memory controller was not sufficient to be able to do that. So the buffer circuit, according to the invention, was to take over that control and make that determination. In this case in Samsung's products that are accused, it is the controller that's making that determination. So I don't believe the claims are broad enough to cover where the determination is made in the controller.<br><br>Trial Tr. 817:16-818:9. |
| '417 | Q. And then going to invalidity for the '417 Patent, were you here for Dr. Mangione-Smith's testimony about whether he was accusing distributed data buffers of infringement?<br>A. Yes, I did.<br>Q. And did you see up on the screen the testimony from Mr. Solomon about whether his ideas had anything to do with distributed buffers? Did he work on distributed buffers?<br>A. What I saw in his testimony is he did not work on distributed buffers at all, was not even part of anything he was working with.<br>Q. And did you see any description in the patent itself about distributed buffers?<br>A. No.<br>Q. So what is your conclusion as to whether the claims of the '417 Patent are invalid under written description?<br>A. I don't believe the claims can be -- they're not properly supported if there's a belief that it covers distributed buffer concept.<br><br>Trial Tr. 846:12-847:4. |
| '912 | Q. Okay. And we are getting a little long on time. I know we told the Court a certain amount of time for this direct, but I do want to ask you a few more questions about the invalidity for the '912. What is your position on the '912 claim, whether that's invalid?<br>A. Well, if the claim can be read in such a way that it doesn't require the row/column address signal, I don't see any written description support for that at all. And if the claim |

| Patent | McAlexander Testimony about Written Description |
|---|---|
|  | can be read in such a way that it can cover a memory controller that one-to-one corresponds to what it knows is in the module device, again, I see no written description support in the spec for that.<br><br>Trial Tr. 840:10-22. |

In his conclusory testimony, Mr. McAlexander never even identifies any claim limitation that lacks written description support. Mr. McAlexander did not even offer bare conclusions about the disclosures in the specification: the basis of a written description inquiry. Mr. McAlexander never identified the level of ordinary skill in the art. He never offered any conclusion, let alone an analysis, of what a person of ordinary skill would have understood about the specific written disclosures made in the specification.

The law is clear: this sort of conclusory expert testimony, completely disconnected from the legal standard for invalidity under § 112, cannot suffice to send the matter to a jury. *See, e.g.*, *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1176 (Fed. Cir. 2005) (holding that Ventana "did not present substantial evidence of invalidity for lack of written description" where its expert's testimony was "general and conclusory, consisting of little more than the statement 'I believe that the claim would be invalid, because I can't find any support for [the claim] in the specification.'"); *Ariad*, 598 F.3d at 1357 n.8 (finding "insufficient as a matter of law" an expert's "general conclusion [about whether] the inventors were in possession of the claimed invention … devoid of any factual content upon which the jury could have relied when considering the specification of the [asserted] patent").

The Court can and should grant Netlist's motion for judgment as a matter of law on this basis alone. Further review of Mr. McAlexander's conclusory testimony evidences additional, fundamental legal defects, rendering the bare testimony irrelevant and highly prejudicial, which should also preclude those theories from reaching the jury's deliberations in this case.

## **'608 Patent**

For the '608 patent, Mr. McAlexander's testimony does not even reference written description at all. Instead, he testified that "if the patent claim is broad enough to cover still having contribution from the memory controller, that ***goes against what the patent claim is about*** so therefore it's not valid." (Tr., 817:15-22) (emphasis added). In support, he appears to present a disclaimer/disavowal theory that he does not "believe the claims are broad enough to cover where the determination is made in the controller"—a feature he alleges is present "in Samsung's products that are accused." (Tr., 818:6-9). Whether the claims are "broad enough to cover" features "in Samsung's products that are accused" is at best a (conclusory) non-infringement opinion. It is irrelevant to written description under § 112. The claims do not recite a "controller"; they state that the amount of delay is determined by a "command processing circuit" in the memory module. Written description addresses whether the specification supports the claims, <u>not</u> what the bounds of the claims should be. *Trading Techs. Int'l, Inc. v. Open E Cry, LLC*, 728 F.3d 1309, 1319 (Fed. Cir. 2013) ("[T]he focus of claim construction remains on defining a discrete claim term to better ascertain the boundaries of a claim. In contrast, the written description analysis considers the bounds of the specification itself."). Mr. McAlexander does not identify anything <u>in the claims</u> that he contends is <u>not</u> described in the specification. Mr. McAlexander has thus provided no testimony that could support a legally cognizable written description defense for the '608 patent.

