UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>    Defendants. | Civil No. 2:22-cv-00293-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S NOTICE OF OBJECTIONS TO NETLIST'S**
**PRESENTATION OF CERTAIN ARGUMENTS DURING CLOSING**

# TABLE OF CONTENTS

I. KOREAN TAX AUTHORITY QUESTIONNAIRE ............................................................ 1

II. IMPROPER USE OF THE JDLA ................................................................................... 1

III. "COMMERCIAL ESSENTIALITY" OF THE ASSERTED PATENTS .......................... 2

IV. ALLEGATIONS OF CRIMINALITY / ILLEGALITY / FOREIGN COMPANY ............................................................................................................... 2

V. OTHER PREVIOUSLY EXCLUDED ARGUMENTS ...................................................... 3

    A. Comparison of Netlist's Products to the Accused Products .................................... 3

    B. Use of Evidence Not Introduced at Trial ................................................................. 3

    C. Suggestion That Samsung "Accessed" Netlist's Designs ........................................ 3

    D. Size of Samsung and Netlist; David v. Goliath ....................................................... 4

To minimize, and ideally prevent, disruptions during the parties' closing arguments, Samsung files this Notice to inform the Court of its objections to any presentation by Netlist of the following evidence and arguments during Netlist's closing argument.

## I.   KOREAN TAX AUTHORITY QUESTIONNAIRE

Samsung objects to Netlist's publishing or referencing the Korean Tax questionnaire. The Court excluded pre-admission of this questionnaire and its use at trial, finding "that the prejudice exceeds the probative value." PTC Tr. 345:19-23; *see also, e.g.*, Trial Tr. 773:23-774:12. The sole exception was allowing Mr. Kennedy to rely on the document—despite its non-admissible nature—to support his opinions. *See* Trial Tr. at 613:20-614:13. Samsung maintains its objection to that testimony, but even if Netlist is permitted to mention Mr. Kennedy's testimony, it should not be permitted to circumvent the Court's rulings by citing, summarizing, or publishing the excluded document or Mr. Kennedy's demonstrative based on it, PDX-4.4.

## II.   IMPROPER USE OF THE JDLA

Samsung objects to Netlist's discussing the reasons for the JDLA's (alleged) termination, or otherwise suggesting that the JDLA's termination resulted from Samsung's purported breach of the supply provision. Such arguments are irrelevant to the issues of infringement and damages, and have already been precluded by the Court. *See* Dkt. 818 at 7; PTC Vol. II at 313:3-9. Specifically, the Court ruled: "[W]e are not going to talk about the JDLA having been breached or terminated; we're going to talk about it existed from this point in time to that point in time, and after that point in time it was no longer applicable or existed. We're not going to talk about who violated, breached it, whose fault it was." PTC Vol. II at 313:5-11. Despite this unequivocal instruction, Netlist has repeatedly attempted to inject evidence that the JDLA

1

terminated because of Samsung's alleged breach. *See, e.g.*, Trial Tr. at 168:23-174:6; 241:5-244:20. The Court should maintain its exclusion of such argument.

Samsung further objects to any argument by Netlist that Samsung needs a license now because Samsung was licensed under the JDLA, consistent with the Court's instruction: "And I want to be clear, members of the jury, that the JDLA itself does not evidence that Samsung, in fact, needed a license to the Asserted Patents owned by Netlist. Now, you may not rely on the JDLA as evidence of infringement as to any of the asserted Netlist patents." Trial Tr. at 135:25-136:4 (paragraphing omitted).

### III. "COMMERCIAL ESSENTIALITY" OF THE ASSERTED PATENTS

Samsung objects to Netlist's characterizing the asserted patents as "commercially essential" during closing because that would effectively allow Netlist to escape its representation the patents-in-suit are not "standards essential" and argue to the jury that, in order to meet customer demands or otherwise sell products, Samsung would need to use Netlist's technology. The Court has already sustained Samsung's objection during trial on this issue, Trial. Tr. 228:15-229:10, and Netlist should not be permitted to circumvent this ruling in its closing.

