# Exhibit 1

1

```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE EASTERN DISTRICT OF TEXAS
                              MARSHALL DIVISION

 NETLIST, INC.,                   (  CAUSE NO. 2:21-CV-463-JRG
                                  )
           Plaintiff,             (
                                  )
 vs.                              (
                                  )
 SAMSUNG ELECTRONICS CO., LTD.,   (
 et al.,                          )  MARSHALL, TEXAS
                                  (  APRIL 21, 2023
           Defendants.            )  8:00 A.M.
 _____




                                VOLUME 6



 _____

                          TRIAL ON THE MERITS

                 BEFORE THE HONORABLE RODNEY GILSTRAP
                 UNITED STATES CHIEF DISTRICT JUDGE
                              and a jury
 _____








                    SHAWN McROBERTS, RMR, CRR
                      100 E. HOUSTON STREET
                     MARSHALL, TEXAS  75670
                         (903) 923-8546
                shawn_mcroberts@txed.uscourts.gov
```

```
                       A P P E A R A N C E S

    FOR THE PLAINTIFF:      IRELL & MANELLA, LLP -
                            LOS ANGELES
                            1800 AVENUE OF THE STARS
                            SUITE 900
                            LOS ANGELES, CA 90067-4276
                            (310) 203-7096
                            BY:  MR. JASON SHEASBY
                                 MS. LISA GLASSER
                                 MR. BEN MANZIN-MONNIN
                                 MR. MICHAEL TEZYAN

                            IRELL & MANELLA -
                            NEWPORT BEACH
                            840 NEWPORT CENTER DRIVE
                            SUITE 400
                            NEWPORT BEACH, CA 92660
                            (949) 760-0991
                            BY:  MR. STEPHEN PAYNE

                            McKOOL SMITH, P.C. - MARSHALL
                            104 E. HOUSTON ST., SUITE 300
                            MARSHALL, TEXAS  75670
                            (903) 923-9000
                            BY:  MR. SAM BAXTER
                                 MS. JENNIFER TRUELOVE
                                 MR. KEVIN BURGESS

    FOR THE DEFENDANTS:     FISH & RICHARDSON, PC -
                            WASHINGTON DC
                            1000 MAINE AVE. SW, SUITE 1000
                            WASHINGTON, D.C.  20024
                            (202) 783-5070
                            BY:  MR. RUFFIN CORDELL
                                 MR. MICHAEL McKEON
                                 MS. LAUREN DEGNAN

                            FISH & RICHARDSON, P.C. -
                            DALLAS
                            1717 MAIN STREET, SUITE 5000
                            DALLAS, TEXAS  75201
                            (214) 747-5070
                            BY:  MR. MATTHEW COLVIN
                                 MR. THOMAS REGER
```

```
                                  GILLAM & SMITH, LLP
                                  303 SOUTH WASHINGTON AVENUE
                                  MARSHALL, TEXAS  75670
                                  (903) 934-8450
                                  BY:  MS. MELISSA SMITH

         OFFICIAL REPORTER:       SHAWN M. McROBERTS, RMR, CRR
                                  100 E. HOUSTON STREET
                                  MARSHALL, TEXAS  75670
                                  (903) 923-8546
```

Case 2:22-cv-00293-JRG Document 4964 Filed 04/28/23 Page 4 of 26 PageID #: 73576
Case 2:22-cv-00293-JRG Document 646-1 Filed 04/21/24 Page 5 of 15 PageID #: 31180

1269

1         THE COURT: Be seated, please.

2    Counsel, before the Court proceeds to conduct the formal

3 charge conference, I will ask if the parties have items from

4 the list of pre-admitted exhibits that were used during

5 yesterday's portion of the trial that need to be read into the

6 record.

7         MS. TRUELOVE: Plaintiff does, Your Honor.

8         THE COURT: All right. Please proceed.

9         MS. TRUELOVE: Thank you, Your Honor.

10    Your Honor, Plaintiff Netlist used two exhibits during

11 examinations yesterday, PX 1787 and PX 44.

12         THE COURT: All right. Is there objection to that

13 rendition from the Plaintiff by the Defendants?

