# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS CO, LTD., | § | CIVIL ACTION NO. 2:22-CV-00293-JRG |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., and SAMSUNG SEMICONDUCTOR | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

## FINAL JUDGMENT

A jury trial commenced in the above-captioned case on November 12, 2024. On November 22, 2024, the jury reached and returned its unanimous verdict finding that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively, "Samsung") infringed at least one asserted claim of each of U.S. Patent Nos. 7,619,912 (the "'912 Patent"), 11,093,417 (the "'417 Patent"), and 10,268,608 (the "'608 Patent" and with the '912 and '417 Patents, the "Asserted Patents"); that such infringement was willful; that none of the asserted claims were invalid; and that Plaintiff Netlist, Inc. ("Netlist") should recover a lump sum reasonable royalty of $118,000,000.00 for Samsung's infringement as to all Asserted Patents. (Dkt. No. 847.)

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury's unanimous verdict and the entirety of the record, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. Samsung has infringed claim 16 of the '912 Patent;

2. Samsung has infringed at least one claim among claims 1, 2, and 8 of the '417 Patent;

3.  Samsung has infringed at least one claim among claims 1 and 5 of the '608 Patent;

4.  None of the asserted claims are invalid;

5.  Samsung's infringement was willful;

6.  Netlist is hereby awarded damages from and against Samsung and shall accordingly have and recover from Samsung the sum of $94,000,000.00 U.S. Dollars as a lump sum reasonable royalty for Samsung's infringement of the '912 Patent;

7.  Netlist is hereby awarded damages from and against Samsung and shall accordingly have and recover from Samsung the sum of $12,000,000.00 U.S. Dollars as a lump sum reasonable royalty for Samsung's infringement of the '417 Patent;

8.  Netlist is hereby awarded damages from and against Samsung and shall accordingly have and recover from Samsung the sum of $12,000,000.00 U.S. Dollars as a lump sum reasonable royalty for Samsung's infringement of the '608 Patent;

9.  Notwithstanding the jury's finding of willfulness, the Court having considered the totality of the circumstances together with the material benefit of having presided throughout the jury trial and having seen the same evidence and heard the same arguments as the jury, and mindful that enhancement is generally reserved for "egregious cases of culpable behavior,"[1] concludes that enhancement of the compensatory award herein is not warranted under 35 U.S.C. § 284 and consequently, the Court elects not to enhance the damages awarded herein;

10. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award,"[2] the Court awards pre-judgment interest applicable to all sums awarded herein, calculated at the five

---

[1] *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016).
[2] *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).

(5) year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment;[3]

11. Pursuant to 28 U.S.C. § 1961, the Court awards post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid; and

12. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Netlist is the prevailing party in this case and shall recover its costs from Samsung. Netlist is directed to file its proposed Bill of Costs.

All other requests for relief now pending and requested by either Party but not specifically addressed herein are **DENIED**. Further, the Court **DISMISSES WITHOUT PREJUDICE** Netlist's claim that Samsung infringes U.S. Patent No. 9,858,215 (the "'215 Patent") because, as a part of narrowing its case, Netlist dropped the '215 Patent from this action months before trial. (Dkt. No. 325 at 1.)

**So ORDERED and SIGNED this 2nd day of December, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[3] *See Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800–801 (Fed. Cir. 1988).