UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Civil No. 2:22-cv-00293-JRG <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S COMBINED MOTION FOR
(1) AN EXTENSION OF TIME TO FILE A RESPONSE IN
OPPOSITION TO NETLIST'S MOTION FOR PRELIMINARY
INJUNCTION AND THEN A SUBSEQUENT PERMANENT INJUNCTION
UPON THE RESOLUTION OF ALL POST-TRIAL MOTIONS (DKT. 858) AND
<u>(2) A CONTINUANCE OF THE DECEMBER 23, 2024 HEARING ON THAT MOTION</u>**

Samsung asks the Court (1) to extend the deadline for Samsung's opposition to Netlist's Motion for a Preliminary Injunction and Then a Subsequent Permanent Injunction Upon the Resolution of All Post-Trial Motions ("Injunction Motion"), from December 18, 2024 to January 13, 2025, to align the briefing schedule with the post-trial motions; and (2) reset the hearing for after full and complete briefing. Netlist opposes, refusing to agree to an extension that would put its Motion on the same briefing schedule as other post-trial motions.

Netlist's Motion attempts to set aside the jury's lump-sum jury verdict outside of the normal post-trial procedure or briefing schedule. The jury's lump-sum verdict eliminates any possible injunction because it licenses Samsung for the entire life of the asserted patents, including the '608 patent. *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1380-81 (Fed. Cir. 2008) (vacating injunction where jury award already took into account future infringement); *see also* Trial Tr. 1228:20-25 ("Now, one type of reasonable royalty is a lump-sum royalty. A lump-sum royalty is when the infringer pays a single price for a license to use a patent throughout the life of the patent. As such, a lump sum royalty compensates the patent holder for damages for both past infringement and for future infringement throughout the life of the patent."). Netlist lost its objection to the Court's decision allowing the jury to consider and decide whether to award a lump sum royalty for the life of the patents. *See* Trial Tr. 1190:10-25; *id.* at 1195:7-1196:2.

Therefore, the **only proper vehicle** for Netlist to attempt challenge the jury's lump-sum verdict is to file a Rule 50(b) or Rule 59 motion. It has not yet done so; any such a motion is due December 30, 2024. Instead of following the Court's briefing schedule for post-trial motions, Netlist filed its Injunction Motion as an improper collateral attack on the jury's damages verdict, circumventing the timing and page limitations associated with Rule 50 and Rule 59. This attack

1

disrupts the Court's practice to consider post-trial motions on all issues—including those interrelated with Netlist's Injunction Motion—at one time. Allowing Netlist's Injunction Motion to proceed on the current schedule also prevents Samsung from reviewing the substance of Netlist's post-trial motions in responding to the present attack on the jury verdict, while allowing Netlist to review the substance of Samsung's opposition to the Injunction Motion before it is required to file own its opening Rule 50(b) or Rule 59 motion. Netlist should not be afforded such a strategic advantage.

But even if Netlist does not file a Rule 50(b) or Rule 59 challenge to the lump sum verdict, Netlist's request for injunction is unwarranted on the current schedule because there is no urgency for the improper relief Netlist seeks. Netlist failed to include a request for an injunction in any of its Complaints. Dkt. 1, 12, 62-2, 100. Nor did Netlist include a request for an injunction in the Joint Pretrial Order, instead stating only "Netlist seeks all equitable relief from the Court that is just and proper." Dkts. 777 at 8. Netlist did not allege irreparable harm in the Joint Pretrial Order, or allege that the damages were inadequate to compensate for its alleged harm. Dkt. 777. Netlist also failed to seek its injunction before the Final Judgment in this case. To the extent that Netlist sought equitable relief though its vague requests in the Pretrial Order, the Court has already denied it in the Final Judgment. Dkt. 855 at 3 ("All other requests for relief now pending and requested by either Party but not specifically addressed herein are DENIED").

Having failed to seek an injunction (or even indicate it planned to pursue one) before final judgment, Netlist cannot justify the extreme urgency it now seeks to impose. Netlist chose to wait until after the Court issued its final judgment before identifying its alleged basis for an injunction. Samsung needs sufficient time to develop the evidence of the extreme harm that any

such injunction would pose. Ordinarily, Netlist would have disclosed ***during discovery*** the basis for any contention that it was entitled to an injunction, giving Samsung much more time to prepare evidence and argument to counter such a contention, long before the final judgment. Netlist now seeks to compound the prejudice to Samsung arising from Netlist's inexcusable delay in disclosing this contention by forcing Samsung to respond in only two weeks. Such a truncated time period to respond to Netlist's improper attempt to enjoin all sales of Samsung's DDR4 LRDIMM products with speeds of 2400 MT/s and above is extremely prejudicial to Samsung, especially given the parallel other post-trial briefing that will encompass these same issues.

Samsung seeks an extension of time to respond to Netlist's Injunction Motion on the same schedule as any opposition to Rule 50 and Rule 59 motions—namely, that any opposition should be due on Monday, January 13, 2025 (14 days after any post-trial motions that are filed on December 30, 2024), instead of December 18, 2024. Further, Samsung requests that the Court reset the hearing for after the briefing completes on the Rule 50 and 59 motions. This deadline would align briefing on Netlist's Injunction Motion with any post-trial motions filed by the parties and would ensure consistency with the Court's briefing schedule on these issues.

Accordingly, Samsung respectfully seeks an order extending the period to respond to Netlist's Motion for a Preliminary Injunction and Then a Subsequent Permanent Injunction Upon the Resolution of All Post-Trial Motions to January 13, 2025.

Dated: December 6, 2024                                    Respectfully submitted,

By: */s/ Ruffin B. Cordell*

| | |
|---|---|
| Melissa Richards Smith<br>melissa@gillamsmith.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:    (903) 934-8450<br>Facsimile:     (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile:  (903) 934-9257<br><br>Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter 850 Tenth Street, N<br>Washington, DC 20001-4956<br>Telephone: (202)-662-6000<br><br>Alice J. Ahn<br>CA Bar No. 271399/DC Bar No. 1004350<br>aahn@cov.com<br>COVINGTON & BURLING LLP<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  (415) 591-7091<br>Facsimile:   (415) 955-6571 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>degnan@fr.com<br>Daniel A. Tishman<br>DC Bar No. 1013923<br>tishman@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile:  (202) 783-2331<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099<br><br>Thomas H. Reger II<br>reger@fr.com<br>Texas Bar No. 24032992<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile:  (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on December 6, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Ruffin B. Cordell

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), on December 4 and December 6, 2024 counsel for Samsung notified counsel for Netlist of its intent to file this motion. The parties discussed their positions, which ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that they oppose this motion.

　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/  Ruffin B. Cordell