# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:22-cv-293-JRG |
| | ) |
| SAMSUNG ELECTRONICS CO, LTD; | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC.; SAMSUNG SEMICONDUCTOR | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S RESPONSE TO SAMSUNG'S MOTION TO EXPEDITE BRIEFING (DKT. 860)**

Samsung asked that Netlist provide its response to Samsung's motion opposing the Court's decision to set a hearing for the preliminary injunction motion on December 23 (Dkt. 859) in three business days. To move the process forward as fast as possible given the importance of the preliminary injunction motion to Netlist, Netlist **voluntarily agreed** to provide a response in three calendar days by the **end of Monday, December 9.**

Samsung's additional proposal that it is entitled to file a reply but Netlist is not entitled to file a sur-reply is both one sided and wasteful. An opening and reply brief will fully air the issues in its motion to delay the preliminary injunction hearing (Dkt. 859), which is not complicated.

As a practical matter, Samsung's demands in its motion effectively remove any meaningful chance of an injunction coming into effect in a timely manner given the length of the post-trial process, that permanent injunctions are generally stayed pending appeal, and that the time for decision of normal Federal Circuit appeals will extend beyond when the infringing product will cease being sold. At the Federal Circuit, an average non-precedential opinion is taking 65 weeks and an average precedential opinion is taking 108 weeks. The Federal Circuit has not occupied the space of the timing to determine a preliminary injunction as an area unique to patent law. Samsung's demands in its motion to delay the preliminary injunction flatly contradict Fifth Circuit precedent: "[i]t's generally understood that a motion for preliminary injunctive relief 'must be granted *promptly* to be effective,' so if a district court does not timely rule on a preliminary-injunction motion, it can effectively deny the motion. We have accordingly recognized that simply sitting on a preliminary-injunction motion for too long can effectively deny it." *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 533 (5th Cir. 2024). The Fifth Circuit has also provided guidance on when delaying determination of a preliminary injunction is an effective denial:

> Among the considerations when determining whether a district court has waited too long to rule on a motion is "the urgency of preliminary relief as a means of preserving the opportunity for *effective* permanent relief." *Id.*

-1-

Samsung believes the jury's verdict and the entry of judgment immunizes it from an injunction. It can make that argument in opposition to the motion for preliminary injunction and the Court can determine the issue. It does not want to do this because its position is flatly contradicted by controlling Federal Circuit precedent. *Texas Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am.*, Inc., 895 F.3d 1304, 1331 (Fed. Cir. 2018). The jury in *Texas Advanced* awarded $73,653.51 as reasonable royalty for patent infringement. *Id.* at 1310. The district court held that the award of a reasonable royalty barred injunction: "The district court denied TAOS's request for an injunction upon finding that, because TAOS had requested a reasonable royalty as compensation for past infringement, a reasonable royalty should be adequate to compensate TAOS for future infringement." *Id.* at 1331. The Federal Circuit vacated the denial of injunction: "A patentee may find a royalty to be the most appropriate remedy for past infringement: it may best measure those harms which are reliably measurable. That does not mean, however, that there do not exist the kinds of hard-to-measure harms, such as impaired goodwill and competitive position, that can justify injunctions to prevent them before they occur (precisely because they are hard to quantify later)." In *Wirtgen Am., Inc. v. Caterpillar, Inc.*, 2024 WL 4216057, at *26 (D. Del. Sept. 17, 2024), the jury awarded "a lump sum royalty." The Defendant argued that the damages award barred an injunction and the court rejected this argument: "Caterpillar retorts that Wirtgen did estimate its damages at trial. But there's nothing inconsistent with a patentee proving its damages at trial (as it has the burden to do) and then asking for injunctive relief." *Id.* at *23.

| | |
|---|---|
| Dated: December 6, 2024 | Respectfully submitted, |
| | */s/ Jason Sheasby* |
| | Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com |

MCKOOL SMITH, P.C.
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on December 6, 2024, a copy of the foregoing was served to all counsel of record.

*/s/ Jason Sheasby*
Jason Sheasby
