**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:22-CV-293-JRG ) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S MOTION TO STRIKE PORTIONS OF SAMSUNG'S SUR-REPLY TO NETLIST'S MOTION FOR A PRELIMINARY INJUNCTION AND THEN A SUBSEQUENT PERMANENT INJUNCTION (DKT. 887)**

Netlist moves to strike the Introduction and Section I of Samsung's sur-reply to Netlist's injunction motion, titled "Samsung Is Currently Licensed to the '608 Patent Under the JDLA." Dkt. 887 at 1-2. The argument that Samsung is licensed to the '608 and that this precludes the issuance of an injunction is waived under binding Fifth Circuit precedent, as Samsung never identified this argument in its opposition briefing. *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) is on point. On a *habeas* petition, the district court declined to consider a harmless error defense that the state failed to raise in its opposition but instead raised only in its sur reply:

> The district court found that the State waived the harmless error argument. The State did not raise harmless error in its response to Jones's pro se habeas petition. It brought up the issue only in a sur reply, to counter a separate argument by Jones that is not before this court. Arguments raised for the first time in a reply brief are generally waived.

The only exception the Fifth Circuit acknowledged was when the argument was a "legal issue[]." *Id.* at n. 12. A license defense is not a legal issue. Accord, *Robinson v. Caraway*, 2022 U.S. Dist. LEXIS 246141, *11-12 (E.D. Tex. June 14, 2022) (refusing to consider argument raised in sur-reply because "argument was already waived by virtue of not being raised in opposition.")

Samsung had no excuse for failing to raise this defense in its opposition. Samsung has taken the position that the CDCA verdict was not preclusive because post-trial motions were outstanding and its license defense was live. *See e.g.*, Dkt. 739 at 3 ("However, because there is no final judgment in the CDCA Case, Samsung is not collaterally estopped from arguing that the license has not been terminated.").

Samsung never argued in opposition to Netlist's preliminary injunction that Netlist was not likely to succeed on the merits of its case. "To establish a likelihood of success on the merits, a patentee must show that it will likely prove infringement of the asserted claims and that its infringement claim will likely withstand the alleged infringer's challenges to patent validity and enforceability." *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017). An

- 1 -

alleged license defense is an affirmative defense to infringement. *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 36 (Fed. Cir. 2024) ("As patent infringement is the practice of a patent claim without consent of the patentee, the existence of a license, express or implied, provides an affirmative defense to infringement."). Samsung has the burden of proving a license defense. *Intel Corp. v. U.S. Int'l Trade Com'n*, 946 F.2d 821, 828 (Fed. Cir. 1991) ("We agree that Atmel has not established its license defense to infringement … Atmel had the burden of proving its defense to infringement"). By failing to argue that Netlist would not succeed on the merits due to a license defense, Samsung has waived that argument.

Moreover, Samsung claims that "Samsung remains licensed to the '608 patent and no injunction can issue," but does not identify any authority suggesting that an unadjudicated license defense, as Samsung alleges to have, alters the likelihood of success analysis. Dkt. 887 at 2. To be clear, this is a consequence of the litigation tactics Samsung deployed in this case. Netlist was ready and willing to try the effectiveness of the termination of the license in this Court. Dkt. 196 (Opposition to Motion to Stay) at 1 ("This Court is the only forum that can decide the entire dispute between the parties, i.e. whether (1) the Accused Products infringe; (2) the Accused Products are covered by the license in the [JDLA]; and (3) Netlist properly terminated the JDLA as a result of Samsung's breach of its mandatory supply obligation."). Samsung repeatedly and emphatically resisted having this issue presented to the jury. Dkt. 694 (Pretrial Order) ("Samsung does not agree that venue is proper in the United States District Court for the Eastern District of Texas for any dispute regarding whether or not the Joint Development and License Agreement was terminated. Venue for that dispute is proper in only the Central District of California, the court of original jurisdiction."); Dkt. 203 at 1 ("The central issue relating to the JDLA is whether it has been breached and lawfully terminated. This case is dependent on the answer to that question, which is being litigated in the first-filed, dominant C.D. Cal. Case. It would be most improper to continue to litigate this case under the circumstances.");

Dkt. 187 at 6 ("The Court should stay this case so that the C.D. Cal. can address whether Samsung continues to be licensed to Netlist's asserted patents, thereby mooting this entire case."); Dkt. 372 at 7 (Samsung's motion to bifurcate: "Neither this Court nor any Texas jury should be called upon to evaluate the issues of the interpretation of JDLA § 6.2, breach, materiality, or termination of the JDLA."). It must now accept the consequences of its litigation tactics.

Moreover, Samsung's license defense is not a "live issue" in this case based on its post-trial behavior. If Samsung believed it had a live license defense, then it was obligated to timely seek a new trial on it. The deadline for seeking a new trial was after Judge Scarsi ordered a retrial. Samsung did not seek a new trial on its license defense, and the defense is therefore waived under Fifth Circuit law. This Court issued its final judgment on December 2, 2024. Dkt. 855. Under Rule 59(b), motions for a new trial were due within 28 days of this Court's final judgment, by December 30, 2024. The C.D. Cal. Court issued its re-trial order on December 26, 2024, **before** this deadline. It is settled Fifth Circuit law that issues not timely presented in a new trial motion are waived. *See Ramirez*, 496 Fed. App'x at 385-386; *Stephens v. C.I.T. Group/Equipment Financing, Inc.*, 955 F.2d 1023, 1026 (5th Cir. 1992) (affirmative defense "waived" where defendant "did not present evidence on the issue at trial; and CIT did not raise the statute of limitations defense in its motion for judgment n.o.v. or motion for new trial"); *Quanta Servs. Inc. v. Am. Admin Grp. Inc.*, 384 Fed. App'x 291, 294 (5th Cir. 2008) ("AG neither re-urged its Rule 50 motion post-verdict nor filed a motion for new trial under Fed.R.Civ.P. 59, and thus waived these challenges").

Dated: January 7, 2025

Respectfully submitted,

*/s/ Jason Sheasby*
Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com

- 3 -

|  |
|---|
| Jennifer L. Truelove <br> Texas State Bar No. 24012906 <br> jtruelove@mckoolsmith.com <br> **MCKOOL SMITH, P.C.** <br> 104 East Houston Street Suite 300 <br> Marshall, TX 75670 <br> Telephone: (903) 923-9000 <br> Facsimile: (903) 923-9099 <br><br> Jason G. Sheasby (*pro hac vice*) <br> jsheasby@irell.com <br> Annita Zhong, Ph.D. (*pro hac vice*) <br> hzhong@irell.com <br> Andrew J. Strabone (*pro hac vice*) <br> astrabone@irell.com <br> Michael W. Tezyan (*pro hac vice*) <br> mtezyan@irell.com <br><br> **IRELL & MANELLA LLP** <br> 1800 Avenue of the Stars, Suite 900 <br> Los Angeles, CA 90067 <br> Tel. (310) 277-1010 <br> Fax (310) 203-7199 <br><br> ***Attorneys for Plaintiff Netlist, Inc.*** |

## CERTIFICATE OF SERVICE

I hereby certify that, on January 7, 2025, a copy of the foregoing was served to all counsel of record.

/s/ *Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred on the subject matter of this motion. Samsung's counsel stated that it opposes this motion.

/s/ *Jason Sheasby*
Jason Sheasby

- 4 -