UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

NETLIST, INC.

                    Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., et al.,

                    Defendants.

Civil Case No. 2:22-cv-00293-JRG

**JURY TRIAL DEMANDED**

**SAMSUNG'S MOTION TO AMEND THE JUDGMENT
AND STAY DUE TO THE C.D. CAL.'S NEW TRIAL ORDER**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ..................................................................................................... 1

II.     FACTUAL BACKGROUND ................................................................................... 2

        A.      The Parties' License Agreement and Parallel Litigation Over It ........................... 2

        B.      The Instant Litigation ................................................................................ 4

III.    LEGAL STANDARD .............................................................................................. 6

IV.     ARGUMENT ........................................................................................................... 7

        A.      This Court Should Withdraw the Judgment Because Samsung's License Defense
                Remains Unadjudicated .............................................................................. 7

        B.      After Withdrawing the Judgment, the Court Should Stay This Case Until the C.D.
                Cal. Case Is Fully and Finally Resolved ...................................................... 9

                1.      A Stay Will Simplify, and Likely Eliminate, the Case .......................... 10

                2.      Fifth Circuit Law Compels This Court To Stay This Case..................... 11

                3.      Netlist Would Not Be Unduly Prejudiced by a Stay............................. 11

        C.      Netlist Is Unlikely To Prove That Samsung Breached the JDLA, or That Any
                Breach Was Material.................................................................................. 12

        D.      If the Court Does Not Withdraw the Judgment, the Court Should Stay This Case
                Until the C.D. Cal. Case Is Fully Resolved .................................................. 13

V.      CONCLUSION ...................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bradberry v. Jefferson Cnty.*,
  732 F.3d 540 (5th Cir. 2013) ................................................................7

*Edward H. Bohlin Co. v. Banning Co.*,
  6 F.3d 350 (5th Cir. 1993) ..................................................................7

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
  No. 2:15-CV-00011, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) .......................6

*FireBlok IP Holdings, LLC v. Hilti, Inc.*,
  No. 2:19-CV-00023-RWS-RSP, 2020 WL 1899620 (E.D. Tex. Jan. 20, 2020) .................7, 9

*Glass Equip. Dev., Inc. v. Besten, Inc.*,
  174 F.3d 1337 (Fed. Cir. 1999)..........................................................7, 8

*Global Ground Automation, Inc. v. Groundrez, LLC*,
  No. 6:08-CV-374-LED-JDL, 2010 WL 11441303 (E.D. Tex. Sept. 14, 2010) ......................7

*Lochner Techs., LLC v. Lenovo Inc.*,
  No. 2:10-CV-430-JRG, 2013 WL 12172638 (E.D. Tex. July 24, 2013)...........................9, 10

*Netlist, Inc. v. Samsung Elecs. Co., Inc.*,
  No. 22-55247 (9th Cir.) ...................................................................3

*NFC Tech. LLC v. HTC Am., Inc.*,
  No. 2:13-CV-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ........................12

*Pace v. Bogalusa City Sch. Bd.*,
  403 F.3d 272 (5th Cir. 2005) ..............................................................7

*Rothschild Connected Devices Innovations, LLC v. ADS Security L.P.*,
  No 2:15-CV-01431-JRG-RSP, 2019 WL 5960206 (E.D. Tex. Nov. 12, 2019) ......................6

*Schiller v. Physicians Res. Grp. Inc.*,
  342 F.3d 563 (5th Cir. 2003) ..............................................................6

*TQ Delta, LLC v. CommScope Holding Co.*,
  657 F. Supp. 3d 892 (E.D. Tex. 2023).......................................................7

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014)...........................................................11

*West Gulf Maritime Ass'n v. ILA Deep Sea Loc. 24*,
   751 F.2d 721 (5th Cir. 1985) ........................................................................... *passim*

*Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*,
   341 F. Supp. 2d 639 (N.D. Tex. 2004) .................................................................6

**Statutes**

35 U.S.C. § 284 ....................................................................................................5

**Other Authorities**

Rule 50(b) ........................................................................................................6, 14

Rule 59(e) .................................................................................................2, 6, 7, 13

