IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:22-CV-293-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC., SAMSUNG SEMICONDUCTOR, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S SUR-REPLY TO SAMSUNG'S MOTION TO AMEND THE JUDGMENT AND STAY**

Samsung has given this Court no reason to amend or withdraw the judgment other than baseless speculation. Samsung does not even seriously contend that it will win the retrial in the Central District of California. It is clear that Samsung's only goal in this motion, as with much of this litigation, is to delay and disrupt the efficient resolution of this case. Samsung argues that "Netlist cannot legitimately expect the parties and the Court to expend resources on the pending post-trial motions." But the heavy lifting in this case is over. The parties have already filed opening motions and opposition briefs for the post-trial motions. This Court has already heard of all of the evidence, and a jury has already spent two weeks resolving the issues in this case.

Much of Samsung's motion is focused on its contention that it currently has a license to the patents in suit that has not been resolved. If Samsung did have a defense that was relevant to the judgment, as it contends[1], Samsung was required to seek a new trial on this basis under Fifth Circuit law. Samsung chose not to do so because it does not want to try its license defense before the jury in this case, despite Netlist's repeated request that it do so throughout this litigation. Samsung's only goal with this motion is delay.

Samsung surprisingly blames the Court for the fact that Samsung sat on its hands with respect to its license defense for the last several months, and claims it "could not have raised the license issues at the jury trial." Dkt. 892 at 1. But Samsung does not dispute that **Samsung** took the position throughout this litigation—including far before the Court ruled anything on summary judgment or thereafter—that it would not present its license defense to the jury in this case. Dkt. 694 (Pretrial Order) ("Samsung does not agree that venue is proper in the United States District Court for the Eastern District of Texas for any dispute regarding whether or not the Joint Development and License

---

[1] Netlist terminated the JDLA on July 15th, 2020, which, by operation of the contract terms, terminated Samsung's license to Netlist's patents. Nothing required Netlist to obtain a court order to terminate the contract. And no court has held that Netlist's termination was improper or ineffective.

- 1 -

Agreement was terminated. Venue for that dispute is proper in only the Central District of California, the court of original jurisdiction."); Dkt. 203 at 1 ("The central issue relating to the JDLA is whether it has been breached and lawfully terminated. This case is dependent on the answer to that question, which is being litigated in the first-filed, dominant C.D. Cal. Case. It would be most improper to continue to litigate this case under the circumstances."); Dkt. 187 at 6 ("The Court should stay this case so that the C.D. Cal. can address whether Samsung continues to be licensed to Netlist's asserted patents, thereby mooting this entire case."); Dkt. 372 at 7 (Samsung's motion to bifurcate: "Neither this Court nor any Texas jury should be called upon to evaluate the issues of the interpretation of JDLA § 6.2, breach, materiality, or termination of the JDLA."). There is no basis to amend the judgment or to stay this case.

### I.   Samsung Did Not Seek a New Trial On Its License Defense

Samsung claims it "did not need to file a motion for a new trial to preserve its license defense" because the Court already ruled on part of the issue at summary judgment. Reply at 3. Samsung cites no authority supporting this proposition whatsoever. Samsung also wholly fails to address the settled Fifth Circuit law—*Stephens* and *Quanta*—cited in Netlist's opposition holding that Samsung has waived its challenges to the judgment. *Stephens v. C.I.T. Group/Equipment Financing, Inc.*, 955 F.2d 1023, 1026 (5th Cir. 1992) (affirmative defense "waived" where defendant "did not present evidence on the issue at trial; and CIT did not raise the statute of limitations defense in its motion for judgment n.o.v. or motion for new trial"); *Quanta Servs. Inc. v. Am. Admin Grp. Inc.*, 384 Fed. App'x 291, 294 (5th Cir. 2008) ("AG neither re-urged its Rule 50 motion post-verdict nor filed a motion for new trial under Fed.R.Civ.P. 59, and thus waived these challenges").

The very premise of its motion to amend the judgment is that a new event occurred that was material to a defense it claims to have in this case—the grant of a new trial in the Central District. But if this is correct, it was bound to raise it as a basis for a new trial. Samsung strategically chose not to

for obvious reasons: it wants to keep the license defense away from any jury that will decide infringement.

