IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS CO, LTD., | § | CIVIL ACTION NO. 2:22-CV-00293-JRG |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., and SAMSUNG SEMICONDUCTOR | § | |
| INC., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Netlist's Motion for a Preliminary Injunction and then a Subsequent Permanent Injunction Upon the Resolution of All Post-Trial Motions (the "Motion") filed by Plaintiff Netlist, Inc. ("Plaintiff"). (Dkt. No. 858.) In the Motion, Plaintiff

> requests that the Court grant a preliminary injunction under 35 U.S.C. § 283 barring Samsung from continuing to infringe U.S. Pat. No. 10,268,608 (the "'608 patent") by making, using, importing, selling, and/or offering to sell in the United States infringing DDR4 LRDIMMs with speeds of 2400 MT/s and above unless the infringing functionality is permanently disabled.

(*Id*. at 1.) Having considered the Motion, the associated briefing, and all documents submitted in support thereof, the Court finds that the Motion should be **DENIED**.

On November 12, 2024, a jury trial began in the above-captioned case. (Dkt. No. 832.) After hearing the evidence, the jury returned a verdict on November 22, 2024. (Dkt. No. 848.) Relevant here, the jury found (1) Plaintiff proved by a preponderance of the evidence that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor Inc. (collectively, "Defendants" and with Plaintiff, the "Parties") infringed claims 1 and/or 5 of the '608 Patent, (2) Defendants failed to prove by clear and convincing evidence that

claims 1 and 5 of the '608 Patent are invalid, and (3) Plaintiff proved by a preponderance of the evidence that a $12,000,000 lump sum award would compensate it for Defendants' infringement of the '608 Patent. (*Id.* at 4–5, 7–8.)

> During trial, in its final instructions, the Court explained what a lump sum award entails:
>
> Now, one type of reasonable royalty is a lump-sum royalty. A lump-sum royalty is when the infringer pays a single price for a license to use a patent throughout the life of the patent. As such, **a lump sum royalty compensates the patent holder** for damages for both past infringement and **for future infringement throughout the life of the patent**.

(Dkt. No. 881 at 1228:20–25 (emphasis added).) The Court further explained how a lump sum differs from a running royalty. (*Id.* at 1229:1–17.)

In *Innogenetics, N.V. v. Abbott Laboratories*, the Federal Circuit held that when "a patentee requests and receives" a lump sum that includes future sales, the patentee "cannot be heard to complain that it will be irreparably harmed by future sales." 512 F.3d 1363, 1380 (Fed. Cir. 2008). Indeed, the Federal Circuit has held for decades that where "the damage award is based upon an assumed license for the life of the patent, there is no need to enjoin use, since the license fee authorizes use." *Trans-World Mfg. Corp. v. Al Nyman & Sons, Inc.*, 750 F.2d 1552, 1565 (Fed. Cir. 1984); *see also Lighting Ballast Control, LLC v. Philips Elecs. N. Am. Corp.*, 814 F. Supp. 2d 665, 693–94 (N.D. Tex. 2011) ("there is no basis for a permanent injunction as the damages cover ULT's licensing through the expiration of the patent in 2013"), *rev'd on other grounds*, 498 F. App'x 986 (Fed. Cir. 2013).

Here, the Court instructed the jury that if it awarded a lump sum, that award would be "for damages for both past infringement and for future infringement throughout the life of the patent." (Dkt. No. 881 at 1228:24–25.) Since juries presumptively follow the Court's instructions, *see U.S. v. Davis*, 609 F.3d 663, 677 (5th Cir. 2010) ("We presume that the jury follows their instructions."), Plaintiff's award compensates it for future infringement through the life of the '608 Patent.

Accordingly, Plaintiff "cannot be heard to complain that it will be irreparably harmed by future sales." *Innogenetics*, 512 F.3d at 1380.[1] While Plaintiff may have requested a running royalty, its request is irrelevant—the jury found that a lump sum award adequately compensates Plaintiff.

Accordingly, the Court finds that the Motion should be and hereby is **DENIED**. The Court need not reach the other arguments raised by the Parties because the jury's lump sum award "greatly outweighs the other *eBay* factors in this case." *Innogenetics*, 512 F.3d at 1380. The Court therefore further finds that Plaintiff Netlist, Inc.'s Motion to Strike Portions of Samsung's Sur-Reply to Netlist's Motion for a Preliminary Injunction and then a Subsequent Permanent Injunction (Dkt. No. 889) should be and hereby is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 31st day of January, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff relies upon *Texas Advanced Optoelectronic Solutions, Inc. v. Renesas Electronics America, Inc.*, but that case is distinguishable. 895 F.3d 1304 (Fed. Cir. 2018). There, the Federal Circuit held that the district court erred in denying a "request for an injunction upon finding that, because [plaintiff] had requested a reasonable royalty as compensation **for past infringement**, a reasonable royalty should be adequate to compensate [plaintiff] for future infringement." *Id*. at 1331 (emphasis added). Here, the jury awarded damages for past **and** future infringement.