## **'417 Patent**

For the '417 patent, Mr. McAlexander's conclusory statement that he did not "see any description in the patent itself about distributed buffers" is irrelevant to written description under § 112. The claims do not recite "distributed buffer," they recite a memory module "comprising…circuitry." Whether the '417 patent expressly discloses an example of a memory module with multiple buffer circuits is irrelevant to whether the claims are invalid under § 112. *See, e.g.*,

- 5 -

*Medtronic, Inc. v. Teleflex Innovations S.a.r.l.*, 69 F.4th 1341, 1354 (Fed. Cir. 2023) ("[I]f the precise location of the side opening was not an element of the invention, claims that do not recite the location as a limitation are not 'unsupported by the specification even though [they] would be literally infringed by undisclosed embodiments.'"). As with the '608 patent, Mr. McAlexander did not identify anything <u>in the claims</u> that he contends is <u>not</u> described in the specification.

Mr. McAlexander's testimony about what products one of the inventors personally did or did not work on is also irrelevant and cannot support a finding of invalidity. (Tr. 846:16-21). Such testimony is "untethered to the inventors' own description of the invention" as described in the claims, and reliance on such extraneous facts attempts to "improperly take the written description inquiry outside the four corners of the specification." *Allergan*, 111 F.4th at 1376. There is no "actual reduction to practice" requirement for patentability, and testimony from one of the named inventors that he "did not work on" a particular implementation of the claimed invention has no bearing whatsoever on the written description analysis.[2] *Ariad*, 598 F.3d at 1352 ("[T]he written description requirement does not demand either examples or an actual reduction to practice.").

## **'912 Patent**

For the '912 patent, Mr. McAlexander offered only the conclusory assertion that he did not "see" support in the specification for a claim that "***doesn't require*** the row/column address signal" or "***cover[s] a memory controller*** that one-to-one corresponds to what it knows is in the module device." (Tr., 840:14-22). This has no connection to the actual asserted claim. '912 patent claim 16 ***does require*** "input signals comprising at least one row/column address signal," and Mr. McAlexander does not even suggest that the specification fails to describe such a signal. And claim 16

---

[2] This deposition testimony from Mr. Solomon was admitted over Netlist's objection based on Samsung's argument that the testimony was responsive to Netlist's damages theory for the '417 patent. Samsung never contended that it had any relevance to its written description invalidity defense.

is directed to a memory <u>module</u>; it does not recite "memory controller" anywhere, and certainly does not place any restrictions on what such a memory controller "knows is in the module device." As the Court has already held, the claim is directed to a memory module having certain capabilities; such a module need not actually be connected to and communicating with a host computer system or memory controller in order to infringe. *See* 2024-10-08 PTC Tr., 93:20-94:7, 171:15-19 ("[T]he Court agrees with Netlist claim 16 is a capability claim."). Mr. McAlexander does not address the actual claim language, much less explain why the specification fails to support it.

The most charitable reading of Mr. McAlexander's testimony on the '912 patent is that he is contending that the accused products are different from the examples given in the specification. Even if that were true, it would be completely improper as a basis for a written description defense. *See, e.g.*, *Pers. Audio, LLC v. Apple , Inc.*, No. 9:09-CV-111, 2011 WL 13142119, at *2 (E.D. Tex. June 22, 2011) ("Apple misstates the written description inquiry—the question is not whether the patents' specification describes the accused devices, but rather whether the specification demonstrates that the inventors possessed the invention(s) set forth in the claims."); *Iridex Corp. v. Synergetics, Inc.*, 478 F. Supp. 2d 1146, 1148 (E.D. Mo. 2007) (granting summary judgment against written description theory where defendant "does not point to any particular claim that is not adequately supported by the patent specification" but instead "argues that if the claims are broad enough to cover the [accused] products, they must be invalid"); *cf. Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1344 (Fed. Cir. 2001) ("[A]n applicant is not required to describe in the specification every conceivable and possible future embodiment of his invention.").

### III.   **CONCLUSION**

For the foregoing reasons, Netlist respectfully requests the Court grant Netlist's motion under Rule 50(a) for judgment as a matter of law that each of the asserted claims is not invalid for lack of written description.

| | |
|---|---|
| Dated: November 18, 2024 | Respectfully submitted,<br><br>*/s/ Jason Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 18, 2024 a copy of the foregoing was served to all counsel of record through the Court's CM/ECF system.

*/s/ Jason Sheasby*
Jason Sheasby