### IV. ALLEGATIONS OF CRIMINALITY / ILLEGALITY / FOREIGN COMPANY

Samsung objects to any reference to Samsung violating the law, or otherwise disparaging Samsung as a foreign company that does not follow United States laws, based on the Court's unequivocal rulings on this issue. PTC Tr. 317:15-22; Dkt. 818 at 7; CMIL2. Despite these rulings, Netlist has already sought to disparage Samsung as a foreign company doing business in the United States. For example, in its opening, Netlist argued that "Samsung had a choice—either cease using our technology or face the consequences of the United States legal system. And our technology is so valuable that they chose to violate the law." Trial Tr. 169:3-6. The Patent Act does not make patent infringement illegal, nor are those found to have infringed

2

patent criminals. The Patent Act simply defines what constitutes infringement, and sets forth remedies. *See* 35 U.S.C. §§ 271, 281, 284. Those remedies are only civil ones. *Id.* §§ 281, 284. Netlist's allegations of criminality in opening were without basis in law, inflammatory, and improper. Such arguments are certain to confuse and mislead the jury. *See* Ex. 1 (*EDTX1* Trial Tr.) at 1370:20-25; Dkt. 612 at 11-12.

## V.    OTHER PREVIOUSLY EXCLUDED ARGUMENTS

### A.    Comparison of Netlist's Products to the Accused Products

Samsung objects to Netlist's improperly arguing infringement by comparing any Netlist product to the Accused Products. The Court sustained Samsung's objection to Netlist's attempt to do so in its opening statement (Trial Tr. at 159:10-21), and through Mr. Milton's testimony (Trial Tr. at 124:5-12), based on CMIL 8.

### B.    Use of Evidence Not Introduced at Trial

Samsung also objects to Netlist's use of or reliance on evidence not introduced at trial, including excluded documents. Of course, use of evidence not previously introduced at trial during closing arguments is improper. *See G+ Comms., LLC v. Samsung Elecs. Co.*, No. 2:22-cv-00078-JRG, Dkt. No. 671 at 71-73 (July 23, 2024) (arguing that use of document not introduced at trial improper).

### C.    Suggestion That Samsung "Accessed" Netlist's Designs

Samsung objects to Netlist's asserting that Samsung and third parties had access to Netlist's designs. Secondary considerations are no longer at issue in this case, and the Court's standing order on motions *in limine* (CMIL 9) precludes Netlist from characterizing Samsung's actions as "copying." *See also* Trial Tr. at 159:10-21 (precluding Netlist's copying allegations). Netlist argued through Mr. Milton and Mr. Halbert that Samsung accessed Netlist's technology either through presentations made by Netlist and/or third parties at JEDEC meetings. *See, e.g.*,

3

229:13-234:14; 982:23-984:9.  This testimony has no relevance to this case given that copying is not at issue, and Netlist should not be allowed to repeat these improper arguments in closing.

### D. Size of Samsung and Netlist; David v. Goliath

Samsung objects to Netlist's pitting Samsung's overall size against Netlist's in its closing.  Despite the Court's CMIL 3, which precludes argument about a party's overall size, Netlist implied in opening that Samsung dismissed Netlist because if its size: "Samsung will say, we didn't need Netlist at all.  Netlist is a small company from California.  Who needs them?" Trial Tr. 166:15-20; *see also id.* at 164:4-8.  In *EDTXI*, Netlist's closing arguments exploited this David v. Goliath narrative, arguing: (1) "The law applies to everyone the same whether you are 120-person company or whether you're the largest semiconductor manufacturer in the world and you spend $19 billion and yet you need to come to us for help" (Ex. 1 (*EDTX1* Trial Tr.) at 1376:2-7); and (2) "Samsung's 12,000 patents tells you the incredible value of this technology, $19 billion a year and yet no alternative" (*id.* at 1378:24-25).  The Court should not permit such improper arguments in closing in this case.

Dated: November 22, 2024                                  Respectfully submitted,

                                                          By:    */s/ Ruffin B. Cordell*

Melissa Richards Smith                                    Ruffin B. Cordell
melissa@gillamsmith.com                                   TX Bar No. 04820550
GILLAM & SMITH, LLP                                       cordell@fr.com
303 South Washington Ave.                                 Michael J. McKeon
Marshall, Texas 75670                                     D.C. Bar No. 459780
Telephone:  (903) 934-8450                                mckeon@fr.com
Facsimile:  (903) 934-9257                                Lauren A. Degnan
                                                          D.C. Bar No. 452421
J. Travis Underwood                                       degnan@fr.com
Texas Bar No. 24102587                                    Daniel A. Tishman
travis@gillamsmithlaw.com                                 DC Bar No. 1013923
GILLAM & SMITH, LLP                                       tishman@fr.com
102 North College Avenue, Suite 800                       FISH & RICHARDSON P.C.
Tyler, Texas 75702                                        1000 Maine Avenue, SW

4

Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000


Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 22, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Ruffin B. Cordell*