14         MR. REGER: Good morning, Your Honor.

15         THE COURT: Good morning.

16         MR. REGER: Your Honor, we do have an objection to

17 PX 44. Mr. Sheasby went flying through a number of different

18 exhibits, didn't lay any foundation to many of them. More

19 importantly, we never saw this exhibit being used. We asked

20 the Plaintiff about where in the transcript they could point

21 to using this exhibit. They gave us a cite to the transcript,

22 and in that cite there is a reference to a Netlist

23 presentation. PX 44 is a Samsung presentation.

24    So we still don't know of any cite in the transcript that

25 supports entering this exhibit, Your Honor.

1  won't be able to get back up again.  So I'm going to ask you
2  to -- to listen carefully to what he has to say.  And what I
3  hope he does is to respond to what I've said.  But if he says
4  something new, a little bell should go off:  Why -- why didn't
5  he say that the first time?
6       The verdict form you have is pretty -- pretty
7  straightforward.  But obviously we want you to find that the
8  patents in this case are not infringed, we want you to find
9  that the '918 and the '354 invalid, and that the '339 is also
10 invalid.  And if you assess damages, we ask that you be
11 reasonable.
12      With that, again, thank you and we look forward to your
13 verdict.
14           THE COURT:  Plaintiff may now present its final
15 closing argument to the jury.  You have 19 minutes and three
16 seconds left, Mr. Sheasby.  Would you like a warning on your
17 final argument?
18           MR. SHEASBY:  Yes, Your Honor.  Could I have a
19 warning when I've used 10 minutes -- a warning when I have 10
20 minutes left, a warning when I have five minutes left, and a
21 warning when I have one minute left, if you would.
22           THE COURT:  I'll do my best.
23           MR. SHEASBY:  Thank you so much, Your Honor.
24           THE COURT:  You may proceed with your final closing
25 argument.

1  MR. SHEASBY: Can I have slide 1.132, please?
2  Counsel for Defendants asked where the invention story
3  was, that Netlist is nothing, that these are faked patents
4  created by patent attorneys.
5  The invention story is in Samsung's own documents. In
6  2019, 1756, a unique proprietary know-how that they wanted to
7  access. Two years before they launched their infringing DDR5,
8  they came to us and asked us how to design DDR5 on-module
9  power management. This is PX 586. They conceded that we're
10 the company that created the LRDIMM technology. Where is the
11 invention story? The invention story is admitted in Samsung's
12 own documents.
13 We're here for one reason and one reason only, and it's
14 admitted in the last line of 1756, because Samsung refuses to
15 and will not pay for its use and infringement of these
16 patents.
17 Patents are not pathetic. Mr. Milton is not a liar.
18 What was created here was coveted by Samsung.
19 Let's go to 1.7.
20 We are here because Samsung is violating the law. They
21 spoke about flying 7,000 miles or 6,000 miles. He flew 6,000
22 miles to tell us that they needed access to our patents and to
23 not say one explanation for why they don't infringe. It
24 doesn't matter what country you are from; in this country, you
25 follow the law.

Case 2:21-cv-00463-JRG Document 496 Filed 04/28/23 Page 106 of 126 PageID #: 73579
Case 2:22-cv-00293-JRG Document 484 Filed 04/23/24 Page 26 of 45 PageID #: 58282
1371

1       The first issue I will discuss is infringement.

2       If I could have slide 16.

3       The idea that there is a debate about whether a converter

4  circuit exists in Samsung products was answered by Mr.

5  McAlexander on cross-examination. I said, Do these PMICs have

6  LDO converters? And he said, Yes. The idea that an LDO

7  circuit is not a converter circuit is a fiction of Samsung's

8  counsel. Mr. McAlexander admitted that a converter is a type

9  of circuit, and Mr. Lo admitted that an LDO is a converter

10 circuit. So did Samsung's engineers.

11      Now, you might ask yourself this question. Mr.

12 McAlexander is a fine engineer, and he's incredibly qualified.

13 How can Doctor Mangione-Smith and Mr. McAlexander disagree on

14 these issues that they do on which relates to the '506 [sic],

15 the -- the '918, and '054 and is the '339?

16      And there was actually an exchange, and it was late in

17 the day and you may have missed it, but I believe it's one of

18 the most crucial exchanges in the case.