11 Wright & Miller, Federal Practice and Procedure § 2810.1 (3d ed. 2024) ...............................6

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '215 patent | U.S. Patent No. 9,858,215 |
| '417 patent | U.S. Patent No. 11,093,417 |
| '608 patent | U.S. Patent No. 10,268,608 |
| '912 patent | U.S. Patent No. 7,619,912 |
| asserted patents | The '608, '912, and '417 patents |
| C.D. Cal. | U.S. District Court for the Central District of California |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-993 (C.D. Cal.) |
| IPR | *Inter partes* review |
| JDLA | Joint Development and License Agreement |
| JMOL | Judgment as a Matter of Law |
| Netlist | Netlist, Inc. |
| Ninth Circuit Appeal | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247 (9th Cir.) |
| PTAB | Patent Trial and Appeal Board |
| Samsung | Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. |

**TABLE OF EXHIBITS**

| Ex. | Description |
|-----|-------------|
| 1 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247, Dkt. 74-1 (9th Cir. Oct. 17, 2023) |
| 2 | ███████████████████████████ |
| 3 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55247, Dkt. 11 (9th Cir. June 6, 2022) |
| 4 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993-MCS-ADS, Dkt. 276 (C.D. Cal. Dec. 3, 2021) |
| 5 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993-MCS-ADS, Dkt. 640 (C.D. Cal. Dec. 26, 2024) |
| 6 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993-MCS-ADS, Trial Transcript (C.D. Cal. May 14, 16, and 17, 2024) (excerpts) |

## I.     INTRODUCTION

Although Samsung pled and pursued a license defense in this action based on the parties'

2015 Joint Development and License Agreement (JDLA), the parties were in active litigation in

the Central District of California over whether Netlist had lawfully terminated the JDLA.  This

Court ruled it would defer to the C.D. Cal. court on whether the JDLA remained in existence,

and thus whether Samsung held a license to the patents in suit in the instant case:

> To be abundantly clear, Samsung has a license defense, in this case, at least up to
> July 15, 2020, when Netlist purported to terminate the JDLA.  Whether or not
> such a license defense continues after such termination ***is controlled by and
> deferred to the Central District of California***.

Dkt. 768 at 3.

The C.D. Cal. court held a jury trial in May 2024 that resulted in a verdict in Netlist's

favor, finding that the JDLA was legally terminated on July 15, 2020.  This Court then held a

jury trial in this case in November 2024 where the jury was instructed that Samsung was licensed

up to July 15, 2020 but not beyond.[1]  This Court then entered final judgment on the jury's verdict

of infringement in this case on December 2, 2024 without further ruling on Samsung's license

defense.  Dkt. 855.  Even though Samsung's license defense was not resolved because final

judgment had not been entered in the C.D. Cal. Case, this Court's Final Judgment denies "[a]ll

other requests for relief now pending and requested by either Party but not specifically addressed

herein."  *Id.* at 3.

On December 26, 2024, the C.D. Cal. court vacated the jury verdict and ordered a new

trial to determine whether Netlist lawfully terminated the JDLA.  Ex. 5 at 16.  Therefore,

---

[1] The Court instructed the jury: "The JDLA provided that each party would have a license to
use the other party's patents during the existence of the JDLA.  As of July 15, 2020, the JDLA
was no longer in effect.  In other words, Samsung and Netlist were each licensed to the other's
patents under the JDLA until September [sic] 15, 2020."  Tr. at 1209:23-1210:2.

1

pursuant to Rule 59(e), Samsung asks this Court to withdraw its Final Judgment.[2]

In addition, after withdrawing the judgment, this Court should stay this case pending the resolution of the remand of the C.D. Cal. Case. As this Court earlier recognized, the C.D. Cal. Case will resolve whether Samsung is licensed to the patents-in-suit, and a ruling in Samsung's favor there will moot the instant litigation. Dkt. 768 at 3. Under Fifth Circuit law, it would be an abuse of discretion here for this Court to move forward before the first-filed C.D. Cal. Case resolves Netlist's license termination claims. *See West Gulf Maritime Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 728-29 (5th Cir. 1985) (finding it was an abuse of discretion for a Texas district court to issue a preliminary injunction on an issue being decided in an earlier-filed action in New York).