Samsung's suggestion that it could not or should not have moved for a new trial on an issue that the Court has already ruled on is simply wrong. Reply at 3. Samsung moved for a new trial in *Samsung I* on several issues the Court had already ruled on earlier in the case. *See, e.g.*, Dkt. 561 at 64 (seeking a new trial because "Mr. Kennedy's unreliable testimony should have been excluded" at the *Daubert* stage). Nothing prevented Samsung from moving conditionally for a new trial or for judgment as a matter of law pending the outcome of the Central District of California's post-trial briefing.

## II.   The Court Should Deny Samsung's Seventh Attempt to Stay This Case

### A.   A Stay Would Effectively Deny Netlist's Motion for an Injunction, and thus Severely Prejudice Netlist

Samsung does not dispute that in the Fifth Circuit, district courts must resolve preliminary injunction motions swiftly. Samsung disputes the merits of Netlist's motion for an injunction, but the Court can consider that completed briefing elsewhere. Samsung contends that the Central District's order for a retrial precludes an injunction, and argues in a footnote that it has not waived such an argument because "Samsung could not have raised" it in its injunction briefing. This is obviously not true, as Samsung was well aware of the pending post-trial briefing in California. Again, Samsung chose to lay behind the log and spring a new argument on Netlist and the Court despite there being no barrier to doing so at the proper time.

### B.   A Stay Would Not Simplify Any Issues

#### 1.   There Are No Issues Left To Simplify In This Court, and Thus No Need for a Stay

Samsung makes no attempt to grapple with this Court's express order from earlier in the case, including its express rejection of the *West Gulf* case as applicable to this case. The Court explained that "there are other significant issues in this case that are not before the Central District of California,

including Netlist's claims for patent infringement." Dkt. 278 at 5. The Court further explained that it may "proceed on the other issues in this case, including Netlist's claims for patent infringement." *Id.* The case has proceeded to trial on those issues, and now they need to be resolved in post-trial briefing.

### 2. Samsung Has Not Attempted To Make a Showing on Likelihood of Success

Samsung does not even attempt to argue that it is "likely" to succeed at the next trial, nor does it address the overwhelming evidence introduce in the last CDCA trial demonstrating that Samsung materially breached the JDLA. Instead, Samsung argues that "[t]his Court should reject Netlist's invitation to analyze the issues before the C.D. Cal. court." Reply at 5. But Samsung bears the burden of showing that a stay pending the CDCA retrial would simplify the issues in this case, and it cannot make this showing merely by speculating that this retrial would have any effect on the outcome of the parties' infringement dispute. *See MacroSolve, Inc. v. Antenna Software, Inc.*, 2013 U.S. Dist. LEXIS 185622, at *3, *6 (E.D. Tex. Aug. 30, 2013) (issues would not be simplified where movant's "chances of success are speculative").

By not even attempting to argue that it is likely prevail in the CDCA retrial in the face of overwhelming evidence demonstrating Samsung's material breach, Samsung has effectively conceded that its chances of success are **at best** purely speculative. The fact that one of the jurors in the prior CDCA trial failed to disclose that she had been involved in with an individual of Korean descent does not change this. Reply at 5. As Judge Scarsi recognized, "numerous witnesses of Korean and East Asian descent testified on **both** sides, and [] Juror 16's prior litigation experience as a defendant might bias her in **favor of Samsung** here." Dkt. 888-08 at 15 (emphasis added). Judge Scarsi concluded that Juror 16's omissions required a new trial regardless of whether it materially affected the outcome, not because this single juror somehow persuaded the entire jury to find against Samsung. Because

Samsung has provided no reason why the outcome of the second CDCA trial will be any different than the first, its Motion fails on that basis alone.

### III.  Conclusion

For the reasons stated above, Samsung's Motion should be denied.

Dated: January 21, 2025                                  Respectfully submitted,

*/s/ Jason Sheasby*
Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

### CERTIFICATE OF SERVICE

I hereby certify that, on January 21, 2025, a copy of the foregoing was served to all counsel of

record.

>*/s/ Jason Sheasby*
>Jason Sheasby