19      Doctor Mangione-Smith looked at all the detailed source

20 code for the '918 and '054. Mr. McAlexander admitted under

21 oath that Samsung's attorneys did not give him the source

22 code. The source code in schematics are the critical issues

23 that define the operation of these chips.

24      This is not a referendum on Mr. McAlexander. He is a

25 fine engineer. This is a referendum on Samsung who has hired

Case 2:21-cv-00463-JRG Document 496 Filed 04/28/23 Page 11 of 26 PageID #: 58286
Case 2:22-cv-00293-JRG Document 684 Filed 07/20/24 Page 126 of 15 PageID #: 73580
1375

1 They said and accused us of lying to the Patent Office,
2 of going back on our agreement with the Patent Office.  Do you
3 think Judge Gilstrap would let us break our agreement with the
4 Patent Office?
5      This is what we said in the Patent Office.  This design
6 on the right-hand side is not our invention.  The evidence in
7 this case from the corporate representative and senior
8 engineer is that design on the right, that DRAM circuit, is
9 not used in Samsung's products.  In fact, the president of the
10 company said it as well.
11      The reality is that, other than Samsung's lawyers,
12 there's only one witness in this case who says cheese is the
13 same as a grilled cheese sandwich.  One of the most powerful
14 tools you have is common sense.
15      85.
16      The suggestion that there is electrical communication is,
17 once again, something only Samsung's attorneys could support.
18 Where there's no driver or receiver pair, there is no
19 electrical connection or communication.
20      And what did he admit?  This is the only place there is
21 an electrical connection with a driver, and this is the only
22 place where data will be passed.  All these other locations
23 are just flow-through.  There is no data.  This is JTX 0015 at
24 15.
25      I'd now like to turn to validity.

1       102, please.

2       Clear and convincing evidence is the standard.  There's a
3   presumption because the Patent Office carefully examined these
4   patents.  The law applies to everyone the same whether you're
5   120-person company or whether you're the largest semiconductor
6   manufacturer in the world and you spend $19 billion and yet
7   need to come to us for help.

8       Samsung follows the law in using the continuation
9   process.  They file continuation after continuation after
10  continuation in areas where they do innovate, which is cell
11  phones.  And the suggestion that Mr. Milton acted
12  inappropriately, the suggestion that what was being done was
13  anything other than following the law, is outrageous.  There
14  is one company in this courtroom today who has not followed
15  the law, and I will represent to you, ladies and gentlemen of
16  the jury, it is not Netlist.

17      The written description doesn't require there to be exact
18  words or figures.  It requires any combination of information.
19  And written description in this case is clear.  What we
20  created was an on-module power management system in which
21  there is flash so that it can stay alive and stay awake to
22  resurrect the memory module.

23      And he admitted--Mr. McAlexander--that that is exactly
24  what is disclosed in our patent at column 23, lines 1 through
25  27.  If someone says, I don't know if this design of on-module

```
 1    power management exists in the specification, read column 23,
 2    lines 1 through 27, of the '918 Patent, and you will find it.
 3         The idea that there is not -- that all of the flash needs
 4    to be on the memory module itself contradicts column 27 at 41
 5    through 58.  Scott Milton admitted it.  The non-volatile
 6    storage, the flash, can be off module in some of our
 7    embodiments.  That's what we patented here.
 8         Doctor Mangione-Smith testified to the same thing, and
 9    Mr. McAlexander testified to the same thing.  If someone says,
10    I don't know, I think all the flash has to be on-module, you
11    tell them to read 27:41 through 58 of the '918 Patent.
12              THE COURT:  Five minutes remaining.
13              MR. SHEASBY:  143.
14         The last issue I will discuss is damages.  Why was
15    Samsung's behavior this way?  Why did Samsung never request a
16    license to our patents?  They didn't want to pay a reasonable
17    royalty, but they needed to use the technology.  They were
18    desperate for it.  And you know why.  Because they dominate
19    the market and they need to keep dominating the market.
20         The DDR5 patents have a 30-percent power benefit.  And
21    the suggestion that speed doesn't matter, which was made by
22    Mr. Calandra, their corporate representative, if someone said
23    speed is not that big of a deal, you take them to JTX 41.
24    Take them to JTX 41.  Speed is how they market these products,
25    and it's essential.
```