If the Court does not withdraw the judgment under Rule 59(e), then it should stay the case pending the resolution of the C.D. Cal. Case to ensure finality of this case.

## II.    FACTUAL BACKGROUND

### A.    The Parties' License Agreement and Parallel Litigation Over It

This Court is fully familiar with the history of the JDLA between Samsung and Netlist and the C.D. Cal. Case regarding Netlist's alleged termination of the JDLA in 2020, so that history is only briefly summarized here.

In 2015, Samsung and Netlist entered into the JDLA, which principally addressed two objectives: (1) the parties' joint development of a new memory module called NVDIMM-P, and (2) the parties' exchange of patent cross-licenses. ▮▮▮▮ Ex. 3 at 1. The JDLA provided Samsung with a perpetual, paid-up, worldwide, license to all Netlist patents having an effective first filing date on or prior to November 12, 2020, which indisputably includes the patents-in-suit

---

[2] Alternatively, the Court could amend the judgment to reflect that Samsung's license defense remains unresolved and thus the judgment is not final.

here. ████████████ Netlist purported to terminate the JDLA on July 15, 2020 and filed an action in C.D. Cal., seeking, *inter alia*, a declaration that the JDLA and its license to Samsung was terminated. In 2021, the C.D. Cal. court granted summary judgment in favor of Netlist finding that Samsung had materially breached the JDLA and that, as a result, Netlist had properly terminated the JDLA as of July 15, 2020. The case then proceeded to a jury trial on damages, where the jury found that Netlist did not prove that it suffered any damages as a result of Samsung's alleged breach. Samsung appealed. *See Netlist, Inc. v. Samsung Elecs. Co., Inc.*, No. 22-55247 (9th Cir.).

On October 17, 2023, the Ninth Circuit reversed the C.D. Cal. court's judgment that Samsung breached the JDLA, which necessarily meant that the C.D. Cal. court's judgment that Netlist properly terminated the JDLA on July 15, 2020 was also reversed. Ex. 1 at 5-8. The Ninth Circuit remanded the case with instructions for the district court to consider whether extrinsic evidence created a genuine issue of material fact as to the meaning of the JDLA, and, if so, to have the jury resolve the termination issue. *Id*. The C.D. Cal. court found such fact issues existed and set the case for jury trial.

In May 2024, a C.D. Cal. jury heard evidence on whether Netlist properly terminated Samsung's license. Although the jury returned a verdict finding that Samsung materially breached the JDLA and, as a result, that Netlist had properly terminated Samsung's license under the JDLA on July 15, 2020, the C.D. Cal. court did not enter final judgment. Dkt. 768 at 2; Dkt. 727 at 2; Ex. 4. Thereafter, Samsung filed, *inter alia*, a motion for judgment as a matter of law and for a new trial due, in part, to juror bias. Ex. 5 at 2, 10-16. Netlist filed a motion for entry of judgment. *Id.* at 2. On December 26, 2024, the C.D. Cal. court granted Samsung's motion for a new trial and denied Netlist's motion for entry of judgment. *Id*. at 16. The C.D. Cal. court also

ordered the parties to file a joint statement by January 7, 2025, proposing dates for the new trial to begin no later than April 1, 2025. *Id*. The C.D. Cal. court alternatively instructed the parties they "may stipulate for a referral to alternative dispute resolution proceedings." *Id.*

## B.    The Instant Litigation

Netlist's third amended complaint in this action alleged infringement of four patents, Dkt. 100, but Netlist dropped one of those patents from the case (the '215 patent, Dkt. 325) before trial, leaving the '608, '912, and '417 patents at issue.