1    For the '339 Patent, Doctor Mangione-Smith said that they
2    would be able to sell half as few modules of LRDIMMs if they
3    didn't have our technology, a dramatic hit to their market
4    share.
5    As to HBM stacks, people say stacking is not important?
6    Go to JTX 27. Take them there, and you will read that higher
7    stacks are essential and crucial to the success of this
8    company. Why did they take our HBM technology? They were
9    behind SK hynix and they were desperate to catch up.
10   You will hear in the jury instructions that there is a
11   question about whether there is any non-infringing
12   alternatives that can be used. If I was a company that was
13   facing a verdict of $400 million, I would bring someone who
14   would explain that there are non-infringing alternatives in
15   our technology is not that important. I just wouldn't rely on
16   my lawyer to say that.
17   Well, they did bring two experts, and neither of those
18   experts were able to identify a single non-infringing
19   alternative to our technology.
20   Why are Samsung's silent patents important? Samsung
21   doesn't have patents that are alternatives to our technology.
22   And if they did, they would present them. And that is why our
23   technology is so valuable.
24   Samsung's 12,000 patents tells you the incredible value
25   of this technology, $19 billion a year and yet no alternative.

```
1          If we can go to slide --
2          The second factor that you consider is the Rambus
3    agreement.  The offhanded show that the Rambus agreement is
4    irrelevant, the Rambus agreement is essentially identical to
5    the dispute in this case.  A business agreement that was
6    terminated, Samsung lost its rights, Rambus asserted patents
7    against Samsung, Netlist asserted patents against Samsung, and
8    you see that Netlist's damages are lower than Rambus received.
9    It's a powerful tool that suggests the consistency of our
10   position.
11         Credibility is important.  At the beginning of this case
12   Samsung said we're going to say -- we're going to tell you
13   that one thing is clear, it will be less than 8 million.  Then
14   the evidence came in, and Mr. Meyer said, oh, well, maybe it's
15   $19.3 million.  The fact that they can't even get their story
16   straight, the fact that their expert is so malleable that it
17   will change positions for some strategic reason, tells you
18   about the credibility of his testimony.
19         If we can go to slide 152.
20         The SK hynix agreement.  The SK hynix agreement was
21   signed after we were no longer able to obtain supply pursuant
22   to the supply agreement with Samsung, and that agreement has
23   been a lifeline for this company.  It's going to net us over
24   $450 million in revenue.  Samsung says SK hynix is a
25   comparable agreement?  It's going to net us $450 million in
```

1  because I would like to shake each one of your hands, I'd like
2  to look each one of you in the eye and tell you personally how
3  much the Court appreciates your service as jurors.
4       What you have done is very real and important public
5  service, and it warrants that kind of personal thanks and
6  personal attention.  And I know it's Friday and I know it's
7  afternoon and you've been very patient and very diligent
8  throughout your time as jurors and I will not hold you, but if
9  you would give me just a minute or two to come in and thank
10 you personally before you leave, I would certainly consider it
11 an honor.
12      With that, ladies and gentlemen, that completes the trial
13 of the case, the Court has accepted the jury's unanimous
14 verdict, I have released you as jurors, and the jury is
15 excused.
16           (Whereupon, the jury left the courtroom.)
17           THE COURT:  Counsel, that completes the trial of
18 this case.  You are excused.
19           (The proceedings were concluded at 2:45 p.m.)

```
1       I HEREBY CERTIFY THAT THE FOREGOING IS A
2       CORRECT TRANSCRIPT FROM THE RECORD OF
3       PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
4       I FURTHER CERTIFY THAT THE TRANSCRIPT FEES
5       FORMAT COMPLY WITH THOSE PRESCRIBED BY THE
6       COURT AND THE JUDICIAL CONFERENCE OF THE
7       UNITED STATES.

9                    S/Shawn McRoberts              04/21/2023
10                   _____DATE_____.
                     SHAWN McROBERTS, RMR, CRR
11                   FEDERAL OFFICIAL COURT REPORTER

13      .
```