The Court granted summary judgement that the JDLA grants Samsung a license to all the patents-in-suit. Dkt. 727. The Court thereafter clarified its summary judgment opinion: "The products in this case *are* covered by the license in the JDLA for as long as the JDLA remains effective" and "Samsung is entitled to a license defense *at least* up until Netlist's purported termination [of] the JDLA." Dkt. 768 at 2-3 (original emphases). Importantly, the Court reaffirmed its ruling that "[w]hether or not Samsung is entitled to a license defense *after* Netlist's purported termination depends on the outcome of the case in the Central District of California," which "controls the issues of termination and breach." *Id.* at 3 (original emphasis). The Court further noted: "To be abundantly clear, Samsung has a license defense, in this case, at least up to July 15, 2020, when Netlist purported to terminate the JDLA. Whether or not such a license defense continues after such termination ***is controlled by and deferred to the Central District of California***." *Id.* The Court also denied Samsung's motion to bifurcate the license defense or stay the instant case. Dkt. 818 at 2 (denying Dkt. 383); Dkt. 278 (denying Samsung's motion to stay pending the C.D. Cal. remand).

In November 2024, the parties proceeded to trial in this Court on the issues of

infringement, invalidity, willfulness, and damages for the '608, '912, and '417 patents.[3]  At the close of evidence, Samsung moved for JMOL on several issues.  Tr. at 1130:5-16.  The Court granted Samsung's JMOL of noninfringement regarding any doctrine of equivalents theory, Tr. at 1176:4-6, but otherwise denied Samsung's motion for JMOL of noninfringement for each of the asserted patents, Tr. at 1175:25-1176:2.  The Court also denied Samsung's motion for JMOL of invalidity for the asserted claims, Tr. at 1176:21-1177:3; and Samsung's motion for JMOL of no willful infringement, Tr. at 1177:4-5.

On November 22, 2024, the jury returned its verdict, finding that Samsung infringed at least one claim of each asserted patent.  Dkt. 847 at 4.  The jury declined to find the asserted claims of the '608, '912, and '417 patents invalid, *id.* at 5, and found Samsung's infringement was willful, *id.* at 6.  In doing so, the jury awarded $12 million for infringement of the '608 patent, $94 million for infringement of the '912 patent, and $12 million for infringement of the '417 patent.  *Id.* at 7.

On December 2, 2024, the Court entered Final Judgment that: (1) Samsung infringed at least one asserted claim of the '608, '912, and '417 patents; (2) none of the asserted claims were proven invalid, and (3) Samsung's infringement was willful.  Dkt. 855 at 2-3.  The Court concluded that enhancement of damages pursuant to 35 U.S.C. § 284 was not appropriate.  *Id.* at 2.  The Final Judgment awarded Netlist a lump-sum royalty for each of the asserted patents and denied "[a]ll other requests for relief now pending and requested by either Party but not specifically addressed herein[.]"  *Id.* at 3.

---

[3] Based on IPRs Samsung filed, the PTAB invalidated all the asserted claims of the '912 and '417 patents.  Dkt. 735-11; Dkt. 735-12.  On December 10, 2024, the PTAB found that Samsung had not shown the asserted claims of the '608 patent to be unpatentable.  Dkt. 864-1.  Netlist has appealed the PTAB's decision for the '912 and '417 patents; the notice of appeal for the '608 patent's decision is due by February 11, 2025.

On December 4, 2024, Netlist filed a motion seeking a preliminary and permanent injunction against certain products the jury found infringe the '608 patent, ignoring the jury's election of a lump-sum award that wipes out any possibility of an injunction.  Dkt. 858.  Briefing on that motion is set to conclude on January 2, 2025.

On December 30, 2024 (concurrently herewith), Samsung filed a Rule 50(b) motion for judgment as a matter of law challenging infringement, invalidity, and willfulness.  Dkt. 885. Briefing on that motion is set to conclude on January 27, 2025.

## III.    LEGAL STANDARD

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."  *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations, citation omitted).  "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law," *id.* at 567-68, and "to prevent manifest injustice."  *Rothschild Connected Devices Innovations, LLC v. ADS Security L.P.*, No 2:15-CV-01431-JRG-RSP, 2019 WL 5960206, *1 (E.D. Tex. Nov. 12, 2019); 11 Wright & Miller, Federal Practice and Procedure § 2810.1 (3d ed. 2024).

The Court also "has the inherent power to control its own docket, including the power to stay proceedings before it."  *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016).  Exercising this authority is especially appropriate where issues presented in one action will be resolved in an earlier-filed action pending in another court.  *See West Gulf*, 751 F.2d at 728-29; *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 341 F. Supp. 2d 639, 642-46 (N.D. Tex. 2004) ("a stay pending the

6

outcome of litigation in another court between the same parties, involving the same or controlling issues, is an appropriate means of avoiding unnecessary waste of judicial resources").

## IV.    ARGUMENT

### A.    This Court Should Withdraw the Judgment Because Samsung's License Defense Remains Unadjudicated

As this Court already held, Samsung held a license for all asserted claims and accused products prior to Netlist's purported termination of the JDLA on July 15, 2020.  Dkt. 727 at 27; Dkt. 768 at 2-3.  Samsung has consistently maintained that Netlist did not properly terminate the license and Samsung thus maintains a license to the asserted patents through the entire period of damages in this case.  *See, e.g.*, Dkt. 145 at 24-27; Dkt. 694 at 12; Dkt. 777 at 13.[4]  Samsung's license defense remains a live issue in this case because this Court deferred to the C.D. Cal. Case on this issue and there is no final judgment in the C.D. Cal. Case.[5]  Indeed, last week the C.D. Cal. court ordered a new trial, wiping out the jury verdict in Netlist's favor.  Ex. 5 at 16.

Therefore, the Court should withdraw the judgment until the C.D. Cal. court has finally resolved whether Samsung's license continues.  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993) ("Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend."); *Global Ground Automation, Inc. v.*

---

[4] Samsung's license to Netlist's entire portfolio under the JDLA is a "complete defense" to Netlist's allegations.  *See Glass Equip. Dev., Inc. v. Besten, Inc.*, 174 F.3d 1337, 1341-42 (Fed. Cir. 1999); *FireBlok IP Holdings, LLC v. Hilti, Inc.*, No. 2:19-CV-00023-RWS-RSP, 2020 WL 1899620, at *3 (E.D. Tex. Jan. 20, 2020).

[5] Samsung therefore is not collaterally estopped from arguing that its license under the JDLA remains in force.  *See Bradberry v. Jefferson Cnty.*, 732 F.3d 540, 548 (5th Cir. 2013) (In the Fifth Circuit, issue preclusion applies "when: '(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision.'" (quoting *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005))).  Fifth Circuit precedent applies a "strict approach" to the final judgment requirement, requiring judgment to be entered and appealable before it can be given issue-preclusive effect.  *TQ Delta, LLC v. CommScope Holding Co.*, 657 F. Supp. 3d 892, 902-04 (E.D. Tex. 2023).

*Groundrez, LLC*, No. 6:08-CV-374-LED-JDL, 2010 WL 11441303, *2-3 (E.D. Tex. Sept. 14, 2010) (granting motion to amend and vacating dismissal). At a minimum, the Court should amend the judgment to reflect that Samsung's license defense remains unresolved (and thus the judgment is not final).

To do otherwise would be an abuse of discretion under Fifth Circuit law. *See West Gulf*, 751 F.2d at 728-29 (finding it was an abuse of discretion for a Texas district court to issue a preliminary injunction on an issue being decided in an earlier-filed action in New York). In that case, the first-filed New York case required the New York district court to assess the validity of a decision of a panel that that interpreted a provision in a union contract. *Id*. at 723, 728. The validity of that same decision was also "at the heart" of the request for declaratory and injunctive relief in the Texas action. *Id*. at 727-28. Even though "[t]he controlling issue as to the injunction [in the Texas action] . . . [was] the validity of the [union panel] decision," *id.* at 728, the Texas court issued a preliminary injunction. *Id*. at 731. Under the principles of comity, the Fifth Circuit held that the Texas court "should have stayed, dismissed, or transferred [the Texas] . . . action." *Id*. at 730. In so doing, the Fifth Circuit held that the district court abused its discretion "in permitting the Texas action to proceed and in issuing the injunction." *Id.* at 729 n.2. "The central point" of the comity analysis "is that it was up to [the New York court] to determine whether an injunction was necessary" and "[i]nevitably the district court's injunction intruded on [the New York court's] authority." *Id.* at 730-31.

Here, the C.D. Cal. Case indisputably relates to whether Samsung breached the JDLA and whether any such breach permitted Netlist to properly terminate the JDLA. That issue is integral to this case—Samsung's JDLA license is a complete defense to Netlist's infringement claims. *See Glass Equip.*, 174 F.3d at 1341-42. Because the first-filed C.D. Cal. Case will

resolve a threshold issue for Samsung's license defense, it was entirely proper for this Court to defer to the C.D. Cal. Case on the termination issue. Under Fifth Circuit law, it would be an abuse of discretion for this Court to enter final judgment before the first-filed C.D. Cal. Case resolves Netlist's license termination claims and Samsung's license defense remains unadjudicated.

Indeed, Samsung previously moved—over Netlist's objection—to clarify the Court's summary judgment decision and to bifurcate Samsung's license defense to avoid this precise situation. Dkt. 739 at 1-2; Dkt. 383 at 5-6.[6] Allowing the judgment to stand in its current form would impose a manifest injustice on Samsung, which has been found liable for the infringement of licensed patents. Now that the C.D. Cal. court has ordered a new trial—erasing the C.D. Cal. verdict that the JDLA was terminated—entering judgment requiring Samsung to pay over $100M in damages for licensed patents would be manifestly unjust. *See, e.g.*, *FireBlok*, 2020 WL 1899620 at *3 ("A patentee is barred from seeking damages for a party's use or sale of a product that the patentee has already licensed."). It would also be manifestly unjust for this case to proceed through post-trial and appeal ***before*** the C.D. Cal. Case is fully and finally resolved, including through its appeal.

Accordingly, the Court should withdraw the Final Judgment.

**B.     After Withdrawing the Judgment, the Court Should Stay This Case Until the C.D. Cal. Case Is Fully and Finally Resolved**

Once the Court recalls or amends the judgment, it should stay this case. In deciding whether to stay litigation for a pending appeal in a parallel action, this Court has considered factors such as "whether a stay will simplify issues in question and trial of the case," and

---

[6] Netlist was thus well aware that proceeding to trial before the C.D. Cal. court entered final judgment could require this Court to delay entering final judgment here, for example, if the C.D. Cal. court ordered a new trial.

9

"whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party." *Lochner Techs., LLC v. Lenovo Inc.*, No. 2:10-CV-430-JRG, 2013 WL 12172638, at *1 (E.D. Tex. July 24, 2013) (granting a motion to stay pending an appeal in a parallel action). Here, a stay will simplify the issues because Samsung is fully licensed to Netlist's patents unless Netlist prevails in the remanded C.D. Cal. Case, where it has the burden to prove a material breach of the JDLA.  Indeed, continuing the present case before the first-filed C.D. Cal. Case resolves Netlist's breach of contract claims would be an abuse of discretion.  *See West Gulf*, 751 F.2d at 728-29.[7]  In addition, as discussed below, a stay will not unduly prejudice Netlist or present a clear tactical advantage to Samsung because Netlist chose to litigate its contract claims in C.D. Cal. separate from its patent infringement claims in E.D. Tex., and money damages are sufficient.

## 1.    A Stay Will Simplify, and Likely Eliminate, the Case

A stay will simplify the issues in this case because this Court has held that the C.D. Cal. Case controls whether Samsung is licensed to the asserted patents in this case.  *See* Dkt. 768 at 3. This Court has already ruled that the JDLA provided Samsung with a complete license defense to any infringement prior to July 15, 2020.  *Id.*  If the C.D. Cal. Case results in a finding that the JDLA was not terminated on that date, it will therefore stand as a complete defense to the infringement allegations here.  Because the C.D. Cal. Case could resolve this case in its entirety, this Court should stay this action until C.D. Cal. resolves Netlist's allegation that the JDLA was terminated.

---

[7] Although, in evaluating requests to stay, courts have considered "whether discovery is complete and whether a trial date has been set," *Lochner*, 2013 WL 12172638, at *1, this factor cannot override the guidance of *West Gulf*, 751 F.2d at 728-29.  In any event, although trial has already occurred here, significant work remains, including Netlist's pending motion for an injunction—relief that is certainly unwarranted now.  It would be highly inefficient and wasteful to proceed given the new developments.

### 2.    Fifth Circuit Law Compels This Court To Stay This Case

Not only is a stay advisable in this case, Fifth Circuit law compels a stay in these circumstances.  As discussed above, in *West Gulf*, the Fifth Circuit held it was an abuse of discretion for a Texas district court to resolve issues being decided in an earlier-filed New York case.  751 F.2d at 728-32.  Because the first-filed C.D. Cal. Case controls whether Samsung is licensed to the asserted patents, under Fifth Circuit law, the C.D. Cal. court must address whether Netlist lawfully terminated license and this case should be stayed pending a final decision in that case.

### 3.    Netlist Would Not Be Unduly Prejudiced by a Stay

A stay would not unduly prejudice Netlist or present a clear tactical advantage to Samsung.  "[W]hether the patentee will be unduly prejudiced by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014).

Here, Netlist decided to split its claims between two different courts, choosing to litigate its contract claims in C.D. Cal., separate from its patent infringement claims in E.D. Tex.  It is not unduly prejudicial to first allow the resolution of Netlist's contract claims in its chosen forum before resolving whether liability attaches (in the absence of a license) in this Court.  For this same reason, a stay does not give Samsung an unfair tactical advantage.  Indeed, Netlist waited until 2021 when the C.D. Cal. initially found that Netlist had terminated Samsung's license *before* filing patent infringement actions against Samsung; even Netlist understood that resolution of the license issue in C.D. Cal. was a predicate to pursuing infringement claims.

Money damages are plainly sufficient because Netlist has licensed its patents to others, including Samsung.  If Netlist prevails in the C.D. Cal. Case, this case could be re-started and the Court could rule on the post-trial motions.  A "stay will not diminish the monetary damages to

11

which [Netlist] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages . . . ." *Virtua/Agility*, 759 F.3d at 1318.  A delay of the vindication of patent rights alone is insufficient to defeat a motion to stay.  *See, e.g.*, *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *2-3 (E.D. Tex. Mar. 11, 2015) (granting stay).  Moreover, this Court has ordered prejudgment interest "calculated at the five (5) year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment" and post-judgment interest "at the statutory rate, from the date of entry of this Judgment until paid" that will compensate Netlist for any delay in collecting a judgment. Dkt. 855 at 2-3.

Injunction issues also do not counsel against a stay.  Netlist's untimely request for an injunction for certain products the jury found to infringe the '608 patent, Dkt. 858, cannot succeed in the face of the jury's election of a lump-sum award.  *See* Dkt. 872 at 1-2.  Moreover, Netlist waived any right to an injunction by failing to request one in its complaints, disclosures, discovery, the pretrial order or conference, or at any time before judgment.  *Id.* at 3-5.  Finally, an injunction would be improper while Samsung is licensed to the '608 patent.  Until there is a final resolution in the C.D. Cal. as to whether Netlist properly terminated Samsung's license, an injunction cannot issue.

### C.    Netlist Is Unlikely To Prove That Samsung Breached the JDLA, or That Any Breach Was Material

Although the Court need not resolve the likelihood that Netlist will prevail on its claims in C.D. Cal. at this stage, Netlist is unlikely to prevail in the C.D. Cal. retrial, meaning that Samsung's license to Netlist's patents will remain in effect.  In the C.D. Cal. Case, Netlist must prove: (1) the ambiguity in the supply provision (§ 6.2) of the JDLA must be resolved in Netlist's favor such that Samsung was required to supply Netlist NAND and DRAM products

12

generally (and not just for the NVDIMM-P joint development project), and (2) any breach in the supply provision was "material"—notwithstanding that *the C.D. Cal. jury already held that Netlist suffered no damages as a result of any breach of the supply provision*.  Ex. 4.  Netlist is unlikely to prevail on either of these issues, let alone both.

Although Netlist persuaded the first jury to adopt its interpretation of the supply provision (§ 6.2), that jury verdict was tainted with misconduct.  First, Netlist attempted to use a document at trial that was neither included on its exhibit list nor produced during discovery.  Ex. 5 at 6.  Although the C.D. Cal. court struck Netlist's witness's testimony on this document, *id.* at 7, it is impossible to know how Netlist's misconduct influenced the jury.

Second, the jury included a biased juror.  As the C.D. Cal. court found, Juror 16 failed to disclose that she had been involved in numerous contract disputes and litigation, including one filed by a person of Korean descent.  Ex. 5 at 11.  Netlist's counsel in opening and closing repeatedly painted Netlist as an American innovator and Samsung as a foreign company uninterested in complying with U.S. law.  *See* Ex. 6 at 156:11-16, 158:8-14, 165:3-5, 835:1-4, 877:1-5.  Samsung was the only party that had witnesses testify in Korean and Netlist's counsel repeatedly reminded the jury that Samsung is a Korean company.  *Id.* at 618:18-19.

The presence of this biased juror during deliberations counsels strongly against any assumption that Netlist will be able to convince an untainted jury that it should prevail.  *See* Ex. 5 at 16 (noting lack of confidence in the juror's "capacity to have fairly adjudged this action, whether because she preferred to see the domestic party prevail over the Korean one, because she disliked both sides for putting on witnesses who reminded her of her party opponent, . . . ").

### D.    If the Court Does Not Withdraw the Judgment, the Court Should Stay This Case Until the C.D. Cal. Case Is Fully Resolved

If the Court does not withdraw the judgment under Rule 59(e), then it should stay the

case pending the resolution of the C.D. Cal. Case for the same reasons discussed above. Proceeding with post-trial motions under the current circumstances would be highly inefficient and wasteful.  If Netlist fails to prove that Samsung materially breached the JDLA in the C.D. Cal. Case retrial, this entire case will be moot.  In the unlikely event that Netlist prevails, this Court could address post-trial motions at that time.

Alternatively, the Court could amend the judgment to reflect that Samsung's license defense remains unresolved and thus the judgment is not final.  After the C.D. Cal. Case is resolved, the Court would then enter final judgment and address Netlist's motion for an injunction, Dkt. 858, and Samsung's Rule 50(b) JMOL motion, Dkt. 885.

## V.    CONCLUSION

Samsung respectfully asks the Court to withdraw the Final Judgment and stay this case until the remanded C.D. Cal. Case is fully resolved.  If the Court does not withdraw the judgment, the Court should stay this case pending resolution of the C.D. Cal. Case. Alternatively, the Court could amend the judgment to reflect that Samsung's license defense remains unresolved and thus the judgment is not final.


Dated:  December 30, 2024                    Respectfully submitted,

                                                    By:   /s/ Ruffin B. Cordell
                                                          _____

Melissa Richards Smith                          Ruffin B. Cordell
melissa@gillamsmith.com                         TX Bar No. 04820550
GILLAM & SMITH, LLP                             cordell@fr.com
303 South Washington Ave.                       Michael J. McKeon
Marshall, Texas 75670                           D.C. Bar No. 459780
Telephone: (903) 934-8450                       mckeon@fr.com
Facsimile: (903) 934-9257                       Lauren A. Degnan
                                                D.C. Bar No. 452421
J. Travis Underwood                             degnan@fr.com
Texas Bar No. 24102587                          Daniel A. Tishman
travis@gillamsmithlaw.com                       DC Bar No. 1013923

GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, N
Washington, DC 20001-4956
Telephone: (202)-662-6000

Alice J. Ahn
CA Bar No. 271399/DC Bar No. 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile:   (415) 955-6571

tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on December 30, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Ruffin B. Cordell*

**CERTIFICATE OF CONFERENCE**

On December 30, 2024, counsel for the parties discussed their positions on this motion. Michael Tezyan participated for Plaintiff; Katherine Reardon participated for Defendants.  At the time of the call, Netlist did not agree to the relief requested herein, and indicated that the motion is opposed.

*/s/ Ruffin B. Cordell*